CIVIL PROCEDURAL CODE
OF THE RUSSIAN FEDERATION
NO. 138-FZ OF NOVEMBER 14, 2002
(with the Amendments and Additions of June 30, 2003,
June 7, July 28, November 2, December 29, 2004)

Article 6. Equality of All Before the Law and the Court
Justice on the civil cases shall be administered on the principles of equality before the law and the court of all the citizens, irrespective of their sex, race and nationality, of the language, the origin and the property or the official status, of their place of residence, of their relation to religion and convictions, affiliation to public associations and other circumstances, and all organizations, regardless of their legal organizational form, their form of ownership and of their location, their subordination and other circumstances.

Article 8. Independence of Judges
1. When administering justice, the judges are independent and are subordinate only to the Constitution of the Russian Federation and to federal law.
2. The judges shall consider and resolve civil cases under the conditions, excluding alien impact exerted over them. Any interference in the activity of judges involved in the administration of justice is prohibited and entails the responsibility established by law.
3. The guarantees of the judges' independence are established by the Constitution of the Russian Federation.

Article 22. Referring Civil Cases to the Jurisdiction of the Courts
1. The courts shall consider and resolve:
1) contentious cases with the participation of citizens and organizations, of state power bodies and local self-government bodies on the protection of the violated or disputed rights, freedoms and lawful interests, in the disputes arising from civil, family, labour, housing, land, ecological and other legal relations;
2) cases on the demands mentioned in Article 122 of the present Code which are resolved in accordance with the warrant proceedings;
3) cases arising from public legal relations, and those enumerated in Article 245 of the present Code;
4) cases of special procedure indicated in Article 262 of the present Code;
5) cases on disputing the decisions of tribunals and those on the issue of writs of execution for a forcible execution of the tribunals' decisions;
6) cases on the acknowledgement and execution of the decisions of foreign courts and of those of foreign arbitrage.
2. The courts shall consider and resolve the cases with the participation of foreign citizens, of stateless persons, of foreign organizations and of organizations with foreign investments, as well as of international organizations.
3. The courts shall consider and resolve the cases envisaged in the first and in second part of the present Article, with the exception of economic disputes and of the other cases referred by the federal constitutional law and by the federal law to the jurisdiction of the arbitrazh courts.
4. When filing to the court an application containing several interconnected claims, some of which are referred to the competence of a court of general jurisdiction and others to that of an arbitrazh court, while it is impossible to set the claims apart, the case is subject to the consideration and to the resolution in a court of general jurisdiction. If it is possible to set the claims apart, the judge shall issue a ruling on

the acceptance of the claims, falling within the competence of a court of general jurisdiction, and on the refusal to accept the claims falling under the jurisdiction of an arbitrazh court.

Article 35. Rights and Duties of the Persons Taking Part in the Case
   1. The persons taking part in the case have the right to get acquainted with the materials of the case, to take excerpts from them and take copies, file recusations, supply proofs and participate in their investigation, put questions to the other persons taking part in the case, to witnesses, experts and specialists; to lodge petitions, including for the supply of proof on demand; to furnish explanations to the court, orally and in writing; to advance their arguments on all issues arising in the course of legal proceedings, to raise objections against the petitions and arguments of the other persons participating in the case; to lodge appeals against the judicial decisions and to exercise the other procedural rights granted by the legislation on the civil legal procedure. The persons taking part in the case shall conscientiously exercise all procedural rights, belonging to them.
   2. The persons participating in the case shall discharge the procedural duties established in the present Code and other federal laws. The failure to discharge the procedural duties shall entail the consequences envisaged in the legislation on the civil legal procedure.

Article 56. Duty of Proving
   1. Each party shall prove those facts to which it refers as to the grounds for its claims and objections, unless otherwise provided by federal law.
   2. The court shall determine what facts are of importance for the case and which party is obliged to prove them, and shall submit these facts for discussion, even if the parties have not referred to some of them.

Article 57. Presentation and Reclamation of the evidence
   1. The evidence shall be supplied by the parties and other persons participating in the case. The court has the right to suggest that they supply additional proof. If it is difficult for these persons to supply the necessary proof the court shall render them assistance at their petition in the collection and the reclamation of proof.
   2. In the petition for the reclamation of proof shall be designated the proof and shall be indicated what particular facts of importance for the correct consideration and resolution of the case may be confirmed or refuted by this proof; the reasons interfering with the receipt of the proof shall also be pointed out and the place where the proof is shall be indicated. The court shall issue an inquiry to the party for obtaining the proof, or shall inquire for the proof directly. The person at whose disposal the proof inquired after by the court is shall forward it to the court, or shall put it into the hands of the person possessing the relevant inquiry for submitting it to the court.
   3. The official persons or the citizens for whom it is impossible to submit the proof, inquired after, in general or to supply it within the time term fixed by the court shall notify to this effect the court in the course of five days as from the day of receiving the inquiry, with an indication of the reasons behind this. If they fail to notify the court, and also if they do not comply with the demand of the court to furnish the proof due to the reasons recognized by the court as invalid, upon the guilty official persons and citizens who are not participants in the case shall be imposed a fine - upon the official persons in the amount of up to ten minimum wages established by federal law, and upon citizens, of up to five minimum monthly wages established by federal law.
   4. Imposing a fine shall not release the corresponding official persons and citizens possessing proof inquired after from the duty to present it to the court.

Article 70. Duties and Rights of a Witness

1. The person summoned as a witness is obliged to appear in court at the appointed time and to give truthful evidence. The witness may be interrogated by the court at the place of his stay if he is in no condition to come to the court summons because of illness, old age, invalidity and other valid reasons.

2. The witness shall bear the responsibility stipulated in the <u>Criminal Code</u> of the Russian Federation for giving deliberately false evidence and for the refusal to give evidence on motives not envisaged by federal law.

3. The witness has the right to the recompense of the outlays involved in the summons to the court, and to the receipt of a monetary compensation in connection with the loss of time.

Article 85. Expert's Duties and Rights

1. An expert is obliged to accept for the procedure the expertise entrusted to him by the court, and to carry out an exhaustive study of all the submitted materials and documents; to present a substantiated and objective report on the questions put to him and to direct it to a court which has appointed the expert opinion; to appear in court at the summons for personally taking part in the court session and to answer the questions, connected with the carried out expert appraisal and with the report he has submitted.

If the raised questions go beyond the scope of the expert's special knowledge, or if the materials and the documents are useless or insufficient for conducting the studies and presenting a report, the expert shall be obliged to direct to the court which has appointed the expertise a motivated written statement on the impossibility to present the report.

The expert shall ensure the security of the materials and documents, supplied to him for the study, and shall return them to the court together with the report or with the statement on the impossibility to present the report.

2. The expert has no right to collect materials for conducting an expert examination on his own; to enter into personal contacts with the participants in the proceedings, if this puts into doubt his lack of interest in the outcome of the case; to divulge information which has become known to him in connection with carrying out the expert appraisal, or to inform anyone about the results of the appraisal, with the exception of the court which has appointed it.

3. The expert shall have the right, insofar as it is necessary for him to submit the report, to become acquainted with the materials of the case concerning the object of the expert examination; to ask the court to supply him with additional materials and documents for the study; to put in the court session questions to the persons taking part in the case, and to the witnesses; to file petitions for inviting other experts for conducting an expert examination.

Article 113. Court Notices and Summons

1. The persons taking part in the case, as well as the witnesses, experts, specialists and interpreters, shall be notified or summoned to the court by registered letter with a notification on handing it in, by a court summons with notification on handing it in, by a telephone message or telegram, by facsimile communication or with the use of other devices of communication and delivery ensuring the fixation of the court notice or summons and of handing it in to the addressee.

2. The court summons is one of the forms of judicial notices and summons. The persons taking part in the case shall be notified by the court summons of the time and place of the court session or about the performance of the individual procedural actions.

Together with the notice in the form of a court summons or a registered letter, to the person taking part in the case shall be forwarded the copies of the procedural documents. The court summons shall also be issued so that to call to the court witnesses, experts, specialists and interpreters.

3. The court notices and the summons shall be handed in to the persons taking part in the case taking account of the fact that the said persons should have enough time to prepare for the case and to appear in court on time.

4. A court notice addressed to a person taking part in the case shall be forwarded to the address, given by the person, taking part in the case, or by his representative. If the citizen does not actually reside at the indicated address, the notice may be directed to the place of his work.

5. A court notice addressed to an organization shall be forwarded to the place of its location.

The court notice, addressed to an organization, may be forwarded to the place of location of its representation or affiliate, if such are mentioned in the constituent documents.

6. The forms for the court notices and summons envisaged in the present Article shall also be applied in respect of foreign citizens and foreign legal entities, unless a different order is established in the international treaty of the Russian Federation.


Article 154. Time Terms for the Consideration and Resolution of Civil Cases

1. Civil cases shall be considered and resolved by the court before the expiry of two months as from the day of arrival of the application to the court, and by the justice of the peace - before the expiry of one month as from the day of accepting the application for the proceedings.

2. The cases on the reinstatement in a job and on an exaction of an alimony shall be considered and resolved after the expiry of one month.

3. The federal laws may fix the reduced time terms for the consideration and resolution of the individual categories of civil cases.


Article 167. Consequences of Failure to Appear in the Court Session by the Persons Taking Part in the Case and by Their Representatives

1. The persons taking part in the case are obliged to notify the court of the reasons behind their failure to appear and to submit proof of the validity of these reasons.

