В ОКРУЖНОЙ СУД США
ПО ОКРУГУ ДЕЛАВЭР

---------------------------------------------------------------x
DAVIS INTERNATIONAL, LLC, HOLDEX,
LLC, FOSTON MANAGEMENT, LTD, and
OMNI TRUSTHOUSE, LTD,

      Истцы,

   против           Дело № 04-1482-GMS

NEW START GROUP CORP., VENITOM
CORP., PAN-AMERICAN CORP., MDM    **Заявление профессора**
BANK, URAL-GORNO METALURAGICAL   **Сергея Николаевича Лебедева**
COMPANY, EVRAZ HOLDING, MIKHAIL
CHERNOI, OLEG DERIPASKA, ARNOLD
KISLIN, MIKHAIL NEKRICH, and
ISKANDER MAKMUDOV,

      Ответчики.
---------------------------------------------------------------x

Я, Лебедев Сергей Николаевич, проживающий по адресу: город Москва, улица Староалексеевская дом 16 квартира 49, настоящим заявляю следующее.

I.  Личные данные

1.  Я являюсь гражданином Российской Федерации.

2.  Обладаю следующим образованием и опытом. Закончил факультет права Института внешней торговли в Москве в 1957 году. В 1961/62 годах учился в Университете Мичигана, США. Защитил кандидатскую диссертацию и получил степень кандидата юридических наук (соответствует Ph.D.) в 1963 году в Московском институте международных отношений («МГИМО»), где работаю в настоящее время в качестве профессора. В 1985 году получил звание профессора. В 1994 году мне присудили звание «Заслуженный юрист Российской Федерации».

3.  В течение 30 лет, до декабря 2004 г. был заведующим кафедрой международного частного и гражданского права на юридическом факультете МГИМО. В России, как и в США, предмет гражданского права охватывает, кроме прочего, договорные

отношения, деликты (гражданско-правовую ответственность) и, более обобщенно, способы правовой защиты нарушенных гражданских прав (в том числе, в случаях причинения имущественного ущерба). Среди прочего, я занимался переводами многих иностранных законодательных актов на русский язык, в том числе осуществил перевод *Uniform Commercial Code*. Я преподавал эти предметы в качестве составной части курса международного частного права.

4. Я также числюсь в списках и выступал в качестве арбитражного заседателя в судебных процессах по гражданско-правовым спорам в России. В российских арбитражных судах (судах, специализирующихся на решении коммерческих споров), система которых описана ниже, каждая сторона спора вправе выбрать одного арбитражного заседателя, которые совместно будут участвовать в разрешении дела с председательствующим в заседании судьей. Арбитражные заседатели выполняют функции сходные с теми, которые присущи в США судьям, рассматривающим дело в коллегиальном составе, а не присяжным заседателям в американских судах. Согласно нормам арбитражно-процессуального права арбитражные заседатели наделены практически теми же полномочиями и обязанностями, что и председательствующий в заседании судья (*См. Арбитражный процессуальный кодекс, 2002 г.* («АПК»), ст. 19). Следовательно, как и председательствующий судья, арбитражные заседатели уполномочены задавать вопросы сторонам и свидетелям, исследовать представленные доказательства, а решение выносится единогласно или большинством голосов (два из трех) заседателей и судьи (*АПК*, ст. 20). В качестве арбитражного заседателя я участвовал в рассмотрении более чем 10 коммерческих споров.

5. С 1996 года я являюсь членом Президентского Совета по вопросам совершенствования правосудия. Этот совет состоит из представителей различных категорий юридического сообщества, в том числе представителей судебной власти, профессуры и практикующих юристов. Задачей его деятельности является дача рекомендаций по вопросам функционирования и реформирования судов, совершенствования процессуальных норм, дачи комментариев на проекты нормативных актов по вопросам осуществления правосудия.

