## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------------x
                                                                 :
DAVIS INTERNATIONAL, LLC, HOLDEX, LLC,                           :
FOSTON MANAGEMENT, LTD., and                                     :
OMNI TRUSTHOUSE, LTD.,                                           :      No. 04-1482-GMS
                                                                 :
                          Plaintiffs,                            :
                                                                 :
        -against-                                                :
                                                                 :
NEW START GROUP CORP., VENITOM CORP.,                            :
PAN-AMERICAN CORP., MDM BANK,                                    :
URAL-GORNO METALURAGICAL COMPANY,                               :
EVRAZ HOLDING, MIKHAIL CHERNOI,                                  :
OLEG DERIPASKA, ARNOLD KISLIN,                                   :
MIKHAIL NEKRICH, and ISKANDER                                    :
MAKMUDOV,                                                        :
                                                                 :
                          Defendants.                            :
                                                                 :
-----------------------------------------------------------------x
```

### OPENING BRIEFS IN SUPPORT OF DEFENDANTS'
### MOTION TO DISMISS COMPLAINT

Attorneys for Defendant Arnold Kislin:

Charles M. Oberly, III (DSBA No. 743)       Lisa C. Cohen
Karen V. Sullivan (DSBA No. 3872)           Schindler Cohen & Hochman LLP
Oberly, Jennings & Rhodunda, P.A.           100 Wall Street
800 Delaware Avenue, Suite 901              15th Floor
PO Box 2054                                 New York, NY  10005
Wilmington, DE 19899                        (212) 277-6300

                                            Lawrence S. Goldman
                                            Elizabeth Johnson
                                            The Law Offices of Lawrence S. Goldman
                                            500 Fifth Ave., 29th Floor
                                            New York, NY 10110-2900
                                            (212) 997-7499

Attorneys for Defendants New Start
Group Corp. and Venitom Group:

Charles M. Oberly, III (DSBA No. 743)        Richard J. Schaeffer
Karen V. Sullivan (DSBA No. 3872)            Peter J. Venaglia
Oberly, Jennings & Rhodunda, P.A.            Laura D. Sullivan
800 Delaware Avenue, Suite 901               Dornbush, Schaeffer, Strongin &
PO Box 2054                                  Weinstein, LLP
Wilmington, DE 19899                         747 Third Avenue, 11th Floor
(302) 576-2000                               New York, NY 10017
                                             (212) 759-3300


Attorneys for Defendant Oleg Deripaska:

Collins J. Seitz, Jr. (DSBA No. 2237)        Rodney F. Page
Kevin F. Brady (DSBA No. 2248)               Michael G. Biggers
Connolly Bove Lodge & Hutz LLP               Bryan Cave LLP
1007 North Orange Street                     700 13th Street, N.W.
P.O. Box 2207                                Washington, D.C. 20005-3960
Wilmington, DE 19899                         (202) 508-6002
(302) 658-9141


Attorneys for Defendant Evraz Holding:

William M. Lafferty (DSBA No. 2755)          David H. Herrington
Morris, Nichols, Arsht & Tunnell             Vitali Rosenfeld
Chase Manhattan Centre, 18th Floor           Cleary Gottlieb Steen & Hamilton LLP
1201 North Market Street                     One Liberty Plaza
P.O. Box 1347                                New York, NY 10006
Wilmington, DE 19899-1347                    (212) 225-2266
(302) 575-7341


Attorneys for Defendant MDM Bank:

Richard I.G. Jones, Jr. (DSBA No. 3301)      Joel B. Kleinman
Ashby & Geddes                               Steven J. Roman
222 Delaware Avenue, 17th Floor              David H. Greenberg
P.O. Box 1150                                Dickstein Shapiro Morin & Oshinsky LLP
Wilmington, DE 19899                         2101 L Street NW
(302) 654-1888                               Washington, DC 20037-1526
                                             (202) 785-9700

Attorneys for Defendant Ural-Gorno
Metallurgical Company:

Charles M. Oberly, III (DSBA No. 743)    William H. Devaney
Karen V. Sullivan (DSBA No. 3872)        Heard & O'Toole LLP
Oberly, Jennings & Rhodunda, P.A.        405 Lexington Ave, Floor 62
800 Delaware Avenue, Suite 901           New York, NY 10174
PO Box 2054                              (212) 307-5500
Wilmington, DE 19899
(302) 576-2000


Attorneys for Defendant Iskander
Makmudov:

Charles M. Oberly, III (DSBA No. 743)    William H. Devaney
Karen V. Sullivan (DSBA No. 3872)        Heard & O'Toole LLP
Oberly, Jennings & Rhodunda, P.A.        405 Lexington Ave, Floor 62
800 Delaware Avenue, Suite 901           New York, NY 10174
PO Box 2054                              (212) 307-5500
Wilmington, DE 19899
(302) 576-2000


Attorneys for Defendant Mikhail Chernoi:

Charles M. Oberly, III (DSBA No. 743)    Brian Maas
Karen V. Sullivan (DSBA No. 3872)        Cameron A. Myler
Oberly, Jennings & Rhodunda, P.A.        Frankfurt Kurnit Klein & Selz PC
800 Delaware Avenue, Suite 901           488 Madison Avenue, 9th Floor
PO Box 2054                              New York, NY 10022
Wilmington, DE 19899                     (212) 980-0120
(302) 576-2000


Attorneys for Defendant Mikhail Nekrich:

