IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
DAVIS INTERNATIONAL, LLC, HOLDEX, :
LLC, FOSTON MANAGEMENT, LTD, and :
OMNI TRUSTHOUSE, LTD, :
:
                Plaintiffs, :
    v. :    Case No. 04-1482-GMS
:
NEW START GROUP CORP., VENITOM :
CORP., PAN-AMERICAN CORP., MDM :
BANK, URAL-GORNO METALURAGICAL :
COMPANY, EVRAZ HOLDING, MIKHAIL :
CHERNOI, OLEG DERIPASKA, ARNOLD :
KISLIN, MIKHAIL NEKRICH, and :
ISKANDER MAKMUDOV, :
:
                Defendants. :
---------------------------------------------------------------x

## COMPENDIUM OF UNREPORTED CASES TO DEFENDANTS' OPENING BRIEFS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Attorneys for Defendant Arnold Kislin:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

Lisa C. Cohen
Schindler Cohen & Hochman LLP
100 Wall Street
15th Floor
New York, NY 10005
(212) 277-6300

Lawrence S. Goldman
Elizabeth Johnson
The Law Offices of Lawrence S. Goldman
500 Fifth Ave., 29th Floor
New York NY 10110-2900
(212) 997-7499

Attorneys for Defendants New Start Group
Corp. and Venitom Group:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

Richard J. Schaeffer
Peter J. Venaglia
Laura D. Sullivan
Dornbush, Schaeffer, Strongin &
Weinstein, LLP
747 Third Avenue, 11th Floor
New York, NY 10017
(212) 759-3300


Attorneys for Defendant Oleg Deripaska:

Collins J. Seitz, Jr. (DSBA No. 2237)
Kevin F. Brady (DSBA No. 2248)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Rodney F. Page
Michael G. Biggers
Bryan Cave LLP
700 13th Street, N.W.
Washington, D.C. 20005-3960
(202) 508-6002


Attorneys for Defendant Evraz Holding:

William M. Lafferty (DSBA No. 2755)
Morris, Nichols, Arsht & Tunnell
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 575-7341

David H. Herrington
Vitali Rosenfeld
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2266


Attorneys for Defendant MDM Bank:

Richard I.G. Jones, Jr. (DSBA No. 3301)
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Joel B. Kleinman
Steven J. Roman
David H. Greenberg
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street NW
Washington, DC 20037-1526
(202) 785-9700

Attorneys for Defendant Ural-Gorno Metallurgical Company:

| | |
|---|---|
| Charles M. Oberly, III (DSBA No. 743) | William H. Devaney |
| Karen V. Sullivan (DSBA No. 3872) | Heard & O'Toole LLP |
| Oberly, Jennings & Rhodunda, P.A. | 405 Lexington Ave, Floor 62 |
| 800 Delaware Avenue, Suite 901 | New York, NY 10174 |
| PO Box 2054 | (212) 307-5500 |
| Wilmington, DE 19899 | |
| (302) 576-2000 | |

Attorneys for Defendant Iskander Makmudov:

| | |
|---|---|
| Charles M. Oberly, III (DSBA No. 743) | William H. Devaney |
| Karen V. Sullivan (DSBA No. 3872) | Heard & O'Toole LLP |
| Oberly, Jennings & Rhodunda, P.A. | 405 Lexington Ave, Floor 62 |
| 800 Delaware Avenue, Suite 901 | New York, NY 10174 |
| PO Box 2054 | (212) 307-5500 |
| Wilmington, DE 19899 | |
| (302) 576-2000 | |

Attorneys for Defendant Mikhail Chernoi:

| | |
|---|---|
| Charles M. Oberly, III (DSBA No. 743) | Brian Maas |
| Karen V. Sullivan (DSBA No. 3872) | Cameron A. Myler |
| Oberly, Jennings & Rhodunda, P.A. | Frankfurt Kurnit Klein & Selz PC |
| 800 Delaware Avenue, Suite 901 | 488 Madison Avenue, 9th Floor |
| PO Box 2054 | New York, NY 10022 |
| Wilmington, DE 19899 | (212) 980-0120 |
| (302) 576-2000 | |

