**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------x
```
DAVIS INTERNATIONAL, LLC, HOLDEX,      :
LLC, FOSTON MANAGEMENT, LTD, and       :
OMNI TRUSTHOUSE, LTD,                   :
                                        :
             Plaintiffs,   :
                                        :
      v.                         :    Case No. 04-1482-GMS
                                        :
NEW START GROUP CORP., VENITOM         :
CORP., PAN-AMERICAN CORP., MDM          :
BANK, URAL-GORNO METALURAGICAL         :
COMPANY, EVRAZ HOLDING, MIKHAIL        :
CHERNOI, OLEG DERIPASKA, ARNOLD        :
KISLIN, MIKHAIL NEKRICH, and           :
ISKANDER MAKMUDOV,                      :
                                        :
           Defendants.       :
```
-------------------------------------------------------------x
```

# APPENDIX TO DEFENDANTS'
# OPENING BRIEFS IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

## Volume 5 of 13

Attorneys for Defendant Arnold Kislin:

Charles M. Oberly, III (DSBA No. 743)     Lisa C. Cohen
Karen V. Sullivan (DSBA No. 3872)       Schindler Cohen & Hochman LLP
Oberly, Jennings & Rhodunda, P.A.       100 Wall Street
800 Delaware Avenue, Suite 901          15th Floor
PO Box 2054                             New York, NY  10005
Wilmington, DE 19899             (212) 277-6300
(302) 576-2000

                              Lawrence S. Goldman
                              Elizabeth Johnson
                              The Law Offices of Lawrence S. Goldman
                              500 Fifth Ave., 29th Floor
                              New York NY 10110-2900
                              (212) 997-7499

Attorneys for Defendants New Start Group
Corp. and Venitom Group:

Charles M. Oberly, III (DSBA No. 743)       Richard J. Schaeffer
Karen V. Sullivan (DSBA No. 3872)           Peter J. Venaglia
Oberly, Jennings & Rhodunda, P.A.           Laura D. Sullivan
800 Delaware Avenue, Suite 901              Dornbush, Schaeffer, Strongin &
PO Box 2054                                 Weinstein, LLP
Wilmington, DE 19899                        747 Third Avenue, 11th Floor
(302) 576-2000                              New York, NY 10017
                                            (212) 759-3300

Attorneys for Defendant Oleg Deripaska:

Collins J. Seitz, Jr.(DSBA No. 2237)        Rodney F. Page
Kevin F. Brady (DSBA No. 2248)              Michael G. Biggers
Connolly Bove Lodge & Hutz LLP              Bryan Cave LLP
1007 North Orange Street                    700 13th Street, N.W.
P.O. Box 2207                               Washington, D.C. 20005-3960
Wilmington, DE 19899                        (202) 508-6002
(302) 658-9141

Attorneys for Defendant Evraz Holding:

William M. Lafferty (DSBA No. 2755)         David H. Herrington
Morris, Nichols, Arsht & Tunnell            Vitali Rosenfeld
Chase Manhattan Centre, 18th Floor          Cleary Gottlieb Steen & Hamilton LLP
1201 North Market Street                    One Liberty Plaza
P.O. Box 1347                               New York New York 10006
Wilmington, DE 19899-1347                   (212) 225-2266
(302) 575-7341

Attorneys for Defendant MDM Bank:

Stephen E. Jenkins (DSBA No. 2152)          Joel B. Kleinman
Richard I.G. Jones, Jr. (DSBA No. 3301)     Steven J. Roman
Ashby & Geddes                             David H. Greenberg
222 Delaware Avenue, 17th Floor             Dickstein Shapiro Morin & Oshinsky LLP
P.O. Box 1150                               2101 L Street NW
Wilmington, Delaware 19899                  Washington, DC 20037-1526
(302) 654-1888                              (202) 785-9700

Attorneys for Defendant Ural-Gorno
Metallurgical Company:

Charles M. Oberly, III (DSBA No. 743)          William H. Devaney
Karen V. Sullivan (DSBA No. 3872)              Heard & O'Toole LLP
Oberly, Jennings & Rhodunda, P.A.              405 Lexington Ave, Floor 62
800 Delaware Avenue, Suite 901                 New York, NY 10174
PO Box 2054                                    (212) 307-5500
Wilmington, DE 19899
(302) 576-2000

Attorneys for Defendant Iskander
Makmudov:

Charles M. Oberly, III (DSBA No. 743)          William H. Devaney
Karen V. Sullivan (DSBA No. 3872)              Heard & O'Toole LLP
Oberly, Jennings & Rhodunda, P.A.              405 Lexington Ave, Floor 62
800 Delaware Avenue, Suite 901                 New York, NY 10174
PO Box 2054                                    (212) 307-5500
Wilmington, DE 19899
(302) 576-2000

Attorneys for Defendant Mikhail Chernoi:

Charles M. Oberly, III (DSBA No. 743)          Brian Maas
Karen V. Sullivan (DSBA No. 3872)              Cameron Myler
Oberly, Jennings & Rhodunda, P.A.              Frankfurt Kurnit Klein & Selz PC
800 Delaware Avenue, Suite 901                 488 Madison Avenue, 9th Floor
PO Box 2054                                    New York, NY 10022
Wilmington, DE 19899                           (212) 980-0120
(302) 576-2000

Attorneys for Defendant Mikhail Nekrich:

Charles M. Oberly, III (DSBA No. 743)          Paul R. Grand
Karen V. Sullivan (DSBA No. 3872)              Edward M. Spiro
Oberly, Jennings & Rhodunda, P.A.              Morvillo, Abramowitz, Grand, Iason &
