IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVIS INTERNATIONAL, LLC, HOLDEX, LLC, FOSTON MANAGEMENT, LTD, and OMNI TRUSTHOUSE, LTD,

Plaintiffs,

v.

NEW START GROUP CORP., VENITOM CORP., PAN-AMERICAN CORP., MDM BANK, URAL-GORNO METALURAGICAL COMPANY, EVRAZ HOLDING, MIKHAIL CHERNOI, OLEG DERIPASKA, ARNOLD KISLIN, MIKHAIL NEKRICH, and ISKANDER MAKMUDOV,

Defendants.

Case No. 04-1482-GMS

# APPENDIX TO DEFENDANTS' OPENING BRIEFS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

## Volume 8 of 13

Attorneys for Defendant Arnold Kislin:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

Lisa C. Cohen
Schindler Cohen & Hochman LLP
100 Wall Street
15th Floor
New York, NY 10005
(212) 277-6300

Lawrence S. Goldman
Elizabeth Johnson
The Law Offices of Lawrence S. Goldman
500 Fifth Ave., 29th Floor
New York NY 10110-2900
(212) 997-7499

Attorneys for Defendants New Start Group Corp. and Venitom Group:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

Richard J. Schaeffer
Peter J. Venaglia
Laura D. Sullivan
Dornbush, Schaeffer, Strongin & Weinstein, LLP
747 Third Avenue, 11th Floor
New York, NY 10017
(212) 759-3300

Attorneys for Defendant Oleg Deripaska:

Collins J. Seitz, Jr.(DSBA No. 2237)
Kevin F. Brady (DSBA No. 2248)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Rodney F. Page
Michael G. Biggers
Bryan Cave LLP
700 13th Street, N.W.
Washington, D.C. 20005-3960
(202) 508-6002

Attorneys for Defendant Evraz Holding:

William M. Lafferty (DSBA No. 2755)
Morris, Nichols, Arsht & Tunnell
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 575-7341

David H. Herrington
Vitali Rosenfeld
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York New York 10006
(212) 225-2266

Attorneys for Defendant MDM Bank:

Stephen E. Jenkins (DSBA No. 2152)
Richard I.G. Jones, Jr. (DSBA No. 3301)
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

Joel B. Kleinman
Steven J. Roman
David H. Greenberg
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street NW
Washington, DC 20037-1526
(202) 785-9700

Attorneys for Defendant Ural-Gorno Metallurgical Company:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

William H. Devaney
Heard & O'Toole LLP
405 Lexington Ave, Floor 62
New York, NY 10174
(212) 307-5500

Attorneys for Defendant Iskander Makmudov:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

William H. Devaney
Heard & O'Toole LLP
405 Lexington Ave, Floor 62
New York, NY 10174
(212) 307-5500

Attorneys for Defendant Mikhail Chernoi:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

Brian Maas
Cameron Myler
Frankfurt Kurnit Klein & Selz PC
488 Madison Avenue, 9th Floor
New York, NY 10022
(212) 980-0120

Attorneys for Defendant Mikhail Nekrich:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

Paul R. Grand
Edward M. Spiro
Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C.
565 Fifth Avenue
New York, NY 10017
(212) 880-9510

# Table of Contents


| DOCUMENT | PAGE |
|---|---|
| **VOLUME 1 OF 13:** | |
| Complaint | A-1 |
| *Base Metal Trading v. Russian Alum.*, 253 F. Supp. 2d 681 (S.D.N.Y. 2003) ("*Base Metal Trading*") | A-31 |
| Transcript of Oral Argument before Hon. John G. Koeltl, dated February 10, 2003, in *Base Metal Trading* | A-64 |
| **VOLUME 2 OF 13:** | |
| First Amended Complaint, dated August 3, 2001, filed in *Base Metal Trading* | A-176 |
| **VOLUME 3 OF 13:** | |
| Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss the Amended Complaint, dated September 15, 2002, filed in *Base Metal Trading* | A-295 |
| **VOLUME 4 OF 13:** | |
| Resume of Paul B. Stephan | A-465 |
| List of Paul B. Stephan's "Participation in U.S. Lawsuits" | A-476 |
| Declaration of Paul B. Stephan, dated January 28, 2002, filed in *Base Metal Trading* | A-479 |
| Reply Declaration of Paul B. Stephan, dated October 17, 2002, filed in *Base Metal Trading* | A-514 |
| Complaint filed in *Norex Petroleum Ltd. v. Access Indus.* (LTS) (S.D.N.Y.) | A-535 |
| *Norex Petroleum Ltd. v. Access Indus.*, 304 F. Supp. 2d 570 (S.D.N.Y. 2004) | A-607 |
| Judge Koeltl's written request for submissions prior to oral argument, dated January 29, 2003 | A-622 |
| Defendants' response to Judge Koeltl's Jan. 29th request ("Defendants' Oral Argument Submissions") | A-624 |
| Chronology of GOK-related Russian court decisions | A-625 |
| Map – location of courts | A-651 |
| Chart of Russian Court Decisions | A-652 |

