Concentration Integrated Plant in the city of Kachkanar" had not been calculated by the time of the first meeting of creditors, thereunder Juraev, the Chief Legal Executive of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" suggested OAO "Shadrinsky Plant for repairing locomotives" to file to the Arbitrazh Court to liquidate the amount of the claim. Until now the dispute over the amount of the claim of OAO "Shadrinsky Plant for repairing locomotives" against OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" was not settled by the Arbitrazh Court for Sverdlovsk oblast, the amount of the claim of the Integrated Plant against the Plant was not liquidated.

3) The contracts between OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and Severouralsk Printing Office of Serovsky Polygraphic Assossiation "Sever" had a provision of paying for delivered printings by counter-delivery of products followed by signing of a document of setoff of mutual liabilities (a **contract of exchange**). The final amount of the claims of Severouralsk Printing Office against OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" had not been specified by the time of the first meeting of creditors, thereunder Juraev, the Chief Legal Executive of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", suggested Severouralsk Printing Office to file to the Arbitrazh Court to liquidate the amount of the claim. Until now, the dispute over the amount of the claim of Severouralsk Printing Office against OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" had not been settled by the Arbitrazh Court for Sverdlovsk Oblast, the amount of the claim of the Integrated Plant to the Printing Office – unliquidated.

4)    The contract No. 37/43, dated May 5, 1997, made between OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and unitary enterprise "Verkhneturinsky Mashinostroitelny Zavod" , thereunder the claim of "Verkhneturinsky Mashinostroitelny Zavod" is grounded, provides payment for the produce delivered by counter- delivery ( a contract of exchange). Thus, payment for the produce delivered....................The remaining amount of arrears of the Integrated plant to the Plant is unliquidated.

5)    The contract No.297, dated October 10, 1996, made between OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and AO "Uralstinol", thereunder the claim of AO "Uralstinol" is grounded - a contract of " counter –delivery of the produce" (a contract of exchange). Neither settlement in money, nor advance payment are stipulated in the above-mentioned contract between the parties. Such relationship may not be recognized as pecuniary, and therefore, AO "Uralstinol" is not a Creditor in bankruptcy of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

6)    The contract No.65, dated July 1, 1998, made between OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and OAO "Magnitogorsky Metallurgic Integrated Plant ", thereunder the claim of OAO "Magnitogorsky Metallurgic Integrated Plant " is grounded - "a contract of counter –delivery", therein counter-delivery of metal production is provided instead of payment. Thus, a contract of exchange is mentioned, and therefore, OAO "Magnitogorsky Metallurgic Integrated Plant " " is not a Creditor in bankruptcy of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

7)    The contract made between OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and OAO "Rudprom", No.95 –5 , dated December

27, 1994, in accordance with the additional agreements to the present contract, provides payment foor the services of OAO "Rudprom" by delivery of rolled stock of metal to the requisites, specified by OAO "Rudprom". Such relationship may not be recognized as pecuniary, and therefore, OAO "Rudprom" is not a Creditor in bankruptcy of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

Thus not all the Creditors, participating in the first meeting of creditors and voting on the proposed issues on enforcement of administration in bankruptcy and appointing of the administrator in bankruptcy - Kozyrev O.S., were Creditors in bankruptcy, thereby they were not entitled to vote on all the issues, discussed at he first meeting of creditors.

Having approved of the decision of the first meeting of creditors, adopted in the ineligible composition of the participants thereof, and thereby prejudicing the rights of other Creditors, the Arbitrazh Court for Sverdlovsk Oblast rendered the Determination, prejudicial to the rights of the Creditors, whose claims were not included into the Register of the timely filed claims, and whose votes were disregarded when voting at the first meeting of creditors.

X.

In course of supervising by a number of Creditors of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", in accordance with p.1 of Article 63 of Bankruptcy (Insolvency) Law of RF, the Debtor was claimed

1. On May 26, 2000, OOO "Zapsibgazprom" put forward a claim No. 82, in the amount of 52 853, 51 roubles. On June 5, 2000, in accordance with p.2 of Article 63 of Bankruptcy Law RF, the Debtor filed a challenge on the Creditor's claim to the Arbitrazh Court for Sverdlovsk Oblast, to the interim trustee of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and to the Creditor, as well.

Therefore, in compliance with Article 46 of Bankruptcy Law RF, the Arbitrazh Court is liable for verifying the grounds for the challenges of the Debtor no later than a month before the date fixed for trial of the case in bankruptcy. Thus, the Arbitrazh Court for Sverdlovsk oblast, in accordance with Article 140 APC RF, has to render the Determination on acceptance or rejection of the petition (challenges) of the Debtor. However, taking into account, that the Challenge was filed to the Arbitrazh Court on June 13, 2000, the court failed to conduct procedural acts, and consequently, the claims of the Creditor could not be established, as it is required under the laws.

Nevertheless, due to unclear reason, OAO "Zapsibgazprom" participated in the first meeting of creditors of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", having the right of vote, and voted on the issue of enforcement of the administration in bankruptcy.

The documents of the case No. A60-4517\00 –CI contain the petition of the Debtor to waive the challenges on the creditor's claim, signed by the representative of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" Grigorieva E.L. Due to the fact, that the waiver of the Debtor's challenges, asserted by the Debtor himself, prejudiced the rights of the shareholders, the Arbitrazh Court for Sverdlovsk oblast, in accordance with p. 4 of Article 37 APC RF, did not have legal grounds to accept the waiver of the challenges, asserted by the Debtor, and was liable for considering the dispute over the asserted claims on the merits. However, the dispute was not tried on the merits of

the asserted claims, thereby the rights of the shareholders of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" were substantially impaired.

2. On May 24, 2000, the Debtor (OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar") filed challenges to the Arbitrazh Court for Sverdlovsk Oblast on the claims of OAO "Azot". According to the challenges of the Debtor, the Creditor's claim amounted 326 051 ( three hundred twenty six thousand fifty one) rouble 98 copecks, however on the information of the Debtor, OAO "Azot" is an arrears of 241 347 (two hundred forty one thousand three hundred forty seven) roubles 40 copecks, to OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar". On the challenges filed by the Debtor 3. In answer to the the claims of OOO PKP "Metakon", the Debtor - OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar". After the Debtor filed the challenges, there was no Determination rendered by the Arbitrazh Court for Sverdlovsk Oblast on calling on a case to consider the challenges. There was no evidence provided either by the Debtor, or by the Creditor to the Arbitrazh Court for Sverdlovsk Oblast showing the amount of the arrears of 326 051 ( three hundred twenty six thousand fifty one) rouble 98 copecks. The dispute over the amount of the arrears of the Integrated Plant to OAO "Azot" has not been settled in the Arbitrazh Court .

On all the above-mentioned challenges of the Debtor, the Arbitrazh Court for Sverdlovsk Oblast failed to have any hearing on the dispute over the amount of the arrears, the dispute over the amount of the arrears was not settled by the Arbitrazh Court for Sverdlovsk Oblast, therefore, the above-mentioned arrears : OOO "Bolivar", OAO "Shadrinsky Plant for repairing locomotives", Severouralsk Printing Office of Serovsk Polygraphic Assosiation "Sever" , unitary enterprise "Verkhneturinsky mashinostroitelny zavod" and OAO "Azot" to OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" are considered to be unspecified.

3. In answer to the claim of OOO PKP "Metakon", the Debtor Debtor - OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" , submitted challenges to the court , thereunder the Debtor challenges the claims of OOO PKP "Metakon" on the grounds of lack of legal relationship between the parties. The Debtor proves its challenges by lack of regulations. Neither contracts, nor documents of indebtedness reconciliation were submitted. The Arbitrazh Court for Sverdlovsk oblast failed to hold a session on the challenges claimed , thereupon the claims of OOO PKP "Metakon" may not be considered adjudicated. Nevertheless, the Arbitrazh Court for Sverdlovsk oblast groundlessly agreed to the Debtor's waiver of his challenges, thereby the claims of OOO PKP "Metakon" were unlawfully included into the register of creditors' claims, and the representative of OOO PKP "Metakon"unlawfully participated in the first meeting of creditors.

4. In answer to the claims of ZAO " Imeny V.P.Chkalova", the Debtor - OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" submitted challenges to the court , thereunder the Debtor challenges the claims of ZAO "Imeny V.P.Chkalova", considering him improper creditor. In his challenges the Debtor states that according to the documents submitted the right of claim against OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" is vested in collective farm "Signalnyi". The above-mentioned challenges of the Debtor were filed to the Arbitrazh Court for Sverdlovsk oblast on June 2, 2000, however no session of the Arbitrazh court was held on the challenges claimed by the Debtor. The Arbitrazh Court for Sverdlovsk oblast groundlessly agreed to the Debtor's waiver of his challenges, thereby the claims of ZAO " Imeny V.P.Chkalova", were unlawfully included into the register of creditors'

claims, and the representative of ZAO " Imeny V.P.Chkalova" unlawfully participated in the first meeting of creditors.

5. On June 6, 2000, the Debtor (OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar") filed challenges ( No.4007- 68 , dated June 1, 2000) to the Arbitrazh Court for Sverdlovsk oblast against the claims of ZAO " Uralstinol".

The contract made between OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and ZAO " Uralstinol" No.297 , dated October 10, 1996, which is the ground of ZAO "Uralstinol" claim  - is a contract of  "counter-deliveries of the production" ( a contract of exchange). Neither <u>monetary settlements</u>, nor advance payment were provided in the above-mentioned contract between the parties. Such relationship may not be qualified as pecuniary", and, consequently, ZAO "Uralstinol" is not a creditor in bankruptcy of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

Inspite of  filing the Debtor's challenges , the Arbitrazh Court for Sverdlovsk oblast failed to adjudicate Determination on calling on a case. The case  documents lack  evidence of  the time when the  the Debtor 's petition of  waiver of challenges  was received by  the Arbitrazh Court for Sverdlovsk oblast. Since the waiver of the Debtor' challenges,  stated by him impairs the shareholders' rights, the Arbitrazh Court for Sverdlovsk oblast failed to try the merits of the dispute as it is required  in p.4  of Article37 of APC RF.

Thus, failure to comply with the rules of procedural law  by the Arbitrazh Court for Sverdlovsk oblast ( th requirements of  p.4  of Article37 of APC RF) contributed to increasing in accounts payable by OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", which in its turn caused willful bankruptcy of the Integrated Plant.

7. On June 9, 2000, the Debtor (OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar") filed challenges ( No.4007- 76, dated June 2, 2000) to the Arbitrazh Court for Sverdlovsk oblast against the claims of OAO " Rudgormash".

The contract made between OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and OAO " Rudgormash" No.451, dated May 14, 1997,  which is the ground OAO "Rudgormash" claim  - is a contract of  "counter-deliveries of the production" ( a contract of exchange), thereunder  in consideration of  the delivery of separators by OAO " Rudgormash", OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" undertakes to deliver metal rolled stock   quarterly. Such relationship may not be  qualified as pecuniary , and, consequently, OAO " Rudgormash " is not a creditor in bankruptcy of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

Inspite of  filing the Debtor's challenges , the Arbitrazh Court for Sverdlovsk oblast failed to get down to  trying  the merits of the dispute ( there was no adjudication on the issue that the contract  between OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and OAO "Rudgormash" No.451, dated May 14, 1997,  is a contract of exchange and, consequently , in such a case there is no mention of pecuniary obligation ), the Arbitrazh Court for Sverdlovsk oblast dwelt on the fact that "the Debtor allegedly  challenged only  the form of filing a claim, alleging that it is the claim and not the pretention, that the Creditor should file against the Debtor.

Thus, the subject matter of the court trial was not mentioned at all. Judge Kazantseva was so negligent that under the Determination , dated July 24, 2000 (Case No.A60 – 4517/2000-C1), it was not the pecuniary obligation, being the subject matter of this trial , and failed to be tried in a session,

that was "automatically" transformed into pecuniary, but OAO "Rudgormash" – a creditor in bankruptcy of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

8. On May 25, 2000, the Debtor (OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar") filed challenges ( No.4007- 17, dated May 16, 2000) to the Arbitrazh Court for Sverdlovsk oblast against the claims of OAO PSP "Katav-Ivanovsky Engineering Plant".

