To: D. R. Gareyev<br>
Chairman of the Board of Directors<br>
of Vanadiy Mining Enrichment Plant of Kachkanar<br>
Open Joint Stock Company

Demand<br>
to Convene a Meeting of the Board of Directors<br>
of Vanadiy Mining Enrichment Plant of Kachkanar OJSC

City of Yekaterinburg, January 22, 2000

As members of the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC, and in accordance with section 1 of article 68 of the Federal Law on Joint Stock Companies, sections 31.2, 31.3, and 31.4 of the Charter of Vanadiy Mining Enrichment Plant of Kachkanar OJSC, and decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC," we demand that a meeting of the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC be convened.

Date of the meeting of the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC: January 24, 2000.

Time of the meeting of the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC: 4:00 PM

Place of the meeting of the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC: Meeting Hall, 16th Floor, Building 1, Oktyabrskaya Square, City of Yekaterinburg.

Issues on the agenda of the meeting of the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC:

1. Inclusion in the list of priorities of Vanadiy Mining Enrichment Plant of Kachkanar OJSC of measures to fulfill the requirements indicated in the Act of the State Mining and Technical Oversight Committee of the Russian Federation, dated November 3, 1999, and the provisions of Decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC."
Reason: Act of the State Mining and Technical Oversight Committee of the Russian Federation, dated November 3, 1999, and Decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC."

2. Re-election of the Chairman of the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC.
Reason: Act of the State Mining and Technical Oversight Committee of the Russian Federation, dated November 3, 1999, and Decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC."

3. Immediate termination of the powers of the individual Executive Body of Vanadiy Mining Enrichment Plant of Kachkanar OJSC (the General Director of Vanadiy Mining Enrichment Plant of Kachkanar OJSC) and termination of the personnel agreement (contract) with the individual Executive Body of Vanadiy Mining Enrichment Plant of Kachkanar OJSC.
Reason: Act of the State Mining and Technical Oversight Committee of the Russian Federation, dated November 3, 1999, and Decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC."

4. Formation of an individual Executive Body of Vanadiy Mining Enrichment Plant of Kachkanar OJSC by electing (appointing) a General Director of Vanadiy Mining Enrichment Plant of Kachkanar OJSC.
Reason: Act of the State Mining and Technical Oversight Committee of the Russian Federation, dated November 3, 1999, and Decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC."

5. Designation of the person authorized by the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC to sign an agreement with the individual Executive Body of Vanadiy Mining Enrichment Plant of Kachkanar OJSC on behalf of Vanadiy Mining Enrichment Plant of Kachkanar OJSC.
Reason: Act of the State Mining and Technical Oversight Committee of the Russian Federation, dated November 3, 1999, and Decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC."

Address to which the response to this demand should be sent: Room 902 (9th floor, the office of S. F. Barkov), Building 1, Oktyabrskaya Square, City of Yekaterinburg, 620014.

We hereby request that, within two days after receiving this demand, you send a response on the results of your consideration of this demand and notify the members of the Board of Directors that a meeting of the Board of Directors will be convened.

Attachments:

1. A copy of Decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC."
2. A copy of the Act of the State Mining and Technical Oversight Committee of the Russian Federation, dated November 3, 1999.

Respectfully, Members of the Board of Directors
of Vanadiy Mining Enrichment Plant of Kachkanar OJSC

[signature] Semen Filippovich Barkov<br>
[signature] Aleksandr Petrovich Kotsuba<br>
[signature] Sergo-Shakhzada Mamadvliyevich Kurbanov

A - 1620

Председателю Совета Директоров
открытого акционерного общества
«Качканарский горно-обогатительный комбинат «Ванадий»
Д.Р.Гарееву

**Требование**
о созыве заседания Совета Директоров
ОАО «Качканарский горно-обогатительный комбинат «Ванадий»

Город Екатеринбург. «22» января 2000 года.

Являясь членами Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий», руководствуясь п. 1 ст. 68 Федерального закона «Об акционерных обществах», п.п. 31.2, 31.3, 31.4 Устава ОАО «Качканарский горно-обогатительный комбинат «Ванадий», постановлением Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий», требуем созвать заседание Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий».

Дата проведения заседания Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий»: 24 января 2000 года.

Время проведения заседания Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий»: начало -16 часов 00 минут.

Место проведения заседания Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий»: город Екатеринбург, пл. Октябрьская, дом 1, этаж 16, зал заседаний.

Вопросы повестки дня заседания Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий»:
1.  О включении в число приоритетных направлений деятельности ОАО «Качканарский горно-обогатительный комбинат «Ванадий» мероприятий по выполнению требований, указанных в акте Госгортехнадзора РФ от «3» ноября 1999 г., положений постановления Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
Мотив постановки: акт Госгортехнадзора РФ от «3» ноября 1999 г., постановление Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
2.  О переизбрании Председателя Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
Мотив постановки: акт Госгортехнадзора РФ от «3» ноября 1999 г., постановление Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
3.  О досрочном прекращении полномочий единоличного исполнительного органа ОАО «Качканарский горно-обогатительный комбинат «Ванадий» (Генерального директора ОАО «Качканарский горно-обогатительный комбинат «Ванадий») и расторжении трудового договора (контракта) с единоличным исполнительным органом ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
Мотив постановки: акт Госгортехнадзора РФ от «3» ноября 1999 г., постановление Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
4.  Об образовании единоличного исполнительного органа ОАО «Качканарский горно-обогатительный комбинат «Ванадий» - избрании (назначении) Генерального директора ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
Мотив постановки: акт Госгортехнадзора РФ от «3» ноября 1999 г., постановление Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
5.  О определении лица, уполномоченного Советом Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий» подписать от имени ОАО «Качканарский горно-обогатительный комбинат «Ванадий» договор с единоличным исполнительным органом ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
Мотив постановки: акт Госгортехнадзора РФ от «3» ноября 1999 г., постановление Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий».

Адрес для направления ответа на настоящее требование: 620014, город Екатеринбург, пл. Октябрьская, дом 1, каб. 902    (9 этаж, кабинет С.Ф.Баркова).

Настоящим просим направить ответ по итогам рассмотрения настоящего требования и уведомить членов Совета Директоров о созыве заседания Совета Директоров в течение 2 дней с момента получения настоящего требования.

Приложения:
1.  Копия постановления Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
2.  Копия акта Госгортехнадзора РФ от «3» ноября 1999 г.

