протоколом совещания от 24 января 2000 года. На основании этого повторно обратились в адрес Председателя Совета Директоров ОАО" Ванадий" Гарееву о принятии решения им о созыве Совета Директоров ОАО" Ванадий" на 28 января 2000 года, при этом просили определить порядок принятия решений путем письменного опроса / заочным голосованием/, что определено п. 5.2 Положения о Совете Директоров.

Такое требование было получено Гареевым 26 января 2000 года, о чем имеется протокол от этой даты.

При этом известили всех членов директоров, в том числе с уведомлением членов Совета Директоров Занадворнова и Велишева, проживающих в Москве, что при непринятии Председателем решения о созыве Совета Директоров ОАО "Ванадий" такой Совет будет проведен в соответствии со всеми условиями, указанными в требовании о созыве Совета Директоров, что предусмотрено п. 5.4 Положения о Совете Директоров, что подтверждается протоколом от  26 января 2000 года и квитанциями об уведомлении.

Председатель Совета Директоров не принял решение о созыве Совета Директоров ОАО "Ванадий" , о чем уведомил инициаторов созыва Совета Директоров ОАО "Ванадий" письмом от 27 января 2000 года.

В соответствии с п. 31.23 Устава ОАО "Ванадий"условия и порядок проведения заочного голосования устанавливается Председателем Совета Директоров ОАО" Ванадий" или положением о Совете Директоров, где в п. 5.13 Положения о Совете Директоров члены Совета Директоров, получившие бюллетени для заочного голосования, признаются принявшими участие в принятии решения Советом Директоров опросным путем / заочным голосованием/. Все члены Совета Директоров получили бюллетени для голосования, что подтверждается протоколами вручения корреспонденции и квитанциями об их отправке.

Поэтому кворум для принятия решений  заочным голосованием голосованием имелся.

В момент окончания приема бюллетеней для голосования на Совете Директоров ОАО "Ванадий  28 января 2000 года было сдано четыре бюллетеня для голосования. В результате подведения итогов голосования "за" принятия решений по всем вопросам повестки дня проголосовало четыре члена Совет Директоров, что подтверждается бюллетенями для голосования.

Были приняты решения о переизбрании Председателя Совета Директоров ОАО" Ванадий" Гареева Д.Р. с прекращением его полномочий как Председателя и избрать Председателем Совета Директоров ОАО" Ванадий" Коцуба А.П., а также прекратить полномочия Генерального Директора ОАО "Качканарский ГОК "Ванадий"  Хайдарова Д.А. досрочно, расторгнув с ним контракт, заключенный с ним ОАО "Качканарский ГОК "Ванадий" и образовать единоличный исполнительный орган ОАО "Ванадий" и избрать Генеральным Директором ОАО "Ванадий" Козицына А.А.. Также были приняты другие решения по вопросам деятельности общества.

Таким образом, считает, что  состоявшийся Совет Директоров ОАО "Ванадий" был созван и проведен в полном соответствии с нормами Федерального Закона " Об акционерных обществах", Уставом и положением Совете Директоров от 28 мая 1998 года, поэтому в удовлетворении иска следует отказать.

Представитель истца не указал, в чем выразилось нарушение прав истца как акционера и какие права нарушают решения, принятые на заседании Совета Директоров.

4

Суд, выслушав доводы представителей сторон, изучив материалы дела, заключение прокурора Гилимшина Н.Г., полагавшего в удовлетворении иска отказать, нашел, что в исковых требованиях о признании недействительными решения Совета Директоров ОАО "Ванадий от 28 января 2000 года следует отказать.

Приведенные доводы представителем ответчика в судебном заседании подтверждены соответствующими документами и ссылками на действующее законодательство и представителем истца не оспаривается, поэтому должны быть приняты во внимание судом.

По другим основаниям истец не определил, в чем выразилось нарушение прав истца как акционера ОАО "Ванадий" и какие именно его права и законные интересы нарушены в результате принятого решения на заседании Совета Директоров от 28 января 2000 года.

На основании п. 1 ст. 68 ФЗ "Об акционерных обществах" заседание совета директоров / наблюдательного совета/ созывается председателем совета директоров / наблюдательного совета/ общества по собственной инициативе, по требованию члена совета директоров / наблюдательного совета/, ревизионной комисси / ревизора/, общества или аудитора общества, исполнительного органа общества, а также иных лиц, определенных уставом общества. Порядок проведения и созыва заседаний совета директоров / наблюдательного совета/ общества определяется уставом общества или внутренним документом общества. Уставом общества может быть предусмотрена возможность принятия решений советом директоров / наблюдательным советом/ общества заочным голосованием / опросным путем/.

Таким образом, Федеральный Закон не содержит запрета со стороны председателя совета директором на проведение заседания по требованию члена совета директоров.

П.п. 31.5 и 31.6 Устава ОАО "Ванадий" от 30 апреля 1999 года определено, что Председатель Совета Директоров рассматривает поступившее требование и принимает решение о созыве или отказе в созыве Заседания. Председатель Совета вправе отказать предъявителю требования о созыве Заседания по мотивам нецелесообразности проведения такого заседания"", а также в случаях, когда:
–требование не содержит полного перечня данных, определенного п. 31.4 настоящего Устава;
– вопросы, указанные в требовании, не относятся к компетенции Совета директоров.
Решение Председателя Совета директоров Общества об отказе в созыве Заседания сообщается предъявителю требования.

Представителем ответчика оспаривается соответствие данных положений Федеральному законодательству.

В соответствии с Постановлением Пленума Верховного Суда РФ от 31 октября 1995 года " О некоторых вопросах применения судами Конституции Российской Федерации при осуществлении правосудия" / ст. 7/ если при рассмотрении конкретного дела суд установит, что подлежащий применению акт государственного органа или иного органа не соответствует закону, он в силу ст. 120 ч.2 Конституции РФ обязан принять решение в соответствии с законом, регулирующим данные правоотношения.
Оценке с точки зрения соответствия закону подлежат нормативные акты любого государственного органа или иного органа, приказы и инструкции министерств и ведомств, руководителей учреждений.

предприятий, организаций и др..

В связи с этим, суд считает, что положения п.п. 31.5, 31.6 Устава ОАО "Ванадий" не соответствует Федеральному Закону " Об акционерных обществах", в частности ст. 68 этого закона и поэтому в данном случае при разрешении спора следует руководствоваться требованиями ФЗ "Об акционерных обществах", поскольку указанные пункты устава противоречат закону и не должны принииматься во внимание при разрешении данного спора.

В соответствии с п. 5.14 Положения о Совете Директоров от 20 мая 1998 года следует, что в случае отказа или уклонения председателя Совета директоров от обязанностей по созыву, проведению и определению формы Заседания полномочия по созыву и/или проведению Заседания осуществляется лицом, требующим созыва, проведения и определения формы Заседания. При этом указанное лицо обязано провести Заседание в той форме, которую оно указало в требовании о созыве Заседания / совместное присутствие или письменный опрос/. Эти правила Положения полностью соответствуют Федеральному Закону " Об акционерных обществах" и должны быть приняты во внимание судом, поскольку утверждено советом директоров, что входит в его компетенцию.

