**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------x

DAVIS INTERNATIONAL, LLC, HOLDEX,     :
LLC, FOSTON MANAGEMENT, LTD, and     :
OMNI TRUSTHOUSE, LTD,     :
    :
                 Plaintiffs,     :
    :
          v.     :     Case No. 04-1482-GMS
    :
NEW START GROUP CORP., VENITOM     :
CORP., PAN-AMERICAN CORP., MDM     :
BANK, URAL-GORNO METALURAGICAL     :
COMPANY, EVRAZ HOLDING, MIKHAIL     :
CHERNOI, OLEG DERIPASKA, ARNOLD     :
KISLIN, MIKHAIL NEKRICH, and     :
ISKANDER MAKMUDOV,     :
    :
                 Defendants.     :

-------------------------------------------------------------x

# APPENDIX TO DEFENDANTS'
# OPENING BRIEFS IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

## Volume 10 of 13

Attorneys for Defendant Arnold Kislin:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

Lisa C. Cohen
Schindler Cohen & Hochman LLP
100 Wall Street
15th Floor
New York, NY 10005
(212) 277-6300

Lawrence S. Goldman
Elizabeth Johnson
The Law Offices of Lawrence S. Goldman
500 Fifth Ave., 29th Floor
New York NY 10110-2900
(212) 997-7499

Attorneys for Defendants New Start Group
Corp. and Venitom Group:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

Richard J. Schaeffer
Peter J. Venaglia
Laura D. Sullivan
Dornbush, Schaeffer, Strongin &
Weinstein, LLP
747 Third Avenue, 11th Floor
New York, NY 10017
(212) 759-3300

Attorneys for Defendant Oleg Deripaska:

Collins J. Seitz, Jr.(DSBA No. 2237)
Kevin F. Brady (DSBA No. 2248)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Rodney F. Page
Michael G. Biggers
Bryan Cave LLP
700 13th Street, N.W.
Washington, D.C. 20005-3960
(202) 508-6002

Attorneys for Defendant Evraz Holding:

William M. Lafferty (DSBA No. 2755)
Morris, Nichols, Arsht & Tunnell
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 575-7341

David H. Herrington
Vitali Rosenfeld
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York New York 10006
(212) 225-2266

Attorneys for Defendant MDM Bank:

Stephen E. Jenkins (DSBA No. 2152)
Richard I.G. Jones, Jr. (DSBA No. 3301)
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

Joel B. Kleinman
Steven J. Roman
David H. Greenberg
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street NW
Washington, DC 20037-1526
(202) 785-9700

Attorneys for Defendant Ural-Gorno
Metallurgical Company:

| | |
|---|---|
| Charles M. Oberly, III (DSBA No. 743) | William H. Devaney |
| Karen V. Sullivan (DSBA No. 3872) | Heard & O'Toole LLP |
| Oberly, Jennings & Rhodunda, P.A. | 405 Lexington Ave, Floor 62 |
| 800 Delaware Avenue, Suite 901 | New York, NY 10174 |
| PO Box 2054 | (212) 307-5500 |
| Wilmington, DE 19899 | |
| (302) 576-2000 | |

Attorneys for Defendant Iskander
Makmudov:

| | |
|---|---|
| Charles M. Oberly, III (DSBA No. 743) | William H. Devaney |
| Karen V. Sullivan (DSBA No. 3872) | Heard & O'Toole LLP |
| Oberly, Jennings & Rhodunda, P.A. | 405 Lexington Ave, Floor 62 |
| 800 Delaware Avenue, Suite 901 | New York, NY 10174 |
| PO Box 2054 | (212) 307-5500 |
| Wilmington, DE 19899 | |
| (302) 576-2000 | |

Attorneys for Defendant Mikhail Chernoi:

| | |
|---|---|
| Charles M. Oberly, III (DSBA No. 743) | Brian Maas |
| Karen V. Sullivan (DSBA No. 3872) | Cameron Myler |
| Oberly, Jennings & Rhodunda, P.A. | Frankfurt Kurnit Klein & Selz PC |
| 800 Delaware Avenue, Suite 901 | 488 Madison Avenue, 9th Floor |
| PO Box 2054 | New York, NY 10022 |
| Wilmington, DE 19899 | (212) 980-0120 |
| (302) 576-2000 | |

Attorneys for Defendant Mikhail Nekrich:

| | |
|---|---|
| Charles M. Oberly, III (DSBA No. 743) | Paul R. Grand |
| Karen V. Sullivan (DSBA No. 3872) | Edward M. Spiro |
| Oberly, Jennings & Rhodunda, P.A. | Morvillo, Abramowitz, Grand, Iason & |
| 800 Delaware Avenue, Suite 901 | Silberberg, P.C. |
| PO Box 2054 | 565 Fifth Avenue |
| Wilmington, DE 19899 | New York, NY 10017 |
| (302) 576-2000 | (212) 880-9510 |

# Table of Contents

| **DOCUMENT** | **PAGE** |
|---|---|
| **VOLUME 1 OF 13:** | |
| Complaint | A-1 |
| *Base Metal Trading v. Russian Alum.*, 253 F. Supp. 2d 681 (S.D.N.Y. 2003) ("*Base Metal Trading*") | A-31 |
| Transcript of Oral Argument before Hon. John G. Koeltl, dated February 10, 2003, in *Base Metal Trading* | A-64 |
| **VOLUME 2 OF 13:** | |
| First Amended Complaint, dated August 3, 2001, filed in *Base Metal Trading* | A-176 |
| **VOLUME 3 OF 13:** | |
| Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss the Amended Complaint, dated September 15, 2002, filed in *Base Metal Trading* | A-295 |
| **VOLUME 4 OF 13:** | |
| Resume of Paul B. Stephan | A-465 |
| List of Paul B. Stephan's "Participation in U.S. Lawsuits" | A-476 |
| Declaration of Paul B. Stephan, dated January 28, 2002, filed in *Base Metal Trading* | A-479 |
| Reply Declaration of Paul B. Stephan, dated October 17, 2002, filed in *Base Metal Trading* | A-514 |
| Complaint filed in *Norex Petroleum Ltd. v. Access Indus.* (LTS) (S.D.N.Y.) | A-535 |
| *Norex Petroleum Ltd. v. Access Indus.*, 304 F. Supp. 2d 570 (S.D.N.Y. 2004) | A-607 |
| Judge Koeltl's written request for submissions prior to oral argument, dated January 29, 2003 | A-622 |
| Defendants' response to Judge Koeltl's Jan. 29th request ("Defendants' Oral Argument Submissions") | A-624 |
| Chronology of GOK-related Russian court decisions | A-625 |
| Map – location of courts | A-651 |
| Chart of Russian Court Decisions | A-652 |

| VOLUME 5 OF 13: | |
|---|---|
| Plaintiffs' response to Judge Koeltl's Jan. 29th request ("Plaintiffs' Oral Argument Submissions") | A-653 |
|    GOK Bankruptcy Litigation Chart | A-654 |
|    Shareholder Litigation Chart | A-660 |
|    Chart – Kozitsin and Kozyrev "Wrongful Conduct" | A-668 |
|    Chart – "Direct Evidence of Corruption" | A-677 |
|    Sergei Zankovsky: Theory and Practice of Bankruptcy | A-684 |
| Defendants' post-oral argument submissions in *Base Metal Trading*, dated February 20, 2003 | A-687 |
|    Letter from Winston & Strawn, dated February 20, 2003 | A-688 |
|    Letter from Hogan & Hartson, dated February 20, 2003 | A-690 |
|    Letter from Dornbush Mensch Mandelstam & Schaeffer, dated February 20, 2003 | A-695 |
|    Defendants' Summary of Contracts | A-698 |
|    Supplemental Declaration of Paul B. Stephan, dated Feb. 19, 2003 | A-705 |
|    Third Declaration of Igor Petrukhin, dated Feb. 20, 2003 | A-713 |
| Plaintiffs' post-oral argument submissions in *Base Metal Trading*, dated February 20, 2003 | A-744 |
|    Letter from Strook Stroock & Lavan, dated February 20, 2003 (with exhibits) | A-745 |
|    Second Declaration and Exhibits of Joseph Traum, dated February 19, 2003 | A-782 |
|    Expert Report of Sergei B. Zaitsev, dated February 19, 2003 (without exhibits) | A-828 |
| VOLUME 6 OF 13: | |
| Defendants' post-oral argument submissions in *Base Metal Trading*, dated February 25, 2003 | A-885 |
|    Letter from Winston & Strawn, dated February 25, 2003 (with exhibits) | A-886 |
|    Supplemental Declaration of Paul B. Stephan, dated February 25, 2003 | A-933 |
| Plaintiffs' post-oral argument submissions in *Base Metal Trading*, dated February 25, 2003 | A-941 |

| | |
|---|---|
| Letter from Strook Stroock & Lavan, dated February 25, 2003 (with exhibits) | A-942 |
| Letter from Herrick Feinstein, dated February 25, 2003 | A-986 |
| Second Declaration of Victor Golubev, dated February 25, 2003 (without exhibits) | A-989 |
| Second Declaration of Sergei B. Zaitsev, dated February 25, 2003 (without exhibits) | A-1027 |
| **VOLUME 7 OF 13:** | |
| March 30, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1075 |
| August 22, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1080 |
| April 19, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1092 |
| Application to the Arbitrazh Court for the Sverdlovsk Oblast dated March 24, 2000 filed by Krasnouralskmezhraygaz ("Kras Gas") | A-1112 |
| January 24, 1997 contract between GOK and Kras Gas | A-1130 |
| Letter dated February 4, 2000 from Kras Gas to GOK | A-1146 |
| Letter dated February 15, 2000 from Kras Gas to GOK | A-1157 |
| Letter dated February 8, 2000 from GOK to Kras Gas | A-1170 |
| Letter dated February 21, 2000 from GOK to Kras Gas | A-1175 |
| Federal Service's recommendation to appoint Kozyrev as Interim Trustee | A-1180 |
| Instruction of the Government of the Russian Federation from July 10, 1999 (No. 1100-R) | A-1187 |
| Audit Report and list of GOK's creditors as of March 24, 2000 | A-1191 |
| Minutes of the first GOK creditors' meeting held on August 11, 2000 | A-1245 |
| August 2, 2000 decision of the Izmailovo Inter-Municipal Court of Moscow | A-1266 |
| November 30, 2000 decision of the Moscow City Court | A-1269 |
| **VOLUME 8 OF 13:** | |
| Nexis' appellate complaint | A-1276 |
| January 15, 2001 determination of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-1306 |
| Nexis' cassation complaint | A-1311 |
| June 7, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-1318 |

