2

Решением Арбитражного суда г. Москвы от 16 ноября 2000 г. иск удовлетворен по заявленным основаниям.

Постановлением апелляционной инстанции от 22 февраля 2001 г. решение суда отменено, в иске отказано, т.к. суд пришел к выводу о недоказанности иска.

В кассационной жалобе ООО «Рэндэкс» просит об отмене постановления суда, как необоснованного.

Отзыв на кассационную жалобу не поступил.

В заседании кассационной инстанции представитель ООО «Рэндэкс» поддержал доводы кассационной жалобы. Представитель ОАО «Качканарский ГОК «Ванадий» возражал против ее удовлетворения.

Проверив материалы дела, обсудив доводы кассационной жалобы, выслушав представителей лиц, явившихся в судебное заседание, кассационная инстанция не находит оснований к отмене постановления.

Отменяя принятое по делу решение и отказывая в иске, суд исходил из того, что истец не доказал, что принятое 28 января 2000 г. решение Совета директоров нарушает его права и затрагивает его законные интересы, а также то, что оно принято с нарушением закона.

Об этом свидетельствуют материалы дела.

Так, истец не представил доказательств тому, что на 28 января 2000 г. он являлся акционером ОАО «Качканарский ГОК «Ванадий» и не доказал, какие именно его права, как акционера, нарушены обжалуемым решением.

Представленные в апелляционную инстанцию доказательства, которые были исследованы и оценены судом, позволили суду сделать вывод о том, что обжалуемое решение не противоречит закону «Об акционерных обществах» и Уставу ответчика.

Довод кассационной жалобы о том, что представлявший интересы ОАО «Качканарский ГОК «Ванадий» Гареев не имел на то полномочий, т.к. его доверенность, датированная 09 декабря 2001 г., недействительна, не может быть принят во внимание. Суду кассационной инстанции на обозрение была представлена доверенность № 25 на имя Гореева, из которой видно, что она выдана 09 февраля 2001 г. В постановлении от 22 февраля 2001 г. допущена описка, которая может быть исправлена в порядке ст. 139 АПК РФ.

3

С учетом изложенного суд правомерно принял от Гареева доказательства по делу, на основании которых были опровергнуты выводы суда первой инстанции.

Ссылка в кассационной жалобе на протест Верховного Суда РФ от 05 июля 2000 г. и постановление Президиума Свердловского областного суда от 02 августа 2000 г., которым удовлетворен вышеуказанный протест и отменено решение Качканарского городского суда по аналогичному иску акционера к ОАО «Качканарский ГОК «Ванадий», в которых, по мнению истца, установлены факты, имеющие преюдициальное значение для рассмотрения данного дела, не может служить основанием к отмене постановления.

В перечисленных судебных актах не содержится таких фактов. При новом рассмотрении дела по иску акционера - физического лица , производство по делу было прекращено в связи с отказом от иска.

В заседании кассационной инстанции обозревалась копия решения Перовского межмуниципального суда г. Москвы от 13 декабря 2000 г. вступившего в законную силу, которым установлено, что решение Совета директоров от 28 января 2001 г. не противоречит закону и Уставу ответчика.

Обращает на себя внимание и тот факт, что в настоящее время на ОАО «Качканарский ГОК «Ванадий» введено внешнее управление и действовавший орган управления отстранен от выполнения своих обязанностей.

Руководствуясь ст. 171, 174-177 АПК РФ, суд

ПОСТАНОВИЛ:

Постановление апелляционной инстанции Арбитражного суда г.Москвы от 22 февраля 2001 г. по делу № А40-33323/00-9-308 оставить без изменения, кассационную жалобу ООО «Рэндэкс» - без удовлетворения.

Председательствующий                          Н.А. Шуршалова

Судьи:                                        А.В. Жуков

                                              В.К. Тихонова

## DECISION
### In the name of the Russian Federation

On December 13, 2000 the Perovsky inter-municipal regional court of the city of Moscow in the composition of
presiding judge N.V. Saprykin
assessors N.K. Anderson, G.N. Zaliubovskaya
and secretary O.V. Besperstova
having considered in the open court session civil suit No. 2-3615/15-2000 initiated by the complaint of Aleksandr V. Anikeyev against unlawful actions (decisions) of the officials of OAO "Kachkanar ore mining and processing enterprise "Vanadium"

### HAS ESTABLISHED:

A.V. Anikeyev made recourse to the court with a complaint against unlawful actions (decisions) of the officials of OAO "Kachkanar ore mining and processing enterprise "Vanadium" — members of the Council of directors A.P. Kotsuba, S.-Sh.M. Kourbanov, S.F. Barkov, A.Kh. Dzhurayev, D.R. Gareyev, Director General A.A. Kozitsyn, expressed in their taking the following decisions at the meeting of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" on January 28, 2000:

1. on the priority directions of activity;
2. on terminating the powers of the Chairman of the Council of directors and electing A.P. Kotsuba Chairman of the Council of directors;
3. on early terminating the powers of the Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium" D.A. Khaidarov;
4. on electing A.A. Kozitsyn the new Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium", as well as the decision of A.A. Kozitsyn, Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium", to rescind the contract for the services of keeping the register of shareholders with ZAO "Registrator Company Panorama" beginning with April 12, 2000 and to replace the registrar.

The claimant produced to the court an abstract from the register of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium", Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium", Regulations for the Council of directors, Xerox copies of the letter of the Chairman of the Council of directors D.R. Gareyev, abstracts from the minutes of the Council of directors from January 28, 2000.

Arguing his claims, the applicant explained that the members of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium", in accordance with Article 68.1 of the Federal law "On joint-stock companies" and Clauses 31.2, 31.10 of the Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium", may not independently take decisions to hold a meeting of the Council of directors or determine its agenda, nor hold a meeting of the Council of directors in absence of a quorum. In accordance with Clause 5.24 of the Regulations for the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium", the members of the Council of directors may not take the decision to re-elect the Chairman of the Council of directors by absentee voting. The applicant also believes that early termination of the labor contract with the head of the enterprise on the

initiative of its administration may be allowed only in the instances stipulated by Articles 33 and 254 of the Restatement of Labor Laws of the Russian Federation.

In the court session the representatives of the claimant I.A. Kalinin, V.V. Volnov, V.V. Shirokov explained that their principal is a shareholder of OAO "Kachkanar ore mining and processing enterprise "Vanadium". According to the Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium", the Council of directors is to carry out general management of the company activity. The meetings of the Council of directors are convened by the Chairman of the Council of directors, and the meeting is competent if at least five members of the Council of directors take part therein. The Chairman of the Council of directors D.R. Gareyev refused to convene a meeting of the Council of directors, giving written notice to the effect to its members. As evidence of the fact a Xerox copy of the letter of D.R. Gareyev is submitted to the court. Under these circumstances it is necessary to hold invalid the decisions taken at the meeting of the Council of directors on January 28, 2000. Due to the fact that the decision to rescind the contract for the services of keeping the register of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium", in the opinion of the claimant's representatives, was taken by a person not authorized to act on behalf of OAO "Kachkanar ore mining and processing enterprise "Vanadium" (as Director General A.A. Kozitsyn was not duly appointed to the position), it should also be held invalid.

A.V. Anikeyev considers that the challenged decisions injure his rights and legal interests, that is why he makes recourse to the court.

S.M. Kapoura, representative of the members of the Council of directors D.R. Gareyev, A.P. Kotsuba, S.-Sh.M. Kourbanov, S.F. Barkov, A.Kh. Dzhurayev, R.R. Valishev, Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium" A.A. Kozitsyn, disagreeing with the arguments in the complaint, explained that A.V. Anikeyev is in fact a shareholder of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and owns 75 ordinary shares for a total amount of 75 (seventy-five) rubles. In accordance with Clause 6.2 of the Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium", the shareholder A.V. Anikeyev has the right to take part in the General meeting of the shareholders with the right to vote on all matters within its competence, as well as the right to receive dividends and in case of the company liquidation — the right to a part of its property. Articles 7, 22, 23, 40, 75 et al. of the Federal law of the Russian Federation "On joint-stock companies" (No. 208-FZ of December 26, 1995) also stipulate other rights of shareholders.

In his complaint A.V. Anikeyev has failed to state what particular rights and legal interests to which he is entitled as a shareholder were infringed by the decision of the Council of directors from January 28, 2000 to rescind the contract for the services of keeping the register of shareholders. The argument advanced by A.V. Anikeyev that the new register holder is located in Yekaterinburg, i.e. at the place where the enterprise is located, and that it would be difficult for him to come to Yekaterinburg is groundless. According to the representative of the members of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium", the activity to keep the register of the holders of securities consists in the gathering, registering, processing, keeping and presenting of the data forming the system of keeping the register of the holders of securities. According to Article 8 of the Federal Law of the Russian Federation from April 22, 1996 (versions of Federal laws No. 182-FZ from 26.11.98, No. 139-FZ from 08.07.99) "On the securities market", if the number of holders exceeds 500 (five hundred), the register holder shall be an independent specialized organization being a professional member of the securities market and engaged in keeping registers. There are

no territorial qualifications for the legal entity keeping the register of the holders of securities. Similar provisions are contained in Decision No. 27 of the Federal Commission on Securities of the Russian Federation from October 02.97, approving the Regulations for the keeping of the register of the holders of registered securities. These requirements are stated in Articles 44, 45, 46 of the Federal law of the Russian Federation "On joint-stock companies" (No. 208-FZ of December 26, 1995).

The request of A.V. Anikeyev to hold invalid the decisions of the Council of directors from January 28, 2000 as infringing his rights and legal interests is also groundless.

The meeting of the Council of directors was conducted in strict compliance with the requirements of Articles 48.8m 65.10, 67.1, 68, 69.3 of the Federal law of the Russian Federation "On joint-stock companies" (No. 208-FZ of December 26, 1995), Clauses 31, 34.5 of the Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and Clause 5.23 of the Regulations for the Council of directors.

To prove his defense the representative of D.R. Gareyev submitted to the court the originals of the letters addressed to the members of the Council of directors notifying them of the decision to hold a meeting of the Council of directors on January 28, 2000 by absentee voting, to agree to his early re-election, to agree to A.A. Kozitsyn's simultaneously holding another position, and a voting ballot for the approved agenda. At his motion the said original documents were viewed in the court session and the court ruled to enter their copies in the case materials.

The representative of OAO "Kachkanar ore mining and processing enterprise "Vanadium" fully supported the objection to the complaint of A.V. Anikeyev. ZAO "Registrator Company Panorama" in its statement also objects against the request of the claimant.

Having heard the parties and verified the materials in the case, the court finds the complaint not to be subject to satisfaction.

