Судья — Овсянникова М.В.

гр.д. № 33-12977

О П Р Е Д Е Л Е Н И Е

26 октября 2000 года  Судебная коллегия по гражданским делам
Московского городского суда в составе:
председательствующего    Юдина В.Г.,
и судей                   Климовой С.А., Милых М.В.,
заслушав в открытом судебном заседании по докладу Климовой С.А. дело
по кассационной жалобе Аникеева Александра Владимировича на определе-
ние Перовского межмуниципального суда г.Москвы от 25 сентября 2000 г.,
которым постановлено:
Отменить меры, принятые по обеспечению жалобы Аникеева Александра Вла-
димировича.
Отменить запрет ОАО "Качканарский ГОК "Ванадий" совершать какие-либо
действия, направленные на исполнение решений Совета Директоров ОАО "Кач-
канарский ГОК "Ванадий", принятых на заседании от 28.01.2000.
Отменить запрет на передачу ЗАО "Компания-регистратор "Панарама" и её
должностным лицам информации и документов, относящихся к системе веде-
ния реестра владельцев именных ценных бумаг ОАО "Качканарский ГОК
"Ванадий" в любой форме, а также запрет всем иным лицам производить
любые другие действия, могущие повлечь передачу указанных информаций
и документов,

У С Т А Н О В И Л А :

Аникеев А.В. обратился в суд с жалобой на неправомерные действия
/решения/ членов Совета директоров и Генерального директора  ОАО "Кач-
канарский ГОК "Ванадий", ссылаясь на то, что решения Совета директоров
от 28 января 2000 года приняты в незаконном составе и с нарушением
порядка, установленного ФЗ РФ "Об акционерных обществах" и Уставом ком-
бината. Решением Генерального директора комбината Козицына А.А. от
01.02.2000 года нарушены его права по распоряжению принадлежащим ему
имуществом, составляющего 75 акций /л.д.60/.
В обеспечении заявленных требований Аникеев А.В. просил запретить
ОАО "Качканарский ГОК "Ванадий" совершать какие-либо действия, направле-
нные на исполнение решений Совета Директоров от 28.01.2000 г. и запретить
передачу ЗАО "Компания-регистратор "Панарама" и её должностным лицам
информации и документов, относящихся к системе ведения реестра вла-
дельцев именных ценных бумаг. ОАО в любой форме и запретить всем иным
лицам производить любые другие действия, могущие повлечь передачу ука-
занных информаций и документов.
Определением суда от 10.04.2000 года эта просьба Аникеева А.В.
была удовлетворена.
18 сентября 2000 года в суд поступило заявление полномочного
представителя ОАО "Качканарский ГОК "Ванадий" с просьбой об отмене
определения от 10.04.2000 г. по обеспечению заявления Аникеева А.В.,
поскольку это препятствует нормальной деятельности предприятия по
вопросам добычи, переработки и отгрузке сырья, а также осуществлению
финансовой деятельности.
Судом постанов ено вышеуказанное определение, об отмене которого
просит Аникеев А.В. в частной жалобе.
Проверив  материалы дела, выслушав объяснения представителя Ани-
кеева А.В., Калинина И.А. по доверенности ст 26.09.2000 года, предста-
вителя внешнего управляющего ОАО "Качканарский горно-обогатительный
комбинат "Ванадий" Капуру С.М. по доверенности от 20 октября 2000 г.,
обсудив доводы частной жалобы, Судебная коллегия считает, что решение
суда вынесено в соответствии с требованиями Закона.
Согласно ст.138 ГПК РСФСР обеспечение иска может быть отменено
тем же судом или судьей, как по инициативе суда, так и лиц, участвующих
в деле.

см. на об.

41

A - 1756

Удовлетворяя заявление об отмене обеспечения по жалобе Аникеева А.В., суд правильно указал, что с 22.06.2000 г. в отношении ОАО "Качканарский ГОК "Ванадий" введено внешнее управление, в связи с чем подлежат отмене меры по обеспечению требований кредиторов, также учел, что по настоящее время продолжает действовать договор комбината с ЗАО "Компания-регистраторов "Панарама" на ведение реестра и что Аникеев А.В. не в состоянии обеспечить возможные убытки комбината.

Оснований для отмены оспариваемого определения суда не имеется.

Доводы частной жалобы содержат утверждение, что в деле участвовал неправочный представитель комбината опровергаются протоколом судебного заседания от 25 сентября 2000 года, замечаний на который не приносились.

Суд дал оценку представленным по делу доказательствам и в пределах своих полномочий обоснованно отменил обеспечение по жалобе Аникеева А.В.

Руководствуясь ст.317 ГПК РСФСР, Судебная коллегия –

О П Р Е Д Е Л И Л А :

Определение Перовского межмуниципального суда г.Москвы от 25 сентября 2000 года оставить без изменения, а частную жалобу Аникеева А.В. – без удовлетворения.

Председательствующий –        подпись

                              подписи



С подлинным верно:

    Судья

    Секретарь

## Determination

On September 17, 2001 the Gagarinsky inter-municipal court of the city of Moscow in the composition of the presiding judge L.V. Tsapko and secretary V.E. Kouznetsova, having considered in the open court session the claim of Davis International in the action for damages initiated against Sergo-Shakhzada M. Kourbanov, Sergei F. Barkov, Alexander P. Kotsuba, Adylzhan Kh. Dzhurayev, Andrei A. Kozytsin, Andrei G. Grouzdev,

## HAS ESTABLISHED

:

The claimant - representative of Davis International twice failed to appear at the hearings: on August 10, 2001 and September 17, 2001, submitting no explanatory documents to the court; in absence of the claimant it does not seem possible to consider the case.

Proceeding from Article 221.6 of the RSFSR Civil Procedure Code, the court

## HAS DETERMINED:

To refuse to consider the claim of Davis International in the action for damages initiated against Sergo-Shakhzada M. Kourbanov, Sergei F. Barkov, Alexander P. Kotsuba, Adylzhan Kh. Dzhurayev, Andrei A. Kozytsin, Andrei G. Grouzdev.

The determination may be appealed.

True copy
Judge [signature]
Secretary [signature]
The determination entered into force on 28.09.2001

Определение

17 сентября 2001 года Гагаринский межмуниципальный суд г. Москвы в составе председательствующего судьи Цапко Л.В., при секретаре Кузнецовой В.Е. рассмотрев в открытом судебном заседании гражданское дело по иску Компании « Дэвис Интернешнл» к Курбанову Серго- Шахпаю Мамаладиевичу , Бархову Семену Филиппозичу , Конуба Александру Петровичу , Джураеву Алиджану Хабибуллаевичу , Козицыну Андрею Анатольевичу , Груздеву Андрею Геннадиевичу о взыскании .

установил :

Истец - представитель компании « Дэвис Интернешнл» дважды не являлся на судебное заседание 10 августа 2001 года и 17 сентября 2001 года , оправдательных документов суду не представил. рассмотреть дело в отсутствии истца не представляется возможным. Руководствуясь  п 6 ст. 221 ГПК РСФСР суд

определил :

Дело по иску компании « Дэвис Интернешнл» к Курбанову Серго- Шахпаю Мамаладиевичу , Бархову Семену Филипповичу , Конуба Александру Петровичу , Джураеву Алиджану Хабибуллаевичу , Козицыну Андрею Анатольевичу , Груздеву Андрею Геннадиевичу о взыскании оставить без рассмотрения .

Определение может быть обжаловано.

Судья

вступило в законную силу

23.09.01

Секретарь                    (Наргиза)

[p. 46]

RULING

May 30, 2000

The Tver Inter-Municipal Regional People's Court of the Central Administrative District of the City of Moscow
Comprised of the chair, N. V. Zhuravleva
With secretary, S. V. Maslova
Upon the review, in an open hearing, of the civil case No. 2-662/2000
Related to the complaint of D. A. Khaidarov against the decision of the Board of Directors of OAO Vanadii Mining and Milling Complex of Kachkanara,

Found:

D. A. Khaidarov filed with the court a complaint against the decision of the Board of Directors of OAO Vanadii Mining and Milling Complex of Kachkanara dated January 28, 2000, stating that, pursuant to the decision of the Board of Directors, he had been illegally dismissed (fired) from the position he held, his rights as a General Director had been violated and, in addition, he had been fired at the initiative of the administration during a period of temporary work disability. In addition, the session of the Board of Directors had been held in violation of the Federal Act on Joint Stock Companies and the Bylaws of the Joint Stock Company [OAO]. He does not agree with said decision and requests its revocation.

