Procedural Code of the Russian Federation the request filed by the Plaintiff and four Defendants is subject to being satisfied.

In view of the above referenced facts and pursuant to Articles 14, 75, 76, and 140 of the Arbitration Procedural Code of the Russian Federation

**IT IS ORDERED:**

1. To prohibit the Panorama Registering Company to record entries in the list of the owners of the Kachkanarsky GOK Vanadiy Company registered securities related to the transfer of property rights to the Kachkanarsky GOK Vanadiy regular registered shares out of those 37 804 555 regular registered shares that had been recorded in the account of the Ural Start Ltd. Company under Writ # 006062 dated 7/30/98 and were later transferred to other entities or individuals' accounts.

2. To prohibit the Kachkanarsky GOK Vanadiy Company, or the Kachkanarsky GOK Vanadiy Reviewing Committee, or the Kachkanarsky GOK Vanadiy auditor, or the Kachkanarsky GOK Vanadiy shareholder or shareholders to convene or hold a regular meeting of the Kachkanarsky GOK Vanadiy Company shareholders.

These measures to secure (preserve) the claim will be in effect until the court order on Case # A60-483/98-C2 becomes effective or until this decision is repealed by an arbitration court.

3. This decision may be appealed in the Arbitration Court of Sverdlovsk Region.

**Presiding Judge** **N.I. Khramtsova**
[signatures]
**Panel judges** **N.V. Kazantseva**
**V.A. Pletnev**



FROM : PRIVAT LAW DEC. 10 2001 12:43PM P1

# Определение
## об обеспечении иска

*г. Екатеринбург*
*«29» февраля 2000г.*

*Дело № А60-483/98-С2*

Арбитражный суд Свердловской области в составе:
Председательствующий: Н.И.Храмцова
Судьи: Н.В.Казанцева, В.А.Плетнев

рассмотрев заявления ООО «Урал-Старт-лтд», ЗАО «Уралэлектромаш», ЗАО «Стандарт Траст», ООО «Инросмет», ОАО «Качканарский ГОК «Ванадий»

о принятии мер по обеспечению иска

установил: ООО «Урал-Старт-лтд» обратилось с иском о признании за ним права собственности на акции в количестве 37804555шт., признании договора № 5 от 04.11.97г. ничтожным в части 37804555 шт. акций.

28 февраля 2000г. ООО «Урал-Старт-лтд» (истец) и ответчики: ЗАО «Уралэлектромаш», ОАО «Качканарский горно-обогатительный комбинат «Ванадий», ЗАО «Стандарт Траст», ООО «Инросмет» заявлены ходатайства о принятии мер по обеспечению иска путем запрета ЗАО «Компания-регистратор «Панорама» вносить в реестр владельцев именных ценных бумаг ОАО «Качканарский ГОК «Ванадий» записи о переходе права собственности на акции из числа 37804555шт., запрещении ОАО «Качканарский ГОК «Ванадий», акционеру, акционерам, ревизионной комиссии, аудитору созывать, проводить общее собрание акционеров ОАО «Качканарский ГОК «Ванадий».

Поскольку действия по распоряжению ценными бумагами касаются предмета спора, в случае удовлетворения иска непринятие мер может затруднить или сделать невозможным исполнение судебного акта, на основании ст.ст.75, 76 АПК РФ ходатайства истца и четырех указанных ответчиков подлежат удовлетворению.

С учетом изложенного, руководствуясь статьями 14,75,76,140 Арбитражного процесссуального кодекса Российской Федерации суд

**ОПРЕДЕЛИЛ:**

1. Запретить ЗАО «Компания-регистратор «Панорама» вносить в реестр владельцев именных ценных бумаг ОАО «Качканарский горно-обогатительный комбинат «Ванадий» записи о переходе права собственности на обыкновенные именные акции ОАО «Качканарский горно-обогатительный комбинат «Ванадий» из числа 37804555 штук обыкновенных именных акций ОАО «Качканарский горно-обогатительный комбинат «Ванадий», зачисленных на лицевой счет ООО «Урал-Старт-ЛТД» на основании исполнительного листа № 006062 от 30.07.98 и списанных в дальнейшем на лицевые счета других лиц.
2. Запретить ОАО «Качканарский горно-обогатительный комбинат «Ванадий», ревизионной комиссии ОАО «Качканарский ГОК «Ванадий», аудитору ОАО «Качканарский ГОК «Ванадий», акционеру или акционерам ОАО «Качканарский ГОК «Ванадий» созывать, проводить общее собрание акционеров ОАО «Качканарский ГОК «Ванадий».

