ционера ОАО "Качканарский ГОК "Ванадий", владеющего более 10 процентов голосующих акций общества.

Собрание акционеров ОАО "Качканарский ГОК "Ванадий" было проведено в смешанной форме, решения его принимались, в том числе и путем проведения заочного голосования (опросным путем). Наряду с заочным голосованием, которое проводилось путем рассылки акционерам бюллетеней для голосования, было проведено также собрание акционеров, то есть их совместное присутствие для обсуждения вопросов повестки дня и принятия решений по вопросам, поставленным на голосование, что подтверждается материалами дела.

В повестку дня собрания были включены следующие вопросы: досрочное прекращение полномочий совета директоров ОАО « Качканарский ГОК «Ваннадий», избрание членов совета директоров.

Оценивая собранные по делу доказательства в их совокупности, учитывая конкретные обстоятельства дела, суд приходит к следующим выводам.

Судом установлено, что собрание приняло решение по вопросам, которые относились к его компетенции согласно закону и уставу ОАО "Качканарский ГОК "Ванадий".

Кроме этого, указанные вопросы могут решаться общим собранием акционеров ОАО "Качканарский ГОК "Ванадий" в соответствии с п. 10.2.4 Устава ОАО "Качканарский ГОК "Ванадий".

Судом установлено, что в соответствии со ст. 54 Федерального закона "Об акционерных обществах" решать вопросы о дате и порядке проведения собрания, порядке сообщения акционерам о его проведении, а также определять перечень предоставляемых акционерам материалов (информации) при подготовке к проведению общего собрания может не только совет директоров, но и лица, созывающие собрание по собственной инициативе, а потому в данном случае указанные действия могла произвести и компания "Евроконсульт корпорейшн лимитед".

По вопросам, поставленным на голосование на указанном собрании, голосовали только те лица, которые могли голосовать в соответствии с требованиями п. 1 ст. 49 Закона. Доказательств об участии в работе собрания "иных лиц", как утверждают истцы, ими не представлено.

Согласно представленному протоколу все решения указанного собрания набрали необходимое большинство голосов акционеров - владельцев голосующих акций общества, принимающих участие в собрании (п. 2 и п. 4 ст. 49 Закона).

Истцами не представлено доказательств, подтверждающих факт допущения счетной комиссией собрания каких-либо ошибок при организации и проведении собрания и подсчете голосов.

Из имеющихся в деле материалов, представленных представителем ответчиков, усматривается, что количественный и персональный состав счетной комиссии были надлежащим образом утверждены.

В соответствии с п. 6 ст. 55 Закона в случае, если советом директоров (наблюдательным советом) общества не принято решение о созыве внеочередного общего собрания акционеров, то внеочередное общее собрание акционеров может быть созвано лицами, требующими его созыва.

Право на созыв внеочередного общего собрания в случае отказа в созыве со стороны совета директоров является правом акционера. Реализуя это право, акционер, обладающий более 10 процентов голосующих акций общества, при созыве внеочередного общего собрания решает организационные вопросы его проведения, в том числе может утверждать своим решением состав счетной комиссии или иным образом определять порядок ее формирования, без чего невозможно проведение общего собрания

В данном случае этим правом воспользовался акционер ОАО "Качканарский ГОК "Ванадий", созвавший внеочередное общее собрание ОАО "Качканарский ГОК "Ванадий" – компания "Евроконсульт корпорейшн лимитед". Решением компании "Евроконсульт корпорейшн лимитед" от 15 января 2000 г. было созвано внеочередное общее собрание акционеров ОАО "Качканарский ГОК "Ванадий" в порядке, предусмотренном п. 6 ст. 55 Закона, а также создан оргкомитет по его подготовке и проведению. Решением оргкомитета от 28 января 2000 г. был утвержден запасной состав счетной комиссии (п. 4 протокола № 2). Учитывая тот факт, что постоянно действующая счетная комиссия не выполняла свои обязанности на данном собрании, то запасной состав ее, надлежащим образом утвержденный оргкомитетом, осуществлял ее функции при его проведении.

В силу п. 2 ст. 48 Закона вопрос образования счетной комиссии относится к исключительной компетенции общего собрания акционеров и не может быть передан на решение совета директоров либо исполнительного органа общества.

Однако, указанные нормы акционерного законодательства устанавливают разделение компетенции между различными органами управления АО. Акционер общества, созывающий и проводящий по своей инициативе внеочередное общее собрание акционеров, не выступает в данном случае как орган управления обществом. Он не действует от имени общества, но лишь реализует свое право на участие в управлении АО, созывая и проводя внеочередное общее собрание и определяя все организационные вопросы его проведения, в том числе назначая в необходимых случаях состав счетной комиссии или определяя порядок ее образования.

Учитывая вышеизложенное, суд не усмотрел в факте назначения членов счетной комиссии оргкомитетом по подготовке и проведению внеочередного общего собрания акционеров ОАО "Качканарский ГОК "Ванадий" нарушения законодательства.

В состав счетной комиссии не были включены лица, которые в соответствии с п. 2 ст. 56 Закона не могут в нее входить. Ни члены совета директоров (наблюдательного совета) ОАО "Качканарский ГОК "Ванадий", ни члены ревизионной комиссии ОАО "Качканарский ГОК "Ванадий", ни единоличный исполнительный орган общества (генеральный директор), ни лица, выдвигавшиеся кандидатами в члены совета директоров на указанном собрании не были в ее составе вопреки с утверждениями истца.

Бюллетени для голосования (представленные в суд) полностью соответствовали требованиям, предъявляемым законом. В частности, в них содержались полное фирменное наименование общества; дата и время проведения общего собрания акционеров; формулировка каждого вопроса, поставленного на голосование, и очередность его рассмотрения; варианты голосования по каждому вопросу, поставленному на голосование, выраженные формулировками "за", "против" или "воздержался"; указание о том, что бюллетень для голосования должен быть подписан акционером; сведения о кандидатах в члены совета директоров с указанием их фамилий, имени и отчества, как это и предусмотрено п. 3 ст. 50 и п. 3 ст. 60 Федерального закона "Об акционерных обществах".

Бюллетени для заочного голосования рассылались акционерам в соответствии со сроками, установленными п. 3 ст. 50 Федерального закона "Об акционерных обществах".

Не были нарушены сроки составления списка акционеров, имеющих право на участие в собрании акционеров ОАО "Качканарский ГОК "Ванадий", предусмотренные п. 1 ст. 51 Федерального закона "Об акционерных обществах". Этот список содержал все сведения, указание которых являлось обязательным согласно п. 3 ст. 51 Закона. В частности, в нем содержались имя (наименование) каждого акционера, его адрес (место нахождения), данные о количестве, категории и типе принадлежащих ему акций

Список акционеров, имеющих право на участие в общем собрании акционеров ОАО "Качканарский ГОК "Ванадий", в полном соответствии с законом представлялся оргкомитетом собрания для ознакомления по требованию лиц, зарегистрированных в реестре акционеров ОАО "Качканарский ГОК "Ванадий" и обладающих 10 и более процентами голосов на общем собрании акционеров. Также акционерам предоставлялась информация о включении их в список, имеющих право на участие в общем собрании акционеров ОАО "Качканарский ГОК "Ванадий".

Таким образом, были выполнены обязанности, предусмотренные п. 4 ст. 51 Закона. После составления указанного списка в него не вносилось изменений, как того и требует п. 5 ст. 51 Закона.

Акционерам направлялись письменные уведомления о проведении внеочередного собрания акционеров ОАО "Качканарский ГОК "Ванадий", являющиеся обязательными согласно п. 2 ст. 52 Закона, что подтверждается представленными ответчиками текстом уведомления и почтовыми документами о его рассылке.

Не был нарушен срок сообщения акционерам о проведении общего собрания акционеров ОАО "Качканарский ГОК "Ванадий", установленный п. 2 ст. 52 Закона и уставом общества.

Указанное сообщение содержало, в соответствии с требованиями п. 3 ст. 52 Закона, следующие сведения: наименование и место нахождения общества; дата, время и место проведения общего собрания акционеров ОАО "Качканарский ГОК "Ванадий"; дата составления списка акционеров, имеющих право на участие в общем собрании акционеров; вопросы, включенные в повестку дня общего собрания акционеров; порядок ознакомления акционеров с информацией (материалами), подлежащей представлению акционерам при подготовке к проведению общего собрания акционеров.

В информацию (материалы), подлежащую представлению акционерам при подготовке к проведению общего собрания акционеров ОАО "Качканарский ГОК "Ванадий", были полностью включены сведения, предусмотренные п. 4 ст. 52 Закона. В частности, там содержались сведения о кандидатах в совет директоров (наблюдательный совет) ОАО "Качканарский ГОК "Ванадий".

На основе представленных доказательств суд установил, что акционерам ОАО "Качканарский ГОК "Ванадий" была предоставлена возможность ознакомиться с информацией (материалами), подлежащей представлению им при подготовке к проведению общего собрания акционеров ОАО "Качканарский ГОК "Ванадий".

Акционерам, владеющим 2 и более процентов голосующих акций ОАО "Качканарский ГОК "Ванадий", было предложено выдвинуть кандидатов в совет директоров (наблюдательный совет) ОАО "Качканарский ГОК "Ванадий". Суд не установил фактов необоснованных отказов в удовлетворении таких требований акционеров. Ответчиками не нарушались сроки принятия такого решения, установленные п. 4 ст. 53 Закона. Фактов безмотивных отказов или опозданий в их отправлении против сроков, предусмотренных п. 5 ст. 53 Закона, также не установлено.

