**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------x
DAVIS INTERNATIONAL, LLC, HOLDEX,      :
LLC, FOSTON MANAGEMENT, LTD, and       :
OMNI TRUSTHOUSE, LTD,                   :
                                        :
                  Plaintiffs,           :
                                        :
       v.                               :      Case No. 04-1482-GMS
                                        :
NEW START GROUP CORP., VENITOM          :
CORP., PAN-AMERICAN CORP., MDM          :
BANK, URAL-GORNO METALURAGICAL          :
COMPANY, EVRAZ HOLDING, MIKHAIL         :
CHERNOI, OLEG DERIPASKA, ARNOLD         :
KISLIN, MIKHAIL NEKRICH, and            :
ISKANDER MAKMUDOV,                      :
                                        :
                  Defendants.           :
-----------------------------------------------------------x
```

# APPENDIX TO DEFENDANTS'
# OPENING BRIEFS IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

## Volume 11 of 13

Attorneys for Defendant Arnold Kislin:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

Lisa C. Cohen
Schindler Cohen & Hochman LLP
100 Wall Street
15th Floor
New York, NY 10005
(212) 277-6300

Lawrence S. Goldman
Elizabeth Johnson
The Law Offices of Lawrence S. Goldman
500 Fifth Ave., 29th Floor
New York NY 10110-2900
(212) 997-7499

Attorneys for Defendants New Start Group
Corp. and Venitom Group:

Charles M. Oberly, III (DSBA No. 743)        Richard J. Schaeffer
Karen V. Sullivan (DSBA No. 3872)            Peter J. Venaglia
Oberly, Jennings & Rhodunda, P.A.            Laura D. Sullivan
800 Delaware Avenue, Suite 901               Dornbush, Schaeffer, Strongin &
PO Box 2054                                  Weinstein, LLP
Wilmington, DE 19899                         747 Third Avenue, 11th Floor
(302) 576-2000                               New York, NY 10017
                                             (212) 759-3300

Attorneys for Defendant Oleg Deripaska:

Collins J. Seitz, Jr.(DSBA No. 2237)         Rodney F. Page
Kevin F. Brady (DSBA No. 2248)               Michael G. Biggers
Connolly Bove Lodge & Hutz LLP               Bryan Cave LLP
1007 North Orange Street                     700 13th Street, N.W.
P.O. Box 2207                                Washington, D.C. 20005-3960
Wilmington, DE 19899                         (202) 508-6002
(302) 658-9141

Attorneys for Defendant Evraz Holding:

William M. Lafferty (DSBA No. 2755)          David H. Herrington
Morris, Nichols, Arsht & Tunnell             Vitali Rosenfeld
Chase Manhattan Centre, 18th Floor           Cleary Gottlieb Steen & Hamilton LLP
1201 North Market Street                     One Liberty Plaza
P.O. Box 1347                                New York New York 10006
Wilmington, DE 19899-1347                    (212) 225-2266
(302) 575-7341

Attorneys for Defendant MDM Bank:

Stephen E. Jenkins (DSBA No. 2152)           Joel B. Kleinman
Richard I.G. Jones, Jr. (DSBA No. 3301)      Steven J. Roman
Ashby & Geddes                               David H. Greenberg
222 Delaware Avenue, 17th Floor              Dickstein Shapiro Morin & Oshinsky LLP
P.O. Box 1150                                2101 L Street NW
Wilmington, Delaware 19899                   Washington, DC 20037-1526
(302) 654-1888                               (202) 785-9700

Attorneys for Defendant Ural-Gorno
Metallurgical Company:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

William H. Devaney
Heard & O'Toole LLP
405 Lexington Ave, Floor 62
New York, NY 10174
(212) 307-5500

Attorneys for Defendant Iskander
Makmudov:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

William H. Devaney
Heard & O'Toole LLP
405 Lexington Ave, Floor 62
New York, NY 10174
(212) 307-5500

Attorneys for Defendant Mikhail Chernoi:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

Brian Maas
Cameron Myler
Frankfurt Kurnit Klein & Selz PC
488 Madison Avenue, 9th Floor
New York, NY 10022
(212) 980-0120

Attorneys for Defendant Mikhail Nekrich:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

Paul R. Grand
Edward M. Spiro
Morvillo, Abramowitz, Grand, Iason &
Silberberg, P.C.
565 Fifth Avenue
New York, NY 10017
(212) 880-9510

# Table of Contents

| **DOCUMENT** | **PAGE** |
|---|---|
| **VOLUME 1 OF 13:** | |
| Complaint | A-1 |
| *Base Metal Trading v. Russian Alum.*, 253 F. Supp. 2d 681 (S.D.N.Y. 2003) ("*Base Metal Trading*") | A-31 |
| Transcript of Oral Argument before Hon. John G. Koeltl, dated February 10, 2003, in *Base Metal Trading* | A-64 |
| **VOLUME 2 OF 13:** | |
| First Amended Complaint, dated August 3, 2001, filed in *Base Metal Trading* | A-176 |
| **VOLUME 3 OF 13:** | |
| Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss the Amended Complaint, dated September 15, 2002, filed in *Base Metal Trading* | A-295 |
| **VOLUME 4 OF 13:** | |
| Resume of Paul B. Stephan | A-465 |
| List of Paul B. Stephan's "Participation in U.S. Lawsuits" | A-476 |
| Declaration of Paul B. Stephan, dated January 28, 2002, filed in *Base Metal Trading* | A-479 |
| Reply Declaration of Paul B. Stephan, dated October 17, 2002, filed in *Base Metal Trading* | A-514 |
| Complaint filed in *Norex Petroleum Ltd. v. Access Indus.* (LTS) (S.D.N.Y.) | A-535 |
| *Norex Petroleum Ltd. v. Access Indus.*, 304 F. Supp. 2d 570 (S.D.N.Y. 2004) | A-607 |
| Judge Koeltl's written request for submissions prior to oral argument, dated January 29, 2003 | A-622 |
| Defendants' response to Judge Koeltl's Jan. 29th request ("Defendants' Oral Argument Submissions") | A-624 |
| Chronology of GOK-related Russian court decisions | A-625 |
| Map – location of courts | A-651 |
| Chart of Russian Court Decisions | A-652 |

| | |
|---|---|
| **VOLUME 5 OF 13:** | |
| Plaintiffs' response to Judge Koeltl's Jan. 29th request ("Plaintiffs' Oral Argument Submissions") | A-653 |
| GOK Bankruptcy Litigation Chart | A-654 |
| Shareholder Litigation Chart | A-660 |
| Chart – Kozitsin and Kozyrev "Wrongful Conduct" | A-668 |
| Chart – "Direct Evidence of Corruption" | A-677 |
| Sergei Zankovsky: Theory and Practice of Bankruptcy | A-684 |
| Defendants' post-oral argument submissions in *Base Metal Trading*, dated February 20, 2003 | A-687 |
| Letter from Winston & Strawn, dated February 20, 2003 | A-688 |
| Letter from Hogan & Hartson, dated February 20, 2003 | A-690 |
| Letter from Dornbush Mensch Mandelstam & Schaeffer, dated February 20, 2003 | A-695 |
| Defendants' Summary of Contracts | A-698 |
| Supplemental Declaration of Paul B. Stephan, dated Feb. 19, 2003 | A-705 |
| Third Declaration of Igor Petrukhin, dated Feb. 20, 2003 | A-713 |
| Plaintiffs' post-oral argument submissions in *Base Metal Trading*, dated February 20, 2003 | A-744 |
| Letter from Strook Stroock & Lavan, dated February 20, 2003 (with exhibits) | A-745 |
| Second Declaration and Exhibits of Joseph Traum, dated February 19, 2003 | A-782 |
| Expert Report of Sergei B. Zaitsev, dated February 19, 2003 (without exhibits) | A-828 |
| **VOLUME 6 OF 13:** | |
| Defendants' post-oral argument submissions in *Base Metal Trading*, dated February 25, 2003 | A-885 |
| Letter from Winston & Strawn, dated February 25, 2003 (with exhibits) | A-886 |
| Supplemental Declaration of Paul B. Stephan, dated February 25, 2003 | A-933 |
| Plaintiffs' post-oral argument submissions in *Base Metal Trading*, dated February 25, 2003 | A-941 |

| | |
|---|---|
| Letter from Strook Stroock & Lavan, dated February 25, 2003 (with exhibits) | A-942 |
| Letter from Herrick Feinstein, dated February 25, 2003 | A-986 |
| Second Declaration of Victor Golubev, dated February 25, 2003 (without exhibits) | A-989 |
| Second Declaration of Sergei B. Zaitsev, dated February 25, 2003 (without exhibits) | A-1027 |
| **VOLUME 7 OF 13:** | |
| March 30, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1075 |
| August 22, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1080 |
| April 19, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1092 |
| Application to the Arbitrazh Court for the Sverdlovsk Oblast dated March 24, 2000 filed by Krasnouralskmezhraygaz ("Kras Gas") | A-1112 |
| January 24, 1997 contract between GOK and Kras Gas | A-1130 |
| Letter dated February 4, 2000 from Kras Gas to GOK | A-1146 |
| Letter dated February 15, 2000 from Kras Gas to GOK | A-1157 |
| Letter dated February 8, 2000 from GOK to Kras Gas | A-1170 |
| Letter dated February 21, 2000 from GOK to Kras Gas | A-1175 |
| Federal Service's recommendation to appoint Kozyrev as Interim Trustee | A-1180 |
| Instruction of the Government of the Russian Federation from July 10, 1999 (No. 1100-R) | A-1187 |
| Audit Report and list of GOK's creditors as of March 24, 2000 | A-1191 |
| Minutes of the first GOK creditors' meeting held on August 11, 2000 | A-1245 |
| August 2, 2000 decision of the Izmailovo Inter-Municipal Court of Moscow | A-1266 |
| November 30, 2000 decision of the Moscow City Court | A-1269 |
| **VOLUME 8 OF 13:** | |
| Nexis' appellate complaint | A-1276 |
| January 15, 2001 determination of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-1306 |
| Nexis' cassation complaint | A-1311 |
| June 7, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-1318 |

| | |
|---|---|
| Minutes of the March 11, 2001 creditors' meeting | A-1323 |
| June 27, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1357 |
| August 21, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-1365 |
| August 18, 2000 opinion of the Federal Service | A-1367 |
| August 29, 2000 Nexis petition regarding loan agreement | A-1382 |
| July 26, 1999 supply contract between Nexis and GOK | A-1392 |
| August 29, 2000 Application filed by Nexis regarding supply contract | A-1424 |
| October 4, 2000 letter to Nexis from Trustee Kozyrev | A-1442 |
| March 23, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1445 |
| August 29, 2000 Statement of Claim submitted by Polyprom | A-1452 |
| **VOLUME 9 OF 13:** | |
| Supply agreements between GOK and Polyprom | A-1479 |
| October 4, 2000 letter to Polyprom from Trustee Kozyrev | A-1579 |
| October 31, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1583 |
| February 16, 2001 letter from Trustee Kozyrev to the Arbitrazh Court for the Sverdlovsk Oblast | A-1588 |
| February 19, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1591 |
| April 19, 2001 Resolution of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-1598 |
| July 12, 2001 determination of the Federal Arbitrazh Court of the Urals District | A-1607 |
| April 18, 2001 decision of the Arbitrazh Court for Sverdlovsk Oblast | A-1613 |
| January 22, 2000 letter from several members of GOK Board of Directors requesting meeting of GOK Board | A-1620 |
| January 24, 2000 letter from several members of GOK Board of Directors requesting meeting of GOK Board | A-1623 |
