ОТ:X

НОМЕР ТЕЛЕФОНА:

ДЕК. 21 2001 17:00  СТР10

14.11.00

# АРБИТРАЖНЫЙ СУД ЧЕЛЯБИНСКОЙ ОБЛАСТИ

454000, г.Челябинск, ул.Воровского, 2

# ПОСТАНОВЛЕНИЕ
## апелляционной инстанции

г.Челябинск

"16" октября 2000г.    Дело N А76-4037/2000-5-105

Арбитражный суд Челябинской области в составе:

председательствующего: Карташковой Т.Н.,

судей: Головко Л.Л., Рачкова В.В.

при участии в заседании:

от истца: Шахматов А.М. (дов. N 33 от 26.09.2000г.)

Плотников В.А. (дов N 38 от 11.10.2000г.)

Банникова О.А. (дов.N 189 от 29.05.2000г.)

от ответчиков:

ФК "Профит-Хауз" - Куйкова Д.А. (дов.б/н от 09.10.2000г.)

ФК "Вадис" - Рожкова С.В. (дов.N 57 от 10.12.99г.)

ЗАО "Микчел-Инвест" - Емельянова Л.В. (дов.039/Д от 15.09.2000г.)

Жукова Ю.В. (дов.039/Д от 15.09.2000г.)

УФСНП Челяб. обл. - Миронова И.В. (дов.N 10.239 от 05.09.2000г.)

АОЗТ "Ведение реестров компаний" - Рожков В.П. (дов.N 3/2000г.

от 01.10.2000г.)

рассмотрев в судебном заседании апелляционную жалобу

ЗАО "Микчел-Инвест", Управления по Челябинской области Феде-
ральной службы налоговой полиции РФ и ЗАО ФК "Профит-Хауз"
г.Москва

на решение (определение) арбитражного суда Челябинской области
от "01" августа 2000г. по делу N 5-105

судьи Зубкова Л.И.

## У С Т А Н О В И Л:

ООО НПРО "Урал" г.Озерск обратилось в суд с иском к УФСНП РФ
по Челябинской области, к ЗАО финансовая компания "Вадис", ЗАО
Финансовая компания "Профит-Хауз", ЗАО Компания-регистратор "Па-
норама", Компании "Амбер Стар Эппл Си", ООО "Гидромашсервис",

A - 1947

- 2 -

Южно-Уральской регистрационной палаты о признании права собственности на акции, о применении последствий недействительности ничтожных сделок и восстановления регистрации в системе ведения реестра.

В соответствии со ст.37 АПК РФ истец уточнил свои исковые требования, просит признать недействительным передаточные распоряжения N 648, 649 135, применить последствия их недействительности в виде восстановления на его лицевом счете записей о принадлежности ему на праве собственности акций ОАО "Качканарский ГОК "Ванадий" и ОАО "Ашинский металлургический завод", признать недействительными торги по продаже акций ОАО "Качканарский ГОК "Ванадий".

В обоснование своих требований истец указал, что Осерским УФСНП по Челябинской области произведены опись, арест и реализация акций ОАО "Качканарский ГОК "Ванадий" в количестве 10582232 шт. II выпуска и 30831 шт. — I выпуска и бездокументарных акций ОАО "Ашинский металлургический завод" во исполнение решений ГНИ о взыскании недоимки, пени и штрафов. Решениями арбитражного суда по делу № А76-2946/98-45+32/33-286/27 и № А76-6467/98-40у-235 решение ГНИ и постановление (частично) об обращении взыскания на имущество и распоряжение о наложении ареста признаны недействительными. Передаточные распоряжения, по утверждению истца, подписаны неуполномоченными лицами, поэтому не должны были приниматься к исполнению ЗАО "Компания регистратор "Панорама", торги по продаже акций ОАО "Качканарский ГОК "Ванадий" недействительны, т.к. в них принимал участие один участник.

Ответчики исковые требования не признали.

Решением арбитражного от 01.08.2000г. исковые требования истца удовлетворены.

В апелляционных жалобах ЗАО "Микчел-Инвест", ЗАО "ФК "Профит-Хаус" и ФСНП РФ по Челябинской области не согласны с решением суда и просят его отменить, поскольку никаких нарушений законодательства ими не допущено. Кроме того, решение принято в отсутствии ответчиков ООО "Гидромашсервис", Компании "Амбер Стар Эл Эл Си", не извещенных надлежащим образом.

Проверив материалы дела и доводы апелляционных жалоб, заслушав представителей сторон, суд апелляционной инстанции считает решение подлежащим отмене по основаниям ст.158 ч.III п.2 АПК РФ.

Судом в качестве ответчиков привлечены ООО "Гидромашсервис" и Компания "Амбер Стар". Данных о их надлежащем извещении о времени и месте рассмотрения иска в материалах дела нет, решение су-

- 3 -

да вынесено в их отсутствие, что является основанием к его отмене. В соответствии со ст. 157 п.2 АПК РФ суд апелляционной инстанции вправе отменить решение полностью и принять новое решение. о

При повторном рассмотрении исковых требований судом тиоведены не явившиеся ответчики ООО "Гидромашсервис" и Компанией "Ансер Стар", что подтверждается уведомлениями (л.д. 141, 142 т.III). Дело рассмотрено в их отсутствие, другие не явившиеся участники процесса извещены надлежащим образом, что также подтверждается уведомлениями.

Как усматривается из материалов дела, в соответствии с решениями ГНИ о соблюдении истцом налогового законодательства и о взыскании недоимок по налогам, пени и штрафов Озерским МРО УФСНП РФ по Челябинской области проведены опись и арест имущества истца, в частности обыкновенных бездокументарных акций в количестве 30831 шт. первого выпуска и 10552232 шт. второго выпуска ОАО "Качканарский ГОК "Ванадий" а также 1675551 шт. обыкновенных бездокументарных акций ОАО "Ашинский металлургический завод".

Данные акции были переданы на реализацию ЗАО "Микчел-Инвест" и ЗАО "Финансовая компания "Вадис" и на основании передаточных распоряжений УФСНП регистратором внесена запись о переходе права собственности новым собственникам.

Запись о переходе прав новому владельцу на акции "Ашинского металлургического завода" регистратором сделана 26.06.98г в нарушение п.7.3.1.75 Положения "О порядке ведения реестра именных ценных бумаг", т.е. на акции, с которых арест не снят, при наличии записи в реестре о блокировании операций с ценными бумагами, а также на основании документов, выданных неуполномоченным органами.

На основании передаточных распоряжений (вход. номера 648, 649) регистратором внесена запись о переходе прав на акции I и II выпуска в указанных выше количествах ОАО "Качканарский ГОК "Ванадий" к номинальному держателю ЗАО "Депозитарно-клиринговая компания". Указанные, передаточные распоряжения, подписанные представителями УФСНП РФ по Челябинской области и ЗАО "Микчел-Инвест", не соответствуют требованиям п.5 Положения о ведении реестров владельцев именных ценных бумаг. Регистратор распорядился акциями собственника без его указания.

Решения ГНИ о соблюдении истцом налогового законодательства отменялись, изменялись и дополнялись и в итоге решениями арбитражного суда по делу N А76-2946/98-45-32/33-286/27 в части суммы 5 579 911 руб. и по делу N А76-646А/98-40у-235 в сумме 6 851 722

- 4 -

руб. признаны недействительными, са также признано недействительным распоряжение начальника Озерского МРО УФСНП от 10.08.98г. о наложении административного ареста на имущество истца. Имущество у истца арестовано и реализовано на сумму 14 766 635 руб., а по решениям признано недействительным на сумму 12 435 673 руб.

