## RESOLUTION

On 24.09.2002 the Kachkhanar regional court for the Sverdlovsk oblast in the composition of the Presiding Judge A.I. Ryazanov with the Secretary G.I. Baranova,

having considered in an open court session the civil case concerning the suit of D.A. Khaidarov against A.V. Zanadvorov, S.-Sh.M. Kourbanov, S.F. Barkov, A.I. Kotsuba, A.Kh. Djouraev, R.R. Valishev, D.R. Gareyev, OOO "Kachkanar ore mining and processing enterprise "Vanadium" to invalidate the decision of the Council of Directors dated January 28, 2000, and the petition of the representative of the plaintiff M.M. Ashikhmina to renew the period for filing the appeal,

### HAS ESTABLISHED THE FOLLOWING:

The Kachkhanar municipal court in its decision dated April 30, 2002 refused to satisfy the claim of D.A. Khaidarov to invalidate the decision of the Council of Directors of OOO "Kachkanar ore mining and processing enterprise "Vanadium" dated January 28, 2000.

The representative of the plaintiff, M.M. Ashikhmina, filed an appeal to Kachkhanar municipal court challenging the decision of the court dated April 30, 2002 and asking to have it repealed in full. At the same time M.M. Ashikhmina asked to renew the period for filing the appeal, as, in her opinion, there was a reasonable excuse for the failure to observe the 10-day period for filing the complaint, the fact of the court hearing having become known on May 13, 2002, a copy of the decision received on May 15, 2002, and the cables presumably sent to the court by D.A. Khaidarov and A.V. Zanadvorov on hearing the case in their absence had never been sent by them. M.M. Ashikhmina believes that this circumstance cannot be considered as due notice given to the case for considering the case in their absence.

There is a notarized statement of A.V. Zanadvorov received by the court to the effect that he was not duly notified or signed the said cable.

The court has received a statement of D.A. Khaidarov dated May 28, 2002, witnessed by the Director General of OOO "Auditbusinesprom" T.D. Yastrebova to the effect that the decision taken in the case should be repealed as taken in breach of the substantive and procedural law.

The received statement of the plaintiff has not been duly executed: the statement of D.A. Khaidarov does not state the address/place of registration/ of the plaintiff, the evidencing note does not contain the word "signature", the note of the Director of OOO "Auditbusinesprom" is executed on May 28, 2002, whereas from the text of the statement it follows that the signature of D.A. Khaidarov was placed on May 27, 2002, which shows that the signature of the plaintiff was not placed in the presence of the person witnessing it. Besides, taking into account the fact that to the appeal there are appended uncertified copies of the powers of attorney issued to the representative of the plaintiff having signed the complaint, on September 5, 2002 the court, aiming to clarify the demands of the plaintiff, sent a letter to the place of work of the plaintiff informing of its going to consider the petition to renew the period for filing an appeal on September 24, 2002 at 10:00 and requesting to send a petition to renew the missed period for filing an appeal bearing a notarized signature of the plaintiff and stating the address of the place of residence of the plaintiff.

**A - 2121**

At the time appointed by the court the parties of the suit notified of the time and place of the hearing failed to be present thereat.

According to Article 105 of the Civil Code of Practice of the Russian Federation, non-appearance of the parties to a suit does not prevent the court from taking a decision on the question placed before it.

Having considered the materials of the case, the court believes that it would be proper to reject the petition to renew the period for filing an appeal for the following reasons:

The appeal and petition to renew the period for filing an appeal are signed by the plaintiff's representative acting on the basis of a power of attorney; the appeal is supported only by a copy of the power of attorney, the plaintiff's representative failing to appear at the hearings. The powers of the plaintiff's representative have not been confirmed in accordance with the law.

Proceeding from the fact that the court instructions stated in its letter addressed to OOO "Auditbusinesprom" have not been observed by the plaintiff either, the court is unable to decide the question of renewing the period for appeal, as the petition of the plaintiff has not been duly witnessed, the plaintiff in his statement does not ask to renew the period for filing an appeal, the powers of the plaintiff's representative M.M. Ashikhmina have not been duly confirmed. Neither the plaintiff, nor his representative have given reasonable excuses for the failure to observe the period for filing an appeal. The court does not consider the statement of the plaintiff's representative to the effect that the plaintiff was not informed of the time and place of the hearings of April 30, 2002 to be a valid excuse.

As to the statement of A.V. Zanadvorov, the court is unable to consider it, as A.V. Zanadvorov has not filed an appeal or a petition to renew the period for challenging the relevant decision.

The above circumstances do not give sufficient reasons to renew the missed period for filing an appeal.

Proceeding from the above and being governed by Articles 105, 223, 224 of the Civil Code of Practice of the Russian Federation, the court

## HAS DECIDED:

To refuse to satisfy the petition of the plaintiff - D.A. Khaidarov and his representative to renew the missed period for filing an appeal against the decision dated April 30, 2002.

The decision refusing to satisfy the petition to renew the missed period for filing an appeal may be challenged or complained against.


Judge *(signature)*

True copy

Chairman of the Kachkhanar regional court *(signature)* I.A. Bogomolova

*(Seal of the Kachkhanar regional court for the Sverdlovsk oblast)*

## ОПРЕДЕЛЕНИЕ

24.09.2002 г. Качканарский районный суд Свердловской области
в составе: председательствующего судьи Рязанова А.И.
при секретаре Баранова Е.И.,
рассмотрев в открытом судебном заседании гражданское дело по иску
Хайдарова Д.А. к Завадворнову А.В., Курбанову С-Ш.М., Баркову С.Ф.,
Коцуба А.Н., Джураеву А.Х. Валишеву Р.Р., Гаресву Д.Р., ОАО Качканарский
ГОК «Ванадий « о признании недействительными решений Совета директоров от
28 января 2000 года и заявление представителя истца Алихминой М.М. о
восстановлении срока для подачи кассационной жалобы.

## УСТАНОВИЛ:

Решением Качканарского городского суда от 30 апреля 2002 года в иске
Джаполу Ахотовичу о признании недействительными решений совета
директоров ОАО «Качканарский ГОК «Ванадий « от 28 января 2000 года
отказано.

Представитель истца по доверенности Алихмина ММ. обратилась
в Качканарский городской суд с кассационной жалобой на решение суда от 30
апреля 2002 года с просьбой отменить его в полном объеме. Одновременно
просит восстановить срок для подачи кассационной жалобы, поскольку ее
мнению 10-дневный срок для подачи жалобы пропущен по уважительной
причине, а о рассмотрении дела стало известно 13 мая 2002 года, копии решения
получена 15 мая 2002 года, о направлении в адрес суда телеграммы,
Хайдарова и Завадворнова о рассмотрении дела в их отсутствии ими не
направлялись. Полагает, что таким образом данное обстоятельство не может
рассматриваться, как надлежащее уведомление суда о рассмотрении дела в их
отсутствии.

В адрес суда по этому поводу поступило нотариально заверенное
заявление Завадворнова А.В., что он не был надлежащим образом известен
направленная телеграмм им не подписывалась.

В адрес Качканарского городского суда поступило заявление Хайдарова
Д.А. от 28 мая 2002 года, удостоверенное генеральным директором ООО
«Аудитбизнеспром» Ястребовой Т.Д., в котором указывается, что вынесенное
по делу решение подлежит отмене, как вынесенное с нарушением
материального и процессуального права.

Поступившее заявление истца было ненадлежащим образом оформлено,
в заявлении Хайдарова но указан адрес /место регистрации/ истца в
удостоверительной надписи пропущено слово «подпись», подпись директора ООО
«Аудитбизнеспром» совершена 28 мая 2002 года, тогда как следует из текста
заявления подпись Хайдарова Д.А. совершена 27 мая 2002 года, что
свидетельствует, что подпись истца была совершена не в присутствии лица его
удостоверяющего. Кроме того, учитывая то, что к кассационной жалобе были
приложены никем не удостоверенные копии доверенностей на представителя
истца, подписавшего жалобу, судом для выяснения требований истца 5 сентября
2002 года было направлено письмо по месту работы истца с сообщением о
рассмотрении заявления о восстановлении срока для подачи кассационной
жалобы 24 сентября 2002 года в 10 часов и требованием направить заявление о
восстановлении пропущенного срока с удостоверением подписи истца
нотариусом с указанием домашнего адреса истца.

В назначенное судом время, лица участвующие в деле, извещенные о месте и времени судебного заседания, не явились.

Согласно ст.105 ГПК РФ неявка лиц, участвующих в деле, не является препятствием для разрешения поставленного перед судом вопроса.

Суд, изучив материалы дела, считает, что в восстановлении срока подачи кассационной жалобы должно быть отказано по следующим основаниям.

Кассационная жалоба и заявление о восстановлении срока подачи жалобы подписаны представителем истца по доверенности, к жалобе приложены только копии доверенностей, в судебное заседание представитель истца не явился. Полномочия представителя истца не подтверждены в соответствии с законом.

