

# АРБИТРАЖНЫЙ СУД
## Свердловской области
### Именем Российской Федерации

# ПОСТАНОВЛЕНИЕ
арбитражного суда апелляционной инстанции

г. Екатеринбург                          Дело № А60-25749/2002-С1
"22" мая  2003 г.

Апелляционная инстанция Арбитражного суда  Свердловской
области   в составе:
Председательствующего:  Коковой В.С.
судей:  Лутфурахмановой Н.Я., Бикмухаметовой Е.А.
при ведении протокола судебного заседания помощником судьи
Черновым С.В.
при участии:
от ответчика: Григорьевой Екатерины Леопардовны, адвокат,
рег. № 66/378, удостоверение № 186 от 19 декабря 2002г.,
доверенность № 79 от 2 сентября 2002г.

Рассмотрела в судебном заседании апелляционную жалобу

на решение  Арбитражного суда Свердловской области от 22 января
2003г. (судья Микушина Н.В.) по делу №А60-25749/2002-С1 по иску
Заводворова А.В. к ОАО «Качканарский ГОК «Ванадий» о признании
недействительными решения Совета директоров

Истец обратился с исковым требованием к ОАО «Качканарский ГОК
«Ванадий» о признании недействительным решения Совета директоров от
28 января 2000г. Возбужденное в связи с требованиями истца дело  по
подведомственности        поступило в Арбитражный суд Свердловской
области из Качканарского районного суда Свердловской области.
Определением Арбитражного суда Свердловской области от 6 декабря

2002г. возбуждено производство по делу. Решением от 22 января 2003г. в удовлетворении исковых требований отказано.

Законность и обоснованность решения проверена в порядке статей 258, 266, 268 Арбитражного процессуального кодекса Российской Федерации по апелляционной жалобе истца, который с решением не согласен, просит его отменить по следующим основаниям. По мнению истца, *суд не применил* нормы права, подлежащие применению, не установив факт ненадлежащего извещения истца о проведении оспариваемого собрания. Суд не исследовал ряд документов, предоставленных истцом: письма Гареева, в которых отрицается факт принятия решения о проведении заочного голосования по повестке дня, бюллетени для голосования по оспариваемому решению, которые изготовлены позже принятия оспариваемого решения Советом директоров. Кроме того, истец полагает, что суд не исследовал заявления Гареева, в которых он указывал, что не давал своего согласия на переизбрание, не выносил решения о заочном голосовании, не принимал оспариваемого решения, которое нарушает права акционера.

Рассмотрев материалы дела, заслушав представителя ответчика, суд установил следующее. Решением Совета директоров от 28 января 2000г. были, в частности прекращены полномочия Председателя Совета Директоров ОАО ГОК «Ванадий» Гареева Д.Р., Председателем Совета Директоров избран Коцуба А.П.; досрочно прекращены полномочия Генерального Директора ОАО ГОК «Ванадий» Хайдарова Д.Л., Генеральным директором избран Козицын Л.А.

Между тем, в материалах дела имеется решение от 30 сентября 2002г. Качканарского городского суда Свердловской области по иску Хайдарова Д.Л. к Занадворову А.В., Курбанову С-Ш.М., Баркову С.Ф., Коцубе А.П., Джураеву Л.Х., Валишеву Р.Р., Гарееву Д.Р., ОАО «Качканарский ГОК «Ванадий» о признании недействительным решения Совета директоров от 28 января 2000г. Данным решением в удовлетворении исковых требований отказано в полном объеме. Это решение оставлено без изменений определением от 24 сентября 2002г. Качканарского районного суда Свердловской области и определением от 19 ноября 2002г. Судебной коллегии по гражданским делам Свердловского областного суда. Таким образом, имеется вступивший в законную силу судебный акт суда общей юрисдикции, принятый по спору между теми же лицами, о том же предмете и по тем же основаниям. Указанные обстоятельства являются основанием для прекращения производства оп делу в соответствии с пунктом 2 части 1 статьи 150 Арбитражного процессуального кодекса РФ.

Решение Арбитражного суда Свердловской области от 22 января 2003г. вынесено без учета решения Качканарского городского суда

Свердловской области от 30 апреля 2002г., что привело к нарушению норм процессуального права. В соответствии с пунктом 4 части 1 статьи 270 Арбитражного процессуального кодекса указанное обстоятельство является основанием для отмены решения арбитражного суда первой инстанции.

Руководствуясь пунктом 2 части 1 статьи 150, статьями 258, 268, 269, пунктом 4 части 1 статьи 270, статьей 271 Арбитражного процессуального кодекса Российской Федерации, арбитражный суд

## ПОСТАНОВИЛ:

Решение Арбитражного суда Свердловской области от 22 января 2003г. отменить, производство по делу № А60-25749/2002-С1 прекратить.

Постановление может быть обжаловано в арбитражный суд кассационной инстанции.

Постановление в полном объеме изготовлено 26 мая 2003г.

Председательствующий                          В.С.  Кокова

Судьи                                          Н.Я.  Лутфурахманова

                                               Е.А.  Бикмухаметова

чсв

A - 2164

**COURT OF ARBITRATION**
**Of the Sverdlovsk Region**

**DECISION**

City of Ekaterinburg                                    Case No. A60-12549/03-C4
August 27, 2003

Judges of the Court of Arbitration of the Sverdlovsk Region Gryaznykh L.G., having examined in a preliminary judicial session the case of the lawsuit of the company "Foston Management Limited," the company "Davis International," the company "Holdex," the company "Omni"

Against "Kachkanar Ore-Mining and Processing Enterprise "Vanadii," OAO "Uralsk Bank of Reconstruction and Development"

• Recognition of the decision adopted by an extraordinary general meeting of the shareholders of OAO "Kachkanar GOK "Vanadii" of 11/19/02

Participating in the session:
Plaintiffs did not appear
From the respondent 1) Grigoreva E.L. lawyer p.o.a. No. 70 from 5/29/03, Stepanchenko T. N. – lawyer, p.o.a. No. 76 from 9/2/02, 2) did not appear.

Procedural law and obligations of were explained, challenge was not declared

The plaintiffs request the recognition of the decision adopted at the extraordinary general meeting of shareholders of OAO "Kachkanar GOK "Vanadii" of 11/19/02 as invalid.
The respondent made a motion to bring ZAO "Administration of Company Registers" in the capacity of a third party not declaring independent claims on the subject of the dispute. This motion was denied by the court.
OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii," did not recognize the lawsuit, citing the invalidity of the decision of the meeting.
Having examined the materials of the case, the court came to the conclusion that there are not grounds for the satisfaction of the lawsuit claims.
The general meeting of shareholders of OAO "Kachkanar GOK "Vanadii" of 11/19/02, where decisions about the increase of the charter capital of OAO "Kachkanar GOK "Vanadii" were adopted by allocation of supplementary shares and the adoption of a new version of the Charter, corresponds to the requirements of FZ "On Corporations." The meeting was called on the basis of a decision of the Board of Directors of 10/04/02 and conducted in the form of a proxy vote.
In the general meeting of shareholders of 11/19/02, legal owners shares participated, the right of ownership of which were not disputed and are not disputed at this time.

**A - 2165**

A decision of a court with legal force affirming a violation of the rights of the company "Foston Management Limited" did not exist at the moment of the composition of the list of shareholders, nor at the moment of the conducting of the meeting of shareholders. The plaintiffs did not present evidence that the shareholders participating in the meeting of 11/19/02 illegally owned shares of OAO "Kachkanar GOK "Vanadii."

Investigation of the criminal case brought according to the theft of a block of shares of OAO "Kachkanar GOK "Vanadii" from company "Davis International" is not grounds for the recognition of the invalidity of the decision adopted on 11/19/02, because the investigation is not complete. All arrests at the moment of the composition of the list of shareholders and at the moment of the conducting of the meeting of shareholders from the shares of OAO "Kachkanar GOK "Vanadii" were remitted and will not be pursued in the future.

The writing-off of the shares of OAO "Kachkanar GOK "Vanadi" from the personal account of Company "Holdex" is conducted on the basis of the decision of the Court of Arbitration of the Republic of Kalmykia of 11/22/00.

The plaintiffs were notified in the appropriate manner about the conducting of the meeting of shareholders (register distribution of postal correspondence of 10/18/02).

In this manner, the general meeting of shareholders of OAO "Kachkanar GOK "Vanadii" from 11/19/02 was conducted in observance of the requirements of FZ "On Corporations," and the participants in the meeting were notified in a timely manner of the date of the conducting of the meeting (p. 2 art. 52 FZ "On Corporations"); the participants were presented the opportunity to familiarize themselves with the necessary information (materials) according to the issues included in the agenda of the meeting (p. 3 art. 52 of the Law), and all requirements of art. art. 48, 50, 51, 52, 53, 54 of FZ "On Corporations" were observed with the calling and conducting of the indicated meeting of shareholders.

