IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

DAVIS INTERNATIONAL, LLC, HOLDEX, LLC, FOSTON MANAGEMENT, LTD, and OMNI TRUSTHOUSE, LTD,

        Plaintiffs,

v.

Case No. 04-1482-GMS

NEW START GROUP CORP., VENITOM CORP., PAN-AMERICAN CORP., MDM BANK, URAL-GORNO METALURAGICAL COMPANY, EVRAZ HOLDING, MIKHAIL CHERNOI, OLEG DERIPASKA, ARNOLD KISLIN, MIKHAIL NEKRICH, and ISKANDER MAKMUDOV,

        Defendants.

---

# APPENDIX TO DEFENDANTS' OPENING BRIEFS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

## Volume 13 of 13

Attorneys for Defendant Arnold Kislin:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

Lisa C. Cohen
Schindler Cohen & Hochman LLP
100 Wall Street
15th Floor
New York, NY 10005
(212) 277-6300

Lawrence S. Goldman
Elizabeth Johnson
The Law Offices of Lawrence S. Goldman
500 Fifth Ave., 29th Floor
New York NY 10110-2900
(212) 997-7499

Attorneys for Defendants New Start Group
Corp. and Venitom Group:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

Richard J. Schaeffer
Peter J. Venaglia
Laura D. Sullivan
Dornbush, Schaeffer, Strongin &
Weinstein, LLP
747 Third Avenue, 11th Floor
New York, NY 10017
(212) 759-3300

Attorneys for Defendant Oleg Deripaska:

Collins J. Seitz, Jr.(DSBA No. 2237)
Kevin F. Brady (DSBA No. 2248)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Rodney F. Page
Michael G. Biggers
Bryan Cave LLP
700 13th Street, N.W.
Washington, D.C. 20005-3960
(202) 508-6002

Attorneys for Defendant Evraz Holding:

William M. Lafferty (DSBA No. 2755)
Morris, Nichols, Arsht & Tunnell
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 575-7341

David H. Herrington
Vitali Rosenfeld
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York New York 10006
(212) 225-2266

Attorneys for Defendant MDM Bank:

Stephen E. Jenkins (DSBA No. 2152)
Richard I.G. Jones, Jr. (DSBA No. 3301)
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

Joel B. Kleinman
Steven J. Roman
David H. Greenberg
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street NW
Washington, DC 20037-1526
(202) 785-9700

Attorneys for Defendant Ural-Gorno
Metallurgical Company:

Charles M. Oberly, III (DSBA No. 743)  William H. Devaney
Karen V. Sullivan (DSBA No. 3872)  Heard & O'Toole LLP
Oberly, Jennings & Rhodunda, P.A.  405 Lexington Ave, Floor 62
800 Delaware Avenue, Suite 901  New York, NY 10174
PO Box 2054  (212) 307-5500
Wilmington, DE 19899
(302) 576-2000

Attorneys for Defendant Iskander
Makmudov:

Charles M. Oberly, III (DSBA No. 743)  William H. Devaney
Karen V. Sullivan (DSBA No. 3872)  Heard & O'Toole LLP
Oberly, Jennings & Rhodunda, P.A.  405 Lexington Ave, Floor 62
800 Delaware Avenue, Suite 901  New York, NY 10174
PO Box 2054  (212) 307-5500
Wilmington, DE 19899
(302) 576-2000

Attorneys for Defendant Mikhail Chernoi:

Charles M. Oberly, III (DSBA No. 743)  Brian Maas
Karen V. Sullivan (DSBA No. 3872)  Cameron Myler
Oberly, Jennings & Rhodunda, P.A.  Frankfurt Kurnit Klein & Selz PC
800 Delaware Avenue, Suite 901  488 Madison Avenue, 9th Floor
PO Box 2054  New York, NY 10022
Wilmington, DE 19899  (212) 980-0120
(302) 576-2000

Attorneys for Defendant Mikhail Nekrich:

Charles M. Oberly, III (DSBA No. 743)  Paul R. Grand
Karen V. Sullivan (DSBA No. 3872)  Edward M. Spiro
Oberly, Jennings & Rhodunda, P.A.  Morvillo, Abramowitz, Grand, Iason &
800 Delaware Avenue, Suite 901  Silberberg, P.C.
PO Box 2054  565 Fifth Avenue
Wilmington, DE 19899  New York, NY 10017
(302) 576-2000  (212) 880-9510

