November 30, 2001 in the part of the denial of the motion of the company "Foston Management Ltd" of the overturning of the execution of the decision was reversed, the case was directed for a new examination.

Under the new examination of the case, the representative of the company "Foston Management Ltd." supported its declaration of the overturning of the execution of the decision of the court.

With the ruling of the Solntsevskii Regional Court of the city of Moscow of August 13, 2003, the following was established: to overturn the execution of the decision of the Solntsevskii Inter-city Court ZAO of the city of Moscow of September 29, 2000 according to the case reversed on 30 March 2001, the processing of which was terminated on August 22, 2002, in relation to which:

AOZT "Administration of Registration of Companies" is to write-off from OAO "NTMK" 103540 (one hundred three thousand five hundred forty) common paperless shares of OAO "Kachkanar GOK "Vadanii," state-number 62-1p-290 to the company "Foston Management Ltd.";

To write-off from OAO "NTMK" 18747610 (eighteen million seven hundred forty seven thousand six hundred ten) common shares of paperless shares state-number 62-1-1396 to company "Foston Management Ltd.";

To write-off from OOO "Inrosment" 1245677 (one million two hundred forty five thousand six hundred seventy seven) common paperless shares state-number 62-1396 to company "Foston Management Ltd.";

To write-off from ZAO "Standart Trust" 17618254 (seventeen million six hundred eighteen thousand two hundred fifty four) common paperless shares state-number 62-1-1396 to company "Foston Management Ltd."

With the ruling of the panel of judges of for civil matters of the Moscow Municipal Court of October 30, 2003, the ruling of the Solntsevskii Regional Court of the city of Moscow of August 13, 2003 remains unchanged, the private claims of OOO "Inrosmet," OAO "NTMK," ZAO "Standart Trust," "Foston Management Ltd." are not satisfied.

In the oversight claim, lawyer Oleinik I.N. with power of attorney from director of OOO "Inrosmet" of 12/25/2003 presents the issue of a reversal of the above-mentioned judicial resolutions, considering them illegal and groundless.

With the resolution of the judges of the Moscow Municipal Court of April 22, 2004, the case was removed to the Moscow Municipal Court.

There are no grounds for the transfer of the case for examination of it substance to the court of oversight appeals.

Under art. 387 GPK RF, the grounds for reversal or amendment of judicial resolutions of lower courts in the oversight process are substantial violations of the norms of material or procedural law.

Upon examination of this case, the courts did not determine that such violations occurred.

In correspondence with art. 443 GPK RF, in the event of a reversal of the decision of a court that has been executed, and adoption after a new examination of the decision of a case of the denial of a lawsuit completely or partially, or the determination of the termination of the processing of the case or leaving the declaration unexamined, all that was recovered from the respondent for the plaintiff should be returned to the respondent

according to the reversed decision of the court (overturning of execution of the decision of the court).

The court, having heard the arguments of the parties, having verified the materials of the case, rightfully issued a resolution of the overturning of the execution of the decision of the Solntsevskii Regional Court of the city of Moscow of September 29, 2000. With this, the court, based upon the fact that the indicated decision was executed, and subsequently reversed, with a new examination of the case, the lawsuit was partially reversed, and the lawsuit claims were remained partially without examination.

The arguments elaborated in the oversight claim were the subject of examination of the court in the first and appellate instances, the court gave an appropriate evaluation. In the claim, no new arguments were presented that refute the conclusions of the court and require additional verification. There are no grounds for a reclamation exist.

On the basis of what has been set forth, governed by art. 383 of the Code of Civil Procedure of the Russian Federation,

## RULED:

The transfer of the case of the lawsuit of OOO "Inrosmet," OAO "NTMK," ZAO "Standart Trust" against Ivanov E.N., company "Foston Management Ltd.," and others of the reclamation of property from illegal possession for examination of is substance to the court of oversight is denied.

Judges of Moscow
Municipal Court          [signature]          Lomakina L.A.

Copy is validated

Judges          [stamp, signature]

Secretaries

№ 4г/8-3370

**О П Р Е Д Е Л Е Н И Е**

02 июля 2004 г.                                                        г. Москва

Судья Московского городского суда Ломакина Л.А., рассмотрев надзорную жалобу Олейника И.Н. по доверенности от директора ООО «Инросмет» от 25.12.2003 г. на определение Солнцевского районного суда г. Москвы от 13 августа 2003 года и определение судебной коллегии по гражданским делам Московского городского суда от 30 октября 2003 года по делу по иску ООО «Инросмет», ОАО «НТМК», ЗАО «Стандарт Траст» к Иванову Е.Н., компании «Фостон Менеджмент Лимитед», компании «Амбер Стар Эл.Эл.Си.», компании «Нексис Продакс Эл.Эл.Си.», компании «Дэвис интернешнл Эл.Эл.Си.», компании «Омни трастхаус Лимитед», компании «Холдэкс Эл.Эл.Си.» об истребовании имущества из чужого незаконного владения,

