creditors violates rights of its shareholders because the conditions of the settlement agreement provide for repayment of a debt by installments in a course of 15 years. termination of the bankruptcy case and by virtue of Article 85 of the Arbitrazh Procedural Code of the Russian Federation and Article 124 of the Law "On insolvency (bankruptcy)" entails restoration of shareholders' rights to mange the business of the company.

The fact that a question with regard to validity of the agreements for company's sale of promissory notes, indebtedness upon which became a substantial part of the total amount of accounts payable, was raised after the termination of the proceedings in the bankruptcy case and not on the beginning stages of the case is considered by the court, as abuse by the Plaintiff of its right as provided by Article 10 of the Civil Code of the Russian Federation. It court's opinion it evidences that as a shareholder the Plaintiff is not interested in a stable work of the company.

The court, also, took into consideration the fact that even if the agreements for sale of promissory note will be invalidated by some reason, such invalidation will not cause invalidity of the promissory notes, which is the ultimate purpose of the present complaint. Pursuant to Article 1 of the Regulations on Promissory Notes and Bills of Exchange, the obligation upon the promissory note is abstract and unconditional, i.e. it is independent from actual ground for its issue.

Pursuant to Article 124 of the Arbitrazh Procedural Code of the Russian Federation the Court

## DECIDED:

To deny the relief sought in the complaint to invalidate the following transactions (contracts) for sale by OAO "Kachkanarsky GOK "Vanadiy"of the following promissory notes:

Promissory note No.3159986 in amount of 86,310,000 rubles, dated 02/04/00, payable at site, to OOO "Financial Investment Company "TAKSI";

Promissory notes No. 3029917 – 3029952, in the amount 20,000,000 rubles each (total amount is 72,0000,000 rubles), dated 02/08/00, payable at site, to OAO "Sviatogor";

Promissory note No.3159983 in the amount of 5,627,247.32 rubles, dated 10.02.2000, payable at site, to OOO TPK "STAK";

Promissory notes No.2834484 in the amount of 79,330,000 rubles, dated 02/14/00, payable at site , and No. 2824483 in the amount of 79,330,000 rubles, dated 02/14/00, payable at site, to OOO "Uralsk Broker Agency";

Promissory note No.3159988 in the amount of 1,144,639.49 rubles, dated 02/16/00, payable at site, to ZAO "Staraya Krepost";

Promissory note No.3159990 in the amount of 5,274,907.09 rubles, dated 02/16/00, payable at site, to OOO "Temerso";

Promissory note No.3159989 in the amount of 500,000 rubles, dated 16.02.2000, payable at site, to OOO "Fiesta";

A - 2228

Promissory note No.3159987 in the amount of 18,053,973 rubles, dated 02/16/00, payable at site, to OOO "Larnaks-Optim";

Promissory note No.2834476 in the amount of 607,300 rubles, payable at site, to OOO "Potok";

Promissory note No.2834481 in the amount of 2,371,221.20 rubles, dated 02/17/00, payable at site, to OOO "Ural-Start Ltd.";

Promissory note No.2834479 in the amount of 2,039,472.76 rubles, dated 02/17/00, payable at site, to ZAO "Trade House "Piastrella";

Promissory note No.2834478 in the amount of 1,258,062 rubles, dated 02/17/00, payable at site, to OOO "PKF "Electromarket";

Promissory note No.2834485 in the amount of 79,330,000 rubles, dated 02/18/00, payable at site, to OOO "Uralsk Broker Agency";

Promissory note No.2834489 in the amount of 1,020,000 rubles, dated 02/18/00, payable at site, to OOO "PKP "Kord";

Promissory note No.283 in the amount of 10,071,367, dated 02/22/00, payable at site, to OOO "Teplostroyavtomatika";

Promissory note No.2834486 in the amount of 520,852 rubles, dated 02/22/00, payable at site, to OOO "Konstruktsia-E";

Promissory note No.2834482 in the amount of 3,408,010 rubles, dated 02/23/00, payable at site, to OOO "Promtreysstroy".

|  |  |
|---|---|
| Chairman | M.L.Skuratovsky |
|  | N.I.Khramtsova |
|  | L.A.Kolikova |

(Stamp)

A - 2229

15/09 2002 16:48 FAX 9334814        MARKS&SOKOLOV                    ☐002



# Арбитражный суд Свердловской области
# Именем Российской Федерации
## РЕШЕНИЕ

г. Екатеринбург
18.09.2001                               Дело № А60-9235/2001-С2

Арбитражный суд Свердловской области в составе:

председательствующего _____ Скуратовского М.Л. _____

судей: Храмцовой Н.И., Коликовой Л.А.

