н/судья _(подпись)_     Ф./ № 20

**Определение**

гр. д. № _93-68_

«_22 мая_» 200_8_ г.

Судебная коллегия по _уг._ делам Московского городского суда в составе председательствующего _(подпись)_

и судей _(подпись)_

с участием прокурора _____

и адвокатов _____

заслушав в открытом судебном заседании по докладу _(подпись)_

дело по кассационной жалобе _(подпись)_

на приговор _(подпись)_

решение _(подпись)_ районного народного суда

_(неразборчивый рукописный текст)_

Зел. Зел. Си", "Ойлендер Старф Зел. Зел. Си", "Бэйсик Индастриес", "Конференс Зел. Зел. Си", ЗАО "Космические [illegible]", ТОО "Калифорния" об истребовании имущества оставить без рассмотрения в арбитражном судопроизводстве", исковое [illegible] передать [illegible] ведомственному арбитражному суду.

[illegible] "Фостон Менеджмент Лимитед" о возврате [illegible] по основаниям, предусмотренным в описательно-мотивировочной части решения, оставить без удовлетворения.

Установил:

ЗАО "Стандарт Трейд", ООО "[illegible]", ОАО "Никелевая [illegible]" [illegible] обратились в суд с иском к Левинсону Е.И., компаниям "Фостон Менеджмент Лимитед", "Осборн Трейдинг Лимитед", "Нексус Трейдинг Зел. Зел. Си", "[illegible] Стар Зел. Зел. Си", "Бэйсик Индастриес", "Конференс Зел. Зел. Си"

-2-

Продолжение к делу №

ЗАО „Коммерческий банк „Натобанк" от истребования акций, основываясь на том, что они были законными основаниями приобретения акций ОАО „Качканарский ГОК „Ванадий" обоснованно в результате последовательных сделок от ответчиков ЗАО „Коммерческий банк „Натобанк" и списания акций со счетов истцов и зачисления их на счет ООО „Урал-Стар[illegible]" и на лицевой счет Иванова Е.Н.

Ответчик Иванов Е.Н. иск не признает.

Представители компании „Давос интернешнл лимитед", „Нексус Продактс Ко. Лтд.", „Алпин Бэй Ст. Лтд." иск не признали. Представитель „Давос интернешнл лимитед" просил исключить из доказательств решение Мещанского районного суда г. Москвы от 29.09.2000 г., отмененное определением судебной коллегии по гражданским делам Московского городского суда, и заявили, что с их счета были списаны акции в количестве 37 миллионов штук.

Представители компании

Данные Министерства [illegible] «Реестр Ген. Рег. Си», ЗАО «Костимайкс — регистратор», ЗАО «Панорамик» не были учтены.

Представитель 3-его лица ЗАО «Ведение реестров компаний» [illegible] решения по делу [illegible] не усмотрено судом.

Суд постановил вынести [illegible] решение, в отношении которого в части оставления без удовлетворения ходатайства о [illegible] процесс в качестве самостоятельной [illegible] представитель ответчика «Медитерраниан Стил [illegible]», рассмотрев [illegible] ответчиков «Стандарт Траст», «Реестр Ген. Рег. Си», ЗАО «Ведение реестров компаний», ООО «Мираксес», ЗАО «Стандарт Траст», «М1 [illegible]», ОАО «Новокузнецкий металлургический комбинат». Судебная коллегия не находит оснований для отмены решения суда в обжалуемой части, как вынесенное в соответствии с требованиями закона и материального [illegible]

-3-

Продолжение к делу №

При этом судебная коллегия в соответствии со ст. 294 ГПК РСФСР проверила законность и обоснованность решения суда первой инстанции в пределах кассационной жалобы.

По делу установлено, что решением Смольнинского межмуниципального суда г. Москвы от 23.03.200[illegible] с лицевых счетов компании и фирмы "Межпром[illegible]" были [illegible] денежные обыкновенные акции ОАО "Качканарский ГОК "Ванадий" с зачислением на лицевой счет ООО "Ипфинанс" 1245677 акций, на лицевой счет ОАО "Нижнетагильский металлургический комбинат" 103626 акций, на лицевой счет ЗАО "Стандарт Траст" 7618254 акции.

Определением судебной коллегии по гражданским делам Мосгорсуда от 30.04.2001 г. указанное решение суда было отменено и дело направлено на новое рассмотрение.

