# OBERLY, JENNINGS & RHODUNDA, P.A.

**800 Delaware Avenue - Suite 901**
**P. O. Box 2054**
**Wilmington, Delaware 19899**

**Charles M. Oberly, III**
**Kathleen M. Jennings**
**William J. Rhodunda, Jr.**
------------
**Karen V. Sullivan**

(302) 576-2000
Fax  (302) 576-2004
E.I.No. 51-0364261
Writer's e-mail coberly@ojlaw.com

May 5, 2005

<u>Via E-Filing</u>

The Honorable Gregory M. Sleet
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    <u>Davis International LLC, et al., v. New Start Group Corp., et al.,
Case No. 1482-GMS</u>

Dear Judge Sleet:

    As counsel to seven of the defendants in the above-referenced action, I write to inform the Court of plaintiffs' recent filings and to request that defendants' pending motion to dismiss and opening brief based on direct estoppel and to enjoin plaintiffs from commencing any new action (the "Estoppel and Injunction Motion") apply to plaintiffs' new pleadings, along with the briefing schedule set for that Motion. All defendants join in this request. The reason for this request is set forth below.

    As Your Honor is aware, this is the second action that plaintiffs commenced alleging the same facts against eight of the named defendants. After the Southern District of New York dismissed plaintiffs' first action and the Second Circuit affirmed, plaintiffs filed this action in Delaware Chancery Court alleging both federal and state law claims. Defendants timely removed the action to this Court on November 30, 2004.

    In 28 U.S.C. §1447(c), Congress determined that a plaintiff seeking to remand a removed action must move "within 30 days after the filing of the notice of removal under section 1446(a)." Plaintiffs did not seek a remand. Accordingly, jurisdiction of this action vests exclusively in this Court. 28 U.S.C. § 1446(d) (after a removal notice has been filed, "the State court shall proceed no further unless and until the case is remanded"); *In re Diet Drugs*, 282 F. 3d 220, 231 n.6 (3d Cir. 2002) ("[t]hus, even if a case is later remanded, it is under the sole jurisdiction of the federal court from the time of filing [of the removal notice]").

    On March 31, 2005, defendants moved to dismiss the complaint and to enjoin plaintiffs from re-filing another case based on the underlying facts asserted in the complaint in any other

forum in the United States. Among other things, defendants' opening brief showed that both plaintiffs' federal and state law claims are meritless on the face of the complaint.[1]

At the April 13th teleconference, Your Honor indicated a desire to consider initially only a portion of that motion – that is, the portion encompassed by the Estoppel and Injunction Motion. When asked how much time plaintiffs needed to respond to that Motion, plaintiffs' lead counsel, Bruce Marks, informed Your Honor that he needed nearly two months after the motion was initially filed – until May 27 – to respond because he had "some travel." (Tr. at 32, l. 14.) Your Honor permitted plaintiffs this generous schedule. On April 22nd, pursuant to this Court's order, defendants re-filed the Estoppel and Injunction Opening Brief. (D.I. 70).

Plaintiffs' next filings were not in response to the Estoppel and Injunction Motion. Instead, on April 26th, plaintiffs filed an amended complaint in this Court and started a new action in Delaware Chancery Court. The amended complaint omits the state law claims, and the new complaint filed in Chancery Court sets forth the <u>same</u> alleged facts to support the state law claims asserted therein.[2]

Defendants respectfully request that this Court treat the Estoppel and Injunction Motion as a motion addressed to plaintiffs' recent filings. Whether applied to plaintiffs' original complaint (which includes the state law claims) or to their purported amended complaint (which deletes the state law claims), the Motion remains substantively the same.

