# MARKS & SOKOLOV, LLC

ATTORNEYS AT LAW

1835 MARKET STREET, SUITE 625
PHILADELPHIA, PENNSYLVANIA 19103
TELEPHONE (215) 569-8901
FAX (215) 569-8912

BRUCE S. MARKS, ESQUIRE
LICENSED IN PENNSYLVANIA, NEW JERSEY AND S.D. NEW YORK
E-MAIL ADDRESS: MARKS@MSLAW.CC
WWW.MARKS-SOKOLOV.COM

May 11, 2005

The Honorable Gregory M. Sleet
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

    RE:   *Davis International LLC, et al. v. New Start Group Corp., et al.*
             Case Nos. 1482 & 1483

Dear Judge Sleet:

      I am writing in regard to Mr. Oberly's letter dated May 5, 2005 requesting that the Court permit Defendants' pending motion to dismiss for collateral estoppel apply to Plaintiffs' amended complaint, along with the briefing schedule applicable to the original motion. Rather than simply conferring with Plaintiffs, Defendants instead saw fit to incorporate this request in a letter laced with argument and *ad hominem* attacks. Plaintiffs have no objection to this request and also join Mr. Oberly's request that the Court remand the action recently filed in Chancery Court, which Mr. Oberly improperly removed. To the extent that the Court has considered the allegations in Mr. Oberly's letter, I briefly respond:

      First, the implied suggestion that I sought the time period to prepare Plaintiffs' opposition to Defendants' Motion to Dismiss for Collateral Estoppel based on a hidden motive and not because of my travel schedule is without merit. Mr. Oberly, along with the other 22 defense counsel who joined in his letter, are welcome to examine my passport and receipts accumulated during my recently concluded two week business trip to London, Moscow, Dnepro-petrovsk (Ukraine), Kiev, and Budapest to quell any doubts which they may have about the *bona fides* of my travel. A simple call to my office would have confirmed my absence.

      Second, Plaintiffs believe that the case was removed for an improper purpose because Defendants had no good faith intention to litigate the matter on the merits in federal court. Rather, they removed the case so that they could make the circular argument that the very court that they chose is inconvenient. Such an argument was long ago rejected. *Cowley v. Northern Pac. Railroad Co.*, 159 U.S. 569, 583 (1895) ("The case having been removed to the Circuit Court upon the petition of defendant, it does not lie in its mouth to claim that such court had no jurisdiction of the case unless the court from which it was removed had no jurisdiction"); *Ayers v. Watson*, 113 U.S. 594, 599 (1884) ("[S]ince the removal was effected at the instance of the party who now makes the objection, we think that he is estopped").

      Non-federal claims were removed from the amended complaint and refiled, along with new non-federal claims, in the Chancery Court. The Third Circuit has repeatedly held that plaintiffs may bring

# MARKS & SOKOLOV, LLC
ATTORNEYS AT LAW

HONORABLE GREGORY M. SLEET
MAY 10, 2005
PAGE 2

federal claims in federal court and non-federal claims in state court, even if based on the *same* facts, and litigate the matters simultaneously. See e.g. *Marks v. Stinson*, 19 F.3d 873, 885 (3d Cir. 1994); ("A federal plaintiff may pursue parallel actions in the state and federal courts"); *Gwynedd Properties, Inc. v. Lower Gwynedd Township*, 970 F.2d 1195, 1203 (3d Cir. 1992) ("[T]he rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same subject matter in the Federal court having jurisdiction").

Defendants' attempt to avoid merits litigation by requesting this Court to interfere with the Chancery court proceedings runs afoul of long standing principles of federalism as reflected by the Anti-Injunction Act, 28 U.S.C. §2283. The Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286 (1970). Because the Chancery Court action is not identical, it does not fall within any exception to the Anti-Injunction Act. See, *Daniel Boone Area Sch. Dist. v. Lehman Bros., Inc.*, 187 F. Supp. 2d 414, 418 (W.D. Pa. February 5, 2002) ("The text of the statute suggests that Congress has authorized federal courts to enjoin state proceedings only in *the very same* case that was removed to federal court").

Plaintiffs are prepared to litigate the merits either in this Court or Chancery Court or both, but not Russia, where Defendants threatened the lives of Plaintiffs' representatives, Joseph Traum and Jalol Khaidarov, and obtained their false detention through planted drugs, as well as corrupted court proceedings. Plaintiffs' concern for their safety in Russia is heightened by reports of the possibly imminent release from prison in Russia of Defendants' ally in the Russian-American Izmailovo mafia, Vyacheslav Ivankov (better know as "Yaponchik"), a violent criminal who was convicted of extortion in the United States in 1997 and then extradited to Russia in 2004 after serving time. See *U.S. v. Abelis*, 146 F.3d 73 (2d Cir. 1998); "Russian Crime Boss Released From U.S. Prison, Extradited To Moscow", *Moscow News*, July 21, 2004. Mr. Ivankov has vowed to retaliate against persons who have caused problems for him, including American law enforcement personnel and Plaintiffs' above representatives.

We are pleased to provide any information or briefing which Your Honor may require.

Sincerely,

*/s/ Bruce S. Marks*
Bruce S. Marks
Counsel for Plaintiffs

BSM/mb
cc:    All Counsel Listed in the Proposed Orders