# EXHIBIT "9"

Name of judge: *N. V. Il'in*

**Determination**

gr. D. No. 33-34
ug.

March 30, 2001        Judicial panel for civil cases of the Moscow Municipal Court,
consisting of presiding judge: L. V. Fedorova and judges S. A. Klimova and O. N. Goncharova
with the participation of prosecutor _____
and attorneys_____
hearing in open court session on report of   L. V. Fedorova
a case on appeal _____
      of the company, Foston Management Limited

to the decision of Solntsevsk inter-municipal court, city of Moscow        -
                                ~~regional people's court~~

September 29, 2000
who reclaimed inscribed common stock of Vanadiy Kachkanarskii Mining and Dressing
Complex open joint stock company from the personal accounts of the company Foston
Management Limited, with entry into personal account of Inrosmet L.L.C. of 1,245,677 shares of
II issue (No. of state registration of issue 62-1-1396), to the personal account of Nizhnetagilsk
Metallurgical Complex open joint stock company of 103,626 shares of II issue (No. of state
registration issue 62-1P-290) and 18,747,610 shares of II issue (No. of state registration issue 62-
1-1396), and to the personal account of Standart Trust closed joint stock company of 17,618,254
shares of II issue (No. of state registration 62-1-1396), registry holder of Vanadiy Kachkanarskii
Mining and Dressing Complex open joint stock company, Panorama closed joint stock registrar
company and Company Registry Management closed joint stock company, are required to
perform the corresponding operations in the registry of owners of securities; the remaining part
of the actionable demands were dismissed.

has established:

Inrosmet L.L.C., Nizhnetagilsk Metallurgical Complex open joint stock company, and Standart
Trust closed joint stock company addressed the court with a complaint against E. N. Ivanov, and
against the companies Amber Star L.L.C., Chezhsiz Products L.L.C., Davis International,
Panorama closed joint stock registrar company, Omni-Trust House [illegible] Kholdeks L.L.C.,
Foston Management Limited, concerning reclamation of property from another's unlawful
possession, referring to the fact that they legally purchased inscribed common stock of Vanadiy
Kachkanarskii Mining and Dressing Complex open joint stock company. However, Panorama
closed joint stock registrar company unlawfully withdrew shares from the accounts of the
plaintiffs and entered them into the account of Ural-Start Ltd. L.L.C. and into the personal
account of E. N. Ivanov.

Respondent E. N. Ivanov was not in court and did not admit the complaint.

The respondent companies' representative did not admit the complaint.

The court made the above-indicated decision, which the company, Foston Management Limited requests reversal of, according to the arguments of the appeal.

Having become familiar with the materials of the case, having deliberated the arguments of the appeal, and having listened to the explanations of M. M. [illegible], representing the interests of the company, Foston Management Limited, according to power of attorney of 11/1/2000, of the company, Davis International, according to power of attorney of 11/15/2000, of the company Chezhsiz Products L.L.C., according to power of attorney of 11/15/2000, of the company Kholdeks L.L.C., according to the power of attorney of 11/15/2000, and of the company Omni Trust House Limited, according to the power of attorney of 11/15/2000, explanations of G. D. Polyakevich according to power of attorney from the company Foston Management Limited of 2/20/2001, explanations of D. D. Vol'nov according to power of attorney of 3/1/2000, of the company Amber Star L.L.C., of the company Davis International, explanations of E. L. Grigor'eva according to power of attorney of 3/16/2001, of Inrosmet L.L.C., and explanations of N. S. Brusova according to power of attorney of 3/19/2001 of Nizhnetagilsk Metallurgical Complex, judicial panel finds the decision of the court subject to reversal, as established in [illegible] of law.

[*double-bracketed spaces indicate coverage by black spot on page*] In accordance with article 157 of the Civil Procedural Code [...] in case of failure to appear in court session [...] of persons participating [...] of whom [...] of their notification, [...] of the case is dismissed [...] have the right to examine the case in [...] if information [...] [is absent or if the court recognized the reasons for failure to appear inadequate or if the respondent deliberately delays proceeding on the case.

From the materials of the case it has not been perceived that the company Foston Management Limited was properly informed concerning the place and time of the court session.

In the decision of the court of 9/29/2000, it was pointed out that the respondent/companies' representative did not admit the complaint.

However, the materials of the case and the court decision lacked information about what specific person, with indication of last name, first name and middle name, was representing the interests of the companies and, in particular, the company Foston Management Limited, and whether [illegible] from that person represented the interests of the company.

Having examined the case in [illegible] of article 157 in the Russian Federation Civil Procedural Code, the court [illegible] the company Foston Management Limited took part in examining the case, to present evidence, to participate in their research, to present their arguments and observations on all [illegible] in the course of the court proceeding [illegible] to present their objections to the submitted complaint, to object to the motions, arguments and observations of other persons involved in the case, to make use of other procedural rights of representation of the current Code; that is, the requirements stipulated by article 30 of the RSFSR Civil Procedural Code have been violated.

