

В Арбитражный суд Республики Калмыкия
Федеральному судье Джамбиновой
Адрес: г.Элиста ул. Пушкина, д.9

Дело  А22-1222/2000/6-109

Копия:        Прокурору Республики Калмыкия

### ПОКАЗАНИЯ СВИДЕТЕЛЯ
В порядке ст.44 АПК РФ

18 июня 2001г Арбитражным судом Республики Калмыкия вынесено определение «О привлечении гражданина Червинского Н.И. в качестве свидетеля по арбитражному делу № А22-1222/2000/6-109».

Я, Червинский Никита Ильич, паспорт РФ 45 00 672611 выдан 29.03.2001 ОВД «Москворечье-Сабурово» г.Москвы ( взамен паспорта СССР 11-МЮ №745425), проживающего по адресу г.Москва, Пролетарский пр. д.11 кв.37,

Ознакомившись:
- с исковым заявлением ОАО «Качканарский горно-обогатительный комбинат «Ванадий» к ООО Торговый дом ОАО «Ванадий» и ООО «Полипром» о признании договора №3 купли-продажи ценных бумаг от 18.01.99 недействительным, а также о признании недействительными передаточных распоряжений о перерегистрации акций ОАО КГОК «Ванадий» в количестве 2307984 шт. на сумму 5558847 руб. с лицевого счета ООО Торговый дом ОАО «Ванадий» на лицевой счет ООО «Полипром» и о восстановлении записей на лицевом счете ООО Торговый дом ОАО «Ванадий»,
- с Решением Арбитражного суда Республики Калмыкия от 22.11.2000 по делу № А22-1222/2000/6-109,
- с Постановлением кассационной инстанции Федерального Арбитражного суда Северо-Кавказского округа от 17.04.2001 по тому же делу,

в присутствии нотариуса Якушевой Л.И. собственноручно записал следующие свидетельские показания по известным мне обстоятельствам дела А22-1222/2000/6-109.

**При этом нотариусом Якушевой Л.И. мне были разъяснены обязанности свидетеля, указанные в ст.44 АПК РФ, также мне была разъяснена ответственность по ст.308 УК Российской Федерации за дачу заведомо ложных показаний.**

Решением Совета директоров ОАО КГОК «Ванадий» от 11 февраля 1999 года я был назначен исполняющим обязанности Генерального директора ООО «Торговый Дом ОАО «Ванадий». Одновременно Машковцев Евгений Александрович был отстранен от ранее занимаемой им должности Генерального директора ООО «Торговый Дом ОАО «Ванадий». В дальнейшем Машковцев Е.А. в соответствии с приказом №89 от 12 июля 1999 был уволен по собственному желанию на основании личного заявления.

Мои полномочия Генерального директора ООО «Торговый Дом ОАО «Ванадий» были прекращены 29 января 2000г. на основании приказа №19 от 29.01.2000 ОАО КГОК «Ванадий». Таким образом, я выполнял организационно-распорядительные функции Генерального директора ООО «Торговый Дом ОАО «Ванадий» в период времени с 11 февраля 1999г. по 29 января 2000г.

Никаких разъяснений относительно того обстоятельства, что указанную должность я занимаю временно, то есть на период проведения ревизии в ООО «Торговый Дом ОАО «Ванадий», мне не поступало ни от Генерального директора ОАО КГОК «Ванадий», ни от Совета директоров ОАО КГОК «Ванадий». В указанный период времени мои полномочия Генерального директора предприятия ООО «Торговый Дом ОАО «Ванадий» никем не оспаривались, при этом мною, как Генеральным директором ООО «Торговый Дом ОАО

«Ванадий» подписывались приказы, выдавались доверенности, подписывались отчеты в налоговые органы по месту налогового учета ООО «Торговый Дом ОАО «Ванадий», заключались договоры и выполнялись иные действия, свойственные занимаемой должности Генерального директора.

При проведении в 1999 году инвентаризации предыдущей финансово-хозяйственной деятельности предприятия ООО «Торговый Дом ОАО «Ванадий» был установлен факт неправомерного отчуждения имущества, принадлежащего ООО «Торговый Дом ОАО «Ванадий», а именно акций ОАО КГОК «Ванадий» первого и второго выпусков всего в количестве 4 615 968 шт. на сумму 11 800 000 руб.

По факту неправомерного отчуждения имущества, принадлежащего дочернему предприятию ООО «Торговый Дом ОАО «Ванадий», предприятие ООО КГОК «Ванадий», являющееся единственным учредителем ООО «Торговый Дом ОАО «Ванадий», обратилось в Арбитражный суд Республики Калмыкия с иском о признании недействительными сделок по отчуждению указанного имущества и о его возврате в собственность ООО «Торговый Дом ОАО «Ванадий».

На основании вступившего в законную силу решения Арбитражного суда Республики Калмыкия от 7 декабря 1999г. по делу №А22-1268/99/6-108, а также исполнительного листа, выданного указанным Судом, часть неправомерно отчужденного имущества, а именно акции ОАО КГОК «Ванадий» первого и второго выпусков в количестве 2 307 984 шт., были возвращены от ЗАО «Торговый дом «Алтайшина» в собственность предприятия ООО «Торговый Дом ОАО «Ванадий», в связи с чем 18 января 2000г. была внесена соответствующая запись на лицевом счете предприятия ООО «Торговый Дом ОАО «Ванадий» в реестре акционеров предприятия ОАО КГОК «Ванадий».

В январе 2000 год со стороны Генерального директора ОАО КГОК «Ванадий» Хайдарова Д.А. я получил распоряжение о продаже указанного пакета акций и о передаче вырученных денежных средств предприятию ОАО КГОК «Ванадий» в виде займа на пополнение оборотных средств. В соответствии с положениями Устава предприятия ООО «Торговый Дом ОАО «Ванадий», распоряжения исполнительного органа (Генерального директора или Совета директоров) единственного учредителя ОАО КГОК «Ванадий» являются для предприятия ООО «Торговый Дом ОАО «Ванадий» обязательными.

Действуя на основании указанного распоряжения, 18 января 2000 года мною была совершена сделка купли продажи акций ОАО КГОК «Ванадий» первого и второго выпусков в количестве 2 307 984 штук на сумму 5 558 847 руб. по договору №3 с предприятием ООО «Полипром». В оплату по указанной сделке предприятию ООО «Торговый Дом ОАО «Ванадий» от ООО «Полипром» поступили простые векселя Сберегательного банка Российской Федерации в количестве 12 штук общую сумму 5 558 847 руб.

В соответствии с договором займа от 20 января 2000 года займодавец- предприятие ООО «Торговый Дом ОАО «Ванадий» - предоставило заемщику - предприятию ОАО КГОК «Ванадий» - в беспроцентный заем денежные средства на сумму 5 558 847 руб. в виде векселей в количестве 12 штук по акту приема-передачи указанных векселей от 20 января 2000г.

