# DECISION

February 20, 2001

Solntsevo Inter-municipal (District) Court of Moscow,
Consisting of:

Presiding Federal Judge: Pronyakin A.D.
Jury:
Prosecutor:
Attorney:
Appointed Prosecutor:
Appointed Defender:
Secretary: Starodubtseva A.N.

This Court, having reviewed in an open (closed) court session the Petition of Polyakevich G.V., a representative of Foston Management Limited, to reinstate the term for the cassation appeal of the Decision of the Solntsevo Inter-municipal District Court of Moscow in the Case No. 2—2747/2000, dated September 29, 2000,

HAS ESTABLISHED:

During a court session on September 29, 2000, the Solntsevo Inter-municipal Court of Moscow, with The honorable N.V. Ilyin presiding, has rendered a decision in the Case No. 2—2747/2000.

At the end of November of 2000, the entire materials of the Case No. 2—2747/2000 were found missing. Later on, in accordance with the Court's Decision of February 19, 2001, the case was partially reinstated.

From the materials of the reinstated case it appears that Foston Management Limited, as one of the defendants in the Case No. 2—2747/2000, was entitled to the right to file a cassation appeal of the Court's decision in the case.

According to the declaration of G.V. Polyakevich, the representative of Foston Management Ltd, the company was denied the opportunity to file a cassation appeal since its representative, not being properly notified of the date of the hearing, was not present at it. Also, the company never received the required copy of the decision in the Case No. 2—2747/2000.

Based on these circumstances, it is this Court's opinion that the deadline to file the cassation appeal of the District Court's Decision of September 29, 2000 was missed by Foston Management Limited for reasons beyond the company's control.

In accordance with Article 105 of the Civil Code of the RSFSR. this Court has

DECIDED:

To reinstate for Foston Management Limited the term of the cassation appeal of the Decision of the Solntsevo Inter-municipal Court of Moscow in the Case No. 2—2747/2000. dated September 29. 2000.

To attach to the case the Petition Pursuant to Article 105 of the Civil Code of the RSFSR (on 2 pages) and the January 26, 2001Cassation Appeal of the Decision of the Solntsevo Inter-municipal Court of Moscow of September 29, 2000 in the Case No. 2—2747/2000 (on 6 pages), filed by Foston Management Limited.

This is a true a correct copy. Presiding: signature

Presiding: /signature/
Secretary:

# ОПРЕДЕЛЕНИЕ

«[illegible]» [illegible] 20[illegible] г.

Солнцевский межмуниципальный (районный)

суд г. Москвы.

в составе:

председательствующего федерального судьи Пронякина А.И.

народных заседателей

с участием прокурора

адвоката

общественного обвинителя

общественного защитника

при секретаре Стародубовой А.Н.

рассмотрев в открытом (закрытом) судебном заседании дело по обвинению (по иску) заявление представителя компании "Фостон Менеджмент Лимитед" Полякевича Г.В. о восстановлении процессуального срока для кассационного обжалования решения Солнцевского межмуниципального районного суда г.Москвы по гражданскому делу № 2-2747/2000 от 29 сентября 2000 г.,

УСТАНОВИЛ:

29 сентября 2000 года Солнцевский межмуниципальный суд г.Москвы под председательством судьи Ильина Н.В. по гражданскому делу № 2-2747/2000 постановил судебное решение.

В конце ноября 2000 года производство по гражданскому делу № 2-2747/2000 было полностью утрачено и на основании определения суда от 19 февраля 2001 года было частично восстановлено.

Из материалов восстановленного дела усматривается, что компания "Фостон Менеджмент Лимитед" являлась одним из ответчиков по делу № 2-2747/2000, которая имела право на кассационное обжалование решения суда по делу № 2-2747/2000 г.

Как усматривается из заявления представителя компании "Фостон Менеджмент Лимитед" Полякевича Г.В. была лишена возможности подать кассационную жалобу, так как заявитель указывает, что представитель

компания не участвовал в рассмотрении дела, так как надлежащим образом не был извещен о дне рассмотрения дела, компании не была в установленном порядке представлена копия решения по делу № 2-2747/2000.

При таких обстоятельствах суд считает, что срок на кассационное обжалование решения районного суда от 29.09.2000 г. компанией "Фостон Менеджмент Лимитед" был пропущен по уважительным причинам.

Руководствуясь ст. 105 ГПК РСФСР, суд

О П Р Е Д Е Л И Л :

Восстановить для компании "Фостон Менеджмент Лимитед" срок на кассационное обжалование решения Солнцевского межмуниципального суда г.Москвы от 29 сентября 2000 года по делу № 2-2747/2000 г.

Заявление в порядке ст. 105 ГПК РСФСР на 2-х листах и Кассационную жалобу от 26.01.2001 г. компании "Фостон Менеджмент Лимитед" на решение Солнцевского межмуниципального суда г.Москвы от 29 сентября 2000 года по делу № 2-2747/2000 на 6-ти листах приобщить к делу.

Копия верна. Председательствующий: подпись

Председательствующий:

Секретарь:

Name of judge: *N. V. Il'in*

**Determination**

gr. D. No. 33-34
ug.

March 30, 2001 Judicial panel for civil cases of the Moscow Municipal Court, consisting of presiding judge: L. V. Fedorova and judges S. A. Klimova and O. N. Goncharova
with the participation of prosecutor ____________________
and attorneys____________________
hearing in open court session on report of L. V. Fedorova
a case on appeal ____________________
of the company, Foston Management Limited

to the decision of Solntsevsk inter-municipal court, city of Moscow
~~regional people's court~~

September 29, 2000
who reclaimed inscribed common stock of Vanadiy Kachkanarskii Mining and Dressing Complex open joint stock company from the personal accounts of the company Foston Management Limited, with entry into personal account of Inrosmet L.L.C. of 1,245,677 shares of II issue (No. of state registration of issue 62-1-1396), to the personal account of Nizhnetagilsk Metallurgical Complex open joint stock company of 103,626 shares of II issue (No. of state registration issue 62-1P-290) and 18,747,610 shares of II issue (No. of state registration issue 62-1-1396), and to the personal account of Standart Trust closed joint stock company of 17,618,254 shares of II issue (No. of state registration 62-1-1396), registry holder of Vanadiy Kachkanarskii Mining and Dressing Complex open joint stock company, Panorama closed joint stock registrar company and Company Registry Management closed joint stock company, are required to perform the corresponding operations in the registry of owners of securities; the remaining part of the actionable demands were dismissed.

has established:

Inrosmet L.L.C., Nizhnetagilsk Metallurgical Complex open joint stock company, and Standart Trust closed joint stock company addressed the court with a complaint against E. N. Ivanov, and against the companies Amber Star L.L.C., Chezhsiz Products L.L.C., Davis International, Panorama closed joint stock registrar company, Omni-Trust House [illegible] Kholdeks L.L.C., Foston Management Limited, concerning reclamation of property from another's unlawful possession, referring to the fact that they legally purchased inscribed common stock of Vanadiy Kachkanarskii Mining and Dressing Complex open joint stock company. However, Panorama closed joint stock registrar company unlawfully withdrew shares from the accounts of the plaintiffs and entered them into the account of Ural-Start Ltd. L.L.C. and into the personal account of E. N. Ivanov.

Respondent E. N. Ivanov was not in court and did not admit the complaint.

The respondent companies' representative did not admit the complaint.

The court made the above-indicated decision, which the company, Foston Management Limited requests reversal of, according to the arguments of the appeal.

