To the Civil Cases Board of the Moscow City Court

Address: 107076 Moscow 8 Bogorodskiy Val St.

[Arrived in the office of the court    **Petitioner: Company Foston Management Limited**
on January 26, 2001 Incoming # 15      (shareholder of OJSC Kachkanar Ore Mining and
Tel: 435-53-13][1]                                    Processing Plant Vanadiy)

**Mailing address**:
119270 Moscow 46 Frunzenskaya Naberezhnaya St.,
Doorway 2

**Case # 2-2747**

# C A S S A T I O N   A P P E A L

On September 29, 2000 the Solntsevskiy interdistrict court of Moscow (chairman
of the hearing Ilyin N.V.) made the decision in the case initiated by the complaint of LLC
Inrosmet, OJSC Nizhnetagilskiy Metallurgical Plant, CJSC Standart Trust, against Ivanov
Evgeniy Nikolaevich, companies: Amber Star LLC, Nexis Products LLC, Davis
International, CJSC Company-Registrar Panorama, Omni Trusthouse Limited, Holdex
LLC, Foston Management Limited (case # 2-2747).

The court has decided to recover ordinary shares of OJSC Kachkanar Ore Mining
and Processing Plant Vanadiy from personal accounts of the company Foston
Management Limited and to transfer: 1,245,677 second issue shares (issue state
registration # 62-1-1396) to the personal account of LLC Inrosmet; 103,626 second issue
shares (issue state registration # 62-1P-290) and 18,747,610 second issue shares (issue
state registration # 62-1P-1396) to the personal account of OJSC Nizhnetagilskiy
Metallurgical Plant; 17,618,254 second issue shares (issue state registration # 62-1-1396)
to CJSC Standart Trust.

Pursuant to the above decision from the account of the company Foston
Management Limited were written off **37,715,081 (Thirty seven million seven hundred
fifteen thousand eighty one) shares** of OJSC Kachkanar Ore Mining and Processing
Plant Vanadiy.

We believe that the above decision is illegal, it was made in violation of
provisions of substantive law, essential violation of procedural legal provisions and shall
be reversed based on the following grounds:

1.  The court essentially violated provisions of procedural law:

1) Pursuant to Article 151 of the Civil Procedural Code of RSFSR, the court is
obligated to check the appearance of participants of the hearing. Namely, the secretary of
the hearing should report to the court which persons participating in the case appeared in
the hearing, whether subpoena notices were handed in to missing participants and **what**

---

[1] In handwriting, – translator's note

**were reasons for failure to appear in court.** The court **should establish identities of the arrived participants, and to check authorities of officials and representatives.**
The court failed to fulfill this obligation.
**In violation of Article 151 of the Civil Procedural Code of RSFSR** the court did not establish identities of the arrived persons and did not check authorities of representatives mentioned in the decision.

2) **In violation of Article 106 of the Civil Procedural Code of RSFSR** the company Foston Management Limited was not properly notified with regard to place and time of the judicial hearing, therefore **the principle of equality and competitiveness provided by Article 14 of the Civil Procedural Code of RSFSR was violated.**

3) **In violation of Article 107 of the Civil Procedural Code of RSFSR** the court failed to send a copy of the complaint to the defendant - the company Foston Management Limited.

4) The hearing took place **in violation of Article 157 of the Civil Procedural Code of RSFSR,** which states that the hearing should be postponed if a person participating in the case did not appear in the hearing and there is no information with regard to notification of such person.
The representative of the company Foston Management Limited did not appear in the judicial hearing due to court's failure to properly notify the company Foston Management Limited with regard to the date and venue of the hearing as well as the subject of the dispute (the court did not perform requirements of article 142 of the Civil Procedure Code of the Russian Federation.)
The contested **decision** of Solntsevskiy intermunicipal court of Moscow of September 29, 2000 **was issued in the absence of the defendant** - the company Foston Management Limited.

Therefore, **the court violated provisions of procedural law, namely Article 157 of the Civil Procedural Code of RSFSR, which states that the hearing should be postponed if a person participating in the case did not appear in the hearing and there is no information with regard to notification of such person.**
**Pursuant to Article 308 of the Civil Procedural Code of RSFSR, the decision shall be a subject to unconditional reverse if the case was heard by the court in absence of one of the persons participating in the case, which was not notified with regard to time and venue of the hearing.**

5) **In violation of Article 213 of the Civil Procedural Code of RSFSR, the copy of the judicial decision was not sent to** the defendant – the company Foston Management Limited, therefore the company Foston Management Limited **was deprived of possibility to appeal the issued decision within the term established by the law.**

6) When the court made the above decision it **violated Article 197 of the Civil Procedural Code of RSFSR:** in the introductory part of the decision the court did not indicate, which persons represented interests of which creditor, did not indicate names of

representatives and grounds for their actions. I.e. judging from the decision of the court the conclusion can be made that a person who does not have official authority and even has no name was allowed to represent, without any legal authorization, interests of the defendants in the hearing.

7) Besides, judge Ilyin accepted the above **complaint for consideration in violation of jurisdiction rules.**

As it was reflected in the decision, there were no actual claims filed against the defendant Ivanov Evgeniy Nikolaevich. Ivanov E.N. was **nominally** indicated as the defendant in order to create an artificial jurisdiction.

All the persons indicated in the complaint, excluding Ivanov E.N., are legal entities, therefore, pursuant to Article 22(1) of the Arbitrazh Procedural Code of the Russian Federation this case falls under **jurisdiction of an arbitrazh court**.

Because the defendant, CJSC Company-Registrar Panorama, is located in Moscow and all other companies-defendants are foreign legal entities, which have their representative offices in Moscow, this dispute falls under jurisdiction of the **Moscow Arbitrazh Court**.

**In spite of these violations, the court did not fulfill the requirements of Article 129** of the Civil Procedural Code of the Russian Federation (regarding refusal to accept the complaint if the case falls outside of jurisdiction of this court) and **Article 122** of the Civil Procedural Code of the Russian Federation (regarding transfer of the case accepted for consideration in violation of jurisdiction rules.)

**Pursuant to Article 308 of the Civil Procedural Code of the Russian Federation, the above violations of procedural legal provisions are essential, therefore the issued decision of Solntsevskiy intermunicipal court of Moscow dated September 29, 2000 in the case # 2-2747 shall be certainly reversed.**

2.     The court **violated and incorrectly applied provisions of substantive law:**

1) The company Foston Management Limited acquired 37,799,600 ordinary nominal non-documentary shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy from the company Nexis Products LLC on the basis of the sale and purchase agreement # 005/ST/KachGOK of July 27, 2000. On the basis of the above agreement and the transfer order the company Foston Management Limited was included in the register of shareholders of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy. Pursuant to Article 29 of the Federal Law "On securities market" such inclusion confirms the Company's ownership over the acquired shares.

In its turn, the company, Nexis Products LLC, acquired 37,804,555 ordinary nominal non-documentary shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy from the company Amber Star LLC on the basis of the sale and purchase agreement of February 4, 2000.

On the basis of the above agreement and the transfer order the company Nexis Products LLC was included in the register of shareholders of OJSC Kachkanar Ore

Mining and Processing Plant Vanadiy. Pursuant to Article 29 of the Federal Law "On securities market" such inclusion confirms the Company's ownership over the acquired shares.

As of the moment of conclusion of both transactions the above shares were not a subject to dispute (third persons did not claim them), an there were no other obstacles for conclusion of the transactions regarding sale and purchase of these shares.

Both sale and purchase agreements were transactions with due consideration, in both cases the payment was made.

Furthermore, the company Nexis Products LLC voluntary entered both transactions for sale and purchase of shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy. Therefore, 37,799,600 shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy left ownership of the company Nexis Products LLC according to the company's will.

On the basis of the above, we believe that **demand of shares from a good faith acquirer, who received such shares on the basis of the transaction with due consideration and pursuant to the will of the party-seller, violates requirements of Article 302 of the Civil Code of the Russian Federation.**

**Section 25 of the Decision of the Plenum of the Supreme Arbitrazh Court of the Russian Federation # 8 of February 25, 1998 states:** "If the property was acquired from the person that had no right to dispose of such property, the owner of the property shall be entitled to file a suit demanding to return the property from illegal possession of the person, that acquired such property. If in this situation the owner filed a suit requesting to invalidate the sale and purchase transaction and to return the property, which was transferred to the purchaser, and in a course of consideration of such case will be determined that <u>the purchaser is consistent with requirements characterizing a good faith acquirer</u>, **the court shall deny the relief sought in the complaint.**"

**Therefore, the decision of the Solntsevskiy intermunicipal court of September 29, 2000 recovering nominal ordinary shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy from the personal accounts of the Company Foston Management Limited was made in violation of Article 302 of he Civil Code of the Russian Federation and requirements of the Supreme Arbitrazh Court of the Russian Federation (section 7 of the Informational letter # 33 of April 21, 1998, sections 24-25 of the Decision of the Plenum of the Supreme Arbitrazh Court of the Russian Federation # 8 of February 25, 1998.)**

**In the contested decision of September 29, 2000 the court did not apply the law that should have been applied.**

2) On July 13, 2000 Meschanskiy intermunicipal court of Moscow issued the decision in the case initiated upon the complaint of CJSC Uralmash against the company Amber Star LLC and the company Nexis Products LLC requesting to invalidate agreements for sale and purchase of ordinary nominal shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy.

