

# АРБИТРАЖНЫЙ СУД
## *СВЕРДЛОВСКОЙ ОБЛАСТИ*
# Определение

*г. Екатеринбург*
*«20» декабря 2001г.* *Дело № А60-21775/2001-С2*

Судья Арбитражного суда Свердловской области **Скуратовский М.Л.**, рассмотрев в судебном заседании дело по иску ОАО «Нижнетагильский металлургический комбинат», ООО «Инросмет», ЗАО «Стандарт Траст»

к ООО «Урал-Старт-ЛТД», ООО «Легат», ООО «Аконит», Компания «Джеконет Лимитед», ООО «Уралпромопт», ООО «Компания «Сити Трейд», ООО «Марэкс ТК», ЗАО «Фаргос», ЗАО «Мэзант», Компания «Амбер Стар Эл.Эл.Си», ООО «Дженкон», Компания «Нимеган Трейдинг Лимитед», Компания «Нэксиз Продакс Эл.Эл. Си»

третьи лица, не заявляющие самостоятельных требований на стороне ответчика: ЗАО «Компания-регистратор «Панорама», ЗАО «Ведение реестров компаний», Объединение юридических лиц «Депозитарно-расчетный союз», ЗАО «Депозитарно-клиринговая компания», ОАО «Качканарский горно-обогатительный комбинат «Ванадий»

о признании сделок недействительными

при участии в заседании:
от истцов: ОАО «Нижнетагильский металлургический комбинат»-Григорьева Е.Л.- представитель по доверенности 3140-11/239 от 31.10.2001 года, ООО «Инросмет»- Григорьева Е.Л.- представитель по доверенности от 20.12.2000 года, ЗАО «Стандарт Траст»- Григорьева Е.Л.- представитель по доверенности от 20.12. 2000 года.
От Ответчиков: Компания «Нэксиз Продакс Эл.Эл.Си» Ашихмина М.М.- представитель по доверенности от 05.09.2001 года.
3-и лица на стороне ответчика: ОАО «Качканарский горно-обогатительный комбинат «Ванадий»-Степанченко Т.Н.- представитель по доверенности №66 от 14.05.2001 г., ЗАО «едение реестров компаний»-Пушкарева О.А.- представитель по доверенности №99/2000 от 27.12.2000 г.

Истцы просят признать недействительными сделки: договор купли – продажи акций №03/ГОК-а от 30.07.1998 г., Договор купли-продажи акций № 14 от 22.09.1998 г., Договор купли-продажи акций № 15 от 25.09.1998 г., Договор купли-продажи акций №ГОК 1 от 22.09.1998 г., Договор купли-продажи акций 9 от 25.11.1998 г., Договор купли-продажи акций №24 –

Договор купли-продажи акций №ГОК 1 от 22.09.1998 г., Договор купли-продажи акций 9 от 25.11.1998 г., Договор купли-продажи акций №34 от

25.11.1998 г., Договор купли-продажи акций №KGOR- РП-12/98 от 25.12.1998 г., Договор купли-продажи акций от 20.01.1999 г., Договор купли-продажи акций от 11.02.1999 г., Договор купли-продажи акций №143 от 05.04.1999 г., Договор купли-продажи акций №15 от 11.-2.1999 г., Договор купли-продажи акций №21 от 07.04.1999 г., Договор купли-продажи акций №21 от 07.04.1999 г., Договор купли-продажи акций № KGOK 22/11/1999 г., Договор купли-продажи акций № KGOK-2.2/99 от 17.12.1999 г., Договор купли-продажи акций от 09.02.2000 г., Договор купли-продажи акций от 16.08.2000 г., совершенные ответчиками с акциями ОАО «Качканарский горно-обогатительный комбинат «Ванадий» как противоречащие закону.

В ходе судебного заседания истцами было заявлено ходатайство о привлечении Компании «Фостон Менеджмент Лимитед» к участию в деле в качестве ответчика в связи с тем, что наряду прочих заявленных требований, истцы в своем исковом заявлении просят признать недействительной сделку купли-продажи акций от 16.08.2000 года, заключенную между Компанией «Нэксиз Продакс Эл.Эл.Си.» и Компанией «Фостон Менеджмент Лимитед». В следствие технической ошибки Компания «Фостон Менеджмент Лимитед» не была названа в качестве ответчика в исковом заявлении.

Указанное ходатайство судом удовлетворяется, в силу ст. 35 АПК РФ.

Кроме того, истец заявил ходатайство об истребовании дополнительных доказательств: у ЗАО «Депозитарная –клиринговая компания» сведения о сделках, совершенных с акциями ОАО «Качканарский горно- обогатительный комбинат «Ванадий», переведенными на лицевой счет ЗАО «Депозитарно-клиринговая компания» 30.12.1998 года от ООО «Марэкс ТК» в количестве 9 093212 акций 2 выпуска ( номер государственной регистрации 62-1-1396), с указанием типа договора, его номера и даты заключения; у Объединения юридических лиц «Депозитарно- расчетный союз» сведения о сделках, совершенных с акциями ОАО «Качканарский горно-обогатительный комбинат «Ванадий», переведенными на лицевой счет Объединения юридических лиц «Депозитарный расчетный союз» 30.12.1998 г. от ООО «Марэкс ТК» в количестве 10 000 000 акций 2 выпуска (номер государственной регистрации 62-1-1396), с указанием типа договора, его номера и даты заключения, так как истцы не могут самостоятельно получить указанную информацию, поскольку депозитарии предоставляют данную информацию только самим клиентам депозитария, лицензирующему органу и иным государственным органам. Также истец ходатайствует об отложение дела в связи с тем, что необходимо дополнительное время для истребования указанной информации. Суд удовлетворяет указанное ходатайство.

На основании изложенного, а также в виду отсутствия доказательств надлежащего уведомления ответчиков, находящихся за пределами Российской Федерации : Компания «Джекопет Лимитед», Компания «Амбер Стар Эл. Эл. Си», Компания «Нимеган Трейдинг Лимитед», о дате, времени и месте судебного заседания, а также ходатайства истца об отложении рассмотрения дела в связи с необходимостью истребования дополнительных доказательств рассмотрения дела откладывается.

Руководствуясь ст. 35, 54, 120, 140 АПК РФ

## ОПРЕДЕЛИЛ:

Отложить рассмотрение дела на 29. 05.2002 года на 9 часов 30 минут.

Привлечь к участию в деле в качестве ответчика Компанию «Фостон Менеджемент Лимитед».

Обязать ЗАО «Депозитарная - клиринговая компания» представить сведения о сделках, совершенных с акциями ОАО «Качканарский горно-обогатительный комбинат «Ванадий», переведенными на лицевой счет ЗАО «Депозитарно клиринговая компания» 30.12.1998 года от ООО «Марэкс ТК» в количестве 9 093212 акций 2 выпуска ( номер государственной регистрации 62-1-1396), с указанием типа договора, его номера и даты заключения.

Обязать Объединение юридических лиц «Депозитарно- расчетный союз» представить сведения о сделках, совершенных с акциями ОАО «Качканарский горно-обогатительный комбинат «Ванадий», переведенными на лицевой счет Объединения юридических лиц «Депозитарный расчетный союз» 30.12.1998 г. от ООО «Марэкс ТК» в количестве 10 000 000 акций 2 выпуска (номер государственной регистрации 62-1-1396), с указанием типа договора, его номера и даты заключения.

