## GENERAL POWER OF ATTORNEY

THIS POWER OF ATTORNEY is made by this Fifteenth day of November 2000

KNOW ALL MEN PRESENT that we:

### NEXIS PRODUCTS L.L.C.
#### 47 West 200 South, Suite 104, Salt Lake City, Utah, 84101 USA.

ACTING by Resolution of the Members this Fifteenth day of November 2000 and in accordance with our Certificate of Formation and Limited Liability Company Operating Agreement (hereinafter called "the Company") we hereby appoint:

### ASHIKHMINA MARINA
#### holder of passport 65 98 119961

The true and lawful Attorney in fact of the Company (hereinafter called "the Attorney") for and in the name of and on behalf of the Company to do or to execute all or any of the facts and things hereinafter mentioned that is to say:

1) to conduct cases the Company involved in all courts of Russian Federation with the rights, given to the plaintiff, defendant, the third person, applicant and suffered including the right of signing and presenting of actions, with the right of presenting of a complaint to the Court of appeal and a complaint in order of supervision, applications of allotments and solicitation, with the right of substitution of the subject and basis of an action, receipt of judgments, decisions, executive lists and legal orders, other documents; to accomplish all the actions, connected with the execution, to produce and to recall executive documents, to arouse an executive production, with the right of receipt of executive list and producing it to a penalty, of appeal the actions of legal executor; to hand in any applications on behalf of the decrees, decisions and the other legal documents, to produce proofs on a case with the right of receipt of a property and money awarded;

2) to represent interests of the Company as an applicant with the producing executive list to any juridical organizations and/or persons, government bodies of Russian Federation, organs and/or organizations. for what the Company gives the Attorney the right to produce for execution to any debtors on the territory of Russian Federation any executive lists, given to the Company by any courts (People's Court, Court of Arbitration, etc.) of Russian Federation, on the base of any decrees, sentences, decisions and resolutions of these Courts (judges), including on the ban to the debtors to accomplish the definite actions, to be present at the execution of legal deeds, to accomplish a control of the execution of legal deeds;

3) to sign for the Company and also on the whole to accomplish any other juridical and actual actions on behalf of the Company. In the case if the Attorney accomplish any juridical and actual actions with the direct or indirect connection with actions described in this Power of Attorney, these actions will be valid.

4) to represent in complete volume interests of the Company in all State, municipal, commercial and other organizations and establishments, including in the

...... company «Panorama» Ltd. (Moscow), joint-stock company «VRK» of Katerinburg, Lenina str., 28) so Company let him accomplish all the necessary actions for opening of personal accounts in the books of registration of the stock – holders, which are conducted by «Panorama» Ltd. or «VRK» Ltd., to sign the transmission and any other orders on behalf of the Company, to pass on «Panorama» Ltd. or «VRK» Ltd. all the necessary documents connected with the opening of personal accounts, registration of purchase and selling of shares, to produce for execution any executive lists and other legal statements, to accomplish any requirements, including a receipt of notification, to receive any documents in «Panorama» Ltd., «VRK» Ltd. including letters, notifications, rejections, etc.

Powers by this Power of Attorney may be passed on other persons.

**AND IT IS HEREBY AGREED THAT:**

**(1)** This Power of Attorney shall remain in force within Fifteenth day of November 2001 or until notice of the Company having revoked the same shall have been received by the said Attorney or by the Company Secretary to whom all enquiries regarding its validity should be addressed whichever is the earliest.

We hereby authenticate the sign of our Attorney as herein below:

IN WITNESS whereof the seal of the Company has been hereunto affixed this Fifteenth day of November 2000.

In the name and on behalf of
SATURN INVESTMENT GROUP, S.A.

In the name and on behalf of
STAR GROUP FINANCE & HOLDINGS, INC.

Pedro Alvarez Garcia

Sydney Tavarez



# AFFIDAVIT

STATE OF UTAH                      :
                                   :  SS:
COUNTY OF SALT LAKE                :


I, Brad Snow, do hereby declare that the attached document is a true and correct original GENERAL POWER OF ATTORNEY of NEXIS PRODUCTS LLC, a Utah limited liability company, to the best of my information, knowledge and belief.


_____
Brad Snow


SWORN AND SUBSCRIBED before me, a notary public for the state and county aforesaid, this _____28th_____ day of September, 2000.


_____
NOTARY PUBLIC

NOTARY PUBLIC
ADRIENNE LINGARD
1555 E. Marymore Cir.
Sandy, UT 84092
COMMISSION EXPIRES
MAY 26, 2002
STATE OF UTAH



# Apostille

(Convention de La Haye du 5 Octobre 1961)

1. Country: **United States of America**

2. This public document has been signed by ADRIENNE LINGARD

3. acting in the capacity of NOTARY PUBLIC, STATE OF UTAH

4. bears the seal/stamp of ADRIENNE LINGARD, NOTARY PUBLIC, STATE OF UTAH

### *CERTIFIED*

5. at **Salt Lake City, Utah, U.S.A.**

6. the 28th day of November, 2000

7. by **Olene S. Walker**, Lt. Governor, State of Utah, U.S.A.

8. Number: 34043

9. Seal/Stamp:

10. Signature: *Olene S Walker*
Olene S. Walker
Lieutenant Governor

*per.*
*New Products LLC*
*paper: от 15.11.00*
*notary 28.09.00*
*apostile 28.11.2000*



Город Москва, двадцать второго декабря двухтысячного года.

Я, Бойцова Вероника Юрьевна, нотариус города Москвы, свидетельствую подлинность подписи, сделанной известным мне переводчиком Вальковой Галиной Владиленовной.

Зарегистрировано в реестре за №  *1к-3345*

Взыскано по тарифу *20 руб 83 коп*

Нотариус:





# ЗАЯВЛЕНИЕ
## под присягой

ШТАТ ЮТА

ОКРУГ СОЛТ ЛЕЙК

Я, Брэд Сноу, настоящим заявляю, что по моим сведениям, знанию и убеждениям, приложенный документ является настоящей и оригинальной **ГЕНЕРАЛЬНОЙ ДОВЕРЕННОСТЬЮ**, выданной компанией НЕКСИЗ ПРОДАКТС Эл.Эл.Си., компанией с ограниченной ответственностью штата Юта.

[Подпись]
Брэд Сноу

**УДОСТОВЕРЕНО В ПОДЛИННОСТИ И ПОДПИСАНО** передо мной, нотариусом вышеуказанного штата и округа, сегодня, 28.09. 2000г.

[Адриенн Лингард]
Нотариус

[Штамп]
Нотариус
Адриенн Лингард
1555 округ И. Мэримор
Сэнди, Юта 84092
Мои полномочия истекают
28 мая 2002 года
Штат Юта

*For V. Korolyev*
*M. Grechishkina*

Перевод с английского языка

[Штамп]
Большая гербовая печать штата Юта
1896

# АПОСТИЛЬ

### (Гаагская конвенция от 05 октября 1961)

1. Страна: Соединенные Штаты Америки

Настоящий официальный документ:
2. был подписан Адриенн Лингард

3. выступающим в качестве:                    Нотариуса штата Юта

4. скреплен печатью/штампом                    Адриенн Лингард, нотариуса штата Юта

## УДОСТОВЕРЕНО

5. в Солт-Лейк Сити, Юта, США          6. 28 ноября 2000г.

7. Олин С. Уокер, Вице-Губернатор, Штат Юта, США

8. № 34043

9. Штамп:                              10. Подпись: Олин С. Уокер
[Печать]                                        Вице-Губернатор

Большая гербовая печать штата Юта

ARBITRAZH COURT
for SVERDLOVSK OBLAST
DETERMINATION

City of Ekaterinburg                                    Case No. A60-4517/2000-C1
February 19, 2001

Arbitrazh Court for Sverdlovsk oblast in the composition of the judges : Platonova E.A., Gayduk A.A., presided by Kazantseva N.V. tried in a court session the challenges of OOO "Nexis", "NordwestSystems Ltd", " Nexis Prodacts L.L.C." following the results of consideration by of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" of the claim of the creditor OOO "Lebaut" and his inclusion into the Register.

with the participation in the session of : the Debtor' representatives  trustee in bankruptcy  Kozyrev O.S.,
the representative of the Creditor-petitioner Ashikhmina M.M.
the representative FSFR – Elistratov D.S
representatives of OOO "Lebaut" – Starshinova E.A., Menshikov A.A.
the representative of Mining Integrated Plant  - Grigorieva E.L

On August 22, 2000 the Arbitrazh Court rendered a Determination on enforcement of administration in bankruptcy at OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and appointment Kozyrev O.S. as trustee in bankruptcy .

The court  was addressed with the creditors' challenges of OOO "Lenex", OOO "Nexis", "NordwestSystems Ltd", " Nexis Prodacts L.L.C." against the decision of the trustee in bankruptcy to include the claims of OOO "Lebaut" into the Register of creditors , under Articles 15, 55  of the Bankruptcy (insolvency) Law of RF.

When considering the complaint it was established, that   OOO "Lenex", OOO "Nexis", "NordwestSystems Ltd" are not the creditors of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar". Consequently, the complaint was eligibly filed only by the creditor - " Nexis Prodacts L.L.C."
The trustee in bankruptcy in the due order acknowledged  1 097 062 495 roubles in arrears of of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" to OOO "Lebaut".

The arrears  are based on promissory notes, presented to be payable.

