

Именем Российской Федерации

# Р Е Ш Е Н И Е

г. Элиста                                              Дело № А22-1222/2000/6-109

22       11       200 0 г.

Арбитражный суд Республики Калмыкия

в составе:                                              (наименование арбитражного суда)

председательствующего _____ Логинова С.Н. _____

судей: _____

рассмотрев в судебном заседании дело по иску ОАО"Качканарский горнообога-

тительный комбинат "Ванадий"(далее-комбинат)

(наименование истца)

к ООО "Торговый дом ОАО"Ванадий"(торговый дом) и

ООО "Полипром" (ООО) (наименование ответчика)

о признании договора купли-продажи ценных бумаг от 18.01.99г.

недействительным, а также о признании недействительными пере-

при участии в заседании: даточных распоряжений о перерегистрации акций

комбината в кол-ве 2307984 шт. на 5558847 руб. с торгового

дома на ООО и восстановлении записи на лицевом счете торго-

вого дома о владении спорными акциями на праве собственности

при участии в заседании:от истца - Шумаков Р.А.,поверенность

установил: №72-360/10р от 30.10.00г.,от ответчика - Плотников В.А.,

доверенность №26 от 08.11.00г.,от ООО"Полипром" - не прибыл,

от 3-тьего лица АОЗТ "Ведение реестров компаний" - Капура С.М.,

у с т а н о в и л: в связи с нарушением действующего законо-

дательстве при отчуждении акций комбинат обратился в арбит-

ражный суд с иском о признании договора купли-продажи ценных

бумаг от 18.01.99г. недействительным,а также недействительны-

ми передаточных распоряжений от 20.01.00г. о списании с лице-

вого счета торгового дома на счет ООО акций комбината выпуска

№62-1П-290 от 12.07.93г. в кол-ве 2307984 шт. на 5558847 руб.

и восстановлении на лицевом счете в реестре акционеров комби-

ната регистрационную запись о владении торговым домом на пра-

ве собственности указанными акциями.

В судебном заседание представитель комбината исковые

требования поддержал и пояснил,что договор купли-продажи

акций комбината и передаточные распоряжения со стороны тор-

гового дома были подписаны Червинским Н.И.,который на момент

совершения указанных действия не являлся генеральным дирек-

тором торгового дома и не был наделен соответствующими пол-

номочиями.При этом исходя из стоимости отчужденных акций

указанная сделка для торгового дома являлась крупной и согласно

действующему законодательству для ее заключения требовалось согласие общего собрания учредителей общества. Однако этого сделано не было, несмотря на то, что член Совета директоров комбината Заноздров А.В., одновременно являющийся полномочным представителем одного из учредителей ООО (КСМП компания), об этом достоверно знал. В силу этого совершенная сделка не влечет правовых последствий для сторон и соответственно ООО незаконно завладело спорными акциями.

Представитель торгового дома исковые требования признал и показал, что на момент заключения договора директором торгового дома был Машковцев Е.А., а на момент направления передаточных распоряжений – Халмирзаев С.А. Червинский, будучи ненаделенным указанными полномочиями, не имел право подписывать вышеуказанные документы. Кроме этого, сделка по отчуждению акций являлась для торгового дома крупной и требовала согласия комбината, что однако сделано не было. Поэтому акции подлежат возврату торговому дому.

Представитель ООО в судебное заседание не прибыл несмотря на надлежащее извещение о времени и месте рассмотрения спора. В связи с этим и учитывая, что в материалах дела имеются достаточно данных, свидетельствующие о позиции сторон, арбитражный суд находит возможным рассмотрение спора в отсутствии представителя ООО.

Представитель третьего лица АОЗТ "Ведение реестров компаний" исковые требования признал и пояснил, что о допущенных нарушениях при перерегистрации акций по договору купли-продажи от 18.01.99г. им известно не было. Поэтому в зависимости от решения суда будут приняты соответствующие меры.

Выслушав мнение сторон и исследовав материалы дела, арбитражный суд установил, что 18.01.99г. между торговым домом и ООО был заключен договор №3, по которому торговый дом принял на себя обязательство передать ООО именные обыкновенные акции комбината выпуска №62-III-290 от 12.07.95г. в кол-ве 9759 шт. на 23504 руб.60 коп. и № 62-I-1395 в кол-ве 2296225 шт. от 13.06.96г. на 5535342 руб.20 коп., а всего акций в кол-ве 2307984 шт. на 5558847 руб., а ООО – оплатить стоимость акций в течении 35 банковских дней с момента подписания сторонами договора как денежными средствами, так и ценными бумагами, в т.ч. простыми векселями.

20.01.00г. торговый дом направил держателю реестра акционеров комбината ЗАО"Компания-регистратор "Панорама" передаточные распоряжения о перерегистрации акций по договору №3 от 18.01.99г. на ООО.

АОЗТ "Компания-регистратор"Панорама" 21.01.00г. внесло соответствующие изменения в реестр акционеров.

В соответствии со ст.53 ГК РФ юридическое лицо приобретает гражданские права и принимает на себя гражданские обязанности через свои органы, действующие в соответствии с законом, иными правовыми актами и учредительными документами.

Согласно п.4.6 Устава торгового дома право заключения договоров принадлежит генеральному директору.

Как видно из материалов дела, договор и передаточные распоряжения от имени торгового дома были подписаны Червинским.

продолж...е решения по делу...
№А22-I222/2000/6-I09 от 22.II.00г.

Между тем, как установлено в судебном заседании на момент заклю-
чения договора (I8.0I.99г.) и направления передаточных распоряжений
(20.0I.00г.) генеральными директорами торгового дома соответственно
Машковцев Н.А. и Хамирзаев С.А. ...

Как пояснили в судебном заседании представители комбината и тор-
гового дома по отстранению Машковцева от занимаемой должности иные
лица комбината и торгового дома были подписаны неуполномоченными на
то лицом ...

Согласно ст.183 ГК РФ при отсутствии полномочий действовать от
имени другого лица или при превышении таких полномочий сделка счи-
тается заключенной от имени и в интересах совершившего ее лица, ...
если только другое лицо (представляемый) впоследствии прямо не одоб-
рит данную сделку.

При таких обстоятельствах арбитражный суд находит, что договор
в виду его заключения неуполномоченным на то лицом и неодобрения
его впоследующем ни комбинатом, ни торговым домом не может влечь
для сторон правовых последствий. ...

Согласно ст.46 ФЗ от 08.02.98г. № 14-ФЗ "Об обществах с ограни-
ченной ответственностью" крупной сделкой является сделка или нес-
колько взаимосвязанных сделок, связанных с приобретением, отчужде-
нием или возможностью отчуждения обществом прямо или косвенно
имущества, стоимость которого составляет более 25% стоимости иму-
щества общества, определенного на основании отчетности за последний
отчетный период, предшествующий дню принятия решения о совершении
таких сделок.

Как видно из материалов дела, стоимость отчужденных акций соста-
вила 5558047 руб., а стоимость имущества торгового дома - I2263903
руб.

При этом сделка по отчуждению акций комбината не является сдел-
кой, совершенной в процессе обычной хозяйственной деятельности об-
щества, т.к. торговый дом не является профессиональным участником
рынка ценных бумаг и его уставом не предусмотрено в качестве основ-
ного вида деятельности совершение операций с ценными бумагами. ...

При таких обстоятельствах арбитражный суд находит, что между
торговым домом и ООО была заключена крупная сделка по отчуждению
акций комбината. ...

Согласно ст.168 ГК РФ сделка, не соответствующая требованиям
закона или иных правовых актов, ничтожна, если закон не устанавли-
вает, что такая сделка оспорима. ...