2. If in the court session does not appear any one of the persons taking part in the case with respect to whom there is no information about their being notified, the case proceedings shall be postponed.

If the persons taking part in the case have been duly notified of the time and the place of the court session, the court shall postpone the proceedings on the case if it recognizes the reasons behind their non-appearance as valid.

3. The court has the right to consider the case if any one of the persons taking part in the case and notified of the time and the place of the court session does not appear, if they have not supplied information on the reasons for their failure to appear and if the court recognizes the reasons behind their non-appearance as invalid.

4. The court has the right to consider the case in the absence of a defendant notified of the time and the place of the court session if he has not informed the court about valid reasons for his non-appearance and has not requested to consider the case in his absence.

5. The parties have the right to request the court to consider the case in their absence and to direct to them copies of the decision of the court.

6. The court may postpone the proceedings on the case at the petition of the person taking part in the case in connection with the non-appearance of his representative because of a valid reason.

Article 210. Execution of the Court Decision

The decision of the court shall be executed after its entry into legal force, with the exception of the instances when it shall be executed immediately in accordance with the procedure established in federal law.

Article 226. Special Rulings of the Court

1. In the instances of violating legality, the court has the right to issue a special ruling and to forward it to the corresponding organizations or to the corresponding official persons, which (who) are obliged to inform it of the measures they have taken in the course of one month.

2. If no information about the taken measures comes in, upon the guilty official persons may be imposed a fine in the amount of up to ten <u>minimum monthly wages</u> established by federal law. The imposition of a fine does not relieve the corresponding official persons of their duty to report on the measures taken in accordance with the special ruling of the court.

3. If the court reveals the signs of a crime in the actions of a party of the other participants in the case, of the official or another person, while considering the case, it shall inform the public prosecutor to this effect.

Article 364. Violation or Incorrect Application of the Norms of the Procedural Law

1. A violation or incorrect application of the norms of the procedural law is seen as a ground for the cancellation of the decision of the court of the first instance only under the condition that this violation or incorrect application has led, or could have led to an erroneous resolution of the case.

2. The decision of the court of the first instance is subject to cancellation regardless of the arguments of the cassational appeal or presentation, if:

1) the case is considered by the court in an illegal composition;

2) the case is considered by the court in the absence of any one of the persons taking part in the case and not notified about the time and place of the court session;

3) when the case was considered, the rules for the language in which the court proceedings shall be held were violated;

4) the court has resolved the question of the rights and duties of the persons not drawn into the participation in the case;

5) the court decision is not signed by the judge or any one of the judges, or the court decision is signed by a different judge or different judges than those named in the court decision;

6) the court decision is adopted by different judges than those included in the composition of the court which has considered the case;

7) there are no minutes of the court session in the case file;

8) when the decision of the court was being adopted, the rules for the secrecy of the conference of the judges were violated.

**Гражданский процессуальный кодекс РФ от 14 ноября 2002 г. N 138-ФЗ (с изменениями от 30 июня 2003 г., 7 июня, 28 июля, 2 ноября, 29 декабря 2004 г.)**

Статья 6. Равенство всех перед законом и судом
Правосудие по гражданским делам осуществляется на началах равенства перед законом и судом всех граждан независимо от пола, расы, национальности, языка, происхождения, имущественного и должностного положения, места жительства, отношения к религии, убеждений, принадлежности к общественным объединениям и других обстоятельств, а также всех организаций независимо от их организационно-правовой формы, формы собственности, места нахождения, подчиненности и других обстоятельств.

Статья 8. Независимость судей
    1. При осуществлении правосудия судьи независимы и подчиняются только Конституции Российской Федерации и федеральному закону.
    2. Судьи рассматривают и разрешают гражданские дела в условиях, исключающих постороннее на них воздействие. Любое вмешательство в деятельность судей по осуществлению правосудия запрещается и влечет за собой установленную законом ответственность.
3. Гарантии независимости судей устанавливаются Конституцией Российской Федерации и федеральным законом.

Статья 22. Подведомственность гражданских дел судам
    1. Суды рассматривают и разрешают:
    1) исковые дела с участием граждан, организаций, органов государственной власти, органов местного самоуправления о защите нарушенных или оспариваемых прав, свобод и законных интересов, по спорам, возникающим из гражданских, семейных, трудовых, жилищных, земельных, экологических и иных правоотношений;
    2) дела по указанным в статье 122 настоящего Кодекса требованиям, разрешаемые в порядке приказного производства;
    3) дела, возникающие из публичных правоотношений и указанные в статье 245 настоящего Кодекса;
    4) дела особого производства, указанные в статье 262 настоящего Кодекса;
    5) дела об оспаривании решений третейских судов и о выдаче исполнительных листов на принудительное исполнение решений третейских судов;
    6) дела о признании и приведении в исполнение решений иностранных судов и иностранных арбитражных решений.
    2. Суды рассматривают и разрешают дела с участием иностранных граждан, лиц без гражданства, иностранных организаций, организаций с иностранными инвестициями, международных организаций.
    3. Суды рассматривают и разрешают дела, предусмотренные частями первой и второй настоящей статьи, за исключением экономических споров и других дел, отнесенных федеральным конституционным законом и федеральным законом к ведению арбитражных судов.
4. При обращении в суд с заявлением, содержащим несколько связанных между собой требований, из которых одни подведомственны суду общей юрисдикции, другие - арбитражному суду, если разделение требований невозможно, дело

подлежит рассмотрению и разрешению в суде общей юрисдикции. В случае, если возможно разделение требований, судья выносит определение о принятии требований, подведомственных суду общей юрисдикции, и об отказе в принятии требований, подведомственных арбитражному суду.

Статья 35. Права и обязанности лиц, участвующих в деле

1. Лица, участвующие в деле, имеют право знакомиться с материалами дела, делать выписки из них, снимать копии, заявлять отводы, представлять доказательства и участвовать в их исследовании, задавать вопросы другим лицам, участвующим в деле, свидетелям, экспертам и специалистам; заявлять ходатайства, в том числе об истребовании доказательств; давать объяснения суду в устной и письменной форме; приводить свои доводы по всем возникающим в ходе судебного разбирательства вопросам, возражать относительно ходатайств и доводов других лиц, участвующих в деле; обжаловать судебные постановления и использовать предоставленные законодательством о гражданском судопроизводстве другие процессуальные права. Лица, участвующие в деле, должны добросовестно пользоваться всеми принадлежащими им процессуальными правами.

2. Лица, участвующие в деле, несут процессуальные обязанности, установленные настоящим Кодексом, другими федеральными законами. При неисполнении процессуальных обязанностей наступают последствия, предусмотренные законодательством о гражданском судопроизводстве.

Статья 56. Обязанность доказывания

1. Каждая сторона должна доказать те обстоятельства, на которые она ссылается как на основания своих требований и возражений, если иное не предусмотрено федеральным законом.

2. Суд определяет, какие обстоятельства имеют значение для дела, какой стороне надлежит их доказывать, выносит обстоятельства на обсуждение, даже если стороны на какие-либо из них не ссылались.

Статья 57. Представление и истребование доказательств

1. Доказательства представляются сторонами и другими лицами, участвующими в деле. Суд вправе предложить им представить дополнительные доказательства. В случае, если представление необходимых доказательств для этих лиц затруднительно, суд по их ходатайству оказывает содействие в собирании и истребовании доказательств.

2. В ходатайстве об истребовании доказательства должно быть обозначено доказательство, а также указано, какие обстоятельства, имеющие значение для правильного рассмотрения и разрешения дела, могут быть подтверждены или опровергнуты этим доказательством, указаны причины, препятствующие получению доказательства, и место нахождения доказательства. Суд выдает стороне запрос для получения доказательства или запрашивает доказательство непосредственно. Лицо, у которого находится истребуемое судом доказательство, направляет его в суд или передает на руки лицу, имеющему соответствующий запрос, для представления в суд.

3. Должностные лица или граждане, не имеющие возможности представить истребуемое доказательство вообще или в установленный судом срок, должны известить об этом суд в течение пяти дней со дня получения запроса с указанием причин. В случае неизвещения суда, а также в случае невыполнения требования суда о представлении доказательства по причинам, признанным судом неуважительными, на виновных должностных лиц или на граждан, не являющихся

лицами, участвующими в деле, налагается штраф - на должностных лиц в размере до десяти установленных федеральным законом <u>минимальных размеров оплаты труда</u>, на граждан - до пяти установленных федеральным законом минимальных размеров оплаты труда.

4. Наложение штрафа не освобождает соответствующих должностных лиц и граждан, владеющих истребуемым доказательством, от обязанности представления его суду.

Статья 70. Обязанности и права свидетеля

1. Лицо, вызванное в качестве свидетеля, обязано явиться в суд в назначенное время и дать правдивые показания. Свидетель может быть допрошен судом в месте своего пребывания, если он вследствие болезни, старости, инвалидности или других уважительных причин не в состоянии явиться по вызову суда.

2. За дачу заведомо ложного показания и за отказ от дачи показаний по мотивам, не предусмотренным федеральным законом, свидетель несет ответственность, предусмотренную <u>Уголовным кодексом</u> Российской Федерации.

3. Свидетель имеет право на возмещение расходов, связанных с вызовом в суд, и на получение денежной компенсации в связи с потерей времени.