6. Я принимал участие в качестве арбитра в более чем 600 международных арбитражных разбирательствах в России и за рубежом (в том числе в Париже, Стокгольме, Лондоне, Киеве, Пекине, Женеве, Варшаве). С 1972 года я являюсь Председателем Морской арбитражной комиссии, а также членом Президиума и арбитром Международного

коммерческого арбитражного суда при Торгово-промышленной палате Российской Федерации в г. Москва. Я также являюсь экспертом во многих международных организациях, таких как ЮНСИТРАЛ, Компенсационная Комиссия ООН, Международный Совет по коммерческому арбитражу и принимал участие в значительном количестве дипломатических конференций по разработке конвенций, в том числе по международной купле-продаже товаров, морской перевозке, арбитражу. Я являюсь одним из двух вице-президентов в российских юридических ассоциациях: Ассоциации международного права и Ассоциации морского права. Я являюсь автором нескольких книг и более чем 150 других публикаций по правовым вопросам международной торговли и арбитража (Краткий список данных публикаций прилагается в качестве Приложения А).

7. В связи с моей работой в области международного и гражданского права я в течение последних 40 лет осуществлял мониторинг и постоянно изучал решения российских судов по спорам с иностранными участниками. В большинстве случаев, конечно, в этих делах участвовала по крайней мере одна российская сторона, наряду с одним или более иностранными участниками.

II. **Вопросы российского права, имеющие отношение к настоящему делу**

8. Я изучил исковое заявление, которое истцы Davis International, LLC, Holdex, LLC, Foston Management, LTD, Omni Trusthouse Ltd. (далее – «Истцы») предъявили против ответчиков New Start Group Corp., Venitom Corp., Pan-American Corp., «МДМ-Банка», Уральской горно-металлургической компании, компании «Евраз-Холдинг», Михаила Черного, Олега Дерипаски, Арнольда Кислина, Михаила Некрича и Искандера Махмудова в настоящий суд (далее – «Ответчики»). Также при подготовке данного заключения мне был представлен для изучения ряд других документов (список данных документов прилагается в качестве Приложения В).

9. Насколько я понял из искового заявления Истцы заявляют следующие требования: (1) требования из «присвоения» Ответчиками принадлежащих Истцам акций Качканарского ГОКа (далее – «ГОК») путем совершения Ответчиками актов мошенничества, дачи взяток, вымогательства, в том числе требования по «праву справедливости»; а также (2) требования из нарушений Ответчиками американского закона RICO Act, выразившееся, в том числе, в актах вымогательства, мошенничества, взяточничества.

10. От имени Ответчиков ко мне обратились с просьбой дать экспертное заключение относительно того, являются ли суды в Российской Федерации (далее, в том числе, – «РФ») адекватным альтернативным форумом для рассмотрения исковых требований Истцов, в том числе:

- Предоставляет ли российское законодательство адекватные способы правовой защиты типам требований, заявленным Истцами?

- Существуют ли в российском процессуальном праве адекватные нормы, регулирующие вопросы судебного процесса и сбора доказательств?

- Является ли российская судебная система независимой, и можно ли рассчитывать на справедливое разрешение дел, на основании фактов и в соответствии с законом?

- Имеется ли у России существенный интерес в том, чтобы данный спор рассматривался в российских судах?

11. Я изучил Заявление профессора Игоря Петрухина, представленное в связи с иском, поданным Истцами в Федеральный Суд США по Южному округу Нью-Йорка против большинства тех же Ответчиков, в деле *Base Metal Trading v. Russian Aluminum*. Моя позиция не отличается по существу от мнения профессора Петрухина по освещенным им вопросам.

### III. российское законодательство предоставляет адекватные способы правовой защиты для типов требований, заявленных Истцами

*Краткое описание судебной системы в РФ*

12. Судебную систему Российской Федерации составляют несколько типов судов: Конституционный Суд РФ, суды общей юрисдикции (рассматривающие гражданские и уголовные дела), арбитражные суды, мировые судьи, военные трибуналы.

13. Если бы Истцы заявили в России требования, основанные на видах ущерба, которые они заявляют в Исковом заявлении, они были бы вправе (в зависимости от характера и субъектного состава определенного требования) обратиться за рассмотрением их требований в суды общей юрисдикции (в гражданском или при возбуждении такого - в уголовном судопроизводстве) или в арбитражные суды. Гражданское

судопроизводство в судах общей юрисдикции регулируется Гражданским процессуальным Кодексом РФ 2002 г. (далее - «ГПК»), разбирательство в арбитражных судах регулируется Арбитражным процессуальным Кодексом РФ 2002 г. (далее – «АПК»). Уголовный процесс в Российской Федерации регулируется Уголовно-процессуальным кодексом РФ (далее – «УПК»). Я вкратце опишу виды споров, подлежащие рассмотрению, соответственно, в судах общей юрисдикции и арбитражных судах.