Charles M. Oberly, III (DSBA No. 743)    Paul R. Grand
Karen V. Sullivan (DSBA No. 3872)        Edward M. Spiro
Oberly, Jennings & Rhodunda, P.A.        Morvillo, Abramowitz, Grand, Iason &
800 Delaware Avenue, Suite 901           Silberberg, P.C.
PO Box 2054                              565 Fifth Avenue
Wilmington, DE 19899                     New York, NY  10017
(302) 576-2000                           (212) 880-9510

Dated: March 31, 2005

Defendants New Start Group Corp., Venitom Corp., MDM Bank, Ural-Gorno Metallurgical Company, Evraz Holding, Mikhail Chernoi, Oleg Deripaska, Arnold Kislin, Mikhail Nekrich and Iskander Makmudov, through their counsel, jointly submit the attached four opening briefs in support of their motion to dismiss the complaint. For the convenience of the Court, the defendants present their opening briefs together in a single binder. This introductory statement is respectfully submitted to provide an overview of the briefs and the arguments that defendants are making.

In an action commenced in December 2000 in the United States District Court for the Southern District of New York, the four plaintiffs here (together with others) alleged violations of the RICO Act and conversion by eight of the defendants in this action[1] (together with others) in connection with alleged attempts to monopolize the Russian aluminum industry and to control the Russian vanadium industry. The vanadium claim was based on virtually identical factual allegations to those in the complaint before this Court concerning the purported takeover of Kachkanarsky GOK.

On March 27, 2003, after 28 months of litigation and after reviewing 25,000 pages of briefs and exhibits, the Honorable John G. Koeltl, in a thorough 32-page published opinion, dismissed plaintiffs' complaint on *forum non conveniens* grounds. In his decision, Judge Koeltl declared that "this litigation should proceed in Russia," *Base Metal Trading SA v. Russian Aluminum*, 253 F. Supp. 2d 681, 710 (S.D.N.Y. 2003), and "be resolved by the Russian courts." *Id*. at 713. That decision was affirmed by the Second Circuit Court of Appeals on April 30, 2004. *Base Metal Trading SA v. Russian Aluminum*, 98 Fed. Appx. 47, 2004 WL 928165 (2d Cir. 2004).

---

[1] MDM Bank was referred to as Moskovskiy Delovoi Mir Bank in the previous complaint.

This case involves the same plaintiffs, the same defendants, the same charges, and the same factual allegations as the vanadium portion of the New York action. Indeed, the vast majority of the allegations in the complaint are lifted verbatim or nearly verbatim from the prior complaint.

The plaintiffs, represented by the same attorney who represented them in the Southern District of New York action, have chosen not to follow Judge Koeltl's directions. Rather than re-exporting their case to Russia, where it belongs, they have instead chosen to take it down the New Jersey Turnpike to Delaware. Judge Koeltl described the prior case as "nothing but forum shopping." *Base Metal Trading*, 253 F. Supp. 2d at 696. In fact, plaintiffs' counsel has acknowledged that he is doing the same here.[2]

This Court, we respectfully submit, should halt this forum shopping spree. The Court's valuable judicial time and resources should not be expended on redoing what Judge Koeltl has already done. Nor should this Court be an appeals court, either for the courts of Russia or for the Southern District of New York or, indeed, for the Second Circuit. The Court should dismiss this action on direct estoppel grounds without the need to even consider the *forum non conveniens* issue, as Judge Koeltl did so painstakingly, or the comity and other issues, all of which independently compel dismissal of this lawsuit even if it were not a repeat of a prior one.

---

[2] In April 2004, plaintiffs' counsel, Bruce Marks, announced that his firm would be filing actions in more favorable forums than the Southern District of New York. *See* Opening Brief in Support of Defendants' Motion to Dismiss the Complaint Pursuant to the Doctrine of Direct Estoppel and to Enjoin Plaintiffs from Re-Filing This Action, at 3; Opening Brief in Support of Defendants' Motion to Dismiss the Complaint on *Forum Non Conveniens* Grounds, at 7.