Attorneys for Defendant Mikhail Nekrich:

| | |
|---|---|
| Charles M. Oberly, III (DSBA No. 743) | Paul R. Grand |
| Karen V. Sullivan (DSBA No. 3872) | Edward M. Spiro |
| Oberly, Jennings & Rhodunda, P.A. | Morvillo, Abramowitz, Grand, Iason & |
| 800 Delaware Avenue, Suite 901 | Silberberg, P.C. |
| PO Box 2054 | 565 Fifth Avenue |
| Wilmington, DE 19899 | New York, NY 10017 |
| (302) 576-2000 | (212) 880-9510 |

Dated: March 31, 2005

## **TABLE OF CONTENTS**

*Base Metal Trading Ltd., et al. v. Russian Aluminum, et al.*, 2004 WL 928165
(2nd Cir. N.Y.)...........................................................................................................1

*Callahan v. Commonwealth Land Title Ins. Co.*, 1990 WL 168273
(E.D. Pa. Oct. 29, 1990).............................................................................................2

*Curtin v. Tilley Fire Equip. Co.*, 1999 WL 1211502 (E.D. Pa. 1999)................................3

*Diamond v. Reynolds*, 1986 WL 15374 (D. Del. Jan. 13, 1986) .......................................4

*Dongelewicz v. First Eastern Bank*, 80 F. Supp. 2d 339 (M.D. Pa. 1999), *aff'd*,
*Dongelewicz v. PNC Bank Nat'l Ass'n.*, 104 Fed. Appx. 811, 2004 WL 1661863,
RICO Bus. Disp. Guide 10, 720 (3rd Cir. July 23, 2004).........................................5

*Esposito Hauling & Contracting Co. v. Bldg. & Constr. Trades Council of Del.*,
1993 WL 566442 (D. Del. Sept. 2, 1993)..................................................................6

*In re Bank of Credit & Commerce Int'l Depositors Litig.*, 1992 WL 696398
(C.D. Cal. April 30, 1992) .........................................................................................7

*Nasser v. Andersen Worldwide Societe Cooperative*, 2003 WL 22179008
(S.D.N.Y. Sept. 23, 2003)..........................................................................................8

*NRB Indus. v. R.A. Taylor & Assocs.*, 1998 WL 3638 (S.D.N.Y. Jan. 7, 1998)................9

*Nuevo Mundo Holdings v. PriceWaterhouse Coopers LLP*, 2004 WL 2848524
(S.D.N.Y. Dec. 9, 2004)...........................................................................................10

*Peters v. Welsh Development Agency*, 1991 WL 172950 (N.D. Ill. Aug. 29, 1991).........11

*Republic of Panama v. BCCI Holdings (Luxembourg) S.S.*, 90-2913-CV-UUB,
slip. op. at 19-20 (S.D. Fla. July 17, 1995)..............................................................12

*Roquette America, Inc. v. Alymum N.V.*, 2004 WL 1488384 (S.D.N.Y. July 1, 2004) .....13

*Spitzer v. Abdelhak*, 1999 WL 1204352 (E.D. Pa. Dec. 15, 1999)...................................14

*Stursberg v. Todi*, 2004 WL 2244539 (E.D. Pa. October 1, 2004)...................................15

*Varnelo v. Eastwind Transport, Ltd.*, 2003 WL 230741 (S.D.N.Y. Feb. 3, 2003).............16

*Winex Ltd. v. Paine*, 1990 WL 121483 (E.D. Pa. 1990)...................................................17

1

Westlaw.

98 Fed.Appx. 47 Page 1
98 Fed.Appx. 47, 2004 WL 928165 (2nd Cir.(N.Y.)), RICO Bus.Disp.Guide 10,668
**(Cite as: 98 Fed.Appx. 47, 2004 WL 928165 (2nd Cir.(N.Y.)))**

H

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Second Circuit Rules § 0.23. (FIND CTA2 s 0.23.)

United States Court of Appeals,
Second Circuit.
BASE METAL TRADING LTD; Mikom; Davis International, LLC; Holdex, LLC;
Foston Management, Ltd; Omni Trusthouse, Ltd; Nexis Products, LLC; and
Polyprom, Ltd, Plaintiffs-Appellants,
Base Metal Trading, S.A.; Alucoal Holdings Ltd., Plaintiffs,
v.
RUSSIAN ALUMINUM; Rual Trade Ltd; Sibirsky Aluminum Products USA Corp. a/k/a Sibirsky Aluminum (US); Sibirsky Aluminum (Russia); Bauxal Management, SA; Metcare Management, SA; Unimetal Limited, SA; Oleg Deripaska; Mikhail Chernoi; Blonde Management, Inc.; Blonde Investments, Corp.; Pan-American Corp.; Arnold Kislin; Iskander Makhmudov; Moskovskiy Delovoi Mir Bank; Novokuznetsk Aluminum Zavod; New Start Group Corp.; Venitom Corp.; Unidale LLC; and Investland, LLC, Defendants-Appellees.