800 Delaware Avenue, Suite 901                 Silberberg, P.C.
PO Box 2054                                    565 Fifth Avenue
Wilmington, DE 19899                           New York, NY 10017
(302) 576-2000                                 (212) 880-9510

# Table of Contents

| **DOCUMENT** | **PAGE** |
|---|---|
| **VOLUME 1 OF 13:** | |
| Complaint | A-1 |
| *Base Metal Trading v. Russian Alum.*, 253 F. Supp. 2d 681 (S.D.N.Y. 2003) ("*Base Metal Trading*") | A-31 |
| Transcript of Oral Argument before Hon. John G. Koeltl, dated February 10, 2003, in *Base Metal Trading* | A-64 |
| **VOLUME 2 OF 13:** | |
| First Amended Complaint, dated August 3, 2001, filed in *Base Metal Trading* | A-176 |
| **VOLUME 3 OF 13:** | |
| Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss the Amended Complaint, dated September 15, 2002, filed in *Base Metal Trading* | A-295 |
| **VOLUME 4 OF 13:** | |
| Resume of Paul B. Stephan | A-465 |
| List of Paul B. Stephan's "Participation in U.S. Lawsuits" | A-476 |
| Declaration of Paul B. Stephan, dated January 28, 2002, filed in *Base Metal Trading* | A-479 |
| Reply Declaration of Paul B. Stephan, dated October 17, 2002, filed in *Base Metal Trading* | A-514 |
| Complaint filed in *Norex Petroleum Ltd. v. Access Indus.* (LTS) (S.D.N.Y.) | A-535 |
| *Norex Petroleum Ltd. v. Access Indus.*, 304 F. Supp. 2d 570 (S.D.N.Y. 2004) | A-607 |
| Judge Koeltl's written request for submissions prior to oral argument, dated January 29, 2003 | A-622 |
| Defendants' response to Judge Koeltl's Jan. 29th request ("Defendants' Oral Argument Submissions") | A-624 |
| Chronology of GOK-related Russian court decisions | A-625 |
| Map – location of courts | A-651 |
| Chart of Russian Court Decisions | A-652 |

| VOLUME 5 OF 13: | |
|---|---|
| Plaintiffs' response to Judge Koeltl's Jan. 29th request ("Plaintiffs' Oral Argument Submissions") | A-653 |
|    GOK Bankruptcy Litigation Chart | A-654 |
|    Shareholder Litigation Chart | A-660 |
|    Chart – Kozitsin and Kozyrev "Wrongful Conduct" | A-668 |
|    Chart – "Direct Evidence of Corruption" | A-677 |
|    Sergei Zankovsky: Theory and Practice of Bankruptcy | A-684 |
| Defendants' post-oral argument submissions in *Base Metal Trading*, dated February 20, 2003 | A-687 |
|    Letter from Winston & Strawn, dated February 20, 2003 | A-688 |
|    Letter from Hogan & Hartson, dated February 20, 2003 | A-690 |
|    Letter from Dornbush Mensch Mandelstam & Schaeffer, dated February 20, 2003 | A-695 |
|    Defendants' Summary of Contracts | A-698 |
|    Supplemental Declaration of Paul B. Stephan, dated Feb. 19, 2003 | A-705 |
|    Third Declaration of Igor Petrukhin, dated Feb. 20, 2003 | A-713 |
| Plaintiffs' post-oral argument submissions in *Base Metal Trading*, dated February 20, 2003 | A-744 |
|    Letter from Strook Stroock & Lavan, dated February 20, 2003 (with exhibits) | A-745 |
|    Second Declaration and Exhibits of Joseph Traum, dated February 19, 2003 | A-782 |
|    Expert Report of Sergei B. Zaitsev, dated February 19, 2003 (without exhibits) | A-828 |
| VOLUME 6 OF 13: | |
| Defendants' post-oral argument submissions in *Base Metal Trading*, dated February 25, 2003 | A-885 |
|    Letter from Winston & Strawn, dated February 25, 2003 (with exhibits) | A-886 |
|    Supplemental Declaration of Paul B. Stephan, dated February 25, 2003 | A-933 |
| Plaintiffs' post-oral argument submissions in *Base Metal Trading*, dated February 25, 2003 | A-941 |

| | |
|---|---|
| Letter from Strook Stroock & Lavan, dated February 25, 2003 (with exhibits) | A-942 |
| Letter from Herrick Feinstein, dated February 25, 2003 | A-986 |
| Second Declaration of Victor Golubev, dated February 25, 2003 (without exhibits) | A-989 |
| Second Declaration of Sergei B. Zaitsev, dated February 25, 2003 (without exhibits) | A-1027 |
| **VOLUME 7 OF 13:** | |
| March 30, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1075 |
| August 22, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1080 |
| April 19, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1092 |
| Application to the Arbitrazh Court for the Sverdlovsk Oblast dated March 24, 2000 filed by Krasnouralskmezhraygaz ("Kras Gas") | A-1112 |
| January 24, 1997 contract between GOK and Kras Gas | A-1130 |
| Letter dated February 4, 2000 from Kras Gas to GOK | A-1146 |
| Letter dated February 15, 2000 from Kras Gas to GOK | A-1157 |
| Letter dated February 8, 2000 from GOK to Kras Gas | A-1170 |
| Letter dated February 21, 2000 from GOK to Kras Gas | A-1175 |
| Federal Service's recommendation to appoint Kozyrev as Interim Trustee | A-1180 |
| Instruction of the Government of the Russian Federation from July 10, 1999 (No. 1100-R) | A-1187 |
| Audit Report and list of GOK's creditors as of March 24, 2000 | A-1191 |
| Minutes of the first GOK creditors' meeting held on August 11, 2000 | A-1245 |