| **VOLUME 5 OF 13:** | |
|---|---|
| Plaintiffs' response to Judge Koeltl's Jan. 29th request ("Plaintiffs' Oral Argument Submissions") | A-653 |
| GOK Bankruptcy Litigation Chart | A-654 |
| Shareholder Litigation Chart | A-660 |
| Chart – Kozitsin and Kozyrev "Wrongful Conduct" | A-668 |
| Chart – "Direct Evidence of Corruption" | A-677 |
| Sergei Zankovsky: Theory and Practice of Bankruptcy | A-684 |
| Defendants' post-oral argument submissions in *Base Metal Trading*, dated February 20, 2003 | A-687 |
| Letter from Winston & Strawn, dated February 20, 2003 | A-688 |
| Letter from Hogan & Hartson, dated February 20, 2003 | A-690 |
| Letter from Dornbush Mensch Mandelstam & Schaeffer, dated February 20, 2003 | A-695 |
| Defendants' Summary of Contracts | A-698 |
| Supplemental Declaration of Paul B. Stephan, dated Feb. 19, 2003 | A-705 |
| Third Declaration of Igor Petrukhin, dated Feb. 20, 2003 | A-713 |
| Plaintiffs' post-oral argument submissions in *Base Metal Trading*, dated February 20, 2003 | A-744 |
| Letter from Strook Stroock & Lavan, dated February 20, 2003 (with exhibits) | A-745 |
| Second Declaration and Exhibits of Joseph Traum, dated February 19, 2003 | A-782 |
| Expert Report of Sergei B. Zaitsev, dated February 19, 2003 (without exhibits) | A-828 |
| **VOLUME 6 OF 13:** | |
| Defendants' post-oral argument submissions in *Base Metal Trading*, dated February 25, 2003 | A-885 |
| Letter from Winston & Strawn, dated February 25, 2003 (with exhibits) | A-886 |
| Supplemental Declaration of Paul B. Stephan, dated February 25, 2003 | A-933 |
| Plaintiffs' post-oral argument submissions in *Base Metal Trading*, dated February 25, 2003 | A-941 |

| | |
|---|---|
| Letter from Strook Stroock & Lavan, dated February 25, 2003 (with exhibits) | A-942 |
| Letter from Herrick Feinstein, dated February 25, 2003 | A-986 |
| Second Declaration of Victor Golubev, dated February 25, 2003 (without exhibits) | A-989 |
| Second Declaration of Sergei B. Zaitsev, dated February 25, 2003 (without exhibits) | A-1027 |
| **VOLUME 7 OF 13:** | |
| March 30, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1075 |
| August 22, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1080 |
| April 19, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1092 |
| Application to the Arbitrazh Court for the Sverdlovsk Oblast dated March 24, 2000 filed by Krasnouralskmezhraygaz ("Kras Gas") | A-1112 |
| January 24, 1997 contract between GOK and Kras Gas | A-1130 |
| Letter dated February 4, 2000 from Kras Gas to GOK | A-1146 |
| Letter dated February 15, 2000 from Kras Gas to GOK | A-1157 |
| Letter dated February 8, 2000 from GOK to Kras Gas | A-1170 |
| Letter dated February 21, 2000 from GOK to Kras Gas | A-1175 |
| Federal Service's recommendation to appoint Kozyrev as Interim Trustee | A-1180 |
| Instruction of the Government of the Russian Federation from July 10, 1999 (No. 1100-R) | A-1187 |
| Audit Report and list of GOK's creditors as of March 24, 2000 | A-1191 |
| Minutes of the first GOK creditors' meeting held on August 11, 2000 | A-1245 |
| August 2, 2000 decision of the Izmailovo Inter-Municipal Court of Moscow | A-1266 |
| November 30, 2000 decision of the Moscow City Court | A-1269 |
| **VOLUME 8 OF 13:** | |
| Nexis' appellate complaint | A-1276 |
| January 15, 2001 determination of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-1306 |
| Nexis' cassation complaint | A-1311 |
| June 7, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-1318 |

| | |
|---|---|
| Minutes of the March 11, 2001 creditors' meeting | A-1323 |
| June 27, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1357 |
| August 21, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-1365 |
| August 18, 2000 opinion of the Federal Service | A-1367 |
| August 29, 2000 Nexis petition regarding loan agreement | A-1382 |
| July 26, 1999 supply contract between Nexis and GOK | A-1392 |
| August 29, 2000 Application filed by Nexis regarding supply contract | A-1424 |
| October 4, 2000 letter to Nexis from Trustee Kozyrev | A-1442 |
| March 23, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1445 |
| August 29, 2000 Statement of Claim submitted by Polyprom | A-1452 |
| **VOLUME 9 OF 13:** | |
| Supply agreements between GOK and Polyprom | A-1479 |
| October 4, 2000 letter to Polyprom from Trustee Kozyrev | A-1579 |
| October 31, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1583 |
| February 16, 2001 letter from Trustee Kozyrev to the Arbitrazh Court for the Sverdlovsk Oblast | A-1588 |
| February 19, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1591 |
| April 19, 2001 Resolution of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-1598 |
| July 12, 2001 determination of the Federal Arbitrazh Court of the Urals District | A-1607 |
| April 18, 2001 decision of the Arbitrazh Court for Sverdlovsk Oblast | A-1613 |
| January 22, 2000 letter from several members of GOK Board of Directors requesting meeting of GOK Board | A-1620 |
| January 24, 2000 letter from several members of GOK Board of Directors requesting meeting of GOK Board | A-1623 |
| February 2, 2000 "Decision Not To Institute Legal Proceedings" of the Senior Assistant Prosecutor for the City of Kachkanar | A-1628 |
| February 1, 2000 ruling of the Kachkanar City Court for the Sverdlovsk Oblast | A-1635 |
| February 15, 2000 decision of the Arbitrazh Court for the Sverdlovsk | A-1649 |