The contract No.4, dated August 31, 1993, made between OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and OAO PSP "Katav-Ivanovsky Engineering Plant" , thereunder the claim of OAO PSP "Katav-Ivanovsky Engineering Plant" is grounded – a contract of counter-delivery ( a contract 0f exchange). However, in settlement of the dispute over the claims filed by OAO PSP "Katav-Ivanovsky Engineering Plant", the Arbitrazh Court for Sverdlovsk Oblast confirmed, that the contract between between OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and OAO PSP "Katav-Ivanovsky Engineering Plant", No.4, dated August 31, 1993, is a contract of exchange. However, insufficient delivery of the goods on the above-mentioned contract on the aprt of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", with reference to the Articles 567, 456 of CC RF, under the Determination of the Arbitrazh Court for Sverdlovsk Oblast, dated June 9, 2000, was held by the court as pecuniary obligation by mistake. In accordance with the Article 567 of CC RF , under the contract of exchange, "each party undertakes to transfer into the ownership of another one some goods in exchange for other ones". The rules of Chapter 30 of CC RF ( contract of bargain and sale) is applicable in the contract of exchange only with reference to obligations of the parties in delivery of the goods. In accordance with Article 568 of CC RF he goods are recognized as equivalent . In case the goods were not recognized as equivalent initially , the contract stipulates the difference in price. Neither Article 568 of CC RF, nor a contract of exchange No. 4, dated August 31, 1993 , provided, that in case of insufficient delivery , the balance of nondelivered goods should be paid by the party in money. Groundless conclusion of the court , that insufficient delivery of the goods must be compensated in money – contradicts the essence of the contract of exchange, and can not transform a commodity obligation into a pecuniary one. Thus, the obligation between OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and OAO PSP "Katav-Ivanovsky Engineering Plant", grounded on the contract No.4, dated august 31, 1993 is not a pecuniary obligation, and , consequently, OAO PSP "Katav-Ivanovsky Engineering Plant" is not a creditor in bankruptcy of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

Thus , failure to apply the rules of substantive law , subject to application, by the Arbitrazh Court for Sverdlovsk Oblast , as well as improper interpretation of the rules of substantive law resulted in a wrong conclusion on the relationship between the parties, made by the Arbitrazh Court, and was followed by rendering a number of Determinations prejudicial to the rights and legal interests of the shareholders of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", increasing the amount of payables of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", which in its turn contributed to willful bankruptcy of the Integrated Plant.

XI.
Chapter 15 APC RF provides a procedure of developing a case for trial. In accordance with Article 63 of Bankruptcy (Insolvency) Law determination of the creditors' claims is a separate procedure of the arbitrazh trial , within the framework of trial of the case in bankruptcy, conducting

thereof is in full compliance with the rules of APC RF. However the requirements of Chapter 15 of APC RF were not met when the challenges of the Debtor on the creditors' claims were accepted by the Arbitrazh Court .

Due to disagreement available on the claims filed, the Debtor submitted challenges to the Arbitrazh Court for Sverdlovsk Oblast. In accordance with Article 113 of APC RF, the Arbitrazh court for Sverdlovsk Oblast was liable for rendering the Determination on developing the case for trial , with indication , to the persons, participating in the litigation , of the acts necessary to be conducted to remove – which particular documents they must submit to the court trial to settle the challenges on the merits.

Despite such an obligation of the court, the court decrees a judicial act, in which it states, that lack of required documents is the ground for non-acceptance of the challenges, filed by the Debtor. In accordance with p.1 of Article 13 of APC RF the Arbitrazh Court renders judicial acts in the form of decisions, determinations, decrees, therefore, the above-mentioned judicial acts of the Arbitrazh Court for Sverdlovsk Oblast were rendered in the form of Determinations.

Article 87 APC RF provides a clear list of conditions, in which the Court is entitled to have the suit without consideration . This list of grounds is complete and is not subject to broad interpretation. As well APC RF lacks the grounds for refusal to accept the challenges, due to absence of the contracts , legalizing the arrears, the powers of attorney, legalizing the authorities of the representatives and other documents, providing grounds for the conduct of the Debtor.

Moreover, under the letter of the Arbitrazh Court on return of the challenges No.4007 – 4, dated May 3, 2000, No. 4007 –6 dated May 5, 2000 , No.4007 - 5, dated May 6, 2000, No.4007- 7, dated May 10, 2000, No.400 –11 , dated May 12, 2000, one of the grounds for refusal in acceptance of the Debtor's challenges on the creditor's claim was stated – lack of documents , confirming the authorities of the person, who had signed the challenges. Still, the documents of the case provide the power of attorney to Dzhuraev A.X., who signed all the challenges on behalf of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

Thus, failure to settle the situation with the challenges of the Debtor for consideration ,'and failure to try on the merits the disputes available, based on the above-mentioned claims of the Creditors, may not make these claims be held specified . The Creditors with unspecified claims , as well as with the claims arising out of not pecuniay obligations could not be participants of the first meeting of creditors, and moreover paticipate in the voting on the issues crucial to the future of the company.

## XII

.On July 3, 2000 The Arbitrazh Court for Sverdlovsk Oblast accepted 32 petitions on waiver of the challenges against the creditors' claims, asserted n the due order of Article 63 of Bakuptcy Law RF. It was preceeded by the following.

Within the period since May 2000, the Debtor, in accordance with Article 63 of Bankruptcy law RF, was addressed with claims to acknowledge the existing arrears. In his turn, the Debtor filed the challenges against the claims to the Arbirazh Cout for Sverdlovsk Oblast ( there are notes of receipt ) , to the interim trustee of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

Due to it , the Arbitrazh Court for Sverdlovsk Oblast, on the ground of p. 3 Article46 of Bankruptcy Law RF, scheduled the session on verification of the basis for these claims. The above-mentioned session had to be scheduled and held in accordance with the rules of APC RF, including on he rounds of Article 106 of APC RF the Determination on accepting the case(challenges) for consideration and developing the case for trial had to be rendered. Following the results of

verification of the basis for the Debtor's challenges, the Determination was rendered, which stated the amount of the Creditors' claims with respect thereof the Debtor's challenges were held groundless.

When filing to the Arbitrazh Court the Debtor's challenges to the claims of 32 creditors (according to the register appendixed) in violation of the procedural rules of APC RF the court failed to issue a Determination, in accordance with Article 106 APC RF, as well the court failed to take any procedural acts in scheduling , holding and trial of the Debtor's challenges.

The case documents comprise the Debtor's waiver of his challenges to the claims of 32 creditors (according to the register appendixed), thereby the Debtor admits their claims in the specified amount.

However, waiver of his challenges to the claims of the creditor may be asserted by the Debtor only in the process of trying each particular challenge of the creditor, thereunder the Arbitrazh Court, in accordance with p.6 Article 85 APC RF, may terminate the case, but only if the waiver of the claim was approved by the Arbitrazh Court.

The case documents comprise no evidence of trial of the claims of 32 creditors in the Arbitrazh Court.

All the above-mentioned facts show that the Arbitrazh Court for Sverdlovsk oblast, when trying the Debtor's challenges, failed to adhere to the current legislation, and as a result , in violation of Articles 46,43 of Federal Bankruptcy Law, the creditor's claim , after being challenged by the Debtor, was determined not in the Arbitrazh Court , but by the Debtor himself.

Thereby, it caused misrepresentation of the actual amount of the payables, as well as the number of creditors in bankruptcy of OAO "Vanadiy".

Thus, 32 creditors, namely:

OAO "Cheboksarsky Assembly Plant", OOO "Konor", TOO "Gamma Ltd", OAO "Zlatoustovskoe Rudoupravlenie", OOO "Transstroizapchast", OAO "Uralkhimmash", GUP "Muromsky Instrument Engineering Plant", Mining Institute, GUP "Verhneturinsky Engineering Plant", OAO " Uralsky Institute of Metals", Nizhnetagilskaya zonalnaya vetlaboratory", OAO "Sverdlovsky Tools Plant", OO "Luch", OAO "Rudoprom", ZAO "Uralstinol", OOO "Metakon", OOO "CEE "Taxes and Financial Law", OOO "Alter", OOO "ZBK – 1" , OAO " Kurgansky Wheeled Tractors Plant "Rusich", MUP Hotel Oktyabrskaya, ZAO collective farm im.Chkalova, Uksyanskaya poultry farm, OAO ZAPCIBgasprom, OAO Kuznetskyi metkombinat etc, according to the register,

whose claims were determined by the Debtor in breach of Federal Bankruptcy Law, were entitled to participate in the first meeting of creditors of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", and moreover to vote thereat, only after adjudication of the Determination of the Arbitrazh Court for Sverdlovsk oblast to hold the Debtor's claims groundless ( it has been done with respect to other creditors).

Therefore, all the decisions taken at the meeting of creditors on August 11, 2000, with the participation of the above-mentioned creditors should be unlawfull and void.

The Arbitrazh Court for Sverdlovsk oblast, in accordance with Articles 59, 60 APC RF, having examined the documents, submitted by the interim trustee Kozyrev O.S., failed to take into account material evidence in the case trial, which is substantial and could affect the future judgement of the court.

XIII.

1.The documents of the case No. A60 – 4517/00 –C1 contain a lot of papers, including the Debtor' challenge against the claim of OOO "Lebaut" in the amount of 1 097 062 690, 47 roubles.

Such a challenge was filed by the Debtor on May 12, 2000 , as it is evidenced by the requisites on the document.

The Arbitrazh Court for Sverdlovsk oblast accepted the document on May 18, 2000.

As well, for the period of May 2000, the Arbitrazh Court for Sverdlovsk oblast accepted the Debtor's challenges against the claims of the following enterprises:

- OOO "Bryanskpodshipniltorg", accepted by he Arbitrazh court on May 12, 2000.
- TOO " firm "Sektor", accepted by he Arbitrazh court on May 10, 2000.
- Serovsky Polygraphic Assossiation "Sever", accepted by the Arbitrazh court on May 15, 2000.
- OAO "Shadrinsky Plant for repairing locomotives", accepted by he Arbitrazh court on May 18, 2000.

2. OAO "Cheboksarsky Assembly Plant" filed a copy of the claim in the amount of 371 271, 48 roubles, which was accepted by the Arbitrazh court on May 17, 2000.

- ZAO UMSK "Kamennyi poyas" filed a copy of the claim in the amount of 129 114 roubles, which was accepted by the Arbitrazh court on May 17, 2000.

GUP "Novosibirskyi Strelochnyi zavod" filed a copy of the claim in the amount of 726 143, 30 roubles, which was accepted by the Arbitrazh court on May 17, 2000.

- PKP "Metakon" " filed a copy of the claim in the amount of 43204,10 roubles, which was accepted by the Arbitrazh court on May 23, 2000
- OAO "NTMU Vostokmetallurgmontazh" filed a copy of the claim in the amount of 3 584 037, 51 roubles, which was accepted by the Arbitrazh court on May 22, 2000.
- Kurgansky Wheeled Tractors Plant filed a copy of the claim in the amount of 839,10 roubles, which was accepted by the Arbitrazh court on May 22, 2000.
- OAO "EteL" filed a copy of the claim in the amount of 2207.52 roubles, which was accepted by the Arbitrazh court on May 22, 2000.
- Muromsky Instrument Engineering Plant filed a copy of the claim in the amount of 239 399.74 roubles, which was accepted by the Arbitrazh court on May 25, 2000.
- MUP Uksyanskaya poultry farm filed a copy of the claim in the amount of 6684.59 roubles, which was accepted by the Arbitrazh court on May 17, 2000.

The documents of the case also contain other papers dated before May 25, 2000.

However, Federal Tax Police Service of RF for Sverdlovsk oblast filed an inquiry No.2/3967, dated May 24, 2000, in the name of Shekutova M.I. , the Presiding Judge of the Arbitrazh Court for Sverdlovsk oblast, to present copies of the documents of the case No.A60 – 4517/00 –C1.

On May 25, 2000 the Response signed by Pletnev V.A., <u>Deputy</u> Presiding Judge of the Arbitrazh Court for Sverdlovsk oblast, addressed to FTPS RF stating that , all the documents of the case No. A60 –4517/00-C1 are composed of the Petition and Determination on developing the case for trial .

Thus, being grounded on a statement of the absence of the documents in the case on May 25, 2000 , made by the person, acting as Presiding Judge of the Arbitrazh Court for Sverdlovsk Oblast, the fact that the Arbitrazh Court for Sverdlovsk Oblast accepted the Creditors' claims and the Debtor's challenges within the timeframe, stipulated in p1. of Article 63 of Bankruptcy Law RF, is doubtful..

Due to it, in case of missing a month period to file the Creditor's claims to the Debtor , the former loses the opportunity to participate in the first meeting of creditors and vote.

Taking into account that under the above-mentioned list of enterprises, part thereof , including OO "Lebaut" , participated in the voting on the issue of enforcing administration in

bankruptcy at OAO "Vanadiy , and voted for enforcement thereof, it can be assumed that, participation of those enterprises in the first meeting of creditors and all the decisions taken with their participation are void, since they were taken in violation of the laws.