С уважением, члены Совета Директоров
ОАО «Качканарский горно-обогатительный комбинат «Ванадий»

/Барков Семен Филиппович/

/Коцюба Александр Петрович/

/Курбанов Серго-Шахзада Мамадалисович/

To: D. R. Gareyev
Chairman of the Board of Directors
of Vanadiy Mining Enrichment Plant of Kachkanar
Open Joint Stock Company

**Demand**
to Convene a Meeting of the Board of Directors
of Vanadiy Mining Enrichment Plant of Kachkanar OJSC

City of Yekaterinburg, January 24, 2000

As members of the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC, and in accordance with section 1 of article 68 of the Federal Law on Joint Stock Companies, sections 31.2, 31.3, and 31.4 of the Charter of Vanadiy Mining Enrichment Plant of Kachkanar OJSC, Act of the State Mining and Technical Oversight Committee of the Russian Federation, dated November 3, 1999, and decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC,"; Minutes of the Meeting with the Minister of Industry and the Minister of Metallurgy of the Government of Sverdlovsk Oblast, dated January 24, 2000, we demand that a meeting of the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC be convened.

Method of decision-making: by written survey (vote by mail) of the members of the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC.

Date and time for acceptance of ballots: until 8:00 PM, January 28, 2000.

Place of acceptance of the ballots of the members of the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC: Room 904, 9th floor, Building 1, Oktyabrskaya Square, City of Yekaterinburg.

Issues on the agenda of the meeting of the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC:

1.      Inclusion in the list of priorities of Vanadiy Mining Enrichment Plant of Kachkanar OJSC of measures to fulfill the requirements indicated stipulated in the Act of the State Mining and Technical Oversight Committee of the Russian Federation, dated November 3, 1999, Decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC," and the Minutes of the Meeting with the Minister of Industry and the Minister of Metallurgy of the Government of Sverdlovsk Oblast, dated January 24, 2000. Among these measures:
   - development by management of a system of control over the environmental safety of production at Vanadiy Mining Enrichment Plant of Kachkanar OJSC;
   - repetition of the comprehensive review of the performance by Vanadiy Mining Enrichment Plant of Kachkanar OJSC of the orders of state supervisory agencies;
   - development by the management of Vanadiy Mining Enrichment Plant of Kachkanar OJSC of a personnel training system that ensures the unconditional performance by employees of Vanadiy Mining Enrichment Plant of Kachkanar OJSC of all requirements of the laws on environmental protection.
      *Reason:* Act of the State Mining and Technical Oversight Committee of the Russian Federation, dated November 3, 1999; Decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC"; Minutes of the Meeting with the Minister of Industry and the Minister of Metallurgy of the Government of Sverdlovsk Oblast, dated January 24, 2000.

2.      Re-election of the Chairman of the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC.
      *Reason:* Act of the State Mining and Technical Oversight Committee of the Russian Federation, dated November 3, 1999; Decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC"; Minutes of the Meeting with the Minister of Industry and the Minister of Metallurgy of the Government of Sverdlovsk Oblast, dated January 24, 2000.

3.      Immediate termination of the powers of the individual Executive Body of Vanadiy Mining Enrichment Plant of Kachkanar OJSC (the General Director of Vanadiy Mining Enrichment Plant of Kachkanar OJSC) and termination of the personnel agreement (contract) with the individual Executive Body of Vanadiy Mining Enrichment Plant of Kachkanar OJSC.
      *Reason:* Act of the State Mining and Technical Oversight Committee of the Russian Federation, dated November 3, 1999; Decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC"; Minutes of the Meeting with the Minister of Industry and the Minister of Metallurgy of the Government of Sverdlovsk Oblast, dated January 24, 2000.

4.      Formation of an individual Executive Body of Vanadiy Mining Enrichment Plant of Kachkanar OJSC by electing (appointing) a General Director of Vanadiy Mining Enrichment Plant of Kachkanar OJSC.
      *Reason:* Act of the State Mining and Technical Oversight Committee of the Russian Federation, dated November 3, 1999; Decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC"; Minutes of the Meeting with the Minister of Industry and the Minister of Metallurgy of the Government of Sverdlovsk Oblast, dated January 24, 2000.

5.        Designation of the person authorized by the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC
to sign an agreement with the individual Executive Body of Vanadiy Mining Enrichment Plant of Kachkanar OJSC on
behalf of Vanadiy Mining Enrichment Plant of Kachkanar OJSC.
        *Reason:* Act of the State Mining and Technical Oversight Committee of the Russian Federation, dated November 3, 1999;
Decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency Situation at Vanadiy
Mining Enrichment Plant of Kachkanar OJSC."

        Address to which the response to this demand should be sent: Room 904, Building 1, Oktyabrskaya Square, City of
Yekaterinburg, 620014.

        We hereby request that, within two days after you receive this demand to convene a meeting, you send a response on the
results of your consideration of this demand to convene a meeting of the Board of Directors of Vanadiy Mining Enrichment Plant of
Kachkanar OJSC and ballots for voting on the agenda items, and that you notify the members of the Board of Directors of Vanadiy
Mining Enrichment Plant of Kachkanar OJSC of the agenda, the method of decision-making, and the date, time and place for
acceptance of ballots.

Attachments:
1.        A copy of Decree No. 1492-PP of the Government of Sverdlovsk Oblast, dated December 31, 1999, "On the Emergency
Situation at Vanadiy Mining Enrichment Plant of Kachkanar OJSC."
2.        A copy of the minutes of the meeting of the Board of Directors of January 24, 2000.
3.        Minutes of the meeting with the Minister of Industry and the Minister of Metallurgy of the Government of Sverdlovsk
Oblast on January 24, 2000.

        The attachments to this request do not include a copy of the Act of the State Mining and Technical Oversight Committee of
the Russian Federation, dated November 3, 1999, (reason: this is a voluminous document, a copy of which is at Vanadiy Mining
Enrichment Plant of Kachkanar OJSC; members of the Board of Directors of Vanadiy Mining Enrichment Plant of Kachkanar OJSC
have only been given access to the act, without permission to make a copy.