В то же время общее собрание акционеров в соответствии с п. 3 ст. 48 ФЗ "Об акционерных обществах" не вправе рассматривать и принимать решение по вопросам, не отнесенным к его компетенции Федеральным Законом.

В силу этого суд не вправе ссылаться на положения о Совете Директоров от 11 апреля 1997 года и 21 апреля 1999 года при разрешении этого конкретного дела, поскольку принято не уполномоченным органом. Ст. 48 ФЗ " Об акционерных обществах" оределяет компетенцию по конкретным вопросам, перечень которых указан в статье 48 и поэтому расширительному толкованию не подлежит.

Таким образом, в судебном заседании , при исследовании всех доказательств, не установлено, что решение Совета Директоров от 28 января 2000 года является недействительным / незаконным/, поскольку соблюдена вся процедура созыва и назначения заседания Совета Директоров. Само заседание и его результаты отвечают требованиям действующего законодательства, решения на заседании было принято большенством голосов и за принятие решения проголосоваливали четверо членов Совета Директоров, что подтверждается представленными бюллетенями для голосования и отвечает требованиям ч.3 ст. 68 ФЗ " Об акционерных обществах" и Уставу общества.

По существу дела истцом и его представителем данные доказательства по существу не оспариваются.

Давать оценку доводам истца, что в результате смены руководства ОАО "Качканарский ГОК "Ванадий" будет нанесен экономический ущерб и будут нарушены его права как акционера суд не имеет возможности и не входит в его компетенцию.

На основании изложенного и руководствуясь ст.ст. 191,197 ГПК РФ, суд

Р Е Ш И Л :

В удовлетворении иска Чиркова Владимира Евгеньевича к ОАО "Качканарский горно-обогатительный комбинат " Ванадий" о признании недействительным решений Совета Директоров ОАО "Качканарский ГОК "Ванадий" от 28 января 2000 года отказать.

Решение может быть обжаловано в Свердловский областной суд в течении 10 дней.

Решение в окончательной форме изготовлено судьей на пишущей машинке 2 февраля 2000 года.

Судья — подпись.



### Determination

The Panel of Judges for civil suits of the Sverdlovsk oblast court in the composition of the presiding judge S.N. Troukhin, judges L.M. Zvyagintseva and I.L. Smagina considered in the court session of February 15, 2000 the action initiated of Vladimir Ye. Chirkov against OAO "Kachkanar ore mining and processing enterprise "Vanadium" to invalidate the decisions taken by the Council of directors on 28.01.2000, on the cassational complaint brought by the claimant against the decision of the Kachkanar town court for the Sverdlovsk oblast from February 01, 2000, which held:

To refuse satisfaction to the claim.

Having heard the report of judge L.M. Zvyagintseva, explanations of the representative of the claimant Ye.A. Stepanova acting by power of attorney from 07.02.2000 asking to reverse the court decision, representatives of the respondent M.N. Kolesnikov and S.A. Khalatov acting under powers of attorney from 01.02.2000 asking to leave the court decision unchanged,

### HAS ESTABLISHED:

Vladimir Ye. Chirkov made recourse to the court with a complaint against OAO "Kachkanar ore mining and processing enterprise "Vanadium" to invalidate the decisions of the Council of directors of the joint-stock company from 28.01.2000, challenging the legality of convening the meeting of the Council of directors and the decisions taken to re-elect the chairman of the Council of directors and appoint a new Director General of the joint-stock company, arguing that on 28.01.2000 no meeting of the Council of directors was held on the territory of the joint-stock company, and, consequently, no decisions of the Council of directors were then taken, and the decisions stated in writing and dated 28.01.2000 were illegal, as they had been taken in breach of Article 68.2 of the Federal law "On joint-stock companies" and Articles of Incorporation of the joint-stock company.

The claimant believes that the unlawful change of the management will cause material damage to the joint-stock company, which, as a result, will injure his rights as a shareholder owning one ordinary registered share of the first issue and 472 similar shares of the second issue.

In the court session the representative of the claimant Ye.A. Stepanova supported the complaints for the same reasons.

The representative of the respondent S.A. Khalatov rejected the complaints, believing in the lawfulness of the convened meeting of the Council of directors and the decisions of the Council of directors taken by absentee voting which do not injure the interests and proprietary rights of the claimant. Besides, neither the claimant, nor his representative said what rights of the claimant were infringed by the challenged decisions or how the violation of the rights and interests of the claimant was expressed.

The court took the above-mentioned decision, against which the claimant filed a cassational complaint.

The cassational complaint requests that the decision taken by the court in the first instance be reversed as illegal for the same reasons as those having been the subject-matter of deliberation by the court in the first instance. In particular, it challenges the capacity to convene a meeting of the Council of directors by four members of the Council

of directors, as, in the opinion of the claimant, Article 68.1 of the Federal law "On joint-stock companies" and Clause 31.5 of the Articles of Incorporation of the joint-stock company refer the taking of the decision to convene a meeting of the Council of directors to the exclusive competence of the Chairman of the Council of directors.

Besides, the claimant and his representative believe that the unlawful change of the management of the joint-stock company caused material economic damage to the joint-stock company, which may affect the payment of dividends and in case of the company liquidation — the share of property of the company to be received by the shareholders (including the claimant).

Having considered the materials in the case within the limits of the reasons stated in the cassational complaint under the rules of Article 294.1 of the RSFSR Civil Procedure Code and having discussed these reasons, taking into account the explanations offered by the representatives of the parties in the session of the cassation instance, the Panel of Judges finds no grounds to reverse the decision of the court of the first instance as stipulated by Article 306 of the RSFSR Civil Procedure Code.

According to Article 68.1 of the Federal law "On joint-stock companies", the meeting of the Council of directors of the company is convened by the Chairman of the Council of directors of the company on his own initiative, at the request of a member of the Council of directors, the auditing committee (examiner) of the company or auditor of the company, executive body of the company, as well as other persons established by the Articles of Incorporation of the company. The order of convening and holding the meetings of the Council of directors of the company is established by the Articles of Incorporation of the company or an internal document of the company. The Articles of Incorporation may make it possible for a decision to be taken by the Council of directors of the company by absentee voting (voting ballot).

The court has established that the decisions taken by the Council of directors on 28.01.2000 were taken by absentee voting following the rules for the order of convening and holding the meeting of the Council of directors of the company stipulated by the Federal law and Articles of Incorporation of the joint-stock company.

The Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium" contain no prohibition to hold a meeting of the Council of directors outside the registered office of the company and allow to hold a General meeting, if so decided by the Council of directors, in any other place (Clause 14.2 — page 34 of the case file), and Clause 33.23 of the Articles of Incorporation stipulates the possibility of absentee voting in taking the decisions by the Council of directors (page 44 of the case file).