| | |
|---|---|
| Minutes of the March 11, 2001 creditors' meeting | A-1323 |
| June 27, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1357 |
| August 21, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-1365 |
| August 18, 2000 opinion of the Federal Service | A-1367 |
| August 29, 2000 Nexis petition regarding loan agreement | A-1382 |
| July 26, 1999 supply contract between Nexis and GOK | A-1392 |
| August 29, 2000 Application filed by Nexis regarding supply contract | A-1424 |
| October 4, 2000 letter to Nexis from Trustee Kozyrev | A-1442 |
| March 23, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1445 |
| August 29, 2000 Statement of Claim submitted by Polyprom | A-1452 |
| **VOLUME 9 OF 13:** | |
| Supply agreements between GOK and Polyprom | A-1479 |
| October 4, 2000 letter to Polyprom from Trustee Kozyrev | A-1579 |
| October 31, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1583 |
| February 16, 2001 letter from Trustee Kozyrev to the Arbitrazh Court for the Sverdlovsk Oblast | A-1588 |
| February 19, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1591 |
| April 19, 2001 Resolution of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-1598 |
| July 12, 2001 determination of the Federal Arbitrazh Court of the Urals District | A-1607 |
| April 18, 2001 decision of the Arbitrazh Court for Sverdlovsk Oblast | A-1613 |
| January 22, 2000 letter from several members of GOK Board of Directors requesting meeting of GOK Board | A-1620 |
| January 24, 2000 letter from several members of GOK Board of Directors requesting meeting of GOK Board | A-1623 |
| February 2, 2000 "Decision Not To Institute Legal Proceedings" of the Senior Assistant Prosecutor for the City of Kachkanar | A-1628 |
| February 1, 2000 ruling of the Kachkanar City Court for the Sverdlovsk Oblast | A-1635 |
| February 15, 2000 decision of the Arbitrazh Court for the Sverdlovsk | A-1649 |

| | |
|---|---|
| Oblast | |
| March 8, 2001 decision by the Moscow City Court | A-1657 |
| September 19, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-1667 |
| **VOLUME 10 OF 13:** | |
| March 26, 2001 decision of the Moscow City Court | A-1676 |
| November 21, 2000 decision of the Tverskoy Inter-Municipal Regional Court of Moscow | A-1683 |
| February 22, 2001 decision of the Appellate Instance of the Federal Arbitrazh Court of Moscow | A-1691 |
| November 16, 2000 decision of the Arbitrazh Court of Moscow | A-1698 |
| April 26, 2001 decision of the Federal Arbitrazh Court of the Moscow Circuit | A-1706 |
| December 13, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1712 |
| Davis Complaint filed in Moscow before the Gagarinsky Inter-Municipal Court of Moscow | A-1728 |
| April 10, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1737 |
| September 25, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1747 |
| October 26, 2000 decision of the Moscow City Court | A-1752 |
| September 17, 2001 decision of the Gagarinsky Inter-Municipal Court of Moscow | A-1758 |
| May 30, 2000 decision of the Tverskoy Inter-Municipal Regional Court | A-1761 |
| February 7, 2000 decision of the Tverskoy Inter-Municipal Court of Moscow | A-1765 |
| December 22, 2000 decision of the Gagarinsky Inter-Municipal Court of Moscow | A-1768 |
| February 14, 2000 decsion of the Cheryomoushkinsky Inter-Municipal Court of Moscow | A-1774 |
| March 2, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1779 |
| September 4, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1784 |
| August 14, 2000, decision of the Kachkanar City Court of the Sverdlovsk Oblast | A-1790 |

| | |
|---|---|
| February 15, 2000 decision of the Kachkanar City Court | A-1797 |
| February 29, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1801 |
| March 6, 2001 decision of the Moscow City Court | A-1806 |
| April 5, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-1814 |
| June 22, 2001 decision of the Tverskoy Inter-Municipal Regional Court of Moscow | A-1827 |
| Two Notices of registrar change published in the *Oblastnaya gazeta* on, respectively, March 17, 2000 and October 21, 2000 | A-1832 |
| March 20, 2001 decision by the Arbitrazh Court of Moscow | A-1839 |
| June 26, 2001 decision of Appellate Instance of the Arbitrazh Court of Moscow | A-1846 |
| **VOLUME 11 OF 13:** | |
| September 5, 2001 decision of the Federal Arbitrazh court of the Moscow Circuit | A-1852 |
| December 20, 2000 decision of the Petrogradsky Regional Court of St. Petersburg | A-1859 |
| January 12, 2001 decision of the Petrogradsky Regional Court of St. Petersburg | A-1864 |
| March 13, 2001 decision of Izmailovsky Regional Court of Moscow | A-1871 |
| March 13, 2001 decision of Izmailovsky Regional Court of Moscow | A-1874 |
| August 27, 2001 decision of the Chertanovo Federal Court | A-1877 |
| Agreement between GOK and Polyprom dated January 18, 1999 | A-1880 |
| November 22, 2000 decision of the Arbitrazh Court of the Republic of Kalmykia | A-1884 |
| April 17, 2001 decision of the Arbitrazh Court for the North Caucasus Region | A-1895 |
| July 5, 2001 decision of the Arbitrazh Court for the Republic of Kalmykia | A-1904 |
| November 9, 2001 decision of the Appellate Instance of the Arbitrazh Court for the Republic of Kalmykia | A-1910 |
| September 10, 2001 decision of the Arbitrazh Court for the Republic of Kalmykia | A-1919 |
| August 1, 2000 decision of the Arbitrazh Court for the Chelyabinsk Region | A-1924 |

| | |
|---|---|
| October 16, 2000 decision of the Appellate Instance for the Arbitrazh Court for the Chelyabinsk Region | A-1942 |
| January 4, 2001 decision of the Arbitrazh Court for Urals Circuit | A-1952 |
| September 29, 2000 decision of the Solntsevsky Inter-Municipal Regional Court of Moscow | A-1960 |
| March 30, 2001 decision of the Moscow City Court | A-1970 |
| November 30, 2001 decision of the Solntsevsky Inter-Municipal Regional Court of Moscow | A-1980 |
| Agreement between New Start Group, Corp. and Davis dated October 6, 2000 | A-1995 |
| Eugene Aschenbrenner's Power of Attorney to act on behalf of Davis (valid December 3, 1999 through December 3, 2000) | A-2002 |
| Nexis Loan Agreement dated July 13, 1999 | A-2010 |
| March 23, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2020 |
| July 13, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-2027 |
| <u>Republic of Panama v. BCCI Holdings</u> (Luxemborg) S.A., 90-2913-CV-UUB, slip.op. (S.D. Fla. July 17, 1995) | A-2033 |
| **VOLUME 12 OF 13** | |
| October 29, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2053 |
| November 24, 2001 Opinion of the Department of the Interior of the Sverdlovsk Region | A-2060 |
| January 21, 2002 decision of the Federal Arbitrazh Court for the North Caucasus Circuit | A-2084 |
| March 12, 2002 decision of the Arbitrazh Court for the Republic of Kalmykia | A-2094 |
| April 23, 2002 decision of the Federal Arbitrazh Court for the North Caucasus Circuit | A-2105 |
| April 30, 2002 decision of the Kachkanar Town Court for the Sverdlovsk Oblast | A-2108 |
| September 24, 2002 decision of the Kachkanar Town Court for the Sverdlovsk Oblast | A-2121 |
| November 19, 2002 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2126 |

| | |
|---|---|
| January 22, 2003 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2133 |
| February 4, 2003 decision of the Appellate Instance for the Arbitrazh Court for the Republic of Kalmykia | A-2143 |
| May 20, 2003 decision of the Federal Arbitrazh Court for the North Caucasus Region | A-2150 |
| May 27, 2003 decision of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-2159 |
| August 27, 2003 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2165 |
| October 30, 2003 decision of the Moscow Municipal Court | A-2170 |
| January 14, 2004 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2176 |
| April 20, 2004 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2187 |
| **VOLUME 13 OF 13** | |
| April 27, 2004 decision of the Arbitrazh Court for the Republic of Kalmykia | A-2197 |
| July 2, 2004 decision of the Moscow City Court | A-2205 |
| July 29, 2004 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2212 |
| December 7, 2004 decision of the Moscow City Court | A-2221 |
| September 18, 2001 decision of the Sverdlovsk Arbitrazh Court | A-2224 |
| December 20, 2001 decision of the Urals Circuit | A-2238 |
| May 22, 2002 decision of the Moscow City Court | A-2246 |
| August 22, 2002 decision of the Moscow City Court | A-2256 |
| September 10, 2002 decision of the Kalmykia Court | A-2269 |
| May 22, 2003 decision of the Sverdlovsk Arbitrazh Court | A-2277 |
| August 13, 2003 decision of the Solntsevsky Court | A-2283 |
| March 3, 2004 decision of the Sverdlovsk Arbitrazh Court | A-2289 |
| March 31, 2004 report issued by Russian Ministry of Internal Affairs | A-2294 |
| Declaration of Tatiana Yastrebova, dated September 16, 2002, filed in *Base Metal Trading* (without exhibits) | A-2314 |
| July 2, 2002 decision of the North Caucasus Circuit | A-2344 |

Judge L.I. Bykovskaya
Civil Case No. 33-3847

### Determination

On March 26, 2001 the Panel of Judges for civil suits of the Moscow city court in the composition of the presiding judge L.V. Borisova, judges Ye.M. Vavkova and I.Ye. Loukianov with the participation of counsel S.M. Kapoura, having considered in the open court session the case presented by L.V. Borisova on the cassational complaint brought by counsel S.M. Kapoura, representing S.-Sh. M. Kourbanov, S.F. Barkov, A.Kh. Dzhurayev, D.R. Gareyev, A.A. Kozitsyn, by Ye.N. Znamensky, representing O.S. Kozyrev, trustee in bankruptcy of OAO "Kachkanar ore mining and processing enterprise "Vanadium", against the decision of the Tverskoy inter-municipal regional court of the Central administrative district of the city of Moscow from November 21, 2000, which held:

To consider invalid the decision of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from January 28, 2000 (Minutes of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from January 28, 2000),

### HAS ESTABLISHED

D. A. Khaidarov initiated an action against A.V. Zanadvorov, S.-Sh. M. Kourbanov, S.F. Barkov, A.P. Kotsuba, A.Kh. Dzhurayev, R.R. Valishev, D.R. Gareyev, OAO "Kachkanar ore mining and processing enterprise "Vanadium" for invalidating the decision of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from January 28, 2000.

The court took the above decision which is challenged by S.-Sh. M. Kourbanov, S.F. Barkov, A.Kh. Dzhurayev, D.R. Gareyev, A.A. Kozitsyn and O.S. Kozyrev, trustee in bankruptcy of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

Having examined the materials in the case, heard the explanations given by R.R. Valishev, D.R. Gareyev, representative of the respondent counsel S.M. Kapoura, representative of the trustee in bankruptcy Ye.N. Znamensky, discussed the arguments in the complaint, the panel of judges believes the court decision should be reversed.

According to Articles 64 and 65 of the Federal law "On joint-stock companies" the Council of directors of the company shall carry out general management of the company activity, with the exception of the matters referred by the said Federal law to the exclusive competence of the General meeting of the shareholders. To the competence of the Council of directors there shall refer the matters of general management of the company activity, with the exception of the matters referred to the exclusive competence of the General meeting of the shareholders.

Similar provisions are set out in clauses 29.1 and 29.2 of the Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium" (page 34 of the case file).

According to the abstract of the minutes of the annual General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from April 21, 1999, the following persons were elected members of the Council of directors: D.R. Gareyev, A.Kh. Dzhurayev, S.-Sh. M. Kourbanov, A.P. Kotsuba, R.R. Valishev, A.V. Zanadvorov (page 56 of the case file).

**A - 1676**

S.F. Barkov was the member of the Council of directors as the representative of the State as the holder of the "golden share", in accordance with clauses 28.3 and 44.1 of the Articles of Incorporation of the company.