In accordance with Article 6 of Law No. 4866-1 of the Russian Federation from April 27, 1993 "On challenging in court the actions and decisions infringing the rights and freedoms of citizens" (as amended by the Federal Law of the Russian Federation on December 14, 1995), an individual is released from the duty to prove the unlawful character of the disputed actions (decisions), but is to prove the fact of their infringing his rights and freedoms. The duty of the applicant to prove the fact of infringement of his rights is stipulated by Articles 4.1.1 and 50.1 of the RSFSR Civil Procedure Code.

According to Article 7.3 of the above-mentioned law, the challenged action (decision) is to be held invalid if it results in the consequences mentioned in Article 2 of the said law, namely: if the rights and freedoms of the citizen are infringed, obstacles are created preventing the citizen to exercise his rights and freedoms, any responsibility is imposed on the citizen of if he is unlawfully called to account.

According to p. 10 of Decree No. 4/8 of the Plenary Session of the Supreme Court of the Russian Federation and the Plenary Session of the Higher Arbitrazh Court of the Russian Federation from April 2, 1997 "On some issues of application of the Federal Law "On joint-stock companies" (as amended by Decree No. 5 of the Plenary Session of the Supreme Court of the Russian Federation and Decree No. 3 of the Plenary Session of the Higher Arbitrazh Court of the Russian Federation from February 5, 1998), the decision of the council of directors (supervisory council) or executive board of a joint-stock company (sole or collegiate) may be challenged in court, if the decision taken does not meet the requirements of the Law and other normative legal acts and infringes the rights and lawful interests of the shareholder.

The decision taken by the Council of directors on January 28, 2000 to transfer the register of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" does not infringe the rights and freedoms of A.V. Anikeyev, creates no obstacles preventing him from exercising his rights, limits no rights of the shareholder, imposes no responsibility on him and does not result in his being called to account. Moreover, in the court session the fact of the Director General A.A. Kozitsyn taking the challenged decision was not confirmed.

In the court session it was established that OAO "Kachkanar ore mining and processing enterprise "Vanadium" is an open joint-stock company. Its Articles of Incorporation were approved by the decision of the annual General meeting of the shareholders on April 21, 1999 and registered by the Decision of the Head of the administration of Kachkanar, Sverdlovsk oblast, on April 30, 1999, No. 362.

According to Clause 6 of the Articles of Incorporation, the shareholders owning ordinary shares of the company may, in accordance with the Articles of Incorporation and the norms of the current legislation of the Russian Federation, take part in the General meeting of the shareholders with the right to vote on all matters within its competence, and also have the right to receive dividends and in case of the company liquidation — the right to a part of its property.

According to the abstract from the register of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium", Alexander V. Anikeyev holds 75 (seventy-five) ordinary shares with the face value of 75 (seventy-five) rubles (page 60 of the case file).

In accordance with Clause 8 of the Articles of Incorporation, the Council of directors of the company carries out general management of the company, with the exception of the matters referred by the Articles of Incorporation to the exclusive competence of the General meeting of the company shareholders. The Director General of the company is the sole executive management body of the company.

According to Clause 28.1 of the Articles of Incorporation, the Council of directors numbers 7 (seven) members.

According to Clause 29.3.11 of the Articles of Incorporation, to the competence of the Council of directors there refers the election of the Director General of the company, early termination of his powers, rescission of the labor contract (agreement) signed with him.

According to Clause 30.1 of the Articles of Incorporation, the Council of directors elects a member of the Council of directors the Chairman of the Council of directors. As such Chairman there was elected Damir R. Gareyev.

According to Clause 30.9 of the Articles of Incorporation, the Chairman of the Council of directors may be re-elected only with his own consent. According to Clause 31.2 of the Articles of Incorporation, the meetings are convened by the Chairman of the Council of directors on his own initiative, at the request of any member of the Council of directors, the auditing committee or auditor of the company, or the Director General.

According to Clause 31.23 of the Articles of Incorporation, by the decision of the Chairman of the Council of directors the decisions may be taken by absentee voting (polling) of the members of the Council of directors. The terms and order of absentee voting are established by the decision of the Chairman of the Council of directors or stipulated in the Regulations for the Council of directors.

According to Clause 34.5 of the Articles of Incorporation, the Council of directors may at any time terminate the contract signed with the sole executive body of the company — Director General. A similar requirement is contained in Article 69.3 of the above-mentioned Federal law "On joint-stock companies", stipulating that the relations

between the company and the sole executive body of the company are regulated by the labor legislation of the Russian Federation to the extent not contrary to the provisions of the Law.

At the same time, in the court session the claimant insisted that the taking of the decisions from January 28, 2000 breached the requirements of the Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and Regulations for the Council of directors. To prove the grounds for his requirements, the claimant supplied Xerox copies of the letter of the Chairman of the Council of directors D.R. Gareyev addressed to the Arbitrazh Court for the Sverdlovsk oblast to the effect that he had given no consent to holding the meeting of the Council of directors on January 28, 2000 (page 286 of the case file).

However, in the court session the representative of D.R. Gareyev rejected the reasons advanced by the claimant, stating that D.R. Gareyev did not write or sign either that or any other letters refusing to hold the meeting of the Council of directors.

The representative of D.R. Gareyev explained to the court, that his principal, acting in accordance with the requirements of the Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and Regulations for the Council of directors, had confirmed the holding of the meeting of the Council of directors on January 28, 2000 and participated in the voting on the agenda, and as evidence of that submitted to the court the original letter addressed to the members of the Council of directors allowing for the possibility of the decisions to be taken by the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" on January 28, 2000 by the absentee voting (poll voting) of the members of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium", agreeing to the re-election of the Chairman of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium", stating that he, Chairman of the Council of directors D.R. Gareyev, was not against appoint A.A. Kozitsyn Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and agreed to A.A. Kozitsyn's simultaneously holding the positions of the Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and the Director General of AO "Uralelectromed"; and also a ballot for voting on the items of the agenda of the Council of directors on January 28, 2000 (pages 271-275 of the case file).

Proceeding from the requirements of the law concerning the procedural equality of the parties and taking into account the duty of the parties to confirm the circumstances they refer to, the court minutely examined each circumstance cited by the parties to confirm their claims and objections.

The representative of A.P. Kotsuba, A.Kh. Dzhurayev, S.-Sh.M. Kourbanov, S.F. Barkov, R.R. Valishev fully agreed with the reasons of the representative of D.R. Gareyev and explained to the court that they had studied the letters showing D.R. Gareyev's consent to absentee voting and re-election of the Chairman of the Council of directors, and that these letters had formed the basis for the holding of the meeting of Council of directors on January 28, 2000.

The representative of Director General A.A. Kozitsyn explained to the court that his principal had not taken the decision to rescind the contract between OAO "Kachkanar ore mining and processing enterprise "Vanadium" and the register holder — ZAO "Registrator Company Panorama". In the period of his activity as the Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium", contract No. 215 from June 23, 1992 was effective and was not terminated by the parties.

The above circumstance was confirmed by the representative of A.V. Anikeyev, too (page 9 of the case file, reverse side).

The representative of OAO "Kachkanar ore mining and processing enterprise "Vanadium" also confirmed the statements of the representative of D.R. Gareyev and A.A. Kozitsyn.

The representatives of A.V. Anikeyev in the court session could raise no objections against that.

In accordance with Article 56 of the RSFSR Civil Procedure Code, the court shall evaluate the evidence as it sees proper, proceeding from unbiased comprehensive and full consideration of all evidence at the disposal of the court taken together. No evidence can have a predetermined validity for the court.

In accordance with the authoritative explanations contained in Decree No. 9 of the Plenary Session of the Supreme Court of RSFSR from September 26, 1933 "On court decision" (as amended on December 26, 1995), and Decree No. 3 of the Supreme Court of the Russian Federation from April 14, 1988 "On applying the Civil Procedure Code norms when hearing the cases in the court of the first instance" (as amended by the Decrees of the Plenary Session of the Supreme Court of the Russian Federation No. 19 from 22.12.93, No. 11 from 21.12.93, No. 9 from 26.12.85 and No. 10 from 25.10.96), the court evaluated the evidence, resolving doubts by comparing it to other established facts, verifying that the documents be proper in content and form.

Proceeding from Article 50 of the RSFSR Civil Procedure Code, each party is to prove the circumstances to which it refers as to the basis for its claims and objections. The court believes that the claimant has failed to produce any evidence of infringement of his rights and freedoms, following which the claims he stated are not subject to satisfaction.

The court also takes into account the fact that neither the claimant, nor his representative has petitioned the court for assistance in the gathering of evidence, in accordance with Article 50.3 of the RSFSR Civil Procedure Code.

Filing a complaint with the Perovsky inter-municipal court for the city of Moscow, A.V. Anikeyev, following the provisions of Articles 133 and 134 of the RSFSR Civil Procedure Code, asked the court to take measures to secure his claims. By the determination of April 10, 2000 the security measures were taken, enjoining OAO "Kachkanar ore mining and processing enterprise "Vanadium" to perform any acts aimed at fulfilling the decisions of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from January 28, 2000, and prohibiting ZAO "Registrator Company Panorama" and its officials to transfer any information or documents pertaining to the system of keeping the register of the holders of registered securities of OAO "Kachkanar ore mining and processing enterprise "Vanadium" in any form.

On September 25, 2000 the Perovsky inter-municipal court of Moscow cancelled the said measures. Not agreeing with its determination, A.V. Anikeyev appealed to the Moscow city court with a personal complaint. On October 26, 2000 the Panel of Judges for civil suits of the Moscow city court left the determination of the Perovsky inter-municipal court for the city of Moscow unchanged, and the personal complaint — unsatisfied, referring to the fact that beginning with August 22, 2000 there has been external trust management effective at the OAO "Kachkanar ore mining and processing enterprise "Vanadium", and that the contract of the industrial enterprise with ZAO "Registrator Company Panorama" for the keeping of the register remains in force.

Proceeding from the above and being guided by the Federal law of the Russian Federation "On challenging in court the actions and decisions infringing the rights and freedoms of citizens", Federal law of the Russian Federation "On joint-stock companies", Articles 191-197 of the RSFSR Civil Procedure Code, the court

HAS DECIDED:

To refuse to satisfy the complaint of Alexander V. Anikeyev against unlawful actions (decisions) of the members of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium", Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium" A.A. Kozitsyn requesting invalidation of all decisions taken by the members of the Council of directors at the meeting of January 28, 2000 and the decision of A.A. Kozitsyn from February 1, 2000 to terminate the contract for the services of keeping the register of shareholders with ZAO "Registrator Company Panorama" and to replace the registrar.

The decision may be appealed to the Moscow city court within 10 days.