Prior to the beginning of the court proceedings, the Joint Stock Company's representative filed a petition to dismiss this complaint since the joint Resolution of the Plenary Session of the Supreme Court of Arbitration of the Russian Federation and the Supreme Court of the Russian Federation provides that a decision of the Board of Directors may be disputed only in court by filing a claim for its recognition as void.

The representative of the applicant objects to a grant of the petition on the basis that, according to Article 46 of the RF Constitution, decisions of the government authorities, local government, and public organizations that violate the rights of the citizens may be appealed in a court procedure.

Upon hearing the parties and examining the evidence in the case, the court reaches the conclusion that the petition is to be granted.

In accordance with item 10 of Resolution No. 4 of the Plenary Session of the Supreme Court of the Russian Federation and [Resolution] No. 6 of the Plenary Session of the Supreme Court of Arbitration of the Russian Federation of April 2, 1997, On Some Issues of Application of the Federal Act on Joint Stock Companies, a decision of the Board of Directors may be disputed in a court procedure by filing a claim for its recognition as void if the decision passed does not meet the requirements of the Act and other regulatory documents and violates the rights and interests of the shareholder protected by law. A defendant in such a case is the joint stock company.

In addition, in his complaint, the applicant indicates that the decision of the Board of Directors has violated his employment rights in accordance with Resolution No. 10 of the Plenary Session of the Supreme Court of the Russian Federation dated December 21, 1993, On the Review by the Courts of Complaints against Wrongful Actions Violating the Rights and Liberties of the Citizens, the court is of the opinion that this is a rights dispute, which is within the jurisdiction of the courts and is subject to review in claim proceedings.

Under such circumstances, and also taking into consideration that the defendant is located in Kachkanara of Sverdlovsk Province, the court believes that the proceedings in this case are to be terminated and that it should be explained to the plaintiff and its representative that they have the right to file a claim against the defendant with a court with the appropriate venue.

Pursuant to the ruling of the Tver Inter-Municipal Court of the Central Administrative District of the City of Moscow dated February 7, 2000, on the petition of the applicant, measures were taken for the support of the claim with regard to the portion concerning the implementation of the decision of the Board of Directors. Pursuant to Article 138 of RSFSR Code of Civil Procedure, this ruling is to be revoked.

Based on the above, and in light of Articles 138, 219 and 220 of RSFSR Code of Civil Procedure, the court

Ruled:

To terminate the proceedings related to the complaint of Dzhalol Akhatovich Khaidarov against the decision of the Board of Directors of OAO Vanadii Mining and Milling Complex of Kachkanara dated January 28, 2000.

To revoke the ruling of the Tver Inter-Municipal Court of the Central Administrative District of the City of Moscow dated February 7, 2000, for the support of the claim.

This ruling may be appealed and protested in the Moscow City Court within 10 days.

Judge:          [*signature*]

                       [*stamp:*]      COPY AUTHENTICATED
                                       Judge: [*illegible*]
                                        Secretary: [*illegible*]

                       [*stamp:*]      COPY AUTHENTICATED
                                          Judge: [*signature*]
                                        Secretary: [*signature*]

Определение

30 мая 2000 г.
Тверской межмуниципальный районный народный суд ЦАО г.Москвы
В составе председательствующего судьи Журавлевой Н.В.
При секретаре Масловой С.В.
Рассмотрев в открытом судебном заседании гражданское дело № 2-662/2000
По жалобе Хайдарова Д.А. на решение Совета директоров ОАО «Качканарский ГОК «Ванадий»

Установил:

Хайдаров Д.А. обратился в суд с жалобой на решение Совета директоров ОАО «Качканарский ГОК «Ванадий» от 28.01.2000 г., мотивируя тем, что решением Совета директоров он незаконно был снят с занимаемой должности (уволен), были нарушены его права как генерального директора, кроме того, он был уволен по инициативе администрации в период временной нетрудоспособности. Также заседание Совета состоялось с нарушением ФЗ «Об акционерных обществах» и Устава ОАО. С данным решением не согласен, требует его отменить.

До начала судебного разбирательства представителем ОАО заявлено ходатайство об оставлении данной жалобы без рассмотрения, поскольку совместным Постановлением Пленума Высшего арбитражного суда РФ и Верховного Суда РФ предусмотрено, что решение Совета директоров может быть оспорено только в судебном порядке путем предъявления иска о признании его недействительным.

Представитель заявителя возражает против удовлетворения ходатайства, объясняя тем, что в соответствии со ст.46 Конституции РФ решения органов власти, местного самоуправления, общественных организаций, нарушающие права граждан, могут быть обжалованы в судебном порядке.

Выслушав стороны, изучив материалы дела, суд приходит к выводу, что ходатайство подлежит удовлетворению.

В соответствии с п.10 Постановления Пленума Верховного Суда РФ № 4 и Пленума Высшего арбитражного суда РФ № 6 от 02.04.97 г. «О некоторых вопросах применения Федерального закона «Об акционерных обществах» решение Совета директоров может быть оспорено в судебном порядке путем предъявления иска о признании его недействительным, если принятое решение не отвечает требованиям Закона и иных нормативных актов и нарушает права и охраняемые законом интересы акционера. Ответчиком по такому делу является акционерное общество.

Кроме того, заявитель в жалобе указывает, что решением Совета директоров нарушены его трудовые права, в соответствии с Постановлением Пленума Верховного Суда РФ № 10 от 21.12.93 г. «О рассмотрении судами жалоб на неправомерные действия, нарушающие права и свободы граждан», суд считает, что имеет место спор о праве, подведомственный судам, который полежит рассмотрению в исковом производстве.

При таких обстоятельствах, а также учитывая, что ответчик находится в г.Качканара Свердловской области, суд полагает производство по делу прекратить, разъяснить истцу и его представителю, что они вправе обратиться в суд с исковым заявлением к ответчику по месту его нахождения.

Определением Тверского м/м суда ЦАО г.Москвы от 07.02.2000 г. по ходатайству заявителя были приняты меры по обеспечению иска в части исполнения решения Совета директоров. Данное определение в силу ст.138 ГПК РСФСР подлежит отмене.

На основании изложенного, руководствуясь ст.ст.138, 219, 220 ГПК РСФСР, суд

Определил:

Производство по жалобе Хайдарова Джаола Ахатовича на решение Совета директоров ОАО «Качканарский ГОК «Ванадий» от 28.01.2000 г. прекратить.

Определение Тверского м/м суда г.Москвы от 07.02.2000 г. об обеспечении иска – отменить.

Определение может быть обжаловано и опротестовано в Мосгорсуд в течение 10 дней.

Судья



46

A - 1764

[p. 44]

[*Handwritten:*] 73

## RULING

On February 7, 2000, the Tver Inter-Municipal Court of the City of Moscow comprised of chair: Federal Judge N. V. Zhuravleva, individually,

Upon reviewing the application of Dzhalol Akhatovich Khaidarov for the ban on OAO Vanadii Mining and Milling Complex of Kachkanar's from taking certain actions for the implementation of the decisions passed at the session of the Board of Directors of OAO Vanadii Mining and Milling Complex of Kachkanar on January 28, 2000,

### FOUND:

The applicant, D. A. Khaidarov, filed with the court a complaint against the decision of the Board of Directors of OAO Vanadii Mining and Milling Complex of Kachkanar dated January 28, 2000. This decision has violated his rights as a shareholder and a General Director of OAO Vanadii Mining and Milling Complex of Kachkanar on the grounds indicated in his complaint with the court.

In support of the claims indicated in the complaint against the actions of the Board of Directors of the Joint Stock Company, the applicant petitions that measures be taken for the support of the claim in the portion concerning the implementation of the decision of the Board of Directors of OAO Vanadii Mining and Milling Complex of Kachkanar passed at its session held on January 28, 2000.

The petition of the applicant related to the support of the complaint is to be granted since, in accordance with Article 133 of RSFSR Code of Civil Procedure, failure to take measure for the support of the applicant's claim may impede or make impossible the enforcement of the court's decision.

In light of Articles 133, 134, Item 2, and 137 of RSFSR Code of Civil Procedure, the court

### RULED:

To ban OAO Vanadii Mining and Milling Complex of Kachkanar from taking certain actions – expressed in the implementation of the decision of the Board of Directors of OAO Vanadii Mining and Milling Complex of Kachkanar passed at its session of January 28, 2000.