Меры по обеспечению иска действуют до вступления в законную силу судебного акта по делу А60-483/98-С2 или отмены данного определения арбитражным судом.

3. На определение может быть подана апелляционная жалоба в Арбитражный суд Свердловской области.

Председательствующий Н.И.Храмцова

Судьи Н.В.Казанцева

В.А.Плетнев

Judge Ye.M. Naumova
Civil Case No. 33-2238

**Determination**

On March 6, 2001 the Panel of Judges for civil suits of the Moscow city court in the composition of the presiding judge Ye.N. Gouliayeva, judges Ye.M. Gorokhova, M.V. Gornova, having considered in the open court session the case presented by M.V. Gornova on the cassational complaint of Gareyev D.R. and Gareyeva Ye.V., against the decision of the Meshchansky inter-municipal regional court of the city of Moscow from 5.04.2000, which held to dismiss the claim of Gareyev D.R., Gareyeva Ye.V. against V.V. Volnov et al. to consider unlawful the actions and decisions to convene and hold the General meeting of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and to hold invalid the decisions of the extraordinary General meeting of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from 04.03.2000,

HAS ESTABLISHED:

In accordance with the statement of claim Gareyev D.R. and Gareyeva Ye.V. made recourse to the court with a complaint against V.V. Volnov, D.Yu. Khourshoudov, S.V. Shirokova, G.V. Lutsik, Ya.A. Kamensky, A.G. Mordvinov, K.A. Ivanov, "Euroconsult Corporation Ltd." to consider unlawful the actions and decisions of the respondents to convene and hold the General meeting of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and to hold invalid the decisions of the extraordinary General meeting of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from 04.03.2000, alleging violation of the Law of the Russian Federation "On joint-stock companies", the court passed the above decision which Gareyev D.R. and Gareyeva Ye.V. in their cassational complaint ask to be reversed.

Having examined the materials in the case, discussed the arguments advanced in the cassational complaint, heard Gareyeva Ye.V., K.A. Ivanov, V.V. Shirokov — representative of S.V. Shirokova, B.A. Zhuikov — representative of V.V. Volnov, the panel of judges believes that the decision of the court should be reversed, with the complaints of Gareyev D.R. and Gareyeva Ye.V. being left without consideration for the following reasons:

In accordance with Article 4 of the RSFSR Civil Procedure Code civil suit consideration is initiated in the court by the application of a person making recourse thereto for the protection of his tight or interest protected by law.

From the materials in the case it follows that Gareyev D.R. and Gareyeva Ye.V. made recourse to the court in 2000 with the above-mentioned complaint, which was considered by the court and the decision was passed on 05.04.2000.

Meanwhile from the cassational complaint of Gareyev D.R. and Gareyeva Ye.V., their applications addressed to the Moscow city court it seems that they did not make recourse to the court, issued no powers of attorney to be represented in the court, and were not informed by the court of the time and place of the court session.

These arguments of Gareyev D.R. and Gareyeva Ye.V. are confirmed by the materials in the case, in which there is no data of notifying the parties of the time and place of the court session. The case was considered by the court in absence of the claimants, the minutes of the court session of 05.04.2000 stating that there was a representative of the claimants present at the hearings.

Proceeding from Article 151 of the RSFSR Civil Procedure Code, the court in hearing a case in a court session is to establish the identity of all parties in the procedure, and also check the authority of the representatives.