Внеочередное общее собрание акционеров ОАО "Качканарский ГОК "Ванадий" могло быть созвано по решению компании "Евроконсульт корпорейшн лимитед", так как она в соответствии с п. 1 ст. 55 Закона обладает 10 процентами голосующих акций общества.

Требование о созыве внеочередного общего собрания акционеров ОАО "Качканарский ГОК "Ванадий", исходившее от акционера, содержало все сведения, обязательные согласно п. 3 ст. 55 Закона.

В ходе судебного разбирательства было установлено, что собрание было проведено не в то время, и не в том месте, которые были утверждены оргкомитетом и содержались в сообщении о проведении общего собрания, направляемого акционерам.

Согласно указанному сообщению собрание должно было происходить 4 марта 2000 г. в помещении Городского центра досуга г. Качканар (ул. Свердлова, 20) в 12 часов, а регистрация акционеров для участия в работе собрания – там же с 10 до 11.30 часов. Между тем собрание было проведено не в указанном месте и в указанное время, а было перенесено оргкомитетом на въезд в пос. Валерьяновск, гор. Качканар на 13.30 часов. Это подтверждается представленным протоколом № 3 заседания оргкомитета по подготовке и проведению внеочередного общего собрания акционеров ОАО "Качканарский ГОК "Ванадий" . Однако собрание не могло быть проведено в г. Качканар в связи с наличием запрета со стороны администрации г. Качканар на проведение на территории муниципального образования несанкционированных митингов и массовых шествий 4 и 5 марта 2000. В результате выполнения указанного постановления прибывшие на собрание акционеры ОАО "Качканарский ГОК "Ванадий" не смогли проехать в город собрания в утвержденном заранее месте и время в связи с наложением данного запрета и производством сотрудниками милиции указанных действий, оргкомитет принял решение о переносе собрания в другое место и изменении времени его проведения.

Все прибывшие на собрание акционеры были заранее оповещены оргкомитетом о переносе места собрания и изменении времени.

Учитывая вышеизложенное, суд считает указанное нарушение несущественным и не влияющим на законность принятых собранием решений.

Ссылка истцов на то обстоятельство, что на период проведения собрания действовал запрет на проведение собраний согласно определения Арбитражного суда Свердловской области от 29 февраля 2000 г. и Качканарского горсуда от 15 февраля 2000 г. несостоятельна поскольку согласно п. 8 ст. 49 Федерального закона "Об акционерных обществах" акционер вправе обжаловать в суд решение, принятое общим собранием акционеров с нарушением требований Федерального закона "Об акционерных обществах", иных правовых актов Российской Федерации, устава общества, в случае, если он не принимал участия в общем собрании акционеров или голосовал против принятия такого решения и указанным решением нарушены его права и законные интересы, в связи с чем нарушение судебного запрета на проведение общего собрания не является безусловным основанием к признанию решений указанного собрания недействительными. Нарушений прав и законных интересов акционеров ОАО "Качканар ГОК "Ванадий" при проведении внеочередного общего собрания ОАО "Качканарский ГОК "Ванадий" 4 марта 2000 г., несмотря на наличие запрета проводить это собрание согласно определению Арбитражного суда Свердловской области от 29 февраля 2000 г не установлено.

В материалах дела имеется также постановление начальника следственного управления при Среднеуральском УВД на транспорте от 29.02.2000 г., которым запрещено голосовать акциями ОАО «Качканарский ГОК «Ванадий» на с собраниях акционеров. Однако определением Перовского межмуниципального суда г. Москвы от 3 марта 2000 г. исполнение вышеназванного постановления в части наложения запрета голосовать акциями ОАО «Качканарский ГОК Ванадий» приостановлено.

Учитывая вышеизложенное, суд исходил из того, что после вынесения определения Перовским судом о приостановлении действия постановления следователя в части запрета голосовать акциями, указанное постановление в этой части не действовало на момент проведения собрания, а потому этот довод не может быть признан основанием для признания решений общего собрания недействительными.

При таких обстоятельствах суд приходит к выводу о том, что при созыве и проведении внеочередного общего собрания акционеров ОАО "Качканарский ГОК "Вана-

дий", проведенного 4 марта 2000 г, не было допущено нарушений законодательства, а потому заявленные исковые требования удовлетворению не подлежат.

На основании изложенного, руководствуясь ст. ст. 47- 58 Федерального закона "Об акционерных обществах" и ст. 191-197 ГПК РСФСР суд

р е ш и л :

В иске Гарееву ДА, Гареевой ЕВ к Вольнову ВВ, Хуршудову ТЮ, Широховой СВ, Луцик ГБ, Каменскому ЯА, Мордвинову АР, Иванову КА, компании «Евроконсульт корпорейшн лимитед» о признании незаконными действий и решений по созыву и проведению общего собрания ОАО «качканарский ГОК «Ваннадий» и признании недействительными решений внеочередного общего собрания ОАО «Качканарский ГОК «Ванадий» от 4 марта 2000 г. отказать.

Решение может быть обжаловано в Мосгорсуд в течение 10 дней.

Федеральный судья...................................................

A - 1826

**Determination**

June 22, 2001
Tverskoy inter-municipal regional court
of the Central administrative district of the city of Moscow
In the composition of the presiding judge A.A. Sevalkin,
assessors I.N. Degodya, L.P. Alexandrova
and secretary A.B. Astashkina
Having considered in the open court session civil suit No. 2-1606/01
Initiated by the complaint of D.A. Khaidarov against A.V. Zanadvorov, S.-Sh. M.
Kourbanov, S.F. Barkov, A.P. Kotsuba, A.Kh. Dzhurayev, R.R. Valishev, D.R. Gareyev,
OAO "Kachkanar ore mining and processing enterprise "Vanadium", A.A. Kozitsyn for
invalidating the decision of the Council of directors,

### HAS ESTABLISHED:

D.A. Khaidarov made recourse to the court with a complaint against A.V.
Zanadvorov, S.-Sh. M. Kourbanov, S.F. Barkov, A.P. Kotsuba, A.Kh. Dzhurayev, R.R.
Valishev, D.R. Gareyev, OAO "Kachkanar ore mining and processing enterprise
"Vanadium", A.A. Kozitsyn for invalidating the decision of the Council of directors.

The case was accepted for proceedings by the Tverskoy inter-municipal regional
court of the Central administrative district of the city of Moscow and assigned for
hearing, because the statement of claim gave as the place of residence of the respondent
Alexei V. Zanadvorov the address of 12 ul. Tverskaya, bld. 7, apt. 258, Moscow, i.e. a
territory within the jurisdiction of the said court.

At the hearings appointed for 22.06.2001 there appeared a representative of OAO
"Kachkanar ore mining and processing enterprise "Vanadium" who in the court session
lodged an appeal to transfer the case to the court of proper venue - Kachkanar town court.
As the grounds for the appeal it was said that in accordance with clause 10 of Decree No.
4/8 of the Plenary Session of the Supreme Court of the Russian Federation and the
Plenary Session of the Higher Arbitrazh Court of the Russian Federation from April 2,
1997 "On some issues of application of the Federal Law "On joint-stock companies", the
decision of the Council of directors (supervisory council) or executive board of a joint-
stock company (sole or collegiate) may be challenged in court by filing a claim to
consider it invalid both in the instances when the possibility of challenging is stipulated in
the Law and in absence of the relevant stipulation, if the decision taken does not meet the
requirements of the Law and other normative legal acts and infringes the rights and
interests of the shareholder protected by law. The respondent in this case is a joint-stock
company, i.e. OAO "Kachkanar ore mining and processing enterprise "Vanadium", the
registered office of which is located at 2 ul. Sverdlova, Kachkanar, Sverdlovsk oblast, i.e.
on a territory outside the jurisdiction of the Tverskoy inter-municipal regional court of the
Central administrative district of the city of Moscow.

In accordance with Article 54.2 of the Civil Code of the Russian Federation, the
location of a legal entity is established by the place of its state registration, unless
otherwise stated in the statutory documents of the legal entity as stipulated by the law.

Besides, in accordance with the answer given by the Central information bureau
of the Head Internal Affairs Department for the city of Moscow, Alexei V. Zanadvorov,
whose place of residence was used to establish the venue for bringing the suit, is
registered at the address of 15 ul. Vilniusskaya, apt. 96, Moscow (page 21 of the case file,

**A - 1827**

reverse side), i.e. outside the jurisdiction of the Tverskoy inter-municipal regional court of the Central administrative district of the city of Moscow.

Article 122.1 of the RSFSR Civil Procedure Code provides that the court should transfer the case to a different court if the said case is to be quicker and better considered by the other court at the place where most evidence is located.

Article 122.4 of the RSFSR Civil Procedure Code provides that the court should transfer the case to a different court if in the course of its hearing it is found out that it was accepted for consideration in breach of the venue requirements.

Taking into account the fact that the proper respondent — OAO "Kachkanar ore mining and processing enterprise "Vanadium" — is registered in an area outside the jurisdiction of the Tverskoy inter-municipal regional court of the Central administrative district of the city of Moscow, none of the other respondents resides on the territory within the jurisdiction of the Tverskoy inter-municipal regional court of the Central administrative district of the city of Moscow, most evidence is to be found in the town of Kachkanar where the respondent — OAO "Kachkanar ore mining and processing enterprise "Vanadium" — is located, the court concludes that the case is to be transferred to another court for consideration on the merits. The territory where the respondent — OAO "Kachkanar ore mining and processing enterprise "Vanadium" — is located and where most evidence is to be found, i.e. 2 ul. Sverdlova, Kachkanar, Sverdlovsk oblast, is within the jurisdiction of the Kachkanar town court, and the present case is to be transferred to the said court for its consideration on the merits.