| February 2, 2000 "Decision Not To Institute Legal Proceedings" of the Senior Assistant Prosecutor for the City of Kachkanar | A-1628 |
| February 1, 2000 ruling of the Kachkanar City Court for the Sverdlovsk Oblast | A-1635 |
| February 15, 2000 decision of the Arbitrazh Court for the Sverdlovsk | A-1649 |

- 4 -

| | |
|---|---|
| Oblast | |
| March 8, 2001 decision by the Moscow City Court | A-1657 |
| September 19, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-1667 |
| **VOLUME 10 OF 13:** | |
| March 26, 2001 decision of the Moscow City Court | A-1676 |
| November 21, 2000 decision of the Tverskoy Inter-Municipal Regional Court of Moscow | A-1683 |
| February 22, 2001 decision of the Appellate Instance of the Federal Arbitrazh Court of Moscow | A-1691 |
| November 16, 2000 decision of the Arbitrazh Court of Moscow | A-1698 |
| April 26, 2001 decision of the Federal Arbitrazh Court of the Moscow Circuit | A-1706 |
| December 13, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1712 |
| Davis Complaint filed in Moscow before the Gagarinsky Inter-Municipal Court of Moscow | A-1728 |
| April 10, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1737 |
| September 25, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1747 |
| October 26, 2000 decision of the Moscow City Court | A-1752 |
| September 17, 2001 decision of the Gagarinsky Inter-Municipal Court of Moscow | A-1758 |
| May 30, 2000 decision of the Tverskoy Inter-Municipal Regional Court | A-1761 |
| February 7, 2000 decision of the Tverskoy Inter-Municipal Court of Moscow | A-1765 |
| December 22, 2000 decision of the Gagarinsky Inter-Municipal Court of Moscow | A-1768 |
| February 14, 2000 decsion of the Cheryomoushkinsky Inter-Municipal Court of Moscow | A-1774 |
| March 2, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1779 |
| September 4, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1784 |
| August 14, 2000, decision of the Kachkanar City Court of the Sverdlovsk Oblast | A-1790 |

| | |
|---|---|
| February 15, 2000 decision of the Kachkanar City Court | A-1797 |
| February 29, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1801 |
| March 6, 2001 decision of the Moscow City Court | A-1806 |
| April 5, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-1814 |
| June 22, 2001 decision of the Tverskoy Inter-Municipal Regional Court of Moscow | A-1827 |
| Two Notices of registrar change published in the *Oblastnaya gazeta* on, respectively, March 17, 2000 and October 21, 2000 | A-1832 |
| March 20, 2001 decision by the Arbitrazh Court of Moscow | A-1839 |
| June 26, 2001 decision of Appellate Instance of the Arbitrazh Court of Moscow | A-1846 |
| **VOLUME 11 OF 13:** | |
| September 5, 2001 decision of the Federal Arbitrazh court of the Moscow Circuit | A-1852 |
| December 20, 2000 decision of the Petrogradsky Regional Court of St. Petersburg | A-1859 |
| January 12, 2001 decision of the Petrogradsky Regional Court of St. Petersburg | A-1864 |
| March 13, 2001 decision of Izmailovsky Regional Court of Moscow | A-1871 |
| March 13, 2001 decision of Izmailovsky Regional Court of Moscow | A-1874 |
| August 27, 2001 decision of the Chertanovo Federal Court | A-1877 |
| Agreement between GOK and Polyprom dated January 18, 1999 | A-1880 |
| November 22, 2000 decision of the Arbitrazh Court of the Republic of Kalmykia | A-1884 |
| April 17, 2001 decision of the Arbitrazh Court for the North Caucasus Region | A-1895 |
| July 5, 2001 decision of the Arbitrazh Court for the Republic of Kalmykia | A-1904 |
| November 9, 2001 decision of the Appellate Instance of the Arbitrazh Court for the Republic of Kalmykia | A-1910 |
| September 10, 2001 decision of the Arbitrazh Court for the Republic of Kalmykia | A-1919 |
| August 1, 2000 decision of the Arbitrazh Court for the Chelyabinsk Region | A-1924 |

| | |
|---|---|
| October 16, 2000 decision of the Appellate Instance for the Arbitrazh Court for the Chelyabinsk Region | A-1942 |
| January 4, 2001 decision of the Arbitrazh Court for Urals Circuit | A-1952 |
| September 29, 2000 decision of the Solntsevsky Inter-Municipal Regional Court of Moscow | A-1960 |
| March 30, 2001 decision of the Moscow City Court | A-1970 |
| November 30, 2001 decision of the Solntsevsky Inter-Municipal Regional Court of Moscow | A-1980 |
| Agreement between New Start Group, Corp. and Davis dated October 6, 2000 | A-1995 |
| Eugene Aschenbrenner's Power of Attorney to act on behalf of Davis (valid December 3, 1999 through December 3, 2000) | A-2002 |
| Nexis Loan Agreement dated July 13, 1999 | A-2010 |
| March 23, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2020 |
| July 13, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-2027 |
| Republic of Panama v. BCCI Holdings (Luxemborg) S.A., 90-2913-CV-UUB, slip.op. (S.D. Fla. July 17, 1995) | A-2033 |
| **VOLUME 12 OF 13** | |
| October 29, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2053 |
| November 24, 2001 Opinion of the Department of the Interior of the Sverdlovsk Region | A-2060 |
| January 21, 2002 decision of the Federal Arbitrazh Court for the North Caucasus Circuit | A-2084 |
| March 12, 2002 decision of the Arbitrazh Court for the Republic of Kalmykia | A-2094 |
| April 23, 2002 decision of the Federal Arbitrazh Court for the North Caucasus Circuit | A-2105 |
| April 30, 2002 decision of the Kachkanar Town Court for the Sverdlovsk Oblast | A-2108 |
| September 24, 2002 decision of the Kachkanar Town Court for the Sverdlovsk Oblast | A-2121 |
| November 19, 2002 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2126 |

| | |
|---|---|
| January 22, 2003 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2133 |
| February 4, 2003 decision of the Appellate Instance for the Arbitrazh Court for the Republic of Kalmykia | A-2143 |
| May 20, 2003 decision of the Federal Arbitrazh Court for the North Caucasus Region | A-2150 |
| May 27, 2003 decision of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-2159 |
| August 27, 2003 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2165 |
| October 30, 2003 decision of the Moscow Municipal Court | A-2170 |
| January 14, 2004 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2176 |
| April 20, 2004 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2187 |
| **VOLUME 13 OF 13** | |
| April 27, 2004 decision of the Arbitrazh Court for the Republic of Kalmykia | A-2197 |
| July 2, 2004 decision of the Moscow City Court | A-2205 |
| July 29, 2004 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2212 |
| December 7, 2004 decision of the Moscow City Court | A-2221 |
| September 18, 2001 decision of the Sverdlovsk Arbitrazh Court | A-2224 |
| December 20, 2001 decision of the Urals Circuit | A-2238 |
| May 22, 2002 decision of the Moscow City Court | A-2246 |
| August 22, 2002 decision of the Moscow City Court | A-2256 |
| September 10, 2002 decision of the Kalmykia Court | A-2269 |
| May 22, 2003 decision of the Sverdlovsk Arbitrazh Court | A-2277 |
| August 13, 2003 decision of the Solntsevsky Court | A-2283 |
| March 3, 2004 decision of the Sverdlovsk Arbitrazh Court | A-2289 |
| March 31, 2004 report issued by Russian Ministry of Internal Affairs | A-2294 |
| Declaration of Tatiana Yastrebova, dated September 16, 2002, filed in *Base Metal Trading* (without exhibits) | A-2314 |
| July 2, 2002 decision of the North Caucasus Circuit | A-2344 |

Federal Arbitrazh Court of the Moscow Circuit

## DECREE

City of Moscow
September 05, 2001                                    Case No. KG-A40/4794-01

The Federal Arbitrazh Court of the Moscow Circuit in the composition of
Presiding judge S.A. Yaskin
and judges V.A. Gordeyev, V.K. Tikhonova
with the participation in the court session of
on behalf of the respondents: OAO "Kachkanar ore mining and processing enterprise
"Vanadium" — S.M. Kapoura (power of attorney No. 72 from 14.05.2001); AOZT
"Vedeniye reestrov kompaniy" — Ye.N. Znamensky (power of attorney No. 63/2001
from 15.08.2001), N.S. Brousova (power of attorney No. 67/2001 from 03.09.2001)
having considered in the session the cassational complaint of OOO "Rendex", Davies
International LLC, Foston Management Ltd., Holdex LLC and OMNI Trusthouse Ltd.
against the decision from 20.03.2001 and decree of the Arbitrazh Court of Moscow in the
appellate instance from 26.06.2001 in case No. A40-42909/00-23-422
taken by judges N.A. Koshcheyeva, P.V. Pertsev, G.I. Zakharova, L.V. Ilyina

### HAS ESTABLISHED:

The limited liability company OOO "Rendex" (Moscow), Davies International
LLC (Western Virginia, USA), Foston Management Ltd. (Cyprus), Holdex LLC (Texas,
USA) and OMNI Trusthouse Ltd. (London, Great Britain) made recourse to the Arbitrazh
Court for the city of Moscow with a complaint against the Closed joint-stock company
ZAO "Registrar Company Panorama" (Moscow), Open joint-stock company OAO
"Kachkanar ore mining and processing enterprise "Vanadium" (Kachkanar, Sverdlovsk
oblast) and Closed joint-stock company AOZT "Vedeniye reestrov kompaniy"
(Yekaterinburg) to invalidate the agreement of 05.09.00 to transfer the system of keeping
the register of the holders of registered securities concluded between ZAO "Registrar
Company Panorama" and OAO "Kachkanar ore mining and processing enterprise
"Vanadium" because of its nullity, and to apply the consequences of the invalidation of
the void transaction by obliging AOZT "Vedeniye reestrov kompaniy" to return to ZAO
"Registrar Company Panorama" all documents pertaining to the system of keeping the
register of the holders of the registered securities of OAO "Kachkanar ore mining and
processing enterprise "Vanadium".

The Arbitrazh Court for the city of Moscow in its decision from 20.03.2001, left
unchanged by the decree of the appellate instance of the same court from 26.06.2001, in
case A40-42909/00-23-422 refused to satisfy the complaint. In taking the decision the
courts were guided by Articles 8, 11, 12, 15, 153, 166 to 168, 401, 453 of the Civil Code
of the Russian Federation, Articles 8, 9, 15, 29 of the Federal law of the Russian
Federation "On the securities market" and Decision No. 21 of the Federal Commission on
Securities from 24.06.97 (pages 70-71, 125, vol. 3 of the case file).

Disagreeing with the decision from 20.03.2001 and decree from 26.06.2001, OOO
"Rendex", Davies International LLC, Foston Management Ltd., Holdex LLC and OMNI
Trusthouse Ltd. made recourse to the Federal Arbitrazh Court for the Moscow Circuit
with a cassational complaint in which they asked to reverse the said court acts and to
satisfy the complaint in full volume. In their complaint the claimants referred to the fact

A - 1852

that in the challenged acts the courts had failed to fully investigate the circumstances relevant for the case.

There has been no answer from the respondents to the cassational complaint of the claimants.