Суд считает, что исковые требования подлежат удовлетворению, поскольку списание акций со счета истца и дальнейшее их отчуждение произведено с нарушением требований ст.149 ГК РФ и Федерального закона "О рынке ценных бумаг" (ст.8) и Положения о ведении реестра владельцев именных ценных бумаг (п.п.7.3, 5).

Передаточные распоряжения как односторонние сделки (ст.154 ч.2, ст.156 ГК РФ) не соответствуют закону или иным правовым актам (ст.168 ГК РФ), и стороны согласно ст.167 ГК РФ подлежат возвращению в первоначальное положение.

Ссылка ответчика ФК "Профит-Хаус" на ст.302 ГК РФ не принята, поскольку данное требование не соответствует характеру отношений, сложившихся между участниками спора, так как истцом заявлены требования о применении последствий недействительности сделки в отношении передаточных распоряжений УФСНП, кроме того, бездокументарные акции не относятся к имуществу, обладающему индивидуальными признаками, акции имеют родовые признаки.

По ходатайству истца к участию в деле в качестве ответчика привлечено АОЗТ "Ведение реестров компаний", осуществляющее на момент заявления ходатайства ведение реестров владельцев акций (Постановление Пленума ВАС N 11 от 19.06.97г. п.6).

Ссылка ответчика ФК "Профит Хаус" на непривлечение судом добросовестных приобретателей не принимается, поскольку никто из сторон не заявлял ходатайства о привлечении конкретного добросовестного приобретателя с указанием его наименования, кроме того, судом принимались меры к установлению владельца и собственника спорных акций, последними являлись привлеченные ответчики, к тому же, в соответствии со ст.53 АПК РФ стороны обязаны представлять доказательства по обстоятельствам, на которые они ссылаются, такая возможность им судом предоставлялась неоднократно.

С учетом изложенного, руководствуясь ст.ст.157-159 АПК РФ, суд апелляционной инстанции

**П О С Т А Н О В И Л:**

Решение от 01.08.2000г. по делу N 5-105 отменить. Иск удовлетворить.

А - 1950

ОТ;Х

НОМЕР ТЕЛЕФОНА:                                    ДЕК. 21 2001 17:01 СТР14

– 5 –

Признать недействительными передаточные распоряжения:

от 24.06.98г. N 35;

от 24.09.98г. б/н вх.649;

от 24.09.98г. б/н вх.648.

Признать недействительными торги по продаже акций ОАО Качканарский ГОК "Ванадий" в количестве 10 583 063 руб., проведенные 17.09.98г.

Обязать реестродержателя АОЗТ "Ведение реестра компаний" привести данные реестра владельцев именных бумаг эмитента – ОАО Качканарский ГОК "Ванадий" по лицевому счету владельца – ООО "НПРО Урал" №16497 положение, существовавшее на 24.09.98г. (по акциям 30831 шт. – I выпуска рег. 62-1П-290 и 10552232 шт. – II. выпуска 62-1-1396).

Обязать реестродержателя – ЗАО "Компания регистратор Панорама" привести данные реестра владельцев именных ценных бумаг эмитента ОАО "Ашинский металлургический завод" по лицевому счету владельца ООО "НПРО Урал" N 8642 в положение, существовавшее на 26.06.96г. (по акциям 1675551 шт. обыкновенных бездокументарных 69-1-689).

В иске к Компании "Амбер стар Эл-Эл-Си" и ООО "Гидромашсервис" отказать.

Председательствующий                        Т.Н.Карташкова

С у д ь и :                                 Л.Л.Головко

                                            В.В.Рачков

оа4

[state emblem]

## FEDERAL URALSKIY DISTRICT ARBITRATION COURT

### RULING
by
### Court of Cassation for Verification of Legality and Validity
### of Arbitration Court Rulings That Have Come into Effect

**City of Ekaterinburg**
**December 4, 2001**                                    **Case No. Ф09-1959/2000 ГК**
**January** *(Handwritten text)*

The Federal Uralskiy District Arbitration Court for the verification of the legality and the validity of the rulings issued by the courts of first instance and the boards of appeal of the regional arbitration courts of the Russian Federation, comprising I. G. Arsenov, Presiding Judge, and P. A. Azanov and M. G. Mitina, Judges, has considered the appeals by Amber Star LLC, CJSC "Finansovaya kompaniya "VADIS" and CJSC "Finansovaya kompaniya "Profit House" about the August 1, 2000 ruling of the Chelyabinsk Region Arbitration Court and the October 16, 2000 ruling of its Board of Appeals and the appeals of the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation and CJSC "Mikchel-Invest" about the October 16, 2000 ruling of the Board of Appeals of the Chelyabinsk Region Arbitration Court in case No. A76-4037/2000 at the suit by LLC NPRO "Ural" against the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation, CJSC "Finansovaya kompaniya "VADIS", CJSC "Finansovaya kompaniya "Profit House", CJSC "Kompaniya-registrator "Panorama", Amber Star LLC , LLC "Gidromashservis", CJSC "Yuzhnouralskaya registratsionnaya palata" and CJSC "Mikchel-Invest", requesting the present Federal Court to take the appropriate action based on the finding of invalidity of void contracts, to recognize the right of ownership in the shares and to order that the corresponding entries be restored in the register of the holders of registered securities.

The following representatives took part in the court session:
O. A. Bannikova (proxy No. 18 of May 29, 2000), V. A. Plotnikov (proxy No. 51 of December 29, 2000) and A. M. Shakhmatov (proxy No. 33 of September 26, 2000), the Plaintiffs' representatives;
I. V. Mironova (proxy No. 10/239 of September 5, 2000), representative of the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation, Yu. V. Zhukova and L. V. Yemelyanova (proxy No. 25 of December 20, 2000), representatives of CJSC "Mikchel-Invest", V. V. Volnov (proxy of March 1, 2000), representative of Amber Star LLC and D. A. Zhuikov (proxy of October 30, 2000) and V. V. Volnov (proxy of October 16, 2000), representatives of CJSC "Finansovaya kompaniya "Profit House".

The other Respondents were properly notified of the time and place of examination of the appeals, but their representatives have not made their appearance in court for participation in the court session.

The parties' rights and duties have been explained to them.

The constitution of the present Court has not been challenged.

No petitions have been filed.

LLC NPRO "Ural" filed a suit with the Chelyabinsk Region Arbitration Court against the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation, CJSC "Finansovaya kompaniya "VADIS", CJSC "Finansovaya kompaniya "Profit House", CJSC "Kompaniya-registrator "Panorama", Amber Star LLC , LLC "Gidromashservis" and CJSC "Yuzhnouralskaya registratsionnaya palata" for recognizing the right of ownership in the shares, taking the appropriate action based on the finding of invalidity of void contracts and ordering that the corresponding entries be restored in the register.

Before the issuance of the ruling in the case the Plaintiff acting in accordance with Article 37 of the Code of Arbitration Procedure of the Russian Federation made the wording of its claims more precise and requested the Chelyabinsk Region Arbitration Court to invalidate transfer orders Nos. 648, 649 and 135, to take the appropriate action based on the finding of invalidity of void contracts by ordering that the entries on its ownership in the shares of OJSC "Kachkanarskiy GOK "Vanadium" and OJSC "Ashinskiy metallurgicheskiy zavod" be restored in its personal account and to find invalid the results of the auction of the shares issued by OJSC "Kachkanarskiy GOK "Vanadium".