Учитывая то, что указания суда, изложенные в письме в адрес ООО «Аудитбизнеспром», истцом также не выполнены, суд лишен возможности решить вопрос о восстановлении срока, поскольку заявление истца надлежащим образом не удостоверено, истец в своем заявлении не просит восстановить срок для подачи полномочия представителя истца Анихминой М.М., не подтверждены в установленном законом порядке. Ни истцом, ни его представителем не представлено пропуска срока на подачу кассационной жалобы по уважительной причине. Суд также не находит обоснованным довод представителя истца о неизвещении истца о времени и месте судебного заседания 30 апреля 2002 года.

Что касается заявления Западворновой, то судом не может быть рассмотрено его заявление, так как Западворновым не подана ни кассационная жалоба, ни заявление о восстановлении срока на обжалование.

Данные обстоятельства не дают оснований восстановить пропущенный срок для подачи кассационной жалобы.

На основании изложенного и руководствуясь ст.ст.105,323,224 ГПК РФ, суд

ОПРЕДЕЛИЛ:

В удовлетворении заявления истца Хайдарова Д.А. и его представителя о восстановлении пропущенного процессуального срока для подачи кассационной жалобы на решение от 30 апреля 2002 года – отказать.

На определение об отказе в восстановлении пропущенного срока для подачи кассационной жалобы может быть подана частная жалоба или принесен протест.

Судья – подпись.

Копия верна:

Председатель районного суда                                    И.А. БОГОМОЛОВА

A - 2125

Judge: [illegible]                                                          Case No. [illegible]

## RULING

The Judicial Board for Civil Cases of Sverdlovsk Provincial Court comprised of:
presiding judge: B. I. Antonov, and judges: E. U. Plotnikova, V. I. Shvarov reviewed in a
court hearing held on November 19, 2002
the case pursuant to the claim of D. A. Khaidarov for nullification of the decision of the
Board of Directors dated January 28, 2000.
the case pursuant to the [crossed out:] cassation [handwritten:] private appeal/objection of
the prosecutor of M. M. Ashikhmina, representative of the plaintiff
against the ruling of the Kachkanar district (city) court of Sverdlovsk Province
dated September 24, 2002 which decided as follows:

The application of the plaintiff, D. A. Khaidarov and his representative for restoration of
a missed deadline for submission of a cassation appeal against the decision dated April
30, 2002 is denied.

Upon hearing the report of the Honorable V. I. Shvarov, the explanation of S. M.
[illegible] – representative of D. R. [illegible – possibly: Gareev] and OAO
Kachkanarskii GOK Vanadii, the Judicial Board

### FOUND:

The decision of the Kachkanar City Court of April 30, 2002, had denied the claim
of D. A. Khaidarov for nullification of the decisions of the Board of Directors of OAO
Kachkanarskii GOK Vanadii dated January 28, 2000.

The plaintiff and his representative had filed with the court a cassation appeal and
had sought that the procedural term be restored for having been missed for financial
reasons. The parties had sought review of the application of the plaintiff's representative
in their absence.

The court had issued the above ruling.

In a private appeal, M. M. Ashikhmina is seeking the revocation of said ruling as
illegal.

Upon examination of the materials of the case and weighing the arguments of the
appeal, the Judicial Board finds the ruling of the court to be correct and to have been
rendered in accordance with the factual circumstances of the case.

Pursuant to Article 284 of the Code of Civil Procedure of the Russian Soviet
Federative Socialist Republic, a cassation appeal or [illegible] can be filed within ten
days after the rendition of the court's decision in a final format.

Therefore, when resolving the issue of whether this deadline had been met by the person filing the appeal, it is necessary to take into consideration the fact that the above term begins as of the moment of receipt of a substantiated decision by the parties. As evident from the materials of the case, the representative of Khaidarov, [...]

Continuation No. 7

[...] M. M. Ashikhmina, represented the interests of the plaintiff pursuant to a power of attorney, which authorized her to appeal all court acts, and to sign on his behalf applications and motions.

The application to restore the term for filing a cassation appeal, the plaintiff's representative Ashikhmina has indicated that she had found out about the decision of the court no earlier than on May 13, 2002. The above arguments are refuted by the materials of the case from which it is evident that Khaidarov had been notified of the time and place of hearing of the case in due order. However, neither the plaintiff, no his representative, had appeared at the court hearing. The representative Ashikhmina resides in the City of Ekaterinburg and has not presented evidence to the court in support of her argument that she had found out about the court's decision on May 13, 2002. She has not pointed out any circumstances interfering with the possibility to familiarize herself with the court's decision on May 5 and 6 and has declined to participate in the hearing of the private appeal in the course of cassation.

Based on the above and pursuant to Article 317 of the Code of Civil Procedure of RSFSR, the Judicial Board

RULED:

The ruling of the Kachkanar City Court of Sverdlovsk Province of September 24, 2002, is hereby sustained and the private appeal of M. M. Ashikhmina is hereby denied.

Presiding Judge:    [signature]

Judges:    [signature]

[signature]

[round seal:]
Kachkanar District Court of Sverdlovsk Province

[square stamp:]
COPY AUTHENTICATED
Judge: [signature]
Secretary:

A - 2127

# ОПРЕДЕЛЕНИЕ

Судебная коллегия по гражданским делам Свердловского областного суда в составе

председательствующего _Антонова В. И._

судей _Пестниковой В. Ч. Силварова В. И._

рассмотрела в судебном заседании от « _19. ноября_ 20 0_2_ » г.

дело по иску _Хайдарова Д. А. о признании решения_
_Совета директоров от 28.07.2000 недействи-_
_тельным_

дело по кассационной жалобе/по протесту прокурора _Ашихминой М. Л._
_- представителя иста_

на _определение Коркинского_ районного
(городского) суда _Свердловской области_

от « _27. 09._ » 20 0_2_ г. которым постановлено:

_В удовлетворении заявления истца_
_Хайдарова Д. А. и его представи-_
_теля в восстановлении про-_
_пущенного процессуального срока_
_для подачи кассационной жа-_
_лобы на решение от 30. апреля_
_2002 г. - отказать._
_Заслушав доклад судьи Швар-_
_ва В.И. объяснение Комир-_
_с М. - представитель Тареев Д. Р._
_и ОАО "Коркинский ГОК Ва-_
_нади" , Судебная коллегия_
_Установила_

_Решением Коркинского го-_
_родского суда от 30.04.2002 г в иске_
_Хайдарову Д. А. о признании_
_недействительным решения_
_совета директоров ОАО "Кока-_
_надетий ГОК Ванади" от_
_28.07.2000 г. отказано_
_Истец и его представитель_

A - 2129

Продолжение № 7

[рукописный текст, неразборчиво]

На основании изложенного и руководствуясь ст. 317 ГПК РСФСР, судебная коллегия

Определила:

Определение Качканарского городского суда Свердловской области от 24.09.2002г оставить без изменения, а частную жалобу Лиханиди М.М. без удовлетворения.

Председательствующий:

Судьи:

КОПИЯ ВЕРНА
Судья
Секретарь

[handwritten:]
N. L. Grishina
For filing.
Send a copy of the decision to M. N. Kolesnikov.
[signature] (Belov)
February 4, 2003

[shield]

**Court of Arbitration of Sverdlovsk Province**
**In the Name of the Russian Federation**
**DECISION**

City of Ekaterinburg                          Case No. A60-25749/02-51
January 22, 2003

N. V. Mikushina, Judge of the Court of Arbitration of Sverdlovsk Province, heard the
case on the claim of Aleksei Vasilevich Zanadvorov

Against the Open Joint Stock Company of Kachkanarskii gornoobogatitelnyi kombinat
Vanadii [Kachkanar Vanadii Mining and Milling Complex]

For nullification of decisions of the Board of Directors

In the presence of:
Representatives of the Plaintiff: V. V. Volnov, pursuant to power of attorney dated
January 21, 2003,
M. M. Ashikhmina, pursuant to power of attorney (by way of agency) dated June 15,
2000,
Representatives of the Defendant: T. N. Stepchenko, Esq., pursuant to power of attorney
No. 76 dated September 2, 2002
E. L. Grigoreva, Esq., pursuant to power of attorney No. 79 of September 2, 2002.

The Plaintiff seeks the nullification of the decisions of the Board of Directors of OAO
Kachkanarskii gornoobogatitelnyi kombinat Vanadii (hereinafter to be referred to as
"OAO GOK Vanadii") passed on January 28, 2000, as being in violation of the
provisions of the Federal Joint Stock Companies Act, other legal regulations of the
Russian Federation, and the company's Articles of Incorporation in the matter of the
procedure for the calling and holding of meetings of the Board of Directors. Said
decisions also violate the rights and legal interests of the Plaintiff as a stockholder of the
company and as a member of the Board of Directors.

The challenged decisions concerned:
- The reelection of a Chairman of the Board of Directors of OAO GOK Vanadii;
- The early suspension of the powers of the single-person executive body of the
  company, i.e. the General Director, D. A. Khaidarov and the termination of his
  employment contract;

A - 2133

- The election of a new General Director of OAO GOK Vanadii, i.e. A. A. Kozitsyn.