Governed by art. art. 167-170 of the Court of Arbitration of the Code of Procedure RF, the court of arbitration

### DECIDED:

To deny the lawsuit in its entirety.
The decision was prepared in its entirety on 8/29/03.
The decision can be disputed in a Court of Arbitration of the appellate level within one month of the adoption of the decision.

[stamp] [signature]                                L.G. Gryaznykh

A - 2166



# АРБИТРАЖНЫЙ СУД
### Свердловской области

# РЕШЕНИЕ

г. Екатеринбург                                        Дело №А60- 12549/03-С4
«27» августа 2003 г.

Судья Арбитражного суда Свердловской области  Грязных Л. Г., рассмотрев в предварительном судебном заседании дело по иску   Компании «Фостон Менеджмент Лимитед», Компании «Дэвис Интернэшнл», Компании «Холдекс», Компании «Омни»

к     ОАО «Качканарский горно-обогатительный комбинат «Ванадий», ОАО «Уральский банк реконструкции и развития»

о     признании недействительными решения, принятыми внеочередным общим собранием акционеров ОАО «Качканарский ГОК «Ванадий» 19.11.02

при участии в заседании:
истцы не явились
от ответчика: 1) Григорьева Е. Л. адвокат дов №70 от 29.05.03, Степанченко Т. Н. – адвокат, дов. № 76 от 02.09.02 г, 2) не явился.

Процессуальные права и обязанности разъяснены, отвода не заявлено.

Истцы   просят   признать   недействительными   решения,   принятыми внеочередным общим собранием акционеров ОАО «Качканарский ГОК «Ванадий» 19.11.02.
Ответчик заявил ходатайство о привлечении в качестве третьего лица, не заявляющего самостоятельные требования на предмет спора, ЗАО «Ведение реестров компаний». В удовлетворении ходатайства судом отказано.
ОАО «Качканарский горно-обогатительный комбинат «Ванадий» иск не признало, ссылаясь на действительность решений собрания.
Рассмотрев материалы дела, суд пришел к выводу об отсутствии оснований для удовлетворения исковых требований.
Проведенное 19.11.02 общее собрание акционеров ОАО «Качканарский ГОК «Ванадий», на котором были приняты решения об увеличении уставного капитала ОАО «Качканарский ГОК «Ванадий» путем размещения дополнительных акций и принятие Устава в новой редакции, соответствует требованиям ФЗ «Об акционерных обществах». Созвано собрание на основании решения Совета директоров от 04.10.02 и проведено в форме заочного голосования.
На общем собрании акционеров 19.11.02 участвовали законные владельцы акций, право собственности, которых на акции не оспорено и не оспаривается в настоящее время.

A - 2168

2

Ни на момент составления списка акционеров, ни на момент проведения собрания акционеров не существовало вступившего в законную силу решения суда, подтверждающего нарушение прав Компании «Фостон Менеджмент Лимитед». Истцами не представлено доказательств того, что участвовавшие в собрании 19.11.02 акционеры владеют акциями ОАО «Качканарский ГОК «Ванадий» незаконно.

Расследование уголовного дела, возбужденного по факту хищения у Компании «Дэвис Интернэшнл» пакета акций ОАО «Качканарский ГОК «Ванадий», не является основанием для признания недействительными решений, принятых 19.11.02, поскольку расследование не завершено. Все аресты на момент составления списка акционеров и на момент проведения собрания акционеров с акций ОАО «Качканарский ГОК «Ванадий» были сняты и в дальнейшем не накладывались.

Списание акций ОАО «Качканарский ГОК «Ванадий» с лицевого счета Компании «Холдэкс» произведено на основании решения Арбитражного суда Республики Калмыкия от 22.11.00.

Истцы надлежащим образом извещены о проведении собрания акционеров (реестр рассылки почтовой корреспонденции от 18.10.02).

Таким образом, общее собрание акционеров ОАО «Качканарский ГОК «Ванадий» от 19.11.02 г. проведено с соблюдением требований ФЗ «Об акционерных обществах», а именно участники собрания были своевременно извещены о дате проведения общего собрания (п. 2 ст. 52 ФЗ «Об акционерных обществах»); участникам была предоставлена возможность ознакомиться с необходимо информацией (материалами) по вопросам, включенным в повестку дня собрания (п.3 ст. 52 Закона), а также были соблюдены все требования ст. ст.48, 50, 51, 52, 53, 54 ФЗ «Об акционерных обществах» при созыве и проведении указанного собрания акционеров.

Руководствуясь ст. ст. 167-170 Арбитражного процессуального кодекса РФ, арбитражный суд

**РЕШИЛ:**

В иске отказать в полном объеме.
Решение изготовлено в полном объеме 29.08.03 г.
На решение может быть подана жалоба в Арбитражный суд апелляционной инстанции в срок, не превышающий месяца со дня принятия решения.



Л. Г. Грязных

Judge [illegible] A.N.                                      gr.d.33-17630

## RULING

October 30, 2003      Panel of judges for civil matters of the Moscow Municipal Court,
consisting of Chair Gulyaeva G.A.
and members Kirova T.V., Gornova M.V.
having heard in an open judicial session the report of Gornova M.V.
the case of the private claims of OOO "Inrosment," OAO "NTMK," ZAO "Standart
Trust," "Foston Management Limited"
on the resolution of the Solntsevskii Regional Court of the city of Moscow of August 15,
2003, in which it was resolved to: overturn the execution of the decision of the
Solntsevskii Inter-municipal Court ZAO of the city of Moscow of September 29, 2000
according to this case, reversed on March 30, 2001, the process of which was terminated
on August 22, 2002, in correspondence with which:
AOZT "Administration of Company Registers" is to write-off from OAO "NTMK"
103540 (one hundred three thousand five hundred forty) common paperless shares of
OAO "Kachkanar GOK "Vanadii," state-number 62-1p-290 to company "Foston
Management Limited." To write-off from OAO "NTMK" 18747610 (eighteen million
seven hundred forty seven thousand six hundred ten) common paperless shares state-
number 62-1-1396 to the company "Foston Management Limited." To write-off from
OOO "Inrosmet" 1245677 (one million two hundred forty five thousand sic hundred
seventy seven) common paperless shares state-number 62-1396 to company "Foston
Management Limited." To write off from ZAO "Standart Trust" 17618254 (seventeen
million six hundred eighteen thousand two hundred fifty four) common paperless shares
state-number 62-1-1396 to company "Foston Management Limited."

## RULED:

     With the decision of the Solntsevskii Inter-municipal Court ZAO of the city of
Moscow of 9/29/2000 nominal shares of OAO "Kachkanar Ore-Mining Enterprise
"Vanadii" were reclaimed from the personal accounts of company "Foston Management
Limited," and transferred to the personal account of OOO "Inrosmet" and other
companies. In correspondence with the decision of the court of 10/18/2000, 103540 (one
hundred three thousand five hundred forty) common paperless shares of OAO
"Kachkanar GOK "Vanadii," state-number 62-1p-290 were written off from the personal
accounts of "Foston Management Limited" to OAO "NMTK"; 18747610 (eighteen
million seven hundred forty seven thousand six hundred ten) common paperless shares
state-number 62-1-1396 to OAO "NMTK"; 1245677 (one million two hundred forty five
thousand six hundred seventy seven) common paperless shares state-number 62-1396 to
OOO "Inrosmet"; 17618254 (seventeen million six hundred eighteen thousand two
hundred fifty four) common paperless shares state-number 62-1-1396 to ZAO "Standart
Trust."
     With the decision of the panel of judges for civil matters of the Moscow
Municipal Court of 3/30/2001, the decision of the Solntsevskii Inter-municipal Court
ZAO of the city of Moscow is reversed.

On 11/30/2001, the Solntsevskii Regional Inter-municipal court ZAO of the city of Moscow issued a decision in correspondence with which OOO "Inrosmet," OAO "NTMK," ZAO "Standart Trust" were denied a claim against Ivanov E.N. concerning the reclamation of shares, lawsuit claims of OAO "NTMK," ZAO "Standart Trust," OOO "Inrosmet" against the company "Foston Management Limited" and others concerning the reclamation of shares were left without review in connection with the jurisdiction of this dispute in the court of arbitration, and the motion of the company "Foston Management Limited" for the overturning of the execution of the decision was denied.

On 8/22/2002, with a resolution of the Presidium of the Moscow Municipal Court, the decision of the Solntsevskii Inter-municipal Court ZAO of the city of Moscow of 11/30/2002, in the part of the denial of the motion of the company "Foston Management Limited" of the overturning of the execution of the decision was reversed, and the case was sent for a new examination.

With the new examination of the case, the representative of the company 'Foston Management Limited" supported its motion for the overturning of the execution of the decision of the court.

The court resolved that the above-mentioned ruling, the reversal of which is requested in private claims by OOO "Inrosmet," OAO "NTMK," ZAO "Standart Trust," "Foston Management Limited."

Having verified the materials, having discussed the arguments of the private claim, having heard the representatives of the appellants, the panel of judges does not find grounds for the reversal of the ruling of the court, decided in correspondence with the requirements of the law and the materials of the case.