# Table of Contents

| DOCUMENT | PAGE |
|---|---|
| **VOLUME 1 OF 13:** | |
| Complaint | A-1 |
| *Base Metal Trading v. Russian Alum.*, 253 F. Supp. 2d 681 (S.D.N.Y. 2003) ("*Base Metal Trading*") | A-31 |
| Transcript of Oral Argument before Hon. John G. Koeltl, dated February 10, 2003, in *Base Metal Trading* | A-64 |
| **VOLUME 2 OF 13:** | |
| First Amended Complaint, dated August 3, 2001, filed in *Base Metal Trading* | A-176 |
| **VOLUME 3 OF 13:** | |
| Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss the Amended Complaint, dated September 15, 2002, filed in *Base Metal Trading* | A-295 |
| **VOLUME 4 OF 13:** | |
| Resume of Paul B. Stephan | A-465 |
| List of Paul B. Stephan's "Participation in U.S. Lawsuits" | A-476 |
| Declaration of Paul B. Stephan, dated January 28, 2002, filed in *Base Metal Trading* | A-479 |
| Reply Declaration of Paul B. Stephan, dated October 17, 2002, filed in *Base Metal Trading* | A-514 |
| Complaint filed in *Norex Petroleum Ltd. v. Access Indus.* (LTS) (S.D.N.Y.) | A-535 |
| *Norex Petroleum Ltd. v. Access Indus.*, 304 F. Supp. 2d 570 (S.D.N.Y. 2004) | A-607 |
| Judge Koeltl's written request for submissions prior to oral argument, dated January 29, 2003 | A-622 |
| Defendants' response to Judge Koeltl's Jan. 29th request ("Defendants' Oral Argument Submissions") | A-624 |
|     Chronology of GOK-related Russian court decisions | A-625 |
|     Map – location of courts | A-651 |
|     Chart of Russian Court Decisions | A-652 |

| | |
|---|---|
| **VOLUME 5 OF 13:** | |
| Plaintiffs' response to Judge Koeltl's Jan. 29th request ("Plaintiffs' Oral Argument Submissions") | A-653 |
|     GOK Bankruptcy Litigation Chart | A-654 |
|     Shareholder Litigation Chart | A-660 |
|     Chart – Kozitsin and Kozyrev "Wrongful Conduct" | A-668 |
|     Chart – "Direct Evidence of Corruption" | A-677 |
|     Sergei Zankovsky: Theory and Practice of Bankruptcy | A-684 |
| Defendants' post-oral argument submissions in *Base Metal Trading*, dated February 20, 2003 | A-687 |
|     Letter from Winston & Strawn, dated February 20, 2003 | A-688 |
|     Letter from Hogan & Hartson, dated February 20, 2003 | A-690 |
|     Letter from Dornbush Mensch Mandelstam & Schaeffer, dated February 20, 2003 | A-695 |
|     Defendants' Summary of Contracts | A-698 |
|     Supplemental Declaration of Paul B. Stephan, dated Feb. 19, 2003 | A-705 |
|     Third Declaration of Igor Petrukhin, dated Feb. 20, 2003 | A-713 |
| Plaintiffs' post-oral argument submissions in *Base Metal Trading*, dated February 20, 2003 | A-744 |
|     Letter from Strook Stroock & Lavan, dated February 20, 2003 (with exhibits) | A-745 |
|     Second Declaration and Exhibits of Joseph Traum, dated February 19, 2003 | A-782 |
|     Expert Report of Sergei B. Zaitsev, dated February 19, 2003 (without exhibits) | A-828 |
| **VOLUME 6 OF 13:** | |
| Defendants' post-oral argument submissions in *Base Metal Trading*, dated February 25, 2003 | A-885 |
|     Letter from Winston & Strawn, dated February 25, 2003 (with exhibits) | A-886 |
|     Supplemental Declaration of Paul B. Stephan, dated February 25, 2003 | A-933 |
| Plaintiffs' post-oral argument submissions in *Base Metal Trading*, dated February 25, 2003 | A-941 |

| | |
|---|---|
| Letter from Strook Stroock & Lavan, dated February 25, 2003 (with exhibits) | A-942 |
| Letter from Herrick Feinstein, dated February 25, 2003 | A-986 |
| Second Declaration of Victor Golubev, dated February 25, 2003 (without exhibits) | A-989 |
| Second Declaration of Sergei B. Zaitsev, dated February 25, 2003 (without exhibits) | A-1027 |
| **VOLUME 7 OF 13:** | |
| March 30, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1075 |
| August 22, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1080 |
| April 19, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1092 |
| Application to the Arbitrazh Court for the Sverdlovsk Oblast dated March 24, 2000 filed by Krasnouralskmezhraygaz ("Kras Gas") | A-1112 |
| January 24, 1997 contract between GOK and Kras Gas | A-1130 |
| Letter dated February 4, 2000 from Kras Gas to GOK | A-1146 |
| Letter dated February 15, 2000 from Kras Gas to GOK | A-1157 |
| Letter dated February 8, 2000 from GOK to Kras Gas | A-1170 |
| Letter dated February 21, 2000 from GOK to Kras Gas | A-1175 |
| Federal Service's recommendation to appoint Kozyrev as Interim Trustee | A-1180 |
| Instruction of the Government of the Russian Federation from July 10, 1999 (No. 1100-R) | A-1187 |
| Audit Report and list of GOK's creditors as of March 24, 2000 | A-1191 |
| Minutes of the first GOK creditors' meeting held on August 11, 2000 | A-1245 |
| August 2, 2000 decision of the Izmailovo Inter-Municipal Court of Moscow | A-1266 |
| November 30, 2000 decision of the Moscow City Court | A-1269 |
| **VOLUME 8 OF 13:** | |
| Nexis' appellate complaint | A-1276 |
| January 15, 2001 determination of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-1306 |
| Nexis' cassation complaint | A-1311 |
| June 7, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-1318 |