**У С Т А Н О В И Л :**

решением Солнцевского районного суда г. Москвы от 29 сентября 2000 года были истребованы с лицевых счетов компании «Фостон менеджмент Лимитед» с зачислением на лицевые счета  ООО «Инросмет», ОАО «НТМК», ЗАО «Стандарт Траст» именные акции ОАО «Качканарский горнообогатительный комбинат «Ванадий». В соответствии с данным решением суда 18 октября 2000 года с лицевых счетов компании «Фостон менеджмент Лимитед» в пользу ОАО «НТМК» списано 103540 (сто три тысячи пятьсот сорок) обыкновенных бездокументарных акций ОАО «Качканарский ГОК «Ванадий», госномер 62-1п-290; 18747610 (восемнадцать миллионов семьсот сорок семь тысяч шестьсот десять) обыкновенных бездокументарных акций госномер 62-1-1396 в пользу ОАО «НТМК»; 1245677 (один миллион двести сорок пять тысяч шестьсот семьдесят семь) обыкновенных бездокументарных акций госномер 62-1396 в пользу ООО «Инросмет»; 17618254 (семнадцать миллионов шестьсот восемнадцать тысяч двести пятьдесят четыре) обыкновенных бездокументарных акций госномер 62-1-1396 в пользу ЗАО «Стандарт Траст».

Определением судебной коллегии по гражданским делам Московского городского суда от 30 марта 2001 года данное решение Солнцевского районного суда г. Москвы было отменено.

30 ноября 2001 года Солнцевским районным судом г. Москвы было вынесено решение, в соответствии с которым ООО «Инросмет», ОАО «НТМК», ЗАО «Стандарт Траст» отказано в иске к Иванову Е.Н. об истребовании акций; исковые требования ОАО «НТМК», ЗАО «Стандарт Траст», ООО «Инросмет» к компании «Фостон менеджмент Лимитед» и другим об истребовании акций были оставлены без рассмотрения в связи с подведомственностью данного спора арбитражному суду; в удовлетворении ходатайства компании «Фостон менеджмент Лимитед» о повороте исполнения решения суда было отказано.

22 августа 2002 года   постановлением Президиума Московского городского суда решение Солнцевского районного суда г. Москвы от 30 ноября 2001 года в части отказа в удовлетворении ходатайства компании «Фостон менеджмент Лимитед» о повороте исполнения решения было отменено, дело направлено на новое рассмотрение.

При   новом рассмотрении дела представитель компании «Фостон менеджмент Лимитед» поддержал свое заявление о повороте исполнения решения суда.

A - 2209

Определением Солнцевского районного суда г. Москвы от 13 августа 2003 года постановлено: произвести поворот исполнения решения Солнцевского межмуниципального суда ЗАО г. Москвы от 29 сентября 2000 года по делу, отмененному 30 марта 2001 года, производство по которому прекращено 22 августа 2002 года, в соответствии с которым:

АОЗТ «Ведение реестров компаний» списать с ОАО «НТМК» 103540 (сто три тысячи пятьсот сорок) обыкновенных бездокументарных акций ОАО «Качканарский ГОК «Ванадий», госномер 62-1п-290 в пользу компании «Фостон менеджмент Лимитед»;

списать с ОАО «НТМК» 18747610 (восемнадцать миллионов семьсот сорок семь тысяч шестьсот десять) обыкновенных бездокументарных акций госномер 62-1-1396 в пользу компании «Фостон менеджмент Лимитед»;

списать с ООО «Инросмет» 1245677 (один миллион двести сорок пять тысяч шестьсот семьдесят семь) обыкновенных бездокументарных акций госномер 62-1396 в пользу компании «Фостон менеджмент Лимитед»:

списать с ЗАО «Стандарт Траст» 17618254 (семнадцать миллионов шестьсот восемнадцать тысяч двести пятьдесят четыре) обыкновенных бездокументарных акций госномер 62-1-1396 в пользу компании «Фостон менеджмент Лимитед».

Определением судебной коллегии по гражданским делам Московского городского суда от 30 октября 2003 года определение Солнцевского районного суда г. Москвы от 13 августа 2003 года оставлено без изменения, частные жалобы ООО «Инросмет», ОАО «НТМК», ЗАО «Стандарт Траст», «Фостон менеджмент Лимитед» - без удовлетворения.

В надзорной жалобе адвокат Олейник И.Н. по доверенности от директора ООО «Инросмет» от 25.12.2003 г. ставит вопрос об отмене вышеуказанных судебных постановлений, полагая их незаконными и необоснованными.

Определением судьи Московского городского суда от 22 апреля 2004 года дело истребовано в Московский городской суд.

Оснований для передачи дела для рассмотрения по существу в суд надзорной инстанции не имеется.

В силу ст. 387 ГПК РФ основаниями для отмены или изменения судебных постановлений нижестоящих судов в порядке надзора являются существенные нарушения норм материального или процессуального права.

Таких нарушений судами при рассмотрении данного дела не допущено.

В соответствии со ст. 443 ГПК РФ в случае отмены решения суда, приведенного в исполнение, и принятия после нового рассмотрения дела решения суда об отказе в иске полностью или в части либо определения о прекращении производства по делу или об оставлении заявления без рассмотрения ответчику должно быть возвращено все то, что было с него взыскано в пользу истца по отмененному решению суда (поворот исполнения решения суда).