рассмотрев в судебном заседании дело по иску

"Компани и "Фостон Менеджмент Лимитед"
(наименование истца)

к "Уральскому брокерскому агентству", ООО "Конструкция-В",

к  ООО ТПК "СТЭК", ООО "Урал-Старт ЛТД", ООО "ТЕМЕРСО", ЗАО
(наименование ответчика)
"Старая крепость", ООО "Промтрейсстрой", ООО "ЛАРНАКС

ОПТИМ", ООО "Теплостройавтоматика", ООО "Фиеста", ООО

"ПКФ "Корд", ООО "Поток", ОАО "Святор", ЗАО "Торговый

о   дом "Пиастрелла", ООО ПКФ "Электромаркет", Финансово-

инвестиционной компании "ТЭКСИ СТОК", ОАО "Качканарский ГОК"
"Ванадий"

При участии в заседании:

о признании недействительными сделок

При участии в заседании:
И: Ашихмина М.М. - предст. по дов. от 01.09.2000г.
О: ОАО "ГОК "Ванадий" - Григорьева Е.Л. предст. по дов.
   от 14.05.2001г.
   ЗАО "Старая крепость" - Сорокин В.В. - предст. по дов.
   от 20.06.2001г.

A - 2231

15/09 2002 16:48 FAX 9334614          MARKS&SOKOLOV                    ☒003

Компания "СТЭК": Кантеев Д.В. - предст. по дов. от 07.09.2001г.
ООО "Уральское брокерское агентство" - Сухнев А.В. - предст. по дов. от 10.09.2001г.
ООО "ТЭКСИ/СТОК": Сухнев И.В. - предст. по дов. от 10.09.2001г.

Истец, являющийся акционером ОАО "Качканарский ГОК "Ванадий", просит признать недействительными сделки по продаже ОАО остальным ответчикам векселей.

Основаниями недействительности данных сделок истец считает:

подписание векселей неуполномоченным лицом;

отсутствие решения Совета директоров о размещении векселей (п.1 ст. 183 ГК РФ) и о совершении крупной сделки (ст. 79 ФЗ "Об акционерных обществах"); истец полагает, что сделки по продаже всех векселей являются взаимосвязанными, сумма, на которую выданы векселя, составляет, по данным истца, 31,23% от балансовой стоимости активов общества на 01.01.99г.

Нарушение своих прав как акционера, истец видит в том, что после отказа ОАО уплатить по векселям ООО "Лебаут", сосредоточившему в своих руках, в течение нескольких дней, все выданные векселя, что позволило последнему сосредоточить 90% кредиторской задолженности ГОКа и получить преимущество на собраниях конкурсных кредиторов, проводимых в рамках процедур банкротства в отношении ГОКа.

ОАО "Качканарский ГОК "Ванадий" иск не признало, ссылаясь на отсутствие оснований для признания сделок по продаже векселей недействительными.

Остальные присутствовавшие в заседании ответчики поддержали его возражения.

Остальные ответчики в заседание не явились, что, в силу ст. 111, 119 АПК РФ, не препятствует рассмотрению дела по существу, т.к. часть ответчиков надлежащим образом была уведомлена о времени и месте разбирательства, другим ответчикам определение о принятии заявления было направлено по месту их государственной регистрации.

A - 2232

2.

В ходе судебного разбирательства истцом заявлено ходатайство об отложении рассмотрения дела с целью ознакомления с документами, представленными ответчиками. Ходатайство судом отклонено, в силу ст. 120 АПК РФ, поскольку в ходе заседания истцу была предоставлена возможность ознакомления с указанными документами, кроме того, материалы дела позволяют рассмотреть его по существу без отложения.

Рассмотрев материалы дела, суд находит требования не подлежащими удовлетворению.

В феврале 2000г. ОАО "Качканарский ГОК "Ванадий" выдал векселя ответчикам:

- № 3159986 на 86310000руб. - ООО "Финансово-Инвестиционная компания "ТЭКСИ";
- № 3029917 - 3029952 на 20000000руб. - ОАО "Святогор";
- № 3159983 на 5627247руб.32коп. - ООО ТПК "СТЭК";
- № 2834484 на 79330000руб. и № 2824483 на 79330000руб. - ООО "Уральское брокерское агентство";
- № 3159988 на 1144639руб.46коп. - ЗАО "Старая крепость";
- № 3159990 на 5274907руб.09коп. - ООО "Темерсо";
- № 3159989 на 500000руб. - ООО "Фиеста";
- № 3159987 на 18053973руб. - ООО "Ларнакс-Оптим";
- № 2834476 на 607300руб. - ООО "Поток";
- № 2834481 на 2371221руб.20коп. - ООО "Урал-Старт ЛТД";
- № 2834479 на 2039472руб.76коп. - ЗАО "Торговый дом "Пиастрелла";
- № 2834478 на 1258962руб. - ООО "ПКФ "Электромаркет";
- № 2834485 на 79330000руб. - ООО "Уральское брокерское агентство";
- № 2834489 на 1020000руб. - ООО "ПКП "Корд";
- № 2834488 на 10071367руб. - ООО "Теплостройавтоматика";
- № 2834486 на 520852руб. - ООО "Конструкция-Е";
- № 2834482 на 3408010руб. - ООО "Промтрейсстрой".