Отказывая компании и фирме "Межпром[illegible]" в удовлетворении ходатайства [illegible]

[illegible] решения Советским районным судом г. Москвы от 28.03.2000 г. суд правильно исходил из того, что в производстве Арбитражного суда Свердловской области находится дело о признании сделок со спорными акциями ОАО «Качканарский ГОК «Ванадий» недействительными, в связи с чем все вопросы с этими акциями подлежат разрешению в Арбитражном суде Свердловской области.

Кроме того, из возражений Зеро, Бодал [illegible] и других лиц в [illegible] [illegible] [illegible] решения [illegible] усматривается, что спорные акции были [illegible] [illegible] [illegible] и их место нахождения [illegible] неизвестно. В связи с этим спорные акции касаются [illegible] [illegible] [illegible] [illegible] дела.

Таким образом, решение суда [illegible] [illegible] [illegible] [illegible] [illegible], оснований к его отмене [illegible]

- 4 -

Продолжение к делу №

Руководствуясь ст. ст. [illegible] ГПК РСФСР, судебная коллегия определила: решение Савеловского межмуниципального суда г. Москвы от 30.11.2001 г. в части оставления без удовлетворения требований [illegible] стороны [illegible] о [illegible] оставить без изменения, кассационную жалобу стороны [illegible] — без удовлетворения.

Председательствующий

Судьи:

[illegible] районный суд г. [illegible]

Верно.

Секретарь



Judge A.D. Pronyakin
Judges of the second instance G.A. Gulyaeva – Chair
R.N. Polischuk
M.V. Gornova – reporter

RESOLUTION

Presidium of the Moscow Municipal Court
Of case 44g-793 of August 22, 2002

The Presidium of the Moscow Municipal Court, chaired by G.A. Gulyaeva, including members of the Presidium, E.N. Kolyshnitsyna, V.V. Gorshkov, A.V. Paukov, E.T. Biryukova, and with the participation of M.A. Avdyukov, a prosecutor of Moscow, during the judicial session on the report of Judge O. Ksenofontova, considered a case on the objection of the prosecutor of Moscow against the decision of the Solntsevskii Inter-municipal Court of the city of Moscow of November 30, 2001 in the part of the denial of the rejection of the claim against E.N. Ivanov, and in the part of the denial of the satisfaction of the petition for retrieval of the judgment's execution and determination of the Court Chamber for Civil Cases of the Moscow Municipal Court of May 22, 2002 on the action of ZAO "Standart Trust," OOO "Inrosmet," OAO Nizhnetagilskii Metallurgical Combine" against E.N. Ivanov, "Foston Management Limited," "Omni Trusthouse limited," "Nexus Products LLC," "Davis International," "Holdex LLC," ZAO "Company Registrar "Panorama" for reclaiming property from illegal possession and the claim of "Foston Management Limited" for the retrieval of the judgment enforcement.

FOUND:

ZAO "Standard Trust," OOO "Inrosmet," OAO "Nizhnetagilskii Metallurgical Combine," filed an action against E.N. Ivanov, "Foston Management Limited," "Omni Trusthouse Limited," "Nexus Products LLC," "Davis International," "Holdex LLC," ZAO "Company Registrar "Panorama" for reclaiming property from illegal possession of the shares of OAO "Kachkanar GOK "Vanadii."
By the decision of Solntsevskii Inter-municipal Court of the city of Moscow of September 29th, 2000, shares of OAO "Kachkanar GOK "Vanadii" were written-off from the personal accounts of "Foston Management Limited" to the personal accounts of OOO "Inrosmet," OAO "Nizhnetagilskii Metallurgical Combine," ZAO "Standart Trust"; registrars shall be obliged to make corresponding entries into the register of the shareholders; the other part of the action is rejected.
By the resolution of the Solntsevskii Inter-municipal Court of the city of Moscow of February 19th, 2001, the lost documents of the proceedings were partially restored due to the loss of the case documents.
By determination of the Court Chamber for Civil Cases of the city of Moscow of March 30, 2001, the Court's decision of September 29th 2000 is overturned, and the case is directed for reconsideration to the same court by new judges.
During the new trial, "Foston Management Limited" filed a petition for the retrieval of the execution of the ruling.