Further, in light of plaintiffs' recent tactical maneuverings, defendants' request for an injunction has taken added significance. By attempting to strip their state law claims from the action before Your Honor and re-file those claims in a new Chancery Court action, plaintiffs have attempted to accomplish indirectly what they cannot do directly: obtain a remand of all or a portion of the action that had been properly removed and was pending in this Court. In similar circumstances, courts have enjoined plaintiffs who attempt to manipulate the forum by evading the time period set by Congress to move for a remand and have declared plaintiffs' subsequent state court filings to be null and void. *See, e.g., Kansas Public Employees Retirement System v. Reimer & Koger Assoc., Inc.*, 77 F.3d 1063, 1069 (8th Cir. 1996) ("after removal the plaintiff cannot file essentially the same case in a second state action to subvert federal jurisdiction"); *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 901 (5th Cir. 1975) ("where a district court finds that a second suit filed in state court is an attempt to subvert the purposes of the removal statute, it is justified and authorized by § 1446(e) in enjoining the proceedings in the state

---

[1] Tab 4 of defendants' March 31 opening brief contains arguments to dismiss plaintiffs' complaint for failure to state a claim. Among other things, defendants explain that, even if Delaware law applies to plaintiffs' state law claims, plaintiffs cannot obtain relief for those claims. For example, plaintiffs can state no valid claim for conversion because, as they admit in their complaint, their shares in GOK were transferred *as a result of court orders*. *Baram v. Farugia*, 606 F.2d 42, 43-44 (3d Cir. 1979). *See* D.I. 49, Tab 4, 37-39.

[2] There is no basis for removal to this Court. Nonetheless, as discussed herein, this Court can and should order that plaintiffs' new action be vacated as null and void. *See, e.g., Fischman v. Fischman*, 470 F. Supp. 980 (E.D. Pa. 1979) (following removal, vacating as void plaintiff's actions in reinstituting complaint in state court).

court"); *Fischman v. Fischman*, 470 F. Supp. 980, 984 (E.D. Pa. 1979) (following removal, vacating as void plaintiff's actions in reinstituting complaint in state court). These precedents are especially applicable here since, as defendants demonstrated in their March 31st motion, plaintiffs' state law claims are unsustainable. Defendants' injunction request should be treated as addressed to the new Chancery Court action as well as to any additional action that plaintiffs may commence against these defendants involving the same factual allegations.

If Your Honor accepts our request to treat the Estoppel and Injunction Motion as a motion addressed to plaintiffs' recent filings, we ask that Your Honor apply the briefing schedule set by the Court's order dated April 25, 2005 (D.I. 75).

We would be pleased to provide any additional information or briefing that Your Honor may wish to have on this matter.

**Respectfully submitted,**

**/s/ Charles M. Oberly, III**

**CHARLES M. OBERLY, III (No. 743)**

CMO,III/bld
cc:  Dr. Peter T. Dalleo (via hand delivery)
     Bruce S. Marks, Esquire (via facsimile)
     Kurt M. Heyman, Esquire (via e-filing)
     Patricia L. Enerio, Esquire (via e-filing)
     Brian Maas, Esquire (via facsimile)
     Cameron A. Myler, Esquire (via facsimile)
     Rodney F. Page, Esquire (via facsimile)
     Michael G. Biggers, Esquire (via facsimile)
     Collin J. Seitz, Jr., Esquire (via e-filing)
     Kevin F. Brady, Esquire (via e-filing)
     David H. Herrington, Esquire (via facsimile)
     William M. Lafferty, Esquire (via e-filing)
     Melissa Guinan, Esquire (via e-filing)
     Lisa C. Cohen, Esquire (via facsimile)
     Lawrence S. Goldman, Esquire (via facsimile)
     William H. Devaney, Esquire (via facsimile)
     Joel B. Kleinman, Esquire (via facsimile)
     David H. Greenberg, Esquire (via facsimile)
     Steven J. Roman, Esquire (via facsimile)
     Richard I.G. Jones, Jr., Esquire (via e-filing)
     Paul R. Grand (via facsimile)
     Edward M. Spiro (via facsimile)
     Richard J. Schaeffer, Esquire (via facsimile)
     Peter J. Venaglia, Esquire (via facsimile)
     Laura D. Sullivan, Esquire (via facsimile)