Having resolved the dispute without participation of the company Foston Management Limited, the court did not take into consideration the circumstance stated in the appeal of the company.

In particular, by the decision of the Meshchansk inter-municipal court, Moscow, of

7/13/2000, the Company Amber Star L.L.C. and Chezhsiz Products L.L.C. were recognized as bona fide purchasers of inscribed common stock in Vanadiy Kachkanarskii Mining and Dressing Complex open joint stock company.

The decision of the court has entered into legal force.

Buy and sell agreements of shares were not studied in the court session. Persons participating in the indicated business transactions were not involved in the case.

Circumstances stated in the appeal were not studied by the court and were not evaluated, whereas the indicated circumstances have juridical significance for correct resolution of the dispute.

Given this information, the judicial panel holds that the decision found by the court does not conform to [...] of articles 157, 192, 194, 197, 14, 50 [...] RSFSR, in connection with which is subject to [...] with the direction of the case to a new [...] in the same court in another composition [...].

[...] examination of the case [...] what has been stated, having notified [...] and time of the court session [...] arguments of the parties and depending upon the established resolution of disputes on the basis of law.

Governed by articles 305 and 306 of the RSFSR Civil Procedural Code, the Judicial Panel,

has determined:

The decision of the Solntsevsk inter-municipal court, Moscow, on September 29, 2000, is reversed and to refer the case to a new examination in the same court at another composition of judges.

| | |
|---|---|
| Presiding | [signature] |
| Judges of the panel | [signature] |
| | [signature] |

31/07/01    18:49                                        NO.113    P14

в/суды *Ивин Н В*                          ф. № 20

## Определение

гр. д. № 33-341
у.

«30» декабря 200_г.    Судебная коллегия по *гражданским*
делам Московского городского суда в составе председательствующего *Жаровой Л В*
и судей *Кишиновой С А, Гончаровой Л Ю г*
с участием прокурора _____
и адвокатов _____
заслушав в открытом судебном заседании по докладу *Федоровой Л В*
дело по кассационной жалобе _____

*Компании Зелон "Менеджмент Лимитед"*

на ~~приговор~~ *Солнцевского межмуниципального*
решение *суда г Москвы* районного народного суда

от «22» сентября 2000 года,
которым *истребованы имени бывших*...
ных акции ОАО *Качканарский горнообога-*
тительный комбинат (Ванадий) с
лицевых счетов компании *Зелон Менедж-*
мент Лимитед с зачислением на лице-
вой счет ООО *Нигмас* 4245677 акции
II выпуска (и гос регистрации выпуска
62-1-1396), на лицевой счет ОАО *Нижне-*
тагильский металлургический комбинат
103526 акции II выпуска (и гос регистрации
выпуска 62-1-1290) и 18747540 акции II
выпуска (и их регистрации выпуска
62-1-1396) на лицевой счет ЗАО *Стандарт*
*Траст* 17618258 акции II выпуска (и гос

1/07/01     18:48                                   NO.113   P15

регистрации 62-1-13961, регистратора
ОАО "Карасакальский ... ..." Компания, ЗАО Компания -
регистрация "Панорама" и ... ...
...

Установила.

ООО "Интгрем", ... ...
металлургический комбинат", ЗАО "Сти-
дарт Траст" обратились в суд с иском к
...

- 2 -

Продолжение к делу №

Ознакомившись с материалами дела Бурюк договор рассматривающий ... Власов объявление Анишиной И.И. представляющей интересы компании "..." ... по доверенности от 11/X-2000 года компании "Д-нс интернешнл" по доверенности от 15/X-2000 года компании "..." по доверенности от 15/X-2000 года, компании "Холдинг ..." по доверенности от 15/X-2000 года компании "Оникс Траст хаус лимитед" по доверенности от 15/X-2000 года объявление Козекевич Т.Э. по доверенности от компании "..." по доверенности от 20/X-2001 года объявление Анишина Т.Э. по доверенности от 11/X-2000 года компании "... Стар Т.Э." компании "Д-нс Интернешнл" объявление ... по доверенности от 16/X-2001 года ООО "..." объявление ... по доверенности от 19/X-2001 года ОАО "... металлургический комбинат", судебная коллегия нашла решение суда подлежащим отмене как постановленное в нарушение закона.

В соответствии со ст. 157 ГПК РСФСР в случае неявки в судебное заседание кого-либо из лиц участвующих в деле о ... которых в суде не имеются сведения об их извещении рассмотрение дела откладывается.

Суд вправе рассмотреть дело в отсутствие ответчика, если сведения о причинах неявки отсутствуют,

1/07/01    15:48                                NO.113    P16

— 3 —                          33-3461

...ения от установленного

разрешают спор на основании закона.