Мне также известно, что простые векселя Сбербанка РФ в количестве 12 шт. на общую сумму 5 558 847 руб. в 2000 году не были поставлены на бухгалтерский учет предприятием ОАО КГОК «Ванадий» и в дальнейшем были похищены.

**Считаю, что исковое заявление о возврате имущества дочернего предприятия ООО «Торговый Дом ОАО «Ванадий» подано истцом с целью получения неосновательного обогащения (получения двойной выгоды) и сокрытия факта хищения указанных векселей.** На указанном основании прошу Суд вынести частное определение о допущенном нарушении закона и направить его для принятия решения в прокуратуру Свердловской области, то есть по месту совершения преступления.

Также сообщаю Суду, что я в настоящее время не являюсь и ранее никогда не являлся лицом, заинтересованным в совершении сделки по договору купли-продажи ценных бумаг №3 от 18 января 2000г.

Я в настоящее время не являюсь и ранее никогда не являлся аффилированным лицом предприятий ООО «Полипром» и ОАО КГОК «Ванадий». Ни я, ни мои ближайшие родственники не являются учредителями предприятия ООО «Полипром» и ранее ими не являлись, также не выполняют в указанном предприятии организационно-распорядительных функций и ранее не выполняли, равно как я и мои ближайшие родственники не состоят с указанным предприятием в трудовых отношениях и ранее не состояли.

Таким образом, утверждение истца о том, что я являюсь аффилированным лицом предприятия ООО «Полипром» и действовал в интересах указанного предприятия является ложным и заявлено с целью введения Суда в заблуждение.

Как указано во вступившем в законную силу решении Арбитражного суда Республики Калмыкия от 07 декабря 1999 г. по делу №А22-1268/99/6-108, общая сумма признанных недействительными обеих сделок по отчуждению предприятием ООО «Торговый Дом ОАО «Ванадий» предприятию ООО «Инросмет» акций ОАО КГОК «Ванадий» первого и второго выпусков в количестве 2307984 шт. на сумму 5 900 000 руб. и предприятию ЗАО «Торговый дом «Алтайшина» акций ОАО КГОК «Ванадий» первого и второго выпусков в количестве 2307984 шт. на сумму 5 900 000 руб. составляет **41,38%** от стоимости имущества предприятия ООО «Торговый Дом ОАО «Ванадий». Все доказательства о величине двух указанных взаимосвязанных сделок по отношению к стоимости имущества ООО «Торговый Дом ОАО «Ванадий» находятся в материалах дела №А22-1268/99/6-108. Само решение по данному делу в части признания двух взаимосвязанных сделок недействительными (с учетом того, что величина двух взаимосвязанных сделок составила 41,38% от стоимости имущества ООО «Торговый Дом ОАО «Ванадий»), Постановлением Федерального Арбитражного суда Северо-Кавказского округа оставлено в силе.

**В период времени с 07 декабря 1999г. по 18 января 2000 года стоимость имущества предприятия ООО «Торговый Дом ОАО «Ванадий» не уменьшалась. Никаких решений по уменьшению стоимости имущества предприятия ООО «Торговый Дом ОАО «Ванадий» Советом директоров ОАО Качканарский ГОК «Ванадий» в период исполнения мною обязанностей Генерального директора ООО «Торговый Дом ОАО «Ванадий» не принималось.**

Таким образом, стоимость отчужденного имущества по договору купли –продажи №3 от 18 января 2000г. акций ОАО КГОК «Ванадий» в количестве 2 307 984 шт. на сумму 5 558 847 руб. составляет **20,69%** от стоимости имущества, принадлежавшего предприятию ООО «Торговый Дом ОАО «Ванадий». На указанном основании, а также согласно ст.46 ФЗ «Об обществах с ограниченной ответственностью», указанная сделка крупной не является, а также не превышала стоимости имущества предприятия ООО «Торговый Дом ОАО «Ванадий».

**Кроме того, указанная сделка была совершена к выгоде заемщика ОАО КГОК «Ванадий» и не нарушила ни в коей мере законных прав и интересов предприятия ОАО КГОК «Ванадий» как единственного учредителя предприятия ООО «Торговый Дом ОАО «Ванадий».**

Также сообщаю Суду, что 18 января 1999 года я не составлял и не подписывал договор №3 купли-продажи ценных бумаг, нотариальная копия которого предоставлена Суду истцом.

**О происхождении указанного документа мне ничего не известно.**

Считаю, что указанный документ – договор №3 купли продажи ценных бумаг от 18 января1999г. между ООО «Торговый Дом ОАО «Ванадий» и ООО «Полипром» был изготовлен истцом с целью фальсификации доказательств по гражданскому делу и введения Суда в заблуждение. Я заявляю Суду, что на документе с реквизитами : договор №3 от 18 января 1999г. купли-продажи акций ОАО «Качканарский ГОК «Ванадий» общим количеством 2 037 984 шт. на сумму 5 558 847 руб. между ООО «Торговый Дом ОАО

«Ванадий» и ООО «Полипром» подпись за и.о. Генерального директора Червинского Н.И. выполнена не мною, а неизвестным мне лицом с подражанием моей подписи.

На основании представленных истцом ОАО КГОК «Ванадий» доказательств, в том числе и сфальсифицированного договора №3 от 18 января 1999г. купли-продажи ценных бумаг, Арбитражный суд Республики Калмыкия вынес решение от 22 ноября 2000г. по делу №А22-1222/2000/6-109, которое вступило в законную силу.

В действиях истца, представившего в Арбитражный суд Республики Калмыкия поддельный договор №3 от 18 января 1999г. купли-продажи ценных бумаг, усматриваю состав преступления, предусмотренного ст. 303 п.1 УК Российской Федерации — фальсификация доказательств по гражданскому делу.

На указанном основании прошу Суд вынести определение о проведении экспертизы подлинности подписи за и.о. Генерального директора Червинского Н.И. на договоре №3 от 18 января 1999г.

Также по факту предоставления истцом Суду сфальсифицированного доказательства прошу Суд вынести частное определение и направить его для принятия решения в порядке ст.109 УПК РСФСР о возбуждении уголовного дела в прокуратуру Республики Калмыкия, то есть по месту совершения преступления.

Также прошу Суд приобщить к материалам Арбитражного дела №А22-1222/2000-6/109 следующие документы, которые могут иметь значение при вынесении нового решения:

1. Договор №3 купли-продажи ценных бумаг от 18 января 2000г. на трех листах, нотариальная копия.
2. Акт приема передачи векселей от 19 января 2000г. к договору №3 купли-продажи ценных бумаг от 18 января 2000г., нотариальная копия.
3. Договор займа от 20 января 2000г. на двух листах, нотариальная копия.
4. Акт приема передачи векселей от 20 января 2000г. к договору займа, нотариальная копия.
5. Выписка из протокола заседания Совета директоров ОАО КГОК «Ванадий» от 11 февраля 1999г., простая копия.
6. Приказ №19 от 29 января 2000г. «О смене руководства в дочернем предприятии ООО Торговый Дом ОАО «Ванадий», простая копия.
7. Приказ №89 от 12 июля 1999г. по личному составу, простая копия.