Having become familiar with the materials of the case, having deliberated the arguments of the appeal, and having listened to the explanations of M. M. [illegible], representing the interests of the company, Foston Management Limited, according to power of attorney of 11/1/2000, of the company, Davis International, according to power of attorney of 11/15/2000, of the company Chezhsiz Products L.L.C., according to power of attorney of 11/15/2000, of the company Kholdeks L.L.C., according to the power of attorney of 11/15/2000, and of the company Omni Trust House Limited, according to the power of attorney of 11/15/2000, explanations of G. D. Polyakevich according to power of attorney from the company Foston Management Limited of 2/20/2001, explanations of D. D. Vol'nov according to power of attorney of 3/1/2000, of the company Amber Star L.L.C., of the company Davis International, explanations of E. L. Grigor'eva according to power of attorney of 3/16/2001, of Inrosmet L.L.C., and explanations of N. S. Brusova according to power of attorney of 3/19/2001 of Nizhnetagilsk Metallurgical Complex, judicial panel finds the decision of the court subject to reversal, as established in [illegible] of law.

[*double-bracketed spaces indicate coverage by black spot on page*] In accordance with article 157 of the Civil Procedural Code [...] in case of failure to appear in court session [...] of persons participating [...] of whom [...] of their notification, [...] of the case is dismissed [...] have the right to examine the case in [...] if information [...] [is absent or if the court recognized the reasons for failure to appear inadequate or if the respondent deliberately delays proceeding on the case.

From the materials of the case it has not been perceived that the company Foston Management Limited was properly informed concerning the place and time of the court session.

In the decision of the court of 9/29/2000, it was pointed out that the respondent/companies' representative did not admit the complaint.

However, the materials of the case and the court decision lacked information about what specific person, with indication of last name, first name and middle name, was representing the interests of the companies and, in particular, the company Foston Management Limited, and whether [illegible] from that person represented the interests of the company.

Having examined the case in [illegible] of article 157 in the Russian Federation Civil Procedural Code, the court [illegible] the company Foston Management Limited took part in examining the case, to present evidence, to participate in their research, to present their arguments and observations on all [illegible] in the course of the court proceeding [illegible] to present their objections to the submitted complaint, to object to the motions, arguments and observations of other persons involved in the case, to make use of other procedural rights of representation of the current Code; that is, the requirements stipulated by article 30 of the RSFSR Civil Procedural Code have been violated.

Having resolved the dispute without participation of the company Foston Management Limited, the court did not take into consideration the circumstance stated in the appeal of the company.

In particular, by the decision of the Meshchansk inter-municipal court, Moscow, of

7/13/2000, the Company Amber Star L.L.C. and Chezhsiz Products L.L.C. were recognized as bona fide purchasers of inscribed common stock in Vanadiy Kachkanarskii Mining and Dressing Complex open joint stock company.

The decision of the court has entered into legal force.

Buy and sell agreements of shares were not studied in the court session. Persons participating in the indicated business transactions were not involved in the case.

Circumstances stated in the appeal were not studied by the court and were not evaluated, whereas the indicated circumstances have juridical significance for correct resolution of the dispute.

Given this information, the judicial panel holds that the decision found by the court does not conform to [...] of articles 157, 192, 194, 197, 14, 50 [...] RSFSR, in connection with which is subject to [...] with the direction of the case to a new [...] in the same court in another composition [...].

[...] examination of the case [...] what has been stated, having notified [...] and time of the court session [...] arguments of the parties and depending upon the established resolution of disputes on the basis of law.

Governed by articles 305 and 306 of the RSFSR Civil Procedural Code, the Judicial Panel,

has determined:

The decision of the Solntsevsk inter-municipal court, Moscow, on September 29, 2000, is reversed and to refer the case to a new examination in the same court at another composition of judges.

Presiding [signature]
Judges of the panel [signature]
[signature]

ф. № 20

н/судья Иванин Н.В.

# Определение

гр. д. № 33-346

«30» декабря 2001 г. Судебная коллегия по гражданским делам Московского городского суда в составе председательствующего Федоровой Л.В. и судей Климовой С.А., Гончаровой Ю.Е.

с участием прокурора

и адвокатов

заслушав в открытом судебном заседании по докладу Федоровой Л.В. дело по кассационной жалобе

Компании „Бостон Менеджмент Лимитед"

на решение Солнцевского межмуниципального суда г. Москвы

от «29» сентября 2000 года, которым истребованы именные обыкновенные акции ОАО „Качканарский горнообогатительный комбинат „Ванадий" с лицевых счетов компании „Бостон Менеджмент Лимитед" с зачислением на лицевой счет ООО „Истэмет" 1245677 акций II выпуска /№ гос. регистрации выпуска 62-1-1396/, на лицевой счет ОАО „Нижнетагильский металлургический комбинат" 103626 акций II выпуска /№ гос. регистрации выпуска 62-1П-290/ и 18747640 акций II выпуска /№ гос. регистрации выпуска 62-1-1396/, на лицевой счет ЗАО „Стандарт Траст" 17618254 акции II выпуска /№ гос.

регистрации 62-1-13961" регистродержатель ОАО "Качканарский горнообогатительный комбинат "Ванадий", ЗАО "Компания-регистратор "Панорама" и АОЗТ "Ведение реестров компаний" об обязании произвести восстановительные операции в реестре владельцев ценных бумаг в остальной части исковых требований отказано.

Установила:

ООО "Инпромет", АОА "Нижнетагильский металлургический комбинат", ЗАО "Стандарт Траст" обратились в суд с иском к Иванову Е.Ю., Компаниям "Албер Стар Эл Эл Си", "Джаз Продактс Эл Эл Си", "Девис Интернешенл", ЗАО "Компания-регистратор "Панорама", "Олимп-Траст хаус", "Велингтон Холдинг Эл Эл Си", "Фостон менеджмент лимитед" об истребовании имущества из чужого незаконного владения, ссылаясь на то, что они законно приобрели обыкновенные именные акции ОАО "Горно-обогатительного комбината "Ванадий", однако ЗАО "Компания-регистратор "Панорама" незаконно списала акции со счетов истцов и зачислила на счет ООО "Урал-Стандарт-ИТ" и на лицевой счет Иванова Е.Ю.

Ответчик Иванов Е.Ю. в суд не явился, иск не признал.

Представители ответчиков-компаний иск не признали.

Судом постановлено вышеуказанное решение, об отмене которого по доводам кассационной жалобы просит Компания "Фостон менеджмент лимитед".

Продолжение к делу №

Ознакомившись с материалами дела, обсудив доводы кассационной жалобы, выслушав объяснения Аникиной М.М., представляющей интересы компании „Бодайбо менеджмент лимитед" по доверенности от 1/XI-2000 года, компании „Дэвис Интерпрайзис" по доверенности от 15/XI 2000 года, компании „Уэксид Продактс Эл Эл Си" по доверенности от 15/XI-2000 года, компании „Холдингс Эл Эл Си" по доверенности от 15/XI-2000 года, компании „Омни Траст хаус Лимитед" по доверенности от 15/XI-2000 года, объяснение Голкевич Г.Д. по доверенности от компании „Бодайбо менеджмент лимитед" от 20/II-2001 года, объяснение Ивлиновой Я.Я. по доверенности от 1/III-2000 года компании „Амбер Стар Эл Эл Си" компании „Дэвис Интерпрайзис", объяснение Григорьевой Е. по доверенности от 16/II-2001 года ООО „Инфорест", объяснение Бруевой Н.С. по доверенности от 19/III-2001 года ОАО „Уральский металлургический комбинат", Судебная коллегия находит решение суда подлежащим отмене, как постановленное в нарушение закона.

В соответствии со ст. 157 ГПК РСФСР в случае неявки в судебное заседание кого-либо из лиц, участвующих в деле, в отношении которых отсутствуют сведения об их извещении, разбирательство дела откладывается.

Суд вправе рассмотреть дело в отсутствие ответчика, если сведения о причинах неявки отсутствуют,

либо если суд признает причины неявки неуважительными, либо если ответчик умышленно затягивает производство по делу.

Из материалов дела не усматривается, что "Компания Восток Менеджмент Лимитед" была надлежащим образом уведомлена о месте и времени судебного заседания.

В решении суда от 29/IX-2000 года указано, что представитель ответчиков-соистцов иск не признал.