According to this Decision, the companies, Amber Star LLC and Nexis Products LLC were declared good faith acquirers of the shares (the copy of the decision is attached).

Therefore, the company Nexis Products LLC as well as the company Amber Star LLC **were declared good faith acquirers by the decision of the court**.

On July 24, 2000 this decision of Meschanskiy intermunicipal court of Moscow dated July 13, 2000 became effective.

The above decision acts as a collateral estoppel for the present case. However, the representatives of the companies Amber Star LLC, Nexis Products LLC and Foston Management Limited could not present the decision of Meschanskiy intermunicipal court of Moscow in the Solntsevskiy intermunicipal court of Moscow as the proof for good faith acquisition of the above shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy by the above Companies because they were not notified with regard to the hearing of the Solntsevskiy intermunicipal court of Moscow of September 29, 2000, and, therefore, did not participate in this hearing.

**Therefore, the conclusion of the court that " ...the defendant failed to prove that it did not know and could not know that it acquired the property from the person that has no right to dispose of property..." is inconsistent with actual circumstances of the case.** It only proves that representatives of the above **defendants (companies Amber Star LLC, Nexis Products LLC and Foston Management Limited) were not present in this hearing (dated September 29, 2000 in Solntsevskiy intermunicipal court) because these companies-defendants were not notified with regard to time and venue of the hearing.**

**The court violated principle of comprehensive and complete examination of evidence (article 56 of the Civil Procedural Code of RSFSR), also the court incorrectly qualified the interrelations between the parties.**

3) The court's conclusion that : **"...there is direct evidence of blatant carelessness, which excludes possibility of protection of its [defendant's] interests pursuant to Article 302 of the Civil Code of the Russian Federation"** contradicts the provisions of substantive law **and infringes procedural rights of the companies-defendants because the court made conclusion regarding impossibility of further judicial protection** of lawful right of the companies-defendants in cassation and inspection order.

**The term "blatant carelessness" belongs to criminal law and characterizes a form of guilt. In the civil law this term is applicable only with respect to evaluation of liability resulted from harming of life or health. It cannot be applied with regard to protection of ownership in case of filing of a replevin action.**

**Therefore, the court not only incorrectly evaluated circumstances of the case, but also applied law that should not have been applied.**

4) In the hearing, which resulted in the contested decision, the court examined only documents submitted by the plaintiff. The decision states: "...according to registry of transactions, which were made from July 8, 1998, as a result of transition of shares the

contested amount of shares was entered on the personal account of the company Foston Management Limited.

However, the company Foston Management Limited acquired shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy as a result of a number of sale and purchase transactions concluded between different companies (good faith acquirers). The court failed to examine the agreements for sale and porches of shares concluded between those parsons within the course of the hearing. **The court did not check the legal nature of these agreements. The persons that participated in the above transactions were not engaged in judicial proceedings.**

**Under these circumstances the contested decision cannot be considered sound.**

**The court violated one of the major principles of justice – principle of competitiveness of proceedings and equality of the parties, as provided by article 14 of the Civil Procedural Code of RSFSR.**

**Because the present dispute was to be considered according to rules of Articles 167-167 of the Civil Code of the Russian Federation, i.e. all former owners of the contested shares should be engaged in proceedings,**

on the basis of the above, the Decision of the Solntsevskiy intermunicipal court of September 29, 2000 in the case initiated by the complaint of LLC Inrosmet, OJSC Nizhnetagilskiy Metallurgical Plant, CJSC Standart Trust, against Ivanov Evgeniy Nikolaevich, companies: Amber Star LLC, Nexis Products LLC, Davis International, CJSC Company-Registrar Panorama, Omni Trusthouse Limited, Holdex LLC, Foston Management Limited **shall be declared illegal and ungrounded.**

At the present moment the case # 2-2747 of the Solntsevskiy intermunicipal court of Moscow is missing because it was purportedly request by the Supreme Arbitrazh Court of the Russian Federation. In connection with the above circumstance the company Foston Management Limited is not able to submit the properly attested copy of the decision of the Solntsevskiy intermunicipal court of Moscow dated September 29, 2000 (in the case # 2-2747) and submits the copy received from Federal Securities Commission on the basis of the petitioner's request.

Pursuant to Articles 3, 30, 43, 306-308 of the Civil Procedural Code of RSFSR, articles 14, 56, 106, 107, 122, 129, 151, 157, 161, 192, 197, 213 of the Civil Procedural Code of RSFSR; Article 22 of the Arbitrazh Procedural Code of the Russian Federation; Article 302 of the Civil Code of the Russian Federation; Informational Letter of the Presidium of the Supreme Arbitrazh Court of the Russian Federation of April 28, 1998 # 33; Sections 24-25 of the Decision of the Plenum of the Supreme Arbitrazh Court of the Russian Federation of February 25, 1998 # 8, article 305, 430 of the Civil Procedural Code of RSFSR,

The company Foston Management Limited

REQUESTS:

1.      To withdraw the case # 2-2747 (in the case initiated by the complaint of
        LLC Inrosmet, OJSC Nizhnetagilskiy Metallurgical Plant, CJSC
        Standart Trust, against Ivanov Evgeniy Nikolaevich, companies: Amber
        Star LLC, Nexis Products LLC, Davis International, CJSC Company-
        Registrar Panorama, Omni Trusthouse Limited, Holdex LLC, Foston
        Management Limited) from the Solntsevskiy intermunicipal court of
        Moscow in cassation order;

2.      To reverse the decision of the Solntsevskiy intermunicipal court of
        Moscow of September 29, 2000 (in the case initiated by the complaint
        of LLC Inrosmet, OJSC Nizhnetagilskiy Metallurgical Plant, CJSC
        Standart Trust, against Ivanov Evgeniy Nikolaevich, companies: Amber
        Star LLC, Nexis Products LLC, Davis International, CJSC Company-
        Registrar Panorama, Omni Trusthouse Limited, Holdex LLC, Foston
        Management Limited) and to terminate proceedings in the case.

Enclosures:

1.      Power of attorney of the representative of the company Foston
        Management limited (copy);
2.      Decision of the Solntsevskiy intermunicipal court of Moscow of
        September 29, 2000 (copy);
3.      Decision of the Meschanskiy intermunicipal court of Moscow of July
        13, 2000 (copy);
4.      "Request" of the Supreme Arbitrazh Court of the Russian Federation #
        25f-1813 of November 23, 2000 (copy);
5.      Notification regarding execution of the request Outgoing # 1157 with
        the note regarding the receipt of the case # 2-2747 signed by judge Ilyin
        N.V. (copy);
6.      Notification of the transfer agent, CJSC Vedenie Reestrov Kompaniy,
        outgoing # 18n/GOKVAN of October 23, 2000 "On execution of the
        decision of the court of September 29, 2000 and writ of execution of
        October 10, 2000 in the case # 2-2747 (incoming # 7343 of November
        3, 2000) (copy);
7.      Certificate reflecting transactions on the personal accounts of the
        Company Foston Management Limited within the period from October
        3, 2000 to December 7, 2000 (copy).

Respectfully,

"  " January 2001      representative of the company Foston Management Limited
                       _____ Polyakevich G.V., admitted Moscow city Bar.
                       Acting on the basis of the power of attorney issued by
                       Ashikhmina Marina Miroslavovna, the authorized
                       representative of the company Foston Management Limited
                       in Russia.

To the Civil Cases Board of the Moscow City Court

Address: 107076 Moscow 8 Bogorodskiy Val St.

**Petitioner: the company Foston Management Limited**
(shareholder of OJSC Kachkanar Ore Mining and
Processing Plant Vanadiy)

**Mailing address:**
119270 Moscow 46 Frunzenskaya Naberezhnaya St.,
Doorway 2

Case # 2-2747

CHANGES
to the cassation complaint

On the basis of arguments of the cassation complaint,

Pursuant to Articles 3, 30, 43, 306-308 of the Civil Procedural Code of RSFSR, articles 14, 56, 106, 107, 122, 129, 151, 157, 161, 192, 197, 213 of the Civil Procedural Code of RSFSR; Article 22 of the Arbitrazh Procedural Code of the Russian Federation; Article 302 of the Civil Code of the Russian Federation; Informational Letter of the Presidium of the Supreme Arbitrazh Court of the Russian Federation of April 28, 1998 # 33; Sections 24-25 of the Decision of the Plenum of the Supreme Arbitrazh Court of the Russian Federation of February 25, 1998 # 8, article 305, 430 of the Civil Procedural Code of RSFSR,

The company Foston Management Limited

REQUESTS:

To reverse the decision of the Solntsevskiy intermunicipal court of Moscow of September 29, 2000 (in the case initiated by the complaint of LLC Inrosmet, OJSC Nizhnetagilskiy Metallurgical Plant, CJSC Standart Trust, against Ivanov Evgeniy Nikolaevich, companies: Amber Star LLC, Nexis Products LLC, Davis International, CJSC Company-Registrar Panorama, Omni Trusthouse Limited, Holdex LLC, Foston Management Limited) and to send the case to the first instance court for the new consideration with new panel of judges.