Судья М.Л. Скуратовский

05.04.02



КОПИЯ

# GENERAL POWER OF ATTORNEY

THIS POWER OF ATTORNEY is made by this First day of October 2001

KNOW ALL MEN PRESENT that we:

## FOSTON MANAGEMENT LIMITED

a company incorporated and registered under and pursuant to the Laws of the Republic of Cyprus under Reg. No. 105100 with Registered Office at 1 Naousis Street, Larnaca, Cyprus, (hereinafter called "the Grantor") has made, constituted and appointed and by these presents does make, constitute and appoint

**Ms. ASHIKHMINA MARINA**
**holder of a Russian Federation Passport No. 65 98 119961**

The true and lawful Attorney in fact of the Company (hereinafter called "the Attorney") for and in the name of and on behalf of the Company to do or to execute all or any of the facts and things mentioned that is to say:

1) to conduct cases of the Company in all Courts with the rights given to the plaintiff, defendant, the third person, applicant and suffered, including
the right of signing and presenting actions (the right to sign a statement of claim);
the right to change the subject and basis of an action;
the right to receive judgments, decisions, executive lists and legal orders, other documents;
the right to appeal a decision of the court of arbitration;
the right to sign for taking a protest, applications of allotments and solicitations;
to accomplish all the actions, connected with the execution of a court decision,
to demand compulsory execution of a court's decision;
to produce and to recall executive documents,
to arouse an executive production with the right of receipt of executive list and producing it to a penalty, of appeal the actions of legal executor;
to hand in any applications on behalf of decrees, decisions and the other legal documents,
to produce proofs on the case;

2) to represent interest of the Company as an applicant with the producing executive list to any juridical organizations and/or persons, government bodies of Russian Federation, organs and/or organizations; for what the Company gives the Attorney the right to produce for execution to any debtors on the territory of Russian Federation any executive lists, given to the Company by any Courts (People 's Court, Court of Arbitration, etc.) of Russian Federation, on the base of any decrees, sentences, decisions and resolutions of these Courts (judges), including on the ban to the debtors to accomplish the definite actions, to be present at the execution of legal deeds, to accomplish a control of the execution of legal deeds;

3) to sign for the Company and also on the whole to accomplish any other juridical and actual actions on behalf of the Company. In the case if the Attorney accomplish any juridical and actual actions with the direct connection with the commissions described above, but not indicated in this Power of Attorney, these actions will be valid.

4) to represent in complete volume interests of the Company in all State's, municipal, commerce and other organizations and establishments, including in the joint-stock company "Panorama" Ltd. (Moscow), joint-stock company "VRK" (Ekaterinburg, Lenina str., 28) so the Company let him accordingly

the necessary documents connected with the opening of personal accounts, registration of purchase and selling of shares, to produce for execution any executive lists and other legal statements, to accomplish any requirements, including a receipt of notification, to receive any documents in "Panorama" Ltd., "VRK" Ltd., including letters, notifications, rejections, etc.

The Powers given by this General Power of Attorney may not be passed on other persons.

**AND IT IS HEREBY AGREED THAT:**

This Power of Attorney shall remain in force within Thirtieth day of September 2002 or until notice of the Company having revoked the same shall have been received by the said Attorney or by the Company Secretary to whom all enquiries regarding its validity should be addressed whichever is the earliest.

We hereby authenticate the signature of our Attorney as herein below:

Ms. Marina Ashikhmina
The Attorney

IN WITNESS whereof the seal of the Company has been hereunto affixed this First day of October 2001.

For and behalf of ***Foston Management Limited***

Dr. Andreas Karpatakis
The Sole Director

A.J.K. Management Services Limited
The Secretary

A.J.K. MANAGEMENT SERVICES LTD

Signed and sealed this day in my presence by DR. ANDREAS KARPATAKIS & NIKI IOANNOU who is/are personally known to me. In testimony Whereof I have hereto set my hand and official seal this 1st day of October 2001
CHRISTAKIS DEMETRIOU
CERTIFYING OFFICER

refstdd_Vfoston/foston.poa.oct9

This is to certify that the signature appearing above/overleaf is the signature of Mr....... CHR. DEMETRIOU a Certifying Officer of Nicosia, appointed by the Council of Ministers of the Republic of Cyprus under the Certifying Officers Law Cap 32 to certify signature and seals, and that the seal opposite the said signature is that of the Certifying officer of Nicosia.

Nicosia - Cyprus - 9 OCT 2001

District Officer

E. IOANNIDOU

**APOSTILLE**
**(Convention de La Haye du 5 octobre 1961)**

1. Country CYPRUS.
   This public document
2. has been signed by ...... E. IOANNIDOU ......
3. acting in the capacity of District Officer.
4. bears the seal/stamp of the District Officer.

Certified

5. at Nicosia. 6. the ...... - 9 OCT 2001 ......
7. by ...... M. IASONOS ......
8. No. ...... 50775/01 ......
9. Seal/stamp: 10. Signature:

Permanent Secretary
Ministry of Justice and Public Order

# ГЕНЕРАЛЬНАЯ ДОВЕРЕННОСТЬ

…А ДОВЕРЕННОСТЬ составлена сего октября первого дня 2001 года

…А БУДЕТ ИЗВЕСТНО ВСЕМ ПРИСУТСТВУЮЩИМ, что мы:

**ФОСТОН МЕНЕДЖМЕНТ ЛИМИТЕД**

…пания, созданная и зарегистрированная согласно и следуя Законам республики …ипр под регистрационным номером 105100 в офисе регистрации по адресу: 1, улица …усис, Ларнака, Кипр (ниже называемая «Компания») сделала, утвердила и назначила …нижеследующим делает, утверждает и назначает

**Госпожу АШИХМИНУ МАРИНУ**
**Владельца паспорта Российской Федерации № 65 98 119961**

…стинным и законным поверенным Компании (ниже называемым «Поверенный») для, …т имени и по поручению Компании делать или выполнять все или любые нижепере…сленные факты и задания, а именно:

…) ведение судебных дел Компании во всех Судах с правами, предоставляемыми истцу, …ответчику, третьему лицу, ходатаю и потерпевшему, включая
право подписания и подачи исков (право подписания заявления о претензии);
право изменения предмета и основания иска;
право получения приговоров, решений, исполнительных листов и судебных предписа…ний, других документов;
право опротестовать решение арбитражного суда;
право подписания нот протеста, заявлений распределения и ходатайств;
исполнение всех действий, связанных с выполнением решения суда,
подача прошения об обязательном исполнении решения суда;
подача и отзыв исполнительных документов;
возбуждение исполнительных действий с правом приема исполнительного листа и пе…редачи его наказанию;
опротестовывание действия судебного исполнителя;
подача любых заявлений по поводу постановлений, решений и прочих судебных доку…ментов;
предоставление доказательств по делу;

2) представление интересов Компании в качестве просителя, подающего исполнитель…ный лист в любые юридические организации и/или лица, правительственные учрежде…ния Российской Федерации, органы и/или организации, для чего Компания дает Пове…ренному право представлять для исполнения любыми должниками на территории Рос…сийской Федерации любые исполнительные листы, выданные Компании любыми Су…дами (Народным судом, Арбитражным судом, и т. д.) Российской Федерации, на осно…вании любых постановлений, приговоров, решений и резолюций этих Судов (судей), включая запрет должникам исполнять определенные действия, присутствовать на ис…полнении судебных постановлений, принимать контроль над исполнением судебных постановлений;

3) подписываться за Компанию и также в целом предпринимать любые другие юридические и текущие действия от имени Компании. В случае если Поверенный выполняет некие юридические и текущие действия, находящиеся в прямой связи с вышеописанными поручениями, но не указанные в этой Доверенности, эти действия будут законными.