Filing a complaint the creditor believes, that the claims of OOO "Lebaut" were groundlessly included into the creditors' Register, since all the promissory notes, presented to be payable in violation of the Exchange Law  were signed by unauthorized person  on behalf of "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar"- Gruzdev A.G., Deputy Director General.
All voidable Promissory Notes lack reference to the powers of the signatory.

Moreover, there is no decision of the Board of Directors of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" on the distribution of the securities by the entity, Promissory Notes included, in violation of Article 65 of Federal Law on Corporations and Article 29.3.8 of Corporate Charter of OAO "Vanadiy".

The Creditor requests to hold the conduct of the trustee in bankruptcy contrary to law.

In the court session the representative of "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" filed a petition to close the proceedings in the complaint under p.1 of Article 85 of APC RF on the ground, that the Law on Bankruptcy (Insolvency) of RF fails to provide court trial for this sort of complaints.

Moreover, the representative of "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" believes, that the powers of the creditor's representative, who signed the complaint and participated in the court session, were not confirmed by the documents in accordance with the rules of the international law ( the Hague Convention).

The representative also maintains, that the creditor missed seven days term in accordance with Article 63 of the Law on Bankruptcy (Insolvency) of RF and the claims of the creditor are considered to be established.

The representative of OOO "Lebaut" failed to recall the complaint and in the court session agreed with the opinion of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

When considering the complaint, the court held the challenges of " Nexis Prodacts L.L.C." to be groundless and may not be given satisfaction.

The claims of OOO "Lebaut" are based on promissory notes , the total amount thereof is 1 097 062 495, issued by different entities within the period since February 4, 2000 to February 23, 2000. and purchased thereafter by OOO "Lebaut".

Voidable Promissory Notes were not signed by Director General of "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", however the court was provided with a power of attorney, dated February 1, 2000, issued to Gruzdev A.G., authorizing him to sign Promissory Notes
on behalf of "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

The Promissory Notes lack reference to the above-mentioned power of attorney, but this fact may not invalidate the notes, since at the time of signing the signatory was actually empowered, which is in compliance with the rules of Exchange Law.

As for the petition of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar"on the necessity to close proceedings in the complaint, it was tried by the court and left without satisfaction, since the court consider the powers of the representative of " Nexis Prodacts L.L.C." to be confirmed.

Moreover, the court made a remark, that the creditor's complaint was filed in accordance with p.3 of Article 15, Article 55 of the Law on Bankruptcy .

Taking into account the above-mentioned, the court has no reasons to hold the complaint of the creditor grounded, and the conduct of the trustee in bankruptcy contrary to law.

Being guided by Article 140 of APC RF, Articles 15, 55 of the Law on Bankruptcy (Insolvency) of RF, the Arbitrazh Court

## HAS DETERMINED :

- to hold the challenges of " Nexis Prodacts L.L.C." on inclusion of the claims of OOO "Lebaut" into the register of creditors by the trustee in bankruptcy of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" groundless, and the complaint may not be satisfied.


Presiding Judge                                                    Kazantseva N.V.

Judges                                                              Platonova E.A.

                                                                    Gaiduk A.A.

# АРБИТРАЖНЫЙ СУД
## *СВЕРДЛОВСКОЙ ОБЛАСТИ*
# Определение

*г. Екатеринбург*
*«19» февраля 2001 г.*                    Дело № А60-4517/2000-С1


Арбитражный суд Свердловской области в составе судей Платоновой Е.А., Гайдука А.А. . под председательством Казанцевой Н.В. рассмотрел в судебном заседании возражения ООО «Ленэкс», ООО «Нэксиз», «Нортвест Системс ЛТД.», «Нэксиз Продактс Эл.Эл.Си.» по результатам рассмотрения внешним управляющим ОАО «Качканарский горно-обогатаительный комбинат «Ванадий» Козыревым О.С. требований кредитора ООО «Лебаут» и включения его требований в реестр.

при участии в заседании: представителей должника внешнего управляющего Козырева О.С.
представителя - кредиторов-заявителей Ашихминой М.М.
представителя ФСФО – Елистратова Д.С.
представителей ООО «Лебаут» - Старшиновой Е.А., Меньшикова А.А.
представителя ГОКа – Григорьевой Е.Л.


22.08.2000 г. арбитражным судом вынесено определение о введении на ОАО «Качканарский ГОК «Ванадий» внешнего управления и назначении внешним управляющим Козырева О.С.

В адрес суда поступили возражения кредиторов – ООО «Ленэкс», ООО «Нэксиз», «Нортвест Системз ЛТД.», «Нэксиз Продактс Эл.Эл.Си.» на решение внешнего управляющего по включению требований ООО «Лебаут» в реестр кредиторов, в порядке ст.15, 55 ФЗ «О несостоятельности (банкротстве)».

В ходе рассмотрения жалобы установлено, что ООО «Ленэкс», ООО «Нэксиз» и «Нортвест Системз ЛТД.» не являются кредиторами ОАО «Качканарский ГОК «Ванадий».Следовательно, правомерно жалоба заявлена только кредитором – «Нэксиз Продактс Эл.Эл.Си.»
Внешним управляющим в установленном порядке признано 1 097 062 495 р. задолженности ОАО «Качканарский ГОК «Ванадий» перед ООО «Лебаут».

Задолженность основана на векселях, предъявленных кредитором к оплате.

Предъявляя жалобу, кредитор считает, что требования ООО «Лебаут» необоснованно были включены в реестр кредиторов, поскольку все векселя, предъявленные к оплате в нарушение вексельного законодательства были подписаны неуполномоченным лицом со стороны ГОКа – заместителем генерального директора Груздевым А.Г.

На всех спорных векселях отсутствует ссылка на полномочия лица, их подписавшего.

Кроме того, отсутствует решение Совета директоров ГОКа «Ванадий» на размещение обществом ценных бумаг, к каким относится вексель, в нарушение ст.65 ФЗ «Об акционерных обществах» и ст.29.3.8 Устава ОАО «Качканарский ГОК «Ванадий».

Кредитор просит признать действия внешнего управляющего незаконными.

В судебном заседании представителем ГОКа заявлено ходатайство о прекращении производства по жалобе по п.1 ст. 85 АПК РФ на том основании, что ФЗ «О несостоятельности (банкротстве)» не предусмотрено рассмотрение судом такого рода жалоб.

Кроме того, представитель ГОКа считает, что полномочия представителя кредитора, подписавшего жалобу и участвующего в судебном заседании не подтверждены документально в соответствии с требованиями международного права (Гаагской конвенции).

Представитель также утверждает, что кредитором пропущен семидневный срок по ст.63 Закона о банкротстве и требования кредитора считаются установленными.

Представитель ООО «Лебаут» отзыв на жалобу не представил и в судебном заседании согласился с мнением ОАО «Качканарский ГОК «Ванадий».

При рассмотрении жалобы суд установил, что возражения «Нэксиз Продактс Эл.Эл.Си.» необоснованны и удовлетворению не подлежат.

Требования ООО «Лебаут» основаны на простых векселях на общую сумму 1 097 062 495 р., выданных в период с 04.02.2000 г. по 23.02.2000 г. различным организациям и приобретенным в последствии ООО «Лебаут».

Спорные векселя подписаны не генеральным директором ОАО «Качканарский ГОК «Ванадий», однако, суду представлена доверенность от 01.02.2000 г., выданная Груздеву А.Г. с правом подписания от имени ГОКа векселей.

На векселя отсутствует ссылка на данную доверенность, но это обстоятельство не дает права признавать их недействительными, поскольку на момент подписания лицо, подписавшее их, было фактически наделено таким правом, что соответствует требованиям вексельного законодательства.

Что касается ходатайства ОАО «Качканарский ГОК «Ванадий» по поводу необходимости прекратить производство по жалобе, то оно рассмотрено судом и оставлено без удовлетворения, т.к. суд считает полномочия представителя «Нэксиз Продакт Эл.Эл.Си.» подтвержденными.

Кроме того, суд отмечает, что жалоба кредитора подана в соответствии с п.3 ст.15, ст.55 Закона о банкротстве.

Учитывая изложенное у суда отсутствуют основания для признания жалобы кредитора обоснованной, а действия внешнего управляющего незаконными.

Руководствуясь ст.140 АПК РФ, ст.15, 55 ФЗ «О несостоятельности (банкротстве)» арбитражный суд

### ОПРЕДЕЛИЛ:

- признать возражения «Нэксиз Продактс Эл.Эл.Си.» по включению требований ООО «Лебаут» в реестр кредиторов внешним управляющим ОАО «Качканарский горно-обогатительный комбинат «Ванадий» необоснованными, а жалобу не подлежащей удовлетворению.

Председательствующий судья                    Казанцева Н.В.

Судьи                                         Платонова Е.А.

                                             Гайдук А.А.

To:     Arbitrazh Court
        of Sverdlovskaya Oblast
Re:     case number A 60-45127/2000-C1

From:  Business creditor-
Nexis Products, LLC, 47 West 200 South,
Suite 104, Salt Lake City, Utah, 84101,
USA
Address of representative in Russia: 620014,
Yekaterinburg, Sheinkman St. 30

To: Arbitrazh manager of Open Joint
Stock Company Kachkanarsky GOK
"Vanadiy"
Kozyrev, O.S.
Kachkanar, Sverdlova St. 2

Interested party –
Business creditor –
Sirius, LLC, 214000, Smolenskaya
Oblast, Smolensky region, town of
Pechorsk, Smolenskaya St. 9-a

## COMPLAINT
### Pursuant to  Article 15 of the Federal Law "On Insolvency (Bankruptcy)"  - between business creditors and an arbitrazh manager

After reviewing the materials in this case, specifically the register of creditors, company Nexis Products, LLC found out that Lebaut, LLC transferred its right to claim 1,096,197,951 rubles in promissory notes of (OJSC) "Kachkanarsky GOK 'Vanadiy'" to Sirius, LLC.