В соответствии с п.3 и 5 ст.46 ФЗ "Об обществах с ограниченной
ответственностью" решение о совершении крупной сделки принимается
общим собранием участников общества. При этом крупная сделка, совер-
шенная с нарушением требований, предусмотренных настоящей статьей
закона, не может быть признана недействительной по иску общества
или его участника.

Как видно из материалов дела, единственным участником ООО является комбинат.

Однако руководство комбината в порядке ст.39 ФЗ"Об обществах с ограниченной ответственностью" решение о продаже торговым домом вышеуказанных проспектов акций ООО не принимало и в последующем заключенную торговым домом сделку не одобрило.

Более того, решением Совета директоров комбината от 18.01.99г. была запрещена продажа акций комбината сторонним организациям.

Как установлено в судебном заседании, учредителями ООО являются гр-н Бухарин Г.М. и КОМПИ компания, учредительный договор от имени которой был подписан ее полномочным представителем Заводновым А.В. При этом последний на момент заключения договора купли-продажи от 18.01.99г. являлся членом Совета директоров комбината.

В силу этого, заключая договор купли-продажи акций, ООО должно было знать, что от имени торгового дома договор подписывает неполномоченное на то лицо и заключается крупная сделка при отсутствии согласия на это его учредителя.

При таких обстоятельствах и учитывая, что балансовая стоимость акций составляет 45% стоимости имущества торгового дома, а сделка по отчуждению акций от его имени заключена неуполномоченным на то лицом и в отсутствии согласия и одобрения учредителя, арбитражный суд находит, что заключенная сделка по купле-продаже акции комбината является недействительной.

Недействительность сделки по купле-продаже акций влечет за собой и признание недействительными и всех последующих сделок с ними, в т.ч. и перерегистрации акций с торгового дома на ООО.

На основании изложенного, руководствуясь ст.ст. 124-127 АПК РФ, арбитражный суд р е ш и л :

исковые требования ОАО "Качканарский горно-обогатительный комбинат"Ванадий" удовлетворить.

1. Договор купли-продажи №3 от 18.01.99г., заключенный между ООО "Торговый дом ОАО"Ванадий" и ООО "Полипром" признать недействительным.

2. Признать недействительными передаточные распоряжения от 20.01.00г. о списании с лицевого счета ООО"Торговый дом ОАО"Ванадий" во исполнении договора купли-продажи №3 от 18.01.99г. именных обыкновенных акций ОАО "Качканарский горно-обогатительный комбинат "Ванадий" выпуска № 62-III-290 от 12.07.93г. в кол-ве 9759 шт. и № 62-I-1396 от 12.06.96г. в кол-ве 2298225 шт.

3. Держателю реестра акционеров ОАО "Качканарский горно-обогатительный комбинат "Ванадий" ЗАОТ "Ведение реестров компаний" восстановить в системе ведения реестра владельцев именных ценных бумаг ОАО "Качканарский горно-обогатительный комбинат "Ванадий" записи о наличии на лицевом счете ООО "Торговый дом ОАО "Ванадий" именных обыкновенных акций ОАО "Качканарский горно-обогатительный комбинат "Ванадий" выпуска № 62-III-290 от 12.07.93г. в кол-ве 9759 шт. и №62-I-1396 от 12.06.96г. в кол-ве 2298225 шт.

продолжение решения по делу
№А22-1222/2000/6-109 от 22.11.0

3.

    Взыскать расходы по госпошлине в пользу ОАО "Качканарский горно-обогатительный комбинат "Ванадий" с ООО "Торговый дом ОАО"Ванадий" в размере 834 руб. 90 коп. и ООО "Полипром" – 834 руб. 90 коп.

    Выдать исполнительные листы по вступлении решения в законную силу.

    Настоящее решение может быть обжаловано сторонами в месячный срок со дня его принятия в апелляционную инстанцию Арбитражного суда РК.


        Судья                                    Логинов С.Н.

(3A)

[*Handwritten:*] 1) [*illegible*](In favor)
[*illegible*]

[*National Emblem*]

# FEDERAL COURT OF ARBITRATION OF NORTH CAUCASUS REGION

## RESOLUTION

Regarding the Cassation Court in charge of the Inspection of the Legality and Substantiation of the Enforced Decisions (Resolutions) of the Courts of Arbitration

**City of Krasnodar**          **Entry No. 998/2001**          **April 17, 2001**

Case No. A22-1222/2000-6/109

The Federal Court of Arbitration of the North Caucasus Region comprised of E. I. Afonina, presiding over the Court, and the judges S. M. Iliushnikova and T. A. Spiridenko, in the presence during the court's session of the representatives of Poliprom, Limited Liability Company (OOO Poliprom), V. V. Volnov (pursuant to authorization No. 11/7/-00 dated May 15, 2000), I. A. Kalinin (pursuant to authorization No. 7 dated July 20, 2000), the representative of Torgovyi Dom [House of Commerce] OAO Vanadii, Limited Liability Company (OOO Torgovyi Dom OAO Vanadii), V. A. Plotnikov (pursuant to authorization dated April 9, 2001), the representatives [*sic*] of the closed joint stock company Vedenie reestrov kompanii [Company Register Keeping] (AOZT Vedenie reestrov kompanii), V. Iu. Sumskii-Mironov (pursuant to authorization No. 34/2001 dated April 13, 2001), the representative of the open joint stock company Kachkanarskii Gorno-obogatitelnyi kombinat Vanadii [Vanadii Mining and Milling Complex of Kachkanar] (OAO Kachkanarskii GOK Vanadii), T. A. Zaborodko (pursuant to authorization dated April 9, 2001), upon the review of the cassation appeal of OOO Poliprom regarding the Decision dated November 22, 2000 (Judge S. N. [*illegible*]) of the Court of Arbitration of the Republic of Kalmykia in the matter No. A22-1222/2000-6/109, determined the following:

OAO Vanadii Mining and Milling Complex of Kachkanar has approached the Court of Arbitration with a claim directed towards OAO Vanadii House of Commerce and OOO Poliprom for the invalidation of Purchase and Sales Agreement No. 3 dated January 12, 2000, the invalidation of the transfer orders pursuant to which and in compliance with the agreement that is subject to this dispute the nominal common shares of OAO Vanadii Mining and Milling Complex of Kachkanar were written off from the personal account of the seller, as well as for the renewal in the register of nominal securities of OAO Vanadii Mining and Milling Complex of Kachkanar of the entry regarding the existence of nominal common shares transferred pursuant to the purchase and sales agreement subject to the dispute on the personal account of OOO OAO Vanadii House of Commerce.

In the capacity of a third party without its own claims regarding the matter of the dispute, AOZT Company Register Keeping has also been called.

[*Stamp:*] OAO Vanadii Mining and Milling Complex of Kachkanar

Pursuant to a Decision dated November 22, 2000, the claim actions have been fully satisfied on the basis of the fact that the disputed agreement had been entered into by an unauthorized person in the absence of a following approval of the transaction. In addition, the Court has pointed out that the purchase and sales agreement dated January 18, 1999, constitutes a major transaction; however, in contradiction with the regulations of Article 46 of the Federal Limited Liability Companies Act, a decision for the implementation of the disputed agreement has not been reached by the General Shareholders' Meeting.

The matter has not been reviewed in an appellation procedure.