Статья 85. Обязанности и права эксперта

1. Эксперт обязан принять к производству порученную ему судом экспертизу и провести полное исследование представленных материалов и документов; дать обоснованное и объективное заключение по поставленным перед ним вопросам и направить его в суд, назначивший экспертизу; явиться по вызову суда для личного участия в судебном заседании и ответить на вопросы, связанные с проведенным исследованием и данным им заключением.

В случае, если поставленные вопросы выходят за пределы специальных знаний эксперта либо материалы и документы непригодны или недостаточны для проведения исследований и дачи заключения, эксперт обязан направить в суд, назначивший экспертизу, мотивированное сообщение в письменной форме о невозможности дать заключение.

Эксперт обеспечивает сохранность представленных ему для исследования материалов и документов и возвращает их в суд вместе с заключением или сообщением о невозможности дать заключение.

2. Эксперт не вправе самостоятельно собирать материалы для проведения экспертизы; вступать в личные контакты с участниками процесса, если это ставит под сомнение его незаинтересованность в исходе дела; разглашать сведения, которые стали ему известны в связи с проведением экспертизы, или сообщать кому-либо о результатах экспертизы, за исключением суда, ее назначившего.

3. Эксперт, поскольку это необходимо для дачи заключения, имеет право знакомиться с материалами дела, относящимися к предмету экспертизы; просить суд о предоставлении ему дополнительных материалов и документов для исследования; задавать в судебном заседании вопросы лицам, участвующим в деле, и свидетелям; ходатайствовать о привлечении к проведению экспертизы других экспертов.

Статья 113. Судебные извещения и вызовы

1. Лица, участвующие в деле, а также свидетели, эксперты, специалисты и переводчики извещаются или вызываются в суд заказным письмом с уведомлением о вручении, судебной повесткой с уведомлением о вручении, телефонограммой или телеграммой, по факсимильной связи либо с

использованием иных средств связи и доставки, обеспечивающих фиксирование судебного извещения или вызова и его вручение адресату.

2. Судебная повестка является одной из форм судебных извещений и вызовов. Лица, участвующие в деле, извещаются судебными повестками о времени и месте судебного заседания или совершения отдельных процессуальных действий. Вместе с извещением в форме судебной повестки или заказного письма лицу, участвующему в деле, направляются копии процессуальных документов. Судебными повестками осуществляется также вызов в суд свидетелей, экспертов, специалистов и переводчиков.

3. Лицам, участвующим в деле, судебные извещения и вызовы должны быть вручены с таким расчетом, чтобы указанные лица имели достаточный срок для подготовки к делу и своевременной явки в суд.

4. Судебное извещение, адресованное лицу, участвующему в деле, направляется по адресу, указанному лицом, участвующим в деле, или его представителем. В случае, если по указанному адресу гражданин фактически не проживает, извещение может быть направлено по месту его работы.

5. Судебное извещение, адресованное организации, направляется по месту ее нахождения.

Судебное извещение, адресованное организации, может быть направлено по месту нахождения ее представительства или филиала, если они указаны в учредительных документах.

6. Предусмотренные настоящей статьей формы судебных извещений и вызовов применяются и по отношению к иностранным гражданам и иностранным юридическим лицам, если иной порядок не установлен международным договором Российской Федерации.

Статья 154. Сроки рассмотрения и разрешения гражданских дел.

1. Гражданские дела рассматриваются и разрешаются судом до истечения двух месяцев со дня поступления заявления в суд, а мировым судьей до истечения месяца со дня принятия заявления к производству.

2. Дела о восстановлении на работе, о взыскании алиментов рассматриваются и разрешаются до истечения месяца.

3. Федеральными законами могут устанавливаться сокращенные сроки рассмотрения и разрешения отдельных категорий гражданских дел.

Статья 167. Последствия неявки в судебное заседание лиц, участвующих в деле, их представителей

1. Лица, участвующие в деле, обязаны известить суд о причинах неявки и представить доказательства уважительности этих причин.

2. В случае неявки в судебное заседание кого-либо из лиц, участвующих в деле, в отношении которых отсутствуют сведения об их извещении, разбирательство дела откладывается.

В случае, если лица, участвующие в деле, извещены о времени и месте судебного заседания, суд откладывает разбирательство дела в случае признания причин их неявки уважительными.

3. Суд вправе рассмотреть дело в случае неявки кого-либо из лиц, участвующих в деле и извещенных о времени и месте судебного заседания, если ими не представлены сведения о причинах их неявки или суд признает причины их неявки неуважительными.

4. Суд вправе рассмотреть дело в отсутствие ответчика, извещенного о времени и месте судебного заседания, если он не сообщил суду об уважительных причинах неявки и не просил рассмотреть дело в его отсутствие.

5. Стороны вправе просить суд о рассмотрении дела в их отсутствие и направлении им копий решения суда.

6. Суд может отложить разбирательство дела по ходатайству лица, участвующего в деле, в связи с неявкой его представителя по уважительной причи

Статья 210. Исполнение решения суда

Решение суда приводится в исполнение после вступления его в законную силу, за исключением случаев немедленного исполнения, в порядке, установленном федеральным законом.

Статья 226. Частные определения суда

1. При выявлении случаев нарушения законности суд вправе вынести частное определение и направить его в соответствующие организации или соответствующим должностным лицам, которые обязаны в течение месяца сообщить о принятых ими мерах.

2. В случае несообщения о принятых мерах виновные должностные лица могут быть подвергнуты штрафу в размере до десяти установленных федеральным законом минимальных размеров оплаты труда. Наложение штрафа не освобождает соответствующих должностных лиц от обязанности сообщить о мерах, принятых по частному определению суда.

3. В случае, если при рассмотрении дела суд обнаружит в действиях стороны, других участников процесса, должностного или иного лица признаки преступления, суд сообщает об этом прокурору.

Статья 364. Нарушение или неправильное применение норм процессуального права

1. Нарушение или неправильное применение норм процессуального права является основанием для отмены решения суда первой инстанции только при условии, если это нарушение или неправильное применение привело или могло привести к неправильному разрешению дела.

2. Решение суда первой инстанции подлежит отмене независимо от доводов кассационных жалобы, представления в случае, если:

1) дело рассмотрено судом в незаконном составе;

2) дело рассмотрено судом в отсутствие кого-либо из лиц, участвующих в деле и не извещенных о времени и месте судебного заседания;

3) при рассмотрении дела были нарушены правила о языке, на котором ведется судебное производство;

4) суд разрешил вопрос о правах и об обязанностях лиц, не привлеченных к участию в деле;

5) решение суда не подписано судьей или кем-либо из судей либо решение суда подписано не тем судьей или не теми судьями, которые указаны в решении суда;

6) решение суда принято не теми судьями, которые входили в состав суда, рассматривавшего дело;

7) в деле отсутствует протокол судебного заседания;

8) при принятии решения суда были нарушены правила о тайне совещания судей.

**ARBITRAZH PROCEDURAL CODE OF THE RUSSIAN FEDERATION**
**NO. 95-FZ OF JULY 24, 2002**
**(with the Amendments and Additions of July 28, November 2, 2004)**

Article 7. Equality of All before Law and Court

1. In arbitrazh courts justice shall be administered on the basis of equality of all before law and court, regardless of sex, race, nationality, language, origin, property or official status, residence, attitude to religion, beliefs, affiliation to public associations or other circumstances; also equality of all organizations before law and court, regardless of their organizational and legal form, form of property, subordination, location or other circumstances.

2. An arbitrazh court shall ensure equal judicial protection of rights and legitimate interests of all persons participating in a case.

Article 19. Attraction of Arbitrazh Assessors [Arbitrazh jurors] to the Consideration of a Case

1. Arbitrazh assessors [arbitrazh jurors] shall be attracted for the administration of justice in arbitrazh courts of the first instance in conformity with federal laws.

2. A petition for trying a case with the participation of arbitrazh assessors [arbitrazh jurors] has to be made by a party at least one month before the start of court proceedings. Such petition may be made each time a case is tried anew.

A court, when preparing a case for hearing, shall be obliged to explain to the parties their right to make such petition.

3. Where a petition for trying a case with the participation of arbitrazh assessors [arbitrazh jurors] is allowed, each of the parties shall select the candidacy for the office of an arbitrazh assessor [arbitrazh juror] for trying the case from the list of arbitrazh assessors [arbitrazh jurors] endorsed in the procedure established by federal laws for the given arbitrazh court, and shall declare the selected candidacy to the court at least ten days before the start of the court proceedings.

If a party does not declare the selected candidacy of an arbitrazh assessor [arbitrazh juror] within said time period, the court shall be empowered to determine such candidacy independently.

4. A petition for trying a case with the participation of arbitrazh assessors [arbitrazh jurors] and an application for attracting to the consideration of a case the selected candidate for an arbitrazh assessor [arbitrazh juror] shall be solved by the arbitrazh court in the procedure provided for by Article 159 of this Code.

While considering an application for attracting to the consideration of a case the selected candidate for an arbitrazh assessor [arbitrazh juror], the court shall be obliged to verify whether there are the circumstances established by Items from 1 to 4 of Part 1 of Article 21 of this Code under which this candidate may not participate as an arbitrazh assessor [arbitrazh juror] in the consideration of a specific case. Such circumstances shall be a reason for the refusal to allow an application for attracting to the consideration of the case the selected candidate as an arbitrazh assessor [arbitrazh juror]. With this, the court shall propose to the appropriate party to select another candidacy in the procedure established by Part 3 of this Article.