14. Согласно ч. 1 ст. 22 ГПК РФ от 14 ноября 2002 г. суды общей юрисдикции рассматривают и разрешают

*исковые дела с участием граждан, организаций, органов государственной власти, органов местного самоуправления о защите нарушенных или оспариваемых прав, свобод и законных интересов, по спорам, возникающим из гражданских, семейных, трудовых, жилищных, земельных, экологических и иных правоотношений;*

15. ч. 2 ст. 22 ГПК РФ предусматривает

*Суды рассматривают и разрешают дела с участием иностранных граждан, лиц без гражданства, иностранных организаций, организаций с иностранными инвестициями, международных организаций.*

16. Согласно ч. 3 ст. 22 ГПК РФ суды общей юрисдикции «рассматривают и разрешают дела, предусмотренные частями 1 и 2 данной статьи, за исключением экономических споров и других дел, отнесенных федеральным конституционным законом и федеральным законом к ведению арбитражных судов.

17. Термин «арбитраж» переводится на английский язык как «arbitration». Несмотря на такое наименование, возникшее во времена Советского Союза, арбитражные суды – это гражданские суды, не имеющие отношение к арбитражу как третейскому разбирательству. Данные суды разрешают хозяйственные споры между юридическими лицами и индивидуальными предпринимателями, как российскими, так и иностранными.

18. Система российских арбитражных судов недавно была реформирована в четырех уровневую структуру. Деятельность арбитражных судов в настоящее время

регулируется федеральным конституционным законом «Об арбитражных судах в Российской Федерации» (с последними изменениями и дополнениями от 25 марта 2004 г.) и АПК РФ.

19. В соответствии с вышеупомянутым законом первый уровень арбитражных судов составляют 81 арбитражный суд субъектов РФ, являющиеся судами первой инстанции. Вторым звеном являются 20 апелляционных арбитражных судов, которые вправе пересматривать как фактическую, так и правовую обоснованность решений судов первой инстанции, не вступивших в законную силу. Следующее обжалование (по правовым вопросам), именуемое «кассационное обжалование», может быть направлено в один из 10 федеральных арбитражный судов округа. Высший арбитражный суд, возглавляющий систему арбитражных судов России, со своей стороны, также вправе пересматривать акты других арбитражных судов (пересмотр в порядке надзора). Все суды вправе пересматривать ранее принятые ими акты по вновь открывшимся обстоятельствам (в том случае, если присутствуют необходимые основания для пересмотра).

20. Подведомственность дел арбитражному суду закреплена в ст. 27, 28 АПК РФ

*Статья 27. Подведомственность дел арбитражному суду*
*1. Арбитражному суду подведомственны дела по экономическим спорам и другие дела, связанные с осуществлением предпринимательской и иной экономической деятельности.*
*2. Арбитражные суды разрешают экономические споры и рассматривают иные дела с участием организаций, являющихся юридическими лицами, граждан, осуществляющих предпринимательскую деятельность без образования юридического лица и имеющих статус индивидуального предпринимателя, приобретенный в установленном законом порядке (далее - индивидуальные предприниматели), а в случаях, предусмотренных настоящим Кодексом и иными федеральными законами, с участием Российской Федерации, субъектов Российской Федерации, муниципальных образований, государственных органов, органов местного самоуправления, иных органов, должностных лиц, образований, не имеющих статуса юридического лица, и граждан, не имеющих статуса индивидуального предпринимателя (далее - организации и граждане).*
*3. К подведомственности арбитражных судов федеральным законом могут быть отнесены и иные дела.*
*4. Заявление, принятое арбитражным судом к своему производству с соблюдением правил подведомственности, должно быть рассмотрено им по существу, хотя бы в дальнейшем к участию в деле будет привлечен гражданин, не имеющий статуса индивидуального предпринимателя, в*