Defendants' first brief, dealing with the doctrine of direct estoppel, demonstrates that plaintiffs' current case is essentially identical to their earlier action and that under *Pastewka v. Texaco, Inc.*, 565 F. 2d 851 (3d Cir. 1997), this Court should not revisit the issues already decided by Judge Koeltl. This Court should dismiss the action on this basis alone.

Defendants also demonstrate in their first brief that an order is warranted enjoining plaintiffs from filing another identical lawsuit in this country based on the same underlying facts. Such relief is necessary to protect an additional United States judge and the defendants from being burdened with this same case yet again. Defendants respectfully submit that the Court need go no further than direct estoppel to dismiss the case.

Should this Court choose to go beyond the direct estoppel issue, in their second brief the defendants demonstrate again, as Judge Koeltl held (and the Second Circuit affirmed), that the case should be dismissed based on the doctrine of *forum non conveniens*. As Judge Koeltl found, "Russia is an adequate alternative forum for this dispute," *Base Metal Trading*, 253 F. Supp. 2d at 709, and, "based on an evaluation of all the private and public interest Gilbert[3] factors, Russia is clearly the more convenient forum." *Base Metal Trading*, 253 F. Supp. 2d at 713. The brief demonstrates that Russia is an adequate alternative forum, that the plaintiffs are essentially foreign and therefore entitled to little deference in their choice of forum, and that private and public factors strongly favor dismissal of the action.

---

[3] *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).

The third brief demonstrates that even if this Court does not dismiss on direct estoppel or *forum non conveniens* grounds, principles of international comity require dismissal because the essential issues have been determined by Russian courts.  The plaintiffs' allegations have been (and continue to be) the subject of literally scores of judicial decisions in Russia,  where the plaintiffs pursued their case, Judge Koeltl has pointed out, "until the results were not to their liking." *Id*. at 707.  As Judge Koeltl wrote, "Having pursued various remedies in the Russian court system with unsatisfactory results, the plaintiffs now seek to take their case to the United States."[4] *Id*. at 698.    This third brief details the extensive proceedings in the courts of Russia and confirms that Russian courts have adjudicated the plaintiffs' claims, that the complaint raises numerous issues of Russian law, and that the Russian legal proceedings satisfy the fundamental requirements of procedural fairness.  This brief respectfully asks this Court to dismiss this action, rather than become what Judge Koeltl said he would not be, "a court of appeals for the Russian legal system." *Id*. at 709.

The fourth opening brief identifies the various substantive and procedural defects in the complaint that warrant its dismissal.  The complaint fails to establish subject matter jurisdiction over the RICO claims because the essentially nonexistent relationship of the case to the United States precludes the extraterritorial application of the RICO statute. The complaint's RICO claims are both barred by the applicable four-year statute of limitations and deficient because the purported injuries were not proximately caused by the alleged RICO violation, but by other acts, including decisions by Russian courts.  The complaint fails to allege facts sufficient to state violations of the RICO statute.  The

---

[4] The sentence can now be aptly repeated with the words "New York federal" substituted for "Russian" and the word "Delaware" substituted for "the United States."

complaint does not adequately allege a pattern of racketeering, an injury caused by the

acquisition of or investment in an enterprise, participation by the defendants in the

operation or management of the enterprise, or the existence of an enterprise that posed a

threat of continued criminal activity. Moreover, the purported racketeering acts are not

pleaded with the required specificity. And, lastly, the state law claims must be dismissed

both because they are time-barred and because the alleged deprivation was ordered by a

court and thus was not, as required by Delaware Law, done without lawful justification.

For any and all of these reasons, the complaint should be dismissed.

Respectfully submitted,

Attorneys for Defendants Arnold Kislin:

 /s/ Charles M. Oberly, III
Charles M. Oberly, III (DSBA No. 743)      Lisa C. Cohen
Karen V. Sullivan (DSBA No. 3872)      Schindler Cohen & Hochman LLP
Oberly, Jennings & Rhodunda, P.A.      100 Wall Street
800 Delaware Avenue, Suite 901      15th Floor
PO Box 2054      New York, NY  10005
Wilmington, DE 19899      (212) 277-6300
(302) 576-2000

Lawrence S. Goldman
Elizabeth Johnson
The Law Offices of Lawrence S. Goldman
500 Fifth Ave., 29th Floor
New York, NY 10110-2900
(212) 997-7499

Attorneys for Defendants New Start Group
Corp. and Venitom Group:

/s/ Charles M. Oberly, III

| | |
|---|---|
| Charles M. Oberly, III (DSBA No. 743) | Richard J. Schaeffer |
| Karen V. Sullivan (DSBA No. 3872) | Peter J. Venaglia |
| Oberly, Jennings & Rhodunda, P.A. | Laura D. Sullivan |
| 800 Delaware Avenue, Suite 901 | Dornbush, Schaeffer, Strongin & |
| PO Box 2054 | Weinstein, LLP |
| Wilmington, DE 19899 | 747 Third Avenue, 11th Floor |
| (302) 576-2000 | New York, NY 10017 |
| | (212) 759-3300 |

Attorneys for Defendant Oleg Deripaska:

/s/ Collins J. Seitz, Jr.