No. 03-7466.

April 30, 2004.

**Background:** Metal trading companies brought action against Russian consortia, stemming from allegedly illegal takeovers of Russian aluminum and vanadium producers. On defendants' motion to dismiss for forum non conveniens, the United States District Court for the Southern District of New York, Koeltl, J., 253 F.Supp.2d 681, granted motion. Plaintiffs appealed.

**Holdings:** The Court of Appeals held that:
(1) choice of New York district court warranted little deference;
(2) adequate alternative forum existed for action; and
(3) private and public interest factors strongly favored adjudication in Russia.
Affirmed.

West Headnotes

**[1] Federal Courts ⇐ 45**
170Bk45 Most Cited Cases
Choice of New York district court by metal trading companies bringing action against Russian consortia, stemming from allegedly illegal takeovers of Russian aluminum and vanadium producers, warranted little deference, as required for finding of forum non conveniens; none of the metal trading companies were United States citizens or residents, and, of the six companies, three were owned by holding companies that were registered in United States, though no two were in same state, and none was in district at issue.

**[2] Federal Courts ⇐ 45**
170Bk45 Most Cited Cases
Adequate alternative forum existed for action brought by metal trading companies against Russian consortia, stemming from allegedly illegal takeovers of Russian aluminum and vanadium producers, as required for finding of forum non conveniens; each member of consortia consented to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

98 Fed.Appx. 47
98 Fed.Appx. 47, 2004 WL 928165 (2nd Cir.(N.Y.)), RICO Bus.Disp.Guide 10,668
**(Cite as: 98 Fed.Appx. 47, 2004 WL 928165 (2nd Cir.(N.Y.)))**

Page 2

jurisdiction in Russia, metal trading companies had numerous legal options in Russia, including actions for fraud, collateral attacks on allegedly "sham" bankruptcy proceedings, as well as civil actions that could be undertaken if companies engaged Russian authorities to investigate criminal wrongdoing by consortia, and companies failed to demonstrate alleged corruptness of Russian courts.

[3] **Federal Courts** ⚖═45
170Bk45 Most Cited Cases
In action brought by metal trading companies against Russian consortia, stemming from allegedly illegal takeovers of Russian aluminum and vanadium producers, private and public interest factors strongly favored adjudication in Russia, as required for finding of forum non conveniens; vast majority of acts complained of took place in Western Siberia and Northern Urals, witnesses were most likely in Russia, vast majority of documentary and other evidence was likely to be in Russia and in Russian language, Russian law was likely to figure prominently in case, and, with exception of money transfers, action had little or no connection to United States.

*48 Appeal from the United States District Court for the Southern District of New York (Koeltl, J.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

James Bernard, Stroock, Stroock & Lavan, LLP, New York, NY, for Appellants Base Metal Trading Ltd. and Mikom, of counsel.

Bruce Marks, Marks & Sokolov, LLC, Philadelphia, PA, for Appellants Davis International, LLC; Holdex, LLC; Foston Management, Ltd.; Omni Trusthouse, Ltd.; Nexis Products, LLC; and Polyprom, Ltd.

Michael D. Burrows, Winston & Strawn, New York, NY, for Appellees.

PRESENT: JACOBS, B.D. PARKER, Circuit Judges, and BLOCK, [FN*] District Judge.

> FN* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

SUMMARY ORDER
**1 Plaintiffs-Appellants Base Metal Trading, Ltd., Mikom (together, "Aluminum plaintiffs"), Davis International, LLC, Holdex, LLC, Foston Management, Ltd., Omni Trusthouse, Ltd., Nexis Products, LLC, and Polyprom, Ltd. (together, "Vanadium plaintiffs"), appeal from a judgment *49 of the United States District court for the Southern District of New York dismissing their claims on the ground of *forum non conveniens*. Appellants' claims (civil RICO, contract, and tortious interference) arise primarily from the allegedly illegal takeovers of aluminum and vanadium production facilities located in Western Siberia and the Northern Ural Mountains, respectively. It is alleged that the takeovers were accomplished through sham bankruptcy proceedings initiated by the defendant-appellees ("defendants") in Russia. Familiarity is assumed as to the facts, procedural context, and the specification of appellate issues. We affirm for substantially the reasons articulated by the district court.