| August 2, 2000 decision of the Izmailovo Inter-Municipal Court of Moscow | A-1266 |
| November 30, 2000 decision of the Moscow City Court | A-1269 |
| **VOLUME 8 OF 13:** | |
| Nexis' appellate complaint | A-1276 |
| January 15, 2001 determination of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-1306 |
| Nexis' cassation complaint | A-1311 |
| June 7, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-1318 |

| | |
|---|---|
| Minutes of the March 11, 2001 creditors' meeting | A-1323 |
| June 27, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1357 |
| August 21, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-1365 |
| August 18, 2000 opinion of the Federal Service | A-1367 |
| August 29, 2000 Nexis petition regarding loan agreement | A-1382 |
| July 26, 1999 supply contract between Nexis and GOK | A-1392 |
| August 29, 2000 Application filed by Nexis regarding supply contract | A-1424 |
| October 4, 2000 letter to Nexis from Trustee Kozyrev | A-1442 |
| March 23, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1445 |
| August 29, 2000 Statement of Claim submitted by Polyprom | A-1452 |
| **VOLUME 9 OF 13:** | |
| Supply agreements between GOK and Polyprom | A-1479 |
| October 4, 2000 letter to Polyprom from Trustee Kozyrev | A-1579 |
| October 31, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1583 |
| February 16, 2001 letter from Trustee Kozyrev to the Arbitrazh Court for the Sverdlovsk Oblast | A-1588 |
| February 19, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1591 |
| April 19, 2001 Resolution of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-1598 |
| July 12, 2001 determination of the Federal Arbitrazh Court of the Urals District | A-1607 |
| April 18, 2001 decision of the Arbitrazh Court for Sverdlovsk Oblast | A-1613 |
| January 22, 2000 letter from several members of GOK Board of Directors requesting meeting of GOK Board | A-1620 |
| January 24, 2000 letter from several members of GOK Board of Directors requesting meeting of GOK Board | A-1623 |
| February 2, 2000 "Decision Not To Institute Legal Proceedings" of the Senior Assistant Prosecutor for the City of Kachkanar | A-1628 |
| February 1, 2000 ruling of the Kachkanar City Court for the Sverdlovsk Oblast | A-1635 |
| February 15, 2000 decision of the Arbitrazh Court for the Sverdlovsk | A-1649 |

| | |
|---|---|
| Oblast | |
| March 8, 2001 decision by the Moscow City Court | A-1657 |
| September 19, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-1667 |
| **VOLUME 10 OF 13:** | |
| March 26, 2001 decision of the Moscow City Court | A-1676 |
| November 21, 2000 decision of the Tverskoy Inter-Municipal Regional Court of Moscow | A-1683 |
| February 22, 2001 decision of the Appellate Instance of the Federal Arbitrazh Court of Moscow | A-1691 |
| November 16, 2000 decision of the Arbitrazh Court of Moscow | A-1698 |
| April 26, 2001 decision of the Federal Arbitrazh Court of the Moscow Circuit | A-1706 |
| December 13, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1712 |
| Davis Complaint filed in Moscow before the Gagarinsky Inter-Municipal Court of Moscow | A-1728 |
| April 10, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1737 |
| September 25, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1747 |
| October 26, 2000 decision of the Moscow City Court | A-1752 |
| September 17, 2001 decision of the Gagarinsky Inter-Municipal Court of Moscow | A-1758 |
| May 30, 2000 decision of the Tverskoy Inter-Municipal Regional Court | A-1761 |
| February 7, 2000 decision of the Tverskoy Inter-Municipal Court of Moscow | A-1765 |
| December 22, 2000 decision of the Gagarinsky Inter-Municipal Court of Moscow | A-1768 |
| February 14, 2000 decsion of the Cheryomoushkinsky Inter-Municipal Court of Moscow | A-1774 |
| March 2, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1779 |
| September 4, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1784 |
| August 14, 2000, decision of the Kachkanar City Court of the Sverdlovsk Oblast | A-1790 |

| | |
|---|---|
| February 15, 2000 decision of the Kachkanar City Court | A-1797 |
| February 29, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1801 |
| March 6, 2001 decision of the Moscow City Court | A-1806 |
| April 5, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-1814 |
| June 22, 2001 decision of the Tverskoy Inter-Municipal Regional Court of Moscow | A-1827 |
| Two Notices of registrar change published in the *Oblastnaya gazeta* on, respectively, March 17, 2000 and October 21, 2000 | A-1832 |
| March 20, 2001 decision by the Arbitrazh Court of Moscow | A-1839 |
| June 26, 2001 decision of Appellate Instance of the Arbitrazh Court of Moscow | A-1846 |
| **VOLUME 11 OF 13:** | |
| September 5, 2001 decision of the Federal Arbitrazh court of the Moscow Circuit | A-1852 |