| | |
|---|---|
| Oblast | |
| March 8, 2001 decision by the Moscow City Court | A-1657 |
| September 19, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-1667 |
| **VOLUME 10 OF 13:** | |
| March 26, 2001 decision of the Moscow City Court | A-1676 |
| November 21, 2000 decision of the Tverskoy Inter-Municipal Regional Court of Moscow | A-1683 |
| February 22, 2001 decision of the Appellate Instance of the Federal Arbitrazh Court of Moscow | A-1691 |
| November 16, 2000 decision of the Arbitrazh Court of Moscow | A-1698 |
| April 26, 2001 decision of the Federal Arbitrazh Court of the Moscow Circuit | A-1706 |
| December 13, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1712 |
| Davis Complaint filed in Moscow before the Gagarinsky Inter-Municipal Court of Moscow | A-1728 |
| April 10, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1737 |
| September 25, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1747 |
| October 26, 2000 decision of the Moscow City Court | A-1752 |
| September 17, 2001 decision of the Gagarinsky Inter-Municipal Court of Moscow | A-1758 |
| May 30, 2000 decision of the Tverskoy Inter-Municipal Regional Court | A-1761 |
| February 7, 2000 decision of the Tverskoy Inter-Municipal Court of Moscow | A-1765 |
| December 22, 2000 decision of the Gagarinsky Inter-Municipal Court of Moscow | A-1768 |
| February 14, 2000 decsion of the Cheryomoushkinsky Inter-Municipal Court of Moscow | A-1774 |
| March 2, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1779 |
| September 4, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1784 |
| August 14, 2000, decision of the Kachkanar City Court of the Sverdlovsk Oblast | A-1790 |

| | |
|---|---|
| February 15, 2000 decision of the Kachkanar City Court | A-1797 |
| February 29, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1801 |
| March 6, 2001 decision of the Moscow City Court | A-1806 |
| April 5, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-1814 |
| June 22, 2001 decision of the Tverskoy Inter-Municipal Regional Court of Moscow | A-1827 |
| Two Notices of registrar change published in the *Oblastnaya gazeta* on, respectively, March 17, 2000 and October 21, 2000 | A-1832 |
| March 20, 2001 decision by the Arbitrazh Court of Moscow | A-1839 |
| June 26, 2001 decision of Appellate Instance of the Arbitrazh Court of Moscow | A-1846 |
| **VOLUME 11 OF 13:** | |
| September 5, 2001 decision of the Federal Arbitrazh court of the Moscow Circuit | A-1852 |
| December 20, 2000 decision of the Petrogradsky Regional Court of St. Petersburg | A-1859 |
| January 12, 2001 decision of the Petrogradsky Regional Court of St. Petersburg | A-1864 |
| March 13, 2001 decision of Izmailovsky Regional Court of Moscow | A-1871 |
| March 13, 2001 decision of Izmailovsky Regional Court of Moscow | A-1874 |
| August 27, 2001 decision of the Chertanovo Federal Court | A-1877 |
| Agreement between GOK and Polyprom dated January 18, 1999 | A-1880 |
| November 22, 2000 decision of the Arbitrazh Court of the Republic of Kalmykia | A-1884 |
| April 17, 2001 decision of the Arbitrazh Court for the North Caucasus Region | A-1895 |
| July 5, 2001 decision of the Arbitrazh Court for the Republic of Kalmykia | A-1904 |
| November 9, 2001 decision of the Appellate Instance of the Arbitrazh Court for the Republic of Kalmykia | A-1910 |
| September 10, 2001 decision of the Arbitrazh Court for the Republic of Kalmykia | A-1919 |
| August 1, 2000 decision of the Arbitrazh Court for the Chelyabinsk Region | A-1924 |

| | |
|---|---|
| October 16, 2000 decision of the Appellate Instance for the Arbitrazh Court for the Chelyabinsk Region | A-1942 |
| January 4, 2001 decision of the Arbitrazh Court for Urals Circuit | A-1952 |
| September 29, 2000 decision of the Solntsevsky Inter-Municipal Regional Court of Moscow | A-1960 |
| March 30, 2001 decision of the Moscow City Court | A-1970 |
| November 30, 2001 decision of the Solntsevsky Inter-Municipal Regional Court of Moscow | A-1980 |
| Agreement between New Start Group, Corp. and Davis dated October 6, 2000 | A-1995 |
| Eugene Aschenbrenner's Power of Attorney to act on behalf of Davis (valid December 3, 1999 through December 3, 2000) | A-2002 |
| Nexis Loan Agreement dated July 13, 1999 | A-2010 |
| March 23, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2020 |
| July 13, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-2027 |
| Republic of Panama v. BCCI Holdings (Luxemborg) S.A., 90-2913-CV-UUB, slip.op. (S.D. Fla. July 17, 1995) | A-2033 |
| **VOLUME 12 OF 13** | |
| October 29, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2053 |
| November 24, 2001 Opinion of the Department of the Interior of the Sverdlovsk Region | A-2060 |
| January 21, 2002 decision of the Federal Arbitrazh Court for the North Caucasus Circuit | A-2084 |
| March 12, 2002 decision of the Arbitrazh Court for the Republic of Kalmykia | A-2094 |
| April 23, 2002 decision of the Federal Arbitrazh Court for the North Caucasus Circuit | A-2105 |
| April 30, 2002 decision of the Kachkanar Town Court for the Sverdlovsk Oblast | A-2108 |
| September 24, 2002 decision of the Kachkanar Town Court for the Sverdlovsk Oblast | A-2121 |
| November 19, 2002 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2126 |