On the ground of the above-mentioned ·, taking into account that the Arbitrazh Court for Sverdlovsk Oblast, when considering the bankruptcy case (insolvency) of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar, failed to investigate into all the circumstances crucial to the case, as well:

    1.    Taking into account, that , when considering he case, the Arbitrazh Curt disregarded , that:

    a) Kozyrev O.S. was appointed the interim trustee of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar without grounds, contrary to the current rules of law, all the conduct of Kozyrev O.S. in the position of the interim trsustee may not be considered eligible.

    b)    the documents submitted prove the indications of willful bankruptcy of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar.

    c) the first meeting of creditors of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" was held in violation of the rules of law

    d) the session of the Arbitrazh Court for Sverdlovsk Oblast , dated August 15, 2000, and rendering the Determinaion on delay of the trial of the case on recognition of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".as bankrupt for August 22, 2000, was held when most of the creditors were absent, in violation of the rules of procedural law. In particular, n violation of the rules, stipulated in Articles 33, 37, 115, 120, 142 of APC RF.

2. The Arbitrazh Court violated and wrongfully applied  the rules of substantial and procedural law, which followed by wrongfull rendering of the Decision (Determination) by the Court,

As well as in accordance with Article 46 of the Constitution RF , Articles 2, 4, 5, 11, 14, 20, 21, 23, 25, 28, 29, 30, 46, 48, 55, 56, 61, 63, 64, 68, 185 of Bankruptcy (Insolvency) Law RF, Article 185 of CC RF,

Decree of the Government of RF, dated February 17, 1998, No.202, Decree of the Government of RF, datedDecember 25, 1998, No.1544, Instruction of FSDN RF, dated March 31, 1999, No.13-p,

Being guided by Articles 2, 4, 7, 32, 33, 37, 47-50, 52, 54, 56, 57, 59, 60, 87, 112,113, 114-118, 120, 124, 127, 140, 145, 147, 148, 149, 155, 157, 158, 159 of APC RF, by Letter of Information BAC, dated August 9, 1999, No.43

WE request:

    1. To revoke the Determination of the Arbitrazh Court for Sverdlovsk Oblast in the case No. A60-4517/2000, dated August 22, 2000, in bankruptcy (Insolvency) of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" completely.

2.  To deny in the Petition of OAO "Krasnouralskmezhraygaz" on recognition as bankrupt (insolvent) of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

Appendicies:

1.  An original of the Receipt of paying a State due
2.  An Original of the Register off creditors (Evidence of dispatching to the persons, participating in the case)
3.  A copy of the Determination, dated August 22, 2000.
4.  A copy of Objection No. 45-B00 –5, dated July, 2000/
5.  A copy of the Decree of the Presidium of Oblast Court for Sverdlovsk Oblast, dated August 2, 2000.

Director of OOO "LENEX"                                    S. Vuitch

General Director of OOO "NEXIS"                           K.A.Ivanov


## ARBITRAZH COURT
## in SVERDLOVSK OBLAST
## DETERMINATION

City of Ekaterinburg                                    Case No. A60-4517/00-C1
January 15, 2001

Appellate Instance of the Arbitrazh Court for Sverdlovsk oblast, in the composition of:
**Presiding Judge:** Tsvetkova C.A.,
**Judges:** Bikmuhametova E.A., Strelnikova G.I.

### Have considered in the court session the appeal complaint of

OOO "Lenex" and OOO "Nexis" in the case No. A60-4517/00-C1 concerning the Determination dated August 22, 2000, on enforcement of administration in bankruptcy.

Арбитражный суд Свердловской области

620219, г. Екатеринбург,
проспект Ленина, д. 34

Заявитель: Открытое акционерное общество «Красноуральскмежрайгаз»

624330, Свердловская область,
г. Красноуральск, ул. Устинова, д. 34

Должник: 1. ОАО «Качканарский горно-обогатительный комбинат «Ванадий»

624356, Свердловская область,
г. Качканар, ул. Свердлова, д. 2

2. Арбитражный управляющий
Козырев О.С.
624356, Свердловская область,
г. Качканар, ул. Свердлова, д. 2

Конкурсные кредиторы
подавшие апелляционную жалобу:
1. ООО «Ленки»
109240, г. Москва, ул. Яузская,
д. 8, стр.2, офис 6

2. ООО «Нксон»
109072, г. Москва, Болотная площадь, д. 4, стр. 1, оф. 37

Разослано:
Конкурсные кредиторы  и лица,
участвующие в деле-  в соответствии с Реестром

госпошлина 420 рублей

Апелляционная жалоба
на определение Арбитражного суда Свердловской области
от 22 августа 2000 г. по делу № А60-4517/2000-С1

22 августа 2000 г. Арбитражный суд Свердловской области в составе Председательствующей Казанцевой Н.В., судья Микушиной Н.В., Платоновой Е.А. вынес определение по делу № А60-4517/2000-С1 о введении на ОАО «Качканарский горно-обогатительный комбинат «Ванадий» (далее ОАО «Ванадий») внешнего управления сроком на 1 (один) год. Считаем, что указанное определение вынесено с нарушением норм материального и процессуального права по следующим причинам:

I.   Определением Арбитражного суда Свердловской области от 30 марта 2000 г. было принято заявление ОАО «Красно-уральскмежрайгаз» о признании ОАО «Качканарский ГОК «Ванадий» несостоятельным и назначено судебное заседание на 19 июня 2000 г..

Однако в соответствии с заявлением временного управляющего Козырева О.С. Арбитражный суд Свердловской области вынес определение от 19 июня 2000 г. об отложении рассмотрения дела на 27 сентября 2000 г. (в соответствии со статьей 120 АПК РФ).

Далее, 15 августа 2000 г. Арбитражный суд Свердловской области в составе Председательствующей Казанцевой Н.В., судья Микушиной Н.В., Платоновой Е.А. выносит Определение об отложении рассмотрения дела с 27 сентября 2000 г. (не на поздний срок, как это должно следовать из положений статьи 120 АПК РФ), а на 22 августа 2000 г. При этом формулировка «с учетом сложившихся обстоятельств» звучит менее чем убедительно.

Данное определение от 15 августа 2000 г. незаконно по следующим основаниям:

1) в статье 120 АПК РФ содержится перечень случаев, когда дело откладывается. Такими являются случаи: когда оно не может быть рассмотрено в данном заседании, в том числе в следствии неявки кого-либо из лиц, участвующих в деле, свидетелей, экспертов, переводчиков или необходимости представления дополнительных доказательств. Данный перечень является исчерпывающим и расширению не подлежит. При этом в нем отсутствует формулировка предложенная Арбитражным судом Свердловской области «С учетом сложившихся обстоятельств».

2) статья 120 АПК РФ расположена в главе 16 АПК РФ (Судебное разбирательство). Таким образом Арбитражным судом Свердловской области должны быть применены обязательные условия, характеризующие данную стадию процесса, а именно суд должен был проверить явку лиц, участвующих в деле, и иных участников арбитражного процесса в заседание, их полномочия, извещены ли надлежащим образом лица, не явившиеся в заседание, и какие имеются сведения о причинах их неявки (ст..115 АПК РФ); Арбитражный суд Свердловской области указанные процессу-

альные действия не произвел, лиц, участвующих в деле о дате заседания 15 августа 2000 г., не известил. Данным бездействием суд нарушил положения статьи 7 и главы 16 АПК РФ.

Заседание Арбитражного суда Свердловской области не могло состояться 22 августа 2000 г. также по нижеследующим обстоятельствам:

1) Во время судебного заседания 22 августа 2000 г., назначенного незаконным определением Председательствующей по делу судьей Казанцевой Н.В., не было проверено извещены ли надлежащим образом лица, не явившиеся в заседание, чем нарушены статьи 7 и 115 АПК РФ. Правомерное требование ряда кредиторов об отложении дела вследствие их не уведомления надлежащим образом, арбитражным судом было проигнорировано.

2) Дату заседания с 27 октября 2000 г. на 22 августа 2000 г. Арбитражный суд отложил Определением от 15 августа 2000 г. В адрес лиц, участвующих в деле (к которым относятся в соответствии со статьей 32 АПК РФ и 30 ФЗ об несостоятельности и конкурсные кредиторы) определение от 15 августа 2000 г. не направлялось, чем были нарушены нормы статей 33 и 115 АПК РФ. Таким образом, не уведомление всех лиц, участвующих в деле о дате и месте заседания влечет, в соответствии с АПК РФ, в любом случае, отмену определения Арбитражного суда Свердловской области от 22 августа 2000 г. Кроме того, сложившаяся арбитражная практика указывает, что ненаправление определения об отложении слушания дела с уведомлением о вручении является безусловным основанием к отмене решения арбитражного суда (Постановление Президиума Арбитражного суда Российской Федерации от 01 декабря 1998 г. № 1807/98, Постановление Президиума Высшего Арбитражного суда РФ от 29 июня 1999 г. 751/99).

III.    Согласно ст. 143 АПК РФ дела о банкротстве организаций рассматриваются арбитражным судом по правилам, предусмотренным АПК РФ, с особенностями, установленными Федеральным Законом «О несостоятельности (банкротстве)». Таким образом, при вынесении Определения о возбуждении процедуры банкротства и назначении арбитражного управляющего, арбитражный суд должен основываться на тех документах, которые имеются в данном деле.

В соответствии со ст. 59 ФЗ «О несостоятельности», п. 4 ст. 185 ФЗ «О несостоятельности (банкротстве)», п. 22 Постановления Правительства РФ от 04 апреля 2000 г. № 301, назначение временного управляющего на ОАО «Ванадий» производится Федеральной службой России по делам о несостоятельности и финансовому оздоровлению (г. Москва).

Однако, в материалах дела № А60-4517/2000-С1 (банкротство ОАО «Ванадий») по заявлению ОАО «Красноуральскмежрайгаз») имеется представление кандидатуры временного управляющего Козырева О.С. агентством ФСДН по Свердловской области (письма начальника Агентства по Свердловской области ФСДН РФ от 24.02.2000    № 744/1-034, 25.02.2000 № 750/1-034). При этом в письме Фомина С.В. к Председателю Арбитражного суда Свердловской области Щекутовой М.И. говорится о деле № А60-3002/00-С1, которое к заявлению ОАО «Красноуральскмежрайгаз» о признании банкротом ОАО «Ванадий» (дело №А60-4517/00-С1) не имеет никакого отношения.

Нахождение документов не относящихся к делу № А60-4517/00-С1 не может служить основанием правомерности назначения Козырева О.С. арбитражным управляющим ОАО «Ванадий», так как кандидатура временного управляющего предлагается государственным органом по делам о банкротстве и финансовому оздоровлению по запросу арбитражного суда в недельный срок с момента получения указанного запроса. При этом Арбитражным судом Свердловской области никаких заявлений в адрес центрального аппарата Федеральной службы России по делам о несостоятельности и финансовому оздоровлению (г. Москва) не направлялось и в материалах дела одного об этом не имеется (что подтверждается письмом И.О. Председателя Арбитражного суда Свердловской области Плетнева В.А. И.О. начальника управления Федеральной службы налоговой полиции по Свердловской области Семенко А.А. от 25 мая 2000 г. № ОП-21.)

Кроме того, заявитель ходатайствовал перед судом о назначении в качестве арбитражного управляющего Лазарева Д.В. Однако, представленное ходатайство Арбитражным судом Свердловской области не рассматривалось. На должность временного управляющего ОАО «Качканарский ГОК «Ванадий» был назначен Козырев О.С., без соблюдения должной процедуры назначения, предусмотренной ст. ст. 59, 185 ФЗ «О несостоятельности (банкротстве)».

IV.

1. В соответствии со ст. 115 АПК РФ после открытия заседания 22 августа 2000 г. представителями должника ОАО «Ванадий» Апраксиной М.М. и Вощиновым В.В. были предоставлены доверенности на представление интересов ОАО «Ванадий», подписанные генеральным директором ОАО «Качканарский ГОК «Ванадий» - Хайдаровым Д.А., полномочия которого были подтверждены состоявшимся 07 марта 2000 г. заседанием Совета Директоров ОАО «Ванадий». В свою очередь, правомочность принятого Советом Директоров решения подтверждена решением Мещинского межмуниципального суда г. Москвы от 5 апреля 2000 г.

Арбитражному суду были предоставлены нотариально заверенные копии всех вышеуказанных документов.