Respectfully, Members of the Board of Directors
of Vanadiy Mining Enrichment Plant of Kachkanar OJSC

                        [signature] Semen Filippovich Barkov
                        [signature] Aleksandr Petrovich Kotsuba
                        [signature] Sergo-Shakhzada Mamadvliyevich Kurbanov
                        [signature] Adylzhan Khabibullayevich Dzhurayev

Председателю Совета Директоров
открытого акционерного общества
«Качканарский горно-обогатительный комбинат «Ванадий»
Д.Р.Гарееву

**Требование**
**о созыве Совета Директоров**
**ОАО «Качканарский горно-обогатительный комбинат «Ванадий»**

Город Екатеринбург.  «24» января 2000 года.

Являясь членами Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий», руководствуясь п. 1 ст. 68 Федерального закона «Об акционерных обществах»; п.п. 31.2, 31.3, 31.4 Устава ОАО «Качканарский горно-обогатительный комбинат «Ванадий»; актом Госгортехнадзора РФ от 3.11.1999 года; постановлением Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий»; Протоколом совещания у Министра промышленности и Министра металлургии Правительства Свердловской области от 24.01.2000 года, требуем созвать Совет Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий».

Форма принятия решений: путем письменного опроса (заочное голосование) членов Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий».

Дата и время приема бюллетеней для голосования: до 20 часов 00 минут 28 января 2000 года.

Место приема бюллетеней для голосования членов Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий»: город Екатеринбург, пл. Октябрьская, дом 1, этаж 9, ком. 904.

Вопросы повестки дня заседания Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий»:

1. О включении в число приоритетных направлений деятельности ОАО «Качканарский горно-обогатительный комбинат «Ванадий» мероприятий, указанных в Акте Госгортехнадзора от 3.11.1999 года, Постановлении Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий» и Протоколе совещания у Министра промышленности и Министра металлургии Правительства Свердловской области от 24.01.2000 года, в том числе:
   - разработка органами управления системы контроля за экологической безопасностью производства ОАО «Качканарский горно-обогатительный комбинат «Ванадий»;
   - проведение повторной комплексной проверки исполнения ОАО «Качканарский горно-обогатительный комбинат «Ванадий» предписаний органов государственного контроля;
   - разработка органами управления ОАО «Качканарский горно-обогатительный комбинат «Ванадий» системы подготовки кадров, обеспечивающей безусловное исполнение работниками ОАО «Качканарский горно-обогатительный комбинат «Ванадий» всех требований законодательства об охране окружающей природной среды.
   *Мотив постановки:* акт Госгортехнадзора РФ от 3.11.1999 года; постановление Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий»; Протокол совещания у Министра промышленности и Министра металлургии Правительства Свердловской области от 24.01.2000 года.

2. О перевыборах Председателя Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
   *Мотив постановки:* акт Госгортехнадзора РФ от 3.11.1999 года; постановление Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий»; Протокол совещания у Министра промышленности и Министра металлургии Правительства Свердловской области от 24.01.2000 года.

3. О досрочном прекращении полномочий единоличного исполнительного органа ОАО «Качканарский горно-обогатительный комбинат «Ванадий» (Генерального директора ОАО «Качканарский горно-обогатительный комбинат «Ванадий») и расторжении трудового договора (контракта) с единоличным исполнительным органом ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
   *Мотив постановки:* акт Госгортехнадзора РФ от 3.11.1999 года; постановление Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий»; Протокол совещания у Министра промышленности и Министра металлургии Правительства Свердловской области от 24.01.2000 года.

4. Об образовании единоличного исполнительного органа ОАО «Качканарский горно-обогатительный комбинат «Ванадий» - избрании (назначении) Генерального директора ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
   *Мотив постановки:* акт Госгортехнадзора РФ от 3.11.1999 года; постановление Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий»;

A - 1626

Протокол совещания у Министра промышленности и Министра металлургии Правительства Свердловской области от 24.01.2000 года.

5.  Об определении лица, уполномоченного Советом Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий» подписать от имени ОАО «Качканарский горно-обогатительный комбинат «Ванадий» договор с единоличным исполнительным органом ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
    *Мотив постановки:* акт Госгортехнадзора РФ от 3.11.1999 года; постановление Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий».

    Адрес для направления ответа на настоящее требование: 620014, город Екатеринбург, пл. Октябрьская, дом 1, ком. 904.

    Настоящим просим направить в течение 2 дней с момента получения данного требования о созыве Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий», бюллетени для голосования по вопросам повестки дня и уведомить членов Совета директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий» о повестке дня, форме принятия решений, дате, времени и месте приема бюллетеней для голосования.

Приложения:
1.  Копия постановления Правительства Свердловской области от 31.12.1999 года № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский горно-обогатительный комбинат «Ванадий».
2.  Копия протокола совещания членов Совета Директоров от 24.01.2000 года.
3.  Протокол совещания у Министра промышленности и Министра металлургии Правительства Свердловской области от 24.01.2000 года

    В приложениях к настоящему требованию не содержится акт Госгортехнадзора РФ от 3.11.1999 года (по причинам: объемный документ; имеется на ОАО «Качканарский горно-обогатительный комбинат «Ванадий»; членам Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий» был обеспечен лишь доступ к акту без разрешения снять соответствующую копию).

С уважением, члены Совета Директоров
ОАО «Качканарский горно-обогатительный комбинат «Ванадий»

/Барков Семен Филиппович/

/Коцуба Александр Петрович/

/Курбанов Серго-Шахзада Мамадалиевич/

/Джураев Адылжан Хабибуллаевич/

## DECISION NOT TO INSTITUTE
## LEGAL PROCEEDINGS

February 2, 2000                                          City of Kachkanar

Upon examining the submitted reports on a forcible, armed seizure of the premises of OJSC "Kachkanarskiy GOK "Vanadium," N. G. Gilinshin, Junior Counselor of Jurisprudence, Senior Assistant Prosecutor of the City of Kachkanar, has established the following:

At the request of members of the Board of Directors of OJSC KGOK "Vanadium" the Board of Directors held its meeting on January 28, 2000 in connection with December 31, 1999 resolution No. 1492-ПП by the Sverdlovsk Region Government "On Emergency Situation at OJSC "Kachkanrskiy GOK "Vanadium," the minutes of the January 24, 2000 meeting conducted by the Minister of Industry and the Minister of Metallurgy of the Sverdlovsk Region Government, and the November 3, 1999 report by the State Mining Inspectorate.

In pursuit of the applicable law the Board of Directors determined that votes would be cast by mail (by correspondence) and that ballots would be received at the following address: Yekaterinburg, Oktyabrskaya, 1, floor 9, room 904.