The representative of the claimant V.A. Stepanova confirmed in the session of the cassation instance, that in the court of the first instance she had been acquainted with all written evidence supplied by the respondent to substantiate his defense against the claims filed both before and during the court proceedings, their content having been considered in the court session in accordance with the rules of Article 56 of the RSFSR Civil Procedure Code.

The fact of holding a meeting of the Council of directors in the form of taking decisions by absentee voting at the place of holding the meeting of the Council of directors on the date and time stated in the request of four members of the Council of directors having initiated the convening of the meeting of the Council of directors and exercised their power to convene and hold a meeting of the Council of directors only after the second refusal of the Chairman of the Council of directors to convene a meeting because of inexpediency of such a meeting, despite the motivated grounds of the

necessity to convene a meeting of the Council of directors — was established by the court in the first instance on the basis of the evidence studied.

Consequently, the argument of the claimant that no meeting of the Council of directors was held is contrary to the materials in the case and the circumstances established by the court.

The Panel of Judges disagrees with the arguments of the claimant that the taking of the decision to convene a meeting of the Council of directors belongs to the exclusive competence of the Chairman of the Council of directors.

By implication of Article 68.1 of the Federal law "On joint-stock companies" and proceeding from the literal construction of this norm and its comparison with Clauses 67.2 and 55.4 of the said Law, there may not be considered legal any attempts in the Articles of Incorporation of the company to limit the number of the initiators of convening a meeting of the Council of directors differently from the norms established in Clause 68.1 of the Law, or to refer the decision on the expediency or inexpediency of convening a meeting of the Council of directors to the exclusive competence of the Chairman of the Council of directors, if the request to convene the meeting is made by a person mentioned in Article 68.1 of the Federal law or the Articles of Incorporation of the joint-stock company.

Different from Article 55.4 of the Federal law "On joint-stock companies", Article 68 of the said law stipulates no grounds for refusal to convene a meeting of the Council of directors. Moreover, the principle of unhindered realization of civil rights stipulated by Article 1 of the Civil Code of the Russian Federation, to which there unquestionably belong the rights of shareholders, is realized in Article 55.6 of the Federal law allowing to convene and hold a General meeting to the persons requesting the convening of an extraordinary General meeting in case no decision of convening or a decision to refuse to convene a meeting is taken.

All the more contrary to the principle of unhindered realization of powers by the members of the Council of directors is the construction of the provisions stipulated by Clauses 31.5 and 31.6 of the Articles of Incorporation, in accordance with which the Chairman of the Council of directors may refuse to convene a meeting of the Council of directors even if it is requested by several or the majority of the members of the Council of directors exercising their powers and being liable for the general management of the company activity together with the Chairman of the Council of directors.

In accordance with the above the conclusion of the court in the first instance that Clauses 31.5 and 31.6 of the Articles of Incorporation are contrary to the Federal law "On joint-stock companies" and may not be applied in settling the given dispute seems proper.

The court in the first instance duly took into account the norm contained in Clause 5.14 of the Regulations for the Council of directors, similar to that of Article 55.6 of the Federal law "On joint-stock companies", allowing the realization of the powers of convening and holding a meeting of the Council of directors to the persons requesting the meeting.

Consequently, the argument that the decision to convene the Council of directors of the joint-stock company on 28.01.2000 was taken not by the Chairman of the Council of directors, but by four members of the Council of directors and that the decisions taken by the Council of directors were unlawful is based on the subjective construction by the claimant of Article 68.1 of the Federal law "On joint-stock companies".

There should also be considered groundless the arguments of the claimant and his representative that the decisions taken by the Council of directors on 28.01.2000 injured the rights of the claimant as a shareholder, as these arguments are suggestive by nature and thus may not serve as the basis for satisfying the cassational complaint.

There were no other reasons advanced in the cassational complaint, nor were they given in the session of the cassation instance.

Proceeding from the above, being guided by Articles 305.1, 311 of the RSFSR Civil Procedure Code, the Panel of Judges

## HAS DETERMINED:

To leave the decision of the Kachkanar town court for the Sverdlovsk oblast from 15.02.2000 unchanged and the cassational complaint of the claimant unsatisfied.

Presiding judge                    S.N. Troukhin
Judges                             L.M. Zvyagintseva
                                   I.L. Smagina

True copy
Judge [signature]
Secretary [signature]
25.02.2000

Судья Рязанов А.И.                                      Дело № 33-805

ОПРЕДЕЛЕНИЕ

Судебная коллегия по гражданским делам Свердловского областного суда в составе председательствующего Трухина С.Н., судей Звягинцевой Л.М. и Смагиной И.Л. рассмотрела в судебном заседании от 15 февраля 2000г. дело по иску

Чиркова Владимира Евгеньевича к ОАО «Качканарский горно-обогатительный комбинат «Ванадий» о признании недействительными решений Совета директоров от 28.01.2000г.

по кассационной жалобе истца на решение Качканарского городского суда Свердловской области от 01 февраля 2000г., которым постановлено :

В иске отказать.

Заслушав доклад судьи Звягинцевой Л.М., объяснения представителя истца Степановой Е.А. по доверенности от 07.02.2000г., просившей решение суда отменить, представителей ответчика Колесникова М.Н. и Халатова С.А. по доверенностям от 01.02.2000г., просивших решение суда оставить без изменения, судебная коллегия

УСТАНОВИЛА :

Чирков В.Е. обратился в суд с иском к ОАО «Качканарский горно-обогатительный комбинат «Ванадий» о признании недействительными решений Совета директоров ОАО от 28.01.2000г., оспаривая законность созыва заседания Совета директоров и принятых решений о переизбрании председателя Совета директоров и назначении нового Генерального директора ОАО по тем основаниям, что 28.01.2000г. заседание Совета директоров на территории ОАО не состоялось, решений Советом директоров вследствие этого не принималось, а оформленные письменно и датированные 28.01.2000г. решения - незаконны, поскольку вынесены в нарушение п.2 ст.68 ФЗ «Об акционерных обществах» и Устава ОАО.

Истец полагает, что незаконная смена руководства нанесет значительный ущерб акционерному обществу, в результате чего будут нарушены его права как акционера, владеющего 1 обыкновенной именной акцией первого выпуска и 472 аналогичными акциями второго выпуска.

В судебном заседании представитель истца Степанова Е.А. поддержала исковые требования по тем же основаниям.

Представитель ответчика Халатов С.А. исковые требования не признал, считая законными созыв заседания Совета директоров и принятые в порядке заочного голосования решения Совета директоров, которые не нарушают интересы истца и его имущественные права. К тому же ни истец, ни его представитель не указали, какие права истца нарушены оспариваемыми решениями, в чем выразилось нарушение прав и интересов истца.

Судом постановлено вышеприведенное решение, на которое подана кассационная жалоба истцом.