D.A. Khaidarov appealed to the court with a claim for invalidating the decision of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" (pages 5-8 of the case file).

In considering the submitted claims the court failed to establish the procedural standing of D.R. Gareyev, A.Kh. Dzhurayev, S.-Sh. M. Kourbanov, A.P. Kotsuba, R.R. Valishev, A.V. Zanadvorov, S.F. Barkov, as well as A.A. Kozitsyn, named in the statement of claim as the respondents, and failed to establish the proper respondent in the given case.

The court failed to give a legal assessment of the circumstance that the claim against D.R. Gareyev, A.Kh. Dzhurayev, S.-Sh. M. Kourbanov, A.P. Kotsuba, R.R. Valishev, A.V. Zanadvorov, S.F. Barkov had been made not against these persons as individuals acting in civil relations independently in their own name, but against them as members of the Council of directors being a body of a legal entity.

The court failed to take into account the provisions contained in clause 10 of the decree of the Plenary Session of the Supreme Court of the Russian Federation and the Plenary Session of the Higher Arbitrazh Court of the Russian Federation from April 2, 1997 "On some issues of application of the Federal Law "On joint-stock companies", according to which the decision of the Council of directors of a joint-stock company may be challenged in court by filing a claim to consider it invalid. The respondent in such a case is the joint-stock company.

In accordance with 47.1 of the Constitution of the Russian Federation, every person is guaranteed the right to have his case heard in the court and by the judge to the jurisdiction of which it is referred by law.

In accordance with Article 117 of the RSFSR Civil Procedure Code the suit against a legal entity is to be brought to the court for the place where the registered office or the assets of the legal entity are located.

Considering the dispute on the merits, the court did not discuss the question of the jurisdiction of the Tverskoy inter-municipal regional court of the Central administrative district of the city of Moscow over the said case.

Consequently, the decision was taken by the court in violation of the procedural norms of law.

In accordance with Article 306.4 of the RSFSR Civil Procedure Code, violation of procedural norms of law is the basis for reversing the court decision by way of cassation procedure and remanding the case for a new trial to the court of the first instance.

The Panel of Judges believes that the court decision should be reversed and the case remanded to the court of the first instance.

In the course of the new trial the court should take the above into account.

Being guided by Articles 304, 305.2, 306.4 of the RSFSR Civil Procedure Code, the court

## HAS DETERMINED:

To reverse the decision of the Tverskoy inter-municipal regional court of the Central administrative district of the city of Moscow from November 21, 2000.

To remand the case to the court of the first instance for a new trial by a different composition of judges.

Presiding Judge [signature]
Judges [signature]

True copy
Judge [signature]
Secretary [signature]

Судья Быковская Л.И.
гр.д.33-3947

О П Р Е Д Е Л Е Н И Е

26 марта 2001г. Судебная коллегия по гражданским делам Московского городского суда в составе председательствующего Борисовой Л.В. судей Васьковой Е.М. и Лукьянова И.Е. с участием адвоката Капуры С.М. заслушав в открытом судебном заседании по докладу Борисовой Л. дело по кассационной жалобе представителя Курбанова С.-Ш.М., Баркова С.Ф., Джураева А.Х., Гареева Д.Р., Козицына А.А. - адвоката Капуры С.М., представителя конкурсного управляющего ОАО "Качканарский горнообогатительный комбинат "Ванадий" Козырева О.С. - Знаменского Е.Н. на решение Тверского межмуниципального (районного) суда ЦАО г.Москвы от 21 ноября 2000 г., которым постановлено:
Признать недействительным решение Совета директоров ОАО "Качканарский горнообогатительный комбинат "Ванадий от 28 января 2000 года (протокол Совета директоров ОАО "Качканарский горнообогатительный комбинат "Ванадий" от 28 января 2000 г).

У С Т А Н О В И Л А :

Хайдаров Д.А. обратился в суд с иском к Ванадзору А.В., Курбанову С.-Ш.М., Баркову С.Ф., Коцубе А.П., Джураеву А.Х., Балишеву Р.Р., Гарееву Д.Р., ОАО "Качканарский горнообогатительный комбинат "Ванадий", Козицыну А.А. о признании недействительным решения Совета директоров ОАО "Качканарский горнообогатительный комбинат "Ванадий" от 28 января 2000 г.
Суд постановил указанное выше решение, об отмене которого просят Курбанов С.-Ш.М., Барков С.Ф., Джураев А.Х., Гареев Д.Р., Козицын А.А., конкурсный управляющий ОАО "Качканарский ГОК "Ванадий" Козырев О.С.
Проверив материалы дела, выслушав объяснения Балишева Р.Р., Гареева Д.Р., представителя ответчиков - адвоката Капуру С.М., представителя конкурсного управляющего - Знаменского Е.Н., обсудив доводы жалобы, судебная коллегия полагает, что решение суда подлежит отмене.
В соответствии со ст.ст.64, 65 Федерального закона "Об акционерных обществах", Совет директоров общества осуществляет общее руководство деятельностью общества, за исключением вопросов, отнесенных настоящим Федеральным законом к исключительной компетенции общего собрания акционеров. В компетенцию Совета директоров входит решение вопросов общего руководства деятельностью общества, за исключением вопросов, отнесенных к исключительной компетенции общего собрания акционе-

A - 1680

ров.

Такие же положения закреплены в пунктах 29.1 и 29.2 Устава ОАО "Качканарский горнообогатительный комбинат "Ванадий" (л.д.34).
Согласно выписке из протокола общего годового собрания акционеров ОАО "Качканарский горнообогатительный комбинат "Ванадий" от 21 апреля 1999 г., членами Совета директоров были избраны Гареев Д.Р., Джураев А.Х., Курбанов С.М., Коцуба А.П., Валишев А.А., Занадзоров А.В. (л.д.56).

Барков С.Ф. являлся членом Совета директоров как представитель государства по "золотой акции", согласно пунктам 28.3 и 44.1 Устава общества.

Хайдаров Д.А обратился в суд с иском о признании недействительным решения Совета директоров ОАО "Качканарский горнообогатительный комбинат "Ванадий" (л.д.5-8).

Разрешая заявленные требования, суд не определили процессуальное положение Гареева Д.А., Джураева А.Х., Курбанова С.-Ш.М., Коцубы А.П., Валишева Р.Р., Занадворова А.В., Баркова С.Ф., а также Козицына А.А., указанных в исковом заявлении в качестве ответчиков, и не выяснил, кто является надлежащим ответчиком по данному делу.

Суд не дал правовой оценки тому обстоятельству, что иск к Гарееву Д.Р., Джураеву А.Х., Курбанову С.-Ш.М., Коцубе А.П., Валишеву Р.Р., Занадворову А.В., Баркову С.Ф. предъявлен не как к гражданам, выступающим в гражданском обороте самостоятельно, от своего имени, а как к членам Совета директоров, являющегося органом юридического лица.

Суд не учел положения, содержащиеся в пункте 10 постановления Пленума Верховного Суда Российской Федерации и Пленума Высшего Арбитражного Суда Российской Федерации "О некоторых вопросах применения федерального закона "Об акционерных обществах" от 02 апреля 1997 г., согласно которому, решение Совета директоров акционерного общества может быть оспорено в судебном порядке путем предъявления иска о признании его недействительным. Ответчиком по такому делу является акционерное общество.

Согласно пункту 1 ст.47 Конституции Российской Федерации, никто не может быть лишен права на рассмотрение его дела в том суде и тем судьей, к подсудности которых оно отнесено законом.

Согласно ст.117 ГПК РСФСР,, иск к юридическому лицу предъявляется по месту нахождения органа или имущества юридического лица.

Разрешая спор по существу, суд не обсудил вопроса о подсудности данного дела Тверскому межмуниципальному (районному) суду ЦАО г.Москвы.

Таким образом, решение постановлено судом с нарушением норм процессуального права.

В соответствии с пунктом 4 ст.306 ГПК РСФСР, нарушение норм процессуального права является основанием к отмене решения суда в кассационном порядке и передаче дела на новое рассмотрение в суд первой инст

- 3 -

танции.

Судебная коллегия полагает, что решение суда подлежит отме
передачей дела в суд первой инстанции.

При новом рассмотрении суду надлежит учесть изложенное выше.

Руководствуясь ст.204, п.2 ст.305, п.4 ст.306 ГПК РСФСР, суде
коллегия

О П Р Е Д Е Л И Л А:

Решение Тверского межмуниципального (районного) суда ЦАО г.Мос
вы от 21 ноября 2000 г. отменить.

Дело направить в суд первой инстанции на новое рассмотрение
ином составе судей.

Председательствующий
Судьи

## RULING

*In the name of the Russian Federation*

On November 21, 2000, Tver Inter-Municipal People's Court, Moscow Central Administrative District.
Comprised of L.I. Bykovskaya, Presiding Judge
People's Jurors: G.M. Kostina, N.D. Geraseva
and court clerk E.A. Kondratyeva
tried in open court civil case No. 2- 1742 \2000 filed by Dzhalol Akhatovich Khaidarov against Alexei Vasilyevich Zanadvorov, Sergo-Shakhzada Mamadalievich Kurbanov, Semyon Filippovich Barkov, Alexander Petrovich Kotsuba, Adylzhan Khabibullayevich Dzhurayev, Rustyam Roelyevich Valishev, Damir Ramzilyevich Gareyev, OSC Kachkanar Mining and Processing Plant "Vanady" (Vanady GOK) , and Andrei Anatolyevich Kozitsyn to invalidate a Board of Directors decision, and

*Determined:*

D.A. Khaidarov, as a shareholder of Vanady GOK and owner of 100 ordinary shares (registration number 62-1-1396), which is supported by an abstract from the Kachkanar "Vanady" Mining and Processing Plant shareholder registry (file sheet 59), has filed a lawsuit to invalidate a decision of the Kachkanar Vanady GOK Board of Directors.

In support of his claims, the plaintiff stated that the Board of Directors' decision, recorded in the minutes of 1/28/2000, is invalid because it was made in breach of the federal law "On Stock Companies" and the Statutes of Kachkanar Vanady GOK, and infringes on shareholders' lawful interests.

Acting on the basis of a power-of-attorney, A.Kh. Vafina, the plaintiff's representative, supported D.A. Khaidarov's claims in court and requested that the 1/28/2000 decision of the OSC Kachkanar Vanady GOK Board of Directors be invalidated, stating that the OSC Kachkanar Vanady GOK Board of Directors meeting of 1/28/2000 was held without the consent of the Chairman of the Board, he did not convene it, there was no quorum at the meeting, and the decision was taken by proxy ballot without the consent of the Chairman of the Board, which contravenes the federal law "On Stock Companies" and the Statutes of OSC Kachkanar Vanady GOK.

Defendant A.V. Zanadvorov acknowledged D.A. Khaidarov's claims in court, explaining that he did not attend the OSC Kachkanar Vanady GOK Board of Directors meeting on 1/28/2000 and did not vote on the issues brought before the meeting. Furthermore, he did not know about the Board meeting because he had not received notice of the meeting, which has been confirmed by the response of 6/27/2000 from the Moscow-7 Inter-District Post Office.