Federal Judge [signature]    N.V. Saprykin
Assessors    [signatures]    N.K. Anderson
                             G.N. Zaliubovskaya


True copy:
Judge        [signature]
secretary    [signature]

The decision entered into effect on 14.03.2001
Judge        [signature]
secretary    [signature]

A - 1718

- 342 -

Отметка об исполнении решения                                         н/с ф. № 2

## РЕШЕНИЕ
### Именем Российской Федерации

13 декабря 2000 г. Перовский межмуниципальный (районный) суд г. Москвы в составе:
председательствующего судьи Сапрыкина Н.В.,
народных заседателей Андерсон Н.К., Залюбовской Г.Н.
при секретаре Бесперстовой О.В.,
рассмотрев в открытом судебном заседании гражданское дело № 2- 3615/15-2000г. по жалобе Аникеева Александра Владимировича на неправомерные действия (решения) должностных лиц предприятия ОАО «Качканарский ГОК «Ванадий»

### Установил:

Аникеев А.В. обратился в суд с жалобой на неправомерные действия (решения) должностных лиц предприятия ОАО «Качканарский ГОК «Ванадий» - членов Совета директоров Коцубы А.П., Курбанова С.-Ш. М., Баркова С.Ф., Джураева А.Х., Гареева Д.Р., Генерального директора Козицына А.А., которые выразились в принятии следующих решений на заседании Совета директоров ОАО «Качканарский ГОК «Ванадий» 28 января 2000 г.:

1. о приоритетных направлениях деятельности;
2. о прекращении полномочий Председателя Совета директоров и избрании на должность председателя Совета директоров Коцубы А.П.;
3. о досрочном прекращении полномочий Генерального директора ОАО «Качканарский ГОК «Ванадий» Хайдарова Д.А.;
4. об избрании на должность нового Генерального директора ОАО «Качканарский ГОК «Ванадий» Козицына А.А., а также решение Генерального директора ОАО «Качканарский ГОК «Ванадий» Козицына А.А. о расторжении договора на оказание услуг по ведению реестра акционеров с ЗАО «Компания-регистратор «Панорама» с 12 апреля 2000 г. и замене регистратора.

Заявитель представил в суд выписку из реестра акционеров ОАО «Качканарский ГОК «Ванадий», Устав ОАО «Качканарский ГОК «Ванадий», Положение о Совете директоров, ксерокопии письма Председателя Совета директоров Гареева Д.Р., выписки из заседания Совета директоров от 28 января 2000 г.

В обоснование своих требований заявитель пояснил, что члены Совета директоров ОАО «Качканарский ГОК «Ванадий» в соответствии с п.1 ст.68 Федерального закона РФ «Об акционерных обществах» и п.п. 31.2, 31.10 Устава ОАО «Качканарский ГОК «Ванадий» не могут самостоятельно принимать решения о проведении заседания Совета директоров и определять повестку дня, а также проводить заседание Совета директоров при отсутствии кворума. В соответствии с п.5.24 Положения о Совете директоров ОАО «Качканарский ГОК «Ванадий» члены Совета директоров не могут принимать

A - 1720

_- 396 -_

решения о переизбрании Председателя Совета директоров путем заочного голосования. Заявитель считает также, что досрочное расторжение трудового договора с руководителем предприятия по инициативе администрации допускается только в случаях, предусмотренных ст.ст. 33, 254 КЗоТ РФ.

В судебном заседании представители заявителя Калинин И.А., Вольнов В.В., Широков В.В. пояснили, что их доверитель является акционером ОАО «Качканарский ГОК «Ванадий». Согласно Уставу ОАО «Качканарский ГОК «Ванадий» Советом директоров осуществляется общее руководство деятельностью общества. Заседания Совета директоров созываются Председателем Совета директоров, и оно правомочно, если в нем принимают участие не менее пяти членов Совета директоров. Председатель Совета директоров Гареев Д.Р. отказался созывать заседание Совета директоров, о чем письменно уведомил их.    В доказательство этого в суд представлена ксерокопия письма Гареева Д.Р. При таких обстоятельствах необходимо признать недействительными решения, принятые на заседании Совета директоров 28 января 2000 г. В связи с тем, что решение о расторжении договора на оказание услуг по ведению реестра акционеров ОАО «Качканарский ГОК «Ванадий», по мнению представителей заявителя, принято лицом, не имеющим права выступать от имени ОАО «Качканарский ГОК «Ванадий» (т.к. Генеральный директор Козицын А.А. был назначен на эту должность незаконно), оно также подлежит признанию недействительным.

Аникеев А.В. считает, что оспариваемыми решениями нарушены его права и законные интересы, в связи с чем, он и обратился в суд.

Представитель членов Совета директоров: Гареева Д.Р., Коцубы А.П., Курбанова С.-Ш. М., Баркова С.Ф., Джураева А.Х., Валишева Р.Р., Генерального директора ОАО «Качканарский ГОК «Ванадий» Козицына А.А.,- Капура С.М. возражая против доводов жалобы, пояснил, что гр. Аникеев А.В. действительно является акционером ОАО «Качканарский ГОК «Ванадий» и ему принадлежат 75 обыкновенных акций общей стоимостью 75 (семьдесят пять) рублей. В соответствии со ст. 6.2 Устава ОАО «Качканарский ГОК «Ванадий» акционер Аникеев А.В. имеет право участвовать в Общем Собрании Акционеров с правом голоса по всем вопросам его компетенции, а также право на получение дивидендов, а в случае ликвидации общества -  право на получение части его имущества. Ст. ст. 7, 22, 23, 40, 75 и др. Федерального закона РФ от 26 декабря 1995 г. № 208-ФЗ «Об акционерных обществах» предусматривают и иные права акционеров.

Обращаясь в суд с жалобой, Аникеев А.В. не указал, какие конкретно права и законные интересы его, как акционера, были нарушены решением Совета директоров 28 января 2000 г. и решением Генерального директора Козицына А.А. о расторжении договора на оказание услуг по ведению реестра акционеров. Довод Аникеева А.В. о том, что новый реестродержатель территориально располагается в г. Екатеринбурге, т.е. по месту расположения предприятия, и ему Аникееву А.В. будет сложно приезжать в г. Екатеринбург, необоснован. По утверждению представителя членов Совета директоров ОАО «Качканарский ГОК «Ванадий», деятельностью по ведению реестра владельцев

бумаг признаются сбор, фиксация, обработка, хранение и ...авление данных, составляющих систему ведения реестра владельцев ...х бумаг. Согласно ст. 8 Федерального закона РФ от 22 апреля 1996 г. № ... (в ред. Федеральных законов от 26.11.98 N 182-ФЗ, от 08.07.99 N 139-ФЗ) ...инке ценных бумаг» в случае, если число владельцев превышает 500 ...от), держателем реестра должна быть независимая специализированная ...низация, являющаяся профессиональным участником рынка ценных бумаг ...существляющая деятельность по ведению реестра. Какие-либо ...иториальные ограничения для юридического лица, осуществляющего ...ельность по ведению реестра владельцев ценных бумаг, не установлены. ...логичные условия предусмотрены Постановлением ФКЦБ РФ от 02 октября ... г. № 27, которым утверждено Положение о ведении реестра владельцев ...нных ценных бумаг. Эти требования закреплены в ст.ст. 44, 45, 46 ...ерального закона РФ от 26 декабря 1995 г. № 208-ФЗ «Об акционерных ...цествах».

Требование Аникеева А.В. признать недействительными решения Совета ...екторов от 28 января 2000 г. как нарушающие его права и законные ...тересы, также необоснованно.

Заседание Совета директоров было проведено в точном соответствии с ...ебованиями ст.ст. 48 п.8, 65 п.10, 67 п.1, 68, 69 п.3 Федерального закона РФ ... 26 декабря 1995 г. № 208-ФЗ «Об акционерных обществах»; ст.ст.31, 34.5 ...става ОАО «Качканарский ГОК «Ванадий» и ст. 5.23 Положения о Совете ...иректоров.

В качестве доказательства своих возражений представитель Гареева Д.Р. ...редставил суду подлинники писем, адресованных членам Совета директоров, ... принятом решении провести заседание Совета директоров 28 января 2000 г. ...утем заочного голосования, о согласии на свое досрочное переизбрание, о ...огласии на совмещение Козицыным А.А. должностей и бюллетень для ...олосования по утвержденной повестке дня. По его ходатайству указанные ...окументы в подлинниках были обозрены в судебном заседании и их копии ...пределением суда были приобщены к материалам дела.

Представителем ОАО «Качканарский ГОК «Ванадий», полностью ...поддержал возражения на жалобу Аникеева А.В. (л/д.193), ЗАО «Компания-...регистратор «Панорама» в своем заявлении также возражает против требования ...заявителя.

Суд, выслушав стороны, проверив материалы дела, находит жалобу не ...подлежащей удовлетворению.

В соответствии со ст. 6 Закона Российской Федерации от 27 апреля 1993 г. ...№ 4866-1 «Об обжаловании в суд действий и решений, нарушающих права и ...свободы граждан» (в ред. ФЗ РФ от 14 декабря 1995 г.) гражданин ...освобождается от обязанности доказывать незаконность обжалуемых действий ...(решений), но обязан доказать факт нарушения своих прав и свобод. ...Обязанность заявителя доказать факт нарушения своих прав предусмотрена п.1 ...ч.1 ст.4, ч.1 ст.50 ГПК РСФСР.

3

Согласно ч.3 ст.7 упомянутого закона обжалуемое действие (решение) признается незаконным, если оно приводит к указанным в ст.2 настоящего Закона последствиям, а именно: когда нарушены права и свободы гражданина; созданы препятствия осуществлению гражданином прав и свобод, незаконно на гражданина возложена какая-либо обязанность или он незаконно привлечен к какой-либо ответственности.

Согласно п.10 Постановления Пленума Верховного Суда РФ и Пленума Высшего Арбитражного суда РФ от 2 апреля 1997 года № 4/8 «О некоторых вопросах применения Федерального закона «Об акционерных обществах» (в ред. Постановления Пленума Верховного Суда РФ N 5, Пленума ВАС РФ N 3 от 05.02.98) решение Совета директоров (наблюдательного совета) либо исполнительного органа акционерного общества (единоличного или коллегиального) может быть оспорено в судебном порядке, если принятое решение не отвечает требованиям Закона и иных нормативных правовых актов и нарушает права и охраняемые законом интересы акционера.