This ruling is subject to immediate enforcement.

This ruling may be appealed before the Moscow City Court within ten days.

Federal Judge:        [*signature*]

ОПРЕДЕЛЕНИЕ

07 февраля 2000 г. Тверской межмуниципальный суд г. Москвы в составе председательствующего: федерального судьи Журавлевой Н.В., единолично

рассмотрев заявление Хайдарова Джалола Ахатовича о запрещении ОАО Качканарский ГОК «Ванадий» совершать определенные действия по исполнению решений, принятых на заседании Совета директоров ОАО Качканарский ГОК «Ванадий» 28 01 2000 г

УСТАНОВИЛ:

Заявитель Хайдаров Д.А. обратился в суд с жалобой на решение Совета директоров ОАО « Качканарского ГОК «Ванадий» от 28.01.2000 г.. Данным решением были нарушены его права как акционера и генерального директора ОАО Качканарского ГОК « Ванадий» по основаниям указанным в его жалобе в суд.

В обеспечение требований, указанных в жалобе на действия Совета директоров Акционерного общества, заявитель ходатайствует о принятии мер по обеспечению иска , в части исполнения решения Совета директоров ОАО « Качканарский ГОК «Ванадий» принятых на заседании от 28.01.2000г.

Ходатайство заявителя по обеспечению жалобы подлежит удовлетворению, поскольку в соответствии со ст. 133 ГПК РСФСР-непринятие мер по обеспечению требования заявителя может затруднить или сделать невозможным исполнения решения суда.

Руководствуясь ст. 133,134 п.2, 137 ГПК РСФСР суд

ОПРЕДЕЛИЛ:

Запретить ОАО «Качканарский ГОК «Ванадий» совершать определенные действия – выраженные в исполнении решения Совета Директоров ОАО « Качканарский ГОК « Ванадий» принятого на заседании от 28 января 2000г.

Определение подлежит немедленному исполнению.

Определение может быть обжаловано в Мосгорсуд в течение десяти суток.

Федеральный судья :

A - 1767

**Determination**

On December 22, 2000 the Gagarinsky inter-municipal court of the city of Moscow in the composition of the presiding judge E.A. Madzhanova, with the participation of the public prosecutor Ye.E.Mazhirova and secretary D.A. Kotchtkova, having considered in the open court session the claim of Djalil A. Khaidarov against OAO "Kachkanar ore mining and processing enterprise "Vanadium", Semyon F. Barkov, Alexander P. Kotsuba, Adylzhan Kh. Dzhurayev, Sergo-Shakhzada M. Kourbanov for reinstatement in his former position,

HAS ESTABLISHED

Claimant D. A. Khaidarov initiated an action against OAO "Kachkanar ore mining and processing enterprise "Vanadium", Semyon F. Barkov, Alexander P. Kotsuba, Adylzhan Kh. Dzhurayev, Sergo-Shakhzada M. Kourbanov for reinstatement in his former position of Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

In the court session S.M. Kapoura, the representative of the respondent, OAO "Kachkanar ore mining and processing enterprise "Vanadium", Semyon F. Barkov, Alexander P. Kotsuba, Adylzhan Kh. Dzhurayev, Sergo-Shakhzada M. Kourbanov, petitioned for transferring the action to the court of proper venue - Kachkanar town court for the Sverdlovsk oblast.

Having heard the opinions advanced by the representatives of the claimant — V.V. Volnov, E.A. Zhuikov, I.A. Kalinin, and the public prosecutor objecting to satisfying the petition, the court believes it necessary to satisfy the submitted petition.

According to Article 47.1 of the Constitution of the Russian Federation, every person is guaranteed the right to have his case heard in the court and by the judge to the jurisdiction of which it is referred by law.

In accordance with Article 117 of the RSFSR Civil Procedure Code the suit is to be brought to the court for the place of residence of the respondent. The suit against a legal entity is to be brought to the court for the place where the registered office or the assets of the legal entity are located. The respondent in the case is OAO "Kachkanar ore mining and processing enterprise "Vanadium", located at 2 ul. Sverdlova, Kachkanar, Sverdlovsk oblast.

Proceeding from Article 118 of the RSFSR Civil Procedure Code, the venue chosen by the respondent applies to labor conflicts connected with the compensation of losses incurred by the citizen as a result of his unlawful conviction, unlawful subjection to criminal prosecution, unlawful remand to custody or unlawful subjection to administrative sanctions in the form of arrest or reformatory works. The claimant may not be referred to this category of persons, and the rules of alternative jurisdiction will not apply to him.

In accordance with Decree No. 16 of the Plenary Session of the Supreme Court of the Russian Federation from 22.12.1999 "On some matters of application of law by the courts of the Russian Federation in considering labor disputes" (as amended and modified), a labor dispute is to be settled by the court considering the suit in which the claimant shall mean the worker and the respondent — the enterprise, institution or organization challenging his complaint.

D.A. Khaidarov's involving natural persons in the action is contrary to the said requirement.

The court is to transfer the action to another court if in the course of its hearing it is found out that it was accepted for consideration in breach of the venue requirements.

Proceeding from the above, being guided by Articles 117, 122.2.4 and 142 of the RSFSR Civil Procedure Code, the court

## HAS DETERMINED:

To transfer the action initiated by the claim of Djalil A. Khaidarov against OAO "Kachkanar ore mining and processing enterprise "Vanadium", Semyon F. Barkov, Alexander P. Kotsuba, Adylzhan Kh. Dzhurayev, Sergo-Shakhzada M. Kourbanov for reinstatement in his former position to the court of proper venue - Kachkanar town court for the Sverdlovsk oblast.

The determination may be appealed to the Moscow city court within 10 days.

Judge [signature]
Secretary [signature]

True copy
Judge [signature]
Secretary [signature]
The determination entered into force on May 04, 2001

The determination was challenged in the cassation instance on May 04, 2001 and was left without change by the determination of the Moscow city court.

Judge [signature]
Secretary [signature]



ОПРЕДЕЛЕНИЕ

22 декабря 2000 г. Гагаринский межмуниципальный суд г. Москвы в составе председательствующего судьи Магжановой Э.А., с участием прокурора Лакубова В.С., при секретаре Конечковой Д.А., рассмотрев в открытом судебном заседании гражданское дело по иску Хайдарова Джалола Алиевича к ОАО «Качканарский горно- обогатительный комбинат «Ванадий», Бархову Сергею Филипповичу, Конуба Александру Петровичу, Джураеву Алымжану Кайнутуллаевичу, Курбанову Серго- Шахзаса Махадалиевичу о восстановлении в должности,

УСТАНОВИЛ:

Истец Хайдаров Д.А. обратился в суд с иском ОАО «Качканарский горно обогатительный комбинат «Ванадий», Бархову С.Ф., Конуба А.П., Джураеву А.Х., Курбанову С.Ш. ... о восстановлении в должности Генерального директора ОАО «Качканарский горно- обогатительный комбинат «Ванадий».

В судебном заседании представителем ответчиков: ОАО «Качканарский горно- обогатительный комбинат «Ванадий», Бархова С.Ф., Конуба А.П., Джураева А.Х., Курбанова С-Ш. М.- Капуре С.М. заявлено ходатайство о направлении дела по подсудности в Качканарский городской суд Свердловской области.

Выслушав мнение представителей истца- Вольнова В.В., Жуйкова Г ..., Катагина И.А., прокурора, возражавших против удовлетворения ходатайства, суд приходит к выводу о том, что заявленное ходатайство подлежат удовлетворению.

Согласно ч.1 ст.47 Конституции РФ каждому гарантировано право на рассмотрение его дела в том суде и тем судьей, к подсудности которых оно отнесено законом.

В соответствии со ст.117 ГПК РСФСР иск предъявляется в суде по месту жительства ответчика. Иск к юридическому лицу предъявляется по месту нахождения органа или имущества юридического лица. Ответчиком по настоящему делу является ОАО «Качканарский горно- обогатительный комбинат «Ванадий», располагающийся по адресу: Свердловская область г. Качканар, ул. Свердлова ...

На основании ст.118 ГПК РСФСР, подсудность по выбору истца распространяется на трудовые споры, связанные с возмещением ущерба, причиненного гражданину незаконным осуждением, незаконным привлечением к уголовной ответственности, незаконным применением в качестве меры пресечения заключение под стражу либо незаконным наложением административного взыскания в виде ареста или исправительных работ. Истец не может быть отнесен к этой категории лиц, и правила альтернативной подсудности на него не распространяются.