Meanwhile, the court failed to establish the identity of the representative of the claimants, the minutes of the court session contain no surname, name or patronymic of the said person or the address of his place of residence. His authority was not checked, there is no power of attorney in the case, there is no note in the minutes as to its correspondence to the requirements of Article 45 of the RSFSR Civil Procedure Code or its certification.

According to Article 221.3 of the RSFSR Civil Procedure Code, the court is to dismiss the statement of claim if the statement of claim drawn in the name of the party in interest is filed by a person not authorized to conduct the case. As it has been established that Gareyev D.R. and Gareyeva Ye.V. did not file a statement of claim with the court, the decision of the court is to be reversed, and the statement of claim filed on their behalf is to be left without consideration.

Being guided by Articles 304 and 305 of the RSFSR Civil Procedure Code, the Panel of Judges

HAS DETERMINED:

To reverse the decision of the Meshchansky inter-municipal regional court of the city of Moscow from 5.04.2000; to leave the statement of claim of Gareyev D.R. and Gareyeva Ye.V. without consideration.

Presiding judge [signature]
Judges [signature]

True copy
Judge [signature]
Secretary [signature]

ф. № 20

н/судья Наумова Е.И.

# Определение

гр. Д. № 33-2238

уг.

« 6 » III 2001 г. Судебная коллегия по гражданским делам Московского городского суда в составе председательствующего Ульяновой Е.Н.

и судей Гороховой Н.Ф., Горбуновой И.В.

с участием прокурора

и адвокатов

заслушав в открытом судебном заседании по докладу Горбуновой И.В.

дело по кассационной жалобе Гареевых Э.Р., Е.В.

на приговор / решение Мещанского межмуниципального районного народного суда г. Москвы

от « 5 » IV 2000 г., которым постановлено: в иске Гарееву Э.Р., Гареевой Е.В. и Волкову В.В. и другим о признании незаконными действий и решений по созыву и проведению общего собрания ОАО „Качканарский ГОК „Ванадий" и признании недействительными решений внеочередного общего собрания ОАО „Качканарский ГОК „Ванадий" от 4.2.3.2000 г. отказать.

установила:

Согласно исковому заявлению [illegible]

было Гареевы Д.Р. и Е.В. обратились в суд с иском к Воронову В.В., Журидову Т.Ю., Смирновой С.В., Евзик Г.В., Каменченко Я.А., Морозовичеву Я.П., Иванову Н.Я., компании «Евроконсулт корпорейшн Лимитед» о признании незаконными действий и решений ответчиков по созыву и проведению общего собрания ОАО „Качканарский ГОК „Ванадий", признании решений внеочередного общего собрания ОАО „Качканарский ГОК „Ванадий" от 4.03.2000 г. недействительными, ссылаясь на нарушение закона РФ „Об акционерных обществах".

Суд постановил вышеуказанное решение, об отмене которого просят в кассационной жалобе Гареевы Д.Р., Е.В.

Проверив материалы дела, обсудив доводы кассационной жалобы, выслушав Гареева Д.Р., Иванова Н.Я., представителя Смирновой С.В. Смирнова В.В., представителя Воронова В.В. [illegible] [illegible] [illegible]

Судебное решение подлежит отмене с оставлением без рассмотрения заявления Гареевых Д.Р., Е.В. по следующим основаниям.

В соответствии со ст. 4 ГПК РСФСР гражданское дело возбуждается в суде по заявлению лица, обратившегося за защитой своего права или охраняемого законом интереса.

Из материалов дела следует, что Гареевы Д.Р., Е.В. обратились в суд в 2000 году с вышеуказанным иском, который был рассмотрен судом с вынесением решения 5.04.2000 года.

Между тем, из кассационной жалобы Гареевых Д.Р., Е.В., их заявлений адресованных в Московский городской суд, усматривается, что они в суд с исковыми заявлениями не обращались, доверенности на представление их интересов в суде не выдавали, о месте и времени рассмотрения дела судом не извещались.