Proceeding from the above, being guided by Article 122.4 of the RSFSR Civil Procedure Code, the court

### HAS DETERMINED:

To transfer the case initiated by the complaint of D.A. Khaidarov against A.V. Zanadvorov, S.-Sh. M. Kourbanov, S.F. Barkov, A.P. Kotsuba, A.Kh. Dzhurayev, R.R. Valishev, D.R. Gareyev, OAO "Kachkanar ore mining and processing enterprise "Vanadium", A.A. Kozitsyn for invalidating the decision of the Council of directors, to the court of proper venue - Kachkanar town court for its consideration on the merits.

The determination may be appealed to or challenged at the Moscow city court within 10 days.

Judge [signature]
Assessors [signatures]

True copy
Judge [signature]
Secretary [signature]

«22» июня  2001 года

Тверской межмуниципальный (районный) суд ЦАО г. Москвы в составе председательствующего судьи СЕВАЛКИНА А.А.

народных заседателей ДЕГОДИ И.Н., АЛЕКСАНДРОВОЙ Л.Г.

при секретаре АСТАШКИНОЙ А.Б.

рассмотрев в открытом судебном заседании гражданское дело № 2–1606/01

по иску Хайдарова Д.А. к Занадворову А.В., Курбанову СШ.М., Баркову С.Ф., Косюба А.П., Джураеву А.Х., Валишеву Р.Р., Гарееву Д.Р., ОАО «Качканарский горно-обогатительный комбинат «Ванадий», Козицыну А.А. о признании недействительным решения Совета директоров,

у с т а н о в и л:

Хайдаров Д.А. обратился в суд с иском к Занадворову А.В., Курбанову СШ.М., Баркову С.Ф., Косюба А.П., Джураеву А.Х., Валишеву Р.Р., Гарееву Д.Р., ОАО «Качканарский горно-обогатительный комбинат «Ванадий», Козицыну А.А. о признании недействительным решения Совета директоров.

Дело было принято к производству Тверским межмуниципальным (районным) судом ЦАО г. Москвы и назначено к судебному разбирательству в связи с тем, что в исковом заявлении адрес ответчика Занадворова Алексея Витальевича был указан: г.Москва, ул.Тверская, дом 12, строение 7, квартира 258, т.е. территория входящая в юрисдикцию данного суда.

В судебное заседание, назначенное на 22.06.2001 г. явился представитель ОАО «Качканарский горно-обогатительный комбинат «Ванадий», которым в судебном заседании заявлено ходатайство о передаче настоящего дела по подсудности в Качканарский городской суд. В обоснование данного ходатайства отмечено, что в соответствии с п.10 Постановления Пленума Верховного суда РФ и Пленума Высшего Арбитражного суда РФ №4/8 от 02 апреля 1997г. «О некоторых вопросах применения Федерального закона «Об акционерных обществах» решение Совета директоров (наблюдательного совета), либо исполнительного органа акционерного общества (единоличного или коллегиального) может быть оспорено в судебном порядке путем предъявления иска о признании его недействительным в случаях, когда возможность оспаривания предусмотрена в законе, так и при отсутствии соответствующего указания, если принятое решение не отвечает требованиям закона и иных нормативных правовых актов и нарушает права и охраняемые законом интересы акционеров. Ответчиком по данному делу является акционерное общество, то есть ОАО «Качканарский горно-обогатительный комбинат «Ванадий», юридический которого является: Свердловская обл., г.Качканар, ул.Свердлова, дом 2, т.е. территория не входящая в юрисдикцию Тверского межмуниципального (районного) суда ЦАО г. Москвы.

В соответствии с ч. 2 ст. 54 ГК РФ  место нахождения юридического лица определяется местом его государственной регистрации, если в соответствии с законом в учредительных документах юридического лица не установлено иное.

Кроме того в соответствии с ответом ЦАСБ ГУВД г.Москвы ответчик Занадворов Алексей Витальевич, по месту жительства которого подано исковое заявление, зарегистрирован по адресу: г.Москва, ул.Вильнюсская, дом 15, квартира 96 (л.д. 21 оборот), т.е. на территории не входящей в юрисдикцию Тверского межмуниципального (районного) суда ЦАО г. Москвы.

Пункт 1 ст.122 ГПК РСФСР предусматривает, что суд передает дело на рассмотрение другого суда, если данное дело будет более быстро и правильно рассмотрено в другом суде по месту нахождения большинства доказательств.

Пункт 4 ст. 122 ГПК РСФСР предусматривает, что суд передает дело на рассмотрение другого суда, если при рассмотрении дела в данном суде выявилось, что оно было принято к производству с нарушением правил подсудности.

Учитывая, что надлежащий ответчик ОАО «Качканарский горно-обогатительный комбинат «Ванадий» зарегистрирован на территории, не входящей в

юрисдикцию Тверского межмуниципального (районного) суда ЦАО г. Москвы, никто из других ответчиков не проживает на территории, входящей в юрисдикцию Тверского межмуниципального (районного) суда ЦАО г. Москвы, большинство доказательств находится в г.Качканар, по месту нахождения ответчика ОАО «Качканарский горно-обогатительный комбинат «Ванадий», суд приходит к выводу, что дело подлежит направлению в другой суд для рассмотрения по существу. Территория, на которой находится ответчик ОАО «Качканарский горно-обогатительный комбинат «Ванадий», где находится большинство доказательств, а именно: Свердловская обл., г.Качканар, ул.Свердлова, дом 2, относится к территории юрисдикции Качканарского городского суда, настоящее дело подлежит направлению в указанный суд для рассмотрения по существу.

На основании изложенного, руководствуясь п.4 ст. 122 ГПК РСФСР

Определил:

Дело по иску Хайдарова Д.А. к Занадзорову А.В., Курбанову С.Ш.М., Бархозу С.Ф., Коцуба А.П., Джураеву А.Х., Валишезу Р.Р., Гарееву Д.Р., ОАО «Качканарский горно-обогатительный комбинат «Ванадий», Козицыну А.А.  о признании недействительным решения Совета директоров передать по подсудности в Качканарский городской суд  для рассмотрения по существу.

На определение может быть подана частная жалоба или принесен протест в Мосгорсуд в течение десяти дней.

Судья:

Народные заседатели:

КОПИЯ ВЕРНА
Судья
Секретарь

A - 1831

**NOTICE**
**to shareholders**
**of Open Joint Stock Company**
**Vanadiy Mining Enrichment Plant of Kachkanar**
**of the termination of the contract with**
**Panorama Company Registrar CJSC**
**to maintain the [shareholder] registry**
**and of the initiation of the procedure to change registrars**

On February 1, 2000, the General Director of Vanadiy Mining Enrichment Plant of Kachkanar OJSC made the decision to terminate the contract with Panorama Company Registrar CJSC to render services to maintain the shareholder registry, and to change the registrar.

**Grounds:** unilateral termination of the contract to maintain the registry.

**Date of termination of the contract:** April 12, 2000.

**Requisites of the Registrar reassigning the registry:**
Name: Panorama Company Registrar Closed Joint Stock Company
Location (postal address): 116 Valokolamskoye Highway, 3rd floor, Moscow, 123371
Telephone: (095) 490-49-40
Fax: (095) 490-60-93

Persons registered in the shareholder registry of Vanadiy Mining Enrichment Plant of Kachkanar OJSC have the right, prior to the transfer of the registry, to receive a certificate from the registrar maintaining the registry regarding records of their account made by the registrar in chronological order.

**Vanadiy Mining Enrichment Plant of Kachkanar OJSC**

**NOTICE**
**to shareholders**
**of Vanadiy Mining Enrichment Plant of Kachkanar OJSC**
**of the commencement of the work of a new registrar,**
**Keeping Company Registries [Vedeniye Reyestrov Kompaniy]**
**Closed Joint Stock Company**

**On September 30, 2000,** the procedure to transfer the [shareholder] registry of Vanadiy Mining Enrichment Plant of Kachkanar OJSC to a new registrar was completed.

**Requisites of the new registrar:**
**Keeping Company Registries Closed Joint Stock Company**
Location: 28 Lenin Prospect, Yekaterinburg, Russia 620014
Postal address: 28 Lenin Prospect, Yekaterinburg, Russia 620014
Telephone: (3432) 77-67-21 (23), fax: (3432) 77-67-29

   **The contract with the new registrar to maintain the [shareholder] registry takes** effect on October 1, 2000.

For information, call (3432) 77-67-23.

   **Vanadiy Mining Enrichment Plant of Kachkanar OJSC**

**Я**

тагильского поди-
ли уступали па-
тастерским, о на-
к работы которых
на семинаре до-
ры дизайна одеж-
кой архитектурно-
енной академии.

молодежь, а салоны и мас-
терские чувствуют моду "кон-
чиками пальцев", что и про-
демонстрировали, показав
свои коллекции одежды.