In the session of the cassation instance the representatives of the respondents — OAO "Kachkanar ore mining and processing enterprise "Vanadium" and AOZT "Vedeniye reestrov kompaniy" — objected to the satisfaction of the complaint of the claimants, considering the challenged court acts lawful and grounded. The representatives of the claimants failed to appear before the court. The court of the cassation instance in its determination from 05.09.2001 refused to satisfy two petitions of the claimants to defer the consideration of their cassational complaint.

Having discussed the reasons stated in the cassational complaint, heard the representatives of the parties appearing before the court, verified in accordance with Articles 171, 174 and 175 of the Arbitrazh Procedure Code of the Russian Federation the appropriateness of applying the norms of the substantive and procedural laws by the courts in the first and appellate instance, as well as the validity of the said acts, the cassation instance came to the conclusion that the challenged court acts should be left unchanged, and the cassational complaint of OOO "Rendex", Davies International LLC, Foston Management Ltd., Holdex LLC and OMNI Trusthouse Ltd. — unsatisfied.

In accordance with Article 176 of the Arbitrazh Procedure Code of the Russian Federation, the court in the cassation instance may amend or reverse the decree or decision of the arbitrazh court in the first and appellate instance on the grounds of violation or not proper application of the substantive or procedural law norms which resulted in the taking of an incorrect decision.

Refusing to satisfy the stated complaint, the court in the first instance pointed out that from the documents submitted by the claimants it could not see that the agreement of 05.09.00 to transfer the system of keeping the register of the holders of registered securities was a void transaction, as the claimants produced no evidence nor gave reasons for the breach of the substantive law norms. Neither have the claimants proved that the challenged transaction injures their rights.

The conclusion of the court in the first instance that the challenged agreement of 05.09.00 to transfer the register of the shareholders did not breach the norms of law to which the claimants referred, in particular, Article 8 of the Federal law "On the securities market" and Clauses 9, 15 of Decision No. 21 of the Federal Commission on Securities from 24.06.97, is not disproved by the materials in the case.

During the second consideration of the case, the court in the appellate instance established that OAO "Kachkanar ore mining and processing enterprise "Vanadium" had observed the requirements of Article 8 of the Federal law "On the securities market" concerning the notice to be given to the shareholders, and that the determinations of inter-municipal and arbitrazh courts on taking security measures related to the transfer of the register had been cancelled.

The reasons stated in the cassational complaint that the courts in the first and appellate instance failed to fully investigate the circumstances relevant for the case according to Articles 165 and 174 of the Arbitrazh Procedure Code of the Russian Federation may not be considered by the court in the cassation instance.

In connection with the above the cassation instance does not see any irregularity in the application of the substantive or procedural law norms in the course of the courts of the first and appellate instance passing the challenged court acts which could serve as the grounds for their reversal.

On the basis of the above and being guided by Articles 171, 173 to 177 of the Arbitrazh Procedure Code of the Russian Federation, the Federal Arbitrazh Court of the Moscow Circuit

## HAS DECIDED:

To leave unchanged the decision from March 20, 2001 and decree of the appellate instance from June 26, 2001 taken by the Arbitrazh Court for the city of Moscow in case No. A40-42909/00-23-422, to leave the cassational complaint of OOO "Rendex", Davies International LLC, Foston Management Ltd., Holdex LLC and OMNI Trusthouse Ltd. unsatisfied.

| Presiding judge | S.A. Yaskin |
| Judges | V.A. Gordeyev |
| | V.K. Tikhonova |

True copy



# ФЕДЕРАЛЬНЫЙ АРБИТРАЖНЫЙ СУД МОСКОВСКОГО ОКРУГА

## ПОСТАНОВЛЕНИЕ

«15» сентября 2001 г.                            Дело № КГ-А40/4794-01

Федеральный арбитражный суд Московского округа

в составе: председательствующего-судьи Яскина С.А.

судей: Гордеева В.А. и Тихоновой В.К.

при участии в заседании: от ответчиков: ОАО «Качканарский ГОК «Ванадий»: Кадура С.М. (доверенность № 72 от 14.05.2001); ЗАО «Ведение реестров компаний»: Знаменский Е.Н. (дов. № 63/2001 от 15.08.2001), Брусова Н.С. (дов. № 67/2001 от 03.09.2001)

рассмотрев в заседании кассационную жалобу  ООО «РЭНДЭКС», Компании «Дэвис Интернэшнл Л.Л.Си», Компании «Фостон Менеджмент Лимитед», Компании «Холдэкс Л.Л.Си» и Компании «ОМНИ Трастхаус Лимитед»

на решение от 20.03.2001 и постановление апелляционной инстанции от 26.06.2001 Арбитражного суда города Москвы по делу № А40-42909/00-23-422

судьи: Кощеева Н.А., Перцев П.В., Захарова Г.И., Ильина Л.В.

установил:

Общество с ограниченной ответственностью «РЭНДЭКС» (г. Москва), Компания «Дэвис Интернэшнл Л.Л.Си» (Западная Вирджиния, США), Компания «Фостон Менеджмент Лимитед» (Кипр), Компания «Холдэкс Л.Л.Си» (Техас, США) и Компания «ОМНИ Трастхаус Лимитед» (Лондон, Великобритания) обратились в Арбитражный суд города Москвы с иском к Закрытому акционерному обществу «Компания-регистратор «Панорама» (г. Москва), Открытому акционерному обществу «Качканарский горно-обогатительный комбинат «Ванадий» (г. Качканар Свердловской обл.) и Акционерному обществу закрытого типа «Ведение реестра компаний» (г. Екатеринбург) о признании недействительным соглашения о передаче системы ведения реестра владельцев именных ценных бумаг от 05.09.2000, заключенного между ЗАО «Компания-регистратор «Панорама» и ОАО «Качканарский ГОК «Ванадий» в силу его ничтожности, а также о применении последствия недействительности ничтожной сделки в виде обязания АОЗТ «Ведение реестров компаний» возвратить ЗАО «Регистратор «Панорама» все документы, относящиеся к системе ведения реестра владельцев именных ценных бумаг ОАО «Качканарский ГОК «Ванадий»

Специалист  Бурлаков

A - 1856

2

Решением Арбитражного суда города Москвы от 20.03.2001, оставленным без изменения постановлением апелляционной инстанции того же суда от 26.06.2001 по делу № А40-42909/00-23-422 в удовлетворении иска было отказано. При принятии решения суды руководствовались статьями 8, 11, 12, 15, 153, 166-168, 401, 453 Гражданского кодекса Российской Федерации, статьями 8, 9, 15, 29 Федерального закона "О рынке ценных бумаг" и Постановлением ФКЦБ России № 21 от 24.06.1997 (т. 3, л.д. 70-71, 125).

Не согласившись с решением от 20.03.2001 и постановлением от 26.06.2001 ООО «РЭНДЭКС», Компания «Дэвис Интернэшнл Л.Л.Си», Компания «Фостон Менеджмент Лимитед», Компания «Холдэкс Л.Л.Си» и Компания «ОМНИ Трастхауз Лимитед» обратились в Федеральный арбитражный суд Московского округа с кассационной жалобой, в которой просили указанные судебные акты отменить и удовлетворить иск в полном объеме. Заявители в жалобе ссылались на неполное выяснение судами в обжалуемых актах обстоятельств, имеющих значение для дела.

Отзывы на кассационную жалобу истцов от ответчиков не поступали.

В заседании кассационной инстанции представитель ответчиков: ОАО «Качканарский ГОК «Ванадий» и ЗАО «Ведение реестров компаний» возражали против удовлетворения жалобы истцов, считая обжалуемые судебные акты законными и обоснованными. Представители истцов в судебное заседание не явились. Определением суда кассационной инстанции от 05.09.2001 было отказано в удовлетворении двух ходатайств истцов об отложении рассмотрения их кассационной жалобы.

Обсудив поводы кассационной жалобы, заслушав представителей лиц, явившихся в судебное заседание, проверив в порядке статей 171, 174, 175 Арбитражного процессуального кодекса Российской Федерации правильность применения судами первой и апелляционной инстанций норм материального права и норм процессуального права, а также обоснованность указанных актов, кассационная инстанция пришла к выводу, что обжалуемые судебные акты должны быть оставлены без изменения, а кассационная жалоба ООО «РЭНДЭКС», Компании «Дэвис Интернэшнл Л.Л.Си», Компании «Фостон Менеджмент Лимитед», Компании «Холдэкс Л.Л.Си» и Компании «ОМНИ Трастхауз Лимитед» - без удовлетворения.

В соответствии со статьей 176 Арбитражного процессуального кодекса Российской Федерации основанием к изменению или отмене решения или постановления арбитражного суда первой и апелляционной инстанций судом кассационной инстанции являются нарушение либо неправильное применение норм материального права или норм процессуального права, которое привело к принятию неправильного решения.

Отказывая в удовлетворении заявленного иска, суд первой инстанции указал, что из представленных истцами документов не усматривается, что Соглашение о передаче системы ведения реестра владельцев ценных бумаг от 05.09.2000 является ничтожной сделкой, поскольку истцами не представлены доказательства и не указаны основания, в соответствии с которыми были на-

**A - 1857**

3

рушены нормы материального права. Истцы также не доказали, что оспариваемая сделка нарушает их права.

Вывод суда первой инстанции, что оспариваемое Соглашение о передаче реестра акционеров от 05.09.2000 не нарушало нормы права, на которые ссылались истцы, а именно статью 8 «Федерального закона «О рынке ценных бумаг» и статьи 9, 15 Постановлением ФКЦБ России № 21 от 24.06.1997 не опровергается материалами дела.

Повторно рассматривая дело, суд апелляционной инстанции установил, что ОАО "Качканарский ГОК "Ванадий" были соблюдены требования статьи 8 Федерального закона "О рынке ценных бумаг" об уведомлении акционеров, а определения межмуниципальных и арбитражных судов о принятии обеспечительных мер по передаче реестра были отменены.

Доводы, изложенные в кассационной жалобе о том, что суды первой и апелляционной инстанций неполно выяснили обстоятельства, имеющие значение для дела в силу статьей 165, 174 АПК РФ не могут быть предметом рассмотрения в суде кассационной инстанции.

В связи с изложенным кассационная инстанция не усматривает нарушений применения норм материального и процессуального права при принятии судами первой и апелляционной инстанций обжалуемых судебных актов, которые могли бы служить основанием к их отмене.

На основании изложенного и руководствуясь статьями 171, 173-177 Арбитражного процессуального кодекса Российской Федерации, Федеральный арбитражный суд Московского округа

П О С Т А Н О В И Л:

решение от 20 марта 2001 года и постановление апелляционной инстанции от 26 июня 2001 года Арбитражного суда города Москвы по делу № А40-42909/00-23-422 оставить без изменения, а кассационную жалобу ООО «РЭНДЭКС», Компании «Дэвис Интернэшнл Л.Л.Си», Компании «Фостон Менеджмент Лимитед», Компании «Холдэкс Л.Л.Си» и Компании «ОМНИ Трастхауз Лимитед» - без удовлетворения.