By its August 1, 2000 ruling the Chelyabinsk Region Arbitration Court satisfied the Plaintiff's claims.

By the October 16, 2000 ruling of the Board of Appeals (judges T. N. Kartashkova, L. P. Golovko and V. V. Rachkov) the above ruling was reversed, the claims were satisfied and the claims of Amber Star LLC and LLC "Gidromashservis" were dismissed.

The Respondents—the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation, Amber Star LLC, CJSC "Finansovaya kompaniya "VADIS", CJSC "Finansovaya kompaniya "Profit House" and CJSC "Mikchel-Invest"— do not agree with this ruling, and they have requested the present Court to reverse it, claiming that the Board of Appeals violated the requirements of Articles 149 and 302 of the Civil Code of the Russian Federation, Tentative Regulations "On the Procedure for Recovery against Property of Organizations", Federal Law "On Execution Proceedings", Federal Law "On Securities Market", May 29, 1998 Decree No. 604 of the President of the Russian Federation "On Measures Aimed at Ensuring Execution of Orders for Recovery of Debt on Taxes, Dues and Other Compulsory Charges", Regulations "On Keeping of Register of Holders of Registered Securities" and Articles 7, 3 [illegible], 60, 115, 119, 120 and 155 of the Code of Arbitration Procedure of the Russian Federation and that the above ruling was ungrounded.

Having verified the validity of the rulings of the Chelyabinsk Region Arbitration Court and its Board of Appeals, the present Court finds that there are no grounds for reversing the ruling of the Board of Appeals.

In accordance with articles 162, 171 and 174 of the code of arbitration procedure of the Russian Federation.

According to the case materials, the property of LLC NPRO "Ural", including the ordinary nondocumentary shares of OJSC "Kachkanarskiy GOK "Vanadium" – 30,831 first-issue shares and 10,552,232 second-issue shares – and 1,675,551 ordinary nondocumentary shares of OJSC "Ashinskiy metallurgicheskiy zavod", was seized and arrested by the Ozyorsk Interdistrict Division of the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation in accordance with the decisions of the Ozyorsk City State Tax Inspectorate to collect the arrears of taxes, fines and penalties from LLC NPRO "Ural".

These shares were transferred to CJSC "Mikchel-Invest" for their sale, and entries on the transfer of the right of ownership in the shares to the new owners were made by the registrar on the basis of transfer orders Nos. 135, 648 and 649.

Upon considering cases Nos. A76-2946/98 and No. A76-6464/98, the Arbitration Court invalidated those paragraphs of the decisions of the Ozyorsk City State Tax Inspectorate, based on which the LLC NPRO "Ural" property was arrested and sold for 14,766,635 rbl. and which concerned the recovery against property to the amount of 12,435,673 rbl.

Having taken this fact into account and having established that as unilateral contracts the transfer orders No. 135, 648 and 649 do not comply with the requirements of items 5, 7.3 and 7.5 of the Regulations "On Keeping of Register of Holders of Registered Securities" approved by the October 2, 1997 Resolution of the Federal Securities Commission in accordance with Article 42 of the Federal Law "On Securities Market", the Board of Appeals concluded correctly that these orders are void in view of Article 168 of the Code of Arbitration Procedure of the Russian Federation and applied the appropriate measure in accordance with Article 167 of the Civil Code of the Russian Federation on the basis of the finding that they are void by obligating the registrar to restore the register entries which had existed as of the time of write-off of the shares in compliance with the contested transfer orders.

The Respondents' pleading of Article 302 of the Civil Code of the Russian Federation was properly rejected by the Board of Appeals because the Plaintiff had not requested that the shares be recovered from the unlawful owners. The parties that have appealed the ruling of the Board of Appeals have argued that at present the contested shares are in possession of persons that are not involved in the case but these arguments are not confirmed by the case materials.

The argument of the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation that the cost of the sold shares was refunded to the Plaintiff was not confirmed either.

In view of the above, the ruling of the Board of Appeals is lawful and well-grounded and should be upheld. No facts confirming that the Board of Appeals violated the rules of procedural law with the result that issued or may have issued an improper ruling have been established. There are no grounds for satisfying the appeal.

Based on Articles 174, 175 and 177 of the Code of Arbitration Procedure of the Russian Federation the present Court

**RULES:**

to uphold the October 16, 2000 ruling of the Board of Appeals of the Chelyabinsk Region Arbitration Court in case No. A76-4037/2000 and dismiss the appeal;

to cancel the stay of execution of the ruling of the Board of Appeals.

Presiding Judge:           I. G. Arsenov

Judges:                    P. A. Azanov

                           M. G. Mitina

[round seal]
[Federal Uralskiy District Arbitration Court/
[state emblem]

[stamp]
[FEDERAL ARBITRATION COURT

The original was signed.

[signature]

    I. G. Arsenov

[01.05.2000]

( 5c. )

# ФЕДЕРАЛЬНЫЙ АРБИТРАЖНЫЙ СУД УРАЛЬСКОГО ОКРУГА

# ПОСТАНОВЛЕНИЕ
кассационной инстанции по проверке законности и обоснованности решений (постановлений) арбитражных судов, вступивших в законную силу

**г. Екатеринбург**
**4 декабря 2001 года**

**Дело № ФО9-1959/2000 ГК**

Федеральный арбитражный суд Уральского округа по проверке в кассационной инстанции законности решений и постановлений арбитражных судов субъектов Российской Федерации, принятых ими в первой и апелляционной инстанциях, в составе:

председательствующего: Арсенова И.Г.,
судей:            Азанова П.А.,
                  Митиной М.Г.

рассмотрел в судебном заседании кассационные жалобы Компании «Амбер Стар Эл. Эл. Си.», ЗАО «Финансовая компания «ВАДИС», ЗАО «Финансовая компания «Профит Хауз» на решение от 01.08.2000г. и постановление апелляционной инстанции от 16.10.2000 Арбитражного суда Челябинской области, кассационные жалобы Управления Федеральной службы налоговой полиции Российской Федерации по Челябинской области, ЗАО «Микчел-Инвест» на постановление апелляционной инстанции от 16.10.2000 Арбитражного суда Челябинской области по делу № А76-4037/2000 по иску ООО НПРО «Урал» к Управлению Федеральной службы налоговой полиции Российской Федерации по Челябинской области, ЗАО «Финансовая компания «ВАДИС», ЗАО «Финансовая компания «Профит-Хауз», ЗАО «Компания-регистратор «Панорама», Компания «Амбер Стар Эл. Эл. Си.», ООО «Гидромашсервис», ЗАО «Южноуральская регистрационная палата», ЗАО «Микчел-Инвест» о применении последствий недействительности ничтожных сделок, признании права собственности на акции и восстановлении записей в реестр владельцев именных ценных бумаг.

В судебном заседании приняли участие представители:
истца – Банникова О.А., дов. №18 от 29.05.2000;
        Плотников В.А., дов. №51 от 20.12.2000;
        Шахматов А.М., дов. №33 от 26.09.2000;
УФСНП РФ по Челябинской области – Миронова И.В., дов. №10/239 от 05.09.2000;
ЗАО «Микчел-Инвест» – Жукова Ю.В., Емельянова Л.В., дов. №25 от 20.12.2000;
Компании «Амбер Стар Эл. Эл. Си.» – Вольнов В.В., дов. от 01.03.2000;
ЗАО «Финансовая компания «Профит-Хауз» – Жуйков Д.А., дов. от 30.10.2000,
                                    Вольнов В.В., дов. от 16.10.2000.