[square stamp in left margin:] OOO Kachkanarskii GOK Vanadii, Entry No. 344, January 31, 2003.

The Plaintiff's claim was substantiated with the argument that the Board of Directors was arbitrarily called by four members of the Board of Directors without the appropriate decision of the Chairman of the Board of Directors [missing text between page 1 and 2 of the source] [...] on Joint Stock Companies, the Labor Code of the Russian Federation and the provisions of the company's Articles of Incorporation in the event of reelection of a Chairman of the company's Board of Directors.

The Defendant did not accept the claim and explained that all decisions passed by the Board of Directors of OAO GOK Vanadii on January 28, 2000 are in full compliance with the provisions of the Federal Joint Stock Companies Act and with the provisions of the company's Articles of Incorporation since the challenged decisions have already been subject to review in various courts, which have found all decisions passed by the Board of Directors to be legal and not in violation of the rights of the company's stockholders. In addition, the above decisions do not concern the rights of the Plaintiff in his capacity as a stockholder or as a member of the Board of Directors.

Upon reviewing the materials of the case and hearing the representatives of the parties, the court found as follows:

Kachkanarskii gornoobogatitelnyi kombinat Vanadii is an open joint stock company. The company's Articles of Incorporation have been approved with a decision of the annual general stockholders meeting held on April 21, 1999 and have been registered pursuant to Resolution No. 362 of the Head of the Administration of the City of Kachkanar, Sverdlovsk Province dated April 30, 1999.

1. On January 24, 2000, four members of the Board of Directors of OAO GOK Vanadii (A. N. Kotsuba, S-Sh. M. Kurbanov, A. Kh. Dzhuraev, S. F. Barkov) approached the Chairman of the Board of Directors, D. R. Gareev with the request to call a session of the Board of Directors. It was proposed to hold the session by correspondence, i.e. by means of a written survey and the deadline for acceptance of the ballots was set at January 28, 2000.

In light of the fact that the above mentioned members of the Board of Directors had already made numerous requests before the Chairman of the Board of Directors for the call of a session and their requests had been turned down, in this instance, a notice was sent out simultaneously with the request for the call of a session, in which it was indicated that, in the event that the Chairman of the Board of Directors does not decide to call a session of the Board of Directors, said notice shall serve as notification of the call of a session of the Board of Directors on the terms and conditions proposed by the members of the Board of Directors. The voting ballot was enclosed with the notice.

The request, notice and ballots were handed to the Chairman of the Board of Directors, D. R. Gareev, on January 26, 2000. A comparable package of documents was also sent to the other members of the Board of Directors, including the plaintiff, via fax, as well as by registered mail. On the same day, the members of the Board of Directors who initiated the call of a session received a letter on behalf of the Chairman of the Board of Directors denying to call and hold a session of the Board of Directors on the grounds of inexpedience.

[bottom line cut off]

[…] of the Regulation regarding the Board of Directors dated April 24, 1999, independently called and held a session of the company's Board of Directors of which all members of the Board of Directors had been notified. The possibility for holding a session of the Board of Directors by members-initiators is explicitly provided for in Section 5.24 of the Regulation regarding the Board of Directors, which is in compliance with the provision of Article 68 of the Federal Joint Stock Companies Act.

2. Pursuant to Section 31.23 of the Articles of Incorporation, the passage of decisions by the Board of Directors by means of a written survey (correspondence ballot) is permitted only pursuant to a decision of the Chairman of the Board of Directors.

In this instance, said requirement was also complied with by the members of the Board of Directors since, on January 26, 2002, another letter from the Chairman of the Board of Directors addressed to the members of the Board of Directors was received – the letter was regarding a decision to hold on January 28, 2000 a correspondence session of the Board of Directors by means of a written survey of the members of the company's Board of Directors; along with the letter a voting ballot based on the approved agenda was also received. In this manner, the argument of the Plaintiff is refuted by this letter based on which it can be concluded that the given decision was made directly by the Chairman of the Board of Directors.

3. Pursuant to Section 28.1 of the Articles of Incorporation, the company's Board of Directors consists of seven (7) members. According to Article 68, Section 2 of the Federal Joint Stock Companies Act and Section 31.10 of the company's Articles of Incorporation, a session of the Board of Directors shall be considered qualified (having a quorum) if attended by members of the Board of Directors having a total of no less than five votes.

For the purposes of the vote, each of the seven members of the Board of Directors was sent voting ballots. As of the deadline for acceptance of the ballots on January 28, 2000, there were 5 ballots of current members of the Board of Directors of which 4 members have voted for passing the decisions on the issues on the agenda and one refrained.

As of the end of acceptance of the ballots, there was also a ballot of the member of the Board of Directors S. F. Barkov, who is a representative of the government regarding the "golden share." However, in view of the ambiguity of his position as a representative of

the government regarding the "golden share" his ballot was not taken into consideration when counting the votes.

In this manner, there was the necessary quorum for passing decisions and all decisions were passed with a majority of the votes of the Board of Directors participating in the vote, which is also in compliance with the requirements of the company's Articles of Incorporation and Article 68, Section 3 of the Federal Joint Stock Companies Act.

4. In accordance with Section 30.9 of the Articles of Incorporation, the Chairman of the Board of Directors can be reelected only with his/her consent.

In addition, the Board of Directors has the right to terminate the agreement with a single-person executive body of the company, i.e. the General Director (Section 34.5 of the Articles of Incorporation). Similar is the provision of Article 69, Chapter 3 of the Federal Joint Stock Companies Act, which provides that the relations between the company and a single-person executive body of the company shall be governed by the labor laws of the Russian Federation in the portion not contrary to the Act.

The term "any time" includes periods and temporary work disability of the employee. Early termination of the powers of the general director based on a decision of the Board of Directors is also provided for in Section 7.3. of the contract dated April 21, 1999 signed with D. R. Gareev.

During the election of A. A. Kozitsyn as General Director of the company, all members of the Board of Directors had been notified of the fact that he held simultaneous positions in other organizations as well. Therefore, the Plaintiff's argument that the Board of Directors had not given its consent to the General Director's simultaneous holding of other positions, is also groundless.

Pursuant to Section 10 of the Determination No. 4/8 of the Plenary Assembly of the Supreme Court of the Russian Federation and the Plenary Assembly of the Supreme Court of Arbitration of the Russian Federation dated April 2, 1997 regarding certain issues associated with the application of the Federal Joint Stock Companies Act (in the version of Determination No. 5 of the Plenary Assembly of the Supreme Court of the Russian Federation and Determination No. 3 of the Plenary Assembly of the Supreme Court of Arbitration of the Russian Federation of February 5, 1998), a decision of the Board of Directors can be disputed in court if said decision does not meet the requirements of the Act and of other legal regulations and violates the rights and legally protected interests of the stockholders.

The passed decisions of the Board of Directors of January 28, 2000 do not violate the rights and legal interests of the Plaintiff, no obstacles have been placed for the exercise of said rights and legal interests, the Plaintiff's rights as a stockholder have not been restricted, said decision has not imposed on the Plaintiff any obligations, and the Plaintiff has not been placed under any responsibility.

Under these circumstances, the Plaintiff's claim is groundless and cannot be sustained.

In the course of the court hearing held on January 22, 2003, the substantive provisions of said decision had been made public. In fact, the decision had been fully prepared on January 24, 2003.

Based on the above and pursuant to Articles 17, 110, and 167 – 170 of the Code of Arbitration Procedure of the Russian Federation, the Court of Arbitration

**DECIDED:**

To deny the claim.

This decision may be appealed – within one month as of the date of the decision in the appellate court of arbitration and – within no more than two months as of the date of effect before the cassation court of arbitration.

[round seal:]
Court of Arbitration of Sverdlovsk Province, Russia
                                        [signature]
**Judge:**                                                    **N. V. Mikushina**



# Арбитражный суд Свердловской области
## Именем Российской Федерации
# РЕШЕНИЕ

*г. Екатеринбург*
*"22" января 2003г.*                    Дело № А60- 25749/02-С1

    Судья Арбитражного суда Свердловской области Микушина Н.В. рассмотрела в судебном заседании дело по иску Занадворова Алексея Васильевича
к открытому акционерному обществу Качканарский горно-обогатительный комбинат «Ванадий»
о признании недействительными решений Совета директоров

при участии в заседании:
представителей истца – Вольнов В.В., по дов. от 21.01.03 г.
Ашихмина М.М., по дов. (в порядке передоверия) от 15.06.00 г.
представителей ответчика – Степченко Т.Н.-адвокат, по дов. от 02.09.02 г. № 76
Григорьева Е.Л.- адвокат, по дов. от 02.09.02 г. № 79

    Истец просит признать недействительными решения Совета директоров ОАО Качканарский горно-обогатительный комбинат «Ванадий» (далее – ОАО ГОК «Ванадий»), принятые 28 января 2000 года, поскольку при их принятии не соблюдены требования ФЗ «Об акционерных обществах», иных правовых актов РФ, Устава общества о порядке созыва и проведения Совета директоров. Принятыми решениями также нарушены права и законные интересы истца как акционера общества и как члена Совета директоров.
    Оспариваемые решения касались:

- переизбрания Председателя Совета директоров ОАО ГОК «Ванадий»;
- досрочного прекращения полномочий единоличного исполнительного органа общества – Генерального директора – Хайдарова Д.А. и расторжения с ним трудового договора;
- избрания Генеральным директором ОАО ГОК «Ванадий» Козицына А.А.