According to art. 443 GPK RF, in the event of the reversal of the decision of a court brought into execution, and the adoption of a decision of the court after a new examination of the case of the denial of the lawsuit completely or in part , or a ruling on the termination of the processing of the case or leaving the motion without examination, all that was recovered from the respondent in favor of the plaintiff should be returned to the respondent with the reversal of the decision of the court (overturning of the execution of the decision of the court).

In granting the motion of "Foston Management Limited" to overturn the execution of the decision of the court, the court correctly based its judgment upon the fact that the decision of the Solntsevskii Inter-municipal Court of the city of Moscow of 9/29/2000 was brought to execution, and subsequently, this decision was reversed under a new examination of the case, the lawsuit was partially denied, the lawsuit claims were partially left without examination, but because the claims of "Foston Management Limited" were lawful, based on art. 443 GK RF.

The arguments of the private claim of OOO "Inrosmet," OAO "NTMK," OAO "Standart Trust" that in the process of the Arbitration Court of the Sverdlovsk Region there is a case of a dispute between the given parties and the shares indicated above are not in possession of the plaintiffs, cannot serve as a basis for the reversal of the ruling of the court, because according to art. 443 GK RF, the overturning of the execution of a decision of a court should be conducted independently of any circumstances. In addition, this is indicated in the resolution of the Presidium of the Moscow Municipal Court of 8/22/2002, which is obligatory for a court of the first instance.

The argument of the private claim of "Foston Management Limited" of the supplementation of the ruling of the court with an indication concerning the process of necessary measures for the establishment of a place of location of the dispute of the shares is also groundless, because these claims lie outside of the limits of art. 443 GK RF, these issues were not the subject of examination for the issuance of he decision of the court.

The arguments of the private claims do not contain circumstances that would contradict the conclusions of the court or require verification.

In this manner, the ruling of the court is correct, and there are not grounds for its reversal.

Governed by art. 374 GPK RF, the panel of judges

### RULED:

The ruling of the Solntsevskii Regional Court of the city of Moscow of August 13, 2003 remains without amendment, the private claims of OOO "Inrosmet," OAO "NTMK," ZAO "Standart Trust," "Foston Management Limited" are denied.

Chair

Judges                              [signatures] [stamp]

Судья Шалыгин А.Н.

гр.д.33-17630

## ОПРЕДЕЛЕНИЕ

30 октября 2003г.    Судебная коллегия по гражданским делам Московского городского суда в составе председательствующего Гуляевой Г.А.
и членов Кировой Т.В., Горновой М.В.
заслушав в открытом судебном заседании по докладу Горновой М.В.
дело по частным жалобам ООО «Инросмет», ОАО «НТМК», ЗАО «Стандарт Траст», «Фостон менеджмент лимитед»
на определение Солнцевского районного суда г. Москвы от 15 августа 2003 г., которым постановлено: произвести поворот исполнения решения Солнцевского межмуниципального суда ЗАО г. Москвы от 29 сентября 2000 года по данному делу, отмененному 30 марта 2001года, производство по которому прекращено 22 августа 2002 года, в соответствии с которым: АОЗТ «Ведение реестров компаний» списать с ОАО «НТМК» 103540 (сто три тысячи пятьсот сорок) обыкновенных бездокументарных акций ОАО «Качканарский ГОК «Ванадий»», госномер 62-1п-290 в пользу компании «Фостон менеджмент лимитед». Списать с ОАО «НТМК» 18747610 (восемнадцать миллионов семьсот сорок семь тысяч шестьсот десять) обыкновенных бездокументарных акций госномер 62-1-1396 в пользу компании «Фостон менеджмент лимитед». Списать с ООО «Инросмет» 1245677 (один миллион двести сорок пять тысяч шестьсот семьдесят семь) обыкновенных бездокументарных акций госномер 62-1396 в пользу компании «Фостон менеджмент лимитед». Списать с ЗАО «Стандарт Траст» 17618254 (семнадцать миллионов шестьсот восемнадцать тысяч двести пятьдесят четыре) обыкновенных бездокументарных акций госномер 62-1-1396 в пользу компании «Фостон менеджмент лимитед»,

## УСТАНОВИЛА:

Решением Солнцевского межмуниципального суда ЗАО г.Москвы от 29.09.2000 года были истребованы с лицевых счетов компании «Фостон менеджмент лимитед» с зачислением на лицевой счет ООО «Инросмет» и других компаний именные акции ОАО «Качканарский горнообогатительный комбинат «Ванадий».В соответствии с данным решением суда 18.10.2000 года с лицевых счетов компании «Фостон менеджмент лимитед» в пользу ОАО «НТМК» списано 103540 (сто три тысячи пятьсот сорок) обыкновенных бездокументарных акций ОАО «Качканарский ГОК «Ванадий»», госномер 62-1п-290; 18747610 (восемнадцать миллионов семьсот сорок семь тысяч шестьсот десять) обыкновенных бездокументарных акций госномер 62-1-1396 в пользу ОАО «НТМК»; 1245677 (один миллион двести сорок пять тысяч шестьсот семьдесят семь) обыкновенных бездокументарных акций госномер 62-1396 в пользу ООО «Инросмет»; 17618254 (семнадцать миллионов шестьсот восемнадцать тысяч двести пятьдесят четыре) обыкновенных бездокументарных акций госномер 62-1-1396 в пользу ЗАО «Стандарт Траст».

Определением судебной коллегии по гражданским делам Мосгорсуда от 30.03.2001 года данное решение Солнцевского межмуниципального суда ЗАО г. Москвы было отменено.

30.11.2001 года Солнцевским межмуниципальным судом ЗАО г. Москвы было вынесено решение, в соответствии с которым ООО «Инросмет», ОАО «НТМК», ЗАО «Стандарт Траст» отказано в иске к Иванову Е.Н. об истребовании акций, исковые требования ОАО «НТМК», ЗАО «Стандарт Траст», ООО «Инросмет» к компании «Фостон менеджмент лимитед» и другим об истребовании акций были оставлены без рассмотрения в связи с подведомственностью данного спора арбитражному суду, в удовлетворении ходатайства компании «Фостон менеджмент лимитед» о повороте исполнения решения суда было отказано.

22.08.2002 года постановлением Президиума Мосгорсуда решение Солнцевского межмуниципального суда ЗАО г.Москвы от 30.11.2001 года в части отказа в удовлетворении ходатайства компании «Фостон менеджмент лимитед» о повороте исполнения решения было отменено, дело направлено на новое рассмотрение.

A - 2174

При новом рассмотрении дела представитель компании «Фостон менеджмент лимитед» поддержал свое заявление о повороте исполнения решения суда.

Судом постановлено вышеуказанное определение, об отмене которого просят в частных жалобах ООО «Инросмет», ОАО «НТМК», ЗАО «Стандарт Траст», «Фостон менеджмент лимитед».

Проверив материалы, обсудив доводы частной жалобы, выслушав представителей кассаторов, судебная коллегия не находит оснований для отмены определения суда, постановленного в соответствии с требованиями закона и материалами дела.

Согласно ст.443 ГПК РФ в случае отмены решения суда, приведенного в исполнение, и принятия после нового рассмотрения дела решения суда об отказе в иске полностью или в части либо определения о прекращении производства по делу или об оставлении заявления без рассмотрения ответчику должно быть возвращено все то, что было с него взыскано в пользу истца по отмененному решению суда (поворот исполнения решения суда).

Удовлетворяя заявление «Фостон менеджмент лимитед» о повороте исполнения решения суда, суд правильно исходил из того, что решение Солнцевского межмуниципального суда г. Москвы от 29.09.2000 года было приведено в исполнение, впоследствии данное решение отменено, при новом рассмотрении дела частично в иске было отказано, частично исковые требования были оставлены без рассмотрения, а потому требования «Фостон менеджмент лимитед» являются законными, основанными на ст.443 ГК РФ.

Доводы частной жалобы ООО «Инросмет», ОАО «НТМК», ЗАО «Стандарт Траст»о том, что в производстве Арбитражного суда Свердловской области находится дело по спору между данными сторонами и указанные выше акции отсутствуют у нетшов, не могут служить основанием к отмене определения суда, поскольку из смысла ст. 443 ГК РФ вытекает, что поворот исполнения решения суда должен быть произведен независимо ни от каких обстоятельств. А кроме того, на это указано в постановлении Президиума Московского городского суда от 22.08.2002 года, которое обязательно для суда 1 инстанции.

Довод частной жалобы «Фостон менеджмент лимитед» о дополнении определения суда указанием о производстве необходимых мер для установления места нахождения спорных акций также является необоснованным, поскольку данные требования выходят за рамки ст. 443 ГК РФ, эти вопросы не были предметом рассмотрения при вынесении решения суда.

Доводы частных жалоб не содержат обстоятельств, опровергающих выводы суда и нуждающихся в дополнительной проверке.

Таким образом, определение суда является правильным, оснований к его отмене не имеется.