| | |
|---|---|
| Minutes of the March 11, 2001 creditors' meeting | A-1323 |
| June 27, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1357 |
| August 21, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-1365 |
| August 18, 2000 opinion of the Federal Service | A-1367 |
| August 29, 2000 Nexis petition regarding loan agreement | A-1382 |
| July 26, 1999 supply contract between Nexis and GOK | A-1392 |
| August 29, 2000 Application filed by Nexis regarding supply contract | A-1424 |
| October 4, 2000 letter to Nexis from Trustee Kozyrev | A-1442 |
| March 23, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1445 |
| August 29, 2000 Statement of Claim submitted by Polyprom | A-1452 |
| **VOLUME 9 OF 13:** | |
| Supply agreements between GOK and Polyprom | A-1479 |
| October 4, 2000 letter to Polyprom from Trustee Kozyrev | A-1579 |
| October 31, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1583 |
| February 16, 2001 letter from Trustee Kozyrev to the Arbitrazh Court for the Sverdlovsk Oblast | A-1588 |
| February 19, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1591 |
| April 19, 2001 Resolution of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-1598 |
| July 12, 2001 determination of the Federal Arbitrazh Court of the Urals District | A-1607 |
| April 18, 2001 decision of the Arbitrazh Court for Sverdlovsk Oblast | A-1613 |
| January 22, 2000 letter from several members of GOK Board of Directors requesting meeting of GOK Board | A-1620 |
| January 24, 2000 letter from several members of GOK Board of Directors requesting meeting of GOK Board | A-1623 |
| February 2, 2000 "Decision Not To Institute Legal Proceedings" of the Senior Assistant Prosecutor for the City of Kachkanar | A-1628 |
| February 1, 2000 ruling of the Kachkanar City Court for the Sverdlovsk Oblast | A-1635 |
| February 15, 2000 decision of the Arbitrazh Court for the Sverdlovsk | A-1649 |

| | |
|---|---|
| Oblast | |
| March 8, 2001 decision by the Moscow City Court | A-1657 |
| September 19, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-1667 |
| **VOLUME 10 OF 13:** | |
| March 26, 2001 decision of the Moscow City Court | A-1676 |
| November 21, 2000 decision of the Tverskoy Inter-Municipal Regional Court of Moscow | A-1683 |
| February 22, 2001 decision of the Appellate Instance of the Federal Arbitrazh Court of Moscow | A-1691 |
| November 16, 2000 decision of the Arbitrazh Court of Moscow | A-1698 |
| April 26, 2001 decision of the Federal Arbitrazh Court of the Moscow Circuit | A-1706 |
| December 13, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1712 |
| Davis Complaint filed in Moscow before the Gagarinsky Inter-Municipal Court of Moscow | A-1728 |
| April 10, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1737 |
| September 25, 2000 decision of the Perovsky Inter-Municipal Regional Court of Moscow | A-1747 |
| October 26, 2000 decision of the Moscow City Court | A-1752 |
| September 17, 2001 decision of the Gagarinsky Inter-Municipal Court of Moscow | A-1758 |
| May 30, 2000 decision of the Tverskoy Inter-Municipal Regional Court | A-1761 |
| February 7, 2000 decision of the Tverskoy Inter-Municipal Court of Moscow | A-1765 |
| December 22, 2000 decision of the Gagarinsky Inter-Municipal Court of Moscow | A-1768 |
| February 14, 2000 decsion of the Cheryomoushkinsky Inter-Municipal Court of Moscow | A-1774 |
| March 2, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1779 |
| September 4, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1784 |
| August 14, 2000, decision of the Kachkanar City Court of the Sverdlovsk Oblast | A-1790 |