Суд, выслушав доводы сторон, проверив материалы дела,   правомерно вынес определение о повороте исполнения решения Солнцевского районного суда г. Москвы от 29 сентября 2000 года. При этом суд обоснованно исходил из того, что  указанное решение было исполнено, а впоследствии отменено, при новом рассмотрении дела в иске было частично отказано, а частично исковые требования были оставлены без рассмотрения.

Доводы, изложенные в надзорной жалобе, были предметом рассмотрения суда первой и кассационной инстанции, суд дал им надлежащую оценку. В жалобе не приводится новых доводов, опровергающих выводы суда и нуждающихся в дополнительной проверке. Оснований для истребования дела не имеется.

На основании изложенного, руководствуясь ст. 383 Гражданского процессуального кодекса РФ,

## О П Р Е Д Е Л И Л :

A - 2210

в передаче дела по иску ООО «Инросмет», ОАО «НТМК», ЗАО «Стандарт Траст» к Иванову Е.Н., компании «Фостон менеджмент Лимитед» и другим об истребовании имущества из чуждого незаконного владения для рассмотрения по существу в суд надзорной инстанции отказать.


Судья Московского
городского суда            /подпись/                    Ломакина Л.А.


Копия верна

Судья

Секретарь

A - 2211

**FEDERAL COURT OF ARBITRATION OF THE DISTRICT OF URALSK**

**RESOLUTION**

Of the appellate level for the verification of the legality and validity of decisions
(resolutions) of arbitration courts, entering into legal force

July 29, 2004                                                    Case No. F09-2345/04GK

City of Ekaterinburg

The Federal Court of Arbitration of the District of Uralsk for verification on the
appellate level of the legality and validity of decisions and resolutions of courts of
arbitration of the subjects of the Russian Federation, adopted by them in the first and
appellate instances, consisting of:

| | |
|---|---|
| Chair | Arsyonov I.G., |
| Judges | Azanov P.A., |
| | Stolyarov A.A. |

examined in a judicial session the appellate claim of the Company "Foston Management
Ltd." concerning the decision of 4/20/2004 of the Court of Arbitration of the Sverdlovsk
Region of the case No. A60-12549/03 of the lawsuit of Company "Foston Management
Ltd." of Cyprus, Company "Davis International" of West Virginia, USA, Company
"Holdex" of Texas, USA, Company "Omni" of Great Britain, against public corporation
"Kachkanar Ore-Mining and Processing Enterprise "Vanadii," public corporation "Uralsk
Bank of Reconstruction and Development," with the participation of a third party, not
making independent claims in relation to the subject of the dispute - close corporation
"Administration of Company Registers," concerning the recognition of the decision of the
extraordinary meeting of shareholders of 11/19/2002 as invalid.
The representatives participated in the judicial session:
OAO "Kachkanar GOK "Vanadii" - Starshinova E.A., lawyer, authority No. 183
of 12/9/2003, order No. 73 of 7/28/2004, attestation No. 613 of 1/10/2003;
ZAO "Administration of Company Registers" - Svet E.A., head of legal
department, authority No. 2002 of 5/5/2004.
Other parties participating in the case, notified of the place and time of the
examination of the appellate claim, did not make an appearance at the judicial session.
Procedural rights and obligations were explained to the representatives,
challenges to the composition of the court were not declared, motions were not made.

A - 2212

Company "Foston Management Ltd." of Cyprus, Company "Davis International" of West Virginia, USA, Company "Holdex" of Texas, USA, Company "Omni" of Great Britain turned to the court of arbitration with a lawsuit against public corporation "Kachkanar Ore-Mining and Processing Enterprise "Vanadii," (OAO "Kachkanar GOK "Vanadii") public corporation "Uralsk Bank of Reconstruction and Development" (OAO "UBRiR") concerning the recognition of the decision of the extraordinary meeting of shareholders of 11/19/2002 as invalid.

Ruling of 3/18/2004 of the participation in the case as a third party, not making independent claims in relation to the subject of the dispute PRIVLECHENO close corporation "Administration of Company Registers").

Decision of 4/20/2004 in satisfaction of the claims of the lawsuit were denied (judge E.N. Fedorova).

The decision was not reviewed on the appellate level.

Plaintiff Company "Foston Management Ltd." did not agree with the decision of 4/20/2004, requests that it be reversed, adopt a new judicial act, lawsuit claims satisfied, citing a discrepancy of the conclusions of the court on the facts involved in the case, and contradictions of the conclusions of the court.

Parties participating in the case did not present written testimonials to the appellate claim.

Having verified according to art. art. 274, 284, 286 of the Arbitration Code of Procedure of the Russian Federation the legality of the decision of 4/20/2004, having considered the submissions of the appellate claim, having studied the materials of the case, having heard the representatives of the Respondent and third party, having been present in the judicial session, the appellate court sees no basis for reversing the disputed judicial act.

As follows from the materials of the case, 11/19/2002, an extraordinary general meeting of shareholders of OAO "Kachkanar GOK "Vanadii" was held in the form of a proxy vote, upon which the qualifying majority of votes of the total quantity of voting shares of the company participating in the meeting, decisions were adopted about the increase of the charter capital of the company by way of allocation of supplementary common stock of the general nominal value of 190,932,126 rubles and of the ratification of a new version of the charter of OAO "Kachkanar GOK "Vanadii."