Все указанные векселя передавались на основании договоров купли-продажи, заключенных ОАО "Качканарский ГОК "Ванадий" с ответчиками.

Векселя подписаны заместителем генерального директора ОАО, по мнению истца, не уполномоченного на это.

A - 2233

15/09 2002 16:49 FAX 9334614    MARKS&SOKOLOV    ☒005

3.

Однако указанное обстоятельство не влечет недействительность сделок (договоров) по выдаче векселей:

во-первых, заключение сделки неуполномоченным лицом, в силу п.1 ст. 183 ГК РФ, не является основанием признания сделки недействительной, в этом случае наступают другие последствия;

во-вторых, истец смешивает понятия недействительности самого векселя ввиду дефекта формы и сделки, являющейся фактическим основанием для приобретения векселедержателем. Предполагаемый дефект формы векселя в силу абстрактного характера выраженного в нем обязательства, не прекращает обязательств, принятых сторонами по договору купли-продажи векселя;

в-третьих, ГОК представил в суд доверенность, выданную 01.02.2000г. Груздеву А.Г., подписавшему векселя от имени ГОКа, генеральным директором ОАО и дающую ему полномочия по выдаче векселей.

В соответствии со ст. 1, 2 Федерального закона "О рынке ценных бумаг" он распространяется на эмиссионные ценные бумаги, к каковым вексель не относится, термин "размещение" относится только к эмиссионным бумагам. Таким образом, требование ст. 29.3.8 Устава ОАО "Качканарский ГОК "Ванадий" о необходимости наличия решения Совета директоров по размещению ценных бумаг, не распространяется на выпуск обществом векселей.

В соответствии с п.1 ст. 79 Федерального закона "Об акционерных обществах" решение о совершении крупной сделки, предметом которой является имущество, стоимость которой составляет от 25 до 50% балансовой стоимости активов общества, принимается Советом директоров общества.

Каждая из сделок по продаже векселей, совершенная обществом, по отдельности, не является крупной, в силу ст.78 ФЗ "Об акционерных обществах", поскольку номиналы векселей не составляют более 25% стоимости активов общества.

Взаимосвязанность этих сделок истец видит в том, что векселя выпущены в течение 2-х недель, в течение нескольких дней были переданы одному держателю - ООО Лебаут", который, после отказа общества их оплатить, стал самым крупным его кредитором.

A - 2234

4.

Действительно, названные обстоятельства, на первый взгляд, могут создать впечатление о связи таких сделок.

Тем не менее, суд не может принять утверждение истца об очевидности факта взаимосвязанности сделок, сложившееся у него на основе умопостроений в контексте последующих событий.

В соответствии со ст. 53 АПК РФ каждое лицо должно доказать те обстоятельства, на которые оно ссылается как на основание своих требований или возражений.

Истцом каких-либо доказательств взаимосвязанности договоров по продаже векселей, кроме собственного вывода, не представлено.

Векселя продавались ОАО разным юридическим лицам, связь которых между с обой (аффилированность, заинтересованность, участие в капиталах, общее руководство и т.п.) не доказана. Производство по делу о банкротстве ОАО "Качканарский ГОК "Ванадий" было возбуждено арбитражным судом на основании заявления кредитора, перед которым общество имело не вексельное обязательство.

Кроме того, несмотря на отсутствие необходимости, выпуск и продажа векселей были одобрены Советом директоров общества на заседаниях 23.01.2001г. и 12.05.2001г.

В силу изложенного, суд не может признать обстоятельства, указанные истцом как влекущие недействительность сделок по продаже векселей, в качестве оснований недействительности.

Кроме того, при вынесении решения суд учел еще два момента.

Причиной настоящего иска, как следует из содержания заявления, является несогласие истца с теми процедурами банкротства, которые были проведены в отношении ОАО "Качканарский ГОК "Ванадий" в процессе рассмотрения Арбитражным судом Свердловской области дела № А60-4517/2000-С1, в том числе с заключением мирового соглашения общества с кредиторами, утвержденного определением от 19.04.2001г. и вступившего в законную силу после рассмотрения апелляционной, а также кассационной инстанциями.

Инициирование истцом вопроса о действительности договоров по продаже обществом векселей после фактического завершения дела о банкротстве, суд расценивает как попытку пересмотра судебных актов, принятых в рамках дела № А60-4517/2000-С1, непроцессуальными способами.

5.