By decision of Solntsevskii Inter-municipal Court of the city of Moscow of November 30th, 2001, the claim of ZAO "Standart Trust," OOO "Inrosmet," OAO "Nizhnetagilskii Metallurgical Combine" against E.N. Ivanov is denied; claims against the action of "Foston Management Limited," "Omni Trust House Limited," "Nexus Products LLC," "Amber Star LLC," "Davis International," "Holdex LLC," ZAO "Company Registrar "Panorama" are left without consideration in [illegible], as this case is within the competence of the Court of Arbitration. The appeal for retrieval of the court decision presented by "Foston Management Limited" was not allowed.

With the decision of the Court Chamber for Civil Cases of the Moscow Municipal Court of May 22nd, 2002, the Court's decision in the part of the rejection of the petition of "Foston Management Limited" for the retrieval of the judgement of execution is upheld. The legality of the other part of the decision was not verified in the appellate procedure. The objection requires the reversal of the Court's decision in the part of the rejection of an action against E.N. Ivanov and in the part of the refusal to satisfy the petition for retrieval of judgement of execution and overturning of the Court Chamber ruling.

Having studied the case documents, having discussed the arguments of the objection, having heard the representative of "Davis International LLC," V.V. Valnova, the prosecutor supporting the objection, the Presidium of the Moscow Municipal Court finds the objection to be subject to partial satisfaction.

Studying the filed claims, the court assumed that the claims against legal persons are not considered in the court of general jurisdiction as the dispute is within the competence of the Court of Arbitration; on November 5th, 2001, an action for the invalidation of transactions with shares of OAO "Kachkanar GOK "Vanadii" was taken over by the Court of Arbitration of the Sverdlovsk Region.

The above-mentioned Court's decision is not disputed in this objection.

According to Article 430 of the Code of Civil Procedure of RSFSR, in the event of recalling a court award that has been executed and rendering a judgment on a fully or partially rejected motion after a new trial, or a ruling of the termination of the proceedings, or leaving a claim unexamined, the respondent shall be returned everything that was obtained by the plaintiff according to the vacated judgment. (Retrieval of the execution of judgement).

The court did not consider the above cited rule of law.

Despite the fact that the court's decision of September 2000 was executed, the new trial dismissed the claim against E.V. Ivanov, the action was not allowed for the other respondents, the Court rejected the petition of "Foston management Limited" for the retrieval of the execution of judgment though there were no legal grounds.

The arguments of the Court and the Court Chamber that satisfaction of the petition for retrieval of the execution of judgment is a settlement of an economic dispute, being within the competence of the Court of Arbitration, and that the enforcement of the decision resulted in the transfer of the disputed shares to the third party under various Agreements and there is no information of their location, cannot serve as legal grounds for refusing retrieval of the execution of judgment on the case considered by the judge of general jurisdiction.

Taking into account the above-mentioned facts, the ruling of the Court Chamber and the decision of the Court in the part of the rejection of the petition for retrieval of the execution of judgment are considered illegal and subject to being overturned.

Considering the claims in the action filed against E.N. Ivanov, the Court assumed that he was a legal purchaser of the shares, the owner purchased the property for value and such property can be reclaimed only if it is lost by the owner or by a person to whom it was passed on for possession, or it is stolen, or it is removed from their possession against their will; funds and [illegible] securities cannot be reclaimed from a conscious buyer. (Article 302 Civil Code of the Russian Federation).

Without presenting sound evidence of the loss of shares, theft or removal from possession against the owner's or purchaser's will, the Court decided to reject the claim against E.N. Ivanov.

The objection argues that the above-mentioned court decision referring to the fact that the subject of the dispute is not [illegible] securities, but registered shares.

However, the action against E.N. Ivanov was rejected on other grounds that are not disputed in this objection.

Under such circumstances the objection regarding E.N. Ivanov is not subject to satisfaction.

Under Articles 329, 330, of the Code of Civil Procedure of the RSFSR, the Presidium of the Moscow Municipal Court

RULED:
To reverse the decision of the Solntsevskii Inter-municipal Court of the city of Moscow of November 30th, 2001 in the part of the rejection of the petition of "Foston Management Limited" for the retrieval of the execution of judgment and the ruling of the Court Chamber for Civil Cases of the Moscow Municipal Court of May 22nd , 2002 by sending this part of the case for reconsideration in the same Court by other judges; regarding the rejection of the claim of E.V. Ivanov, the court decision is upheld, the objection of the prosecutor of Moscow is dismissed.

Chairman of the Presidium of the Moscow Municipal Court O.A. Egorova

Судья Тимошкин АД 258
Судьи II инстанции:
Гуреева ГА - предс
Вашицук РН
Горбова МВ - докл.