Руководствуясь ст.ст. 305, 306 ГПК

РСФСР, судебная Коллегия

Определила:

Решение Симоновского межмуниципаль-

ного суда г. Москвы от 29 сентября 2000 года

отменить и дело направить на новое

рассмотрение в тот же суд в ином

составе судей.

Председательствующий:

судьи Коллегии:

Копия верна

После верна

# EXHIBIT "10"

## DECISION

### In The Name of the Russian Federation

On November 30, 2001, the Solntsevskiy Inter-Municipal Regional Court of the City of Moscow, present chairman judge A.D. Proniakin, and judges, A.I. Dymont, and V. V. Klimentova,

With participation of a prosecutor, _____,

and the attorney, _____,

with secretary, S. V. Sutrina,

having considered in an open hearing, the civil case No.2-1762/01 initiated upon the complaint of ZAO Standard Trust, OOO Inrosmet, OAO Metallurgical Works of Nizhni Tagil against Evgenii Nikolaevich Ivanov and the companies, Foston Management Limited, Omni Trust House Limited, Nexis Products LLC, Amber Star LLC, Davis International, Holdex, LLC and ZAO Kompaniia – Registrator Panorama, to recover property from illegal possession of another party; and petition of Foston Management Limited to revers the execution of the decision;

### FOUND:

The plaintiffs approached the Court with a claim against the defendants to recover common nominal shares of Kachkanar Ore Mining and Processing Plant Vanadiy as follows: OAO Metallurgical Works of Nizhni Tagil requested the return of 103, 626 shares of the 1st issue, State Registration No. 62-111-290 and 18,747,610 shares of the 2nd issue, State Registration No. 62-1-1396; OOO Inrosmet requested the return of 1,245,677 shares of the 2nd issue, State Registration No. 62-1-1396; ZAO Standard Trust requested the return of 17,618,254 shares of the 2nd issue, State Registration No. 62-1-1396, with one ruble par value per share. The plaintiffs substantiated their requests stating that they were the owners of the shares subject to recovery and that these shares have been removed from their possession regardless of their will and the plaintiffs also substantiate their requests with the statement that they have legally acquired the appropriate number of shares of Kachkanar Ore Mining and Processing Plant Vanadiy. In the opinion of the plaintiffs, as a result of the illegal actions of the defendants, notwithstanding the decisions of the arbitration courts, ZAO Kompaniia-Registrator Panorama has written off the shares from the accounts of the plaintiffs and has entered them on the account of OOO Ural Start LTD and on the personal account of E. N. Ivanov. On the basis of this evidence, the plaintiffs ask that their shares be recovered from illegal possession of another party and that ZAO Kompaniia-Registrator Panorama and ZAO Vedenie Reestrov Kompanii make changes in the register of holders of securities - shares of Kachkanar Ore Mining and Processing Plant Vanadiy —by means of writing the common nominal shares off of the personal accounts of the defendants.

E.A. Grigorieva, representative for the plaintiffs, ZAO Standard Trust and OOO Inrosmet, confirmed the claims of the plaintiffs in court and requested the court to grant the claims of the above companies.

I.S. Brusova, representative for the plaintiff, OAO Metallurgical Works of Nizhni Tagil supported the claims of the plaintiff in court and also requested the court to grant the claim.

The defendant, E.N. Ivanov, had objections against the claims and explained that he is legally in possession of the securities, i.e., 45 shares of Kachkanar Ore Mining and Processing Plant Vanadiy, and therefore requested the court to deny the relied sought in the complaint since bearer securities cannot be recovered from a good faith acquirer.

M. Ashikhmina, representative for the companies Foston Management Limited and Nexis Products LLC, objected to the claims stating that she represented in court, legally held the shares under dispute, hence she requested the court to deny the relied sought in the complaint on the following grounds. In the opinion of M. Ashikhmina, representative for the above companies, the plaintiffs have approached the court of general jurisdiction with their requests based on far-fetched grounds, and artificially indicated E.N. Ivanov who legally holds shares of Kachkanar Ore Mining and Processing Plant Vanadiy, and cannot be deprived of securities (shares) as a good faith buyer, as a defendant in the statements of claim. In the opinion of M. Ashikhmina, the above claims should be heard at an arbitration court since such disputes are exclusively in its jurisdiction.

In addition, the representative for the companies, M. Ashikhmina, insisted that, when hearing this case, the court should grant the petition of Foston Management Limited to the reverse the execution of the decision and recover the disputable shares in the amount of more than 37 million shares in favor of the above company.

V.V. Volkov, representative for the Amber Star LLC, objected to the claims and requested the court to deny the relief sought in the complaint because, in his opinion, these claims are to be heard by an arbitration court.