Настоящие свидетельские показания записаны собственноручно и мною подписаны в присутствии нотариуса Якушевой Л.И..

Настоящие свидетельские показания с приложением вышеуказанных документов вручаю моему представителю Вольнову В.В. для их предоставления в Арбитражный суд Республики Калмыкия.

г.Москва
Девятнадцатое июля две тысячи первого года

# EXHIBIT "9"

### In the name of the Russian Federation
## DECISION

July 05, 2001                                    Case no. A22-1222/2000/6-109

  L.B. Dzhambinova, judge of the Arbitrazh Court for the Republic of Kalmykia, having considered in the court session the case initiated by the complaint of OAO "Kachkanar ore mining and processing enterprise "Vanadium" to OOO "Trading house OAO "Vanadium" and OOO "Poliprom" to invalidate the contract for the sale of securities No. 3 of 18.01.99.

  With the participation in the session:

  For the claimant — Ye. Znamensky, for the respondent — OOO "Trading house OAO "Vanadium" — I.Ye. Dvorovenko, for the third party — AOZT "Vedeniye reestrov kompaniy" — the representative did not appear, for OOO "Poliprom" — I.A. Kalinin.,

### HAS ESTABLISHED:

  The open joint-stock company OAO "Kachkanar ore mining and processing enterprise "Vanadium" made recourse to the Arbitrazh Court for the Republic of Kalmykia with a complaint against OOO "Trading house OAO "Vanadium" and OOO "Poliprom" to invalidate the contract for the sale of securities No. 3 of 18.01.99, to hold invalid the transfer orders on the basis of which in fulfillment of the challenged contract registered ordinary shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium" were written off from the personal account of the seller, and also to restore in the register of the holders of registered ordinary securities of OAO "Kachkanar ore mining and processing enterprise "Vanadium" the entry of the presence on the personal account of OOO "Trading house OAO "Vanadium" of the registered ordinary shares transferred under the challenged contract of sale.

  Ye.V. Znamensky, representing the claimant, in the court session explained that he supports the stated claims and asks the Arbitrazh Court for the Republic of Kalmykia to satisfy them.

  The representative of the claimant explained that the contract for the sale of securities No. 3 of 18.01.99 and the transfer orders were signed on behalf of OOO "Trading house OAO "Vanadium" by N.I. Chervinsky, who was not the Director General of the OOO "Trading house OAO "Vanadium", i.e. had no authority to enter into any transactions on behalf of the trading house.

  Besides, the transaction was a large-scale transaction for the trading house as defined by the current legislation, for which the consent of the General meeting of the company founders is required. However, this was not done, and, consequently, the respondent — OOO "Poliprom" — wrongfully acquired the disputed shares.

  The representative of the OOO "Trading house OAO "Vanadium" recognized the stated claims and fully supports the explanations given by the claimant in the court session.

  Having examined and studied the materials in the case, heard the representatives of the parties, the Arbitrazh Court believes that the stated claims of the claimant are to be satisfied. As the court has established that the contract for the sale of securities and transfer orders were signed on behalf of the trading house by N.I. Chervinsky, who at the moment of signing the contract had no authority to do so, and in accordance with Article 183 of the Civil Code of the Russian Federation in absence of authority to act on behalf of

another person or in exceeding such authority the transaction is considered to be effected for and on behalf of the person so effecting it, unless such other person later expressly ratifies the given transaction.

Proceeding from the above, a contract signed by an unauthorized person may not be legally binding on the parties. The Arbitrazh Court concludes that there was a large-scale transaction effected between the parties to the dispute to dispose of the shares of the "Vanadium" industrial enterprise, but in accordance with Article 46.3 and 5 of the Federal Law "On limited liability companies" a large-scale transaction requires the decision of the General meeting of the company members.

Under the circumstances the transaction to dispose of the shares of the industrial enterprise was effected by an unauthorized person, N.I. Chervinsky, and in absence of the decision of the General meeting on effecting a large-scale transaction is invalid. According to Article 168 of the Civil Code of the Russian Federation, a transaction not corresponding to the requirements of the law or other legal acts is null and void, unless the law establishes that it is voidable or stipulates other consequences of the transgression. Invalidity of the transaction under a contract for the sale of shares entails the invalidation of all subsequent transactions with these shares. Consequently, the court concludes that the stated claims of the claimant are to be satisfied.

Proceeding from the above, being guided by Articles 124 to 126 of the Arbitrazh Procedure Code of the Russian Federation, the court

## HAS DECIDED:

To hold invalid the contract for the sale of securities No. 3 of 18.01.99 concluded between OOO "Trading house OAO "Vanadium" and OOO "Poliprom".

To hold invalid the transfer orders from 20.01.00 to write off from the personal account of OOO "Trading house OAO "Vanadium", in fulfillment of the contract for the sale of securities No. 3 of 18.01.99, registered ordinary shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium", issue No. 62-111-290 from 12.07.3 in the amount of 9759 units and No. 62-1-11396 from 12.06.96 in the amount of 2298225 units.

To instruct AOZT "Vedeniye reestrov kompaniy" — the holder of the register of the shareholder of OAO "Kachkanar ore mining and processing enterprise "Vanadium" — to restore in the system of keeping the register of the holders of registered ordinary securities of OAO "Kachkanar ore mining and processing enterprise "Vanadium" the entry of the presence on the personal account of OOO "Trading house OAO "Vanadium" of registered ordinary shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium", issue No. 62-111-290 from 12.07.3 in the amount of 9759 units and No. 62-1-11396 from 12.06.96 in the amount of 2298225 units.

To exact the expenses for the payment of the state duty in the amount of 1000 rubles from OOO "Trading house OAO "Vanadium" and in the amount of 1000 rubles from OOO "Poliprom" for the benefit of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

The decision becomes effective within a month after it is taken, but may be appealed.