Однако в материалах дела и в судебном решении отсутствуют сведения о том, какое конкретное лицо с указанием фамилии, имени, отчества представляло интересы Компании, и в частности "Компании Восток Менеджмент Лимитед", и имелись ли полномочия у этого лица представлять интересы Компании.

Рассмотрев дело в нарушение ст. 157 ГПК РСФСР суд лишил возможности "Компанию Восток Менеджмент Лимитед" принимать участие в рассмотрении дела, представлять доказательства, участвовать в их исследовании, представлять свои доводы и соображения по всем возникающим в ходе судебного разбирательства вопросам, представить свои возражения на предъявленный иск, возражать против ходатайств и соображений других лиц, участвующих в деле, пользоваться другими предоставленными правами и процессуальными [illegible] кодексом, т.е

33-3461

нарушение требования, предусмотренные ст. 130 ГПК РСФСР.

Разрешив спор без участия Компании "Фостон Менеджмент Лимитед", суд не учел обстоятельства, изложенные в кассационной жалобе Компании.

В частности, решением Мещанского межмуниципального суда г. Москвы от 13/VII-2000 года Компании "Альбер Стар Эл Эл Си", "Нжсиз Продактс Эл Эл Си" признаны добросовестными приобретателями именных обыкновенных акций ОАО "Качканарский ГОК "Ванадий"".

Решение суда вступило в законную силу.

Договоры купли-продажи акций в заседании суда не исследовались, лица, участвовавшие в указанных сделках, к делу не привлекались.

Обстоятельства, изложенные в кассационной жалобе, судом не исследовались и не оценивались, тогда как указанные обстоятельства имеют юридическое значение для правильного разрешения спора.

При изложенных данных Судебная Коллегия считает, что постановленное судом решение не соответствует требованиям ст.ст. 157, 192, 194, 197, 14, 50, 56 ГПК РСФСР, в связи с чем подлежит отмене с направлением дела на новое рассмотрение в тот же суд в ином составе судей.

При новом рассмотрении дела суду следует учесть изложенное, известить стороны о месте и времени судебного заседания, проверить доводы сторон и в заявле-

Продолжение к делу №

[illegible] от установленного разрешить спор на основании закона.

Руководствуясь ст.ст. 305, 306 ГПК РСФСР, Судебная Коллегия

Определила:

Решение Савеловского межмуниципального суда г. Москвы от 29 сентября 2000 года отменить и дело направить на новое рассмотрение в тот же суд в ином составе судей.

Председательствующий:

Судьи Коллегии:

Копия верна

Судья [illegible]

Копия определения прошнурована, пронумерована, скреплено печатью на 3-х листах. Секретарь [illegible]

# Foston Management Limited

Solntsevsky Inter-Municipal Court
119618 Russia
Moscow, 50-letya Oktyabrya Str., 6
Bld. 1
Judge Pronyakin A. D.

Referred to Case No. 2-2747

Dear Mr. Pronyakin,

We have been informed from our Attorney that Moscow's Solntsevsky Court has received a letter addressed to your attention with request to drop an inquiry in connection with the case No. 2-2747 (filed to obtain on demand a property from illicit ownership). Ostensibly purported Directors and/or owners of "Foston Management Limited" company have signed this letter.

In connection with the above we hereby declare that:
This letter has never been signed and sent to you by ourselves;
The powers of our representative Ashikhmina M. under the Power of Attorney have not been revoked and they must herewith be considered as powers to lodge the cassation complaint;
We fully support the actions of Ashikhmina M., intending to bring a cassation complaint;
We request you not to regard the previous correspondence as outgoing from us.

We additionally kindly ask you to pay attention of the Local Law enforcement Institutions to the forgery of our letter as a criminal act to have been made in order to affect the outcome of the Trial.

Furthermore we request to pass at our disposal through our attorney a copy of the letter hereinabove dully stamped by Court's seal and signed by your signature in order that we should proceed with Cyprus authorities in a manner appropriate to the event.
To confirm the authenticity of our signatures and the fact that we are a director and a secretary of "Foston Management Limited" we herewith enclose duly legalized by Notary public and Russian Consulate in Nicosia, Cyprus, copies of (1) Certificate of Director(s) and Secretary of the Company (2) Memorandum of Articles of Association.

Yours Truly,

The Sole Director

[Seal: FOSTON MANAGEMENT LIMITED]

Dr. Andreas Karapatakis

Secretary

Anna Andreou
for: A.J.K. Management Services Limited

Signed and sealed this day in my presence by Dr. Andreas Karapatakis & Anna Andreou who is/are personally known to me. In testimony whereof I have hereto set my hand and official seal this 15th day of February 2002

CHRISTAKIS DEMETRIOU
CERTIFYING OFFICER

[Seal: CERTIFYING OFFICER]

Ref: cc/Niki-l/chris/letters/vuicletfeb15

1 Naousis Street, Larnaca, Cyprus.

 

C.C.2

H.E. 105100

MINISTRY OF COMMERCE, INDUSTRY AND TOURISM
DEPARTMENT OF REGISTRAR OF
COMPANIES AND OFFICIAL RECEIVER
NICOSIA

23/ 9/1999

CERTIFICATE

FOSTON MANAGEMENT LIMITED

It is hereby certified that in accordance with the records kept by this Department the following are the Directors and Secretary of the above Company:

| Directors | Country of Nationality |
|---|---|
| ANDREAS KARAPATAKIS<br>23, Achilleos Street<br>Larnaca, Cyprus | Cyprus |
| IANNAKIS KARAPATAKIS<br>23, Achilleos Street<br>Larnaca, Cyprus | Cyprus |

Secretary

A.J.K. MANAGEMENT SERVICES LIMITED
1, Naousis Street
Larnaca, Cyprus

TRUE COPY OF THE ORIGINAL

(Sgd) YIANNAKIS KARAPATAKIS
for: A.J.K Management Services Limited

for Registrar of Companies

Signed and sealed this day in my presence by ..YIANNAKIS...KARAPATAKIS
who is/are personally known to me. In testimony Whereof I have hereto set my hand and official seal this 3rd ....day of November 1999
CHRISTAKIS DEMETRIOU
CERTIFYING OFFICER



*...следующим удостоверяется, что подпись, фигурирующая выше/на обороте листа ...яется подписью г-на **ХР. ДЕМЕТРИУ**, ...аверяющего Чиновника Никосии, назначенного Советом Министром Республики Кипр согласно разделу 39 Закона о Заверяющих Чиновниках для заверения подписей и печатей, и что печать напротив указанной подписи является подписью Заверяющего Чиновника Никосии*

***Подпись***
*Районный Чиновник*
*Никосия*

*Никосия – Кипр*
Дата **18 февраля 2002 года** П.ТРИМИНДИ

*Штамп: 18.7.1995*
*Кипр 1 фунт*

*Печать: Районный Чиновник Никосия*

*Штамп:*
*НИЖЕСЛЕДУЮЩИМ ПОДТВЕРЖДАЕТСЯ, ЧТО ПОДПИСЬ, ФИГУРИРУЮЩАЯ ВЫШЕ\НА ОБОРОТЕ ЛИСТА, ЯВЛЯЕТСЯ ПОДПИСЬЮ Г-НА **П. ТРИМИНДИ**, И ПЕЧАТЬ НАПРОТИВ ПОДПИСИ ЯВЛЯЕТСЯ ПЕЧАТЬЮ Районного Чиновника Никосии*
Подпись
***18 февраля 2002 года*** *ДЛЯ ПОСТОЯННОГО СЕКРЕТАРЯ МИНИСТЕРСТВА ИНОСТРАННЫХ ДЕЛ*
**РЕСПУБЛИКИ КИПР**

*Подпись: Л. ПАПАКОНСТАНТИНУ*

*Штамп: 18.7.1995*
*Кипр 1 фунт*
*Печать: Министерство иностранных дел*
*Республика Кипр*

*Штамп: Настоящий документ легализован в Консульском отделе Посольства России в республике Кипр.*
*гор. Никосия **18 февраля 1992 г.***
*Заведующий Консульским отделом Посольства России*
***№ 1374 Подпись***

*Печать: Посольство России в республике Кипр*
*Консульский отдел*

Перевела с английского языка на русский Ключинская О. Г.
Translated from English into Russian by Klyuchinskaya O. G.   