Respectfully,

January 26, 2001          representative of the company Foston Management Limited
                          [signed] Polyakevich G.V., admitted Moscow City Bar,
                          Acting upon the power of attorney issued by Ashikhmina
                          Marina Miroslavovna, the authorized representative of the
                          company Foston Management Limited in Russia.



В Коллегию по гражданским делам Московского городского суда.

Адрес: 107076, г. Москва, ул. Богородский вал, д. 8

**Заявитель:**
**Компания «Фостон Менеджмент Лимитед»**
(акционер ОАО «Качканарский ГОК «Ванадий»)
**Адрес для почтовой корреспонденции:**
119270, г. Москва, ул. Фрунзенская наб., д. 46, под. 2

дело №2-2747

# К А С С А Ц И О Н Н А Я    Ж А Л О Б А

«29» сентября 2000 г. Солнцевский межмуниципальный суд г. Москвы (под председательством судьи Ильина Н.В.) вынес Решение по иску ООО «Инросмет», ОАО «Нижнетагильский металлургический комбинат», ЗАО «Стандарт Траст» к Иванову Евгению Николаевичу, Компаниям: «Амбер Стар Эл.Эл.Си.», «Нэксиз Продактс Эл.Эл.Си.», «Дэвис Интернэшнл», ЗАО «Компания-регистратор «Панорама», «ОМНИ-Трастхауз Лимитед», «Холдэкс Эл.Эл.Си.», «Фостон Менеджмент Лимитед» (дело №2-2747).

Указанным Решением суд постановил: истребовать обыкновенные акции ОАО «Качканарский ГОК «Ванадий» с лицевых счетов Компании «Фостон Менеджмент Лимитед» с зачислением на лицевой счет ООО «Инросмет» 1 245 677 акций II выпуска (гос. номер регистрации выпуска 62-1-1396), на лицевой счет ОАО «Нижнетагильский металлургический комбинат» 103 626 акций II выпуска (гос. номер регистрации выпуска 62-1П-290) и 18 747 610 акций II выпуска (гос. номер регистрации выпуска 62-1П-1396), на лицевой счет ЗАО «Стандарт Траст» 17 618 254 акции II выпуска (гос. номер регистрации 62-1-1396).

В соответствии с данным Решением с Компании «Фостон Менеджмент Лимитед» было списано: **37 715 081 (Тридцать семь миллионов семьсот пятнадцать тысяч восемьдесят одна) акция** ОАО «Качканарский ГОК «Ванадий».

Считаем, что данное решение незаконно, вынесено с нарушением норм материального права и грубым нарушением норм процессуального права и подлежит отмене по следующим основаниям:

1. Судом были грубо **нарушены нормы процессуального права**:
1)
В соответствии со ст. 151 ГПК РСФСР в обязанность суда входит проверка явки участников процесса: секретарь судебного заседания докладывает суду, кто из вызванных по данному делу лиц явился, вручены ли повестки неявившимся и **какие имеются сведения о причинах их неявки. Суд устанавливает личности явившихся, а также проверяет полномочия** должностных лиц и представителей.

Данная обязанность судом не была исполнена.

В нарушение ст. 151 ГПК РСФСР, суд не установил личности явившихся, и не проверил полномочия представителя, о чем указано в решении.

2)
В нарушение ст. 106 ГПК РСФСР Компания «Фостон Менеджмент Лимитед» не была надлежащим образом уведомлена о месте и времени судебного заседания, тем самым был **нарушен принцип равноправия и состязательности, предусмотренный ст. 14 ГПК РСФСР.**

3)
Была **нарушена ст. 107 ГПК РСФСР**, судом не была направлена копия искового заявления ответчику - Компании «Фостон Менеджмент Лимитед».

4)
**В нарушение ст. 157 ГПК РСФСР**, в соответствии с которой в случае неявки в судебное заседание кого либо из лиц участвующих в деле, в отношении которых отсутствуют сведения об извещении, разбирательство дела откладывается, судебное заседание состоялось.

Представитель Компании «Фостон Менеджмент Лимитед» не присутствовал на данном судебном заседании в виду того, что Компания «Фостон Менеджмент Лимитед» не была надлежащим образом извещена о дате и месте судебного разбирательства, а также о самом предмете спора (неисполнение судом требований ст. 142 ГПК РСФСР).

Оспариваемое **Решение** Солнцевского межмуниципального суда г. Москвы от «29» сентября 2000 г., **было вынесено в отсутствие ответчика** - Компании «Фостон Менеджмент Лимитед».

**Таким образом, судом были нарушены нормы процессуального права – ст. 157 ГПК РСФСР, в соответствии с которой в случае неявки в судебное заседание кого либо из лиц, участвующих в деле, в отношении которых отсутствуют сведения об извещении, разбирательство дела откладывается.**

**В соответствии со ст. 308 ГПК РСФСР:** решение подлежит обязательной **отмене, если дело рассмотрено судом в отсутствие кого-либо из лиц, участвующих в деле, не извещенных о времени и месте судебного разбирательства.**

5)
**В нарушение ст. 213 ГПК РСФСР**, ответчику - Компания «Фостон Менеджмент Лимитед», не явившейся в судебное заседание **не была выслана копия решения суда**, в связи с чем Компания «Фостон Менеджмент Лимитед» **была лишена возможности в установленный законом срок обжаловать вынесенное решение.**

6)
При вынесении решения была **нарушена ст. 197 ГПК РСФСР**: в водной части решения не указано, чьи интересы, какого именно из ответчиков представляет, представляет представитель, не указаны ни фамилия представителя, ни на основании чего он действует, т.е. исходя из решения суда в судебном заседании представлял интересы ответчиков, некий человек, без основательно допущенный к судебному разбирательству без законных на то оснований представлять интересы ответчиков, не имеющий на то должных полномочий и вообще не имеющий фамилии.

7)
Кроме того, указанное **исковое заявление было принято к производству судьей** Ильиным **с нарушением правил о подсудности и подведомственности:**

К ответчику Иванову Евгению Николаевичу фактически не было предъявлено никаких исковых требований, что и было отражено в решении. Иванов Е.Н. был лишь формально указан в качестве ответчика для создания искусственной подсудности и подведомственности.

Все лица, за исключением Иванова Е.Н., указанные в исковом заявления являются юридическими лицами, что в соответствии с п.1 ст. 22 АПК РФ относит данное дело к **подведомственности арбитражного суда.**

В связи с тем, что ответчик ЗАО «Компания-регистратор «Панорама» - расположена в г. Москве, а все иные компании-ответчики – иностранные юридические лица имеют свои представительства в г. Москве, данный спор **должен был быть подсуден Арбитражному суду г. Москвы.**

**Несмотря на данные нарушения, требования ст. 129 ГПК РСФСР** (об отказе в принятии заявления, если дело неподсудно данному суду) и требования **ст. 122 ГПК РСФСР** (о передаче дела, принятого с нарушением подсудности) - **судом не выполнены.**

**В соответствии со ст. 308 ГПК РСФСР указанные нарушения норм процессуального права являются существенными, в связи с чем, вынесенное Солнцевским межмуниципальным судом г. Москвы решение от «29» сентября 2000 г. по делу №2-2747 подлежит обязательной отмене.**

2. Судом были **нарушены и неправильно применены нормы материального права:**

В Решении от «29» сентября 2000 г. судом указано, что «согласно регистрационному журналу операций за период с 08.07.199**8** г. в результате перемещений акций, спорное количество акций зачислено на лицевой счет Компании «Фостон Менеджмент Лимитед». Таким образом, приобретение Компанией «Фостон Менеджмент Лимитед» спорного количества акций, принадлежащих на праве собственности истцам по данному делу, **имеет порочное основание и носит незаконный характер владения. При этом ответчик не представил доказательств, что он знал, что имущество приобретается у лица, которое не вправе его отчуждать, на лицо грубая неосторожность,** которая исключает возможность защиты его интересов в соответствии со ст. 302 ГК РФ».

Данная формулировка суда, положенная в основу мотивировочной части судебного решения, противоречит действительным обстоятельствам дела и нормам действующего законодательства:

1)

Компания «Фостон Менеджмент Лимитед» приобрела обыкновенные именные бездокументарные акции ОАО «Качканарский ГОК «Ванадий» в количестве 37 799 600 штук у Компании «Нэксиз Продактс Эл.Эл.Си.» на основании договора купли-продажи №005/ST/KachGOK от «27»июля 2000 г. На основании указанного договора и передаточного распоряжения Компания «Фостон Менеджмент Лимитед» была внесена в реестр акционеров ОАО «Качканарский ГОК «Ванадий», что в соответствии со ст. 29 ФЗ «О рынке ценных бумаг» является подтверждением права собственности Компании на приобретенные акции.

В свою очередь, Компания «Нэксиз Продактс Эл.Эл.Си.» приобрела обыкновенные именные бездокументарные акции ОАО «Качканарский ГОК «Ванадий» в количестве 37 804 555 штук у Компании «Амбер Стар Эл.Эл.Си.» на основании договора купли-продажи от «04» февраля 2000 г. На основании указанного договора и передаточного распоряжения

Компания «Нэксиз Продактс Эл.Эл.Си.» была внесена в реестр акционеров ОАО «Качканарский ГОК «Ванадий», что в соответствии со ст. 29 ФЗ «О рынке ценных бумаг» является подтверждением права собственности Компании на приобретенные акции.