4) представлять в полном объеме интересы Компании во всех государственных, муниципальных, коммерческих и прочих организациях и учреждениях, включая акционерное общество с ограниченной ответственностью «Панорама» (Москва) и акционерную компанию "VRK" (Екатеринбург, ул. Ленина. 28), для чего Компания разрешает ему выполнять все необходимые действия для открытия личных счетов в книгах регистрации акционеров, которые ведут «Панорама» и "VRK", передавать компаниям «Панорама» и "VRK" все необходимые документы, связанные с открытием личных счетов, регистрацией приобретения и продажи акций, подавать для исполнения любые исполнительные листы и другие судебные документы, выполнять любые требования, включая прием уведомления, получать любые документы в компаниях «Панорама» и "VRK", включая письма, уведомления, отказы и т. д.
Полномочия, предоставляемые данной генеральной Доверенностью, не могут быть переданы другим лицам.

И НАСТОЯЩИМ РЕШЕНО, ЧТО:

(1) Данная Доверенность будет оставаться в силе до сентября пятого дня 2002 года или пока уведомление о ее отзыве Компанией не будет получено указанным Поверенным или Секретарем Компании, которому должны быть адресованы все сомнения относительно ее законности, независимо от того, кто получит это уведомление первым.

Мы настоящим удостоверяем подпись нашего Поверенного, приведенную ниже:

Госпожа Марина Ашихмина
Поверенный

В ПОДТВЕРЖДЕНИЕ чего печать Компании была приложена сего сентября двадцать пятого дня 2001 года.

За и от имени *Фостон Менеджмент Лимитед*

*Подпись*
Д-р Андреас Карапатакис
Исключительный Директор

*Подпись*
А Джей Кей Менеджмент Сервисез Лимитед
Секретарь

*Печать: А Джей Кей Менеджмент Сервисез Лимитед*

*Подписано и заверено печатью сегодня в моем присутствии Д-ром Андреасом Карапатакисом и Ники Иоанну, который(-е) мне лично знаком(ы). В подтверждение чего я прилагаю свою подпись и официальную печать сего октября первого дня 2001 года.*
*ХРИСТАКИС ДЕМЕТРИУ*
*ЗАВЕРЯЮЩИЙ ОФИЦЕР*
*Подпись Печать: ЗАВЕРЯЮЩИЙ ОФИЦЕР*

*Штамп: 18.7.1995*

*Штамп: настоящим подтверждается, что подпись выше/на соседней странице является подписью господина ХР. ДЕМЕТРИУ, заверяющего Никосии, назначенного Советом Министров Республики Кипр согласно статье 39 Закона о заверяющих официальных лицах заверять подписи и печати, и что печать напротив указанной подписи является печатью заверяющего Никосии.*

*Никосия – Кипр – 9 октября 2001 Подпись (районный уполномоченный, Никосия)*
*У. ИОАННИДУ* *18.7.1995 Печать*

**Апостиль**
**(Гаагская Конвенция от 5 октября 1961 г.)**

1. Страна: КИПР
Этот публичный документ
2. Подписан Е. ИОАННИДУ
3. Действующим в качестве районного уполномоченного
4. И заверен печатью районного уполномоченного

Подтверждено

5. В Никосии 6. 9 октября 2001 года
7. М. ИАСОНОСОМ
8. № 50775/01
9. Штамп/Печать: 10. Подпись:

*Печать: МИНИСТЕРСТВО ПРАВОСУДИЯ И ОБЩЕСТВЕННОГО ПОРЯДКА*

*Подпись*

Постоянный Секретарь
Министерство Правосудия
и Общественного Порядка

Translated from English into Russian by Klyuchinskaya O.G.
Перевела с английского языка на русский Ключинская О. Г. Ключинская



**Город Москва, двадцать второе октября две тысячи первого года.**
**Я, Шифрина Ольга Анатольевна, нотариус города Москвы, свидетельствую подлинность подписи известного мне переводчика Ключинской Оксаны Геннадьевны.**

**Зарегистрировано в реестре за №** 3-4831
**Взыскано по тарифу 10 рублей**
**Нотариус**

31 ОКТ 2001

**Всего прошнуровано, пронумеровано и скреплено печатью шесть листа(ов).**
**Нотариус**

Я, Поскачина Татьяна Юрьевна, нотариус г.Екатеринбурга Свердловской обл. свидетельствую верность этой копии с подлинником документа. В последнем подчисток, приписок, зачеркнутых слов и иных неоговоренных исправлений или каких либо изменений не оказалось.

Зарегистрировано в реестре
за № ___
Взыскано по тарифу ___
Нотариус

Пронумеровано, прошнуровано и скреплено печатью
Лист(ов) 6 (шесть)
Нотариус



TELEGRAM

Yekaterinburg 221605/3951 101 29/3 1642=

Moscow 50 Years of October [Street] 6/1 Solntsevo District Court of Moscow To Judge Pronyakin A.D.=

In regard to your Decision, granting the extension of time to file a cassation appeal in the matter of CJSC Standat Trust, Inrosmet LLC, and OJSC Nizhnetagilsk Metallurgical Combine v. Ivanov, Yevgeny Nikolayevich, Foston Management Limited, Omni Trust house Limited, Nexis Products LLC, Amber Star LLC, Davis International, Holdex LLC, and CJSC Company-Registrar Panorama, in the recovery of property from an illegal possession by another, please be advised that my power of attorney to represent Foston Management Limited have not been extended and I am no longer authorized to file the cassation appeal of the Decision of November 30, 2001.