Since Lebaut, LLC has not right to claim payment from (OJSC) "Kachkanarsky GOK 'Vanadiy'" on its promissory notes, arbitrazh manager had no right to include Sirius, LLC in the list of business creditors.

Lebaut, LLC was included in the register of the creditors with its claims in the amount of 1,097,062,495 rubles, which included the amount of 1,096,197,951 in the following promissory notes:

No. 2824483 for the amount of 79,330,000 rubles dated 02/14/2000 payable upon request
No. 2834484 for the amount of 79,330,000 rubles dated 02/14/2000 payable upon request
No. 2824485 for the amount of 79,330,000 rubles dated 02/18/2000 payable upon request
No. 3159986 for the amount of 86,310,000 rubles dated 02/04/2000 payable upon request
No. 2834478 for the amount of 1,258,962 rubles dated 02/17/2000 payable upon request
No. 3159983 for the amount of 5,627,247.32 rubles dated 02/10/2000 payable upon request
No. 3159988 for the amount of 1,144,639.46 rubles dated 02/16/2000 payable upon request

No. 2834489 for the amount of 1,020,000 rubles dated 02/18/2000 payable upon request
No. 2834486 for the amount of 520,852 rubles dated 02/22/2000 payable upon request
No. 3159987for the amount of 18,053,973 rubles dated 02/16/2000 payable upon request
No. 2834479 for the amount of 2,039,472.76 rubles dated 02/17/2000 payable upon request
No. 3159989 for the amount of 500,000 rubles dated 02/16/2000 payable upon request
No. 2834481 for the amount of 2,371,221.20 rubles dated 02/17/2000 payable upon request
No. 3159990 for the amount of 5,274,907.09 rubles dated 02/16/2000 payable upon request
No. 2834482 for the amount of 3,408,010 rubles dated 02/23/2000 payable upon request
No. 2834488 for the amount of 10,071,367 rubles dated 02/22/2000 payable upon request
No. 2834476 for the amount of 607,300 rubles dated 02/17/2000 payable upon request
No. 3029917 – 3029952 each for the amount of 20, 000,000 rubles (total amount 720,000,000 rubles) dated 02/08/2000 payable upon request
And amount of 864,544 rubles of principal debt.

Promissory notes presented for payment are signed by an unauthorized party, therefore, the Debtor is not responsible for the payment on the above notes.

All promissory notes, presented by Lebaut, LLC for payment on 02/22/2000 and 02/23/2000, the rights on which were transferred to Sisius, LLC, are signed by Assistant General Director of OJSC "Kachkanarsky GOK 'Vanadiy'" Gruzdev A.G. on behalf of the principal of the promissory note issuer, while only General Director  is the principal, who has the right to act on behalf of GOK without a Power of Attorney, according to the Charter. In case another person signs a promissory note on behalf of GOK, his authority has to be noted on the promissory note (power of attorney, decision of the parties, decision of shareholders, etc.) Since A.G. Gruzdev's  authority to act is not noted on the promissory notes, and a promissory note by its nature is a document where all formalities have to be present, therefore, the promissory notes presented by Lebaut, LLC for payment are signed by an unauthorized party, who,  pursuant to Article 8 of the Law on a Simple and Transferred Promissory Note, becomes the party personally responsible for claims on the promissory note. No Power of Attorney issued to A.G. Gruzdev was given to a notary, who refused those promissory notes. The notification of a notary referring to the refusal of payment on the promissory notes on behalf of GOK is also signed by Assistant General Director A.G. Gruzdev, rather than General Director.

Under Article 143 of the Civil Code of the Russian Federation, a promissory note is a security. Pursuant to Art. 65 of the Federal Law " On Joint Stock Companies" and Art. 29.3.8 of the Charters of OJSC "Kachkanarsky GOK 'Vanadiy'", issuance of securities by the company is under the competence of  the Board of Directors. Issuance is defined in Art. 2 of the Federal Law "On the Securities Market" as transfer of the securities to the first owner.

Therefore, issuance of the promissory notes by OJSC "Kachkanarsky GOK 'Vanadiy'" is under the exclusive competence of the Board of Directors, which is to make a decision with regard to issuance of those promissory notes.

Since there was no decision with regard to the above issueance by the Board of Directors, the Board of Directors did not approve the issuance of the promissory notes in

the amount exceeding 1,000,000,000 rubles, and the transaction was executed with violation of the authority and it should be punished pursuant to Sec.1 Art. 183 of the Civil Code of the Russian Federation. (Decision of the Supreme Arbitrazh Court No. 1112/98 dated 06/23/1998).

Issuance of the above promissory notes by Assistant Director of OJSC "Kachkanarsky GOK 'Vanadiy'" Gruzdev is in violation of Art. 78, 79 of Federal Law "On Joint Stock Companies".

Issuance of the promissory notes consists of several interrelated transactions, with regard to possibility of transfer of the assets of the company in the way of monetary means, cost of which is 25% higher than the whole balance sheet asset value of the company. It is clear that those transactions are interrelated, since all of the questionable promissory notes have been issued within 2 weeks, and then within few days were transferred from several judicial persons to one – Lebaut, LLC, which on February 22 and 23, 2000 claimed payment on those promissory notes. After the issuance and claims for payment on those promissory notes, the GOK bankruptcy procedure was initiated, where Lebaut, LLC, as a business creditor, was owed more than 90% of total company debt. Therefore, it is obvious, that issuance of the above promissory notes was set up in order to allocate 90% of the debt to one party, which would be able to make decisions, essential for managing the company at the meetings of business creditors.

Total sum of the transaction for sale of the above promissory notes is equal to 31.23% of the assets value of the company as per balance sheet of 01/01/1999.

Analysis of the financial condition of the creditor, prepared by arbitrazh manager Kozyrev, O.S. showed that the balance sheet value of the assets of OJSC "Kachkanarsky GOK 'Vanadiy'" for 1999 is 3,510,139,000 rubles (pp. 12-13 of the Analysis). Total amount of the issued promissory notes is 1,096,197,951 rubles. Accordingly, the transactions on promissory notes involve monetary amount which is 31.23 % of the total balance sheet value of the assets of the company.

Pursuant to Art. 78, 79 of Federal Law "On Joint Stock Companies", decisions with regard to an important transactions are made by the Board of Directors.

However, no such decision on issuance of the promissory notes was made by the Board of Directors in this case.

*Therefore, since all promissory notes, presented by Lebaut, LLC, which were then transferred to Sirius, LLC, are signed by an unauthorized party, who had no authority to act on behalf of the issuer of the promissory notes, the party responsible for the payment on the promissory notes to Sirius, LLC is not OJSC "Kachkanarsky GOK 'Vanadiy'", but Assistant General Director A.G. Gruzdev.*

*Besides, since the promissory notes transactions have no legal significance, the debttor is not responsible for payment on these notes and Sirius, LLC's claims in the amount of 1,096,197,951 rubles must be excluded from the register of the creditors*

Sisius, LLC was included into the register of creditors of OJSC "Kachkanarsky GOK 'Vanadiy'" by an arbitrazh manager without any basis.

Plaintiff has already submitted a similar complaint with regard to unfounded inclusion of Lebaut, LLC in the list of business creditors, however, after the court reviewed the objections and the appeal, Lebaut, LLC transferred the right to its claims to Sirius, LLC.

Based on the above, pursuant to Art. 15, 55 of the Federal Law "On Insolvency (Bankruptcy)",

WE HEREBY ASK THIS COURT :

To declare actions of the arbitrazh manager on including Sirius, LLC with claims in the amount of 1,096,197,951 rubles in the register of creditors illegal, and exclude claims by Lebaut, LLC in the amount of 1,096,197,951 rubles from the register of creditors of OJSC "Kachkanarsky GOK 'Vanadiy'".

Copies of the promissory notes, financial analysis, register of the creditors are among the documents submitted in this case.

Attachments – post office receipts proving the service of the objections on Sirius, LLC and the Debtor,

Copies of the Powers of Attorney is contained in the materials previously submitted to the court.

Authorized representative
Of the business creditor
Nexis Products, LLC

M.M. Ashikhmina (signature)

15. MAY. 2002  16:44
FROM : EKATERINBURG                    PHONE NO. : 7 3432 53 19 76

В  Арбитражный суд
Свердловской области

по делу № А 60- 4517/2000-С1

От конкурсного кредитора -

*« Нэксиз Продактс Эл.Эл.Си.» 47 Вост*
*200 Саус, Сьют 104, Солт Лейк Сити,*
*Юта 84101 США,*
Адрес   поверенного   компании   в
России: 620014 г. Екатеринбург,
ул. Шейнкмана дом. 30

к Арбитражному управляющему
ОАО   «Качканарский   ГОК
«Ванадий»
Козыреву О.С.
г. Качкавар, ул. Свердлова,2

Заинтересованное   лицо   -
Конкурсный кредитор-
ООО   «Сириус»,   214000
Смоленская   область.
Смоленский р-н, г. Печорск,
ул. Смоленская 9-а

re . Sirius

## ВОЗРАЖЕНИЯ
в порядке ст. 15 ФЗ « О несостоятельности (банкротстве)»
между   конкурсными   кредиторами   и   Арбитражным
управляющим

При ознакомлении с материалами дела, в частности с реестром
кредиторов, Компании *« Нэксиз Продактс Эл.Эл.Си.»* стало
известно, что ООО «Лебаут» уступило свои права требования по
векселям   ОАО   «Качканарский   ГОК   «Ванадий»   на   сумму
1,096,197,951 рублей ООО «Сириус».