In its cassation appeal OOO Poliprom asks for the revocation of the November 22, 2000, decision to deny the claim. The appellant refers to the fact that the appellant had not been properly notified about the place and time of the court hearing, which had been in violation of the appellant's right to legal protection, as well as to the non-compliance of the agreement for the purchase and sale of shares presented by the plaintiff with the requirements of Article 60 of the Code of Arbitration Procedure of the Russian Federation (lack of the original agreement in the materials related to this matter); the appellant also deems unsubstantiated the conclusion of the court regarding the performance of the disputed transaction by an unauthorized person and in the absence of a proper approval. In addition, the appellant indicates that the rights to an ownership to the stock subject to the disputed agreement have been acquired by Camble Corporation in connection with which the renewal of the entry on the personal account of OOO Vanadii OAO House of Commerce had been inappropriate and detrimental to the interests of the above person who is a bona fide buyer and must be called as a party to this matter.

Upon reviewing the materials in this matter, the arguments of the cassation appeal and after hearing the representatives of the parties, the Federal Court of Arbitration of the North Caucasus Region is of the opinion that the decision is to be revoked and the matter is to be directed for rehearing for the following reasons:

The Court had heard the case in the absence of the defendant while believing that OOO Poliprom had been properly notified about the time and place of the court hearing and there had been sufficient evidence regarding the positions of the parties.

The materials of the case indeed contain a notice to OOO Poliprom regarding the time of the court hearing, which had been sent to the following address: 14 Radio Street, Bldg. 1, 4th Floor, Suite 1, Room 23, Moscow, which corresponds to the legal address indicated in the founding documents thereof; therefore the appellant's reference to a lack of appropriate notice cannot be accepted by the cassation court.

In addition, the indication of the court regarding the presence in the materials of evidence regarding the positions of the parties that is sufficient for the reaching of a decision, does not correspond to the materials in this matter since OOO Poliprom had not participated in the court hearing and had not presented a withdrawal from its claim. The court had reached a decision on

the basis of the documents presented by the plaintiff and OOO Vanadii OAO House of Commerce, which have recognized the claim actions.

However, the conclusion of the court that OOO Vanadii OAO House of Commerce and OOO Poliprom have entered into a purchase and sale agreement dated January 18, 1999, which constitutes an invalid transaction pursuant to Article 183 of the Civil Code of the Russian Federation and Article 46 of the Federal Limited Liability Companies Act, has been reached based on the insufficiently cleared circumstances of this matter.

The materials in this matter contain an uncertified photocopy of the agreement for the purchase and sale of stock dated January 18, 1999, which has been presented by the plaintiff. In addition, during the session of the cassation court, the representatives of OAO Vanadii Mining and Milling Complex of Kachkanar and of OOO Vanadii OAO House of Commerce explained that they did not have the original of the agreement, while the representatives of OOO Poliprom presented an original of the agreement for the purchase and sale of the stock subject to this dispute dated January 18, 2000, which differs from the photocopy of an agreement dated January 18, 1999, found in the materials of the case not only with respect to the date of signing but with respect to its contents, including in the portion where it indicates the authorities of N. I. Chervinskii, who had signed the agreement on behalf of OOO Vanadii OAO House of Commerce and had acted, as indicated in the agreement, pursuant to the Minutes of the session of the Board of Directors of OAO Vanadii Mining and Milling Complex of Kachkanar of February 11, 1999, and pursuant to the bylaws. In accordance with the excerpt from the Minutes of the Minutes of the session of the Board of Directors of OAO Vanadii Mining and Milling Complex of Kachkanar of February 11, 1999, found in the materials of the case, the General Director of OOO Vanadii OAO House of Commerce, E. A. Mashkovtsev, had been temporarily removed from duty during an audit and N. I. Chervinskii had been appointed Acting General Director. There is no information in the case file regarding the time when the latter had been removed from the position of Acting General Director.

While disputing the conclusion of the court regarding the recognition of the stock purchase and sale agreement as a major transaction, OOO Poliprom refers to the inaccuracy of the data contained in the balance sheet of OOO Vanadii House of Commerce in the portion of the amount of fixed assets of the company as of the moment of the transaction. The file contains a balance sheet of OOO Vanadii House of Commerce which has not been marked as presented to the taxation authorities, which does not allow for reaching a conclusion that the information contained therein is true.

In addition, when granting the request for the renewal in the register of owners of nominal securities of OAO Vanadii Mining and Milling Complex of Kachkanar of the entry regarding the existence, on the personal account of OOO Vanadii OAO House of Commerce, of shares transferred pursuant to the disputed agreement, the court has not requested information from the register of shareholders for the purpose of determination of the persons entered into the register as owners of the disputed shares, as of the time of the matter's hearing. In addition, in its cassation appeal, OOO Poliprom refers to the expropriation of the shares by third parties, which, in the opinion of the former, were bona fide buyers.

Pursuant to Article 29 of the Federal Securities Market Act, an entry into the shareholders' register establishes the ownership right of the person to the appropriate number of shares. Therefore, the request of the plaintiff to renew the entry regarding the existence of the disputed shares on the personal account of OOO Vanadii OAO House of Commerce, in the event that such property is held by third parties that have purchased it pursuant to an agreement with OOO Poliprom, of which the appropriate entry had been made into the register, in essence means a request for the return of the property (Article 302 of the Civil Code of the Russian Federation). In connection with the above, the persons whose names appeared in the shareholders' register of OAO Vanadii Mining and Milling Complex of Kachkanar as owners of the disputed shares at the time of the hearing of the dispute, have to be called as parties in the matter since the request for the renewal of the previous entry in the register will affect their rights and legal interests.

In light of the fact that the circumstances listed above, the arguments of OOO Poliprom and the documents presented to the cassation court that are of significance for the matter had not been examined and have not been evaluated by the lower court, the decision subject to this appeal is to be revoked and the matter is to be directed for a new hearing.

During the new hearing of the matter, the court must demand from the parties the original of the purchase and sale agreement, the balance sheet of OOO Vanadii OAO House of Commerce marked for presentation before the taxation authorities, and information as to when N. I. Chervinskii has been removed from the position of Acting General Director of OOO Vanadii OAO House of Commerce, as well as to call all interested parties, and, in consideration of the above, to resolve the dispute in essence.

Considering the above and pursuant to Articles 171, and 174 – 177 of the Code of Arbitration Procedure of the Russian Federation, the Federal Court of Arbitration of the North Caucasus Region hereby

**RESOLVED:**

To revoke the decision of the Court of Arbitration of the Republic of Kalmykia dated November 22, 2000, in matter No. A22-1222/2000-6/109 and to submit the matter for rehearing by the lower court.

This Resolution shall become effective as of the moment of its signing and shall not be subject to appeal.

Chair:            E. I. Afonina

Judges:            [*illegible*]





ФЕДЕРАЛЬНЫЙ АРБИТРАЖНЫЙ СУД СЕВЕРО-КАВКАЗСКОГО ОКРУГА

ПОСТАНОВЛЕНИЕ

кассационной инстанции по проверке законности
и обоснованности решений (постановлений)
арбитражных судов, вступивших в законную силу

г. Краснодар            Вх. ФО8  998/2001        17 апреля 2001 года

Дело N А22-1222/2000-6/109

Федеральный арбитражный суд Северо-Кавказского округа в составе председательствующего Афониной Е.И., судей Ивонникова С.М. и Спириденко Т.А., при участии в судебном заседании представителей общества с ограниченной ответственностью «Полипром» (ООО «Полипром») Вольнова В.В. (по доверенности №11/7-00 от 15.05.2000, Калинина И.А. (по доверенности №7 от 20.07.2000), представителя общества с ограниченной ответственностью «Торговый дом ОАО «Ванадий» (ООО «Торговый дом ОАО «Ванадий») Плотникова В.А. (по доверенности от 09.04.2001), представителей акционерного общества закрытого типа «Ведение реестра компаний» (АОЗТ «Ведение реестров компаний») Сумского-Миронова В.Ю (по доверенности №34/2001 от 13.04.2001), представителя открытого акционерного общества «Качканарский горно-обогатительный комбинат «Ванадий» (ОАО «Качканарский ГОК «Ванадий») Забородько Т.А (по доверенности от 09.04.2001), рассмотрел кассационную жалобу ООО «Полипром» на решение от 22.11.2000 (судья Рогинов С.Н.) Арбитражного суда Республики Калмыкия делу № А22-1222/2000-6/109, установил следующее.