5. While trying cases arbitrazh assessors [arbitrazh jurors] shall enjoy the rights and discharge the duties of a judge.

6. A judge and an arbitrazh assessor [arbitrazh juror], while trying cases and settling all matters arising in the course of consideration and adoption of judicial acts, shall enjoy equal procedural rights.

7. An arbitrazh assessor [arbitrazh juror] may not preside over a court session.


Article 20. Procedure for Settling Matters by a Collegiate Court

1. Matters arising in the process of trying a case by a collegiate court shall be solved by judges by a majority of votes. None of the judges shall be entitled to abstain from voting. The judge presiding over a court session shall be the last to vote.

2. A judge dissenting to the opinion of the majority shall be obliged to sign the judicial act and to state in writing his individual opinion which shall be attached to the case but shall not be announced.

Article 27. Cases within the Scope of Jurisdiction of Arbitrazh courts

1. The scope of jurisdiction of an arbitrazh court shall extend to cases on economic disputes and to other cases connected with the exercise of business and other economic activities.

2. Arbitrazh courts shall settle economic disputes and shall try other cases with the participation of organizations which are legal entities, of citizens engaged in business activities without forming a legal entity and having the status of an individual businessman obtained in the procedure established by laws (hereinafter referred to as "individual businessmen"), and in the instances provided for by this Code and other federal laws, with the participation of the Russian Federation, the subjects of the Russian Federation, municipal formations, state bodies, bodies of local self-government, other bodies, officials, and formations which do not have the status of a legal entity, and citizens which do not have the status of an individual businessman (hereinafter referred to as "organizations and citizens").

3. Other cases may be likewise referred by federal law to the scope of jurisdiction of arbitrazh courts.

4. An application taken over by an arbitrazh court subject to the jurisdiction rules has to be considered by it on its merits, even though in future there will be drawn to the participation in the case a citizen without the status of an individual businessman as a third person who does not put in individual claims concerning the subject matter of the dispute.

5. Arbitrazh courts shall try cases within the scope of their jurisdiction with the participation of Russian organizations, citizens of the Russian Federation, as well as of foreign organizations, international organizations, foreign citizens and stateless persons engaged in business activities, or organizations with foreign investments, if not otherwise provided for by an international treaty of the Russian Federation.


Article 28. Jurisdiction of Economic Disputes and Other Cases Arising from Civil Legal Relations

Arbitrazh courts shall try in action proceedings economic disputes and other cases arising from civil legal relations which are connected with the exercise of business and other economic activities by legal entities and individual businessmen, and in the instances provided for by this Code and other federal laws by other organizations and citizens.


Article 41. Rights and Duties of Persons Participating in a Case

1. The persons participating in a case shall be entitled to familiarize themselves with the materials of the case, to make extracts from them and to copy them; to challenge, to present evidence and to familiarize themselves with evidence presented by other persons participating in the case prior to the start of court proceedings; to participate in the examination of evidence; to pose questions to other participants of arbitration proceedings, to file petitions, to make statements, to give explanations to an arbitrazh court, to advance their arguments with regard to all matters arising in the course of trying the case; to familiarize themselves with petitions filed by other persons, to protest against petitions and arguments of other persons participating in the case; to obtain information on complaints made by other persons participating in the case, on judicial acts taken in respect of the given case and to obtain copies of judicial acts issued in the form of a separate document; to appeal against judicial acts; to enjoy other procedural rights granted to them by this Code and other federal laws.

2. Persons participating in a case should exercise in good faith all the procedural rights vested in them.

Abuse of procedural rights by persons participating in a case shall entail unfavorable consequences for these persons provided for by this Code.

3. Persons participating in a case shall discharge procedural duties provided for by this Code and other federal laws or placed on them by an arbitrazh court in compliance with this Code.

Failure to discharge procedural duties by persons participating in a case shall entail the effects for these persons provided for by this Code.

Article 55. Expert

1. An expert in an arbitrazh court shall be a person having special knowledge with regard to matters concerning the case under consideration and appointed by the court for issuing an opinion in the instances and in the procedure provided for by this Code.

2. A person entrusted with the conduct of an expert examination shall be obliged to appear before an arbitrazh court, when summoned, and to issue a reasoned opinion with regard to posed questions.

3. An expert shall be entitled, with authority of an arbitrazh court to familiarize himself with the materials of the case, to participate in court sessions, to ask the persons participating in the case and witnesses questions and to file a petition for the presentation to him of additional materials.

4. An expert shall be entitled to refuse to issue an opinion with regard to matters exceeding the limits of his special knowledge, as well as when the materials presented to him are insufficient for issuing an opinion.

5. An expert shall be <u>criminally liable</u> for issuing a wittingly false opinion, and he shall be warned about it by an arbitrazh court and shall give a signed promise in respect of

Article 56. Witness

1. A witness shall be a person obtaining data on the factual situation which is important for trying a case.

2. A witness shall be obliged to appear before an arbitrazh court, when summoned.

3. A witness shall be obliged to deliver to an arbitrazh court data on the merits of the case under consideration which are personally known to him and to answer additional questions posed by the arbitrazh court and the persons participating in the case.

4. A witness shall be <u>criminally liable</u> for giving wittingly false evidence, as well as for the refusal to give evidence, and he shall be warned by an arbitrazh court about it and shall give a signed promise in respect of it.

5. Not subject to examination as witnesses shall be judges and other persons participating in the administration of justice, in respect of circumstances which have become known to them in connection with their participation in trying a case, representatives in a civil or other case - in respect of the circumstances which have become known to them in connection with their discharging the duties of representatives, as well as persons who due to their mental deficiency are unable to understand facts correctly and to testify about them.

6. Nobody shall be obliged to give evidence against himself, the spouse thereof or close relatives whose circle shall be determined by federal laws.

7. A witness shall be entitled to a reimbursement of expenses connected with their being summoned to court and to the receipt of pecuniary compensation in connection with the loss of time.

Article 65. Burden of Proof

1. Each person participating in a case shall be obliged to prove the circumstances to which he refers as to the ground of his claims or objections. The burden of proving the circumstances serving as a ground for the adoption by state bodies, bodies of local self-government, other bodies or officials, of acts and decisions for committing actions (omitting to act), shall be placed on the appropriate body or official.

2. The circumstances significant for the correct consideration of a case shall be determined by an arbitrazh court on the basis of claims and objections of the persons participating in the case in compliance with applicable rules of material law.

3. Each person participating in a case shall have to disclose the circumstances he refers to as to the ground of his claims and objections, to other persons participating in the case prior to the court session, if otherwise is not established by this Code.

4. The persons participating in a case shall only be entitled to refer to those circumstances with which other persons, participating in the case have been familiarized with beforehand.

Article 66. Presentation of, and Remanding Evidence

1. Evidence shall be presented by the persons participating in a case.

Copies of the documents submitted to court by a person participating in a case shall be directed to other persons participating in the case if they do not have these documents.

2. An arbitrazh court shall be entitled to suggest to persons participating in a case to present additional evidence for clarifying the circumstances important for the correct consideration of the case and the adoption of a lawful and reasonable judicial act prior to the start of the court session.

3. In the event of changing the circumstances subject to substantiation in connection with the claimant changing the ground or subject of his claim and the filing by the respondent of a counterclaim, an arbitrazh court shall be entitled to establish the time period for presenting additional circumstances.

4. A person participating in a case and lacking the opportunity to obtain himself necessary evidence from a person possessing it shall be entitled to file a petition to the arbitrazh court for demanding for the given evidence.

In the petition there should be denoted the evidence and indicated what circumstances significant for the case may be established by this evidence, as well as the reasons impeding the obtainment of the evidence, and the location thereof.

In the event of satisfying the petition the court shall obtain on demand appropriate evidence from the person who has it.

5. In the event of non-presentation by state power bodies, bodies of local self-government, other bodies and officials of evidence in cases arising from administrative

and other public legal relations, an arbitrazh court shall obtain on demand evidence from these bodies on its own initiative.

Copies of documents obtained on demand by an arbitrazh court on its own initiative shall be directed by the court to the persons participating in the case if they do not have these documents.

6. An arbitrazh court shall issue a ruling in respect of demanding evidence.

In the ruling there shall be indicated the term and procedure for presenting evidence.

A copy of the ruling shall be directed to the persons participating in the case, as well as to the person who has the evidence called for by the court.

7. The person who has the evidence called for by an arbitrazh court shall send it directly to the court. In case of necessity, at the request of the court the evidence which is called for may be handed in to the person having an appropriate request for presenting to the court.

8. Where the person from whom an arbitrazh court demands presentation of evidence has no opportunity to present it or to present it within the time period established by the court, he shall be obliged to notify the court about this and to indicate the reasons for non- presentation thereof within a five-day term, as of the date of obtaining a copy of the ruling for demanding the evidence.

9. In the event of failure to discharge the duty of presenting evidence called for by an arbitrazh court for reasons recognized by the arbitrazh court as not good, or of failure to notify the court on the impossibility of presenting evidence at all or within the established time period, the court shall impose on the person whom the evidence is demanded of a court fine as per the procedure and in the amount established in Chapter 11 of this Code.

10. A court shall issue a ruling in respect of imposing a court fine.

In a ruling concerning the imposition of a court fine there shall be established a new time period when the evidence called for has to be presented.

In the event of failure to meet these requirements within the time period indicated in a ruling concerning the imposition of a court fine, an arbitrazh court may repeatedly impose the fine according to the rules provided for by Part 9 of this Article.

11. The imposition of court fines shall not relieve the person who has the evidence which is called for of the duty to present it to the arbitrazh court.