*качестве третьего лица, не заявляющего самостоятельных требований относительно предмета спора.*

*5. Арбитражные суды рассматривают подведомственные им дела с участием российских организаций, граждан Российской Федерации, а также иностранных организаций, международных организаций, иностранных граждан, лиц без гражданства, осуществляющих предпринимательскую деятельность, организаций с иностранными инвестициями, если иное не предусмотрено международным договором Российской Федерации.*

***Статья 28.** Подведомственность экономических споров и иных дел, возникающих из гражданских правоотношений*

*Арбитражные суды рассматривают в порядке искового производства возникающие из гражданских правоотношений экономические споры и другие дела, связанные с осуществлением предпринимательской и иной экономической деятельности юридическими лицами и индивидуальными предпринимателями, а в случаях, предусмотренных настоящим Кодексом и иными федеральными законами, другими организациями и гражданами.*

21. Согласно ч. 4 ст. 22 ГПК РФ при обращении в суд с заявлением, содержащим несколько связанных между собой требований, из которых одни подведомственны суду общей юрисдикции, другие - арбитражному суду, если разделение требований невозможно, дело подлежит рассмотрению и разрешению в суде общей юрисдикции. В случае, если возможно разделение требований, судья выносит определение о принятии требований, подведомственных суду общей юрисдикции, и об отказе в принятии требований, подведомственных арбитражному суду.

**Общая характеристика российского гражданского законодательства**

22. Основой российского законодательства является принятая в 1993 г. Конституция РФ. Гражданское законодательство состоит из Гражданского Кодекса РФ и принятых в соответствии с ним иных федеральных законов. Гражданско-правовые отношения могут также могут также регулироваться подзаконными актами (которые не должны противоречить Конституции, Гражданскому Кодексу и федеральным законам): указами Президента РФ, постановлениями Правительства, актами министерств и иных федеральных органов исполнительной власти. Все ссылки в настоящем Заключении на положения российских нормативных актов будут являться ссылками на действующие нормы, в их текущей редакции.

23. Ст. 15 Конституции РФ также предусматривает, что общепризнанные принципы и нормы международного права и международные договоры Российской Федерации являются составной частью ее правовой системы. Если международным договором Российской Федерации установлены иные правила, чем предусмотренные законом, то применяются правила международного договора.

24. Согласно ст. 1 ГК РФ гражданское законодательство основывается на признании равенства участников регулируемых им отношений, неприкосновенности собственности, свободы договора, недопустимости произвольного вмешательства кого-либо в частные дела, необходимости беспрепятственного осуществления гражданских прав, обеспечения восстановления нарушенных прав, их судебной защиты.

25. Гражданское процессуальное и арбитражно-процессуальное право содержит детальные положения, гарантирующие права сторон судебного разбирательства Такими гарантиями являются, среди прочего:

принципы равенства перед законом и судом; осуществление судопроизводства на основе состязательности и равноправия сторон (статья 19, 123 Конституции РФ, статья 7 ФКЗ «О судебной системе Российской Федерации», статья 7 АПК РФ, статья 6 ГПК РФ);

- обязанность суда надлежащим образом известить стороны о времени и месте рассмотрения спора (статья 121 АПК РФ, статья 113 ГПК), а также недопустимость рассмотрения спора в любой судебной инстанции в отсутствие стороны, надлежащим образом не извещенной о времени и месте рассмотрения спора (п. 1 ст. 153, п.1 ст. 158, п. 4(2) ст. 270 АПК РФ; ст. 167, п. 2(2) ст. 364 ГПК РФ).

- обязанность сторон доказывать обстоятельства, на которые они ссылаются и право на представление суду доказательств (ст.ст. 41, 65, 66 АПК РФ; ст.ст. 35, 56, 57 ГПК РФ);

- обязанность свидетелей и экспертов явиться по вызову в суд и давать свидетельские показания и экспертные заключения, (ст.ст. 55, 56 АПК РФ; ст.ст. 70, 85 ГПК РФ);

- уголовная ответственность свидетелей (в том числе, вызываемых судом по своей инициативе) за отказ или уклонение от дачи показаний, а так же за дачу заведомо ложных показаний (п. 4 ст. 56 АПК РФ; п. 2 ст. 70 ГПК РФ; ст.ст. 307, 308 УК РФ);

- Возможность нескольких уровней пересмотра дел вышестоящими судами и возможность пересмотра дел по вновь открывшимся обстоятельствам.