| | |
|---|---|
| Collins J. Seitz, Jr. (DSBA No. 2237) | Rodney F. Page |
| Kevin F. Brady (DSBA No. 2248) | Michael G. Biggers |
| Connolly Bove Lodge & Hutz LLP | Bryan Cave LLP |
| 1007 North Orange Street | 700 13th Street, N.W. |
| P.O. Box 2207 | Washington, D.C. 20005-3960 |
| Wilmington, DE 19899 | (202) 508-6002 |
| (302) 658-9141 | |

Attorneys for Defendant Evraz Holding:

/s/ William M. Lafferty

| | |
|---|---|
| William M. Lafferty (DSBA No. 2755) | David H. Herrington |
| Morris, Nichols, Arsht & Tunnell | Vitali Rosenfeld |
| Chase Manhattan Centre, 18th Floor | Cleary Gottlieb Steen & Hamilton LLP |
| 1201 North Market Street | One Liberty Plaza |
| P.O. Box 1347 | New York, NY 10006 |
| Wilmington, DE 19899-1347 | (212) 225-2266 |
| (302) 575-7341 | |

6

Attorneys for Defendant MDM Bank:

 /s/ Richard I.G. Jones, Jr.

| | |
|---|---|
| Richard I.G. Jones, Jr. (DSBA No. 3301) | Joel B. Kleinman |
| Ashby & Geddes | Steven J. Roman |
| 222 Delaware Avenue, 17th Floor | David H. Greenberg |
| P.O. Box 1150 | Dickstein Shapiro Morin & Oshinsky LLP |
| Wilmington, DE 19899 | 2101 L Street NW |
| (302) 654-1888 | Washington, DC 20037-1526 |
| | (202) 785-9700 |

Attorneys for Defendant Ural-Gorno
Metallurgical Company:

 /s/ Charles M. Oberly, III

| | |
|---|---|
| Charles M. Oberly, III (DSBA No. 743) | William H. Devaney |
| Karen V. Sullivan (DSBA No. 3872) | Heard & O'Toole LLP |
| Oberly, Jennings & Rhodunda, P.A. | 405 Lexington Ave, Floor 62 |
| 800 Delaware Avenue, Suite 901 | New York, NY 10174 |
| PO Box 2054 | (212) 307-5500 |
| Wilmington, DE 19899 | |
| (302) 576-2000 | |

Attorneys for Defendant Iskander
Makmudov:

/s/ Charles M. Oberly, III

| | |
|---|---|
| Charles M. Oberly, III (DSBA No. 743) | William H. Devaney |
| Karen V. Sullivan (DSBA No. 3872) | Heard & O'Toole LLP |
| Oberly, Jennings & Rhodunda, P.A. | 405 Lexington Ave, Floor 62 |
| 800 Delaware Avenue, Suite 901 | New York, NY 10174 |
| PO Box 2054 | (212) 307-5500 |
| Wilmington, DE 19899 | |
| (302) 576-2000 | |

Attorneys for Defendant Mikhail Chernoi:

/s/ Charles M. Oberly, III
Charles M. Oberly, III (DSBA No. 743)       Brian Maas
Karen V. Sullivan (DSBA No. 3872)           Cameron A. Myler
Oberly, Jennings & Rhodunda, P.A.           Frankfurt Kurnit Klein & Selz PC
800 Delaware Avenue, Suite 901              488 Madison Avenue, 9th Floor
PO Box 2054                                 New York, NY 10022
Wilmington, DE 19899                        (212) 980-0120
(302) 576-2000


Attorneys for Defendant Mikhail Nekrich:

/s/ Charles M. Oberly, III
Charles M. Oberly, III (DSBA No. 743)       Paul R. Grand
Karen V. Sullivan (DSBA No. 3872)           Edward M. Spiro
Oberly, Jennings & Rhodunda, P.A.           Morvillo, Abramowitz, Grand, Iason &
800 Delaware Avenue, Suite 901              Silberberg, P.C.
PO Box 2054                                 565 Fifth Avenue
Wilmington, DE 19899                        New York, NY  10017
(302) 576-2000                              (212) 880-9510


Dated: March 31, 2005

8