A decision to dismiss an action on the ground of *forum non conveniens* is committed to the sound discretion of the district court; our review is limited to addressing clear abuses of that discretion. *Pollux Holding Ltd. v. Chase Manhattan Bank,* 329 F.3d 64, 70 (2d Cir.2003). In *forum non conveniens* cases, "discretion is abused ... when a decision (1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions," or (3) fails to consider all the relevant factors or unreasonably balances those factors. *Id.* (citations omitted).

A ruling on such a motion proceeds in three steps; the district court must: (i) determine the degree of deference to be accorded the plaintiff's choice of forum; (ii) determine whether an adequate alternative forum to entertain plaintiff's claims exists; and (iii) balance the private and public interest factors identified by the Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), to determine where the plaintiff's claims ought to be adjudicated. *See Pollux,* 329 F.3d at 70 (discussing *Iragorri v. United Technologies Corp.,* 274 F.3d 65 (2001) (in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

98 Fed.Appx. 47  
98 Fed.Appx. 47, 2004 WL 928165 (2nd Cir.(N.Y.)), RICO Bus.Disp.Guide 10,668  
**(Cite as: 98 Fed.Appx. 47, 2004 WL 928165 (2nd Cir.(N.Y.)))**

Page 3

banc)). In making these determinations, the district court is free to consider submissions by the parties without converting a *forum non conveniens* motion into a motion for summary judgment. *See Vanity Fair Mills, Inc. v. T. Eaton Co.,* 234 F.2d 633, 645 (2d Cir.1956) (citing *Koster v. (American) Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 531-32, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)) ("[I]n the determination of a motion to dismiss for *forum non conveniens,* the court may consider affidavits submitted by the moving and opposing parties.").

**\*\*2** [1] 1. With respect to choice of forum, the district court considered the relevant factors and concluded that plaintiffs' decision to litigate in the Southern District of New York was entitled to "little deference." *Base Metal Trading, S.A. v. Russian Aluminum,* 253 F.Supp.2d 681, 694 (S.D.N.Y.2003); *see generally, id.* at 693-98. None of the Aluminum plaintiffs are United States citizens or residents; of the six Vanadium plaintiffs, three are owned by holding companies that are registered in the United States, though no two are in the same state, and none is in the Southern District of New York. Based on extensive submissions by plaintiffs and defendants, Judge Koeltl concluded that "the record ... point[ed] to nothing but forum shopping by the plaintiffs." *Base Metal Trading,* 253 F.Supp.2d at 696-97. The court's conclusion was certainly not a clear abuse of discretion.

[2] 2. "An alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Pollux,* 329 F.3d at 75. In practice, this issue entails three inquiries. Is the defendant amenable to process in the alternative forum? Is the plaintiff able to have his claims adjudicated fairly (*i.e.* is **\*50** the judiciary corrupt)? *See, e.g., Aguinda v. Texaco, Inc.,* 303 F.3d 470, 478 (2d Cir.2002). Can the plaintiff litigate his claims safely and with peace of mind (*i.e.* free from threats of violence and/or trauma connected with the particular claims)? *See, e.g., Guidi v. Inter-Continental Hotels Corp.,* 224 F.3d 142, 147-48 (2d Cir.2000). Only where "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all" should a district court deny *forum non conveniens* dismissal on the ground that the alternative forum is inadequate. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *see also, Aguinda,* 303 F.3d at 476-77.

Each of the 20 defendants has consented to jurisdiction in Russia. *See Base Metal Trading,* 253 F.Supp.2d at 698. The district court reviewed voluminous submissions from both parties' Russian law experts and concluded that plaintiffs had "numerous" legal options in Russia, including actions for fraud, collateral attacks on the allegedly "sham" bankruptcy proceedings, and civil actions that could be undertaken if plaintiffs engage the Russian authorities to investigate criminal wrongdoing by defendants. *See id.* at 700-09. Judge Koeltl also concluded that plaintiffs' concerns about violence and false criminal charges in Russia "do not rise to the level of gravity at which courts within this Circuit have spared parties ... from returning to a threatening forum." *Id.* at 711 (emphasis omitted). Plaintiffs offer no persuasive basis to conclude that the court abused its discretion in reaching these conclusions; our review of the record and relevant case law reveals none.