| December 20, 2000 decision of the Petrogradsky Regional Court of St. Petersburg | A-1859 |
| January 12, 2001 decision of the Petrogradsky Regional Court of St. Petersburg | A-1864 |
| March 13, 2001 decision of Izmailovsky Regional Court of Moscow | A-1871 |
| March 13, 2001 decision of Izmailovsky Regional Court of Moscow | A-1874 |
| August 27, 2001 decision of the Chertanovo Federal Court | A-1877 |
| Agreement between GOK and Polyprom dated January 18, 1999 | A-1880 |
| November 22, 2000 decision of the Arbitrazh Court of the Republic of Kalmykia | A-1884 |
| April 17, 2001 decision of the Arbitrazh Court for the North Caucasus Region | A-1895 |
| July 5, 2001 decision of the Arbitrazh Court for the Republic of Kalmykia | A-1904 |
| November 9, 2001 decision of the Appellate Instance of the Arbitrazh Court for the Republic of Kalmykia | A-1910 |
| September 10, 2001 decision of the Arbitrazh Court for the Republic of Kalmykia | A-1919 |
| August 1, 2000 decision of the Arbitrazh Court for the Chelyabinsk Region | A-1924 |

| | |
|---|---|
| October 16, 2000 decision of the Appellate Instance for the Arbitrazh Court for the Chelyabinsk Region | A-1942 |
| January 4, 2001 decision of the Arbitrazh Court for Urals Circuit | A-1952 |
| September 29, 2000 decision of the Solntsevsky Inter-Municipal Regional Court of Moscow | A-1960 |
| March 30, 2001 decision of the Moscow City Court | A-1970 |
| November 30, 2001 decision of the Solntsevsky Inter-Municipal Regional Court of Moscow | A-1980 |
| Agreement between New Start Group, Corp. and Davis dated October 6, 2000 | A-1995 |
| Eugene Aschenbrenner's Power of Attorney to act on behalf of Davis (valid December 3, 1999 through December 3, 2000) | A-2002 |
| Nexis Loan Agreement dated July 13, 1999 | A-2010 |
| March 23, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2020 |
| July 13, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-2027 |
| Republic of Panama v. BCCI Holdings (Luxemborg) S.A., 90-2913-CV-UUB, slip.op. (S.D. Fla. July 17, 1995) | A-2033 |
| **VOLUME 12 OF 13** | |
| October 29, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2053 |
| November 24, 2001 Opinion of the Department of the Interior of the Sverdlovsk Region | A-2060 |
| January 21, 2002 decision of the Federal Arbitrazh Court for the North Caucasus Circuit | A-2084 |
| March 12, 2002 decision of the Arbitrazh Court for the Republic of Kalmykia | A-2094 |
| April 23, 2002 decision of the Federal Arbitrazh Court for the North Caucasus Circuit | A-2105 |
| April 30, 2002 decision of the Kachkanar Town Court for the Sverdlovsk Oblast | A-2108 |
| September 24, 2002 decision of the Kachkanar Town Court for the Sverdlovsk Oblast | A-2121 |
| November 19, 2002 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2126 |

| | |
|---|---|
| January 22, 2003 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2133 |
| February 4, 2003 decision of the Appellate Instance for the Arbitrazh Court for the Republic of Kalmykia | A-2143 |
| May 20, 2003 decision of the Federal Arbitrazh Court for the North Caucasus Region | A-2150 |
| May 27, 2003 decision of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-2159 |
| August 27, 2003 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2165 |
| October 30, 2003 decision of the Moscow Municipal Court | A-2170 |
| January 14, 2004 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2176 |
| April 20, 2004 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2187 |
| **VOLUME 13 OF 13** | |
| April 27, 2004 decision of the Arbitrazh Court for the Republic of Kalmykia | A-2197 |
| July 2, 2004 decision of the Moscow City Court | A-2205 |
| July 29, 2004 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2212 |
| December 7, 2004 decision of the Moscow City Court | A-2221 |
| September 18, 2001 decision of the Sverdlovsk Arbitrazh Court | A-2224 |
| December 20, 2001 decision of the Urals Circuit | A-2238 |
| May 22, 2002 decision of the Moscow City Court | A-2246 |
| August 22, 2002 decision of the Moscow City Court | A-2256 |
| September 10, 2002 decision of the Kalmykia Court | A-2269 |
| May 22, 2003 decision of the Sverdlovsk Arbitrazh Court | A-2277 |
| August 13, 2003 decision of the Solntsevsky Court | A-2283 |
| March 3, 2004 decision of the Sverdlovsk Arbitrazh Court | A-2289 |
| March 31, 2004 report issued by Russian Ministry of Internal Affairs | A-2294 |
| Declaration of Tatiana Yastrebova, dated September 16, 2002, filed in *Base Metal Trading* (without exhibits) | A-2314 |
| July 2, 2002 decision of the North Caucasus Circuit | A-2344 |

# PLAINTIFFS' ORAL ARGUMENT SUBMISSIONS

## GOK BANKRUPTCY LITIGATION

| | Trial court | Appellate Instance of the same court | Cassation Court | SAC |
|---|---|---|---|---|