| | |
|---|---|
| January 22, 2003 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2133 |
| February 4, 2003 decision of the Appellate Instance for the Arbitrazh Court for the Republic of Kalmykia | A-2143 |
| May 20, 2003 decision of the Federal Arbitrazh Court for the North Caucasus Region | A-2150 |
| May 27, 2003 decision of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-2159 |
| August 27, 2003 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2165 |
| October 30, 2003 decision of the Moscow Municipal Court | A-2170 |
| January 14, 2004 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2176 |
| April 20, 2004 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2187 |
| **VOLUME 13 OF 13** | |
| April 27, 2004 decision of the Arbitrazh Court for the Republic of Kalmykia | A-2197 |
| July 2, 2004 decision of the Moscow City Court | A-2205 |
| July 29, 2004 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2212 |
| December 7, 2004 decision of the Moscow City Court | A-2221 |
| September 18, 2001 decision of the Sverdlovsk Arbitrazh Court | A-2224 |
| December 20, 2001 decision of the Urals Circuit | A-2238 |
| May 22, 2002 decision of the Moscow City Court | A-2246 |
| August 22, 2002 decision of the Moscow City Court | A-2256 |
| September 10, 2002 decision of the Kalmykia Court | A-2269 |
| May 22, 2003 decision of the Sverdlovsk Arbitrazh Court | A-2277 |
| August 13, 2003 decision of the Solntsevsky Court | A-2283 |
| March 3, 2004 decision of the Sverdlovsk Arbitrazh Court | A-2289 |
| March 31, 2004 report issued by Russian Ministry of Internal Affairs | A-2294 |
| Declaration of Tatiana Yastrebova, dated September 16, 2002, filed in *Base Metal Trading* (without exhibits) | A-2314 |
| July 2, 2002 decision of the North Caucasus Circuit | A-2344 |

ARBITRAZH COURT for SVERDLOVSK OBLAST

620219, city of Ekaterinburg,
prospect Lenina, d.34

Plaintiff: OAO "Krasnouralskmezhraygaz"

624330 Sverdlovsk oblast ,
city of Krasnouralsk, ul.Ustinova, d.34

Debtor: 1.OAO "Vanadiy" Mining & Concentration
Integrated Plant in the city of Kachkanar"

624356 Sverdlovsk oblast ,
city of Kachkanar, ul.Sverdlova, d.2

2.Arbitrazh administrator
Kozyrev O.S.
624356 Sverdlovsk oblast ,
city of Kachkanar, ul.Sverdlova, d.2

**Creditors in bankruptcy**
**filed the Appeal Complaint:**

- OOO "Lenex"
109240 , Moscow, ul. Yauzskaya,
d.8, str.2, office 6.

2.OOO "Nexis"
109072, Moscow, Bolotnaya ploshad,
d.4, str.1, office 37.

**Distributed to:**
Creditors in bankruptcy and persons,
parties to the case according to the Register

**State fee: 420 roubles.**

**APPEAL COMPLAINT**
**On the Detremination of the Arbitrazh Court for Sverdlovsk oblast dated August 22, 2000, in the case No.A60-4517/2000 –C1**

On August 22, 2000, the Arbitrazh Court for Sverdlovsk oblast in the composition of Kazantseva N.V., chairing judge , Platonova E.A., Mikushina N.V., judges adopted determination in the case No.A60-4517/2000 –C1 to enforce administration in bankruptcy at OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" (hereinafter "Vanadiy") for the

period of 1 year (one.). We consider that the given determination was issued in violation of the norms of substantive and procedural law for the following reasons:

I. The Arbitrazh Court for Sverdlovsk oblast determined on March 30, 2000, to accept the petition of OAO "Krasnouralskmezhraygaz" to recognize OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" as insolvent and to appoint the case for trial on June 19, 2000.

However, under the statement of Kozyrev O.S., the interim trustee, the Arbitrazh Court for Sverdlovsk oblast determined on June19, 2000, to delay the trial on September 27, 2000, (in accordance with Article 120 of the Arbitrazh Procedure Code of the Russian Federation).

Furthermore, on August 15, 2000, the Arbitrazh Court for Sverdlovsk oblast in the composition of Kazantseva N.V., chairing judge , Platonova E.A., Mikushina N.V., judges, determined to postpone the trial from September 27, 2000 ( not for the later date, as it should be presumed from Article 120 of the Arbitrazh Procedure Code of the Russian Federation) to August 22, 2000. And the wording "under the actual circumstances" being less than persuasive .

The Determination of August 15, 2000 is unenforceable on the following grounds:

1) Article 120 of the Arbitrazh Procedure Code of the Russian Federation provides a list of instances for the case to postponed. These instances are: when the case cannot be tried in the session as well due to failure to appear in the court room of the persons, involved in the case, witnesses, experts, translators, or the necessity to provide additional evidence. The above-mentioned list is final and may not be added. At the same time it lacks the wording " under the actual circumstances", proposed by the Arbitrazh Court for Sverdlovsk oblast .

- Article 120 of the Arbitrazh Procedure Code of the Russian Federation is made part of the Chapter 16 of the Arbitrazh Procedure Code of the Russian Federation (Court trial ). Thus the Arbitrazh Court for Sverdlovsk oblast had to enforce mandatory conditions indicative of the given stage of the procedure, namely , the court had to check the appearance at the session of the persons, involved in the case, and other participants to arbitrazh procedure, their powers, whether the persons failed to appear had been properly notified , and the information available of the causes of default therof. (Article 115);The Arbitrazh Procedure Code of the Russian Federation) failed to perform the above-mentioned legal acts, failed to notify the persons, participating in the case, of the court session , dated August 15, 2000. Due to such a failure to act, the court violated the provision of the Article 7 and Chapter 16 of APC RF.

II.