Одновременно, арбитражному суду тр-ча Колесниковым М.Н., Григорьевой В.П., Подшивкин А.М., Кабаковым Е.А., Захарищевым В.Н., Мелюховой О.Ф., Джуревым А.Л., Сухомлиным В.С., были предоставлены доверенности на представление интересов ОАО «Ванадий», подписанные Козыриным А.А.

В соответствии с тем, Арбитражным судом для рассмотрения вопроса о правомочности лиц, представляющих интересы ОАО «Ванадий», был сделан перерыв. После 10 минутного перерыва, суд вынес устное Определение и признал надлежащими документы и доверенности подписанные Козыриным А.А.

Данное решение суд принял основываясь, как указано в Определении о введении внешнего управления от 22 августа 2000 г., на иных документах, подтверждающих полномочия представителей по доверенности от Козырина А.А.

Таким образом, суд принимая ответственное решение, последствием которого повлиял бы на ход рассматриваемого дела, самостоятельно ставит под сомнение законность Решения Совета Директоров ОАО «Качканарский ГОК «Ванадий» от 07 марта 2000 г. и Решения Мещинского межмуниципального суда г. Москвы от 05 апреля 2000 г., основываясь при принятии решения на иных документах. И «Какие именно документы были представлены представителями, действующими на основании доверенностей, подписанных Козыриным, ни в определении, ни в протоколе заседания

уточнено не было. Что дает основание предполагать, что таких документов в суд представлено не было вообще и суд вынес определение не основываясь на представленных документах.

В соответствии ст. 140 АПК РФ, в Определении, выносимом арбитражным судом в виде отдельного акта, должны быть указаны в том числе и мотивы, по которым арбитражный суд пришел к своим выводам, со ссылкой на законы и иные правовые акты.

Вывод арбитражного суда о правомочности представителей ОАО «Ванадий» по доверенности от Козицына А.А. не только не основывается на нормах закона, но и напрямую противоречит им.

2.   К тому же стр. 2 Определения от 22 августа содержит утверждение суда о том, что для рассмотрения дела о несостоятельности не имеет значения представительство от предприятия должника?! Однако в соответствии со ст. 30 ФЗ «О несостоятельности» должник, является лицом, участвующим в деле и обладает правами и обязанностями в соответствии ст. 33 АПК РФ, которые могут быть реализованы через своих представителей. Поэтому, решение суда о привлечении в качестве представителей ОАО «Ванадий» лиц по доверенности от Козицына А.А. является нарушением процессуальных норм существующего законодательства.

Таким образом, рассмотрение дела в отсутствии надлежащих представителей должника привело к вынесению незаконного определения.

V.

22 августа 2000 г. рядом конкурсных кредиторов были поданы в Арбитражный суд Свердловской области жалобы в порядке статьи 55 ФЗ «О несостоятельности (банкротство) на действия временного управляющего (имеются в материалах дела) в связи с тем, что он не уведомил кредиторов по денежным обязательствам о проведении первого собрания кредиторов ОАО «Ванадий» и в связи с этим нарушил их право на участие в первом собрании кредиторов и выдвижение своей кандидатуры в комитет кредиторов, а также определение дальнейших процедур (мировое соглашение, внешнее управление) в отношении ОАО «Ванадий».

Кроме того, в указанных жалобах говорилось о незаконности проведения Первого собрания кредиторов 11 августа 2000 г., так как до проведения первого собрания участникам собрания и временному управляющему был предъявлен исполнительный лист, выданный Измайловским межмуниципальным районным судом г. Москвы, запрещающий проведение собрания кредиторов на ОАО «Ванадий».

Данные жалобы были поданы с таким расчетом, чтобы к моменту проведения заседания суда о признании ОАО «Ванадий» несостоятельным (банкротом) (назначенное определением Арбитражного суда Свердловской области от 19 июня 2000 г. на 27 сентября 2000 г.) и, в случае их удовлетворения, было проведено два проведения повторного первого собрания кредиторов. Но при подаче вышеуказанных жалоб в канцелярии Арбитражного суда Свердловской области кредиторам было сообщено об отложении данного дела с 27 сентября 2000 г. на 22 августа 2000 г. Таким образом, незаконным перенесением рассмотрения дела судом были нарушены права конкурсных кредиторов на судебную защиту. Более того, до настоящего времени Арбитражным судом Свердловской области, в нарушение статьи 55 ФЗ «О несостоятельности (банкротстве)» определения о результатах рассмотрения жалоб не вынесены.

VI.

Арбитражный суд Свердловской области при рассмотрении вопроса о банкротстве ОАО «Ванадий» не проверил, были ли до подачи заявления ОАО «Красноуральскмежрайгаз» приняты меры к получению им задолженности вне процедур банкротства согласно имеющимся исполнительным документам.

При этом кредитором были представлены только копии счетов-фактур, платежных поручений и акта сверки взаимных расчетов от 15 февраля 2000 г., подписанных со стороны ОАО «Ванадий» Козицыным А.А. (лицом, полномочия которого не подтверждены, так как Президиумом Свердловского областного суда в Постановлении от 2 августа 2000г. на основании принесенного Верховным  Судом РФ Протеста № 45-В00-5, установлены факты нарушения законодательства при проведении заседания Совета Директоров ОАО «Качканарский ГОК «Ванадий» от 28.01.2000г. на котором был избран генеральным директором Козицын А.А.).

Никаких иных документов, подтверждающих истребование задолженности не имеется (решения суда, исполнительного листа, постановления о возбуждении исполнительного производства и т. д.)

Так как требования ОАО «Красноуральскмежрайгаз» не подтверждены решением Арбитражного суда и кредитором не были применены меры по истребованию задолженности, то в соответствии со статьей 35 Федерального Закона «О несостоятельности (банкротстве)» Арбитражный суд Свердловской области должен был возвратить заявление кредитора. Кроме того Президиум Высшего арбитражного суда Российской Федерации в Информационном письме от 06 августа 1999 г. № 43 (п. 3) указал на то, что арбитражный суд должен возвратить заявления кредитора если он не принимал мер к получению задолженности вне процедур банкротства согласно имеющимся исполнительным документам. Таким образом, высшая судебная инстанция закрепляет обязательное наличие исполнительного документа для кредитора, который подает заявление о возбуждении исполнительного производства. При этом статья 7 Федерального Закона «Об исполнительном производстве» содержит перечень исполнительных документов и ни одного из этого перечня у ОАО «Красноуральскмежрайгаз» на момент подачи заявления о признании ОАО «Ванадий» банкротом не было.

VII.

В соответствии с направленными рядом кредиторов запросов в Прокуратуру Свердловской области, временному управляющему, ФСФО РФ о проведении анализа наличия признаков преднамеренного банкротства ОАО «Качканарский ГОК «Ванадий», последними было вынесено соответствующее Заключение.

Однако, несмотря на то, что кредиторам были представлены документы явно свидетельствующие о наличии преднамеренного банкротства на ОАО «Качканарский ГОК «Ванадий», а именно ряд договоров, заключенных Козицыным А.А. и уполномоченными им Грузиных А.Г., от имени ОАО «Ванадий» с предприятиями и банками.

04 февраля 2000г. с АКБ "Московский деловой мир" был заключен Договор кредитной линии № 10.3311 05-КЛ/00  на сумму 15 000 100$ США сроком до 03 февраля 2001г. Одновременно с этим, в тот же день сторонами были

заключены дополнительные соглашения к договору № 1, 2, которые определили срок предоставления кредита уже до 8 февраля 2000г. на сумму 5 000 100$ и до 10 февраля 2000г. на сумму 10 000 000$ соответственно.

В дальнейшем, поручителем за ОАО "Качканарский ГОК "Ванадия" по указанному кредитному договору выступил Красноуральский медеплавильный завод "Святогор" (далее ОАО "Святогор").

В обеспечение договора поручения, Груздевым А.Г. по доверенности, в адрес ОАО "Святогор" 08.02.00 были переданы векселя ОАО "Качканарский ГОК "Ванадия", сроком платежа по предъявлению в количестве 36 шт., номинальной стоимостью 720 млн. руб., на сумму 434 569 023 руб. В дальнейшем не было исполнено обязательство ОАО "Качканарский ГОК "Ванадия" по возврату кредитных денежных средств Банку МЛМ, в связи с чем ОАО "Святогор" приобрел к комбинату право требования в объеме погашенного кредита.

В соответствии с соглашением об отступном, действие договора о залоге было прекращено, ранее переданные векселя на сумму 720 млн. руб. перешли в собственность ОАО "Святогор".

В дальнейшем указанные векселя в полном объеме были переданы предприятию ООО "Лебаут", которое по предварительной договоренности с Колядным А.А. предъявило указанные векселя на ОАО "Качканарский ГОК "Ванадия" к оплате, и в конечном итоге становится основным конкурсным кредитором с задолженностью по утвержденному временным управляющим в 1 097 062 495,31 руб.

В своем Заключении от 18.08.2000г. № 3-289 ФСФО РФ утверждает о том, что вышеуказанный Договор Кредитной линии, был заключен сроком до 03 февраля 2001г., совершенно не уточняя о том, что согласно дополнительных соглашений к этому договору, этот срок оканчивается через 4 дня и 6 дней после его заключения соответственно, т.е. к 02.00 и 10.02.00.

К тому же вызывает сомнение, достоверность Заключения об отсутствии признаков преднамеренного банкротства на ОАО "Ванадий", т.к. данное заключение составлено на бланке ФСФО РФ с указанием адреса, номера и других реквизитов, содержит подписи должностных лиц ФСФО РФ неуполномоченных на подписание такого рода документов, а именно: заместителя начальника управления сопровождения судебных процедур Галичанина Н.А. и начальника отдела Манишанова И.Н. Данное Заключение никем из вышестоящей руководителей не утверждалось. Также необходимо добавить, что Заключение об отсутствии признаков преднамеренного банкротства на ОАО "Ванадий" заверено печатью агентства ФСФО по Свердловской области, что дает основания в соответствии п. 2 ст. 52 АПК РФ для отказа арбитражным судом в анализе данного документа и проверки органами прокуратуры, вышеуказанного факта.

Все это дает основания предполагать, что заключение о признаках преднамеренного банкротства ОАО "Ванадия" вынесено без необходимого анализа ситуации и с нарушением Регламента государственного учреждения ФСФО РФ.

Так, как только 22 августа 2000г. данное Заключение было представлено временным управляющим Козыревым О.С. только арбитражному суду, лица, участвующие в деле смогли ознакомиться с документом лишь после вынесения судом Определения о введении внешнего управления на ОАО "Ванадий".

VII

В соответствии с требованиями ст. 185 ГК РФ для представления интересов юридического лица Представителю от имени юридического лица выдается доверенность, которая подписывается руководителем юридического лица. Указанная доверенность заверяется печатью организации.

В соответствии с общими нормами ГК РФ Представитель не имеет право выйти за пределы полномочий, указанных в доверенности. В случае, если в доверенности не указано, что она выдана для представления интересов Доверителя в суде с указанием конкретных прав, которые Представитель может осуществлять для представления интересов Доверителя, представитель не может выйти за рамки оговоренных полномочий.

В первом собрании кредиторов с правом голоса были представлены интересы 35 (Тридцати пяти) кредиторов (журнал регистрации кредиторов с правом голоса на первом собрании). Однако, доверенности не всех Представителей, принявших участие в первом собрании кредиторов и голосовавших по предложенным вопросам были надлежащим образом оформлены:

1) Доверенность на гр-на Гаймович Дмитрия Анатольевича, выданная ему от Свердловэнерго - дает ему право на представление интересов АО "Свердловэнерго" с предоставлением ему процессуальных полномочий истца, ответчика или третьего лица. Реализация данных полномочий возможна только в судебных органах и органах, обеспечивших принудительное исполнение решения суда. Однако, необходимо добавить, что решения, принятые на первом собрании кредиторов имеют существенные последствия для всех процедур банкротства, и, следовательно, полномочия лиц, участвующих в первом собрании кредиторов должны быть надлежащим образом подтверждены, в частности, должны быть подтверждены полномочия не только на участие в первом собрании кредиторов, но и полномочия на голосование по предложенным вопросам и т.д.

В данном случае, в доверенности не указаны полномочия, необходимые для представления интересов АО «Свердловэнерго» на первом собрании кредиторов, тем более, уполномочивающие г-на Гаймович Д.А. голосовать на первом собрании кредиторов, принимать и подписывать какие-либо принятые на нем решения, которые в будущем будут иметь какие-либо обязательства для АО «Свердловэнерго».