The above meeting of the Board of Directors of OJSC KGOK "Vanadium" terminated the powers of Gareyev, Chairperson of the Board of Directors, and elected A. P. Kotsuba to the post of the Chairperson of the Board of Directors. Also, the powers of D. A. Khaidarov, General Manager of OJSC KGOK "Vanadium" were terminated and A. A. Kozitsin was elected to the post of the General Manager.

The above decisions were reflected in the duly drawn-up minutes of the meeting of the Board of Directors of OJSC "Kachkanarskiy GOK "Vanadium."

On January 28, 2000 A. A. Kozitsin, General Manager of OJSC "Kachkanarskiy GOK "Vanadium," issued order No. 3 for the Open Joint Stock Company "Kachkanarskiy gornoobogatitelniy kombinat "Vanadium," appointing V. V. Abramov to the post of the First Deputy General Manager for Security (i. 2).

On January 28, 2000 at 10:30 p.m. V. V. Abramov drove up to the office building of OJSC KGOK "Vanadium" and presented a copy of the minutes of the January 28, 2000 meeting of the Board of Directors and a copy of his appointment order No. 3 to V. Ye. Kabayev, Security Manager. Following this, V. V. Abramov ordered V. Ye. Abramov to ensure strict compliance with the rules of admission to the premises and an unobstructed access by A. A. Kozitsin, General Manager of OJSC KGOK "Vanadium," to his office. V. Ye. Kabayev fully obeyed the orders issued by his direct superior and gave corresponding instructions to his subordinates.

On January 28, 2001 at 11:15 p. m. A. A. Kozitsin, General Manager of the company, drove up to the office building of OJSC KGOK "Vanadium," and there V. Ye. Kabayev familiarized him with the measures taken to ensure proper guarding of the company premises. A. A. Kozitsin reached his office without hindrance and took up his duties.

D. R. Gareyev, former Chairperson of the Board of Directors, who was present in the Board of Directors office at the time, was familiarized with the minutes of the January 28, 2001 meeting of the Board of Directors in the presence of A. P. Kotsuba, Chairperson of the Board of Directors, and C. N. Kurbanov, a member of the Board of Directors. Upon getting familiar with the above minutes, D. R. Gareyev said that he would remain in this office. D. R. Gareyev was told that as a member of the Board of Directors he may stay on the company premises as long as he deems necessary. Gareyev stayed in the Board of Directors office till the evening of January 29, 2000; on January 29, 2000 at about 5 p. m. he walked out of this office of his own will and left the Kachkanar boundaries in his car.

These facts are confirmed by copies of the December 31, 1999 resolution by the Sverdlovsk Region Government, minutes of the January 28, 2001 meeting of the Board of Directors of OJSC KGOK "Vanadium," order No. 3 issued by the General Manager of OJSC KGOK "Vanadium," statements made by A. V. Abramov, V. Ye. Kabayev and A. Kh. Dzhurayev and other documents.

Thus, the examination of the gathered information leads one to the irrefutable conclusion that there was no forcible, armed seizure of the premises of OJSC KGOK "Vanadium" by the newly elected company management on January 28 and 29, 2000.

In view of the above and based on Articles 5.1 and 113 of the Code of Criminal Procedure of the RSFSR, it is hereby decided:

1.   Not to institute criminal proceedings on the basis of reports on a forcible, armed seizure of the premises of OJSC "Kachkanarskiy GOK "Vanadium" on January 28 and 29, 2000 in the absence of a criminal act.

2.   To inform the parties concerned of this decision.

3.   The present decision may be appealed to the Kachkanar City Prosecutor.


N. G. Gilinshin, Senior Assistant Prosecutor
of the City of Kachkanar, Junior Counselor
of Jurisprudence                                          *Signature*

[Stamp]
[MAIN INVESTIGATION OFFICE
Main Department of Internal Affairs,
Sverdlovsk Region
11.26.01
No. 23/1-2357
City of Yekaterinburg]


A. G. Gruzdev, General Manager
OJSC "Kachkanarskiy GOK "Vanadium"
624356, Kachkanar, ul. Sverdlova, 2


    This is to inform you that criminal case No. 323909 initiated on the basis of the facts relating to grand larceny of the property entrusted to the accused party and the deliberate bankruptcy of OJSC "Kachkanrskiy GOK "Vanadium," i. e. on the basis of signs of crimes envisaged in Articles 160.3 and 196 of the Criminal Code of the Russian Federation, has been closed due the absence of formal elements of a crime.
    You have the right to appeal this decision to the Sverdlovsk Region Prosecutor's Office or to a court in accordance with the procedure prescribed by law.


V. V. Nikiforov, Investigator,
Lieutenant of Jurisprudence,
Main Investigation Office,               [Signature]
Main Department of Internal
Affairs, Sverdlovsk Region


[Handwritten:]
True copy
Senior Legal Officer
[Signature]  (M. V. Belov)

[Round Seal]
[OPEN JOINT STOCK COMPANY/
[Illegible]/ Sverdlovsk Region/
DEPARTMENT OF GENERAL AFFAIRS

                                      [Stamp]
                                      [OJSC "Kachkanarskiy GOK
                                       'VANADIUM"
                                      Inc. No. 4105 of 11.30.01]

ПОСТАНОВЛЕНИЕ
ОБ ОТКАЗЕ В ВОЗБУЖДЕНИИ УГОЛВОНОГО ДЕЛА

2.02.2000 г.                                                                            г. Качканар

Старший помощник прокурора г. Качканара младший советник юстиции Гилиншин Н.Г., рассмотрев сообщения о силовом, вооруженном захвате ОАО «Качканарский ГОК «Ванадий»,

Установил:

28.01.2000 г. в связи с имеющимся Постановлением Правительства Свердловской области от 31.12.99 г. № 1492-ПП «О чрезвычайной ситуации в ОАО «Качканарский ГОК «Ванадий», Протоколом совещания у Министра промышленности и Министра металлургии Правительства Свердловской области от 24.01.2000 г., актом Госгортехнадзора от 3.11.99 г., по требованию членов Совета Директоров состоялся Совет Директоров ОАО КГОК «Ванадий».

Формой принятия решений Советом Директоров был определен в соответствии с положениями законодательства – письменный опрос/заочное голосование/, местом приема бюллетеней для голосования – город Екатеринбург, Октябрьская, д. 1, этаж 9, ком. 904.