В кассационной жалобе ставится вопрос об отмене решения суда первой инстанции как незаконного по тем же основаниям, которые были предметом исследования в суде первой инстанции. В частности, оспаривается правомочность созыва заседания Совета директоров

4 членами Совета директоров, поскольку, по мнению истца, п.1 ст.68 ФЗ «Об акционерных обществах» и п.31.5 Устава ОАО относят принятие решения о созыве заседания Совета директоров к исключительной компетенции председателя Совета директоров.

Кроме того, истец и его представитель считают, что незаконная смена руководства ОАО нанесла значительный экономический ущерб акционерному обществу, что может отразиться на выплате размера дивиденда, а в случае ликвидации общества - на части имущества общества, которую получат акционеры (в том числе истец).

Проверив материалы дела в пределах указанных в кассационной жалобе доводов по правилам ч.1 ст.294 ГПК РСФСР, обсудив эти доводы с учетом объяснений представителей сторон в заседании кассационной инстанции, судебная коллегия оснований к отмене решения суда первой инстанции, предусмотренных ст.306 ГПК РСФСР, не находит.

Согласно п.1 ст.68 ФЗ «Об акционерных обществах» заседание Совета директоров общества созывается председателем Совета директоров общества по его собственной инициативе, по требованию члена Совета директоров, ревизионной комиссии (ревизора) общества или аудитора общества, исполнительного органа общества, а также иных лиц, определенных уставом общества. Порядок созыва и проведения заседаний Совета директоров общества определяется уставом общества или внутренним документом общества. Уставом общества может быть предусмотрена возможность принятия решений Советом директоров общества заочным голосованием (опросным путем).

Судом установлено, что решения, принятые Советом директоров 28.01.2000г., вынесены в порядке заочного голосования с соблюдением предусмотренных Федеральным Законом и уставом ОАО правил о процедуре созыва и проведения заседания Совета директоров общества.

Устав ОАО «Качканарский ГОК «Ванадий» не содержит запрета на проведение заседания Совета директоров не по месту нахождения общества и позволяет проведение общего собрания по решению Совета директоров в любом ином месте (п.14.2 -л.д.34), а п.33.23 Устава предусматривает возможность проведения заочного голосования при принятии Советом директоров решений (л.д.44).

Представитель истца Степанова В.А. подтвердила в заседании кассационной инстанции, что в суде первой инстанции она была ознакомлена со всеми письменными доказательствами, представленными ответчиком в обоснование своих возражений против заявленных требований как до начала судебного разбирательства, так и во время судебного разбирательства, их содержание исследовалось в судебном заседании по правилам ст.56 ГПК РСФСР.

Факт проведения заседания Совета директоров в форме принятия решений путем заочного голосования в месте проведения заседания Совета директоров в тот день и в то время, которые были определены в требовании 4-х членов Совета директоров, инициировавших созыв заседания Совета директоров и осуществивших полномочия по созыву и проведению заседания Совета директоров лишь после повторного отказа председателя Совета директоров в созыве заседания по мотиву нецелесообразности такого созыва, несмотря на мотивированное обоснование необходимости созыва заседания Совета директоров, - был установлен судом первой инстанции на основании исследованных доказательств.

Следовательно, довод истца о том, что заседание Совета директоров не состоялось, противоречит материалам дела и установленным судом обстоятельствам.

С доводами истца о том, что принятие решения о созыве заседания Совета директоров относится к исключительной компетенции председателя Совета директоров, судебная коллегия согласиться не может по следующим основаниям.

По смыслу п.1 ст.68 ФЗ «Об акционерных обществах» и исходя из буквального толкования этой нормы, сопоставления ее с п.2 ст.67 и п.4 ст.55 этого Закона нельзя признать законным как ограничение в Уставе общества числа инициаторов созыва заседания Совета директоров по сравнению с тем, как они определены в п.1 ст.68 Закона,

так и отнесение к исключительности компетенции председателя Совета директоров решение вопроса о целесообразности или нецелесообразности созыва заседания Совета директоров, если требование о созыве заседания заявлено лицом, указанным в п.1 ст.68 Закона или в Уставе акционерного общества.

В отличие от п.4 ст.55 ФЗ «Об акционерных обществах» ст.68 этого закона не предусматривает оснований для отказа в созыве заседания Совета директоров. Более того, предусмотренный ст.1 ГК РФ принцип беспрепятственного осуществления гражданских прав, к которым безусловно относятся и права акционеров, реализуется в п.6 ст.55 Федерального закона, позволяющем созвать и провести общее собрание лицам, требующим созыва внеочередного общего собрания, в случае непринятия решения о созыве собрания или принятия решения об отказе от его созыва.

Тем более противоречит принципу беспрепятственного осуществления членами Совета директоров своих полномочий такое толкование положений, предусмотренных п.31.5 и п.31.6 Устава, при котором председатель Совета директоров может отказать в созыве заседания Совета директоров даже в случае, когда на созыве заседания настаивают несколько (или большинство) членов Совета директоров, осуществляющих свои полномочия и несущих ответственность за общее руководство деятельностью общества наряду с председателем Совета директоров.

В связи с изложенным представляется правильным вывод суда первой инстанции о том, что п.31.5 и п.31.6 Устава противоречат ФЗ «Об акционерных обществах» и не подлежат применению при разрешении данного спора.

Судом первой инстанции правильно принята во внимание содержащаяся в п.5.14 Положения о Совете директоров норма, аналогичная п.6 ст.55 ФЗ «Об акционерных обществах», позволяющая осуществить полномочия по созыву и проведению заседания Совета директоров лицам, требующим созыва заседания.

Следовательно, довод о том, что решение о созыве Совета директоров ОАО на 28.01.2000г. было принято не председателем Совета директоров, а 4 членами Совета директоров и принятые Советом директоров решения незаконны, основан на субъективном толковании истцом п.1 ст.68 ФЗ «Об акционерных обществах».

Необоснованными следует признать и доводы истца в его представителя о нарушении прав истца как акционера принятыми Советом директоров 28.01.2000г. решениями, поскольку они носят предположительный характер, в связи с чем основанием для удовлетворения кассационной жалобы быть не могут.

Других доводов в кассационной жалобе не содержится, не приведено таковых и в заседании кассационной инстанции.

Учитывая изложенное, руководствуясь п.1 ст.305, ст.311 ГПК РСФСР, судебная коллегия

О П Р Е Д Е Л И Л А:

Решение Качканарского городского суда Свердловской области от 15.02.2000г. оставить без изменения, кассационную жалобу истца - без удовлетворения.