Acting on the basis of a power-of-attorney, the representative of defendants R.R. Valishev and D.R. Gareyev - V.V. Volnov, acknowledged D.A. Khaidarov's claims in court, explaining that R.V. Valishev and D.R. Gareyev did not attend the OSC Kachkanar Vanady GOK Board of Directors meeting on 1/28/2000, did not vote on the issues brought before the meeting, and believe that their shareholder rights have also been violated. At the same time, the representative of defendants R.R. Valishev and D.R.

Gareyev stated that Board member S.F. Barkov, representing the "golden share" owner, had only an advisory vote on the OSC Kachkanar Vanady GOK Board of Directors.

The representative of defendant OSC Kachkanar Vanady GOK filed a motion in court on 9/4/2000 (file sheet 84) to join OSC Kachkanar Vanady GOK's temporary receiver as a defendant in the case in connection with the fact that on 8/22/2000 the company was placed in receivership by the Sverdlovsk Region Arbitration Court and O.S. Kozyrev was appointed receiver. The court granted the motion.

Defendants S.-S.M. Kurbanov, S.F. Barkov, A.P. Kotsuba, A.Kh. Dzhurayev, A.A. Kozitsyn, the OSC Kachkanar Vanady GOK representative, and receiver O.S. Kozyrev having been duly notified of the trial time, have repeatedly failed to appear in court, have not explained their failure to appear, have not provided proof of good cause for non-appearance in court, the court does not have such information, and the documents ordered by the court (file sheet 2) have not been provided. Under the circumstances, and taking into consideration that the court has taken measures to duly notify the defendants of the trial time, as corroborated by copies of letters and telegrams, and that the court has no information regarding good cause for non-appearance, the court deems it possible to try the case without the absent defendants.

Having heard the plaintiff's representative, defendant A.V. Zanadvorov, the representative of defendants D.R. Gareyev and R.R. Valishev, and having verified and evaluated the case material, the court concludes that the plaintiff's claims should be granted.

As was determined in court and corroborated by case materials, a new version of the OSC Kachkanar Vanady GOK Statutes and the company's new Board of Directors Policy were adopted on 4/21/1999.

Approval of OSC Kachkanar Vanady GOK's Board of Directors Policy, corresponding to the company Statutes, at a meeting of OSC Kachkanar Vanady GOK shareholders, and the simultaneous adoption of a new version of the Statutes are in accordance with article 68 of the federal law "On Stock Companies", which states that the activities of the board of directors may be regulated by a company's statutes.

Para. 5.23 of the OSC Kachkanar Vanady GOK Board of Directors Policy of 4/21/99 permits a Board of Directors vote to be taken by proxy only by decision of the Chairman of the Board. These rules are in accordance with article 31.23 of the Statutes, which permits decisions to be taken by proxy ballot but only if the decision on the proxy ballot is taken by the Chairman of the Board.

The court determined: on 1/24/2000 four members of the OSC Kachkanar Vanady GOK Board of Directors – A.P. Kotsuba, S.S.M. Kurbanov, S.F. Barkov, and A.Kh. Dzhurayev – demanded that Board Chairman D.R. Gareyev convene a Board meeting.

In letters No. 3 P-005-00, P-004-00, P-006-00, and P-007-000 of 1/27/2000, and letter No. P-001-00 of 1/23/2000, Board Chairman D.R. Gareyev declined to convene a Board meeting on the grounds that there was no need for it, which is duly corroborated by certified copies of the aforementioned letters.

Despite Board Chairman D.R. Gareyev's refusal to convene and hold a Board meeting, on 1/28/2000 the four Board members held a Board meeting independently in the form of a proxy ballot and minuted the decisions taken. These actions by the Board members are in breach of para. 1, article 68 of the federal law "On Stock Companies, and

para. 31.2 of the OSC Kachkanar Vanady GOK Statutes. In accordance with para. 1, article 68 of the federal law "On Stock Companies", meetings of the board of directors (supervisory board) of a company shall be convened by the chairman of the company's board of directors (supervisory board) on his initiative, at the request of a member of the company's board of directors (supervisory board), inspection committee (inspector), auditor, or executive body, as well as of other persons stipulated in the company Statutes. The statutes or internal company document shall stipulate the procedure for convening and holding meetings of the company's board of directors (supervisory board). The statutes or internal company document may permit the board of directors (supervisory board) to take decisions by proxy ballot (poll). Para. 31.2 of the OSC Kachkanar Vanady GOK Statutes contain a similar provision.

The federal law "On Stock Companies" and the OSC Kachkanar Vanady GOK Statutes do not contain any rules allowing Board members to hold Board meetings independently but merely provide for the right to demand such a meeting.

Based on the foregoing, the court concludes that the OSC Kachkanar Vanady GOK Board of Directors meeting on 1/28/2000 was convened by an unauthorized person.

The Board of Directors meeting on 1/28/2000 was held without a quorum. In accordance with para. 28.1 of the company's Statutes and para. 3.1. of the OSC Kachkanar Vanady GOK Board of Directors Policy, the Board of Directors shall consist of 7 members. An abstract from the OSC Kachkanar Vanady GOK annual shareholder meeting minutes of 4/21/99 (file sheet 56) states that 6 individuals were elected to the company's Board of Directors. The seventh member of the OSC Kachkanar Vanady GOK Board of Directors is S.F. Barkov, representative of the "golden share" owner – Sverdlovsk Regional State Property Committee. In accordance with para. 28.3 of the OSC Kachkanar Vanady GOK Statutes, S.F. Barkov was appointed to the Board of Directors as the state representative. He has an advisory vote on the OSC Kachkanar Vanady GOK Board, as stated in letter No. 1540-0434-k of 6/1/1998 from the Deputy Chairman of the Sverdlovsk Region State Property Committee.

Para. 2, article 68 of the federal law "On Stock Companies" states that the quorum necessary to hold a meeting of a company's board of directors (supervisory committee) shall be determined by the company statutes but should be at least half of the company's elected board of directors (supervisory board) members. On the strength of para. 3, article 68 of the aforementioned law, decisions at meetings of a company's board of directors (supervisory board) shall be made by a majority vote of the attendees unless otherwise stipulated by the Federal Law or a company's statutes or internal document setting forth the procedure for convening and holding meetings of the board of directors (supervisory board). Each member of a company's board of directors (supervisory board) has one vote for decision-making purposes at meetings of the board of directors (supervisory board). A company board member may not appoint another board member as his proxy for voting.

In accordance with para. 31.10 of the OSC Kachkanar Vanady GOK Statutes and para. 5.10 of the OSC Kachkanar Vanady GOK Board of Directors Policy, meetings of the company's Board of Directors shall be legitimate (have a quorum) if attended by Board members having a total of at least five votes. According to para. 31.14 of the Statutes and 5.14 of the OSC Kachkanar Vanady GOK Board of Directors Policy, each Board member has one vote. It follows from the case materials (minutes of the Board of Directors meeting of 1/28/2000) that OSC Kachkanar Vanady GOK Board members

A.V. Zanadvorov, R.R. Valishev, and Board Chairman D.R. Gareyev did not attend the Board meeting of 1/28/2000. Furthermore, S.F. Barkov did not have the right to vote on agenda items since he had only an advisory vote on the Board. Under the circumstances, the court concludes that the meeting of the OSC Kachkanar Vanady GOK Board of Directors on 1/28/2000 was held without a quorum.

Based on the foregoing and taking into consideration that the Board of Directors was convened by an unauthorized person, that the Board meeting was held without a quorum, and that the decisions were taken by proxy ballot without the consent of the Board Chairman, it is the opinion of the court that the decisions taken at the OSC Kachkanar Vanady GOK Board meeting cannot be deemed lawful.

According to para. 1, article 71 of the federal law "On Stock Companies", board members must act in the company's interests in fulfilling their rights and responsibilities, and be conscientious and reasonable in fulfilling their rights and responsibilities in the company's interests.

Taking into account that the rights and responsibilities of persons not in attendance at the OSC Kachkanar Vanady GOK Board of Directors meeting of 1/28/2000 were affected and determined, namely that a decision was taken to terminate the contract with the plaintiff, and that Board Chairman D.R Gareyev was re-elected in absentia.

Based on the foregoing and articles 191-197 of the RSFSR Civil Code and Rules, the court

### Ruled:

To invalidate the decision of the OSC Kachkanar "Vanady" Mining and Processing Plant Board of Directors' decision of January 28, 2000 (OSC Kachkanar "Vanady" Mining and Processing Plant Board of Directors minutes of January 28, 2000).

The ruling may be appealed in the Moscow City Court within ten days.

Judge [signature]

People's Jurors: [signature]

[round seal]

**A - 1686**

# РЕШЕНИЕ
### Именем Российской Федерации

21 ноября 2000 года Тверской межмуниципальный народный суд ЦАО г. Москвы
В составе председательствующего судьи Быховской Л. И.
Народные заседатели: Коотиной Г.М., Герасевой Н.Д.
при секретаре Кондрашевой Е.А.
рассмотрев в открытом судебном заседании гражданское дело № 2- 1742 \2000 г. по иску Хайдарова Джинола Ахатовича к Занадворову Алексею Васильевичу, Курбанову Серго-Шахзада Мамадалиевичу, Баркову Семену Филипповичу, Коцубе Александру Петровичу, Джураеву Алдыбаеву Хибибулжаевичу, Ванишеву Рустэму Розыльевичу, Гарееву Дамиру Рамзильевичу, ОАО «Качканарский горно-обогатительный комбинат «Ванадий», Козицыну Андрею Анатольевичу о признании недействительным решения Совета директоров

### Установил:

Хайдаров Д.А. являясь акционером ГОК «Ванадий», владея 100 обыкновенными именными акциями \регистрационный номер 62-1-1396\, что подтверждается выпиской из реестра акционеров Качканарского горно-обогатительного комбината «Ванадий» \п.д.59\, обратился в суд с иском о признании недействительным решения Совета директоров ОАО «Качканарский ГОК «Ванадий».

В обоснование своих исковых требований истец указал, что решение Совета директоров, оформленное протоколом от 28.01.2000 г. недействительно, т.к. вынесено с нарушением норм ФЗ «Об акционерных обществах», Устава ОАО « Качканарского ГОК «Ванадий» и нарушает законные интересы акционера.

В судебном заседании представитель истца Вафина А.Х., действующая на основании доверенности, исковые требования Хайдарова Д.А. поддержала, прося признать решение Совета директоров ОАО «Качканарский ГОК «Ванадий» от 28.01.2000 г. недействительным, указывая, что заседание Совета директоров ОАО «Качканарский ГОК «Ванадий» было проведено 28.01.2000 г. без согласия Председателя Совета директоров, им не созывалось, на заседании не было кворума, решение было принято по заочной форме голосования без согласия Председателя Совета директоров, что противоречит ФЗ «Об акционерных обществах» и Уставу ОАО «Качканарский ГОК «Ванадий».

Ответчик Занадворов А.В. исковые требования Хайдарова Д.А. в судебном заседании признал, пояснив, что участия в заседании Совета директоров ОАО «Качканарский ГОК «Ванадий» 28.01.2000 г. и в голосовании по вопросам, рассматриваемым на указанном заседании не принимал. Кроме того, он не знал о проведении Совета директоров, т.к. извещения о нем, что состоится заседание Совета директоров он не получал, что подтверждается ответом Межрайонного почтамта «Москва-7» от 27.06.2000 г.