Принятым решением на заседании Совета директоров от 28 января 2000 г. о передаче реестра акционеров ОАО «Качканарский ГОК «Ванадий» права и свободы Аникеева А.В. не нарушены, какие-либо препятствия в их осуществлении не созданы, его права как акционера не ограничены, этим решением на него не возложена какая-либо обязанность и он не привлечен к какой-либо ответственности. Тем более, что в судебном заседании не нашел подтверждения факт принятия Генеральным директором Козицыным А.А. оспариваемого решения.

В судебном заседании установлено, что «Качканарский горно-обогатительный комбинат «Ванадий» является открытым акционерным обществом. Устав его утвержден решением общего годового Собрания акционеров 21 апреля 1999 года и зарегистрирован Постановлением Главы администрации г. Качканара Свердловской области 30 апреля 1999 г. за № 362.

Согласно ст.6 Устава, акционеры – владельцы обыкновенных акций общества могут в соответствии с Уставом и нормами действующего законодательства РФ участвовать в общем Собрании акционеров с правом голоса по всем вопросам его компетенции, а также имеют право на получение дивидендов, а в случае ликвидации общества – право на получение части его имущества.

Согласно выписке из реестра акционеров ОАО «Качканарский ГОК Ванадий», Аникеев Александр Владимирович владеет 75 (семьюдесятью пятью) обыкновенными акциями номинальной стоимостью 75 (семьдесят пять) рублей (л/д. 60).

В соответствии со ст. 8 Устава Совет директоров общества осуществляет руководство деятельностью общества, за исключением решения вопросов, отнесенных Уставом к исключительной компетенции Общего Собрания акционеров Общества. Генеральный директор общества – единоличный исполнительный орган управления Общества.

Согласно ст.28.1 Устава Совет директоров состоит из 7 (семи) членов.

_ЗЧЧ'

Согласно ст.29.3.11 Устава к компетенции Совета директоров отнесено избрание Генерального директора общества, досрочное прекращение его полномочий, расторжение трудового договора (контракта) с ним.

Согласно ст. 30.1 Устава Совет директоров из числа членов Совета директоров избирает Председателя Совета директоров. Им был избран Гареев Дамир Рамзильевич.

Согласно ст. 30.9 Устава Председатель Совета директоров может быть переизбран только с его личного согласия. Согласно ст. 31.2 Устава заседания созываются Председателем Совета директоров по его собственной инициативе, по требованию любого члена Совета директоров, Ревизионной комиссии или аудитора общества, Генерального директора.

Согласно ст. 31.23 Устава по решению Председателя Совета директоров допускается принятие решений путем письменного опроса (заочного голосования) членов Совета директоров. Условия и порядок проведения заочного голосования определяется решением Председателя Совета директоров или устанавливается Положением о Совете директоров.

Согласно ст.34.5 устава Совет директоров вправе в любое время расторгнуть договор с единоличным исполнительным органом общества – Генеральным директором. Аналогичное требование предусматривается ч.3 ст.69 упомянутого. Федерального закона «Об акционерных обществах», которым предусмотрено, что на отношения между обществом и единоличным органом общества действие законодательства РФ о труде распространяется в части, не противоречащей положениям Закона.

Вместе с тем, в судебном заседании заявитель настаивал на том, что при принятии решений 28 января 2000 г. были нарушены требования Устава ОАО «Качканарский ГОК «Ванадий» и Положения о Совете директоров. В качестве доказательства обоснованности своих требований им представлены ксерокопии письма Председателя Совета директоров Гареева Д.Р. в адрес Арбитражного суда Свердловской области о том, что он согласия на проведение заседания Совета директоров 28 января 2000 г. не давал (л/д. 286).

Однако в судебном заседании представитель Гареева Д.Р. отверг доводы заявителя и пояснил, что указанное письмо и какие-либо другие письма о несогласии на проведение заседания Совета директоров им не писались и не подписывались.

Представитель Гареева Д.Р. пояснил суду, что его доверитель в соответствии с требованиями Устава ОАО «Качканарский ГОК «Ванадий» и Положения о Совете директоров подтвердил проведение заседания Совета директоров 28 января 2000 г., участвовал в голосовании по повестке дня и в доказательство этого представил в суд подлинник письма, адресованного членам Совета директоров, в котором предусмотрена возможность принятия Советом директоров ОАО «Качканарский ГОК «Ванадий» решений 28 января 2000 г. путем письменного опроса (заочным голосованием) членов Совета директоров ОАО «Качканарский ГОК «Ванадий», о своем согласии на переизбрание Председателя Совета директоров ОАО «Качканарский ГОК «Ванадий», о том, что он, Председатель Совета директоров, Гареев Д.Р., не возражает против

5

A - 1724

Козицына А.А. Генеральным директором ОАО «Качканарский ГОК
й» и согласен с совмещением Козицыным А.А. должностей
ьного директора ОАО «Качканарский ГОК «Ванадий» и Генерального
ра АО «Уралэлектромедь», а также бюллетень для голосования по
е дня заседания Совета директоров 28 января 2000 г. (л/д л/д.. 271-275,

одя из требований закона о процессуальном равенстве сторон и
вая обязанность сторон подтвердить те обстоятельства, на которые они
ются, суд тщательно проверил каждое обстоятельство, указанное
нами в подтверждение своих требований и возражений.
редставитель Коцубы А.П., Джураева А.Х., Курбанова С.-Ш. М., Баркова
, Валишева Р.Р. полностью согласился с доводами представителя Гареева
и пояснил суду, что письма о согласии Гареева Д.Р. на заочное
сование и переизбрание Председателя Совета директоров ими были
учены и явились основанием для проведения заседания Совета директоров
января 2000 г.
Представитель Генерального директора Козицына А.А. пояснил суду, что
ение о расторжении договора между ОАО «Качканарский ГОК «Ванадий»
реестродержателем ЗАО «Компания-регистратор «Панорама» его
зерителем не принималось. В период его деятельности в качестве
нерального директора ОАО «Качканарский ГОК «Ванадий» договор № 215
23 июня 1992 г. действовал и сторонами.не расторгался.
Указанное обстоятельство подтвердил и представитель Аникеева А.В. (л/д
9 оборот).
Представитель ОАО «Качканарский ГОК «Ванадий» также подтвердил
явления представителя Гареева Д.Р. и Козицына А.А.
Каких-либо возражений против этого представители Аникеева А.В.
двинуть в судебном заседании не смогли.
В соответствии со ст. 56 ГПК РСФСР суд оценивает доказательства по
нутреннему убеждению, основанному на беспристрастном, всестороннем и
лном рассмотрении имеющихся в деле доказательств в их совокупности.
икакие доказательства не имеют для суда заранее установленной силы.
В соответствии с руководящими разъяснениями, содержащимися в
остановлении № 9 Пленума Верховного суда РСФСР от 26 сентября 1933 г.
О судебном решении» (в ред.26 декабря 1995 г.) и Постановлении № 3
ерховного Суда РФ от 14 апреля 1988 г. «О применении норм ГПК при
ассмотрении дел в суде первой инстанции» (в ред. Постановлений Пленума
ерховного Суда РФ от 22.12.92 N 19, от 21.12.93 N 11, от 26.12.95 N 9, от
25.10.96 N 10) судом дана оценка доказательств с учетом разрешения сомнений
а достоверности исследуемых доказательств путем сопоставления с другими
установленными фактами, проверки правильности содержания и оформления
документов.
В силу ст. 50 ГПК РСФСР каждая из сторон должна доказать те
стоятельства, на которые она ссылается как на основания своих требований и
озражений. По убеждению суда, заявителем не представлено доказательств

6

А - 1725

ния своих прав и свобод, в связи с чем заявленные им требования
ворению не подлежат.

принимает во внимание и то, что ни заявитель, ни его представитель не
лись к суду с ходатайством о содействии в собирании доказательств в
ствии с ч.3 ст.50 ГПК РСФСР.

подаче жалобы в Перовский межмуниципальный суд г. Москвы
ев А.В. в порядке ст.ст. 133, 134 ГПК РСФСР обратился в суд с
нием о принятии мер по обеспечению своих требований. Определением
т 10 апреля 2000 г. были приняты меры по обеспечению в виде: запрета
«Качканарский ГОК «Ванадий» совершать какие-либо действия,
авленные на исполнение решений Совета директоров ОАО «Качканарский
«Ванадий» от 28 января 2000 г.; запрета передачи ЗАО «Компания-
стратор «Панорама» и ее должностным лицам информации и документов,
сящихся к системе ведения реестра владельцев именных ценных бумаг
О «Качканарский ГОК «Ванадий» в любой форме.

5 сентября 2000 г. Перовский межмуниципальный суд г. Москвы отменил
занные меры. Не согласившись с данным определением, Аникеев А.В.
ратился в Московский городской суд с частной жалобой. 26 октября 2000 г.
дебная коллегия по гражданским делам Московского городского суда
ределение Перовского межмуниципального суда г. Москвы оставила без
менений, а частную жалобу – без удовлетворения, сославшись на то, что с 22
вгуста 2000 г. в отношении ОАО «Качканарский ГОК «Ванадий» введено
нешнее управление, и продолжает действовать договор комбината с ЗАО
Компания-регистратор «Панорама» на ведение реестра.

На основании изложенного и руководствуясь ФЗ РФ «Об обжаловании в суд
ействий и решений, нарушающих права и свободы граждан», ФЗ РФ «Об
кционерных обществах», ст.ст. 191-197 ГПК РСФСР, суд

РЕШИЛ:

В удовлетворении жалобы Аникеева Александра Владимировича на
неправомерные действия (решения) членов Совета директоров ОАО
Качканарский ГОК «Ванадий», Генерального директора ОАО «Качканарский
ОК «Ванадий» Козицына А.А. и признания недействительными всех решений,
ринятых членами Совета директоров 28 января 2000 г и решения Козицына
А.А. от 01 февраля 2000 г о расторжении договора на оказание услуг по
едению реестра акционеров с ЗАО «Компания-регистратор «Панорама» и
амене регистратора, - отказать.

Решение может быть обжаловано в 10дневный срок в Мосгорсуд.