В соответствии с п.6 Постановления №16 Пленума Верховного Суда РФ «О некоторых вопросах применения судами Российской Федерации законодательства при разрешении трудовых споров» от ... с последующими изменениями и дополнениями трудовой спор разрешается судом в порядке искового производства, в котором истцом является работник, а ответчиком — предприятие, учреждение, организация, оспаривающие его требования. ...

Привлечение Хайдаровым Д.А. физических лиц противоречит указанному требованию.

Суд передает дело на рассмотрение другого суда, если при рассмотрении дела в данном суде выявилось, что оно было принято к производству, с нарушением правил подсудности.

Учитывая выше изложенное, руководствуясь требованиями ст.117, 122 ч.2 п.1, 129 ГПК РСФСР,

ОПРЕДЕЛИЛ:

Гражданское дело по иску Хайдарова Джалола Ахатовича к ОАО «Качканарский горно- обогатительный комбинат «Ванадий», Варкову Семену Фёдосеевичу, Козубе Александру Петровичу, Джураеву Эднамжану Хайбуллаевичу, Курбанову Серго- Шахзада Мамадназиевичу о восстановлении в должности передать по подсудности на рассмотрение в Качканарский городской суд Свердловской области.

Определение может быть обжаловано в Московский городской суд в течение 10 дней.

Судья                                                                  Э.А.Магжанова

КОПИЯ ВЕРНА

Определение вступило в законную силу

ГАГАРИНСКИЙ

A - 1773

## Determination

On February 14, 2000 the judge of the Cheryomoushkinsky inter-municipal court of the South-East administrative district of the city of Moscow D.A. Savostyanov, having considered the complaint of A.V. Zanadvorov against the decision of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium"

## HAS ESTABLISHED:

A.V. Zanadvorov made recourse to the court demanding that the actions taken by the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" be held invalid, arguing that the decision of the Council of directors from January 28, 2000 infringed his rights as a member of the Council of directors of the said joint-stock company. By the decision of the Council of directors from January 28, 2000 he was removed from the Council of directors. A.V. Zanadvorov disagrees with the said decision believing that it should be reversed. In accordance with Clause 10 of Decree No. 4 of the Plenary Session of the Supreme Court of the Russian Federation from April 02, 1997 "On some issues of application of the Federal Law "On joint-stock companies", the decision of the Council of directors may be challenged in court by initiating a suit to have it declared invalid, if the said decision does not meet the requirements of the Law and other normative acts and infringes the rights and legal interests of the shareholders. The respondent in such a case would be the joint-stock company.

At the same time, in accordance with Decree No. 10 of the Plenary Session of the Supreme Court of the Russian Federation from December 21, 1993 "On court consideration of the petitions on wrongful acts infringing the rights and freedoms of citizens", the court believes that there is a dispute about the right within the court jurisdiction. Under the circumstances the complaint may not be considered in accordance with the rules of Chapter 24 of the RSFSR Civil Procedure Code. A.V. Zanadvorov, following the requirements of Articles 126 and 127 of the RSFSR Civil Procedure Code, has the right to file a suit against the respondent at the place of residence of the latter.

Being guided by Articles 138, 143, 219, 220 of the RSFSR Civil Procedure Code, Clause 10 of Decree No. 4 of the Plenary Session of the Supreme Court of the Russian Federation from April 02, 1997, Clause 9 of Decree No. 10 of the Plenary Session of the Supreme Court of the Russian Federation from December 21, 1993, the court

## HAS DETERMINED:

1. To terminate the proceedings commenced by the complaint of A.V. Zanadvorov against the actions of the officials of OAO "Kachkanar ore mining and processing enterprise "Vanadium".
2. To cancel the measures to secure the complaint taken in accordance with the determination of the Cheryomoushkinsky inter-municipal court of the city of Moscow in the form of prohibition to A.A. Kozitsyn and the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" to effect transactions to dispose of the assets of the said joint-stock company, to disallow to the OAO "Kachkanar ore mining and processing enterprise "Vanadium" officials A.V. Zanadvorov, D.R. Gareyev and D.A. Khaidarov access to the territory of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and their performance of their official duties.

3. To explain to A.V. Zanadvorov his right to challenge the decision of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" in court by filing a claim to consider it invalid.

The determination may be appealed to the Moscow city court within 10 days.

Judge [signature]

... Череми[...] ... судья Череми[...]кого ... м[...]ниципального суда
Г[...] г.Москвы Севостьянов Д.А. , рассмотрев жалобу Занадворова
Д.А. на решение Совета директоров ОАО "Качканарский ГОК "Ванадий"

УСТАНОВИЛ:

Занадворов А.Д. обратился в суд с требованием признать неправо-
мочным действие Совета директоров ОАО "Качканарский ГОК "Ванадий"
мотивируя тем, что решением Совета директоров от [..] января 2000
были нарушены его права как члена Совета директоров данного акцио-
нерного общества. Решением Совета директоров от [..] января 2000 года
он был выведен из состава Совета директоров. С данным решением
Занадворов А.Д. не согласен и считает,что оно должно быть отменено.
В соответствии с п. 10 Постановления Пленума Верховного Суда РФ
№ [..] от -8 апреля 1997 года "О некоторых вопросах применения Феде-
рального Закона "Об акционерных обществах" решение Совета директоров
может быть оспорено в судебном порядке путем предъявления иска
о признании его недействительным,если принятое не отвечает требо-
ваниям закона и иных нормативно-правовых актов и нарушает права
и охраняемые законом интересы акционеров. Ответчиком по такому
делу является акционерное общество.
Вместе с тем, в соответствии с Постановлением Пленума Верховного
Суда РФ № 10 "О рассмотрении судами жалоб на неправомерные действия
нарушающие права и свободы граждан" от 21 декабря 1993 года суд
считает, что имеет место спор о праве, подведомственный судам.
При таких обстоятельствах жалоба не может быть рассмотрена по пра-
вилам главы 24 ГПК РСФСР. Занадворов А.В. вправе с соблюдением
ст.ст. 126,127 ГПК РСФСР обратиться с исковым заявлением к ответчику
по месту его нахождения.

Руководствуясь ст.ст.133,143,219,220 ГПК РСФСР, п.10
Постановления Пленума Верховного Суда РФ №4 от 2 апреля 1997 г.,
п.9 Постановления Пленума Верховного Суда РФ №10 от 21 декабря 1993-

ОПРЕДЕЛИЛ:

1. Производство по жалобе Занадворова А.Д. на действия должностных
   лиц ОАО"Качканарский " ГОК "Ванадий" прекратить.

2. меру по обеспечению жалобы, принятые определением Череми[..]кин-
   ского м[...]ниципального суда г.Москвы в виде запрещения Козицину
   А.[..]А. и Совету директоров ОАО "Качканарский ГОК "Ванадий" соверша[..]
   сделки по распоряжению имущества данного ОАО, не препятствовать
   сотрудникам ОАО "Ванадий" Занадворову А.В.,Гарееву Д.Р. и Кайдарову
   Д.А. в доступе на территорию ОАО "Ванадий" и исполнению ими

своих служебных обязанностей — отменить.

3. Разъяснить Зенадворову А.В. о его праве в исковом порядке обратиться
в суд о признании решения Совета директоров ОАО "Западн" не-
действительным.

Определение может быть обжаловано в Мосгорсуде в течении 10 дней.

Судья

**Arbitrazh Court**
**for the Sverdlovsk oblast**

**Determination**

Yekaterinburg
March 02, 2000                                        Case No. A60-1779/00-C2

The Arbitrazh Court for the Sverdlovsk oblast in the composition of the presiding judge
M.L. Skouratovsky, judges L.A. Kolikova, V.A. Rogozhkina,
Having considered in the court session the claim of
Amber Star LLC, USA
against OAO "Kachkanar ore mining and processing enterprise "Vanadium"
to hold invalid the decision of the Council of directors

Representatives of the respondent: S.A. Khalatov, power of attorney from 28.02.2000,
S.M. Ratmanov, power of attorney from 28.02.2000, Ye.A. Stepanova, power of attorney
from 02.03.2000.