Однако доводы Гареевых Д.Р., Е.В. [illegible] материалами дела [illegible]

[illegible]
[illegible] уведомлении
сторон о месте и време-
ни проведения судебного
заседания. Дело было
рассмотрено судом в
отсутствие истцов, в
протоколе судебного засе-
дания от 5 авг. 2000 г.
указано, что в судебное
заседание явился
представитель истцов.
В силу ст. 157 ГПК РСФСР
суд при рассмотрении
дела в судебном заседа-
нии обязан установить
личность всех участников
процесса, а также прове-
рить полномочия предста-
вителей.
Между тем личность
представителя истцов уста-
новлена судом не была;
в протоколе судебного за-
седания не указаны
фамилия, имя, отчество
его, адрес места жи-
тельства. Его полномо-
чия доверенностью не были
подтверждены, в деле от-
сутствуют, в протоколе
не имеется сведений о
том, соответствуют ли они
требованиям ст. 45 ГПК
РСФСР, кем они удосто-
верены.
[illegible] ст. 237 ГПК
[illegible]

[illegible], если заявление от имени заинтересованного лица подано лицом, не имеющим полномочий на ведение дела.

Поскольку установлено, что Гаревы Д.Р. Е.В. с исковыми заявлениями в суд не обращались, то решение суда подлежит отмене, а исковое заявление, поданное от их имени — оставлению без рассмотрения.

Руководствуясь ст. ст. 304, 305 ГПК РСФСР, Судебная коллегия определила:

решение Мещанского межмуниципального суда г. Москвы от 5.04.2000 г. отменить, исковое заявление Гаревых Д.Р., Е.В. оставить без рассмотрения.

Председательствующий

Судьи:

Копия верна

Судья

Секретарь

**DECISION**
**In the name of the Russian Federation**

April 05, 2000
Meshchansky inter-municipal regional court
of the Central administrative district of the city of Moscow
In the composition of the presiding judge Ye.M. Naumova
and secretary A.A. Samarkhanova
Having considered in the open court session the civil suit initiated by the complaint of Gareyev D.R. and Gareyeva Ye.V. against V.V. Volnov, D.Yu. Khourshoudov, S.V. Shirokova, G.B. Lutsik, Ya.A. Kamensky, A.R. Mordvinov, K.A. Ivanov and "Euroconsult Corporation Ltd." to consider unlawful the actions and decisions to convene and hold the General meeting and to hold invalid the decisions of the General meeting of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from March 04, 2000

HAS ESTABLISHED:

Gareyeva Ye.V., being a shareholder of OAO "Kachkanar ore mining and processing enterprise "Vanadium", and Gareyev D.R. made recourse to the court with a complaint against V.V. Volnov, D.Yu. Khourshoudov, S.V. Shirokova, G.B. Lutsik, Ya.A. Kamensky, A.R. Mordvinov, K.A. Ivanov and "Euroconsult Corporation Ltd.", alleging that in the course of preparing and holding the extraordinary General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" having taken place on March 04, 2000, the said persons violated the norms of the legislation and subsidiary legal acts regulating the order and holding the General meeting of a joint-stock company and infringed their rights as a shareholder of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and member of the Council of directors, respectively.

To prove their claims the complainants refer to the fact that the Council of directors of the said company failed to state the date and establish the order of holding the meeting, the order of informing the shareholders of its holding, as well as the list of the materials (information) to be presented to the shareholders in the course of preparation for the General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium", and that in the holding of the meeting there were breached the norms of the Federal law "On joint-stock companies".

The representative of the respondents disagreed with the demands stated in the complaint for the reasons stated in his answer thereto.

Having studied the materials in the case and heard the explanations of the parties, the court finds the complaint not to be subject to satisfaction for the following reasons.

According to Article 50.1 of the Federal law "On joint-stock companies", the decision of the General meeting of the shareholders on the issues stipulated by Article 47.1 of the Federal law "On joint-stock companies" may not be taken by absentee voting (poll voting). The issues listed in Article 47.1 of the Federal law "On joint-stock companies" include, inter alia, the election of the members of the Council of directors (supervisory board) of the company.