Наша беда не в том, что
мы не умеем, а в том, что не
развиваем свои торговые
марки - с этим согласились
многие из участников "круг-
лого стола", проведенного в
рамках семинара. Большое
количество "турецких" изде-
лий шьется не дальше сосед-
него города, "итальянская"
мода разрабатывается в ека-
теринбургских подвалах, а на
рынках продается огромный
поток продукции местных мас-
теров с лэйблами известных
и знаменитых иностран-
ных компаний. И только боль-
шой поток однотипных изде-
лий способен сформировать
низкую, доступную большин-
ству покупателей цену.

Профессионалов из горо-
дов и районов Горнозаводс-
кого и Северного управлен-
ческих округов, приехавших
на семинар, интересовали и
новые направления отече-
ственной и зарубежной моды,
и чисто финансово-экономи-
ческие аспекты работы кол-
лег, поэтому многие говори-
ли о том, что подобные ме-
роприятия должны войти в
систему.

**Елена ОВЧИННИКОВА,
соб. корр. "ОГ".**

**ете,
дет
?**

окарева, побывав-
ю с группой спе-
во Франции.
ейчас носит одеж-
аружу и комбини-
чные вещи в лю-
і самом немысли-
естве и сочетании.
ря новым пласти-
и этот суперволь-
ей точки зрения
ится легко и эле-
се же для ураль-
листов важно оп-
что шить при на-
еских возможнос-
шего сырья. Архи-
дожественная ака-
одит для этого со-
ские исследования,
екатеринбургскую

**ловий населения**

Четыре
іетхом и

чем в 1998 г. на 96,3 тыс. кв. метров или
27%. В среднем на одну семью прихо-
дится 33,6 кв. метров жилой площади, а
на каждого члена семьи - 12,0 кв. мет-
ров. В то же время незаселенными ос-
тались 17,5 тыс. кв. метров жилья ( 7%
от заселенной площади ), из которых
74% приходятся на дома-новостройки.

Из числа семей, получивших жилье в
1999 г., 362 семьи приобрели жилье за
плату, 296 семей очередников получили
жилье в ЖСК. Объем купленного и полу-
ченного в ЖСК очередниками жилья со-
ставил 12% от всего заселенного жилья.

ние жи-
словий
зимым
которых
е семьи,
В.
лучшили
ей, что
меньше,
5,3 тыс.
меньше

й завод,
ыпускать
еченных
ермодули

узовиков
недавнем

лезная дорога, а также Восточ-
но-Сибирская. Как заявил, выс-
тупая на заседании в правитель-
стве министр путей сообщения
России Николай Аксененко, МПС

"КамАЗов". Первая партия хо-
лодильников для автомобилей
уже полностью реализована на
сумму свыше 40 миллионов руб-
лей.

**■ ИСТОРИЯ ВОЛОКИТЫ**

# "Платить по частям"

Уважаемая редакция!
Я, Смирнов В.Ф., впер-
вые в жизни вынужден об-
ратиться в газету за защи-
той своих прав. Суть дела:
после увольнения из армии
(я майор, служил в Респуб-
лике Афганистан, награжден
орденом "За службу Родине
в ВС" и медалью "За бое-
вые заслуги"), работал в ад-
министрации Белоярского
района с 1993 года по 26
мая 1998 года в должности
начальника хозяйственно-
транспортного отдела. Уво-
лился по собственному же-
ланию. Глава администрации
Белоярского района Процык
Б.И. в течение 4-х месяцев
не выдавал трудовую книж-
ку, пока я не обратился в
суд. Суд почти год рассмат-
ривал мое заявление и 12
мая 1999 года вынес реше-
ние, по которому админист-
рация должна мне выплатить
за вынужденный прогул
11139 рублей.

Администрация отказа-
лась выплачивать задолжен-
ность, хотя в судебном за-
седании представители ад-
министрации признали мои
исковые требования.

Служба судебных приста-
вов Белоярского района
взыскать денежные средства
не может, имущество адми-
нистрации не арестовала. Я
неоднократно обращался в
Управление юстиции, к Глав-
ному судебному приставу об-
ласти, в правительство об-
ласти, к представителю Пре-
зидента РФ в Свердловской
области. Результатом всех
моих обращений был ответ
от Главного судебного при-

става г-на Чуличкова о том,
что с Процыком Б.И. дос-
тигнута договоренность о
выплате мне задолженности
по частям.

За два месяца на мой счет
поступило в обеспечение
иска... 2 рубля и 3 рубля, а
всего 5 рублей. Я понимаю
это как насмешку — не толь-
ко над гражданином, но и
как издевательство над за-
коном.

Глава администрации в
нарушение ст. 99 КЗоТ РФ
не выдавал мне трудовую
книжку, из-за чего я не мог
устроиться на работу, затем
преднамеренно затягивал
рассмотрение дела в суде,
сейчас не выплачивает мне
задолженность, хотя она об-
разовалась исключительно
по вине главы. Если бы Про-
цык знал, что деньги ему
придется выплатить из соб-
ственного кармана, никакой
задержки попросту не было
бы. "Меня народ избрал" —
это любимая поговорка "на-
родного избранника" Процы-
ка.

Наша судебная система,
к сожалению, такова, что за-
щитить свои права закон-
ным образом я не могу. Ос-
тается только одна надежда
на вмешательство прессы,
на публикацию моего пись-
ма.

**С уважением
к вашей газете —
СМИРНОВ В.Ф.,
ветеран
Вооруженных Сил,
участник боевых
действий
в Республике
Афганистан.**

A - 1835

| Уральская государственная консерватория им. М.П.Мусоргского | 54-97 | |
| Екатеринбургский государственный театральный институт | 64-24 | |
| Уральская академия государственной службы | 76-49 | |
| Уральский юридический институт МВД России | 41-50 43-46 | Таганская, 22 Корепина, 66 |
| Нижнетагильский государственный педагогический институт | 40-03 53-79 | № 2 № 3 |

азанные размеры платы за проживание в общежитии включают расходы на оплату обслуживающего персонала (дворников, уборщиц, лифтеров, вахтеров, кастелянш и др.), текущий ремонт жилья и инвентаря, затраты, связанные со стиркой и износом постельных принадлежностей, пользование мебелью, электроэнергия, расходуемая на бытовые нужды (освещение жилых помещений, мест общего пользования, потребление электробытовыми приборами, в том числе электрочайниками, обогревателями, электроплитками и т.д.)...

Кроме того, студент получает бесплатно зачетную книжку, студенческий билет, а по окончании вуза диплом и вкладыш к нему.

Председатель Совета ректоров высших учебных заведений Екатеринбурга и области С.С.Набойченко 29.02.2000 направил в адрес комитета ценовой политики и Министерства образования РФ письмо, в котором указал, что противоречащие законодательству приказы и калькуляции на услуги, которые не являются дополнительными, в настоящее время отменены".

Взимание со студентов, обучающихся за счет бюджетного финансирования, платы за вышеперечисленные услуги является нарушением государственной дисциплины цен.

Во исполнение поручения губернатора Свердловской области Э.Э.Росселя, данного комитету ценовой политики после известных событий 14 апреля 1998 года, принять меры по устранению фактов взимания незаконных денежных платежей в процессе обучения студентов, мы продолжаем контролировать тарифную политику вузов области.

По фактам имеющихся нарушений, а также за получением разъяснений, консультаций, связанных с оплатой за обучение, проживание в общежитии, следует обращаться в комитет ценовой политики Свердловской области по адресу: 620151, Екатеринбург, пр. Ленина, 34 или по телефону 59-82-44.

**Комитет ценовой политики Свердловской области.**

## и висмута. Однако термоэлектрические технологии в СССР были засекречены вплоть до 1990 года. На Западе в это время создавали гражданскую термоэлектрическую технику – бытовые холодильники и кондиционеры, в которых нет фреона и движущихся деталей. Кроме того, термоэлектрические модули могут работать не только в режиме охлаждения, но и в режиме нагревания.

Скажем, пассажирский вагон

---

**УВЕДОМЛЕНИЕ**
акционеров
открытого акционерного общества
**"Качканарский горно-обогатительный комбинат "Ванадий"**
о прекращении действия договора на ведение реестра с ЗАО "Компания-регистратор "Панорама"
и о начале процедуры замены регистратора

Генеральным директором ОАО "Качканарский горно-обогатительный комбинат "Ванадий" 1 февраля 2000 года принято решение о расторжении договора с ЗАО "Компания-регистратор "Панорама" на оказание услуг по ведению реестра акционеров и замене регистратора.

**Основание:** одностороннее расторжение договора на ведение реестра.

**Дата прекращения действия договора:** 12 апреля 2000 года.

**Реквизиты реестродержателя, передающего реестр:**
Наименование: Закрытое Акционерное Общество "Компания-регистратор "Панорама".
Место нахождения (почтовый адрес): 123371 г.Москва, Волоколамское шоссе, д.116, 3 эт.
Телефон: (095) 490-49-40
Факс: (095) 490-60-93

Лица, зарегистрированные в реестре акционеров ОАО "Качканарский горно-обогатительный комбинат "Ванадий", вправе до передачи реестра получить справку от регистратора, осуществляющего ведение реестра, о записях, проведенных по его счету данным регистратором в хронологическом порядке.

ОАО "Качканарский горно-обогатительный комбинат "Ванадий".

A - 1836

**НАЯ** | **21 октября 2000 года**

## ОТДЫХАЕМ!

### брику ведёт Пётр ЛАМИН

## кет из слов

е отгаданные слова вписываются вокруг своего
, начиная с помеченной клетки.



## Гора слов

пова в нашей горе читаются вокруг чисел по
стрелке, начиная с помеченной клетки.