Председательствующий                    С.А.Яскин

    Судьи:                              В.А.Гордеев

                                        В.К.Тихонова






A - 1858

Case No. 2-4407                                        December 20, 2000

## DECISION
### In the name of the Russian Federation

The Petrogradsky regional court of St.-Petersburg with the presiding judge V.V. Starchenkova and secretary T.A. Yakovleva, having considered in the open court session the civil suit initiated by the complaint of Anton O. Zhivotovsky against the actions of OAO "Kachkanar ore mining and processing enterprise "Vanadium"

### Has established:

A.O. Zhivotovsky is a shareholder of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

A.O. Zhivotovsky made recourse to the court with a complaint against the actions of the enterprise officials, stating that on 17.03.2000 the Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium" published information in the "Oblast newspaper" of Yekaterinburg about the termination of the contract for the keeping of the register with ZAO "Registrar Company Panorama" and the commencement of the procedure of replacing the registrar, with the period of the contract termination to run from 12.04.2000. A.O. Zhivotovsky points out that the contract is to be considered rescinded nine months after the publication of the notice. Besides, A.O. Zhivotovsky believes that the decision to replace the registrar company is unlawful and infringes his rights as a shareholder, in particular, the right to information. The decision was signed by A.A. Kozitsyn, who was not the Director General of the industrial enterprise, the change of the register holder may lead to various disturbances, loss of information, it may infringe the right of the claimant to the disposal of his shares. The claimant asks to hold unlawful the actions of A.A. Kozitsyn who signed the notice of termination of the contract with ZAO "Registrar Company Panorama" and to oblige A.A. Kozitsyn to publish in the "Oblast newspaper" of Yekaterinburg information of giving up actions aimed at the contract termination.

The claimant did not appear before the court, having asked to have the case considered in his absence.

The representative of the parties in interest — OAO "Kachkanar ore mining and processing enterprise "Vanadium" and ZAO "Registrar Company Panorama" — did appear before the court, disagreeing with the demands stated in the complaint.

Following the petition of the representative of OAO "Kachkanar ore mining and processing enterprise "Vanadium", the court also involved in the proceedings AOZT "Vedeniye reestrov kompaniy" as a party in interest.

Having heard the representative of the parties in interest, studied the materials in the case and evaluated the evidence, the court arrives at the following.

According to the Law of the Russian Federation of 27.04.1993 "On challenging in court of the actions and decisions infringing the rights and freedoms of citizens in the Russian Federation" as amended by the Federal law from 14.12.95, the claimant is to prove the fact of the infringement of his rights and freedoms. The duty of the claimant to prove the fact of the infringement of his rights and freedoms is also stipulated by Articles 4.1 and 5 of the RSFSR Civil Procedure Code.

The court believes that the rescission of the contract between two legal entities — OAO "Kachkanar ore mining and processing enterprise "Vanadium" and ZAO "Registrar

**A - 1859**

Company Panorama" does not infringe the rights of A.O. Zhivotovsky as a shareholder, including his right to information, as he is not a party to the given legal relationship.

The notice to the Director General of ZAO "Registrar Company Panorama" about the unilateral termination of the contract for the keeping of the register signed by the Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium" A.A. Kozitsyn is dated 07.02.2000 (page 62 of the case file), the decision was taken on 01.02.2000 (page 29 of the case file). According to the abstract from the minutes of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium", the powers of the Director General A.A. Kozitsyn were early terminated beginning with 07.03.2000 (page 13 of the case file). Thus, the court has found no evidence to support the reasons of the claimant alleging that A.A. Kozitsyn did not have the powers required to take the decision to rescind the contract with ZAO "Registrar Company Panorama".

The termination of the contract has created no obstacles for A.O. Zhivotovsky to exercise his rights and freedoms, the claimant has produced no evidence to support his claims.

Consequently, the claim made by A.O. Zhivotovsky to hold unlawful the decision of the Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium" to terminate the contract with ZAO "Registrar Company Panorama" for the keeping of the register of shareholders and to replace the registrar is not to be satisfied.

Being guided by Articles 191, 197, 239-7, 157 of the RSFSR Civil Procedure Code, the court

## HAS DECIDED:

To refuse to satisfy the complaint of Anton O. Zhivotovsky of the alleged unlawful actions (decisions) of the officials of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

The decision may be appealed to the St.-Petersburg city court within 10 days.

Judge
The decision entered into force on 09.01.2001

Дело № 2-4407                                          20 декабря 2000 года

## РЕШЕНИЕ
### Именем Российской Федерации

Петроградский районный суд Санкт-Петербурга под председательством судьи Старченковой В.В. при секретаре Яковлевой Т.А. рассмотрев в открытом судебном заседании гражданское дело по жалобе Животовского Антона Олеговича на действия ОАО «Качканарский горно-обогатительный комбинат «Ванадий».

Установил:

Животовский А.О. является акционером ОАО «Качканарский горно-обогатительный комбинат «Ванадий».

Животовский А.О. обратился в суд с жалобой на действия должностных лиц предприятия, указывая, что 17.03.2000г. Генеральный директор ОАО «Качканарский горно-обогатительный комбинат «Ванадий» в «Областной газете» г. Екатеринбурга опубликовал информацию о прекращения действия договора на ведение реестра с ЗАО «Компания-регистратор «Панорама» и о начале процедуры замены регистратора, срок прекращения договора начинает течь с 12.04.2000г. Животовский указывает, что договор должен считаться расторгнутым через девять месяцев после опубликования уведомления. Кроме того, Животовский полагает, что решение о смене компании – регистратора является незаконным и нарушает его права как акционера, в частности, право на информацию, решение подписал Козицын А.А., не являющийся Генеральным директором комбината, смена реестродержателя может привести к различным нарушениям, к потери информации, может быть нарушено право заявителя на распоряжение акциями. Заявитель просит признать незаконными действия Козицына А.А., подписавшего уведомление о расторжении договора с ЗАО «Компания-регистратор «Панорама» и обязать Козицына А.А. опубликовать в «Областной газете» г Екатеринбурга информацию об отказе от действий, направленных на прекращение договора.

Заявитель в судебное заседание не явился, просил рассмотреть дело в свое отсутствие.

Представитель заинтересованных лиц - ОАО Качканарский ГОК «Ванадий» и ЗАО «Компания-регистратор «Панорама» в судебное заседание явился, требования жалобы не признал.

К участию в деле в качестве заинтересованного лица по ходатайству представителя ОАО «Качканарский ГОК «Ванадий» судом также привлечено ЗАО «Ведение реестров компаний».

Выслушав представителя заинтересованных лиц, исследовав материалы дела, оценив собранные доказательства, суд приходит к следующему.

Согласно ст. 6 Закона РФ от 27.04 1993г. «Об обжаловании в суд действий и решений, нарушающих права и свободы граждан» а не ст. Ф55 ч. 1-2 ГК, гражданин обязан доказать факт нарушения своих прав, а ст. 1 Обжалуемые в судебном порядке нарушения своих прав предусмотрена ст. 4 ч. 3 ст. 5 ГПК РСФСР.

Суд полагает, что расторжение договора между вышеупомянутыми лицами ОАО «Качканарский ГОК «Ванадий» и ЗАО «Компания регистратор

«Панорама» не нарушает прав Животовского А.О. как акционера, в частности его права на информацию, поскольку он не является участником данных правоотношений.

Уведомление Генеральному директору ЗАО «Компания-регистратор «Панорама» о расторжении в одностороннем порядке договора на ведение реестра, подписанное Генеральным директором ОАО «Качканарский ГОК «Ванадий» Козицыным А.А., датировано 07.02.2000г. (л.д.62), решение принято 01.02.2000 года (л.д.29). Согласно выписки из протокола заседания Совета директоров ОАО «Качканарский ГОК «Ванадий» полномочия Генерального директора Козицына А.А. досрочно прекращены с 07.03.2000г. (л.д.13). Таким образом, судом не добыто доказательств, подтверждающих доводы заявителя о том, что Козицын А.А. не обладал надлежащими полномочиями для принятия решения о расторжении договора с ЗАО «Компания-регистратор «Панорама».

Расторжение договора не создало каких-либо препятствий для осуществления гражданином Животовским А.О. его прав и свобод, заявителем не представлено каких- либо доказательств в подтверждение своих доводов.

Следовательно, заявленные Животовским А.О. требования о признании незаконным решения Генерального директора ОАО «Качканарский ГОК «Ванадий» о расторжении договора с ЗАО «Компания-регистратор «Панорама» на оказание услуг по ведению реестра акционеров и замене регистратора удовлетворению не подлежат.

Руководствуясь ст.ст.191, 197, 239-7, 157 ГПК РСФСР, суд

РЕШИЛ:

В удовлетворении жалобы Животовскому Антону Олеговичу на неправомерные действия (решения) должностных лиц ОАО «Качканарский ГОК «Ванадий» отказать.

Решение может быть обжаловано в Санкт-Петербургский городской суд в течение 10 дней.

Судья -

Case No. 2-1237                                             January 12, 2001

## DECISION
### In the name of the Russian Federation

The Petrogradsky regional court of St.-Petersburg with the presiding judge V.V. Starchenkova and secretary T.A. Yakovleva, having considered in the open court session the civil suit initiated by the complaint of Dzhalol A. Khaidarov against OAO "Kachkanar ore mining and processing enterprise "Vanadium" and Anton O. Zhivotovsky to hold invalid (unlawful) the decision to terminate the contract with ZAO "Registrar Company Panorama" and hold invalid the claims of A.O. Zhivotovsky concerning the transfer of the register

### Has established:

D.A. Khaidarov is a shareholder of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

D.A. Khaidarov made recourse to the court with a complaint against the respondents, stating that on 17.03.2000 the Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium" published information in the "Oblast newspaper" of Yekaterinburg about the termination of the contract for the keeping of the register with ZAO "Registrar Company Panorama" and the commencement of the procedure of replacing the registrar, with the period of the contract termination to run from 12.04.2000. D.A. Khaidarov points out that the contract is to be considered rescinded nine months after the publication of the notice. Besides, D.A. Khaidarov believes that the decision to replace the registrar company is unlawful and infringes his rights as a shareholder, in particular, the right to information. The decision signed by A.A. Kozitsyn, who was not the Director General of the industrial enterprise, the change of the register holder may lead to various disturbances, loss of information, it may infringe the right of the claimant to the disposal of his shares.

The claimant says that he is the lawful Director General of the industrial enterprise and that he has signed no decision to replace the registrar company. The claimant asks to hold unlawful the decision of A.A. Kozitsyn who signed the notice of termination of the contract with ZAO "Registrar Company Panorama" and to oblige OAO "Kachkanar ore mining and processing enterprise "Vanadium" to publish in the "Oblast newspaper" of Yekaterinburg an objection to the information published in the "Oblast newspaper" on 17.03.2000.

The claimant also asks that the claim of A.O. Zhivotovsky — a shareholder of OAO "Kachkanar ore mining and processing enterprise "Vanadium" — to transfer the register be held as infringing his rights.

The claimant did not appear before the court, having asked to have the case considered in his absence, and has confirmed his complaint.

The representative of the respondent — OAO "Kachkanar ore mining and processing enterprise "Vanadium" — did appear before the court, disagreeing with the demands stated in the complaint.

The respondent A.O. Zhivotovsky, having been informed of the hearing, did not appear before the court, agreeing with the demands stated in the complaint and asking to have the case considered in his absence.

The representative of the third party — ZAO "Registrar Company Panorama" — having been informed of the hearing, did not appear before the court, disagreeing with the demands stated in the complaint.

Being guided by Article 157 of the RSFSR Civil Procedure Code, the court decided to consider the case in the absence of the claimant, respondent A.O. Zhivotovsky and the third party.