Другие ответчики о времени и месте рассмотрения жалоб извещены надлежащим образом, их представители в судебное заседание не явились.

A - 1957

2

Права и обязанности разъяснены.

Отводов составу суда не заявлено.

Ходатайств не поступило.

ООО НПРО «Урал» обратилось в Арбитражный суд Челябинской области иском к УФНСП РФ по Челябинской области, ЗАО «Финансовая компан «ВАДИС», ЗАО «Финансовая компания «Профит Хауз», ЗАО «Компания регистратор «Панорама», Компании «Амбер Стар Эл. Эл. Си.», О «Гидромашсервис», Южно-Уральской регистрационной палате о признании пра собственности на акции, о применении последствий недействительности ничтожн сделок и восстановлении регистрации в системе ведения реестра.

До принятия решения по делу истец в соответствии со ст. 37 АПК РФ уточни свои исковые требования, просил признать недействительными передаточн распоряжения № 648, 649, 135, применить последствия их недействительности виде восстановления на его лицевом счете записей о принадлежности ему на пра собственности акций ОАО «Качканарский ГОК «Ванадий» и ОАО «Ашинск металлургический завод», признать недействительными торги по продаже акц ОАО «Качканарский ГОК «Ванадий».

Решением суда от 01.08.2000 иск удовлетворен (судья Зубкова Л.И).

Постановлением апелляционной инстанции от 16.10.2000 решение отмене (судьи: Карташкова Т.Н, Головко Л.П., Раичков В.В.), иск удовлетворен, в иске Компании «Амбер Стар Эл. Эл. Си.» и ООО «Гидромашсервис» отказано.

Ответчики - Управление Федеральной службы налоговой полиции Российск Федерации по Челябинской области, Компания «Амбер Стар Эл. Эл. Си.», ЗА «Финансовая компания «ВАДИС», ЗАО «Финансовая компания «Профит Хау ЗАО «Микчел-Инвест», с постановлением не согласны, просят его отмени ссылаясь на нарушение судом ст.ст. 149, 302 ГК РФ, Временного положения порядке обращения взыскания на имущество организаций», ФЗ «С исполнительном производстве», ФЗ «О рынке ценных бумаг», Указа Президен РФ № 604 от 29.05.98 «О мерах по обеспечению безусловного исполнения решен о взыскании задолженности по налогам, сборам и иным обязательным платежам Положения «О ведении реестра владельцев именных ценных бумаг», ст.ст.7,3 60,115,119,120,155 АПК РФ, указывают на необоснованность решения постановления.

Проверив законность решения и постановления в порядке ст.ст.162,171,174 АП РФ, суд кассационной инстанции оснований для отмены постановления н усматривает.

Как следует из материалов дела, на основании решений Госналогинспекции г.Озерску о взыскании недоимок по налогам, пени и штрафов с ООО НПРО «Урал Озерским МРО УФСНП РФ по Челябинской области проведены опись и арест ег имущества, в том числе обыкновенных бездокументарных акций в количестве 30831шт. первого выпуска и 10552232 шт. второго выпуска ОАО «Качканарски ГОК «Ванадий», а также 1675551 шт. обыкновенных бездокументарных акций ОА «Ашинский металлургический завод».

A - 1958

3

Данные акции были переданы на реализацию ЗАО «Микчел-Инвест» и на основании передаточных распоряжений №135, 648, 649 регистратором сделаны записи о переходе прав на акции новым собственникам.

Решениями арбитражного суда по делам № А76-2946/98 и № А76-6464/98 решения Госналогинспекции по г.Озерску, на основании которых было арестовано и реализовано имущество ООО НПРО «Урал» на сумму 14 766 635 руб. были признаны недействительными в части обращения взыскания на имущество на сумму 12 435 673 руб.

С учетом данного обстоятельства, установив, что передаточные распоряжения № 135,648,649, являясь односторонними сделками, не соответствуют требованиям п.п.5, 7.3, 7.5 Положения «О ведении реестра владельцев именных ценных бумаг», утвержденного Постановлением ФКЦБ РФ от 02.10.97 в соответствии со ст. 42 ФЗ «О рынке ценных бумаг» суд сделал правильный вывод об их ничтожности в силу ст.168 АПК РФ и применил предусмотренные ст.167 ГК РФ последствия их недействительности, обязав реестродержателей привести данные реестров в положение, существовавшее на момент списания акций по оспариваемым передаточным распоряжением.

Ссылка ответчиков на ст.302 ГК РФ правомерно отклонена судом, поскольку требования об истребования акций из чужого незаконного владения в порядке виндикации истцом не заявлялось. Доводы заявителей кассационных жалоб о том, что спорные акции в настоящее время находятся у лиц, не привлеченных к участию в деле, материалами дела не подтверждены.

Довод Управления Федеральной службы налоговой полиции Российской Федерации по Челябинской области о том, что стоимость реализованных акций возвращена истцу, также не подтвержден.

С учетом изложенного постановление законно, обоснованно и отмене не подлежит. Нарушения судом апелляционной инстанции норм процессуального права, которые привели или могли привести к принятию неправильного решения, не установлено. Оснований для удовлетворения кассационных жалоб не имеется.

Руководствуясь ст.ст. 174, 175, 177 Арбитражного процессуального кодекса РФ, суд

П О С Т А Н О В И Л:

Постановление апелляционной инстанции от 16.10.2000 Арбитражного суда Челябинской области по делу № А76-4037/2000 оставить без изменения, кассационные жалобы – без удовлетворения.

Приостановление исполнения постановления апелляционной инстанции отменить.

Председательствующий                                  И.Г.Арсенов

Судьи:                                                           П.А. Азанов

                                                                     М.Г.Митина

A - 1959

## DECISION
### In the name of the Russian Federation

On September 29, 2000 the Solntsevsky inter-municipal regional court of the city of Moscow in the composition of
presiding federal judge N.V. Ilyin
assessors O.M. Kevorkova, A.M. Matveyeva
and secretary I.A. Pravelieva
having considered in the open court session civil suit No. 2-2747 initiated by the complaint of OOO "Inrosmet", OAO "Nizhnetagilsky metallurgical industrial enterprise", ZAO "Standart Trust" against Yevgeny N. Ivanov, Amber Star LLC, Nexis Products LLC, Davies International, ZAO "Registrator Company Panorama", Omni Trust House Ltd., Holdex LLC, Foston management Ltd. to recover property from unlawful possession

### HAS ESTABLISHED:

The claimants made recourse to the court with a complaint against the respondents to recover from them registered ordinary shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium": OAO "Nizhnetagilsky metallurgical industrial enterprise" — 103626 shares of issue 1, state registration No. 62-1P-290 and 18747610 shares of issue 2, state registration No. 62-1-1396; OOO "Inrosmet" — 1245677 shares of issue 2, state registration No. 62-1-1396; ZAO "Standart Trust" — 17618254 shares of issue 2, state registration No. 62-1-1396, with the face value of 1 ruble, believing themselves to be the owners of the demanded shares which have left their possession contrary to their will, arguing that they had lawfully acquired the relevant amounts of the shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium". As a result of unlawful actions of the respondents, despite court rulings, ZAO "Registrator Company Panorama" wrote off the shares from the accounts of the claimants and entered them in the account of OOO "Ural-Start-Ltd" and the personal account of Ye.N. Ivanov. The claimants ask to recover their shares from unlawful possession and oblige ZAO "Registrator Company Panorama" to make the relevant changes in the register of the holders of securities of OAO "Kachkanar ore mining and processing enterprise "Vanadium" by writing off the registered ordinary shares from the personal accounts of the respondents.