    Требования истца мотивированы тем, что Совет директоров самовольно созван четырьмя членами Совета директоров без соответствующего решения Председателя Совета директоров о созыве заседания, отсутствия на заседании необходимого кворума для

A - 2139

акционерных обществах), КЗоТ РФ и положения Устава общества при переизбрании Председателя Совета директоров общества.

Ответчик иск не признал, пояснив, все решения, принятые Советом директоров ОАО ГОК «Ванадий» 28 января 2000 г., полностью соответствуют требованиям ФЗ «Об акционерных обществах» и положениям Устава общества, поскольку оспариваемые решения уже неоднократно являлись предметом рассмотрения в различных судах, которыми установлено, что все решения принятые Советом директоров законны и не нарушают права акционеров общества. Кроме того, указанные решения не затрагивают права истца ни как акционера общества, ни как члена Совета директоров.

Рассмотрев материалы дела и заслушав представителей сторон, суд установил следующее:

Качканарский горно-обогатительный комбинат «Ванадий» является открытым акционерным обществом. Устав общества утвержден решением общего годового собрания акционеров 21 апреля 1999 года и зарегистрирован постановлением Главы администрации г. Качканара Свердловской области 30 апреля 1999 года за № 362.

1. 24 января 2000 года четверо членов Совета директоров ОАО ГОК «Ванадий» (Коцуба А.Н., Курбанов С-Ш.М, Джураев А.Х., Барков С.Ф.) обратились к Председателю Совета директоров Гарееву Д.Р. с требованием о созыве заседания Совета директоров. Заседание предлагалось провести в заочной форме, то есть путем письменного опроса, датой окончания приема бюллетеней определили 28 января 2000 года.

В связи с тем, что названные члены Совета директоров уже неоднократно обращались к Председателю Совета директоров с требованиями о созыве заседания и им было отказано в этом, в данном случае одновременно с требованием о созыве заседания было направлено извещение, в котором указывалось, что в случае непринятия Председателем Совета директоров решения о созыве заседания Совета директоров, данное извещение является уведомлением о созыве заседания Совета директоров на предлагаемых членами Совета директоров условиях. Бюллетень для голосования прилагался к извещению.

Требование, извещение и бюллетени были вручены Председателю Совета директоров Гарееву Д.Р. 26 января 2000 года. Аналогичный пакет документов был направлен также другим членам Совета директоров, в том числе и истцу посредством факсимильной связи, а также заказным письмом. В этот же день членами Совета директоров – инициаторами от имени Председателя Совета директоров было получено письмо об отказе в созыве и проведении заседания Совета директоров по причине нецелесообразности.

При таких обстоятельствах, члены Совета директоров, инициировавшие созыв заседания руководствуясь пунктом 5.24

созвали и провели заседание Совета директоров общества, о чем были уведомлены все члены Совета директоров. Возможность проведения заседания Совета директоров членами-инициаторами прямо предусмотрено пунктом 5.24 Положения Совета директоров, который соответствует положению ст. 68 ФЗ «Об акционерных обществах».

2. Согласно п. 31.23 Устава, принятие решений Советом директоров путем письменного опроса (заочного голосования) допускается только по решению Председателя Совета директоров.

В данном случае данное требование также было соблюдено членами Совета директоров, поскольку 26 января 2000 г. в адрес членов Совета директоров поступило еще одно письмо Председателя Совета директоров о решении провести 28.01.00 г. заседание Совета директоров в заочной форме путем письменного опроса членов Совета директоров общества, а также бюллетень для голосования по утвержденной повестке дня. Таким образом, довод истца опровергается данным письмом, из которого можно сделать вывод, что указанное решение было принято непосредственно Председателем Совета директоров.

3. Согласно п. 28.1 Устава Совет директоров общества состоит из 7 (семи) человек. В соответствии с п.2 ст. 68 ФЗ «Об акционерных обществах» и п. 31.10 Устава общества заседание Совета директоров является правомочным (имеет кворум) если в нем принимают участие члены Совета директоров, обладающие в совокупности не менее, чем пятью голосами.

Для проведения голосования каждому из семи членов Совета директоров были направлены бюллетени для голосования. В момент окончания приема бюллетеней 28 января 2000 года имелось 5 бюллетеней действующих членов Совета директоров, из которых 4 человека проголосовали «За» принятие решений по вопросам повестки, один – «Воздержался».

В момент окончания приема бюллетеней также имелся бюллетень члена Совета директоров Баркова С.Ф., который является представителем государства по «золотой акции». Однако, в связи с неясностью его положения как представителя государства по «золотой акции» его бюллетень при подсчете голосов не учитывался.

Таким образом, необходимый кворум для принятия решений имелся, все решения были приняты большинством голосов членов Совета директоров, принявших участие в голосовании, что также соответствует требованиям Устава общества и п. 3 ст. 68 ФЗ «Об акционерных обществах».

4. В соответствии с п. 30.9 Устава Председатель Совета директоров может быть переизбран только с его личного согласия.

Председателем Совета директоров Гареевым Д.Р. дано письменное согласие на свое досрочное переизбрание (письмо от 26.01.2000 г.)

договор с единоличным исполнительным органом общества Генеральным директором (п. 34.5 Устава). Аналогичное требование предусматривается ч.3 ст. 69 ФЗ «Об акционерных обществах», которым предусмотрено, что на отношения между обществом и единоличным органом общества действие законодательства РФ о труде распространяется в части, не противоречащей положениям Закона.

Понятие «любое время» включает в себя периоды и временной нетрудоспособности работника. Досрочное прекращение полномочий генерального директора на основании решения Совета директоров содержится также в п. 7.3. контракта от 21.04.1999 г., заключенного с Гареевым Д.Р.

При избрании генеральным директором общества Козицына А.А. все члены Совета директоров были уведомлены о совмещении им должностей в других организациях. Следовательно, довод истца о том, что Совет директоров не давал согласия на совмещение должностей генеральным директором, также не обоснован.

Согласно п. 10 Постановления Пленума Верховного суда РФ и Пленума Высшего Арбитражного суда РФ от 02.04.1997 г. № 4/8 «о некоторых вопросах применения Федерального закона «Об акционерных обществах» (в ред. Постановления Пленума Верховного суда РФ № 5, Пленума ВАС РФ № 3 от 05.02.98 г.) решение Совета директоров может быть оспорено в судебном порядке, если принятое решение не отвечает требованиям Закона и иных нормативных правовых актов и нарушает права и охраняемые законом интересы акционера.

Принятыми решениями Совета директоров от 28 января 2000 года права и законные интересы истца не нарушены, какие-либо препятствия в их осуществлении не созданы, его права как акционера не ограничены, этим решением на него не возложены какие-либо обязанности и он не привлечен к какой-либо ответственности.

При таких обстоятельствах, исковые требования не обоснованны и удовлетворению не подлежат.

В судебном заседании, состоявшемся 22 января 2003 г., объявлена резолютивная часть принятого решения. Фактически, решение изготовлено в полном объеме 24 января 2003 года.

На основании изложенного, руководствуясь ст.ст. 17, 110, 167-170 АПК РФ арбитражный суд

## РЕШИЛ:

В иске отказать.

Настоящее решение может быть обжаловано в течение месяца со дня его принятия в арбитражный суд апелляционной инстанции, а также в срок, не превышающий двух месяцев со дня вступления его в законную силу, в арбитражный суд кассационной инстанции.

Н.В. Микушина

A - 2142

**COURT OF ARBITRATION OF THE REPUBLIC OF KALMYKIA**

358000, City of Elista, ul. Pushkin, 9

**RESOLUTION**

of the appellate level for the verification
of the legality and validity of decisions
of the court of arbitration, not entering into legal force

City of Elita                                          Case No. A22-1222/00/6-109 Ar 46
February 4, 2003

    The Court of Arbitration of the Republic of Kalmykia, composed of Chair judge
Alzheeva L.A., judge Churiumova R.D. and Tokareva V.I.
With the administration of the protocol of the judicial session the assistant to the judge
Kharashkina V.B. without the participation of the parties
Having examined in the judicial session the appellate claim of OOO "Poliprom" of the
decision of the court of arbitration RK of September 10, 2002 of the case No. A22/1222-
00/6-109 (judge Kontorov D.G.)