Руководствуясь ст.374 ГПК РФ, судебная коллегия-

**ОПРЕДЕЛИЛА:**

Определение Солнцевского районного суда г. Москвы от 13 августа 2003 г. оставить без изменения, частные жалобы ООО «Инросмет», ОАО «НТМК», ЗАО «Стандарт Траст», «Фостон менеджмент лимитед»- без удовлетворения.

Председательствующий

Судьи

## FEDERAL COURT OF ARBITRATION OF THE DISTRICT OF URALSK

## RESOLUTION

of the appellate level for the verification of the legality and validity
of decisions (resolutions) of arbitration courts entering into legal
force

**January 14, 2004**                                              **No. F09-3940/2003 GK**

The Federal Court of Arbitration of the District of Uralsk for the verification on
the appellate level of the legality of decisions and resolutions of courts of arbitration of
the subjects of the Russian Federation, adopted in the first and appellate instances,
composed of:

| | |
|---|---|
| Chair: | Arsynov I.G., |
| Judges | Azanov P.A. |
| | Varlamaova T.V. |

Examined in a judicial session the appellate claim of foreign entities company "FOSTON
MANAGEMENT LIMITED" Cyprus (hereinafter Company "Foston"), company
"DAVIS INTERNATIONAL" West Virginia, USA (hereinafter Company "Davis"),
company "HOLDEX" Texas, USA (hereinafter "Company "Holdex"), company "OMNI
TRUSTHOUSE" England (hereinafter Company "Omni") of the decision of 8/27/2003 of
the Arbitration Court of Sverdlovsk Region according to the case No. A60-12549/2003
according to the lawsuit of foreign entities company "Foston," company "Davis,"
company "Holdex," company "Omni" against public corporation "Kachkanar Ore-
Mining and Processing Enterprise "Vanadii." (hereinafter OAO "Kachkanar GOK
"Vanadii"), public corporation "Uralsk Bank of Reconstruction and Development"
(hereinafter OAO "UBRiR") of the recognition of the extraordinary general meeting of
shareholders as invalid.
        The following representatives participated in the judicial session:
        Company "Foston" – Volnov V.V. with power of attorney from 12/22/2003
        OAO "Kachkanar GOK "Vanadii" – lawyer Stepchenko T.N, with power of
attorney No. 118 from 9/1/2003, attestation No. 614 from 1/10/2003, lawyer Grigoreva
E.L. with power of attorney No. 70 from 5/29/2003, attestation No. 186 from 12/19/2003.
        Other parties participating in the case, informed in the appropriate manner about
the time and place of the examination of this appellate claim, did not provide an
appearance of their representatives at the judicial session.
        The plaintiffs, shareholders OAO "Kachkanar GOK "Vanadii," turned to the
Court of Arbitration of the Sverdlovsk Region with a lawsuit against the last-named
concerning the recognition of the extraordinary general meeting of shareholders of OAO
"Kachkanar GOK "Vanadii" of 11/19/2002 as invalid.
        With the decision of 8/27/2003, the satisfaction of the claim was denied (judge
L.G. Gryaznykh).
        This case was not reviewed in court on an appellate level.

The plaintiffs did not agree with the decision, request that it be reversed, having satisfied their lawsuit claims, cite a discrepancy of the conclusions of the court on the factual circumstances of the case and the evidence in the case. Disputing the judicial act, the appellants claim that individuals who were not actually shareholders of the respondent participated in the disputed meeting, in connection with this all decisions adopted at the meeting should be considered illegal. The representatives of the plaintiff support the conclusions of the appellate claim in the judicial session.

Representatives of OAO "Kachkanar GOK "Vanadii" explained in the judicial session that they consider the decision legal and well-grounded, and do not agree with the conclusions of the appellate claim.

Having verified the legality of the judicial act according to art. art. 274, 286, 287 of the Arbitration Code of Procedure of the Russian Federation, having heard the opinion of the parties' present representatives, having studied the materials of the case and the accuracy of the application of the norms of material and procedural law, the court of the appellate level finds the decision of the court of the first instance subject to reversal. The court basis this upon the following:

As discovered from the materials of the case 11/19/2002, an extraordinary general meeting of shareholders of OAO "Kachkanar GOK "Vanadii" was held in the form of a proxy vote, upon which decisions were adopted concerning the increase of the charter capital of the corporation by the allocation of supplementary shares, determined the order and terms of the disposition and payment of the allocated supplementary shares, a group of individuals, amongst whom presumed their allocation, as well as the adoption of a new version of the charter.

From the account of the results of the voting, it follows that the 65.6969% of the total amount of allocated voting shares of OAO "Kachkanar GOK "Vanadii" participated in the meeting.

Appealing to the court of arbitration with this lawsuit, the plaintiffs cited that a group of shareholders participating in the disputed meeting were not actually owners of shares of the respondent, and consequently, did not have the right to vote on the agenda of the meeting and compose the necessary quorum for adopting such decisions.

Denying the satisfaction of the lawsuit claims, the court in the first instance based its decision in the fact that legal owners of shares participated in the general meeting of 11/19/2002, and decisions adopted at the meeting do not contradict the norms of operative laws.

The conclusions of the court of arbitration in the first instance cannot be considered adequately grounded.

As clear in from the list of registered individuals in status on 10/4/2002 (t. 3 l.d. 28) for participation in the extraordinary general meeting of shareholders of OAO "Kachkanar GOK "Vanadii," composed by the special registrar "ZAO Administration of Company Registers," the shareholders of the respondent are company "Foston," company "Holdex," and company "Omni," which participated in the disputed meeting.

In correspondence with p. 7 art. 49 of the Federal Law "On Corporations," the shareholder has the right to appeal a decision in court adopted by a general meeting of shareholders with a violation of the requirements of this Federal Law, other legal acts of the Russian Federation, the charter of the company, in the event that he does not

participate in the general meeting of shareholders or voted against the adoption of such a decision and the indicated decision violated his rights and legal interests.

With the adoption of the decision f the court of arbitration, the court came to the conclusion that individuals participating in the disputed meeting in correspondence with the list of registered individuals of 10/04/2002 had the non-material and property rights of a shareholder of OAO "Kachkanar GOK "Vanadii."

According to p. 2 of the Resolution "On the Administration of Registers of Owners of Nominal Securities," supported by the resolution of the Federal Commission for Securities Markets RF of 10/2/1997 No. 27, the register is an aggregate of information in paper form and(or) in the form of an electronic database, which ensures the identification of registered individuals, authorization of rights to securities, considered to be in the personal accounts of the registered individuals, as well as allowing to receive and send information to registered individuals (p. 1 art. 44 of the Federal Law "On Corporations").

According to p. p. 2, 4 art. 44 of the indicated Federal Law, the company entrusted with administering and maintaining the register of shareholders of the company to the registrar, is not released from liability for its administration and maintenance.

In this way, the rule established by law, obligating the corporation to ensure the accuracy of the information contained in the register, the administration of which was entrusted, including the special registrar, independent of corresponding obligations of a professional register-holder, with the intent of greater protection of the rights of the shareholders and prevention of situations in which the individuals not possessing the rights of the shareholders can use these rights.

According to p. 1 art. 51 of the Federal Law "On Corporations," the list of individuals having the right to participate in a general meeting of shareholders is composed on the basis of the information of the register of the shareholders of the company.

Consequently, taking into account the principal provisions of art. 44 of the named Federal Law, it follows to establish that independent of who is the holder of the register of shareholders, the corporation or the special registrar, the list of the individuals having the right to participate in the general meeting of shareholders should be composed based on the actual contents of the register of the corporation, that is, on the basis of information, with authorization of the particular individuals endorsing the right to the possession of shares of the corporation (art. 8 GK RK, art. 44 Federal Law "On Corporations," point 2 of the Resolution "On the Administration of Registers of Owners of Nominal Securities," approved by the resolution of the Federal Commission on Securities Markets RF of 10/2/1997 No. 27).

In the materials of the case there is information about a range of judicial disputes brought by the plaintiffs in relation to the ownership of the block of shares of OAO "Kachkanar GOK "Vanadii" by individuals who participated in the disputed meeting. In addition, at the present time, an examination is continuing of a criminal case brought in connection with the illegal appropriation of the block of shares previously owned by the company "Davis."

Under these conditions, the conclusion of the court of arbitration of the appropriate composition of the participants in the meeting made on the basis of the list of shareholders having the right to participate in the general meeting of OAO "Kachkanar

GOK "Vanadii" presented by the registrar – ZAO "Administration of Company Registers" is not adequately grounded, because such a conclusion was made without an explanation of the compliance of the list of the shareholders of the respondent of actual information that should be contained in the register, and without an account of the above-mentioned norms of material law, as well as the conditions of the case (art. 168, 170 APK RF).

According to p. 2. art. 31, p. 1 art. 49 of the Federal Law "On Corporations," the shareholders – owners of the common shares of the corporation, can participate in the general meeting of shareholders with a voting right for all issues within its competence. According to p. 1. art. 58 of the Federal Law "On Corporations" the general meeting of shareholders is valid (has a quorum), if shareholders owning in the aggregate more than half of the votes of the allocated voting shares of the company participate in the meeting.