| | |
|---|---|
| February 15, 2000 decision of the Kachkanar City Court | A-1797 |
| February 29, 2000 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-1801 |
| March 6, 2001 decision of the Moscow City Court | A-1806 |
| April 5, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-1814 |
| June 22, 2001 decision of the Tverskoy Inter-Municipal Regional Court of Moscow | A-1827 |
| Two Notices of registrar change published in the *Oblastnaya gazeta* on, respectively, March 17, 2000 and October 21, 2000 | A-1832 |
| March 20, 2001 decision by the Arbitrazh Court of Moscow | A-1839 |
| June 26, 2001 decision of Appellate Instance of the Arbitrazh Court of Moscow | A-1846 |
| **VOLUME 11 OF 13:** | |
| September 5, 2001 decision of the Federal Arbitrazh court of the Moscow Circuit | A-1852 |
| December 20, 2000 decision of the Petrogradsky Regional Court of St. Petersburg | A-1859 |
| January 12, 2001 decision of the Petrogradsky Regional Court of St. Petersburg | A-1864 |
| March 13, 2001 decision of Izmailovsky Regional Court of Moscow | A-1871 |
| March 13, 2001 decision of Izmailovsky Regional Court of Moscow | A-1874 |
| August 27, 2001 decision of the Chertanovo Federal Court | A-1877 |
| Agreement between GOK and Polyprom dated January 18, 1999 | A-1880 |
| November 22, 2000 decision of the Arbitrazh Court of the Republic of Kalmykia | A-1884 |
| April 17, 2001 decision of the Arbitrazh Court for the North Caucasus Region | A-1895 |
| July 5, 2001 decision of the Arbitrazh Court for the Republic of Kalmykia | A-1904 |
| November 9, 2001 decision of the Appellate Instance of the Arbitrazh Court for the Republic of Kalmykia | A-1910 |
| September 10, 2001 decision of the Arbitrazh Court for the Republic of Kalmykia | A-1919 |
| August 1, 2000 decision of the Arbitrazh Court for the Chelyabinsk Region | A-1924 |

| | |
|---|---|
| October 16, 2000 decision of the Appellate Instance for the Arbitrazh Court for the Chelyabinsk Region | A-1942 |
| January 4, 2001 decision of the Arbitrazh Court for Urals Circuit | A-1952 |
| September 29, 2000 decision of the Solntsevsky Inter-Municipal Regional Court of Moscow | A-1960 |
| March 30, 2001 decision of the Moscow City Court | A-1970 |
| November 30, 2001 decision of the Solntsevsky Inter-Municipal Regional Court of Moscow | A-1980 |
| Agreement between New Start Group, Corp. and Davis dated October 6, 2000 | A-1995 |
| Eugene Aschenbrenner's Power of Attorney to act on behalf of Davis (valid December 3, 1999 through December 3, 2000) | A-2002 |
| Nexis Loan Agreement dated July 13, 1999 | A-2010 |
| March 23, 2001 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2020 |
| July 13, 2000 decision of the Meshchansky Inter-Municipal Regional Court of Moscow | A-2027 |
| Republic of Panama v. BCCI Holdings (Luxemborg) S.A., 90-2913-CV-UUB, slip.op. (S.D. Fla. July 17, 1995) | A-2033 |
| **VOLUME 12 OF 13** | |
| October 29, 2001 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2053 |
| November 24, 2001 Opinion of the Department of the Interior of the Sverdlovsk Region | A-2060 |
| January 21, 2002 decision of the Federal Arbitrazh Court for the North Caucasus Circuit | A-2084 |
| March 12, 2002 decision of the Arbitrazh Court for the Republic of Kalmykia | A-2094 |
| April 23, 2002 decision of the Federal Arbitrazh Court for the North Caucasus Circuit | A-2105 |
| April 30, 2002 decision of the Kachkanar Town Court for the Sverdlovsk Oblast | A-2108 |
| September 24, 2002 decision of the Kachkanar Town Court for the Sverdlovsk Oblast | A-2121 |
| November 19, 2002 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2126 |

| | |
|---|---|
| January 22, 2003 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2133 |
| February 4, 2003 decision of the Appellate Instance for the Arbitrazh Court for the Republic of Kalmykia | A-2143 |
| May 20, 2003 decision of the Federal Arbitrazh Court for the North Caucasus Region | A-2150 |
| May 27, 2003 decision of the Appellate Instance of the Arbitrazh Court for the Sverdlovsk Oblast | A-2159 |
| August 27, 2003 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2165 |
| October 30, 2003 decision of the Moscow Municipal Court | A-2170 |
| January 14, 2004 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2176 |
| April 20, 2004 decision of the Arbitrazh Court for the Sverdlovsk Oblast | A-2187 |
| **VOLUME 13 OF 13** | |
| April 27, 2004 decision of the Arbitrazh Court for the Republic of Kalmykia | A-2197 |
| July 2, 2004 decision of the Moscow City Court | A-2205 |
| July 29, 2004 decision of the Federal Arbitrazh Court for the Urals Circuit | A-2212 |
| December 7, 2004 decision of the Moscow City Court | A-2221 |
| September 18, 2001 decision of the Sverdlovsk Arbitrazh Court | A-2224 |
| December 20, 2001 decision of the Urals Circuit | A-2238 |
| May 22, 2002 decision of the Moscow City Court | A-2246 |
| August 22, 2002 decision of the Moscow City Court | A-2256 |
| September 10, 2002 decision of the Kalmykia Court | A-2269 |
| May 22, 2003 decision of the Sverdlovsk Arbitrazh Court | A-2277 |
| August 13, 2003 decision of the Solntsevsky Court | A-2283 |
| March 3, 2004 decision of the Sverdlovsk Arbitrazh Court | A-2289 |
| March 31, 2004 report issued by Russian Ministry of Internal Affairs | A-2294 |
| Declaration of Tatiana Yastrebova, dated September 16, 2002, filed in *Base Metal Trading* (without exhibits) | A-2314 |
| July 2, 2002 decision of the North Caucasus Circuit | A-2344 |