Plaintiffs, bringing a lawsuit concerning the recognition of the decision of the extraordinary meeting of shareholders of 11/19/2002 as invalid, state that some of the shareholders taking part in the meeting were not actually holders of shares of the company, consequently - they did not have the right to participate in the meeting of owners of 65.6969% of the voting shares and a quorum was not reached. In the opinion of the plaintiffs, the named conditions are a violation of OAO "Kachkanar GOK "Vanadii" art. 58 F3 "On Corporations" and are the basis for the recognition of the decision of the meeting of 11/19/2002 as invalid. Furthermore, the plaintiffs cite the fact that they did not provide notice about the impending meeting, the losses incurred from the reduction in the quantity and value of their shares, and the violation of their rights in relation to the shares.

Denying the satisfaction of the claim, the court relied on the principle that the arguments of the plaintiffs concerning the meeting of individuals who were not shareholders was not documented, since the right of ownership of these individuals to shares is not disputed, the shares are not withdrawn. Furthermore, in the opinion of the court, the plaintiffs did not demonstrate evidence that, on the date of the creation of the list of individuals having the right to participate in the meeting, or on the date of the meeting, the plaintiffs were counted in the register of shareholders of OAO "Kachkanar GOK "Vanadii." At the same time, the court recognized that the plaintiff's ownership of 27.27% of the total amount of voting shares is not enough to influence the disputed decisions adopted by the meeting.

The present conclusions of the court are legal and warranted.

In correspondence with p. 1 art. 65 APK RF, each party participating in a case, should prove the conditions which it is citing as grounds for its demands and objections.

In the opinion of the court of the appellate level, the conclusion of the court of the inadequate proof by the plaintiffs of the conditions that the parties participating in the disputed meeting of 11/19/2002, own shares illegally, are justified.

Conclusions of the declarant of the complaint of the availability of judicial acts concerning the return of a portion of the shares of OAO "Kachkanarskii GOK "Vanadii" to the plaintiffs in the materials of the case, in particular – the determination of the Solntsevskii court of the city of Moscow from 11/04/2002 concerning the overturning of the execution of the decision and of the obligation of the registrar to return the written-off shares of the Company "Foston Management Ltd.," the resolution of the Federal Court of Arbitration of the District of Severno-Kavkaz of 4/17/2001 concerning the reversal of the decision of the Court of Arbitration of the Republic of Kalmykia of 11/22/2000 concerning the writing-off of shares from the personal accounts of the Company "Holdex," is declined, since the evidence of the appearance of corresponding legal consequences of such judicial acts, supporting the fact of that the individuals participating in the meeting did not have shares providing them the right to vote on issues on the agenda, as well as evidence supporting the change in the amount of the shares belonging to the plaintiffs, are not contained in the materials of the case.

The conclusion of the appellant that the court did not take into account the requirements of FZ "On Corporations" concerning the adoption of decisions according to some issues only by a qualifying majority of votes is declined, as with the meaning of point 4 of article 49 of the Law, the qualifying majority of votes necessary for the adoption of a series of decisions by the meeting is understood as the majority by three-fourths of he votes of the shareholders – owners of voting stocks, participating in the meeting.

In this way, since the plaintiffs, in violation of art. 65 of APK RF, did not demonstrate evidence that the individual participating in the extraordinary general meeting of shareholders of OAO "Kachkanar GOK "Vanadii" 11/19/2002, did not own the shares of the company, and consequently, their votes could not be considered in the determination of the quorum of the meeting, the satisfaction of the claim was rightfully

denied by the court concerning the recognition of the decision of the general meeting of 11/19/2002 as invalid.

Since all of the conditions of the case material to the adoption of a correct decision were established and examined by the court, they are given an appropriate judicial assessment, and conclusions set forth in the decision of 4/20/2004, based on the evidence present in the case and corresponding to the operative laws, there are no grounds for reversing the disputed judicial act and for the satisfaction of the appellate claim.

Governed by art. art. 286, 287, 289 of the Arbitration Code of Procedure of the Russian Federation, the court

### RULED:

Decision of 4/20/2004 of the Court of Arbitration of Sverdlovsk Region according to case No. A60-12549/03 remains without change, the appellate claim – not satisfied.

Chair

I.G. Arsyonov

Judges

P.A. Azanov

[stamp] A.V. Gorbunova

A.A. Stolyarov





# ФЕДЕРАЛЬНЫЙ АРБИТРАЖНЫЙ СУД УРАЛЬСКОГО ОКРУГА

## ПОСТАНОВЛЕНИЕ

**кассационной инстанции по проверке законности и обоснованности решений (постановлений) арбитражных судов, вступивших в законную силу**

«29» июля 2004 года                                       Дело № Ф09-2345/04ГК
                          г. Екатеринбург

     Федеральный арбитражный суд Уральского округа по проверке в кассационной инстанции законности решений и постановлений арбитражных судов субъектов Российской Федерации, принятых ими в первой и апелляционной инстанциях, в составе:

председательствующего      Арсёнова И.Г.,
судей                      Азанова П.А.,
                          Столярова А.А.