Не убедил истец суд и в том, что мировое соглашение с кредиторами, являющееся наиболее приемлемым вариантом выхода из состояния банкротства для такой крупной организации, каковой является ОАО "Качканарский ГОК "Ванадий" (к тому же градообразующей и социально важной), ущемляет права его акционеров: условиями мирового соглашения предусмотрена рассрочка выплаты долга на 15 лет, прекращение производства по делу, в силу ст. 85 АПК РФ, ст. 124 ФЗ "О несостоятельности (банкротстве)" влечет восстановление прав акционеров по управлению делами общества.

Сама постановка истцом вопроса о действительности договоров по продаже обществом векселей, задолженность по которым вошла в качестве весомой части в общий объем кредиторской задолженности, после завершения производства по делу о банкротстве, а не на его начальных стадиях, расценивается судом, в силу ст. 10 ГК РФ, как злоупотребление истцом своим правом, свидетельствующим об отсутствии у него заинтересованности, как акционера, в стабильной деятельности общества.

Учел суд также и то, что даже в случае признания, по каким-либо причинам, договоров по продаже векселей недействительными, это обстоятельство не влечет недействительность самих векселей, на что, в конечном итоге, и направлен настоящий иск. Вексельное обязательство, являясь, в силу ст. 1 Положения о переводном и простом векселе, безусловным, обладает признаком абстрактности, т.е. независимости от фактического основания своей выдачи.

Руководствуясь ст. 124 АПК РФ, суд

РЕШИЛ:

В иске о признании недействительными сделок (договоров) по продаже ОАО "Качканарский ГОК "Ванадий":

Векселя № 3159965 на 86310000руб. от 04.02.2000г. со сроком и местом платежа - по предъявлении, ООО "Финансово-Инвестиционная Компания "ТЭКСИ";

Векселей № 3029917 - 3029952 каждый на сумму 20000000руб. (на общую сумму 720000000руб.) от 08.02.2000г. со сроком и местом платежа - по предъявлении, ОАО "Святогор";

Векселя № 3159963 на 5627247,32руб. от 10.02.2000г. со сроком и местом платежа - по предъявлении, ООО ТПК "СТЭК";

6.

Векселя № 2834484 на 79330000руб. от 14.02.2000г. со сроком и местом платежа - по предъявлении, и № 2824483 на 79330000руб. от 14.02.2000г. со сроком и местом платежа - по предъявлении, ООО "Уральское брокерское агентство";

Векселя № 3159988 на 1144639,46руб. от 16.02.2000г. со сроком и местом платежа - по предъявлении, ЗАО "Старая крепость";

Векселя № 3159990 на 5274907,09руб. от 16.02.2000г. со сроком и местом платежа - по предъявлении, ООО "Темерсо";

Векселя № 3159989 на 500000руб. от 16.02.2000г. со сроком платежа - по предъявлении, ООО "Фиеста";

Векселя № 3159987 на 18053973руб. от 16.02.2000г. со сроком и местом платежа - по предъявлении, ООО "Ларнакс-Оптим";

Векселя № 2834476 на 607300руб. от 17.02.2000г. со сроком и местом платежа - по предъявлении, ООО "Поток";

Векселя № 2834481 на 2371221,20руб. от 17.02.2000г. со сроком и местом платежа - по предъявлении, ООО "Урал-Старт ЛТД";

Векселя № 2834479 на 2039472,76руб. от 17.02.2000г. со сроком и местом платежа - по предъявлении, ЗАО "Торговый дом "Пиастрелла";

Векселя № 2834478 на 1258062руб. от 17.02.2000г. со сроком и местом платежа - по предъявлении, ООО "ПКФ "Электромаркет";

Векселя № 2834485 на 79330000руб. от 18.02.2000г. со сроком и местом платежа - по предъявлении, ООО "Уральское брокерское агентство";

Векселя № 2834489 на 1020000руб. от 18.02.2000г. со сроком и местом платежа - по предъявлении, ООО "ПКП "Корд";

Векселя № 283 на 10071367руб. от 22.02.2000г. со сроком и местом платежа - по предъявлении, ООО "Теплостройавтоматика",

Векселя № 2834486 на 520852руб. от 22.02.2000г. со сроком и местом платежа - по предъявлении, ООО "Конструкция-Е";

Векселя № 2834482 на 3408010руб. от 23.02.2000г. со сроком и местом платежа - по предъявлении, ООО "Промтрейсстрой"

отказать.