Форма № 340-а

# Постановление

Президиума Московского Городского Суда

По делу № 44г-793

«22» августа 2002 г. г. Москвы

Президиум Московского городского Суда в составе:

Председателя Президиума Егоровой ОА

и членов Президиума Кальнициной ЕН, Чернышова ВВ, Паунова АВ, Бирюковой ЕГ

с участием прокурора г. Москвы Авдюкова МА

рассмотрел в заседании по докладу судьи Ксенофонтовой КИ

уголовное / гражданское Дело по протесту прокурора г. Москвы на решение Солнцевского межмуниципального суда г. Москвы от 30 ноября 2001 года в части отказа в иске к Иванову ЕВ и в части отказа в удовлетворении ходатайства о повороте исполнения решения суда и определение судебной коллегии по гражданским делам Московского городского суда от 22 мая 2002 года по иску ЗАО "Стандарт Траст", ООО "Кинросмет", ОАО "Нижнетагильский металлургический комбинат" к Иванову ЕВ, компаниям "Фостер Менеджмент Лимитед", "Алкин Траст"

...ниус Лимитед", "Нэксиз Трейдинг Лт. Лтд.", "Озирис Интернешнл", "Калдзис Лт. Лтд.", ЗАО "Компания-регистратор "Панорама" об истребовании имущества из чужого незаконного владения и обязании компании "Роскон Менеджмент Лимитед" к повороту исполнения решения суда.

Установил:

ЗАО "Стандарт Траст", "Инфрасайт", ОАО "Нижнетагильский металлургический комбинат" обратились в суд с иском к Иванову Ю.Н., компании "Роскон Менеджмент Лимитед", "Элинг Трастхаус Лимитед", "Нэксиз Трейдинг Лт. Лтд.", "...бизнес ... Лт. Лтд.", "Озирис Интернешнл Калдзис Лт. Лтд.", ЗАО "Компания-регистратор "Панорама" об истребовании имущества из незаконного владения акций ОАО "Качканарский горно-обогатительный комбинат "Ванадий".

Решением Савеловского межмуниципального суда г. Москвы от 29 сентября 2000 года акции ОАО "Качканарский горнообогатительный комбинат "Ванадий"

A - 2261

203

2

Продолжение к делу №

ций", истребования у держателей компании "Гастон Менеджмент Лимитед" с зачислением на лицевые счета ООО. "Инпрогресс", ОАО. Нижнетагильский металлургический комбинат", ЗАО. Стандарт Траст", реестродержатели, органы и подтверждающие соответствующие операции в реестре владельцев ценных бумаг в остальной части иска отказано.

В связи с утратой дела определением Савеловского межмуниципального суда г. Москвы от 19 февраля 2001 года утраченное судебное производство частично восстановлено.

Определением судебной коллегии по гражданским делам Московского городского суда от 30 марта 2001 года решение суда от 25 сентября 2000 года отменено, дело направлено на новое рассмотрение в тот же суд в ином составе судей.

При новом рассмотрении дела компанией "Гастон Менеджмент Лимитед" заявлено ходатайство о повороте исполнения решения суда.

Решением Савеловского

A - 2262

межмуниципального суда г. Москвы от 31 марта 2001 года ЗАО "Стандарт Траст", ООО "Интросейф", ОАО "Никопольский металлургический комбинат" отказано в иске к Иванову Евгению Преображенскому к компаниям "Фостен Менеджмент Лимитед", "Эмми Траст Хаус Лимитед", "Нэксус Продакте Эл.Эл.Си", "Анивер Стар Эл.Эл.Си", "Озвис Интернешнл", "Хайдекс Эл.Эл.Си", ЗАО "Волгопромре-гистратор", "Лансрамир" [illegible] в рассмотрении в гражданском судопроизводстве в связи с неподведомственностью спора арбитражному суду; ходатайство компании "Фостен Менеджмент Лимитед" о повороте исполнения решения оставлено без удовлетворения.

Определением судебной коллегии по гражданским делам Московского городского суда от 22 мая 2002 года решение суда в части оставления без удовлетворения ходатайства компании "Фостен Менеджмент Лимитед" о повороте исполнения решения оставлено без изменения. В остальной части законность решения в кассационном порядке не проверялась.

A - 2263

Продолжение к делу №

В протесте ставится вопрос об отмене решения суда в части отказа в иске к Иванову Н.Н. и в части отказа в удовлетворении ходатайства о повороте исполнения решения, а также об отмене определения судебной коллегии.