Davis International, Holdex LLC, and ZAO Kompaniia-Registrator Panorama did not send their representatives to court and did not make any objections regarding the claims; the parties present at the merits hearing did not object to the case being heard in the absence of representatives of these companies.

N.S. Karzhavina, representative for ZAO Vedenie Reestrov Kompanii, engaged in the case as a third party upon petition by the representatives for the plaintiffs left the issue of recovery of shares to the discretion of the court. In addition, she explained in court that all shares under dispute are currently deposited at the Depositary and Clearing Association and all transactions with them have been suspended.

Having heard the representatives for the plaintiffs, the defendant, E.N. Ivanov, and the representatives for Foston Management Limited, Nexis Products LLC, Amber Star LLC and Vedenie Reestrov Kompanii, and examined the written evidence in the case, the decided to deny the relief sought in the complaint against E.N. Ivanov; to leave without consideration the remaining claims of the plaintiffs to recover shares from legal

entities and to deny this part of the claims since this commercial dispute falls outside the jurisdiction of the court of general jurisdiction and is to be resolved in the appropriate arbitrazh court, to deny the petition of Foston Management Limited to reverse the execution of the decision based on the following grounds.

The statement of the defendant, E.N. Ivanov, that he had legally purchased 45 common shares of Kachkanar Ore Mining and Processing Plant Vanadiy and therefore the plaintiffs groundlessly demanded the recover the above shares isconfirmed by the following evidence.

[In handwriting - Ivanov] It is evident from the copy of the registration journal of shares of Kachkanar Ore Mining and Processing Plant Vanadiy (sheets 226-227, Volume 1) that E.N. Ivanov had purchased 45 common shares, State Registration No. 1.00 62-1-1396, from OMNI Trust House Limited, pursuant to a sales and purchase agreement; in its turn, OMNI Trust House Limited had purchased 9,240,000 shares of the above state registration from OYuL Depositary and Clearing Association (See sheet 226, Vol. 1).

Therefore, the court established that E.N. Ivanov is a good faith buyer of the shares. Whereas, pursuant to Article 302 of the Civil Code of the Russian Federation, an asset may be recovered from a good faith acquirer who paid for an object, only in the event that the asset has been lost by the owner or by the person into whose possession the asset been given by the owner or, if the asset has been stolen from either of the two, or if the asset has left their possession by any other means contrary to their will; mony, as well as bearer securities, may not be reclaimed from a good faith buyer.

Since the plaintiffs have not presented any evidence in court that E.N. Ivanov is a bad faith acquirer of the shares, the court has not established facts that shares were lost by the owner or stolen from the owner, or that they have left the owner's possession by any other means contrary to the will of the owner or of the person who has purchased the asset, the court believes that it is possible to deny the claims against the defendant, E.N. Ivanov, to recover 45 shares.

The claims of the plaintiffs against the companies indicated above to recover 37,715,081 shares of Kachkanar Ore Mining and Processing Plant Vanadiy cannot be reviewed in a court of general jurisdiction and therefore, have been denied by the court on the following grounds.

The court has found that E.N. Ivanov is a good faith buyer of 45 shares of Kachkanar Ore Mining and Processing Plant Vanadiy, which has been known to the plaintiffs. However, the plaintiffs, artificially, on far-fetched grounds, recognized the individual, E.N. Ivanov, along with the companies indicated above, as defendant in this case for the sole purpose of having the matter heard in a court of general jurisdiction pursuant to Article 26 and 28 of the Civil Code of the Russian Federation.

Whereas, pursuant to Article 22 of the Arbitrazh Procedural Code of the Russian Federation, an arbitrazh court has jurisdiction over cases related to commercial disputes

arising in civil, administrative and other legal spheres, between legal entities (hereinafter referred to as "organizations"), individuals involved in entrepreneurship without the establishment of legal entity and having the status of an individual entrepreneur obtained in due course, disputes for the recovery of assets by the owner or another legal holder from the illegal possession of another party belongs to the area of business disputes resolved by an arbitration court.

Since the court has found that E.N. Ivanov cannot be considered as a proper defendant in the dispute between legal entities regarding the recovery of assets from illegal possession of another party, the court, following the provisions of Article 122 of the Civil Procedural Code of RSFSR the court revealed during the present hearing the fact that the case had been accepted in violation of the jurisdiction rules because in accordance with Article 22 of the Code of Arbitration Procedure of the Russian Federation, the claims of plaintiffs - legal entities, against defendants - legal entities, are to be heard by the arbitration court of the Sverdlovsk region in accordance with the rules of jurisdiction.

Under these circumstances and taking into consideration the opinion of Ashikhmina, representative of Foston Management Limited, V.V. Volkov, representative for Amber Starr LLC, and based on the spirit of Article 129(7), of the RSFSR Civil Procedural Code, the court refuses to consider complaint of the plaintiffs on their merits because the claims of the plaintiffs fall within the jurisdiction of the arbitrazh court.