Judge        L.B. Dzhambinova

Arbitrazh Court for the Republic of Kalmykia
True copy
[signature]



Именем Российской Федерации

Р Е Ш Е Н И Е

05 июля 2001 года                                    Дело №А22/1222-00/6-109

Судья арбитражного суда Республики Калмыкия Джамбинова Л.Б., рассмотрев в судебном заседании дело по иску ОАО «Качканарский горно-обогатительный комбинат «Ванадий» к ООО «Торговый дом ОАО «Ванадий» к ООО «Полипром» о признании недействительным договора купли-продажи ценных бумаг №3 от 18.01.99 г.,

При участии в заседании: От истца - Знаменский Е., от ответчика - ООО «Торговый дом «Ванадий» - Дворовенко И.Е. 3 лица - «Ведение реестров компаний» - АО представитель не явился, ООО «Полипром» - Калинин И.А.,

У с т а н о в и л :

Открытое акционерное общество «Качканарский горно-обогатительный комбинат «Ванадий», обратилось в арбитражный суд РК с иском к ООО «Торговый дом ОАО «Ванадий» и ООО «Полипром» о признании недействительным договора купли-продажи ценных бумаг №3 от 18.01.99 г., о признании недействительными передаточных распоряжений, на основании которых во исполнение оспариваемого договора с лицевого счета продавца были списаны именные обыкновенные акции ОАО «Качканарский ГОК «Ванадий», а также о восстановлении в реестре владельцев именных ценных бумаг ОАО «Качканарский ГОК «Ванадий» записи о наличии на лицевом счете ООО «Торговый дом ОАО «Ванадий» именных обыкновенных акций, переданных по оспариваемому договору купли-продажи.

Представитель истца Знаменский Е. В судебном заседании объяснил, что поддерживает исковые требования и просит арбитражный суд РК удовлетворить их.

Представитель истца пояснил, что договор купли-продажи ценных бумаг №3 от 18.01.99 г. и передаточные распоряжения со стороны ООО «Торговый дом «Ванадий» были подписаны Червинским Н.И., который не являлся генеральным директором торгового дома ОАО «Ванадий», то есть полномочий для каких-либо совершений сделок со стороны торгового дома не был наделен

Также указанная сделка для торгового дома являлась крупной согласно действующего законодательства для заключения договора должно

ОАО «Качканарский ГОК «Ванадий» Вх.№...

быть согласие общего собрания учредителей общества. Однако этого сделано не было и соответственно ответчик ООО «Полипром» неправомерно завладело спорными акциями.

Представитель торгового дома ОАО «Ванадий» исковые требования признал и изложенные пояснения истца в судебном заседании полностью поддерживает.

Исследовав материалы дела, изучив их, выслушав представителей сторон арбитражный суд считает, что исковые требования истца подлежат удовлетворению. Поскольку судом установлено, что договор купли-продажи ценных бумаг и передаточные распоряжения от имени торгового дома были подписаны Червинским Н.И., который на момент подписания договора не имел полномочий и согласно ст.183 ГК РФ при отсутствии полномочий действовать от имени другого лица или при превышении таких полномочий сделка считается заключенной от имени и в интересах совершившего его лица, если только другое лицо впоследствии прямо не одобрит данную сделку.

В силу изложенного, договор подписанный неуполномоченным лицом не может влечь для сторон правовых последний. Арбитражный суд приходит к выводу, что между сторонами по делу (спору) была заключена крупная сделка по отчуждению акций комбината «Ванадий», но в соответствии с п.3 и 5 ст. 46 ФЗ «Об обществах с ограниченной ответственностью» для совершения крупной сделки должно быть принято решение общего собрания участников общества.

При таких обстоятельствах сделка по отчуждению акций комбината заключена неуполномоченным лицом Червинским Н.И. и без решения общего собрания о совершении крупной сделки является недействительной. Согласно ст. 168 ГК РФ сделка, не соответствующая требованиям закона или иных правовых актов, ничтожна, если закон не устанавливает, что такая сделка оспорима, или не предусматривает иных последствий нарушения. Недействительность сделки по договору купли-продажи акций влечет за собой признание недействительными и всех последующих сделок с ними. Следовательно, суд приходит к выводу, что исковые требования истца подлежат удовлетворению.

На основании изложенного, руководствуясь ст. 124-126 АПК РФ, суд

Решил:

Признать договор купли-продажи ценных бумаг №3 от 18 января 1999 года недействительным заключенный между ООО «Торговый дом ОАО «Ванадий» и ООО «Полипром».

Признать недействительным передаточные распоряжения от 20.01.00. о списании с лицевого счета ООО «Торговый дом ОАО «Ванадий» во исполнение договора купли-продажи №3 от 18.01.99. именных обыкновенных акций ОАО «Качканарский горно-обогатительный комбинат «Ванадий» выпуска №62-111-290 от 12.07.3. в количестве 9759 штук и № 62-1-1396 от 12.06.96 в количестве 2298225 штук.

Держателю реестра акционеров ОАО «Качканарский горно-обогатительный комбинат» «Ванадий» ,АОЗТ «Ведение реестров компаний» восстановить в системе ведения реестра владельцев в именных ценных бумаг ОАО «Качканарский горно-обогатительный комбинат «Ванадий» записи о наличии на лицевом счете ООО Торговый дом ОАО «Ванадий» именных обыкновенных акций ОАО «Качканарский горно-обогатительный комбинат «Ванадий» выпуска № 62-111-290 от 12.07.93. в количестве 9759 шт. и № 62-1-1396 от 12.06.96. в количестве 2298225 штук.

Взыскать расходы по госпошлине в размере 1.000 рублей с ООО «Торговый дом ОАО «Ванадий» и с «Полипром» в размере 1.000 рублей в пользу ОАО «Качканарский горно-обогатительный комбинат «Ванадий».

Вступает в законную силу с момента его принятия в месячный срок, но может быть обжаловано.

Судья    Джамбинова

# EXHIBIT "10"

ARBITRATION COURT OF THE REPUBLIC OF KALMYKIA

RULING
On a continuance in the hearing of the case
and the inclusion of a third party in the case

City of Elista
September 10, 2001                           Case No. A22-1222/2000/6-109/Ap-46

      The Arbitration Court of the Republic of Kalmykia, comprising Presiding Judge
R. D. Churyumova and Associate Judges L. A. Alzheyeva and V. E. Bembeyev, having
reviewed the materials of the case in the appeal brought by Vanadiy Mining and
Enrichment Plant of Kachkanar OJSC
against T.D. of Vanadiy OJSC, LLC,
and Poliprom LLC,
and Vedeniye Reyestra Kompaniy [Maintaining Company Registries] CJSC
seeking a declaration that the contract is invalid

FINDS:

      A representative of the defendant Poliprom LLC appeared at the hearing of the
arbitration court. Motions for a continuance in the hearing of the case were filed by the
plaintiff, Vanadiy Mining Enrichment Plant of Kachkanar OJSC, and the defendant, T.D.
of Vanadiy OJSC, LLC.
      The court finds that the appeal by Poliprom LLC cannot be reviewed at this court
hearing in the absence of the representatives from the other parties to the case. The
motion for a continuance in the hearing of the case shall be granted.
      In filing the appeal, Poliprom LLC made a motion to include the company Hold
Ex LLC as a third party in the case as a good faith purchaser of securities under a contract
dated January 20, 2000.
      The court deems it necessary to grant that motion.
      Poliprom LLC also indicated in the appeal that the owner of the disputed shares is
Campbell Corporation, which should also be included in the case. In connection with this
Poliprom LLC must submit a written explanation and present evidence supporting its
arguments.
      Moreover, the court believes that in order to follow the directions of the Federal
Arbitration Court of the Northern Caucasus District that it is necessary to request
additional evidence in the case and to made additional preparations for the court hearing.