C.C. 2

140

H.E. 105100

**РЕСПУБЛИКА КИПР**

*Министерство торговли и промышленности*
*Отдел Регистратора компаний*
*Никосия*

23 сентября 1999 г.

СВИДЕТЕЛЬСТВО

# ФОСТОН МЕНЕДЖМЕНТ ЛИМИТЕД

Настоящим свидетельствуем, что в соответствии с записями Департамента нижеуказанные лица являются Директорами и Секретарем указанной компании:

| Директора | Гражданство |
|---|---|
| Андреас Карапатакис<br>23 Ахиллеос Стрит, Ларнака, Кипр | Киприот |
| Яннакис Карапатакис<br>23 Ахиллеос Стрит, Ларнака, Кипр | Киприот |
| Секретарь | |
| Эй-Джей-Кей Менеджмент Сервисез Лимитед<br>1 Наусис Стрит, Ларнака, Кипр | |

Верная копия подлинного документа
/подпись/
Яннакис Карапатакис
от имени Эй-Джей-Кей Менеджмент Сервисез Лимитед

Подписано и скреплено печатью в моем присутствии Яннакисом Карапатакисом, известным мне лично. В свидетельство вышесказанного ставлю свою подпись и печать
3 ноября 1999 года
Христакис Деметриу
нотариус /подпись/
Печать нотариуса
Гербовая марка.

/подпись/
Харалaмбос Параскева
от имени Регистратора компаний
Печать Регистратора компаний.

# *он Менеджмент Лимитед*

Солнцевский межмуниципальный суд
119618 Россия
Москва, ул. 50-летия Октября, 6 стр. 1
Судья Пронякин А. Д
По поводу дела № 2-2747

Дорогой г-н Пронякин,

Наш поверенный сообщил нам, что Московский Солнцевский суд получил письмо, адресованное вашему вниманию, с просьбой прекратить расследование по делу № 2-2747 (заведенное для получения по требованию недвижимость от незаконного владельца). По-видимому, называющие себя Директорами компании «Фостон Менеджмент Лимитед» подписали это письмо.

В связи с вышесказанным мы нижеследующим объявляем, что:

Это письмо никогда не было подписано и послано вам нами;

Полномочия нашего представителя Ашихминой М. по Доверенности не были отозваны, и они должны соответственно быть использованы для подачи кассационной жалобы;

Мы полностью поддерживаем действия Ашихминой М., намеревающейся подать кассационную жалобу;

Мы просим вас не рассматривать предыдущую переписку как исходящую от нас.

Мы дополнительно просим вас обратить внимание местных правоохранительных органов на подделку нашего письма как на уголовное преступление, совершенное с целью повлиять на исход дела.

Далее мы просим передать в наше распоряжение через нашего поверенного копию вышеуказанного письма, должным образом заверенного печатью суда и подписанного вами, чтобы мы могли продолжать работу с властями Кипра соответственно ситуации.

Чтобы подтвердить подлинность наших подписей и тот факт, что мы являемся директором и секретарем «Фостон Менеджмент Лимитед», мы прилагаем должным образом легализованные Нотариусом и русским консульством в Никосии, Кипр, копии (1) Сертификата Директо-ов) и Секретаря Компании (2) Меморандум и Устав Общества.

Искренне ваши,

Единоличный Директор
*Подпись*
Д-р Андреас Карапатакис
*Печать: ФОСТОН МЕНЕДЖМЕНТ ЛИМИТЕД*
Секретарь
*Подпись*
Анна Эндрю
От имени: Эй Джей Кей Менеджмент Сервисез Лимитед

*Штамп: 18.7.1995*
*Кипр 1 фунт*
*Печать: ЗАВЕРЯЮЩИЙ ЧИНОВНИК*

*Штамп: Подписано и заверено печатью сегодня в моем присутствии*
*д-ром Андреасом Карапатакисом и Анной Эндрю,*
*лично знакомым(-и) мне. В подтверждение*
*чего я приложил свою подпись и официальную*
*печать сего **15-го** дня **февраля** 2002 года.*
*ХРИСТАКИС ДЕМЕТРИУ*
*ЗАВЕРЯЮЩИЙ ЧИНОВНИК*
*Подпись*

*1 Наусис Стрит, Ларнака, Кипр.*

[p. 21]

Note regarding the execution of the decision n/s f. No. 2

**DECISION**
**In The Name of the Russian Federation**

On November 30, 2001, the Solntsevo Inter-Municipal Regional Court of the City of Moscow, comprised of the honorable A. D. Proniakin, presiding over the court, and the judges, A. I. Dymont, and V. V. Klimentova, in the presence of the prosecutor, ________, and the attorney, __________, with secretary, S. V. Surina, upon reviewing, in an open hearing, civil case No. 2-1762/01 related to the claim of ZAO Standard Trust, OOO Inrosmet, OAO Metallurgical Works of Nizhni Tagil against Evgenii Nikolaevich Ivanov and the companies, Foston Management Limited, Omni Trust House Limited, Nexis Products LLC, Amber Star LLC, Davis International, Holdex LLC, and ZAO Kompaniia – Registrator Panorama, regarding a reclaim of assets from its illegal possession by (an)other party/parties; application of Foston Management Limited regarding the reversal of the execution of the decision;

FOUND:

The plaintiffs approached the Court with a claim against the defendants regarding the reclaim of common nominal shares of OAO Vanadii Mining and Milling Complex of Kachkanar as follows: OAO Metallurgical Works of Nizhni Tagil requested the return of 103,626, shares of the 1st issue, State Registration No. 62-111-290 and 18,747,610 shares of the 2nd issue, State Registration No. 62-1-1396; OOO Inrosmet requested the return of 1,245,677 shares of the 2nd issue, State Registration No. 62-1-1396; ZAO Standard Trust requested the return of 17,618,254 shares of the 2nd issue, State Registration No. 62-1-1396, with one ruble par value per share. The plaintiffs substantiated their requests stating that they were the owners of the shares subject to reclaim and that these shares have been removed from their possession regardless of their will and the plaintiffs also substantiate their requests with the statement that they have legally acquired the appropriate number of shares of OAO Vanadii Mining and Milling Complex of Kachkanar. In the opinion of the plaintiffs, as a result of the illegal actions of the defendants, regardless of the court decisions of the arbitration courts, ZAO Kompaniia-Registrator Panorama has written off the shares from the accounts of the plaintiffs and has entered them on the account of OOO Ural Start LTD and on the personal account of E. N. Ivanov. On the basis of this evidence, the plaintiffs ask that their shares be reclaimed [...]

[...] from their illegal possession by (an)other party/parties and that ZAO Kompaniia-Registrator Panorama and ZAO Vedenie Reestrov Kompanii make changes in the register of holders of securities—stock of OAO Vanadii Mining and Milling Complex of Kachkanar—by means of writing the common nominal shares off of the personal accounts of the defendants.

E. A. Grigorieva, attorney for the plaintiffs, ZAO Standard Trust and OOO Inrosmet, confirmed the requests of the plaintiffs in court and pleaded with the court to grant the claims of said companies.

I. S. Brusova, attorney for the plaintiff, OAO Metallurgical Works of Nizhni Tagil maintained the requests of the plaintiff in court and also pleaded with the court to grant the claim.

The defendant, E. N. Ivanov, had objections against the claims and explained that he is legally in possession of the securities, i.e., 45 shares of OAO Vanadii Mining and Milling Complex of Kachkanar, and therefore pleaded with the court to deny the claims since bearer securities cannot be reclaimed from a good faith buyer.