На момент совершения обеих сделок указанные акции не находились в споре (у иных третьих лиц на данные акции отсутствовали притязания), а также отсутствовали иные препятствия для совершения сделок купли-продажи данных акций.

Оба договора купли-продажи были возмездными, по обеим договорам была осуществлена оплата.

Более того, обе сделки купли-продажи акций ОАО «Качканарский ГОК «Ванадий» Компания «Нэксиз Продактс Эл.Эл.Си.» совершила по собственной воле. Таким образом, акции ОАО «Качканарский ГОК «Ванадий» в количестве 37 799 600 штук выбыли из собственности Компании «Нэксиз Продактс Эл.Эл.Си.» - добровольно.

На основании изложенного, считаем что **истребование акций от добросовестного приобретателя, к которому указанные акции перешли на основании возмездной сделки и по воле стороны-продавца – нарушает требования ст. 302 ГК РФ.**

**В соответствии п. 25 Постановления Пленума Высшего Арбитражного суда РФ №8 от «25» февраля 1998 г.:** «Если по возмездному договору имущество приобретено у лица, которое не имело права его отчуждать, собственник вправе обратиться с иском об истребовании имущества из незаконного владения лица, приобретшего это имущество. Если в такой ситуации собственником заявлен иск о признании недействительной сделки купли-продажи и возврате имущества, переданного покупателю, и при разрешении данного спора будет установлено, что покупатель отвечает требованиям, предъявляемым к добросовестному приобретателю (ст. 302 ГК РФ), в удовлетворении исковых требований о возврате имущества должно быть отказано».

**Таким образом, резолютивная часть решения Солнцевского суда от «29» сентября 2000 г.: «истребовать именные обыкновенные акции ОАО «Качканарский ГОК «Ванадий» с лицевых счетов Компании «Фостон Менеджмент Лимитед» - вынесена с нарушением ст. 302 ГК РФ и нарушением требований Высшего Арбитражного суда РФ (п. 7 Информационного письма №33 от «21» апреля 1998 г., п. 24 –25 Постановления Пленума Высшего Арбитражного суда РФ №8 от «25» февраля 1998 г.).**

**В оспариваемом решении от «29» сентября 2000 г. суд не применил закон, подлежащий применению.**

2)

«13» июля 2000 г. Мещанский межмуниципальный суд г. Москвы вынес решение по иску ЗАО «Уралэлектромаш» к Компании «Амбер Стар Эл.Эл.Си.» и Компании «Нэксиз Продактс Эл.Эл.Си.» о признании недействительным договоров купли-продажи обыкновенных именных бездокументарных акций ОАО «Качканарский ГОК «Ванадий».

В соответствии с данным Решением, Компания «Амбер Стар Эл.Эл.Си.» и Компания «Нэксиз Продактс Эл.Эл.Си.» - были признаны добросовестными приобретателями данных акций (копия решения прилагается).

Таким образом, как Компания «Нэксиз Продактс Эл.Эл.Си.», так и Компания «Амбер Стар Эл.Эл.Си.» **решением суда признаны добросовестными приобретателями.**

«24» июля 2000 г. данное Решение Мещанского межмуниципального суда г. Москвы от «13» июля 2000 г. - вступило в законную силу.

В виду того, что представители Компаний «Амбер Стар Эл.Эл.Си.», «Нэксиз Продактс Эл.Эл.Си.» и «Фостон Менеджмент Лимитед» не были извещены о заседании Солнцевского межмуниципального суда г. Москвы, назначенном на «29» сентября 2000 г., в связи с чем - не принимали участия в данном судебном заседании, решение Мешанского межмуниципального суда г. Москвы, как доказательство добросовестного приобретения указанными Компаниями акций ОАО «Качканарский ГОК «Ванадий», имеющее преюдициальное значение для данного дела - не могло быть представлено Солнцевскому межмуниципальному суду.

Таким образом, вывод суда о том, что «…ответчик не представил доказательств, что он не знал и не мог знать, что имущество приобретается у лица, которое не вправе его отчуждать» - не соответствует действительным обстоятельствам дела, а служит лишь доказательством того, что представители указанных ответчиков (Компания «Фостон Менеджмент Лимитед», Компания «Нэксиз Продактс Эл.Эл.Си.», Компания «Амбер Стар Эл.Эл.Си.») не присутствовали на данном судебном заседании («29» сентября 2000 г. в Солнцевском межмуниципальном суде) в виду не извещения судом данных Компаний-ответчиков о дате и месте судебного заседания.

Судом был нарушен принцип всесторонности и полноты исследования доказательств (ст. 56 ГПК РСФСР), а также судом дана неправильная квалификация взаимоотношения сторон.

3)

Вывод суда о том, что «…Налицо грубая неосторожность, которая исключает возможность защиты его интересов в соответствии со ст. 302 ГК РФ» - противоречит нормам материального права и ущемляет процессуальные права компаний-ответчиков, поскольку судом вынесено заключение о невозможности дальнейшей судебной защиты компаниями-ответчиками своего законного права как в кассационном, так и в надзорном порядке.

Само понятие «грубая неосторожность» относится к институту уголовного права и характеризует формы вины. В гражданском праве данное понятие применимо лишь в отношении оценки ответственности вследствие причинения вреда жизни или здоровью, и не может быть применено при защите права собственности в случае предъявления виндикационного иска.

Таким образом, судом не только дана неправильная оценка обстоятельств дела, но также суд применил закон не подлежащий применению.

4)

В заседании, на котором вынесено оспариваемое решение, судом исследовались лишь материалы, представленные истцом, что подтверждается следующим содержанием решения: «согласно регистрационному журналу операций за период с 08.07.1998 г. в результате перемещений акций, спорное количество акций зачислено на лицевой счет Компании «Фостон Менеджмент Лимитед».

Между тем, акции ОАО «Качканарский ГОК «Ванадий» перешли к Компании «Фостон Менеджмент Лимитед» в результате целого ряда сделок купли-продажи акций, в которых субъектами правоотношений выступали различные компании (добросовестные приобретатели). Договоры купли-продажи акций, совершенные между этими субъектами судом в заседании не исследовались. Правовая природа данных договоров - судом не проверена. Лица, участвовавшие в указанных сделках, к процессу не привлекались.

При таких обстоятельствах, оспариваемое решение нельзя считать обоснованным.

Судом был нарушен один из основных принципов правосудия – принцип состязательности процесса и равноправия сторон – ст. 14 ГПК РСФСР.

А также в виду того, что данный спор должен был быть рассмотрен по правилам ст. ст. 167 – 168 ГК РФ, то есть, с привлечением к участию в процесс всех бывших собственников спорных акций,

На основании изложенного, Решение Солнцевского межмуниципального суда г. Москвы от «29» сентября 2000 г. по иску ООО «Инросмет», ОАО «Нижнетагильский металлургический комбинат», ЗАО «Стандарт Траст» к Иванову Евгению Николаевичу, Компаниям «Амбер Стар Эл.Эл.Си.», «Нэксиз Продактс Эл.Эл.Си», «Дэвис Интернэшнл», ЗАО «Компания-регистратор «Панорама», «ОМНИ-Трастхауз Лимитед», «Холдэкс Эл.Эл.Си.», «Фостон Менеджмент Лимитед» - является незаконным и не обоснованным.

В настоящий момент дело №2-2747 в Солнцевском межмуниципальном суде г. Москвы отсутствует в виду якобы запроса Верховного Суда РФ, в связи с чем, заявитель - Компания «Фостон Менеджмент Лимитед» не имеет возможности представить надлежащим образом заверенную копию решения Солнцевского межмуниципального суда от «29» сентября 2000 г. (по делу №2-2747) и представляет копию суда, полученную из ФКЦБ на основании запроса заявителя.

Руководствуясь ст. ст. 3, 30, 43 ГПК РСФСР,
на основании ст. 306-308 ГПК РСФСР: ст. ст. 14, 56, 106, 107, 122, 129, 151, 157, 161, 192, 197, 213 ГПК РСФСР, ст. 22 АПК РФ, ст. 302 ГК РФ, Информационного письма Высшего Арбитражного суда РФ №33 от «21» апреля 1998 г., п. 24 –25 Постановления Пленума Высшего Арбитражного суда РФ №8 от «25» февраля 1998 г., ст. 430 ГПК РСФСР,
в соответствии со ст. 305 ГПК РСФСР,
Компания «Фостон Менеджмент Лимитед»

## ПРОСИТ СУД:

1. Истребовать дело №2-2747 (по иску ООО «Инросмет», ОАО «Нижнетагильский металлургический комбинат», ЗАО «Стандарт Траст» к Иванову Евгению Николаевичу, Компаниям «Амбер Стар Эл.Эл.Си.», «Нэксиз Продактс Эл.Эл.Си», «Дэвис Интернэшнл», ЗАО «Компания-регистратор «Панорама», «ОМНИ-Трастхауз Лимитед», «Холдэкс Эл.Эл.Си.», «Фостон Менеджмент Лимитед») из Солнцевского межмуниципального суда г. Москвы в кассационном порядке;
2. Решение Солнцевского межмуниципального суда г. Москвы от «29» сентября 2000 г. (по иску ООО «Инросмет», ОАО «Нижнетагильский металлургический комбинат», ЗАО «Стандарт Траст» к Иванову Евгению Николаевичу, Компаниям «Амбер Стар Эл.Эл.Си.», «Нэксиз Продактс Эл.Эл.Си», «Дэвис Интернэшнл», ЗАО «Компания-регистратор «Панорама», «ОМНИ-Трастхауз Лимитед», «Холдэкс Эл.Эл.Си.», «Фостон Менеджмент Лимитед») – отменить полностью и прекратить производство по делу.