Ashihmina, M.M. –

NNNN 1724 29.03 0043

[Circular stamp:]
The Postal Service of Russia
March 29, 2003
Moscow G—620

ТЕЛЕГРАММА

2а6

ЕКАТЕРИНБУРГ 27/405/2790 101 29/3 1502=

МОСКВА 50 ЛЕТ ОКТЯБРЯ ДОМ 2/1 СОЛНЦЕВСКИЙ РАЙОННЫЙ СУД Г.МОСКВЫ СУДЬЕ ЕРОНЕНИНУ Е.Д.=

В ОТВЕТ НА ВАШЕ ОПРЕДЕЛЕНИЕ О ПРЕДОСТАВЛЕНИИ СРОКА ДЛЯ ПОДАЧИ КАССАЦИОННОЙ ЖАЛОБЫ ПО ИСКУ ЗАО 'СТАНДАРТ ТРАСТ' ООО 'ИНРОСМЕТ' ОАО 'НИЖНЕТАГИЛЬСКИЙ МЕТАЛЛУРГИЧЕСКИЙ КОМБИНАТ' К ИВАНОВУ ЕВГЕНИЮ НИКОЛАЕВИЧУ КОМПАНИЯМ: 'ФОСТОН МЕНЕДЖМЕНТ ЛИМИТЕД' 'ОМНИ ТРАСТ ХАУС ЛИМИТЕД' 'НЕКОМЭ ПРОДАКТС ЭЛ.ЭЛ.СИ' 'АМБЕР СТАР ЭЛ.ЭЛ.СИ' 'ДЭВИС ИНТЕРНЕШНЛ' 'ХОЛДЕКС ЭЛ.ЭЛ.СИ' ЗАО 'КОМПАНИЯ-РЕГИСТРАТОР ПАНОРАМА' ОБ ИСТРЕБОВАНИИ ИМУЩЕСТВА ИЗ ЧУЖОГО НЕЗАКОННОГО ВЛАДЕНИЯ СООБЩАЮ ЧТО МОИ ПОЛНОМОЧИЯ КАК ПРЕДСТАВИТЕЛЯ КОМПАНИИ 'ФОСТОН МЕНЕДЖМЕНТ ЛИМИТЕД' НОВОЙ ДОВЕРЕННОСТЬЮ НЕ ПОДТВЕРЖДЕНЫ И Я НЕ ОБЛАДАЮ НЕОБХОДИМЫМИ ПОЛНОМОЧИЯМИ НА ПОДАЧУ КАССАЦИОННОЙ ЖАЛОБЫ НА РЕШЕНИЕ ОТ 30.11.2001 ГОДА=

АШИХМИНА Н. И.-

НСПК 1724 29.03 0043

PROCURATOR
OF THE RUSSIAN FEDERATION

PROCURATOR
OF MOSCOW
113184, Moscow, Novokuznetskaya 27

To:   Representative of company
Foston Management Limited
M. M. Ashikhmina

119270, Moscow
Frunzenskaya nab. 46

July 18, 2002 # 8-1385-2000
         358877

     Your complaint on the decision of the Solntsevo Inter-municipal court of Moscow dated November 30, 2001 and the determination of the judicial panel on civil case of the Moscow City Court dated May 22, 2002 upon the complaint of OOO Inrosmet, et al, against E. N. Ivanov, Foston Management Limited, et al, seeking to recover the shares from a wrongful ownership, has been reviewed.

     The city procurator's office submitted a protest on said court decision to the presidium of the Moscow City Court, in the process of supervision, on the denial of the reversal and remand of the decision, a copy of which will be forwarded to you by the Clerk of the Moscow City Court.

Head of the Department for
Procurator's participation in Civil Actions   /signature/   Z. M. Novosadova

The Moscow City Court hereby informs you that the civil action # 793 upon the complaint of JSC Standard Trust, OOO Inrosmet, OAO Nizhnetagilsky Metallurgical Plant, E. N. Ivanov, Foston Management Limited, Omni Trusthouse Ltd, Nexis Produsts LLC, Amber Star LLC, et al, upon the complaint of the Procurator of the City of Moscow,

Is scheduled for hearing at the Presidium of the Moscow City Court for August 8, 2002, at 11 am at room 435. According to Article 328 of the Civil Procedure Code, appearance at the hearing is not mandatory.

July 18, 2002 8-1835-2000

PROTEST

By way of supervision

OOO Inrosmet, OAO Nizhnetagilsky Metallurgucal Plant, ZAO Standard Trust, filed a complaint in court against E. N. Ivanov, companies Amber Star LLC, Nexis Products LLC, Holdex LLC, Davis International, Omni Trusthouse Limited, Foston Management Limited, ZAO Registrator Company Panorama on recovering the shares of Kachkanarsky ore mining and processing plant Vanadii ("GOK") from unlawful possession.

The decision of Solntsevo Inter-municipal Court of Moscow dated (volume 1, pages 13-16) ordered to recover from unlawful ownership the common shares of OAO Kachkanarsky GOK Vanadii from the accounts of Foston Management Limited and record them at the accounts of: OOO Inrosmet – 1, 245,677 shares of the second issue; to the account of OAO Nizhnetagilsky metallurgical plant – 103,626 shares of the 1st issue and 18,747,610 shares of the second issue; to the account of ZAO Standard-Trust 17,618,254 shares of the second issue. Ordered the registrar of shares of OAO Kachkanarsky GOK Vanadii, ZAO Registrator Company Panorama and AOZT Vedenie Reestrov Kompanii, to conduct respective transactions in the register of shares. The court denied other relief prayed for in the complaint.

The decision was executed, and on November 18, 2000 the civil action # 2-2747/00 was stolen from the court upon presentation of forged documents, and a criminal case was initiated upon that fact, which was suspended pending the determination of a prospective suspect.

By decision of that same court dated February 19, 2001, the docket was partially restored on the basis of a copy of the decision dated September 29, 2000 and submitted documents (volume 1, pages 70-72).

By the decision of the judicial panel on civil cases of the Moscow City Court dated March 30, 2001, the decision was reversed (volume 1, pages 349-351).

Upon rehearing, the defendants opposed the complaint and Foston Management Limited filed a motion to reverse the decision.

By the decision of the same court dated November 30, 2001, the complaint against E. N. Ivanov was dismissed, and the case was dismissed in relation to other

defendants because of the subject matter jurisdiction over such cases of arbitrazh courts. The motion of Foston Management Limited was denied.

By the decision of the cassation appeal dated May 22, 2002, the decision was affirmed.

These court decisions should be reversed for the following reasons.

Pursuant to articles 192, 311 of the Civil Procedure Code of the Russian Federation, decisions must be lawful and reasonable. These trial court and cassation decisions do not comport to the notions of lawfulness and reasonableness set forth in paragraph 1 of the Directive # 9 of the Plenum of the Supreme Court of the Russian Federation "On court decisions" dated September 26, 1973 (with amendments of December 12, 1995).

The decision of the court to dismiss the claims of the complaint against legal entities corresponds to section 4 of article 221 of the Civil Procedure Code of the Russian Federation, since on November 5, 2001, the same claims were accepted by the Sverdlovsk Region Arbitrazh Court, and this decision is not contested. However, we cannot agree with the rest of the decision.

Having denied the claim against Ivanov the court acknowledged his status as a good faith purchaser of 45 shares in question and, citing article 302 of the Civil Code of the Russian Federation, declared that money and bearer stocks could not be recovered from such person. At the same time, it was not taken into account that the subject of the dispute was not the bearer shares, but rather personal common shares which identified the rights of a concrete person (article 145 of the Civil Code of the Russian Federation). Therefore, the court incorrectly applied the norms of substantive law.

According to Article 430 of the Civil Procedure Code of the Russian Federation, if a decision which entered the execution stage is reversed, and a decision to deny the relief sought in the complaint is issued upon rehearing, or a part of the decision on dismissing the case or denying the relief, the defendants must be returned everything that was collected from such defendant in favor of the plaintiff under the reversed decision. This law was ignored by the court.

Notwithstanding that the relief sought by complaint against Ivanov was denied upon rehearing, and the rest of the case was dismissed, the court denied the reversal to Foston Management Limited, which was unlawful. The respective pronouncement of the cassation appeal was not taken into consideration by the panel of the Moscow City Court which formally heard the case.

Under such circumstances, the court decisions, in respective parts, cannot be considered lawful and reasonable.

According to article 330 of the Civil Procedure Code of the Russian Federation, an incorrect application of the norms of substantive law, and a gross violation of procedural norms which lead to the issuance of an unlawful decision, constitute grounds for its reversal in the course of supervision.