**АРБИТРАЖНЫЙ**

15.MAY.2002  16:44                                              NO.414    P.18

АРБИТРАЖНЫЙ
СУД СВ. ОБЛ.
ПОСТУПИЛО 26 03 01
СОСТ...

Поскольку ООО «Лебаут» не имеет права требовать от ОАО «Качканарский ГОК «Ванадий» уплаты по предъявленным векселям, Арбитражный управляющий не имел право включать ООО «Сириус» в состав Конкурсных кредиторов.

ООО «Лебаут» был включен в реестр кредиторов с требованиями в размере 1,097,062,495 рублей, куда включена сумма в размере 1,096,197,951 рублей по предъявленным векселям:

№ 2824483 на 79 330 000 рублей от 14.02.2000 г. со сроком и местом платежа- по предъявлении

№ 2834484 на 79 330 000 рублей от 14.02.2000 г. со сроком и местом платежа – по предъявлении

№ 2834485 на 79 330 000 рублей от 18.02.2000 г. со сроком и местом платежа – по предъявлении

№ 3159986 на 86 310 000 рублей от 04.02.2000 г. со сроком и местом платежа – по предъявлении

№ 2834478 на 1 258 962 рублей от 17.02.2000 г. со сроком и местом платежа – по предъявлении

№ 3159983 на 5 627 247,32 рублей от 10.02.2000 г. со сроком и местом платежа – по предъявлении

№ 3159988 на 1 144 639,46 рублей от 16.02.2000 г. со сроком и местом платежа – по предъявлении

№ 2834489 на 1 020 000 рублей от 18.02.2000 г. со сроком и местом платежа – по предъявлении

№ 2834486 на 520 852 рублей от 22.02.2000 г. со сроком и местом платежа – по предъявлении

№ 3159987 на 18 053 973 рублей от 16.02.2000 г. со сроком и местом платежа – по предъявлении

№ 2834479 на 2 039 472, 76 рублей от 17.02.2000 г. со сроком и местом платежа – по предъявлении

№ 3159989 на 500000 рублей от 16.02.2000 г. со сроком и местом платежа – по предъявлении

№ 2834481 на 2 371 221, 20 рублей от 17.02.2000 г. со сроком и местом платежа – по предъявлении

№ 3159990 на 5 274 907,09 рублей от 16.02.2000 г. со сроком и местом платежа – по предъявлении

№ 2834482 на 3 408 010 рублей от 23.02.2000 г. со сроком и местом платежа – по предъявлении

№ 2834488 на 10 071 367 рублей от 22.02.2000 г. со сроком и местом платежа – по предъявлении

№ 2834476 на 607 300 рублей от 17.02.2000 г. со сроком и местом платежа – по предъявлении

15.MAY.2002 16:50    NO.414    P.30
FROM : EKATERINBURG    PHONE NO. : 7 3432 53 19 76

№ 3029917 - 3029952 каждый на сумму 20 000 000 рублей (на общую сумму 720 000 000 рублей) от 08.02.2000 г. со сроком и местом платежа - по предъявлении,

и суммой в размере 864,544 рублей основного долга.

Векселя, предъявленные к оплате, подписаны не уполномоченным лицом, не имеющими право действовать от имени Должника, следовательно обязанным по этим векселям Должник не является.

Все векселя, предъявленные 22.02.00 г. и 23.02.00 г. к оплате ООО «Лебаут» , требования по которым были переданы ООО «Сириус», подписаны заместителем Генерального директора ОАО «Качканарский ГОК «Ванадий» Груздевым А.Г. за руководителя Векселедателя, в то время как руководителем векселедателя, имеющим право действовать без доверенности от имени ГОКа, является, согласно Устава, только Генеральный директор. В случае подписание векселя иным лицом от имени ГОКа, его полномочия должны быть указаны в векселе (доверенность, решение участников, решение акционеров и т.д.). Поскольку никакой ссылки в векселях на доверенность Груздева А.Г. не имеется, а вексель по своей природе является документом строго формального характера, следовательно, векселя, предъявленные к оплате ООО «Лебаут», право требования по которым уступлено ООО «Сириус», подписаны ненадлежащим лицом, который в соответствии со статьей 8 Положения о простом и переводном векселе сам становится обязанным по этому векселю. Никаких доверенностей на имя Груздева А.Г. не было представлено и нотариусу, производившему протест по этим векселям. Уведомление нотариусу об отказе в оплате векселей от имени ГОКа также подписано не Генеральным директором, а его заместителем - Груздевым А.Г.

В соответствии со ст. 143 ГК РФ вексель является ценной бумагой. Согласно ст. 65 ФЗ « Об акционерных обществах» и ст.29.3,8 Устава ОАО «Качканарский ГОК «Ванадий» размещение Обществом облигаций и иных ценных бумаг относится к исключительной компетенции Совета директоров. Под размещением в ст. 2 ФЗ « О рынке ценных бумаг» понимается отчуждение этих бумаг первому владельцу.

Таким образом, выпуск собственных векселей ОАО «Качканарский ГОК «Ванадий» относится к исключительной компетенции Совета директоров, который должен принять решение относительно размещения этих векселей.

Поскольку никого решения Совета директоров по данному вопросу не было и Совет директоров не давал свое согласие на

размещение векселей на сумме более 1,000,000,000 рублей, сделки совершены с нарушением полномочий и к нем применяются последствия, предусмотренные п. 1 ст. 183 ГК РФ. ( Постановления ВАС № 1112/98 от 23.06.1998 г.)

Выпуск указанных векселей заместителем ОАО «Качканарского ГОК «Ванадий» Груздевым нарушает требования ст.ст. 78,79 ФЗ « Об акционерных обществах».

Выпуск указанных векселей представляет собой несколько взаимосвязанных сделок, связанных с возможностью отчуждения обществом имущества в виде денежных средств, стоимость которого превышает 25 % балансовой стоимости активов Общества. О взаимосвязанности этих сделок говорит тот факт, что все спорные векселя были выпущены в течение 2-х недель, а затем в течение нескольких дней были переданы от нескольких юридических лиц одному - ООО «Лебаут», которое 22 и 23.02.2000 г. предъявило эти векселя к оплате. После выпуска и предъявления к оплате векселей было возбуждено дело о банкротстве ГОКа, где ООО «Лебаут», как конкурсному кредитору, стало принадлежать более 90 % всей задолженности. Таким образом, очевидно, что выпуск всех указанных векселей был осуществлен с целью сосредоточить в одних руках 90 % задолженности и принимать решения необходимые руководству Общества на собраниях конкурсных кредиторов.

Общая сумма сделки по продаже указанных векселей составляет 31,23 % от балансовой стоимости активов Общества на 01.01.1999 г.

Анализ финансового состояния Кредитора, проведенный Арбитражным управляющим Козыревым О.С., показал, что балансовая стоимость активов ОАО «Качканарский ГОК «Ванадий» за 1999 г. составляет 3,510,139,000 рублей ( стр. 12-13 Анализа). Общая сумма выпущенных векселей составляет 1,096,197,951 рублей. Таким образом, предметом сделок по продаже векселей являются денежные средства на сумму, которая составляет 31,23 % от балансовой стоимости активов Общества.

В соответствии со ст. 79 ФЗ « Об акционерных обществах» решение о совершении крупной сделки принимается Советом директоров Общества.

Однако, никакого решения Совета директоров о выпуске векселей и о совершении крупной сделки не принималось.

*Таким образом, поскольку все векселя, предъявленные к оплате ООО «Лебаут», по которым произошла уступка права требования на ООО «Сириус», подписаны неуполномоченным лицам, не*

*имеющим право действовать от имени Векселедателя, ответственным перед ООО «Сириус» является не ОАО «Качканарский ГОК «Ванадий», а заместитель Генерального директора Груздев А.Г.*

*Кроме того, поскольку сделки по продаже векселей ничтожны и не породили правовых последствий, Кредитор не является обязанным по таким векселям, а ООО «Сириус» подлежит исключению из состава Конкурсных кредиторов на сумму требований в размере 1,096,197,951 рублей.*

Арбитражный управляющий необоснованно включил ООО «Сириус» в реестр кредиторов ОАО «Качканарский ГОК «Ванадий».

Заявитель уже обращался с подобными возражениями о необоснованном включении ООО «Лебаут» в состав конкурсных кредиторов, однако, после рассмотрения возражений по существу и подачи апелляционной жалобы, ООО «Лебаут» уступил свои права требования на ООО «Сириус».

На основании изложенного, руководствуясь ст.ст. 15, 55 ФЗ « О несостоятельности (банкротстве)»,

ПРОШУ:

1. Признать незаконными действия Арбитражного управляющего по включению в реестр кредиторов ООО «Сириус» с требованиями на сумму 1,096,197,951 рублей и исключить из реестра кредиторов ОАО «Качканарский ГОК «Ванадий» конкурсного кредитора ООО «Сириус» на сумму требований в размере 1,096,197,951 рублей.