ОАО «Качканарский ГОК «Ванадий» обратился в арбитражный суд с иском к ООО «Торговый дом ОАО «Ванадий» и ООО «Полипром» о признании недействительным договора купли-продажи акций №3 от 18.01.99, о признании недействительными передаточных распоряжений, на основании которых во исполнение оспариваемого договора с лицевого счета продавца были списаны именные обыкновенные акции ОАО «Качканарский ГОК «Ванадий», а также о восстановлении в реестре владельцев именных ценных бумаг ОАО «Качканарский ГОК «Ванадий» записи о наличии на лицевом счете ООО «Торговый дом ОАО «Ванадий» именных обыкновенных акций, переданных по оспариваемому договору купли-продажи.

В качестве третьего лица, не заявляющего самостоятельных требований на предмет спора, привлечено АОЗТ «Ведение реестров компаний».

ОАО "Качканарский ГОК

Решением ( 22.11 2000 исковые требования ( пастые удовлетворены на том основании, что оспариваемый договор заключен неуполномоченным лицом в отсутствие последующего одобрения сделки. Кроме того, суд указал, что договор купли-продажи от 18.01.99 является крупной сделкой, однако в нарушение нормы статьи 46 Федерального закона «Об обществах с ограниченной ответственностью» решение о совершении оспариваемого договора общим собранием акционеров общества не принималось.

В апелляционном порядке дело не пересматривалось.

В кассационной жалобе ООО «Полипром» просит отменить решение от 22.11 2000, в иске отказать. Заявитель жалобы ссылается на то, что он не был надлежащим образом извещен о месте и времени судебного заседания, чем было нарушено его право на судебную защиту, на несоответствие представленного истцом договора купли-продажи акций требованиям статьи 60 Арбитражного процессуального кодекса Российской Федерации (отсутствие в материалах дела подлинного договора), полагает необоснованным вывод суда о совершении оспариваемой сделки неуполномоченным лицом и в отсутствие надлежащего одобрения . Кроме того, заявитель указывает, что право собственности на акции, являющиеся предметом оспариваемого договора, приобрела Компания «Кэмбл корпорэйшн», в связи с чем восстановление записи на лицевом счете ООО «Торговый дом ОАО «Ванадий» произведено неправомерно, затрагивает интересы указанного лица, которое является добросовестным приобретателем и должно быть привлечено к участию в деле.

Федеральный арбитражный суд Северо-Кавказского округа, изучив материалы дела, доводы кассационной жалобы и выслушав представителей сторон, считает, что решение подлежит отмене, а дело направлению на новое рассмотрение по следующим основаниям.

Суд рассмотрел дело в отсутствие ответчика, считая, что ООО «Полипром» был надлежаще извещен о времени и месте судебного заседания и имеется достаточно данных, свидетельствующих о позиции сторон.

В материалах дела действительно имеется уведомление ООО «Полипром» о времени судебного заседания, направленное по адресу: г. Москва, ул. Радио,14, стр.1, этаж 4. помещение 1, комната 23, что соответствует юридическому адресу, указанному в его учредительных документах, поэтому ссылка заявителя жалобы на отсутствие надлежащего уведомления, не может быть принята кассационной инстанцией.

Вместе с тем указание суда о наличии в деле данных, свидетельствующих о позиции сторон и достаточных для принятия решения, не соответствует материалам дела, поскольку ООО «Полипром» в судебном заседании не участвовало и отзыв на исковое заявление им не представлялся . Суд принял решение на основании документов, представленных истцом и ООО «Торговый дом ОАО «Ванадий», признавшим исковые требования

Однако вывод суда о том, что ООО «Торговый дом ОАО «Ванадий» и ООО «Полипром» заключен договор купли-продажи акций от 18.01.99, который является недействительной сделкой на основании статьи 183 Гражданского кодекса Российской Федерации и статьи 46 Федерального закона «Об обществах с ограниченной ответственностью» сделан по недостаточно выясненным обстоятельствам дела.

В материалы дела истцом представлена не заверенная ксерокопия договора купли-продажи акций от 18.01.99. При этом в заседании кассационной инстанции представители ОАО «Качканарский ГОК «Ванадий» и ООО «Торговый дом ОАО «Ванадий» пояснили, что подлинный договор у них отсутствует, в то же время представители ООО «Полипром» представили подлинник договора купли-продажи спорных акций от 18.01.2000, отличный от имеющейся в материалах дела ксерокопии договора от 18.01.99 не только датой заключения, но и содержанием, в том числе в части указания на полномочия Червинского Н.И., подписавшего договор со стороны ООО «Торговый дом ОАО «Ванадий» и действующего, как указано в договоре, на основании протокола заседания совета директоров ОАО «Качканарский ГОК «Ванадий» от 11 февраля 1999 года и устава. В соответствии с имеющейся в материалах дела выпиской из протокола заседания совета директоров ОАО «Качканарский ГОК «Ванадий» от 11 февраля 1999 года генеральный директор ООО «Торговый дом «Ванадий» Машковцев Е.А. был временно отстранен от должности на время проведения ревизии, временно исполняющим обязанности генерального директора ООО «Торговый дом «Ванадий» назначен Червинский Н.И. Сведения о том, когда последний был отстранен от исполнения обязанностей генерального директора в материалы дела не представлены.

Оспаривая вывод суда о признании договора купли-продажи акций крупной сделкой, ООО «Полипром» ссылается на неточность данных бухгалтерского баланса ООО «Торговый дом «Ванадий» в части величины активов имущества общества на момент заключения сделки. В деле имеется баланс ООО «Торговый дом «Ванадий», в котором отсутствуют отметки о представлении его в налоговые органы, что не позволяет сделать вывод о достоверности содержащихся в нем сведений.

Кроме того, удовлетворяя требование о восстановлении в реестре владельцев именных ценных бумаг ОАО «Качканарский ГОК «Ванадий» записи о наличии на лицевом счете ООО «Торговый дом ОАО «Ванадий» акций, переданных по оспариваемому договору, суд не истребовал данные реестра акционеров с целью установления лиц, значащихся в реестре в качестве владельцев спорных акций на момент рассмотрения спора. Вместе с тем в кассационной жалобе ООО «Полипром» ссылается на отчуждение акций третьим лицам, которые по его мнению, являются добросовестными приобретателями.

Согласно статье 29 Федерального закона «О рынке ценных бумаг» запись в реестре акционеров фиксирует право собственности лица на соответствующее количество акций. Поэтому требование истца о восстановлении записи о наличии на лицевом счете ООО «Торговый дом ОАО «Ванадий» спорных акций, в случае если это имущество находится у третьих лиц, которые приобрели его по договору с ООО «Полипром», о чем в реестр внесена соответствующая запись, по существу означает требование о возврате имущества (статья 302 Гражданского кодекса Российской Федерации). В связи с этим лица, числящиеся на момент рассмотрения спора в реестре акционеров ОАО «Качканарский ГОК «Ванадий» в качестве владельцев спорных акций, должны быть привлечены к участию в деле, поскольку требование о восстановлении в реестре прежней записи затрагивает их права и законные интересы.