12. A ruling of an arbitrazh court concerning the imposition of a court fine may be appealed.

Article 121. Court Notices

1. Persons participating in a case and other participants of arbitration proceedings shall be notified by an arbitrazh court about the time and place of a court session or completing an individual procedural action by way of directing a copy of a judicial act at the latest fifteen days before the start of the court session or the conduct of the procedural action, if not otherwise provided for by this Code.

2. A judicial act notifying or summoning participants of arbitration proceedings should contain the following:

1) the name and address of the arbitrazh court;

2) the time and place of a court session or of conducting individual procedural actions;

3) the name of the person notified by court or summoned thereto;

4) the title of the case in respect of which the notice or summons are sent, as well as an indication as to the capacity in which a person is summoned;

5) an indication what actions and by what time a notified or summoned person is entitled or obliged to complete.

3. In urgent situations an arbitrazh court may notify or summon persons participating in a case and other participants of arbitration proceedings by a telephoned telegram, telegram, fax message, or electronic mail or with the use of other communication means.

4. Notices shall be directed by an arbitrazh court to the address indicated by a person participating in a case or to the location of an organization (a branch, representative office of a legal entity, if a claim arises from their activities) or to the place of residence of a citizen. The location of an organization shall be determined by the place of the state registration thereof, if otherwise is not established by its constituent documents in compliance with federal laws.

5. A foreign person shall be notified by an arbitrazh court according to the rules established in this Chapter, if otherwise is not provided for by this Code or an international treaty of the Russian Federation.


Article 134. Time Period for Preparing a Case for Hearing
Preparation of a case for hearing has to be finished within a term not exceeding two months as of the date of receiving a statement of claim by an arbitrazh court, by holding a preliminary court session, if otherwise is not established under this Code.


Article 152. Time Term for the Consideration of a Case and for the Adoption of a Decision
A case shall be considered by an arbitrazh court of the first instance and the decision shall be taken within a time term, not exceeding one month as from the day of the court's issuing of a ruling on the appointment of the case for court examination, unless otherwise is laid down in this Code.

Article 153. Session of the Arbitrazh court
1. A case shall be examined in a session of the arbitrazh court, with an obligatory notification of the persons taking part in the case about the time and place of the session.

2. The judge, and if the case is examined collegiately, the justice, presiding in the court session, shall:

1) open the court session and announce what particular case is subject to investigation;

2) check the corporal appearance in the court session of the persons taking part in the case, of their representatives and of other participants in the arbitration process, identify their persons and verify their powers; ascertain whether the persons who have not appeared in the court session have been duly notified and what information exists on the reasons behind their non-appearance;

3) clarify whether the hearings on the case may be started;

4) announce the composition of the arbitrazh court and inform who will keep a protocol of the court session, who will take part in the court session in the capacity of an expert or of an interpreter, and explain to the persons taking part in the case their right to raise objections;

5) explain to the persons taking part in the case and to the other participants in the arbitration process their procedural rights and duties;

6) remove from the courtroom present witnesses until the start of their interrogation;

7) warn the interpreter of the criminal liability for a deliberately incorrect translation, the expert for giving a deliberately wrong conclusion and the witnesses (directly before their interrogation) for deliberately false evidence and for the refusal to give evidence;

8) determine, with an account for the opinion of the persons taking part in the case, the sequence of carrying out procedural actions;

9) find out whether the plaintiff supports the claim, whether the defendant acknowledges the claim and whether the parties do, or do not wish to resolve the case by an amicable agreement, about which corresponding entries shall be made in the protocol of the court session; 10) lead the court session, ensure conditions for a full and exhaustive examination of the proof and of the circumstances of the case, and provide for an examination of the applications and requests from the persons taking part in the case;

11) take measures to guarantee the proper order in the court session.


Article 158. Postponing the Court Investigation

1. The arbitrazh court shall put off court hearings in cases stipulated in this Code, as well as if a person taking part in the case, fails to appear in the court session, if the court has no information on whether this person was duly notified about the time and place of the court investigation.

2. The arbitrazh court may put off the court hearings at a request from either parties, if they turn to the court or to an agent for rendering them assistance in regulating the dispute.

3. If a person taking part in the case and duly notified about the time and place of the court session, has lodged a request for postponing the court trial with a sound substantiation of his non-appearance in the court session, the arbitrazh court may put off the court hearings, if it recognizes the reasons behind such non-appearance as valid.

4. The arbitrazh court may put off the court trial at the request from a person, taking part in the case in connection with the non-appearance in the court session of his representative due to a valid reason.

5. The arbitrazh court may postpone the court hearings if it recognizes that the given case cannot be tried in the given court session, among other reasons because of the non-appearance of any one of the persons taking part in the case, or of the other participants in the arbitration process, and also if the request of a party for putting off the court investigation is satisfied in connection with the necessity for it to submit additional proofs, while performing other procedural actions.

6. If the court hearings are postponed, the arbitrazh court shall have the right to interrogate the appearing witnesses, if the parties are present in the court session. The evidence of these witnesses shall be read out in a new court session. Said witnesses shall be summoned to the new court session only if this is deemed necessary.

7. The court examination may be put off for a term necessary to eliminate the circumstances that have served as a ground for the postponement, but by no more than one month.

8. The arbitrazh court shall issue a ruling on the postponement of the court investigation.

9. The arbitrazh court shall notify the persons taking part in the case and the other participants in the arbitration process, about the time and place of a new court session. The persons, who have attended the court session, shall be notified about the time and place of the new session immediately in the court session against a receipt in the protocol of the court session.

10. The court investigation in a new session shall be resumed as from the moment when it was put off. The proofs studied before the postponement of the court hearings shall not be investigated once again.

Article 182. Execution of a Decision

1. A decision of the arbitrazh court shall be executed after it enters into legal force, with the exception of the cases of an immediate execution in accordance with the procedure laid down by this Code and by other federal laws, regulating the questions of the executive procedure.

2. Decisions of the arbitrazh court on the cases of disputing non-normative legal acts of the state power bodies, of the local self-government bodies and of other bodies, as well as decisions on the cases on disputing decisions and actions (inaction) of said bodies, shall be subject to immediate execution.

3. The arbitrazh court shall have the right at an application from the plaintiff to make the decision one of immediate execution, if on account of special circumstances the retardation of its execution may lead to a substantial loss for the exactor or may make the execution impossible. Immediate execution of the decision shall be admissible, if the exactor supplies a provision for the turnin back of the execution in case of the repeal of the court decision (the counter provision) by the entry into the deposit account of the arbitrazh court of monetary funds in the amount of the adjudged sum, or by the presentation of a bank guarantee, a surety or some other kind of financial provision for the same sum.

4. The question of turning the decision into one of immediate execution shall be considered in a court session. The persons taking part in the case, shall be notified about the time and the place of the court session. Failure to appear on the part of the persons, duly notified about the time and the place of the court session shall not be seen as an obstacle to resolving the question of an immediate execution of a decision of the arbitrazh court.

5. The arbitrazh court shall pass a ruling, which may be appealed, on the results of consideration of the question about turning the decision into one of immediate execution.

The copies of the ruling shall be forwarded to the persons, taking part in the case, no later than on the day after its issue.

6. The ruling on turning the decision to an immediate execution is subject to immediate execution. Filing an appeal against the ruling shall not suspend its execution.

7. At an application from the persons, taking part in the case, the arbitrazh court may take measures to provide for the execution of the decision, not turned into one of immediate execution, in accordance with the rules laid down in Chapter 8 of this Code.

Article 257. Right to File an Appeal

1. Persons taking part in a case, as well as the other persons in cases stipulated by this Code, shall have the right to file by way of an appeals procedure a complaint against a decision of an arbitrazh court of the first instance which has not yet come into legal force.

2. A complaint shall be filed through the arbitrazh court which has passed the decision in the first instance and which is obliged to forward it, together with the case file, to the corresponding arbitrazh court of the appeal instance within a three-day term as from the day of arrival of the complaint at the court.

3. In the complaint shall not be presented new claims which have not been an object of investigation in the arbitrazh court of the first instance.

Article 270. Grounds for a Change or for the Repeal of a Decision of an Arbitrazh court of the First Instance

1. Seen as the grounds for a change or for the repeal of a decision of the arbitrazh court of the first instance shall be:

1) incomplete clarification of the circumstances of importance to the case;

2) failure to prove the circumstances of importance to the case, which the court believed to be established;

3) non-correspondence of the conclusions, presented in the decision, to the circumstances of the case;

4) a violation or incorrect application of the norms of substantive law or of the norms of the procedural law.

2. Seen as an incorrect application of the norms of substantive law shall be:

1) non-application of law subject to application;

2) application of law not subject to application;

3) an erroneous interpretation of the law.

3. The violation or an incorrect application of the norms of procedural law shall be seen as a ground for a change or for the repeal of the decision of an arbitrazh court of the first instance if this violation has caused or could have caused the adoption of an incorrect decision.

4. Seen as a ground for the repeal of a decision of the first instance arbitrazh court shall in all cases be:

1) investigation of a case by an arbitrazh court in an illegal composition;

2) investigation of the case in the absence of any one of the persons taking part in the case who have not been duly notified about the time and place of the court session;

3) violation of the rules concerning the language to be used in the investigation of the case;

4) the court's adoption of the decision on the rights and duties of persons not invited to take part in the case;

5) non-signing of the decision by the justice or by one of the judges, if the case was investigated in a collegiate composition, or signing the decision by the judges other than those named in the decision;

6) an absence in the case file of the protocol of the court session or its being signed by persons other than those named in Article 155 of this Code;

7) violation of the rule of secrecy of the judges' conference when adopting decision.