26. Гражданско-процессуальное и арбитражно-процессуальное законодательство содержит положения о сроках рассмотрения дел. По общему правилу, закон требует, чтобы дело было рассмотрено по существу арбитражным судом первой инстанции в срок не свыше трех месяцев после подачи иска (ст.ст. 134, 152 АПК) (или четырех месяцев, если суд вынесет определение об отложении судебного разбирательства в соответствии со ст. 158 АПК), а в суде общей юрисдикции первой инстанции – в течение двух месяцев (ст. 154 ГПК). В случае пересмотра дел в апелляционной, кассационной и надзорной инстанциях, срок рассмотрения дела будет большим.

27. В Российской Федерации судебные акты, вступившие в законную силу, обязательны и должны исполняться всеми государственными органами, органами местного самоуправления и иными органами, организациями, должностными лицами и гражданами на всей территории Российской Федерации (статья 6 Федерального Конституционного Закона «О судебной системе РФ»). Российское законодательство предусматривает процедуру принудительного исполнения решений судов, а также ответственность за неисполнение решений судов, вступивших в законную силу (статья 182, Раздел VII АПК РФ, статья 210, Раздел VII ГПК РФ, Федеральный закон от 27 июля 1997г. №119-ФЗ «Об исполнительном производстве»).

*Способы правовой защиты в российских судах*

28. Российское законодательство в ст. 12 ГК РФ предусматривает широкий спектр способов защиты гражданских прав. Защита гражданских прав осуществляется путем (1) признания права, (2) восстановления положения, существовавшего до нарушения права, и пресечения действий, нарушающих право или создающих угрозу его нарушения; (3) признания оспоримой сделки недействительной и применения последствий ее недействительности, применения последствий недействительности ничтожной сделки; (4) признания недействительным акта государственного органа или органа местного самоуправления; (5) самозащиты права; (6) присуждения к

исполнению обязанности в натуре; (7) возмещения убытков; (8) взыскания неустойки; компенсации морального вреда; (9) прекращения или изменения правоотношения; (10) неприменения судом акта государственного органа или органа местного самоуправления, противоречащего закону; (11) иными способами, предусмотренными законом.

29. Российские суды обладают широкими полномочиями по применению вышеупомянутых способов правовой защиты. В частности, в случае причинения вреда, согласно ст. 15 ГК РФ лицо, право которого нарушено, может требовать полного возмещения причиненных ему убытков, если законом или договором не предусмотрено возмещение убытков в меньшем размере. Необходимо отметить, что согласно этой же статье ГК под убытками понимаются расходы, которые лицо, чье право нарушено, произвело или должно будет произвести для восстановления нарушенного права, утрата или повреждение его имущества (реальный ущерб), а также неполученные доходы, которые это лицо получило бы при обычных условиях гражданского оборота, если бы его право не было нарушено (упущенная выгода).

30. Общие нормы ст.ст. 12, 15 ГК РФ уточняются и конкретизируются специализированными нормами, посвященными ответственности за нарушения конкретных видов договорных обязательств (содержатся в соответствующих разделах ГК), ответственности за причинение вреда, нормами о неосновательном обогащении. В частности, существуют способы правовой защиты, применимые в случаях прямого или опосредованного неправомерного изъятия собственности какого-либо лица, в случаях причинения вреда актами мошенничества, в случаях причинения виновными действиями убытков обществу.

31. Учитывая описанные выше в п.п. 14-21 принципы подведомственности тех или иных споров судам общей юрисдикции или арбитражным судам, а также очень широкие нормы ГК о возможных способах защиты, можно уверенно констатировать, что российское законодательство предоставляет широкие и достаточные возможности истцам (в том числе Истцам в настоящем деле) защищать свои права и правомерные интересы в случае их нарушения путем обращения в российские государственные суды. Способы правовой защиты, предусмотренные российским правом для конкретных видов требований, заявленных истцами, описываются в следующем разделе.