**\*\*3** With respect to corruption in the Russian judicial system, we note that it is not "the business of our courts to assume responsibility for supervising the integrity of the judicial system of another sovereign nation." *Blanco v. Banco Industrial de Venezuela, S.A.,* 997 F.2d 974, 982 (2d Cir.1993) (internal quotation marks omitted). Where the integrity of a foreign court is challenged, "considerations of comity preclude a court from adversely judging the quality of a foreign justice system absent a showing of inadequate procedural safeguards." *PT United Can Co. v. Crown Cork & Seal Co.,* 138 F.3d 65, 73 (2d Cir.1998). Central to plaintiffs' RICO claims is their contention that the aluminum and vanadium bankruptcies were corrupted by the defendants through bribes to both lower court judges and the governors of the Kemerovo and Sverdlovsk regions of the Russian Federation. Plaintiffs also make generalized claims of bribery/undue influence with respect to several appellate court decisions ratifying the actions of the lower courts in both bankruptcies. The district court considered these allegations and found that plaintiffs are effectively challenging the validity of 120 Russian court proceedings, participated in by 150 local and appellate judges. Focusing particularly on four appellate decisions "which are

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

98 Fed.Appx. 47  
98 Fed.Appx. 47, 2004 WL 928165 (2nd Cir.(N.Y.)), RICO Bus.Disp.Guide 10,668  
**(Cite as: 98 Fed.Appx. 47, 2004 WL 928165 (2nd Cir.(N.Y.)))**

Page 4

clearly at the core of plaintiffs' case," Judge Koeltl found that "plaintiffs have made little, if any, attempt to articulate substantive allegations of corruption" with respect to them. *Base Metal Trading,* 253 F.Supp.2d at 709. Based on these and other supportable findings, the district court did not abuse its discretion in concluding that Russia was an adequate alternative forum to the Southern District of New York.

[3] 3. Finally, the *Gilbert* factors are weighed to decide where a plaintiff's claims ought to be adjudicated. The private interest factors include:
> (1) ease of access to evidence; (2) the availability of compulsory process for the attendance of unwilling witnesses; *51 (3) the cost of willing witnesses' attendance; (4) if relevant, the possibility of a view of premises; and (5) all other factors that might make the trial quicker or less expensive.

*DiRienzo v. Philip Servs. Corp.,* 294 F.3d 21, 29-30 (2d Cir.2002) (citing *Gilbert,* 330 U.S. at 508, 67 S.Ct. 839; *Iragorri,* 274 F.3d at 73-74). The district court must also weigh four public interest factors:
> (1) administrative difficulties associated with court congestion; (2) the unfairness of imposing jury duty on a community with no relation to the litigation; (3) the "local interest in having localized controversies decided at home;" and (4) avoiding difficult problems in conflict of laws and the application of foreign law.

*DiRienzio,* 294 F.3d at 31 (citing *Gilbert,* 330 U.S. at 508-09, 67 S.Ct. 839; *Iragorri,* 274 F.3d at 74).

It is clear from the nature and subject matter of plaintiffs' claims that both the public and private interest factors strongly favor adjudication in Russia: (i) the vast majority of the acts complained of took place in Western Siberia and the Northern Urals; (ii) the witnesses are most likely in Russia; and (iii) the vast majority of documentary and other evidence is likely to be in Russia and in Russian. Turning to the public interest factors: (i) Russian law is likely to figure prominently in the case, as it challenges dozens of Russian court decisions; (ii) the contracts that allegedly were breached contain forum selection clauses outside the United States (many of them designating Russia); and (iii) with the exception of money transfers, this action has little or no connection to the United States, and thus little or no claim to the time and attention of an American jury or court. *See Base Metal Trading,* 253 F.Supp.2d at 709-13.

**\*\*4** These, among other considerations, led the district court to dismiss plaintiffs' case on the ground of *forum non conveniens;* that dismissal was not a clear abuse of discretion.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

98 Fed.Appx. 47, 2004 WL 928165 (2nd Cir.(N.Y.)), RICO Bus.Disp.Guide 10,668

**Briefs and Other Related Documents (Back to top)**

. 03-7466 (Docket)

(May. 07, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.