| Order | **March 30, 2000** Decision appointing Kozyrev arbitrazh manager of GOK. | Appeal prohibited Art 160 (1) APC 1995; Art 55(3) of the Federal Law "On Insolvency (bankruptcy)" | Appeal prohibited Art 179(1) APC 1995; Art. 55(3) of the Federal Law "On Insolvency (bankruptcy)" | Application for protest not permitted Art. 191 (1) APC 1995; Art 55(3) of the Federal Law "On Insolvency (bankruptcy)" |
| Corrupt Purpose | Appointment allows defendants to control the bankruptcy proceedings. | | | |
| Record | Petition... Zinchenko Decl... Complaint... | | | |
| Order | **August 15, 2000** Decision changing the date of the hearing on Kozyrev's appointing as external manager from September 27, 2000 to August 22, 2000 | Appeal prohibited Art 160 (1) APC 1995; Art 55(3) of the Federal Law "On Insolvency (bankruptcy)" | Appeal prohibited Art 179(1) APC 1995; Art. 55(3) of the Federal Law "On Insolvency (bankruptcy)" | Application for protest not permitted Art. 191 (1) APC 1995; Art 55(3) of the Federal Law "On Insolvency (bankruptcy)" |
| Corrupt Purpose | Rescheduling expedited takeover of GOK and prevented legitimate creditors from objecting to Kozyrev's appointment and appealing his decisions. | | | |
| Record | Zinchenko Decl... Ex. 35 | | | |

SSL-DOCS2 700989489v2

|  | Trial court | Appellate Instance of the same court | Cassation Court | SAC |
|---|---|---|---|---|
| Order | **August 22, 2000**<br>Order installing Kozyrev as external manager of GOK and failing to address the arguments of various GOK creditors that the GOK-Svyatogor transaction was a sham, that the GOK-Lebaut transaction was entered in violation of Russian law on interested transaction and the shareholders' offer to pay GOK's debt. | Only appealable issue is appointment of Kozyrev<br><br>**January 15, 2001**<br>Omnibus appeal of Leneks and OOO Nexis dismissed for lack of standing. | June 7, 2001<br>Appeal Dismissed | Application for protest allowed only as to Kozyrev<br>Art 160 (1), 179(1), Art 191 (1) APC 1995 |
| Corrupt Purpose | Introduction of external management wrested control of GOK from the shareholders.<br>Omitting references to the arguments regarding the Lebaut transaction and the shareholders' offer to pay GOK's debt and thus avoid bankruptcy made the decisions unappealable. | Kozyrev's rejection of claims after he became external manager prevented appeal and secured defendants' control over the bankruptcy. |  |  |
| Record | Ashlikhmina Dec ¶¶ 10, EX. 26, Telyukina Dec ¶¶ 18-19, 29-31, 37-48, 57-67, Exs. 62-67, 71-73, 80, 128-130, Gololobov Dec ¶ 5, Kozyrev Dec ¶ 5-7, Gusinski Dec ¶¶ 3, 12-13, 16-17, Complaint ¶ 104 | Telyukina Dec ¶¶ 72-82, Ex. 127 |  |  |

SSL-DOCS2 70098948v2

| | Trial court | Appellate Instance of the same court | Cassation Court | SAC |
|---|---|---|---|---|
| Order | February 19, 2001<br>Decision denying complaint of GOK creditors Leneks, OOO Nexis, Northwest systems Ltd. and Nexis Products LLC, challenging Lebaut's wrongful inclusion in the register. | April 19, 2001<br>Decision dismissing appeal of Nexis Products LLC. | July 12, 2001<br>Cassation appeal of Nexis Products LLC was dismissed for procedural reasons. | Application for protest allowed Art 160 (1), 179(1), 191 (1) APC 1995 |
| Corrupt Purpose | This decision ensured that the defendants, through their ownership of the false debt, would hold the majority vote at the creditors' meeting, thereby guaranteeing passage of the Sham Settlement Agreement. | Dismissal perpetuated the defendants' control through their ownership of the false debt. | The court's erroneous decision served no purpose other than to prevent legitimate creditors from engaging in further challenges to the false debt. | |
| Record | Telyukina Dec ¶¶41-46, Ex.51, Ashikhmina Dec ¶13, Ex.28, Zanadvorov Dec ¶111, Ex.63 | Telyukina Dec ¶¶41-46, Ex.58, Ashikhmina Dec ¶14, Ex.32, Zanadvorov Dec ¶111, Ex.64 | Telyukina Dec ¶¶37-46, Ex. 58,<br>Ashikhmina Dec ¶¶15-16, Ex.33, 34,<br>Zanadvorov Dec ¶111, Ex. 65 | |
| Order | March 23, 2001<br>Decision approving Kozyrev's refusal to include Polyprom in the creditors' register. | Appealable in light of Resolution of the Constitutional Court of Russia dated March 12, 2001 | Appealable in light of Resolution of the Constitutional Court of Russia dated March 12, 2001 | Application for protest allowed Art 160 (1), 179(1), 191 (1) APC 1995 |
| Corrupt Purpose | Decision, which court delayed until after the final creditors' meeting on March 11, 2001, prevented plaintiffs from objecting to sham settlement. | | | |
| Record | Telyukina Dec ¶¶84-89, ¶¶95-96, Ex.120, Bhindhina Dec ¶13-42, Zanadvorov Dec ¶¶94-101 | | | |

- 3 -

SSL-DOCS2 7009894v2

**A - 656**

| | Trial court | Appellate Instance of the same court | Cassation Court | SAC |
|---|---|---|---|---|