The session of the Arbitrazh Court for Sverdlovsk Oblast could not be held on August 22, 2000, as well on the following reasons:

1) In course of the Court session on August 22, 2000, scheduled by the invalid Determination adopted by Kazantseva N.V., Presiding Judge in the case, it was not verified whether the persons defaulted at the session, had been properly notified, thereby violating Articles 7 and 115 of APC RF. Eligible claim of a number of creditors to delay the case, because they had not been notified properly, was disregarded by the court.

2) The delay of the date of a court session from September 27, 2000, to August 22, 2000, was decreed by the Determination of the Arbitrazh Court , dated August 15, 2000. The Determination, dated August 15, 2000, was not addressed to the persons, participating in the case ( including creditors in bankruptcy, in accordance with Article 32 of APC RF and Article 30 of Bankruptcy Law of RF), there by

violating the rules of the Articles 33 and 115 of APC RF. Thus, failure to notify all the persons, participating in the case, of the date and location of the court session, is followed by, in accordance with APC RF, anyway, the revocation of the Determination of the Arbitrazh Court for Sverdlovsk Oblast, dated August 22, 2000. Moreover, the practice of the Arbitrazh Courts shows, that failure to send a Determination on delay of the case hearing, with the notice of service, is an unconditional ground to revoke the decision of the Arbitrazh Court (The Decree of the Presidium of the Arbitrazh Court of Russian Federation, dated December 1, 1998. No. 1807/98, The Decree of the Presidium of the High Arbitrazh Court of Russian Federation, dated June 29, 1999, 751/99.)

III.

In accordance with Article 143 APC RF, bankruptcy cases of the corporations are tried by the Arbitrazh Court along the regulations, stipulated in APC RF, with special provisions, established in Bankruptcy (Insolvency) Law of RF. Thus, when rendering the Determination on bankruptcy procedure and appointing the administrator by arbitrazh, the Arbitrazh Court must find grounds in the documents of the case.

In accordance with Article 59 of Bankruptcy Law, p.4 Article 185 of Bankruptcy (Insolvency) Law, p.22 of the Decree of the Government of RF, dated April 4, 2000, No. 301, appointing of the interim trustee at OAO "Vanadiy" is made by the Federal Service of Russia on Insolvency and Financial Rehabilitation ( city of Moscow).

However, the materials of the case No. A60-4517/2000–C1 ( Bankruptcy of OAO "Vanadiy" on the petition of OAO "Kasnouralskmezhraygaz") carry evidence of nominating Kozyrev O.S. as interim trustee by FSDN for Sverdlovsk Oblast ( the letters of the Head of the Agency for Sverdflovsk Oblast of FSDN RF, dated February 24, 2000 No. 744/1-034, February 25, 2000, No. 750/1-034). Herewith, the letter of Fomin S.V. to the Presiding Judge of the Arbitrazh Court for Sverdlovsk Oblast, Shekutova M.I., mentions the case No. A60 – 3002/ 00-C1, which has no reference to the petition of OAO "Kasnouralskmezhraygaz" on recognition of OAO "Vanadiy" as bankrupt ( case No. A60-4517/00-C1).

Finding the documents, having no reference to the case No. A60-4517/00-C1, may not be ground for eligible appointment of Kozyrev O.S. as trustee in bankruptcy of OAO "Vanadiy", since the candidature of the interim trustee should be nominated by a State Body on Bankruptcy and Financial Rehabilitation, after the inquiry from the arbitrazh court within a week since the receipt of the above-mentioned inquiry. Herewith, the Arbitrazh Court for Sverdlovsk Oblast sent no statements to the main office of the Federal Service of Russia on Insolvency and Financial Rehabilitation ( city of Moscow), and there is no information on it in the documents of the case ( which is confirmed by the letter of Acting Presiding Judge of the Arbitrazh Court for Sverdlovsk Oblast Pletnev V.A. and acting Head of the Department of Federal Tax Police Service of RF for Sverdlovsk Oblast Semeshko A.A., dated May 25, 2000 No. ОЩ-21)

Moreover, the petitioner moved to the court on appointing Lazaev D.V. as trustee in bankruptcy. However, the petition filed was not considered by the Arbitrazh Court for Sverdlovsk Oblast. Kozyrev O.S. was appointed the interim trustee of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" without compliance with the due procedure of appointing, stipulated in Articles 59, 185 of Bankruptcy (Insolvency) Law of RF.

IY.

1. In accordance with Article 115 of APC RF, after opening the court session on August 22, 2000, the representatives of the Debtor, OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", Ashikhmina M.M. and Volnov V.V. submitted the powers of attorney to represent the interests of OAO "Vanadiy", signed by the Director General of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" – Khaidarov D.A. ; whose powers were approved by the Board of Directors of OAO "Vanadiy" , held on March 7, 2000. For its part, the eligibility of the decision , taken by the Board of Directors, was approved in the decision of Meshansky Mezhmunicipalniy Court in the city of Moscow, dated April 5, 2000.

Notarially authenticated copies of the above-mentioned documents were submitted to the Arbitrazh Court.

Concurrently, the powers of attorney to act in behalf of OAO "Vanadiy" , signed by Kozytsin A.A., were submitted to the Arbitrazh Court by Kolesnikov M.N., Grigorieva E.L., Polyanski A.M., Kabakhov E.A., Zakharishev E.N., Melukhova O.F., Dzhuraev A.X., Sukhomlin V.S.

Therefore, in order to consider the issue of eligibility of the persons, acting in behalf of OAO "Vanadyi", the Arbitrazh Court made a break. After 10 minutes break, the court rendered an oral Determination and held the documents and powers of attorney, signed by Kozytsin A.A., due.