2) Доверенности №272 и №285, выданные Калининой Наталье Анатольевне на представление интересов АО «Нижнетагильское монтажное управление «Востокметаллургмонтаж» уполномочивают ее «на представление интересов кредитора АО «Нижнетагильское монтажное управление «Востокметаллургмонтаж» и ведение дел в Арбитражном суде Свердловской области. В соответствии с п. 2 ст. 64 ФЗ «О несостоятельности (банкротстве)» участниками первого собрания кредиторов с правом голоса являются конкурсные кредиторы (кредиторы по денежным обязательствам). Полномочия «конкурсного кредитора» гораздо шире полномочия «кредитора», в частности, участвовать с правом голоса в первом собрании могут только конкурсные кредиторы. Таким образом, полномочия Калининой Натальи Анатольевны на участие в первом собрании кредиторов, и тем более - полномочие на голосование на первом собрании кредиторов - ничем не подтверждены.

3) Доверенность, выданная г-же Идельсон Галине Анатольевне на представление интересов ООО «Боливар» уполномочивает ее представлять интересы ООО «Боливар» на первом собрании кредиторов. В указанной доверенности не оговорены полномочия г-ки Идельсон Г.А. на право голосования на первом собрании кредиторов.

в связи с чем – у представителя ООО «Боливар» отсутствует право на голосование по всем представленным на первом собрании кредиторов вопросам.

Таким образом, указанные представители юридических лиц. Голосовавшие на первом собрании кредиторов, не имели должных полномочий на участие в первом собрании кредиторов, а также на голосование по представленным на первом собрании кредиторов вопросам.

Кроме того, г-н Калугин Ю.А. на первом собрании кредиторов ОДНОВРЕМЕННО представлял интересы 12 (Двенадцати) кредиторов ОАО «КГОК «Ванадий»: ЗАО «Уральская медицинская страховая компания «Каменный пояс», ОАО ПО «Сибэнергоуглеснаб», ОАО «Уральский институт металлов», ОАО «2 СМУ Уралметаллургмонтаж», ОАО «ПКП», ЗАО «Уральская теплоэнергетическая компания», Свердловская общественная организация инвалидов «Избавление», ТОО «Технолог», ТОО «Сектор», ОАО «Рудопром», Алапаевский индустриальный техникум, ООО «Бизон».

Г-жа Григорьева Екатерина Дмитриевна на первом собрании кредиторов одновременно являлась представителем ОАО «КГОК «Ванадий» – то есть – Должника, и ООО «Инвестиционная ассоциация «Прогресс» - Кредитора. Безусловно, одновременное представление Должника и Кредитора в одном лице ставит под сомнение объективность голосования по представленным на первом собрании кредиторов вопросам в связи с противоречием интересов Должника и Кредитора.

Г-н Гуляв Сергей Александрович на первом собрании кредиторов одновременно представлял интересы 5 (Пяти) кредиторов ОАО «КГОК «Ванадий»: ГУП «Муромский приборостроительный завод», ОАО «Баранчинский электромеханический завод», ООО «Корпорация СиВ», ЗАО «Юрекс», ООО «Поток».

Г-жа Степанченко Татьяна Николаевна на первом собрании кредиторов ОАО «КГОК «Ванадий» одновременно представляла интересы 2 (Двух) кредиторов: ООО «Промышленно-строительная компания «ГИП» и ОАО «Красноуральскмежрайгаз».

В силу представленных фактов не удивительно, что по всем представленным вопросам первого собрания кредиторов голосование проходило единогласно.

Необъективное представление интересов кредиторов, выраженное множественностью лиц Доверителей в одном Представителе, а также совмещением в одном лице представление интересов Должника и Кредитора – является очередным доказательством преднамеренного банкротства ОАО «КГОК «Ванадий».

Решение первого собрания кредиторов о введении внешнего управления было принято с нарушением норм права, что ставит под сомнение само решение первого собрания кредиторов – ввести внешнее управление, и тем самым, начать процедуру банкротства в отношении ОАО «Качканарский ГОК «Ванадий». Решение первого собрания кредиторов, принятое в незаконном составе (при участии в первом собрании кредиторов и голосовании по предложенным вопросам кредиторам, чьи требования основаны не на денежных обязательствах) – не порождает правовых последствий.

Таким образом, Арбитражный суд Свердловской области не достаточно полно исследовал обстоятельства дела, и не мог в своем Определении основываться на незаконном решении первого собрания кредиторов:

## IX.

В соответствии со ст. 66 ФЗ «О несостоятельности (банкротстве)» первое собрание кредиторов принимает решение о введении внешнего управления с предложением кандидатуры внешнего управляющего.

В соответствии со ст. 64 ФЗ «О несостоятельности (банкротстве)» участниками первого собрания кредиторов с правом голоса являются конкурсные кредиторы, а также налоговые и иные уполномоченные органы:

1) требования которых в соответствии с настоящим федеральным законом признаны установленными и направлены временному управляющему;

2) размер требований которых установлен арбитражным судом в связи с возражениями должника по требованиям кредиторов до проведения первого собрания кредиторов.

В соответствии со ст. 2 ФЗ «О несостоятельности (банкротстве)»: «конкурсные кредиторы – кредиторы по денежным обязательствам, за исключением граждан, перед которыми должник несет ответственность за причинение вреда жизни и здоровью…».

Однако, не все требования кредиторов, принимавших участие в первом собрании к голосовавших по предложенным вопросам были основаны на денежных обязательствах:

1) Договор, заключенный между ОАО «КГОК «Ванадий» и ООО «Боливар» №171 от «19» июня 1998 г., на котором основано требование ООО «Боливар» к ОАО «КГОК «Ванадий» - договор о взаимных поставках продукции (договор мены), в котором оплата поставляемых горюче-смазочных материалов производилась встречной поставкой отходов производства-щебня.

2) В договорах между ОАО «КГОК «Ванадий» и ОАО «Шадринский завод по ремонту тепловозов» обязательства ОАО «КГОК «Ванадий» производить оплату поставляемых запчастей денежными средствами – не предполагалось. Оплата производилась встречной поставкой продукции собственного производства, металлопроката с подписанием впоследствии актов зачета взаимных требований (договор мены). Окончательный размер требований ОАО «Шадринский завод по ремонту тепловозов» к ОАО «КГОК «Ванадий» к моменту проведения первого собрания кредиторов – не определен, в связи с чем директором по правовым вопросам ОАО «КГОК «Ванадий» Джураевым было сделано предложение в адрес ОАО «Шадринский завод по ремонту тепловозов» об обращении ОАО «Шадринский завод по ремонту тепловозов» в Арбитражный суд для установления размера требований. До настоящего времени спор о размере требований ОАО «Шадринский завод по ремонту тепловозов» к ОАО «КГОК «Ванадий» Арбитражным судом Свердловской области - не разрешен, размер требования Комбината перед Заводом – не определен.

3) В договорах между ОАО «КГОК» «Ванадий» и Североуральской типографией Серовского полиграфического объединения «Север» оплата поставляемой печатной продукции производилась встречной поставкой продукции с подписанием актов зачета взаимных требований (договоры мены). Окончательный размер требований Североуральской типографии к ОАО «КГОК «Ванадий» к моменту проведения первого собрания кредиторов – не определен, в связи с чем директором по правовым вопросам ОАО «КГОК «Ванадий» Джураевым было сделано предложение в адрес Североуральской типографии об обращении Североуральской типографии в Арбит-

ражный суд для установления размера требований. До настоящего времени спор о размере требований Северо-уральской типографии к ОАО «КГОК «Ванадий» Арбитражным судом Свердловской области – не разрешен, размер требований Комбината перед типографией - не определен.

4) Договор, заключенный между ОАО «КГОК «Ванадий» и унитарным предприятием «Верхнетуринский маши-ностроительный завод №37/43 от «05» мая 1997 г., на котором основано требование Верхнетуринского маши-ностроительного завода предусматривает оплату поставляемой продукции посредством встречной поставки (договор мены). Таким образом, расчет за поставляемую продукцию является товарным. Окончательный раз-мер задолженности Комбината перед машиностроительным заводом – не определен.

5) Договор, заключенный между ОАО «КГОК «Ванадий» и АО «Уралстиноль» №297 от «10» октября 1996 г , на котором основано требование АО «Уралстиноль» - договор «на встречные поставки продукции»(договор ме-ны). Ни денежные расчеты, ни предоплата в указанном договоре между сторонами не предусмотрены. Данные взаимоотношения нельзя признать денежными, и, следовательно, АО «Уралстиноль» не является конкурсным кредитором ОАО «КГОК «Ванадий».

6) Договор, заключенный между ОАО «КГОК «Ванадий» и ОАО «Магнитогорский металлургический комбинат» №65 от «01» июля 1998 г., на котором основано требование ОАО «Магнитогорского металлургический комби-нат» - «договор на взаимную поставку продукции», в котором вместо оплаты предусмотрена встречная постав-ка металлопродукции. Таким образом, речь идет о договоре мены, а, следовательно, ОАО «Магнитогорский металлургический комбинат» - не является конкурсным кредитором ОАО «КГОК «Ванадий».

7) Договор, заключенный между ОАО «КГОК «Ванадий» и ОАО «Рудпром» №95-9 от «27» декабря 1994 г в со-ответствии с дополнительными соглашениями к данному договору предусматривает расчеты за услуги ОАО «Рудпром» поставкой металлопроката по реквизитам, указанных ОАО «Рудпром». Данные взаимоотношения нельзя признать денежными, и, следовательно, ОАО «Рудпром» не является конкурсным кредитором ОАО «КГОК «Ванадий».

Таким образом, не все кредиторы, принявшие участие в первом собрании кредиторов и голосовавшие по представ-ленным вопросам, о введении внешнего управления и назначении внешним управляющим – Козырева О.С. были кон-курсными кредиторами, в связи с чем у них отсутствовало право голосования по всем вопросам рассмотренным на пер-вом собрании кредиторов.

Утвердив решение первого собрания кредиторов, принятое в незаконном составе его участников, и тем самым, на-рушающее права других кредиторов, Арбитражный суд Свердловской области вынес Определение, нарушающее права кредиторов, чьи требования не были включены в реестр своевременно заявленных требований, и чьи голоса не были учтены при голосовании при первом собрании кредиторов.

X.

В процессе процедуры наблюдения рядом кредиторов ОАО «Качканарский ГОК «Ванадий» в соответствии п. 1 ст 63 Федерального Закона «О несостоятельности (банкротстве) были предъявлены требования к должнику:

1. 26 мая 2000г ОАО «Запсибгазпром» направлена должнику претензия № 82 на сумму 52 853,51 руб. Должни-ком, в соответствии п. 2 ст. 63 ФЗ «О несостоятельности» 05 июня 2000г. в Арбитражный суд Свердловской области, временному управляющему ОАО «Качканарский ГОК «Ванадий», а также кредитору было направлено возражение на требование кредитора.

В связи с чем, на основании ст. 46 ФЗ «О несостоятельности» арбитражный суд обязан проверить обоснованность возражений должника не позднее месяца до установленного срока рассмотрения дела о банкротстве. Таким образом, Арбитражным судом Свердловской области в соответствии ст. 140 АПК РФ должно быть вынесено Определение о при-нятии или отказе в принятии заявления (возражения) должника. Однако, учитывая, что возражение поступило в Ар-битражный суд Свердловской области 13.06.00г., судом не произведены процессуальные действия в соответствии с законо-дательством и следовательно требования кредитора не могут быть установлены, как это требует законодательство.

Тем не менее, по непонятной причине ОАО «Запсибгазпром» принимало участие в первом собрании кредиторов ОАО «Качканарский ГОК «Ванадий» с правом голоса, и участвовало в голосовании по решению вопроса о введении внешнего управления.

В материалах дела № А60-451700-С1 имеется заявление должника об отказе от возражений на требования креди-тора подписанные представителем ОАО «Качканарская ГОК «Ванадий»-Григорьсвой Е.Л В виду того, что отказ от воз-ражений должника, заявленный самим Должником – нарушает права акционеров, Арбитражный суд Свердловской об-ласти в соответствии с п. 4 ст. 37 АПК РФ не имел правовых оснований принимать отказ от возражений, заявленный Должником и обязан был рассмотреть спор о заявленных требованиях по существу. Однако, спор по существу заявлен-ных требований и возражений рассмотрен не был, чем были существенно нарушены права акционеров ОАО «Качканар-ский ГОК «Ванадий».