По итогам проведенного Совета Директоров КГОК «Ванадий» были прекращены полномочия Председателя Совета Директоров Гареева, избран Председатель Совета Директоров Коцуба А.П. Также были досрочно прекращены полномочия Генерального директора ОАО КГОК «Ванадий» Хайдарова Д.А. и Генеральным директором избран Козицын А.А.

Об этом был составлен надлежащим образом оформленный протокол Совета Директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий».

Генеральным директором ОАО КГОК «Ванадий» Козициным А.А. 28.01.2000 г. за № 3 был издан приказ по открытому акционерному обществу «Качканарский горно-обогатительный комбинат «Ванадий», в соответствии с п. 2 которого первым заместителем Генерального директора по безопасности был назначен Абрамов В.В.

28.01.2000 г. в 22-30 Абрамов В.В., подъехал к административному заданию ОАО КГОК «Ванадий», ознакомил начальника охраны Кабаева В.Е., с копиями протокола Совета Директоров от 28.01.2000 г. и приказа №3 о своем назначении. После чего Абрамовым В.В. было дано указание Кабаеву В.Е. об усилении пропускного режима и беспрепятственном доступе Генерального директора ОАО КГОК «Ванадий» Козицына А.А. к своему рабочему месту. Кабаев В.Е., полностью подчинился указаниям своего непосредственного начальника, дал соответствующие распоряжения своим подчиненным.

28.01.2000 г. в 23-15 к административному зданию ОАО КГОК «Ванадий» приехал Генеральный директор общества Козицын А.А. , Кабаев В.Е. доложил ему ситуацию по обеспечению охраны предприятия. Козицын А.А. беспрепятственно прошел к своему рабочему кабинету и приступил к выполнению своих обязанностей.

Здесь же с протоколом Совета директоров от 28.01.2000 г. в присутствии председателя Совета Директоров Коцуба А.П. и члена Совета Директоров Курбанова С.Н. был ознакомлен переизбранный Председатель Совета Директоров Гареев Д.Р., который находился в кабинете Совета Директоров. После ознакомления Гареев Д.Р. заявил, что он будет находится в этом кабинете. Гарееву Д.Р. было объявлено, что он, как член Совета директоров, может находится на территории общества сколько считает сам нужным. До вечера 29.01.2000 г. Гареев находился в кабинет Совета Директоров, и около 17 часов 29.01.2000 г. по своему решению покинул данный кабинет и выехал за пределы г. Качканара.

A - 1632

Указанные обстоятельства подтверждаются копиями постановления Правительства Свердловской области от 31.12.1999 г., протоколом Совета директоров ОАО КГОК «Ванадий» от 28.01.2000 г., приказом № 3 Генерального директора ОАО КГОК «Ванадий», объяснениями Абрамова А.В., Кабаева В.Е., Джураева А.Х. и другими материалами.

Таким образом, анализ собранных данных позволяет прийти к однозначному выводу о том, что силового, вооруженного захват ОАО КГОК «Ванадий» вновь избранным руководством общества 28.01.-29.01.2000 г. не было.

На основании изложенного, руководствуясь ст. 5. п.1,ст. 113 УПК РСФСР,

Постановил:

1. В возбуждении уголовного дела по сообщениям о силовом вооруженном захвате ОАО «Качканарский ГОК «Ванадий» 28.01.-29.01.2000 года отказать за отсутствием события преступления.
2. О принятом решении сообщить заинтересованным лицам.
3. Постановление может быть обжаловано прокурору г. Качканара.


Старший помощник прокурора
города Качканара
Младший советник юстиции            *подпись*              Н.Г. Гилиншин

A - 1633



Генеральному директору ОАО
«Качканарский ГОК «Ванадий»
г-ну Груздеву А.Г.

624356, г. Качканар, ул. Свердлова, 2

Настоящим сообщаю Вам, что уголовное дело № 323909 возбужденное по фактам хищения чужого имущества, вверенного виновному, в крупном размере и преднамеренного банкротства ОАО «Качканарский горно-обогатительный комбинат «Ванадий», то есть по признакам преступлений, предусмотренных ч.3 ст.160 и ст.196 УК РФ, дальнейшим производством прекращено за отсутствием составов преступлений.

Также разъясняю Вам право обжаловать данное решение в установленном законом порядке в Прокуратуру Свердловской области или суд.

Следователь ГСУ при ГУВД
Свердловской области
лейтенант юстиции                                    Никифоров В.В.

ОАО "Качканарский ГОК
"ВАНАДИЙ"
Вх № 4105 от 30.11.01

4.

**A - 1634**

RULING
IN THE NAME OF THE RUSSIAN FEDERATION

On 2-1-2000, Kachkanar City Court, Sverdlovsk Region,
comprised of A.I. Ryazanova, Presiding Judge
with prosecutor N.G. Gilimshina in attendance
and court clerk E.S. Polonik
tried in open court the civil lawsuit filed by Vladimir Evgenevich Chirkov against OAO
Kachkanar "Vanadiy" GOK (KGOK "Vanadiy") to invalidate the decisions of the KGOK
Board of Directors taken on January 28, 2000 and

DETERMINED:

The plaintiff, who is a shareholder of OAO Kachkanar "Vanadiy" Mining and
Processing Plant and owns one ordinary share of the initial offering and 472 shares of the
secondary offering, which is supported by abstract No. 1095 from the shareholder
registry of May 8, 1998, has filed a suit to invalidate the decisions of the OAO "Vanadiy"
Board of Directors of January 28, 2000.

In support of his claims, the plaintiff stated that he had witnessed the fact that the
members of the Board of Directors were not at the plant administration building on
January 28, 2000, making it impossible for decisions to have been taken at a Board of
Directors meeting on that date. On January 29, 2000 plant employees informed him that
by decision of the OAO Kachkanar "Vanadiy" GOK Board of Directors, A.A. Kozitsyn
had been appointed OAO KGOK General Director, and A.P. Kotsuba, who had
previously been a member of the Board of Directors, had been elected to replace D.R.
Gareyev as Chairman of the Board of Directors.

The plaintiff believes that the Board of Directors' decisions infringe on his rights
as a shareholder of the company. He also believes that the change in management will
cause financial damage to OAO KGOK "Vanadiy".