Председательствующий                                       С.Н.Трухин
Судьи                                                      Л.М.Звягинцева
                                                           Н.Л.Смагина

Верно : судья                                              Л.М.Звягинцева

A - 1656

Judge I.V. Tikhonova
Civil Case No. 33-2125

### Determination

On March 08, 2001 the Panel of Judges for civil suits of the Moscow city court in the composition of the presiding judge Ye.N. Gouliayeva, judges Ye.M. Gorokhova, M.V. Gornova, having considered in the open court session the case presented by M.V. Gornova on the cassational complaint of OAO "Kachkanar ore mining and processing enterprise "Vanadium" against the decision of the Meshchansky inter-municipal regional court of the city of Moscow from September 19, 2000, which held to consider invalid the decision of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from January 28, 2000 on early termination of the powers of the Director General and appointment of A.A. Kozitsyn Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium";

to consider invalid all actions performed by A.A. Kozitsyn in the name of OAO "Kachkanar ore mining and processing enterprise "Vanadium" beginning with January 28, 2000, including transactions to acquire and dispose of assets, their lease and other use, granting and obtaining of loans and credits, issue, acceptance, indorsing, guaranteeing of notes and effecting of payments thereon, issue and recall of powers of attorney, signing of financial documents, reconciliation acts and adjustment of settlements,

### HAS ESTABLISHED:

V.V. Volnov made recourse to the court with a complaint against the unlawful actions (decisions) of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from January 28, 2000 on early termination of the powers of the Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium", on re-election of the Chairman of the Council of directors and appointment of A.A. Kozitsyn a new Director General, pointing out that the said decision infringes his rights and legal interests as a shareholder of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

The representative of OAO "Kachkanar ore mining and processing enterprise "Vanadium" A.Kh. Vafina spoke against the satisfaction of the complaint.

The court took the above decision which OAO "Kachkanar ore mining and processing enterprise "Vanadium" asks to be reversed for the reasons stated in the cassational complaint.

Having examined the materials in the case, heard Ye.L. Grigorieva — representative of OAO "Kachkanar ore mining and processing enterprise "Vanadium", explanations of E.A. Zhuikov — representative of V.V. Volnov, discussed the arguments advanced in the cassational complaint, the panel of judges believes that the decision of the court should be reversed for the following reasons:

In accordance with Article 106 of the RSFSR Civil Procedure Code, the persons taking part in the case and their representatives are to be informed of the time and place of the court hearing by writs. The writs are to be served so that the persons taking part in the case and their representatives should have sufficient time for timely arrival to the court and preparation for the hearing of the case.

Meanwhile, the materials in the case contain no data which could allow to reliably determine whether OAO "Kachkanar ore mining and processing enterprise "Vanadium" was given proper notice of the time and place of the court hearing. On September 11,

2000 the case was assigned for hearing on September 19, 2000, whereas OAO "Kachkanar ore mining and processing enterprise "Vanadium" is located in Kachkanar, Sverdlovsk oblast, and there are no data on the service of writs to the representative of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and his acceptance of the said service at the said address.

From the materials in the case it is not clear how and at what address A.Kh. Vafina, taking part in the hearing as the representative of OAO "Kachkanar ore mining and processing enterprise "Vanadium", was notified thereof.

Besides, from the materials in the case it is not seen that a copy of the complaint of V.V. Volnov was sent to OAO "Kachkanar ore mining and processing enterprise "Vanadium". The sole mentioning of it in the court determination absent other data does not mean that a copy of the complaint, in accordance with Article 14 of the RSFSR Civil Procedure Code, was sent to OAO "Kachkanar ore mining and processing enterprise "Vanadium".

Meanwhile, from the cassational complaint of OAO "Kachkanar ore mining and processing enterprise "Vanadium", explanations offered by Ye.L. Grigorieva, representative of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and materials submitted it follows that in considering the given case the rights and legal interests of OAO "Kachkanar ore mining and processing enterprise "Vanadium" were infringed, as OAO "Kachkanar ore mining and processing enterprise "Vanadium" did not know of the Meshchansky inter-municipal regional court of the city of Moscow having accepted the complaint of V.V. Volnov for hearing, was not informed of the time and place of the court hearing, the case was heard by the court in absence of the proper representative of OAO "Kachkanar ore mining and processing enterprise "Vanadium", as the power of attorney of A.Kh. Vafina giving the right to represent the interests of the joint-stock company was not issued nor entered in the register of the powers of attorney of OAO "Kachkanar ore mining and processing enterprise "Vanadium". A.Kh. Vafina is an interested party, for she represents the interests of the dismissed director D.A. Khaidarov. Besides, from the cassational complaint of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and the materials appended thereto it is seen that on August 22, 2000 external trust management was introduced with respect to OAO "Kachkanar ore mining and processing enterprise "Vanadium" in accordance with Article 69 of the Federal law "On insolvency (bankruptcy)". From the moment of introduction of trust management the powers of all managing bodies of OAO "Kachkanar ore mining and processing enterprise "Vanadium" were terminated and its head manager was removed from his office; as the external trustee in bankruptcy there was appointed O.S. Kozyrev, to whom the management of OAO "Kachkanar ore mining and processing enterprise "Vanadium" was entrusted.

Besides that, from the cassational complaint of OAO "Kachkanar ore mining and processing enterprise "Vanadium" it is seen that, having considered the case in absence of OAO "Kachkanar ore mining and processing enterprise "Vanadium", the court failed to verify a number of circumstances materially important for taking a lawful and grounded decision, as the Council of directors had been convened with the consent of the Chairman of the Council of directors Gareyev. He personally took part in the voting on all items of the agenda, all decisions of the Council of directors from 28.01.2000 were taken in accordance with the Federal law "On joint-stock companies" and the Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium", with the quorum being present.

Under the circumstances, the court decision may not be considered lawful and grounded, in connection with which it shall be subject to reversal.

A - 1658

In the course of a new consideration the court should take the above into account, verify the reasons of the parties and settle the dispute in accordance with the requirements of the law and the evidence collected in the case.

Being guided by Article 306 of the RSFSR Civil Procedure Code, the Panel of Judges

## HAS DETERMINED:

To reverse the decision of the Meshchansky inter-municipal regional court of the city of Moscow from September 19, 2000; to remand the case for new consideration by the same court and the same composition of judges.

Presiding judge [signature]
Judges        [signature]

True copy
Judge [signature]
Secretary [signature]

A - 1659

ф. № 20

## Определение

гр. д. № 55-2125

Судебная коллегия по _уголовным_ делам Московского городского суда в составе председательствующего _____

и судей _____

с участием прокурора _____

и адвокатов _____

заслушав в открытом судебном заседании по докладу _____

дело по кассационной жалобе _____

_____

_____

на ~~приговор~~

решение _____ ~~районного народного~~ суда

от «___» _____ ____ г.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____





A - 1664

A - 1666

## DECISION

in the name of the Russian Federation

On September 19, 2000
the Meshchansky inter-municipal regional court of the Central Administrative district of the city of Moscow in the composition of the presiding judge I.V. Shikanova with the secretary A.R. Votko, having considered in the open court session civil case No. 2-1984/2000 initiated by the complaint of Valentin V. Volnov against unlawful actions (decisions) of the officials of OAO "Kachkanar ore mining and processing enterprise "Vanadium"

### HAS ESTABLISHED:

The applicant V.V. Volnov is a shareholder owning ordinary registered voting shares (in non-documentary form) of OAO "Kachkanar ore mining and processing enterprise "Vanadium" (hereinafter referred to as OAO KOMPE "Vanadium"), which is confirmed by an abstract from the register submitted by him.