Представитель ответчиков Валишева Р.Р. и Гареева Д.Р. – Вольнов В.В., действующий на основании доверенности, исковые требования Хайдарова Д.А. в судебном заседании признал, пояснив, что Валишев Р.В. и Гареев Д.Р. не принимали участия в заседании Совета Директоров ОАО «Качканарский ГОК «Ванадий» 28.01.2000 г. и в голосовании по вопросам, рассматриваемым на указанном заседании и считают, что их права как акционеров также нарушены. Одновременно, представитель ответчиков Валишева Р.Р. и Гареева Д.Р. указал, что член Совета директоров Барков С.Ф., представитель собственника «золотой акции» обладал только правом совещательного голоса в работе Совета директоров ОАО «Качканарский ГОК «Ванадий».

Представитель ответчика ОАО «Качканарский ГОК «Ванадий», в судебном заседании 04.09.2000 г. \п.д.84\ заявил ходатайство о привлечении к участию в деле на стороне ответчика временного управляющего ОАО «Качканарский ГОК «Ванадий» в связи с тем, что 22.08.2000 г. определением арбитражного суда Свердловской области введено внешнее управление и назначен внешний управляющий Козырев О.С. Данное ходатайство было удовлетворено судом.

Ответчики Курбанов С.Ш.М., Барков С.Ф., Коцуба А.П., Джураев А.Х., Козицын А.А., представитель ОАО «Качканарский ГОК «Ванадий», Козырев О.С. – внешний Управляющий, надлежащим образом извещенные о времени судебных разбирательств,

неоднократно в судебные заседания не явились, о причинах неявки не сообщили, доказательств уважительности причин неявки в судебные заседания не представили . суд такими сведениями не располагает, затребованные судом документы \л.д.2\ также не представили . При таких обстоятельствах, принимая во внимание, что судом принимались меры к надлежащему извещению ответчиков о времени судебных разбирательств, что подтверждается копиями писем и телеграмм, сведениями об уважительных причинах неявки суд не располагает, суд считает возможным рассмотреть дело в отсутствие не явившихся ответчиков.

Выслушав представителя истца, ответчика Завадворова А.В., представителя ответчиков Гареева Д.Р. и Валишева Р.Р., проверив и оценив материалы дела, суд приходит к выводу, что исковые требования подлежат удовлетворению .

Как установлено в судебном заседании и подтверждается материалами дела 21.04.99 г. была принята новая редакция Устава ОАО «Качканарский ГОК «Ванадий» и новое Положение о совете директоров этого акционерного общества.

Утверждение Положения о совете директоров ОАО «Качканарский ГОК «Ванадий», соответствующего Уставу данного акционерного общества , на общем собрании акционеров ОАО «Качканарский ГОК «Ванадий» одновременно с принятием новой редакции Устава акционерного общества , соответствует ст. 68 ФЗ «Об акционерных обществах», устанавливающей возможность определения порядка деятельности совета директоров в уставе акционерного общества.

В соответствии с Положением о совете директоров ОАО «Качканарский ГОК «Ванадий» от 21.04.99 г. п.5.23 заочное голосование членов Совета директоров допускается только по решению Председателя совета. Данные нормы соответствуют статье 31.23 Устава общества, которым установлено, что допускается принятие решений путем заочного голосования, но лишь в случае, если решение о заочном голосовании принято Председателем совета.

В судебном заседании установлено : 24.01.2000 г. четыре члена Совета директоров ОАО «Качканарский ГОК «Ванадий» Копуба А.П., Курбанов С.Ш.М., Барков С.Ф., Джураев А.Х. обратились к Председателю Совета директоров Гарееву Д.Р. с требованием о созыве Совета директоров.

Председатель Совета директоров Гареев Д.Р. письмами №3 П-005-00, П-004-00, П-006-00, П-007-000 от 27.01.2000 г. и письмом № П-001-000 от 23.01.2000 г. отказал в созыве заседания Совета директоров по причине его нецелесообразности, что подтверждается надлежащим образом заверенными копиями перечисленных писем.

Несмотря на отказ Председателя Совета директоров Гареева Д.Р. в созыве и проведении заседания Совета директоров, четыре члена Совета директоров 28.01.2000 г. самостоятельно провели заседание Совета директоров в форме заочного голосования, отразив принятые решения в протоколе. Указанные действия членов Совета директоров противоречат п.1 ст. 68 ФЗ «Об акционерных обществах» и п.31.2 Устава ОАО «Качканарский ГОК «Ванадий» . В соответствии с п.1 ст. 68 ФЗ «Об акционерных обществах» заседание совета директоров \наблюдательного совета\ общества созывается председателем совета директоров \наблюдательного совета\ общества по его инициативе, по требованию члена совета директоров \наблюдательного совета\, ревизионной комиссии \ревизора\ общества или аудитора общества, исполнительного органа общества, а также иных лиц, определенных Уставом общества. Порядок созыва и проведения заседания совета директоров \наблюдательного совета\ общества определяется уставом общества или внутренним документом общества. Уставом общества или внутренним документом общества может быть предусмотрена возможность принятия решений советом директоров \наблюдательным советом\ общества заочным голосованием \опросным путем\. Аналогичное положение закреплено и в п.31.2 Устава ОАО «Качканарский ГОК «Ванадий».

ФЗ «Об акционерных обществах» и Устав ОАО «Качканарский ГОК «Ванадий» не содержат норм, позволяющих членам Совета директоров самостоятельно проводить заседание Совета директоров, а только регламентирует право требовать проведения такого заседания.

На основании изложенного, суд приходит к выводу, что Совет директоров ОАО «Качканарский ГОК «Ванадий» 28.01.2000 г. был созван неполномочным лицом.

Заседание Совета директоров 28.01.2000 г. было проведено в отсутствие кворума. В соответствии с п. 28.1 Устава акционерного общества и п. 3.1. Положения о Совете директоров ОАО «Качканарский ГОК «Ванадий» Совет директоров состоит из 7 членов. Из выписки из протокола общего годового собрания акционеров ОАО «Качканарский ГОК «Ванадий» от 21.04.99 г. \л.д.56\ усматривается, что членами Совета директоров акционерного общества избраны 6 человек. Седьмым членом Совета директоров ОАО «Качканарский ГОК «Ванадий»

является Барков С.Ф. – представитель собственника «золотой акции» –Свердловского областного комитета по управлению государственным имуществом. В соответствии с п. 28.3 Устава ОАО «Качканарский ГОК «Ванадий» Барков С.Ф. назначен в Совет директоров в качестве представителя государства. В работе Совета директоров ОАО "Качканарский ГОК «Ванадий» он участвует с правом совещательного голоса, что усматривается из письма Зам. председателя комитета по управлению государственным имуществом Свердловской области № 1540. 0434-к от 01.06.98 г.

Пунктом 2 ст. 68 ФЗ «Об акционерных обществах» предусмотрено, что кворум для проведения заседания совета директоров \наблюдательного совета\ общества определяется уставом общества, но не должен быть менее половины\ от числа избранных членов совета директоров \наблюдательного совета\ общества. В силу п. 3 ст. 68 вышеназванного закона решения на заседании совета директоров \наблюдательного совета\ общества \ принимаются большинством голосов присутствующих, если настоящим Федеральным законом, уставом общества или его внутренним документом, определяющим порядок созыва и проведения заседаний совета директоров \наблюдательного совета\, не предусмотрено иное. При решении вопросов на заседании  совета директоров \наблюдательного совета\ общества каждый член совета директоров \наблюдательного совета\ общества обладает одним голосом. Передача голоса одним членом совета директоров общества другому члену совета директоров общества запрещается.

В соответствии с п.  31.10 Устава ОАО «Качканарский ГОК «Ванадий» и п. 5.10 Положения о совете директоров ОАО «Качканарский ГОК «Ванадий» заседание Совета директоров общества является правомочным \ имеет кворум\ , если в нем принимают участие члены  Совета директоров , обладающие в совокупности не менее чем половины голосами. Согласно п. 31.14 Устава и  5.14 Положения о совете директоров ОАО «Качканарский ГОК «Ванадий» каждый член Совета директоров имеет один голос. Из материалов дела \ протокола Совета директоров от 28.01.2000 г.\  следует, что члены совета директоров ОАО «Качканарский ГОК «Ванадий» Занадворов А.В., Валишев Р.Р. и председатель Совета директоров Гареев Д.Р. участия в заседании Совета директоров 28.01.2000 г. не принимали. Кроме того, Барков С.Ф. не вправе был голосовать по вопросам повестки дня , т.к. он участвовал в работе Совета директоров лишь с правом совещательного голоса. При таких обстоятельствах , суд приходит к выводу, что заседание Совета директоров ОАО «Качканарский ГОК «Ванадий» 28.01.2000 г. проведено в отсутствие кворума.

На основании изложенного, принимая во внимание, что созыв Совета директоров был произведен  неполномочным лицом, заседание Совета директоров проведено в отсутствие кворума, решения были приняты путем заочного голосования, на что не было получено согласие Председателя Совета директоров, суд считает, что решения, принятые на совете директоров ОАО «Качканарский ГОК «Ванадий» нельзя признать законными.

Согласно  п.1 ст. 71 ФЗ «Об акционерных обществах» члены совета директоров  при осуществлении своих прав  и обязанностей должны  действовать в интересах общества, осуществлять свои права и обязанности в интересах общества, добросовестно и разумно.

Учитывая, что на заседании Совета директоров  ОАО «Качканарский ГОК «Ванадий» 28.01.2000 г. были затронуты и разрешены права и обязанности лиц, не присутствующих на нем, а именно  принято решение о расторжении  договора с истцом , а также  переизбран Председатель Совета директоров Гареев Д.Р. отсутствующий на заседании.

На основании изложенного, руководствуясь ст. ст. 191-197 ГПК РСФСР, суд

*Решил:*

Признать недействительным решение Совета директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий» от 28 января 2000 года \Протокол  Совета директоров ОАО «Качканарский горно-обогатительный комбинат «Ванадий» от 28 января 2000 года\ .

Решение может быть обжаловано в Мосгорсуд в течение десяти дней:

Судья:

Народные заседатели:

Arbitrazh Court of Moscow

## DECREE

of the Appellate instance on the verification of the legality and basis for a decision
of the Arbitrazh Court which has not yet entered into legal force

City of Moscow                                   Case No. A40-33323/00-9-308

22.02.2001
The Arbitrazh Court of Moscow in the composition of
Presiding judge L.V. Ilyina
and judges G.I. Zakharova, P.V. Pertsev
with the participation in the court session of
on behalf of the claimant - A.Kh. Vafin, power of attorney No. 15-098/10-00 of 15.11.00;
V.V. Shirokov, power of attorney No. 7/12-00 of 07.12.00;
on behalf of the second respondent: S.M. Kapoura, power of attorney from 22.12.2000;
D.R. Gareyev, power of attorney from 09.12.01;
Having considered in the court session the appeal complaint of OAO "Kachkanar ore
mining and processing enterprise "Vanadium" (name of the complainant)
against the decision of 16.11.2000 in case No. A40-33323/00-9-308
of the Arbitrazh Court of Moscow taken by
L.D. Tverdokhlebova, Z.N. Lavrentieva, L.A. Gaverdovskaya (names of the judges
adopting the decision)

### HAS ESTABLISHED:

OOO "Rendex" made recourse to the court with a complaint against OOO
"Lenex" and OAO "Kachkanar ore mining and processing enterprise "Vanadium" to
invalidate the decision of the Council of directors from 28.01.2000 registered in the
Minutes.