Федеральный судья                          Н.В.Сапрыкин
Народные заседатели                        Н.К.Андерсон
                                           Г.Н.Залюбовская

7

A - 1726

судья-
секретарь *[подпись]*

Решение вступило в з/с  14.03.2001г.
судья
секретарь *[подпись]*

A - 1727

Gagarin Intermunicipal Court of Moscow
117049 Moscow, ul. Donskaya, 11, Bldg. 1

**Claimant:**
Davis International LLC, a shareholder
of OAO Kachkanarskiy GOK Vanadiy
Address in the United States:
1205 Wilkie Drive, Charlton, WV 25314–1726, USA
Mailing address in Russia:
103473 Moscow, Suvorovskaya Pl., Bldg. 1–A

**Respondents:**

**1.** Kurbanov, Sergo–Shakhzada Mamadaliyevich,
117296 Moscow, Leninsky Prospekt, 64, Apt. 44

**2.** Barkov, Semyon Filippovich,
620014 Yekaterinburg, ul. Sheynkmana, 104, Apt. 65

**3.** Kotsuba, Aleksandr Petrovich,
624150 Kirovgrad, ul. Kolotinskaya, 5

**4.** Jurayev, Adyljan Khabibullayevich, 624356,
Sverdlovsk Oblast, Kachkanar, 8th District, 15, Apt. 25

**5.** Kozitsyn, Andrey Anatolyevich,
624080, Verkhnyaya Pyshma, ul. Parkovaya, 40–A

**6.** Gruzdev, Andrey Gennadyevich, 624356,
Sverdlovsk Oblast, Kachkanar, 4th District, 55, Apt. 58

State Duty: 15,000 rubles

## STATEMENT OF CLAIM

A meeting of the Board of Directors of OAO [*public joint stock company*] Kachkanarskiy GOK
Vanadiy [*Vanadium Mining and Ore Processing Works of Kachkanar*] (hereinafter referred to as
"AO Vanadiy") was held on January 28, 2000. The following resolutions were adopted at the
meeting:
1. On priority areas of activities;
2. On termination of the authorities of the Chairman of the Board of Directors and election of
   A. P. Kotsuba as Chairman of the Board of Directors;
3. On early termination of the authorities of D. A. Khadarov, General Director of OAO
   Kachkanarskiy gorno-obogatitel'nyi kombinat Vanadiy;
4. On election (appointment) of A. A. Kozitsyn as new General Director of OAO
   Kachkanarskiy gorno-obogatitel'nyi kombinat Vanadiy.

Three out of seven members of the Board of Directors did not attend this meeting, namely:
D. R. Gareyev, A. V. Zanadvorov, and R. R. Valishev.

A - 1728

Consequently, in accordance with the Protocol of the Board of Directors meetings held on January 28, 2000, the resolution to elect A. P. Kotsuba as Chairman of the Board of Directors and A. A. Kozitsyn as General Director was made exclusively by Respondents S. F. Barkov, A. P. Kotsuba, S.-Sh. M. Kurbanov, and A. Kh. Jurayev.

On the same day, citizens Kotsuba and Kurbanov accompanied by Jurayev and armed individuals forced their way into the company office building citing the aforementioned resolution of the Board of Directors and confiscated the company's stamps and letterheads. After that, Kotsuba and Kozitsyn began to perform their responsibilities as Chairman of the Board of Directors and General Director of the company, respectively.

On February 03, 2000, the Gagarin Intermunicipal District Court of Moscow made a determination, and on February 04, 2000, the Sverdlovsk Oblast Arbitration Tribunal made a determination, as a pretrial precaution, banning certain acts by the management of OAO Kachkanarskiy GOK Vanadiy (including those by its General Director).

Subsequent to that, notwithstanding both determinations, citizen A. A. Kozitsyn acting as General Director and citizen A. G. Gruzdev acting as First Deputy General Director committed acts that caused significant damage to the company.

On February 04, 2000, on A. A. Kozitsyn initiative, at the time when any significant transactions by the company management were banned by virtue of the aforementioned restrictions, A. G. Gruzdev, acting on the basis of a power of attorney, executed a credit line agreement with AK [*joint stock commercial*] Bank MDM including supplements and a pledge agreement for fifteen million one hundred US dollars (US $ 15,000,100). The credit was provided in two installments:

    (a) US $ 5,000,100 (an equivalent of 143,852,877 rubles);

    (b) US $ 10,000,000 (an equivalent of 287,700,000 rubles),

for a total of US $ 15 million, or 434,569,028 rubles.

Surety for OAO Kachkanarskiy GOK Vanadiy under said credit agreement was provided by Krasnoural'skiy medeplavil'nyi zavod Svyatogor [*Svyatogor Copper Smelter of Krasnoural'sk*] (hereinafter referred to as OAO Svyatogor).

On February 08, 2000, as security for an agency agreement, A. G. Gruzdev, acting on the basis of a power of attorney, provided to OAO Svyatogor 36 notes of OAO Kachkanarskiy GOK Vanadiy, payable at sight, with nominal value of 720 million rubles, for a total of 434,569,023 rubles. Subsequently, the obligation of OAO Kachkanarskiy GOK Vanadiy for repayment of loaned funds to Bank MDM was not discharged and, consequently, OAO Svyatogor has acquired a thing in action against the company for the amount of loan discharged.

In accordance with the fallback agreement, the effect of the pledge agreement was terminated and the earlier delivered notes for 720 million rubles have become property of OAO Svyatogor.

Subsequently, said notes were assigned in full to OOO [*limited liability company*] Lebaut. The latter, based on an earlier agreement with A. A. Kozitsyn, presented said OAO Kachkanarskiy GOK Vanadiy notes for payment.

Because of failure to pay the notes, a nonpayment protest was drawn due to the lack of cash funds at the company's settlement account. The issue of said notes and their presentation for payment within 14 days, given the lack of funds at the company's account, attests to deliberate creation of the company's liabilities so that its assets could be subsequently sold to ensure payment.

Therefore, the dealings contrived by Kozitsyn resulted in the issue of OAO Kachkanarskiy GOK Vanadiy own notes, essentially for the purpose of their subsequent transfer to OAO Svyatogor at a discount of 40%, causing an increase in the company liabilities and losses in the amount of 285,430,977 rubles (720,000,000 − 434,569,023 = 285,430,977).

At the time of transaction, OAO Kachkanarskiy GOK Vanadiy was indebted to OAO Krasnoural'skmezhraygaz for 22,719,033 rubles. On February 04, 2000 and February 15, 2000, the lender made claims against the debtor demanding that the amount of debt be paid.

In response to these claims, on February 08, 2000 and on February 21, 2000, respectively, A. A. Kozitsyn accepted the lender's demands, but refused to pay the debt. At the same time, rather than discharge the company's loan indebtedness to OAO Krasnoural'skmezhraygaz, he acts on behalf of the company to allocate the amount of loan obtained for development of OAO Svyatogor. (Subsequently, his refusal to discharge debt while in actual possession of available funds caused OAO Krasnoural'skmezhraygaz to refer to the Sverdlovsk Oblast Arbitration Tribunal for bankruptcy proceedings with respect to OAO Kachkanarskiy GOK Vanadiy.)

All of the above acts by the Respondents resulted in rendering any further operations of the company impossible and commencing bankruptcy proceedings.

We believe that the acts by A. A. Kozitsyn as General Director and A. G. Gruzdev as First Deputy General Director that caused damages to OAO Kachkanarskiy GOK Vanadiy were made possible only through the fault of the members of the Board of Directors of OAO Kachkanarskiy GOK Vanadiy who voted for the resolution to appoint him to said position.

The acts of Respondents were in violation of Articles 68 and 71 of the Law On Joint Stock Companies that obligate members of the company's Board of Directors and General Director to act for the benefit of the company in performing their rights and responsibilities and to perform their rights and responsibilities with respect to the company in reasonable good faith. As a result of the Respondents' acts, the company sustained losses for 285,430,977 rubles. In accordance with Section 4, Article 71 of the Law On Joint Stock Companies, members of the Board of Directors and General Director shall be liable, jointly and severally, for any losses incurred by a joint stock company through their acts.

In view of the foregoing and in accordance with Section 5, Article 71 of the Law On Joint Stock Companies and Section 3, Article 4 and Article 121 of the Civil Process Code of the Russian Soviet Federated Socialist Republic, I request that:

The Respondents be charged, jointly and severally, 1,000,000 rubles in favor of OAO Kachkanarskiy GOK Vanadiy.

Attachments:
1. Mailing receipts.
2. Petition for pretrial precautions.
3. Petition for discovery of written evidence.
4. Copy of Credit Line Agreement.
5. Copy of Surety Agreement.
6. Copy of Pledge Agreement.
7. Copy of Fallback Agreement.
8. Copy of Statement of Claim (6 copies).
9. Copy of Company Bylaws.
10. Copy of Arbitration Tribunal Determination for filing for bankruptcy.
11. Copy of Protocol of the meeting of the Board of Directors.
12. Representative Power of Attorney.
13. Copy of Sverdlovsk Oblast Arbitration Tribunal Determination.
14. Copy of Determination by Gagarin District Court of Moscow.
15. Copy of Notary Protest Statement.
16. Excerpt from register.

[illegible signature]
V. Vol'nov
Representative
Davis International LLC

A - 1731

117049, г. Москва, ул. Донская д. 11, стр. 1

Гагаринский межмуниципальный суд г. Москвы

**Истец:** компания «Дэвис Интернешнл Эл.Эл.Си.» - акционер ОАО «Качканарский ГОК «Ванадий»

Адрес в США: 1205 Уилки Драйв, Чарльзтон, WV 25314-1726, США

Почтовый адрес в России: 103473, г. Москва, Суворовская пл., дом 1 А

**Ответчики:**

**1.** Курбанов Серго-Шахзада Мамадалиевич, 117296, г. Москва, Ленинский пр-т, дом 64, кв. 44

**2.** Барков Семен Филиппович, 620014, г. Екатеринбург, ул. Шейнкмана, дом 104, кв. 65

**3.** Коцуба Александр Петрович, 624150 г. Кировград, ул. Колотинская , дом 5

**4.** Джураев Адылжан Хабибуллаевич, 624356, Свердловская обл., г. Качканар, 8-ой микрорайон, дом 15, кв. 25

**5.** Козицын Андрей Анатольевич, 624080, г. Верхняя Пышма ул. Парковая, дом 40 А

**6.** Груздев Андрей Генадиевич 624356, Свердловская обл., г. Качканар, 4-ый микрорайон, дом 55, кв. 58

Государственная пошлина 15 000 руб.

**Исковое заявление**

28 января 2000 г. Состоялось заседание совета директоров ОАО «Качканарский ГОК «Ванадий» (далее – АО «Ванадий») на котором были приняты следующие решения:

1) о приоритетных направлениях деятельности;

2) о прекращении полномочий Председателя Совета директоров и избрании на должность Председателя Совета директоров Коцубы А.П.;

3) о досрочном прекращении полномочий Генерального директора ОАО «Качканарский горно-обогатительный комбинат «Ванадий» Хайдарова Д.А.;

4) об избрании (назначении) на должность нового Генерального директора ОАО «Качканарский горно-обогатительный комбинат «Ванадий» Козицина А.А.;

A - 1733

В данном заседании не принимали участие трое из семи членов Совета Директоров а именно: Гареев Д.Р., Занадворов А.В., Валишев Р.Р.