The claimant, being a shareholder of the respondent, asks to hold invalid, as not
corresponding to the Federal law "On joint-stock companies" and the Articles of
Incorporation of the company, the decision of the Council of directors of OAO
"Kachkanar ore mining and processing enterprise "Vanadium" from 28.01.2000 removing
the Chairman of the Council of directors and Director General of the company from their
offices.

In the session of the court there was considered the petition of Mr. A.A. Kozitsyn
appointed by the challenged decision to the position of the Director General of the
respondent, to be allowed to join in the arbitration proceedings as a third party with no
independent claim to the subject-matter of the dispute on the part of the respondent, as, in
his opinion, the decision in the given case may affect his rights and interests. The petition
was dismissed, because proceeding from the norm stated in Article 22.4 of the Arbitrazh
Procedure Code of the Russian Federation, a citizen not being an individual entrepreneur
may be allowed to join in the case considered by the arbitrazh court, only in the instances
stipulated by the Arbitrazh Procedure Code of the Russian Federation and other federal
laws. In the given instance neither the Arbitrazh Procedure Code of the Russian
Federation, nor other federal laws stipulate the possibility of a citizen to be allowed to
join in the case. Consequently, the court also dismissed the petition of the respondent to
terminate the proceedings due to the lack of jurisdiction of the arbitrazh court over the
case with the participation of a citizen not being an individual entrepreneur.

In the session of the court there was considered the petition of the representative
of the claimant to delay the consideration of the case. At that the representative of the
claimant gives as the reason for the delay a sudden illness of an unnamed representative
of the claimant and the necessity for a new representative to study the materials of the
case or asks to delay the hearing of the case until the sick representative gets well.

Having considered the petition, the court finds no grounds to satisfy it.

In accordance with Article 120 of the Arbitrazh Procedure Code of the Russian
Federation, the hearing of a case may be delayed if it is impossible to have it considered
in the given session due to the failure of any participant of the case to appear before the
court or if it is necessary to produce additional evidence.

A - 1779

The new representative of the claimant, not named in the petition, needing the time to study the materials in the case (mainly the statement of claim and the Articles of Incorporation of the respondent) failed to appear before the court; the representative of the claimant, not named in the petition as well, who was said to be ill, produced no evidence of his illness (sick-list, medical certificate, etc.). Thus, the claimant did not prove the presence of grounds and good reasons for his failure to appear before the court, including the representation by the executive body. Under the circumstances the court sees no reasons for delaying the hearing of the case.

As the failure of the claimant, duly informed of the time and place of hearing, to appear, due to the norms of Article 119.3 of the Arbitrazh Procedure Code of the Russian Federation, does not allow to consider the case on the merits, and there being no statement of the claimant to have his case considered in absentia, the court leaves the complaint without consideration.

Being guided by Articles 79, 87.6, 140 of the Arbitrazh Procedure Code of the Russian Federation, the court

### HAS DETERMINED:

To leave the claim without consideration.

To cancel the measures to secure the complaint taken in accordance with the determination of the Arbitrazh Court from 04.02.2000 in the present case.

| Presiding judge | [signature] | M.L. Skouratovsky |
| Judges: | [signature] | L.A. Kolikova |
| | [signature] | V.A. Rogozhkina |

True copy
06.03.2000

A - 1780



# АРБИТРАЖНЫЙ СУД
## *СВЕРДЛОВСКОЙ ОБЛАСТИ*
# Определение

*г. Екатеринбург*
*"02" марта 2000г.*                                     Дело № А60-1779/00-С2


Арбитражный   суд   Свердловской   области   в   составе
председательствующего   М.Л.Скуратовского,   судей   Л.А.Коликовой,
В.А.Рогожкиной,

рассмотрев в судебном заседании дело по иску

Компании «Амбер Стар Эл.Эл.Си.»

к ОАО «Качканарский горно-обогатительный комбинат «Ванадий»

о признании недействительным решения Совета директоров


ответчика: Халатов С.А.-представитель по доверенности от 28.02.2000,
Гатманов С.М.-представитель ... ... от 28.02.2000 Степанова Е.А.-
представитель по доверенности от 02.03.2000.


Истец, являющийся акционером ответчика, просит признать
недействительным, как не соответствующее Федеральному закону «Об
акционерных обществах» и Уставу общества, решение Совета директоров
общества от 28.01.2000, которым ... ... ... ... одобрены
председатель Совета директоров и генеральный директор общества.
В заседании судом рассмотрено ходатайство г.Козицына А.А.,
назначенного оспариваемым решением на должность генерального директора
ответчика, о привлечении его к участию в деле в качестве третьего лица, не
заявляющего самостоятельных требований на предмет спора на стороне
ответчика, ... ... по его мнению, решение по настоящему делу может
затронуть его права и интересы. Ходатайство судом отклонено, поскольку в
силу нормы п. 4 ст. 22 АПК РФ, привлечение к участию в деле,
рассматриваемом арбитражным судом, гражданина, не являющегося
индивидуальным предпринимателем, ... ... ... ... в случаях,
установленных АПК РФ и другими федеральными законами. В данном случае,
АПК РФ и другими федеральными законами, возможность привлечения к
... ... гражданина не предусмотрена. Соответственно судом

[...] ено и ходатайство ответчика о прекращении производства по делу, в [...]

В заседании рассмотрено ходатайство представителя истца об отложении рассмотрения дела. При этом, представитель истца ссылается, как на основание отложения рассмотрения дела, на внезапную болезнь неназванного представителя истца и необходимость ознакомления нового представителя с материалами дела либо просит отложить рассмотрение дела на срок, необходимый для выздоровления заболевшего представителя.

Рассмотрев ходатайство, суд не находит оснований для его удовлетворения.

В соответствии со ст. 120 АПК РФ рассмотрение дела откладывается в случаях, когда оно не может быть рассмотрено в данном заседании из-за неявки кого-либо из лиц, участвующих в деле или необходимости представления дополнительных доказательств.

Неназванный в ходатайстве новый представитель истца, которому необходимо ознакомление с материалами дела (в основном, с исковым заявлением и Уставом ответчика), в заседание не явился, также неназванный [...] доказательств болезни ( больничный лист, справку лечебного учреждения и т.п.) не представил. Таким образом, истец не доказал наличие и уважительность причин, по которым не имеет возможности явиться в заседание, том числе в лице исполнительного органа. При таких обстоятельствах, суд не видит причин для отложения рассмотрения дела.

Поскольку неявка истца, надлежащим образом извещенного о времени и месте разбирательства, в силу п. 3 ст. 119 АПК РФ, препятствует рассмотрению дела по существу, в связи с отсутствием заявления истца о рассмотрении дела в его отсутствие, суд оставляет иск без рассмотрения.

Руководствуясь ст. 79, п. 6 ст. 87, 140 АПК РФ, суд

ОПРЕДЕЛИЛ:

Иск оставить без рассмотрения.

Отменить меры по обеспечению иска, наложенные определением арбитражного суда от 04.02.2000 по настоящему делу.


Председательствующий                           М.Л.Скуратовский


Судьи                                          Л.А.Коликова


                                               В.А.Рогожкина        A - 1783

**Arbitrazh Court**
**for the Sverdlovsk oblast**

**Determination**

Yekaterinburg
September 4, 2000                                   Case No. A60-8696/2000-C4

The judges of the Arbitrazh Court for the Sverdlovsk oblast L.G. Gryaznykh, Ye.N. Fedorova, M.G. Voropayeva,
Having considered in the court session the claim of Davies International LLC, USA against OAO "Kachkanar ore mining and processing enterprise "Vanadium"
to hold invalid the decision of a body of a legal entity
With the participation of the representative of the claimant — did not appear before the court;
Representatives of the respondent: Ye.L. Grigorieva, power of attorney No. 72-319iur from 23.08.2000, V.A. Andriyanov, power of attorney No. 72-317iur from 23.08.2000.

The rights and liabilities were explained, no challenge to the court was made.

The claimant asks to hold invalid the decision of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from January 28, 2000.
The respondent refuses to acknowledge the claim.