According to Article 60.1 of the Federal law "On joint-stock companies", a joint-stock company with more than one thousand of the shareholders owning the voting shares of the company is to send to the shareholders voting ballots within the time limits and in

the order stipulated by Article 52 of the said Federal law "On joint-stock companies", and to receive the voting ballots in accordance with Article 58.2 of the Federal law "On joint-stock companies". The voting ballots are to be mailed by registered letters.

From the materials in the case it is seen and in the court session it has been established that the extraordinary General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" was held on March 4 on the initiative of Euroconsult Corporation Ltd. — a shareholder of OAO "Kachkanar ore mining and processing enterprise "Vanadium" owning more than 10 per cent of the voting shares of the company.

The meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" was held in a mixed form, its decisions taken, inter alia, by absentee voting (poll voting). Together with the absentee voting held by mailing voting ballots to the shareholders, there was also held a meeting of the shareholders, i.e. their joint presence to discuss the items of the agenda and take decisions on the issues put forward for voting, which is confirmed by the materials in the case.

The agenda of the meeting included the following issues: early termination of the powers of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium", election of the members of the Council of directors.

Evaluating the evidence gathered on the matters in the case in their totality, taking into account the actual circumstances of the case, the court has come to the following conclusions.

The court has established that the meeting took the decision on the matters referred to its competence in accordance with the law and Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

Besides, the said questions may be decided by the General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" in accordance with Clause 10.2.4 of the Articles of Incorporation of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

The court has established that in accordance with Article 54 of the Federal law "On joint-stock companies", it is not only the Council of directors that is entitled to state the date and establish the order of holding the meeting, the order of informing the shareholders of its holding, as well as the list of the materials (information) to be presented to the shareholders in the course of preparation for the General meeting, but also the persons convening the meeting on their own initiative, that is why in the present instance the said actions could also be taken by Euroconsult Corporation Ltd.

The persons voting on the issues put forward for voting were those allowed to vote in accordance with the requirements of Article 49.1 of the Law. The claimants have failed to submit any evidence on the alleged participation of "other persons" in the work of the meeting.

In accordance with the submitted minutes, all decisions of the said meeting were taken by the required number of votes given by the shareholders owning the voting shares of the company and taking part in the meeting (Article 49.2 and 49.4 of the Law).

The claimants have failed to submit any evidence on the fact of errors made by the accounting committee of the meeting when organizing and holding the meeting or counting the votes.

From the materials in the case submitted by the representative of the respondents it follows that the number of the members and personal composition of the accounting committee were duly approved.

In accordance with Article 55.6 of the Law, if the Council of directors (supervisory board) of the company does not take the decision to convene an

extraordinary General meeting of the shareholders, the extraordinary General meeting of the shareholders may be convened by the persons requesting that it be convened.

The right to convene an extraordinary General meeting of the shareholders in case of the Council of directors refusing to so convene it belongs to the shareholder. Exercising this right, the shareholder owning more than 10 per cent of the voting shares of the company in convening an extraordinary General meeting is to settle organizational issues pertaining to its holding, and may, inter alia, approve by his decision the composition of the accounting committee or otherwise establish the order of its formation, without which it is impossible to hold a General meeting.

In the given instance this right was exercised by Euroconsult Corporation Ltd. — a shareholder of OAO "Kachkanar ore mining and processing enterprise "Vanadium" convening an extraordinary General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium". By its decision of January 15, 2000 Euroconsult Corporation Ltd. convened an extraordinary General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" in the order stipulated by Article 55.6 of the Law, and also set up an organizational committee for its preparation and holding. By its decision of January 28, 2000 the organizational committee approved the reserve members of the accounting committee (Minutes No. 2, clause 4). Taking into account the fact that the permanent accounting committee did not perform its duties at the said meeting, its reserve members, duly approved by the organizational committee, performed its functions at the meeting.

In accordance with Article 48.2 of the Law the matter of setting up an accounting committee is referred to the exclusive competence of the General meeting of the shareholders and may not be delegated to the Council of directors or an executive body of the company.