русском деревянном зодчестве — резной карниз.
ставление заведомо ложного документа. 3. Научно-
обобщающее положение. 4. Фасон пальто, платья.
еребряная монета, чеканившаяся на Руси с XIV
а. 6. Головной убор поверх тюбетейки у народов
стока. 7. Место разработки драгоценного иско-
емого. 8. Разновидность долгосрочной аренды.
9. Объединение для совместной работы. 10. То-
варообменная натуральная сделка. 11. Празд-
ничные дни между Рождеством и Крещением.
12. Набор посуды. 13. Сонный час в странах
Латинской Америки. 14. Остатки после жатвы.
15. Пышное, великолепное здание.

**убликованные 14 октября**
юго числа

---

## ПРЕСС-БЮРО «СТ»

### А СЫН БЫЛ ЛИШНИМ?

О подозрительной парочке, только что направившейся в
соседний лес с ребёнком в... целлофановом пакете, мили-
ционерам рассказала продавщица привокзального киоска.

Стражи порядка, дежурившие на автостанции "Лесная"
города Саранска, не стали медлить и направились по ука-
занному направлению. Уже через сотню метров они наткну-
лись на молодых людей с подозрительной внешностью. У
женщины в руках был целлофановый пакет. Увидев сотруд-
ников милиции, она заплакала: "Мы просто спрятали сы-
ночка от дождя..." В пакете лежал новорожденный. Худо-
сочный, бледный, но живой.

Его тут же отправили в больницу. А родителей — в район-
ный отдел внутренних дел для выяснения личностей.

В РОВД задержанные тут же "раскололись". Ей 21 год,
ему 23. Оба — бывшие детдомовцы, а ныне жители одного
из мордовских сёл. Мамой и папой стали всего семь дней
назад. Поскольку ни своего жилья, ни постоянного зарабо-
тка у них нет, появившееся "не во время" дитя содержать
им не на что. Поэтому незадачливые родители и решили
избавиться от лишнего рта, закопав плод любви в придо-
рожном лесу.

Врачи выходили несчастного ребёнка. Ему спасли жизнь,
но мать он всё же потерял — ещё не закончилось след-
ствие, как она отказалась от Саши, подписав все необходи-
мые для этого документы.

("Труд").

### СМЕНА ПРИОРИТЕТОВ

"Каждый второй горожанин мечтает о том, чтобы жить в
деревне", — пишет журнал "Нувель обсерватер". Стресс,
агрессивность, потоки автомобилей, загрязнение воздуха и
многое другое — всё это гонит людей из больших городов.

Журнал пишет о данных проведённого во Франции опро-
са, которые свидетельствуют, что 43 процента из желающих
покинуть город хотят жить в деревне, 26 процентов на
морском побережье и 14 в горах. Многие мечты воплоща-
ются в действительность. Прошло то время, пишет журнал,
когда люди стремились в города. Впервые за долгие годы
население Парижского региона уменьшается. За после-
дние 10 лет отсюда выехало полмиллиона человек. В сель-
ских районах, по данным французской статистики, впервые
с 1962 года происходит заметный рост населения.

("Российская газета").

## ПО СЛЕДАМ ПРЕСТУПЛЕНИЙ

## Ушла и не вернулась

Ходят слухи, что в
окрестностях Асбеста
орудует маньяк — с 10
по 12 октября были убиты

в милицию, но не надеясь на
стражей порядка, обратились
за помощью к генеральному

A - 1837

| | |
|---|---|
| чер | А.Эрнакса<br>КРОШКА<br>Музыкальная комедия в 2-х действиях |
| ббота<br>про | МУХА-ЦОКОТУХА<br>Хореографическая феерия в 2-х действиях<br>на музыку Д.Молчуса в стихах К.Чуковского |
| чер | И.Кальман<br>ПРИНЦЕССА ЦИРКА<br>Оперетта в 3-х действиях |
| рессива-<br>гро | А.Рыбников<br>ПРИКЛЮЧЕНИЯ БУРАТИНО<br>Мюзикл для детей в 2-х действиях по мотивам сказки А.Толстого |
| чер | СПЕКТАКЛЬ БУДЕТ ОБЪЯВЛЕН ОСОБО |
| зажных | СПЕКТАКЛЬ БУДЕТ ОБЪЯВЛЕН ОСОБО |

нц..." (музыкальный спектакль в 2-х частях)
з в 2-х действиях)
и 23 октября продаются по льготным ценам.
Билетов - 10-15 рублей.

Главный дирижер театра –
заслуженный деятель искусств России
**БОРИС ВОДЕЛЬМАН**

:червиях - в 18 час. 30 мин.,
часов.
горговом доме «Успенский» (ул.Вайнера),
.51» (Эльмаш) и через уполномоченных.
аличный и безналичный расчет
ты или учебы.
й; вечерние спектакли — 10-50 рублей.

**ГИЙ ТВОРЧЕСКИЙ СОЮЗ 5+**

Областное телевидение
и Детский Творческий Союз "Пять с плюсом"
**5 ноября в 14.00**
в Окружном Доме Офицеров
(Первомайская, 27)
Ежемесячный телевизионный фестиваль
**"ПЯТЬ С ПЛЮСОМ"**
В конкурсе новых песен примут участие: рок-группа "Робинзон" из Ишима, гр. "Фараоны" из Краснотурьинска, хор "Робертино", гр. "Ромео и Джульетта", гр. "Оливер Твист" и гр. "Аленушка" из Екатеринбурга. А также юные артисты из Перми, Березовского и Нижнего Тагила.
На фестивале будет сниматься очередной цикл передач
Телешоу "Пять с плюсом" (Обл.ТВ)
*Приходите всей семьей!!!*
*Билеты в кассах ОДО, Театра Музыкальной комедии*
*и Театра Эстрады.*
**Тел. 51-52-31, 55-85-38**

---

+ трехцветную кошечку (4 месяца, ласкова), умница — дворян хозяевам.
Звонить по раб. тел. **42-22-60**, Людмиле Игнатьевне.

**30 сентября 2000 г.** завершена процедура передачи реестра ОАО "Качканарский горно-обогатительный комбинат "Ванадий" новому регистратору.
Реквизиты нового регистратора — **АКЦИОНЕРНОЕ ОБЩЕСТВО ЗАКРЫТОГО ТИПА "ВЕДЕНИЕ РЕЕСТРОВ КОМПАНИЙ"**
**Место нахождения:** Россия, 620014, г.Екатеринбург, пр.Ленина, 28.
**Почтовый адрес:** Россия, 620014, г.Екатеринбург, пр.Ленина, 28.
**Телефон:** (3432) 77-67-21(23), факс: (3432) 77-67-29.
Договор на ведение реестра с новым регистратором вступает в силу с 1 октября 2000 г.
Справки по телефону: (3432) 77-67-23.
**ОАО "Качканарский горно-обогатительный комбинат "Ванадий".**

АООТ "Свердловскагропромснаб" с глубоким прискорбием сообщает что 19 октября 2000 года трагически погибли в автомобильной катастрофе
заместитель генерального директора
**ЕРЕМКИНА Светлана Николаевна,**
начальник отдела металлов
**ФЕДУЛОВА Наталья Васильевна,**
начальник отдела запасных частей
**ПРОХОРОВ Михаил Дмитриевич,**
водитель
**КОВАЛЕВ Радислав Витальевич.**
Безвременная кончина сотрудников — большая утрата и личное горе для всего коллектива. Добрая память о них и их делах навсегда сохранится в наших сердцах. Выражаем глубокое соболезнование родным, близким, друзьям и сослуживцам погибших. Похороны состоятся 23 октября 2000 г.
Справки по тел. 22-41-16.
**Коллектив АООТ "Свердловскагропромснаб".**

Коллектив редакции "Областной газеты" выражает глубокое соболезнование коммерческому директору "ОГ" Рухлову Владимиру Ивановичу по случаю смерти его сестры
**Нины Ивановны.**

---

Учредители и издатели: Губернатор Свердловской области, Законодательное Собрание Свердловской области
Адрес: 620031, г. Екатеринбург, пл. Октябрьская, 1
Газета зарегистрирована в Уральском региональном управлении регистрации и контроля за соблюдением законодательства РФ в области печати и массовой информации Комитета Российской Федерации по печати 30.01.1996 г. № Е-0966
При перепечатке материалов ссылка на "ОГ" обязательна.

В соответствии с Законом РФ "О средствах массовой информации" редакция имеет право не отвечать на письма и не пересылать их в инстанции.
Редакция может публиковать материалы, не разделяя точки зрения автора.
Ⓚ Публикации, обозначенные этим знаком, печатаются на коммерческой основе. За их содержание, а также достоверность рекламных материалов, редакция ответственности не несет.
Все товары и услуги, рекламируемые в номере, подлежат обязательной сертификации.

Номер отпечатан в типографии издательства «Уральский рабочий»: Екатеринбург, пр. Ленина, 49. Тел. 51-29-50.
По вопросам доставки газеты звонить в Екатеринбурге — 51-25-37, по области — (8-22) 55-97-14.
Электронная версия газеты изготовлена в Информационно-продовом центре ООО "Инфоком".

Заказ 7383.    Сдача номера в печать по графику — 20.00, фактически — 19.30.