Having heard the representative of the respondent, studied the materials in case No. 2-4407/2000 initiated by the complaint of A.O. Zhivotovsky and evaluated the evidence, the court arrives at the following.

Article 91 of the Federal law "On joint-stock companies" (Federal Law No. 208 from 26.12.95) regulates the process of the company giving information to its shareholders.

According to Article 6 of the Law of the Russian Federation of 27.04.1993 "On challenging in court of the actions and decisions infringing the rights and freedoms of citizens in the Russian Federation" as amended by the Federal law from 14.12.95, the claimant is to prove the fact of the infringement of his rights and freedoms. The duty of the claimant to prove the fact of the infringement of his rights and freedoms is also stipulated by Articles 4.1.1 and 50.1 of the RSFSR Civil Procedure Code.

The court believes that the rescission of the contract between two legal entities — OAO "Kachkanar ore mining and processing enterprise "Vanadium" and ZAO "Registrar Company Panorama" does not infringe the rights of D.A. Khaidarov as a shareholder, including his right to information, as he is not a party to the given legal relationship.

From the copy of the "Oblast newspaper" (page 27 of the case file) it is seen that the decision to terminate the contract with ZAO "Registrar Company Panorama" was taken by the Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium" on 01.02.2000. This decision was taken by A.A. Kozitsyn, Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium". The notice of termination of the contract was signed by him on 07.02.2000 (page 62 of the case file for civil suit No. 2-4407/2000).

The representative of the respondent — OAO "Kachkanar ore mining and processing enterprise "Vanadium" — presented in the court session a copy of the agreement (Labor contract) with D.A. Khaidarov for the latter's performing the functions of the Director General of the joint-stock company till 21.04.2002, from clause 7.3 of which it is seen that the powers of the Director General under the given contract may be early terminated by the decision of the Council of directors. In such instance the decision of the Council of directors to terminate the powers of the Director General is at the same time the decision to terminate the contract. There were also presented the Minutes of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from 28.01.2000, item 3 of the meeting agenda containing the proposal of early termination of the powers of the Director General D.A. Khaidarov, and item 4 — proposal to elect A.A. Kozitsyn Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium". The decisions on the said issues had been taken, the powers of D.A. Khaidarov terminated, and A.A. Kozitsyn elected Director General.

Thus, the court has established that the decision to early terminate the powers of D.A. Khaidarov and to appoint A.A. Kozitsyn the new Director General was taken in strict compliance with the legislation of the Russian Federation and the normative acts of OAO "Kachkanar ore mining and processing enterprise "Vanadium". All decisions taken by the Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium" A.A. Kozitsyn within the limits of his competence, including the decision to

terminate the contract with ZAO "Registrar Company Panorama", may not be considered invalid.

According to the abstract from the Minutes of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium", the powers of the Director General A.A. Kozitsyn were early terminated from 07.03.2000 (page 13 of the case file for civil suit No. 2-4407/2000 initiated by the complaint of A.O. Zhivotovsky). Thus, the court has found no evidence to support the reasons of the claimant alleging that A.A. Kozitsyn did not have the powers required to take the decision to rescind the contract with ZAO "Registrar Company Panorama" and that D.A. Khaidarov at the time of taking the decision was the Director General.

The court believes that the termination of the contract has created no obstacles for D.A. Khaidarov to exercise his rights and freedoms as a shareholder, the claimant has produced no evidence to support his claims.

Consequently, the claim made by D.A. Khaidarov to hold unlawful the decision of the Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium" to terminate the contract with ZAO "Registrar Company Panorama" for the keeping of the register of shareholders and to replace the registrar is not to be satisfied.

Neither is to be satisfied the demand of the claimant to consider invalid and infringing his rights the claim of A.O. Zhivotovsky concerning the transfer of the register, for the claimant has produced no evidence to support his arguments. Besides, the Petrogradsky regional court of St.-Petersburg considered civil suit No. 2-4407/2000 initiated by the complaint of A.O. Zhivotovsky against the unlawful actions (decisions) of the officials of OAO "Kachkanar ore mining and processing enterprise "Vanadium", from which it is seen that A.O. Zhivotovsky challenged the decision of the Director General of OAO "Kachkanar ore mining and processing enterprise "Vanadium" A.A. Kozitsyn on the same grounds as D.A. Khaidarov.

Being guided by Articles 191, 197, 157 of the RSFSR Civil Procedure Code, the court

## HAS DECIDED:

To refuse to satisfy the complaint of Dzhalol A. Khaidarov against OAO "Kachkanar ore mining and processing enterprise "Vanadium" and Anton O. Zhivotovsky to hold invalid (unlawful) the decision to terminate the contract with ZAO "Registrar Company Panorama" and hold invalid the claims of A.O. Zhivotovsky concerning the transfer of the register.

The decision may be appealed to the St.-Petersburg city court within 10 days.

Judge

The decision entered into force on January 22, 2001

Дело № 2-1237                                      12 января 2001 года

## РЕШЕНИЕ
### Именем Российской Федерации

Петроградский районный суд Санкт-Петербурга под председательством судьи Старченковой В.В. при секретаре Яковлевой Т.А. рассмотрев в открытом судебном заседании гражданское дело по иску Хайдарова Джалола Ахатовича к ОАО «Качканарский горно-обогатительный комбинат «Ванадий», Животовскому Антону Олеговичу о признании недействительным (незаконным) решения о расторжении договора с ЗАО «Компания-регистратор «Панорама», признании недействительными требований Животовского А.О. о передаче реестра.

### Установил:

Хайдаров Д.А. является акционером ОАО «Качканарский горно-обогатительный комбинат «Ванадий».

Хайдаров Д.А. обратился в суд с иском к ответчикам, указывая, что 17.03.2000г. Генеральный директор ОАО «Качканарский горно-обогатительный комбинат «Ванадий» в «Областной газете» г. Екатеринбурга опубликовал информацию о прекращении действия договора на ведение реестра с ЗАО «Компания-регистратор «Панорама» и о начале процедуры замены регистратора, срок прекращения договора начинает течь с 12.04.2000г. Хайдаров Д.А. указывает, что договор должен считаться расторгнутым через девять месяцев после опубликования уведомления. Кроме того, Хайдаров Д.А. полагает, что решение о смене компании – регистратора является незаконным и нарушает его права как акционера, в частности, право на информацию, решение подписал Козицын А.А., не являющийся Генеральным директором комбината, смена реестродержателя может привести к различным нарушениям, к потери информации, может быть нарушено право заявителя на распоряжение акциями.

Истец указывает, что является законным Генеральным директором Комбината и решения о смене компании-регистратора не подписывал. Истец просит признать незаконным решение Козицына А.А., подписавшего уведомление о расторжении договора с ЗАО «Компания-регистратор «Панорама» и обязать ОАО «Ванадий» опубликовать в «Областной газете» г. Екатеринбурга возражения на информацию, опубликованную в «Областной газете» от 17.03.2000.

Также истец просит признать нарушающими его права требование Животовского А.О. – акционера ОАО КГОК «Ванадий» о передаче реестра.

Истец в судебное заседание не явился, просил рассмотреть дело в свое отсутствие, исковые требования поддержал.

Представитель ответчика – ОАО «Качканарский ГОК «Ванадий» в судебное заседание явился, иск не признал.

Ответчик Животовский А.О. в судебное заседание не явился, о слушании дела извещен, просил рассмотреть дело в свое отсутствие исковыми требованиями не согласен.

Представитель третьего лица – ЗАО «Компания-регистратор «Панорама» в судебное заседание не явился, о слушании дела извещен, возражает против исковых требований.

**A - 1868**

Руководствуясь ст. 157 ГПК РСФСР суд определил рассмотреть дело в отсутствии истца, ответчика Животовского А.О. и третьего лица.

Выслушав представителя ответчика, исследовав материалы дела, материалы гражданского дела № 2-4407 2000г. по жалобе Животовского А.О., оценив собранные доказательства, суд приходит к следующему.

Ст. 91 ФЗ «Об акционерных обществах» от 26.12.95г. № 208 ФЗ регламентирует предоставление обществом информации акционерам.

Согласно ст. 6 Закона РФ от 27.04.1993г. «Об обжаловании в суд действий и решений, нарушающих права и свободы граждан» в ред. ФЗ от 14.12.95г. заявитель обязан доказать факт нарушения своих прав и свобод. Обязанность заявителя доказать нарушение своих прав предусмотрена п.1 ч.1 ст.4, ч.1 ст.50 ГПК РСФСР.

Суд полагает, что расторжение договора между юридическими лицами – ОАО «Качканарский ГОК «Ванадий» и ЗАО «Компания-регистратор «Панорама» не нарушает прав Хайдарова Д.А. как акционера, в частности его права на информацию, поскольку он не является участником данных правоотношений.

Из представленной суду копии «Областной газеты» (л.д.27) видно, что Генеральным директором ОАО КГОК «Ванадий» 01.02.2000 года принято решение о расторжении договора с ЗАО «Компания-регистратор «Панорама». Данное решение было принято Генеральным директором ОАО КГОК «Ванадий» Козицыным А.А. Уведомление о расторжении договора подписано им 07.02.2000г. (л.д.62 гражданского дела № 2-4407/2000).

Представителем ответчика ОАО КГОК «Ванадий» в судебное заседание представлена копия трудового договора (Контракта) с Хайдаровым Д.Ж. об исполнении последним функций Генерального директора ОАО, заключенного на срок до 21.04.2002 года, из п.7.3 которого видно, что полномочия Генерального директора по данному контракту могут быть досрочно прекращены по решению Совета директоров. В этом случае, решение Совета директоров о прекращении полномочий Генерального директора одновременно является и решением о расторжении контракта. Также представлен Протокол Совета директоров ОАО КГОК «Ванадий» от 28.01.2000г. в повестке дня которого вопрос №3 содержал предложение о досрочном прекращении полномочий Генерального директора Хайдарова Д.А., а вопрос №4 предложение об избрании Генеральным директором ОАО КГОК «Ванадий» Козицына А.А. Решения по данным вопросам были приняты, полномочия Хайдарова Д.А. прекращены, а Козицын А.А. был избран Генеральным директором.

Таким образом, судом установлено, что решение о досрочном прекращении полномочий Хайдарова Д.А. и назначении новым Генеральным директором Козицына А.А. было принято в четком соответствии с законодательством РФ и нормативными актами ОАО КГОК «Ванадий». Все решения, принятые Генеральным директором ОАО КГОК «Ванадий» Козицыным А.А. в пределах его компетенции, в том числе по расторжению договора с ЗАО «Компания-регистратор «Панорама» не могут быть признаны недействительными.

Согласно выписки из протокола заседания Совета директоров ОАО «Качканарский ГОК «Ванадий» полномочия Генерального директора Козицына А.А. досрочно прекращены с 07.03.2000г. (л.д.13 гражданского дела № 2-4407 2000г. по жалобе Животовского А.О.). Таким образом, суд не может

**A - 1869**

доказательств, подтверждающих доводы истца о том, что Козицын А.А. не обладал надлежащими полномочиями для принятия решения о расторжении договора с ЗАО «Компания-регистратор «Панорама», а Хайдаров Д.А. на момент принятия решения являлся Генеральным директором.

Суд полагает, что расторжение договора не создало каких-либо препятствий для осуществления гражданином Хайдаровым Д.А. его прав и свобод как акционера, истцом не представлено каких- либо доказательств в подтверждение своих доводов.