The representative of the claimants supported their stated claims in court. The respondent Ye.N. Ivanov, having been informed in accordance with Article 106 of the RSFSR Civil Procedure Code, did not appear before the court, asking to consider the case in his absence and disagreeing with the stated claims.

The representative of corporate respondents did not acknowledge the suit in court, stating that the companies held the shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium" lawfully, as bona fide purchasers.

Having heard the parties appearing before the court, studied the written materials in the case, the court believes that the stated claims should be satisfied in part for the following reasons.

As it was established in the court session, in accordance with the contract for the sale of securities No. 7393 of 04.11.1997, OAO "Nizhnetagilsky metallurgical industrial enterprise" acquired registered ordinary shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium" in the amount of 103626 shares of issue 1 and 18747610 shares of issue 2. In accordance with the abstract from the register of the

**A - 1960**

shareholders of OAO "Kachkanar ore mining and processing enterprise "Vanadium" to the personal account of OOO "Inrosmet" there were credited 1245677 shares of issue 2, and to the personal account of ZAO "Standart Trust" — 17618254 shares of issue 2. Thus, in accordance with Article 29 of the Federal Law "On the market of securities", from the moment the shares were entered in their personal accounts the claimants were the owners of the relevant amounts of the shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

In April 1998 OOO "Ural-Start-Ltd" made recourse to the Arbitrazh Court for the Sverdlovsk oblast with a complaint against ZAO "Uralelectromash" and other legal entities, including the claimants in the present case, which had acquired shares from ZAO "Uralelectromash", to hold invalid the right of ownership to the shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium" in the amount of 37804355 units and invalidate transactions to dispose of the shares.

In its decision from 16.06.98 the Arbitrazh Court for the Sverdlovsk oblast satisfied the suit, recognizing the right of ownership to the shares of OOO "Ural-Start-Ltd", including to the part of shares belonging to the claimants in the present case. In accordance with the said decision the court applied the consequences of invalidation of void transactions to dispose of the disputed shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium" by writing off the disputed shares from the accounts of the respondents, including from the personal accounts of OAO "Nizhnetagilsky metallurgical industrial enterprise" — 103626 shares of issue 1 and 18747610 shares of issue 2; OOO "Inrosmet" — 1245677 shares of issue 2; ZAO "Standart Trust" — 17618254 shares of issue 2. The Arbitrazh Court for the Sverdlovsk oblast in the appellate instance by its decree from 29.07.2000 left the decision of the court in the first instance unchanged. After the decision came into effect on 30.07.98 the Arbitrazh Court for the Sverdlovsk oblast issued a writ of execution, which, inter alia, obliged the register holder of OAO "Kachkanar ore mining and processing enterprise "Vanadium" to perform the relevant operations with the register of the holders of securities, including the writing-off from the accounts of the claimants in the given case the above-mentioned amounts of shares. As a result of change of register holders on 01.09.98 ZAO "Registrator Company Panorama" received under an act of transfer all documents forming the system of keeping the register of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

On 03.08.98 the respondents in case No. A60-483/98-C2 (claimants in the present case) filed a cassational complaint against the decision of the first instance and decree of the appellate instance. On 10.08.98 the Federal Arbitrazh Court for the Urals circuit issued a determination to suspend the execution of the court acts. However, despite that, ZAO "Registrator Company Panorama" on the basis of writ of execution No. 0006062 and the ruling from 10.08.98 to commence execution proceedings submitted by OOO "Ural-Start-Ltd" carried out operations to transfer the disputed shares from the accounts of the claimants in the present case to the personal account of OOO "Ural-Start-Ltd", which is confirmed by the reference issued by ZAO "Registrator Company Panorama" on 01.10.98.

On 08.09.98 the Federal Arbitrazh Court for the Urals circuit by its decree reversed the decision of the court of the first instance from 16.06.98 and the decree of the appellate instance from 29.07.98, dismissing the complaint of OOO "Ural-Start-Ltd". The Higher Arbitrazh Court of the Russian Federation in its decree from 01.06.99 cancelled all court acts in the case, remanding it for a new trial to the court of the first instance. On 14.06.2000 the Arbitrazh Court of the Sverdlovsk oblast dismissed the complaint of OOO "Ural-Start-Ltd".

Thus, at the moment of writing off the shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from the accounts of OAO "Nizhnetagilsky metallurgical industrial enterprise", ZAO "Standart Trust" and OOO "Inrosmet" on 01.09.98 ZAO "Registrator Company Panorama" had the determination of the Federal Arbitrazh Court for the Urals circuit from 10.08.99 on suspending the execution of the court acts received by special post DH on 14.08.98, which is confirmed by receipt No. 432093965 of the mail company and a registered letter from 20.08.98, which is in turn confirmed by the receipt of the delivery of registered letter 2074 by the Russian Federation post office.

The reason for writing off the shares from the accounts of the claimants and their entering into the personal accounts of the respondents was the writ on initiating execution proceedings from 10.08.98, issued by the court bailiff V.V. Shvetsova at the Meshchansky inter-municipal court of the city of Moscow. It follows from the reports of the head of the department for preventing economic crimes at the Internal affairs department of Yekaterinburg, senior investigator for special cases of the Internal affairs department of Yekaterinburg, head of the 2nd inter-regional department of the officers of the court of the Central administrative district of Moscow, the said writ of a court bailiff is forged, having never been issued by the bailiff, and the documents of execution having never been received by the department of the officers of the court. A criminal case was initiated on the fact of forgery of the writ of the court bailiff against the director of OOO "Ural-Start-Ltd", with the elements of the crime stipulated by Article 159.3 of the Criminal Code of the Russian Federation.

Decision No. 27 of the Federal Commission on Securities of the Russian Federation from 02.10.97 (as amended by the Decisions of the Federal Commission on Securities of the Russian Federation No. 45 from 31.12.97, No. 1 from 12.01.98, No. 8 from 20.04.98) approved the Regulations for the keeping of the register of the holders of registered securities. In accordance with clause 1 of the said Decision there is established the order of keeping and the requirements to the system of keeping the register of the holders of registered securities mandatory for the registrars and issuers. According to Article 7.7.3, the registrar shall enter in the register the data on the transfer of the right of ownership to the securities if a transfer order is submitted by the registered person transferring the securities, the person to whose personal account the securities are to be entered or the authorized agents of either of these persons, and (or) there are presented other documents stipulated by the given Regulations. In particular, in accordance with Article 7.7.3.3, for making an entry in the register about the transfer of the right of ownership to the securities by court ruling it is necessary to have a copy of the court ruling which has entered into effect, witnessed by the court, and a writ of execution.

By the moment of writing off the disputed shares the ZAO "Registrator Company Panorama" had not been fulfilled these requirements.

The fact of wrongful write-off of the shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from the accounts of the claimants in the present case is confirmed by the decision of the Disciplinary committee of the self-governing non-profit organization "Professional association of registrars, transfer agents and depositaries" (PARTAD) from 01.02.1999.

Proceeding from the above, the operations to write off registered ordinary shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from the accounts of OAO "Nizhnetagilsky metallurgical industrial enterprise" — 103626 shares of issue 1 and 18747610 shares of issue 2; OOO "Inrosmet" — 1245677 shares of issue 2; ZAO "Standart Trust" — 17618254 shares of issue 2 and operations in the register of the

holders of securities are invalid, and the claimants in the present case are the owners of the said number of shares.