**RULED:**

    With the decision of the court of arbitration RK of September 10, 2002, the legal
claims of OAO "Kachkanar GOK "Vanadii" against OOO "Torgovii dom OAO
"Vanadii," OOO "Poliprom," with the participation of the third party ZAO
"Administration of Company Registers" and the company "Holdex LLC" of the
recognition of the sale-purchase contract of securities of January 18, 1999 between OOO
"Torgovii dom OAO "Vanadii" and OOO "Poliprom" as invalid, the dispositions of
transfer of 1/20/00 of the writing-off from the personal account of OOO "Torgovii dom
"Vanadii" in fulfillment of the contract the sum of 2,307,984 common nominal shares of
OAO "Kachkanar GOK "Vanadii" were recognized as invalid and compelled the third
party – ZAO "Administration of Company Registers" to restore in the system of
administration of the register of owners of nominal securities records of the presence of
the indicated shares in the personal account of OOO 'Torgovii dom OAO "Vanadii."
    This decision was appealed by OOO "Poliprom," which did not agree with the
adopted decision, requests that the court reverse the decision of the court of arbitration
completely or to terminate the processing of the case. To overturn the execution of a
judicial act is to return to the respondent al that was collected from it in the judicial act in
favor of the plaintiff.
    A representative of the declarant did not appear at the judicial session, but was
informed in an appropriate manner of the time and place of the examination of the case,
and there is a postal notice, so the court examines the case in its absence.
    A representative of the plaintiff – OAO "Kachkanar GOK "Vanadii" in its motion
(telegram of 12/19/2002) requests that, in correspondence with art. 156, 269 APK RF, to
examine the case it its absence, for the decision of the court in the first instance to remain
unchanged, and for the appellate claim to be denied.

**A - 2143**

The court of the first instance, accepting the indicated decision of the case, was governed by the indications and recommendations of the appellate level, in part the restoration of the named nominal common shares of OAO "Kachkanar GOK "Vanadii" to the personal account of OOO "Torgovii dom "Vanadii."

The appellate court, having studied the material of the case, considers the decision of the court of arbitration of the Republic of Kalmykia of September 10, 2002 not warranting an amendment, but the claim satisfied on the following grounds.

In its appellate claim, OOO "Poliprom" indicated that this case was examined by a court in the first instance without the presence of a representative of the respondent company "Holdex LLC," and did not find its support.

According to art. 123 APK RF, individuals participating in a case and other participants in the arbitration process are considered notified in the appropriate manner if, before the beginning of the judicial session, the court has at its disposal information of the receipt by the addressee of a copy of the judicial act.

In the materials of the case, there is a postal notice of the appropriate notification of the time and place. The postal address of the company "Holdex LLC" is indicated in the motion (l.d. 22 t. 3), with an indication of the post office box, located in the city of Moscow, so the notification was sent to an address known by the court. The case was examined by the court in the absence of the representative of the company according to p. 3 art. 156 APK RF.

The conclusion of the declarant of the incorrect application by the court of art. 302 GK RF and the conclusions made that the property was taken from possession against the owner's will is untenable, as the company "Holdex LLC" is an illegal owner of the disputed shares, which obtained them according to a sale-purchase contract. According to pt. 1 art. 167 GK RF, the invalid transaction does not involve any legal consequences, consequently, OOO "Poliprom" did not become an owner of the named shares, and this disposed of them illegally.

According to art. 302 GK RF, the court correctly applied norms, considering that the property was taken from possession against the will of the owner, support for which is the invalid transaction of the shares.

The declaration of OOO "Poliprom" of the violation of the conditions of the norms of art. 167 GK RF of the consequences of the recognition of transactions invalid in part the obligation to apply mutual restitution, in other words, not compel OOO "Torgovii dom OAO "Vanadii" to return all received by it in the transaction, but: bills of the Sberbank RF, transferred to OOO "Poliprom" in payment for the received shares according to the act of receipt-transfer of bills is also untenable.

The court in the first instance took into account the specifics of returning property by restitution of property. In the decision, it is indicated: compel the third party ZAO "Administration of Company Registers" to restore in the register of owners of nominal securities of "Kachkanar Ore-Mining and Processing Enterprise "Vanadii" a record of the presence of nominal common shares of OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii" issue No. 62-1P-290 of 7/12/1993 in the amount of 9759 units and No. 62-1-1396 of 6/12/1996 in the amount of 2298225 units in the personal account of OOO "Torgovii dom "Vanadii."

The appellate level considers that the court of the first instance made a well-founded conclusion about the return of shares of the plaintiff in the amount of 2307984 units from the illegal possession of the company "Holdex LLC."

Considering the forgoing circumstances, the appellate level considers that the claim of the respondent should not be satisfied.

On the basis of art. 102 APK RF judicial expenses are carried by the respondent.

Taking into account what has been set forth and governed by art. 268-271 APK RF, the court of the appellate level

## RESOLVED:

The decision of the court of arbitration RK of September 10, 2002 of the case No. A22-1222-00/6-109 of the lawsuit OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii" against OOO "Torgovii dom "Vanadii," OOO "Poliprom," company "Holdex LLC," third party ZAO "Administration of Company Registers" of the return of the shares to remain unchanged, and the appellate claim unsatisfied.

This resolution enters into force from the day of its adoption and can be appealed in on the appellate level in the Federal Court of Arbitration of the District of Severo-Kavkaz.

Chair:                                   L.A. Alzheeva

Judges:                                  R.D. Churiumova

                                         V.I. Tokareva

[signature]
[stamp:
Court of Arbitration
of the Republic of Kalmykia
COPY VERIFIED]

**A - 2145**



## АРБИТРАЖНЫЙ СУД РЕСПУБЛИКИ КАЛМЫКИЯ

358000, г. Элиста, ул. Пушкина, 9

### ПОСТАНОВЛЕНИЕ
апелляционной инстанции по проверке
законности и обоснованности решений
арбитражного суда, не вступивших в законную силу

г. Элиста                                          Дело №А22-1222/00/6-109 Ап 46
4 февраля 2003 г.

Арбитражный суд Республики Калмыкия в составе председательствующего судьи Алжеевой Л.А., судей Чурюмовой Р.Д. и Токаревой В.И.
при ведении протокола судебного заседания помощником судьи Харашкиной В.Б. без участия сторон
рассмотрев в судебном заседании апелляционную жалобу ООО «Полипром» на решение арбитражного суда РК от 10 сентября 2002г. по делу №А22/1222-00/6-109 (судья Конторова Д.Г.)

у с т а н о в и л :

Решением арбитражного суда РК от 10 сентября 2002г. исковые требования ОАО «Качканарский ГОК «Ванадий» к ООО «Торговому дому ОАО «Ванадий», ООО «Полипрому», с участием 3-х лиц ЗАО «Ведение реестров компаний» и компании «Холд Экс Эл. Эл. Си.» о признании договора купли-продажи ценных бумаг от 18 января 1999г. между ООО «Торговый дом ОАО «Ванадий» и ООО «Полипром» недействительным; признаны недействительными передаточные распоряжения от 20.01.00 г. о списании с лицевого счета ООО «Торговый дом «Ванадий» во исполнение данного договора в общей сложности 2.307.984 обыкновенных именных акций ОАО «Качканарский ГОК «Ванадий» и обязал третье лицо – ЗАО «Ведение реестров компаний» восстановить в системе ведения реестра владельцев именных ценных бумаг записи о наличии указанных акций на лицевом счете ООО «Торговый дом ОАО «Ванадий».

На данное решение подана апелляционная жалоба ООО «Полипром», в которой не согласившись с принятым решением, просит суд отменить решение арбитражного суда полностью и прекратить производство по делу. Осуществить поворот исполнения судебного акта – вернуть ответчику все то, что было взыскано с него в пользу истца по судебному акту.

В судебное заседание представитель заявителя ООО «Полипром» не явился, о времени и месте рассмотрения дела извещен надлежащим образом, имеется почтовое уведомление, поэтому суд рассматривает в его отсутствие.

Представитель истца - ОАО «Качканарский ГОК «Ванадий» в своем ходатайстве (телеграмма от 19.12.2002г.) просит в соответствии со ст.156, 269

«Качканарский ГОК
"ВАНАДИЙ"
Вх № 555   17.02.03

A - 2147

SUS "VANADBY"                    PHONE NO. : +34341 33895                Feb. 18 2003 05:11PM P01

АПК РФ рассмотреть дело в его отсутствие, решение суда первой инстанции оставить без изменения, а апелляционную жалобу без удовлетворения.

Суд первой инстанции принимая указанное решение по делу, руководствовался указаниями и рекомендациями кассационной инстанции, в части восстановления на лицевом счете ООО «Торговый дом «Ванадий» названных именных обыкновенных акций ОАО «Качканарский ГОК «Ванадий».

Суд апелляционной инстанции изучив материалы дела, считает решение арбитражного суда Республики Калмыкия от 10 сентября 2002г. не подлежит отмене, а жалоба удовлетворению по следующим основаниям.