With this, according to the cited norms of the Federal Law, only the shareholders, i.e., those receiving the indicated status in correspondence with the grounds established by law, have the right to participate in the voting at the general meeting.

Correspondingly, on the basis of the circumstances of the case, the it was necessary for the correct resolution of the dispute and evaluation of the decision adopted at the extraordinary general meeting of shareholders of the respondent, that the court of arbitration first of all establish the validity of the register of shareholders of OAO "Kachkanar GOK "Vanadii," containing the information with the authority endorsing the right of particular individuals to possess the shares of the corporation.

For this, it is necessary to propose to the parties that they present evidence supporting the presence or absence ,on the date of the composition of the list of shareholders or on the date the general meeting was conducted, the right of ownership of a particular amount of voting shares of OAO "Kachkanar GOK "Vanadii" (pt. 1 art. 65 APK RF). This evidence, under art. 44, 46 of the Federal Law "On Corporations," art. 28 of the Federal Law "On the Securities Market," corresponds to the records in the register of shareholders and dockets issued according to law to the holders of the register. It follows also to explain, whether individuals illegally possessing appropriated, as alleged by the plaintiffs, shares previously owned by them were included in the group of individuals participating in the meeting of shareholders of 11/19/2002, and these individuals were unconscionable purchasers of shares of OAO "Kachkanar "GOK" "Vanadii."

With the research of the indicated circumstances in connection with the existence of other judicial acts relevant to the question of the ownership of the shares of OAO "Kachkanar GOK "Vanadii" by various individuals, the court of arbitration should evaluate the question of the application of the provisions of art. 143 APK RF.

Since the court of arbitration did not establish all circumstances relevant to the correct examination of the case while examining the dispute, and that did not examine the evidence of the case, as well as not applying the appropriate law, the disputed decision, according to pt. 1, p. 1 pt. 2 art. 288, p. 3, pt. 1 art. 287 of the Arbitration Code of Procedure of the Russian Federation, should be reversed, and the case – directed for a new examination in the court of the first instance.

With the new examination of the case, it is necessary for the court of arbitration to establish all substantive circumstances of the case, research the evidence of the case, and adopt a decision in correspondence with the operative laws.

Governed by art. art. 286, 287-289 of the Arbitration Code of Procedure of the Russian Federation, the court

## RULED:

The decision of 8/27/2003 of the Court of Arbitration of the Sverdlovsk Region on the case No. A60-12549/2003 is reversed, and the case is directed for a new examination in the first instance of that court.

Chair                                   I.G. Arsyonov
Judges                                  P.A. Azanov
                                        T.V. Varlamova

[stamp: Federal Court of Arbitration
of the District of Uralsk,
VERIFIED
Specialist
[signature], 1/19/2004]



# ФЕДЕРАЛЬНЫЙ АРБИТРАЖНЫЙ СУД УРАЛЬСКОГО ОКРУГА

## ПОСТАНОВЛЕНИЕ

кассационной инстанции по проверке законности и обоснованности
решений (постановлений) арбитражных судов, вступивших в законную
силу

14 января 2004 года                    № Ф09-3940/2003 ГК

Федеральный арбитражный суд Уральского округа по проверке в
кассационной инстанции законности решений и постановлений арбитражных
судов субъектов Российской Федерации, принятых ими в первой и
апелляционной инстанциях, в составе:
председательствующего: Арсёнова И.Г.,
судей:                          Азанова П.А.,
                                Варламовой Т.В.
рассмотрел в судебном заседании кассационные жалобы иностранных лиц
компании «FOSTON MANAGEMENT LIMITED» о. Кипр (далее Компания
«Фостон»), компании «DAVIS INTERNATIONAL» Западная Виржиния,
США (далее Компания «Дэвис»), компании «HOLDEX» Техас, США (далее
«Компания «Холдекс»), компании «OMNI TRUSTHOUSE» Англия (далее
Компания «Омни») на решение. от 27.08.2003 Арбитражного суда
Свердловской области по делу №А60-12549/2003 по иску иностранных лиц
компании «Фостон», компании «Дэвис», компании «Холдекс», компании
«Омни» к открытому акционерному обществу «Качканарский
горнообогатительный комбинат «Ванадий» (далее ОАО «Качканарский ГОК
«Ванадий»), открытому акционерному обществу «Уральский банк
реконструкции и развития» (далее ОАО «УБРиР») о признании
недействительным внеочередного общего собрания акционеров.

В судебном заседании приняли участие представители:
компании «Фостон» – Вольнов В.В. по доверенности от 22.12.2003
ОАО «Качканарский ГОК «Ванадий» - адвокат Степченко Т.Н. по
доверенности № 118 от 01.09.2003, удостоверению № 614 от 10.01.2003,
адвокат Григорьева Е.Л. по доверенности № 70 от 29.05.2003, удостоверению
№ 186 от 19.12.2003.

Иные лица, участвующие в деле, извещенные о месте и времени
рассмотрения настоящей кассационной жалобы надлежащим образом, явку
своих представителей в судебное заседание не обеспечили.

Истцы, считая себя акционерами ОАО «Качканарский ГОК «Ванадий»,
обратилось в Арбитражный суд Свердловской области с иском к последнему

A - 2182

о признании недействительным внеочередного общего собрания акционеров ОАО «Качканарский ГОК «Ванадий» от 19.11.2002.

Решением от 27.08.2003 в удовлетворении иска отказано (судья Л.Г. Грязных).

В суде апелляционной инстанции настоящее дело не пересматривалось.

Истцы с решением не согласны, просят его отменить, удовлетворив их исковые требования, ссылаясь на несоответствие выводов суда фактическим обстоятельствам дела и имеющим в деле доказательствам. Оспаривая судебный акт, кассаторы полагают, в оспариваемом собрании принимали участие лица, в действительности акционерами ответчика не являющиеся, в связи с чем все принятые на нем решения следует расценивать как противозаконные. Представители истца в судебном заседании доводы кассационной жалобы поддержали.

Представители ОАО «Качканарский ГОК «Ванадий» в судебном заседании пояснили, что считают решение законным и обоснованным, с доводами кассационной жалобы не согласны.

Проверив законность судебного акта в порядке ст. ст. 274, 286, 287 Арбитражного процессуального кодекса Российской Федерации, выслушав мнение присутствующих представителей сторон, изучив материалы дела и правильность применения норм материального и процессуального права, суд кассационной инстанции находит решение суда первой инстанции подлежащим отмене. При этом суд исходит из следующего.

Как усматривается из материалов дела 19.11.2002 проведено внеочередное общее собрание акционеров ОАО «Качканарский ГОК «Ванадий» в форме заочного голосования, на котором были приняты решения об увеличении уставного капитала акционерного общества путем размещения дополнительных акций, определен порядок и сроки размещения и оплаты размещаемых дополнительных акций, круг лиц, среди которых предполагается их размещение, а также принята новая редакций устава.

Из отчета об итогах голосования следует, что участие в собрании принимали 65, 6969% от общего количества размещенных голосующих акций ОАО «Качканарский ГОК «Ванадий».

Обращаясь в арбитражный суд с настоящим иском, истцы ссылались на то, что ряд акционеров, принимавших участием в оспариваемом собрании, в действительности не являются владельцами акций ответчика, а, следовательно, не имели права голосовать по повестке дня собрания и составить необходимый для принятия подобных решений кворум.

Отказывая в удовлетворении исковых требований, суд первой инстанции исходил из того, на общем собрании от 19.11.2002 принимали участие законные владельцы акций, а решения, на нем принятие, нормам действующего законодательства не противоречат.

Выводы арбитражного суда первой инстанции нельзя признать достаточно обоснованными.

Как видно из списка зарегистрированных лиц по состоянию на 04.10.2002 (т. 3 л.д. 28) для участия во внеочередном общем собрании

A - 2183

акционеров ОАО «Качканарский ГОК «Ванадий», составленным специализированным регистратором «ЗАО «Ведение реестров компаний», акционерами ответчика являются компания «Фостон», компания «Холдекс» и компания «Омни», которые не принимали участия в оспариваемом собрании.

В соответствии с п. 7 ст. 49 Федерального закона «Об акционерных обществах» акционер вправе обжаловать в суд решение, принятое общим собранием акционером с нарушением требований настоящего Федерального закона, иных правовых актов Российской Федерации, устава общества, в случае, если он не принимал участия в общем собрании акционеров или голосовал против принятия такого решения и указанным решением нарушены его права и законные интересы.

При принятии решения арбитражный суд пришел к выводу, что в оспариваемом собрании в соответствии со списком зарегистрированных лиц по состоянию от 04.10.2002 принимали участие лица, обладающие неимущественными и имущественными правами акционера ОАО «Качканарский ГОК «Ванадий».