# COURT OF ARBITRATION OF THE REPUBLIC OF KALMYKIA

**In the name of the Russian Federation**

DECISION

April 27, 2004                                                                 Case No. A 22-1222/00/6-109

Judge of the Court of Arbitration of RK Shevchenko V.I. examined in open session the case of the lawsuit of OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii."
against OOO "Torgovii dom OAO "Vanadii," OOO "Poliprom," company "Hold Ex LLC."
Third party: ZAO "Administration of Company Registers"
Concerning the return of shares,

**RULED:**

OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii" turned to the court of arbitration with a lawsuit against OOO "Torgovii dom "Vanadii," OOO "Poliprom" concerning the recognition of the sale-purchase contract of shares No. 3 of 1/18/99 and the disposition of transfer as invalid, on the grounds of which nominal common shares of OAO "Kachkanar GOK "Vanadii" were written-off the personal account of the seller, as well as the restoration in the register of owners of nominal securities of OAO "Kachkanar GOK "Vanadii" records of the existence of nominal common shares in the personal account of OOO "Torgovii dom "Vanadii," that were transferred according to the named sale-purchase contract.

With the resolution of September 10, 2001 (l.d. 38 t.3) for examination of the case, ZAO "Administration of Company Registers" and company "Hold Ex LLC" were summoned in the capacity of third parties not declaring independent claims.

With the decision of the court of March 12, 2002, the lawsuit claims of the plaintiff were satisfied.

With the resolution of the appellate level of the Federal Court of Arbitration of the District of Severno-Kavkaz of July 2, 2002, the decision of the court was reversed: the conclusions of the contracts No. 3 of 1/18/99 and No. 3 1/18/99 between OOO "Torgovi dom "Vanadii" and OOO "Poliprom" were recognized as invalid, as well as the disposition of transfer of 1/20/00, on the grounds of which nominal common shares of OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii" issue 62-1P-290 of 7/12/93 in the amount of 9759 units, No. 62-1-1396 of 6/12/96 in the amount of 2298225 units were transferred to the personal account of OOO "Poliprom."

This decision of the court in the part of the restoration of the named nominal common shares of OAO "Kachkanar GOK "Vanadii" to the personal account of OOO "Torgovii dom "Vanadii" is reversed and, in this part, the lawsuit claims of the plaintiff were directed for a new judicial examination.

The appellate instance indicated that the disputed shares were sold [illegible] company "Hold Ex LLC" which was not brought for examination in the capacity of a respondent, despite the fact that a question of the return of property was being decided.

A - 2197

With the resolution of the court of August 7, 2002, the company "Hold Ex LLC" was brought to examination of the case in the capacity of a respondent.

With the decision of the court of 9/10/02, the lawsuit claims of OAO "KKGOK "Vanadii" were satisfied.

With the resolution of the appellate level FAS SKO of 5/20/03, the decision of 9/10/03 was reversed, and the case was transferred for a new examination.

The appellate level indicated that co-respondent of the case – company "Hold Ex LLC" was not notified in an appropriate manner of the time and place of the judicial session for examination of a case in courts of the first and appellate instances, so this served as the grounds for the reversal of the judicial acts.

With the new examination of the case, the notification was sent to the postal address of the company "Hold Ex LLC" (707 W. 7th St., Austin, Texas, USA).

The notice was presented to a representative of the company, about which the postal agency informed the court.

However, a representative of the company "Hold Ex LLC" did not appear at the judicial session, despite the fact that it was notified in the appropriate manner.

The court considers that it is possible to examine the case in its absence.

The plaintiff was notified in the appropriate manner and did not appear at the judicial session, without a legitimate reason.

The court considers that it is possible to examine the case in its absence.

OOO "TD OAO "Vanadii" – co-respondent in the case – was notified in an appropriate manner and did not appear at the judicial session, without a legitimate reason.

The court considers that it is possible to examine the case in its absence.

OOO "Poliprom" – co-respondent in the case – was notified by all postal addresses known in the case – city of Moscow, Komsomolskii pr-t, d. 31, PO Box 35, city of Moscow, Frunzenskaya nab., d. 46, entrance 2, city of Moscow, G-270, PO Box 50, as well as the last known location, indicated in the appellate claim – city of Moscow, Teterinskii per., d.4-8, str. 2.

However, the resolution of the court of the time and place of the examination of the case of [illegible] was not delivered in connection with the absence of the addressee, of which the postal agency informed the court. In correspondence with p. 3 ch. 2 art. 123 APK RF, the respondent is considered notified in the appropriate manner.

The court considers that it is possible to examine the case it its absence.