рассмотрел в судебном заседании кассационную жалобу Компании «Фостон Менеджмент Лимитед» на решение от 20.04.2004 Арбитражного суда Свердловской области по делу № А60-12549/03 по иску Компании «Фостон Менеджмент Лимитед» о.Кипр, Компании «Дэвис Интернэшнл» Западная Вирджиния, США, Компании «Холдэкс» Техас, США, Компании «Омни», Великобритания, к открытому акционерному обществу «Качканарский горно – обогатительный комбинат «Ванадий», открытому акционерному обществу «Уральский банк реконструкции и развития», при участии третьего лица, не заявляющего самостоятельных требований относительно предмета спора, - закрытого акционерного общества «Ведение реестров компаний», о признании недействительными решений внеочередного общего собрания акционеров от 19.11.2002.
     В судебном заседании приняли участие представители:
     ОАО «Качканарский ГОК «Ванадий» - Старшинова Е.А., адвокат, доверенность № 183 от 09.12.2003, ордер № 73 от 28.07.2004, удостоверение № 613 от 10.01.2003;
     ЗАО «Ведение реестров компаний» - Свет Е.А., начальник юридического отдела, доверенность № 2002 от 05.05.2004.
     Другие лица, участвующие в деле, извещенные о месте и времени рассмотрения кассационной жалобы надлежащим образом, явку своих представителей в судебное заседание не обеспечили.
     Процессуальные права и обязанности представителям сторон разъяснены, отводов составу суда не заявлено, ходатайств не поступило.
     Компания «Фостон Менеджмент Лимитед» о.Кипр, Компания «Дэвис Интернэшнл» Западная Вирджиния, США, Компания «Холдэкс» Техас, США, Компа-

A - 2217

2

ния «Омни», Великобритания обратились в арбитражный суд с иском к открыто-му акционерному обществу «Качканарский горно – обогатительный комбинат «Ванадий» (ОАО «Качканарский ГОК «Ванадий»), открытому акционерному об-ществу «Уральский банк реконструкции и развития» (ОАО «УБРиР») о призна-нии недействительным решений внеочередного общего собрания акционеров от 19.11.2002.

Определением от 18.03.2004 к участию в деле в качестве третьего лица, не за-являющего самостоятельных требований относительно предмета спора, привле-чено закрытое акционерное общество «Ведение реестров компаний» (ЗАО «Веде-ние реестров компаний»).

Решением от 20.04.2004 в удовлетворении исковых требований отказано (су-дья Е.Н.Федорова).

В апелляционной инстанции решение не пересматривалось.

Истец Компания «Фостон Менеджмент Лимитед» с решением от 20.04.2004 не согласен, просит его отменить, принять новый судебный акт, исковые требова-ния удовлетворить, ссылаясь на несоответствие выводов суда фактическим об-стоятельствам дела, на противоречие выводов суда друг другу.

Лицами, участвующими в деле, письменные отзывы на кассационную жалобу не представлены.

Проверив в порядке ст. ст. 274, 284, 286 Арбитражного процессуального ко-декса Российской Федерации законность решения от 20.04.2004, обсудив доводы кассационной жалобы, изучив материалы дела, заслушав представителей ответчи-ка и третьего лица, присутствовавших в судебном заседании, суд кассационной инстанции оснований для отмены обжалуемого судебного акта не усматривает.

Как следует из материалов дела, 19.11.2002 состоялось внеочередное общее собрание акционеров ОАО «Качканарский ГОК «Ванадий», проведенное в форме заочного голосования, на котором квалифицированным большинством голосов от общего количества голосующих акций общества, участвующих в собрании, были приняты решения об увеличении уставного капитала общества путем размещения дополнительных обыкновенных акций общей номинальной стоимостью 190 932 126 рублей и об утверждении новой редакции устава ОАО «Качканарский ГОК «Ванадий».

Истцы, обращаясь с иском о признании недействительными принятых на об-щем собрании 19.11.2002 решений, указывали на то, что ряд акционеров, прини-мавших участие в собрании, в действительности не являются владельцами акций общества, следовательно – не имели права принимать участие в собрании и голо-совать по вопросам повестки дня, и информация об участии в собрании владель-цев 65,6969% голосующих акций общества и наличии кворума недостоверна. По мнению истцов, названные обстоятельства свидетельствуют о нарушении ОАО «Качканарский ГОК «Ванадий» ст.58 ФЗ «Об акционерных обществах» и являют-ся основанием для признания недействительными решений собрания от 19.11.2002. Помимо этого, истцы ссылались на их неизвещение о предстоящем собрании, на причинение им убытков уменьшением количества и стоимости их акций и на нарушение их прав в отношении акций.

3

Отказывая в удовлетворении иска, суд исходил из того, что довод истцов об участии в собрании лиц, не являющихся акционерами, документально не подтвержден, поскольку право собственности этих лиц на акции не оспорено, акции у них не изъяты. Кроме того, по мнению суда, истцами не представлено также доказательств того, что на дату составления списка лиц, имеющих право на участие в собрании, или на дату проведения собрания, истцы числились в реестре акционеров ОАО «Качканарский ГОК «Ванадий». В то же время судом отмечено, что владение истцами в целом 27,27% от общего числа голосующих акций общества недостаточно для оказания влияния на принятые оспариваемым собранием решения.