Председательствующий    М.Л. Скуратовский
                        Н.И. Храмцова
                        Л.А. Коликова

A - 2237

[handwritten:]
To be filed.
Send a copy by fax to [illegible] N. Kolesnikov.
[signature] ([illegible])
12/28/01

## FEDERAL COURT OF ARBITRATION OF URAL DISTRICT

### ORDER OF REFUSAL
**Of the Court of Cassation regarding the Verification of the Legality and Propriety of Decisions (Determinations) of the Courts of Arbitration that Have Become Legally Effective**

**City of Ekaterinburg**
**December 20, 2001**                                   Case No. F09-2448/01 GK

Regarding the inspection by the cassation court of the legality of decisions and determinations of the courts of arbitration of the Russian Federation rendered by the lower courts and courts of appeal, the Federal Court of Arbitration of the Ural District comprised of:

Chairperson:        T. V. Varlamova
Judges:             M. G. Mitina
                    I. G. Arsenov

heard the cassation appeal of Foston Management Limited against the decision of the Court of Arbitration of Sverdlovsk Province dated September 18, 2001 in case No. A60-9235/01 regarding the company of Foston Management Limited against the Uralian Brokerage Agency, OOO Konstruktsiia-E, OOO TPK Stak [Stak Territorial Manufacturing Complex, LLC], OOO Ural-Start LTD, OOO Temerso, ZAO Staraia krepost, OOO Promtreisstroi, OOO Larnaks Optim, OOO Teplostroiavtomatika, OOO Fiesta, OOO PKF Kord [Kord Manufacturing Commercial Company, LLC], OOO Potok, OAO Sviatogor, ZAO Torgovyi dom Piastrella [Piastrella Trading Company, Closed Joint Stock Company], OOO PKF Elektromarket, Taxi-Stock Financial Investment Company, and OAO Kachkanarskii GOK Vanadii [Karchkanar Vanadii Mining and Milling Complex, Open Joint Stock Company] regarding nullification of transactions.

The hearing was attended by:
On behalf of the Plaintiff – M. M. Ashikhmina, based on power of attorney dated October 1, 2001;
On behalf of the Defendant:
OAO Kachkanarskii GOK Vanadii – E. L. Grigoreva based on power of attorney dated December 10, 2001.

The other parties to the case, duly notified by the court of the time and place of hearing of the case, did not ensure the appearance of their representatives at the hearing.

A - 2238

The rights and obligations were explained.

The composition of the court was not challenged.

No requests were made.

[square stamp on the bottom of first page:]
OAO Kachkanarskii GOK Vanadii
[illegible] No. 4503, December 28, 2001

Foston Management Limited, in its capacity as a stockholder in OAO Kachkanarskii GOK Vanadii, had filed with the Court of Arbitration of Sverdlovsk Province a claim against the Defendants requesting that the court nullify the transactions for the purchase and sale of debt securities of OAO Kachkanarskii GOK Vanadii in the total amount of RUR 1,096,197,951.83 performed in February 2000.

The claim was denied with decision dated September 18, 2001 (Judges: M. L. Skuratovskii, N. I. Khramtsova, L. A. Kolikova).

The case was not reviewed in the course of an appeal.

The Plaintiff, Foston Management Limited, does not agree with the decision and asks in its cassation appeal that the decision be revoked and the claim be sustained and refers to the incorrect application by the court of Articles 33, 34, and 65 of the Federal Joint Stock Companies Act, Article 2 of the Federal Securities Market Act, Article 10 of the Civil Code of the Russian Federation, and to the improper assessment of the circumstances of the case.

Upon the examination, pursuant to Articles 162, 171, and 174 of the Code of Arbitration Procedure of the Russian Federation, of the legality of the court's decision rendered, the Cassation Court does not find any grounds to sustain the Plaintiff's appeal.

The Plaintiff has pointed out the following as grounds for nullification of the transactions for the purchase and sale of debt securities: the signing of the debt securities by an unauthorized person; the lack of a decision on the part of the Board of Directors of OAO Kachkanarskii GOK Vanadii for the allocation of the debt securities and for the completion of the given transaction as a major one since, in the opinion of the Plaintiff, said transactions were mutually related (violation of Article 187 of the Civil Code of the Russian Federation, Articles 78 and 79 of the Federal Joint Stock Companies Act).

In accordance with Article 33 of the Federal Joint Stock Companies Act, a joint stock company has the right to allocate in accordance with its articles of incorporation bonds and other securities envisioned in the RF legal regulations regarding securities. Here, the solution of this issue lies within the exclusive jurisdiction of the Board of

A - 2239

Directors (Article 65 of the above Federal Act) and is formally stated in Section 29.3.8 of the Articles of Incorporation of OAO Kachkanarskii GOK Vanadii.

At the same time, it follows from the content of Articles 1 and 2 of the Federal Securities Market Act that the term "allocation" is used only with respect to issued securities, to which category a bill of exchange does not belong. The order of issue and circulation of debt securities is regulated by special laws regarding debt securities, i.e. the Federal Act on Bills of Exchange and Promissory Notes and the Regulation regarding Bills of Exchange and Promissory Notes.