Изучив материалы дела, обсудив доводы протеста, выслушав представителя компании «Ринс Интернэшнл Н.В.» Бакланова В.В., прокурора Кочерковича, протест Президиум Московского городского суда находит протест подлежащим частичному удовлетворению.

Разрешая заявленные требования, суд исходил из того, что требования, предъявляемые к юридическим лицам, не подлежат рассмотрению в суде общей юрисдикции, поскольку спор подведомствен арбитражному суду; 5 ноября 2001 года иск о признании недействительными сделок с акциями ОАО «Качканарский горнообогатительный комбинат «Ванадий» принят к производству Арбитражным судом

Свердловской области.

Этот вывод суда в протесте не опровергается.

Согласно ст. 430 ГПК РСФСР в случае отмены решения, приведенного в исполнение, и вынесения после нового рассмотрения дела решения об отказе в иске полностью или в части либо определения о прекращении производства по делу или оставлении иска без рассмотрения ответчику должно быть возвращено все то, что было с него взыскано в пользу истца по отмененному решению (поворот исполнения решения).

Приведенная норма права судом проигнорирована.

Несмотря на то, что решение суда от 24 сентября 2000 года было исполнено, при новом рассмотрении дела в иске к Иванову В.Ю. отказано, а в отношении остальных ответчиков иск оставлен без рассмотрения, суд отказал компании "Фортон Менеджмент Лимитед" в повороте исполнения решения, хотя законных оснований для отказа не имелось.

Доводы суда и судебной коллегии о том, что удовлетворение подлежит

4

ва о повороте исполнения решения является по существу разрешением хозяйственного спора подведомственного арбитражному суду и о том, что в результате исполнения решения спорные акции оказались переданными третьим лицам по различным договорам, сведения о их нахождении отсутствуют, не являются правовыми основаниями для спора о повороте исполнения решения по делу, разрешенному судом общей юрисдикции.

С учетом изложенного определение судебной коллегии и решение суда в части спора о удовлетворении ходатайства о повороте исполнения решения не могут быть признаны законными и подлежат отмене.

Разрешая исковые требования, предъявленные к Иванову Ю.Н., суд исходил из того, что он является добросовестным приобретателем акций, а у такого приобретателя имущество может быть истребовано только в случае утраты его собствен-

ником или лицом, которому оно передано во владение, либо похищено у того или другого, либо выбыло из их владения помимо их воли; деньги и ценные бумаги на предъявителя не могут быть истребованы от добросовестного приобретателя (ст. 302 ГК РФ).

Не установив доказательств, свидетельствующих об утрате, хищении или выбытии акций из владения помимо воли собственника или лица, приобретшего их, суд пришел к выводу об отказе в удовлетворении иска к Иванову Е.Н.

В протесте этот вывод суда оспаривается со ссылкой на то, что предметом спора являлись не ценные бумаги на предъявителя, а простые именные акции.

Между тем, как уже отмечалось, в иске к Иванову Е.Н. отказано по иным основаниям, которые в протесте не оспариваются.

При таких обстоятельствах протест применительно к Иванову Е.Н. удовлетворению не подлежит.

Руководствуясь ст. ст. 329, 330 ГПК РСФСР, Президиум Московского городского суда

A - 2267

5

Продолжение к делу №

Постановил:

Отменить решение Солнцевского межмуниципального суда г. Москвы от 30 ноября 2000 года в части отказа компании Фоспер Менеджмент Лимитед в удовлетворении ходатайства о повороте исполнения решения и определения судебной коллегии по гражданским делам Московского городского суда от 22 мая 2002 года, передав дело в этой части на новое рассмотрение в тот же суд в ином составе судей: в части отказа в иске к Иванову В.Н. решение суда оставить без изменения, протест прокурора г. Москвы – без удовлетворения.