Having reviewed the petition of Foston Management Limited regarding the reversal of the execution of the court's decision for the recovery of 103,540 shares State Registration No. 62-111-290 and 18,477,610 shares State Registration No. 62-1-1396 from OAO NTMK [Metallurgical Works of Nizhni Tagil], of 1,245,677 shares with State Registration No. 62-1396 from OOO Inrosmet, and 17,618,254 shares State Registration No. 62-1-1396 from ZAO Standard Trust, on behalf of Foston Management Limited, the court did not find grounds to grant it.

The decision of the Solntsevo Inter-Municipal Regional Court of the Western Administrative District of the City of Moscow of September 29, 2000, pursuant to which the disputable shares in the amount of more than 37 million have been written off the accounts of Foston Management Limited into the accounts OAO NTMK, OOO Inrosmet, ZAO Standart-Trust was reversed by the cassation instance.

It was unquestionably established in the present hearing that commercial dispute with regard to shares of Kachkanar Ore Mining and Processing Plant Vanadiy falls within the jurisdiction of the Arbitrazh court of Sverdlovsk Region? on which the representative for Foston Management Limited insisted in court, demanding that the proceeding in this manner be terminated.

1)      The representatives of the plaintiffs presented a copy of the complaint filed with the Arbitrazh court of Sverdlovsk Region on October 30, 2001, to invalidate the transactions with the disputed shares of Kachkanar Ore Mining and Processing Plant

Vanadiy in the amount of more than 37 million, in which Foston Management Limited has also been engaged as a defendant, as well as a copy of the order of the Arbitrazh court of Sverdlovsk Region dated November 5, 2001, accepting the complaint for consideration.

2) Based on the explanations given in court by the representative of ZAO Vedenie Reestrov Kompanii, it was found that [all] transactions with regard to the disputed shares have been suspended and that the disputed shares of Kachkanar Ore Mining and Processing Plant Vanadiy have been deposited with OYuL Depositarno-Raschetnyi Soyuz, as well as with other depositary companies.

3) Based on the letter of the Federal Securities Commission of Russia (FKTsB of Russia) (See sheet 25, Vol.1), it is found that the above federal authority is examining the legality of writing off the disputed shares from the accounts of Foston Management Limited onto the accounts of OAO NTMK, ZAO Standard Trust, and OOO Inrosmet, performed pursuant to the writ of execution issued by the Solntsevo Inter-Municipal District Court of the Western Administrative District of the City of Moscow on September 29, 2000 in the case No. 2-2747.

4) Upon the evaluation of the presented evidence in the aggregate, the court finds that by granting the petition of Foston Management Limited to recover more than 37 million disputed shares in its favor, the court of general jurisdiction in fact resolves a business dispute which is within the jurisdiction of the arbitrazh court, which would contradict with the provisions of Article 47 of the Constitution of the Russian Federation, Article 22 of the RF Arbitrazh Procedural Code and Article 25 of the RSFSR Code of Civil Procedure.

Upon such circumstances, the court believes that the petition of Foston Management Limited regarding the reversal of the execution of the decision, should not be granted.

Based on the above and pursuant to Article 47 of the RF Constitution, Article 302 of RF Civil Code, Article 22 of the RF Arbitrazh Procedural Code, and Articles 122, 129, 191-196, 203, 430-431 of the RSFSR Codes of Civil Procedure, the court.

DECIDED:

To deny the relief sought in the complaint of ZAO Standard Trust, OOO Inrosmet, and OAO Metallurgical Works of Nizhni Tagil against Evgenii Nikovaevich Ivanov to recover 45 shares.

To ismiss the complaint of ZAO Standard Trust, OOO Inrosmet, and OAO Metallurgical Works of Nizhni Tagil against Foston Management Limited, OMNI Trust House Limited, Nexis Products, LLC, Amber Star LLC, Davis International, Holdex LLC, and ZAO Komopanii-Registrator Panorama to recover shares because this dispute falls under jurisdiction of an arbitrazh court.

Not deny the petition of Foston Management Limited to reverse the execution of the decision on the above grounds.

This decision may be appealed or protested with the Moscow City Court via the dostrict court within 10 days from its issuance.

Chairman:          Signature

Judges:            Signatures

Copy is correct.

Presiding:

Secretary:

Отметка об исполнении решения

н/с ф. № 2

# Р Е Ш Е Н И Е
## Именем Российской Федерации

30.II. ___ 200_ г.

Солнцевский межмуниципальный _____ районный суд г. Москвы

в составе председательствующего судьи Пронякина А.Д.

народных заседателей Дымонт А.И., Климентовой В.В.

с участием прокурора _____

и адвоката _____

при секретаре Суриной С.В.