      The Court, guided by Article 120 of the Code of Arbitration Procedure of the
Russian Federation:

RULES:

1. The motion for a continuance in the review of the case is granted.

2. The hearing of the case is continued until October 12, 2001, at 10:00 in Room 305 of the Arbitration Court of the RK [Republic of Kalmykia] located at 9 Pushkin St., telephone: 2-14-68.

3. The motion by Poliprom LLC is granted and Hold Ex LLC is included in the case as a third party.

4. The following shall be presented for review:
**by the plaintiff: --** the original agreement for the sale and purchase of securities, No. 3 dated January 18, 1[9]99, and
-- documents confirming the nomination and termination of N. I. Chervinskiy as acting General Director. The address of Panorama Registrar Company OJSC must be provided immediately.
**by Poliprom LLC:** --copies of the Charter and the Founding Agreement, with the originals provided for examination;
-- the original agreement for the sale and purchase of securities dated January 18, 2000, and January 20, 2000, for examination, and
-- an explanation with evidence regarding Campbell Corporation [illegible handwritten note]
**by third party, Vedeniye Reyestra Kompaniy CJSC:**-- immediate presentation of the data from the shareholder registry. [handwritten notation: not presented]
**by third party, Hold Ex LLC:**-- evidence confirming title to the disputed securities.

5. The appearance of the parties to the case is mandatory.

| Presiding Judge | [signature] | R. D. Churyumova |
|---|---|---|
| Associate Judges | | L. A. Adzheyeva |
| | | V. E. Bembeyev |

# АРБИТРАЖНЫЙ СУД РЕСПУБЛИКИ КАЛМЫКИЯ

## О П Р Е Д Е Л Е Н И Е
об отложении рассмотрения дела,
привлечению к участию в рассмотрении дела 3-е лицо

г. Элиста
10 сентября 2001 года                    Дело № А22-1222/2000/6-109/Ап-46

Арбитражный суд Республики Калмыкия в составе: председательствующего Чурюмовой Р.Д., судей Алжеевой Л.А., Бембеева В.Э. рассмотрев материалы дела по апелляционной жалобе ОАО «Качканарский ГОК «Ванадий»
**К ООО «Т.Д. ОАО «Ванадий»**
**К ООО «Полипром»**
**К АОЗТ «Ведение реестра компаний»**
о признании договора недействительным

у с т а н о в и л :

В заседание арбитражного суда явился представитель ответчика - ООО «Полипром». От истца – ОАО «Качканарский ГОК «Ванадий» и ответчика - ООО «ТД ОАО «Ванадий» поступили ходатайства об отложении рассмотрения дела.

Суд находит, что дело по апелляционной жалобе ООО «Полипром» не может быть рассмотрено в данном судебном заседании в отсутствие представителей других лиц, участвующих в рассмотрении дела. Ходатайство об отложении рассмотрения дела подлежит удовлетворению.

При подаче апелляционной жалобы ООО «Полипром» заявлено ходатайство о привлечении компании «Холд Экс Эд Эл.Си» к участию в деле в качестве третьего лица как добросовестного приобретателя ценных бумаг по договору от 20.01.2000г.

Суд считает необходимым удовлетворить заявленное ходатайство.

Вместе с тем в кассационной жалобе ООО «Полипром» указал, что собственником спорных акций является Компания «Кэмбл Корпорэйшн», которая должна быть привлечена к участию в деле. В связи с чем ООО «Полипром» необходимо дать письменное объяснение по этому поводу с представлением доказательств, подтверждающих его доводы.

Кроме этого, суд полагает, что для исполнения указаний Федерального арбитражного суда Северо-Кавказского округа необходимо потребовать дополнительные доказательства по делу и произвести дополнительные действия по подготовке дела к судебному разбирательству.

Руководствуясь ст.120 АПК РФ, суд

о п р е д е л и л :

1. Ходатайство об отложении рассмотрения дела удовлетворить.

2. Рассмотрение дела отложить на **12 октября 2001 г.** 10-00 часов в каб 305 помещения арбитражного суда РК по ул. Пушкина, 9, тел.2-14-68

3. Удовлетворить ходатайство ООО «Полипром» и привлечь к участию в рассмотрении дела в качестве 3-го лица Компанию «Холд Экс Эл Эл Си»

4. К рассмотрению дела в заседании **представить**:

истцу – подлинник договора купли-продажи ценных бумаг № 3 от 18.01.99г.,
- документы подтверждающие назначение и отстранение Черныцкого Н И от исполнения обязанностей Ген.директора.    Срочно сообщить адрес ОАО «Компания-регистратор «Панорама».

ООО «Полипром» – Устав, Учредительный договор (копии), подлинники – для обозрения;
- подлинник договора купли-продажи акций от 18.01.2000г , 20.01.2000г. – для обозрения;
- объяснение с доказательствами в отношении Компании «Кэмбл Корпорэйшн» _за 2000_.
3-му лицу – АОЗТ «Ведение реестра компаний» – _срочно_ представить данные реестра акционеров. _не представил_
3-му лицу – компании «Холд Экс Эл.Эл.Си.» – доказательства, подтверждающие право собственности на оспариваемые ценные бумаги.

5. Явка лиц, участвующих в рассмотрении дела, обязательна.


Председательствующий                           Чурюмова Р.Д.

Судьи                                          Алжеева Л.А.

                                               Бембеев В.Э.

# EXHIBIT "11"

[stamp]

*Not subscribed for the service.*

State Unitary Enterprise RBSO

## THE REPUBLIC OF KALMYKIA ARBITRATION COURT

**Appellate Division**
responsible for validating lawfulness and validity of
the pending decisions of arbitration courts

RULING

**November 9, 2001**
**City of Elista**

**Case No. A22-1222/2000/6-109**

The Republic of Kalmykia Arbitration Court composed of:
R. D. Churiumova, Presiding Judge,
L. A. Alzheyeva, V. I. Tokareva, Judges,
with the participation:
from the plaintiff: Ye. N. Znamensky, representative of OAO Kachkanarsky GOK Vanadiy ["Vanadiy Kachkanar Mining and Dressing Integrated Works" Public Joint-Stock Company] (by power of attorney No. 73 dated May 14, 2001);
from the defendants: V. V. Volnov, representative of OOO Poliprom ["Poliprom" Limited Liability Company] (by attorney), I. Ye. Dvorovenko, representative of OOO Torgovy Dom OAO Vanadiy ["Trading House of OAO Vanadiy" Public Joint-Stock Company] (by power of attorney dated April 9, 2001),
third parties: V. V. Volnov, representative of Hold X, L.L.C. (by power of attorney dated March 23, 2001),
ZAO Vedeniye Reestrov Kompaniy ["Registry Keeping of Corporations" Private Joint-Stock Company] – did not appear,
having considered in the court sitting an appeal by OOO Poliprom from the decision of the Republic of Kalmykia Arbitration Court (judge L. B. Jambinova) on case No. A22-1222/2000/6-109 dated July 5, 2001,