M. Ashikhmina, attorney for the companies Foston Management Limited and Nexis Products LLC, objected to the claims stating that the companies that she represented in court, legally held the shares under dispute, hence she pleaded with the court not to leave grant the claims on the following grounds. In the opinion of M. Ashikhmina, attorney for the above companies, the plaintiffs have approached the court of general jurisdiction with their requests on the basis of exaggerated grounds, artificially indicating as a defendant in the statements of claim E. N. Ivanov who legally holds shares of OAO Vanadii Mining and Milling Complex of Kachkanar, and the securities (shares) cannot be reclaimed from him as a good faith buyer. In the opinion of M. Ashikhmina, the above claims should be heard at an arbitration court since such disputes are exclusively in its jurisdiction.

In addition, the attorney for the companies, M. Ashikhmina, insisted that, when hearing this case, the court grants the petition of Foston Management Limited for the reversal of the execution of the decision and reclaims the stock under dispute in the amount of more than 37 shares on behalf of said company.

V. V. Volkov, attorney for Amber Star LLC, objected to the claims and pleaded with the court to leave them without a hearing because, in the opinion of the attorney, these claims are to be heard by an arbitration court.

Davis International, Holdex LLC, and ZAO Kompaniia – Registrator Panorama did not send their attorneys to court and did not make any objections regarding the claims; the parties present at the merits hearing did not object to the case being heard in the absence of attorneys of said companies.

N. S. Karzhavina, attorney for ZAO Vedenie Reestrov Kompanii, summoned to participate in the case as a third party upon petition by the attorneys for the plaintiffs left the issue of deciding on

the claims for the reclaim of shares to the discretion of the court. In addition, she explained in court that all shares under dispute are currently deposited at the Depositary and Clearing Association and all transactions with them have been suspended.

Upon hearing the attorneys for the plaintiffs, the defendant, E. N. Ivanov, and the attorneys for Foston Management Limited, Nexis Products LLC, Amber Star LLC and Vedenie Reestrov Kompanii, and upon the examination of the written evidence in the case, based on the following grounds, the court found the following: to deny the claims against E. N. Ivanov; to leave without reviewing the remainder of the claims of the plaintiffs against the companies as legal entities for the reclaim of shares and to deny this portion of the claims since this business dispute is not within the jurisdiction of the court of general jurisdiction and is to be decided in the appropriate arbitration court; and not to grant the application of Foston Management Limited for the reversal of the execution of the decision.

The assertion by the defendant, E. N. Ivanov, that he had legally purchased 45 common shares of OAO Vanadii Mining and Milling Complex of Kachkanar [...]

CONTINUED No. 2

[...] and therefore the plaintiffs having groundlessly demanded the reclaim of said shares is confirmed by the following evidence.

[*Handwritten:* Ivanov] It is evident from the copy of the registration journal of shares of OAO Vanadii Mining and Milling Complex of Kachkanar (sheets 226-227, volume 1) that E. N. Ivanov had purchased 45 common shares, State Registration No. 1.00 62-1-1396, from OMNI Trust House Limited, pursuant to a sales and purchase agreement; in turn, OMNI Trust House Limited had purchased 9,240,000 shares of said state registration from [*illegible*] Depositary and Clearing Association (See sheet 226, vol. 1).

In this manner, it was established in court that E. N. Ivanov is a good faith buyer of the stock. Whereas, pursuant to Article 302 of the Civil Code of the Russian Federation, an asset may be reclaimed from a good faith buyer who has purchased an object and has been remunerated for it, only in the event that the asset has been lost by the owner or by the person into whose possession the asset has been given by the owner or, if the asset has been stolen from either of the two, or if the asset has left their possession by any other means contrary to their will, monies, as well as bearer securities, may not be reclaimed from a good faith buyer.

Since the plaintiffs have not presented any evidence in court that E. N. Ivanov is a bad faith buyer of the shares, the court has not established facts as to the shares being lost by the owner or stolen from the owner, or that they have left the owner's possession by any other means contrary to the will of the owner or of the person who has purchased the asset, the court believes that it is possible to deny the claims against the defendant, E. N. Ivanov, for the reclaim of 45 shares.

The claims of the plaintiffs against the companies indicated above for the reclaim of 37,715,081 shares of OAO Vanadii Mining and Milling Complex of Kachkanar cannot be reviewed in a court of general jurisdiction and therefore, have been denied by the court on the following grounds.

The court has found that E. N. Ivanov is a good faith buyer of 45 shares of OAO Vanadii Mining and Milling Complex of Kachkanar, which has been known to the plaintiffs. However, the plaintiffs, artificially, on exaggerated grounds, recognized the individual, E. N. Ivanov, along with the companies indicated above, as defendants in this case for the sole purpose of having the matter heard in a court of general jurisdiction pursuant to Article 26 and 28 of the Civil Code of the Russian Federation.

Whereas, pursuant to Article 22 of the Code of Arbitration Procedure of the Russian Soviet Federative Socialist Republic, the arbitration court has jurisdiction over cases related to business disputes arising from civil, administrative and other legal relations, between legal entities (hereinafter referred to as "organizations"), individuals involved in entrepreneurship without the establishment of a legal entity and having the status of an individual entrepreneur obtained in due course, disputes for the reclaim of assets by the owner or another legal holder from the illegal

possession of another party belongs to the area of business disputes resolved by an arbitration court.

Since the court has found that E. N. Ivanov cannot be recognized as a proper defendant in the dispute between legal entities regarding the reclaim of assets from the illegal possession of another party, the court, following the provisions of Article 122 of the RSFSR Code of Arbitration Procedure regarding the fact revealed during the hearing of this case by this court that the case had been taken in violation of the rules of jurisdiction since, in accordance with Article 22 of the Code of Arbitration Procedure of the Russian Federation, the claims of plaintiffs, in their capacity as legal entities, against companies—legal entities—in accordance with the rules of jurisdiction, are to be heard by the arbitration court of the Province of Sverdlovsk [*sic*].

Under these circumstances and taking into consideration the opinion of [Ms.] Ashikhmina, attorney for Foston Management Limited, V. V. Volkov, attorney for Amber Star LLC, and in the spirit of Article 129, Item 7, of the RSFSR Code of Arbitration Procedure, the court will not review the claims of the plaintiffs on their merits in civil proceedings because the claims of the plaintiffs are within the jurisdiction of the arbitration court.

Upon the review of the petition of Foston Management Limited regarding the reversal of the execution of the court's decision for the recovery of 103,540 shares with State Registration No. 62-111-290 and 18,477,610 shares with State Registration No. 62-1-1396 from OAO NTMK [Metallurgical Works of Nizhni Tagil], of 1,245,677 shares with State Registration No. 62-1396 from OOO Inrosmet, and 17,618,254 shares with State Registration No. 62-1-1396 from ZAO Standard Trust, on behalf of Foston Management Limited, the court did not find grounds to grant it.

The decision of the Solntsevo Inter-Municipal Regional Court of the Western Administrative District of the City of Moscow of September 29, 2000, pursuant to which the stock under dispute in the amount of more than 37 million has been written off from the accounts of Foston Management Limited into the accounts of OAO NTMK, OOO Inrosmet, and ZAO Standard Trust, has been revoked in a cassation procedure.

During this hearing of the court, it was unarguably found that the business dispute regarding the shares of OAO Vanadii Mining and Milling Complex of Kachkanar is within the jurisdiction of the Arbitration court of Sverdlovsk Province on which the attorney for Foston Management Limited insisted in court, demanding that the proceeding in this manner be terminated.

[*Handwritten numbers*]

1) The attorneys for the plaintiffs presented a copy of a claim filed with the Arbitration court of Sverdlovsk Province in court on October 30, 2001, to void the transactions with the disputed shares of OAO Vanadii Mining and Milling Complex of Kachkanar in the amount of more than 37 million, in which Foston Management Limited has also been summoned as a defendant, as well as a copy of the ruling of the Arbitration court of Sverdlovsk Province dated February 5, 2001, regarding the initiation of proceedings regarding this claim.