Приложение:
1. Доверенность представителя Компании «Фостон Менеджмент Лимитед» (копия);
2. Решение Солнцевского межмуниципального суда г. Москвы от «29» сентября 2000 г. (копия);
3. Решение Мешанского межмуниципального суда от «13» июля 2000 г. (копия);

4. «Запрос» Верховного суда РФ №25ф-1813 от «23» ноября 2000 г. (копия);
5. Уведомление об исполнении запроса исх. №1157 с отметкой в получении дела №2-2747, за подписью судьи Ильина Н.В. (копия);
6. Уведомление реестродержателя АОЗТ «Ведение реестров компаний» исх №18 н/ГОКВАН от «23» октября 2000 г. «Об исполнении решения суда от «29» сентября 2000 г. и исполнительного листа от «10» октября 2000 г. по делу №2-2747 (вх. №7343 от «03» ноября 2000 г.) (копия).
7. Справка по операциям, проведенным по лицевым счетам Компании «Фостон Менеджмент Лимитед» за период с «03» октября 2000 г. по «07» декабря 2000 г. (копия).

**С уважением,**

«     » января 2001 г.          Представитель Компании «Фостон Менеджмент Лимитед»

_____ адвокат Московской Городской Коллегии
Полякевич Г.В.
Действующий по доверенности Уполномоченного представителя Компании «Фостон Менеджмент Лимитед» в России - Ашихминой Марины Мирославовны.

В Коллегию по гражданским делам Московского городского суда.

Адрес: 107076, г. Москва, ул. Богородский вал, д. 8

**Заявитель:**
**Компания «Фостон Менеджмент Лимитед»**
(акционер ОАО «Качканарский ГОК «Ванадий»)
**Адрес для почтовой корреспонденции:**
119270, г. Москва, ул. Фрунзенская наб., д. 46, под. 2

дело №2-2747

## УТОЧНЕНИЯ
### к кассационной жалобе

На основании положений, изложенных в кассационной жалобе,

**Руководствуясь** ст. ст. 3, 30, 43 ГПК РСФСР,
**на основании** ст. 306-308 ГПК РСФСР: ст. ст. 14, 56, 106, 107, 122, 129, 151, 157, 161, 192, 197, 213 ГПК РСФСР, ст. 22 АПК РФ, ст. 302 ГК РФ, Информационного письма Высшего Арбитражного суда РФ №33 от «21» апреля 1998 г., п. 24 –25 Постановления Пленума Высшего Арбитражного суда РФ №8 от «25» февраля 1998 г., ст. 430 ГПК РСФСР,
**в соответствии со** ст. 305 ГПК РСФСР,
Компания «Фостон Менеджмент Лимитед»

### ПРОСИТ СУД:

Решение Солнцевского межмуниципального суда г. Москвы от «29» сентября 2000 г. (по иску ООО «Инросмет», ОАО «Нижнетагильский металлургический комбинат», ЗАО «Стандарт Траст» к Иванову Евгению Николаевичу, Компаниям «Амбер Стар Эл.Эл.Си.», «Нэксиз Продактс Эл.Эл.Си», «Дэвис Интернэшнл», ЗАО «Компания-регистратор «Панорама», «ОМНИ-Трастхауз Лимитед», «Холдэкс Эл.Эл.Си.», «Фостон Менеджмент Лимитед») – отменить, дело направить на новое рассмотрение в суд первой инстанции в ином составе судей.

С уважением,

«26» января 2001 г.    Представитель Компании «Фостон Менеджмент Лимитед»

_____ Полякевич Г.В.
Действующий по доверенности Уполномоченного представителя Компании «Фостон Менеджмент Лимитед» в России - Ашихминой Марины Мирославовны.

To the Judicial Committee on Civil Cases
Of the Moscow City Court
Through the Solntsevo Inter-municipal Court of Moscow
Moscow, 119618
6 50 Years of October Street, Bldg. 1


From Defendant –
Foston Management Ltd.
119270 Moscow
The address of the Representative
46 Frunzenskaya Nab.
620114 Yekaterinburg
30 Sheinkmana Street


**CASSATION APPEAL**


In the enforcement of the Decision of the Solntsevo Inter-municipal Court of Moscow, dated September 29, 2000, in the action initiated by Inrosmet LLC, CJSC Standart Trust, and OJSC NTMK, on October 18, 2000, the following shares were written off of the account of Foston Management Company: 103,540 ordinary non-documentary shares of the Kachkanarsky GOK Vanadium (State No. 62-1p-290); and

18,747,610 ordinary non-documentary shares (State No. 62-1-1396) were transferred to OJSC NTMK;

1,245,677 ordinary non-documentary shares (State No. 62-1396) were transferred to Inrosmet, LLC; and

17,618,254 ordinary non-documentary shares (State No. 62-1-1396) were transferred to CJSC Standart-Trust.

The Decision of September 29, 2000 was subsequently overturned by the Moscow City Court on March 30, 2001, and the case remanded to the lower court for a retrial.

On March 11, 2001, during the new trial, the new claims filed by Inrosmet LLC, CJSC Standart Trust, and OJSC NTMK against Foston Management were not accepted for review for lack of jurisdiction by the Court.

Foston Management considers this decision well founded and lawful.

However, during the proceedings in this case, Foston Management, pursuant to Art. 430 of the Civil Code of the RSFSR, requested a reversal of the previously executed decision of the Solntsevo Inter-municipal Court. That request was denied.

We consider this decision groundless and in violation of the Procedural Code.

A reversal of a previously executed decision is one of the forms of protection of the defendant's rights. Whenever a previously executed decision is reversed and a new decision to dismiss the case is rendered after the new trial, the plaintiff must return the entire defendant's property back to the defendant. Therefore, Art. 430 of the Civil Code of the RSFSR provides for the unconditional right of the defendant to recover, through the reversal of the write off, all of its shares in OJSC Kachkanarsky GOK Vanadiy.

In accordance with Art. 431 of the Civil Code of the RSFSR, the Court which has received a case for a new trial, must, on its own initiative, review the issue of the reversal of a previously executed decision and render a new decision, which becomes the final decision in the case (Art. 431 of the CC RSFSR).

Having denied the defendant's request, the Court violated the requirements set forth in Art. 430 of the Civil Code of the RSFSR and deprived the defendant of the right to recover the full amount of the write off without any legal basis. The Code of Civil Procedure provides no grounds for such a denial.

The Court's argument that the reversal of the previously executed decision is impossible since the written off shares are no longer on deposit with the defendants' accounts, has no documentary proof.

Moreover, even if the shares in question have already been alienated by the plaintiffs to the benefit of third parties, still, in accordance with the provisions of the Code of Civil Procedure of the RSFSR (Articles 430, 431), this fact does not prevent the execution of the reversal.

Based on the above and in accordance with Art. 431 of the Code of Civil Procedure of the RSFSR,

THE DEFENDANT HEREBY MOVES AS FOLLOWS:

To overturn the part of the Decision of the Solntsevo Inter-municipal Court of Moscow, in which Foston Management's request for a reversal of a previously executed decision was denied; to grant Foston's request and reverse the previously executed decision of the Solntsevo Inter-municipal Court of Moscow dated September 29, 2000; and to return the following to the account of Foston Management:

103,540 ordinary non-documentary shares of the Kachkanarsky GOK Vanadium (State No. 62-1p-290); and 18,747,610 ordinary non-documentary shares (State No. 62-1-1396) transferred to OJSC NTMK;

1,245,677 ordinary non-documentary shares (State No. 62-1396) transferred to Inrosmet, LLC; and

17,618,254 ordinary non-documentary shares (State No. 62-1-1396) transferred to CJSC Standart-Trust.

We ask for the hearing of this appeal to be scheduled after January 20, 2002 since the representative of the company, who is planning to personally participate in the litigation, has a vacation scheduled from December 27, 2001 until January 18, 2002. The foreign legal entity has no other representatives in Russia. The representative's Power of Attorney does not provide for delegation of rights.

Authorized Representative
Foston Management Company
Notarized copy of the
Power of Attorney on file                            M.M. Ashihmina

Case 1:04-cv-01482-GMS        Document 87-4        Filed 05/31/2005        Page 20 of 30

В Судебную коллегию по гражданским
Делам Московского городского суда
Через Солнцевский межмуниципальный
Суд г. Москвы,
Г. Москва,119618
Ул. 50 лет Октября д. 6 кор.1

**Ответчика -**
**Компании «Фостон Менеджмент ЛТД»**
**119270 г. Москва,**
**адрес представителя**
**Фрунзенская набережная, 46**
**620114 г. Екатеринбург,**
**УЛ. Шейнкмана, 30**

## КАССАЦИОННАЯ ЖАЛОБА

Во исполнение решения Солнцевского межмуниципального суда г. Москвы от 29.09.2000 г. по иску ООО «Инросмет», ЗАО «Стандарт Траст» и ОАО НТМК с лицевого счета Компании «Фостон Менеджмент» 18.10.2000 г. было списано 103540 обыкновенных бездокументарных акций ОАО «Качканарский ГОК «Ванадий» гос.№ 62-1п-290 и

18747610 обыкновенных бездокументарных акций гос. № 62-1-1396 в пользу ОАО «НТМК»,

1245677 обыкновенных бездокуметарных акций гос. № 62-1396 в пользу ООО «Инросмет»,

17618254 обыкновенных бездокументарных акций гос. № 62-1-1396 в пользу ЗАО «Стандарт-Траст».