Pursuant to articles 320, 324 of the Civil Procedure Code of the Russian Federation,

I request that:

The decision of the Solntsevo inter-municipal Court of Moscow dated November 30, 2001 and the decision of the cassation instance dated May 22, 2002 in the part of the rejection of the complaint against E. N. Ivanov and the reversal of the execution decision be denied, and the case be remanded for a new hearing to the court of the first instance.

Appendix: the complaint, 2 pages.

Procurator of the city                         M. A. Avdukov


This copy is correct /signature.



ПРОКУРАТУРА
РОССИЙСКОЙ ФЕДЕРАЦИИ

ПРОКУРАТУРА
г. МОСКВЫ

113184, Москва, Новокузнецкая ул., 27

18.07.2002 № 8-1385-2000

35844

Представителю компании
«Фостон менеджмент лимитед»
Ашихминой М.М.

119270, Москва
Фрунзенская наб., 46

Ваша жалоба на решение Солнцевского межмуниципального суда г.Москвы от 30.11.2001 и определение судебной коллегии по гражданским делам Мосгорсуда от 22.05.2002 по иску ООО «Инросмет» и др. к Иванову Е.Н., компании «Фостон менеджмент лимитед» и др. об истребовании акций из чужого незаконного владения рассмотрена.

Прокуратурой города на указанные судебные постановления в президиум Мосгорсуда в порядке надзора принесен протест в части отказа в повороте исполнения решения, копия которого Вам будет направлена канцелярией Мосгорсуда.

Начальник отдела по
обеспечению участия прокуроров
в гражданском процессе З.М.Новосадова

...городской суд сообщает Вам, что гражданское дело № ... по иску ... (по ... жалобе) [handwritten, largely illegible: ЗАО "Стандарт-Траст", ООО "Инросмет", ОАО "Нижнетагильский металлургический комбинат" к Иванову Е.Н., компаниям ... "Омни Трастхаус" ... "Амбер Стар Эл.Эл.Си" ...]

по протесту [handwritten: Прокурора г. Москвы]

назначено к рассмотрению в Президиуме Мосгорсуда на [handwritten: 08.08].2002 г. в 11-00 в 435 зале. Явка на заседание Президиума согласно ст. 328 ГПК не является обязательной.

[handwritten: 18].07.2002 8-1385-2000

**ПРОТЕСТ**
**в порядке надзора**

ООО «Инросмет», ОАО «Нижнетагильский металлургический комбинат», ЗАО «Стандарт-Траст» обратились в суд с иском к Иванову Е.Н., компаниям «Амбер Стар Эл.Эл.Си.», «Нексиз продактс Эл.Эл.Си.», «Холдекс Эл.Эл.Си.», «Девис Интернешнл», «Омни Трастхаус лимитед», «Фостон менеджмент лимитед», «ЗАО «Компания-регистратор «Панорама» об истребовании из чужого незаконного владения акций Качканарского горнообогатительного комбината (ГОК) «Ванадий».

Решением Солнцевского межмуниципального суда г.Москвы от 29.09.2000 (л.д.13-16 т.1) постановлено: истребовать именные обыкновенные акции ОАО «Качканарский ГОК «Ванадий» с лицевых счетов компании «Фостон менеджмент лимитед» с зачислением на лицевой счет ООО «Инросмет» 1 245 677 акций 2 выпуска, на л/счет ОАО «Нижнетагильский металлургический комбинат» 103626 акций 1 выпуска и 18747610 акций второго выпуска, на л/счет ЗАО «Стандарт-Траст» 17618254 акции 2 выпуска. Обязать реестродержателя ОАО «Качканарский ГОК «Ванадий» ЗАО «Компания-регистратор «Панорама» и АОЗТ «Ведение реестров компаний» произвести соответствующие операции в реестре владельцев ценных бумаг. В остальной части иска отказано.

Решение исполнено и 18.11.2000 гражданское дело № 2-2747/00 по указанному спору из суда по поддельным документам украдено, по данному факту возбуждено уголовное дело, которое производством приостановлено до установления лица, подлежащего привлечению в качестве обвиняемого.

Определением того же суда от 19.02.2001 утраченное судебное производство частично восстановлено на основании копии решения от 29.09.2000 и представленных документов (л.д.70-72 т.1).

Определением судебной коллегии по гражданским делам Мосгорсуда от 30.03.2001 решение отменено (л.д.349-351 т.1).

При новом рассмотрении ответчики против иска возражали, компанией «Фостон менеджмент лимитед» заявлено ходатайство о повороте исполнения решения.

Решением того же суда от 30.11.2001 в удовлетворении иска к Иванову Е.Н. отказано, в части остальных ответчиков дело производством прекращено ввиду подведомственности спора арбитражному суду. «Фостон менеджмент лимитед» в удовлетворении ходатайства отказано.

Определением кассационной инстанции от 22.05.2002 решение оставлено без изменений.

Состоявшиеся судебные постановления подлежат частичной отмене по следующим основаниям.

В силу ст.ст.192, 311 ГПК РСФСР судебные постановления должны быть законными и обоснованными. Понятиям законности и обоснованности, сформулированным в п.1 постановления Пленума Верховного Суда РСФСР № 9 «О

судебном решении» от 26.09.73 (в ред. от 26.12.95), решение и кассационное определение в полной мере не отвечают.

Вывод суда об оставлении без рассмотрения исковых требований, заявленных в отношении юридических лиц, соответствует п.4 ст.221 ГПК РСФСР, поскольку 05.11.2001 аналогичные требования приняты к производству Арбитражным судом Свердловской области и не оспаривается. Вместе с тем с остальной частью решения согласиться нельзя.

Отказывая в удовлетворении иска в отношении Иванова, суд признает его добросовестным приобретателем 45 спорных акций и, ссылаясь на ст.302 ГК РФ, указывает, что у такого лица не могут быть истребованы деньги и ценные бумаги на предъявителя. При этом не принято во внимание, что предметом спора являлись не ценные бумаги на предъявителя, а простые именные акции, удостоверяющие права конкретного лица (ст.145 ГК РФ). Таким образом суд неправильно применил нормы материального права.

Согласно ст.430 ГПК РСФСР в случае отмены решения, приведенного в исполнение, и вынесения после нового рассмотрения дела решения об отказе в иске или в части либо определения о прекращении производства по делу или оставлении иска без рассмотрения ответчику должно быть возвращено все то, что было с него взыскано в пользу истца по отмененному решению. Данная норма судом проигнорирована.

Несмотря на то, что при новом рассмотрении дела в отношении Иванова в удовлетворении иска отказано, а в остальной части спор оставлен без рассмотрения, суд отказал компании «Фостон менеджмент лимитед» в повороте исполнения решения, что незаконно. Соответствующий довод кассационной жалобы не принят во внимание и судебной коллегией Мосгорсуда, которая формально рассмотрела дело.

При таких обстоятельствах судебные постановления в указанной части нельзя признать законными и обоснованными.

Согласно ст.330 ГПК РСФСР неправильное применение норм материального права, а также существенное нарушение норм процессуального права, повлекшее вынесение незаконного судебного постановления, являются основанием к его отмене в порядке надзора.