2. Истребовать у ООО «Сириус» договор уступки права требования и приложения к нему.

Копии векселей, финансового анализа, реестра кредиторов находятся в материалах дела.

Приложение - почтовые квитанции о направлении возражений ООО «Сириус» и Должнику,

копия доверенности в материалах дела.

Полномочный представитель
Конкурсного кредитора
« Нэксиз Продактс Эл.Эл.Си.                    М.М.Ашихмина

**ARBITRAZH COURT**
**for SVERDLOVSK OBLAST**
**DETERMINATION**

City of Ekaterinburg
April 18, 2001

Case No. A60-4517/2000-C1

Arbitrazh Court for Sverdlovsk oblast in the composition of the judges : Platonova E.A., Lipina I.V., presided by Kazantseva N.V. tried in a court session the challenges of OOO " Nexis Prodacts L.L.C." against the results of consideration by Kozyrev O.S. , the trustee in bankruptcy of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", of the claims of the creditor OOO "Syrius" and inclusion of his claims into the Register.

with the participation in the session of : the Debtor' representatives trustee in bankruptcy Kozyrev O. S.,
the representative of the Creditors-petitioners Ashikhmina M.M.        -
representatives of OOO "Syrius" – Brusova N.C

On August 22, 2000 the Arbitrazh Court rendered the Determination on enforcement of administration in bankruptcy at OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" and appointment Kozyrev O.S. as trustee in bankruptcy .

The court was addressed with the creditors' challenges -  " Nexis Prodacts L.L.C." against the decision of the trustee in bankruptcy to include the claims of OOO "Syrius" into the Register of creditors, under Articles 15, 55 of the Bankruptcy (insolvency) Law of RF.

The trustee in bankruptcy in the due order acknowledged  1 096 197 951  roubles in arrears of  to OOO "Syrius".

The arrears  are based on the promissory  notes, presented by the creditor OOO "Lebaut"  to be payable, and afterwards  the right of claim thereunder was assigned to OOO "Syrius".

Filing a complaint the creditor believes, that the claims of OOO "Lebaut" were  originally groundlessly included into the  Register of creditors, since all the promissory notes, presented to be payable in violation of the Exchange Law  were signed by unauthorized person  on behalf of "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar"- Gruzdev A.G., Deputy Director General.

All voidable Promissory Notes lack reference to the powers of the signatory.

Moreover, there is no decision of the Board of Directors of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of  Kachkanar" on the distribution of the securities by the entity, Promissory Notes included,  in violation of Article 65 of  Federal Law on Corporations and Article 29.3.8 of Corporate Charter of OAO "Vanadiy".

In the opinion of the creditor - ", Nexis Prodacts L.L.C.",  the above-mentioned grounds impede the assignment of  the right of claim on voidable notes of OOO "Syrius" and  inclusion of

OOO "Syrius" into the register of Creditors of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

The Creditor requests to hold the conduct of the trustee in bankruptcy contrary to law and exclude OOO "Syrius", having the amount of claim 1 096 197 951 roubles, from the Register of creditors in bankruptcy.

The representative of OOO "Syrius" disagreed with the challenges of the petitioner and considers lawful inclusion of his claims into the Register of creditors claims to be grounded.

The trustee in bankruptcy of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" also disagreed with the challenges of the petitioner and considers inclusion into the Register of the claims of OOO "Syrius" to be valid, on the ground that voidable notes were signed by the authorized person, having the power of attorney, dated February 1, 2000, at the time of signing, and absence of reference on the notes to the power of attorney of the signatory may not be ground for invalidating such a signature.

When considering the complaint the court held the challenges of " Nexis Prodacts L.L.C." to be groundless and may not be satisfied.

The claims of OOO "Syrius" are based on promissory notes , the total amount thereof is 1 096 197 951, issued by different entities within the period since February 4, 2000 to February 23, 2000. and purchased thereafter by OOO "Lebaut", the right of claim thereunder was assigned to OOO "Syrius'.

Voidable Promissory Notes were not signed by Director General of "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar", however the court was provided with a power of attorney, dated February 1, 2000, issued to Gruzdev A.G., authorizing him to sign Promissory Notes
on behalf of "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar".

The Promissory Notes lack reference to the above-mentioned power of attorney, but this fact may not invalidate the notes, since at the time of signing the signatory was actually empowered, which is in compliance with the rules of Exchange Law.

Moreover, the court made a remark, that on February 19, 2001 under the Determination of the Arbitrazh Court on the results of consideration of the challenges of a number of creditors, including " Nexis Prodacts L.L.C.", no satisfaction was given to their claim of exclusion of OOO "Lebaut" of the Register of creditors and to the claim of invalidating the conduct of the trustee in bankruptcy .

In the court session on February 19, 2001 the court gave its appraisal to the voidable notes.

Since the present court session conducts trial of the same grounds and the same notes, the court maintains that the facts found on February 19, 2001 require no reappraisal .

Taking into account the above-mentioned, the court has no reasons to hold the complaint of the creditor grounded, and the conduct of the trustee in bankruptcy contrary to law.

Being guided by Article 140 of APC RF, Articles 15, 55 of the Law on Bankruptcy (Insolvency) of RF, the Arbitrazh Court

## HAS DETERMINED :

- to hold the challenges of " Nexis Prodacts L.L.C." on inclusion of the claims of OOO "Syrius" into the Register of creditors by the trustee in bankruptcy of OAO "Vanadiy" Mining & Concentration Integrated Plant in the city of Kachkanar" groundless.


Presiding Judge                                    Kazantseva N.V.

Judges                                             Platonova E.A.

                                                   Lipina I.V.

# АРБИТРАЖНЫЙ СУД
## *СВЕРДЛОВСКОЙ ОБЛАСТИ*
# Определение

*г. Екатеринбург*
*«18» апреля 2001 г.*                                        Дело № А60-4517/2000-С1

Арбитражный суд Свердловской области в составе судей Платоновой Е.А., Липиной И.В., под председательством Казанцевой Н.В. рассмотрел в судебном заседании возражения «Нэксис Продакс Эл. Эл. Си.» по результатам рассмотрения внешним управляющим ОАО «Качканарский горно-обогатаительный комбинат «Ванадий» Козыревым О.С. требований кредитора ООО «Сирнус» и включения его требований в реестр.

при участии в заседании: представителей должника - внешнего управляющего Козырева О.С., Григорьевой Е.Л.
представителя - кредиторов-заявителей Ашихминой М.М.
представителя ООО «Сириус» - Брусовой Н.С.

22.08.2000 г. арбитражным судом вынесено определение о введении на ОАО «Качканарский ГОК «Ванадий» внешнего управления и назначении внешним управляющим Козырева О.С.

В адрес суда поступили возражения кредитора – «Нэксиз Продактс Эл.Эл.Си.» на решение внешнего управляющего по включению требований ООО «Сирнус» в реестр кредиторов, в порядке ст.15, 55 ФЗ «О несостоятельности (банкротство)».

Внешним управляющим в установленном порядке признано 1 096 197 951р. задолженности ОАО «Качканарский ГОК «Ванадий» перед ООО «Сириус».

Задолженность основана на векселях, предъявленных кредитором ООО «Лебаут» к оплате и в последствии право требования по которым передано ООО «Сириус»

Предъявляя жалобу, кредитор считает, что требования ООО «Лебаут» изначально необоснованно были включены в реестр кредиторов, поскольку все векселя, предъявленные к оплате в нарушение вексельного

На всех спорных векселях отсутствует ссылка на полномочия лица, их подписавшего.

Кроме того, отсутствует решение Совета директоров ГОКа «Ванадий» на размещение обществом ценных бумаг, к каким относится вексель, в нарушение ст.65 ФЗ «Об акционерных обществах» и ст.29.3.8 Устава ОАО «Качканарский ГОК «Ванадий».

По мнению кредитора – «Нэксис Продакс Эл. Эл. Си.» указанные основания являются препятствием для передачи прав требования по спорным векселям ООО «Сириус» и включения ООО «Сириус» в реестр кредиторов ГОКа «Ванадий».

Кредитор просит признать действия внешнего управляющего незаконными и исключить из реестра конкурсных кредиторов ООО «Сириус» с суммой требований в 1 096 197 951 р.

Представитель ООО «Сириус» с возражениями заявителя не согласился и считает правомерным включение его требований в реестр требований кредиторов обоснованным.

Внешний управляющий ОАО «Качканарский ГОК «Ванадий» также не согласен с возражениями заявителя и считает включение в реестр требований ООО «Сириус» законным на том основании, что спорные векселя подписаны уполномоченным лицом, имеющим на момент подписания доверенность от 01.02.2000 г., а отсутствие ссылки на векселях на доверенность лица их подписавшего не может служить основанием для признания такой подписи ненадлежащей.

При рассмотрении жалобы суд установил, что возражения «Нэксиз Продактс Эл.Эл.Си.» необоснованны и удовлетворению не подлежат.

Требования ООО «Сириус» основаны на простых векселях на общую сумму 1 096 197 951 р., выданных в период с 04.02.2000 г. по 23.02.2000 г. различным организациям, приобретенным в последствии ООО «Лебаут», право требования по которым, передано ООО «Сириус».

Спорные векселя подписаны не генеральным директором ОАО «Качканарский ГОК «Ванадий», однако, суду представлена доверенность от 01.02.2000 г., выданная Груздеву А.Г. с правом подписания от имени ГОКа векселей.