Поскольку перечисленные обстоятельства, доводы ООО «Полипром» и представленные в кассационную инстанцию документы, имеющие существенное значение для дела, не были предметом изучения суда первой инстанции и им не дано оценки, обжалуемое решение подлежит отмене, а дело – направлению на новое рассмотрение.

При новом рассмотрении дела суду необходимо истребовать у сторон подлинный договор купли-продажи акций, баланс ООО «Торговый дом ОАО «Ванадий» с отметкой о представлении его в налоговые органы, сведения о том, когда Червинский Н.И. был отстранен от должности исполняющего обязанности генерального директора ООО «Торговый дом ОАО «Ванадий», привлечь к участию всех заинтересованных лиц и с учетом этого разрешить спор по существу.

Учитывая изложенное, руководствуясь статьями 171, 174-177 Арбитражного процессуального кодекса Российской Федерации, Федеральный арбитражный суд Северо-Кавказского округа

ПОСТАНОВИЛ:

решение Арбитражного суда Республики Калмыкия от 22.11.2000 по делу №А22-1222/2000-6/109 отменить, дело передать на новое рассмотрение в суд первой инстанции.

Постановление вступает в законную силу с момента его принятия и обжалованию не подлежит.

Председательствующий                                                      Е.И. Афонина

Судьи

**In the name of the Russian Federation**
**DECISION**

July 05, 2001                    Case no. A22-1222/2000/6-109

L.B. Dzhambinova, judge of the Arbitrazh Court for the Republic of Kalmykia, having considered in the court session the case initiated by the complaint of OAO "Kachkanar ore mining and processing enterprise "Vanadium" to OOO "Trading house OAO "Vanadium" and OOO "Poliprom" to invalidate the contract for the sale of securities No. 3 of 18.01.99.

With the participation in the session:

For the claimant — Ye. Znamensky, for the respondent — OOO "Trading house OAO "Vanadium" — I.Ye. Dvorovenko, for the third party — AOZT "Vedeniye reestrov kompaniy" — the representative did not appear, for OOO "Poliprom" — I.A. Kalinin.,

HAS ESTABLISHED:

The open joint-stock company OAO "Kachkanar ore mining and processing enterprise "Vanadium" made recourse to the Arbitrazh Court for the Republic of Kalmykia with a complaint against OOO "Trading house OAO "Vanadium" and OOO "Poliprom" to invalidate the contract for the sale of securities No. 3 of 18.01.99, to hold invalid the transfer orders on the basis of which in fulfillment of the challenged contract registered ordinary shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium" were written off from the personal account of the seller, and also to restore in the register of the holders of registered ordinary securities of OAO "Kachkanar ore mining and processing enterprise "Vanadium" the entry of the presence on the personal account of OOO "Trading house OAO "Vanadium" of the registered ordinary shares transferred under the challenged contract of sale.

Ye.V. Znamensky, representing the claimant, in the court session explained that he supports the stated claims and asks the Arbitrazh Court for the Republic of Kalmykia to satisfy them.

The representative of the claimant explained that the contract for the sale of securities No. 3 of 18.01.99 and the transfer orders were signed on behalf of OOO "Trading house OAO "Vanadium" by N.I. Chervinsky, who was not the Director General of the OOO "Trading house OAO "Vanadium", i.e. had no authority to enter into any transactions on behalf of the trading house.

Besides, the transaction was a large-scale transaction for the trading house as defined by the current legislation, for which the consent of the General meeting of the company founders is required. However, this was not done, and, consequently, the respondent — OOO "Poliprom" — wrongfully acquired the disputed shares.

The representative of the OOO "Trading house OAO "Vanadium" recognized the stated claims and fully supports the explanations given by the claimant in the court session.

Having examined and studied the materials in the case, heard the representatives of the parties, the Arbitrazh Court believes that the stated claims of the claimant are to be satisfied. As the court has established that the contract for the sale of securities and transfer orders were signed on behalf of the trading house by N.I. Chervinsky, who at the moment of signing the contract had no authority to do so, and in accordance with Article 183 of the Civil Code of the Russian Federation in absence of authority to act on behalf of

another person or in exceeding such authority the transaction is considered to be effected for and on behalf of the person so effecting it, unless such other person later expressly ratifies the given transaction.

Proceeding from the above, a contract signed by an unauthorized person may not be legally binding on the parties. The Arbitrazh Court concludes that there was a large-scale transaction effected between the parties to the dispute to dispose of the shares of the "Vanadium" industrial enterprise, but in accordance with Article 46.3 and 5 of the Federal Law "On limited liability companies" a large-scale transaction requires the decision of the General meeting of the company members.

Under the circumstances the transaction to dispose of the shares of the industrial enterprise was effected by an unauthorized person, N.I. Chervinsky, and in absence of the decision of the General meeting on effecting a large-scale transaction is invalid. According to Article 168 of the Civil Code of the Russian Federation, a transaction not corresponding to the requirements of the law or other legal acts is null and void, unless the law establishes that it is voidable or stipulates other consequences of the transgression. Invalidity of the transaction under a contract for the sale of shares entails the invalidation of all subsequent transactions with these shares. Consequently, the court concludes that the stated claims of the claimant are to be satisfied.

Proceeding from the above, being guided by Articles 124 to 126 of the Arbitrazh Procedure Code of the Russian Federation, the court

## HAS DECIDED:

To hold invalid the contract for the sale of securities No. 3 of 18.01.99 concluded between OOO "Trading house OAO "Vanadium" and OOO "Poliprom".

To hold invalid the transfer orders from 20.01.00 to write off from the personal account of OOO "Trading house OAO "Vanadium", in fulfillment of the contract for the sale of securities No. 3 of 18.01.99, registered ordinary shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium", issue No. 62-111-290 from 12.07.3 in the amount of 9759 units and No. 62-1-11396 from 12.06.96 in the amount of 2298225 units.

To instruct AOZT "Vedeniye reestrov kompaniy" — the holder of the register of the shareholder of OAO "Kachkanar ore mining and processing enterprise "Vanadium" — to restore in the system of keeping the register of the holders of registered ordinary securities of OAO "Kachkanar ore mining and processing enterprise "Vanadium" the entry of the presence on the personal account of OOO "Trading house OAO "Vanadium" of registered ordinary shares of OAO "Kachkanar ore mining and processing enterprise "Vanadium", issue No. 62-111-290 from 12.07.3 in the amount of 9759 units and No. 62-1-11396 from 12.06.96 in the amount of 2298225 units.

To exact the expenses for the payment of the state duty in the amount of 1000 rubles from OOO "Trading house OAO "Vanadium" and in the amount of 1000 rubles from OOO "Poliprom" for the benefit of OAO "Kachkanar ore mining and processing enterprise "Vanadium".

The decision becomes effective within a month after it is taken, but may be appealed.