5. If the decision is cancelled on the grounds mentioned in the fourth part of the present Article, the arbitrazh court of the appeals instance shall examine the case in accordance with the rules, established in this Code for the investigation of a case in the arbitrazh court of the first instance.

Article 273. Right to File a Cassational Appeal

The persons, taking part in the case, as well as other persons in the situations, envisaged in this Code, have the right to complain against a decision of the first instance arbitrazh court, which has entered into legal force, by lodging a cassational appeal, with the exception of decisions of the Higher Arbitrazh court of the Russian Federation, and (or) against a resolution of the arbitrazh court of the appeals instance, fully or in part.

Article 292. Revising Judicial Acts by Way of Supervision

1. Judicial acts of arbitrazh courts in the Russian Federation, which have entered into legal force, may be revised by way of supervision in accordance with the rules of

the present Chapter by the Higher Arbitrazh court of the Russian Federation upon applications from persons taking part in the case, and from the other persons, mentioned in Article 42 of this Code, and as concerns the cases indicated in Article 52 of this Code - upon the presentation of the public prosecutor.

2. The persons, taking part in the case, and other persons in the situations envisaged in this Code, have the right to dispute a judicial act by way of supervision if they believe that this act has essentially infringed upon their rights and lawful interests in the sphere of business or other economic activity as a result of a violation or of an incorrect application by the arbitrazh court which has passed the disputed judicial act, of the norms of substantive law or of the norms of procedural law.

3. An application or a representation for revising a judicial act by way of supervision may be filed to the Higher Arbitrazh court of the Russian Federation within a time term, not exceeding three months as from the day of the entry into legal force of the last judicial act passed on the given case, if other opportunities for verifying the legality of said act in the court have been exhausted.

Article 309. Right of the Arbitrazh court to Revise a Judicial Act in Accordance with the Newly Revealed Circumstances

1. The arbitrazh court may revise a judicial act it has adopted which has come into legal force in accordance with the newly revealed circumstances on the grounds and in the order, envisaged in the present Chapter.

Article 311. Grounds for Revising Judicial Acts in Accordance with Newly Revealed Circumstances

The following shall be seen as grounds for revising judicial acts in accordance with the newly revealed circumstances:

1) circumstances, essential for the case, which have not been and could not have been known to the applicant;

2) falsification of proof or a deliberately wrong conclusion of the expert, or a deliberately falsified testimony of the witness, or a deliberately incorrect translation, which has entailed the adoption of an illegal or unsubstantiated judicial act in the given case, established by the court sentence that has come into legal force;

3) criminal actions of the person taking part in the case, or of his representative, established by the court sentence that has come into legal force, or the criminal actions of the judge committed in considering the given case;

4) the repeal of the judicial act of the arbitrazh court or of the court of general jurisdiction, or of the resolution of another body, which has served as a ground for the adoption of the judicial act on the given case;

5) a transaction, recognized as invalid by the judicial act of the arbitrazh court or of the court of general jurisdiction, which has come into legal force, and which has entailed the adoption of an illegal or of an unsubstantiated judicial act on the given case;

6) recognition by the Constitutional Court of the Russian Federation as not corresponding to the Constitution of the Russian Federation the law applied by the arbitrazh court in the particular case, in connection with the adoption of the decision on which the applicant has applied to the Constitutional Court of the Russian Federation;

7) a violation, established by the European Court for Human Rights, of the provisions of the Convention on the Protection of Human Rights and of Basic Freedoms when considering a concrete case by the arbitrazh court, in connection with the adoption of the decision on which the applicant has applied to the European Court for Human Rights.

**Арбитражный процессуальный кодекс РФ
от 24 июля 2002 г. N 95-ФЗ
(с изменениями от 28 июля, 2 ноября 2004 г.)**

Статья 7. Равенство всех перед законом и судом

1. Правосудие в арбитражных судах осуществляется на началах равенства всех перед законом и судом независимо от пола, расы, национальности, языка, происхождения, имущественного и должностного положения, места жительства, отношения к религии, убеждений, принадлежности к общественным объединениям и других обстоятельств, равенства всех организаций перед законом и судом независимо от организационно-правовой формы, формы собственности, подчиненности, места нахождения и других обстоятельств.

2. Арбитражный суд обеспечивает равную судебную защиту прав и законных интересов всех лиц, участвующих в деле.

Статья 19. Привлечение к рассмотрению дел арбитражных заседателей

1. Арбитражные заседатели привлекаются к осуществлению правосудия в арбитражных судах первой инстанции в соответствии с федеральным законом.

2. Ходатайство о рассмотрении дела с участием арбитражных заседателей должно быть заявлено стороной не позднее чем за один месяц до начала судебного разбирательства. Такое ходатайство может быть заявлено при каждом новом рассмотрении дела.

Суд обязан при подготовке дела к судебному разбирательству разъяснить сторонам их право заявлять такое ходатайство.

3. Если ходатайство о рассмотрении дела с участием арбитражных заседателей удовлетворено, каждая из сторон выбирает кандидатуру арбитражного заседателя для рассмотрения дела из списка арбитражных заседателей, утвержденного в установленном федеральным законом порядке для данного арбитражного суда, и заявляет о выбранной кандидатуре суду не позднее десяти дней до начала судебного разбирательства.

Если сторона в указанный срок не заявит о выбранной кандидатуре арбитражного заседателя, суд вправе самостоятельно определить такую кандидатуру.

4. Ходатайство о рассмотрении дела с участием арбитражных заседателей и заявление о привлечении к рассмотрению дела выбранной кандидатуры арбитражного заседателя разрешаются арбитражным судом в порядке, предусмотренном статьей 159 настоящего Кодекса.

При рассмотрении заявления о привлечении к рассмотрению дела выбранной кандидатуры арбитражного заседателя суд обязан проверить, имеются ли установленные пунктами 1 - 4 части 1 статьи 21 настоящего Кодекса обстоятельства, при которых данный кандидат не может участвовать в качестве арбитражного заседателя в рассмотрении конкретного дела. Наличие указанных обстоятельств является основанием отказа в удовлетворении заявления о привлечении к рассмотрению дела выбранной кандидатуры арбитражного заседателя. При этом суд предлагает соответствующей стороне выбрать другую кандидатуру в порядке, установленном частью 3 настоящей статьи.

5. При рассмотрении дела арбитражные заседатели пользуются правами и несут обязанности судьи.

6. Судья и арбитражный заседатель при рассмотрении дела, разрешении всех вопросов, возникающих при рассмотрении и принятии судебных актов, пользуются равными процессуальными правами.

7. Арбитражный заседатель не может быть председательствующим в судебном заседании.


Статья 20. Порядок разрешения вопросов судом в коллегиальном составе

1. Вопросы, возникающие при рассмотрении дела судом в коллегиальном составе, разрешаются судьями большинством голосов. Никто из судей не вправе воздержаться от голосования. Судья - председательствующий в заседании - голосует последним.

2. Судья, не согласный с мнением большинства, обязан подписать судебный акт и вправе изложить в письменной форме особое мнение, которое приобщается к делу, но не оглашается.


Статья 27. Подведомственность дел арбитражному суду

1. Арбитражному суду подведомственны дела по экономическим спорам и другие дела, связанные с осуществлением предпринимательской и иной экономической деятельности.

2. Арбитражные суды разрешают экономические споры и рассматривают иные дела с участием организаций, являющихся юридическими лицами, граждан, осуществляющих предпринимательскую деятельность без образования юридического лица и имеющих статус индивидуального предпринимателя, приобретенный в установленном законом порядке (далее - индивидуальные предприниматели), а в случаях, предусмотренных настоящим Кодексом и иными федеральными законами, с участием Российской Федерации, субъектов Российской Федерации, муниципальных образований, государственных органов, органов местного самоуправления, иных органов, должностных лиц, образований, не имеющих статуса юридического лица, и граждан, не имеющих статуса индивидуального предпринимателя (далее - организации и граждане).

3. К подведомственности арбитражных судов федеральным законом могут быть отнесены и иные дела.

4. Заявление, принятое арбитражным судом к своему производству с соблюдением правил подведомственности, должно быть рассмотрено им по существу, хотя бы в дальнейшем к участию в деле будет привлечен гражданин, не имеющий статуса индивидуального предпринимателя, в качестве третьего лица, не заявляющего самостоятельных требований относительно предмета спора.

5. Арбитражные суды рассматривают подведомственные им дела с участием российских организаций, граждан Российской Федерации, а также иностранных организаций, международных организаций, иностранных граждан, лиц без гражданства, осуществляющих предпринимательскую деятельность, организаций с иностранными инвестициями, если иное не предусмотрено международным договором Российской Федерации.


Статья 28. Подведомственность экономических споров и иных  дел, возникающих из гражданских правоотношений

Арбитражные суды рассматривают в порядке искового производства возникающие из гражданских правоотношений экономические споры и другие дела, связанные с осуществлением предпринимательской и иной экономической деятельности юридическими лицами и индивидуальными предпринимателями, а в

случаях, предусмотренных настоящим Кодексом и иными федеральными законами, другими организациями и гражданами.