| Order | **April 18, 2001**<br>The court rejected Nexis Products LLC's objections to the inclusion of Sirius -- an assignee of certain Lebaut claims -- in the list of creditors. | Appealable in light of Resolution of the Constitutional Court of Russia dated March 12, 2001 | Appealable in light of Resolution of the Constitutional Court of Russia dated March 12, 2001 | Application for protest allowed Art 160 (1), 179(1), 191 (1) APC 1995 |
| Corrupt Purpose | This decision ensured that the defendants, through their ownership of the false debt, would hold the majority vote at the creditors meeting, thereby guaranteeing passage of the Sham Settlement Agreement. | | | |
| Record | Telyukina Dec ¶¶ 74, Ex. 53, Ashikhmina Dec ¶ 13, Ex. 30. | | | |
| Order | **April 19, 2001**<br>Decision accepting the Settlement Agreement terminating the GOK bankruptcy. | **June 27, 2001**<br>Decision dismissing the appeal on technical, procedural grounds. | **August 21, 2001**<br>Decision dismissing the appeal on technical, procedural grounds. | Application for protest allowed Art 191(1) APC 1995. |
| Corrupt Purpose | Sham settlement agreement brought defendants' scheme to a conclusion, as they were now able to control GOK outside the bankruptcy context. | Delivery of the plant to defendants. | Delivery of the plant to defendants. | |
| Record | Telyukina Dec ¶¶ 103, 110, Ex. 92, Ashikhmina Dec ¶¶ 14, Ex. 36, Zamedorov Dec ¶ 120, Ex. 67, Ilyushin ¶ 80. | Telyukina Dec ¶¶ 103, 108, Ex. 123, Ashikhmina Dec ¶¶ 18-19, Ex. 38, Zamedorov Dec ¶ 121, Ex. 70. | Telyukina Dec ¶ 109, Ex. 25, Ashikhmina Dec ¶ 20, Ex. 39, Zamedorov Dec ¶ 122, Ex. 71. | |

-4-

| | Trial court | Appellate Instance of the same court | Cassation Court | SAC |
|---|---|---|---|---|
| Order | **September 18, 2001**<br>Decision dismissing the complaint of Foston Management, erroneously concluding that the Lebaut transaction did not violate Russian law on large transactions. | Appealable under Art 145 of APC 1995. | Appealable under Art 161 of APC 1995. | Application for protest allowed under Art 180 APC 1995. |
| Corrupt Purpose | Dismissal ensured that the bankruptcy could not be challenged. | | | |
| Record | [illegible] | | | |

- 5 -

A - 658

## ENDNOTE

[1] Defendants' charts contain a footnote concerning other so-called avenues of appeal available to plaintiffs.  See NKAZ Chart n.**; GOK Chart n.9.

In the first paragraph, defendants refer to a right to file a "supervisory application" to certain officials who in turn could file a "supervisory complaint" in the Supreme Arbitrazh Court to seek review of an "allegedly improper lower court decision." This is known as an application for a protest, which is similar to a petition for certiorari, and review is discretionary.  Defendants' reference to "decision" is misleading.  Pursuant to the 1995 Arbitrazh Procedural Code, an aggrieved party could only file an application to bring a protest to the Supreme Arbitrazh Court of final orders called "decisions" and a very limited number of intermediary orders.  Art. 191 of the 1995 APC.  The ruling of the Constitutional Court, dated January 14, 2000, referred to in this paragraph by defendants, did nothing to change that limitation.  Similarly, while the March 12, 2002 ruling of the Constitutional Court lifted some of the limitations for appeal of intermediary orders in bankruptcy, it did not alter the provisions of Art. 191 of 1995 APC.

As for the second paragraph, plaintiffs agree that the 2002 Amendments to the APC provide a party aggrieved by an Order issued prior to January 1, 2003 with the ability to file an application for a protest prior to April 1, 2003.  See Art. 292 of the 2002 APC.  But these applications are granted only in the rarest of circumstances, and are only heard as a matter of discretion, not as of right, by the Supreme Arbitrazh Court.  For example, in 2001, 16,867 applications to bring protests were filed and only 570 were accepted for consideration.  Although a complete review of the protests accepted in 2001 has not been conducted, preliminary analysis indicates that almost no protests were accepted related to factual disputes.

As for the third paragraph, what defendants describe is not an appeal, but a collateral attack on a judgment based on newly discovered matters, which, as they state, must be made to "the court that rendered the decision."  Moreover, the portion of the relevant statute cited by defendants, Article 312(1) of the 2002 APC, which permits collateral attacks based on new matters, such as "criminal actions of the person, taking part in the case, or his representative . . . or the criminal actions of the judge," requires that these actions be "established by a court sentence," i.e., a criminal conviction.  See Art. 312(1) of the 2002 APC.  Collateral attack to the same court that rendered a corrupt decision, coupled with a requirement that the corruption must first be "established by a court sentence," is not an meaningful opportunity for review.