Such a decision was rendered by the court on the ground, as it was stated in the Determination on enforcement of administration in bankruptcy, dated August 22, 2000, of other documents, confirming the authorities of the representatives under the power of attorney from Kozytsin A.A.

Thus, the court, when commiting itself with the decision , the consequencies thereof would affect the trial of the case pending, independently disputes the validity of the Decision of the Board of Directors at OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", dated March 7, 2000, and the Decision of Meshansky Mezhmunicipalniy Court in the city of Moscow, dated April 5, 2000., being grounded, when the decision was taken, on other documents!? Which documents in particular were submitted by the representatives, acting upon the powers of attorney, signed by Kozytsin A.A., was confirmed neither in the Determination, nor in the record of trial. It provides grounds for supposing that those documents had not been submitted to the court at all, and the court decreed the determination without reliance on the documents submitted.

In accordance with Article 140 of the Arbitrazh Procedure Code of the Russian Federation, the Determination decreed by the Arbitrazh Court as a separate act, should provide the grounds as well, for the court to have made its conclusions, with reference to the laws, and other statutory acts.

The conclusion of the Arbitrazh Court on the issue of the representatives of OAO "Vanadiy' being authorised under the power of attorney from Kozytsin A.A., does not only fail to comply with the rules of law, but immediately violates thereof.

- Moreover, there is a statement of the court at page 2 of the Determination dated August 22, that in trial of bankruptcy case representation of the Debtor enterprise **is insignificant?!** Howerver, in accordance with Article 30 of Federal Bankruptcy Law, the Debtor is the person,

involved in the case, and has rights and obligations , in accordance with Article 33 of the Arbitrazh Procedure Code of the Russian Federation, which may be exersised through the representatives therof. Consequently , the court decision auhorising the persons, under the power of attorney from Kozytsin A.A., to act as representatives of OAO "Vanadiy" is the violation of current procedural rules of law .

Thus, trial of the case absent proper representatives of the Debtor caused decreeing void determination.

Y. On August 22, 200 a group of creditors in bankruptcy filed complaints to the Arbitrazh Court for Sverdlovsk oblast, in compliance with Article 55 of Federal Bankruptcy Law, against the conduct of the interim trustee( available in the documents of the case in court), subject to his failure to notify bond creditors of the first meeting of creditors of OAO "Vanadiy", and thereby impairing their right to participate in the first meeting of creditors and to be nominated to the creditors' committee, and to approve further procedures ( compromise, administration in bankruptcy) with respect to OAO "Vanadiy".

Furthermore, the above-mentioned complaints said that to hold the First meeting of creditors on January 11, 2000 was contrary to law , since before holding the first meeting of creditors the participants of the meeting and the interim trustee had been served with a writ of execution , issued by Izmaylovskiy mezhmunicipalny rayon court of the city of Moscow, which banned holding the first meeting of creditors at OAO "Vanadiy".

The above-mentioned complaints were filed in order to save time for holding another one first meeting of creditors by the time of the court session on recognition of OAO "Vanadiy" insolvent (bankrupt) is over (under the Determination of the Arbitrazh Court for Sverdlovsk oblast, dated June 19, 2000, scheduled on September 27, 2000), and in case of granting thereof. When filing the above-mentioned complaints in the office of the Arbitrazh Court for Sverdlovsk oblast, the creditors were notified of postponing the case trial from September 27, 2000 to August 22, 2000.Thus illegal postponing of the trial of the case by the court , there was a violation of the creditors in bankruptcy ' rights to remedy. Furthermore, until now the Arbitrazh Court for Sverdlovsk oblast, in breach of Article 55 of Federal Bankruptcy Law, failed to rule a determination after considering the complaints.

YI.

When considering the bankruptcy case of OAO "Vanadiy", the court failed to check whether OAO "Krasnouralskmezhraygaz", before filing the petition, had taken any steps to collect due arrears otherwise than by proceedings in bankruptcy , in accordance with the available executions.

Herewith, the creditors were given only the copies of the invoices, payment orders, and reconciliation of mutual settlements, dated February 15, 2000, signed by Kozytsin A.A , on behalf of OAO "Vanadiy", (the person, whose powers were not ratified , as the Presidium of Sverdlovsk Oblast Court ruled a Decree, dated August 2, 2000, on the grounds of the Protest No. 45-B00- 5 from Supreme Court of RF, found the facts of violating the legislation when holding Boad of Directors of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" on January 28, 2000, where Kozytsin A.A. had been elected Director General.).

There are no other documents confirming the claim of arrears ( judgement, execution, decree on
execution proceedings etc.)

As OAO "Krasnouralskmezhraygaz" claims were not approved in the decision of the Arbitrazh Court, and the creditor failed to take steps to enforce the arrears, so, in accordance with Article 55 of Federal Bankruptcy Law, the Arbitrazh Court for Sverdlovsk oblast should have returned the creditor' petition. Furthermore the Presidium of Supreme Arbitrazh Court of Russian Federation, in its Letter of Information No 43 (p.3), dated August 06, 1999, stated, that the Arbitrazh Court should return the creditor' petitions unless he took steps to collect the arrears otherwise than by proceedings in bankruptcy, in accordance with the executions available. Thus, the highest instance rules that the creditor, filing a petition in execution proceedings , is bound to have an execution. Herewith, Article 7 of Federal Execution Proceedings Act provides a list of executions , and OAO "Krasnouralskmezhraygaz" possessed none of the list when filing a petition in bankruptcy against OAO "Vanadiy".

YII.