2. «24» мая 2000 г. Должником (ОАО «КГОК «Ванадий») в адрес арбитражного суда Свердловской области были представлены возражения на требования ОАО «Азот», в которых должник оспаривал сумму требований ОАО «Азот». Согласно возражениям должника, кредитор заявил требование на сумму 326 051 (Триста двадцать шесть тысяч пятьде-сят один) руб. 98 коп., однако по данным должника, задолженность ОАО «Азот» перед ОАО «КГОК «Ванадий» состав-ляет 241 347 (Двести сорок одну тысячу триста сорок семь) руб. 40 коп. По представлению возражением должника Арбитражным судом Свердловской области определения о назначении слушания о рассмотрении возражений – не выне-сено. Доказательств, подтверждающих размер задолженности в сумме 326 051 (Триста двадцать шесть тысяч пятьдесят один) руб. 98 коп. ни должником, ни кредитором в Арбитражный суд Свердловской области – не представлено. Спор о размере задолженности Комбината перед ОАО «Азот» в арбитражном суде – не разрешен.

По всем указанным возражениям должника Арбитражным судом Свердловской области слушание о рассмотрении спора о размере задолженности - не проводилось, спор о размере задолженности Арбитражным судом Свердловской области – не разрешен, в связи с чем, указанные задолженности: ООО «Боливар», ОАО «Шадринский завод по ремонту тепловозов», Североуральской типографией Серовского полиграфического объединения «Север», унитарного предпри-

кция «Верхнетуринский машиностроительный завод» и ОАО «Азот» к ОАО «КГОК «Ванадий» - считаются не установ-ленными.

3. На требование ООО ПКП «Метакон» Должником – ОАО «Качканарский ГОК «Ванадий» в суд были представле-ны возражения, согласно которым Должник возражает против требований ООО ПКП «Метакон», основываясь на отсут-ствии правоотношений между сторонами. Свои возражения Должник обосновывает отсутствием правоустанавливаю-щих документов. Ни договоров, ни актов сверок задолженности Кредитором в адрес Должника представлено не было. По заявленным возражениям заседания Арбитражным судом Свердловской области – не проводилось, в связи с чем требования ООО ПКП «Метакон» нельзя считать установленными. Тем не менее, Арбитражным судом Свердловской области были необоснованно принят отказ Должника от своих возражений, в виду чего требования ООО ПКП «Мета-кон» были незаконно включены в реестр требований кредиторов, а представитель ООО ПКП «Метакон» незаконно при-нял участие в первом собрании кредиторов.

4. На требование ЗАО «Имени В.П. Чкалова» Должником – ОАО «Качканарский ГОК «Ванадий» в суд были пред-ставлены возражения, согласно которым Должник возражает против требований ЗАО «Имени В.П. Чкалова», считая его ненадлежащим Должником. В своих возражениях Должник утверждает, что по представленным документам право тре-бования к ОАО «Качканарский ГОК «Ванадий» имеет совхоз «Сигнальный». Данные возражения Должника были пред-ставлены в Арбитражный суд Свердловской области «02» июня 2000 г., однако, никакого заседания по представленным возражениям Должника арбитражным судом не проводилось. Арбитражный суд Свердловской области необоснованно принял отказ Должника от своих возражений, в виду чего требования ЗАО «Имени В.П. Чкалова» были незаконно включены в реестр требований кредиторов, а представитель ЗАО «Имени В.П. Чкалова» незаконно принял участие в первом собрании кредиторов.

5. «06» июня 2000 г. Должником (ОАО «КГОК «Ванадий») в адрес Арбитражного суда Свердловской области были представлены возражения (№4007-68 от «01» июня 2000 г.) на требования ЗАО «Уралстинол».

Договор, заключенный между ОАО «КГОК «Ванадий» и ЗАО «Уралстинол» №297 от «10» октября 1996 г., на ко-тором основано требование ЗАО «Уралстинол» - является договором «на встречные поставки продукции» (договор мены). Ни денежные расчеты, ни предоплата в указанном договоре между сторонами не предусмотрены. Данные взаи-моотношения нельзя признать денежными, и, следовательно, ЗАО «Уралстинол» не является конкурсным кредитором ОАО «КГОК «Ванадий».

Несмотря на представленные возражения должника , Арбитражным судом Свердловской области Определения о назначении дела к слушанию не вынесено. В деле отсутствуют данные о том, когда в Арбитражный суд Свердловской области поступило заявление Должника об отказе от возражения. В виду того, что отказ от возражений должника, заяв-ленный самой Должником – нарушает права акционеров, Арбитражный суд Свердловской области не рассмотрел спор по существу, как того требует п. 4 ст. 37 АПК РФ.

6. «02» июня 2000 г. Должником (ОАО «КГОК «Ванадий») в адрес Арбитражного суда Свердловской области были представлены возражения (№4007-52 от «29» мая 2000 г.) на требования ОАО «Рудпром».

Договор, заключенный между ОАО «КГОК «Ванадий» и ОАО «Рудпром» №РУ-1/9 от «14» января 1998 г., на кото-ром основано требование » и ОАО «Рудпром», в соответствии с дополнительным соглашением №1 к данному договору предусматривает оплату за произведенную работу и оказанные услуги – «путем ежеквартальной поставки металлопро-ката»(договор мены). Данные взаимоотношения нельзя признать денежными, и, следовательно, ОАО «Рудпром» не яв-ляется конкурсным кредитором ОАО «КГОК «Ванадий».

Несмотря на представленные возражения должника , Арбитражным судом Свердловской области Определения о назначении дела к слушанию не вынесено. В деле отсутствуют данные о том, когда в Арбитражный суд Свердловской области поступило заявление Должника об отказе от возражений. В виду того, что отказ от возражений должника, заяв-ленный самим Должником – нарушает права акционеров, Арбитражный суд Свердловской области не рассмотрел спор по существу, как того требует п. 4 ст. 37 АПК РФ.

Таким образом, невыполнение Арбитражным судом Свердловской области норм процессуального права (требова-ния п. 4 ст. 37 АПК РФ) способствовало увеличению кредиторской задолженности ОАО «КГОК «Ванадий», что в свою очередь привело к преднамеренному банкротству Комбината.

7. «09» июня 2000 г. Должником (ОАО «КГОК «Ванадий») в адрес Арбитражного суда Свердловской области были представлены возражения (№4007-76 от «02» июня 2000 г.) на требования ОАО «Рудгормаш».

Договор, заключенный между ОАО «КГОК «Ванадий» и ОАО «Рудгормаш» №451 от «14» мая 1997 г., на котором основано требование ОАО «Рудгормаш» – договор о взаимных поставках продукции (договор мены), в соответствии с которым в ответ на поставку ОАО «Рудгормаш» сепараторов, ОАО «КГОК «Ванадий» обязуется осуществлять еже-квартальную поставку металлопроката. Данные взаимоотношения нельзя признать денежными, и, следовательно, ОАО «Рудгормаш» не является конкурсным кредитором ОАО «КГОК «Ванадий».

Несмотря на представленные возражения Должника, Арбитражный суд Свердловской области не стал рассматри-вать спор по существу (не был разрешен вопрос о том, что договор между ОАО «КГОК «Ванадий» и ОАО «Рудгормаш» №451 от «14» мая 1997 г. – договор мены, и, следовательно, в данном случае речь идет не о денежном обязательстве), Арбитражный суд Свердловской области остановился лишь на том, что «движения якобы оспаривал только форму предъявления требования, утверждая, что Кредитору следует предъявлять к Должнику именно требование, а не претен-зию».

Таким образом, предмет судебного разбирательства не был затронут вообще. При подобном попустительстве судьи Казанцевой Определением от «24» июля 2000 г. (Дело №А60-4517/2000-С1) не денежное требование, являвшееся пред-метом данного судебного разбирательства, и не рассмотренное на заседании, «автоматически» стало денежным, а ОАО «Рудгормаш» - конкурсным кредитором ОАО «КГОК «Ванадий».

8. «25» мая 2000 г. Должником (ОАО «КГОК «Ванадий») в адрес Арбитражного суда Свердловской области были представлены возражения (№4007-17 от «16» мая 2000 г.) на требования ОАО РSP «Катав-Ивановский машиностро-ительный завод».

Договор, заключенный между ОАО «КГОК «Ванадий» и ОАО PSP «Катав-Ивановский машиностроительный завод» №4 от «31» августа 1993 г., на котором основано требование ОАО PSP «Катав-Ивановский машиностроительный завод» - договор о взаимных поставках продукции (договор мены). Однако, разрешая спор о заявленных требованиях ОАО PSP «Катав-Ивановский машиностроительный завод», Арбитражный суд Свердловской области подтвердил, что договор между ОАО «Ванадий» и ОАО PSP «Катав-Ивановский машиностроительный завод» №4 от «31» августа 1993 г. - договор мены. Однако, недопоставка товара по указанному договору со стороны ОАО «КГОК «Ванадий», с ссылкой на ст. 567, 456 ГК РФ Определением Арбитражного суда Свердловской области от «09» июня 2000 г. (Дело №А60-4517/2000-С1) - ошибочно признана судом как денежное обязательство. Согласно ст. 567 ГК РФ в соответствии с договором мены «каждая из сторон обязуется передать в собственность другой стороны один товар в обмен на другой». Правила главы 30 ГК РФ (договор купли-продажи) применимы к договору мены лишь в части обязательств сторон по передаче товара. Согласно ст. 568 ГК РФ товары признаются равноценными. В случае, если изначально товары не были признаны равноценными, то в договоре предусматривается разница в цене. Ни ст. 568 ГК РФ, ни договор мены №4 от «31» августа 1993 г. не предусматривал, что в случае недопоставки, разница в недопоставленном товаре будет оплачиваться стороной денежной суммой. Необоснованный вывод суда о том, что недопоставка товара должна быть компенсирована денежной суммой – противоречит существу договора мены, и не может превратить товарное обязательство в денежное. Таким образом, обязательство между ОАО «КГОК «Ванадий» и ОАО PSP «Катав-Ивановский машиностроительный завод», основанное на договоре №4 от «31» августа 1993 г. – не является денежным обязательством, и, следовательно, ОАО PSP «Катав-Ивановский машиностроительный завод» - не является конкурсным кредитором ОАО «КГОК «Ванадий».

Таким образом, неприменение Арбитражным судом Свердловской области норм материального права, подлежащих применению, а также, неправильное толкование норм материального права привело к тому, что Арбитражным судом Свердловской области был сделан неправильный вывод о взаимоотношениях сторон, что привело к вынесению ряда Определений, нарушающих права и законные интересы акционеров ОАО «Качканарский ГОК «Ванадий», способствовавших увеличению кредиторской задолженности ОАО «КГОК «Ванадий», что в свою очередь способствовало преднамеренному банкротству Комбината.

## XI.

В главе 15 АПК РФ предусмотрена процедура по подготовке дела к судебному разбирательству. В соответствии со ст. 63 ФЗ «О несостоятельности (банкротстве)» установление требований кредиторов – отдельная процедура арбитражного разбирательства, проходящая в рамках рассмотрения дела о банкротстве, осуществление которого происходит в точном соответствии с нормами АПК РФ. Однако, требования главы 15 АПК РФ при принятии возражений действий по требованиям кредиторов Арбитражным судом Свердловской области – не выполнены.

В связи с имевшимися разногласиями по заявленным требованиям, должником в адрес Арбитражного суда Свердловской области были представлены возражения. В соответствии со ст. 113 АПК РФ Арбитражный суд Свердловской области, обязан был вынести Определение о подготовке дела к судебному разбирательству с указаниями для лиц, участвующих в разбирательстве действий, которые необходимо совершить для устранения – какие именно недостающие документы или обязаны предоставить в судебное разбирательство для разрешения возражений по существу.

Несмотря на данную обязанность суда, суд выносит судебный акт, в котором указывает, что отсутствие недостающих документов является основанием для неприятия заявленных возражений должника. В соответствии с п. 1 ст. 13 АПК РФ Арбитражный суд выносит судебные акты в виде решений, определений и постановлений, в связи с чем указанные судебные акты Арбитражного суда Свердловской области вынесены в форме определений.

В ст. 87 АПК РФ предусмотрен четкий перечень условий, при которых суд имеет право оставить иск без рассмотрения. Данный список оснований является исчерпывающим и расширительному толкованию не подлежит. Также АПК РФ не содержит оснований для отказа в принятии возражений по причине отсутствия договоров, подтверждающих задолженность, доверенностей, подтверждающих полномочия представителей и иных документов, обосновывающих позицию должника.

Более того, в письме Арбитражного суда о возвращении возражений №4007-4 от «03» мая 2000 г., №4007-6 от «03» мая 2000 г. №4007-5 от «05» мая 2000 г., 34007-7 от «10» мая 2000 г., №400-11 от «12» мая 2000 г. в качестве одного из оснований об отказе в принятии возражений должника на требования кредитора указано – отсутствие документов, подтверждающих полномочия лица, подписавшего возражения. Между тем, в материалах дела имеется доверенность на Джураева А.Х., подписывавшего все возражения от имени ОАО «КГОК «Ванадий».