Acting on the basis of a power-of-attorney of January 31, 2000, E.A. Stepanova,
his representative, supported the lawsuit claims by stating in substantiation of her claims
that the plaintiff had been at work on January 28, 2000 and had seen only Gareyev in his
office. On January 29, 2000 he came to work and found out that a Board of Directors
meeting had taken place on January 28, 2000, but he had doubts that the meeting had
been held. The plaintiff is interested in developing production and believes that the
decision is unlawful.

S.A. Khalatov, representing the defendant and acting on the basis of a power-of-
attorney of February 1, 2000, rejected the claims and explained that the Board of
Directors' decision was taken in accordance with legislation in effect, and essentially
explained that the OAO Vanadiy Board of Directors comprised of Barkov, Valishev,
Gareyev, Zanadvornov, Kotsuba, Kurbanov and Dzhurayev had been elected at the
shareholder meeting of April 21, 1999. Gareev was elected Chairman of the Board of
Directors.

On January 22, 2000 Barkov, Kotsuba and Kurbanov asked Board Chairman
Gareyev to convene and conduct a Board of Directors meeting on January 24, 2000
attended by all Board members, which is supported by the minutes of January 22, 2000
which have been presented.

A - 1635

The Chairman of the Board of Directors refused to conduct and convene a meeting of the Board of Directors on the grounds that there was no need for one, and on January 23, 2000 he stated as much in writing to those who had requested the OAO "Vanadiy" Board of Directors meeting.

Clause 31.5 of the OAO "Vanadiy" Statutes permits the Chairman of the Board of Directors to refuse to accede to the demands of Board members to convene a Board meeting, and clause 31.6 of the Statutes states that non-necessity is grounds for so doing. However, these provisions of the Statutes contravene clause 1, article 68 of the Federal Law "On Stock Companies" and therefore the convocation procedure stipulated in a company's statutes cannot change the provisions mandated by the Federal Law "On Stock Companies" but may only regulate situations not regulated by law. Furthermore, by refusing to convene and hold a meeting on the grounds that there was no need for one, the Chairman of the Board of Directors thereby supersedes the entire Board since he himself is actually taking decisions for Board members. Clauses 31.5 and 31.6 of the OAO "Vanadiy" Statutes therefore contravene clause 1, article 68 of the Federal Law "On Stock Companies".

The OAO "Vanadiy" Board of Directors Policy of May 20, 1998 provides for the possibility and/or conduct of a Board of Directors meeting by a person who has demanded a Board meeting if the Board Chairman refuses to convene (avoids convening) a Board meeting (clause 5.14)
Board of Directors Policy.

The court should not take into consideration the procedure for convening and holding OAO "Vanadiy" Board of Directors meetings, which are regulated by Board of Directors Policies of April 11, 1997 and April 21, 1999, because, in accordance with clause 3, article 48 of the Federal Law "On Stock Companies," a general shareholder meeting does not have the right to consider or take decisions on matters which are outside its competence under the Federal Law "On Stock Companies". A company's Board of Directors Policy is an internal document which stipulates the procedures for the company's administrative bodies, and under clause 14, part 2, art. 65 of the Federal Law "On Stock Companies" it is within the competence of the Board of Directors to approve a company's internal documents. The OAO "Vanadiy" Board of Directors therefore has to approve the Board of Directors Policy. The shareholder meeting did not have the right to approve the OAO "Vanadiy" Board of Directors Policy since this was outside its competence under the Federal Law "On Stock Companies," and they therefore do not have legal force except for the Board of Directors Policy approved at a Board of Directors meeting and where they do not contravene the Federal Law "On Stock Companies" and the Statutes.

Despite Board Chairman Gareyev's refusal to convene a meeting of the OAO "Vanadiy" Board of Directors, on January 24, 2000, four Board members, that is, Barkov, Kotsuba, Kurbanov and Dzhurayev, showed up at the time indicated in the demand for a Board meeting, which was recorded in the protocol of OAO "Vanadiy" Board members' attendance registration at the meeting of January 24, 2000; however, the decision was not taken and the meeting essentially did not take place.

Attendees at the meeting of the Board of Directors jointly decided to demand once again that the Chairman of the Board of Directors convene a Board meeting on January 28, 2000, and to request the Chairman to set the procedure for taking decisions by written poll (proxy ballot), which is permitted by clause 5.2 of the OAO "Vanadiy" Board of Directors Policy of May 20, 2000, which was recorded in

the minutes of the meeting of January 24, 2000. Based on this, OAO "Vanadiy" Board Chairman Gareyev was once again asked to take a decision to convene a meeting of the OAO "Vanadiy" Board of Directors on January 28, 2000, and to set the procedure for taking decisions by written poll (proxy ballot), as stipulated in clause 5.2 of the Board of Directors Policy.

Gareyev received the demand on January 26, 2000, for which a protocol of that date is available.

All directors, including Board members Zanadvornov and Valishev, who reside in MOAOow, were notified that if the Chairman did not decide to convene the OAO "Vanadiy" Board of Directors, a Board meeting would be held in accordance with all the conditions stated in the demand to convene the Board of Directors, as provided for in clause 5.4 of the Board of Directors Policy, as supported by a protocol of January 26, 2000 and proofs of notices.

The Chairman of the Board of Directors did not make a decision to convene the OAO "Vanadiy" Board of Directors, which he communicated to the initiators of the OAO "Vanadiy" Board meeting in a letter of January 27, 2000.

Clause 31.23 of the OAO "Vanadiy" Statutes states that the conditions and procedure for proxy ballots shall be set by the Chairman of the OAO "Vanadiy" Board of Directors or the Board of Directors policy, where, in clause 5.13 of the Board of Directors Policy, Board members who have received a proxy ballot are deemed to have participated in Board decisions by poll (proxy ballot). All Board members received a proxy ballot, which is confirmed by the protocols of delivery of the correspondence and proofs of mailing.

There was therefore a quorum for taking decisions by proxy ballot.

Four proxies were received by the deadline for voting at the OAO "Vanadiy" Board of Directors meeting held on January 28, 2000. Four Board members voted "for" decisions to be taken on the agenda items, which is confirmed by the ballots.

It was decided to relieve OAO "Vanadiy" Board of Directors Chairman D.R. Gareyev of the chairmanship and elect A.P. Kotsuba Chairman of the Board, to terminate OAO Kachkanar "Vanadiy" GOK's contract with General Director D.A. Khaidarov and set up a one-man OAO "Vanadiy" executive body and elect A.A. Kozitsyn General Director of OAO "Vanadiy". Other decisions concerning the company's operations were also taken.