The applicant challenges in court the decisions of the Council of directors of OAO KOMPE "Vanadium" from January 28, 2000 to early terminate the powers of the Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium", to reelect the Chairman of the Council of directors and appoint A.A. Kozitsyn the new Director General.

The applicant believes that the said decisions injure his rights and legal interests as a shareholder of OAO KOMPE "Vanadium".

The representative of OAO KOMPE "Vanadium" objected to satisfying the complaint.

Having verified the materials in the case, heard the explanations of the representatives of the claimant and OAO KOMPE "Vanadium", the court considers the complaint to be subject to satisfaction for the following reasons:

According to Article 68.1 of the Federal law "On joint-stock companies", the meeting of the Council of directors of the company (supervisory board) is convened by the Chairman of the Council of directors (supervisory board) of the company on his own initiative, at the request of a member of the Council of directors (supervisory board), the auditing committee (examiner) of the company or auditor of the company, executive body of the company, as well as other persons established by the Articles of Incorporation of the company. In other words, the law allows only the Chairman of the Council of directors to convene meetings of the Council of directors. All other persons, including the members of the Council of directors, may only request from the Chairman of the Council of directors that a meeting be convened.

In case this request is not granted, the members of the Council of directors and other persons listed in Article 68.1 of the Federal law "On joint-stock companies" may not convene a meeting of the Council of directors themselves. If the said decision is unreasonable and infringes their rights, they are entitled to challenge such decision of an official - Chairman of the Council of directors of the company in court.

From the materials in the case it follows that in reply to the requests of the members of the Council of directors of OAO KOMPE "Vanadium" S.F. Barkov, A.P. Kotsuba, A.Kh. Dzhurayev, S. M. Kourbanov from January 24, 2000 to convene and hold a meeting of the Council of directors the Chairman of the Council of directors D.R. Gareyev refused to do so and took no decision to hold such a meeting. Consequently, the

decision of the above-mentioned persons to convene and hold a meeting of the Council of directors was taken in breach of Article 68 of the Law "On joint-stock companies" and Clause 31.2 of the Articles of Incorporation of OAO KOMPE "Vanadium", and the meeting of the Council of directors with an agenda suggested by the said members of the Council of directors including the question of early termination of the powers of the Director General of OAO KOMPE "Vanadium" and election of a new Director General — item No. 3 of the agenda — may not have been convened and held.

The opinion of the representative of the party in interest that in considering the present case there should be applied the Regulations for the Council of directors of OAO KOMPE "Vanadium" from May 20, 1998 effective till the Regulations of April 21, 1999 were adopted, in accordance with which it was allowed to conduct absentee voting with no limitations, and the quorum was determined by the number of persons receiving the voting ballots, may not be taken into account for the following reasons:

In accordance with Article 103 of the Civil Code of the Russian Federation, the list of questions referred to the exclusive competence of the General meeting of the shareholders is not exhaustive. The Articles of Incorporation of a joint-stock company may refer other matters to the competence of the General meeting, unless these are prohibited by special normative acts, in this instance — the Law "On joint-stock companies".

In accordance with these norms of part 1 of the Civil Code of the Russian Federation and, in particular, Article 3 of the Civil Code of the Russian Federation, all

[...]

laws, in particular, in the Law "On joint-stock companies" adopted on December 26, 1995.

The Law "On joint-stock companies" provides that the highest managing body of the company is the General meeting of the shareholders. The list of questions referred to the competence of the General meeting of the shareholders is established in Article 48 of the said law, at that in p.1, clause 21 of the said law it is particularly stated that the given list is not exhaustive and that the General meeting may resolve other matters stipulated by the present law.

Different from this provision, in establishing the powers of the Council of directors in Article 65 of the said law it is not said that to it there may be delegated the powers of the General meeting of the shareholders. On the contrary, in a number of norms of the said law it is stipulated that the Articles of Incorporation in defining the rules of procedure of the company management bodies may establish provisions different from the norms of the said law.

Thus, in accordance with the submitted documents it is seen that on May 20, 1998 the Council of directors of OAO KOMPE "Vanadium" approved the Regulations for the Council of directors of OAO KOMPE "Vanadium". These regulations ceased to be effective when a new version of the Articles of Incorporation of OAO KOMPE "Vanadium" and new regulations for the Council of directors of the company were adopted on April 21, 1999.

The approval of the Regulations for the Council of directors of OAO KOMPE "Vanadium" on April 21, 1999 in accordance with the Articles of Incorporation of the given enterprise at the General meeting of the shareholders simultaneously with the approval of a new version of the Articles of Incorporation is in agreement with Article 68 of the Law "On joint-stock companies"

[...]

Clause 31.23 of the Articles of Incorporation of OAO KOMPE "Vanadium" states that by the decision of the Chairman of the Council of directors resolutions may be passed by absentee voting (poll voting) of the members of the Council of directors.

Consequently, absentee voting for passing resolutions of the Council of directors of OAO KOMPE "Vanadium" may be conducted only by the decision of the Chairman of the Council of directors.

Taking into account the fact that according to his letters of January 26, 2000, he did not take this decision, the meeting of the Council of directors of OAO KOMPE "Vanadium", at which the disputed decision was taken, was conducted in a form disallowed by the law and the Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

Besides, there was no quorum at the meeting when passing the disputed decision. At the established time there were received only four ballots sent by the members of the Council of directors, whereas, in accordance with Article 68.3 of the Federal law "On joint-stock companies", the quorum for a meeting of the Council of directors (supervisory board) of the company may be established by the Articles of Incorporation of the company, but may not be less than half the number of the elected members of the Council of directors (supervisory board) of the company. According to Clause 31.10 of the Articles of Incorporation of OAO KOMPE "Vanadium", a meeting of the Council of directors is competent (quorum is present) if the members of the Council of directors taking part therein have at least 5 (five) votes. According to Clause 31.14, each member of the Council of directors has one vote.

Consequently, the decisions taken at the meeting of January 28, 2000 are invalid, as the said meeting was not competent (had no quorum).

The reasons of the representative of the party in interest alleging that the notice given to the members of the Council of directors on the convening and holding the meeting, as well as the mailing of the voting ballots to the said persons confirms the fact of voting may not be accepted by the court. In accordance with Clause 31.10 of the Articles of Incorporation of OAO KOMPE "Vanadium", the members of the Council of directors must take part in the meeting.

The fact of the participation of a member of the Council of directors in the meeting, as well as in actual or absentee voting may be proved by the ballot with a chosen option signed by the voter or the signature of the voter on a document stating the decisions taken. From the materials in the case it is clear that neither the text of the disputed decision, nor the voting ballots intended for D.R. Gareyev, A.V. Zanadvorov and R.R. Valishev bear any marks to show the choice of an option for voting or signatures of the said persons.