The court decision of 16.11.2000 satisfied the claims for the reasons stated in the
decision.

The respondent — OAO "Kachkanar ore mining and processing enterprise
"Vanadium" — disagreeing with the decision taken, filed an appeal asking to reverse the
decision due to the absence of correspondence between the conclusions of the court and
the facts of the case amounting to the breach of the rules of procedure on the part of the
court.

The claimant — OOO "Rendex" — refuses to satisfy the appeal for the reasons
stated in the answer thereto.

The court in the appellate instance considered the case proceeding from the
requirements of Articles 153 and 155 of the Arbitrazh Procedure Code of the Russian
Federation. As a result of the consideration it was established that the decision was
subject to reversal due to the failure to prove the circumstances material for the case
which had been considered proved by the Arbitrazh Court and the absence of
correspondence between the conclusions stated in the decision and the facts of the case,
and that the claims were to be rejected.

From the materials in the case it follows that to give grounds to the submitted
claims the claimant refers to the fact that the challenged decisions registered in the
Minutes from 28.01.2000 were taken in breach of the Federal law "On joint-stock

companies", the Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and infringe the rights and legal interests of the claimant as a shareholder.

OAO "Kachkanar ore mining and processing enterprise "Vanadium" considers the challenged decisions lawful and not infringing the civil rights and legal interests of the claimant.

Having studied the materials in the case, heard the representatives of the parties, verified all arguments advanced in the appeal and answer thereto, the court in the appellate instance considers the claims not to be subject to satisfaction.

According to Article 4 of the Arbitrazh Procedure Code, legal remedy is granted to protect infringed or challenged rights and legal interests.

In the given instance the claimant has not proved what particular rights belonging to him as a shareholder were infringed by the challenged decisions of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" terminating the powers of the Chairman of the Council of directors of the industrial enterprise and the powers of the Director General and electing a new Director General, i.e. the claimant has failed to prove his right of action. In addition, the claimant has presented no evidence to prove that on 28.01.2000 he was a shareholder of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

That is why the conclusion of the court in the first instance to the effect that the decisions taken by the Council of directors of the respondent on 28.01.2000 grossly violate the rights of the claimant to participate in the management of the company is not confirmed by the materials in the case, nor is based on the norms of law.

In satisfying the stated claims the court in the first instance proceeded from the fact that the claimant had presented copies of the letters of the Chairman of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" D.R. Gareyev (pages 21-31 of the case file), in which he had refused to hold a meeting of the Council of directors, saying that the request to convene the Council of directors of the industrial enterprise was unlawful.

In the session of the court in the appellate instance the representative of OAO "Kachkanar ore mining and processing enterprise "Vanadium" D.R. Gareyev explained that he had not sent the above letters and showed to the court a letter of 26.01.2000 addressed to the members of Council of directors of the second respondent stating that he was not against the re-election of the Chairman of the Council of directors of the industrial enterprise in accordance with Clause 30.9 of the Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium" at the meeting of the Council of directors on 28.01.2000.

Besides, in the session of the court in the appellate instance the second respondent produced copies of the voting ballots for absentee voting (poll voting) on the items of the agenda of the meeting of the Council of directors of the industrial enterprise from 28.01.2000, in which five out of the seven members of the Council of directors had taken part.

Thus, in accordance with Article 68 of the Federal law "On joint-stock companies" and Clause 31.10 of the Articles of Incorporation of the second respondent (page 96, vol. 1 of the case file), the quorum was present. The Panel of Judges cannot agree with the conclusion of the court that at the meeting of 28.01.2000 there was elected the acting chairman and secretary, the given minutes were not signed by the said persons, this circumstance voids the minutes and forms one of the reasons for holding it invalid.

From the materials in the case it follows that the meeting of the Council of directors of 28.01.2000 was held in the form of absentee voting (poll voting) of the

members of the Council of directors, which does not contradict the law. In accordance with Clause 5.23.1 of the Regulations for the Council of directors, the voting ballots are sent by the members of the Council of directors. The member of the Council of directors mails the signed ballots to the address of the company or hands over personally to the Chairman of the Council of directors or Secretary of the Council of directors. In case of this form of voting the statement of the court on the necessity to elect the chairman and secretary of the meeting is erroneous.

At that the appellate instance proceeds from the Regulations for the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" (pages 1-10, vol. 2 of the case file), the original of which, numbered and sewn, was shown in the court session. The Regulations for the Council of directors (pages 114-123, vol. 1 of the case file) contained in the materials in the case as a notarized copy submitted by the representative of the second respondent I.A. Kalinin is different in content, no original of this Regulation having been shown in court. Taking into account the explanations of the authorized representatives of OAO "Kachkanar ore mining and processing enterprise "Vanadium" to the effect that the above representative had not been authorized to represent the interests of the second respondent, the Panel of Judges proceeds from the content of the Regulations for the Council of directors (pages 1-10, vol. 2 of the case file), the original of which was examined in the court session.

In accordance with Clause 6 of the Decree of the Plenary Session of the Supreme Court of the Russian Federation and the Plenary Session of the Higher Arbitrazh Court of the Russian Federation No. 6/8 from 01.07.1996, the reasons for the decision to invalidate a non-normative and in the instances stipulated by law also a normative act of a state body or local authorities are simultaneously its failure to correspond to the law or another legal act and its infringing of the civil rights and legal interests of the individual or legal entity making recourse to the court with the relevant claim.

In the given case the totality of the above circumstances is missing, that is why the court in the first instance lacked the legal grounds to satisfy the stated claims.

The court in the appellate instance has found no violation of any procedural norms by the court in the first instance which could have led to its taking a wrong decision.

On the basis of Articles 12 and 13 of the Civil Code of the Russian Federation, being guided by Articles 91, 95, 153, 155, 157, 159.1.2 and 3, 159 of the Arbitrazh Procedure Code of the Russian Federation, the court

## HAS DECIDED:

To reverse the decision of the court from 16.11.2000 in case No. A40-33323/00-9-308. To reject the complaint.

To exact the cost of the state fee for filing the appeal in the amount of 500 rubles from OOO "Rendex" for the benefit of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

| | |
|---|---|
| Presiding judge | L.V. Ilyina |
| Judges | P.V. Pertsev |
| | G.I. Zakharova |

02.03.2001

A - 1693



# АРБИТРАЖНЫЙ СУД г. МОСКВЫ
## ПОСТАНОВЛЕНИЕ

**апелляционной инстанции по проверке законности и обоснованности решений арбитражных судов, не вступивших в законную силу**

г. Москва

22.02.2001 г.                                                    Дело № А40-33323/00-9-308

Арбитражный суд г.Москвы в составе:

Председательствующего: Илькиной Л.В.

судей: Захаровой Г.И., Перцева П.В.

при участии:

истца: Вафина А.Х.- по дов. от 15.11.00г № 15-098/10-00; Широков В.В.- по дов. № 7/12-00 от 07.12.00г;

от 2-го ответчика: Капура С.М.- по дов. от 22.12.2000г, Гареев Д.Р.- по дов. от 09.12.01г;

Рассмотрев в судебном заседании апелляционную жалобу ОАО «Качканарский ГОК «Ванадий»

(наименование лица, подавшего апелляционную жалобу)

на решение от 16.11.2000г. по делу № А40-33323/00-9-308

Арбитражного суда г.Москвы

Твердохлебова Л.Д., Лаврентьева З.Н., Гавердовская Л.А.

(фамилия судей, принявших решение)

## УСТАНОВИЛ :

ООО «Рэндэкс» обратилось в арбитражный суд с иском к ООО «Ленэкс» и ОАО «Качканарский ГОК «Ванадий» о признании недействительным решения Совета директоров от 28.01.2000г, оформленное протоколом.

Решением суда от 16.11.2000г исковые требования удовлетворены по основаниям, изложенным в решении.

Ответчик - ОАО «Качканарский ГОК «Ванадий», не согласившись с принятым решением, подал апелляционную жалобу, в которой просит решение отменить в связи с несоответствием выводов суда обстоятельствам дела, нарушающим судом норм процессуального права.

Истец - ООО «Рэндэкс» возражает в удовлетворении апелляционной жалобы по основаниям, изложенным в отзыве на нее.

Судом апелляционной инстанции дело рассмотрено в порядке ст.ст. 155,155 АПК РФ. В результате рассмотрения установлено, что решение подлежит отмене в связи с недоказанностью имеющих значение для дела обстоятельств, которые арбитражный суд считал установленными и несоответствием выводов, изложенных в решении, обстоятельствам дела, а исковые требования отклонению.

Как следует из материалов дела, истец в обоснование заявленных исковых требований ссылается на то, что обжалуемые решения, оформленные протоколом от 28.01.2000г. вынесены с нарушением ФЗ «Об акционерных обществах»; Устава ОАО «Качканарский ГОК «Ванадий» и нарушают права и законные интересы истца, как акционера

2

ОАО «Качканарский ГОК «Ванадий» считает оспариваемые решения законными и не нарушающими гражданских прав и охраняемые законом интересов истца

Суд апелляционной инстанции, изучив материалы дела, выслушав представителей сторон, проверив все доводы апелляционной жалобы и отзыва на нее, считает, что исковые требования удовлетворению не подлежат.

Согласно ст.4 АПК РФ судебной защите подлежат нарушенные или оспариваемые права и законные интересы.

В данном случае истец не доказал, какие именно его права как акционера нарушены оспариваемыми решениями Совета директоров ОАО «Качканарский ГОК «Ванадий», которыми прекращены полномочия Председателя Совета директоров комбината, прекращены полномочия генерального директора и избран новый генеральный директор, то есть истец не доказал свое право на данный иск. Кроме того, истец не представил доказательств, подтверждающих, что на 28.01.2000г он являлся акционером ОАО «Качканарский ГОК «Ванадий».

Поэтому вывод суда 1-й инстанции о том, что решения, принятые на заседании Совета директоров 28.01.00г грубо нарушают права истца по управлению обществом не подтверждается материалами дела и не основан на нормах права.

Удовлетворяя заявленные исковые требования, суд 1-й инстанции исходил из того, что истец представил копии писем председателя Совета директоров ОАО «Качканарский ГОК «Ванадий» Гареева Д.Р. (л.д. 21-31), в которых он отказал в проведении заседания Совета директоров, сообщив, о незаконности требований о созыве Совета директоров комбината.

В судебном заседании апелляционной инстанции представитель ОАО «Качканарский ГОК «Ванадий» Гареев Д.Р. пояснил, что не направлял указанных выше писем и представил суду письмо от 26.01.2000г в адрес членов Совета директоров 2-го ответчика о том, что он не возражает на переизбрание председателя Совета директоров комбината в соответствии с п.30.9 Устава ОАО «Качканарский ГОК «Ванадий» на Совете директоров 28.01.2000г.

Кроме того, в апелляционной инстанции 2-м ответчиком представлены копии бюллетеней для письменного опроса (заочного голосования) по вопросам повестки дня заседания Совета директоров комбината от 28.01.2000г (л.д. 149), которые свидетельствуют о проведении заочного голосования и, в котором приняли участие пять из семи членов Совета директоров.