Таким образом, согласно Протокола заседания Совета Директоров 28.01.2000г. решение об избрании председателя Совета Директоров в лице Коцубы А.П и Генерального директора в лице Козицына А.А. было принято исключительно ответчиками Барковым С.Ф., Коцубой А.П., Курбановым С.-Ш.М и Джураевым А.Х.

В этот же день гр. Коцуба, Курбанов, в сопровождении Джураева и вооруженных людей, ссылаясь на вышеупомянутое решение Совета директоров, силой ворвались в здание заводоуправления комбината, изъяли печати и бланки комбината. После чего Коцуба и Козицын приступили к осуществлению функций Председателя Совета директоров и Генерального директора комбината соответственно.

03.02.2000г. Определением Гагаринского межмуниципального районного суда г. Москвы, а также 04.02.2000г. Определением Арбитражного суда Свердловской области в качестве обеспечительных мер был наложен запрет на совершения ряда действий органами управления ОАО «Качканарский ГОК «Ванадий» (в том числе и генерального директора).

В дальнейшем гр. Козицыным А.А. выполняющим функции Генерального Директора и гр. Груздевым А.Г первым заместителем генерального директора, не смотря на Определения судов, были совершены действия, причинившие комбинату существенный материальный ущерб.

04.02.2000г. по инициативе Козицына А.А., в тот момент, когда на основании вышеперечисленных ограничений органам управления комбинатом было запрещено производить крупные сделки, Груздевым А.Г., действующим по доверенности, был заключен с «АК Банк МДМ» договор кредитной линии с дополнениями и договор о залоге на сумму 15 000100 (пятнадцать миллионов сто) долларов США. Данный кредит был предоставлен двумя частями.

а) в размере 5 000100 долларов США (в рублевом эквиваленте 143 852 877 руб.)

б) в размере 10 000000 долларов США, ( в рублевом эквиваленте 287 700 000 руб.)

Всего на сумму 15 млн. долларов США или 434 569 023 руб.

Поручителем за ОАО «Качканарский ГОК «Ванадий» по указанному кредитному договору выступил Красноуральский медеплавильный завод «Святогор» (далее ОАО «Святогор»).

В обеспечение договора поручения, Груздевым А.Г. по доверенности, в адрес ОАО «Святогор» 08.02.00 были переданы векселя ОАО «Качканарский ГОК «Ванадий», сроком платежа по предъявлению в количестве 36 шт., номинальной стоимостью 720 млн. руб., на сумму 434 569 023 руб. В дальнейшем не было исполнено обязательство ОАО «Качканарский ГОК «Ванадий» по возврату кредитных денежных средств Банку МДМ, в связи с чем ОАО «Святогор» приобрел к комбинату право требования в объеме погашенного кредита.

В соответствии с соглашением об отступном, действие договора о залоге было прекращено, ранее переданные векселя на сумму 720 млн. руб. перешли в собственность ОАО «Святогор»

В дальнейшем указанные векселя в полном объеме были переданы предприятию ООО «Лебаут», которое по предварительной договоренности с Козицыным А.А. предъявило указанные векселя на ОАО «Качканарский ГОК «Ванадий» к оплате

В связи с неоплатой векселей был составлен протест в неплатеже из-за отсутствия денежных средств на расчетном счете комбината. Выдача указанных векселей и предъявление через 14 дней их к оплате, при отсутствии средств на счетах комбината, свидетельствует об умышленной создании кредиторской задолженности комбината для последующей распродажи его активов в счет оплаты.

Таким образом результатом спланированных Козицыным сделок явилась эмиссия собственных векселей ОАО «Качканарский ГОК «Ванадий» с целью их дальнейшей, по существу передачи ОАО «Святогор» с дисконтом 40%, приводящая к наращиванию кредиторской задолженности и увеличению убытка комбината в размере 285 430 977 руб. (720 000 000 – 434 569 023 = 285 430 977).

На момент совершения сделки ОАО «Качканарский ГОК «Ванадий» являлся должником по отношению к ОАО «Красноуральскмежрайгаз» и сумма долга составляла 22 719 033 руб. Кредитором 04.02.2000г. и 15.02.2000г. в адрес должника были направлены претензии с требованием оплаты суммы долга.

Козицын А.А. в ответ на претензии, а именно 08.02.2000г и 21.02.2000г соответственно, требования кредитора признал, однако погасить долг отказался. В это же время вместо того, чтобы погасить кредиторскую задолженность перед ОАО «Красноуральскмежрайгаз», он от имени комбината направляет сумму полученного кредита на развитие ОАО «Святогор». (В дальнейшем отказ от погашения долга при фактическом наличии средств привело к тому, что ОАО «Красноуральскмежрайгаз» вынуждено было обратиться в Арбитражный суд Свердловской области о признании ОАО «Качканарский ГОК «Ванадий» банкротом).

Все вышеуказанные действия ответчиков привели к невозможности дальнейшего функционирования комбината и началу процедуры его банкротства.

Считаем, что действия Козицына А.А. на должности Генерального директора и его первого заместителя Груздева А.Г., приведшие к убыткам на предприятии ОАО «Качканарский ГОК «Ванадий» стали возможны лишь по вине членов Совета Директоров ОАО «Качканарский ГОК «Ванадий», которые проголосовали за принятие решения о его назначении.

Действия ответчиков нарушили ст.ст. 68,71 закона «Об акционерных обществах» обязывающих членов Совета директоров комбината и Генерального директора при осуществлении своих прав и обязанностей действовать в интересах общества, осуществлять свои права и обязанности по отношению к комбинату добросовестно и разумно. В результате действий ответчиков комбинат понес убытки в размере 285 430 977 руб. В соответствии с п.4 ст.71 закона «Об акционерных обществах» члены Совета директоров и Генеральный директор несут солидарную ответственность за убытки, причиненные акционерному обществу их действиями.

На основании вышеизложенного, в соответствии с п.5 ст. 71 закона «Об акционерных обществах», п.3 ст 4, ст. 121 ГПК РСФСР прошу:

Взыскать с ответчиков солидарно в пользу ОАО «Качканарский ГОК «Ванадий» 1 000 000 руб.

Приложения.

1. Почтовые квитанции.
2. Ходатайство об обеспечительных мерах.

3. Ходатайство об истребовании письменного доказательства
4. Копия Договора о кредитной линии;
5. Копия Договора о поручительстве;
6. Копия Договора залога;
7. Копия соглашения об отступном;
8. Копия искового заявления (6 экз.);
9. Копия Устава комбината;
10. Копия Определения Арбитражного суда о принятии заявления о банкротстве.
11. Копия протокола заседания Совета Директоров.
12. Доверенность на представителя.
13. Копия Определения Арбитражного суда Свердловской области.
14. Копия Определения Гагаринского районного суда г. Москвы.
15. Копия Акт –протеста нотариуса.
16. Выписка из реестра.

Представитель «Дэвис Интернешнл Эл.Эл.Си.»                    Вольнов В.

A - 1736

[p. 34]

COPY OF A COPY

## Ruling

On April 10, 2000, the Perovskii Inter-Municipal Court of the City of Moscow, consisting of the chair, M. V. Ovsiannikova, upon reviewing the appeal of Aleksandr Vladimirovich Anikeev against the actions of officers,

### Found:

The appellant disputes the actions of the members of the Board of Directors of AO Vanadii related to the announcement of the decisions of January 28, 2001, and the actions of A. A. Kozytsyn regarding the rendition of the decision of February 1, 2000, related to the termination of the agreement with ZAO Kompaniia – Registrator Panorama regarding services of keeping the shareholders register, stating that these decisions have violated his rights.

In support of the appeal, the appellant requests a ban on the actions related to the implementation of the decisions of the Board of Directors of OAO Vanadii Mining and Milling Complex of Kachkanar reached at its session held on January 28, 2000, a ban on any actions, on the part of ZAO Kompaniia-Registrator Panorama, that may lead to the transfer of the register of holders of nominal securities of OAO Vanadii Mining and Milling Complex of Kachkanar. Taking into consideration the fact that a failure to support the requests of the appellant may impede the enforcement of the court's decisions, the petition is subject to a grant.

Based on the above, as well as on Articles 133 and 134 of the Code of Civil Procedure of the RSFSR and pursuant to Articles 136, 137, and 139 of the RSFSR Code of Civil Procedure, the judge

### Ruled:

To prohibit OAO Vanadii Mining and Milling Complex of Kachkanar to take any actions the purpose of which is to implement the decisions of the Board of Directors of OAO Vanadii Mining and Milling Complex of Kachkanar passed at the session held on January 28, 2000.

To prohibit the transfer to ZAO Kompaniia-Registrator Panorama and its officers of any information and documents related to the system of keeping the register of holders of nominal securities of OAO Vanadii Mining and Milling Complex of Kachkanar in any form, as well as to prohibit all other parties take any other actions that may lead to the transfer of said information and documents.

This ruling may be appealed in the Moscow City Court within ten days and is subject to immediate enforcement.

A - 1737

Judge: *Signature.*

Authenticated          Judge: *Signature.*

[p. 35]

Form No. 3

Case No. <u>Unnumbered</u> 2000

For simultaneous execution

[*national emblem*]

WRIT OF EXECUTION

Perovskii Inter-Municipal Court of the Eastern Administrative District of the City of Moscow

(Full Name of Court)

On April 10, 2000, heard the case
Related to [*text crossed out*] the appeal of Aleksandr Vladimirovich Anikeev against the
actions of officers

(Names of Plaintiff and Defendant;

in a Criminal Case – Full Name of the Sentenced [*sic*])

(Nature of the Claim; in a Criminal Case – Article of the Criminal Code)

The court [*text crossed out*] ruled: to prohibit OAO Vanadii Mining and Milling Complex of
Kachkanar from taking any actions; the purpose of which is to implement the decisions of the
Board of Directors of OAO Vanadii Mining and Milling Complex of Kachkanar passed at the
session held on January 28, 2000.
To ban the transfer to ZAO Kompaniia-Registrator Panorama and its officers of information and
documents that relate to the system of keeping the register of the holders of nominal securities of
OAO Vanadii Mining and Milling Complex of Kachkanar in any form, as well as to ban any
other parties from taking any other actions that may lead to the transfer of said information and
documents.

(Statement of Decision or Sentence)

[*Text crossed out*] The ruling became effective as of April 10, 2000.

In accordance with Article 55 of the Foundations of Civil Proceedings of the USSR and the
Soviet Republics, the demands of an enforcement officer related to the execution of court
decisions are mandatory for all government agencies, enterprises, collective farms and other
cooperative and public organizations, officials and citizens throughout the territory of the USSR.
Based on the above, the court obligates all officials and citizens, to which it relates, to punctually
and timely execute the decision of the court and provide legal assistance to the enforcement
officers enforcing the decision.