In the session of the Arbitrazh Court there appeared M.N. Kolesnikov, representative of the Director General of the OAO "Kachkanar ore mining and processing enterprise "Vanadium" A.A. Kozitsyn (power of attorney with no number from 29.08.2000) with a petition to be allowed to join in the arbitration proceedings as a third party with no independent claim. The petition of the third party is dismissed as not pertinent to the subject-matter of the dispute.
In accordance with the determination of the Arbitrazh Court for the Sverdlovsk oblast from June 19, 2000 the claimant was to ensure the appearance before the court.
Article 119 of the Arbitrazh Procedure Code of the Russian Federation reads: "In case the claimant, having been duly informed of the time and place of hearing his case, fails to appear before the session of the arbitrazh court, the dispute may be settled in his absence provided there is the statement of the claimant agreeing to the case consideration in absentia."
Taking into account the fact that the claimant was duly informed of the time and place of hearing his case, but failed to appear before the session of the arbitrazh court nor made a statement to have the dispute settled in his absence, the court leaves the claim without consideration.
Being guided by Article 87.6 of the Arbitrazh Procedure Code of the Russian Federation and Article 140 of the Arbitrazh Procedure Code of the Russian Federation, the court

HAS DETERMINED:

To leave the claim without consideration.
To return the materials of the claim to the claimant.

Judge    [signature]    L.G. Gryaznykh
         [signature]    Ye.N. Fedorova
         [signature]    M.G. Voropayeva

11.09.2000

# АРБИТРАЖНЫЙ СУД
## *СВЕРДЛОВСКОЙ ОБЛАСТИ*

# Определение

*г. Екатеринбург*
« 4 сентября   2000»г.                          Дело № А60-8696/2000-С4

Судьи Арбитражного суда Свердловской области **Грязных Л.Г, Федорова Е.Н, Воропаева М.Г.**
Рассмотрев в судебном   заседании дело по иску   Компании « Дэвис интернешнл Эл. Эл. СИ « , США

К  ОАО « Качканарскому ГОКу  « Ванадий»

О  признании недействительным решения органа юридического лица.

При участии от истца- не явился .
От ответчика- Григорьева Е.Л.- представитель, дов № 72-319юр от 23.08.2000г, Андриянов В.А.- представитель, дов № 72-317 юр от 23.08.2000г.

Права и обязанности разъяснены, отводов суду не заявлено.

Истец просит    признать    недействительным    решение Совета директоров ОАО « Качканарский  ГОК « Ванадий» от 28 января 2000 Ответчик иск не признал.
В заседании арбитражного суда с ходатайством о вступлении в дело в качестве 3-го лица     без самостоятельных требований      выступил представитель генерального директора   ОАО « Качканарский ГОК « Ванадий»-Козицына А.А.- Колесников М.Н /дов. б/н от 29.08.2000г/, который просит допустить его для участия в арбитражном процессе. Ходатайство  3-го лица отклонено, как не относящееся к существу спора.
В соответствии с определением арбитражного суда Свердловской области от 19 июня 2000 г. истец обязан был обеспечить явку в заседание суда.
Статья 119 АПК РФ гласит: «При неявке  в заседание арбитражного суда истца, надлежащим образом извещенного о времени и месте разбирательства дела, спор может быть разрешен в его отсутствие при наличии заявления истца  о рассмотрении дела в его отсутствие».
Учитывая, что истец извещен надлежащим образом о времени и месте рассмотрения дела, однако в заседание суда не явился, не заявил о

A - 1787

Руководствуясь ст. 87 п. 6 АПК   РФ, ст. 140 АПК РФ СУД ОПРЕДЕЛИЛ :

Иск оставить без рассмотрения.

Исковой материал возвратить истцу.

СУДЬЯ

Грязных Л.Г.

Федорова Е.Н.

Воропаева М.Г.

Дата _____ 11.09.2000.

рассмотрении дела без его участия в связи с чем, суд оставляет иск без рассмотрения.

Руководствуясь ст. 87 п. 6 АПК   РФ, ст. 140 АПК РФ СУД ОПРЕДЕЛИЛ :

Иск оставить без рассмотрения.

Исковой материал возвратить истцу.

СУДЬЯ                                               Грязных Л.Г.

                                                          Федорова Е.Н.

                                                          Воропаева М.Г.

## DECISION
### In the name of the Russian Federation

On August 14, 2000 the Kachkanar town court of the Sverdlovsk oblast in the composition of
presiding judge T.A. Koukortseva
and secretary Yu.A. Prokurorova
having considered in the open court session the civil suit initiated by the complaint of Nikolai G. Nosov against OAO "Kachkanar ore mining and processing enterprise "Vanadium" to invalidate the decisions of an extraordinary General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from March 4, 2000

### HAS ESTABLISHED:

The claimant asks to invalidate the decisions taken by an extraordinary General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" on March 4, 2000 and to request that the respondent produce documents confirming the taking of decisions at the meeting.

To confirm his allegations the claimant refers to the fact that the initiator of the meeting violated the order of convening and holding the meeting. Besides, he alleges that by the determination of the Kachkanar town court from 15.02.2000 the respondent was enjoined from convening and holding General meetings of the industrial enterprise shareholders. A similar determination was made on February 29, 2000 by the Arbitrazh Court for the Sverdlovsk oblast. To check the injunction the court bailiff of the Kachkanar unit of officers of the court visited the alleged place of holding the meeting of the shareholders — Town leisure center, 20 ul. Sverdlova, Kachkanar. As a result it was found that no extraordinary General meeting of the shareholders was held at the place named in the notice of the meeting.

In the court session I.V. Shchelkanov, representative of the claimant by a power of attorney, supporter the reasons and claims listed in the statement of complaint. He also believes that the given instance is a breach of the right of the shareholder to take part in the General meeting of the shareholders with the right to vote on all matters within its competence.

Ye.N. Zakharishchev, representative of the respondent, in the court session did not contradict the reasons of the claimant advanced to substantiate his claims.

Having heard the explanations given by the parties, studied the materials of the civil suit, heard the opinion of the Public Prosecutor, the court comes to the following conclusions:

Proceeding from Article 49.8 of the Federal law "On joint-stock companies", the shareholder may challenge in court the decision taken by the General meeting of the shareholders in violation of the requirements of the said Federal law, other legal acts of the Russian Federation or the Articles of Incorporation of the company if he did not take part in the General meeting of the shareholders or voted against such decision and the said decision infringes his rights and legal interests. Taking into account all circumstances of the case, the court is entitled to leave the disputed decision unchanged if the voting of the particular shareholder could not affect the results of the voting, alleged violations are not material and the decision did not entail any losses of the given shareholder.

The materials in the case (page 29 of the case file) confirm the right of the claimant to challenge the decision taken by the General meeting on March 4, 2000.

In accordance with Article 55 of the Federal law "On joint-stock companies", an extraordinary General meeting of the shareholders is held by the decision of the Council of directors of the company on its own initiative, at the request of the auditing committee of the company, auditor of the company or a shareholder owning not less than 10 per cent of the voting shares of the company as of the date of the request. The decision on the request to convene a meeting shall be taken by the Council of directors of the company within 45 days after the request that the meeting be convened. In clause 6 of the said Article it is stated that if within the period of time established by the present Federal Law the Council of directors of the company does not take the decision to convene an extraordinary General meeting of the shareholders or decides not to convene it, the extraordinary General meeting of the shareholders may be convened by the persons requesting that it be convened.

The representative of the respondent in the court session does not refute the fact that the initiator of the meeting submitted no request to the Council of directors of the company to hold an extraordinary General meeting. Moreover, this circumstance is confirmed by the materials in the case (page          of the case file). Consequently, the Council of directors of the company could take no decision on the issue of convening and holding an extraordinary meeting.

Similar requirements to the order of convening and holding an extraordinary General meeting are contained in the Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

As there was no due request to hold a meeting, its initiator — Euroconsult Corporation Ltd. — had no right to convene and hold an extraordinary meeting of the shareholders.

From the materials in the case it is seen that the definitions of the Kachkanar town court from 15.02.2000 and 1.03.2000 and the Arbitrazh Court for the Sverdlovsk oblast from 29.02.2000 enjoined OAO "Kachkanar ore mining and processing enterprise "Vanadium", its auditing committee, auditor, shareholder or shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from convening or holding a General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium". The said court decisions have entered into force, have not been challenged, and, in accordance with Article 13 of the Arbitrazh Procedure Code of the Russian Federation and Article 13 of the RSFSR Civil Procedure Code, they are binding upon all bodies, officials, organizations and citizens, meaning an injunction to pass decisions contrary to the circumstances established by the court decisions. Thus, the decision of the initiator to hold a meeting of the shareholders was taken in breach of the requirements of the law.