However, the said norms of the company legislation establish the division of powers among various managing bodies of a joint-stock company. The shareholder of the company convening and holding an extraordinary General meeting of the shareholders on his own initiative does not act in this instance as a managing body of the company. He does not act on behalf of the company, but only exercises his right to take part in the management of the joint-stock company by convening and holding the extraordinary General meeting and settling all organizational matters pertaining to its holding, including, if so required, the appointment of the accounting committee or establishment of the order of its formation.

Taking the above into account, the court does not view the fact of the appointment of the accounting committee members by the organizational committee for the preparation and holding of the extraordinary General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" as a breach of legislation.

Among the persons included in the accounting committee there were not appointed any persons not allowed to be included therein in accordance with Article 56.2 of the Law. Contrary to the allegations of the claimant, neither the members of the Council of directors (supervisory board) of OAO "Kachkanar ore mining and processing enterprise "Vanadium", nor the members of the Auditing committee of OAO "Kachkanar ore mining and processing enterprise "Vanadium", the sole executive body of the company (Director General), persons nominated to the Council of directors at the said meeting were appointed members of the accounting committee.

The voting ballots (presented to the court) fully corresponded to the requirements of the law. In particular, they contained the full trade name of the company; the date and time of holding the General meeting of the shareholders; the statement of each issue put forward for voting and priority order of its consideration; the options for voting on each

issue put forward for voting stated by the forms "Yes", "No", "Abstained"; the notice that the voting ballot is to be signed by the shareholder; the data on the nominees for election to the Council of directors including their surnames, names and patronymics, as stipulated by Articles 50.3 and 60.3 of the Federal law "On joint-stock companies".

The voting ballots for absentee voting were mailed to the shareholders in accordance with the time limits established by Article 50.3 of the Federal law "On joint-stock companies".

There was no breach in the time limits for the drawing of a list of the shareholders having the right to take part in the meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" stipulated by Article 51.1 of the Federal law "On joint-stock companies". This list contained all the data mandatory to be stated therein in accordance with Article 51.3 of the Law. In particular, it contained the name of each shareholder, his address (its location), the data on the number, category and type of the shares owned by him (it).

The list of the shareholders having the right to take part in the General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium", in full compliance with the law, was presented for study by the organizational committee of the meeting at the request of the persons entered in the register of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and owning 10 and more per cent of the votes at the General meeting of the shareholders. The shareholders were also allowed access to information on their inclusion in the list of the shareholders having the right to take part in the General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

Thus, the requirements stipulated by Article 51.4 of the Law were observed. After the said list was drawn, no amendments were introduced therein, as it is required by Article 51.5 of the Law.

The written notices on the holding of an extraordinary General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium", mandatory in accordance with Article 52.2 of the Law, were mailed to the shareholders, which is confirmed by the text of the notice and post office mailing documents presented by the respondents.

The time limits for informing the shareholders of the holding of the General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" established by Article 52.2 of the Law were not violated.

The said notice contained, in accordance with the requirements of Article 52.3 of the Law, the following information: the name and address of the company; the date, time and place of holding the General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium"; the date of drawing the list of the shareholders having the right to take part in the General meeting of the shareholders; the items of the agenda of the General meeting of the shareholders; the order of allowing the shareholders access to the information (materials) to be submitted to the shareholders in the course of preparation for the holding of the General meeting of the shareholders.

The information (materials) to be submitted to the shareholders in the course of preparation for the holding of the General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" fully included the data stipulated by Article 52.3 of the Law. In particular, it contained the data about the nominees to the Council of directors (supervisory board) of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

On the basis of the submitted evidence the court established that the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" were given access

to the information (materials) to be submitted to them in the course of preparation for the holding of the General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

The shareholders owning two and more per cent of the voting shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium" were invited to name candidates to the Council of directors (supervisory board) of OAO "Kachkanar ore mining and processing enterprise "Vanadium". The court has found no facts of ungrounded refusal to satisfy such requests of the shareholders. The respondents did not breach the time limits for the taking of such decision established by Article 53.4 of the Law. Neither have there been revealed any unmotivated refusals or breaches in the time limits for their mailing as stipulated by Article 53.5 of the Law.