A - 1838

Arbitrazh Court of Moscow

**DECISION**
in the name of the Russian Federation

20.03.2001                                    Case No. A40-42909/00-23-422

The Arbitrazh Court of Moscow in the composition of
Presiding judge N.A. Kosheyeva
with the participation in the court session of
on behalf of claimants 1, 2, 3: representative V.V. Volnov, by powers of attorney;
on behalf of claimants 3, 4, 5: M. Ashikhmina, by power of attorney;
on behalf of the respondents: N.S. Brousova, by power of attorney from 05.03.2001
Having considered in the court session the case initiated by the complaint of OOO
"Rendex" against the respondents: ZAO "Registrator Company Panorama", OAO
"Kachkanar ore mining and processing enterprise "Vanadium" and AOZT "Vedeniye
reestrov kompaniy", to invalidate the transaction and apply the consequences of the
invalidation of the transaction

HAS ESTABLISHED:

Recourse was made to the court with the request to invalidate the Agreement of
05.09.00 to transfer the system of keeping the register of the holders of registered
securities concluded between ZAO "Registrator Company Panorama" and OAO
"Kachkanar ore mining and processing enterprise "Vanadium" and to apply the
consequences of the invalidation of the void transaction by obliging AOZT "Vedeniye
reestrov kompaniy" to return to ZAO "Registrar Company Panorama" all documents
pertaining to the system of keeping the register of the holders of the registered securities
of OAO "Kachkanar ore mining and processing enterprise "Vanadium". The claimant
requests that the transaction — Agreement to transfer the system of keeping the register
— be declared null and void in accordance with Article 168 of the Civil Code of the
Russian Federation, as not corresponding to the Federal law, Article 13 of the Arbitrazh
Procedure Code of the Russian Federation, Article 13 of the RF Civil Procedure Code,
Article 8 of the Federal law "On the securities market". As the reasons for the above the
claimant submits evidence of the fact that at the time of taking measures to secure the suit
(determination of the Perovsky inter-municipal court of Moscow from 10.04.2000,
determination of the Izmailovsky inter-municipal court of Moscow from 27.01.00,
determination of the Arbitrazh Court for the Republic of Kalmykia from 29.09.2000,
Petrogradsky and Vyborgsky courts of St.-Petersburg (pages 15-16 of the case file))
under the issued execution orders, in violation of the current legislation (Articles 13, 75,
76 of the Arbitrazh Procedure Code of the Russian Federation) respondents 1 and 2
entered into an Agreement of 05.09.00 to transfer the register of the holders of registered
securities, in accordance with which the system of keeping the register was transferred to
a new register holder — AOZT "Vedeniye reestrov kompaniy". Besides, entering into the
challenged Agreement, the Issuer in breach of Clauses 9, 15 of the Regulations for the
order of the transfer of information and documents comprising the system of keeping the
register and Article 8 of the Federal law "On the securities market" failed to publish a
notice in mass media on the replacement of the register holder, which forms the basis for
holding the challenged agreement null and void. The respondents refused to recognize the

**A - 1839**

claim, referring to the fact that by an additional agreement from 30.09.00 to contract No. 215 for rendering the services of keeping the register from 23.06.00 the parties had voluntarily recognized the contract rescinded beginning with 30.09.00. The notice of it was published on 17.03.00 in the "Oblast newspaper" with the circulation of more than 50,000 copies, after receiving the data about that from OAO "Kachkanar ore mining and processing enterprise "Vanadium" on 16.02.00. Besides, the measures to secure the execution of the decision to be taken were cancelled due to the dismissal of the suit of the individuals whose petitions had served as the basis for the security measures. It was provided that in case of termination of the contract between the issuer and the registrar the latter was to transfer to the new registrar the system of keeping the register. 2. The respondent considers the Agreement of 05.09.00 not a transaction but a document of procedural nature. The respondents believe that there is no violation of substantive law, and the violation of procedural law may take place in case the issued court decision may not be executed due to an injunction on certain actions. 3. The respondent refers to the fact that it is impossible to apply the consequences of the invalidation of the transaction, for the parties have transferred to each other nothing else but money assets.

Having considered the claims made, heard the opinions of the parties, evaluated the evidence submitted, the court has established that the requests stated by the claimant are not subject to satisfaction for the following reasons.

In accordance with Article 168 of the Civil Code of the Russian Federation, a transaction not corresponding to the requirements of the law or other legal acts is null and void, unless the law recognizes such transaction as voidable. From the documents submitted by the claimants it is not seen that the Agreement of 05.09.00 to transfer the system of keeping the register of the holders of registered securities is a void transaction, for the claimants have failed to produce evidence or state the reasons for alleging a breach of substantive law norms. Besides, the claimants have failed to prove to the court how the challenged transaction could infringe their rights. In accordance with Article 4 of the Arbitrazh Procedure Code of the Russian Federation, only a party in interest can apply to the Arbitrazh Court for the protection of its injured or challenged rights and legal interests.

As the grounds for taking measures to secure a suit by enjoining the keeping and transfer of the system of keeping the register of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" there served the suits filed by individuals which were later dismissed, and the measures taken to secure the suit were cancelled. The claimants have failed to prove to the court how the canceling of the measures to secure the suits of individuals could injure their rights and legal interests. The respondents reasonably refer to the fact that the security measures taken by the courts do not form the basis for invalidating the Agreement of 05.09.00, but may be the basis for the recovery of expenses incurred by them, in accordance with Article 76.4 of the Arbitrazh Procedure Code of the Russian Federation, and the basis for exacting a penalty envisaged by Article 76.3 of the Arbitrazh Procedure Code of the Russian Federation.

Thus, the documents submitted confirm that the issuer duly informed the former registrar — ZAO "Registrator Company Panorama" of the transfer of the system of keeping the register of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium", informed its shareholders thereof by publishing a notice in mass media — the "Oblast newspaper", terminated the contract with the former registrar for the keeping of the register of shareholders in accordance with Article 453 of the Civil Code of the Russian Federation and asked to transfer the system of keeping the register of the shareholders to a new registrar — AOZT "Vedeniye reestrov kompaniy". In accordance

with Article 453 of the Civil Code of the Russian Federation, when a contract is rescinded, the obligations of the parties cease.

The claimants have failed to produce evidence to the court to show that the former registrar had transferred to the new registrar the system of keeping the register of the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium", to prove that the Agreement to transfer the register of the shareholders concluded on 05.09.00 was a void transaction or to state in what way their rights had been injured by the said transaction (Articles 4,22, 53,54,60 of the Arbitrazh Procedure Code of the Russian Federation). In this connection the claims stated by the claimants are not subject to satisfaction. The state duty shall be paid by the claimants, Article 95 of the Arbitrazh Procedure Code of the Russian Federation.

Taking the above into account, being guided by Articles 8, 9, 15, 29 of the Federal law "On the securities market", Decision No. 21 of the Federal Commission on Securities from 24.06.97, Articles 8, 11, 12, 15, 153, 166, 167.2, 168, 401, 453 of the Civil Code of the Russian Federation, Articles 4, 13, 22, 53, 54, 56, 57, 59, 60, 75, 76, 79, 80, 95, 124 to 127, 134 of the Arbitrazh Procedure Code of the Russian Federation, the court

## HAS DECIDED:

To refuse to satisfy the complaint of OOO "Rendex", Davies International LLC, Foston Management Ltd., Holdex LLC and OMNI Trusthouse Ltd. to invalidate the Agreement of 05.09.00 to transfer the system of keeping the register of the holders of registered securities concluded between ZAO "Registrator Company Panorama" and OAO "Kachkanar ore mining and processing enterprise "Vanadium" and to apply the consequences of the invalidation of the void transaction by obliging AOZT "Vedeniye reestrov kompaniy" to return to ZAO "Registrar Company Panorama" all documents pertaining to the system of keeping the register of the holders of the registered securities of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

Judge                       N.A. Kosheyeva



# АРБИТРАЖНЫЙ СУД г. МОСКВЫ

именем российской федерации
решение

20.03.2000 г.                         Дело № А40-42909/00-23-442

Арбитражный суд в составе:
Председательствующего:    КОЩЕЕВОЙ Н.А.
с участием от 1,2,3 истцов представитель Вольнов В.В. по доверенностям;
от 3,4,5 истца : Ашихмина М по доверенностям
от ответчиков: Подгорная О.Г. доверенность от 20.08.00г.; Капура С.М.
доверенность от 20.10.00г.; Брусова Н.С. доверенность от 05.03.2001г.
рассмотрел дело по иску : ООО «Рэндэкс»
к ответчикам: ЗАО «Компания регистратор «Панорама»
и ОАО Кочканарский ГОК «Ванадий», АОЗТ «Ведение реестров компаний»
о признании сделки недействительной и применении последствий
недействительности сделки

УСТАНОВИЛ:

Иск заявлен о признании Соглашения о передаче системы ведения реестра
владельцев именных ценных бумаг заключенной между ЗАО «Компания
регистратор «Панорама» и ОАО Качканарский ГОК «Ванадий» от
05.09.2000г.недействительной, и применении последствий недействительности
ничтожной сделки путем обязания АОЗТ «Ведение реестров компаний»
возвратить ЗАО «Компания регистратор «Панорама» все документы
относящиеся к системе ведения реестра владельцев именных ценных бумаг
ОАО «Качканарский ГОК «Ванадий».Истец идет с требованием о признании
сделки- Соглашения о передаче системы ведения реестра ничтожной ст.168 ГК
РФ, как не соответствующей Федеральному Закону ст.13 АПК РФ, ст. 13 ГПК
РФ, ст.8 ФЗ «О рынке ценных бумаг». В обоснование представляет
доказательства того, что во время принятия мер по обеспечению иска
определение Перовского ММС от 10.04.2000г., определение Измайловского
ММС от 27.01.00г., определение арбитражного суда Республики Калмыкия от
29.09.2000г. Петроградского, Выборгского судов г. Санкт-Петербурга ( см.
л.д15,16) на основании выданных исполнительных листов, в нарушение
действующего законодательства ст.15,75,76 АПК РФ, 1 и 2 ответчики
заключили Соглашение о передаче реестра владельцев ценных бумаг от
05.09.2000г. по которому система ведения реестра была передана новому
реестродержателю АОЗТ «Ведение реестров компаний». Кроме этого, заключив
оспариваемое Соглашение Эмитент в нарушение ст.9.15 Положения о порядке