Следовательно, заявленные Хайдаровым Д.А. требования о признании незаконным решения Генерального директора ОАО «Качканарский ГОК «Ванадий» о расторжении договора с ЗАО «Компания-регистратор «Панорама» на оказание услуг по ведению реестра акционеров и замене регистратора удовлетворению не подлежат.

Не подлежат удовлетворению также требования истца о признании недействительным и нарушающим его права требование Животовского А.О. о передаче реестра, так как истцом не представлено каких-либо доказательств в подтверждение его доводов. Кроме того, в производстве Петроградского райсуда Санкт-Петербурга имелось гражданское дело № 2-4407/2000 по жалобе Животовского А.О. на неправомерные действия (решения) должностных лиц ОАО КГОК «Ванадий», из которого видно, что Животовский А.О. оспаривал решение Генерального директора КГОК «Ванадий» Козицына А.А.по тем же основаниям, что и Хайдаров Д.А.

Руководствуясь ст.ст.191, 197, 157 ГПК РСФСР, суд

РЕШИЛ:

В удовлетворении иска Хайдарова Джалола Ахатовича к ОАО «Качканарский горно-обогатительный комбинат «Ванадий», Животовскому Антону Олеговичу о признании недействительным (незаконным) решения о расторжении договора с ЗАО «Компания-регистратор «Панорама», признании недействительными требований Животовского А.О. о передаче реестра отказать.

Решение может быть обжаловано в Санкт-Петербургский городской суд в течение 10 дней.

Судья -

**Determination**
to dismiss an application

March 13, 2001

The Izmailovsky regional court of the Eastern administrative district of the city of Moscow in the composition of the presiding judge E.G. Isayeva, counsel S.M. Kapura and secretary V.V. Chuvikova, having considered in the open court session the complaint of Alexei V. Zanadvorov and Elena V. Yevdokimova against the actions of "Agency FSDN", OAO "Kachkanar ore mining and processing enterprise "Vanadium"

HAS ESTABLISHED

The complainants twice failed to appear at the court hearings (on 31.01.2001 and 13.03.2001), although they were duly informed of their holding; no good reason for the absence having been supplied, and the court has not received a petition to consider the claim in absentia.

Being guided by Articles 221 and 222 of the RSFSR Civil Procedure Code, the court

HAS DETERMINED:

To dismiss the application of Alexei V. Zanadvorov and Elena V. Yevdokimova against the actions of "Agency FSDN", OAO "Kachkanar ore mining and processing enterprise "Vanadium".

The determination may be appealed to the same court within 10 days.

Presiding Judge [signature]

19.03.01
[signature]

296

# ОПРЕДЕЛЕНИЕ

об оставлении заявления без рассмотрения

_13 марта 2001_ _[рукописный текст]_

районный (городской) народный суд _[рукописный текст]_

области, края, АССР в составе:

председательствующего судьи _[рукописный текст]_

народных заседателей _____

участием прокурора _____

адвоката _[рукописный текст]_

и секретаре _[рукописный текст]_

рассмотрев в открытом судебном заседании _[рукописный текст]_

_[рукописный текст]_

### Установил:

_[рукописный текст, неразборчиво]_

руководствуясь статьёй 221 и статьёй 222 ГПК РСФСР

### Определил:

_[рукописный текст]_ (Ф., И.О. лица или название предприятия, учреждения, организации) оставить без рассмотрения

(порядок устранения обстоятельств, препятствующих рассмотрению дела)

_[рукописный текст]_

определение может быть обжаловано (опротестовано) в _[рукописный текст]_

областной, краевой, Верховный _____ АССР суд в течение 10 дней

Председательствующий _____ ( _____ )

Народные заседатели _____ ( _____ )

26 ТМО Заказ 5624-1984 г. Тираж 6000э.

A - 1873

**Determination**
to dismiss an application

March 13, 2001

The Izmailovsky regional court of the Eastern administrative district of the city of Moscow in the composition of the presiding judge E.G. Isayeva and secretary V.V. Chuvikova, having considered in the open court session the complaint of Elena V. Yevdokimova against the actions of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium", ZAO "Registrar Company Panorama", AOZT "Vedeniye reestrov kompaniy" ("Company register keeping")

HAS ESTABLISHED

The complainant twice failed to appear at the court hearings (on 31.01.2001 and 13.03.2001), although she was duly informed of their holding; no good reason for the absence having been supplied, and the court has not received a petition to consider the claim in absentia.

Being guided by Articles 221 and 222 of the RSFSR Civil Procedure Code, the court

HAS DETERMINED:

To dismiss the application of Elena V. Yevdokimova against the actions of the Council of directors of OAO "Kachkanar ore mining and processing enterprise "Vanadium", ZAO "Registrar Company Panorama", AOZT "Vedeniye reestrov kompaniy" ("Company register keeping").

The determination may be appealed to the same court within 10 days.

Presiding Judge [signature]

19.03.01
[signature]

# ОПРЕДЕЛЕНИЕ

об оставлении заявления без рассмотрения

_районный (городской) народный суд_ *Михайловский*

области, края, АССР в составе:

председательствующего суд _Исаевой Г.С._

народных заседателей

с участием прокурора

и адвоката

при секретаре *Пузиковой Н.В.*

рассмотрев в открытом судебном заседании заявление *по иску Горшкова*

*Руководствуясь статьей 221 и статьей 222 ГПК РСФСР*

#### Определил:

*(поводу устранения обстоятельств, препятствующих рассмотрению дела)*

определение может быть обжаловано (опротестовано) в

областной, краевой, Верховный _____ АССР суд в течение 10 дней

Председательствующий                 (                    )

Народные заседатели                  (                    )

26 ГМО Заказ 562 1984 г. Тираж 6000в

**Determination**
on terminating the proceedings

August 27, 2001                                          city of Moscow

The Federal Judge of the Chertanovo Federal regional court of the South administrative district of Moscow L.V. Semyonova, having considered in the course of pre-trial preparation the statement of claim of Anton O. Zhivotovsky against the Closed joint-stock company ZAO "Company-registrar "Panorama" to invalidate the transfer of the register

## HAS ESTABLISHED:

The plaintiff made recourse to the court with a suit against the respondent to have the transfer of the register held invalid.

In the course of pre-trial preparation the court found out that the plaintiff died on 17.08.2001.

In accordance with Article 219.8 of the RSFSR Civil Procedure Code, the judge is to terminate the proceedings in case of the death of the individual being a party to the case.

Proceeding from the above, being guided by Article 219.8 of the RSFSR Civil Procedure Code and Articles 223 and 224 of the RSFSR Civil Procedure Code, the court

## HAS DETERMINED:

To terminate the proceedings initiated to consider the claim of Anton O. Zhivotovsky against the Closed joint-stock company ZAO "Company-registrar "Panorama" to invalidate the transfer of the register.

The determination may be appealed to the Moscow city court within 10 days.

Federal judge [signature] L.V. Semyonova

True copy
Judge [signature]
Secretary [signature]
The determination entered into force on 7.09.2001

ОПРЕДЕЛЕНИЕ
о прекращении производства по делу

27 августа 2001 года                                        г.Москва

. Федеральный судья Чертановского Федерального районного суда ЮАО г.Москвы
Семенова Л.В., рассмотрев, в стадии досудебной подготовки исковое заявление
Животовского Антона Олеговича к ЗАО «Компания – регистратор «Панорама» о признании
недействительной передачи реестра

УСТАНОВИЛ:

Истец обратился в суд с иском к ответчику о признании недействительной передачи
реестра.
В ходе досудебной подготовки суду стало известно, что истец умер 17.08.2001 г.
Согласно п.8 ст.219 ГПК РСФСР судья прекращает производство по делу в случае
смерти гражданина, являющегося одной из сторон по делу.
На основании изложенного, руководствуясь п.8 ст.219 ГПК РСФСР, ст.ст.223, 224 ГПК
РСФСР, судья

ОПРЕДЕЛИЛ:

Прекратить производство по делу по иску Животовского Антона Олеговича к ЗАО
«Компания-регистратор «Панорама» о признании недействительной передачи реестра..
Определение может быть обжаловано в Московский городской суд в течение 10 дней.

Федеральный судья                                        Л.В.Семенова

Копия верна.
Судья:
Секретарь:

Определение
вступило в
законную силу
7.08.01.

Судья:
Секретарь:

[p. 48]

AGREEMENT No. 3
For the Purchase and Sale of Securities

City of Ekaterinburg                                                  January 18, 1999

OOO Torgovyi dom OAO Vanadii, represented by N. I. Chervinskii, hereinafter to be referred to as "the Seller", on one hand, and OOO POLIPROM, represented by the General Director, G. M. Bukharin, hereinafter to be referred to as "the Buyer", on the other hand, have entered into this agreement regarding the following:

### 1. SUBJECT OF THE AGREEMENT

1.1. The Seller shall sell securities and the Buyer shall be obligated to pay to the Seller the value of said securities and assume ownership thereof.

1.2. Information regarding the securities subject to purchase and sale in accordance with Section 1.1. of this Agreement:

        Class (type) of securities:     Common nominal shares
        State registration No.:         No. 62-111-290 of July [illegible], 1993
                                        No. 62-1-1396 of June 12, 1996
        Issuer: OAO Vanadii Mining and Milling Complex of Kachkanara
        Number of shares: 2,307,984 (two million three hundred and seven thousand, nine hundred eighty-four) shares;
        Amount of the Agreement: 5,558,847 (five million, five hundred fifty-eight thousand, eight hundred forty-seven) rubles

### 2. OBLIGATIONS OF THE PARTIES

2.1. The Buyer shall be obligated to pay the value of the above securities within 35 (thirty-five) banking days as of the moment of signing of this Agreement by the parties.

2.2. The Seller shall be obligated to deliver the securities indicated in Section 1.2 of this Agreement to the ownership of the buyer by means of signing an order of deliver regarding the above securities.

2.3. Payment by the Buyer pursuant to this Agreement may be done either in cash or in securities, including in promissory notes.

2.4. Transfer of the ownership right to the above securities shall be conducted by means of re-registration of the securities to the name of the Buyer in the issuer's register of shareholders.

2.5. Signing of the certificate of delivery and receipt shall be considered as factual implementation of the parties' obligations under this Agreement.

2.6. The Seller shall guarantee to the Buyer that the former is the owner of the above securities and that the above securities are not subject to a pledge or subject to the rights of third parties.

2.7. Pursuant to this Agreement, the ownership rights to those securities, to which the Seller has a right on the basis of an increase in the registered stock of the issuer of the above securities passed by the Board of Directors (Supervisory Board) or by the General Shareholders Meeting of the issuer shall also be transferred to the Buyer. Additional order of delivery for the delivery of securities to which the owner shall be entitled on the basis of an increase in the registered stock of the securities' issuer, or on the basis of a split, etc., shall not be necessary.

### 3. TERM OF THE AGREEMENT AND ORDER OF ITS AMENDMENT AND TERMINATION

3.1. This Agreement shall become effective as of the moment of its signing by both parties and shall be effective until its factual implementation.