The shares requested by the claimants left their possession against their will. In accordance with Article 301 of the Civil Code of the Russian Federation the owner has the right to recover his property from unlawful possession.

At the same time the court has established that in accordance with the operation log book during the period of time beginning with 08.07.1998 as a result of transfer of shares a disputed amount of shares were entered in the personal account of Foston management Ltd., namely, 103480 shares of issue 1 and 37696035 shares of issue 2.

Thus, the acquisition by Foston management Ltd. of a disputed amount of shares belonging to the claimants in the present case, does not have a perfect basis and results in unlawful possession. At that the respondent produced no evidence to prove that he had not and could not have known that the property had been acquired from a person having no right to dispose of it. This constitutes gross negligence which excludes the possibility to protect his interests in accordance with Article 302 of the Civil Code of the Russian Federation.

At the same time the representative of the claimants has not submitted to the court unquestionable proof of the presence of disputed shares on the personal account of Ye.N. Ivanov, and no additional evidence was disclosed in the court session, that is why to the extent of recovering the shares from Ye.N. Ivanov the stated claims are not subject to satisfaction.

In the course of the hearing the court has established that the respondent in the case, ZAO "Registrator Company Panorama", in accordance with the agreement with OAO "Kachkanar ore mining and processing enterprise "Vanadium" shall transfer the keeping of the register to AOZT "Vedeniye reestrov kompaniy", Yekaterinburg. Thus, in accordance with Decision No. 27 of the Federal Commission on Securities of the Russian Federation from 02.10.97, the register holder shall carry out the relevant operations in the register of the holders of securities, and, inter alia, to write off from the accounts of Foston management Ltd. and transfer to the personal accounts of the claimants the amounts of the registered ordinary shares of issues 1 and 2 of OAO "Kachkanar ore mining and processing enterprise "Vanadium" corresponding to the stated claims.

On the basis of the above, being guided by Articles 191 to 197 of the RSFSR Civil Procedure Code, the court

## HAS DECIDED:

To recover the registered ordinary shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium" from the personal accounts of Foston management Ltd. and enter them into the personal accounts of OOO "Inrosmet" — 1245677 shares of issue 2, state registration No. 62-1-1396; OAO "Nizhnetagilsky metallurgical industrial enterprise" — 103626 shares of issue 1, state registration No. 62-1P-290 and 18747610 shares of issue 2, state registration No. 62-1-1396; ZAO "Standart Trust" — 17618254 shares of issue 2, state registration No. 62-1-1396.

To oblige the register holder of OAO "Kachkanar ore mining and processing enterprise "Vanadium", ZAO "Registrator Company Panorama" and AOZT "Vedeniye reestrov kompaniy", to carry out the relevant operations in the register of the holders of securities.

To dismiss the other stated claims.

The decision may be challenged and appealed to the Moscow city court within 10 days.

Judge          [signature]
Assessors      [signature]

True copy
Judge          [signature]

The decision came into effect on 10.10.2000.

Judge          [signature]

Р Е Ш Е Н И Е

Именем  Российской  Федерации

29 сентября 2000 г. Солнцевский межмуниципальный районный суд
г.Москвы в составе председательствующего федерального судьи
Ильина Н.В. ,  народных заседателей Кеворковой О.М.,Матвеевой А.М.
при секретаре Правельевой И.А.,
рассмотрев в открытом судебном заседании гражданское дело №2-2747
по иску ООО "Инросмет", АОА "Нижнетагильский металлургический ко
мбинат", ЗАО "Стандарт Траст" к Иванову Евгению Николаевичу,компа
ниям "Амбер Стар Эл.Эл.Си", "Наксиз Продактс Эл.Эл.Си.", "Девис
Интернешнл", ЗАО "Компания-регистратор "Панорама", "Омни Траст
хаус Лимитед" ,"Холдекс Эл.Эл.Си.", "Фостон менеджмент лимитед"
об истребовании имущества из чужого незаконного владения,

У  С  Т  А  Н  О  В  И  Л :

истцы  обратились в суд с иском к ответчикам об истребовании у
них обыкновенных именных акций ОАО "Качканарский горно-обогати-
тельный комбинат "Ванадий": ОАО "Нижнетагильский металлургический
комбинат в количестве 103626 акций I выпуска № гос.регистрации
62-1П-290 и 18747610 акций II выпуска № гос.регистрации 62-1-
1396 ; ООО "Инросмет" - 1245677 акций II выпуска № гос.регистраци
62-1-1396 ; ЗАО "Стандарт Траст" 17618254 акций II выпуска №гос.
регистрации 62-1-1396 , номинальной стоимостью 1 рубль, считая
что они являются собственниками истребуемых акций, которые выбы-
ли из владения помимо их воли,мотивируя свои требования тем,что
они законно приобрели соответствующие количества акций ОАО "Гор-
нообогатительный комбинат "Ванадий".В результате незаконных дей-
ствий ответчиков,не смотря на судебное решение, ЗАО "Компания ре
гистратор "Панорама" списала акции со счетов истцов и зачислило
на счет ООО "Урал-Старт-Лтд" и на лицевой счет Иванова Е.Н. Ист-
цы просят истребовать свои акции из чужого незаконного владения
и обязать ЗАО "Компания-регистратор "Панорама" внести изменения
в реестр владельцев ценных бумаг ОАО "Горнообогатительный комби-
нат "Ванадий" путем списания обыкновенных именных акций с лице-
вых счетов ответчиков.
Представитель истцов поддержал в суде исковые требования.
Ответчик Иванов Е.Н. в суд не явился,извещен в соответствии со
ст.106 ГПК РСФСР,просит рассмотреть дело в его отсутсвие , с
исковыми требованиями не согласен.
Представитель ответчиков-компаний в суде иск не признал,заявив
что компании владеют акциями ОАО "Горнообогатительный комбинат
"Ванадий" на законном основании, как добросовестные приобрета-
тели.
Выслушав явившиеся стороны,изучив письменные материалы дела,суд
находит исковые требования подлежащие удовлетворению  частично
по следующим основаниям.
Как установлено в суде, в соответствии с договором купли-продажи
ценных бумаг №7393 от 04.11.1997 г. ОАО "Нижнетагильский металлур-
гический комбинат" приобрело обыкновенные именные акции ОАО "Кач-
канарский горнообогатительный комбинат "Ванадий" в количестве
103626  акций I выпуска и 18747610 II выпуска. В соответствии с
выпиской из реестра акционеров ОАО "Качканарский горнообогательте
льный комбинат "Ванадий" на лицевой счет ЗАО "Стандарт Траст"
было зачислено 17618254 акций II выпуска, а на лицевой счет ООО
"Инросмет" - 1245677 акций II выпуска. Таким образом, в соответст