ООО «Полипром» в апелляционной жалобе указало, что данное дело рассмотрено судом первой инстанции в отсутствие представителя ответчика компании «Холд Экс Эл. Эл. Си», не нашли своего подтверждения.

В соответствии со ст.123 АПК РФ лица, участвующие в деле, и иные участники арбитражного процесса считаются извещенными надлежащим образом, если к началу судебного заседания арбитражный суд располагает сведениями о получении адресатом направленной ему копии судебного акта.

В материалах дела имеется почтовое уведомление о надлежащем его извещении о времени и месте. Почтовый адрес компании «Холд Экс Эл.Эл.Си» указан в ходатайстве (л.д. 22 т.3), с указанием    абонентского ящика, расположенный в г. Москва, поэтому извещение было направлено по известному суду адресу. Дело рассматривалось судом в отсутствие представителя компании в порядке п.3 ст.156 АПК РФ.

Довод заявителя о неправильном применении судом ст.302 ГК РФ и сделанном выводе, что имущество выбыло из владения помимо воли собственника несостоятелен, т.к. компания «Холд Экс Эл.Эл. Си» является незаконным владельцем спорных акций, которое приобрело их по договору купли-продажи. Согласно ч.1 ст. 167 ГК РФ недействительная сделка не влечет юридических последствий, следовательно, ООО «Полипром» не стало собственником названных акций, поэтому распорядилось ими незаконно.

В соответствии со ст. 302 ГК РФ суд правильно применил нормы, считая, что имущество выбыло из владения помимо воли собственника, подтверждением которой является недействительная сделка отчуждения акций.

Заявление ООО «Полипром» о нарушении условий норм ст. 167 ГК РФ о последствиях признания сделок недействительным в части обязанности применения двусторонней реституции, иными словами не обязав ООО «Торговый дом ООО «Ванадий» вернуть все полученное по сделке, а именно: векселя Сбербанка РФ, переданные ООО «Полипром» в оплату полученных акций по акту приема-передачи векселей также несостоятелен.

Судом первой инстанции    учитывалась специфика возвращаемого имущества путем возврата имущества. В решении указано: обязать третье лицо ЗАО «Ведение реестров компаний» восстановить в реестре владельцев именных ценных бумаг ОАО «Качканарский горно-обогатительный комбинат «Ванадий» запись о наличии на лицевом счете ООО «Торговый дом «Ванадий» именных обыкновенных акций ОАО «Качканарский горно-обогатительный комбинат «Ванадий» выпуска №62-1П-290 от 12.07.1993г. в количестве 9759 штук и №62-1-1396 от 12.06.1996г. в количестве 2298225 штук.

Апелляционная инстанция считает, что судом первой инстанции обоснованно сделан вывод о возврате акций истца в количестве 2307984 шт. из незаконного владения компании «Холд Экс Эл.Эл. Си».

A - 2148

: SUS "VANADBY"        PHONE NO. : +34341 33895        Feb. 18 2003 05:12PM  P01

Учитывая вышеизложенные обстоятельства, апелляционная инстанция считает, что жалоба ответчика не подлежит удовлетворению

В порядке ст. 102 АПК РФ судебные расходы относятся на ответчика.

С учетом изложенного и руководствуясь ст. ст. 268-271 АПК РФ, суд апелляционной инстанции

**п о с т а н о в и л :**

Решение арбитражного суда РК от 10 сентября 2002г. по делу № А22-1222-00/6-109 по иску ОАО «Качканарский горно-обогатительный комбинат «Ванадий» к ООО «Торговый дом «Ванадий», ООО «Полипром», компании «Холд Экс Эл. Эл. Си», третьему лицу ЗАО «Ведение ресстров компаний» о возврате акций оставить без изменения, а апелляционную жалобу без удовлетворения.

Настоящее постановление вступает в силу со дня его принятия и может быть обжаловано в кассационную инстанцию Федерального Арбитражного суда Северо-Кавказского округа.

Председательствующий _____ Л.А. Алжеева

Судьи _____ Р.Д. Чурюмова

_____ Токарева

Арбитражный суд
Республики Калмыкия
КОПИЯ ВЕРНА

**FEDERAL COURT OF ARBITRATION OF THE DISTRICT OF SEVERO-KAVKAZ**

**In the name of the Russian Federation**

**RESOLUTION**
**Of the court of arbitration of the appellate level**

City of Krasnodar          Case No. A22-12222/00/6-109/Ap46          May 20, 2003
                           Vkh. F08-1625/03

     The Federal Court of Arbitration of the District of Severo-Kavkaz, composed of Chair Afovina E.I., judge Savenko L.I. and Shirvis Iu.V., with the participation in the session from the plaintiff - "Kachkanar Ore-Mining and Processing Enterprise "Vanadii" – Oleinik I.N. (power of attorney 12/11/02 No. 136), from the respondent – the limited liability company "Poliprom" – Volnov V.V. (power of attorney from 31.12.02 No. 1-iur-03), with the absence of the respondents: the limited liability company "Torgovii dom OAO "Vanadii," company "Holdex LLC," third party – close corporation "Administration of Company Registers," having examined the appellate clam of the limited liability company "Poliprom" of the decision of 10.09.02 (judge Kontorov D.G.) and the resolution on the appellate level of 2/4/03 (judges Alzheev L.A., Churiumov R.D., Tokarev V.I.) the Court of Arbitration of the Republic of Kalmykia of the case No. A22-12222/00/6-109/Ar46, established the following.
     OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii" (hereinafter – OAO :Kachkanar GOK "Vanadii") turned to the court of arbitration with a lawsuit against OOO "Torgovii dom OAO "Vanadii" and OOO "Poliprom" for the recognition of the sale-purchase contract of shares No. 3 of 1/18/99 and dispositions of transfer as invalid on the basis of which the nominal common shares of OAO "Kachkanar GOK "Vanadii" were written-off from the personal account of the seller, as well as the restoration in the register of the owners of nominal securities of OAO "Kachkanar GOK "Vanadii" the records of the presence of nominal common shares transferred according to the disputed sale-purchase contract in the account of OOO "Torgovii dom OAO "Vanadii.:
     In the capacity of a third party not declaring independent claims on the subject of the dispute, AOZT "Administration of Company Registers" is brought into the case.
     With the decision of the court of 11/22/00, the lawsuit claims are satisfied in completely.
     The decision of 11/22/00 was reversed and directed for a new examination by a resolution of the appellate level from 4/17/01.
     With the new examination of the case in the capacity of a third party not declaring independent claims on the subject of the dispute, the company "Holdex LLC" is brought into the case.
     With the decision of 7/5/01, the resolution of the appellate level of 09.11.01 remains without amendment, and the lawsuit claims of OAO "Kachkanar GOK "Vanadii" are satisfied.

**A - 2150**

With the resolution of the appellate level from 1/21/02, the judicial acts are reversed, and the case is directed for a new examination.

With the decision of the court of 3/12/02, the lawsuit claims are satisfied.

With the resolution of the appellate level of 7/2/02, the decision of 3/12/02 was amended in the part of the recognition of the contract of 1/18/2002 and the dispositions of transfer of 1/20/2000 as invalid: the conclusion of contract No. 3 of 1/18/99 and contract No. 3 of 1/18/2000 of OOO "Torgovii dom OAO "Vanadii" and OOO "Poliprom" were recognized as invalid, as well as the dispositions of transfer of 1/20/00, upon which nominal common shares of OAO "Kachkanar GOK "Vanadii" issue No. 62-111-290 of 7/12/93 in the amount of 9759 units No. 62-1-1396 of 6/12/96 in the amount of 2298225 units were transferred to the personal account of OOO "Poliprom." In the remaining part, the decision is reversed, the case is transferred for a new examination in a court of the first instance on the grounds that the owner of the disputed shares – company "Holdex LLC" was not brought into the case in the capacity of a second respondent.

With a new examination of the case in the capacity of a second respondent, company "Holdex LLC" is brought into the case.

With the decision of 9/10/02, the resolution of the appellate level of 2/4/03 remains without amendment, the court satisfied the claims, returning the shares from the illegal possession of the company "Holdex LLC" by compelling ZAO "Administration of Company Registers" to restore in the register of owners having nominal securities of OAO Kachkanar GOK "Vanadii," a record of the presence of nominal common shares of OAO Kackanar GOK "Vanadii" issue No. 62-111-290 of 7/12/93 in the amount of 9759 units and No. 62-1-1396 of 6/12/96 in the amount of 2298225 in the personal account of OOO "Torgovii dom "Vanadii."

In the appellate claim OOO 'Poliprom" requests the reversal of the adoption judicial acts according to the case. In the opinion of the declarant of the motion, the court examined the case without the presence of individuals participating in the case, not notifying them in the appropriate manner of the time and place of the judicial [illegible] company "Holdex LLC"), as well as violated the norms of article 167 of the Civil Code of the Russian Federation in the part of the obligation of the application of two-sided restitution, because it did not obligate OOO "Torgovii dom OAO Vanadii" to return everything received in the invalid transaction.