Согласно п. 2 Положения «О ведении реестра владельцев именных ценных бумаг», утвержденного постановлением Федеральной комиссии по рынку ценных бумаг РФ от 02.10.1997 № 27 реестр представляет собой совокупность данных, зафиксированных на бумажном носителе и (или) с использованием электронной базы данных, которая обеспечивает идентификацию зарегистрированных лиц, удостоверение прав на ценные бумаги, учитываемые на лицевых счетах зарегистрированных лиц, а также позволяет получать и направлять информацию зарегистрированным лицам (п. 1 ст. 44 Федерального закона «Об акционерных обществах»).

Согласно п. п. 2, 4 ст. 44 указанного Федерального закона общество, поручившее ведение и хранение реестра акционеров общества регистратору, не освобождается от ответственности за его ведение и хранение.

Таким образом, законом установлено правило, обязывающее акционерное общество обеспечить достоверность сведений, содержащихся в реестре, ведение которого поручено, в том числе, специализированному регистратору, независимо от соответствующей обязанности профессионального реестродержателя, с целью более надежной защиты прав акционеров и недопущению ситуации, при которой правами акционеров могут воспользоваться лица, в действительности таким правами не обладающие.

В соответствии с п. 1 ст. 51 Федерального закона «Об акционерных обществах» список лиц, имеющих право на участие в общем собрании акционеров, составляется на основании данных реестра акционеров общества.

Следовательно, учитывая принципиальные положения ст. 44 названного Федерального закона следует констатировать, что независимо от того, кто является держателем реестра акционеров, само акционерное общество или специализированный регистратор, список лиц, имеющих право на участие в

A - 2184

общем собрании акционеров, должен быть составлен исходя из действительного содержания реестра акционерного общества, то есть на основе данных, с достоверностью подтверждающих право определенных лиц на обладание акциями акционерного общества (ст. 8 ГК РФ, ст. 44 Федерального закона «Об акционерных обществах», пункт 2 Положения «О ведении реестра владельцев именных ценных бумаг», утвержденного постановлением Федеральной комиссии по рынку ценных бумаг РФ от 02.10.1997 № 27).

В материалах дела имеются сведения о наличии ряда судебных споров, возбужденных истцами, относительно принадлежности пакетов акций ОАО «Качканарский ГОК «Ванадий» лицам, которые принимали участие в оспариваемом собрании. Кроме этого, в настоящее время продолжается расследование уголовного дела, возбужденного в связи с противоправным отчуждением пакета акций, ранее принадлежащего компании «Дэвис».

При таких обстоятельствах представляется недостаточно обоснованным вывод арбитражного суда о надлежащем составе участников собрания, сделанный на основании списка акционеров, имеющих право на участие в общем собрании ОАО «Качканарский ГОК «Ванадий», предоставленного регистратором - ЗАО «Ведение реестров компаний», поскольку такой вывод сделан без выяснения соответствия списка акционеров ответчика действительной информации, которая должна содержаться в реестре, и без учета вышеизложенных норм материального права, а также обстоятельств дела (ст. 168, 170 АПК РФ).

Согласно п. 2 ст. 31, п. 1 ст. 49 Федерального закона «Об акционерных обществах» акционеры – владельцы обыкновенных акций общества могут участвовать в общем собрании акционеров с правом голоса по всем вопросам его компетенции. Согласно п. 1 ст. 58 Федерального закона «Об акционерных обществах» общее собрание акционеров правомочно (имеет кворум), если в нём приняли участие акционеры, обладающие в совокупности более чем половиной голосов размещённых голосующих акций общества.

При этом, по смыслу приведенных норм Федерального закона правом на участием в голосовании на общем собрании обладают лишь акционеры, т.е. лица, получившие указанный статус в соответствии с установленными законом основаниями.

Соответственно, исходя из обстоятельств дела, арбитражному суду для правильного разрешения возникшего спора и оценки решений, принятых на внеочередном общем собрании акционеров ответчика, в первую очередь необходимо было установить действительность реестра акционеров ОАО «Качканарский ГОК «Ванадий», содержащего сведения, с достоверностью подтверждающие право определенных лиц на обладание акциями акционерного общества.

Для этого необходимо предложить сторонам представить доказательства, подтверждающие наличие или отсутствие у истцов на дату составления списка акционеров или на дату проведения общего собрания права собственности на определенное количество голосующих акций ОАО

«Качканарский ГОК «Ванадий» (ч. 1 ст. 65 АПК РФ). Такими доказательствами в силу ст. ст. 44, 46 Федерального закона «Об акционерных обществах», ст. 28 Федерального закона «О рынке ценных бумаг» являются соответствующие записи в реестре акционеров и выписки, выданные в установленном законом порядке держателем реестра. Следовало также выяснить, были ли включены в состав лиц, участвующих в собрании акционеров от 19.11.2002, лица, владевшие незаконно отчужденными, по утверждению истцов, ранее принадлежавшими им акциями, которые (лица) не являлись добросовестными приобретателями акций ОАО «Качканарский «ГОК «Ванадий».

При исследовании указанных обстоятельств арбитражному суду в связи с наличием иных судебных актов, касающихся вопроса принадлежности акций ОАО «Качканарский ГОК «Ванадий» различным лицам, следовало обсудить вопрос о применении положений ст. 143 АПК РФ.

Поскольку при рассмотрении спора арбитражный суд не установил все обстоятельства, имеющие значения для правильного рассмотрения дела, не исследовал имеющиеся в деле доказательства, а также не применил закон, подлежащий применению, оспариваемое решение в силу ч. 1, п. 1 ч. 2 ст. 288, п. 3 ч. 1 ст. 287 Арбитражного процессуального кодекса Российской Федерации подлежит отмене, а дело - направлению на новое рассмотрение в суд первой инстанции.

При новом рассмотрении дела арбитражному суду необходимо установить все существенные обстоятельства дела, исследовать имеющиеся в деле доказательства и принять решение в соответствии с действующим законодательством.

Руководствуясь ст. ст. 286, 287 - 289 Арбитражного процессуального кодекса Российской Федерации, суд

### П О С Т А Н О В И Л :

решение от 27.08.2003 Арбитражного суда Свердловской области по делу № А60 - 12549/2003 отменить, дело направить на новое рассмотрение в первую инстанцию того же суда.


Председательствующий                          И.Г. Арсёнов

Судьи                                                      П.А. Азанов

Федеральный арбитражный
суд Уральского округа
**ВЕРНО**
Специалист
_[подпись]_
·19· 01 20 04г.

                                                          Т.В. Варламова

A - 2186

**Court of Arbitration of the Sverdlovsk Region
In the name of the Russian Federation
DECISION**

City of Ekaterinburg
April 20, 2004                              Case No. A60-12549/2003-C4

Judge of the Court of Arbitration of the Sverdlovsk Region Federov E.N, with conducting
the protocol of the judicial session of judge Federova E.N., having examined in judicial
session the case of the lawsuit of company "FOSTON MANAGEMENT LIMITED" of
Cyprus (hereinafter – Company "Foston,"
Company "DAVIS INTERNATIONAL" West Virginia, USA (hereinafter company
"Davis International"),
Company "HOLDEX" Texas, USA (hereinafter company "Holdex"),
Company "OMNI TRUSTHOUSE" (hereinafter "Omni")

Against public corporation "Kachkanar Ore-Mining and Processing Enterprise "Vanadii"
(hereinafter OAO "Kahckanar GOK "Vanadii")
Public corporation "Uralsk Bank of Reconstruction and Development"
Third party, not making an independent claim in relation to the subject of the dispute –
close corporation "Administration of Company Registers"

Concerning the recognition of the decision of extraordinary meeting of shareholders of
11/19/02 as invalid

With the participation in the session:
From the plaintiff: Volnov V.V. – representative of company "Foston Management
Limited" with power of attorney from 12/22/03 (term until 6/22/04)
From respondents: Grigoreva E.L. – representative with power of attorney No. 70 from
5/9/03
From third party [illegible] – head of legal department, with power of attorney No.
142/2002 from 8/1/02.

      The plaintiffs turned to the court of arbitration of the Sverdlovsk Regions with a
lawsuit concerning the recognition of the decision of the extraordinary meeting of
shareholders of OAO "Kahckanar GOK "Vanadii" of 11/19/02 as invalid.
      In the judicial session, the Company "Foston Management Limited" made a
motion for the reclamation of the docket from the register of shareholders, confirming
that the plaintiffs are the owners of the shares on the day of the examination of the
dispute and on the day the general meeting was conducted.
      The motion was denied by the court in connection with the fact that the plaintiff,
in violation of [illegible] art. 66 of the Arbitration Code of Procedure of the Russian
Federation, did not present evidence of appealing to the company conducting registry to
request provision of the docket. In addition, the representative of the Company "Foston
Management Limited" did not present authorization from other parties signing the
motion.

In the judicial session, the plaintiff explained that the decision was adopted with a violation of the law on corporations, as the adoption of the decision was not made with a quorum. Shareholders who did not have the right to possess the shares they had participated in the voting. The dispute about the rights to these shares continue to this day. A criminal case has been filed, but the plaintiff does not request a suspension of the process of this case, as the criminal case has been terminated by declaration of the plaintiff, it cannot present a copy of the resolution.