ZAO "Administration of Company Registers" – third party not making an independent claim – was notified in an appropriate manner and did not appear at the judicial session, without a legitimate reason.

The court considers that it is possible to examine the case in its absence.

Having researched the materials of the case, the court comes to the conclusion of the necessity of satisfying the lawsuit claims.

With the resolution of the Federal Court of Arbitration of the District of Severno-Kavkaz of July 2, 2002, the conclusions of contracts No. 3 of 1/18/99 and No. 3 of 1/18/99 between OOO "Torgovii dom "Vanadii" and OOO "Poliprom" are recognized as invalid, as well as the disposition of transfer of 1/20/00, on the grounds of which nominal common shares of OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii" issue 62-1P-290 of 7/12/93 in the amount of 9759 units, No. 62-1-1396 of 6/12/96 in the amount of 2298225 units were transferred to the personal account of OOO "Poliprom."

According to pt.1 art. 167 GK RF the invalid transaction does not have any legal consequences. Hence, OOO "Poliprom" did not acquire the right of ownership of the above-named shares, and consequently disposed of them illegally.

In correspondence with art. 301 GK RF, the owner of the shares, plaintiff of the case, has the right to reclaim them from illegal possession.

The respondent of the case, "Hold Ex LLC," which acquired the shares according to sale-purchase contract [illegible] is the illegal owner of the disputed shares.

Based upon p. 1 art. 302 K RF, the court considers the claims of the plaintiff about the reclamation of the property (shares) from the acquirer legitimate, as the property was taken from its owner against its will, which is supported by the invalidity of the transaction of assignment of the shares.

Under these conditions, the court considers it necessary to reclaim the property (shares in the amount of 2307984 units) from the company "Hold Ex LLC" for the plaintiff.

Taking into account the specifics of the returned property, the court considers it possible to conduct a return of the property in the following manner: compel a third party – ZAO "Administration of Company Registers" – to restore in the register of the owners of the nominal securities OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii" records of the presence of nominal common shares of OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii" issue 62-1P-290 of 7/12/93 in the amount of 9759 units and No. 62-1-1396 of 6/12/96 in the amount of 2298225 units to the personal account of OOO "Torgovii dom "Vanadii."

On the basis of what has been set forth, governed by art. art. 167-170 APK RF, the court

**DECIDED:**

The satisfy the lawsuit claims of OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii."

Return of the shares of the plaintiff in the amount of 2307984 units from illegal possession by the company "Hold Ex LLC" is to be conducted in the following manner: compel the third party ZAO "Administration of Company Registers" to restore in the register of the owners of the nominal securities OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii" records of the presence of nominal common shares of OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii" issue 62-1P-290 of 7/12/93 in the amount of 9759 units and No. 62-1-1396 of 6/12/96 in the amount of 2298225 units to the personal account of OOO "Torgovii dom "Vanadii." Issue executing document.

The decision may be disputed on the appellate level of a Court of Arbitration of RK within a period of one month from the day of its adoption.

**Judge**                                                                 **Shevchenko V.I.**

**The decision was prepared in its entirety on 13.05.04.**

[stamp]
[signature]



## АРБИТРАЖНЫЙ СУД РЕСПУБЛИКИ КАЛМЫКИЯ

Именем Российской Федерации

### РЕШЕНИЕ

27 апреля 2004 г.                                            Дело № А 22-1222/00/6-109

Судья Арбитражного суда РК Шевченко В.И., рассмотрев в открытом судебном заседании дело по иску ОАО «Качканарский горно-обогатительный комбинат «Ванадий»

к ООО «Торговый дом ОАО «Ванадий», ООО «Полипром», компании «Холд Экс Эл. Эл. Си»

третье лицо: ЗАО «Ведение реестров компаний»

о возврате акций,

у с т а н о в и л:

ОАО «Качканарский горно-обогатительный комбинат «Ванадий» обратился в арбитражный суд с иском к ООО «Торговый дом «Ванадий», ООО «Полипром» о признании недействительными договора купли-продажи акций № 3 от 18.01.99г. и передаточных распоряжений, на основании которых с лицевого счета продавца были списаны именные обыкновенные акции ОАО «Качканарский ГОК «Ванадий», а также о восстановлении в реестре владельцев именных ценных бумаг ОАО «Качканарский ГОК «Ванадий» записи о наличии на лицевом счете ООО «Торговый дом «Ванадий» именных обыкновенных акций, переданных по названному договору купли-продажи.

Определением суда от 10 сентября 2001г. (л.д.38 т.3) к рассмотрению дела были привлечены в качестве третьих лиц, не заявляющих самостоятельные требования, ЗАО «Ведение реестров компаний» и компания «Холд Экс Эл. Эл.Си».

Решением суда от 12 марта 2002г. исковые требования истца были удовлетворены.