Данные выводы суда являются законными и обоснованными.

В соответствии с п.1 ст.65 АПК РФ каждое лицо, участвующее в деле, должно доказать обстоятельства, на которые оно ссылается как на основание своих требований и возражений.

По мнению суда кассационной инстанции, вывод суда о недоказанности истцами того обстоятельства, что лица, принимавшие участие в оспариваемом собрании 19.11.2002, обладают акциями на незаконных основаниях, является правомерным.

Доводы заявителя жалобы о наличии в материалах дела судебных актов о возврате части акций ОАО «Качканарский ГОК «Ванадий» истцам, в частности - определения Солнцевского суда г.Москвы от 04.11.2002 о повороте исполнения решения и об обязании регистратора вернуть списанные акции Компании «Фостон Менеджмент Лимитед», постановления Федерального арбитражного суда Северо – Кавказского округа от 17.04.2001 об отмене решения Арбитражного суда Республики Калмыкия от 22.11.2000 о списании акций с лицевых счетов Компании «Холдэкс», отклоняются, поскольку доказательств возникновения соответствующих правовых последствий таких судебных актов, подтверждающих факт отсутствия у лиц, принимавших участие в собрании, акций, предоставляющих им право на голосование по вопросам повестки дня, а также доказательств, подтверждающих изменения в количестве принадлежащих истцам акций, в материалах дела не содержится.

Довод кассатора о том, что судом не учтены требования ФЗ «Об акционерных обществах» о принятии решений по некоторым вопросам только квалифицированным большинством голосов отклоняется, так как по смыслу пункта 4 статьи 49 Закона под квалифицированным большинством голосов, необходимом для принятия общим собранием ряда решений, понимается большинство в три четверти голосов акционеров – владельцев голосующих акций, принимающих участие в собрании.

Таким образом, поскольку истцами, в нарушение ст.65 АПК РФ не представлено доказательств того, что лица, участвовавшие во внеочередном общем собрании акционеров ОАО «Качканарский ГОК «Ванадий» 19.11.2002, не обладали акциями общества и, следовательно, их голоса не могли быть учтены при подсчете кворума собрания, судом правомерно отказано в удовлетворении исковых тре-

4

бований о признании недействительными решений    общего    собрания    от 19.11.2002.

Поскольку судом установлены и исследованы все существенные для принятия правильного решения обстоятельства дела, им дана надлежащая правовая оценка, и выводы, изложенные в решении от 20.04.2004, основаны на имеющихся в деле доказательствах и соответствуют действующему законодательству, оснований для отмены обжалуемого судебного акта и для удовлетворения кассационной жалобы не имеется.

Руководствуясь ст. ст. 286, 287, 289 Арбитражного процессуального кодекса Российской Федерации, суд

## ПОСТАНОВИЛ:

решение от 20.04.2004 Арбитражного суда Свердловской области по делу № А60-12549/03 оставить без изменения,  кассационную жалобу - без удовлетворения.

Председательствующий                           И.Г.Арсёнов

Судьи                                                          П.А.Азанов

                                                                        А.А.Столяров

А - 2220

**Russian Federation**
**Moscow**
**City Court**

ZAO "Standard Trust"
9 a, Ubileynaya str.,
Verkhnyaya Pyshma,
Sverdlovsk region, 624090

8, Bogorodskiy val str., Moscow, 107076
fax: (095) 963-93-59
tel.: (095) 963-55-52

dated 07.12.2004 № 4г-2878

 

According to article 383 of Code of Civil Procedure Presiding judge of Moscow city court considered the claim against the determination of Moscow city court dated 02.07.2004 canceling the transference to the court of supervisory instance of civil case under the claim of OOO "Inrosmet", OAO "NTMK", ZAO "Standard Trust" against E.N. Ivanov, "Foston Management Limited" company, "Amber Star L.L.C." company, "Nexis Products L.L.C." company, "Davis International L.L.C." company, "Omni Trusthouse Limited" company, "Holdex L.L.C." company on reclamation of property from foreign illegal possession on which the court decision dated 29.09.2000 is retrieved by the determination dated 13.08.2003 of Solntsevskiy district court of Moscow.

There are no any reasons for transference of this civil case to the court of supervisory instance for substantive prosecution.

Annex consists of 43 pages.

Presiding judge
Of Moscow city court

O.A. Egorova

A - 2221



**Российская Федерация**
**Московский**
**Городской Суд**

107076, г.Москва, ул. Богородский вал, 8
факс: (095) 963-93-59
тел.: (095) 963-55-52

_____ _____ № _____

на № _____ от _____

ЗАО «Стандарт Трест»
624090, Свердловская обл.,
г. Верхняя Пышма,
ул. Юбилейная, д. 9а

В соответствии со ст. 383 ГПК РФ Председателем Московского городского суда рассмотрена жалоба на определение Московского городского суда от 02 июля 2004 года, которым отказано в передаче в суд надзорной инстанции гражданского дела по иску ООО «Инросмет», ОАО «НМТК», ЗАО «Стандарт Трест» к Иванову Е.Н., компании «Фостон Менеджмент Лимитед», компании «Амбер Стар Эл.Эл.Си.», компании «Нексис Продакс Эл.Эл.Си.», компании «Дэвис интернешнл Эл.Эл.Си.», компании «Омни трастхаус Лимитед», компании «Холдэкс Эл.Эл.Си.» об истребовании имущества из чужого незаконного владения, по которому Солнцевским районным судом г. Москвы определением от 13 августа 2003 года произведен поворот исполнения решения суда от 29 сентября 2000 года.