In this manner, the Court of Arbitration has reached a substantiated conclusion that the requirements of Section 29.3.8 of the Articles of Incorporation of OAO Kachkanarskii GOK Vanadii regarding the necessity of a decision on the part of the Board of Directors regarding the allocation of securities to be issued by the company does not include debt securities.

In addition, the court has justly considered the fact that none of the transactions for the sale of debt securities performed by the company with each of the defendants individually constitutes a major transaction in the sense of Article 78 of the Federal Joint Stock Companies Act because the face values of the debt securities did not constitute more than 25% of the value of the company's assets, and because no evidence had been given by the Plaintiff as to the mutual relation between the disputed transactions for the purchase and sale of debt securities (Article 53 of the Code of Arbitration Procedure of the Russian Federation). As is evident from the materials of the case, the debt securities were sold to various legal entities and no mutual relations between them (affiliation, interest in completion of the transaction, joint management) was proven.

The conclusion of the court regarding the signing of the debt securities by an unauthorized person is contradicted by the existence in the materials of the case of a power of attorney dated February 1, 2000 issued by the General Director of OAO Kachkanarskii GOK Vanadii to A. G. Gruzdev for the issue of authorizations for the issue of debt securities.

In light of the above, the court of arbitration did not have grounds to sustain the claim for nullification of the transactions for the purchase and sale of debt securities as a result of which the claim was justly denied.

The decision was rendered in accordance with the law and the circumstances of the case and is not subject to revocation.

The arguments of the cassation appellant regarding improper application by the court of the standards of the substantive law are disposed of as unsubstantiated.

Pursuant to Articles 174, 175, and 177 of the Code of Arbitration Procedure of the Russian Federation, the Court

**DETERMINED:**

To leave the decision of the Court of Arbitration of Sverdlovsk Province, case no. A60-9235/01, dated September 18, 2001, unchanged and to deny the cassation appeal.

| | |
|---|---|
| Chairperson: | T. V. Varlamova |
| Judges: | M. G. Mitina |
| | I. G. Arsenov |

[round seal:]
Federal Court of Arbitration of Ural District,
City of Ekaterinburg

[square stamp:]
FEDERAL [illegible]
[handwritten:]
T. V. Varlamova
December 24, 2001

ФЕДЕРАЛЬНЫЙ АРБИТРАЖНЫЙ СУД УРАЛЬСКОГО ОКРУГА

# ПОСТАНОВЛЕНИЕ
кассационной инстанции по проверке законности и обоснованности решений (постановлений) арбитражных судов, вступивших в законную силу

г. Екатеринбург
20 декабря 2001 года

Дело № Ф09-2448/01 ГК

Федеральный арбитражный суд Уральского округа по проверке в кассационной инстанции законности решений и постановлений арбитражных судов субъектов Российской Федерации, принятых ими в первой и апелляционной инстанциях, в составе:

председательствующего: Варламовой Т.В.,
судей: Митиной М.Г.,
Арсенова И.Г.

рассмотрел в судебном заседании кассационную жалобу компании «Фостон Менеджмент Лимитед» на решение от 18.09.01 Арбитражного суда Свердловской области по делу № А60-9235/01 по иску компании «Фостон Менеджмент Лимитед» к Уральскому брокерскому агентству, ООО «Конструкция-Е», ООО ТПК «Стэк», ООО «Урал-Старт ЛТД», ООО «Темерсо», ЗАО «Старая крепость», ООО «Промтрейсстрой», ООО «Ларнакс Оптим», ООО «Теплостройавтоматика», ООО «Фиеста», ООО ПКФ «Корд», ООО «Поток», ОАО «Святогор», ЗАО «Торговый дом «Пиастрелла», ООО ПКФ «Электромаркет», Финансово-инвестиционной компании «Тэкси-Сток», ОАО «Качканарский ГОК «Ванадий» о признании недействительными сделок.

В судебном заседании приняли участие:
от истца – Ашихмина М.М. по доверенности от 01.10.01;
от ответчика:
ОАО «Качканарский ГОК «Ванадий» – Григорьева Е.Л. по доверенности от 10.12.01.

Другие лица, участвующие в деле, о времени и месте рассмотрения дела извещены судом надлежащим образом, явку своих представителей в судебное заседание не обеспечили.

Права и обязанности разъяснены.

Отводов составу суда не заявлено.

Ходатайств не поступило.

Компания «Фостон Менеджмент Лимитед», являющаяся акционером ОАО «Качканарский ГОК «Ванадий», обратилась в Арбитражный суд Свердловской области с иском к ответчикам о признании недействительными сделок по купле-

A - 2243

продаже векселей ОАО «Качканарский ГОК «Ванадий» на общую сумму 1096197951,83 руб., совершенных в феврале 2000 г.,

Решением от 18.09.01 (судьи: М.Л.Скуратовский, Н.И.Храмцова, Л.А.Коликова) в иске отказано.