Председатель Президиума
Московского городского суда

О.А. Егорова [signature]

Находился в Солнцевском районном суде г.Москвы

Секретарь

Солнцевский районный суд г. Москвы

Копия верна [signature]

[handwritten:] Plaintiff

[shield]

**COURT OF ARBITRATION OF THE REPUBLIC OF KALMYKIA**

**In The Name of the Russian Federation**

**DECISION**

September 10, 2002 Case No. A22-1222/00/6-109

The Court of Arbitration of the Republic of Kalmykia, comprised of: D. G. Kontorova, presiding judge, and L. M. Badmaeva, judge's clerk keeping the record of proceedings, upon reviewing in a public court hearing the case on the claim of OAO Kachkanarskii gornoobogatitelnyi kombinat Vanadii [Kachkanar Vanadii Mining and Milling Complex, Open Joint Stock Company], against OOO Torgovyi dom OAO Vanadii [Vanadii Open Joint Stock Company, Trading Company LLC], OOO Poliprom, Hold X LLC, the third party ZAO Vedenie reestrov kompanii [Company Register Management, Closed Joint Stock Company] for the restitution of stock,

**Found:**

OAO Kachkanarskii gornoobogatitelnyi kombinat Vanadii filed with the Court of Arbitration a claim against OOO Torgovyi dom OAO Vanadii and OOO Poliprom for nullification of Agreement No. 3 dated January 18, 1999, for the purchase and sale of stock, for nullification of the transfer orders pursuant to which, nominal common stock of OAO Kachkanarskii gornoobogatitelnyi kombinat Vanadii had been written off from the personal account of the seller, as well as for restoration in the register of holders of nominal common stock of OAO Kachkanarskii gornoobogatitelnyi kombinat Vanadii of the entry regarding the existence on the personal account of OOO Torgovyi dom OAO Vanadii of the nominal common stock transferred pursuant to said purchase and sale agreement.

Pursuant to a ruling of the court dated September 10, 2001, (Case Sheet 38, Volume 3), ZAO Vedenie reestrov kompanii and Hold X LLC were summoned in the capacity of third parties without any independent claims.

A decision of the court dated March 12, 2002, sustained the plaintiff's claim.

Pursuant to a determination of the cassation division of the Federal Court of Arbitration of the North Caucasus District of July 2, 2002, the decision of the court was amended: the court nullified Agreement No. 3 of January 18, 1999 and No. 3 of January 18, 1999 [sic] entered into between OOO Torgovyi dom OAO Vanadii and OOO Poliprom, as well as the transfer orders of January 20, 2000 pursuant to which nominal common stock of OAO Kachkanarskii gornoobogatitelnyi kombinat Vanadii issue No. 62-1P-290 of July 12, 1993 in the amount of 9,759 shares and No. 62-1-1396 of June 12,

1996 in the amount of 2,298,225 shares were transferred to the personal account of OOO Poliprom.

This decision of the court, in the portion concerning the restoration of said nominal common stock of OAO Kachkanarskii GOK Vanadii in the personal account of OOO Torgovyi dom Vanadii, was revoked and this aspect of the plaintiff's claim was remanded.

The court of cassation indicated that the disputed stock had been sold to Hold X LLC, which had not been summoned in the capacity of a witness regardless of the fact that the matter under consideration had been one of restitution of assets.

Pursuant to a ruling of the court dated August 7, 2002, Hold X LLC was summoned in the capacity of a witness.

The representative of the plaintiff failed to appear at the hearing. The plaintiff filed a request that the case be heard in the absence of the representative thereof.

The representative of the defendant OOO Torgovyi dom Vanadii, I. E. Dvorovenko, affirmed the claim and did not object to a restoration in the register of holders of nominal securities of OAO Kachkanarskii GOK Vanadii of the entry regarding the existence of nominal common stock of OAO [Kachkanarskii GOK Vanadii] issued in 1993 in the amount of 9,759 shares and issued in 1996 – in the amount of 2,298,225 shares, on the personal account of OOO [Torgovyi dom Vanadii].

The representative of the defendant OOO Poliprom, V. V. Volnov, did not affirm the claim and insisted that a representative of Hold X LLC, being a bona fide buyer of the stock, must be present at the hearing.

The representative of the co-defendant Hold X LLC failed to appear. Said company had been notified of the time and place of the hearing at the last address known to the court of which there is a post office notice. The case is being heard by the court in the absence of a representative of the company pursuant to Article 156, Section 3 of the Code of Arbitration Procedure of the Russian Federation.

A request was received from the third party, ZAO Vedenie reestrov kompanii, to hear the case in the absence of a representative thereof.

Upon hearing the explanations of the representatives of the defendants and upon examination of the materials of the case, the court concludes that it is necessary to sustain the plaintiff's claim.

Pursuant to a determination of the Federal Court of Arbitration of the North Caucasus District of July 2, 2002, Agreement No. 3 of January 18, 1999 and No. 3 of January 18, 1999 [sic] entered into between OOO Torgovyi dom OAO Vanadii and OOO