рассмотрев в открытом судебном заседании гражданское дело № 2-1762/01

по иску ЗАО "Стандарт Траст", ООО "Инросмет"; ОАО "Нижнетагильский металлургический комбинат" к Иванову Евгению Николаевичу; компаниям: "Фостон менеджмент Лимитед"; "Омни Трастхаус Лимитед"; "Нэксис Продакте Эл.Эл.Си"; "Амбер Стар Эл.Эл.Си"; "Дэвис Интернешнл"; "Холдакс Эл.Эл.Си."; ЗАО "Компания - регистратор "Панорама" об истребовании имущества из чужого незаконного владения; заявления компании "Фостон менеджмент Лимитед" о повороте исполнения решения;

## У С Т А Н О В И Л :

Истцы обратились в суд с иском к ответчикам об истребовании у них обыкновенных именных акций ОАО "Качканарский ГОК "Ванадий": ОАО "Нижнетагильский металлургический комбинат" в количестве 103626 акций I выпуска № гос.регистрации 62-IП-290 и 18 747 610 акций II выпуска № гос.регистрации 62-I-1396; ООО "Инросмет" 12 45 677 акций II выпуска № гос.регистрации 62-I-1396; ЗАО "Стандарт Траст" 17 618 254 акций II выпуска № гос.регистрации 62-I-1396, номинальной стоимостью одной акции в один рубль. Свои требования истцы обосновали тем, что они являются собственниками истребуемых акций, обосновывали тем, что они являются собственниками истребуемых акций, выбыли из их владения помимо их воли, мотивируя свои требования тем, что они на законных основаниях приобрели соответствующее количество акций ОАО "Качканарский ГОК "Ванадий". По мнению истцов, в результате незаконных действий ответчиков, несмотря на судебные решения арбитражных судов, ЗАО "Компания-регистратор "Панорама" списала акции со счетов истцов и зачислила их на счет ООО "Урал-Старт-ЛТД" и на лицевой счет Иванова Е.Н. При таких данных истцы просят истребовать свои акции

из чужого незаконного владения и обязать ЗАО "Компания-регистратор "Панорама" и ЗАО "Ведение реестров компаний" внести изменения в реестр владельцев ценных бумаг – акций ОАО "Качканарский ГОК "Ванадий" путем списания обыкновенных именных акций с лицевых счетов ответчиков.

Представитель истцов: ЗАО "Стандарт Траст" и ООО "Инреемет" Григорьева Е.А. требования истцов подтвердила в суде и просила суд удовлетворить иски названных компаний.

Представитель истца ОАО "Нижнетагильский металлургический комбинат" Брусова И.С. требования истца поддержала в суде и также просила суд иск удовлетворить.

Ответчик Иванов Е.Н. возражал против исков и пояснил, что он на законных основаниях владеет ценными бумагами – 45 акциями "Качканарский ГОК "Ванадий", а поэтому просил суд в исках отказать, поскольку ценные бумаги на предъявителя не могут быть истребованы от добросовестного приобретателя.

Представитель компаний: "Фостон менеджмент Лимитед" и "Нэксиз Продакте Эл.Эл.Си. – Ашихмина М. возражала против исков, утверждая, что компании, которые она представляет в суде, на законных основаниях владели спорными акциями, и поэтому просила суд иски оставить без удовлетворения по следующим основаниям. По мнению представителя компаний Ашихминой М. истцы по надуманным основаниям обратились в суд общей юрисдикции со своими требованиями, искусственно указав в исковых заявлениях в качестве ответчика Иванова Е.Н., который на законных основаниях владеет акциями ОАО "Качканарский ГОК "Ванадий" и у него, как у добросовестного приобретателя, не могут быть истребованы ценные бумаги-акции. По мнению Ашихминой М., указанные исковые требования должны рассматриваться в арбитражном суде, поскольку такие споры подведомственны исключительно арбитражному суду.

Кроме того, представитель компаний Ашихмина М. настаивала на том, чтобы суд при рассмотрении настоящего дела удовлетворил ходатайство компании "Фостон менеджмент Лимитед" о повороте исполнения решения и в пользу названной компании истребовал спорные акции в количестве более 37 миллионов штук.

Представитель компании "Амбер Стар Эл.Эл.Си. Волков В.В. – возражал против исков и просил суд оставить их без рассмотрения, поскольку по мнению представителя эти исковые требования должны быть рассмотрены в арбитражном суде.

Компании "Дэвис Интернешнл"; "Холдекс Эл.Эл.СИ."; ЗАО "Компания-регистратор "Панорама" своих представителей в суд не направили, возражений по искам не представили, стороны, участвующие в рассмотрении дела по существу, не возражали против того, чтобы дело было рассмотрено в отсутствие представителей названных компаний.