FOUND that:

OAO Kachkanarsky GOK Vanadiy brought an action against OOO Torgovy Dom OAO Vanadiy, OOO Poliprom for declaration invalid the Securities Sale Contract No. 3 dated January 18, 1999; for declaration invalid the Transfer Orders under which, in pursuance of the disputed contract, registered shares of common stock in OAO Kachkanarsky GOK Vanadiy were removed from the

vendor's account; and for restoring in the Registry of Owners of Registered Securities of OAO Kachkanarsky GOK Vanadiy the entry reflecting availability of the registered shares of common stock, transferred to the OOO Torgovy Dom OAO Vanadiy account under the disputed Contract. AOZT Vedeniye Reestrov Kompaniy has been called before this Court as a third party making no independent claims on the subject-matter of case. By the decree of the Republic of Kalmykia Arbitration Court dated September 10, 2001, Hold Ex, L.L.C. was called before this Court as a third party making no independent claims on the subject-matter of case, at the request of OOO Poliprom. By the decision of the Republic of Kalmykia Arbitration Court dated November 22, 2000, the plaintiff's, OAO «Kachkanarsky GOK Vanadiy, claims were fully sustained on the grounds that the disputed contract was concluded by an unauthorized person without subsequent approval of the transaction. In addition, the court indicated that the Sale Contract dated January 18, 1999, was a material transaction, however, in violation of the Federal Limited Liability Company Law, Article 46, no decision was made to effect the disputed contract.

By the ruling of the Federal Arbitration Court for the North Caucasian District dated April 17, 2001, the November 22, 2000, decision of the Republic of Kalmykia Arbitration Court was reversed and the case was returned to the court of first appearance for reconsideration with an instruction that during the reconsideration the court must demand from the parties the original Stock Sale Contract, the balance sheet of OOO Torgovy Dom OAO Vanadiy with the stamp reflecting the balance was submitted to the tax authorities, information when N. I. Chervinsky was dismissed from his position as Acting Director General of OOO Torgovy Dom OAO Vanadiy, calling before the court all interested parties and, taking all the above into account, to settle the subject-matter of the dispute. By the decision of the Republic of Kalmykia Arbitration Court on the case No. A22-1222/2000/6-109 dated July 3, 2001, the plaintiff's, OAO «Kachkanarsky GOK Vanadiy, claims where allowed. By allowing the plaintiff's claims the court came to a conclusion that the disputed January 18, 1999, securities Sale Contract No. 3 between the defendants does not meet the requirements of the law and is invalid.

The defendant, OOO Poliprom. disagreed with the above decision and made appeal asking the court to reverse this decision in full and to dismiss the case, referring to insufficient clarification of circumstances that are material for the case, as well as to violation of the law of procedure.

During the court hearing, the OOO Poliprom representative supported the arguments of the appeal and asked the court to reverse the decision of the court of first appearance.

The OAO Kachkanarsky GOK Vanadiy representative and the OOO Torgovy Dom OAO Vanadiy representative proposed that the court of appellate jurisdiction leaves the decision of the court of first appearance unchanged and the appeal unanswered.

The court of appellate jurisdiction, having heard the opinions of the parties and reviewed the documents of the case, found that on January 18, 1999, OOO Poliprom and OOO Torgovy Dom OAO Vanadiy concluded the securities Sale Contract No. 3, according to which the following registered shares of common stock in OAO Kachkanarsky GOK Vanadiy were sold to OOO Poliprom:

– 9,759 shares issued on July 12, 1993, issue No. 62-1P-290, for the amount of 23,504 rub. and 80 kop;

– 2,298,225 shares issued on June 12, 1996, issue No. 62-1-1396, for the amount of 5,535,342 rub. and 20 kop.

An entry reflecting transfer of the ownership in the above shares of OAO Kachkanarsky GOK Vanadiy stock from OOO Torgovy Dom OAO Vanadiy to OOO Poliprom was made in the Registry

of Shareholders according to two Transfer Orders dated January 21, 2000.

On the part of OOO Torgovy Dom OAO Vanadiy, the January 18, 1999, securities Sale Contract No. 3 and the Transfer Orders were signed by N. I. Chervinsky, who was not the Director General of OOO Torgovy Dom OAO Vanadiy and who had no authority to make any transactions; the above statement is supported by the documents reflecting his appointment to this position and dismissal from it, submitted by OOO Torgovy Dom OAO Vanadiy and by the defendant, OOO Poliprom, itself in the latter's reply to the plaintiff's claim.

According to the OOO Torgovy Dom OAO Vanadiy Charter, balance sheet with the tax authority stamp and pursuant to the Federal Limited Liability Company Law, the above transaction was a material transaction for OOO Torgovy Dom OAO Vanadiy. Pursuant to the Federal Joint Stock Company Law, Article 46, for concluding a material transaction by a company it is necessary to have the decision by the general meeting of the company associates. However, such decision was not made.

Under the circumstances described above, the decision of the court of the first appearance to answer the plaintiff's claims for declaration of the January 18, 1999, securities Sales Contract No. 3 invalid, was lawful and substantiated.

In its appeal the claimant refers to not being duly notified about time and place of the court hearing, thereby its right of relief was violated and it was deprived of possibility to submit to the court evidence in the case.

The documents of the case include a receipt from OOO Poliprom of proper notification about time and place of the court hearing, and for that reason the claimant's reference to the absence of proper notification may not be accept by the Appellate Division.

During the court hearing, the OOO Poliprom representative claimed that the removing of the disputed block of shares from the OOO Torgovy Dom OAO Vanadiy account was made pursuant to the January 18, 2000, securities Sale Contract No. 3, and in support of this claim presented the original contract and explained that the plaintiff did not have the original securities Sale Contract. Based on this statement, the OOO Poliprom representative makes a conclusion that the January 18, 1999, contract No. 3 was falsified by the plaintiff. In support of his statement the OOO Poliprom representative presented Resolution No. 00355 issued by the State Registration Chamber of the Republic of Kalmykia on June 22, 1999, according to which OOO Poliprom was incorporated on June 22, 1999.