2) Based on the explanations given in court by the attorney of ZAO Vedenie Reestrov Kompanii, it is found that [all] transactions with the disputed shares have been suspended and that the disputed shares of OAO Vanadii Mining and Milling Complex of Kachkanar have been deposited with OIuL Depositary and Clearing Association, as well as with other depositary companies.

3) Based on the letter of the Federal Securities Commission of Russia (FKTsB of Russia) (See sheet 25, vol. 1), it is found that said federal authority is examining the legality of writing off the disputed shares from the accounts of Foston Management Limited onto the accounts of OAO NTMK, ZAO Standard Trust, and OOO Inrosmet, performed pursuant to the writ of execution

issued by the Solntsevo Inter-Municipal District Court of the Western Administrative District of the City of Moscow on September 29, 2000 regarding matter No. 2-2747.

4) Upon the evaluation of the presented evidence in the aggregate, the court finds that by granting the petition of Foston Management Limited to recover on its behalf the disputed stock in the amount of more than 37 million shares, the court of general jurisdiction in fact resolves a business dispute which is within the jurisdiction of the arbitration court and this would be in contradiction with the provisions of Article 47 o the Constitution of the Russian Federation, Article 22 of the RF Code of Arbitration Procedure and Article 25 of the RSFSR Code of Civil Procedure.

Under such circumstances, the court finds that the petition of Foston Management Limited regarding the reversal of the execution of the decision, is not to be granted.

Based on the above and pursuant to Article 47 of the RF Constitution, Article 302 of RF Civil Code, Article 22 of the RF Code of Arbitration Procedure, and Articles 122, 129, 191-196, 203, 430-431 of the RSFSR Code of Civil Procedure, the court

DECIDED:

TO deny the claim of ZAO Standard Trust, OOO Inrosmet, and OAO Metallurgical Works of Nizhni Tagil against Evgenii Nikolaevich Ivanov for the reclaim of 45 shares.

To leave without review in civil proceedings the claims of ZAO Standard Trust, OOO Inrosmet, and OAO Metallurgical Works of Nizhni Tagil against Foston Management Limited, OMNI Trust House Limited, Nexis Products LLC, Amber Star LLC, Davis International, Holdex LLC, and ZAO Kompaniia-Registrator Panorama for the reclaim of shares because this dispute is within the jurisdiction of the arbitration court.

Not to grant the petition of Foston Management Limited for the reversal of the execution of the decision on the grounds presented in the substantiation of the decision.

This decision may be appealed or protested in the Moscow City Court via the regional court within 10 days of its rendition.

Presiding: Signature

Judges: Signatures

Copy authenticated.

Presiding:

Secretary:

Отметка об исполнении решения н/с ф. № 2

# РЕШЕНИЕ

## Именем Российской Федерации

30.II. 2001 г.

Солнцевский межмуниципальный районный суд г. Москвы

в составе председательствующего судьи Пронякина А.Д.

народных заседателей Дымонт А.И., Климентовой В.В.

с участием прокурора

и адвоката

при секретаре Суриной С.В.

рассмотрев в открытом судебном заседании гражданское дело № 2-1762/01

по иску ЗАО "Стандарт Траст", ООО "Инросмет"; ОАО "Нижнетагильский металлургический комбинат" к Иванову Евгению Николаевичу; компаниям: "Фостон менеджмент Лимитед"; "Омни Трастхаус Лимитед"; "Нэксиз Продакте Эл.Эл.Си"; "Амбер Стар Эл.Эл.Си"; "Дэвис Интернешнл"; "Холдэкс Эл.Эл.Си."; ЗАО "Компания - регистратор "Панорама" об истребовании имущества из чужого незаконного владения; заявления компании "Фостон менеджмент Лимитед" о повороте исполнения решения;

УСТАНОВИЛ:

Истцы обратились в суд с иском к ответчикам об истребовании у них обыкновенных именных акций ОАО "Качканарский ГОК "Ванадий": ОАО "Нижнетагильский металлургический комбинат" в количестве 103626 акций I выпуска № гос.регистрации 62-1П-290 и 18 747 610 акций II выпуска № гос.регистрации 62-I-1396; ООО "Инросмет" 12 45 677 акций II выпуска № гос.регистрации 62-I-1396; ЗАО "Стандарт Траст" 17 618 254 акций II выпуска № гос.регистрации 62-I-1396, номинальной стоимостью одной акции в один рубль. Свои требования истцы обосновали тем, что они являются собственниками истребуемых акций, которые выбыли из их владения помимо их воли, мотивируя свои требования тем, что они на законных основаниях приобрели соответствующее количество акций ОАО "Качканарский ГОК "Ванадий". По мнению истцов, в результате незаконных действий ответчиков, несмотря на судебные решения арбитражных судов, ЗАО "Компания-регистратор "Панорама" списала акции со счетов истцов и зачислила их на счет ООО "Урал-Старт-ЛТД" и на лицевой счет Иванова Е.Н. При таких данных истцы просят истребовать свои акции

из чужого незаконного владения и обязать ЗАО "Компания-регистратор "Панорама" и ЗАО "Ведение реестров компаний" внести изменения в реестр владельцев ценных бумаг – акций ОАО "Качканарский ГОК "Ванадий" путем списания обыкновенных именных акций с личевых счетов ответчиков.

Представитель истцов: ЗАО "Стандарт Траст" и ООО "Инросмет" Григорьева Е.А. требования истцов подтвердила в суде и просила суд удовлетворить иски названных компаний.

Представитель истца ОАО "Нижнетагильский металлургический комбинат" Брусова И.С. требования истца поддержала в суде и также просила суд иск удовлетворить.

Ответчик Иванов Е.Н. возражал против исков и пояснил, что он на законных основаниях владеет ценными бумагами – 45 акциями "Качканарский ГОК "Ванадий", а поэтому просил суд в исках отказать, поскольку ценные бумаги на предъявителя не могут быть истребованы от добросовестного приобретателя.

Представитель компаний: "Фостон менеджмент Лимитед" и "Нэксиз Продакте Эл.Эл.Си. – Ашихмина М. возражала против исков, утверждая, что компании, которые она представляет в суде, на законных основаниях владели спорными акциями, и поэтому просила суд иски оставить без удовлетворения по следующим основаниям. По мнению представителя компаний Ашихминой М. истцы по надуманным основаниям обратились в суд общей юрисдикции со своими требованиями, искусственно указав в исковых заявлениях в качестве ответчика Иванова Е.Н., который на законных основаниях владеет акциями ОАО "Качканарский ГОК "Ванадий" и у него, как у добросовестного приобретателя, не могут быть истребованы ценные бумаги-акции. По мнению Ашихминой М., указанные исковые требования должны рассматриваться в арбитражном суде, поскольку такие споры подведомственны исключительно арбитражному суду.

Кроме того, представитель компаний Ашихмина М. настаивала на том, чтобы суд при рассмотрении настоящего дела удовлетворил ходатайство компании "Фостон менеджмент Лимитед" о повороте исполнения решения и в пользу названной компании истребовал спорные акции в количестве более 37 миллионов штук.

Представитель компании "Амбер Стар Эл.Эл.Си. Волков В.В. – возражал против исков и просил суд оставить их без рассмотрения, поскольку по мнению представителя эти исковые требования должны быть рассмотрены в арбитражном суде.

Компании "Дэвис Интернешнл"; "Холдэкс Эл.Эл.СИ."; ЗАО "Компания -регистратор "Панорама" своих представителей в суд не направили, возражений по искам не представили, стороны, участвующие в рассмотрении дела по существу, не возражали против того, чтобы дело было рассмотрено в отсутствие представителей названных компаний.

Представитель ЗАО "Ведение реестров компаний" Каржавина Н.С., привлеченная к участию в деле в качестве третьего лица по ходатайству представителей истцов, вопрос о принятии решения по искам об истребовании акций оставила на усмотрение суда. При этом пояснила, в суде, что все спорные акции в настоящее время находятся на депозите в "Депозитарно-расчетном союзе" и движение по ним приостановлено.