Решение от 29.09.2000 г. было отменено Московским городским судом 30.03.2001 г. и дело направлено на новое рассмотрение в тот же суд.

При новом рассмотрении дела 30.11.2001 г. иск ООО «Инросмет», ЗАО «Стандарт Траст» и ОАО НТМК в части исковых требований к Компании «Фостон Менеджмент» оставлен без рассмотрения в связи с неподведомственностью.

Компания «Фостон Менеджмент» считает данное решение обоснованным и законным.

Однако, в ходе рассмотрения данного дела Компания «Фостон Менеджмент» было заявлено о повороте исполнения решения Солнцевского межмуниципального суда на основании ст. 430 ГПК РСФСР. В удовлетворении данного ходатайства было отказано.

Считаем в этой части решение суда необоснованным и вынесенным с нарушением норм процессуального права.

Поворот исполнения решения является одной из форм защиты прав ответчика. В случае отмены решения, приведенного в исполнение, и вынесения после нового рассмотрения дела решения об оставлении иска без рассмотрения ответчику должно быть возвращено все то, что с него взыскано в пользу истца по отмененному решению. Таким образом, ст. 430 ГПК РСФСР предусматривает безусловное право ответчика получить в порядке поворота исполнения все списанные с него акции ОАО «Качканарский ГОК «Ванадий».

06/05 2002 18:09 FAX 9334614     MARKS&SOKOLOV     ☒009

Суд, согласно ст. 431 ГПК РСФСР, которому дела передано на новое рассмотрение, обязан по своей инициативе рассмотреть вопрос о повороте исполнения и разрешить его в новом решении, которым заканчивается производство по делу (ст. 431 ГПК РСФСР).

Суд, отказывая в удовлетворении соответствующего заявления ответчика, нарушил требование ст. 430 ГПК РСФСР и лишил ответчика право получить все то, что с него списано по отмененному решению, без правовых оснований. Такой отказ не предусмотрен гражданско-процессуальным законодательством.

Довод суда о том, что поворот исполнения не возможен, поскольку списанные по отмененному решению суда акции уже не находятся на лицевых счетах ответчиков документально не подтвержден.

Даже если предположить, что акции, подлежащие возврату ответчику, истцами отчуждены в пользу третьих лиц, то в соответствии с нормами ГПК РСФСР (ст.ст. 430,431) это обстоятельство не является препятствием к удовлетворению заявления о повороте исполнения.

На основании изложенного, руководствуясь ст. 431 ГПК РСФСР,

**ПРОШУ:**

Решение Солнцевского межмуниципального суда г. Москвы, в части отказа в удовлетворении заявления Компании «Фостон Менеджмент» произвести поворот исполнения, отменить. Заявление удовлетворить и произвести поворот исполнения исполненного решения Солнцевского межмуниципального суда г. Москвы от 29.09.2000 г. и вернуть на лицевой счет Компании «Фостон Менеджмент»

103540 обыкновенных бездокументарных акций ОАО «Качканарский ГОК «Ванадий» гос.№ 62-1п-290 и 18747610 обыкновенных бездокументарных акций гос. № 62-1-1396 списанных в пользу ОАО «НТМК»,

1245677 обыкновенных бездокуметарных акций гос. № 62-1396 списанных в пользу ООО «Инросмет»,

17618254 обыкновенных бездокументарных акций гос. № 62-1-1396 списанных в пользу ЗАО «Стандарт-Траст».

Рассмотрение жалобы прошу назначить после 20.01.2002 г. поскольку представитель компании, намеренный лично участвовать в рассмотрении дела, с 27.12.2001 г. по 18.01.2002 г. будет находиться в отпуске. Других представителей иностранное юридическое лицо в России не имеет. Доверенность на представителя не допускает правопреемство.

Полномочный представитель
Компании «Фостон Менеджмент»
Нотариальная копия
доверенности в материалах дела                М.М.Ашихмина

**To the Arbitrazh Court**
**For Sverdlovsk Oblast**

**Plaintiffs:**

1. Open Joint Stock Company Nizhnetagilsky Metallurgical Plant
(Mailing address: 622025, Sverdlovskaia oblast, Nizhnii Tagil, ul. Metallurgov, 1)

2. Limited Liability Company Inrosmet
(Mailing address: 620014, Ekaterinburg, ul. Malysheva, d. 36, office 701)

3. Close Joint Stock Company Standard Trust
(Mailing address: 620014, Ekaterinburg, d. 36, office 701)

**Defendants:**

1. Limited Liability Company Ural-Start LTD
(Mailing address: 620026, Ekaterinburg, ul. Karla Marksa, d. 20
620010, Ekaterinburg, ul. Griboedova, d. 26)

2. OOO Legat
(Mailing address: 358000, Kalmykia, Elista, ul. Lenina 249, k. 505)

3. OOO Akonit
(Mailing address: 35800, Kalmykia, Elista, ul. Lenina 249, k. 505)

4. Djekonet Limited
(Mailing address: Parliament Street 14/15 Dublin 2 Ireland)

5. OOO Uralpromopt
(Mailing address: 620130, Ekaterinburg, ul. Razina, d. 109A, komn. 228)

6. OOO Company City Trade
(Mailing address: 620103, Ekaterinburg, ul. Selkorovskaia, d. 82B, k. 6)

7. OOO Marex TK
(Mailing address: 123557, Moscow, B. Tishinky per. d. 37)

8. ZAO Fargos
(Mailing address: 125047, Moscow, 3-a Tverskaya-Yamskaya, d. 26/6, komn. 12)

9. ZAO Mezant
(Mailing address: 107082, Moscow, Spartakovskaya pl., d. 14, str. 1)

10. Amber Star LLC
(Mailing address: 318 N. Carson Street, Carson City, Nevada 89701, U.S.A.)

11. OOO Genkon
(Mailing address: 111531, Moscow, p. Entyziastov, d. 96, korp. 4)

12. Nimegan Trading Limited
(Mailing address: 30 Karpenisi Street, Nicosia 1660, Cyprus)

13. Nexis Products LLC
(Mailing address: Suite 104, 47 West 200 South, Salt Lake City, Utah 84101, U.S.A.)

14. Foston Management Limited
(Mailing address: 1 Naousis Street, Larnaca, 6302, P.O. Box 254, Cyprus)

**Third parties without independent claims, on the side of Defendants:**

Close Joint Stock Company Registrator Company Panorama
(Mailing address: 123371, Moscow, Volokalamskoye shosse, d. 116)

Close Joint Stock Company Vedenie Reestrov Kompanii
(Mailing address: 620014, Ekaterinburg, ul. Lenina, d. 28)

Association of legal entities Deposit Settling Union
(Mailing address: 103045, Moscow, Sretensky boulevard, d. 9/2, of. 12)

Close Joint Stock Company Deposit Clearing Company
(Mailing address: 103064, Moscow, ul. Staraya Basmannaya, d. 14/2, str. 4)

OAO Kachkanarsky Ore Mining and Processing Plant "Vanadiy"
(Mailing address: 624356 Sverdlovskaya obl., Kachkanar, ul. Sverdlova, d.2)


## COMPLAINT
### To Invalidate Transactions

October 30, 2001

      I.      Plaintiffs OJSC "Nizhnetagilsky Metallurgical Plant", "Inrosmet", LLC, CJSC "Standard Trust" ask hereby the court to void as illegal transactions entered into by the Defendants who were stockholders of Open Stock Company "Kachkanarsky Ore Mining and Processing Plant 'Vanadiy'" (hereinafter "GOK"[1]). List of transactions is attached hereto as Exhibit 1.

      In 1998, Plaintiffs owned the following number of shares of Vanadiy:
- OJSC "Nizhnetagilsky Metallurgical Combinat" owned 103,626 shares of 1st issue (Federal registration No. of the issue 62-1P-290) and 18,747,610 shares

---

[1] Translator's note

of the 2nd issue (Federal registration No. of the issue 62-1-1396), each share with nominal value of 1 ruble.
- "Inrosmet", LLC owned 1,245,677 shares of 2nd issue (federal registration No. of the issue 62-1-1396), each share with nominal value of 1 ruble.
- CJSC "Standard Trust" owned 17,618,254 shares of 2nd issue (federal registration No. of the issue 62-1-1396), each share with nominal value of 1 ruble;

The above shares were transferred to Plaintiffs from CJSC "Uralelectromash" under the sale – purchase agreements, whereof the proper entries about transferring shares of GOK to the Plaintiff's bank accounts were made in Register of Security Holders of GOK. Pursuant to Article 29 of the Federal Law "On Securities Market" from the moment the shares were transferred to the Plaintiffs' accounts, the Plaintiffs were lawful owners of shares of OJSC Vanadiy.