Руководствуясь ст.ст.320, 324 ГПК РСФСР,

**ПРОШУ:**

решение Солнцевского межмуниципального суда г.Москвы от 30.11.2001 и определение кассационной инстанции от 22.05.2002 в части отказа в иске к Иванову Е.Н. и в повороте исполнения решения отменить, дело направить на новое рассмотрение в суд 1 инстанции.

Приложение: жалоба на 2 л.

Прокурор города М.А.Авдюков

КОПИЯ ВЕРНА:
(подпись)

# FEDERAL LAW
# NO. 208-FZ OF DECEMBER 26, 1995
# ON CORPORATIONS
## (with the Additions and Amendments of June 13, 1996, May 24, 1999)

**Adopted by the State Duma on November 24, 1995**

*See Federal Law of the Russian Federation No. 115-FZ of July 19, 1998 on the Specifics of the Legal Position of the Workers' Joint-Stock Companies (the People's Enterprises)*

| Chapter I. | General Provisions | (Articles 1 - 7) |
| --- | --- | --- |
| Chapter II. | Formation and Liquidation of Company | (Articles 8 - 24) |
| Chapter III. | Charter Capital of a Company. Stocks, Bonds, and Other Securities of a Company. Net Assets of a Company | (Articles 25 - 35) |
| Chapter IV. | Issuance by a Company of Stock and Other Securities | (Articles 36 - 41) |
| Chapter V. | Dividends of a Company | (Articles 42 - 43) |
| Chapter VI. | Shareholders Register of a Company | (Articles 44 - 46) |
| Chapter VII. | General Meeting of Shareholders | (Articles 47 - 63) |
| Chapter VIII. | Board of Directors (or Supervisory Board) of a Company and Executive Body of a Company | (Articles 64 - 71) |
| Chapter IX. | Acquisition and Purchase by a Company of Issued Stock | (Articles 72 - 77) |
| Chapter X. | Large-Scale Transactions | (Articles 78 - 80) |
| Chapter XI. | Interest in Conclusion of Transaction by a Company | (Articles 81 - 84) |
| Chapter XII. | Control over Financial-Economic Activity of a Company | (Articles 85 - 87) |
| Chapter XIII. | Records, Reports, and Documents of a Company. Information Concerning the Company | (Articles 88 - 93) |
| Chapter XIV. | Concluding Provisions | (Article 94) |

**Article 65.** Authority of the Board of Directors (or Supervisory Board)

Within the authority of the board of directors (or supervisory board) shall be the decision of matters of the general direction of the activity of the company, except for matters relegated by this Federal Law to the exclusive authority of the general meeting of shareholders.

The following matters shall be relegated to the exclusive authority of the board of directors (or supervisory board):

(1) determination of the priority orientations of activity of the company;

(2) convocation of the annual and extraordinary general meetings of shareholders of the company, except for in instances provided for by Article 55 (6) of this Federal Law;

(3) approval of the agenda of the general meeting of shareholders;

(4) determination of the date of drawing up the list of shareholders having the right to participate in the general meeting and other matters relegated to the authority of the board of directors (or supervisory board), in accordance with the provisions of Chapter VII of this Federal Law and in connection with the preparation and conducting of the general meeting of shareholders;

(5) submission for decision by the general meeting of shareholders of the matters provided for by Sub clauses 2, 12, 15-20 of Clause 1 of Article 48 of this Federal Law;

(6) increase of the charter capital of the company by means of increasing the par value of stock or by means of issuing stock by the company within the limits of the quantity and category (or type) of declared stock if, in accordance with the charter of the company or decision of the general meeting of shareholders, such right has been granted to it;

(7) issuance by the company of bonds and other securities, unless otherwise provided by the charter of the company;

(8) determination of the market value of property in accordance with Article 77 of this Federal Law;

(9) acquisition of stock, bonds, and other securities issued by the company in the instances provided for by this Federal Law;

(10) formation of the executive body of the company and termination at an earlier date of its powers, and the establishment of the amounts of remuneration and compensation to be paid to it if such has been relegated to its authority by the charter of the company;

(11) recommendations relating to the amount of remuneration and compensation to be paid to members of the audit commission (or internal auditor), and determination of the amount of payment for the services of an auditor;

(12) recommendations relating to the amount of dividends for stock and the procedure for the payment thereof;

(13) use of the reserve and other funds of the company;

(14) approval of the internal documents of the company which determine the procedure for the activity of the management bodies of the company;

(15) the formation of branches and the opening of representations of the company;

(16) adoption of decisions concerning the participation of the company in other organizations, except for in the instance provided for by Sub clause 20 of Clause 1 of Article 48 of this Federal Law;

(17) conclusion of large-scale transactions connected with the acquisition and sale of property by the company in the instances provided for by Chapter X of this Federal Law;

(18) conclusion of transactions provided for by Chapter XI of this Federal Law;

(19) other matters provided for by this Federal Law and the charter of the company.

Matters relegated to the exclusive authority of the board of directors (or supervisory board) of the company may not be delegated for decision to any other executive body of the company.

Федеральным законом *от 7 августа 2001 г. N 120-ФЗ в настоящий Федеральный закон внесены изменения,* вступающие в силу *с 1 января 2002 г.*
См. текст Федерального закона в редакции, вступающей в силу с 1 января 2002 г.

**Федеральный закон от 26 декабря 1995 г. N 208-ФЗ**
**"Об акционерных обществах"**
**(с изменениями от 13 июня 1996 г., 24 мая 1999 г., 7 августа 2001 г.)**

**Принят Государственной Думой 24 ноября 1995 года**

*См.* Комментарий *Крапивина О.М. и Власова В.И. к настоящему Федеральному закону*

*См.* Федеральный закон *РФ от 19 июля 1998 г. N 115-ФЗ "Об особенностях правового положения акционерных обществ работников (народных предприятий)"*

*См. "*Обзор *практики разрешения споров, связанных с заключением хозяйственными обществами крупных сделок и сделок, в совершении которых имеется заинтересованность", направленный информационным* письмом *Президиума Высшего Арбитражного Суда РФ от 13 марта 2001 г. N 62*

| | | |
|---|---|---|
| Глава I. | Общие положения | (ст.ст. 1 - 7) |
| Глава II. | Создание и ликвидация общества | (ст.ст. 8 - 24) |
| Глава III. | Уставный капитал общества. Акции, облигации и иные ценные бумаги общества. Чистые активы общества | (ст.ст. 25 - 35) |
| Глава IV. | Размещение обществом акций и иных ценных бумаг | (ст.ст. 36 - 41) |
| Глава V. | Дивиденды общества | (ст.ст. 42 - 43) |
| Глава VI. | Реестр акционеров общества | (ст.ст. 44 - 46) |
| Глава VII. | Общее собрание акционеров | (ст.ст. 47 - 63) |
| Глава VIII. | Совет директоров (наблюдательный совет) общества и исполнительный орган общества | (ст.ст. 64 - 71) |
| Глава IX. | Приобретение и выкуп обществом размещенных акций | (ст.ст. 72 - 77) |
| Глава X. | Крупные сделки | (ст.ст. 78 - 80) |
| Глава XI. | Заинтересованность в совершении обществом сделки | (ст.ст. 81 - 84) |
| Глава XII. | Контроль за финансово-хозяйственной деятельностью общества | (ст.ст. 85 - 87) |
| Глава XIII. | Учет и отчетность, документы общества. Информация об обществе | (ст.ст. 88 - 93) |
| Глава XIV. | Заключительные положения | (ст. 94) |

**Статья 65.** Компетенция совета директоров (наблюдательного совета) общества

В компетенцию совета директоров (наблюдательного совета) общества входит решение вопросов общего руководства деятельностью общества, за исключением вопросов, отнесенных настоящим Федеральным законом к исключительной компетенции общего собрания акционеров.