На векселя отсутствует ссылка на данную доверенность, но это обстоятельство не дает права признавать их недействительными, поскольку на момент подписания лицо, подписавшее их, было фактически наделено таким правом, что соответствует требованиям вексельного законодательства.

Кроме того, суд отмечает, что 19.02.2001 г. определением арбитражного суда по результатам рассмотрения возражений ряда кредиторов, в том числе и «Нэксис Продакс Эл. Эл. Си.» было отказано в удовлетворении их требования об исключении из реестра кредиторов ООО «Лебаут» и признании действий внешнего управляющего неправомерным.

В ходе судебного заседания 19.02.2001 г. судом была дана оценка спорным векселям.

Поскольку в данном судебном заседании рассматриваются те же основания и те же векселя, то суд считает, что обстоятельства, установленные 19.02.2001 г. не требуют повторной оценки.

Учитывая изложенное у суда отсутствуют основания для признания жалобы кредитора обоснованной, а действия внешнего управляющего незаконными.

Руководствуясь ст.140  АПК РФ, ст.15, 55 ФЗ «О несостоятельности (банкротстве)» арбитражный суд

О П Р Е Д Е Л И Л:

- признать возражения «Нэксиз Продактс Эл.Эл.Си.» по включению требований ООО «Сириус» в реестр кредиторов внешним управляющим ОАО «Качканарский горно-обогатительный комбинат «Ванадий» необоснованными.

Председательствующий судья                    Казанцева Н.В.

Судьи                                         Платонова Е.А.





Лапина И.В.

To the Appellate Instance
Arbitrazh Court
Sverdlovsk Region

In the Case No. A60-4517/2000-C1

From a Business Creditor –

Nexis Products LLC, 47 West
200 South, Suite 104, Salt lake City,
Utah 84101 USA
Address of the Company's
Representative in Russia: 620014
Yekaterinburg, 30 Sheinkmana St.

**APPEAL**
**Pursuant to Art. 15 FL On Insolvency (Bankruptcy)**
**Between Business Creditors and an Arbitrazh Manager**

By the Order of the Arbitrazh Court of the Sverdlovsk Region, dated 02.19.2001, the objections of Nexis Products LLC against the inclusion of claims of OOO Lebaut in the register of creditors by the Arbitrazh Manager of OAO Kachkanarsky GOK Vanadiy, have been rendered unfounded.

We believe that the decision is unlawful since the court erred in the application of the substantive law provisions.

OOO Lebaut has been included in the register of creditors with the total claim of 1,097,062,495 Rubles, including 1,096,197,951 Rubles in the presented Promissory Notes of OAO Kachkanarsky GOK Vanadiy and 864,544 Rubles in other debt.

The Arbitrazh Manager had no basis for the inclusion of OOO Lebaut's Promissory Notes for 1,096,197,951 Rubles in the register of creditors.

Kachkanarsky GOK Vanadiy does not owe the amount indicated in the Promissory Notes because these Notes were placed by an unauthorized individual.

Pursuant to Art. 143 of the Civil Code of the Russian Federation, Promissory Notes are considered security. In accordance with Articles 34 and 65 of the Federal Law on Joint Stock Companies and Article 29.3.8 of the Charter of OAO Kachkanarsky GOK Vanadiy, the placement of the bonds and other securities by the company is under the sole competence of the Board of Directors. In such instance, the Board of Directors' decision to place the securities must indicate the number of securities being placed , as well as the conditions and the order of the placement. In the practice of securities

turnover, including Promissory Notes, "placement of securities" means the alienation of these securities from the issuer to the first owner.

Therefore, the emission of the Notes by OAO Kachkanarsky GOK Vanadiy is the sole competence of the Board of Directors which must make the decision to place these Notes.

In its Order, the Arbitrazh Court completely ignored this provision of the law as well as the Petitioner's arguments.

No decision on this issue had been made by the Board of Directors. Therefore, the Board of Directors had not agreed to the placement of the Notes in the amount of over 1,000,000,000 Rubles. These transactions violated the authority and should be subject to the consequences provided for by Art. 183(1) CC RF (Decree VAS No. 1112/98 of 06.23.1998).

Furthermore, all of the Notes presented for payment by OOO Lebaut on 02.22.2000 and 02.23.2000 were signed by A.G. Gruzdev, the Deputy General Director of OAO Kachkanarsky Gok Vanadium, instead of the Director of the issuer himself.

The Court did not accept this argument referring to the presented by the Arbitrazh Manager issued to Mr. Gruzdev Power of Attorney.

However, the Court failed to consider that, in compliance with Paragraph 1(8) of the Regulations on Simple Transferable Notes, a Note is an official document of a strictly determined format and, in particular, must contain a signature of "the person issuing the Note." The absence of at least one of the essential elements and/or signature of the legal entity renders the document substitute.

The requisite of the "the note issuer's signature" to a legal entity means "signature on behalf of the note issuer". In this regard, in order to recognize the note as drawn in the required format, it must include the authority of the individual who signed the document.

Therefore, in the event that a note is signed by someone other than the Director (Manager) of the Company, as is the case with GOK, his authority must be referenced in the note.

Since the notes contain no references to the powers of A.G. Gruzdev, it must be concluded that the note was signed by an unauthorized individual. Therefore, pursuant to Paragraph 8 of the Regulations, the note was authorized by Mr. Gruzdev personally and not by the Company.

The Notary, who prepared the objections to the Notes in question, received no power of attorney in Mr. Gruzdev's name. The notice to the Notary, denying the payment of the Notes, on behalf of GOK was signed by Gruzdev, the Deputy General

Director and not the General Director himself. There was no reference to a power of attorney.

Under these circumstances, the Court's conclusion that the Notes were signed by an authorized individual, is unfounded.

The Decree of the Constitutional Court of the Russian Federation declared as unconstitutional the provisions of Art. 55(3) of the FL On Insolvency as violating the right to be represented in court. Therefore, the Orders, rendered in accordance to Art. 55 of the FL On Insolvency may be appealed according to the regulations of APC RF.

Based on the above and pursuant to Art. 157 APC RF,

**IT IS REQUESTED:**

That the Order of the Arbitrazh Court of the Sverdlovsk Region dated 01.19.2001 be reversed;
the actions of the Arbitrazh Manager in including the claims of OOO Lebaut in the amount of 1,096,197,951 Rubles in the register of creditors of OOO Kachkanarsky GOK Vanadiy declared unlawful; and
OOO Lebaut, a business creditor in the amount of 1,096,197,951 Rubles, be excluded from the register of the creditors of GOK.

Addendum:
Postal receipts confirming service of the complaint on OOO Lebaut and the Debtor;
A copy of the Power of Attorney (the original is on file and will be presented in court and at creditors' meetings), 10 pages in total.

Authorized Representative of the
Business Creditors,
Nexis Products LLC                    /signature/                M.M. Ashihmina



В Апелляционную инстанцию
Арбитражный суд
Свердловской области

по делу № А 60- 4517/2000-С1

От конкурсного кредитора -

« Нэксис Продактс Эл.Эл.Си. » 47 Вест
200 Саус, Съют 104, Солт Лейк Сити,
Юта 84101 США,
Адрес поверенного компании в
России: 620014 г. Екатеринбург,
ул. Шейнкмана дом. 30

## АПЕЛЛЯЦИОННАЯ ЖАЛОБА
в порядке ст. 15 ФЗ « О несостоятельности (банкротстве)»
между конкурсными кредиторами и Арбитражным
управляющим

Определением Арбитражного суда Свердловской области от
19.02.2001 г. возражения Компании «Нэксис Продактс Эл.Эл.Си.» по
включению требований ООО «Лебаут» в реестр кредиторов
внешним управляющим ОАО «Качканарский ГОК «Ванадий»
признаны необоснованными.

Считаем данное определение незаконным, поскольку судом
неправильно применены нормы материального права.

ООО «Лебаут» включен в реестр кредиторов с требованиями в
размере 1,097,062,495 рублей, куда вошла сумма в размере
1,096,197,951 рублей по предъявленным к оплате векселям ОАО
«Качканарский ГОК «Ванадий» и сумма в размере 864,544 рублей
иного долга.

Арбитражный управляющий необоснованно включил в реестр
кредиторов ООО «Лебаут» на сумму 1,096,197,951 рублей,
предъявленных к оплате векселей.

Качканарский ГОК «Ванадий» не является обязанным по
данным векселям, поскольку эти векселя размещены
неуполномоченным лицом.

В соответствии со ст. 143 ГК РФ вексель является ценной
бумагой. Согласно ст.ст. 34, 65 ФЗ « Об акционерных обществах» и
ст.29.3.8 Устава ОАО «Качканарский ГОК «Ванадий» размещение

11/07 2002 11:45 FAX 9334614    MARKS&SOKOLOV    NO. 444  P.23
15.MAY.2002  16:35

Обществом облигаций и иных ценных бумаг относятся к исключительной компетенции Совета директоров. При этом Совет директоров должен принять решение о размещении, в котором определить количество размещаемых ценных бумаг, как и в каком порядке они должны быть размещены. Под размещением в практике обращения ценных бумаг, в том числе и векселей, понимается отчуждение этих бумаг от эмитента первому владельцу.

Таким образом, выпуск собственных векселей ОАО «Качканарский ГОК «Ванадий» относится к исключительной компетенции Совета директоров, который должен принять решение относительно размещения этих векселей.