Judge        L.B. Dzhambinova


Arbitrazh Court for the Republic of Kalmykia
True copy
[signature]



Именем Российской Федерации

Р Е Ш Е Н И Е

05 июля 2001 года                              Дело №А22/1222-00/6-109

Судья арбитражного суда Республики Калмыкия Джамбинова Л.Б., рассмотрев в судебном заседании дело по иску ОАО «Качканарский горно-обогатительный комбинат «Ванадий» к ООО «Торговый дом ОАО «Ванадий» к ООО «Полипром» о признании недействительным договора купли-продажи ценных бумаг №3 от 18.01.99 г.,

При участии в заседании: От истца - Знаменский Е., от ответчика – ООО «Торговый дом АО «Ванадий» – Дворовенко И.Е., 3-лица – «Ведение реестров компаний» - представитель не явился, ООО «Полипром» – Калинин И.А.,

У с т а н о в и л :

Открытое акционерное общество «Качканарский горно-обогатительный комбинат «Ванадий» обратилось в арбитражный суд РК с иском к ООО «Торговый дом ОАО «Полипром» о признании недействительным договора купли-продажи ценных бумаг №3 от 18.01.99 г. о признании недействительными передаточных распоряжений, на основании которых во исполнение оспариваемого договора с лицевого счета продавца были списаны именные обыкновенные акции ОАО «Качканарский ГОК «Ванадий», а также о восстановлении в реестре владельцев именных ценных бумаг ОАО «Качканарский ГОК «Ванадий» записи о наличии на лицевом счете ООО «Торговый дом ОАО «ванадий» именных обыкновенных акций, переданных по оспариваемому договору купли-продажи.

Представитель истца Знаменский Е. В судебном заседании объяснил, что поддерживает исковые требования и просит арбитражный суд РК удовлетворить их.

Представитель истца пояснил, что договор купли-продажи ценных бумаг №3 от 18.01.99 г. и передаточные распоряжения со стороны ООО «Торговый дом «Ванадий» были подписаны Червинским Н.И., который не являлся генеральным директором торгового дома ОАО «Ванадий», то есть полномочий для каких-либо совершений сделок со стороны торгового дома не был наделен.

Также указанная сделка для торгового дома являлась крупной согласно действующего законодательства для заключения договора должно

ОАО
«Качканарский ГОК
«ВАНАДИЙ»
Вх.№3657 от _

быть согласие общего собрания учредителей общества. Однако этого сделано не было и соответственно ответчик ООО «Полипром» неправомерно завладело спорными акциями.

Представитель торгового дома ОАО «Ванадий» исковые требования признал и изложенные пояснения истца в судебном заседании полностью поддерживает.

Исследовав материалы дела, изучив их, выслушав представителей сторон арбитражный суд считает, что исковые требования истца подлежат удовлетворению. Поскольку судом установлено, что договор купли-продажи ценных бумаг и передаточные распоряжения от имени торгового дома были подписаны Червинским Н.И., который на момент подписания договора не имел полномочий и согласно ст.183 ГК РФ при отсутствии полномочий действовать от имени другого лица или при превышении таких полномочий сделка считается заключенной от имени и в интересах совершившего его лица, если только другое лицо впоследствии прямо не одобрит данную сделку.

В силу изложенного, договор подписанный неуполномоченным лицом не может влечь для сторон правовых последний. Арбитражный суд приходит к выводу, что между сторонами по делу (спору) была заключена крупная сделка по отчуждению акций комбината «Ванадий», но в соответствии с п.3 и 5 ст. 46 ФЗ «Об обществах с ограниченной ответственностью» для совершения крупной сделки должно быть принято решение общего собрания участников общества.

При таких обстоятельствах сделка по отчуждению акций комбината заключена неуполномоченным лицом Червинским Н.И. и без решения общего собрания о совершении крупной сделки является недействительной. Согласно ст. 168 ГК РФ сделка, не соответствующая требованиям закона или иных правовых актов, ничтожна, если закон не устанавливает, что такая сделка оспорима, или не предусматривает иных последствий нарушения. Недействительность сделки по договору купли-продажи акций влечет за собой признание недействительными и всех последующих сделок с ними. Следовательно, суд приходит к выводу, что исковые требования истца подлежат удовлетворению.

На основании изложенного, руководствуясь ст. 124-126 АПК РФ, суд

Р е ш и л :

Признать договор купли-продажи ценных бумаг №3 от 18 января 1999 года недействительным заключенный между ООО «Торговый дом ОАО «Ванадий» и ООО «Полипром».

Признать недействительным передаточные распоряжения от 20.01.00. о списании с лицевого счета ООО «Торговый дом ОАО «Ванадий» во исполнение договора купли-продажи №3 от 18.01.99. именных обыкновенных акций ОАО «Качканарский горно-обогатительный комбинат «Ванадий» выпуска №62-111-290 от 12.07.3. в количестве 9759 штук и № 62-1-1396 от 12.06.96. в количестве 2298225 штук

Держателю реестра акционеров ОАО «Качканарский горно-обогатительный комбинат» «Ванадий» ,АОЗТ «Ведение реестров компаний» восстановить в системе ведения реестра владельцев в именных ценных бумаг ОАО «Качканарский горно-обогатительный комбинат «Ванадий» записи о наличии на лицевом счете ООО Торговый дом ОАО «Ванадий» именных обыкновенных акций ОАО «Качканарский горно-обогатительный комбинат «Ванадий» выпуска № 62-111-290 от 12.07.93. в количестве 9759 шт. и № 62-1-1396 от 12.06.96. в количестве 2298225 штук.

Взыскать расходы по госпошлине в размере 1.000 рублей с ООО «Торговый дом ОАО «Ванадий» и с «Полипром» в размере 1.000 рублей в пользу ОАО «Качканарский горно-обогатительный комбинат «Ванадий».

Вступает в законную силу с момента его принятия в месячный срок, но может быть обжаловано.

Судья    Джамбинова

<u>ARBITRATION COURT OF THE REPUBLIC OF KALMYKIA</u>

RULING

On a continuance in the hearing of the case
and the inclusion of a third party in the case

City of Elista
September 10, 2001                        Case No. A22-1222/2000/6-109/Ap-46

  The Arbitration Court of the Republic of Kalmykia, comprising Presiding Judge
R. D. Churyumova and Associate Judges L. A. Alzheyeva and V. E. Bembeyev, having
reviewed the materials of the case in the appeal brought by Vanadiy Mining and
Enrichment Plant of Kachkanar OJSC
against T.D. of Vanadiy OJSC, LLC,
and Poliprom LLC,
and Vedeniye Reyestra Kompaniy [Maintaining Company Registries] CJSC
seeking a declaration that the contract is invalid

FINDS:

  A representative of the defendant Poliprom LLC appeared at the hearing of the
arbitration court. Motions for a continuance in the hearing of the case were filed by the
plaintiff, Vanadiy Mining Enrichment Plant of Kachkanar OJSC, and the defendant, T.D.
of Vanadiy OJSC, LLC.

  The court finds that the appeal by Poliprom LLC cannot be reviewed at this court
hearing in the absence of the representatives from the other parties to the case. The
motion for a continuance in the hearing of the case shall be granted.

  In filing the appeal, Poliprom LLC made a motion to include the company Hold
Ex LLC as a third party in the case as a good faith purchaser of securities under a contract
dated January 20, 2000.

  The court deems it necessary to grant that motion.

  Poliprom LLC also indicated in the appeal that the owner of the disputed shares is
Campbell Corporation, which should also be included in the case. In connection with this
Poliprom LLC must submit a written explanation and present evidence supporting its
arguments.

  Moreover, the court believes that in order to follow the directions of the Federal
Arbitration Court of the Northern Caucasus District that it is necessary to request
additional evidence in the case and to made additional preparations for the court hearing.

  The Court, guided by Article 120 of the Code of Arbitration Procedure of the
Russian Federation:

RULES:

1. The motion for a continuance in the review of the case is granted.

2. The hearing of the case is continued until October 12, 2001, at 10:00 in Room 305 of the Arbitration Court of the RK [Republic of Kalmykia] located at 9 Pushkin St., telephone: 2-14-68.