Статья 41. Права и обязанности лиц, участвующих в деле

1. Лица, участвующие в деле, имеют право знакомиться с материалами дела, делать выписки из них, снимать копии; заявлять отводы; представлять доказательства и знакомиться с доказательствами, представленными другими лицами, участвующими в деле, до начала судебного разбирательства; участвовать в исследовании доказательств; задавать вопросы другим участникам арбитражного процесса, заявлять ходатайства, делать заявления, давать объяснения арбитражному суду, приводить свои доводы по всем возникающим в ходе рассмотрения дела вопросам; знакомиться с ходатайствами, заявленными другими лицами, возражать против ходатайств, доводов других лиц, участвующих в деле; знать о жалобах, поданных другими лицами, участвующими в деле, знать о принятых по данному делу судебных актах и получать копии судебных актов, принимаемых в виде отдельного документа; обжаловать судебные акты; пользоваться иными процессуальными правами, предоставленными им настоящим Кодексом и другими федеральными законами.

2. Лица, участвующие в деле, должны добросовестно пользоваться всеми принадлежащими им процессуальными правами.

Злоупотребление процессуальными правами лицами, участвующими в деле, влечет за собой для этих лиц предусмотренные настоящим Кодексом неблагоприятные последствия.

3. Лица, участвующие в деле, несут процессуальные обязанности, предусмотренные настоящим Кодексом и другими федеральными законами или возложенные на них арбитражным судом в соответствии с настоящим Кодексом. Неисполнение процессуальных обязанностей лицами, участвующими в деле, влечет за собой для этих лиц предусмотренные настоящим Кодексом

Статья 55. Эксперт

1. Экспертом в арбитражном суде является лицо, обладающее специальными знаниями по касающимся рассматриваемого дела вопросам и назначенное судом для дачи заключения в случаях и в порядке, которые предусмотрены настоящим Кодексом.

2. Лицо, которому поручено проведение экспертизы, обязано по вызову арбитражного суда явиться в суд и дать объективное заключение по поставленным вопросам.

3. Эксперт вправе с разрешения арбитражного суда знакомиться с материалами дела, участвовать в судебных заседаниях, задавать вопросы лицам, участвующим в деле, и свидетелям, заявлять ходатайство о представлении ему дополнительных материалов.

4. Эксперт вправе отказаться от дачи заключения по вопросам, выходящим за пределы его специальных знаний, а также в случае, если представленные ему материалы недостаточны для дачи заключения.

5. За дачу заведомо ложного заключения эксперт несет уголовную ответственность, о чем он предупреждается арбитражным судом и дает подписку.

Статья 56. Свидетель

1. Свидетелем является лицо, располагающее сведениями о фактических обстоятельствах, имеющих значение для рассмотрения дела.

2. Свидетель обязан по вызову арбитражного суда явиться в суд.

3. Свидетель обязан сообщить арбитражному суду сведения по существу рассматриваемого дела, которые известны ему лично, и ответить на дополнительные вопросы арбитражного суда и лиц, участвующих в деле.

4. За дачу заведомо ложных показаний, а также за отказ от дачи показаний свидетель несет уголовную ответственность, о чем он предупреждается арбитражным судом и дает подписку.

5. Не подлежат допросу в качестве свидетелей судьи и иные лица, участвующие в осуществлении правосудия, об обстоятельствах, которые стали им известны в связи с участием в рассмотрении дела, представители по гражданскому и иному делу - об обстоятельствах, которые стали им известны в связи с исполнением обязанностей представителей, а также лица, которые в силу психических недостатков не способны правильно понимать факты и давать о них показания.

6. Никто не обязан свидетельствовать против себя самого, своего супруга и близких родственников, круг которых определяется федеральным законом.

7. Свидетель имеет право на возмещение расходов, связанных с вызовом в суд, и получение денежной компенсации в связи с потерей времени.

Статья 65. Обязанность доказывания

1. Каждое лицо, участвующее в деле, должно доказать обстоятельства, на которые оно ссылается как на основание своих требований и возражений. Обязанность доказывания обстоятельств, послуживших основанием для принятия государственными органами, органами местного самоуправления, иными органами, должностными лицами оспариваемых актов, решений, совершения действий (бездействия), возлагается на соответствующие орган или должностное лицо.

2. Обстоятельства, имеющие значение для правильного рассмотрения дела, определяются арбитражным судом на основании требований и возражений лиц, участвующих в деле, в соответствии с подлежащими применению нормами материального права.

3. Каждое лицо, участвующее в деле, должно раскрыть доказательства, на которые оно ссылается как на основание своих требований и возражений, перед другими лицами, участвующими в деле, до начала судебного заседания, если иное не установлено настоящим Кодексом.

4. Лица, участвующие в деле, вправе ссылаться только на те доказательства, с которыми другие лица, участвующие в деле, были ознакомлены заблаговременно.

Статья 66. Представление и истребование доказательств

1. Доказательства представляются лицами, участвующими в деле.

Копии документов, представленных в суд лицом, участвующим в деле, направляются им другим лицам, участвующим в деле, если у них эти документы отсутствуют.

2. Арбитражный суд вправе предложить лицам, участвующим в деле, представить дополнительные доказательства, необходимые для выяснения обстоятельств, имеющих значение для правильного рассмотрения дела и принятия законного и обоснованного судебного акта до начала судебного заседания.

3. При изменении обстоятельств, подлежащих доказыванию в связи с изменением истцом основания или предмета иска и предъявлением ответчиком встречного иска, арбитражный суд вправе установить срок представления дополнительных доказательств.

4. Лицо, участвующее в деле и не имеющее возможности самостоятельно получить необходимое доказательство от лица, у которого оно находится, вправе обратиться в арбитражный суд с ходатайством об истребовании данного доказательства.

В ходатайстве должно быть обозначено доказательство, указано, какие обстоятельства, имеющие значение для дела, могут быть установлены этим доказательством, указаны причины, препятствующие получению доказательства, и место его нахождения.

При удовлетворении ходатайства суд истребует соответствующее доказательство от лица, у которого оно находится.

5. В случае непредставления органами государственной власти, органами местного самоуправления, иными органами, должностными лицами доказательств по делам, возникающим из административных и иных публичных правоотношений, арбитражный суд истребует доказательства от этих органов по своей инициативе.

Копии документов, истребованных арбитражным судом по своей инициативе, направляются судом лицам, участвующим в деле, если у них эти документы отсутствуют.

6. Об истребовании доказательств арбитражный суд выносит определение.

В определении указываются срок и порядок представления доказательств.

Копия определения направляется лицам, участвующим в деле, а также лицу, у которого находится истребуемое судом доказательство.

7. Лицо, у которого находится истребуемое судом доказательство, направляет его непосредственно в арбитражный суд. При необходимости по запросу суда истребуемое доказательство может быть выдано на руки лицу, имеющему соответствующий запрос, для представления в суд.

8. Если лицо, от которого арбитражным судом истребуется доказательство, не имеет возможности его представить вообще или представить в установленный судом срок, оно обязано известить об этом суд с указанием причин непредставления в пятидневный срок со дня получения копии определения об истребовании доказательства.

9. В случае неисполнения обязанности представить истребуемое судом доказательство по причинам, признанным арбитражным судом неуважительными, либо неизвещения суда о невозможности представления доказательства вообще или в установленный срок на лицо, от которого истребуется доказательство, судом налагается судебный штраф в порядке и в размерах, которые установлены в главе 11 настоящего Кодекса.

10. О наложении судебного штрафа арбитражный суд выносит определение.

В определении о наложении судебного штрафа устанавливается новый срок, в течение которого должно быть представлено истребуемое доказательство.

В случае невыполнения этих требований в срок, указанный в определении о наложении судебного штрафа, арбитражный суд может повторно наложить штраф по правилам, предусмотренным частью 9 настоящей статьи.

11. Наложение судебных штрафов не освобождает лицо, у которого находится истребуемое доказательство, от обязанности его представить в арбитражный суд.

12. Определение арбитражного суда о наложении судебного штрафа может быть обжаловано.

Статья 121. Судебные извещения

1. Лица, участвующие в деле, и иные участники арбитражного процесса извещаются арбитражным судом о времени и месте судебного заседания или

проведения отдельного процессуального действия путем направления копии судебного акта не позднее чем за пятнадцать дней до начала судебного заседания или проведения процессуального действия, если иное не предусмотрено настоящим Кодексом.

2. Судебный акт, которым извещаются или вызываются участники арбитражного процесса, должен содержать:

1) наименование и адрес арбитражного суда;

2) время и место судебного заседания или проведения отдельного процессуального действия;

3) наименование лица, извещаемого или вызываемого в суд;

4) наименование дела, по которому осуществляется извещение или вызов, а также указание, в качестве кого лицо вызывается;

5) указание, какие действия и к какому сроку извещаемое или вызываемое лицо вправе или обязано совершить.

3. В случаях, не терпящих отлагательства, арбитражный суд может известить или вызвать лиц, участвующих в деле, и иных участников арбитражного процесса телефонограммой, телеграммой, по факсимильной связи или электронной почте либо с использованием иных средств связи.

4. Извещения направляются арбитражным судом по адресу, указанному лицом, участвующим в деле, либо по месту нахождения организации (филиала, представительства юридического лица, если иск возник из их деятельности) или по месту жительства гражданина. Место нахождения организации определяется местом ее государственной регистрации, если в соответствии с федеральным законом в учредительных документах не установлено иное.

5. Иностранные лица извещаются арбитражным судом по правилам, установленным в настоящей главе, если иное не предусмотрено настоящим Кодексом или международным договором Российской Федерации.       .