- 6 -

## HOLDEX SHAREHOLDER LITIGATION

### Action filed by GOK against Polyprom to invalidate the sale of shares from GOK Trading House to Polyprom and the subsequent sale to Holdex, and to return the shares to GOK Trading House

| | Trial Court | Appellate Instance of the Same Court | Cassation Court | Supreme Arbitrazh Court |
|---|---|---|---|---|
| Order | November 22, 2000 Decision of the Arbitrazh Court of the Republic of Kalmykia (KAC) granting the relief sought in the complaint of GOK against Polyprom and invalidating the contract whereby Polyprom purchased its shares of GOK. The court ordered the transfer of 1.21% of GOK shares owned by Holdex LLC to GOK Trading House. | Appealed directly to the Cassation Instance. | April 17, 2001 Decision of the Federal Court of the North Caucasus District reversing and remanding the case for further proceedings, instructing the KAC to properly investigate the case and join the owner of the shares as a party. | N/A |
| Corrupt Purpose | Holdex, the owner of the shares at that time (a matter of public record), was not named as a party and neither Holdex nor Polyprom, the defendant and the first buyer of shares, was notified of the hearing and thus its shares were ultimately re-registered in the name of US based defendant companies. | | Not alleged. | |
| Record | Complaint ¶¶ 18, 48. Pl. Mem. at 83. Cherviakov Decl. ¶¶ 10, 11, Ex. 6. Kuznetsov Decl. ¶¶ 20, 22. Response to Holdex Mem. at 10, Ex. 3. | | Complaint ¶ 42. Pl. Mem. at 84. Cherviakov Decl. ¶¶ 10, 11, Ex. 7. Kuznetsov Decl. ¶¶ 21, 22, Ex. 7. Response to Holdex Mem. at 10, 11, Ex. 4. | |

1

|  | Trial Court | Appellate Instance of the Same Court | Cassation Court | Supreme Arbitrazh Court |
|---|---|---|---|---|
| Order | **July 5, 2001**<br>Decision of the KAC again ordering the shares returned to GOK Trading House. | **September 10, 2001**<br>Order of Kalmykia Arbitrazh Court granting Polyprom's motion to join Holdex LLC as a party, and rescheduling the hearing on appeal for November 9, 2001.<br><br>**November 9, 2001**<br>Decision of the Appellate Instance of KAC affirming the KAC decision dated July 5, 2001. Holdex appeared as a party. | **January 21, 2002**<br>Decision of the Federal Arbitrazh Court for the Northern Caucasus District reversing for failure to properly review the circumstances of the case. | N/A |
| Corrupt Purpose | Holdex, the owner of the shares was not named as a party or notified of the hearing and thus its shares were ultimately re-registered in the name of US based defendant companies.<br>Cherepinsky Dec. ¶¶ 13, 15; Exs. 9, 18. Kleymenov Dec. ¶¶ 29; Ex. 9. Rieger (Holdex) Dec. ¶¶ 12, 13, 17, 19; Ex. 8 | Affirmance allowed judicial theft of Holdex shares to proceed. | Not alleged. |  |
| Record | Cherepinsky Dec. ¶¶ 13, 15; Exs. 9, 18. Kleymenov Dec. ¶¶ 29; Ex. 9. Rieger (Holdex) Dec. ¶¶ 12, 13, 17, 19; Ex. 8 | Pl. Mem. at ¶ 84<br>Cherepinsky Dec. ¶ 14-16; Ex. 10.<br>Kleymenov Dec. ¶¶ 25, 26; Exs. 9, 10.<br>Rieger (Holdex) Dec. ¶¶ 14, 15-20; Exs. 6, 7 | Cherepinsky Dec. ¶ 16; Ex. 12.<br>Kleymenov Dec. ¶ 26; Ex. 11. |  |

2

| | Trial Court | Appellate Instance of the Same Court | | Cassation Court | Supreme Arbitrazh Court |
|---|---|---|---|---|---|
| Order | **March 12, 2002** Decision of the KAC invalidating the sale of shares between GOK Trading House and Polyprom. | Appealed directly to Cassation Instance. | | **April 23, 2002** Order of the Federal Arbitrazh Court for the Northern Caucasus District dismissing the cassation appeal of Polyprom for procedural reasons. | Appeal possible. |
| Corrupt Purpose | Forged telegrams were submitted to the KAC indicating that Polyprom and Holdex had consented to conducting the hearing in their absence. Polyprom and Holdex, shares were taken away without giving them an opportunity to defend. | | | Not alleged. | |
| Record | Complaint ¶ 422. Blinn, at ¶ 84. Chervinsky Decl. ¶ 10, Ex. 33. Kleymenov Decl. ¶ 27, Ex. 12. | | | Chervinsky Decl. ¶ 18, Ex. 14. Kleymenov Decl. ¶ 27, Ex. 13. | |

---

¹ Since plaintiffs filed their opposition papers, Polyprom successfully obtained reconsideration of their appeal in the Cassation Instance. The Cassation instance reversed and remanded, whereupon the pattern of corrupt decisions continued. Last week, on February 4, 2003 the Appellate Instance of the KAC affirmed the lower court's decision invalidating the sale between GOK Trading House and Polyprom.