Due to the inquiries by a number of creditors to the Procuracy for Sverdlovsk Oblast , to the interim trustee, to FSFR RF about the investigation to reveal any features of willful bankruptcy of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", the latter issued the respective **Appraisal report.**

However, despite the fact that the creditors were delivered with the documents expressly evidencing in fact of willful bankruptcy at OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", namely a number of contracts with enterprises and banks , entered into by Kozytsin A.A and by Gruzdev A.G., authorized by the former, on behalf of OAO "Vanadiy".

On February 4, 2000, a Contract of Credit Line No. 10.3311.05 – KL\00, in the amount of 15 000 100 $ US for the period till February 3, 2001, was signed with AKB "Moskovsky Delovoy Mir". Simultaneously, the same day the parties made additional agreements to the contract No.1, 2, which specified the term for obtaining the credit just before February 8, 2000, in the amount of 5 000 100$ and before February 10, 2000, in the amount of 10 000 000$, respectively.

Furthermore, Krasnouralsky Copper Smeltary "Svyatogor" (hereinafter as OAO "Svyatogor") acted as a guarantor of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" under the above-mentioned Contract of Credit Line.

To secure the contract of guarantee, Gruzdev A.G., under the power of attorney, transferred to OAO "Svyatogor" 36 promissory notes of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", payable on demand, with nominal cost of 720 mln. roubles, amounted 434 569 023 roubles. Furthermore, there was failure of liabilities of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" to repay a credit to MDM Bank, therefore OAO "Svyatogor" has purchased a right of claim against the Integrated plant in the amount of redeemed credit.

In accordance with an agreement of recoil , a contract of pledge was terminated, previously assigned promissory notes, amounting 720 mln. roubles , were transferred into the ownership of OAO "Svyatogor'.

Afterwards, the above-mentioned promissory notes, in full amount, were transferred to OOO "Lebaut", the latter under the preliminary agreement with Kozytsin A.A. , draws the above-mentioned notes on OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" to be payable, and finally becomes Creditor in bankruptcy , having payabes due of 1 097 062 495. 31 roubles, as the interim trustee maintains.

The Appraisal report, dated August 18, 2000 N. 3-289 FFO RF says, that the above-mentioned Credit of Credit Line was concluded pending February 3, 2001, without no mention of the fact, that under the additional agreements to this contract, this term is over 4 days after or 6 days after the conclusion thereof respectively, i.e. on February 8, 2000 and on February 10, 2000.

Moreover, absence in the appraisal report of indications of willful bankruptcy at OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" is doubtful , since the given Apraisal report has been made on the letterhead of FSFO RF with the address, the number and other requisites, carries signatures of the executives from FSFO RF, unauthorized to sign this sort of documents, namely Galatchiants N.A., Deputy Head of the Department on judicial procedure, and Malashkin I.N., the Head of the Division. The Appraisal Report was not approved by any of the chief executives. It is also necessary to add, that the appraisal report on absence of indications of willful bankruptcy at OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" was authenticated by a seal of the Agency of FSFO for Sverdlovsk Oblast , which provides grounds, in accordance with p.2 of Article 52 APC RF, for denial of the Arbitrazh Court to examine the given document , and to verify the above-mentioned fact by the Procuracy .

All the above – mentioned provides grounds to assume, that the appraisal report on indications of willful bankruptcy at OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" was issued without due analysis of the situation and in violation of the Regulations of Public Agency FSFO RF.

Since, only on August 22, 2000, the given Appraisal report was presented by the interim trustee Kozyrev O.S., to the Arbitrazh Court exclusively, the persons, participating in the case managed to look through the document just atfer rendering by the court the Determination on enforcement of administration in bankruptcy at OAO "Vanadiy".

YIII.

In compliance with the requirements of Article 185 of CC RF , in order to represent the legal entity, the representative is provided with the power of attorney, on behalf of the legal entity, which is signed by the Head of the legal entity. The above-mentioned power of attorney is authenticated by the seal of the legal entity.

In compliance with the general rules of CC RF, the representative is not entitled to exceed the authorities , stipulated in the power of attorney. In case , the power of attorney states, that it was issued in order to represent the interests of the Principal in court, specifying the exact rights, which the Representative may exercise to act in behalf of the Principal, the representative may not exceed the stipulated authorities.

The first meeting of voting creditors represented the interests of 35 (thirty five) creditors ( a book of registration of voting creditors at the first meeting). However, the powers of attorney of part of the representatives, participating in the first meeting of creditors, and voting on the proposed issues, were drafted unduly:

1). The power of attorney to Mr. Gaymovitch Dmitry Anatolievitch , issued to him by "Sverdlovenergo", entitles him to act in behalf of AO "Sverdlovenergo", vesting in him the procedural powers of the Plaintiff, Defendant and the Third person. Exercising of the above-mentioned authorities is possible only in judicial bodies, and the bodies, enforcing the decisions of the court. However, it is necessary to add, that the decisions, taken at the first meeting of the creditors, are essential for all future bankruptcy procedures, and, consequently, the authorities of the persons, participating in the first meeting of creitors, must be duly legalized, in particular, there

should legalization of the authorities not only to participate in the first meeting, but the authorities to vote on the proposed issues aw well etc.

In this case, the power of attorney provides neither authorities required to act in behalf of AO "Sverdlovskenergo" at the first meeting of creditors, nor authorizing Mr. Gaymovitch D.A. to vote at the first meeting of Creditors, to adopt or to sign any decisions, adopted thereat, which could make AO "Sverdloenergo" liable in future.