Таким образом, не разрешив вопрос о принятии возражений должника и не рассмотрев имеющиеся споры по существу, основанные на вышеуказанных требованиях кредиторов, данные требования нельзя признать установленными. Кредиторы с не установленными требованиями, а также с требованиями, вытекающими не из денежных обязательств не могли быть участниками первого собрания кредиторов и принимать, и тем более принимать участие в голосовании по вопросам, определяющим дальнейшую судьбу комбината.

## XII.

3 июля 2000г. Арбитражным судом Свердловской области было получено 32 заявления об отказе от возражения на требования кредиторов, предъявленные в порядке ст. 63 ФЗ «О несостоятельности». Этому предшествовало следующее:

В период с мая 2000г. в адрес должника, в соответствии ст. 63 ФЗ «О несостоятельности» рядом кредиторов были направлены требования о признании существующей задолженности. В свою очередь, должником в адрес Арбитражного суда Свердловской области (имеются отметки в получении), временному управляющему ОАО «Качканарский ГОК «Ванадий», а также кредиторам были направлены возражения на требования.

В связи с чем, Арбитражным судом Свердловской области на основании п. 3 ст. 46 ФЗ «О несостоятельности» должно было назначено заседание по проверке обоснованности этих возражений. Данное заседание должно было назначено и проведено в соответствии с нормами АПК РФ, в том числе на основании ст. 106 АПК РФ должно быть вынесено Определение о принятии к рассмотрению заявления(возражения) и проведение процедуры подготовки дела к судебному разбирательству. По результатам рассмотрения обоснованности возражений должника выносится Определение, и кото-

A - 1303

ром указывается размер требований кредиторов в отношении которых возражения должника признаны необоснованными.

При подаче в арбитражный суд возражений должника на требования 32 кредиторов (согласно прилагаемого реестра) в нарушение процессуальных норм АПК РФ судом не было вынесено Определение в соответствии ст. 106 АПК РФ, а также не были совершены какие-либо процессуальные действия по назначению, проведению и рассмотрению возражений должника.

В деле имеется отказ должника от возражений на требования 32 кредиторов (согласно прилагаемого реестра), тем самым должник признает их требования в указанном размере.

Однако, отказ в возражениях на требования кредитора должником могут быть заявлены только лишь в процессе рассмотрения каждого конкретного возражения кредитора, на основании чего, арбитражным судом в соответствие п. 6 ст. 85 АПК РФ дело может быть прекращено, но лишь если отказ от возражения принят арбитражным судом.

Ни каких доказательств рассмотрения арбитражным судом требований 32 кредиторов в деле не имеется.

Все вышеизложенное говорит о том, что Арбитражным судом Свердловской области при рассмотрении возражений должника не соблюдено существующее законодательство, в результате чего в нарушение ст.ст. 46, 63 ФЗ «О несостоятельности» требование кредитора, после возражения на него должником, установлено не Арбитражным судом, а самим должником.

В связи с чем, это привело к искажению действительной суммы кредиторской задолженности, а также числа конкурсных кредиторов ОАО «Ванадий».

Таким образом, 32 кредитора, а именно:

ОАО «Чебоксарский агрегатный завод», ООО «Конор», ТОО «Гамма ЛТД», ОАО «Златоустовское рудоуправление», ООО «Транстройзапчасть», ОАО «Уралалмаш», ГУП «Муромский приборостроительный завод», Институт горного дела, ГУП «Верхнетуринский машиностроительный завод», ОАО «Уральский институт металлов», Нижнетагильская зональная веткарборатория, ОАО «Свердловский инструментальный завод», ООО «Луч», ОАО «Рудпромэо», ЗАО «Уралстинол», ООО «Метакон», ООО «ЦЭЭ «Налоги и финансовое право», ООО «Альтер», ООО «ЖБК-1», ОАО «Курганский завод колесных тягочей «Русич», МУП гостиница Октябрьская, ЗАО савхоз им. В.П. Чкалова, Уксянская птицефабрика, ОАО ЗАПСИБгазпром, ОАО Кузнецкий меткомбинат и т.д. согласно реестра.

чьи требования были признаны должником не в соответствии с ФЗ «О несостоятельности», имели право участия в первом собрании кредиторов ОАО «Качканарский ГОК «Ванадий», и тем более голосования на нем, только после вынесения Определения Арбитражного суда Свердловской области о признании возражения должника необоснованными (что было сделано в отношении других кредиторов).

Поэтому, все решения, принятые собранием кредиторов 11 августа 2000г. с участием вышеперечисленных кредиторов являются не действительными, и не имеют юридической силы.

Арбитражный суд Свердловской области в соответствии ст.ст. 59,60 АПК РФ исследовав документы, предоставленные временным управляющим Козыревым О.С, не учел важные для рассмотрения дела доказательства, которые являются существенными и могли бы повлиять на дальнейшее решение суда.

XIII.

1. В материалах дела № А60-4517/00-С1 имеются множество документов, в том числе возражение должника на требование ООО «Лебаут» в размере 1 097 062 690,47 руб. Данное возражение было направлено должником 12.05.2000г., о чем свидетельствуют реквизиты документа.

Арбитражным судом Свердловской области документ был получен 18 мая 2000г.

Также, в течении мая 2000г. Арбитражным судом Свердловской области было получены возражения должника на требования следующих предприятий:

- ООО «Брянсксплдшнинкторг», получено арбитражным судом 12.05.2000г.
   - ТОО «фирма «Сектор», получено арбитражным судом 10.05.2000г.
   - Серовское полиграфическое объединение «Север», получено арбитражным судом 15.05.2000г.
   - ОАО «Шадринский завод по ремонту тепловозов получено арбитражным судом 18.05.2000г.

2. ОАО «Чебоксарский агрегатный завод» была направлена копия требования на сумму 371 271,48 руб. , которое было получено арбитражным судом 17.05.00г.
   - ЗАО УМСК «Каменный пояс» направлена копия требования на сумму 129 114 руб. , которое было получено арбитражным судом 17.05.00г.
   - ГУП «Новосибирский стрелочный завод» направлена копия требований на сумму 726 143,30 руб. , которое было получено арбитражным судом 17.05.00г.
   - ПКП « Метаком» направлена копия требования на сумму 43204,10 руб. , которое было получено арбитражным судом 23.05.00г.
   - ОАО «НТМУ Востокметаллургмонтаж» направлена копия требований на сумму 3 584 037,51 руб. , которое было получено арбитражным судом 22.05.00г.
   - Курганским заводом колесных тягочей направлена копия требований на сумму 839,10 руб. , которое было получено арбитражным судом 22.05.00г.
   - ОАО «ЕтеЛь направлена копия требований на сумму 2207.52 руб. , которое было получено арбитражным судом 22.05.00г.
   - Муромским приборостроительным заводом направлена копия требований на сумму 239 399.74 руб. , которое было получено арбитражным судом 25.05.00г.
   - МУП Уксянской птицефабрикой направлена копия требований на сумму 6684.59 руб. , которое было получено арбитражным судом 17.05.00г.

В деле также имеются иные документы датированные до 25 мая 2000г.

Однако, Федеральной службой налоговой полиции РФ по Свердловской области 2/3967 от 24 мая 2000г. на имя председателя Арбитражного суда Свердловской области Щекутовой М.И. направлен запрос о представлении копий материалов дела № А60-4517/00-С1.

25 мая 2000г. за подписью и.о. председателя Арбитражного суда Свердловского области Плетнева В.А. в адрес ФСНП РФ по Свердловской области направлен ответ с указанием того, что все материалы дела

А60-4517/00-С1 на 25 мая 2000г. состоят из заявления и определения о подготовке дела к судебному разбирательству.

Таким образом, основываясь на утверждении и.о. председателя Арбитражного суда Свердловской области об отсутствии документов в деле на 25 мая 2000г., вызывает сомнение факт принятия Арбитражным судом требований кредиторов и возражений должника в указанные в п. 1 ст. 63 ФЗ «О несостоятельности» сроки.

В связи с чем, в случае пропуска месячного срока для подачи кредитором своих требований должнику, он утрачивает возможность на участие в первом собрании кредиторов с правом голоса.

Учитывая, что согласно вышеприведенного списка предприятия, часть из них, в том числе ООО «Лебаут», принимало участие в голосовании по вопросу ведения внешнего управления в ОАО «Качканарский ГОК «Ванадий» и проголосовало за его введение, можно предположить, что участие этих предприятий в первом собрании кредиторов и все решения, принимаемые с их участием являются недействительными, т.к. приняты с нарушением законодательства.

На основании вышеизложенного, учитывая, что Арбитражным судом Свердловской области при рассмотрении дела о несостоятельности (банкротстве) ОАО «Качканарский ГОК «Ванадий» не в полном объеме выяснены все обстоятельства, имеющие значение для дела, а также:

1  Учитывая, что при рассмотрении дела арбитражным судом не приняты во внимание, что:

а) Козырев О.С. назначен на должность временного управляющего ОАО «Качканарский ГОК «Ванадий» - не обоснованно, не в соответствии с действующим законодательством, все действия Козырева О.С. на должности временного управляющего не могут считаться правомерными.

б) представленными документами подтверждаются признаки преднамеренного банкротства ОАО «Качканарский ГОК «Ванадий».

в) первое собрание кредиторов ОАО «Качканарский ГОК «Ванадий» проведено с нарушением законодательства.

г) заседание Арбитражного суда Свердловской области от 15 августа 2000г. и принятие на нем Определения об отложении рассмотрения дела о признании ОАО «Качканарский ГОК «Ванадий» несостоятельным на 22 августа 2000г. было осуществлено в  отсутствие большинства кредиторов, с нарушением норм процессуального права. В частности, с нарушением норм, предусмотренных ст. ст. 33, 37, 115, 120, 142 АПК РФ.

2. Арбитражным Судом нарушены, а также неправильно применены нормы материального и процессуального права, что привело к неправильному вынесению судом решения (Определения),

а так же в соответствии ст.46 Конституции РФ, ст. ст. 2, 4, 5,11, 12, 14, 20, 21, 23, 25, 28, 29,30,46, 48, 55, 56, 61, 63,64, 68, 185 Федерального Закона «О несостоятельности (банкротстве)», ст. 185 ГК РФ, Постановления Правительства РФ от 17.02.98г. № 202, Постановление Правительства РФ от 25.12.98г. № 1544, Распоряжения ФСДН РФ от 31.03.99г. № 13-р,

руководствуясь ст.ст. 2,4,7, 32, 33, 37, 47-50, 52, 54, 56,57, 59, 60, 87, 112,113, 114-118, 120, 124, 127, 140, 145, 147, 148, 149, 155, 157,158, 159 АПК РФ, информационным письмом ВАС от 09.08.1999г. № 43

ПРОСИМ:

1.  Отменить Определение Арбитражного суда Свердловской области по делу № А60-4517/2000 от 22 августа 2000г. о несостоятельности (банкротстве) ОАО «Качканарский ГОК «Ванадий» полностью.

2.  В заявлении ОАО «Красноуральскмежрайгаз» о признании несостоятельным (банкротом) ОАО «Качканарский ГОК «Ванадий» - отказать.

Приложение:

1. подлинная Квитанция об уплате государственной пошлины.
2. подлинный Реестр кредиторов (доказательство отсылки лицам, участвующим в деле)
3. Копия Определения от 22 августа 2000г.
4. Копия Протеста № 45-В00-5 от 07.2000г.
5. Копия Постановления Президиума Свердловского областного суда от 2 августа 2000г.

Директор ООО «Ленэкс»                                                           С. Вукч

Генеральный директор  ООО «Н...                                            Иванов К.А.

A - 1305

**ARBITRAZH COURT**
**in SVERDLOVSK OBLAST**
**DETERMINATION**

City of Ekaterinburg                                          Case No. A60-4517/00-C1
January 15, 2001

Appellate Instance of the Arbitrazh Court for Sverdlovsk oblast, in the composition of:
**Presiding Judge: Tsvetkova C.A.,**
**Judges: Bikmuhametova E.A., Strelnikova G.I.**

**Have considered in the court session   the appeal  complaint of**

OOO  "Lenex" and OOO  "Nexis" in  the case No. A60-4517/00-C1 concerning the Determination dated August 22, 2000, on enforcement of administration in bankruptcy.