Thus he believes that the OAO "Vanadiy" Board of Directors meeting was convened and conducted in full compliance with the Federal Law "On Stock Companies," the Statutes, and the Board of Directors Policy of May 28, 1998, and therefore the claim should be denied.

The plaintiff's representative has not specified how the plaintiff's rights as a shareholder were violated and what rights are violated by the decisions taken at the Board of Directors meeting.

Having heard the arguments of the representatives of both sides, and having reviewed the case materials and the findings of prosecutor N.G. Gilimshin, who believes that the claim should be denied, the court found that the lawsuit to invalidate the decisions of the OAO "Vanadiy" Board of Directors of January 28, 2000 should be denied.

The arguments presented in court by the defendant's representative are supported by relevant documents and citations of legislation in effect and are not challenged by the plaintiff's representative, hence the court must take them into consideration.

On other grounds the plaintiff has not established how the plaintiff's rights as a shareholder were violated by OAO "Vanadiy" and which of his rights and lawful interests were violated by the decision taken at the January 28, 2000 meeting of the Board of Directors.

Pursuant to clause 1, art. 68 of the Federal Law "On Stock Companies," meetings of the board of directors (supervisory board) company shall be convened by the chairman of the company's board of directors (supervisory board) on his initiative, at the request of a member of the board of directors (supervisory board), the company's inspection committee (inspector), auditor, or executive body, as well as of other persons stipulated in the company statutes. The statutes or internal company document shall stipulate the procedure for convening and holding meetings of the company's board of directors (supervisory board). The statutes may permit the board of directors (supervisory board) to take decisions by proxy ballot (poll).

Thus, Federal Law does not prohibit the chairman of a board of directors from holding a meeting at the request of a board member.

Clauses 31.5 and 31.6 of the OAO "Vanadiy" Statutes of April 30, 1999 stipulate that the Chairman of the Board of Directors shall consider requests and take a decision on whether or not to convene a Meeting. The Chairman of the Board has the right to deny the request for a Meeting on the grounds that there is no need for one, as well as in cases where:

- the request does not contain a complete list of the data prescribed in clause 31.4 of the Statutes;

- the issues stated in the request are outside the competence of the Board of Directors.

The Chairman of the Company's Board of Directors shall notify the requester of his decision not to convene a Meeting.

The defendant's representative questions whether these provisions correspond to federal legislation.

In accordance with an Edict of the RF Supreme Court Plenum of October 31, 1995 "On Certain Issues of Judges' Application of the Russian Federation Constitution in the Exercise of Justice" (art. 7), if a court determines when hearing a specific case that the applicable regulation of a state or other agency does not conform to the law, pursuant to art. 120, part 2 of the RF Constitution, it must take a decision in accordance with the law regulating these legal relationships.

The regulatory documents of any state or other agency, and the orders and instructions of ministries and departments, heads of institutions,

A - 1639

enterprises, organizations, etc., should be evaluated from the standpoint of congruence with the law.

In this regard, the court believes that clauses 31.5 and 31.6 of the OAO "Vanadiy" Statutes do not conform to the Federal Law "On Stock Companies," art. 68 inter alia, and it should therefore be guided in this dispute by the Federal Law "On Stock Companies" since the clauses cited contravene the law and should not be taken into consideration in resolving the dispute.

Pursuant to clause 5.14 of the Board of Directors Policy of May 20, 1998 if the Chairman of the Board of Directors refuses to convene, conduct or determine the form of a Meeting, or avoids doing so, the authority to convene and/or conduct a Meeting shall be exercised by the person requesting the convocation, conduct and determination of the form of the Meeting. This person must conduct the Meeting in the form indicated in the request to convene the Meeting (attendance in person or written poll). These Policy rules fully correspond to the Federal Law "On Stock Companies" and the court must take them into consideration since they were approved by the board of directors, which is within the board's competence.

At the same time, pursuant to clause 3, art. 48 of the Federal Law "On Stock Companies," a general shareholder meeting does not have the right to consider and take decisions on matters not within its competence under the Federal Law.

On the strength of this, the court may not cite the Board of Directors Policies of April 11, 1997 and April 21, 1999 in resolving this specific case since they were approved by an unauthorized body. Art. 48 of the Federal Law "On Stock Companies" determines competence on specific issues, which are listed therein and therefore may not be liberally interpreted.

Thus, after review of all the evidence in a court session, it has not been established that the decision of the Board of Directors of January 28, 2000 is invalid (unlawful) since all procedures for convening and setting the Board of Directors meeting were followed. The meeting itself and its results satisfy the legal requirements, the decisions at the meeting were taken by a majority vote, and four members of the Board of Directors voted in favor of them, which is supported by the ballots provided and satisfy the requirements of part 3, art. 68 of the Federal Law "On Stock Companies" and the company Statutes.

The plaintiff and his representative essentially do not challenge this evidence in the case.

The court is not able or competent to evaluate the plaintiff's arguments that the management change at OAO Kachkanar "Vanadiy" GOK will cause financial damage and infringe on his rights as a shareholder.

On the basis of the foregoing and articles 191 and 197 of the RF Civil Code and Rules, the court

R U L E D :

To deny Vladimir Evgenevich Chirkov's claim against OAO Kachkanar "Vanadiy" Mining and Processing Plant to invalidate the decisions of the OAO Kachkanar "Vanadiy" GOK Board of Directors of January 28, 2000.

The ruling may be appealed in the Sverdlovsk Regional Court within 10 days.

The judge typed the final ruling on February 2, 2000.

Judge – signature.

[stamp] TRUE COPY Judge [illegible]
[round seal]

Р Е Ш Е Н И Е

ИМЕНЕМ  РОССИЙСКОЙ  ФЕДЕРАЦИИ

01.02.2000 г. Качканарский городской суд Свердловской области
в составе:председательствующего судьи Рязанова А.И.
с участием прокурора Гилимшина Н.Г.
при секретаре Полоник Е.С.,
рассмотрев в открытом судебном заседании  гражданское дело  по иску
Чиркова Владимира Евгеньевича к ОАО "Качканарский ГОК "Ванадий" о
признании недействительным решений Совета Директоров ОАО "КГОК"
"Ванадий" от 28 января 2000 года,

У С Т А Н О В И Л :

Истец обратился в суд с иском о признании недействительным
решений Совета Директоров ОАО "Качканарский горно-обогатительный
комбинат " Ванадий от 28 января 2000 года, который является акционе-
ром ОАО "Ванадий:, владея  одной обыкновенной именной акцией первого
выпуска и 472 обыкновенными именными акциями второго выпуска, что
подтверждено выпиской № 1095 из реестра акционеров от 8 мая 1998 года.