Proceeding from Article 67 of the Civil Code of the Russian Federation, the members of a business entity have the right to take part in the management of the entity. The management in a joint-stock company is realized through the managing bodies listed in the law and the Articles of Incorporation. In accordance with Article 103 of the Civil Code of the Russian Federation, Clause 8.1 of the Articles of Incorporation of OAO KOMPE "Vanadium", the managing bodies of OAO "Kachkanar ore mining and processing enterprise "Vanadium" are the General meeting of the shareholders (highest managing body), Council of directors and Director General.

As no shareholder may act directly in the name of the company as a partner of a general partnership (Article 72.1 of the Civil Code of the Russian Federation), the right of the shareholder to take part in the management is manifested in his having certain powers (legal capacity established by the law or in accordance with the Articles of Incorporation

of the company) to directly or indirectly affect the decisions of the company management taken by the above-mentioned bodies.

If the most significant right of the shareholder with respect to the General meeting is the right to take part in the General meeting of the shareholder with the right to vote on all matters within its competence (Article 31 of the Federal law "On joint-stock companies"), the rights of the shareholder with respect to the other managing bodies of the company are of a different nature.

In any case, the shareholder has the right to request from the managing bodies of the company, even if he does not directly participate in forming such bodies (for example, when the Director General of the company is elected (appointed) by the Council of directors), to observe the law and the Articles of Incorporation of the company, as well as the rights of the shareholders when taking their decisions.

Any deviation from the established order of decision-making by the managing bodies of the company, and especially actions carried out on behalf of the company by any persons not authorized to do so by the law and the Articles of Incorporation, constitute a gross violation of the law and rights of the shareholders, which is the basis to declare all such actions invalid.

On the basis of the above, being guided by Articles 191 to 197 of the RSFSR Civil Procedure Code, Article 67 of the Civil Code of the Russian Federation, Article 68 of the Federal law "On joint-stock companies", the court

## HAS DECIDED:

To hold invalid the decision of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from January 28, 2000 to early terminate the powers of the Director General and appoint A.A. Kozitsyn Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

To hold invalid all actions carried out by A.A. Kozitsyn in the name of OAO "Kachkanar ore mining and processing enterprise "Vanadium" beginning with January 28, 2000, including transactions to acquire and dispose of assets, their lease and other use, granting and obtaining of loans and credits, issue, acceptance, indorsing, guaranteeing of notes and effecting of payments thereon, issue and recall of powers of attorney, signing of financial documents, reconciliation acts and adjustment of settlements.

The decision may be appealed to the Moscow city court within 10 days.

Judge [signature]

The decision entered into force on 02.10.2000
Judge [signature]
Secretary [signature]

True copy
Judge [signature]
Secretary [signature]

РЕШЕНИЕ

Именем Российской Федерации

19 сентября 2000 года

Мещанский межмуниципальный суд ЦАО г. Москвы в составе
председательствующего судьи Шихановой НВ
при секретаре Лотько АГ

рассмотрев в открытом судебном заседании гражданское дело 2-1984/2000 г.
по жалобе Вольнова Валентина Валентиновича на неправомерные действия (решения)
должностных лиц предприятия ОАО «Качканарский горно-обогатительный комбинат
«Ванадий»

УСТАНОВИЛ:

Заявитель Вольнов В.В. является акционером – владельцем обыкновенных
именных голосующих акций (в бездокументарной форме) ОАО «Качканарский ГОК
«Ванадий» (далее ОАО «КГОК «Ванадий»), что подтвердил представленной выпиской
из реестра.

В суд обжалуются решения совета директоров ОАО «КГОК «Ванадий» от 25 ян-
варя 2000 г. о досрочном прекращении полномочий генерального директора ОАО
«Качканарский ГОК «Ванадий», о переизбрании председателя совета директоров и на-
значении нового генерального директора Комыша А. А.

Заявитель считает, что указанные решения нарушают его права и законные ин-
тересы как акционера ОАО «КГОК «Ванадий».

Представитель ОАО «КГОК «Ванадий» против удовлетворения жалобы возра-
жал.

Суд, проверив материалы дела, выслушав объяснения представителей заявителя
и ОАО «КГОК «Ванадий», находит жалобу подлежащей удовлетворению по следую-
щим основаниям:

Согласно п. 1 ст. 68 Федерального закона "Об акционерных обществах" заседа-
ние совета директоров (наблюдательного совета) общества созывается председателем
совета директоров (наблюдательного совета) общества по его собственной инициативе,
по требованию члена совета директоров (наблюдательного совета), ревизионной ко-
миссии (ревизора) общества или аудитора общества, исполнительного органа общества,
а также иных лиц, определенных уставом общества. То есть, закон дает право созывать
заседания совета директоров только председателю совета директоров. Иным лицам, в
том числе членам совета директоров, предоставляется только право требовать от пред-
седателя совета директоров созыва заседания.

В случае отказа в удовлетворении такого требования члены совета директоров и
иные лица, указанные в п. 1 ст. 68 Федерального закона "Об акционерных обществах",
не имеют права созывать заседание совета самостоятельно. Если указанное решение
является необоснованным и нарушает их права, то они вправе обжаловать в суд такое
решение должностного лица – председателя совета директоров общества.

Из материалов дела усматривается, что в ответ на требования членов совета ди-
ректоров ОАО «КГОК «Ванадий» Баркова С. Ф., Коцюбы А. П., Джураева А. Х., Курба-
нова С. М. от 24 января 2000 г. о созыве и проведении заседания совета директоров
председатель совета директоров Д. Р. Гареев ответил отказом и не принимал решение о
проведении такого заседания. Следовательно, решение вышеуказанных лиц о созыве и
проведении заседания совета директоров было принято с нарушением ст. 68 закона "Об
акционерных обществах" и п. 31.2 устава ОАО "КГОК "Ванадий", а заседание совета

принять в случае, если все вышеуказанными членами совета, ... ... ... решений по вопросе о ... ... прекращении полномочий генерального ... директора ОАО "КГОК "Ванадий" и избрания ... его генерального директора ... ... № 3 ... ... ... при соответствии он ... ... быть созвано и проведено.

Учитывая предел ... ... заинтересованности лица о том, что при рассмотрении настоящего дела должны применяться положения о Совете Директоров ОАО "КГОК "Ванадий" от 20 мая 1998 г., действовавшее до утверждения положения от 21 апреля 1999 г., согласно которому допускалось проведение заочного голосования без ограничений, а кворум определялся от числа лиц, получивших бюллетени для голосования, не может быть принято во внимание по следующим основаниям:

В соответствии со ст. 103 ГК РФ перечень вопросов ... ... ... к исключительной компетенции общего собрания акционеров, не является исчерпывающим. Уставом ... акционерного ... может в компетенцию общего собрания ... ... ... ... ... ... ... ... иные вопросы, если ... не противоречит специальным актом законодательства, в данном случае – закону "Об акционерных обществах".