Таким образом, согласно ст.68 ФЗ «Об акционерных обществах» п.31.10. Устава 2-го ответчика (л.д.96 т.1) кворум имел место. Судебная коллегия не может согласиться с выводом суда о том, что на заседании 28.01.2000г был избран председательствующий и секретарь, данный протокол указанными лицами не подписывался, данное обстоятельство лишает протокол юридического значения, и является одним из оснований признания его недействительным.

Как явствует из материалов дела, заседание Совета директоров 28.01.2000г было проведено путем письменного опроса (заочным голосованием) членов Совета директоров, что не противоречит законодательству. В соответствии с п.5.23.1. Положения о Совете директоров бюллетени для голосования направляются членами Совета директоров. Подписанные бюллетени член Совета директоров направляет по месту нахождения общества или передает лично Председателю Совета директоров или Секретарю Совета директоров. При такой форме голосования утверждение суда о необходимости избрания председательствующего и секретаря заседания является ошибочным.

При этом апелляционная инстанция исходит из текста Положения о Совете директоров ОАО «Качканарский ГОК «Ванадий» (л.д. 1-10, т.2), подлинник которого в пронумерованном и прошнурованном виде обозревался в судебном заседании Положение



3

о Совете директоров (л.д. 114-123 т I), представленное в материалы дела в виде нотариально заверенной копии, представителем 2-го ответчика Калининым И.А., имеет иное содержание, подлинник этого Положения суду не представлялся. Принимая во внимание пояснения полномочных представителей ОАО «Качканарский ГОК «Ванадий» о том, что указанный представитель не уполномочивался представлять интересы 2-го ответчика, судебная коллегия исходит из содержания Положения о Совете директоров (л.д. 1-10 т 2), подлинник которого исследовался в судебном заседании.

В соответствии с п.6 Постановления Пленума ВС РФ и Пленума ВАС РФ № 6/8 от 01.07.96г основанием для принятия решения о признании ненормативного акта, а в случаях, предусмотренных законом, также нормативного акта государственного органа или органа местного самоуправления недействительным являются одновременно как его несоответствие закону или иному правовому акту, так и нарушение указанным актом гражданских прав и охраняемых законом интересов гражданина или юридического лица, обратившегося в суд с соответствующим требованием.

В данном случае отсутствует совокупность названных условий, поэтому у суда 1-й инстанции отсутствовали правовые основания для удовлетворения заявленных исковых требований.

Судом апелляционной инстанции не установлено нарушений судом 1-й инстанции нарушений норм процессуального законодательства, которые могли бы привести к принятию неправильного решения.

На основании ст.ст. 12,13 ГК РФ; руководствуясь ст.ст. 91,95,153,155,157,158 п.1 п.п.2,3 159 АПК РФ, арбитражный суд,

ПОСТАНОВИЛ:

Решение суда от 16.11.2000г по делу № А 40-33323/00-9-308 отменить. В иске отказать.

Взыскать с ООО «Рэндэкс» в пользу ОАО «Качканарский ГОК «Ванадий» расходы по госпошлине по апелляционной жалобе в размере 500 руб.

Председательствующий:                                    Л.В. Ильина

Судьи:                                                          П.В. Перцев

                                                                Г.И. Захарова

01.03.01.
исп. А.Г.А.

A - 1697

[Russian national emblem]

# MOSCOW ARBITRATION TRIBUNAL

In the Name of the Russian Federation

## ARBITRAL AWARD

November 16, 2000                                 Case No. A40–33323/00–9–308

The Arbitration Tribunal, including:

L. D. Tverdokhlebova as Chairperson and
Z. N. Lavrentyeva and L. A. Gaverdovskaya as Arbiters

and the following participants:

From the Claimant: V. V. Shirokov, Power of Attorney No. 15/5–00
From Respondent 1: M. A. Yashchenko, Power of Attorney No. 01/8–03 of Aug. 03, 2000
From Respondent 2: I. A. Kalinin, Power of Attorney dated Sep. 02, 1999,

has reviewed the claim made by OOO [limited liability company] Rendex
against OOO Lenex and OAO [public joint stock company] Kachkanarskiy GOK Vanadiy
[Vanadium Mining and Ore Processing Works of Kachkanar]

with respect to invalidation of a resolution,

## HAS FOUND AS FOLLOWS:

OOO Rendex made a claim for invalidation of the resolution by the Board of Directors of OAO
Kachkanarskiy GOK Vanadiy as reflected in the Board of Directors Protocol dated January 28,
2000. To justify its claim, the Claimant makes reference to the fact that the resolutions are
wrongful as they were made in violation of the Federal Law On Joint Stock Companies and
Bylaws of OAO Kachkanarskiy GOK Vanadiy and infringe upon the rights and legal interests of
the Claimant as a shareholder.

OAO Kachkanarskiy GOK Vanadiy did not admit the claim and believed the disputed
resolutions to be lawful.

OOO Lenex presented no defense against the claim.

Upon review of the matter in question, it was found that the Claimant was a shareholder of OAO
Kachkanarskiy GOK Vanadiy holding 167 common shares of stock of the initial issue as follows
from Excerpt No. 2517 as of October 24, 2000.

A - 1698

On January 28, 2000, members of the Board of Directors of OAO Kachkanarskiy GOK Vanadiy S. M. Kurbanov, S. F. Varkov, A. P. Kotsuba, and A. Kh. Jurayev drafted and signed a protocol of the Respondent's Board of Directors which reflected the following resolutions:

1. That activities specified in the Gosgortekhnadzor [Russian Federal Mining and Industrial Oversight Authority] Statement dated November 03, 1999 be included in the list of the Company's priority activities.

2. That authorities of A. P. Kotsuba, Chairman of the Company's Board of Directors, be hereby terminated.

3. That authorities of D. A. Khaydarov, the Company's General Director, and his employment agreement with the Company be hereby terminated.

4. That A. A. Kozitsyn be elected General Director.

5. That A. P. Kotsuba be authorized to sign an agreement with General Director A. A. Kozitsyn for and on behalf of the Company.

Having heard the arguments presented by the parties' representatives and having examined the evidence and documents submitted to the arbitral hearing, the Tribunal deems that the claim should be granted due to the fact that the meeting of the Board of Directors failed to comply with the requirements of the Federal Law On Joint Stock Companies with respect to procedures for holding a meeting and executing a protocol.

In accordance with Article 68, Section 1, of the Federal Law On Joint Stock Companies and Article 31.2 of the Respondent's Bylaws, a meeting of the Company's Board of Directors shall be convened by the Chairman of the Company's Board of Directors.

The disputed resolution by the Board of Directors was made by absentee vote as follows from the protocol of the meeting.

In accordance with Section 1, Article 68 of the Federal Law On Joint Stock Companies, bylaws of a joint stock company should provide for the possibility for the Board of Directors to make resolutions by absentee vote.

In accordance with Article 31.23 of the Respondent's Bylaws, it is possible for a meeting of the Board of Directors to make a resolution by absentee vote only if so decided by the Chairman of the Board of Directors.

However, it follows from the evidence that, in accordance with an excerpt from the protocol of the meeting of the Board of Directors held on April 21, 1999, the Chairman of the Respondent's Board of Directors was D. R. Gareyev who declined to hold a Board of Directors meeting in his letters Nos. P–004–00, P–005–00, P–006–00 and P–007–00 dated January 21, 2000 where he advised that the requests for convening a meeting of the Company's Board of Directors was unlawful.

The quorum for holding a meeting of the Company's Board of Directors is determined by the Company's bylaws but shall not constitute less than a half of the elected members of the Company's Board of Directors.

Resolutions of a meeting of the Board of Directors shall be made by majority vote of the members present at the meeting unless otherwise provided by the Russian Federation Federal Law On Joint Stock Companies, the Company's Bylaws or any internal document determining the procedures for convening and holding a meeting of the Board of Directors (Article 68 of the Russian Federation Federal Law On Joint Stock Companies).

It follows from the evidence provided that Section 31.10 of the Bylaws of OAO Kachkanarskiy GOK Vanadiy specifies that [illegible] ... less than 5 votes, with each member of the Board of Directors having one vote (Section 3.14 of the Bylaws).

The Board of Directors of OAO Kachkanarskiy GOK Vanadiy consists of 7 members. The protocol of the Board of Directors meeting reflects that the resolution was passed by 4 members, which means there was no quorum (case pages 16–20).

Article 71 of the Federal Law On Joint Stock Companies provides for the rights and responsibilities of the Company's Board of Directors members who act for the benefit of the Company in reasonable good faith.

The resolutions made by the meeting of the Respondent's Board of Directors on January 28, 2000 constituted a gross violation of the Claimant's rights with respect to the Company management.

Noncompliance with the procedures for convening and holding a Board of Directors meeting and adoption of disputed resolutions directly affects the rights and interests of the Claimant.

In addition, the Tribunal believes that the Respondent violated the procedures for notification of the Board of Directors members of convening a Board of Directors meeting since no appropriate evidence of such event has been presented.

In accordance with Article 68, of the Federal Law On Joint Stock Companies, a protocol of the meeting of a company's Board of Directors shall be signed by the meeting's chairperson who is held accountable for the accuracy of such protocol. It does not follow from the protocol of the Board of Directors meeting held on January 28, 2000 that a chairperson or a secretary were elected by the meeting or that such protocol was indeed signed by said individuals. Noncompliance with these requirements of the law voids the protocol of legal effect and constitutes one of the grounds for deeming it invalid. Under these circumstances, any resolution executed in the form of an invalid protocol shall also be invalid.

In view of the foregoing and in accordance with Article 12 of the Russian Federation Civil Code and Articles 67, 68, and 71 of the Federal Law On Joint Stock Company, as well as Articles 26,

53, 57, 59, 60, 95, 124 through 127, 134, 135, and 137 of the Russian Federation Arbitration Process Code, the Arbitration Tribunal

AWARDS:

That resolutions of the Board of Directors of OAO Kachkanarskiy GOK Vanadiy executed in the Board of Directors protocol dated January 28, 2000 be deemed invalid.

That OAO Kachkanarskiy GOK Vanadiy be charged the amount of 840 rubles 00 kopecks for the benefit of OOO Rendex to reimburse the latter for any costs incurred by paying state duties.

That OAO Kachkanarskiy GOK Vanadiy be charged a state duty in the amount of 829 rubles to be paid to the Federal Budget.

That enforcement orders be issued upon this award taking legal effect. This award may be appealed within a month of being granted and shall be executed immediately.

Chairperson:                    L. D. Tverdokhlebova

Arbiters:                       Z. N. Lavrentyeva

            [signature]         L. A. Gaverdovskaya


            [illegible date]

## АРБИТРАЖНЫЙ СУД г. МОСКВЫ

### Именем Российской Федерации

### РЕШЕНИЕ

16 . 11 .2000 г.                    Дело № А40-33323/00-9-308

Арбитражный суд в составе:

Председательствующего: Твердохлебовой П.Д.

члены суда: Лаврентьевой З.Н., Гравдановской Л.А.

с участием: от истца- Широков В.В. дов. №1915-00, от Iго от-ка- Яценко М.А. дов. от 03.08г.00г. №01/8-03, от 2го от-ка- Калинин И.А. дов. от 02.09.99г.