A - 1739

The court may impose a fine in the amount of up to 10 rubles on officials or citizens guilty of a failure to meet the demands of an enforcement officer, of an untimely seizure of an adjudged amount from the work compensation of the debtor, of a failure to report information regarding the place of employment of the debtor, or of a loss of the writ of execution, unless such actions entail criminal prosecution.

Last Name, First Name and Middle Name (Full Name) of the debtor and his/its address, branch of the State Bank, account No.: OAO Vanadii Mining and Milling Complex of Kachkanar, 624356, City of Kachkanar, Sverdlovsk Province, 2 Sverdlov Street

Name and address of the enterprise, institution or organization where the debtor is employed (or name and address of the place of detention) _____

Last Name, First Name and Middle Name (Full Name) of the claimant and his/its address, branch of the State Bank, account No.: Aleksandr Vladimirovich Anikeev, City of Moscow, M. Kupavinskii Avenue, Bldg. 5, Unit 2, Apt. 260.

This write of execution was issued on April 10, 2000.

[*illegible seal*]        People's Judge: [*signature*]
                                    [*crossed out:* Secretary]

Notes of the enforcement officer regarding the enforcement of the decision/sentence or regarding the return of the writ of execution to the claimant with an indication of the reasons for such return:



Отметка об исполнении приговора

**КОПИЯ**   Ф. № 9

~~ОПРЕДЕЛЕНИЕ~~
~~Приговор~~   С КОПИИ

Именем Российской Федерации

10.04. ~~199~~ г.   Перовский ~~и~~ муниципальный _____ районный народный

суд г. Москвы, в составе _____

председательствующего   Овсянниковой Н.Б. _____

народных заседателей, _____

с участием прокурора _____

адвоката, в лице _____

общественного обвинителя _____

общественного защитника _____

при секретаре _____

рассмотрев в открытом судебном заседании ~~по обвинению~~ жалобу Аникеева Александра

Владимировича на действие должностных лиц

у с т а н о в и л :

Заявитель оспаривает действия членов Совета директоров АО"Ванадий"
по вынесению решения 28.01.2000г., действия Козицына А.А. с принятием
решения от 1.02.2000г. о расторжении договора на оказание услуг по
ведению реестра акционеров с ЗАО"Компания-регистратор"Панорама",
ссылаясь на то, что этими решениями нарушены его права.

В обеспечение жалобы заявитель просит запретить совершение действий
по исполнению решений Совета директоров ОАО"Качканарский ГОК"Вана-
дий",принятых на заседании от 28.01.2000г., запретить ЗАО"Компания-
регистратор"Панорама" совершать действия ,могущие повлечь переда-
чу реестра владельцев именных ценных бумаг бАО"Качканарский ГОК
"Ванадий". Учитывая, что непринятие по обеспечение требований заяви-
теля может затруднить исполнение решения суда, ходатайство подле-
жит удовлетворению.

На основании изложенного, ст. ст. 133,134 ГПК РСФСР, руководству-
ясь ст. ст. 136,137,139 ГПК РСФСР судья

о п р е д е л и л :

Запретить ОАО"Качканарский ГОК"Ванадий" совершать какие-либо действия,
направленные на исполнение решения Совета Директоров ОАО"Качканарский
ГОК"Ванадий",принятых на заседании от 28.01.2000г.

Запретить передачу ЗАО"Компания- регистратор"Панорама" и ее долж-
ностным лицам информации и документов,относящихся к системе ве-
дения реестра владельцев именных ценных бумаг ОАО"Качканарский
ГОК"Ванадий" в любой форме , а также запретить всем иным лицам произ-

A - 1742

произвести любые другие действия, могущие повлечь передачу указанных
информации и документов.

Определение может быть обжаловано в Мосгорсуд в течение 10 дней.
не подлежит немедленному исполнению.

_подпись_

_Копия верна судья_

О 3 АВГ 2000

199___ года я, Врублес...
нотариус г. Москвы, свидет...
верность этой копии с подлин...
документа, в последнем подчист...
приписок, зачеркнутых слов и ин...
неоговоренных исправлений или как...
либо особенностей не оказалось.

Зарегистрировано в реестре за № _12-4474_    Положения ст. 22
Взыскано по тарифу в сумме                     Основ
                                               законодательства РФ
                                               о нотариате разъяснены

Зак. 5351.

A - 1743

КОПИЯ С КОПИИ

Определение

10.04.2000 года Перовский межмуниципальный суд г. Москвы, в составе председательствующего судьи Овсянниковой М.В. рассмотрев жалобу Аникеева Александра Владимировича на действия должностных лиц,

установил:

Заявитель оспаривает действия членов совета директоров АО «Ванадий» по вынесению решений 28.01.2000 года, действия Козицына А.А. о принятии решения от 1.02.2000 г. о расторжении договора на оказание услуг по ведению реестра акционеров с ЗАО «Компания-регистратор «Панорама», ссылаясь на то, что этими решениями нарушены его права.

В обеспечение жалобы заявитель просит запретить совершение действий по исполнению решений Совета директоров ОАО «Качканарский ГОК «Ванадий», принятых на заседании от 28.01.2000 г., запретить ЗАО «Компания-регистратор «Панорама» совершать действия, могущие повлечь передачу реестра владельцев именных ценных бумаг ОАО «Качканарский ГОК «Ванадий». Учитывая, что непринятие мер по обеспечению требований заявителя может затруднить исполнение решения суда, ходатайство полежит удовлетворению.

На основании изложенного, ст. ст. 133, 134 ГПК РСФСР, руководствуясь ст. ст. 136, 137, 139 ГПК РСФСР судья

Определил:

Запретить ОАО «Качканарский ГОК «Ванадий» совершать какие-либо действия, направленные на исполнение решений Совета директоров ОАО «Качканарский ГОК «Ванадий», принятых на заседании от 28.01.2000 г.

Запретить передачу ЗАО «Компания-регистратор «Панорама» и ее должностным лицам информации и документов, относящихся к системе ведения реестра владельцев именных ценных бумаг ОАО «Качканарский ГОК «Ванадий» в любой форме, а также запретить всем иным лицам производить любые другие действия, могущие повлечь передачу указанной информации и документов.

Определение может быть обжаловано в Мосгорсуд в течении 10 дней и подлежит немедленному исполнению.


Судья: *подпись.*


Копия верна судья: *подпись.*

A - 1744

Форма № 3.

Дело № 6/н  2000 г.                                Для единовременного исполнения

# ИСПОЛНИТЕЛЬНЫЙ ЛИСТ

Перовский межмуниципальный суд ВАО г. Москвы
(полное наименование суда)

« 10 » 04  2000 г. рассмотрел дело

по жалобе Аникеева Александра Владимировича на
(наименование истца и ответчика)

действия должностных лиц

(а по уголовному делу — фамилия, имя- и отчество осужденного)

(сущность требования, а по уголовному делу ст. УК)

Суд решил Определил: Запретить ОАО '' Качканарский ГОК '' Ванадий ''
совершить какие — либо действия направленные на исполнение решений
(резолютивная часть решения или приговора)

Совета Директоров ОАО '' Качканарский ГОК '' Ванадий '', принятых на
заседании от 28.01.2000г.

Запретить передачу ЗАО '' Компания — регистратор '' Панорама '' и её
должностным лицам информации и документов, относящихся к системе ведения
реестра владельцев именных ценных бумаг ОАО '' Качканарский ГОК '' Ванадий '' в
любой форме, а также запретить всем иным лицам производить любые другие
действия, могущие повлечь передачу указанных информации и документов

определение
XXXXXXXXXX вступило в законную силу « 20 » 04  2000 г.
XXXXXXXXX

Согласно ст. 55 Основ гражданского судопроизводства Союза ССР и Союзных республик тре-
бования судебного исполнителя по исполнению судебных решений обязательны для всех государ-
ственных учреждений, предприятий, колхозов и иных кооперативных и общественных организаций,
должностных лиц и граждан на всей территории СССР. На основании этого суд обязывает всех
должностных лиц и граждан, к которым это относится, точно и своевременно исполнить решение
суда и оказывать исполняющим решение судебным исполнителям законное содействие.

A - 1745

На должностных лиц и граждан, виновных в невыполнении требований судебного исполнителя, несвоевременном удержании присужденной суммы из заработка должника, в несообщении сведений о месте работы должника, утрате исполнительного листа — судом в соответствии с законодательством союзных республик может быть наложен штраф в размере до 10 рублей, если эти действия не влекут за собой уголовной ответственности.

Фамилия, имя и отчество (полное наименование) должника и его адрес, учреждение Госбанка,

№ счета    ОАО " Качканарский горно - обогатительный комбинат

" Ванадий "

624356 г. Качканар Свердловской обл. ул. Свердлова д.2

Наименование и адрес предприятия, учреждения или организации, в которой должник работает

(или наименование и адрес места заключения) _____

Фамилия, имя и отчество (полное наименование) взыскателя и его адрес, учреждение Госбанка,

№ счета    Аникеев Александр Владимирович

г. Москва М.Купавенский пр — д. д.5 кор.2 кв.260

Исполнительный лист выдан « 10 »   04   2000   г.

Народный судья _____

Секретарь _____

Отметка судебного исполнителя об исполнении решения приговора

или о возвращении исполнительного листа взыскателю с указанием причин возвращения.

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

7. _____

A - 1746

[p. 38]

204

# RULING

September 25, 2000

The <u>Perovskii Inter-Municipal</u> Regional (City) People's Court of the <u>Eastern Administrative</u>
<u>District of the City of Moscow</u> Province, Autonomous Soviet Socialist Republic, comprised of:

Chair:        <u>V. V. Ovsiannikova</u>

Judges:

In the presence of the prosecutor: _____

Attorney: _____

Public prosecutor: _____

Public defender: _____

Secretary: <u>L. A. Chunikhina</u>

Upon reviewing in an open (closed) session the case related to [*text crossed out*]
the application of the External Manager of OAO Vanadii Mining and Milling Complex of
Kachkanar for the revocation of the measures for the support of claim

Found:

Pursuant to the ruling of the Perovskii Court of the City of Moscow dated April 10, 2000, the
application of A. V. Anikeev for measures for the support of the claims in his complaint against
the actions of officers of OAO Vanadii Mining and Milling Complex of Kachkanar and against
the decision of the Board of Directors of January 28, 2000, has been granted.

The External Manager of OAO Vanadii Mining and Milling Complex of Kachkanar has declared
the revocation of the measures for the support of A. V. Anikeev's complaint.