In the court session there has been confirmed the statement of the claimant that he did not taken part in the General meeting as it was held at a place different from that stated in the notice of the meeting.

From the notice of holding an extraordinary meeting of the shareholders (page 12 of the case file) it follows that it was to be held at 12.00 A.M. on March 4, 2000 at the address of the Town leisure center, 20 ul. Sverdlova, Kachkanar. The act of execution of March 4, 2000 (pages 23-27 of the case file) confirms that there was no meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" held at the time and address stated in the notice and, consequently, the claimant was unable to take part in a meeting held in a place unknown to him or vote for its decisions.

Under these circumstances the allegation of the claimant of an injury to his rights and legal interests stipulated by the Federal law "On joint-stock companies" is reasonable.

The claimant was deprived of the right to be present at and take part in the meeting, elect and be elected, discuss and vote on all items of the agenda.

The court considers the violations in convening and holding the meeting to be material, the participation of the given shareholder could have influenced the results of the voting.

The court does not know of any decisions taken at the extraordinary meeting on March 4, 2000, but no decisions taken by that meeting may be considered valid for the reasons that they were taken in breach of the requirements of the law and infringe the rights and legal interests of the shareholder.

In the court session the claimant does not request to claim from the respondent documents confirming the taking of decisions at the extraordinary meeting of March 4, 2000.

Proceeding from the above, being guided by Articles 191 and 197 of the RSFSR Civil Procedure Code, the court

## HAS DECIDED:

To satisfy the claims of Nikolai G. Nosov. To hold invalid the decisions of the extraordinary General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from March 4, 2000.

The desision may be challenged and appealed within 10 days after its full text is produced..

The decision came into effect on 25.08.2000.

Judge of the Kachkanar town court    [signature]    T.A. Koukortseva

# РЕШЕНИЕ
## Именем Российской Федерации

14 августа 2000 года Качканарский городской суд Свердловской области в составе :

председательствующего судьи Кукорцевой Т.А.

при секретаре Прокуровой Ю.А.,

рассмотрев в открытом судебном заседании гражданское дело по иску

Носова Николая Григорьевича к ОАО «Качканарский горно-обогатительный комбинат «Ванадий» о признании недействительным решений внеочередного общего собрания акционеров ОАО «Качканарский ГОК «Ванадий» от 4 марта 2000 года,

### Установил:

Заявитель просит признать недействительными решения , принятые на внеочередном общем собрании ОАО «Качканарский ГОК «Ванадий» от 4 марта 2000 года, истребовать от ответчика документы, подтверждающие принятие решений на этом собрании.

В обоснование своих утверждений истец ссылается на нарушение инициатором проведения собрания порядка созыва собрания и его проведения. Кроме того, по его утверждению, определением Качканарского городского суда от 15.02.2000 года ответчику запрещены созывы и проведение общих собраний акционеров комбината. Аналогичное определение вынесено 29 февраля 2000 года Арбитражным судом Свердловской области. В целях проверки судебных запретов судебным приставом-исполнителем Качканарского подразделения судебных приставов-исполнителей осуществлен выход к месту предполагаемого проведения собрания акционеров – г.Качканар, ул.Свердлова, 20 . Городской центр досуга. В результате установлено, что внеочередное общее собрание акционеров в месте, указанном в сообщении о проведении собрания, не проводилось.

В судебном заседании представитель истца, Щелканов И.В., действующий по доверенности, поддержал доводы и требования, изложенные в заявлении. Он также считает, что в данном случае нарушено право истца участвовать в общем собрании акционеров с правом голоса по всем вопросам его компетенции.

Представитель ответчика, Захарищев Е.Н. в судебном заседании не опроверг доводы истца в обоснование своих требований.

Суд, выслушав объяснения сторон, изучив материалы гражданского дела, заслушав заключение прокурора, приходит к следующим выводам:

В силу ст. 49 п.8 ФЗ «Об акционерных обществах» акционер вправе обжаловать в суд решение, принятое общим собранием акционеров с нарушением требований настоящего Федерального закона, иных правовых актов РФ, устава общества, в случае, если он не принимал участия в общем собрании акционеров или голосовал против принятия такого решения и указанным решением нарушены его права и законные интересы. Суд вправе с учетом всех обстоятельств дела оставить в силе обжалуемое решение, если голосование данного акционера не могло повлиять на результаты голосования, допущенные нарушения не являются существенными и решение не повлекло причинения убытков данному акционеру.

Материалы дела (л.д. 29) подтверждают право истца на обжалование решения , принятого общим собранием 4 марта 2000 года.

В соответствии со ст.55 ФЗ «Об акционерных обществах» внеочередное общее собрание акционеров проводится по решению совета директоров общества на основании его собственной инициативы, требования ревизионной комиссии общества, аудитора общества, а также акционера, являющегося владельцем не менее чем 10% голосующих акций общества на дату предъявления требования. Решение по требованию о созыве собрания принимается советом директоров общества не позднее 45 дней с момента представления требования о проведении собрания. В п.6 этой статьи установлено, если в течение установленного настоящим ФЗ срока советом директоров общества не принято решение о созыве внеочередного общего собрания акционеров или принято решение об отказе от его созыва, внеочередное общее собрание акционеров может быть созвано лицами, требующими его созыва.

Представителем ответчика в судебном заседании не опровергается тот факт, что требования в совет директоров общества о проведении внеочередного собрания инициатором его проведения не представлялось . Более того, данное обстоятельство подтверждается материалами дела (л.д.  ). Следовательно, никакого решения советом директоров общества по вопросу созыва и проведения внеочередного собрания не могло быть принято.

Аналогичные требования к порядку созыва и проведения внеочередного общего собрания содержит и Устав ОАО «Качканарский ГОК «Ванадий».

Поскольку необходимого требования о проведения собрания направлено не было , инициатор в его проведении – компания «Евроконсалт Корпорейшн Лимитед» - не вправе была созывать и проводить внеочередное собрание акционеров.

Как видно из материалов дела, определениями Качканарского городского суда от 15.02.2000 года и 1 .03.2000 года , Арбитражного суда Свердловской области от 29.02.2000 года ОАО «Качканарский ГОК «Ванадий», ревизионной комиссии , аудитору, акционеру или акционерам ОАО «Качканарский ГОК «Ванадий» запрещено созывать, проводить общее собрание акционеров ОАО «Качканарский ГОК «Ванадий». Указанные судебные решения вступили в законную силу, никем не обжаловались , и в соответствии со ст.ст. 13 АПК РФ и 13 ГПК РСФСР обязательны для всех органов, должностных лиц, организаций и граждан и для них это означает запрещение выносить решения, противоречащие обстоятельствам, установленным решениями суда. Таким образом, решение инициатора о проведении собрания акционеров принято в нарушение требований закона.

В судебном заседании нашли свое подтверждение доводы истца о том, что он не принимал участия в общем собрании по причине проведения собрания в каком-либо ином месте, чем указанном в сообщении о проведении собрания.

Из сообщения о проведении внеочередного собрания акционеров (л.д. 12) видно, что его проведение назначено на 4 марта 2000 года в 12-00 час местного времени по адресу : г.Качканар, ул.Свердлова, 20. Городской центр досуга. Акт об исполнении от 4 марта 2000 года (л.д.  23-27) подтверждает , что в установленное в сообщении время по указанному в нем адресу собрание

акционеров ОАО «Качканарский ГОК «Ванадий» не проводилось, следовательно, истец не имел возможности принять участие в собрании , проведенным в каком-либо ином месте, неизвестном ему, и голосовать при принятии решений..

При таких обстоятельствах утверждение истца о нарушении его законных прав и интересов, установленных Федеральным законом « Об акционерных обществах» обоснованно. Истец лишен права присутствовать и участвовать на собрании, избирать и быть избранным, обсуждать и голосовать по всем вопросам повестки дня.

Допущенные при созыве и проведении собрания нарушения суд считает существенными, участие данного акционера могло повлиять на результаты голосования.

Суд не располагает принятыми на внеочередном собрании 4 марта 2000 года решениями, однако, какие-либо решения , принятые этим собранием, не могут быть признаны действительными на тех основаниях, что приняты в нарушение требований закона так и нарушают законные права и интересы акционера, .

В судебном заседании истец не заявляет требование об истребовании у ответчика документов, подтверждающих принятие решений внеочередным собранием 4 марта 2000года.