An extraordinary General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" could be convened by the decision of Euroconsult Corporation Ltd., as in accordance with Article 55.1 of the Law it owns 10 per cent of the voting shares of the company.

The request to convene an extraordinary General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" made by the shareholder contained all data mandatory therefor in accordance with Article 55.3 of the Law.

In the course of the court proceedings it has been established that the meeting was held not in the place and time approved by the organizational committee and stated in the notice of the General meeting given to the shareholders.

In accordance with the said notice, the meeting was to be held on March 4, 2000 in the premises of the Kachkanar town leisure center (20 ul. Sverdlova) at 12:00 A.M., and the registration of the shareholders for their participation in the work of the meeting — at the same place from 10:00 till 11:30 A.M. Meanwhile, the meeting was held not in the place and time stated, but was transferred by the organizational committee to the entrance to the settlement of Valerianovsk, Kachkanar at 1:00 P.M. This is confirmed by the submitted Minutes No. 3 of the meeting of the organizational committee for the preparation and holding of the extraordinary General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium". However, it was impossible to hold the meeting in Kachkanar due to the prohibition of the Kachkanar town administration to hold any unauthorized meetings or mass actions on the territory of the administrative unit on March 4 and 5, 2000. As a result of fulfillment of the said administrative order, the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" arriving to the meeting were unable to enter the town at the time and place approved earlier in connection with the said prohibition and due to the militia officials carrying out the said actions, and the organizational committee took the decision to transfer the meeting to another place and to change the time for its holding.

All the shareholders arriving to the meeting were informed by the organizational committee in advance of the change of the time and place of the meeting.

Taking the above into account, the court considers the said transgression insignificant and not affecting the validity of the decisions taken by the meeting.

The reference made by the claimants to the fact that at the time of the meeting there was effective the prohibition to hold meetings established by the determination of the Arbitrazh Court for the Sverdlovsk oblast from February 29, 2000 and the Kachkanar town court from February 15, 2000 is unfounded, as in accordance with Article 49.8 of the Federal law "On joint-stock companies" the shareholder may challenge in court the decision taken by the General meeting of the shareholders in violation of the requirements of the Federal law "On joint-stock companies", other legal acts of the Russian Federation

or the Articles of Incorporation of the company if he did not take part in the General meeting of the shareholders or voted against such decision and the said decision infringes his rights and legal interests, so that the breach of the court prohibition to hold a General meeting does not form an unquestionable foundation to invalidate the decisions of the said meeting. There has been established no infringement of the rights and legal interests of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" in holding the extraordinary General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" on March 4, 2000, despite the prohibition to hold this meeting according to the determination of the Arbitrazh Court for the Sverdlovsk oblast from February 29, 2000.

The materials in the case also contain the decision of the head of the investigating department at the Sredneuralsky transport internal affairs department from 29.02.2000, prohibiting the voting by the shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium" at the meetings of its shareholders. However, the Perovsky inter-municipal court of Moscow by its determination from March 3, 2000 suspended the execution of the said decision to the extent of its prohibiting to vote by the shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

Taking the above into account, the court proceeds from the fact that after the determination of the Perovsky court to suspend the execution of the investigator's decision prohibiting to vote by the shares the said decision to that extent was not effective at the time of the meeting, and, consequently, this argument may not be considered as the foundation to hold the decisions of the General meeting invalid.

Under the circumstances the court is of the opinion that in convening and holding the extraordinary General meeting of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" held on March 4, 2000, there was no breach of legislation, and, consequently, the stated claims are not subject to satisfaction.