A - 1843

передачи информации и документов, составляющих систему ведения реестра и ст.8 ФЗ «О рынке ценных бумаг» не сделал объявления в средствах массовой информации о замене держателя реестра, что является основанием для признания спорного соглашения ничтожным. Ответчики иска не признали, ссылаясь на то, что дополнительным соглашением от 30.09.00г. к договору на оказание услуг по ведению реестра №215 от 23.06.00г. стороны добровольно признали договор расторгнутым с 30.09.00г. Сообщение об этом было опубликовано17.03.00г. в «Областной газете» тиражом свыше 50.000 экз., после получения уведомления об этом от Качканарского ГОК «Ванадий» 16.02.00г.Кроме этого, меры по обеспечению исполнения принятого в будущем решения были отменены, в связи с отказом в иске физическим лицам, на основании ходатайств которых были приняты обеспечительные меры. При этом, в случае прекращения действия договора между эмитентом и регистратором последний обязан передать новому регистратору систему ведения реестра.2Ответчик не считает Соглашение от 05.09.00г. сделкой, а считает его документом, носящим процедурный характер.

Ответчики считают, что отсутствует нарушение материального права, а нарушение процессуального права может иметь место в случае, когда вынесенное судебное решение не может быть исполнено, вследствие запрета на осуществление определенных действий. 3Ответчик ссылается, что применить последствия недействительности сделки не представляется возможным поскольку ничего кроме денежных средств стороны друг другу не передавали.

Рассмотрев заявленные требования, заслушав мнение сторон, оценив представленные доказательства, суд установил, что заявленные истцом требования удовлетворению не подлежат по следующим основаниям.

В соответствии со ст.168 ГК РФ сделка не соответствующая требованиям закона или иных правовых актов ничтожна, если закон не устанавливает что такая сделка оспорима. Из представленных истцами документов не усматривается, что Соглашение о передаче системы ведения реестра владельцев ценных бумаг от 05.09.00г. не является ничтожной сделкой , поскольку истцами не представлены доказательства и не указаны основания по которым были нарушены нормы материального права. Кроме этого, истцы не доказали суду каким образом оспариваемая ими сделка смогла нарушить их права. В соответствии со ст.4 АПК РФ только заинтересованное лицо вправе обратиться в арбитражный суд за защитой своих нарушенных или оспариваемых прав и законных интересов.

Основаниями для принятия мер по обеспечению иска, путем осуществления запрета на ведение и передачу системы ведения реестра акционеров ОАО Качканарский ГОК Ванадий» послужили иски физических лиц, которым впоследствии было отказано в исках, а предприятие меры по обеспечению иска отменены. Истцы не доказали суду каким образом отмена мер по обеспечению исков физических лиц смогла нарушить их права и законные интересы. Ответчики обоснованно ссылаются на то, что предпринятые судами обеспечительные меры не являются основанием для признания Соглашения от 05.09.00г. недействительными, но могут быть основанием для взыскания возникших у них убытков.п.4 ст.76 АПК РФ и основанием для предъявления штрафа, предусмотренного п.3 ст.76 АПК РФ.

Таким образом, представленными документами подтверждено, что эмитент своевременно уведомил прежнего регистратора ЗАО «Компания регистратор-

«Панорама» о передаче системы ведения реестра акционеров ОАО «Качканарский ГОК «Ванадий» и уведомил об этом своих акционеров, опубликовав извещение в средствах массовой информации «Областной газете», и расторгнул с прежним регистратором договор на ведение реестра акционеров ст.453 ГК РФ и просил передать систему ведения реестра акционеров новому регистратору АОЗТ «Ведение реестров компаний».В соответствии со ст.453 ГК РФ при расторжении договора обязательства сторон прекращаются.

Истцы не представили суду доказательств того, что прежний регистратор передал новому регистратору систему ведения реестра акционеров ОАО «Качканарский ГОК «Ванадий», не доказал, что заключенное Соглашение о передаче реестра акционеров от 05.09.00г.является ничтожной сделкой и не указал, каким образом были нарушены их права при заключении данной сделки ст.4,22, 53,54,60 АПК РФ.В связи с чем, требования истцов удовлетворению не подлежат. Расходы по оплате госпошлины отнести на истцов ст.95 АПК РФ.

Учитывая изложенное, суд руководствуясь ст.8,9,15,29 ФЗ «О рынке ценных бумаг», Постановление ФКЦБ РФ№21 от 24.06.97г., ст. ст.8,11,12, 15,153,166,п.2 ст.167, 168,401, 453 ГК РФ, ст.4,13,22,53,54,56,57,59,60,75,76, 79,80,95,124-127, 134, АПК РФ

Р Е Ш И Л:

В иске ООО «Рэндэкс», Компании «Дэвис Интернешнл Эл.Эл.Си.», Компании «Фостон Менеджмент Лимитед», Компании «Холдэкс Эл.Эл.Си.», Компании «Омни Трастхауз ЛТД» о признании соглашения о передаче системы ведения реестра владельцев ценных бумаг от 05.09.2000г., заключенного между ЗАО «Компания-Регистратор «Панорама» и ОАО «Качканарский ГОК «Ванадий» недействительным и применении последствий недействительности ничтожной сделки в виде обязания АОЗТ «Ведение реестров компаний» возвратить ЗАО «Компания-Регистратор «Панорама» все документы, относящиеся к ведению реестра владельцев именных ценных бумаг ОАО «Качканарский ГОК «Ванадий» отказать.


Судья                              Кошеева Н.А.

Arbitrazh Court of Moscow

### DECREE

of the Appellate instance on the verification of the legality and basis for a decision
of the Arbitrazh Court which has not yet entered into legal force

City of Moscow                                          Case No. A40-42909/00-23-422
26.06.2001
The Arbitrazh Court of Moscow in the composition of
Presiding judge P.V. Pertsev
and judges G.I. Zakharova, L.V. Ilyina
with the participation in the court session of
on behalf of the claimant:      Kalinin, by power of attorney
                                V.V. Volnov, by power of attorney; V.V. Volnov,
                                by power of attorney; V.V. Volnov, under a power of
                                attorney; V.V. Volnov, by power of attorney
on behalf of the respondent:    N.S. Brousova, by power of attorney
                                Ye.N. Znamensky, by power of attorney
Having considered in the court session the appeal complaint of OOO "Rendex"
against the decision of 20.03.2001 in case No. A40-42909/00-23-422
of the Arbitrazh Court of Moscow taken by
                    N.A. Kosheyeva (names of the judges adopting the decision)

### HAS ESTABLISHED:

OOO "Rendex", Davies International LLC, Foston Management Ltd., Holdex
LLC, OMNI Trusthouse Ltd. made recourse to the court with a complaint against ZAO
"Registrar Company Panorama", OAO "Kachkanar ore mining and processing enterprise
"Vanadium", AOZT "Vedeniye reestrov kompaniy" to invalidate the transaction —
agreement of 05.09.00 to transfer the system of keeping the register of the holders of
registered securities and to apply the consequences of the invalidation of the void
transaction by obliging AOZT "Vedeniye reestrov kompaniy" to return to ZAO "Registrar
Company Panorama" all documents pertaining to the system of keeping the register of the
holders of the registered securities of OAO "Kachkanar ore mining and processing
enterprise "Vanadium".

The court in its decision of 20.03.00 refused to satisfy the claims.

The court came to the conclusion that the challenged agreement corresponds to
the requirements of the law and does not injure the rights and legal interests of the
claimants.

The given decision was challenged by an appeal filed by the claimants in which
they ask to reverse the decision of the court in the first instance, referring to incomplete
investigation of the circumstances relevant for the case, lack of correspondence of the
conclusions stated in the court decision to the facts of the case, improper application of
substantive law rules.

In the court session the representatives of the claimants asked to reverse the
decision of the court in the first instance, referring to a number of transgressions from the
current legislation in concluding the challenged agreement, as well as to the fact of the
agreement being concluded during the period when the determinations of inter-municipal
courts prohibiting the transfer of the register were effective.

**A - 1846**

The representatives of OAO "Kachkanar ore mining and processing enterprise "Vanadium" and AOZT "Vedeniye reestrov kompaniy" asked to leave the decision of the court in the first instance unchanged and the appeal — unsatisfied.

The court in the appellate instance, having considered the case in the order stipulated by Articles 153 and 155 of the Arbitrazh Procedure Code of the Russian Federation has concluded that there are no grounds for the reversal of the decision.

From the materials of the case from 05.09.2000 it follows that OAO "Kachkanar ore mining and processing enterprise "Vanadium" and ZAO "Registrar Company" concluded an agreement to transfer the system of keeping the register of the holders of registered securities, in accordance with clause 1.2 the subject-matter of the present agreement is the conditions and commitments of the parties concerning the transfer of information and documents comprising the system of keeping the register of the holders of the registered securities of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from ZAO "Registrar Company Panorama" to the new register holder of the issuer — AOZT "Vedeniye reestrov kompaniy".