3.2. Amendments shall be made upon coordination between the parties.

3.3. Disputes related to this Agreement on which the parties shall not be able to reach an understanding shall be resolved in accordance with the procedure set forth by the current laws of the Russian Federation.

### 4. LEGAL AND BANKING INFORMATION OF THE PARTIES

| | |
|---|---|
| OOO Torgovyi dom OAO Vanadii | OOO Poliprom |
| Republic of Kalmykia, Town of Elista, 249 | Republic of Kalmykia, Town of Elista, 249 |
| Lenin Street, Suite 505 | Lenin Street, Suite 505 |
| Taxpayer's ID: 0814072702 | Taxpayer's ID: 0814113973 |

### 5. SIGNATURES OF THE PARTIES

| SELLER | BUYER |
|---|---|
| [*signature*] | [*signature*] |
| [*seal:*] | G. M. Bukharin |
| Russian Federation, Republic of Kalmykia | [*seal:*] |
| Limited Liability Company, | Russian Federation, Republic of Kalmykia |
| Torgovyi Dom OAO VANADII | Limited Liability Company, [*illegible*] |
| | Poliprom |

# ДОГОВОР № 3
#### купли-продажи ценных бумаг

г Екатеринбург

18 января 1999г

ООО «Торговый дом ОАО «Ванадий» в лице Черпинского Н.И. именуемое в дальнейшем "Продавец", с одной стороны, и ООО «ПОЛИПРОМ» в лице Генерального директора Бухарина Г.М., именуемое в дальнейшем "Покупатель", с другой стороны, заключили настоящий договор о нижеследующем:

## 1. ПРЕДМЕТ ДОГОВОРА

1.1. Продавец продает ценные бумаги, а Покупатель обязуется оплатить Продавцу стоимость указанных ценных бумаг и принять их в собственность.

1.2. Сведения о ценных бумагах (далее ЦБ), являющихся предметом купли-продажи в соответствии с п. 1.1. настоящего договора:

Категория (тип) ценных бумаг – обыкновенные именные акции
Номер государственной регистрации:   №62-1П-290 от 27.93г. и
                                      №62-1-139 от 12.06.96г.

Эмитент: ОАО «Качканарский горно-обогатительный комбинат «Ванадий»:
Количество  2.307.984 (два миллиона триста семь тысяч девятьсот восемьдесят четыре) штуки;
Сумма договора: 5.558.847 (Пять миллионов пятьсот пятьдесят восемь тысяч восемьсот сорок семь) руб.

## 2. ОБЯЗАННОСТИ СТОРОН

2.1. Покупатель обязуется оплатить стоимость вышеуказанных ценных бумаг, в течение 35 (Тридцати пяти) банковских дней с момента подписания сторонами настоящего договора.

2.2. Продавец обязуется передать в собственность Покупателю ценные бумаги указанные в п. 1.2. настоящего договора путем подписания передаточного распоряжения на вышеуказанные ценные бумаги 2.3. Оплата Покупателем по настоящему договору может осуществляться как денежными средствами, так и ценными бумагами, в т.ч. простыми векселями.

2.4. Переход права собственности на вышеуказанные ценные бумаги осуществляется путем перерегистрации ценных бумаг на имя Покупателя в реестре акционеров эмитента.

2.5. Фактом исполнения сторонами обязательств по данному договору является подписание акта приема-передачи ценных бумаг

2.6. Продавец гарантирует Покупателю, что он является собственником вышеуказанных ценных бумаг, и что вышеуказанные ценные бумаги не являются предметом залога и предметом прав третьих лиц

2.7. По настоящему договору к Покупателю переходят права собственности и на те ценные бумаги, из которые Продавец имеет право за счет увеличения уставного капитала эмитента вышеуказанных ценных бумаг, принятого Советом директоров (наблюдательным советом) или общим собранием акционеров эмитента. Дополнительного перезаточного распоряжения на передачу ценных бумаг на которые имеет право собственности за счет увеличения Уставного капитала эмитента ЦБ, дробления и т. п. не требуется

## 3. СРОК ДЕЙСТВИЯ ДОГОВОРА ПОРЯДОК ЕГО ИЗМЕНЕНИЯ И РАСТОРЖЕНИЯ

3.1. Настоящий договор вступает в силу с момента подписания обеими сторонами и действует до фактического исполнения.

3.2. Изменения и дополнения вносятся по согласованию сторон

3.3 Разрешение споров по настоящему договору, по которым стороны не смогли достигнуть взаимного соглашения осуществляется в порядке, предусмотренном действующим законодательством Российской Федерации.

## 4. ЮРИДИЧЕСКИЕ И БАНКОВСКИЕ РЕКВИЗИТЫ СТОРОН

ООО «Торговый дом ОАО «Ванадий»                    ООО «Полипром»
Республика Калмыкия, г.Элиста, ул.Ленина, д.249  Республика Калмыкия, г.Элиста, ул.Ленина, д.249
ком 505                                           ком 505
ИНН 0814072702                                    ИНН 0814113073

## 5 ПОДПИСИ СТОРОН

ПРОДАВЕЦ                                          ПОКУПАТЕЛЬ



48

A - 1883

In the name of the Russian Federation

# DETERMINATION

The city of Elista

Case No. A22-1222/2000/6-109

22 November 2000

The Arbitrazh Court of the Republic of Kalmykia, in the composition of:

Presiding Judge Loginov S.N.

Judges:

Considered in a court session the suit of OAO "Kachkanar Mineral Processing Combine "Vanadium" (hereinafter, the Combine) against OOO "Trading House OAO "Vanadium" (hereinafter, the Trading House) and OOO "Polyprom" (hereinafter, the OOO) concerning the recognition as void the agreement of purchase and sale of securities of 18 January 1999 and the conveyance instructions of re-registration of the Combine's stock in the amount of 2 307 984 items for 5 558 847 rubles from the Trading House to the OOO and reinstatement of the entry of ownership of the disputed stock in the bankbook of the Trading House with the participation in the session of:

From the Plaintiff: Shumakov R.A. by Power of Attorney No.72-360/10p of 30 October 2000

From the Respondent: Plotnikov V.A. by Power of Attorney No.28 of 08 November 2000,

From OOO "Polyprom": not attended the session;

From the third party: Kapura S.M., AOZT "Maintenance of Company Registers"

Has established:

Due to violations of the legislation in force at the disposal of shares, the Combine resorted to the Arbitrazh Court with a suit of recognition as void of the agreement of purchase and sale of securities of 18 January 1999 and the conveyance instructions of 20 January 2000 to write-off from the bankbook of the Trading House to the OOO's account the Combine's stock, issuance No. 62-III-290 of 12 July 1993 in the amount of 2 307 984 items for 5 558 847 rubles and the reinstatement in the bankbook of the Combine's shareholders register of the registration entry of the Trade House's ownership of the said stock.

In the court session, the Combine's representative supported the claim and explained that the agreement of purchase and sale of the Combine's stock and the conveyance instructions by the

A - 1884

Trading House were signed by Chervinsky N.I. who at the performance of such actions was not the general director of the Trading House and was not properly authorized. Herewith, proceeding from the value of the disposed stock, the said transaction was large for the Trading House and, under the current legislation the approval of the general meeting of the company's founders is required to conclude such transaction. However, it was not done despite the fact that the Combine's Board member Zanodvornov A.V. who concurrently was an authorized representative of one of the OOO's founders (KEMPL Company) was authentically aware of that. In virtue of that, the concluded transaction does not lead to legal consequences for the parties and the OOO thereby took possession of the disputed shares illegally.

The representative of the Trading House acknowledged the claim and stated that at the conclusion of the agreement, Mashkovtzev E.A. was the general director of the Trading House, and at the forwarding of the conveyance instructions the general director was Khalmirzaev S.A. Thereby, as Chervinsky did not have proper authorities he was not entitled to sign the above-said instruments. Furthermore, the transaction of stock disposal was large for the Trading House, thus it required the approval of the Combine, which was not obtained. Thereby, the shares are to be returned to the Trading House.

The representative of the OOO failed to attend the court session, despite proper notification of the time and location of the dispute consideration. In connection with it and taking in consideration the fact that the case papers have information sufficient to demonstrate the positions of the parties, the arbitrazh court thinks it virtual to consider the case in absentia of the OOO's representative.

The representative of the third party AOZT "Maintenance of Company Registers" acknowledged the claim and explained that it was unaware of violations that took place at registration of the shares under the agreement of purchase and sale of 18 January 1999. Thereby, appropriate measures shall be taken subject to the court decision.

Having heard the opinions of the parties and having studied the case papers, the Arbitrazh Court found that on 18 January 1999 the Trading House and the OOO entered into Agreement No. 3, according to which the Trading House undertook the obligation to convey to the OOO the Combine's registered common shares of issuance No. 62-III-290 of 12 July 1993 in the amount of 9759 items for 23 504.80 rubles and of issuance No. 62-I-1396 of 12 June 1996 in the amount of 2 298 225 items for 5 535 342.20 rubles with the total number of 2 307 984 items for 5 558 847 rubles and the OOO undertook the obligation to pay up the stock value within 35 banking days following the signing of the agreement by the parties both in monetary means and in securities, including in promissory notes.

A - 1885

holder of the Combine's shareholders register, the conveyance instructions of re-registration
of the stock under Agreement No. 3 of 18 January 1999 to the OOO.

On 21 January 2000, ZAO "Registrar Company "Panorama" made appropriate changes in the
shareholders register.

Under Article 53 of the Civil Code of the Russian Federation, a judicial person obtains legal
rights and undertakes civil duties through its bodies acting pursuant to the law, other legal acts
and constituent documents.

Under Paragraph 4.6 of the Trading House's charter, the general director is entitled to enter
into agreements.

The case papers demonstrate that Chervinsky signed the agreement and the conveyance
instructions on behalf of the Trading House.

Meanwhile, as was found in the court session, at the conclusion of the agreement (18 January
1999) and at the forwarding of the conveyance instructions (20 January 2000) Mashkovtzev
E.A. and Khalmirzaev S.A., accordingly, were the general directors of the Trading House.

As the representatives of the Combine and the Trading House explained it, prior to the
dismissal of Mashkovtzev, other persons of the Combine and the Trading House were signed
by an unauthorized person.

Under Article 183 of the Civil Code of the Russian Federation if a person is not authorized to
act on behalf of another person or if a person exceeds such authorities, the transaction is
considered as concluded on behalf and for the person that concluded such transaction, unless
the other person (the represented person) expressly approves of that transaction afterwards.

Under the circumstances, the Arbitrazh Court finds that as the agreement was entered into by
an unauthorized person and it was approved neither by the Combine, nor the Trading House,
the agreement may not lead to legal consequences for the parties.

Pursuant to Article 46 of the Federal Law No. 14-FZ "On Limited Liability Companies" of 08
February 1998, the large transaction is a transaction or a number of interrelated transactions
associated with purchase, disposal and possible disposal by the company of property, both
directly and indirectly, having the value of more than 25% of the company's property value
calculated on the basis of the reports for the last reporting period that preceded the date of the
decision to negotiate such transactions.

The case papers demonstrate that the value of the disposed shares amounted to 75 058 847 rubles and the property value of the Trading House was 122 285 903 rubles.

Herewith, the transaction of the Combine's stock disposal does not constitute the transaction concluded in the course of regular business activity of the company as the Trading House is not a professional stock market actor and its charter does not stipulate operations with securities as the main type of activity.