A - 1966

вии со ст.29 Федерального закона "О рынке ценных бумаг"истцы
с момента зачисления акций на их лицевые счета являлись собствен-
никами соответствующих количеств акций ОАО "Качканарский горно-
обогатительный комбинат "Ванадий".
В апреле 1998 г. компания ООО "Урал-Старт-Лтд" обратилась в Ар-
битражный суд Свердловской области с иском к ЗАО "Уралэлектромаш"
и другим юридическим лицам, в том числе и к истцам по данному
делу, которые приобрели акции у ЗАО "Уралэлектромаш", о призна-
нии права собственности на акции ОАО "Качканарский Горнообогати-
тельный комбинат "Ванадий" в количестве 37804355 штук и призна-
нии сделок по отчуждению акций недействительными.
Решением Арбитражного суда Свердловской области от 16.06.98г.
иск был удовлетворен и за ООО "Урал-Старт-ЛТД"было признано пра-
во собственности на акции, в том числе на часть акций,находящих-
ся в собственности истцов по данному делу. В соответствии с дан-
ным решением суд применил последствия недействительности ничтож-
ных сделок по отчуждению спорных акций ОАО "Качканарский корно-
обогатительный комбинат "Ванадий" путем списания спорных акций
со счетов ответчиков, в том числе с лицевых счетов ОАО "Нижнета-
гильский металлургический комбинат" 103626 акций I выпуска, 18
747610 акций II выпуска, ООО "Инросмет" 1245677 акций II выпуска,
ЗАО "Стандарт Траст" 17618254 акций II выпуска. Постановлением
апелляционной инстанции Арбитражного суда Свердловской области
от 29.07.2000 г. решение суда 1 инстанции оставлено без изменения.
После вступления решения в законную силу 30.07.98 г.Арбитражным
судом Свердловской области был выдан исполнительный лист, в том
числе на обязание реестродержателя ОАО "Качканарский горнообога-
тительный комбинат "Ванадий" произвести соответствующие операции
в реестре владельцев ценных бумаг, в том числе списать со счетов
истцов по данному делу вышеуказанных количеств акций. В результа-
те смены реестродержателей 01.09.98 г. ЗАО "Компания-регистра-
тор "Панорама" получила по акту приема-передачи все документы,
составляющие систему ведения реестра ОАО "Качканарский горно-
обогатительный комбинат "Ванадий".
03.08.98 г. ответчиками по делу №А60-483/98-С2 /истцами по дан-
ному делу / была подана кассационная жалоба на решение 1 инстан-
ции и постановление апелляционной инстанции. 10.08.98 г. Феде-
ральным арбитражным судом Уральского округа было вынесено опре-
деление о приостановлении исполнения судебных актов. Однако не-
смотря на это, ЗАО "Компания-регистратор "Панорама" на основании
исполнительного листа №0006062 и представленного ООО "Урал-Старт
Лтд" постановления о возбуждении исполнительного производства
10.08.98 г. осуществила операции по переводу спорных акций со
счетов истцов по данному делу на лицевой счет ООО "Урал-Старт
Лтд", что подтверждается справкой ЗАО "Компания-регистратор "Па-
норама от 01.10.98 г.
08.09.98г. Постановлением Федерального Арбитражного суда Ураль-
ского округа решение суда 1 инстанции от 16.06.98 г. и постанов-
ление апелляционной инстанции от 29.07.98 г. отменены, в иске
ООО "Урал Старт-Лтд" отказано. постановлением ВАС РФ от 01.06.99
г. все состоявшиеся по данному делу судебные акты отменены,дело
направлено на новое рассмотрение в суд 1 инстанции. 14.06.2000г.
Арбитражный суд Свердловской области оставил иск ООО "Урал-Старт
Лтд" без рассмотрения.
Таким образом, на момент списания акций ОАО "Качканарский горно-
обогатительный комбинат "Ванадий" со счетов ОАО "Нижнетагильский
металлургический комбинат", "ЗАО "Стандарт Траст", ООО "Инросмет"
01.09.98 г. ЗАО "Компания-регистратор "Панорама" имела определе-
ние Федерального арбитражного суда Уральского округа от 10.08.98
о приостановлении исполнения судебных актов, которое было получа

A - 1967

спецпочтой ДН 14.08.98г., что подтвеждается квитанцией почтовой компании №432093965 и заказным письмом 20.08.98г., что в свою очередь подтверждается уведомлением о вручении отделением связи РФ заказного письма 2074 .

Основанием списания акций со счетов истцов и зачисление их на лицевые счета ответчиков явилось постановление о возбуждении исполнительного производства от 10.08.98 г., вынесенное судебным приставом-исполнителем Швецовой В.В. при Мещанском м/м суде г.Москвы.Как следует из сообщений начальника ОБЭП УВД г.Екатеринбурга, ст.следователя по ОВД СО УВД г.Екатеринбурга, начальника 2 межрайонног стдела службы судебных приставов г.Москвы по ЦАО указанное постановление судебного пристава является подложным, приставом никогда не вычносилось, а исполнительные документы в адрес службы судебных приставов-исполнителей не поступали. По факту подделки постановления судобного пристава в отношении директора ООО "Урал-Старт-Лтд" возбуждено уголовное дело по признакам преступления,предусмотренного ч.3 ст.159 УК РФ.

Постановлением Федеральной комиссии по рынку ценных бумаг №27 от 02.10.97г./в редакции Постановлений ФКЦБ РФ от 31.12.97 №45, от 12.01.98 №1 , от 20.04.98 №8 /утверждено Положение о ведении реестра владельцев ценных бумаг. В соответствии со ст.1 указанного Положения устанавливается порядок ведения и требования предъявляемые к системе ведения реестра владельцев именных ценных бумаг, обязательные для исполнения регистраторами и эмитентами. В соответствии со ст.7, п.7.3 регистратор обязан вносить в реестр записи о переходе прав собственности на ценные бумаги припредставлении передаточного распоряжения зарегистрированным лицом,передающим ценные бумаги или лицом, на лицевой счет которого должны быть зачислены ценные бумаги,или уполномоченными представитями одного из этих лиц и /или/ иных документов,предусмотренных настоящим положением. В частности , в соответствии со ст.7 п.7.3.3 для внесения в реестр записи о переходе прав собственности на ценные бумаги по решению суда необходимо наличие копии решения суда,вступившего в законную силу,заверенную судом и исполнительный лист.

На момент осуществления списания спорных акций данные требования компанией -регистратором "Панорама" не были выполнены.

Факт неправомерного списания акций ОАО "Качканарский горнообогатительный комбинат "Ванадий" со счетов истцов по данному делу подтверждается решением Дисциплинарного комитета саморегулируемой некомерческой организации "Профессиональная ассоциация регистраторов,трансферагентов и депозитариев" /ПАРТАД/ от 01.02.1999 г.

На основании изложенного, обыкновенные именные акции ОАО "Качканарский горнообогатительный комбинат "Ванадий", списанные со счетов ОАО "Нижнетагильский металлургический комбинат" в количестве 103 626 акций I выпуска и 18747610 акций II выпуска, со счетов ЗАО "Стандарт Траст" в количестве 17618254 акции II выпуска, со счето в ООО "Инросмет" в количестве 1245677 акций II выпуска, операции в реестре владельцев ценных бумаг является недействительными, а истцы по данному делу являются собственниками указанного количества акций.

Истребуемые истцами акции выбыли из владения помимо их воли. В соответствии со ст.301 ГК РФ собственник вправе истребовать свое имущество из чужого незаконного владения.

Вместе с тем, судом установлено , что согласно регистрационному журналу операций за период с 08.07.1998 г. в результате перемещений акций спорное количество акций зачислено на лицевой счет компании "Фостон менеджмент лимитед", а именно 103480 акций I выпуск и 37696035 акций II выпуска.