A response to the appellate claim was not made.

Having studied the materials of the case an having heard the representatives of the parties participating in the case, the Federal Court of Arbitration of the District of Severo-Kavkaz considers that the judicial acts should be reversed, and the case – directed for a new examination on the following grounds.

According to article 121 of the Arbitration Code of the Russian Federation, individuals participating in the case, and other participants in the arbitration process are to be given notice by the court of arbitration of the time and place of the judicial session by sending a copy of the judicial act. The notice is sent to the address indicated by the party participating in the case, or to the place of the location of the organization (franchises, representation of a legal entity, if the lawsuit arose from their activities).

Article 253 of the Arbitration Code of the Russian Federation established that in the vent that foreign entities participating in the case, examined by the court of arbitration of the Russian Federation, are located outside of the borders of the Russian Federation,

these parties are informed of the judicial trial with a decision of the court of arbitration by sending a message to the institution of justice or other competent organ of the foreign state.

According to article 123 of the Arbitration Code of the Russian Federation, parties participating in the case and other participants of the arbitration process are considered notified in the appropriate manner if, before the beginning of the judicial session, in a separate procedural act, the court has at its disposal information of the receipt of the correspondence by the addressee.

The court examined the case in the absence of the representative of the company "Holdex LC," considering that, the named company was notified in the appropriate manner of the time and place of the judicial session and has enough information about its position.

From the materials of the case, it is clear that the notification of the time and place of the judicial session was sent to the address of the representative of the company "Holdex LLC" Volnov V.V. (Moscow, ul. Frunzenskaya Naberezhnaya, d. 46, pod. 2), and to one of the addresses indicated in the motion of the representative of the company (119270, Moscow PO Box 588, d 22 t. 3). However, the active power of attorney of Volnov V.V. expired on 11/15/01 and the court did explain who signed in the name of company "Holdex LLC" for the postal notice sent to the address on ul. Frunzenskaya Naberezhnaya d. 46 pod. 2. The notification, sent to the postal address Moscow PO Box 588 was returned for the expiration of the term of deposit.

The court did not establish whether company 'Holdex LLC" has management, franchises, a representative office, or representatives on the territory of the Russian federation.

A notification was not sent to the second address indicated in the motion of the representatives of the company (707 W 7th St., Austin, TX 78701, USA).

Under the indicated conditions, the appellate level considers that the company "Holdex LLC" was not notified in the appropriate manner of the time and place of the judicial session for the examination of the case in the courts of the first and appellate instances, and under point 2 part 4 article 288 of the Arbitration Code of Procedure of the Russian Federation it is an unconditional grounds for the reversal of the disputed judicial acts.

Also invalid is the citation of the court that it has enough information about the position of the company "Holdex LLC" for this dispute, as the objection of the company in was not presented in the materials of the case.

Governed by articles 284, 286-289, of the Arbitration Code of Procedure of the Russian Federation, the Federal Court of Arbitration of the District of Severo-Kavkaz

## RULED:

The decision of 9/10/02 and the resolution of the appellate instance of 2/4/03 of the Court of Arbitration of the Republic of Kalmykia according to the case No. A22-1222/00/6-109/Ar46 is reversed.

The case is to be directed for a new examination in the first instance by the original court.

The resolution enters into force from the say of its adoption.

**A - 2152**

Chair                                              E.I. Afonina

Judges                                             L.I. Savenko

                                                   Iu.V. Shirvis

                          [stamp]
                        [signature]



# ФЕДЕРАЛЬНЫЙ АРБИТРАЖНЫЙ СУД СЕВЕРО-КАВКАЗСКОГО ОКРУГА

### Именем Российской Федерации

## ПОСТАНОВЛЕНИЕ
арбитражного суда кассационной инстанции

г. Краснодар                Дело № А22-1222/00/6-109/Ар46                20 мая 2003 г.
Вх. Ф08-1625/03

Федеральный арбитражный суд Северо-Кавказского округа в составе председательствующего Афониной Е.И., судей Савенко Л.И. и Ширвиса Ю.В., при участии в заседании от истца - открытого акционерного общества «Качканарский горно-обогатительный комбинат "Ванадий"» – Олейник И.Н. (доверенность от 11.12.02 № 136), от ответчика – общества с ограниченной ответственностью «Полипром» – Вольнова В.В. (доверенность от 31.12.02 № 1-юр-03), в отсутствие ответчиков: общества с ограниченной ответственностью «Торговый дом ОАО "Ванадий"», компании «Холд Экс. Эл. Эл. Си», третьего лица – акционерного общества закрытого типа «Ведение реестров компаний», рассмотрев кассационную жалобу общества с ограниченной ответственностью «Полипром» на решение от 10.09.02 (судья Конторова Д.Г.) и постановление апелляционной инстанции от 04.02.03 (судьи Алжеева Л.А., Чурюмова Р.Д., Токарева В.И.) Арбитражного суда Республики Калмыкия по делу № А22-1222/00/6-109/Ар46, установил следующее.

ОАО «Качканарский горно-обогатительный комбинат "Ванадий"» (далее – ОАО «Качканарский ГОК "Ванадий"») обратилось в арбитражный суд с иском ООО «Торговый дом ОАО "Ванадий"» и ООО «Полипром» о признании недействительными договора купли-продажи акций № 3 от 18.01.99 и передаточных распоряжений, на основании которых с лицевого счета продавца были списаны именные обыкновенные акции ОАО «Качканарский ГОК "Ванадий"», а также о восстановлении в реестре владельцев именных ценных бумаг ОАО «Качканарский ГОК "Ванадий"» записи о наличии на лицевом счете ООО «Торговый дом ОАО "Ванадий"» именных обыкновенных акций, переданных по оспариваемому договору купли-продажи.

В качестве третьего лица, не заявляющего самостоятельных требований на предмет спора, привлечено АОЗТ «Ведение реестров компаний».

Решением суда от 22.11.00 исковые требования удовлетворены в полном объеме.

Постановлением кассационной инстанции от 17.04.01 решение от 22.11.00 отменено с направлением дела на новое рассмотрение.

При новом рассмотрении дела в качестве третьего лица, не заявляющего самостоятельных требований на предмет спора, к участию в деле привлечена компания «Холд Экс Эл. Эл. Си».

Решением от 05.07.01, оставленным без изменения постановлением апелляционной инстанции от 09.11.01, исковые требования ОАО «Качканарский ГОК "Ванадий"» удовлетворены.

Постановлением кассационной инстанции от 21.01.02 судебные акты отменены, дело направлено на новое рассмотрение.

Решением суда от 12.03.02 исковые требования удовлетворены.

Постановлением кассационной инстанции от 02.07.02 решение от 12.03.02 изменено в части признания недействительным договора от 18.01.2000 и передаточных распоряжений от 20.01.2000: признаны недействительными заключенные ООО «Торговый дом ОАО "Ванадий"» и ООО «Полипром» договор № 3 от 18.01.99 и договор № 3 от 18.01.2000, а также передаточные распоряжения от 20.01.00, на основании которых на лицевой счет ООО «Полипром» зачислены именные обыкновенные акции ОАО «Качканарский ГОК "Ванадий"» выпуска № 62-111-290 от 12.07.93 в количестве 9759 шт., № 62-1-1396 от 12.06.96 в количестве 2298225 шт. В остальной части решение отменено, дело передано на новое рассмотрение в суд первой инстанции на том основании, что владелец спорных акций – компания «Холд Экс Эл. Эл. Си» не привлечена к участию в деле в качестве второго ответчика.

При новом рассмотрении дела в качестве второго ответчика привлечена компания «Холд Экс Эл. Эл. Си».

Решением от 10.09.02, оставленным без изменения постановлением апелляционной инстанции от 04.02.03, суд исковые требования удовлетворил, возвратив акции из незаконного владения компании «Холд Экс Эл. Эл. Си» путем обязания ЗАО «Ведение реестров компаний» восстановить в реестре владельцев именных ценных бумаг ОАО «Качканарский ГОК "Ванадий"» запись о наличии на лицевом счете ООО «Торговый дом ОАО "Ванадий"» именных обыкновенных акций ОАО «Качканарский ГОК "Ванадий"» выпуска № 62-111-290 от 12.07.93 в количестве 9759 штук и № 62-1-1396 от 12.06.96 в количестве 2298225 штук.

В кассационной жалобе ООО «Полипром» просит отменить принятые по делу судебные акты. По мнению заявителя жалобы, суд рассмотрел дело в отсутствие лица, участвующего в деле, не извещенного надлежащим образом о времени и месте судебного

A - 2156

компании «Холд Экс Эл. Эл. Си»), а также нарушил нормы статьи 167 Гражданского кодекса Российской Федерации в части обязательности применения двусторонней реституции, поскольку не обязал ООО «Торговый дом ОАО "Ванадий"» вернуть все полученное по недействительной сделке.

Отзыв на кассационную жалобу не представлен.