The respondent did not recognize the lawsuit, as the plaintiff did not present evidence of the violation of its rights and legal interests, as well as the fact that the shareholders who voted possessed the shares illegally. There was a quorum, and the meeting was conducted according to law.

Having examined the materials of the case, the court established that it should deny the satisfaction of the lawsuit claims on the following grounds:

In correspondence with art. 102, 104 of the Arbitration Code of Procedure of the Russian Federation in declaring a lawsuit, the plaintiff should set forth the conditions upon which it grounds its claims. In support of each condition constituting the grounds of the lawsuit, it is necessary to observe art. 66 of the Arbitration Code of Procedure of the Russian Federation.

The company "Foston Management Limited," the company "Davis," the company "Holdex," the company "Omni" dispute the decision of the extraordinary general meeting of OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii" of 11/19/02 in connection with the fact that the general meeting was improper because of the absence of a quorum: individuals who were not actually owners of shares and who did not have the right to vote on the agenda of the meeting were included in the shareholder lists.

Only shareholders, that is, owners of securities (shares) of the company, who are registered in the registry of shareholders have the right to participate in the general meeting. The list of individuals with right [illegible] is composed by the registrar on the basis of information of the registry of shareholders (art. 51 FZ "On Corporations")

The extraordinary meeting of shareholders of OAO "Kachkanar GOK "Vanadii" was called by proxy on the basis of a decision of the Council of Directors of 10/4/02. At the meeting, conducted on 11/19/02, decisions about the increase of charter capital of the company were made by disposition of supplementary shares, the order and terms of the disposition and payment of the supplementary shares were determined, a group of individuals, including [illegible], as well as adopting a new version of the charter.

The list of individuals having the right to participate in the general meeting and having 190,932,126 votes, was composed according to the status on 10/4/02 by the registrar of ZAO "Administration of Company Registers," conducting a register of shareholders of the respondent on the basis of contract No. 1006 of 8/18/00.

From the report on the results of the voting, it follows that 65.6969% (or 125,436,397) of the total voting shares of OAO "Kachkanar GOK "Vanadii" participated in the meeting.

The argument of the plaintiffs to include individuals who are not shareholders in the list for participation in the general meeting is not supported by documentation.

<u>The plaintiff did not present evidence that the shareholders participating in the meeting possessed the shares illegally. The right of ownership of the indicated individuals is not disputed, and there does not exist in the case a court decision or documents for the execution of seizure of shares as of the date of the general meeting.</u>

As evidenced in the list of registered individuals according to status on 10/4/02 for participation in an extraordinary session of shareholders of OAO "Kachkanar GOK "Vanadii", the shareholders of the respondent are company "Foston" (84494 shares), company "Holdex" (28578853 shares), company "Omni" (23436222 shares), which did not participate in the disputed meeting.

Company "Davis" in September 2001 owned [illegible] shares, which subsequently, according to its allegation, were stolen and sold to a third company. Criminal case No. 12281 has been filed for this theft, however, the plaintiff [illegible] the examination of the dispute until the conclusion of the criminal case. According to a declaration of a representative of the company "Foston Management Limited," the criminal case has been terminated. <u>Consequently, there are no grounds for the dispute of the decision of the general meeting [illegible] the absence of a quorum.</u>

<u>The company "Foston Management Limited"</u> in September 2000 was the owner of 37,799,600 shares of OAO "Kachkanarsk GOK "Vanadii." According to the decision of the Solntsevskii Inter-municipal court of the city of Moscow of 9/29/00 the indicated shares were written off from its personal account, consequently the Company "Foston Management Limited" <u>is no longer an owner of these shares.</u> In relation to the indicated shares, the dispute is being examined by the court to the present time.

Shares of the Company "Holdex" have also been written off from the account on the basis of a decision of the Court of Arbitration of the Republic of Kalmykia of 11/22/00.

In this manner, the writing off of shares from the personal accounts of Company "Holdex" and Company "Foston Management Limited" is legal, the arguments of the plaintiffs that the shareholders at the extraordinary meeting voted with shares sold after the [rest of sentence illegible.]

Concerning the Company "Omni," owner of 23,436,222 shares, the plaintiff being a shareholder of OAO "Kachkanar GOK "Vanadi," did not exercise the right of participation in the general meeting of shareholders.

According to art. 49 of the Federal Law "On Corporations," to dispute in court a decision adopted by a general meeting of shareholders with a violation of the requirements of FZ "On Corporations," other legal acts of RF, the charter of the company, [illegible to end of line] by general meeting of shareholders or voting against the adoption of such a decision, if its rights and legal interests are violated.

The plaintiffs did not present evidence of the fact that on the date of the creation of the list (10/4/02) or the conducting of the general meeting (11/19/02), they were included in the register of shareholders of OAO "Kachkanar GOK "Vanadii." The docket from the register with their [illegible to end of line] was presented on 3/19/03 (with the submission of the declaration of a lawsuit) [illegible] day of the issue of the decision. In this manner, the plaintiffs did not prove that they had the right [beginning of line illegible] decision of the general meeting in connection with the absence of a quorum [illegible] shares of OAO "Kachkanar GOK "Vadanii."

In addition, according to the documents presented by the respondent and holder of the register, it follows that the Company "Davis" had not been a shareholder of OAO "Kachkanar GOK "Vadanii" since 2000, and consequently did not have the right to dispute the decision of the general meeting.

According to p. 1 art. [illegible] of the Federal Law "On Corporations" the general meeting of shareholders is authorized (has a quorum) if shareholders who have in the aggregate more than half of the votes allocated as voting shares of the company participate in the meeting.

[illegible] on the date of the adoption of the decision by the general meeting in agreement with the list of registered individuals have in total no more than 27.27% of the votes from total amount, that it is clearly not adequate for influencing the adoption of decisions at a meeting.

Arguments of the plaintiffs concerning the absence of the notice are not taken into account by the court, as notices of the conducting of the meeting of shareholders were sent on 10/16/[illegible] to Company "Omni," Company "Holdex," Company "Foston Management Limited." According to p. 5 art. 44 of the Federal Law "On Corporations," an individual, registered in the register of shareholders of the company, is obligated to inform the holder of the register in a timely manner about changes in its information. In the event that information is not presented to them, the company and the registrar to are not liable for [illegible] incurred in connection with

Taking into account what has been set forth *in the satisfaction of the lawsuit claims*

Governed by art. 167-170, 110 of the Arbitration Code of Procedure of the Russian Federation, the court of arbitration

## DECIDED:

To *deny* the satisfaction of the claims of "FOSTON MANAGEMENT LIMITED" of Cyprus, company "DAVIS INTERNATIONAL" of West Virginia, USA, company "HOLDEX," Texas, USA, company "Omni Trusthouse."

This decision can be disputed in a court of arbitration on the appellate level within one month from the day of the adoption of the decision and in a court of arbitration of the cassation level in no more than two months from the day of entering into force of the decision, through the court that adopted the decision

[handwritten illegible]

Judge          [stamp, signature]]                          E.N. Fedorova

**A - 2190**



# Арбитражный суд Свердловской области
## Именем Российской Федерации
### РЕШЕНИЕ

г. Екатеринбург
«?0» апреля 200? г.                                    дело № А60-12549/2003-С4

Судья Арбитражного суда Свердловской области  Федорова Е.Н.,
при ведении протокола судебного заседания судьей Федоровой Е.Н.
рассмотрев в судебном заседании дело по иску
компании «FOSTON MANAGEMENT LIMITED» о. Кипр (далее - Компания
«Фостон»,
компании «DAVIS INTERNATIONAL» Западная Вирджиния, США (далее
компания «Дэвис Интернэшнл»),
компании «HOLDEX» Техас, США (далее компания «Холдэкс»),
компании «OMNI TRUSTHOUSE» (далее компания «Омни»)

к открытому акционерному обществу «Качканарский горно-обогатительный
комбинат «Ванадий» (далее ОАО «Качканарский ГОК «Ванадий»)
открытому акционерному обществу «Уральский банк реконструкции и
развития»
третье лицо, не заявляющее самостоятельных требований относительно
предмета спора – закрытое акционерное общество «Ведение реестров
компаний»

о признании недействительным решения внеочередного общего собрания акционеров
от 19.11.02 г.

при участии в заседании:
от истца: Вольнов В.В. – представ. компании «Фостон Менеджмент Лимитед»
по дов. от 22.12.03 г. (срок до 22.06.04 г.)
от ответчиков: Григорьева Е.Л. – представ. по дов. № 70 от 09.05.03 г.
от третьего лица: Опот Е.А. – нач. юридич. отдела, по дов. № 142/2002 от
01.08.02 г.