Постановлением кассационной инстанции федерального арбитражного суда Северо-Кавказского округа от 2 июля 2002г. решение суда было изменено: признаны недействительными заключенные ООО «Торговый дом «Ванадий» и ООО «Полипром» договоры № 3 от 18.01.99г. и № 3 от 18.01.99г., а также передаточные распоряжения от 20.01.00г., на основании которых на лицевой счет ООО «Полипром» были зачислены именные обыкновенные акции ОАО «Качканарский горно-обогатительный комбинат «Ванадий» выпуска 62-1П-290 от 12.07.93г. в количестве 9759штук, № 62-1-1396 от 12.06.96г. в количестве 2298225штук.

То же решение суда в части восстановления на лицевом счете ООО «Торговый дом «Ванадий» названных именных обыкновенных акций ОАО «Качканарский ГОК «Ванадий» отменено и в этой части исковые требования истца были направлены на новое судебное рассмотрение.

Кассационная инстанция указала, что спорные акции были проданы компании «Холд Экс Эл. Эл. Си», которое не было привлечено к рассмотрению дела в качестве ответчика, несмотря на то, что решался вопрос о возврате имущества.

Определением суда от 7 августа 2002г. компания «Холд Экс Эл. Эл. Си» была привлечена к рассмотрению дела в качестве ответчика.

A - 2202

Решением суда от 10.09.02г. исковые требования ОАО «ККГОК «Ванадий» были удовлетворены.

Постановлением кассационной инстанции ФАС СКО от 20.05.03г. решение от 10.09.03г. было отменено, дело передано на новое рассмотрение.

Кассационная инстанция указала, что соответчик по делу – компания «Холд Экс Эл Эл Си» не была извещена надлежащим образом о времени и месте судебного заседания при рассмотрении дела в судах первой и апелляционной инстанций, что и послужило основанием для отмены судебных актов.

При новом рассмотрении дела извещение было направлено по почтовому адресу компании «Холд Экс Эл Эл Си» (707 W, 7-я улица, г.Остин, штат Техас, США).

Уведомление было вручено представителю компании, о чем почтовый орган проинформировал суд.

Однако, в судебное заседание представитель компании «Холд Экс Эл Эл Си» не явился, несмотря на то, что был извещен надлежащим образом.

Суд считает возможным рассмотреть дело в его отсутствие.

Истец уведомлен надлежащим образом, в судебное заседание не явился без уважительных причин.

Суд считает возможным рассмотреть дело в его отсутствие.

ООО «ТД ОАО «Ванадий» – соответчик по делу - извещен надлежащим образом, в судебное заседание не явился без уважительных причин.

Суд считает возможным рассмотреть дело в его отсутствие.

ООО «Полипром» – соответчик по делу – был извещен по всем имеющимся в деле почтовым адресам – г.Москва, Комсомольский пр-т, д.31, а\я 35, г.Москва, Фрунзенская наб., д.46, подъезд 2, г.Москва, Г-270, а\я 50, а также по последнему известному месту нахождения, указанному в кассационной жалобе – г.Москва, Тетеринский пер., д.4-8, стр.2.

Однако, определение суда о времени и месте рассмотрения дела от 30.09.03г. не было вручено в связи с отсутствием адресата по указанным адресам, о чем орган почтовой связи проинформировал суд. В соответствии с п.3 ч.2 ст.123 АПК РФ ответчик считается извещенным надлежащим образом.

Суд считает возможным рассмотреть дело в его отсутствие.

ЗАО «Ведение реестров компаний»- третье лицо, не заявляющее самостоятельных требований – извещен надлежащим образом, в судебное заседание не явился без уважительных причин.

Суд считает возможным рассмотреть дело в его отсутствие.

Исследовав материалы дела, суд приходит к выводу о необходимости удовлетворения исковых требований.

Постановлением федерального арбитражного суда Северо-Кавказского округа от 2 июля 2002г. признаны недействительными заключенные ООО «Торговый дом «Ванадий» и ООО «Полипром» договоры № 3 от 18.01.99г. и № 3 от 18.01.99г., а также передаточные распоряжения от 20.01.00г., на основании которых на лицевой счет ООО «Полипром» были зачислены именные обыкновенные акции ОАО «Качканарский горно-обогатительный комбинат «Ванадий» выпуска 62-1П-290 от 12.07.93г. в количестве 9759штук, № 62-1-1396 от 12.06.96г. в количестве 2298225штук.

Согласно ч.1 ст.167 ГК РФ недействительная сделка не влечет юридических последствий. Исходя из этого, ООО «Полипром» не приобрело права собственности на вышеназванные акции и следовательно распорядилось ими незаконно.

В соответствии со ст.301 ГК РФ собственник акций, истец по делу, вправе истребовать их из чужого незаконного владения.

Незаконным владельцем спорных акций является ответчик по делу компания «Холд Экс Эл. Эл. Си», которое приобрело их по договору купли-продажи (л.д. 18-20).