Оснований для передачи данного гражданского дела в суд надзорной инстанции для рассмотрения по существу не установлено.

Приложение на 43 листах.

Председатель
Московского городского суда                                    О.А. Егорова

A - 2223

**Arbitrazh Court of the Sverdlovsk region**

**In the name of Russian Federation**

**Decision**

The city of Yekaterinburg                          Docket № 9235/2001-C2
September 18, 2001

Arbitrazh court of the Sverdlovsk region, present:

Presiding judge: Skuratovsky M.L.
Judges: Khramtsova N.I., Kolikova L.A.

Considered in the hearing
The case initiated by the complaint of the company
"Foston Management Limited"
(name of the Claimant)
Against "Urals Brokerage Agency", OOO "Konstruktsiya E", OOO TPK "STEK",
OOO "Ural-Start Ltd", OOO "TEMERSO", ZAO "Staraya Krepost", OOO
"Promtreysstroy", OOO "LARNAKS OPTIM", OOO "Teplostroyavtomatika",
OOO "Fiesta", OOO PKF "Kord", OOO "Potok", OAO "Svyatogor", ZAO
"Trading House Piastrella", OOO PKF "Electromarket", Financial Investment
Company "TAXI STOCK", OAO "Kachkanarsky GOK Vanadiy"
To invalidate transactions
Attendants:
Ashikhmina M.M. – representative, power of attorney dated September 9, 2000,
OAO "GOK Vanadiy" – Grigoryeva Y.L., representative, power of attorney dated
May 14, 2001
ZAO "Staraya Krepost" – Sorokin V.V., representative, power of attorney dated
June 20, 2001
The company "STEK" – Kanteev D.V., representative, power of attorney dated
September 7, 2001
OOO "Urals Brokerage Agency" – Sukhnev A.V., representative, power of
attorney dated September 10, 2001
OOO "Taxi/Stock" – Sukhnev I.V., representative, power of attorney dated
September 10, 2001

    Plaintiff, being the shareholder of OAO "Kachkanarsky GOK Vanadiy",
requests to invalidate the transactions regarding sale by OAO of promissory notes
to other defendants.
    Plaintiff allegations that the above-stated transactions are invalid, are based
on the following:
  • The promissory notes are signed by an unauthorized person

- There is no decision of the Board of Directors on placement of the promissory notes (Article 183(1) of the Civil Code of the Russian federation) and on entering into a large transaction (Article 79 of the Federal Law "On Joint Stock Companies"). Plaintiff believes that transactions on sale of promissory notes are related to each other. And according to Plaintiff's information, the amount of the issued promissory notes constitutes 31.23% of the book value of assets of the entity for January 1, 1999.
- The Plaintiff believes that its rights as a shareholder were violated because after OAO refused to pay to OOO Lebaut upon the promissory notes, which accumulated all issued promissory notes within several days, "Lebaut" consequently became the holder of 90% of GOK debt and gained advantage at the Meeting of Business Creditors, conducted within the bankruptcy procedure of GOK.

OAO "Kachkanarsky GOK Vanadiy" did not recognize the claim stating that there were no grounds for invalidation of transactions regarding sale of promissory notes.

Other defendants present at the meeting supported its objections.

The rest of the defendants did not attend the hearing, which, pursuant to Articles 111 and 112 of the Arbitrazh Procedural Code of the Russian Federation, does not prevent the court from considering the case on the merits, because part of the defendants was properly notified of the time and venue of the hearing, as for other defendants, an order accepting the petition was sent to places of their state registration.

In the course of the proceedings Plaintiff filed a Motion to suspend the consideration of the case in order to review documents submitted by Defendants. The Motion was dismissed by the court pursuant to Article 120 of the Arbitrazh Procedural Code of the Russian Federation, because during the hearing Plaintiff was provided a possibility to review the above documents, moreover, the record of the case permit to examine it on the merits without delay.

After examination of submitted materials the court decided to deny the relief sought in the complaint.