В апелляционном порядке дело не пересматривалось.

Истец – компания «Фостон Менеджмент Лимитед», с решением не согласен, в кассационной жалобе просит его отменить, иск удовлетворить, ссылаясь на неправильное применение судом ст.ст.33, 34, 65 Федерального закона «Об акционерных обществах», ст.2 Федерального закона «О рынке ценных бумаг», ст.10 ГК РФ, ненадлежащую оценку обстоятельств дела.

Проверив в порядке ст.ст.162, 171, 174 АПК РФ законность принятого по делу судебного акта, суд кассационной инстанции оснований для удовлетворения жалобы истца не усматривает.

В качестве оснований признания сделок по купле-продаже векселей недействительными истцом указывалось на следующее: подписание векселей неуполномоченным лицом; отсутствие решения Совета директоров ОАО «Качканарский ГО. «Ванадий» о размещении векселей и о свершении данной сделки как крупной, поскольку, по мнению истца, данные сделки являлись взаимосвязанными (нарушение ст.187 ГК РФ, ст.ст.78, 79 ФЗ «Об акционерных обществах»).

В соответствии со ст.33 Федерального закона «Об акционерных обществах» общество вправе в соответствии с его уставом размещать облигации и иные ценные бумаги, предусмотренные правовыми актами РФ о ценных бумагах. При этом решение данного вопроса находится в исключительной компетенции Совета директоров (ст.65 данного Федерального закона) и закреплено в п.29.3.8 Устава ОАО «Качканарский ГОК «Ванадий».

Вместе с тем из содержания ст.ст.1, 2 Федерального закона «О рынке ценных бумаг» следует, что понятие «размещение» используется только в отношении эмиссионных бумаг, к которым вексель не относится. Порядок выдачи и обращения векселей регулируется специальным вексельным законодательством: ФЗ «О переводном и простом векселе», «Положением о переводном и простом векселе».

Таким образом, арбитражным судом сделан обоснованный вывод о том, что требование п.29.3.8 Устава ОАО «Качканарский ГОК «Ванадий» о необходимости наличия решения Совета директоров по размещению ценных бумаг на выпуск (выдачу) обществом векселей не распространяется.

Кроме того, судом правомерно было учтено, что каждая из сделок по продаже векселей, совершенная обществом по отдельности с каждым из ответчиков, не является крупной по смыслу ст.78 ФЗ «Об акционерных обществах», т.к. номиналы векселей не составляли более 25% стоимости активов общества, а доказательств взаимосвязанности оспариваемых сделок по купле-продаже векселей истцом не представлено (ст.53 АПК РФ). Как видно из материалов дела, векселя продавались различным юридическим лицам, связь которых между собой (аффилированность, заинтересованность в совершении сделки, общее руководство) не доказана.

Вывод суда о подписании векселей неуполномоченным лицом опровергается наличием в материалах дела доверенности от 01.02.2000, выданной генеральным

A - 2244

директором ОАО «Качканарский ГОК «Ванадий» на совершение Груздевым А.Г. полномочий по выдаче векселей.

С учетом вышеизложенного оснований для удовлетворения иска о признании сделок купли-продажи векселей недействительными у арбитражного суда не имелось, в связи с чем в иске отказано обоснованно.

Решение принято в соответствии с законом, обстоятельствами дела и отмене не подлежит.

Доводы заявителя кассационной жалобы о неправильном применении судом норм материального права отклоняются как несостоятельные.

Руководствуясь ст.ст.174, 175, 177 АПК РФ, суд

**ПОСТАНОВИЛ:**

Решение от 18.09.01 Арбитражного суда Свердловской области по делу № А60-9235/01 оставить без изменения, кассационную жалобу – без удовлетворения.

| Председательствующий | Т.В.Варламова |
|---|---|
| Судьи | М.Г.Митина |
| | И.Г.Арсенов |

A - 2245

Form /#20

Judge A.D. Pronyakin
RULING

Civil case #33-68

May 22, 2002          Court Chamber for Civil Cases of the Moscow Municipal Court
introduced by Chairman G.A. Gulyaeva
and judges R.N. Polischuk, M.V. Gornova
in attendance Prosecutor
and attorneys
have heard in open session the report of M.V. Gornova
the case on the appeal of "Foston Management Limited"