Представитель ЗАО "Ведение реестров компаний" Каржавина Н.С., привлеченная к участию в деле в качестве третьего лица по ходатайству представителей истцов, вопрос о принятии решения по искам об истребовании акций оставила на усмотрение суда. При этом пояснила, в суде, что все спорные акции в настоящее время находятся на депозите в "Депозитарно-расчетном союзе" и движение по ним приостановлено.

Выслушав представителей истцов, ответчика Иванова Е.Н., представителей компаний "Фостон Менеджмент Лимитед"; "Нэксиз Продакте Эл.Эл. Си."; "Амбер Стар Эл.Эл.Си."; "Ведение реестров компаний", исследовав письменные материалы дела, суд, в силу следующих оснований нашел: в исковых требованиях к Иванову Е.Н. отказать; остальные исковые требования истцов к компаниям, как к юридическим лицам, об истребовании акций оставить без рассмотрения и в этой части в исках отказать, так как этот экономический спор не подведомствен судам общей юрисдикции, а разрешается в соответствующем арбитражном суде; заявление компании "Фостон менеджмент Лимитед" о повороте исполнения решения оставить без удовлетворения.

Утверждение ответчика Иванова Е.Н. о том, что он приобрел 45 обыкновенных акций ОАО "Качканарский горно-обогатительный комбинат

ПРОДОЛЖЕНИЕ К ДЕЛУ № ___2___

"Ванадий" на законных основаниях, и поэтому истцы необоснованно предъявили к нему требования о возврате этих акций, подтверждается следующими доказательствами.

Из копии регистрационного журнала по акциям ОАО "Качканарский горно-обогатительный комбинат "Ванадий" (л.д. 226-227 том I) усматривается, что Иванов Е.Н. на основе договора купли-продажи приобрел 45 обыкновенных именных акций, номер государственной регистрации 1.00 62-I-1396, у компании "ОМНИ Траст хаус Лимитед"; в свою очередь компания "ОМНИ Траст хаус Лимитед" акции указанной государственной регистрации в количестве 9 240 000 штук приобрела в ОАО "Депозитарно-расчетный союз" (см.л.д.225 том I).

Таким образом, в суде установлено, что Иванов Е.Н. является добросовестным приобретателем акций. Между тем, согласно ст. 302 ГК РФ имущество может быть истребовано от добросовестного приобретателя, приобретшего вещь возмездно, только в том случае, если имущество утеряно собственником или лицом, которому имущество передано собственником во владение, либо похищено у того или другого, либо выбыло из их владения иным путем помимо их воли; деньги, а также ценные бумаги на предъявителя не могут быть истребованы от добросовестного приобретателя.

Поскольку истцы не представили в суд никаких доказательств, свидетельствующих о том, что Иванов Е.Н. является недобросовестным приобретателем акций, в суде не установлено фактов о том, что акции собственником были утрачены, либо похищены, либо выбыли из владения иным путем помимо воли собственника или лица приобретшего имущество, то суд считает возможным в исковых требованиях истцов к Иванову Е.Н. об истребовании 45 акций отказать.

Исковые требования истцов к названным компаниям об истребовании 37 715 061 акций ОАО "Качканарский ГОК "Ванадий" не могут быть рассмотрены в суде общей юрисдикции, а поэтому судом оставлены без удовлетворения в силу следующих обстоятельств.

В суде установлено, что Иванов Е.Н. является добросовестным приобретателем 45 акций ОАО "Качканарский ГОК "Ванадий", о чем было известно истцам. Однако истцы искусственно, по надуманным основаниям, признали гражданина Иванова Е.Н. вместе с указанными компаниями ответчиками по делу, только для того, чтобы согласно ст.ст. 25, 28 ГПК РСФСР дело рассматривалось в суде общей юрисдикции.

Между тем, согласно ст.22 АПК РФ арбитражному суду подведомственны дела по экономическим спорам, возникающим из гражданских, административных и иных правоотношений: между юридическими лицами (далее организациями), гражданами, осуществляющими предпринимательскую деятельность без образования юридического лица и имеющими статус индивидуального предпринимателя, приобретенный в установленном порядке; к экономическим спорам, разрешаемым арбитражным судом, относятся споры: об истребовании собственником или иным законным владельцем имущества из чужого незаконного владения.

Поскольку в суде установлено, что Иванов Е.Н. не может быть признан надлежащим ответчиком по спору между юридическими лицами об истребовании имущества из чужого незаконного владения, то суд, руководствуясь правилом ст.122 ГПК РСФСР о том, что при рассмотрении дела в данном суде выявилось, что оно было принято с нарушением правил подсудности, так как согласно ст.22 АПК РФ исковые требования истцов, как юридических лиц, к компаниям — юридическим лицам по подсудности должны рассматриваться в арбитражном суде Свердловской области.