The OOO Torgovy Dom OAO Vanadiy representative and the OAO Kachkanarsky GOK Vanadiy representative while objecting to this statement presented the original January 18, 1999, securities Sale Contract No. 3 and explained that removal of the securities was performed pursuant the January 18, 1999, securities Sale Contract No. 3. The plaintiff's representative also referred to the certificate, issued by ZAO Kompania-Registrator Panorama ["Panorama Company-Registrar" Private Joint-Stock Company], according to which the entry of removing the securities from the OOO Torgovy Dom OAO Vanadiy account was made pursuant to the January 18, 1999, Sale Contract No. 3. The plaintiff's representative in the court explained that OOO Poliprom was incorporated as a legal entity after the disputed January 18, 1999, Contract No. 3 was concluded and that this circumstance is one that supports the claim for declaration of this contract invalid.

The Appellate Division having evaluated all body of evidence presented found that the defendants in fact concluded the January 18, 1999, securities Sale Contract No. 3. This circumstance is confirmed by the extracts from the Registry presented by the OOO Poliprom representative himself, according to which the entry of removal of the above shares of stock from the OOO Torgovy Dom

OAO Vanadiy account was made pursuant to the January 18, 1999, securities Sale Contract No. 3, and by the certificate presented by ZAO Kompania-Registrator Panorama which was the Holder of the Registry of the owners of OAO Kachkanarsky GOK Vanadiy securities at the time the disputed contract was concluded. Besides, the Court found substantiated the plaintiff's claim that the fact OOO Poliprom was registered after the January 18, 1999, disputed Contract was concluded, is one of the grounds for declaration this contract invalid.

Based on the above considerations and pursuant to Articles 91, 95, 153, 155, 157, 158, 159 (§ 1, §§ 2, 3) of the Russian Federation Code of Arbitration Practice,

IT IS HEREBY ORDERED by the Arbitration Court:

that the decision of the Republic of Kalmykia Arbitration Court dated July 5, 2001, on the Case No. A22-1222/2000/6-109 be left unchanged and the appeal unanswered.

IT IS FURTHER ORDERED that this ruling shall be effective immediately and may be appealed in the Federal Arbitration Court for Northern Caucasian District under the appeal procedure within one month of the date of this ruling.

Presiding Judge    [signature]    R. D. Churiumova
Judges             [signatures]   L. A. Alzheyeva
                             V. I. Tokareva

Stamp:
TRUE COPY:
The Republic of Kalmykia
Arbitration Court

ОТ:Х                                  ОМЕР ТЕЛЕФОНА:                                    К. 21 2001 17:39  СТР2

FROM : "AKiNP"                        PHONE NO. : 250 44 34                    DEC. 21 2001 03:12PM P1

**АРБИТРЖАНЫЙ СУД   РЕСПУБЛИКИ КАЛМЫКИЯ**

## ПОСТАНОВЛЕНИЕ

апелляционной инстанции по проверке законности и обоснованности
решений арбитражных судов, не вступивших в законную силу

г. Элиста                                        Дело № А22-1222/2000/6-109
«09» ноября 2001 года

Арбитражный суд Республики Калмыкия в составе:
Председательствующего: Чурюмовой Р.Д.,
судей Алжеевой Л.А., Токаревой В.И.,
при участии:

от истца: представитель ОАО «Качканарский ГОК «Ванадий» -
Знаменский Е.Н. (по доверенности № 73 от 14 мая 2001 года),

от ответчиков: представитель ООО «Полипром» - Вольнов В.В. (по
доверенности), представитель ООО «Торговый дом ОАО «Ванадий» -
Дворовенко И.Е. (по доверенности от 09.04.2001 года),

третьи лица: представитель компании «Холд Экс Эл.Эл.Си.»-Вольнов
В.В.( по доверенности от 23.03.2001 г.)

ЗАО «Ведение реестров компаний» - не явились,

рассмотрев в судебном заседании апелляционную жалобу ООО
«Полипром» на решение  от 05 июля 2001 года по делу  № А22-1222/2000/6-
109 Арбитражного суда Республики Калмыкия  (судья Джамбинова Л.Б.)

### Установил:

ОАО «Качканарский ГОК «Ванадий» обратился в суд с иском к ООО
«Торговый дом ОАО «Ванадий», ООО «Полипром» о признании
недействительным договора купли-продажи ценных бумаг № 3 от 18.01.1999
г., о признании недействительными передаточных распоряжений на
основании которых во исполнение оспариваемого договора с лицевого счета
продавца были списаны именные обыкновенные акции ОАО «Качканарский
ГОК «Ванадий», а также о восстановлении в реестре владельцев именных
ценных бумаг ОАО «Качканарский ГОК «Ванадий» записи о наличии на
лицевом счете ООО «Торговый дом ОАО «Ванадий» именных
обыкновенных акций, переданных по оспариваемому договору купли-
продажи.

В качестве третьего лица, не заявляющего самостоятельных требований
на предмет спора, привлечено АОЗТ «Ведение реестров компаний» .
Определением  Арбитражного суда Республики Калмыкия от 10.09.2001 года
в качестве третьего лица, не заявляющего самостоятельных требований на

ОТ:Х

FROM : "AKINP"                    PHONE NO. : 250 44 34          DEC. 21 2001 03:16PM P1

ЮМЕР ТЕЛЕФОНА:                                          :К. 21 2001 17:10 СТР4

предмет спора была привлечена компания «Холд Экс Эл.Эл.Си.» по ходатайству ООО «Полипром».

Решением Арбитражного суда Республики Калмыкии от 22.11.2000 г. исковые требования ОАО «Качканарский ГОК «Ванадий» полностью удовлетворены на том основании, что оспариваемый договор заключен неуполномоченным лицом в отсутствие последующего одобрения сделки. Кроме того, суд указал, что договор купли-продажи от 18.01.1999 года является крупной сделкой, однако в нарушении норм ст.46 Федерального закона «Об обществах с ограниченной ответственностью» решение о совершении оспариваемого договора не принималось.

Постановлением Федерального Арбитражного суда Северо-Кавказского округа от 17 апреля 2001 года решение Арбитражного суда Республики Калмыкии от 22.11.2000 г. отменено и передано на новое рассмотрение в суд первой инстанции с указанием на то, что при новом рассмотрении дела суду необходимо истребовать у сторон подлинный договор купли-продажи акций, баланс ООО «Торговый дом ОАО «Полипром» с отметкой о представлении его в налоговые органы, сведения о том, когда Червинский Н.И. был отстранен от должности исполняющего обязанности генерального директора ООО «Торговый дом ОАО «Ванадий», привлечь к участию всех заинтересованных и с учетом этого разрешить спор по существу.

Решением Арбитражного суда Республики Калмыкия суда от 05.07.2001 года по делу № А22-1222/2000/6-109 исковые требования ОАО «Качканарский ГОК «Ванадий» были удовлетворены.

Удовлетворяя исковые требования, суд пришел к выводу о том, что оспариваемый договор купли-продажи ценных бумаг № 3 от 18.01.1999 года, заключенный между ответчиками, не соответствует требованиям закона и является недействительным.

Ответчик ООО «Полипром», не согласившись с принятым решением, подал апелляционную жалобу, в которой просил суд отменить решение полностью и прекратить производство по делу, ссылаясь на неполное выяснение обстоятельств, имеющих значение для дела и нарушение норм процессуального права.

В судебном заседании представитель ООО «Полипром» доводы апелляционной жалобы поддержал и просил суд решение суда первой инстанции отменить.

Представитель ОАО «Качканарский ГОК «Ванадий» и представитель ООО «Торговый дом ОАО «Ванадий» предложили апелляционной инстанции решение суда первой инстанции оставить без изменения, а апелляционную жалобу без удовлетворения.

Суд апелляционной инстанции, выслушав мнение сторон, проверив материалы дела, установил, что между ООО «Полипром» и ООО «Торговый дом ОАО «Ванадий» 18 января 1999 года был заключен договор купли-продажи ценных бумаг № 3, на основании которого ООО «Полипром» были преданы именные обыкновенные акции ОАО «Качканарский ГОК «Ванадий»:

202

ОТ:Х                ЮМЕР ТЕЛЕФОНЗ:                К. 21 2001 17:40 СТРЗ

FROM : "AKINP"                    PHONE NO. : 250 44 34                DEC. 21 2001 03:16PM P2

3

- акции выпуска № 62-1П-290 от 12 июля 1993 года в количестве 9759 штук по цене 23504 руб. 80 коп.
- акции выпуска № 62-1-1396 от 12 июня 1996 года в количестве 2298225 штук по цене 5535342 руб. 20 копеек.

Запись о переходе права собственности на вышеуказанные акции ОАО «Качканарский ГОК «Ванадий» от ООО «Торговый дом ОАО «Ванадий» к ООО «Полипром» внесена в реестр акционеров на основании двух передаточных распоряжений от 21.01.2000 года.

Договор купли-продажи ценных бумаг № 3 от 18.01.1999 г. и передаточные распоряжения со стороны ООО «Торговый дом «Ванадий» были подписаны Червинским Н.И., который не являлся генеральным директором ООО «Торговый дом ОАО «Ванадий» и не был наделен полномочиями для совершения каких-либо сделок, что подтверждается документами о назначении на должность и снятии с нее, представленными ООО Торговый дом ОАО «Ванадий», а также самим ответчиком ООО «Полипром» в отзыве на исковое заявление.

Согласно уставу, балансу ООО «Торговый дом ОАО «Ванадий» с отметкой из налогового органа и Федерального закона «Об обществах с ограниченной ответственностью» указанная сделка для ООО «Торговый дом ОАО «Ванадий» являлась крупной сделкой. Согласно ст. 46 ФЗ «Об акционерных обществах» для заключения крупной сделки должно быть принято решение общего собрания участников общества. Однако этого сделано не было.

При изложенных обстоятельствах суд первой инстанции правомерно и обоснованно удовлетворил требования истца о признании договора купли-продажи ценных бумаг № 3 от 18.01.1999 г. недействительным.

В апелляционной жалобе заявитель ссылается на то, что он не был надлежащим образом извещен о месте и времени судебного заседания, чем было нарушено его право на судебную защиту и он был лишен возможности представить суду доказательства по делу.

В материалах дела имеется уведомление ООО «Полипром» о надлежащем извещении о времени и месте рассмотрения дела, поэтому ссылка заявителя на отсутствие надлежащего извещения не может быть принята апелляционной инстанцией.

В судебном заседании представитель ООО «Полипром» показал, что списание спорного пакета акций с лицевого счета ООО «Торговый дом ОАО «Ванадий» произведено на основании договора купли-продажи ценных бумаг № 3 от 18.01.2000 г. и в доказательство этого представил подлинник договора, пояснив что у истца отсутствует подлинник договора купли-продажи ценных бумаг. Из этого представитель ООО «Полипром» делает вывод о том, что договор № 3 от 18.01.1999 года был сфальсифицирован истцом. В подтверждение своего довода представитель ООО «Полипром» представил Постановление Государственной регистрационной палаты Республики Калмыкия № 00355 от 22 июня 1999 года, согласно которому ООО «Полипром» было зарегистрировано 22 июня 1999 года.



ОТ:Х                          ЮМЕР ТЕЛЕФОНА:                        ДЕК. 21 2001 17:41    СТР5

FROM : "AKiNP"                          PHONE NO. : 250 44 34              DEC. 21 2001 03:17PM P3

4

Представитель ООО «Торговый дом ОАО «Ванадий» и представитель ОАО «Качканарский ГОК «Ванадий», возражая против данного довода ООО «Полипром», представили оригинал договора купли-продажи ценных бумаг № 3 от 18.01.1999 г. и пояснили, что списание спорных ценных бумаг было совершено на основании договора купли-продажи № 3 от 18.01.1999 года. Представитель истца также сослался на справку, выданную ЗАО «Компания-регистратор «Панорама», согласно которой запись о списании ценных бумаг с лицевого счета ООО «Торговый дом ОАО «Ванадий» была внесена на основании договора купли-продажи № 3 от 18.01.1999 года.

Представитель истца в судебном заседании пояснил, что ООО «Полипром» было зарегистрировано в качестве юридического лица после заключения спорного договора №3 от 18.01.1999 г., и данное обстоятельство является одним из оснований для признания данного договора недействительным.

Апелляционная инстанция, оценив в совокупности изложенные доказательства, установила, что между ответчиками фактически был заключен договор купли-продажи ценных бумаг 18.01.1999 г. № 3. Данное обстоятельство подтверждается выписками из реестра, представленными самим же представителем ООО «Полипром», в соответствии с которыми, запись о списании с лицевого счета ООО «Торговый дом ОАО «Ванадий» вышеуказанных акций были произведены на основании договора купли-продажи ценных бумаг 18.01.1999 года №3, а также справкой, представленной ЗАО «Компания-регистратор «Панорама», которое являлось на момент заключения спорного договора держателем реестра владельцев ценных бумаг ОАО «Качканарский ГОК «Ванадий». Кроме того, суд считает обоснованным довод истца о том, что факт регистрации ООО «Полипром» после заключения спорного договора № 3 от 18.01.1999 года является одним из оснований для признания данного договора недействительным.

На основании изложенного и руководствуясь ст. ст. 91, 95, 153, 155, 157, 158, п.1, п.п. 2, 3 ст. 159 АПК РФ, арбитражный суд,

**Постановил:**

Решение Арбитражного суда Республики Калмыкии от 05 июля 2001 года по делу № А22-1222/2000/6-109 оставить без изменения, а апелляционную жалобу без удовлетворения.

Настоящее постановление вступает в законную силу с момента его принятия и может быть обжаловано в кассационном порядке в Федеральный Арбитражный суд Северо-Кавказского округа в месячный срок со дня его принятия.

Председательствующий                                    Чурюмова Р.Д.

Судьи                                                   Алжеева Л.А.,
                                                        Токарева В.И.

204