Выслушав представителей истцов, ответчика Иванова Е.Н., представителей компаний "Фостон Менеджмент Лимитед"; "Нэксиз Продакте Эл.Эл. Си."; "Амбер Стар Эл.Эл.Си."; "Ведение реестров компаний", исследовав письменные материалы дела, суд, в силу следующих оснований нашел: в исковых требованиях к Иванову Е.Н. отказать; остальные исковые требования истцов к компаниям, как к юридическим лицам, об истребовании акций оставить без рассмотрения и в этой части в исках отказать, так как этот экономический спор не подведомствен судам общей юрисдикции, а разрешается в соответствующем арбитражном суде; заявление компании "Фостон менеджмент Лимитед" о повороте исполнения решения оставить без удовлетворения.

Утверждение ответчика Иванова Е.Н. о том, что он приобрел 45 обыкновенных акций ОАО "Качканарский горно-обогатительный комбинат

"Ванадий" на законных основаниях, и поэтому истцы необоснованно предъявили к нему требования о возврате этих акций, подтверждается следующими доказательствами.

Из копии регистрационного журнала по акциям ОАО "Качканарский горно-обогатительный комбинат "Ванадий" (л.д. 226-227 том I) усматривается, что Иванов Е.Н. на основе договора купли-продажи приобрел 45 обыкновенных именных акций, номер государственной регистрации I.00 62-I-I396, у компании "ОМНИ Траст хаус Лимитед"; в свою очередь компания "ОМНИ Траст хаус Лимитед" акции указанной государственной регистрации в количестве 9 240 000 штук приобрела в ООО "Депозитарно-расчетный союз" (см.л.д.226 том I).

Таким образом, в суде установлено, что Иванов Е.Н. является добросовестным приобретателем акций. Между тем, согласно ст. 302 ГК РФ имущество может быть истребовано от добросовестного приобретателя, приобретшего вещь возмездно, только в том случае, если имущество утеряно собственником или лицом, которому имущество передано собственником во владение, либо похищено у того или другого, либо выбыло из их владения иным путем помимо их воли; деньги, а также ценные бумаги на предъявителя не могут быть истребованы от добросовестного приобретателя.

Поскольку истцы не представили в суд никаких доказательств, свидетельствующих о том, что Иванов Е.Н. является недобросовестным приобретателем акций, в суде не установлено фактов о том, что акции собственником были утрачены, либо похищены, либо выбыли из владения иным путем помимо воли собственника или лица приобретшего имущество, то суд считает возможным в исковых требованиях истцов к Иванову Е.Н. об истребовании 45 акций отказать.

Исковые требования истцов к названным компаниям об истребовании 37 715 061 акций ОАО "Качканарский ГОК "Ванадий" не могут быть рассмотрены в суде общей юрисдикции, а поэтому судом оставлены без удовлетворения в силу следующих обстоятельств.

В суде установлено, что Иванов Е.Н. является добросовестным приобретателем 45 акций ОАО "Качканарский ГОК "Ванадий", о чем было известно истцам. Однако истцы искусственно, по надуманным основаниям, признали гражданина Иванова Е.Н. вместе с указанными компаниями ответчиками по делу, только для того, чтобы согласно ст.ст. 25, 28 ГПК РСФСР дело рассматривалось в суде общей юрисдикции.

Между тем, согласно ст.22 АПК РФ арбитражному суду подведомственны дела по экономическим спорам, возникающим из гражданских, административных и иных правоотношений: между юридическими лицами (далее организациями), гражданами, осуществляющими предпринимательскую деятельность без образования юридического лица и имеющими статус индивидуального предпринимателя, приобретенный в установленном порядке; к экономическим спорам, разрешаемым арбитражным судом, относятся споры: об истребовании собственником или иным законным владельцем имущества из чужого незаконного владения.

Поскольку в суде установлено, что Иванов Е.Н. не может быть признан надлежащим ответчиком по спору между юридическими лицами об истребовании имущества из чужого незаконного владения, то суд, руководствуясь правилом ст.122 ГПК РСФСР о том, что при рассмотрении дела в данном суде выявилось, что оно было принято с нарушением правил подсудности, так как согласно ст.22 АПК РФ исковые требования истцов, как юридических лиц, к компаниям - юридическим лицам по подсудности должны рассматриваться в арбитражном суде Свердловской области.

При таких обстоятельствах, и, учитывая мнение представителя компании "Фостон менеджмент лимитед" Ашихминой; представителя компании "Амбер Стар Эл.Эл.Си." Вольнова В.В., исходя из смысла п.7 ст.129 ГПК РСФСР суд отказывает истцам в рассмотрении их исковых заявлений по существу в гражданском судопроизводстве, поскольку исковые требования истцов подсудны арбитражному суду.

Рассмотрев ходатайство компании "Фостон менеджмент лимитед" о повороте исполнения решения суда, а именно, с взыскании с ОАО "НТМК" 103540 акций гос. № 62-1п-290 и 18 477 610 акций гос.№ 62-1-1396; с ООО "Инросмет" 1243077 акций гос.№ 62-1396; с ЗАО "Стандарт-Траст" 17 618 254 акций гос.№ 62-1-1396 в пользу компании "Фостон менеджмент лимитед", суд не нашел оснований для его удовлетворения.

Решение Солнцевского межмуниципального суда ЗАО г.Москвы от 29.9.2000 года, по которому спорные акции в количестве более 37 миллионов списаны со счетов "Фостон менеджмент лимитед" на счета ОАО "НТМК"; ООО "Инросмет"; ЗАО "Стандарт Траст" - отменено в кассационном порядке.

В настоящем судебном заседании бесспорно установлено, что экономический спор об акциях ОАО "Качканарский ГОК "Ванадий" подсуден арбитражному суду Свердловской области, о чем, настаивала в суде представитель "Фостон менеджмент лимитед", требуя прекращения производства по делу.

1) Представители истцов представили в суд копию искового заявления в арбитражный суд Свердловской области от 30.10.2001 года о признании сделок со спорными акциями ОАО "Качканарский ГОК "Ванадий" в количестве более 37 миллионов недействительными, в котором в качестве ответчика привлечена и компания "Фостон менеджмент лимитед", а также копию определения арбитражного суда Свердловской области от 5.11.2001 года о принятии этого иска к производству.

2) Из объяснений, данных в суде, представителя ЗАО "Ведение реестров компаний" усматривается, что движение по спорным акциям приостановлено и спорные акции ОАО "Качканарский ГОК "Ванадий" находятся на депозитах как в ОАО "Депозитарно-расчетный союз", так и в других депозитарных компаниях.

3) Из письма Федеральной комиссии по рынку ценных бумаг (ФКЦБ России) (см.л.д. 25 т.1) усматривается, что названный федеральный орган проверяет законность списания спорных акций со счетов компании "Фостон менеджмент лимитед" на счета компаний ОАО "НТМК"; ЗАО "Стандарт Траст"; ООО "Инросмет", произведенного по исполнительному листу Солнцевского межмуниципального районного суда ЗАО города Москвы, выданного 29.09.2000 года по делу № 2-2747.

4) Оценивая изложенные доказательства в их совокупности, суд приходит к выводу, что удовлетворяя ходатайство компании "Фостон менеджмент лимитед" о взыскании в ее пользу спорные акции в количестве более 37 миллионов штук, суд общей юрисдикции по существу разрешает экономический спор, который подсуден и подведомственен арбитражному суду, что вошло бы в противоречие с положением ст.47 Конституции РФ, ст.22 АПК РФ, ст.25 ГПК РСФСР.

При таких обстоятельствах, суд считает, что ходатайство компании "Фостон менеджмент лимитед" о повороте исполнения решения должно быть оставлено без удовлетворения.

На основании изложенного и руководствуясь ст.47 Конституции РФ, ст.302 ГК РФ, ст.22 АПК РФ, ст.ст. 122, 129, 191-196, 203, 430-431 ГПК РСФСР, суд

Р Е Ш И Л :

В иске ЗАО "Стандарт Траст"; ООО "Инросмет"; ОАО "Нижнетагильский металлургический комбинат" к Иванову Евгению Николаевичу об истребовании 45 акций - отказать.

ПРОДОЛЖЕНИЕ К ДЕЛУ № 2

Исковые требования ЗАО "Стандарт Траст", ООО "Инросмет", ОАО "Нижнетагильский металлургический комбинат" к компании "Фостон менеджмент лимитед", "ОмНИ Трастхаус лимитед", "Нэксиз Продактс Эл.Эл.Си.", "Амбер Стар Эл.Эл.Си.", "Дэвис Интернешнл", "Холдекс Эл.Эл.Си.", ЗАО "Компания-регистратор "Панорама" об истребовании акций оставить без рассмотрения в гражданском судопроизводстве, поскольку данный спор подведомственен арбитражному суду.

Ходатайство "Фостон менеджмент лимитед" о повороте исполнения решения, по основаниям изложенным в описательно-мотивировочной части решения, оставить без удовлетворения.

Решение может быть обжаловано или опротестовано в мосгорсуд через районный суд в течение 10 дней со дня его вынесения.

Председательствующий: подпись

Копия верна. Народные заседатели: подписи

Председательствующий:

Секретарь:

# FOSTON MANAGEMENT LIMITED

1, Naousis Street, Larnaca, Cyprus

23/ 1/2002

HONOROBLE
ALEXANDER PRONYAKIN
SOLNTSEVSKI COURT
MOSCOW RUSSIA

4.02.02

Dear JUDJE PRONYAKIN

This is to inform you that we will not exercise our right to file an appeal with the Supreme Court of Moscow. We have determined that we will not exercise this right. Please terminate any hearing in connection with this petition.

*For and on Behalf of Foston Management Limited*

DR. ANDREAS KARAPATAKIS
The Director

MR. YIANNAKIS KARAPATAKIS
The Director

04.02 1051
2002

**ФОСТОН МЕНЕДЖМЕНТ ЛИМИТЕД**

1 Наусис стрит, Ларнака, Кипр

Уважаемый
Александер Пронякин
Солнцевский суд
Москва Россия

Дорогой Судья Пронякин

Свидетельствуя Вам своё уважение ставлю Вас в известность что считаю не целесообразным направить апелляцию в Высший суд города Москвы. Мы отказываемся от этого права. Слушание по жалобе прошу прекратить.

От имени Фостон Менеджмент Лимитед

/подпись/
Д-р Андреас Карапатакис
Директор

/подпись/
г-н Янакис Карапатакис
Дирктор

FOSTON MANAGEMENT LIMITED

1, Naousis Street, Larnaca, Cyprus

01/02/2002

HONOROBLE
ALEXANDER PRONYAKIN
SOLNTSEVSKI COURT
MOSCOW RUSSIA

Dear JUDJE PRONYAKIN

We have to inform you that Foston Management Limited has issued no powers of attorney with the right to act as its representative in 2002. Any power of attorney that has been issued as of the earlier dates is withdrawn. Any commissions of the person that have acted as representatives of Foston Management Limited are not valid. The persons that currently take part in judicial proceedings on behalf of Foston Management Limited have not been authorized thereto.

*For and on Behalf of Foston Management Limited*

DR. ANDREAS KARAPATAKIS
The Director

MR. YIANNAKIS KARAPATAKIS
The Director

WORLDWIDE EXPRESS (Non negotiable)

174

**ФОСТОН МЕНЕДЖМЕНТ ЛИМИТЕД**

1 Наусис стрит, Ларнака, Кипр

01/02/2002

Уважаемый
Александер Пронякин
Солнцевский суд
Москва Россия

Дорогой Судья Пронякин

Делаем Вам уведомления о том, что Фостон Менеджмент Лимитед не выдавало доверенностей на представление ее интересов в 2002 году. Выданные ранее доверенности отменены. Любые права лиц, раньше представлявших интересы Фостон Менеджмент Лимитед не действительны. Лица, посещающие судебные процессы от Фостон Менеджмент Лимитед сейчас не имеют права на это.

От имени Фостон Менеджмент Лимитед

/подпись/
Д-р Андреас Карапатакис
Директор

/подпись/
г-н Янакис Карапатакис
Диркто

26.02.02

26 02 2002 1721

DECISION

04 March 2002 Moscow

The Honorable Pronyakin. A.D., of the Solntsevo Inter-municipal (District) Court of Moscow,

having reviewed the facts of the Case No. 2—1761/01. Inrosmet LLC. OJSC NMC. and CJSC Standart Trust v. Ivanov. E.N., et al. in the recovery of property from an illegal possession by another,

HAS DECISIDED AS FOLLOWS:

On January 22. 2002. the Moscow City Court Committee on Civil Cases has rendered a decision to remove the case from the cassation review based on the information that the appealing representative of Foston Management Limited was not authorized to file the appeal.

On February 4 and 26, 2002, the District Court received letters from Foston Management Limited, via international mail, stating that the party would not be filing an appeal with the Moscow City Court; that no powers of attorney for court representation had been issued by Foston Management Limited in 2002; and that the individuals attending the court proceedings on behalf of Foston Management Limited had not been authorized to do so.

Under these circumstances, I find it necessary to allow the representative of Foston Management Ltd to present to this Court a power of attorney containing the necessary authorization to file the cassation appeal of the Court's Decision in this matter, dated November 30, 2001.

In accordance with Articles 223, 224 of the Civil Code of the RSFSR,

IT HAS BEEN DECIDED:

To allow until April 4, 2002, for M.M. Ashihmina, the representative of Foston Management Ltd, to submit to this Court an appropriate Power of Attorney, containing the authorization to file the cassation appeal.

To postpone indefinitely the review of the cassation appeal of Foston Management Ltd., dated December 6, 2001.

[SEAL OF THE COURT]

# ОПРЕДЕЛЕНИЕ

04 марта 2002 года г.Москва

Судья Солнцевского межмуниципального (районного) суда ЗАО г.Москвы - Пронякин А.Д.

рассмотрев материалы дела № 2-1761/01 по иску ООО "Инросмет", АОА "НТК", ЗАО "Стандарт Траст" к Иванову Е.Н. и другим об истребовании имущества из чужого незаконного владения;

## УСТАНОВИЛ:

Определением судебной коллегии по гражданским делам Мосгорсуда от 22.01.2002 г. дело снято с кассационного рассмотрения в связи с тем, что кассатор - представитель "Фостон Менеджмент ЛТД" не имел полномочий на подачу кассационной жалобы.

4 февраля и 25 февраля 2002 года по международной почте в районный суд поступили письма от "Фостон Менеджмент Лимитед" из содержания которых усматривается, что сторона не будет подавать аппеляцию в Мосгорсуд; компания "Фостон Менеджмент Лимитед" не выдавала доверенностей на представление ее интересов в суде в 2002 году; лица, посещающие судебные процессы от "Фостон Менеджмент Лимитед" не имеют на это права.

При таких обстоятельствах нахожу необходимым представителю "Фостон Менеджмент ЛТД" установить срок для представления в суд доверенности, в которой бы были указаны полномочия на обжалование в кассационном порядке решения суда по названному делу от 30.11. 2001 г.

Руководствуясь ст.ст. 223, 224 ГПК РСФСР,

## ОПРЕДЕЛИЛ:

Предоставить в суд до 4 апреля 2002 года представителю компании "Фостон Менеджмент ЛТД" М.М.Ашихминой доверенность, в которой бы содержались полномочия представителя стороны на подачу кассационной жалобы.

Кассационную жалобу представителя компании "Фостон Менеджмент ЛТД" от 6.12.2001 года оставить без движения.