In April of 1998, company "Ural-Start-LTD", LLC filed a complaint in the Arbitrazh Court of the Sverdlovsk Region against CJSC "Uralelectromash" and other legal entities that bought shares from CJSC "Uralelectromash", including the Plaintiffs hereto, alleging the right of ownership for 37,804,555 shares of Vanadiy and claiming invalidity of share purchase agreements.

By the Decision of the Arbitrazh Court of the Sverdlovsk Region of June 16, 1998, the above case under No. A60-483/98-C2, the court ruled in favor of the plaintiff and "Ural-Start-LTD", LLC became the lawful owner of the shares of GOK, including those shares that were owned by the Plaintiffs. Pursuant to the ruling, the court invalidated the share purchase agreements and alienated the disputed shares by writing them off the accounts of OJSC "Nizhnetagilsky Metallurgical Plant," "Inrosmet," LLC, and CJSC "Standard Trust".

By the decision of the Appellate Instance of the Arbitrazh Court of the Sverdlovsk Region of 07/29/2000, the decision of the court of first instance was affirmed.

When the decision on the case No. A60-483/98-C2 became effective on 07/30/1998, the Arbitrazh court of the Sverdlovsk Region issued writ of execution, including an order for GOK to enter the appropriate transactions in its Register of Securities Owners, including an order to strike off the Register shares of OJSC "Nizhnetagilsky Metallurgical Combinat" in the amount of 103,626 shares of 1st issue and 18,747,610 shares of the 2nd issue; shares of "Inrosmet", LLC in the amount of 1,245,677 shares of 2nd issue; shares of CJSC "Standard Trust" in the amount of 17,618,254 shares of 2nd issue. At the time the decision became effective, Registrar of the Register of GOK was CJSC "Registration Company Panorama".

On 8/3/1998, the Defendants in the case No. A60-483/98-C2 filed a cassation appeal of the decision of the court of the first instance and the appeal instance. On petition of 08/10/1998, Federal Arbitrazh Court of the Ural District entered a ruling to hold execution of the court decision in the above case.

In disregard of the ruling to hold execution of the court decisions, on September 1, 1998, CJSC "Registration Company Panorama" ("Panorama") followed the executive order No. 006062 and based on presented by "Ural-Start-LTD", LLC decision of 08/10/98 on initiation of execution proceedings, Panorama completed a transaction transferring the shares in question from the accounts of OJSC "Nizhnetagilsky Metallurgical Combinat", "Inrosmet", LLC, CJSC "Standard Trust" to the account of

"Ural-Start-LTD", LLC. This fact is confirmed by the certificate of CJSC "Registration Company Panorama" of 10/01/1998. (Copies of the certificates are attached hereto as Exhibit "2").

On 09/08/1998 by the Decision of the Federal Arbitrazh Court of the Ural District, the decision of the Court of 1st instance of 6/16/1998 and ruling of the appeal instance of 7/29/1998 are reversed, the claim by "Ural-Start-LTD", LLC is denied.

By the decision of Supreme Arbitrazh Court of the Russian Federation of 06/01/1999 all instance decisions made in the above case are reversed and the case is remanded for a new hearing to the first instance court.

On 6/14/2000 the Arbitrazh court of the Sverdlovsk Region refused to hear the claim of "Ural-Start-LTD", LLC.

All of the above-mentioned court decisions are attached hereto as Exhibit "3".

Pursuant to the above, the Plaintiffs contend that the transaction in the Register of the Security Holders of GOK that transferred shares from the Plaintiffs' accounts to the account of "Ural-Start-LTD," LLC is illegal and therefore, "Ural-Start-LTD," LLC did not have a right to own shares, which were transferred to its account under the above transaction, based on the decision of the Arbitrazh Court of the Sverdlovsk Region of 6/16/1998 for the following reasons:

1.     At the moment when the shares of GOK were transferred from the Plaintiffs' accounts on 09/01/1998, CJSC "Registration Company Panorama" knew about the decision of the Federal Arbitrazh Court of the Ural District of 08/10/1998 to hold the execution of the court decisions in the above case. The aforementioned Federal Arbitrazh Court decision was sent to CJSC "Registration Company Panorama" via DHL courier service on 08/14/1998, which is reflected in the mail receipt form No. 432093965 (the copy of which is hereto attached as Exhibit "4") and via registered mail on 08/20/1998, which is confirmed by Notification of Delivery No. 2074 by the Post Service of the Russian Federation (copy of which is attached hereto as Exhibit "5").

2.     The basis for the transfer of the shares from the accounts of the plaintiffs was a decision on initiating the execution proceedings of 08/10/1998 (a copy of which is attached hereto as Exhibit "6"), which was signed by the court marshal V. V. Shvetsova at Civil Municipal Court of Moscow. The above decision by the court marshal is fake, was never issued by the marshal, and the necessary papers required for initiation of the execution proceedings were never received by the court marshals. This fact is confirmed by the letter of S. I. Kupratsevich, the head of Organized Crime Unit of the Department of Internal Affairs of the city of Ekaterinburg (the copy of the letter is attached hereto as Exhibit "7"). Besides, with regard to the fake decision by the court marshal of OBEP of Department of Internal Affairs of the city of Ekaterinburg, a criminal case no. 31506 was open against A.M. Kuliev, director of "Ural-Start-LTD", LLC pursuant to Chapter 3, Article 159 of the Criminal Code of the Russian Federation. Copy of the letter from I.I. Samilov, Senior Investigator of Department of Internal Affairs of the city of Ekaterinburg is attached hereto as Exhibit "8".

3.     The decision of the Arbitrazh Court of the Sverdlovsk Region of 6/16/98, which was the basis for the transferring of the shares from the accounts of the Plaintiffs' was overruled by the decision of the Federal Arbitrazh Court of the Ural District and Higher Arbitrazh Court of the Russian Federation as illegal and unfounded, and eventually the claim by "Ural-Start-LTD", LLC to affirm their right for the shares that

were transferred from the Plaintiffs was declined to be heard. In the light of the above, "Ural-Start-LTD", LLC obtained the shares illegally.

The fact that transfer of the shares of GOK from the accounts of the Plaintiffs' is illegal is supported by the decision of the Disciplinary Committee of self-regulating non-commercial organization "Professional Association of Registrars, Transfer-Agents and Depositors" (PARTAD) of February 1, 1999, case No. 2/99-D. (Copy of the decision is attached hereto as Exhibit "9"). Besides, operation in the register of the security holders about transferring shares of GOK from the Plaintiffs' accounts based on the fake decision of the court marshal and contrary to the prohibition of the Federal Arbitrazh Court of the Ural District of August 9, 2000, was pronounced illegal by the Appeal Instance of the Arbitrazh Court of Sverdlovsk Region. (Copy of the decision is attached hereto as Exhibit "10").

Accordingly, common shares of GOK were illegally transferred from the Plaintiffs' accounts, and the operation in the register of securities holders is invalid.

II.     Common shares of GOK were illegally transferred from the accounts of the Plaintiffs to the account of OOO Ural-Start Ltd. Accordingly, the first unlawful owner of the shares belonging to Plaintiffs was OOO Ural-Start Ltd. Ural-Start Ltd was not the owner of shares, and, according to Article 209 of the Civil Code of the Russian Federation, did not have the right to dispose of the shares of GOK received on the basis of the reversed court decision. Proceeding from the above, the transaction conducted by OOO Ural-Start Ltd for the sale of shares of GOK was invalid according to Articles 168 and 209 of the Civil Code, and the subsequent transactions with these shares were also invalid.

Based on the sale contract # 03/GOK dated July 30, 1998, and the respective transfer instruction, the shares were written off from the account of OOO Ural-Start Ltd and transferred to the account of OOO Legat. Subsequently, these shares were sold to different parties under different contracts. Plaintiffs ask the court to declare invalid all transactions performed with the shares of GOK that belong to Plaintiffs, beginning from the sale of shares by OOO Ural-Start Ltd to OOO Legat and all subsequent transactions described in the list appended hereto, 18 transactions total.

The list of transactions performed with the shares is compiled on the basis of information of the specialized registrar ZAO Registration Company Panorama received from issuer of shares, GOK, see a copy of GOK's response to the inquiry attached as Exhibit 11.

Since Plaintiffs do not have copies of contracts for the sale of shares under which the shares were transferred between the Defendants, pursuant to Article 54 of the APC RF Plaintiffs request that the Arbitrazh Court demand from Defendants the contracts under which each of the Defendants purchased shares of GOK.

Plaintiffs joined in one Complaint the claims to invalidate the transactions between the Defendants, since all these claims are interconnected. All transactions contested by Plaintiffs are interrelated because all of them represent sequential transfers among Defendants of shares that were unlawfully written off from the personal accounts

of Plaintiffs. The same documents serve as the evidence of invalidity of all transactions by proving the illegality of conducting operations with the register of shares of writing off the shares of GOK from the accounts of Plaintiffs and recording them in the account of OOO Ural-Start-Ltd. Accordingly, all transactions contested by Plaintiffs are interconnected in terms of their source and evidence.

III.    Plaintiffs believe that the adjudication of this case is impossible without the participation of the specialized registrators of GOK, ZAO Panorama, which has been administering the register of shares of GOK from 1998 to September 30, 2000, and ZAO Vedenie Reestrov Kompanii, the present registrator of GOK, since these companies can confirm the Defendants' conducting all contested transactions with the shares, and present respective information from the register of shares. Additionally, since some transactions were conducted through nominal holders OUL Deposit Settling Union and ZAO Deposit Clearing Company, it is impossible to hear the case without their participation. Proceeding from the foregoing, according to Article 39 of the APC RF, Plaintiffs request that the Sverdlovsk Oblast Arbitrazh Court join ZAO Panorama, ZAO Vedenie Reestrov Kompanii, OUL Deposit Settling Union and ZAO Deposit Clearing Company as third party defendants without independent claims.

Proceeding from the above, OAO Nizhnetagilsky Metallurgical Plant, OOO Inrosmet, ZAO Standard Trust, according to Articles 209 and 168 of CC RF request that the Sverdlovsk Oblast Arbitrazh Court invalidate the following transactions:

1.    Contract for the sale of shares # 03/GOK-a dated July 30, 1998 between OOO Ural-Start Ltd and OOO Legat:
-    103,865 (one hundred three thousand eight hundred sixty five) shares of the first issue (state registration number 62-1P-290)
-    37,700,690 (thirty-seven million seven hundred thousand six hundred ninety) shares of the second issue (state registration number 62-1-1396).

2.    Contract for the sale of shares # 14 dated September 22, 1998 between OOO Legat and OOO AKONIT:
-    103,865 (one hundred three thousand eight hundred sixty five) shares of the first issue (state registration number 62-1P-290)
-    18,607,478 (eighteen million six hundred seven thousand four hundred seventy-eight) shares of the second issue (state registration number 62-1-1396).

3.    Contract for the sale of shares # 15 dated September 25, 1998 between OOO Legat and OOO AKONIT:
-    19,093,212 (nineteen million ninety-three thousand two hundred twelve) shares of the second issue (state registration number 62-1-1396).

4.    Contract for the sale of shares # GOK1 dated September 22, 1998 between OOO AKONIT and DJEKONET LIMITED:
-    103,865 (one hundred three thousand eight hundred sixty-five) shares of the first issue (state registration number 62-1P-290)
-    18,607,478 (eighteen million six hundred seven thousand four hundred seventy-eight) shares of the second issue (state registration # 62-1-1396).

5.    Contract for the sale of shares # 9 dated November 25, 1998 between DJEKONET LIMITED and OOO Uralpromopt:

-        103,865 (one hundred three thousand eight hundred sixty-five) shares of the first issue (state registration number 62-1P-290)

-        18,607,478 (eighteen million six hundred seven thousand four hundred seventy-eight) shares of the second issue (state registration # 62-1-1396).

6.        Contract for the sale of shares # 34 dated November 25, 1998 between OOO AKONIT and OOO "Company CITY-TRADE":

-        19,093,212 (nineteen million ninety-three thousand two hundred twelve) shares of the second issue (registration number 62-1-1396).

7.        Contract for the sale of shares # KGOK-RP-12/98 dated December 25, 1998 between OOO "Company CITY-TRADE" and OOO MAREX TK:

-        19,093,212 (nineteen million ninety-three thousand two hundred twelve) shares of the second issue (registration number 62-1-1396).

8.        Contract for the sale of shares # KGOK-29/12-98 dated January 28, 1998 between OOO MAREX TK and Amber Star LLC:

-        21,225,236 (twenty-one million two hundred twenty five thousand two hundred thirty six) shares of the second issue (state registration number 62-1-1396).

9.        Contract for the sale of shares, w/o number, dated January 20, 1999 between OOO Uralprompt and ZAO FARGOS:

-        103,865 (one hundred three thousand eight hundred sixty-five) shares of the first issue (state registration number 62-1P-290);

-        18,607,478 (eighteen million six hundred seven thousand four hundred seventy-eight) shares of the second issue (state registration number 62-1-1396).

10.        Contract for the sale of shares. w/o number, dated February 11, 1999 between ZAO FARGOS and ZAO MEZANT:

-        103,865 (one hundred three thousand eight hundred sixty-five) shares of the first issue (state registration number 62-1P-290);

-        9,442,740 (nine million four hundred forty-two thousand seven hundred forty) shares of the second issue (state registration number 62-1-1396).

11.        Contract for the sale of shares # 143 dated April 5, 1999 between ZAO FARGOS and ZAO MEZANT:

-        9,060,873 (nine million sixty thousand eight hundred seventy-three) shares of the second issue (state registration number 62-1-1396).

12.        Contract for the sale of shares # 15 dated February 11, 1999 between ZAO FARGOS and ZAO MEZANT:

-        103,865 (one hundred three thousand eight hundred sixty-five) shares of the second issue (state registration number 62-1-1396).

13.        Contract for the sale of shares # 21 dated April 7, 1999 between ZAO MEZANT and OOO GENKON:

-        103,865 (one hundred three thousand eight hundred sixty-five) shares of the first issue (state registration number 62-1P-290);

-        18,607,478 (eighteen million six hundred seven thousand four hundred seventy-eight) shares of the second issue (state registration number 62-1-1396).

14.        Contract for the sale of shares # 21 dated April 7, 1999 and additional agreement # 2 thereto, dated November 16, 1999 between OOO GENKON and OOO Ural-Start Ltd:

- 103,865 (one hundred three thousand eight hundred sixty-five) shares of the first issue (state registration number 62-1P-290);
- 18,607,478 (eighteen million six hundred seven thousand four hundred seventy-eight) shares of the second issue (state registration number 62-1-1396).

15. Contract for the sale of shares # KGOK 22/11/1999 dated November 22, 1999 between OOO Ural-Start Ltd and NIMEGAN TRADING LIMITED:
- 103,865 (one hundred three thousand eight hundred sixty-five) shares of the first issue (state registration number 62-1P-290);
- 18,607,478 (eighteen million six hundred seven thousand four hundred seventy-eight) shares of the second issue (state registration number 62-1-1396).

16. Contract for the sale of shares # KGOK 2.2/99 dated December 17, 1999 between NIMEGAN TRADING LIMITED and Amber Star LLC:
- 103,865 (one hundred three thousand eight hundred sixty-five) shares of the first issue (state registration number 62-1P-290);
- 18,607,478 (eighteen million six hundred seven thousand four hundred seventy-eight) shares of the second issue (state registration number 62-1-1396).

17. Contract for the sale of shares dated February 9, 2000 between NEXIS PRODUCTS LLC and Amber Star LLC:
- 103,865 (one hundred three thousand eight hundred sixty-five) shares of the first issue (state registration number 62-1P-290);
- 37,700,690 (thirty-seven million seven hundred thousand six hundred ninety) shares of the second issue (state registration number 62-1-1396).

18. Contract for the sale of shares dated August 16, 2000 between NEXIS PRODUCTS LLC and FOSTON MANAGEMENT LIMITED:
- 103,865 (one hundred three thousand eight hundred sixty-five) shares of the first issue (state registration number 62-1P-290);
- 37,700,690 (thirty-seven million seven hundred thousand six hundred ninety) shares of the second issue (state registration number 62-1-1396).

Appendices:
1. List of transactions performed by defendants with the shares of GOK – 1 copy, 3 pages;
2. Copies of statements regarding the existence of shares on the accounts, from July 1, 1998 to September 30, 1998, 3 copies, 1 page each;
3. Copies of court decisions in the case # A60-483/98-C2 – 6 copies, 32 pages;
4. Copy of DHL receipt, 1 copy, 2 pages;
5. Copy of postal notice of delivery of documents to ZAO Registrator Company Panorama, 1 copy, 1 page;
6. Copy of the Order on the issuance of the execution proceedings, dated August 8, 1998, 1 copy, 1 page;
7. Copy of the letter from S. I. Kupartsevich, head of the Economic Crimes Section of the Ekaterinburg Division of the Department of the Interior, 1 copy, 1 page;
8. Copy of the letter from I. I. Samylov, an investigator of the Investigation Section of the Ekaterinburg Division of the Department of the Interior, 1 copy, 2 pages;

9.      Copy of the decision of the PARTAD disciplinary committee dated February 1, 1999, 1 copy, 6 pages;

10.     Copy of the decision of the Appellate Instance of the Arbitrazh Court of Sverdlovsk oblast, 1 copy, 6 pages;

11.      Response of GOK regarding the movement of shares belonging to ZAO Standard Trust, OOO Inrosmet, OAO NTMK, 4 pages, 1 copy;

12.     Copy of postal receipt for mailing a copy of the Complaint to Defendants and third parties (register of mailings, 1 page), 1 copy;

13.     Receipt for the payment of the state filing fee, 1 copy, 1 page;

14.     Power of attorney issued to E. L. Grigorieva, 1 copy, 1 page;

15.     Powers of attorney issued to N. S. Brusova, 2 copies, 1 page.


Counsel for
OAO Nizhnetagilsky Metallurgical Plant,
Under the power of attorney                     /s/ E. L. Grigorieva

Counsel for
ZAO Standard Trust,
Under the power of attorney                     /s/ N. S. Brusova

Counsel for
OOO Inrosmet,
Under the power of attorney                     /s/ N. S. Brusova

MAT\FILES\Clients\Base Metals US\GOK\Translations\Complaint of 10-30-01 to Void transactions in Sverdlovsk Oblast Arbitrazh Court.doc