*См. схему "Исключительная компетенция совета директоров"*

К исключительной компетенции совета директоров (наблюдательного совета) общества относятся следующие вопросы:

*Согласно Положению о порядке назначения и деятельности представителей Российской Федерации в органах управления и ревизионных комиссиях открытых акционерных обществ, созданных в процессе приватизации, акции которых находятся в федеральной собственности, а также в отношении которых принято решение об использовании специального права на участие Российской Федерации в управлении ими ("золотой акции"), утвержденному постановлением Правительства РФ от 7 марта 2000 г. N 195, обязательному письменному согласованию подлежит голосование представителя Российской Федерации по вопросам 1, 2, 3, 5, 6, 7, 10, 12, 16 и 17 статьи 65 настоящего Федерального закона*

1) определение приоритетных направлений деятельности общества;

2) созыв годового и внеочередного общих собраний акционеров общества, за исключением случаев, предусмотренных пунктом 6 статьи 55 настоящего Федерального закона;

3) утверждение повестки дня общего собрания акционеров;

4) определение даты составления списка акционеров, имеющих право на участие в общем собрании, и другие вопросы, отнесенные к компетенции совета директоров (наблюдательного совета) общества в соответствии с положениями главы VII настоящего Федерального закона и связанные с подготовкой и проведением общего собрания акционеров;

5) вынесение на решение общего собрания акционеров вопросов, предусмотренных подпунктами 2, 12, 15 - 20 пункта 1 статьи 48 настоящего Федерального закона;

6) увеличение уставного капитала общества путем увеличения номинальной стоимости акций или путем размещения обществом акций в пределах количества и категории (типа) объявленных акций, если в соответствии с уставом общества или решением общего собрания акционеров такое право ему предоставлено;

7) размещение обществом облигаций и иных ценных бумаг, если иное не предусмотрено уставом общества;

8) определение рыночной стоимости имущества в соответствии со статьей 77 настоящего Федерального закона;

9) приобретение размещенных обществом акций, облигаций и иных ценных бумаг в случаях, предусмотренных настоящим Федеральным законом;

10) образование исполнительного органа общества и досрочное прекращение его полномочий, установление размеров выплачиваемых ему вознаграждений и компенсаций, если уставом общества это отнесено к его компетенции;

11) рекомендации по размеру выплачиваемых членам ревизионной комиссии (ревизору) общества вознаграждений и компенсаций и определение размера оплаты услуг аудитора;

12) рекомендации по размеру дивиденда по акциям и порядку его выплаты;

13) использование резервного и иных фондов общества;

14) утверждение внутренних документов общества, определяющих порядок деятельности органов управления общества;

15) создание филиалов и открытие представительств общества;

16) принятие решения об участии общества в других организациях, за исключением случая, предусмотренного подпунктом 20 пункта 1 статьи 48 настоящего Федерального закона;

17) заключение крупных сделок, связанных с приобретением и отчуждением обществом имущества, в случаях, предусмотренных главой X настоящего Федерального закона;

18) заключение сделок, предусмотренных главой XI настоящего Федерального закона;

19) иные вопросы, предусмотренные настоящим Федеральным законом и уставом общества.

Вопросы, отнесенные к исключительной компетенции совета директоров (наблюдательного совета) общества, не могут быть переданы на решение исполнительному органу общества.

*Федеральным законом от 7 августа 2001 г. N 120-ФЗ в статью 66 настоящего Федерального закона внесены изменения, вступающие в силу с 1 января 2002 г.*

См. текст статьи в редакции, вступающей в силу с 1 января 2002 г.

ARBITRAZH COURT OF SVERDLOVSK REGION

**MINUTES OF COURT HEARING**

Ekaterinburg

Case No. A60-4517/00-01

[illegible] August, 2000

The Arbitrazh Court present:
Chairman: N.V. Kazantseva
Judges: S.A. Platonova
N.A. Minushina

Is hearing in a court session the case initiated upon the complaint of (*appeal, cassation appeal for the case*)
OAO "Krasnouralsklinraygas" /name of Plaintiff/
[against] OAO "Kachanarsky GOK "Vanady" /Name of Defendant/
to declare [the debtor] insolvent (bankrupt)

The following persons attended the hearing: (*indicate full name of representatives of persons participating in the case, their positions, grounds of powers, other participants of arbitrazh process*)

From the Debtor: A.N. Polyansky – power of attorney without number – 02/01/00
E.A. Kabakov – power of attorney without number –08/15/00
E.N. Zakharitshev – power of attorney without number – 08/15/00
Melyukhov O.F. – [power of attorney] without number – 08/15/00
N.I. Kolesnikov – [power of attorney] No. 205 –06/05/00
E.A. Grigoryeva – [power of attorney] 08/15/00
A.Khab. Djuraeva – [power of attorney] 19.05.2000
Viktor Stepanovich Sukhomlin Head of Kachkanar,
Admin. Kachkanar Averenkov D.N. – No. 349- 21.08.00 Deputy has arrived

The Minutes are executed with observance of provisions of Article [illegible] of Code of Arbitrazh procedure of the Russian Federation.

No one challenged the court.

The representatives were explained of their rights and obligations.

The court reviewed and denied a petition of V.V. Volnov and M.M. Ashikhmina to declare powers of attorney signed by A.A. Kozitsyn on behalf of GOK invalid. The court reviewed and denied motions of OOO "Neksis", OOO "Leneks", OOO Stalkomplekt", and Northwest Systems to postpone the hearing of the case, to stay proceedings in the case and the complaint of OOO "Leneks" regarding actions of the provisional manager.

The court ordered to introduce the external management.

The resolution has been announced to the representatives.

Chairman /signature/

Addendum to the Minutes
Persons present at hearings:

| | | |
|---|---|---|
| FSDI | D.S. Elistratov | Power of attorney No.19 dated 01/29/00 |
| Service of Judicial Marshals | A.P. Selivanov | No. 73 dated 08/22/00 |
| OAO "Uralkhimmash" | V.D. Popravko | No.03-15/2000 dated 01/04/00 |
| [illegible]"Uralstalkpnstruktsia" | A.V. Makarov | W/o No. dated 07/11/00 |
| | Ashrafzyanov I.P. | W/o No. dated 04/17/00 |
| | A.Yu. Mitshechkova | No. 75 dated 26.06.2000 |
| | K.V. Kirillov | No. 87 dated 19.07.2000 |
| OOO NTP "Resurs" | O.V. Kurchanova | W/o No. dated 08/21/00 |
| AOOT "Geizer" | A.I.Romanenko | Power of attorney No. 17 dated 08/22/00 |
| [illegible] Organization of Invalids "Izbavleniye" | Yu.A. Kalugin | Power of attorney w/o No. dated 07/28/00 |
| SPAO OT "STsS" | S.A00000. Gulin | Power of attorney No. 40 dated 08/16/00 |
| TOO TKTs AMZ | O.A. Selnikhina | Power of attorney w/o No. dated 08/01/00 |
| Government of Sverdlovsk Region | N.A. [illegible] Chief of department | Power of attorney 01-85-31 dated 08/22/00 |
| OOO "Leneks" | V.V. Shirokov | Power of attorney 1-1/70 dated 08/18/00 |
| | O.L. Modzharov | Power of attorney [illegible] 08/06/00 |
| OOO "Neksis" | V.V. Shirokov | Power of attorney 1-1-/09  08/18/00 |
| | O.L. Modzharov | Power of attorney [illegible] 08/06/00 |
| [illegible] | I.V. Tshelpanov | Power of attorney w/o No. dated 01/31/00 |
| OOO Company "Lebaut" | A.A. Melnikov | Power of attorney dated 06/05/00 |
| OAO "VOSTOKMETALLURDMONTAZH" | I.A. Kamyshin | Power of attorney No. 285 dated 08/21/00 |
| OOO "Stalkomplekt" | D.A. Dzuikov | Power of attorney w/o No. dated 08/19/00 |
| OAO "Zapsibgasprom" | O.[illegible] Novodzenova | Power of attorney No. 10 dated 01/01/00 |
| "Northwest Systems Limited | Valishev | Power of attorney w/o No. dated 07/30/00 |
| Representatives of the stuff | A.A. Piankov | Minutes No. 65 dated 08/18/00 |

Chairman /signature/

[Resolution of the court]

- to terminate at OAO GOK "Vanady" supervision procedure and powers of provisional manager.
- to introduce at OAO GOK "Vanady" external management for a term of twelve months (until August 22, 2001).
- to appoint O.S. Kozyrev the external manager and set compensation to O.S. Kozyrev in the amount of 10,000 Rubles per month for the period of supervision and the period of external management.
- to remove A.A. Kozytsin from his position of General Director of OAO GOK "Vanady"
- to vest responsibilities on the management of the company in O.S. Kozyrev, the external manager, for the period of external management.
- to impose moratorium for satisfaction of claims of creditors in accordance with Article 70 of the Law on Bankruptcy.

Chairman: /signature/
Judges: /signature/
          /signature/

АРБИТРАЖНЫЙ СУД СВЕРДЛОВСКОЙ ОБЛАСТИ

# ПРОТОКОЛ
## СУДЕБНОГО ЗАСЕДАНИЯ

…д Екатеринбург № дела А60-4517/00-С1

… 08.2000 199__г.

Арбитражный суд в составе:
…седательствующего: Казанцевой Н.Л.
…ей: Платоновой С.А.
Микушиной Н.Л.

рассматривает в судебном заседании дело по иску ( апелляционную, …кассационную жалобу по делу ) ОАО «Красноуральскмежрайгаз»
(наименование истца)
ОАО «Качканарский ГОК «Ванадий»
(наименование ответчика)

признании несостоятельным (банкротом)

В судебное заседание явились: ( указывается: фамилия, и. о. …редставителей лиц, участвующих в деле, их должности, основания …лномочий, иные участники арбитражного процесса ) заявитель Степченко Т.Н. д/б 183 31.07.00, должник Полянский А.Н. доб. б/н от 1.02.00
Кабаков Е.Н. доб. б/н 15.08.2000,
Захаришев Е.Н. доб. б/н. 15.08.2000.
Кремнохов О.Ф. б/н. 15.08.2000,
Колесникова Н.И. доб. 15.08.2000,
Григорьева Е.А. 15.08.2000,
Джураева А. хар. 14.05.2000

Из вызванных в судебное заседание не явились: ( указываются …лица, участвующие в деле, иные участники арбитражного процесса, …причина их неявки ) Сухомлин Виктор Степанович
Шахт. МО, город. комиссар
Админ. комиссара Аверинков В.Н. - 349 от 14.08.00
[illegible]

Протокол составлен с соблюдением требований ст Арбитражного процессуального кодекса Российской Федер

Отвод составу суда не заявлен. Права и обязанности представит. разъяснены.

Заявление Васильева В.В. и Ашин... ова М.М. о признании доверенн... подписанных Кондушовым А.А. (от имен ГОКа недействительными рассмотр... судом и оставлено без удовлетворен...

Хор-во ООО «Нэксиз», ООО «Ленэкс», ООО «...компания», «Норвест» об отложении рассм... рения дела о приостановлении пр-ва по делу и отводу ООО «Ленэкс» на реш... временного управляющего оставлено без удовлетворения.

Вынесено определение о введении внешнего управления.

Резолютивная часть определения объявлена председателем.

Председат. [signature]

Судья

(фамилия, инициалы)

Приложение к протоколу

ФСДП Емшаров Д.С. дов. 19 от 28.02.00

Охрана суд. приставов Селиванов А.П. № 43 от 22.08.00.

ОАО Уралхиммаш Поправко В.Ф. № 03-15/2000 4.0.00г.

ОАО Уралстальконструкция Макаров А.В. б/н 11.04.2000.
Аиррафиев И.Р. б/н 14.04.2000
Минзечкова А.Ю. № 45 от 26.06.2000.
Кириллов К.Д. от № 87 19.07.2000

ООО НТП „Ресурс" Бурчакова О.В. б/н 21.08.2000.

АООТ „Гейзер" Романенко А.И. дов № 14.02.01.00.

Общ. организация инвалидов „Возрождение" Кашурин Ю.А. дов б/н 28.07.00.

СПАО от „СУС" Чумин С.В. дов № 40 18.08.00г.

ТОО ТКЦ АМЗ, Селевишина О.В. дов. б/н. 1.08.2000.

Правительство Свердл. обл. Горина И.А. нач. отд. дов 01-85-31 22.08.00.

√ ООО „Лемэкс" Ширшов В.Б. дов 1-1/48 Моджаров О.Л. № 45 6.08.00 18.08.00.

√ ООО „Мэксиз" Ширшов В.Б. 1-1/09 Моджаров О.Л. № 44 6.08.00 18.08.00г

Коммандор. техн. лицей Шелманов И.В. дов. б/н. 31.04.00.

ООО Предприятие „Лебауд" Мельников А.А. дов. 5.06.2000.

[illegible]

ОАО. Востокметаллургимпорт. Калинин И.А. дов. № 285 21.08.2000.

ООО. Стальконтакт. Шуйков Ю.А. б/н 15.08.2000.

ОАО. Запсибгазпром. Мотовилова О.Г. № 10. 7.01.2000 г.

√ Нортвест системз лимитед. Валишев, Ахтонин [illegible] б/н. (Влишев Р.) 30.07.00 г.

Предс. Трудов. кол-ва. Пыжиков А.А. пр-л № 65 от 18.08.2000.

[signature]

- прекратить в ОАО «ГОК «Ванадий» процедуру наблюдения и полномочия врем. управл.
- ввести на ОАО «ГОК «Ванадий» внешнее управление сроком на 12 мес. (до 22.08.2001 г.)
- назначить внешним упр. Козырева О.С.
- установить Козыреву О.С. вознаграждение за период наблюдения в период внешнего упр-я в размере 10 000 р. ежемесячно.
- отстранить Козицына А.А. от должности ген. директора ОАО «ГОК «Ванадий»
- управление делами должника возложить на внешнего упр. Козырева О.С. на период внешнего управления.
- объявить мораторий на удовлетворение требований кредиторов в соотв. со ст. 70 Закона о банкротстве.

Председ. судьи [signature]