В своем определении Арбитражный суд вообще не дал оценки указанному положению закона и доводам заявителя.

Поскольку никого решения Совета директоров по данному вопросу не было, Совет директоров не давал свое согласие на размещение векселей на сумме более 1,000,000,000 рублей, сделки совершены с нарушением полномочий и к ним применяются последствия, предусмотренные п. 1 ст. 183 ГК РФ. ( Постановления ВАС № 1112/98 от 23.06.1998 г.)

Кроме того, все векселя, предъявленные к оплате ООО «Лебаут» 22.02.2000 г. и 23.02.2000 г. подписаны заместителем Генерального директора ОАО «Качканарский ГОК «Ванадий» Груздевым А.Г. за руководителя Векселедателя.

Суд не принял указанный довод, сославшись на доверенность, выданную на имя Груздева А.Г., которую временный управляющий представил в судебное заседание.

Однако, суд не учел, что в соответствии с п. 1 п.п. 8 Положения о простом переводном векселе вексель является формальным документом, который должен строго соответствовать форме и, в частности, должен содержать «подпись того, кто выдал вексель». Отсутствие хотя бы одного существенно необходимого элемента в подписи юридического лица приводит к суррогатности документа.

Реквизит «подпись векселедателя» приобретает для юридического лица смысл «подпись от лица векселедателя». В этой связи для признания векселя составленным без нарушения формы необходимо указание в векселе на полномочия лица, поставившего на нем свою подпись.

Таким образом, в случае подписание векселя не генеральным директором (руководителем) Общества, а иным лицом от имени ГОКа, его полномочия должны быть зафиксированы в векселе

Поскольку никакой ссылки в векселях на доверенность Груздева А.Г. не имеется, можно сделать вывод, что вексель подписан неуполномоченным лицом, а следовательно согласно п. 8 Положения уполномоченным по векселю является не Общество, а сам Груздев А.Г..

Никаких доверенностей на имя Груздева А.Г. не было представлено и нотариусу, производившему протест по этим векселям. Уведомление нотариусу об отказе в оплате векселей от имени ГОКа также подписано не Генеральным директором Общества, а его заместителем - Груздевым А.Г., без ссылки на доверенность.

При таких обстоятельствах суд необоснованно сделал вывод о подписании векселя уполномоченным лицом.

Постановлением Конституционного суда РФ признаны несоответствующими Конституции положения п. 3 ст. 55 ФЗ « О несостоятельности», как нарушающие право на судебную защиту. Таким образом, определения, вынесенные в порядке ст. 55 ФЗ « О несостоятельности» могут быть обжалованы в установленном АПК РФ порядке.

На основании изложенного, руководствуясь ст. 157 АПК РФ,

ПРОШУ:

Определение Арбитражного суда Свердловской области от 19.01.2001 г. отменить и признать незаконными действия Арбитражного управляющего по включению в реестр кредиторов ООО «Лебаут» с требованиями на сумму 1,096,197,951 рублей и исключить из реестра кредиторов ОАО «Качканарский ГОК «Ванадий» конкурсного кредитора ООО «Лебаут» на сумму требований в размере 1,096,197,951 рублей.

Приложение - почтовые квитанции о направлении жалобы: ООО «Лебаут» и Должнику,
копия доверенности (подлинник находится на руках и необходим для предъявления в судебных заседаниях и на собраниях кредиторов) - всего на 10-ти листах.

Полномочный представитель
Конкурсный кредиторов
« Нэксис Продактс Эл.Эл.Си.                          М.М.Ашихмина

[p. 27]

*[National Emblem]*

COURT OF ARBITRATION OF SVERDLOVSK PROVINCE

RESOLUTION

*City of Ekaterinburg*

April 19, 2001                                         *Case No.* <u>A60-4517/2000-C1</u>

The appellate instance of the Court of Arbitration of Sverdlovsk Province, comprised of:

**Chair:**        N. L. Zorina

**Judges:**      G. I. Strelnikova, E. A. Bikmukhamedova

**In the presence of:**

For the plaintiff: Nexis Products LLC – M. M. Ashikhmina, general power of attorney dated October 15, 2000;

For the creditor: OOO Lebaut – N. S. Brusova, authorization of April 18, 2001;

For the debtor: OOO [*sic*] Vanadii Mining and Milling Complex of Kachkanar – O. S. Kozyrev – external manager, E. L. Grigorieva, attorney, authorization dated December 9, 2000.

For FSFO [Federal Service on Financial Recovery and Bankruptcy]: D. S. Elistratova – attorney, authorization No. 10 of January 4, 2001,

Reviewed at a session the appeal (protest) of Nexis Products LLC against the ruling of the Court of Arbitration of Sverdlovsk Province dated February 19, 2001 in matter No. A60-4517/2000-C1 (judges: N. V. Kazantseva, E. A. Platonova, A. A. Gaiduk) regarding the objections of OOO Lenex, OOO Nexis, Northwest Systems LTD, and Nexis Products LLC regarding the results of the review by the external manager of OAO Vanadii Mining and Milling Complex of Kachkanar of the demands of the creditor, OOO Lebaut, regarding its entry into the register.

OOO Lenex, OOO Nexis, Northwest Systems LTD, and Nexis Products LLC filed with the court of arbitration an appeal against the decision of the external manager of OAO Vanadii Mining and Milling Complex of Kachkanar regarding the entry of the demands of OOO Lebaut into the register of creditors (Article 15 of the Federal Insolvency (Bankruptcy) Act).

[p. 28]

- 2 -

Pursuant to the ruling of February 19, 2001, the appeal was denied. The court found that OOO Lenex, OOO Nexis and Northwest Systems LTD are not creditors of OAO Vanadii Mining and Milling Complex of Kachkanar and do not have the right to appeal the actions of the external manager. The appeal of the creditor Nexis Products LLC is not subject to a grant since the demands of the creditor, OOO Lebaut, recognized as found, are based on notes that are signed on behalf of the promisor (the debtor) by an authorized person, i.e., are valid.

The regularity of the ruling passed was examined in accordance with Articles 146, 153, and 160 of the Code of Arbitration Procedure of the Russian Federation regarding the appeal of Nexis Products LLC, which does not agree with the ruling, requests the ruling's revocation and the recognition of the actions of the arbitration manager related to the entry of the creditors of OOO Lebaut into the creditors' register as illegal with claims in the amount of 1,096,197,951 rubles. In the opinion of the appellant, the debtor, OAO Vanadii Mining and Milling Complex of Kachkanar, is not obligated under the notes presented for payment by OOO Lebaut because the notes have been signed by an unauthorized person—the deputy director of the debtor. The Board of Directors of OAO Vanadii Mining and Milling Complex of Kachkanar has not passed a decision for the offering of notes by which the requirements of Article 34 and 65 of the Federal Act on Joint Stock Companies have been violated; therefore, the transactions have been performed in abuse of authority (Item 1 of Article 183 of the Civil Code of the Russian Federation) and the party obligated to make payments based on the notes is not OAO Vanadii Mining and Milling Complex of Kachkanar but the person who has signed the notes—the deputy general director of the debtor, A. G. Gruzdev.

Upon reviewing the evidence in the case and hearing the attorneys for the parties, the court found the following:

The claims of the creditor, OOO Lebaut, are based on promissory notes released by OAO Vanadii Mining and Milling Complex of Kachkanar during the period from February 4, 2000 to February 23, 2000 to various organizations and subsequently acquired by OOO Lebaut.

OOO Lebaut was entered into the register of creditors of OAO Vanadii Mining and Milling Complex of Kachkanar on the basis of Item 3 of Article 63 of the Federal Insolvency (Bankruptcy) Act; the claim of OOO Lebaut was received in OAO Vanadii Mining and Milling Complex of Kachkanar on May 3, 2000 and, on May 15, 2000, the objections against the creditor's claims were submitted to the court of arbitration, to the provisional manager and to the creditor. In this manner, the debtor missed the seven-day deadline for the submission of any objections.

The reference of the appellant to the irregularity of the entry, into the register [...]

[p. 29]

- 3 -

[...] of creditors, of the claims of OOO Lebaut based on notes signed by an unauthorized person, is groundless.

The powers of the deputy general director of the debtor to sign notes have been determined by his authorization dated February 1, 2000 (vol. 38, sheet 41), and Article 1 of the Provision regarding Bills of Exchange and Promissory Notes (Resolution of the Central Executive Committee and the Council of People's Commissars of the USSR dated August 7, 1937, No. 104/1341) does not provide for the inclusion of any information regarding the powers of the person signing it in the text of the note. Despite the statement of the appellant, a decision by the Board of Directors of the OAO Vanadii Mining and Milling Complex of Kachkanar for the release of the notes was not required because such actions do not constitute a securities offering (Item 7, Section 2 of Article 65 of the Federal Act on Joint Stock Companies). In accordance with Article 2 of the Federal Act on the Securities Market dated July 8, 1999, the term "securities offering" applies only to issued securities. The notes released by the debtor do not meet the criteria for issued securities (Sections 1 –3 of Article 2 of the Federal Act on the Securities Market). The argument of the appellant that the consent of the Board of Directors for the release of the notes was necessary in light of the fact that they constituted several mutually related transactions whose total amount exceeded 25% of the book value of the debtor's assets (Item 1 o Article 25, Item 1 o Article 79 of the Federal Act on Joint Stock Companies), is rejected by the court because, by their legal nature, the release of a note constitutes a unilateral abstract transaction that leads to an obligation, not caused by anything (i.e. not related to any grounds whatsoever), to pay a certain amount (Item 2 of Article 1, Item 2 of Article 75 o the Provision on Bills of Exchange and Promissory Notes). The appellant's statement that the disputed notes were released by the debtor for the purpose of intentional bankruptcy (Item 2 of Article 10 of the Federal Insolvency (Bankruptcy) Act) is not accepted by the court. Pursuant to Finding No. 3-289 of August 18, 2000, of the Federal Service of Russia on Financial Recovery and Bankruptcy (vol. 20, sheet 24), no signs of intentional bankruptcy of OAO Vanadii Mining and Milling Complex of Kachkanar were found.

Therefore, there are no grounds for granting the appeal of Nexis Products LLC.

During the review of the appeal, it was found that OOO Lenex, OOO Nexis, and Northwest Systems LTD are not entered into the register of claims of creditors of OAO Vanadii Mining and Milling Complex of Kachkanar; therefore, they do not have the right to appeal the actions of the external manager pursuant to Articles 15 and 55 of the Federal Insolvency (Bankruptcy) Act.

[p. 30]

- 4 -

Based on the above and pursuant to Articles 157, 159, and 160 of the Code of Arbitration Procedure of the Russian Federation, the court

RESOLVED:

To leave the ruling of February 19, 2001, unchanged and not the grant the appeal.


[*round seal:*]   Court of Arbitration of Sverdlovsk Province, Russia

Chair                                                    N. L. Zorina

Judges:                                                  G. I. Strelnikova

                                                         E. A. Bikmukhamedova


[*stamp:*]
Authenticated
Specialist (Full Name): <u>L. A. Novozhilova</u>
Signature:       [*signature*]
Court of Arbitration of Sverdlovsk Province
Date: <u>4/24/2001</u>


4/23/01 kt



# АРБИТРАЖНЫЙ СУД СВЕРДЛОВСКОЙ ОБЛАСТИ

# ПОСТАНОВЛЕНИЕ

*г. Екатеринбург*

19.04.2001г.                Дело № А60-4517/2000-С1

Апелляционная инстанция Арбитражного суда Свердловской области в составе:

председательствующего ____Зориной Н.Л.____

судей ____Стрельниковой Г.И., Бикмухаметовой Е.А.____

**При участии:**

от заявителя: "Нэксиз Продактс Эл.Эл.Си" – Ашихмина М.М.-генеральная дов. от 15.10.2000г..

от кредитора: ООО "Лебаут" – Брусова Н.С., дов. от 18.04.2001г..

от должника: ООО "Качканарский ГОК "Ванадий" – Козырев О.С.-внешний управляющий, Григорьева Е.Л. – представитель, дов. от 09.12.2000г.,

ФСФО: Елистратова Д.С.-представитель,дов. № 10 от 04.01.2001г.

Рассмотрела в заседании апелляционную жалобу (протест)

"Нэксиз Продактс Эл.Эл.Си." на определение Арбитражного суда Свердловской области от 19.02.2001г. по делу № А60-4517/2000-С1 (судьи Казанцева Н.В., Платонова Е.А., Гайдук А.А.) по возражениям ООО "Лэнэкс", ООО "Нэксиз", Норвест Системс ЛТД", "Нэксиз Продактс Эл.Эл.Си." по результатам рассмотрения внешним управляющим ОАО "Качканарский ГОК "Ванадий" Козыревым О.С. требований кредитора ООО "Лебаут" о включении его в реестр.

ООО "Лэнэкс", ООО "Нэксиз", "Норвест Системс ЛТД", "Нэксиз Продактс Эл.Эл.Си." подали в арбитражный суд жалобу на решение внешнего управляющего ОАО "Качканарский горно-обогатительный комбинат "Ванадий" по включению требований ООО "Лебаут" в реестр кредиторов (ст.15, 55 ФЗ "О несостоятельности (банкротство)".

- 2 -

Определением от 19.02.2001г. в удовлетворении жалобы отказано. Судом установлено, что ООО "Ленэкс", ООО "Нэксиз" и "Норвест Системз ЛТД" не являются кредиторами ОАО "Качканарский ГОК "Ванадий" и не вправе обжаловать действия внешнего управляющего. Жалоба кредитора "Нэксиз Продактс Эл.Эл.Си." удовлетворению не подлежит. поскольку признанные установленными требования кредитора - ООО "Лебаут" основаны на векселях, подписанных от имени векселедателя (должника) управомоченным лицом, т.е. являющихся действительными.

Правильность принятого определения проверена в порядке ст.ст. 146, 153,160 АПК РФ по апелляционной жалобе "Нэксиз Продактс Эл.Эл. Си.", которое с определением не согласно, просит его отменить и признать незаконными действия арбитражного управляющего по включению в реестр кредиторов ООО "Лебаут" с требованиями на сумму 1096197951рубль. По мнению заявителя жалобы, должник - ОАО "Качканарский ГОК "Ванадий" не является обязанным по векселям, предъявленным к оплате ООО "Лебаут", поскольку векселя подписаны неуправомоченным лицом – заместителем директора должника, Совет директоров ОАО "Качканарский ГОК "Ванадий" не принимал решения о размещении векселей, тем самым нарушены требования ст.ст.34 и 65 ФЗ "Об акционерных обществах", следовательно, сделки совершены с превышением полномочий (п.1 ст.183 Гражданского кодекса РФ).и обязанным к платежу по векселям является не ОАО "Качканарский ГОК "Ванадий", а лицо, подписавшее векселя – заместитель генерального директора должника Груздев А.Г.

Рассмотрев материалы дела, заслушав представителей сторон, суд установил.

Требования кредитора - ООО "Лебаут" основаны на простых векселях, выданных ОАО "Качканарский гок "Ванадий" в период с 04.02.2000г. по 23.02.2000г. различным организациям и впоследствии приобретенных ООО "Лебаут".

ООО "Лебаут" включено в реестр кредиторов ОАО "Качканарский ГОК "Ванадий"на основании п.3 ст.63 ФЗ "О несостоятельности (банкротстве": требование ООО "Лебаут" поступило в ОАО "Качканарский ГОК "Ванадий" 03.05.2000г., возражения на требования кредитора направлены в арбитражный суд, временному управляющему и кредитору 15.05.2000г. Таким образом, должником был пропущен семидневный срок для направления возражений.

Ссылка заявителя жалобы на неправомерность включения в реестр

- 3 -

кредиторов требований ООО "Лебаут", основанных на векселя, подписанных неуправомоченным лицом, несостоятельна.

Полномочия заместителя генерального директора должника на подписание векселей определены доверенностью от 01.02.2000г. (т.38, л.д.41), а ст.1 Положения о переводном и простом векселе (пост. ЦИК и СНК СССР от 07.08.37г. № 104/1341) не предусматривает включение в текст векселя сведений об основаниях полномочий лица, его подписавшего. Вопреки утверждению заявителя жалобы, решения Совета директоров ОАО "Качканарский ГОК "Ванадий" на выдачу векселей не требовалось, поскольку такие действия размещением ценных бумаг (п.7 ч.2 ст.65 ФЗ "Об акционерных обществах") не являются. Понятие – "размещение ценных бумаг" – в соответствии со ст.2 ФЗ от 08.07.99 "О рынке ценных бумаг" применяется только к эмиссионным ценным бумагам. Выданные должником векселя признаком эмиссионных ценных бумаг не отвечают (ч.1-3 ст.2 ФЗ "О рынке ценных бумаг"). Довод заявителя жалобы о необходимости согласия Совета директоров на выдачу векселей ввиду того, что они представляют собой несколько взаимосвязанных сделок, в общей сумме превышающих 25% балансовой стоимости активов должника (п.1 ст.25, п.1 ст.79 ФЗ "Об акционерных обществах"), судом отклоняется, поскольку по юридической природе выдача векселя представляет собой одностороннюю абстрактную сделку, порождающую ничем не обусловленное (т.е. не связанное с каким бы то ни было основанием) обязательство уплатить определенную сумму –п.2 ст.1, п.2 ст.75 Положения о переводном и простом векселе). Ссылка заявителя жалобы на то, что спорные векселя были выданы должником с целью преднамеренного банкротства (п.2 ст.10 ФЗ "О несостоятельности (банкротстве)" судом не принимается. По заключению Федеральной службы России по финансовому оздоровлению и банкротству № 3-289 от 18.08.2000г. (т.20, л.д.24) наличия признаков преднамеренного банкротства ОАО "Качканарский ГОК "Ванадий" не обнаружено.

Таким образом оснований для удовлетворения жалобы "Нэксиз Продактс Эл.Эл.Си." нет.

При рассмотрении жалобы установлено, что ООО "Ленэкс", ООО "Нэксиз", "Норвест Системз ЛТД") в реестр требований кредиторов ОАО "Качканарский ГОК "Ванадий" не включены, а следовательно, не вправе обжаловать действия внешнего управляющего в порядке ст.ст.15, и 55 ФЗ "О несостоятельности (банкротстве)".

- 4 -

На основании изложенного, руководствуясь ст.ст.157, 159, 160 Арбитражного процессуального кодекса РФ, суд

П О С Т А Н О В И Л :

Определение от 19.02.2001г. оставить без изменения, апелляционную жалобу без удовлетворения.

Председательствующий                                      Н.Л.Зорина

                                                          Г.И.Стрельникова

                                                          Е.А.Бикмухаметова

23.04.01г.кт