3. The motion by Poliprom LLC is granted and Hold Ex LLC is included in the case as a third party.

4. The following shall be presented for review:
**by the plaintiff: --** the original agreement for the sale and purchase of securities, No. 3 dated January 18, 1[9]99, and
-- documents confirming the nomination and termination of N. I. Chervinskiy as acting General Director. The address of Panorama Registrar Company OJSC must be provided immediately.
**by Poliprom LLC:** --copies of the Charter and the Founding Agreement, with the originals provided for examination;
-- the original agreement for the sale and purchase of securities dated January 18, 2000, and January 20, 2000, for examination, and
-- an explanation with evidence regarding Campbell Corporation [illegible handwritten note]
**by third party, Vedeniye Reyestra Kompaniy CJSC:**-- immediate presentation of the data from the shareholder registry. [handwritten notation: not presented]
**by third party, Hold Ex LLC:**-- evidence confirming title to the disputed securities.

5. The appearance of the parties to the case is mandatory.

Presiding Judge            [signature]           R. D. Churyumova

Associate Judges                                 L. A. Adzheyeva
                                                 V. E. Bembeyev

# АРБИТРАЖНЫЙ СУД РЕСПУБЛИКИ КАЛМЫКИЯ

## О П Р Е Д Е Л Е Н И Е
### об отложении рассмотрения дела,
### привлечению к участию в рассмотрении дела 3-е лицо

г. Элиста
10 сентября 2001 года                 Дело № А22-1222/2000/6-109/Ар-46

Арбитражный суд Республики Калмыкия в составе: председательствующего Чурюмовой Р.Д., судей Алжеевой Л.А., Бембеева В.Э. рассмотрел материалы дела по апелляционной жалобе ОАО «Качканарский ГОК «Ванадий»
К ООО «Т.Д. ОАО «Ванадий»
К ООО «Полипром»
К АОЗТ «Ведение реестра компаний»
о признании договора недействительным

у с т а н о в и л :

В заседание арбитражного суда явился представитель ответчика - ООО «Полипром». От истца – ОАО «Качканарский ГОК «Ванадий» и ответчика - ООО «ТД ОАО «Ванадий» поступили ходатайства об отложении рассмотрения дела.

Суд находит, что дело по апелляционной жалобе ООО «Полипром» не может быть рассмотрено в данном судебном заседании в отсутствие представителей других лиц, участвующих в рассмотрении дела. Ходатайство об отложении рассмотрения дела подлежит удовлетворению.

При подаче апелляционной жалобы ООО «Полипром» заявлено ходатайство о привлечении компании «Холд Экс Эл Эл.Си» к участию в деле в качестве третьего лица как добросовестного приобретателя ценных бумаг по договору от 20.01.2000г.

Суд считает необходимым удовлетворить заявленное ходатайство.

Вместе с тем в кассационной жалобе ООО «Полипром» указал, что собственником спорных акций является Компания «Кэмбл Корпорэйшн», которая должна быть привлечена к участию в деле. В связи с чем ООО «Полипром» необходимо дать письменное объяснение по этому поводу с представлением доказательств, подтверждающих его доводы.

Кроме этого, суд полагает, что для исполнения указаний Федерального арбитражного суда Северо-Кавказского округа, необходимо истребовать дополнительные доказательства по делу и произвести дополнительные действия по подготовке дела к судебному разбирательству.

Руководствуясь ст.120 АПК РФ, суд

о п р е д е л и л:

**1.** Ходатайство об отложении рассмотрения дела удовлетворить.

**2.** Рассмотрение дела отложить на **12 октября 2001 г.** 10-00 часов в каб 305 помещения арбитражного суда РК по ул Пушкина, 9; тел.2-14-68

**3.** Удовлетворить ходатайство ООО «Полипром» и привлечь к участию в рассмотрении дела в качестве 3-го лица Компанию «Холд Экс Эл.Эл.Си»

**4.** К рассмотрению дела в заседании __представить__:
истцу – подлинник договора купли-продажи ценных бумаг № 3 от 18.01.99г.
- документы подтверждающие назначение и отстранение Червинского Н И от исполнения обязанностей Ген.директора.   Срочно сообщить адрес ОАО «Компания-регистратор «Панорама».
**ООО «Полипром»** – Устав, Учредительный договор (копии), подлинники – для обозрения;
- подлинник договора купли-продажи акций от 18.01.2000г , 20.01.2000г. – для обозрения;
- объяснение с доказательствами в отношении Компании «Кэмбл Корпорэйшн» 20222.
**3-му лицу – АОЗТ «Ведение реестра компаний» – срочно** представить данные реестра акционеров не представ.
**3-му лицу – компании «Холд Экс Эл.Эл.Си.»** – доказательства, подтверждающие право собственности на оспариваемые ценные бумаги.

**5.** Явка лиц, участвующих в рассмотрении дела, обязательна.


**Председательствующий**                                           Чудюмова Р.Д.

**Судьи**                                                                          Алжеева Л.А.

                                                                                         Бембеев В.Э.

[stamp]

*Not subscribed for the service.*

State Unitary Enterprise RBSO

# THE REPUBLIC OF KALMYKIA ARBITRATION COURT

**Appellate Division**
responsible for validating lawfulness and validity of
the pending decisions of arbitration courts

## RULING

**November 9, 2001**
**City of Elista**                    **Case No. A22-1222/2000/6-109**

The Republic of Kalmykia Arbitration Court composed of:
R. D. Churiumova, Presiding Judge,
L. A. Alzheyeva, V. I. Tokareva, Judges,
with the participation:
from the plaintiff: Ye. N. Znamensky, representative of OAO Kachkanarsky GOK Vanadiy ["Vanadiy Kachkanar Mining and Dressing Integrated Works" Public Joint-Stock Company] (by power of attorney No. 73 dated May 14, 2001);
from the defendants: V. V. Volnov, representative of OOO Poliprom ["Poliprom" Limited Liability Company] (by attorney), I. Ye. Dvorovenko, representative of OOO Torgovy Dom OAO Vanadiy ["Trading House of OAO Vanadiy" Public Joint-Stock Company] (by power of attorney dated April 9, 2001),
third parties: V. V. Volnov, representative of Hold X, L.L.C. (by power of attorney dated March 23, 2001),
ZAO Vedeniye Reestrov Kompaniy ["Registry Keeping of Corporations" Private Joint-Stock Company] – did not appear,
having considered in the court sitting an appeal by OOO Poliprom from the decision of the Republic of Kalmykia Arbitration Court (judge L. B. Jambinova) on case No. A22-1222/2000/6-109 dated July 5, 2001,

FOUND that:

OAO Kachkanarsky GOK Vanadiy brought an action against OOO Torgovy Dom OAO Vanadiy, OOO Poliprom for declaration invalid the Securities Sale Contract No. 3 dated January 18, 1999; for declaration invalid the Transfer Orders under which, in pursuance of the disputed contract, registered shares of common stock in OAO Kachkanarsky GOK Vanadiy were removed from the

vendor's account; and for restoring in the Registry of Owners of Registered Securities of OAO Kachkanarsky GOK Vanadiy the entry reflecting availability of the registered shares of common stock, transferred to the OOO Torgovy Dom OAO Vanadiy account under the disputed Contract.

AOZT Vedeniye Reestrov Kompaniy has been called before this Court as a third party making no independent claims on the subject-matter of case. By the decree of the Republic of Kalmykia Arbitration Court dated September 10, 2001, Hold Ex, L.L.C. was called before this Court as a third party making no independent claims on the subject-matter of case, at the request of OOO Poliprom. By the decision of the Republic of Kalmykia Arbitration Court dated November 22, 2000, the plaintiff's, OAO «Kachkanarsky GOK Vanadiy, claims were fully sustained on the grounds that the disputed contract was concluded by an unauthorized person without subsequent approval of the transaction. In addition, the court indicated that the Sale Contract dated January 18, 1999, was a material transaction, however, in violation of the Federal Limited Liability Company Law, Article 46, no decision was made to effect the disputed contract.

By the ruling of the Federal Arbitration Court for the North Caucasian District dated April 17, 2001, the November 22, 2000, decision of the Republic of Kalmykia Arbitration Court was reversed and the case was returned to the court of first appearance for reconsideration with an instruction that during the reconsideration the court must demand from the parties the original Stock Sale Contract, the balance sheet of OOO Torgovy Dom OAO Vanadiy with the stamp reflecting the balance was submitted to the tax authorities, information when N. I. Chervinsky was dismissed from his position as Acting Director General of OOO Torgovy Dom OAO Vanadiy, calling before the court all interested parties and, taking all the above into account, to settle the subject-matter of the dispute. By the decision of the Republic of Kalmykia Arbitration Court on the case No. A22-1222/2000/6-109 dated July 3, 2001, the plaintiff's, OAO «Kachkanarsky GOK Vanadiy, claims where allowed.

By allowing the plaintiff's claims the court came to a conclusion that the disputed January 18, 1999, securities Sale Contract No. 3 between the defendants does not meet the requirements of the law and is invalid.

The defendant, OOO Poliprom. disagreed with the above decision and made appeal asking the court to reverse this decision in full and to dismiss the case, referring to insufficient clarification of circumstances that are material for the case, as well as to violation of the law of procedure.

During the court hearing, the OOO Poliprom representative supported the arguments of the appeal and asked the court to reverse the decision of the court of first appearance.

The OAO Kachkanarsky GOK Vanadiy representative and the OOO Torgovy Dom OAO Vanadiy representative proposed that the court of appellate jurisdiction leaves the decision of the court of first appearance unchanged and the appeal unanswered.

The court of appellate jurisdiction, having heard the opinions of the parties and reviewed the documents of the case, found that on January 18, 1999, OOO Poliprom and OOO Torgovy Dom OAO Vanadiy concluded the securities Sale Contract No. 3, according to which the following registered shares of common stock in OAO Kachkanarsky GOK Vanadiy were sold to OOO Poliprom:

− 9,759 shares issued on July 12, 1993, issue No. 62-1P-290, for the amount of 23,504 rub. and 80 kop;

− 2,298,225 shares issued on June 12, 1996, issue No. 62-1-1396, for the amount of 5,535,342 rub. and 20 kop.

An entry reflecting transfer of the ownership in the above shares of OAO Kachkanarsky GOK Vanadiy stock from OOO Torgovy Dom OAO Vanadiy to OOO Poliprom was made in the Registry

of Shareholders according to two Transfer Orders dated January 21, 2000.

On the part of OOO Torgovy Dom OAO Vanadiy, the January 18, 1999, securities Sale Contract No. 3 and the Transfer Orders were signed by N. I. Chervinsky, who was not the Director General of OOO Torgovy Dom OAO Vanadiy and who had no authority to make any transactions; the above statement is supported by the documents reflecting his appointment to this position and dismissal from it, submitted by OOO Torgovy Dom OAO Vanadiy and by the defendant, OOO Poliprom, itself in the latter's reply to the plaintiff's claim.

According to the OOO Torgovy Dom OAO Vanadiy Charter, balance sheet with the tax authority stamp and pursuant to the Federal Limited Liability Company Law, the above transaction was a material transaction for OOO Torgovy Dom OAO Vanadiy. Pursuant to the Federal Joint Stock Company Law, Article 46, for concluding a material transaction by a company it is necessary to have the decision by the general meeting of the company associates. However, such decision was not made.

Under the circumstances described above, the decision of the court of the first appearance to answer the plaintiff's claims for declaration of the January 18, 1999, securities Sales Contract No. 3 invalid, was lawful and substantiated.

In its appeal the claimant refers to not being duly notified about time and place of the court hearing, thereby its right of relief was violated and it was deprived of possibility to submit to the court evidence in the case.

The documents of the case include a receipt from OOO Poliprom of proper notification about time and place of the court hearing, and for that reason the claimant's reference to the absence of proper notification may not be accept by the Appellate Division.

During the court hearing, the OOO Poliprom representative claimed that the removing of the disputed block of shares from the OOO Torgovy Dom OAO Vanadiy account was made pursuant to the January 18, 2000, securities Sale Contract No. 3, and in support of this claim presented the original contract and explained that the plaintiff did not have the original securities Sale Contract. Based on this statement, the OOO Poliprom representative makes a conclusion that the January 18, 1999, contract No. 3 was falsified by the plaintiff. In support of his statement the OOO Poliprom representative presented Resolution No. 00355 issued by the State Registration Chamber of the Republic of Kalmykia on June 22, 1999, according to which OOO Poliprom was incorporated on June 22, 1999.

The OOO Torgovy Dom OAO Vanadiy representative and the OAO Kachkanarsky GOK Vanadiy representative while objecting to this statement presented the original January 18, 1999, securities Sale Contract No. 3 and explained that removal of the securities was performed pursuant the January 18, 1999, securities Sale Contract No. 3. The plaintiff's representative also referred to the certificate, issued by ZAO Kompania-Registrator Panorama ["Panorama Company-Registrar" Private Joint-Stock Company], according to which the entry of removing the securities from the OOO Torgovy Dom OAO Vanadiy account was made pursuant to the January 18, 1999, Sale Contract No. 3.

The plaintiff's representative in the court explained that OOO Poliprom was incorporated as a legal entity after the disputed January 18, 1999, Contract No. 3 was concluded and that this circumstance is one that supports the claim for declaration of this contract invalid.

The Appellate Division having evaluated all body of evidence presented found that the defendants in fact concluded the January 18, 1999, securities Sale Contract No. 3. This circumstance is confirmed by the extracts from the Registry presented by the OOO Poliprom representative himself, according to which the entry of removal of the above shares of stock from the OOO Torgovy Dom

OAO Vanadiy account was made pursuant to the January 18, 1999, securities Sale Contract No. 3, and by the certificate presented by ZAO Kompania-Registrator Panorama which was the Holder of the Registry of the owners of OAO Kachkanarsky GOK Vanadiy securities at the time the disputed contract was concluded. Besides, the Court found substantiated the plaintiff's claim that the fact OOO Poliprom was registered after the January 18, 1999, disputed Contract was concluded, is one of the grounds for declaration this contract invalid.

Based on the above considerations and pursuant to Articles 91, 95, 153, 155, 157, 158, 159 (§ 1, §§ 2, 3) of the Russian Federation Code of Arbitration Practice,

IT IS HEREBY ORDERED by the Arbitration Court:

that the decision of the Republic of Kalmykia Arbitration Court dated July 5, 2001, on the Case No. A22-1222/2000/6-109 be left unchanged and the appeal unanswered.

IT IS FURTHER ORDERED that this ruling shall be effective immediately and may be appealed in the Federal Arbitration Court for Northern Caucasian District under the appeal procedure within one month of the date of this ruling.

| | | |
|---|---|---|
| Presiding Judge | [signature] | R. D. Churiumova |
| Judges | [signatures] | L. A. Alzheyeva |
| | | V. I. Tokareva |

Stamp:
TRUE COPY:
The Republic of Kalmykia
Arbitration Court