Статья 134. Срок подготовки дела к судебному разбирательству

Подготовка дела к судебному разбирательству должна быть завершена в срок, не превышающий двух месяцев со дня поступления заявления в арбитражный суд, проведением предварительного судебного заседания, если в соответствии с настоящим Кодексом не установлено иное.

Статья 152. Срок рассмотрения дела и принятия решения

Дело должно быть рассмотрено арбитражным судом первой инстанции и решение принято в срок, не превышающий месяца со дня вынесения определения суда о назначении дела к судебному разбирательству, если настоящим Кодексом не установлено иное.

Статья 153. Судебное заседание арбитражного суда

1. Разбирательство дела осуществляется в судебном заседании арбитражного суда с обязательным извещением лиц, участвующих в деле, о времени и месте заседания.

Статья 158. Отложение судебного разбирательства

1. Арбитражный суд откладывает судебное разбирательство в случаях, предусмотренных настоящим Кодексом, а также в случае неявки в судебное заседание лица, участвующего в деле, если в отношении этого лица у суда отсутствуют сведения об извещении его о времени и месте судебного разбирательства.

2. Арбитражный суд может отложить судебное разбирательство по ходатайству обеих сторон в случае их обращения за содействием к суду или посреднику в целях урегулирования спора.

3. В случае, если лицо, участвующее в деле и извещенное надлежащим образом о времени и месте судебного заседания, заявило ходатайство об отложении судебного разбирательства с обоснованием причины неявки в судебное заседание, арбитражный суд может отложить судебное разбирательство, если признает причины неявки уважительными.

4. Арбитражный суд может отложить судебное разбирательство по ходатайству лица, участвующего в деле, в связи с неявкой в судебное заседание его представителя по уважительной причине.

5. Арбитражный суд может отложить судебное разбирательство, если признает, что оно не может быть рассмотрено в данном судебном заседании, в том числе вследствие неявки кого-либо из лиц, участвующих в деле, других участников арбитражного процесса, а также при удовлетворении ходатайства стороны об отложении судебного разбирательства в связи с необходимостью представления ею дополнительных доказательств, при совершении иных процессуальных действий.

6. При отложении судебного разбирательства арбитражный суд вправе допросить явившихся свидетелей, если в судебном заседании присутствуют стороны. Показания этих свидетелей оглашаются в новом судебном заседании. Повторный вызов этих свидетелей в новое судебное заседание производится только в случаях необходимости.

7. Судебное разбирательство может быть отложено на срок, необходимый для устранения обстоятельств, послуживших основанием для отложения, но не более чем на один месяц.

8. Об отложении судебного разбирательства арбитражный суд выносит определение.

9. О времени и месте нового судебного заседания арбитражный суд извещает лиц, участвующих в деле, и других участников арбитражного процесса. Лица, явившиеся в судебное заседание, извещаются о времени и месте нового заседания непосредственно в судебном заседании под расписку в протоколе судебного заседания.

10. Судебное разбирательство в новом судебном заседании возобновляется с того момента, с которого оно было отложено. Повторное рассмотрение доказательств, исследованных до отложения судебного разбирательства, не производится.

Статья 182. Исполнение решения

1. Решение арбитражного суда приводится в исполнение после вступления его в законную силу, за исключением случаев немедленного исполнения, в порядке, установленном настоящим Кодексом и иными федеральными законами, регулирующими вопросы исполнительного производства.

2. Решения арбитражного суда по делам об оспаривании ненормативных актов органов государственной власти, органов местного самоуправления, иных органов, а также решения по делам об оспаривании решений и действий (бездействия) указанных органов подлежат немедленному исполнению.

Статья 270. Основания для изменения или отмены решения арбитражного суда первой инстанции

1. Основаниями для изменения или отмены решения арбитражного суда первой инстанции являются:

1) неполное выяснение обстоятельств, имеющих значение для дела;

2) недоказанность имеющих значение для дела обстоятельств, которые суд считал установленными;

3) несоответствие выводов, изложенных в решении, обстоятельствам дела;

4) нарушение или неправильное применение норм материального права или норм процессуального права.

2. Неправильным применением норм материального права является:

1) неприменение закона, подлежащего применению;

2) применение закона, не подлежащего применению;

3) неправильное истолкование закона.

3. Нарушение или неправильное применение норм процессуального права является основанием для изменения или отмены решения арбитражного суда первой инстанции, если это нарушение привело или могло привести к принятию неправильного решения.

4. Основаниями для отмены решения арбитражного суда первой инстанции в любом случае являются:

1) рассмотрение дела арбитражным судом в незаконном составе;

2) рассмотрение дела в отсутствие кого-либо из участвующих в деле лиц, не извещенных надлежащим образом о времени и месте судебного заседания;

3) нарушение правил о языке при рассмотрении дела;

4) принятие судом решения о правах и об обязанностях лиц, не привлеченных к участию в деле;

5) неподписание решения судьей или одним из судей, если дело рассмотрено в коллегиальном составе судей, либо подписание решения не теми судьями, которые указаны в решении;

6) отсутствие в деле протокола судебного заседания или подписание его не теми лицами, которые указаны в статье 155 настоящего Кодекса;

7) нарушение правила о тайне совещания судей при принятии решения.

5. При отмене решения по основаниям, предусмотренным в части 4 настоящей статьи, арбитражный суд апелляционной инстанции рассматривает дело по правилам, установленным настоящим Кодексом для рассмотрения дела в арбитражном суде первой инстанции.

Статья 257. Право апелляционного обжалования

1. Лица, участвующие в деле, а также иные лица в случаях, предусмотренных настоящим Кодексом, вправе обжаловать в порядке апелляционного производства решение арбитражного суда первой инстанции, не вступившее в законную силу.

2. Апелляционная жалоба подается через принявший решение в первой инстанции арбитражный суд, который обязан направить ее вместе с делом в соответствующий арбитражный суд апелляционной инстанции в трехдневный срок со дня поступления жалобы в суд.

3.В апелляционной жалобе не могут быть заявлены новые требования, которые не были предметом рассмотрения в арбитражном суде первой инстанции.

Статья 273. Право кассационного обжалования

Лица, участвующие в деле, а также иные лица в случаях, предусмотренных настоящим Кодексом, вправе обжаловать в порядке кассационного производства решение арбитражного суда первой инстанции, вступившее в законную силу, за исключением решений Высшего Арбитражного Суда Российской Федерации, и (или) постановление арбитражного суда апелляционной инстанции полностью или в части.

Статья 292. Пересмотр судебных актов в порядке надзора

1. Вступившие в законную силу судебные акты арбитражных судов в Российской Федерации могут быть пересмотрены в порядке надзора по правилам настоящей главы Высшим Арбитражным Судом Российской Федерации по заявлениям лиц, участвующих в деле, и иных указанных в статье 42 настоящего Кодекса лиц, а по делам, указанным в статье 52 настоящего Кодекса, по представлению прокурора.

2. Лица, участвующие в деле, и иные лица в случаях, предусмотренных настоящим Кодексом, вправе оспорить в порядке надзора судебный акт, если полагают, что этим актом существенно нарушены их права и законные интересы в сфере предпринимательской и иной экономической деятельности в результате нарушения или неправильного применения арбитражным судом, принявшим оспариваемый судебный акт, норм материального права или норм процессуального права.

3. Заявление или представление о пересмотре в порядке надзора судебного акта может быть подано в Высший Арбитражный Суд Российской Федерации в срок, не превышающий трех месяцев со дня вступления в законную силу последнего судебного акта, принятого по данному делу, если исчерпаны другие имеющиеся возможности для проверки в судебном порядке законности указанного акта.

Статья 309. Право арбитражного суда пересмотреть судебный акт по вновь открывшимся обстоятельствам

Арбитражный суд может пересмотреть принятый им и вступивший в законную силу судебный акт по вновь открывшимся обстоятельствам по основаниям и в порядке, которые предусмотрены в настоящей главе.

Статья 311. Основания пересмотра судебных актов по вновь открывшимся обстоятельствам

Основаниями пересмотра судебных актов по вновь открывшимся обстоятельствам являются:

1) существенные для дела обстоятельства, которые не были и не могли быть известны заявителю;

2) установленные вступившим в законную силу приговором суда фальсификация доказательства, заведомо ложное заключение эксперта, заведомо ложные показания свидетеля, заведомо неправильный перевод, повлекшие за собой принятие незаконного или необоснованного судебного акта по данному делу;

3) установленные вступившим в законную силу приговором суда преступные деяния лица, участвующего в деле, или его представителя либо преступные деяния судьи, совершенные при рассмотрении данного дела;

4) отмена судебного акта арбитражного суда или суда общей юрисдикции либо постановления другого органа, послуживших основанием для принятия судебного акта по данному делу;

5) признанная вступившим в законную силу судебным актом арбитражного суда или суда общей юрисдикции недействительной сделка, повлекшая за собой принятие незаконного или необоснованного судебного акта по данному делу;

6) признание Конституционным Судом Российской Федерации не соответствующим Конституции Российской Федерации закона, примененного арбитражным судом в конкретном деле, в связи с принятием решения по которому заявитель обращался в Конституционный Суд Российской Федерации;

7) установленное Европейским Судом по правам человека нарушение положений Конвенции о защите прав человека и основных свобод при рассмотрении арбитражным судом конкретного дела, в связи с принятием решения по которому заявитель обращался в Европейский Суд по правам человека.