3

SSL-DOCS2 70099309v1

**A - 662**

## FOSTON SHAREHOLDER LITIGATION

**Proceedings at the Solntsevo Intermunicipal Court: action filed by OAO Nizhnetagilskiy Metallurgicheskiy Kombinat, OOO Inrosmet and ZAO Standart against, inter alia, Foston, to return the shares of GOK sold to Foston.**

| | Trial court | Appellate Instance of the Same Court | Cassation Court | Supreme Arbitrazh Court |
|---|---|---|---|---|
| Order | **September 29, 2002** Decision of Solntsevo Intermunicipal Court (SIC) ordering the transfer of almost 38 million (19.26%) of GOK shares owned by Foston, i.e., virtually all of Foston's shares in GOK, to the accounts of Nizhnetagilski Metalurgical Combinat, Inrossmet and Standard Trust.[2] | Case was appealed directly to the Cassation Instance. | **March 30, 2001** Decision of the Moscow City Court reversing and remanding the case to SIC for rehearing by a different panel of judges because of failure to notify Foston, but not ordering the shares returned to Foston. | Application for protest not allowed. APC Art. 177 |
| Corrupt Purpose | Foston was not notified of the proceedings so that its shares could be taken away without notice or protest and ultimately re-registered in the name of US based defendant companies. | | 38 million illegally taken shares were not returned to Foston, despite the finding of no notice. | |
| Record | *[illegible citations]* | | *[illegible citations]* | |

---

[2]   Prior to the first appeal, a number of ancillary proceedings occurred in the trial court.  Upon Foston's accidental discovery of the theft and inquiry into the matter, the trial court was unable to produce a record, stating that the docket had been stolen from the court, which was subsequently the subject of criminal investigation.  Upon an application by Foston, the trial court, after locating some of the records, partially restored the record in the case and reinstated the limitations period for Foston to file an appeal.  See Ashikhmina Dec. ¶ 37, Ex. 18, Kleymenov Dec. ¶ 69, Ex. 33.

4

| | Trial Court | Appellate Instance of the Same Court | Cassation Court | Supreme Arbitrazh Court |
|---|---|---|---|---|
| Order | November 30, 2001 Decision of SIC holding that it does not have jurisdiction to hear the case, dismissing the case and leaving the decision of SIC dated September 29, 2000 in force.[3] | May 22, 2002 Decision affirming the decision of SIC in its entirety. | August 8, 2002 Decision reversing and remanding the case to the SIC for a new hearing. | N/A |
| Corrupt Purpose | | The court, while holding that it did not have jurisdiction when it divested Foston of almost all of its shares in GOK, refused to reverse its prior (admittedly jurisdictionally improper and unlawful) decision. | Refusal of the court to return the illegally taken shares showed clear bias and corruption of the court, which prompted the Prosecutor of the City of Moscow to file a protest to the Presidium of the Moscow City Court. | Not alleged. |
| Record | _Bird Decl. ¶ 84; Ashikhmina Decl. ¶¶ 41, 43, 45, 51; Ex. 40; Kleymenov Decl. ¶¶ 43, 44, 45._ | _Bird Decl. ¶ 84; Ashikhmina Decl. ¶¶ 43, 45, 51, 53; Kleymenov Decl. ¶¶ 43, 44, 45, 46._ | _Ashikhmina Decl. ¶¶ 55, 56, 57; Kleymenov Decl. ¶ 46._ | |

| | Trial Court | Appellate Instance of the Same Court | Cassation Court | Supreme Arbitrazh Court |
|---|---|---|---|---|
| Order | November 4, 2002 Decision granting Foston's motion to re-register shares in Foston's name. | | | |
| Corrupt Purpose | Decision in Foston's favor impossible to execue upon because persons responsible refuse to re-register shares. End result is the same: Foston's shares remain in the possession of US based defendant companies. | | | |

5

---

[3]   Again, there were ancillary proceedings before this decision could be appealed. After receiving numerous communications purportedly sent by Foston's attorney waiving its right of appeal, the court stayed the cassation appeal. The stay was lifted when Foston's legitimate attorney, Ashikhmina submitted a signed power of attorney. See Ashikhmina Decl. ¶¶ 12, 13, 15, 23.

SSL-DOCS2 70099309-1

A - 664

Proceedings at the Sverdlovsk Arbitrazh Court: parallel action filed by OAO Nizhnetagilskiy Metallurgicheskiy Kombinat, OOO Inrosmet and ZAO Standart against, inter alia, Foston, to return the shares of GOK sold to Foston.

| | Trial Court | Appellate Instance of the Same Court | Cassation Court | Supreme Arbitrazh Court |
|---|---|---|---|---|
| Order | **December 20, 2002** Oral motion to dismiss case against Foston for lack of service denied. Case was subsequently adjourned again until June 3, 2003. | Appeal prohibited. Art. 160(1) APC 1995, Art. 55(3) of the Federal Law "On Insolvency (bankruptcy)." | Appeal prohibited. Art. 179(1) APC 1995, Art. 55(3) of the Federal Law "On Insolvency (bankruptcy)." | Application for protest not permitted. Art. 191(1) APC 1995, Art. 55(3) of the Federal Law "On Insolvency (bankruptcy)." |
| Corrupt Purpose | The practice of proceeding without service continues, and Foston continues to be prejudiced, while its shares remain in defendant companies in the US. | | | |
| Reference | Ashikhmina Decl. ¶¶ 244; Ex. 21, 4. | | | |

6

SSL-DOCS2 70099309v1

**A - 665**

## DAVIS SHAREHOLDER LITIGATION

Other than the instant RICO case, defendants' theft of the Davis shares has not been litigated.

7

SSL-DOCS2 70099309v1