2) The powers of attorney No.272 and No.285, issued to Mrs. Kalinina Natalya Anatolievna, to act in behalf of AO " Nizhnetagilskoe Montazhnoe Upravlenie "Vostokmetallurgmontazh", authorize her " to act in behalf of the Creditor , AO " Nizhnetagilskoe Montazhnoe Upravlenie "Vostokmetallurgmontazh", and to represent the Creditor in the Arbtrazh Court for Sverdlovsk Oblast. In accordance with p.2 of Article 64 of Bankruptcy (Insolvency) Law of RF , the participants of the first meeting of voting creditors are creditors in bankruptcy ( bond creditors). The authorities of the "Creditors in bankruptcy" are much broader than the authorities of the "Creditor". , in particular, only Creditors in bankruptcy may participate and vote in the first meeting of creditors. Thus, the authorities of Kalinina Natalya Anatolievna to participate in the first meeting of creditors are not legalized anyway.

3) The power of attorney, issued to Mrs. Idelson Galina Anatolievna, to act in behalf of OOO "Bolivar", authorizes her " to act in behalf of OOO "Bolivar" at the first meeting of the Creditors. The above-mentioned power of attorney fails to specify the authorities of Mrs. Idelson G.A. to vote at the first meeting of Creditors, thereby – the representative of OOO "Bolivar" is not entitled to vote on all the issues on the agenda of the first meeting of creditors.

Thus, the named representatives of the legal entities, having voted at the first meeting of creditors, were not properly authorized to participate in the first meeting of creditors, as well as to vote on all the issues on the agenda of the first meeting of creditors.

Moreover, Mr. Kalugin U.A., at the first meeting of creditors, acted concurrently as the representative of 12 (twelve) creditors of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar": ZAO "Uralskaya Meditsinskaya Strakhovaya Companya "Kamennyi Poyas", OAO PO "Sibirenergouglesnab", OAO "Uralski Institut Metallov", OAO " 2 CMU Uralmetallurgmontazh", OAO "PKP", ZAO "Uralskaya Teploenergeticheskaya Companiya", "Izbavleniye" - Sverdlovsk Public Organization of disabled, TOO "Tekhnolog", TOO "Sektor", OAO "Rudoprom", Industrial College in Alapaevsk, OOO "Bizon".

Mrs. Grigoryeva Ekaterina Dmitirievna, at the first meeting of creditors, acted concurrently as representative of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" – i.e. Debtor, and OOO " Progress" investment assosiation" – **Creditor.** Certainly , concurrent representation of Debtor and Creditor by the same person questions the unbiased character of the voting on all the issues on the agenda of the first meeting of creditors due to the conflict of interests between the Debtor and the Creditor.

Mr.Gulin Sergey Alexandrovitch at the first meeting of creditors, acted **concurrently** as representative of 5 (five ) creditors of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" : GUP "Muromsky Priborostroitelnyi zavod", OAO "Baranchinsky electromechanicheskyi zavod", OOO "Corporatsya CiV", ZAO "Urerl", OOO "Potok".

Mrs. Stepanchenko Tatyana Nikolaevna, at the first meeting of creditors of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", acted **concurrently** as

representative of 2 ( **two** ) creditors : OOO "Promyshlenno-stroitelnaya Companiya "GIP" and OAO "Krasnouralskmezhraygaz".

Due to the facts presented, it is not surprising that there was unanimous voting on all the issues on the agenda of the first meeting of creditors

Subjective representing of the creditors' interests, expressed in existing of multiple Principals in one Representative, as well as joining of interests of Debtor and Creditor in one representation – is another evidence of willful bankruptcy of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

The decision of the first meeting of creditors to enforce administration in bankruptcy was taken in violation of the rules of law, which questions the very decision of the first meeting of creditors – to enforce administration in bankruptcy, and thereby commences bankruptcy proceeding against OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar". The decision of the first meeting of creditors , composed of ineligible members ( with participation in the first meeting of creditors and voting on the issues of the agenda of the creditors, whose claims were not based on pecuniary liabilities) – gives rise to no legal consequences.

Thus , the Arbitrazh Court for Sverdlovsk oblast failed to examine the facts in the case sufficiently enough, and was not entitled to rely upon void decision of the first meeting of creditors in its Determination.

IX.

In accordance with Article 66 of Federal Bankruptcy Law, the first meeting of creditors should decide on enforcement of administration in bankruptcy with the interim trustee being nominated.

In accordance with Article 64 of Federal Bankruptcy Law, the voters at the first meeting of creditors are the creditors in bankruptcy, as well as taxation bodies and other eligible bodies;

1) the claims therof under the current Federal Law were held calculated and referred to the interim trustee;
2) the amount of the claims therof was set by the Arbitrazh Court subject to the challenges of the Debtor on the creditors' claims before the first meeting of creditors.

In accordance with Article 2 of Federal Bankruptcy Law : "the creditors in bankruptcy are bond creditors, except for the persons to whom the Debtor is liable for injuring life and health..."

However, not all the claims of the creditors, participating in the first meeting of creditors and voting on the issues of the agenda, were based on pecuniary liabilities:

1) The conract made between OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and OOO "Bolivar" No.171, dated June 19,1998, is the cause of claim of OOO "Bolivar" against OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" – a contract of mutual deliveries of the production ( **a contract of exchange**), which provided paying for delivered lubricants being made by counter-delivery of waste products – crushed rock.
2) The contracts between OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and OAO "Shadrinsky Plant for repairing locomotives" failed to make a provision of the liability of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" to pay for delivered spare parts in money. **Payment** was made by counter-delivery of its own produce, metal rolled stock followed by signing of document of setoff of mutual liabilities (**a contract of exchange**). The final amount of the claims of OAO "Shadrinsky Plant for repairing locomotives" against OAO "Vanadiy" Mining &