OOO "Lenex" and OOO "Nexis" filed an appeal complaint to the Arbitrazh Court for Sverdlovsk oblast against  the  Determination dated August 22, 2000, in the case No. A60-4517/00-C1, on the petition of OAO "Krasnouralskmezhraygaz" to recognize as insolvent  (bankrupt) of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar". The moving parties  disagree with the Determination, move to revoke thereof, since there was a violation in the procedure for appointing the interim trustee, there was lack of evidence of proper notices to the persons involved in the case of the date and place  of  the court session, the decision taken at the first meeting of creditors on  enforcement of administration in bankruptcy  was void, as it was taken in breach of the current legislation.

In accordance with Article 145 of the Arbitrazh Procedure Code of Russian Federation  the right of appeal are the persons involved in the case.

Article ....of Federal Bankruptcy (Insolvency) Law specifies the persons involved in the bankruptcy case, including creditors in bankruptcy.

By virtue of Article 61 of Federal  Bankruptcy (Insolvency) Law the interim trusty is liable for identifying creditors in bankruptcy and liquidating  the amount of their claims. In order to identify creditors in bankruptcy and liquidate the amount of their claims, the interim trustee notified OOO  "Lenex" and OOO  "Nexis" of filing a petition in bankruptcy, respectively on May 15, 2000 and on April 26, 2000 (volume 14, ?d. 86, 107)

Article 63 of  Federal  Bankruptcy (Insolvency) Law provides that  the creditors are entitled to claim within a month  after being notified by the interim trustee of acceptance by the Arbitrazh Court of the petition in bankruptcy against the Debtor.

The parties moving the complaint  failed to refer their  claims to the interim trustee and as a result, their claims were not determined,  in the order, provided   for in the Federal Law. However, in order to have legal status of  creditor in bankruptcy and the scope of his rights , including the number of votes, it is necessary to identify both the existence of pecuniary obligation, which is determined by the original claim, attached  by he documents, supporting its grounds, and  actually the scope of those claims, which is to be decided  by the interim trustee, and if he challenges - by the Judge.

A - 1306

Thus, since the claims of the parties moving the complaint in the order, provided for in the Federal Bankruptcy (Insolvency) Law were not determined, and as a result they were not included into the creditors' register both at the time of rendering the Determination, dated August 22, 2000,and until now, the latter are not the persons involved in bankruptcy case, and consequently they are not entitled to appeal the Determination of the first instance court dated August 22, 2000. In such circumstancies, the motion filed by OOO "Lenex" and OOO "Nexis" to delay trial of the complaint may not be granted, since a complaint is not subject to be tried on the merits.

Moreover, since the Determination dated November 23, 2000 stipulated to ensure that the decree of Appellate instance enjoins the interim trustee of the Debtor from conducting in order to register the additional issue of the Debtor's shares and sale of the Debtor's enterprise due to revocation of the proceedings in the appeal complaints the stipulations ensuring the injunction are subject to revocation.

On the grounds of the above-mentioned , and being guided by p.4 Article 79, p.1 Article 85 of the Arbitrazh Procedure Code of Russian Federation , the court

## HAS DETERMINED

To revoke proceedings in the Appeal Complaints of OOO "Lenex" and OOO "Nexis".
...........................................................................the decree of Appellate instance
.................................................

**Presiding Judge:**                          Tsvetkova C.A.,
**Judges:**                                    Bikmuhametova E.A.,
                                               Strelnikova G.I.

PHONE NO. : 000000                    Jan. 23 2001 04:57PM P1



# АРБИТРАЖНЫЙ СУД
## *СВЕРДЛОВСКОЙ ОБЛАСТИ*
### Определение

*г. Екатеринбург*
*«15» января 2001г.*                      Дело № А60-4517/00-С1

Председающая инстанция Арбитражного суда Свердловской области в составе: судей: Бикмухаметовой Е.А., Стрельниковой Г.И

Рассмотрела в заседании апелляционную жалобу

ООО «Ненэкс» и ООО «Нексиз» по делу № А60-4517/2000-С1 на определение от 22.08.2000 г. о введении внешнего управления.

ООО «Нексиз» и ООО «Ненэкс» обратились в Арбитражный суд Свердловской области с апелляционной жалобой на определение от 22.08.2000 г. по делу А60-4517/2000-С1 по заявлению ОАО «Красноуральскмежрайгаз» о признании несостоятельным (банкротом) ОАО «Качканарский горно-обогатительный комбинат «Ванадий». Заявители с определением не согласны, просят его отменить, поскольку нарушена процедура назначения на должность временного управляющего, нет доказательств надлежащего извещения лиц, участвующих в деле о дне и месте судебного заседания, решение общего собрания кредиторов о введении внешнего управления является недействительным, поскольку принято с нарушением действующего законодательства.

В соответствии со статьей 145 Арбитражного процессуального кодекса Российской Федерации правом апелляционного обжалования являются лица, участвующие в деле. По федерального закона «О несостоятельности (банкротстве) определен круг лиц, участвующих в деле о банкротстве, в том числе ими являются конкурсные кредиторы.

В силу статьи 61 федерального закона «О несостоятельности (банкротстве)» временный управляющий обязан устанавливать конкурсных кредиторов и определять размер их требований. В целях установления кредиторов и размера их требований временным управляющим в адрес ООО «Нексиз» и ООО «Ненэкс» было направлено уведомление о возбуждении дела о банкротстве, соответственно 15.05.2000 г. и 26.04.2000 г. (том 14, л.д. 86, 107).

Статья 63 федерального закона «О несостоятельности (банкротстве)» предусматривает, что кредиторы вправе предъявить свои требования в месячный срок с момента получения уведомления временного управляющего о принятии арбитражным судом заявления о признании должника банкротом.

A - 1309

PHONE NO. : 000000                    Jan. 22 2001 04:59PM P1

2

[...] жалобы свои требования временному управляющему не [...] а как следствие их требования не устанавливались в [...] установлено федеральном законом порядке. Однако для наличия статуса конкурсного кредитора и объема его прав, в том числе количества голосов, [...] часть его денежного исполнения обязательства что определяется по заявленному требованию, к которому прикладываются документы, [...] его обоснованность, так и собственно объем этих требований, что устанавливается временным управляющим, а при наличии возражений с его стороны - судом.

Таким образом, поскольку требования заявителей жалобы в порядке, предусмотренном законом о банкротстве не установлены и как следствие они не включены в реестр кредиторов, как на момент вынесения определения от 22.08.2000 [...], так и в настоящее время, последние не являются лицами, участвующими в деле о банкротстве, а, следовательно, они не обладают правом на обжалование определения суда 1 инстанции от 22.08.2000 г. При таких обстоятельствах заявления ООО «Нексиз» и ООО «Ленекс» ходатайства об обжаловании рассматриваемых жалобе не подлежат удовлетворению, поскольку жалобе не подлежит рассмотрению по существу.

Кроме того, поскольку определением от 23.11.2000 г. были приняты меры по обеспечению заявления в апелляционной инстанции в виде запрета [...] управляющему должника совершать действия по регистрации дополнительного выпуска акций должника и продажи предприятия должника, [...] прекращения производства по апелляционным жалобам, принятые меры по обеспечению постановления, подлежат отмене.

На основании изложенного и руководствуясь п. 4 ст.79, п.1 ст.85 Арбитражного процессуального кодекса Российской Федерации, суд

О П Р Е Д Е Л И Л

Производство по апелляционным жалобам ООО «Ленекс» и ООО «Нексиз» прекратить.

[...] меры по обеспечению постановления апелляционной инстанции [...]

Председатель [...]

Судья                              Бикмухаметова Е.А.

                                   Стрельникова Г.И.

Federal Arbitrazh Court for
the Urals Circuit

620075, city of Ekaterinburg,
prospekt Lenina, 34
( through the Arbitrazh Court for Sverdlovsk Ooblast)

Petitioner: OAO "Krasnouralskmezhraygaz"
624330 Sverdlovsk oblast ,
city of Krasnouralsk, ul.Ustinova, d.34

Debtor: OAO "Vanadiy" Mining & Concentration
Integrated Plant in the city of Kachkanar"
624356 Sverdlovsk oblast ,
city of Kachkanar, ul.Sverdlova, d.2

Creditors in bankruptcy filed the Complaint: 1.OOO "Lenex"
109240 , Moscow,
ul. Yauzskaya,
d.8, str.2, office 6.
2.OOO "Nexis"
109072, Moscow,
Bolotnaya ploshad,
d.4, str.1, office 37.

Distributed to: the persons in accordance with the Register
(Appendix No.9)

Cassational Complaint
On the Determination of the Arbitrazh Court for Sverdlovsk Oblast on
return of cassational complaint in the Case No. A60 –4517/2000 – C1

On August 22, 2000, at OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" the Determination of the Arbitrazh Court for Sverdlovsk Oblast enforced administration in bankruptcy.

Having disagreed with the above-mentioned Determination, due to multiple violations of the Bankruptcy Laws in the period of supervising, both on the part of the arbitrazh trustee, and on the part of the administration of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar". The creditors in bankruptcy of the Integrated Plant – OOO "Nexis" and OOO "Lenex" filed an Appeal Complaint on the determination of the arbitrazh Court for Sverdlovsk Oblast dated August 22, 2000 in the Case No. A60 –4517/2000 – C1.

The Determination, dated January 15, 2001, of the Appellate Instance of the Arbitrazh Court for Sverdlovsk oblast, in the composition of Judges Tsvetkova C.A., Bikmuhametova E.A., Strelnikova G.I, having considered the Appeal Complaint of OOO "Lenex" and OOO "Nexis" ,

A - 1311

to be returned on the ground, that it was unpaid by a State due, in the amount, stipulated in the Law of State due of RF.

Herewith , the wording of Determination on return fails to indicate the rule of law, in accordance therewith did OOO "Lenex" and OOO "Nexis" have to pay for a cassational complaint.

**Moreover, the Law of <u>State due of</u> RF lacks the rule, that the cassational complaint on the Determination on closing the proceedings in the appeal complaint must be paid by a State due.**

Consequently, the Arbitrazh Court for Sverdlovsk oblast, having rejected a cassational complaint without motivating its rejection, and without reference to the rules of substantive law, in accordance therewith OOO "Lenex" and OOO "Nexis" being liable for paying due for the above-mentioned complaint, violated the rights and interests of the petitioners and made it impossible to continue considering the cassational complaint on the determination of the Appellate Instance of the Arbitrazh Court for Sverdlovsk Oblast on closing the proceedings in the appeal complaints of OOO "Lenex" and OOO "Nexis" .

**Moreover, the Law of <u>State due of</u> RF also does not provide payment of a State due for a cassational complaint on the Determination of the Arbitrazh Court on return of a cassational complaint. Therefore, this cassational complaint is not annexed with evidence of paying a State due (since in this case it is not stipulated in the Law).**

On the basis of the above-mentioned , since the Law of State due of RF contains a complete list of legal acts subject to be paid by a State due, and cassational complaints on he Determinations on closing proceedings in appeal complaints are not subject to be paid thereby, in accordance with Article 91, APC RF, Articles 1, 3, 4 of the Law of State due of RF, being guided by Articles 161, 163, 168, 179 APC RF, we request Federal Arbitrazh Court for the Urals Circuit to:

- revoke the Determination of the Arbitrazh Court for Sverdlovsk Oblast , dated March 5, 2001 , on return of cassational complaint;
- to refer the case for trying of a cassational complaint on the Determination of the Appellate Instance on closing proceedings in appeal complaints of OOO "Nexis" and OOO "Lenex" on the merits.

Appendix:
Originals of :
1. Determinations of the Arbitrazh Court for Sverdlovsk Oblast dated March 3, 2001 – 1 page;
2. receipts of dispatch by registered mail, from No.37144 to No.37744;
3. cassational complaint on the Determination of the Appellate Instance of the Arbitrazh Court for Sverdlovsk Oblast, dated January 15, 2001 ( with a note of receiving thereof on February 28, 2001) – 3 pages;
4. powers of attorney of the representative of OOO "Nexis" – 1 page;
5. a register of registered mail, since February 7, 2001 – 23 pages;
6. inventory into a valuable letter dated February 15, 2001 – 1 page;
7. an envelope of a valuable letter No.3 – 1 page;
8. an envelope of registered mailed letter from Sverdlovsk Oblast No.000328 – 1 page;

9.  a register of dispatch of the copies of cassational complains on the Determination of the Arbitrazh Court for Sverdlovsk oblast  dated  March 5, 2001 on return of cassational complaint;

Copies of :

10. the Determination of the Arbitrazh Court for Sverdlovsk Oblast , dated January 15, 2001 , on closing  proceedings in appeal complaints of OOO  "Lenex" and OOO "Nexis"  - 1 page.
11. an envelope No. 000780

Representative of OOO "Nexis"
(acting on the power of attorney)                                       VolnovV.V.


Director of OOO "Lenex"                                                 Vuich  S.