Истец  указал в обосновании своих требований, что им был засвиде-
тельствованный факт  отсутствия членов Совета Директоров в здании
заводоуправления 28 января 2000 года, что повлекло невозможность
принятия решений на заседании Совета Директоров в этот день.
29 января 2000 года ему стало известно от работников комбината,
что  имеется решение Совета Директоров ОАО " Качканарский ГОК
"Ванадий" о том, что генеральным директором ОАО "КГОК" Ванадий
назначен Козицын А.А., а Председателем Совета Директоров избран
вместо Гареева Д.Р. Коцюба А.П., который ранее был членом Совета
Директоров.

Истец считает, что решения Совета Директоров нарушают его
права как акционера общества. Полагает также, что смена руко-
водства нанесет экономический ущерб ОАО "КГОК "Ванадий".

Его представитель Степанова  Е.А., действующая по доверенности
истца от 31 января 2000 года исковые требования поддержала, указав
в обосновании своих требований, что истец был на работе 28 января
2000 года и видел на рабочем месте только Гареева. 29 января 2000
года вышел на работу и узнал, что заседание  Совета Директоров
состоялось  28 января 2000 года, однако стал сомневаться о прове-
дении такого заседания. Истец заинтересован в развитии производст-
ва и считает, что  решение  является незаконным.

Представитель ответчика Халатов С.А., действующий по доверенности
от 1 февраля 2000 года исковые требования не признал, пояснив, что
решение Совета Директоров принято в соответствии с действующим законо-
дательством и по существу  дела пояснил, что Совет директоров ОАО
"Ванадий" был избран на общем собрании акционеров 21 апреля 1999
года в составе Баркова, Валишева, Гареева, Занадворнова, Коцубы,
Курбанова и Джугаева. Председателем Совета Директоров был избран Гареев.

22 января 2000 года Барков, Коцуба и Курбанов обратились к Председа-
телю Совета Директоров Гарееву  о созыве и проведении 24 января
2000 года заседания Совета Директоровс присутствием всех членов Сове-
та Директоров, что подтверждается представленным протоколом от  22
января 2000 года.
Председатель Совета Директоров отказал в проведении и созыве заседа-
ния Совета Директоров по мотиву нецелесообразности заседания, о чем
уведомил инициаторов созыва Совета Директоров ОАО "Ванадий письменно
от 23 января 2000 года.

A - 1643

2

Пункт 31.5 Устава ОАО "Ванадий" предусматривает возможность отказа Председателя Совета Директоров ОАО "Ванадий в удовлетворении требований членов Совета Директоров о созыве заседания Совета, а п. 31.6 Устава в качестве оснований для отказа в удовлетворении требований членов Совета о созыве Совета предусматривает нецелесообразность проведения заседания Совета Директоров ОАО" Ванадий".

Однако данные положения Устава противоречат п. 1 ст. 68 Федерального Закона " Об акционерных обществах и поэтому данный порядок созыва, определенный в Уставе акционерного общества, не может изменять положения, которые в императивном порядке закреплены в Федеральном законе "Об акционерных обществах", а только может регулировать ситуации, которые не отрегулированы законом. Кроме того, отказывая в созыве и проведении заседания Председатель Совета Директоров по причине нецелесообразности подменяет собой весь состав Совета, поскольку фактически сам принимает за членов Совета Директоров решения по тем или иным вопросам. Поэтому п.п. 31.5,31.6 Устава ОАО "Ванадий" противоречат положениям п.1 ст. 68 ФЗ "Об акционерных обществах".

Положением Совета Директоров ОАО "Ванадий" от 20 мая 1998 года предусматривает возможность и/или проведения заседания Совета Директоров лицом, обратившимся с требованием о созыве Совета Директоров ОАО "Ванадий" в случае отказа / уклонения/ Председателя Директоров от созыва заседания Совета Директоров / п. 5.14/ Положения о Совете Директоров.

Порядок созыва и проведения заседаний Совета Директоров ОАО "Ванадий", которые регулируются Положениями Совета Директоров от 11 апреля 1997 года и от 21 апреля 1999 года не должны приниматься судом во внимание, поскольку в соответствии с п.3 ст. 48 Федерального Закона "Об акционерных обществах" общее собрание акционеров не вправе рассматривать и принимать решения по вопросам, не отнесенным к его компетенции ФЗ "Об акционерных обществах".Положение о Совете Директоров акционерного общества является внутренним документом общества, определяющий порядок деятельности органов управления общества и утверждение внутренних документов общества, определяющих порядок деятельности органов управления общества, относится к компетенции Совета Директоров АО в силу п. 14 ч.2 ст. 65 Федерального закона "Об акционерных обществах". Поэтому положение о Совете Директоров должно быть утверждено на Совете Директоров ОАО "Ванадий". Общее собрание акционеров не вправе было утверждать положение о Совете Директоров ОАО "Ванадий", поскольку это не отнесено к его компетенции в соответствии с ФЗ " Об акционерных обществах и поэтому не имеют юридической силы, за исключением положения о Совете Директоров, утвержденного на Совете Директоров и в части не противоречащих ФЗ "Об акционерных обществах" и Уставу.

Несмотря на отказ Председателя Совета Директоров Гареева созвать заседание Совета Директоров ОАО "Ванадий", 24 января 2000 года четыре члена Совета Директоров, то есть Гарков, Коцуба, Курбанов и Джугаев явились и во время, указанное в требовании о созыве заседания Совета Директоров, о чем был составлен протокол регистрации участия членов Совета Директоров ОАО "Ванадий" в заседании от 24 января 2000 года, однако решения принято не было и заседания не состоялось по существу.

Собравшиеся на заседание члены Совета Директоров совместно решили обратиться вновь к Председателю Совета Директоров с повторным требованием о созыве Совета Директоров на 28 января 2000 года и при этом просить Председателя Совета Директоров определить порядок принятия решения путем письменного опроса / заочным голосованием, что предусмотрено п. 5.2 Положением о Совете Директоров ОАО "Ванадий" от 20 мая 2000 года, что было оформлено составлением

A - 1644