В соответствии с этими нормами части первой ГК РФ, и в частности со ст. 5 ГК РФ ... ... подлежит ... нормы специального ... ... ... ... ... ... ... ... ... ... ... ... нам, в частности в принятом 26 декабря 1995 г. законе "Об акционерных обществах".

Статьей закона "Об акционерных обществах" предусмотрено, что высшим органом управления обществом является общее собрание акционеров. Перечень вопросов, отнесенных к компетенции общего собрания акционеров определен в ст. 48 указанного закона, причем в п. 21 ч.1 указанного закона специально оговорено, что этот перечень не является исчерпывающим, и что общее собрание может решать иные вопросы, предусмотренные настоящим законом.

В отличие от этого положения при определении в ст. 65 упомянутого закона полномочий совета директоров оговорки о том, что ему могут быть переданы полномочия общего собрания акционеров, не сделано. Напротив, в ряде норм указанного закона предусмотрено, что уставом общества при определении порядка деятельности органов управления обществом могут быть предусмотрены положения, отличные от норм данного закона.

Таким образом, в соответствии с представленными документами видно, что 20 мая 1998 г. Советом директоров ОАО «КГОК «Ванадий» было принято положение о ... Совете директоров ОАО «КГОК «Ванадий». Это положение утратило силу в связи с принятием 21 апреля 1999 г. новой редакции устава ОАО «КГОК «Ванадий» и нового положения о совете ... директоров этого общества.

Утверждение ... положения о совете ... директоров в АО «КГОК «Ванадий» от 21 ... ... ... в соответствии уставу данного общества ... ... ... ... на общем собрании акционеров ... ... утверждении ... принятием новой редакции устава, соответствует ст. 48 закона ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...

П. 31.23 Устава ОАО «КГОК «Ванадий» устанавливает, что по решению председателя совета директоров допускается принятие решений путем письменного опроса (заочным голосованием) членов совета директоров.

Следовательно, применение заочной формы голосования при принятии решений советом директоров ОАО «КГОК «Ванадий» может осуществляться только по решению председателя совета директоров.

Учитывая, что согласно его письмам от 26 января 2000 г., он не принимал такого решения, то заседание совета директоров ОАО «КГОК «Ванадий», принявшее оспариваемое решение, было проведено в форме, в которой согласно закону и уставу ОАО «Качканарский ГОК «Ванадий» не могло быть проведено.

Помимо этого, на заседании при вынесении оспариваемого решения не было кворума. В установленный срок поступили бюллетени только от четырех членов совета директоров. В то же время согласно п. 2 ст. 68 Федерального закона "Об акционерных обществах" кворум для проведения заседания совета директоров (наблюдательного совета) общества определяется уставом общества, но не должен быть менее половины от числа избранных членов совета директоров (наблюдательного совета) общества. Согласно п. 31.10 Устава ОАО «КГОК «Ванадий» заседание совета директоров общества является правомочным (имеет кворум), если в нем принимают участие члены совета директоров, обладающие в совокупности не менее чем 5 (пятью) голосами. Согласно п. 31.14 каждый член совета обладает одним голосом.

Следовательно, решения, принятые на заседании от 28 января 2000 г. недействительны, поскольку указанное заседание было неправомочно (не имело кворума).

Доводы представителя заинтересованного лица о том, что уведомление членов совета директоров о созыве и проведении собрания, а также отсылка указанным лицам бюллетеней для голосования является подтверждением факта голосования, не может быть принята судом. В соответствии с п. 31.10 устава ОАО «КГОК «Ванадий» члены совета директоров обязаны принимать участие в заседании.

Фактом, подтверждающим принятие участия члена совета директоров в заседании, а также очном или заочном голосовании может явиться бюллетень с отметкой о выборе того или иного варианта ответа с подписью голосующего, либо подпись голосующего на документе, в котором зафиксированы принятые решения. Как видно из материалов дела, ни на тексте оспариваемого решения, ни на бюллетенях для голосования, предназначенных Гарееву Д.Р., Занадворову А.В. и Валишеву Р.Р. нет никаких отметок о выборе того или иного варианта голосования и подписей указанных лиц.

В силу ст. 67 Гражданского кодекса РФ участники хозяйственного общества вправе участвовать в управлении делами общества. Управление в акционерном обществе осуществляется через органы управления, круг которых определяется законом и уставом. В соответствии со ст. 103 ГК РФ, п. 8.1 Устава ОАО «КГОК «Ванадий» органами управления ОАО «Качканарский ГОК «Ванадий» являются общее собрание акционеров (высший орган управления), совет директоров, генеральный директор.

Поскольку акционер не может непосредственно действовать от имени общества, как товарищ в полном товариществе (п. 1 ст. 72 Гражданского кодекса РФ), то право акционера на участие в управлении заключается в наличии у него определенных правомочий (установленных законом или в соответствии с законом уставом общества) или иных возможностей определять направление своего решения при управлении обществом, принимаемые вышеуказанными органами.

Если наиболее существенным правом акционера является право участвовать в общем собрании, то правомочия определяются кругом вопросов его компетенции (ст. 51 Федерального закона «Об акционерных обществах»).

...нка акционера относительно других органов управления обществом несят иной ха-
...ктер.

В любом случае, акционер вправе требовать от органов управления обществом,
...же если он напрямую и не участвует в их формировании (например, когда генераль-
...ый директор общества избирается (назначается) советом директоров), соблюдения за-
кона и устава общества, а также прав акционеров при принятии ими своих решений.

Нарушение законного порядка принятия решений органами управления общест-
ва, а тем более выступление от имени общества лиц, неуполномоченных на это согла-
сно закону и уставу, является грубым нарушением законодательства и прав акционеров,
что является основанием для признания всех таких действий недействительными.

На основании изложенного, руководствуясь ст. 191- 197 ГПК РСФСР, ст. 67 ГК
РФ, ст. 68 Федерального закона "Об акционерных обществах" суд

Р Е Ш И Л :

Признать недействительным решение Совета директоров ОАО «Качканарский ГОК
«Ванадий» от 28 января 2000 г. о досрочном прекращении полномочий Генерального
директора и назначении Козицына А.А. генеральным директором ОАО «Качканарский
ГОК «Ванадий».

Признать недействительными все действия, совершенные Козицыным А. А. от име-
ни ОАО «Качканарский ГОК «Ванадий"» в период с 28 января 2000 г., включая сделки
по отчуждению и приобретению имущества, сдаче его в аренду и иное пользование,
предоставлению и получению займов и кредитов, выдачу, акцептирование, индоссиро-
вачие, авалирование векселей и производство по ним платежей, выдачу и отмену дове-
ренностей, подписание финансовых документов, актов сверок и выверки расчетов.

Решение может быть обжаловано в Московский городской суд в течение 10 дней.

Судья