рассмотрел дело по иску   ООО «Рэндэкс»

к   ООО «Ленэкс», ОАО «Качканарский ГОК «Ванадий»

о   признании недействительным решения

### УСТАНОВИЛ:

ООО «Рэндэкс» обратилось с иском о признании недействительным решения Совета директоров ОАО «Качканарский ГОК «Ванадий», оформленные протоколом Совета директоров от 28.01.2000г. В обоснование иска истец ссылается на то, что решения неправомерны, т.к. вынесены с нарушением ФЗ «Об акционерных обществах», Устава ОАО «Качканарский ГОК «Ванадий» и нарушают права и законные интересы истца, как акционера.

ОАО «Качканарский ГОК «Ванадий» исковые требования не признал, считая оспариваемые решения законными.

ООО «Ленэкс» возражений по иску не заявил.

При рассмотрении дела установлено, что истец является акционером ОАО «Качканарский ГОК «Ванадий» и владеет 167 обыкновенными акциями первого выпуска, что следует из выписки № 2517 по состоянию на 24.10.00г.

28.01.00г.членами Совета директоров ОАО «Качканарский ГОК «Ванадий» Курбановым С.М., Варковым С.Ф., Коцубой А.П. и Джуразым А.Х. был составлен и подписан протокол Совета директоров ответчика, зафиксировавший следующие решения:

1. Включить в число приоритетных направлений деятельности Комбината мероприятия, указанные в Акте Госгортехнадзора от 03.11.1999г.

2. Прекратить полномочия Председателя Совета директоров Комбината Коцуба А.П.;

3. Прекратить полномочия Генерального директора Комбината Хайдарова Д.А. и расторгнуть трудовой договор, заключенный с ним и комбинатом;

4. Избрать Генеральным директором Козицына А.А.;

5. Определить Коцубу А.П. лицом, уполномоченным подписать от имени комбината договор с генеральным директором Козицыным А.А.

Выслушав доводы представителей сторон, исследовав материалы дела, документы, представленные в судебном заседании суд считает, что иск подлежит удовлетворению поскольку при проведении заседания Совета директоров допущены нарушения требований ФЗ «Об акционерных обществах» по процедуре проведения заседания , а также по оформлению протокола.

В соответствии со ст. 68 п.1 ФЗ «Об акционерных обществах», ст. 31.2 Устава ответчика заседание Совета директоров общества созывается председателем Совета директоров общества.

Оспариваемое решение Совета директоров было принято путем заочного голосования, что следует из протокола заседания.

Согласно п.1 ст. 68 ФЗ РФ «Об акционерных обществах» уставом акционерного общества ответчика была предусмотрена возможность принятия решения Советом директоров заочным голосованием.

В соответствии с п.31.23 Устава ответчика установлена возможность принятия решений на заседании Совета директоров заочным голосованием только по решению Председателя Совета директоров.

Однако из материалов дела следует, что согласно выписке из протокола заседания Совета директоров от 21.04.99г. председателем Совета директоров ответчика являлся Гареев Д.Р., который письмами №№ П-004-00, П-005-00, П-006-00, п-007-00 от 27.01.00г. отказав в проведении заседания Совета директоров, сообщил о невозможности требований о созыве заседания Совета директоров Комбината.

Кворум для проведения заседания Совета директоров общества определяется Уставом общества, но не должен быть менее половины от числа избранных членов Совета директоров общества.

Решения на заседании Совета директоров общества принимаются большинством голосов присутствующих, если ФЗ РФ «Об акционерных обществах», уставом общества или его внутренним документом, определяющим порядок созыва и проведения заседаний Совета директоров не предусмотрено иное ( ст. 68 ФЗ РФ «Об АО»).

Из материалов дела усматривается, что п.31.10 Устава ОАО «Качканарский ГОК «Ванадий» предусмотрена правомочность заседания Совета директоров в случае, если в нем приняли участие члены Совета директоров, обладающие не менее, чем 5 голосами, причем каждый член Совета директоров имеет один голос ( п.31.14 Устава).

Совет директоров ОАО «Качканарский ГОК «Ванадий» состоит из 7 членов. В протоколе заседания Совета директоров отражено, что решение принималось 4 членами, что свидетельствует об отсутствии кворума ( л.д. 16-20).

Согласно ст. 71 ФЗ «Об акционерных обществах» предусмотрены права и обязанности членов Совета директоров общества, которые действуют в интересах общества добросовестно и разумно.

Решения, принятые на заседании Совета директоров ответчика 28.01.00г., грубо нарушают права истца по управлению обществом.

Несоблюдение процедуры созыва, проведения и принятия оспариваемых решений Совета директоров непосредственно затрагивает права и интересы истца.

Кроме того, суд считает, что ответчиком допущены нарушения по извещению членов Совета директоров о созыве заседания Совета директоров, поскольку не представлены соответствующие доказательства данного обстоятельства.

Согласно ст. 68 ФЗ «Об акционерных обществах» протокол заседания совета директоров общества подписывается председательствующим на заседании, несущий ответственность за правильность составления протокола. Из протокола заседания Совета директоров от 28.01.00г. не усматривается, что на заседании был избран председательствующий и секретарь и данный протокол указанными лицами не подписан. Отсутствие указанных требований закона лишает протокол юридического значения и является одним из оснований для

признания его недействительным. При указанных обстоятельствах решения, оформленные недействительным протоколом являются также недействительными.

На основании изложенного, в силу ст.ст.12 ГК РФ. ст.ст. 67,68,71 ФЗ «Об акционерных обществах» и руководствуясь ст.ст. 26, 53, 57,59,60,95, 124-127 , 134,135,137, АПК РФ суд

РЕШИЛ :

Признать недействительными решения Совета директоров ОАО «Качканарский ГОК «Ванадий» оформленные протоколом Совета директоров от 26.01.2000г.

Взыскать с ОАО «Качканарский ГОК «Ванадий» в пользу ООО «Рэндэкс» расходы по госпошлине в сумме 840 руб. 00 коп.

Взыскать с ОАО «Качканарский ГОК «Ванадий» в доход федерального бюджета госпошлину в сумме 829 руб.

Исполнительные листы выдать после вступления решения в законную силу.

решение может быть обжаловано в месячный срок с момента принятия, подлежит немедленному исполнению.

Председательствующий           Л.Д. Твердохлебова
Члены суда                      З.Н. Лаврентьева
                                Е.Г. Свердловская

Federal Arbitrazh Court of the Moscow Circuit

## DECREE

City of Moscow
April 26, 2001                                    No. KG-A40/1769-01
22.02.2001
The Federal Arbitrazh Court of the Moscow Circuit in the composition of
Presiding judge N.A. Shourshalova
and judges A.V. Zhukov, V.K. Tikhonova
with the participation in the court session of
on behalf of the claimant - V.V. Shirokov, power of attorney No. 7/12-00 of 07.12.00;
on behalf of the respondent: Ye.N. Znamensky, power of attorney No. 72-D370 iur from
22.12.2000;
Having considered the cassational complaint of OOO "Rendex"
against the decision of the Arbitrazh Court of Moscow in the appellate instance from
February 22, 2001
in case No. A40-33323/00-9-308
taken by judges L.V. Ilyina, G.I. Zakharova, P.V. Pertsev

HAS ESTABLISHED:

On January 28, 2000 the Council of directors of OAO "Kachkanar ore mining and
processing enterprise "Vanadium" took the decision registered in the minutes, in
accordance with which:
1.  The measures listed in the Act of the State municipal technical supervision
    committee of November 03, 1999 were included among the priority directions
    of the industrial enterprise activity;
2.  The powers of the Chairman of the Council of directors of the industrial
    enterprise A.P. Kotsuba were terminated;
3.  The powers of the Director General of the industrial enterprise D.A.
    Khaidarov were terminated and the labor contract concluded between him and
    the industrial enterprise was rescinded;
4.  A.A. Kozitsyn was elected Director General;
5.  A.P. Kotsuba was named as the person authorized to sign the contract with
    A.A. Kozitsyn on behalf of the industrial enterprise.

OOO "Rendex" made recourse to the arbitrazh court with a complaint against
OOO "Lenex" and OAO "Kachkanar ore mining and processing enterprise "Vanadium"
to invalidate the decision of the Council of directors of OAO "Kachkanar ore mining and
processing enterprise "Vanadium" from 28.01.2000 alleging that the said decision had
been taken in breach of the Federal law "On joint-stock companies", Articles of
Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and
infringed the rights and legal interests of the claimant as a shareholder.

The Arbitrazh court of Moscow in its decision of November 16, 2000 satisfied the
claims for the reasons stated therein.

By the decree of the appellate instance from February 22, 2001 the court decision
was reversed, the claim being rejected, as the court held the complaint not to have been
proved.

**A - 1706**

Being guided by Articles 171, 174 to 177 of the Arbitrazh Procedure Code of the Russian Federation, the court

## HAS DECIDED:

To leave unchanged the decree of the Moscow Arbitrazh Court in the appellate instance from February 22, 2001 in case No. A40-33323/00-9-308, to refuse to satisfy the cassational complaint of OOO "Rendex".

To exact the cost of the state fee for filing the appeal in the amount of 500 rubles from OOO "Rendex" for the benefit of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

| | |
|---|---|
| Presiding judge | N.A. Shourshalova |
| Judges | A.V. Zhukov |
| | V.K. Tikhonova |

True copy



# ФЕДЕРАЛЬНЫЙ АРБИТРАЖНЫЙ СУД МОСКОВСКОГО ОКРУГА

## ПОСТАНОВЛЕНИЕ

г. Москва
26 апреля 2001 г.                    № КГ-А40/1769-01

Федеральный арбитражный суд Московского округа
в составе:
председательствующего-судьи Шуршаловой Н.А.
судей Жукова А.В., Тихоновой В.К.
при участии в заседании: от истца: Широков В.В. (дов. № 7/12-00 от 07.12.00); от ответчика: Знаменский Е.Н. (дов. № 72-Д370юр от 22.12.00)
рассмотрев кассационную жалобу ООО «Рэндэкс»
на  постановление апелляционной инстанции Арбитражного суда города Москвы от 22 февраля 2001 г.
по делу № А40-33323/00-9-308
судьи: Ильина Л.В., Захарова Г.И., Перцев П.В.

УСТАНОВИЛ:  28  января  2000  г.  Советом  директоров  ОАО «Качканарский ГОК «Ванадий» было принято решение, оформленное протоколом, в соответствии с которым:

1. Включено в число приоритетных направления деятельности Комбината мероприятия, указанные в акте Госгортехнадзора от 03 ноября 1999 г.;

2. Прекращены полномочия Председателя Совета директоров Комбината Коцуба А.П.;

3. Прекращены полномочия Генерального директора Комбината Хайдарова Д.А. и расторгнут трудовой договор, заключенный между ним и Комбинатом;

4. Избран Генеральным директоров Козицын А.А.;

5. Определен Коцуба А.П. лицом, уполномоченным подписывать от имени Комбината договор с генеральным директором Козицыным А.А.

ООО «Рэндэкс» обратилось в арбитражный суд с иском к ОАО «Качканарский ГОК «Ванадий» и ООО «Ленэкс» о признании недействительным решения Совета директоров ОАО «Качканарский ГОК «Ванадий» от 28 января 2000 г. В обоснование своих требований ссылаясь на то, что данное решение принято с нарушением Федерального закона «Об акционерных обществах», Устава ОАО «Качканарский ГОК «Ванадий» и нарушают права и интересы истца, как акционера.



**A - 1709**