A. V. Anikeev objects to the revocation of the measures for the support of his complaint.

The authorized representative of the External Manager of OAO Vanadii Mining and Milling
Complex of Kachkanar did not appear in court but his/her failure to appear does not constitute an
obstacle for the review of the application filed by an authorized person.

The representative of ZAO Kompaniia – Registrator Panorama did not appear in court, requested
the review of the application in his/her absence and supports the application for the revocation of
the measures for support of the complaint of A. V. Anikeev.

[p. 39]

Upon hearing the applicant, A. V. Anikeev, and his representatives and upon examination of the evidence in the case, [the court] finds that the application for the revocation of the measures for the support of A. V. Anikeev's complaint is to be granted.

The court draws the conclusion about the revocation of the measures for the support of A. V. Anikeev's complaint while taking into consideration that, since August 22, 2000, external management has been introduced in OAO Vanadii Mining and Milling Complex of Kachkanar, as a result of which the measures for the support of the creditors' claims are subject to revocation, taking into consideration that, as reported by ZAO Kompaniia –Registrator Panorama, the latter company had not received any notices related to the termination of the agreement with OAO Vanadii Mining and Milling Complex of Kachkanar and the agreement for the keeping of the register is still in effect, and taking into consideration that A. V. Anikeev is not able to guarantee the possible losses of OAO Vanadii Mining and Milling Complex of Kachkanar.

Based on the above, the application for the revocation of the support for the complaint of A. V. Anikeev is to be granted.

On the basis of Articles 138, 139, and 140 of the RSFSR Code of Civil Procedure, the court

Ruled:

To revoke the measures for the support of the complaint of Aleksandr Vladimirovich Anikeev.

To revoke the ban on OAO Vanadii Mining and Milling Complex of Kachkanar from taking any actions the purpose of which is to implement the decisions of the Board of Directors of OAO Vanadii Mining and Milling Complex of Kachkanar passed at its session of January 28, 2000.

To revoke the ban for the transfer to ZAO Kompaniia – Registrator Panorama and its officers of information and documents related to the system of keeping the register of holders of nominal securities of OAO Vanadii Mining and Milling Complex of Kachkanar in any form, as well as the ban on all other parties to take any other actions that may lead to the transfer of said information and documents.

This ruling may be appealed with the Moscow City Court within 10 days.

[illegible seal]        Judge: [signature]
[Handwritten:]
Copy authenticated.
Judge: [signature]
Secretary: [signature]

A - 1748

*2оч*

# О П Р Е Д Е Л Е Н И Е

25 +    09    200 0 г.

Перовский межмуниципальный _____ районный (городской)

одный суд _____ ВАО г.Москвы _____ области, края, АССР

ставе:

аседательствующего судьи  Овсянниковой М.В. _____

одных заседателей _____

частием прокурора _____

воката _____

щественного обвинителя _____

щественного защитника _____

и секретаре  Чунихиной Л.А. _____

ссмотрев в открытом (закрытом) судебном заседании дело по ~~~~~~~~~~~~~~~~~

~~заявлению  Внешнего  управляющего ОАО"Качканарский  горно-обогатитель~~

~~ный комбинат"Ванадий" об отмене  мер по обеспечению иска~~
установил:

Определением судьи Перовского суда г.Москвы от 10.04.2000г. было

удовлетворено заявление Аникеева А.В. о принятии мер по обеспечению

требований по его жалобе на действия должностных лиц  ОАО ГОК"Вана-

дий" и на решение Совета директоров от 28.01.2000г..

Внешним управляющим ОАО"Качканарский ГОК"Ванадий" заявлено об

отмене мер по обеспечению жалобы Аникеева А.В..

Аникеев А.В. возражает против отмены мер по обеспечению его жа-

лобы.

Уполномоченный представитель Внешнего управляющего ОАО"Качканарск

ГОК"Ванадий" в суд не явился,но его неявка не является препятствие

для рассмотрения поданного заявления,которое подано уполномоченн-

ным лицом.

Представитель ЗАО"Компания-регистратор"Панорама" в суд не явился

просит рассмотреть заявление в его отсутствие, поддерживает заяв-

ление  об отмене мер по обеспечению жалобы Аникеева А.В..

38

A - 1750

Суд, выслушав заявителя Аникеева А.В., его представителей, исследовав материалы дела, находит заявление об отмене мер по обеспечению жалобы Аникеева А.В. подлежащим удовлетворению.

Суд приходит к выводу об отмене мер по обеспечению жалобы Аникеева А.В., учитывая, что с 22.08.2000г. в отношении ОАО"Качканарский ГОК"Ванадий" введено внешнее управление, в связи с чем подлежат отмене меры по обеспечению требований кредиторов, учитывая, по сведениям от ЗАО"Компания-регистратор"Панорама" оно не получало уведомлений, связанных с расторжением договора с ОАО"Качканарский ГОК"Ванадий" и продолжает действовать договор на ведение реестра учитывая, что Аникеев А.В. не в состоянии обеспечить возможные убытки ОАО"Качканарский ГОК"Ванадий".

На основании указанного подлежит удовлетворению заявление об отмене обеспечения жалобы Аникеева А.Вг

Руководствуясь ст. ст. 138,139,140 ГПК РСФСР суд
определил:

Отменить меры, принятые по обеспечению жалобы Аникеева Александра Владимировича.

Отменить запрет ОАО"Качканарский ГОК"Ванадий" совершать какие-либо действия, направленные на исполнение решений Совета Директоров ОАО"Качканарский ГОК"Ванадий", принятых на заседании от 28.01.2000г.

Отменить запрет на передачу ЗАО"Компания-регистратор"Панорама" и ее должностным лицам информации и документов, относящихся к системе ведения реестра владельцев именных ценных бумаг ОАО"Качканарский ГОК"Ванадий" в любой форме, а также запрет всем иным лицам производить любые другие действия, могущие повлечь передачу указанных информации и документов.

Определение может быть обжаловано в Мосгорсуд в течение 10 дней

Судья:

39

[p. 41]

Judge: M. V. Ovsiannikova                              Civil Case No. 33-12977

## RULING

On October 26, 2000, the Civil Cases Judicial Board of the Moscow City Court
comprised of:
Chair:              V. G. Iudina,
And Judges:         S. A. Klimova, M. V. Milykh
Upon hearing, at an open session, based on the report of S. A. Klimova, the case related
to the writ of appeal of Aleksandr Vladimirovich Anikeev against the ruling of the
Perovskii Inter-Municipal Court of the City of Moscow dated September 25, 2000, which
resolved the following:

To revoke the measures taken for the support of the appeal of Aleksandr Vladimirovich
Anikeev.

To revoke the ban on OAO Vanadii Mining and Milling Complex of Kachkanar's from
taking any actions, the purpose of which is to implement the decision of the Board of
Directors of OAO Vanadii Mining and Milling Complex of Kachkanar passed at the
Board's session held on January 28, 2000.

To revoke the ban on the transfer to ZAO Kompaniia – Registrator Panorama and its
officers of information and documents related to the system of keeping of the register of
holders of nominal securities of OAO Vanadii Mining and Milling Complex of
Kachkanar in any form, as well as the ban on any other parties' taking any other actions
that may lead to the transfer of said information and documents,

## FOUND:

A. V. Anikeev filed with the court an appeal against the wrongful actions (decisions) of
the members of the Board of Directors and the General Director of OAO Vanadii Mining
and Milling Complex of Kachkanar, stating that the decisions of the Board of Directors
of January 28, 2000, have been passed by an illegal composition of the Board and in
violation of the procedure set forth by the RF Federal Act on Joint Stock Companies and
the Bylaws of the Complex.

His rights related to the management of his own assets consisting of 75 shares have been
violated by the decision of the Complex's General Director, A. A. Kozytsyn of February
1, 2000 (sheet 60).

In the support of the claims filed, A. V. Anikeev requested that OAO Vanadii Mining and
Milling Complex of Kachkanar is prohibited to take any actions the purpose of which is
to implement the decisions of the Board of Directors of January 28, 2000, and that the
transfer to ZAO Kompaniia – Registrator Panorama and its officers of any information

A - 1752

and documents related to the system of keeping the register of holders of nominal securities of the OAO in any form is prohibited and any other parties' taking any other actions that may lead to the transfer of said information and documents is also prohibited.

This request of A. V. Anikeev's was granted by the court's ruling of April 10, 2000.

On September 18, 2000, the court received an application from the authorized representative of OAO Vanadii Mining and Milling Complex of Kachkanar requesting the revocation of the ruling of April 10, 2000 for the support of the application of A. V. Anikeev because this hindered the normal function of the enterprise related to the mining, processing and shipping of raw materials, as well as that related to its financial operation.

The court passed the above ruling, the revocation of which is requested by A. V. Anikeev in a private appeal.

Upon the examination of the evidence in the case, hearing the explanations of the representative of A. V. Anikeev, I. A. Kalinin, pursuant to authorization dated September 26, 2000, the representative of the external manager of OAO Vanadii Mining and Milling Complex of Kachkanar, S. M. Kapura, pursuant to authorization dated October 20, 2000, and upon the discussion of the arguments of the private appeal, the Judicial board is of the opinion that the decision of the court has been rendered in accordance with the requirements of the law.

In accordance with Article 138 of RSFSR Code of Civil Procedure, the support of a claim may be revoked by the same judge or judges, both at the initiative of the court and at the initiative of the parties to the case.

[p. 42]

By granting the application for the revocation of the support for the appeal of A. V. Anikeev, the court rightly indicated that, as of August 22, 2000, external management had been introduced to OAO Vanadii Mining and Milling Complex of Kachkanar, as a result of which all measures for support of creditors' claims are to be revoked, and also took into consideration that the agreement of the Complex with ZAO Kompaniia – Registrator Panorama regarding the register keeping is still in effect and that A. V> Anikeev is not able to guarantee the possible losses of the Complex.

There are no foundations for the revocation of the disputed ruling of the court.

The arguments of the private appeal contain a statement that the hearing was attended by an unauthorized representative of the Complex, [which is] rebutted by the record of the court hearing held on September 25, 2000; no comments to this have been produced.

The court evaluated the evidence presented in the case and, within its power, justly revoked the support on the appeal of A. V. Anikeev.

In light of Article 317 of RSFSR Code of Civil Procedure, the Judicial Board

RULED

To leave unchanged the ruling of the Perovskii Inter-Municipal Court of the City of Moscow dated September 25, 2000, and to deny the private appeal of A. V. Anikeev.

Chair:                    Signature

Authenticated.
[*seal:*] Ministry of Justice of the Russian Federation
          [*illegible*] Inter-Municipal (Regional) [*illegible*] Court
          [*illegible*] of Administrative [*illegible*]

Judge:        [*signature*]
Secretary:    [*signature*]