На основании изложенного, руководствуясь ст.ст. 191,197 ГПК РСФСР, суд

### Р Е Ш И Л :

Исковые требования Носова Николая Григорьевича удовлетворить. Признать недействительными решения, принятые на внеочередном общем собрании акционеров ОАО "Качканарский ГОК "Ванадий" 4 марта 2000 года.

Решение может быть обжаловано и опротестовано в течение 10 дней со дня изготовления его полного текста.

Решение вступило в законную силу 25.08.2000 года

Судья Качканарского городского суда                                          Т.А.Кукорцева

TEL. NUMBER                    DEC.21, 2001 18:01 PAGE 7

# COURT RULING

On 2/15/2000 A.I. Ryazanov, judge of the Kachkanar City Court, upon considering a lawsuit filed by Ivan Georgievich Skipin against the Defendants: the Kachkanarsky GOK Vanadiy Company, the Uralskaya Mining Company and the Panorama Registering Company related to the implementation of obligations and inclusion of his name in the list of the company shareholders to be able to participate in the company shareholders' meetings. These demands are listed in the Plaintiff's request to secure (preserve) his claim dated February 14, 2000.

## HAS ASCERTAINED THE FOLLOWING:

Pursuant to Articles 134, 134 of the Civil Procedural Code of the Russian Federation the Plaintiff requested the court to take measures to secure (preserve) his claim, as such measures are really necessary. The failure to take measures to secure his claim may hamper the execution of the future court order or will make it impossible to execute the future court order that will be issued after the case hearing.

Among the documents submitted together with the claim there is a piece of information related to holding a special meeting of the Kachkanarsky GOK Vanadiy Company shareholders. In the near future other meetings of the Kachkanarsky GOK Vanadiy Company shareholders are scheduled to be held (including the annual shareholders' meeting in compliance with Paragraph 3, Section 1 Article 47 of the Law on Joint Stock Companies. A list of the Kachkanarsky GOK Vanadiy Company shareholders who have the right to attend regular meetings of the Kachkanarsky GOK Vanadiy Company shareholders is being compiled solely for the purpose of convening and holding a regular meeting of the company shareholders on the basis of this list of the company shareholders.

In the event if any meeting of the Kachkanarsky GOK Vanadiy Company shareholders is convened and/or held before the court issues its decision on this case this meeting may hamper the execution of the future court order or will make it impossible to execute this court order, especially this part of it that will require the inclusion of the Plaintiff's name in the list of the Kachkanarsky GOK Vanadiy Company shareholders who have the right to attend regular meetings of the Kachkanarsky GOK Vanadiy Company shareholders.

Thus, the Plaintiff's request to secure his claim related to the prohibition to convene or hold meetings of the Kachkanarsky GOK Vanadiy Company shareholders is subject to being satisfied.

In view of the above referenced facts and pursuant to Article 133 Section 2 Part 1, Article 134 and Article 135 of the Law on Joint Stock Companies

### IT IS ORDERED:

The request of Plaintiff Ivan Georgievich Skipin to secure his claim be satisfied and the Defendant, the Kachkanarsky GOK Vanadiy Company (represented by the company management

bodies, shareholder/shareholders, Reviewing Committee and Auditor be prohibited (to convene) or hold a regular meeting of the Kachkanarsky GOK Vanadiy Company shareholders.

This decision may be appealed in the Sverdlovsk Region Court within 10 days since the date of the injunction with filing a private complaint in the Kachkanar City Court.

Judge  [signature]
The copy is true  [signature]  [court seal has been affixed]  The copy is true  [signature]

О П Р Е Д Е Л Е Н И Е

15.02.2000 г. Судья Качканарского городского суда  Рязанов А.И.,  рассмотрев по иску Скопина  Ивана Георгиевича к ответчикам ОАО" Качканарский  горно-обогатительный комбинат " Ванадий",  ЗАО "Уральская горная компания", ЗАО " Компания – регистратор "Панорама"о присуждении к исполнению обязанности в натуре и включении в список акционеров, имеющих право на участие в общих собраниях акционеров, ходатайство истца об обеспечении иска  от 14 февраля 2000 года,

У С Т А Н О В И Л :

Истец, руководствуясь ст.ст.134,134 ГПК РФ просит  принять меры по обеспечению иска, что является необходимым, поскольку непринятие мер обеспечении иска может затруднить или сделать  невозможным исполнение ре-шения суда, которое будет вынесено по данному делу.

Среди документов, приложенных к исковому заявлению, содержится сообще-ние о проведении внеочередного общего собрания  акционеров ОАО "Качка-нарский ГОК " Ванадий" . В ближайшее время будут созваны и проведены иные  общие собрания акционеров ОАО "Качканарский ГОК "Ванадий" / в том числе годовое общее собрание акционеров на  основании абз. 3 п.1 ст. 47  ФЗ "Об акционерных обществах". Список акционеров ОАО "Качканарский ГОК "Ванадий", имеющих право на участие в общих собраниях акционеров ОАО "Качканарский ГОК "Ванадий", составляется специально для созыва и проведения общего собрания акционеров акционерного общества по данным реестра акционеров акционерного общества.

В случае если какое-либо общее собрание акционеров ОАО "Качканарский ГОК "Ванадий" будет созвано и/или проведено до вынесения решения по данному делу, указанное затруднит или при определенных обстоятельствах сделает невозможным исполнение решения суда, которое будет вынесено по данному делу, в части обязания включения истца в список акционеров, име-ющих право на участие в общих собраниях акционеров ОАО "Качканарский ГОК "Ванадий".

Таким образом, ходатайство истца об обеспечении иска о запрете ОАО "Качканарский ГОК " Ванадий" созывать и/ или проводить собрания  акционеров подлежит удовлетворению.

На основании изложенного и руководствуясь ст. 133, п.  2 ч.1 ст. 134, ст. 136 ГПК РФ, судья

О П Р Е Д Е Л И Л :

Ходатайство истца Скопина Ивана Георгиевича  удовлетворить об обеспе-чении иска и запретить ответчику ОАО "Качканарский горно-обогатительный комбинат "Ванадий" / в лице органов управления, акционера / акционеров, Ревизионной Комисси, Аудитора / созывать и / или проводить общее собрание акционеров ОАО "Качканарский горно-обогатительный комбинат "Ванадий".

Определение может быть обжаловано в Свердловский областной суд в течение 10 дней с момента вынесения определения с подачей частной жалобы через Качканарский  городской суд.

Судья– подпись.

КОПИЯ ВЕРНА

Копия
верна

A - 1800

FROM: PRIVATE LAW  PHONE NO: 3432 582762          21 DEC, 2001
                                                 DEC 10 2001 12:43

PM PAGE 1

Copy is true [the Kachkanarsky GOK Vanadiy Company Seal]

### COURT RULING
On securing the claim

*City of Ekaterinburg*                    *Case # A60-483/98-C2*
*February 29, 2000*

The Arbitration Court of Sverdlovsk Region

In the presence of:

Presiding Judge:            N.I. Khramtsova
Panel Judges:              N.V. Kazantseva and V.A. Pletnev.

Upon hearing the lawsuit of      the Ural Start Ltd. Company,

                          The Uralelectromach Company,
                          The Standart Trust Company, the Inrosmet Company
                          and the Kachkanarsky GOK Vanadiy Company

regarding the securing of the claim

**has ascertained the following:**

The Ural Start Ltd. Company filed a lawsuit for recognizing its rights as the owner of 37 804 555 shares and declaring void Agreement #5 dated 11/4/97 in that part which is related to 37 804 555 shares.

On February 28, 2000 the Ural Start Ltd. Company (Plaintiff) and the Defendants: Uralelectromach Company, the Kachkanarsky GOK Vanadiy Company, the Standart Trust Company, the Inrosmet Company filed their requests related to securing the claim by issuing an injunction to the Panorama Registering Company and prohibit them to make entries in the list of the owners of the Kachkanarsky GOK Vanadiy Company registered securities related to the transfer of property rights to the above referenced 37 804 555 shares. They also requested the court to prohibit the Kachkanarsky GOK Vanadiy Company, or its shareholder or shareholders, or the company Reviewing Committee or the company auditor to convene or hold a regular meeting of the Kachkanarsky GOK Vanadiy Company shareholders.

As the subject of the dispute is related to securities management, in the event of the claim satisfaction the failure to take measures may hamper the execution of the court order or will make it impossible to execute this court order. Pursuant to Articles 75 and 76 of the Arbitration

**A - 1801**