On the basis of the above, being guided by Articles 47 to 58 of the Federal law "On joint-stock companies" and Article 191 to 197 of the RSFSR Civil Procedure Code, the court

HAS DECIDED:

To refuse to satisfy the complaint of Gareyev D.R. and Gareyeva Ye.V. against V.V. Volnov, D.Yu. Khourshoudov, S.V. Shirokova, G.B. Lutsik, Ya.A. Kamensky, A.R. Mordvinov, K.A. Ivanov and "Euroconsult Corporation Ltd." to consider unlawful the actions and decisions to convene and hold the General meeting and to hold invalid the decisions of the extraordinary General meeting of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from March 04, 2000.

The decision may be appealed to the Moscow city court within 10 days.

Federal Judge
The decision entered into force on 17.04. 2000
Judge [signature]
Secretary [signature]

True copy
Judge [signature]
Secretary [signature]

# РЕШЕНИЕ
## Именем Российской Федерации

05 апреля 2000 года

Мещанский межмуниципальный суд ЦАО г. Москвы
в составе председательствующего судьи Наумовой ЕМ
при секретаре Самархановой АА
рассмотрев в открытом судебном заседании гражданское дело по иску Гареевых ЕВ, ДА к Вольнову ВВ, Хуршудову ТЮ, Широковой СВ, Луцик ГБ, Каменскому ЯА, Мордвинову АР, Иванову КА и компании «Евроконсульт корпорейшен лимитед» о признании незаконными действий и решений по созыву и проведению общего собрания, признании недействительным решения общего собрания ОАО «Качканарский ГОК «Ваннадий» от 04 марта 2000 года

установил:

Гареева Е. В., являясь акционером ОАО "Качканарский ГОК "Ванадий" и Гареев Д.А. обратились в суд с иском к Вольнову В.В., Хуршудову Т. Ю., Широковой С. В., Луцик Г. Б., Каменскому Я. А., Мордвинову А. Р., Иванову К. А. и компании "Евроконсульт корпорейшн лимитед", считая, что указанными лицами при подготовке и проведении внеочередного общего собрания акционеров ОАО "Качканарский ГОК "Ванадий", состоявшегося 4 марта 2000 г., были нарушены нормы законодательства и подзаконных актов, регулирующие порядок и проведение общего собрания акционерного общества, а также их права как акционера ОАО "Качканарский ГОК "Ванадий" и члена совета директоров соответстаенно.

Истцы в обоснование своих требований ссылаются на то, что дата и порядок проведения этого собрания, порядок сообщения акционерам о его проведении, а также перечень предоставляемых акционерам материалов (информации) при подготовке к проведению общего собрания акционеров ОАО "Качканарский ГОК "Ванадий" советом директоров названного общества установлены не были, при проведении собрания нарушены нормы ФЗ "Об акционерных обществах".

Представитель ответчиков иск не признал по основаниям, изложенным в отзыве на иск.

Суд, проверив материалы дела, выслушав объяснения сторон, находит иск не подлежащим удовлетворению по следующим основаниям.

Согласно п. 1 ст. 50 Федерального закона "Об акционерных обществах" решение общего собрания акционеров по вопросам, указанным в пункте 1 статьи 47 Федерального закона "Об акционерных обществах", не может быть принято путем проведения заочного голосования (опросным путем). К вопросам, указанным в п. 1 ст. 47 Федерального закона "Об акционерных обществах", относится в том числе вопрос об избрании членов совета директоров (наблюдательного совета) общества.

Согласно п.1 ст. 60 Федерального закона "Об акционерных обществах" акционерное общество с числом акционеров - владельцев голосующих акций общества более одной тысячи обязано направить акционерам бюллетени для голосования в сроки и в порядке, предусмотренные статьей 52 настоящего Федерального закона "Об акционерных обществах", и осуществить прием бюллетеней для голосования в соответствии с пунктом 2 статьи 58 Федерального закона "Об акционерных обществах". Рассылка бюллетеней для голосования осуществляется заказным письмом.

Как усматривается из материалов дела и установлено в судебном заседании, внеочередное общее собрание акционеров ОАО "Качканарский ГОК "Ванадий" было проведено 4 марта по инициативе компании "Евроконсульт корпорейшн лимитед" - ак-