In accordance with Article 8 of the Federal law of the Russian Federation "On the securities market", in replacing the register holder the issuer shall give notice thereof in mass media or notifies all holders of the securities in writing at his own expense.

According to Clauses 9, 15 of the Regulations for the order of the transfer of information and documents comprising the system of keeping the register of the holders of registered securities approved by Decision No. 21 of the Federal Commission on Securities from 24.06.97, the issuer shall publish the notice in a periodical with the minimum circulation of 50,000 copies and (or) notify all registered holders of the termination of the contract for the keeping of the register and the commencement of the procedure of replacing the registrar not later than 25 days before the contract termination date.

After the completion of the work to transfer the register and signing of the act of acceptance of the register the issuer shall within 5 days publish the notice in a periodical with the minimum circulation of 50,000 copies or notify all registered holders of the commencement of the work of the new registrar.

On 17.03.2000 the "Oblast newspaper" with the circulation of 50,000 copies published a notice to the shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" on the termination of the contract for the keeping of the register with ZAO "Registrar Company Panorama" and the commencement of the procedure of replacing the registrar.

On 21.10.2000 the "Oblast newspaper" with the circulation of 50,000 copies published a notice of the completion on 30.09.2000 of the procedure of the register transfer from ZAO "Registrar Company Panorama" to AOZT "Vedeniye reestrov kompaniy" and of the commencement of AOZT "Vedeniye reestrov kompaniy" to keep the register of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

Thus, OAO "Kachkanar ore mining and processing enterprise "Vanadium" fulfilled the requirements of Article 8 of the Federal law of the Russian Federation "On the securities market" pertaining to giving notice to the shareholders.

The determinations of inter-municipal and arbitrazh courts on taking security measures related to the transfer of the register were cancelled, the determinations to cancel the security measures being left unchanged by the higher instances.

In accordance with Article 4 of the Arbitrazh Procedure Code of the Russian Federation any interested person is entitled to apply to an Arbitrazh Court for protection of his injured rights and legal interests in the order stipulated by the Arbitrazh Procedure Code of the Russian Federation.

No waiver of the right to apply to the court shall be valid.

The claimants have not proved that the challenged agreement infringes their rights and legal interests.

The court in the appellate instance, having verified all arguments of the appeal, finds no grounds to reverse the decision of the court in the first instance.

Being guided by Articles 153, 155, 157, 159 of the Arbitrazh Procedure Code of the Russian Federation, the court

### HAS DECIDED:

To leave unchanged the decision of the court from 20.03.01 in case No. A40-42909/00-23-422, to leave the appeal unsatisfied.

| | |
|---|---|
| Presiding judge | P.V. Pertsev |
| Judges | G.I. Zakharova |
| | L.V. Ilyina |

A - 1848



АРБИТРАЖНЫЙ СУД г. МОСКВЫ
ПОСТАНОВЛЕНИЕ
апелляционной инстанции по проверке законности и обоснованности
решений арбитражных судов, не вступивших в законную силу

г. Москва
26.06.2001г.                                                    Дело №А40-42909/00-23-422
Арбитражный суд г. Москвы в составе:
Председательствующего: Перцева П.В.
судей: Захаровой Г.И., Ильиной Л. В.
при участии:
истца - Калинин по дов.
Вольнов В.В. по дов., Вольнов В.В. по дов., Вольнов В.В. по дов., Вольнов по дов.
ответчика - Брусова Н.С. по дов.
Знаменский Е.Н. по дов.
рассмотрев в судебном заседании апелляционную жалобу - ООО «Рэндом»
на решение от 20.03.2001г.                                    по делу №А40-42909/00-23-422
Арбитражного суда г. Москвы

Коцеева Н.А.
(фамилии судей, принявших решение)

УСТАНОВИЛ :

ООО «Рэндом», компания «Дэнис Интерпрайз Эл Эл Си», компания «Ростон Менеджмент Лимитед», компания «Холдекс Эл ЭЛ Си», компания «ОМНИ Тратхаус Лтд» Обратились с иском к ЗАО «Компания-регистратор «Панорама», ОАО «Качканарский ГОК, Ванадий», АОЗТ «Ведение реестра компаний» о признании недействительным соглашения от 05.09.00г. о передаче системы ведения реестра владельца именных ценных бумаг и применении последствий недействительности ничтожной сделки путем обязания АОЗТ «Ведение реестра компаний» возвратить ЗАО «Компания Регистратор «Панорама» все документы, относящиеся к системе ведения реестра владельцев именных ценных бумаг ОАО «Качканарский ГОК «Ванадий».

Решением суда от 20.03.00г. в удовлетворении исковых требований отказано.

Суд пришёл к выводу, что оспариваемое соглашение соответствует требованиям закона, и не нарушает права и законные интересы истца.

На данное решение истцами подана апелляционная жалоба, в которой заявители просят решение суда 1-ой инстанции отменить, ссылаясь на неполное исследование обстоятельств, имеющих значение для дела несоответствие выводов изложенных в решении суда, обстоятельствам дела неправильное применение норм материального права.

В судебном заседании представители истцов просили решение суда 1-ой инстанции отменить, ссылаясь на ряд нарушений действующего законодательства при заключении оспариваемого соглашения, а также на заключение соглашения в период действия определений межмуниципальных судов о запрете передачи реестра.

Представители ОАО «Качканарский ГОК «Ванадий» и АОЗТ «Ведение реестра компаний» просили решение суда 1-ой инстанции оставить без изменения, апелляционную жалобу без удовлетворения.

Суд апелляционной инстанции, рассмотрев дело в порядке ст. ст. 153,155 АПК РФ, пришёл к выводу, что основания к отмене решения отсутствуют.

Как усматривается из материалов дела от 05.09.2000г. между ОАО «Качканарский ГОК «Ванадий» и ЗАО «Компания регистратор» было заключено соглашение о передаче системы ведения реестра владельцев именных ценных бумаг, в соответствии с п.1.2 предметом настоящего соглашения являются условия и обязательства сторон по передаче информации и документов, составляющих систему ведения реестра владельцев именных ценных бумаг ОАО «Качканарский ГОК «Ванадий» от ЗАО «Компания регистратор «Панорама» к новому реестродержателю эмитента - АОЗТ «Ведение реестра компаний»

ОАО "Качканарский ГОК
"ВАНАДИЙ"
Вх.№ 2164  от  10 07 01

2

В соответствии со ст. В ФЗ РФ «О рынке ценных бумаг» при замене держателя реестра эмитент дает объявление об этом в средствах массовой информации, или уведомляет всех владельцев ценных бумаг письменно за свой счёт.

Согласно п.п. 9.13 Положения о порядке передачи информации и документов, составляющих систему ведения реестра владельцев именных ценных бумаг, утвержденного постановлением ФКЦБ от 24.06.97г. №21 эмитент обязан опубликовать уведомление в периодическом печатном издании тиражом не менее 50 000 экземпляров и (или) письменно уведомить зарегистрированных лиц о прекращении действия договора на ведение реестра и о начале процедуры замены регистратора в срок не позже чем за 25 дней до даты прекращения действия договора.

Эмитент обязан после завершения работы по передаче реестра и подписания акта приема-передачи реестра в течение 5 дней опубликовать уведомление в периодическом печатном издании с тиражом не менее 50 000 экземпляров или письменно уведомить зарегистрированных лиц о начале работы нового регистратора. 17.05.2000г. в «Областной газете» тиражом свыше 50 000 экземпляров было опубликовано уведомление акционерам ОАО «Качканарский ГОК «Ванадий» о прекращении действия договора на ведение реестра с ЗАО «Компания регистратор «Панорама» и о начале процедуры замены регистратора.

21.10.2000г. в «Областной газете» тиражом свыше 50 000 экземпляров было опубликовано уведомление о завершении 30.09.2000г. процедуры передачи реестра от ЗАО «Компания - регистратор «Панорама» к АОЗТ «Ведение реестров компаний» и о начале осуществления деятельности по ведению реестра ОАО акционерами ОАО «Ванадий».

Таким образом ОАО «Качканарский ГОК «Ванадий» соблюдены требования ст.8 ФЗ «О рынке ценных бумаг» об уведомлении акционеров.

Определения межмуниципальных и арбитражных судов о принятии обеспечительных мер по вопросу передачи реестра были отменены; определения об отмене обеспечительных мер оставлены вышестоящими инстанциями без изменения.

В соответствии со ст.4 АПК РФ заинтересованное лицо вправе обратиться в арбитражный суд за защитой своих нарушенных прав и законных интересов в порядке, установленном АПК РФ.

Отказ от права на обращение в суд недействителен.

Истцами не доказано, что оспариваемое соглашение нарушает их права и законные интересы.

Суд апелляционной инстанции, проверив все доводы апелляционной жалобы, не находит оснований к отмене решения суда 1-ой инстанции. Руководствуясь ст. 153,155,157,159 АПК РФ.

ПОСТАНОВИЛ:

Решение суда от 30.03.01г. по делу №А60-12890/00-23-ч12 оставить без изменения, апелляционную жалобу без удовлетворения.

Председательствующий:                                        Персел П.Я.

Судьи:                                                              Хомерова Г.Н.

                                                                    Изотова Л.В.