Under the circumstances, the Arbitrazh Court finds that the Trading House and the OOO concluded a large transaction of the Combine's stock disposal.

Under Article 168 of the Civil Code of the Russian Federation, a transaction that is incompliant with the provisions of the law and other legal acts is void, unless the law stipulates that such transaction is traversable.

Under Paragraphs 3 and 5, Article 46 of the Federal Law "On Limited Liability Companies", the general meeting of the company's participants makes the decision to conclude a large transaction. Herewith, a large transaction concluded with violations of the provisions of this article may be recognized as void under the claim of the company or its participant.

The case papers demonstrate that the OOO is the sole participant.

However, the management of the Combine neither made the decision of the stock sale by the Trading House to the OOO, nor approved of the concluded transaction afterwards, pursuant to Article 39 of the Federal Law "On Limited Liability Companies".

Furthermore, by the decision of the Combine's Board of Directors of 18 January 1998, the sale of the Combine's stock to alien organizations was prohibited.

In the court session it was found that the founders of the OOO are Bukharin G.M. and Company "KEMPL" with Zanodvornov A.V. being its authorized representative who signed the constituent agreement on its behalf. Herewith, Zanodvornov A.V. was the Combine's Board member at the signing of the agreement of purchase and sale of 18 January 1999.

In virtue of that, when entering into the agreement of stock sale, the OOO must have known that an unauthorized person signed the agreement and the transaction was concluded without an appropriate approval of its founder.

Under the circumstances and taking into consideration that the stock book-value amounts to 45% of the property value of the Trading House, and the transaction of stock disposal was concluded by an unauthorized person and without consent and an appropriate approval of the

further, the arbitrazh court finds that the purchase and sale transaction of the Combine's stock is void.

The voidance of the purchase and sale transaction leads to recognition as void of all subsequent transactions with the stock, including the stock's re-registration from the Trading House to the OOO.

Based on the set forth and being guided by Articles 124-127 of the Arbitrazh Procedure Code of the Russian Federation, the Arbitrazh Court has determined:

- To satisfy the claim of OAO "Kachkanar Mineral Processing Combine "Vanadium";

1. To recognize as void Agreement of Purchase and Sale No. 3 of 18 January 1999 entered into by OOO "Trading House OAO "Vanadium" and OOO "Polyprom".

2. To recognize as void the conveyance instructions of 20 January 2000 of the write-off from the bankbook of OOO "Trading House OAO "Vanadium" of the registered common shares of OAO Kachkanar Mineral Processing Combine "Vanadium" of issuance No. 62-III-290 of 12 July 1993 in the amount of 9759 items and of issuance No. 62-I-1396 of 12 June 1996 in the amount of 2 298 225 items.

3. The holder of the shareholders register of OAO "Kachkanar Mineral Processing Combine "Vanadium" AOZT "Maintenance of Company Registers" is to reinstate in the register of owners of registered common securities of OAO "Kachkanar Mineral Processing Combine "Vanadium" the record in the bankbook of OOO "Trading House OAO "Vanadium" that it owns registered common shares of OAO "Kachkanar Mineral Processing Combine "Vanadium" of issuance No. 62-III-290 of 12 July 1993 in the amount of 9759 items and of issuance No. 62-I-1396 of 12 June 1996 in the amount of 2 298 225 items

4. To exact the expenses on the state duty in favor of OAO "Kachkanar Mineral Processing Combine "Vanadium" from OOO "Trading House OAO "Vanadium" in the amount of 834.90 rubles and from OOO "Polyprom" in the amount of 834.90 rubles.

To issue execution orders upon the determination comes into legal force.

This determination may be appealed by the parties within one month after the date hereof to the appeal authority of the Arbitrazh Court of the Republic of Kalmykia.


Judge: Loginov S.N.



Именем Российской Федерации

# Р Е Ш Е Н И Е

Дело № А22-1222/2000/6-109

« 22 » II 200 г.

Арбитражный суд Республики Калмыкия
_____ (наименование арбитражного суда)

в составе:

председательствующего _____ Логинова С.Н.

судей: _____

рассмотрев в судебном заседании дело по иску ОАО"Качканарский горнообога-
тительный комбинат "Ванадий"(далее комбинат)
_____ (наименование истца)

к ООО "Торговый дом ОАО"Ванадий" (торговый дом) и
ООО "Полипром" (ООО) (наименование ответчика)

о признании договора купли-продажи ценных бумаг от 18.01.99г.
недействительным, а также о признании недействительными пере-
даточных распоряжений, о перерегистрации акций
комбината в кол-ве 2307984 шт. на 5558847 руб. с торгового
дома на ООО и восстановлении записи на лицевом счете торго-
вого дома о владении спорными акциями на праве собственности

при участии в заседании от истца – Шумаков Р.А., поверенность
№72-360/10р от 30.10.00г., от ответчика – Плотников В.А.,
поверенность №26 от 06.11.00г., от ООО"Полипром" – не прибыл,
от 3-его лица АОЗТ "Ведение реестров компаний" – Капура С.М.,

у с т а н о в и л: в связи с нарушением действующего законо-
дательства при отчуждении акций комбинат обратился в арбит-
ражный суд с иском о признании договора купли-продажи ценных
бумаг от 18.01.99г. недействительным, а также недействительны-
ми передаточных распоряжений от 20.01.00г. о списании с лице-
вого счета торгового дома на счет ООО акций комбината выпуска
№62-1II-290 от 12.07.93г. в кол-ве 2307984 шт. на 5558847 руб.
и восстановлении на лицевом счете в реестре акционеров комби-
ната регистрационную запись о владении торговым домом на пра-
ве собственности указанными акциями.

В судебном заседании представитель комбината исковые
требования поддержал и пояснил,что договор купли-продажи
акций комбината и передаточные распоряжения со стороны тор-
гового дома были подписаны Червинским Н.И., который на момент
совершения указанных действий не являлся генеральным дирек-
тором торгового дома и не был наделен соответствующими пол-
номочиями.При этом исходя из стоимости отчужденных акций
указанная сделка для торгового дома являлась крупной и согласно

действующему законодательству для ее заключения требовалось согласие общего собрания учредителей общества. Однако этого сделано не было, несмотря на то, что член Совета директоров комбината Заподворнов А.В., одновременно являющийся полномочным представителем одного из учредителей ООО (КЭМЛ компания), об этом достоверно знал. В силу этого совершенная сделка не влечет правовых последствий для сторон и соответственно ООО незаконно завладело спорными акциями.

Представитель торгового дома исковые требования признал и показал, что на момент заключения договора директором торгового дома был Машковцев Е.А., а на момент направления передаточных распоряжений - Халмирзаев С.А. Поэтому, Червинский, будучи ненаделенным указанными полномочиями, не имел право подписывать вышеуказанные документы. Кроме этого, сделка по отчуждению акций являлась для торгового дома крупной и требовала согласия комбината, что однако сделано не было. Поэтому акции подлежат возврату торговому дому.

Представитель ООО в судебное заседание не прибыл несмотря на надлежащее извещение о времени и месте рассмотрения спора. В связи с этим и учитывая, что в материалах дела имеются достаточно данных, свидетельствующих о позиции сторон, арбитражный суд находит возможным рассмотрение спора в отсутствии представителя ООО.

Представитель третьего лица АОЗТ "Ведение реестров компаний" исковые требования признал и пояснил, что о допущенных нарушениях при перерегистрации акций по договору купли-продажи от 18.01.99г. им известно не было. Поэтому в зависимости от решения суда будут приняты соответствующие меры.

Выслушав мнение сторон и исследовав материалы дела, арбитражный суд установил, что 18.01.99г. между торговым домом и ООО был заключен договор №3, по которому торговый дом принял на себя обязательство передать ООО именные обыкновенные акции комбината выпуска №62-III-290 от 12.07.93г. в кол-ве 9759 шт. на 23504 руб.80 коп. и № 62-I-1396 в кол-ве 2298225 шт. от 18.06.96г. на 5535342 руб.20 коп., а всего акций в кол-ве 2307984 шт. на 5558847 руб., а ООО - оплатить стоимость акций в течении 35 банковских дней с момента подписания сторонами договора как денежными средствами, так и ценными бумагами, в т.ч. простыми векселями.

20.01.00г. торговый дом направил держателю реестра акционеров комбината ЗАО "Компания-регистратор "Панорама" передаточные распоряжения о перерегистрации акций по договору №3 от 18.01.99г. на ООО.

АОЗТ "Компания-регистратор "Панорама" 21.01.00г. внесло соответствующие изменения в реестр акционеров.

В соответствии со ст.53 ГК РФ юридическое лицо приобретает гражданские права и принимает на себя гражданские обязанности через свои органы, действующие в соответствии с законом, иными правовыми актами и учредительными документами.

Согласно п.4.6 Устава торгового дома право заключения договоров принадлежит генеральному директору.

Как видно из материалов дела, договор и передаточные распоряжения от имени торгового дома были подписаны Червинским.

продолжение решения по делу
№А22—1222/2000/6—109 от 22.11.00г.

Между тем, как установлено в судебном заседание на момент заключения договора (16.01.99г.) и направления передаточных распоряжений (20.01.00г.) генеральными директорами торгового дома соответственно Машковцев Е.А. и Халмирзаев С.А.

Как пояснили в судебном заседание представители комбината и торгового дома по отстранению Машковцева от занимаемой должности иные лица комбината и торгового дома, были подписаны неуполномоченным на то лицом.

Согласно ст.183 ГК РФ при отсутствии полномочий действовать от имени другого лица или при превышении таких полномочий сделка считается заключенной от имени и в интересах совершившего его лица, если только другое лицо (представляемый) впоследствии прямо не одобрит данную сделку.

При таких обстоятельствах арбитражный суд находит, что договор в виду его заключения неуполномоченным на то лицом и неодобрения его впоследующем ни комбинатом ни торговым домом не может влечь для сторон правовых последствий.

Согласно ст.46 ФЗ от 08.02.98г. N 14-ФЗ "об обществах с ограниченной ответственностью" крупной сделкой является сделка или несколько, взаимосвязанных сделок, связанных с приобретением отчуждением или возможностью отчуждения обществом прямо или косвенно имущества, стоимость которого составляет более 25% стоимости имущества общества, определенного на основании отчетности за последний отчетный период, предшествующий дню принятия решения о совершении таких сделок.

Как видно из материалов дела, стоимость отчужденных акций составила 5558847 руб., а стоимость имущества торгового дома 12285203 руб.

При этом сделка по отчуждению акций комбината не является сделкой, совершенной в процессе обычной хозяйственной деятельности общества, т.к. торговый дом не является профессиональным участником рынка ценных бумаг и его уставом не предусмотрено в качестве основного вида деятельности совершение операций с ценными бумагами.

При таких обстоятельствах арбитражный суд находит, что между торговым домом и ООО была заключена крупная сделка по отчуждению акций комбината.

Согласно ст.168 ГК РФ сделка, не соответствующая требованиям закона или иных правовых актов ничтожна, если закон не устанавливает, что такая сделка оспорима.

В соответствии с п.3 и 5 ст.46 ФЗ "об обществах с ограниченной ответственностью" решение о совершении крупной сделки принимается общим собранием участников общества. При этом крупная сделка, совершенная с нарушением требований, предусмотренных настоящей статьей закона, не может быть признана недействительным по иску общества или его участника.