Таким образом,присбретение компанией "Фостон менеджмент лимитед" спорного количества акций, принадлежащих на праве собственности

истцам по данному делу, имеет порочное основание и носит незаконн
ный характер владения. При этом, ответчик не представил доказа-
тельств, что он не знал и не мог знать, что имущество приобретает
ся у лица,которое не вправе его отчуждать.На лицо грубая неосто-
рожность, которая исключает возможность защиты его интересов в
соответствии со ст.302 ГК РФ.
Вместе с тем, представителем истцов не представлены суду беспор-
ных доказательств наличия спорных акций на лицевом счете Иванова
Е.Н. и в суде дополнительных доказательств не установлено,поэто-
му в части истребования акций от Иванова Е.Н. исковые требования
удовлетворению не подлежат.
В ходе судебного разбирательства судом установлено, что ответчик
по делу ЗАО "Компания-регистратор "Панорама" в соответствии с сог
лашением с ОАО "Качканарский горнообогатительный комбинат "Вана-
дий" передает ведение реестра АОЗТ "Ведение реестров компаний"
г.Екатеринбурга . Таким образом, в соответствии с Положением о
ведении реестра ценных бумаг,утвержденного Постановлением Феде-
ральной комиссии по рынку ценных бумаг № 27 от 02.10.97 г.,ре!
естродержатель обязан произвести соответствующие операции в ре-
естре владельцев ценных бумаг, в том числе списать со счетов
компании "Фостон менеджмент лимитед" и превести на лицевые счета
истцов соответствующие исковым требованиям количество обыкновенны
именных акций ОАО "Качканарский горнообогатительный комбинат "Ва-
надий" I и II выпусков.
На основании изложенного,руководствуясь ст.ст.191-197 ГПК РСФСР,
суд

### Р Е Ш И Л :

Истребовать именные обыкновенные акции ОАО "Качканарский горно
обогатительный комбинат "Ванадий" с лицевых счетов компании
"Фостон менеджмент лимитед" с зачислением на лицевой счет ООО
"Инросмет" 1245677 акций II выпуска /№гос.регистрации выпуска
62-1-1396/ , на лицевой счет ОАО "Нижнетагильский металлургичес
кий комбинат " 103626 акций II выпуска /№гос.регистрации выпуска
62-1П-290/ и 18747610 акций II выпуска /№гос.регистрации выпуска
62-1-1396/, на лицевой счет ЗАО "Стандарт Траст" 17618254 акции
II выпуска /№ гос.регистрации 62-1-1396 /.
Обязать реестродержателя ОАО "Качканарский горнообогатительный
комбинат "Ванадий"  ЗАО "Компания-регистратор "Панорама" и АОЗТ
"Ведение реестров компаний" произвести соответствующие операции
в реестре владельцев ценных бумаг
В остальной части исковых требований - отказать.
Решение может быть обжаловано и опротестовано в Мсогорсуд в 10-
дневный срок ..

Судья:  _[подпись]_

Народные заседатели:  _[подпись]_

_[печати и подписи]_

A - 1969

Name of judge: *N. V. Il'in*

**Determination**

gr. D. No. 33-34
ug.

March 30, 2001                    Judicial panel for civil cases of the Moscow Municipal Court,
consisting of presiding judge: L. V. Fedorova and judges S. A. Klimova and O. N. Goncharova
with the participation of prosecutor _____
and attorneys_____
hearing in open court session on report of  L. V. Fedorova
a case on appeal _____
        of the company, Foston Management Limited


to the decision of Solntsevsk inter-municipal court, city of Moscow
                                                    ~~regional people's court~~


September 29, 2000
who reclaimed inscribed common stock of Vanadiy Kachkanarskii Mining and Dressing
Complex open joint stock company from the personal accounts of the company Foston
Management Limited, with entry into personal account of Inrosmet L.L.C. of 1,245,677 shares of
II issue (No. of state registration of issue 62-1-1396), to the personal account of Nizhnetagilsk
Metallurgical Complex open joint stock company of 103,626 shares of II issue (No. of state
registration issue 62-1P-290) and 18,747,610 shares of II issue (No. of state registration issue 62-
1-1396), and to the personal account of Standart Trust closed joint stock company of 17,618,254
shares of II issue (No. of state registration 62-1-1396), registry holder of Vanadiy Kachkanarskii
Mining and Dressing Complex open joint stock company, Panorama closed joint stock registrar
company and Company Registry Management closed joint stock company, are required to
perform the corresponding operations in the registry of owners of securities; the remaining part
of the actionable demands were dismissed.


has established:


Inrosmet L.L.C., Nizhnetagilsk Metallurgical Complex open joint stock company, and Standart
Trust closed joint stock company addressed the court with a complaint against E. N. Ivanov, and
against the companies Amber Star L.L.C., Chezhsiz Products L.L.C., Davis International,
Panorama closed joint stock registrar company, Omni-Trust House [illegible] Kholdeks L.L.C.,
Foston Management Limited, concerning reclamation of property from another's unlawful
possession, referring to the fact that they legally purchased inscribed common stock of Vanadiy
Kachkanarskii Mining and Dressing Complex open joint stock company. However, Panorama
closed joint stock registrar company unlawfully withdrew shares from the accounts of the
plaintiffs and entered them into the account of Ural-Start Ltd. L.L.C. and into the personal
account of E. N. Ivanov.

Respondent E. N. Ivanov was not in court and did not admit the complaint.

The respondent companies' representative did not admit the complaint.

The court made the above-indicated decision, which the company, Foston Management Limited requests reversal of, according to the arguments of the appeal.

Having become familiar with the materials of the case, having deliberated the arguments of the appeal, and having listened to the explanations of M. M. [illegible], representing the interests of the company, Foston Management Limited, according to power of attorney of 11/1/2000, of the company, Davis International, according to power of attorney of 11/15/2000, of the company Chezhsiz Products L.L.C., according to power of attorney of 11/15/2000, of the company Kholdeks L.L.C., according to power of attorney of 11/15/2000, and of the company Omni Trust House Limited, according to the power of attorney of 11/15/2000, explanations of G. D. Polyakevich according to power of attorney from the company Foston Management Limited of 2/20/2001, explanations of D. D. Vol'nov according to power of attorney of 3/1/2000, of the company Amber Star L.L.C., of the company Davis International, explanations of E. L. Grigor'eva according to power of attorney of 3/16/2001, of Inrosmet L.L.C., and explanations of N. S. Brusova according to power of attorney of 3/19/2001 of Nizhnetagilsk Metallurgical Complex, judicial panel finds the decision of the court subject to reversal, as established in [illegible] of law.

[*double-bracketed spaces indicate coverage by black spot on page*] In accordance with article 157 of the Civil Procedural Code [...] in case of failure to appear in court session [...] of persons participating [...] of whom [...] of their notification, [...] of the case is dismissed [...] have the right to examine the case in [...] if information [...] [is absent or if the court recognized the reasons for failure to appear inadequate or if the respondent deliberately delays proceeding on the case.

From the materials of the case it has not been perceived that the company Foston Management Limited was properly informed concerning the place and time of the court session.

In the decision of the court of 9/29/2000, it was pointed out that the respondent/companies' representative did not admit the complaint.

However, the materials of the case and the court decision lacked information about what specific person, with indication of last name, first name and middle name, was representing the interests of the companies and, in particular, the company Foston Management Limited, and whether [illegible] from that person represented the interests of the company.

Having examined the case in [illegible] of article 157 in the Russian Federation Civil Procedural Code, the court [illegible] the company Foston Management Limited took part in examining the case, to present evidence, to participate in their research, to present their arguments and observations on all [illegible] in the course of the court proceeding [illegible] to present their objections to the submitted complaint, to object to the motions, arguments and observations of other persons involved in the case, to make use of other procedural rights of representation of the current Code; that is, the requirements stipulated by article 30 of the RSFSR Civil Procedural Code have been violated.

Having resolved the dispute without participation of the company Foston Management Limited, the court did not take into consideration the circumstance stated in the appeal of the company.

In particular, by the decision of the Meshchansk inter-municipal court, Moscow, of