Изучив материалы дела и выслушав представителей участвующих в деле лиц, Федеральный арбитражный суд Северо-Кавказского округа считает, что состоявшиеся судебные акты подлежат отмене, а дело – направлению на новое рассмотрение по следующим основаниям.

В соответствии со статьей 121 Арбитражного процессуального кодекса Российской Федерации лица, участвующие в деле, и иные участники арбитражного процесса извещаются арбитражным судом о времени и месте судебного заседания путем направления копии судебного акта. Извещения направляются по адресу, указанному лицом, участвующим в деле, либо по месту нахождения организации (филиала, представительства юридического лица, если иск возник из их деятельности).

Статья 253 Арбитражного процессуального кодекса Российской Федерации устанавливает, что в случае, если иностранные лица, участвующие в деле, рассматриваемом арбитражным судом Российской Федерации, находятся вне пределов Российской Федерации, такие лица извещаются о судебном разбирательстве определением арбитражного суда путем направления поручения в учреждение юстиции или другой компетентный орган иностранного государства.

Согласно статье 123 Арбитражного процессуального кодекса Российской Федерации лица, участвующие в деле, и иные участники арбитражного процесса считаются извещенными надлежащим образом, если к началу судебного заседания, проведения отдельного процессуального действия арбитражный суд располагает сведениями о получении адресатом направленной ему корреспонденции.

Суд рассмотрел дело в отсутствие представителя компании «Холд Экс Эл. Эл. Си», считая, что названная компания надлежащим образом извещена о времени и месте судебного заседания и имеется достаточно данных, свидетельствующих о ее позиции.

Из материалов дела видно, что извещения о времени и месте судебного заседания направлялись судом по адресу представителя компании «Холд Экс Эл. Эл. Си» Вольнова В.В. (г. Москва, ул. Фрунзенская набережная, д. 46, под. 2), и по одному из адресов, указанных в ходатайстве представителя компании (119270, г. Москва, абонентский ящик № 588, л.д. 22, т.3). Однако действие доверенности Вольнова В.В. прекратилось 15.11.01 и судом не выяснено, кем подписаны от имени компании «Холд

4

Экс Эл. Эл. Си» почтовые уведомления, направленные по адресу ул. Фрунзенская набережная. л. 46, под. 2. Извещение, направленное по почтовому адресу    г. Москва, абонентский ящик № 588, возвращено за истечением срока хранения.

Имеются ли на территории Российской Федерации органы управления, филиалы, представительства или представители   компании «Холд Экс Эл. Эл. Си»,   суд не установил.

По второму адресу, указанному в ходатайстве представителя компании (707 W, 7-я улица, Остин, Техас, 78701, США), извещение не направлялось.

При указанных обстоятельствах кассационная инстанция считает, что   компания «Холд Экс Эл. Эл. Си» не извещена надлежащим образом о времени и месте судебного заседания при рассмотрении дела в судах первой и апелляционной инстанций, что в силу пункта 2 части 4 статьи 288 Арбитражного процессуального кодекса Российской Федерации является безусловным основанием для отмены обжалуемых судебных актов.

Необоснованна и ссылка суда на то, что имеется достаточно данных, свидетельствующих о  позиции компании «Холд Экс Эл. Эл. Си» по настоящему спору, так как отзыв компании  в материалы дела не представлялся.

Руководствуясь статьями 284, 286-289 Арбитражного процессуального кодекса Российской Федерации, Федеральный арбитражный суд Северо-Кавказского округа

ПОСТАНОВИЛ:

решение от 10.09.02 и постановление апелляционной инстанции от 04.02.03 Арбитражного суда Республики Калмыкия по делу № А22-1222/00/6-109/Ар46 отменить.

Дело направить на новое рассмотрение в первую инстанцию того же суда.

Постановление вступает в законную силу со дня его принятия.

Председательствующий                                    Е.И. Афонина

Судьи                                                           Л.И. Савенко

                                                                Ю.В. Ширвис

**COURT OF ARBITRATION**
**Of the Sverdlovsk Region**
**In the name of the Russian Federation**

**RESOLUTION**
**Of the Court of Arbitration of the appellate level**

City of Ekaterinburg                              Case No. A60-25749/2002-C1
May 27, 2003

**Appellate level of the Court of Arbitration of the Sverdlovsk Region, composed of:**
**Chair: Kokova V.S.**
**Judges: Lutfurakhmanova H.Ia., Bikmukhametova E.A.**
With the administration of the protocol of the judicial session assistant to the judge
Chernov S.V.
With the participation of
From the respondent: Grigoreva Ekaterina Leonardovna, lawyer, reg. No. 66/378,
authorization No. 186 of December 19, 2002
Power of attorney No. 79 from September 2, 2002

Examined the appellate claim in the judicial session

The decision of the Court of Arbitration of the Sverdlovks Region of January 22, 2003
(judge Mikushina N.V.) of the case No. A60-25749/2002-C1 of the lawsuit of
Zanadvorov A.V. against OAO "Kackhanar GOK "Vanadii" of the recognition of the
decision of the Board of Directors as invalid.

    The plaintiff brought a lawsuit against OAO "Kackhanar GOK "Vanadii" of the
recognition of the decision of the Board of Directors of January 28, 2000 as invalid. In
connection with the claims of the plaintiff, the case brought concerning jurisdiction
arrived at the Court of Arbitration of the Sverdlovsk Region from the Kachkanar County
Court of the Sverdlovsk Region. With the decision of the Court of Arbitration of the
Sverdlovsk Region of December 6, 2002, the process was initiated on the case. With the
decision of January 22, 2003, the lawsuit claims were denied.
    The legality and validity of the decision were verified according to articles 258,
266, 268 of the Arbitration Code of Procedure of the Russian Federation for appellate
claims of the plaintiff, which does not agree with the decision, requests that it be reversed
on the following grounds. In the opinion of the plaintiff, the court did not apply the norms
of law appropriate for application, did not establish the fact of the inappropriate notice of
the plaintiff of the conducting of the disputed meeting. The court did research a series of
documents presented by the plaintiff: the letters of Gareev, in which the fact of the
adoption of the decision of the conducting of the extraordinary voting on the agenda is
contradicted, the bulletins for the voting on the disputed decision, which were prepared
after the adoption of the disputed decision by the Board of Directors. In addition, the
plaintiff claims that the court did not examine the motion of Gareev, in which he
indicated that he did not give his agreement for the reclamation, did not issue decision on

the proxy vote, and did not participate in the disputed decision which violates the rights of the shareholders.

Having examined the materials of the case, having heard the representatives of the respondent, the court established the following. With the decision of the Board of Directors of January 28, 2000 the authority of the Chairman of the Board of Directors of OAO GOK "Vanadii" Gareev D.R., Chairman of the Board of Directors elect Kotsuba was terminated; the pre-term termination of the authority of the General Director of OAO GOK "Vanadii" Khaidarov D.A., the General Director elect Kozitsyn.

Meanwhile, in the materials of the case, there is a decision from September 30, 2002 of Kachkanar Municipal Court of the Sverdlovks Region of the lawsuit of Khaidarov D.A. against Zanadvorov A.V., Kurbatsov S-Sh.M., Barkov S.F., Kotsuba A.P., Dzhuraev A. Kh., Valishev R.R., Gareev D.R., OAO "Kachkanar GOK "Vanadii" of the recognition of the decision of the Board of Directors of January 28, 2000 as invalid. This decision denies the claims of the lawsuit in whole. The decision remains without amendment with the ruling of September 24, 2002 of the Kachkanar County Court of the Sverdlovsk Region and with the ruling of November 19, 2002 of the panel of judges for civil matters of the Sverdlovsk Region court. In this manner, a judicial act entered into legal force exists of the court of general jurisdiction, adopted according to the dispute between those individuals on this subject and on these grounds. The indicated conditions are the grounds for the termination of the process of the case in correspondence with point 2 part 1 article 150 of the Arbitration Code of Procedure RF.

The decision of the Court of Arbitration of the Sverdlovsk Region of January 15, 2003 was issued without consideration of the decision of the Kachkanar Municipal Court of the Sverdlovks Region of April 30, 2002, which was a violation of the norms of procedural law. In correspondence with point 4 part 1 article 270 of the Arbitration Code of Procedure, the indicated circumstances are the grounds for the reversal of a decision of a court of arbitration in the first instance.

Governed by point 2 part 1 article 150, articles 258, 268, 269, point 4 part 1 article 270, article 271 of the Arbitration Code of Procedure of the Russian Federation, the court of arbitration

## RESOLVED:

The decision of the Court of Arbitration of the Sverdlovsk Region of January 22, 2003 is reversed, the process of the case No. A60-25749/2002-C1 is terminated.

The resolution can be appealed in a court of arbitration of the appellate level.

The resolution was prepared in full on May 26, 2003.

[stamp]
Chair:                              V.S. Kokova
Judges:                            N.Ia. Lutfurakkmanova
                                        E.A. Bikmukhametova

[stamp: copy verified
signature]

A - 2160