ОАО "Качканарский ГОК
"ВАНАДИЙ"
Вх № 1971

A - 2192

AR-00 16:34    КГПК                                                                    Р 01

Истцы обратились в арбитражный суд Свердловской области с иском о признании недействительным решения внеочередного собрания акционеров ОАО «Качканарский ГОК «Ванадий» от 19 11 02 г

В судебном заседании Компания «Фостон Менеджмент Лимитед» заявило ходатайство об истребовании выписки из реестра акционеров, подтверждающей, что истцы являются владельцами акций на день рассмотрения спора в суде и на день проведения общего собрания.

В удовлетворении ходатайства судом отказано в связи с тем, что истцом в нарушение и 4 ст 66 Арбитражного процессуального кодекса Российской Федерации не представлено доказательств обращения в компанию, ведущую реестры, с требованием о предоставлении выписки.    Кроме того, представитель Компании «Фостон Менеджмент Лимитед» не представил доверенностей от других лиц, подписавших ходатайство.

В судебном заседании истец пояснил, решение принято с нарушением закона об акционерных обществах, так как при принятии решения не было кворума. В голосовании принимали участие акционеры, не имеющие прав на находящиеся у них акции. Спор по правам на данные акции продолжается до настоящего времени. Возбуждено уголовное дело, но о приостановлении производства по данному спору истец не просит, так как по заявлению истца производство по уголовному делу прекращено, копию постановления представить не может.

Ответчик иск не признал, так как истцом не представлено доказательств нарушения его прав и законных интересов, а также того, что голосовали акционеры, владеющими акциями незаконно. Кворум был, собрание проведено в соответствии с законом.

Рассмотрев материалы дела,    суд установил, что в удовлетворении исковых требований следует отказать по следующим основаниям:

В соответствии со ст. 102, 104 Арбитражного процессуального кодекса Российской Федерации в исковом заявлении истец должен изложить обстоятельства, на которых он основывает свои требования В подтверждение каждого обстоятельства, составляющего основание иска, необходимо привести предусмотренные ст. 66 Арбитражного процессуального кодекса Российской Федерации доказательства.

Компания «Фостон Менеджмент Лимитед», компания «Дэвис», компания «Холдэко», компания «Омни» оспаривают решения внеочередного общего собрания ОАО «Качканарский горно-обогатительный комбинат «Ванадий» от 19.11.02 г. в связи с тем, что общее собрание было неправомочно в связи с отсутствием кворума: в списки акционеров были включены лица, не являющиеся в действительности владельцами акций и не имевшие права голосовать по повестке дня собрания.

Правом на участие в общем собрании обладают только акционеры, то есть обладатель ценных бумаг (акций) общества, зарегистрированный в реестре акционеров. Список лиц, имеющих право участвовать...

А - 2193

3

составляется регистратором на основании данных реестра акционеров (ст. 51 ФЗ «Об акционерных обществах»).

Внеочередное собрание акционеров ОАО «Качканарский ГОК «Ванадий» было созвано в заочной форме на основании решения Совета директоров от 04.10.02 г. На собрании, проведенном 19.11.02 г., были приняты решения об увеличении уставного капитала акционерного общества путем размещения дополнительных акций, определен порядок и сроки размещения и оплаты размещаемых дополнительных акций, круг лиц, среди которых предполагалось их размещение, а также приняты новая редакция устава.

Список лиц, имеющих право участвовать в общем собрании и обладающих 190 932 126 голосами, был составлен по состоянию на 04.10.02 г. регистратором ЗАО «Ведение реестров компаний», ведущим реестр акционеров ответчика на основании договора № 1006 от 10.08.00 г.

Из отчета по итогам голосования следует, что участие в собрании принимали 65,6969% (или 125 436 397) от общего числа голосующих акций ОАО «Качканарский ГОК «Ванадий».

1. Довод истцов о включении в список для участия в общем собрании лиц, не являющихся акционерами, документально не подтвержден.

2. Истцы не представили доказательств того, что акционеры, принявшие участие в собрании, обладают акциями незаконно. Право собственности указанных лиц не оспорено, в деле отсутствуют вступившие в силу на дату проведения общего собрания решения суда или документы исполнительного производства об изъятии акций.

Как видно из списка зарегистрированных лиц по состоянию на 04.10.02 г. для участия во внеочередном собрании акционеров ОАО «Качканарский ГОК (Ванадий), акционерами ответчика являются компания «Фостон» (8440А акции), компания «Холдекс» (28578853 акции), компания «Омни» (23436222 акции), которые не принимали участия в оспариваемом собрании.

Компания «Давос» в сентябре 2000 г. владела 35 106 022 акций, которые впоследствии, по ее утверждению, были похищены и проданы третьей компании. По факту хищения возбуждено уголовное дело № 12281, однако истец отказался от приостановления рассмотрения спора до завершения уголовного дела. По заявлению представителя компании «Фостон Менеджмент Лимитед» уголовное дело в настоящее время прекращено. Следовательно, оснований оспаривания решения общего собрания в связи с отсутствием кворума не имеется.

Компания «Фостон Менеджмент Лимитед» в сентябре 2000 г. являлась владельцем 37 799 600 акций ОАО «Качканарский ГОК «Ванадий». По решению Солнцевского межмуниципального суда г. Москвы от 29.09.00 г. указанные акции были списаны с ее лицевого счета, следовательно Компания «Фостон Менеджмент Лимитед» более не является владельцем этих акций. В отношении указанных акций до настоящего времени судом рассматривается спор.

4

Акции Компании «Холдэкс» также были списаны со счета на основании решения Арбитражного суда республики Калмыкия от 22.11.00 г.

Таким образом, списание акций с лицевых счетов Компании «Холдэкс» и Компании «Фостон Менеджмент Лимитед» является законным, доводы истцов о том, что на внеочередном собрании акционеров голосовали акциями, перепроданными после лишения и зачислию списанными с лицевых счетов, не соответствуют действительности.

Что касается Компании «Омни» владеющей 23 436 222 акций, то истец, являясь акционером ОАО «Качканарский ГОК «Ванадий», не воспользовалось правом на участие в общем собрании акционеров.

Согласно ст. 49 Федерального закона «Об акционерных обществах» обжаловать в суд решение, принятое общим собранием акционеров с нарушением требований ФЗ «Об акционерных обществах», иных правовых актов РФ, устава общества, вправе акционер, не принимавший участия в общем собрании акционеров или голосовавший против принятия такого решения, если его права и законные интересы нарушены.

Истцы не представили доказательств того, что на дату составления списка (04.10.02 г.) или проведения общего собрания (19.11.02 г.) они числились в реестре акционеров ОАО «Качканарский ГОК «Ванадий». Выписка из реестра с указанием их в качестве акционеров также не представлена ни 19.03.03 г. (при подаче искового заявления), ни на день вынесения решения. Таким образом, истцы не доказали наличия у них права на достаточное для принятия решения общего собрания в связи с отсутствием кворума количества голосующих акций ОАО «Качканарский ГОК «Ванадий».

Кроме того, согласно представленным ответчиком и реестродержателем документам следует, что Компания «Девис» с 2000 года более не является акционером ОАО «Качканарский ГОК «Ванадий», следовательно не обладает правом на обжалование решения общего собрания.

Согласно п. 1 ст. 58 Федерального закона «Об акционерных обществах» общее собрание акционеров правомочно (имеет кворум), если в нем приняли участие акционеры, обладающие в совокупности более чем половиной голосов размещенных голосующих акций общества.

Истцы на дату принятия решения общим собранием согласно списка зарегистрированных лиц обладают в общей сумме не более чем 27,27 % голосов от общего количества, что явно не достаточно для оказания влияния на принятие собранием решения.

Доводы истцов об отсутствии уведомлений не приняты судом во внимание, так как уведомления о проведении собрания акционеров были направлены 16.10.02 г. Компании «Омни», Компании «Холдэкс», Компании «Фостон Менеджмент Лимитед». Согласно п. 5 ст. 44 Федерального закона «Об акционерных обществах» лицо, зарегистрированное в реестре акционеров общества, обязано своевременно информировать держателя реестра об изменении своих данных. В случае непредставления им информации

MAR-00 16:39   KGOK

P. 01

5

...общество-регистратор не несет ответственности за причиненные в связи с...

Учитывая изложенное и ........................ *в удовлетворении иск. требований* необходимо отказать.

Руководствуясь ст. 167-170, 110 Арбитражного процессуального кодекса Российской Федерации, арбитражный суд

## РЕШИЛ:

*Отказать* компании «FUSION MANAGEMENT LIMITED» о. Кипр, компании «DAVIS INTERNATIONAL» Западная Вирджиния, США, компании «HOLDEX» Техас, США, компании «OMNI TRUSTHOUSE» в удовлетворении исковых требований.

Настоящее решение может быть *обжаловано* в арбитражный суд апелляционной инстанции в течение месяца со дня принятия решения и в арбитражный суд кассационной инстанции в срок, не превышающий двух месяцев со дня вступления в законную силу решения, через суд, принявший решение.

*Решение в полном изготовл. 20.09.04.*
*полном объеме изготовл. 20.09.04.*

Копия верна:
Специалист:
Роспись:
Арбитражный суд ...

Е. Н. Федорова

A - 2196