Исходя из п.1 ст.302 ГК РФ суд считает правомерными требования истца об истребовании имущества (акций) от приобретателя, так как имущество выбыло из владения помимо воли собственника, что подтверждается недействительностью сделок отчуждения акций.

При таких обстоятельствах суд считает необходимым истребовать имущество (акций в количестве 2307984 шт.) у компании «Холд Экс Эл. Эл. Си» в пользу истца.

Учитывая специфику возвращаемого имущества, суд полагает возможным произвести возврат имущества следующим образом: обязать третье лицо - ЗАО «Ведение реестров компаний» - восстановить в реестре владельцев именных ценных бумаг ОАО «Качканарский горно-обогатительный комбинат «Ванадий» запись о наличии на лицевом счете ООО «Торговый дом «Ванадий» именных обыкновенных акций ОАО «Качканарский горно-обогатительный комбинат «Ванадий» выпуска № 62-1П-290 от 12.07.1993г. в количестве 9759 штук и № 62-1-1396 от 12.06.1996г. в количестве 2298225 штук.

На основании изложенного, руководствуясь ст.ст.167-170 АПК РФ, суд

р е ш и л:

Исковые требования ОАО «Качканарский горно-обогатительный комбинат «Ванадий» удовлетворить.

Возврат акций истца в количестве 2307984 шт. из незаконного владения компании «Холд Экс Эл. Эл. Си» произвести следующим образом: обязать третье лицо ЗАО «Ведение реестров компаний» восстановить в реестре владельцев именных ценных бумаг ОАО «Качканарский горно-обогатительный комбинат «Ванадий» запись о наличии на лицевом счете ООО «Торговый дом «Ванадий» именных обыкновенных акций ОАО «Качканарский горно-обогатительный комбинат «Ванадий» выпуска № 62-1П-290 от 12.07.1993г. в количестве 9759 штук и № 62-1-1396 от 12.06.1996г. в количестве 2298225 штук. Выдать исполнительный лист.

Решение может быть обжаловано в месячный срок со дня его принятия в апелляционную инстанцию арбитражного суда РК.

Судья                                                                               Шевченко В.И.

**Решение изготовлено в полном объеме 13.05.04г.**

No. 4g/8-3370

## RULING

July 2, 2004                                                                                   City of Moscow

     Judges of the Moscow Municipal Court Lomakina L.A., examining the oversight claim of Oleinik I.N. with power of attorney from the director of OOO "Inrosmet" of 12/25/2003 concerning the ruling of the Solntsevskii region court of the city of Moscow of August 13, 2003 and the ruling of the panel of judges for civil matters of the Moscow Municipal Court of October 30, 2003 according the case of the lawsuit of OOO "Inrosmet," OAO "NTMK", ZAO "Standart Trast" against Ivanov E.N., the company "Foston Management Ltd.," the company "Amber Star LLC," the company "Nexus Products LLC," the company "Davis International LLC," the company "Omni Trusthouse Ltd.," the company "Holdex LLC" concerning the reclamation of property from illegal possession,

## RULED:

     With a decision of the Solntsevskii Regional Court of the city of Moscow of September 29, 2000, the nominal shares of OAO "Kachkanar Ore-Mining and Processing Enterprise "Vanadii" were reclaimed from the personal accounts of the company "Foston Management Ltd." and transferred to the personal accounts of OOO "Inrosmet," OAO "NTMK," ZAO "Standart Trust." In correspondence with this decision of the court of October 18, 2000, 103540 (one hundred three thousand five hundred forty) common paperless shares of OAO "Kachkanar GOK "Vanadii" state-number 62-1p-290 were written-off from "Foston Management, Ltd." to OAO "NTMK"; 18747610 (eighteen million seven hundred forty seven thousand six hundred ten) common paperless shares state-number 62-1-1396 to OAO "NTMK"; 1245677 (one million two hundred forty five thousand six hundred seventy seven) common paperless shares state-number 62-1396 to OOO "Inrosmet"; 17618254 (seventeen million six hundred eighteen thousand two hundred fifty four) common paperless shares state-number 62-1-1396 to ZAO "Standart Trust."

     With this ruling of the panel of judges for civil matters of the Moscow Municipal Court of March 30, 2001, the decision of the Solntsevskii Regional Court of the city of Moscow has been reversed.

     On November 30, 2001, a decision was issued by the Solntsevskii Regional Court of the city of Moscow, in correspondence with which OOO "Inrosmet," OAO "NTMK," ZAO "Standart Trust" were denied the claim against Ivanov E.N. of the reclamation of shares; lawsuit claims of OAO "NTMK," ZAO "Standart Trust," OOO "Inrosmet" against the company "Foston Management Ltd." and other reclamations of shares were not examined in connection with the jurisdiction of this dispute by the court of arbitration; the motion of the company "Foston Management Ltd." Of overturning the execution of the decision of the court was denied.

     On August 22, 2002, with a resolution of the Presidium of the Moscow Municipal Court, the decision of the Solntsevskii Regional Court of the city of Moscow of

A - 2205