In February 2000 OAO "Kachkanarsky GOK Vanadiy" transferred the following promissory notes to the Defendants:

- № 3159986 in the amount of 86,310,000 rubles – to OOO "Financial Investment Company "TAXI"
- № 3029917-3029952 in the amount of 20,000,000 rubles – to OAO "Svyatogor"
- № 3159983 in the amount of 5,627,247.32 rubles – to OOO TPK "STEK"
- № 2834484 in the amount of 79,330,000 rubles, № 2824483 in the amount of 79,330,000 rubles – to OOO "Urals Brokerage Agency"
- № 3159988 in the amount of 1,144,639.46 rubles – to ZAO "Staraya Krepost"
- № 3159990 in the amount of 5,274,907.09 rubles – to OOO "TEMERSO",

- № 3159989 in the amount of 500,000 rubles – to OOO "Fiesta"
- № 3159987 in the amount of 18,053,973 rubles – to OOO "Larnaks-Optim"
- № 2834476 in the amount of 607,300 rubles – to OOO "Potok"
- № 2834481 in the amount of 2,371,221.20 rubles – to OOO "Ural-Start Ltd"
- № 2834479 in the amount of 2,039,472.76 rubles – to ZAO "Trading House Piastrella"
- № 2834478 in the amount of 1,258,962 rubles – to OOO PKF "Electromarket"
- № 2834485 in the amount of 79,330,000 rubles – to OOO "Urals Brokerage Agency"
- № 2834489 in the amount of 1,020,000 rubles – to OOO "PKP Kord"
- № 2834488 in the amount of 10,071,367 rubles – to OOO "Teplostroyavtomatika"
- № 2834486 in the amount of 520,852 rubles - to OOO "Konstruktsiya E"
- № 2834482 in the amount of 3,408,010 rubles – to OOO "Promtreysstroy"

All the above promissory notes were transferred on the basis of sales agreements, concluded between OAO "Kachkanarsky GOK Vanadiy" and the Defendants.

The promissory notes are signed by the Deputy Director General of the OAO, who, according to Plaintiff, was not authorized to sign them.

However, the above circumstance does not cause invalidity of transaction (agreement) on issue of promissory notes:

As provided by of Article 183(1) of the Civil Code of the Russian Federation, execution of the agreement by an unauthorized person, cannot be used as a ground for invalidation of , in this case other consequences arise.

Second, the Plaintiff confuses the notion of the invalidity of the promissory note because of the defect of the form and of the agreement, which is an actual ground for the note holder's acquisition. Because of the abstract nature of the liability, indicated in the promissory note, the assumed defect of the promissory note does not cancel obligations of the parties upon the sales agreement.

Third, GOK submitted to the court the power of attorney, which the Director general of OAO issued to Gruzdev A.G., the person who signed the promissory notes on behalf of GOK, on February 1, 2000 by. The power of attorney authorized him to issue promissory notes.

Pursuant to Articles 1 and 2 of the Federal Law "On Securities Market", this law governs issue of emissive securities, however promissory notes do not belong to emission securities. The term "placement" refers only to emission securities. Thus, the requirement Article 29.3.8 of the Charter of OAO "Kachkanarsky GOK Vanadiy" on necessity of the decision of the Board of Directors with regard to placement of does nor cover issue of the securities by the company.

Pursuant to Article 79(1) of the Federal Law "On Joint Stock Companies", the decision on entering into a large transaction involving property, with value

A - 2226

from 25 to 50 % of the book value of assets of the company, shall be made by the Board of Directors of the entity.

Pursuant to Article 78 of the Federal Law "On Joint Stock Companies", each separate transaction for sale of notes concluded by the entity is not a large transaction, because the nominal value of the promissory notes is less than 25% of the book value of the assets of the entity.

According to the Plaintiff, the fact that the promissory notes were issued within two weeks and that within several days were transferred to one holder – OOO "Lebaut", which became one of company's largest creditors after it refused to pay for them indicated interdependence between these transactions.

In fact, the above stated circumstances may, on the face of it, suggest the idea that these transactions are related.

However, the court cannot accept Plaintiff's allegation with regard to interrelation of these transactions, formed in the context of further event.

Plaintiff did not produce any evidence of the interdependence of the transactions, except its own conclusion.

The promissory notes were sold by OAO to various legal entities, there is no evidence that they are connected (affiliation, interest, capital contribution, common management, etc.). The proceedings regarding the bankruptcy of OAO "Kachkanarsky GOK Vanadiy" were commenced by the arbitrazh court on the grounds of the creditor's petition. The company had an obligation before the creditor, not arising from promissory notes.

In addition, despite the absence of necessity, issue and sale of the promissory notes were approved by the Board of Directors of the entity at the hearings of 23 January 2001 and 12 May 2001.

On the basis of the above, the court cannot declare the circumstances, indicated by Plaintiff as grounds for invalidation of transactions

Besides, when the court made the decision it took into consideration two other aspects.

As it follows from the content of the complaint, the Plaintiff's disagreement with OAO Kachkanar GOK Vanadiy bankruptcy proceedings that were carried out in the process of consideration by Arbitrazh Court of the Sverdlovsk Region of the case # A60-4517/2000-C1, is the actual reason for filing of the present complaint. The proceedings the Plaintiff disagrees with include the conclusion of a settlement agreement between the company and its creditors, which was approved by the order of April 4, 2001 and became effective after it was examined by appellate and cassation courts.

The court considers the Plaintiff's complaint to invalidate the agreements on company's sale of promissory notes after the actual termination of the bankruptcy case as an attempt to reconsider judicial decisions issued within the framework of the case # A50-4517/2000-C1 beyond the scope envisioned by provisions of the Arbitrazh Procedural Code of the Russian Federation.

A settlement agreement is the best way to rehabilitate solvency of such a large company as OAO Kachkanar GOK GOK Vanadiy. Therefore, the Plaintiff did not convince the court that the settlement agreement concluded with the