of the decision of Solntsevskii Inter-municipal Court of the city of Moscow
which ruled on November 30, 2001 to deny the claim of ZAO "Standard Trust," OOO
"Inrosmet," OAO Nizhnetagilskii Metallurgical Combine" against E.N. Ivanov to demand 45
shares. Claims of ZAO "Standart Trust," OOO "Inrosmet," OAO "Nizhnetagilskii metallurgical
combine" against the Companies "Foston Management Ltd.," "Omni Trusthouse Limited,"
"Nexus Products LLC," "Amber Star LLC," Davis International, Holdex LLC, ZAO Company-
Registrar "Panorama" to demand shares shall be left without consideration in civil court, as this
dispute is referred to the Court of Arbitration.
Motion of "Foston Management Ltd." to retrieve the decision under the reasons stated in part
representing description and motivations shall remain without consideration.
STATED:
ZAO "Standart Trust," OOO "Inrosmet," and OAO "Nizhnetagilskii metallurgical combine"
appealed to the court with the claim against E.N. Ivanov and Companies "Foston Management
Limited," "Omni Trusthouse Limited," "Nexus Products LLC," "Amber Star LLC," Davis
International, Holdex LLC, ZAO Company Registrar "Panorama" to demand shares referring to
the fact that they legally purchased shares of OAO "Kachkanar GOK "Vanadii." As the plaintiffs
committed illegal acts, ZAO Company-Registrar "Panorama" wrote-off shares from the
Plaintiff's accounts in favor of OOO "Ural-Start Ltd." and the personal account of Mr. E.N.
Ivanov.
Plaintiff, E.N. Ivanov has not acknowledged the claim.
Representatives of "Foston Management Limited," "Nexus Products LLC," "Amber Start LLC"
have not admitted to the claim. Foston's representative asked to retrieve the decision of the
Solntsevskii Inter-municipal Court of Moscow dated 09.29.2000, dismissed by the determination
of the Court Chamber for Civil Cases of the Moscow Municipal Court, as 37 (thirty-seven)
million shares were written-off from their account. Representatives of "Davis International,"
"Holdex LC," ZAO Company-Registrar "Panoroma" did not appear in court.
The representative of the third party, ZAO "Administration of Company Registers," has left the
decision of the claim for the court's disposal.
The court issued the above-mentioned decision, which the representative of "Foston Management
Limited" asked to dismiss in part, where the motion for retrieval of the decision in the appeal
should not be granted. Having examined the documents of the case and having heard the
representative of "Foston Management Limited," "Amber Star LLC," ZO "Administration of
Company Registers," OOO "Inrosmet," ZAO "Standart Trust," NTMK, OAO "Nizhnetagilskii
metallurgical combine," the Court Chamber did not find grounds to reverse the court's decision in
the appeal as stated according to the requirements of the law and the materials of the case.

A - 2246

In addition, the Court Chamber, according to Article 294 of the Code of Civil Procedure of RSFSR, has identified the legality and validity of the decisions taken by the court of the first instance within the cassation appeal.

As a matter in the case, it was stated that Solntsevskii Inter-municipal Court of the city of Moscow ordered on 09.29.2000 to write-off the registered ordinary shares of OAO "Kachkanar GOK "Vanadii" from the personal account of "Foston Management Limited," 1245677 (one million two hundred forty five thousand six hundred seventy seven) shares in favor of OOO "Inrosmet," 103626 (one hundred three thousand six hundred twenty six) shares in favor of OAO "Nizhnetagilskii metallurgical combine," 17618254 (seventeen million six hundred eighteen thousand two hundred fifty four) shares in favor of ZAO "Standart Trust."

The relevant decision was dismissed due to the determination of the Court Chamber on Civil Cases of the Moscow Municipal Court dated 04.30.2001, and the case was directed for reconsideration. Having refused to grant the motion of "Foston Management Limited" for the retrieval of the decision of Solntsevskii Inter-municipal Court of the city of Moscow dated 09.29.2000, the court is correct that, in the proceedings of the Court of Arbitration of the Sverdlovsk Region, there is no case to recognize transactions with disputed shares of "Kachkanar GOK "Vanadii" as invalid, and pursuant to the above-mentioned, all questions that arose in connection to those shares are referred to the Court of Arbitration of the Sverdlovsk Region.

In addition to the objections of ZAO "Standart Trust" and other plaintiffs in relation to the decision's retrieval of this case, part 4, it is seen that the disputed shares were transferred in favor of the third parties under the various Agreements and they are not aware where those shares are collected. Therefore, the appellant in cassation is entitled to demand the disputed shares by the claim.

The court decision in the appeal is determined to be correct; there are no objections to dismiss it. According to the rules and directions of Articles 304, 305, of the Code of Civil Procedure of the RSFSR, the Court Chamber has ruled:

The Decision of the Solntsevskii Inter-municipal Court of Moscow dated 11.30.2001 in the part concerning the motion of Foston Management Limited on the retrieval of the decision is to remain without satisfaction, and shall not be reconsidered, and cassation appeal of the Foston Management Limited shall not be satisfied.

Chairman
Judges

This copy is verified
Judge
Secretary