При таких обстоятельствах, и, учитывая мнение представителя компании "Фостон менеджмент лимитед" Алюшиной; представителя компании "Амбер Стар Эл.Эл.Си." Вольнова В.В., исходя из смысла п.7 ст.129 ГПК РСФСР суд отказывает истцам в рассмотрении их исковых заявлений по существу в гражданском судопроизводстве, поскольку исковые требования истцов подсудны арбитражному суду.

Рассмотрев ходатайство компании "Фостон менеджмент лимитед" о повороте исполнения решения суда, а именно, о взыскании с ОАО "НТМК" 103540 акций гос. № 62-1п-290 и 18 477 610 акций гос.№ 62-1-1396; с ООО "Инросмет" 1240077 акций гос.№ 62-1-1396; с ЗАО "Стандарт-Траст" 17 618 254 акций гос.№ 62-1-1396 в пользу компании "Фостон менеджмент лимитед", суд не нашел оснований для его удовлетворения.

Решение Солнцевского межмуниципального суда ЗАО г.Москвы от 29.9.2000 года, по которому спорные акции в количестве более 37 миллионов списаны со счетов "Фостон менеджмент лимитед" на счета ОАО "НТМК"; ООО "Инросмет"; ЗАО "Стандарт Траст" - отменено в кассационном порядке.

В настоящем судебном заседании бесспорно установлено, что экономический спор об акциях ОАО "Качканарский ГОК "Ванадий" подсуден арбитражному суду Свердловской области, о чем, настаивала в суде представитель "Фостон менеджмент лимитед", требуя прекращения производства по делу.

1/ Представители истцов представили в суд копию искового заявления в арбитражный суд Свердловской области от 30.10.2001 года о признании сделок со спорными акциями ОАО "Качканарский ГОК "Ванадий" в количестве более 37 миллионов недействительными, в котором в качестве ответчика привлечена и компания "Фостон менеджмент лимитед", а также копию определения арбитражного суда Свердловской области от 5.11.2001 года о принятии этого иска к производству.

2/Из объяснений, данных в суде, представителя ЗАО "Ведение реестров компаний" усматривается, что движение по спорным акциям приостановлено и спорные акции ОАО "Качканарский ГОК "Ванадий" находятся на депозитах как в ОАО "Депозитарно-расчетный союз", так и в других депозитарных компаниях.

2/ Из письма Федеральной комиссии по рынку ценных бумаг (ФКЦБ России) (см.л.д. 25 т.1) усматривается, что названный федеральный орган проверяет законность списания спорных акций со счетов компании "Фостон менеджмент лимитед" на счета компаний ОАО "НТМК"; ЗАО "Стандарт Траст"; ООО "Инросмет", произведенного по исполнительному листу Солнцевского межмуниципального районного суда ЗАО города Москвы, выданного 29.09.2000 года по делу № 2-2747.

4/Оценивая изложенные доказательства в их совокупности, суд приходит к выводу, что удовлетворяя ходатайство компании "Фостон менеджмент лимитед" о взыскании в ее пользу спорные акции в количестве более 37 миллионов штук, суд общей юрисдикции по существу разрешает экономический спор, который подсуден и подведомственен арбитражному суду, что вошло бы в противоречие с положением ст.47 Конституции РФ, ст.25 ГПК РСФСР.

При таких обстоятельствах, суд считает, что ходатайство компании "Фостон менеджмент лимитед" о повороте исполнения решения должно быть оставлено без удовлетворения.

На основании изложенного и руководствуясь ст.47 Конституции РФ, ст.302 ГК РФ, ст.22 АПК РФ, ст.ст. 122, 129, 191-196, 203, 430-431 ГПК РСФСР, суд

Р Е Ш И Л :

В иске ЗАО "Стандарт Траст"; ООО "Инросмет"; ОАО "Нижнетагильский металлургический комбинат" к Иванову Евгению Николаевичу об истребовании 45 акций - отказать.

ПРОДОЛЖЕНИЕ К ДЕЛУ №    3

Исковые требования ЗАО "Стандарт Траст", ООО "Инкросмет", ОАО "Нижнетагильский металлургический комбинат" к компании "Фостон менеджмент лимитед", "СиНИ Трастхаус лимитед", "Нэксиз Продактс Эл.Эл.Си.", "Амбер Стар Эл.Эл.Си.", "Дэвис Интернешнл", "Холдекс Эл.Эл.Си.", ЗАО "Компания-регистратор "Панорама" об истребовании акций оставить без рассмотрения в гражданском судопроизводстве, поскольку данный спор подведомственен арбитражному суду.

Ходатайство "Фостон менеджмент лимитед" о повороте исполнения решения, по основаниям изложенным в описательно-мотивировочной части решения, оставить без удовлетворения.

Решение может быть обжаловано или опротестовано в мосгорсуд через районный суд в течение 10 дней со дня его вынесения.


Председательствующий: подпись

Копия верна.                              Народные заседатели:  подписи


Председательствующий:

Секретарь: