[state emblem]
## CHELYABINSK REGION ARBITRATION COURT

45400, Chelyabinsk, ul. Vorovskogo, 2

**RULING**
**by**
**Board of Appeals**

City of Chelyabinsk
October 16, 2000

Case No. A76-4037/2000-5-105

The [Board of Appeals of the] Chelyabinsk Region Arbitration Court, comprising T. N. Kartashkova, Presiding Judge, and L. L. Golovko and V. V. Rachkov, Judges, has considered the appeal by CJSC "Mikchell-Invest", the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation and CJSC FC "Profit House", Moscow, about the August 1, 2000 ruling of the Chelyabinsk Region Arbitration Court (Judge L. I. Zubkova) in case No. 5-105 with participation of the Plaintiff's representatives A. M. Shakhmatov (proxy No. 33 of September 26, 2000), V. A. Plotnikov (proxy No. 38 of October 11, 2000) and O. A. Bannikova (proxy No. 18 of May 29, 2000 and the Respondents' representatives - D. A. Zhuikov (unnumbered proxy of October 9, 2000), representative of FC "Profit-House", S. V. Rozhkov (proxy No. 57 of December 10, 1999), representative of FC "Vadis", L. V. Yemelyanova (proxy No. 039/Д of September 15, 2000) and Yu. V. Zhukova (proxy No. 039/Д of September 15, 2000), representatives of CJSC "Mikchell-Invest", I. V. Mironova (proxy No. 10.239 of September 5, 2000), representative of the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation and V. L. Rozhkov (proxy No. 67.2000 of October 1, 2000), representative of CJSC "Vedeniye reyestrov kompaniy", and has ESTABLISHED the following:

LLC NPRO "Ural" filed a suit with the Chelyabinsk Region Arbitration Court against the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation, CJSC "Finansovaya kompaniya "Vadis", CJSC "Finansovaya kompaniya "Profit House", CJSC "Kompaniya-registrator "Panorama", Amber Star LLC , LLC "Gidromashservis" and "Yuzhnouralskaya registratsionnaya palata" for recognizing the right of ownership in the shares, taking the appropriate action based on the finding of invalidity of a void contract and ordering that the original data in the register keeping system be restored.

The Plaintiff acting in accordance with Article 37 of the Code of Arbitration Procedure of the Russian Federation made the wording of its claims more precise and requested the Chelyabinsk Region Arbitration Court to invalidate transfer orders Nos. 648, 649 and 135, to take the appropriate action based on the finding of invalidity of a void contract by ordering that the entries in its personal account on its ownership in the shares of OJSC "Kachkanarskiy GOK "Vanadium" and OJSC "Ashinskiy metallurgicheskiy zavod" be restored and void the results of the auction of the shares issued by OJSC "Kachkanarskiy GOK "Vanadium".

In substantiation of its claims the Plaintiff indicated that 30,831 first-issue shares and 10,552,232 second-issue shares of OJSC "Kachkanarskiy GOK "Vanadium" and nondocumentary shares of OJSC "Ashinskiy metallurgicheskiy zavod" had been seized, arrested and sold by the Ozyorsk Division of the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation in accordance with the decisions of the [local] State Tax Inspectorate to collect the arrears of taxes, fines and penalties. By its rulings in case No. A76-2946/98-45-32/33-286/27 and A76-6467/98-40y-235 the Arbitration Court invalidated the State Tax Inspectorate decision, the order or recovery against property (in part) and the arrest order. According to the Plaintiff, the transfer orders were signed by [illegible]; therefore, they should not have been executed by CJSC "Kompaniya-registrator "Panorama", and the results of the auction of the shares issued by OJSC "Kachkanarskiy GOK "Vanadium" should be found invalid since only one participant [illegible] took part in the auction.

The Respondents did not acknowledge the claims.

By its August 1, 2000 ruling the Arbitration Court satisfied the Plaintiff's claims.

In their appeals CJSC "Mikchell-Invest", CJSC FC Profit House" and the Chelyabinsk Region Arbitration Court against the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation indicated that they do not agree with the Arbitration Court ruling and requested the Board of Appeals to reverse it for the reason that no violations of the law had been committed. Besides, the above ruling was issued in the absence of representatives of LLC "Gidromashservis" and Amber Star LLC which had not been properly notified.

Upon examining the case materials and the arguments presented in the appeals and upon hearing the Parties' representatives, the Board of Appeals finds that the ruling in question should be reversed in view of Article 58.2 (Part III) of the Code of Arbitration Procedure of the Russian Federation.

The Arbitration Court named LLC "Gidromashservis" and Amber Star LLC as Respondents. The case materials do not contain information that these entities were properly informed of the time and the place of examination of the suit, and the Arbitration Court issued its ruling in their absence, which fact is a ground for reversal of this ruling. In view of Article 157.2 of the Code of Arbitration Procedure the Board of Appeals has the right to completely reverse the ruling and issue a new one.

Before reconsidering the suit, the Court notified the Respondents - LLC "Gidromashservis" and Amber Star LLC – of the reconsideration, but their representatives did not appear, which fact is confirmed by the notices sent to them (pp. 141 and 142, v. III). The case was considered in their absence. The other parties to the suit, whose representatives did not appear were also notified, which fact is also confirmed by the notices sent to these parties.

According to the case materials, the Plaintiff's property including 30,831 first-issue ordinary nondocumentary shares and 10,552,232 second-issue ordinary nondocumentary shares of OJSC "Kachkanarskiy GOK "Vanadium" and 1,675,551 ordinary nondocumentary shares of OJSC "Ashinskiy metallurgicheskiy zavod" was seized and arrested by the Ozyorsk Interdistrict Division of the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation in accordance with the decisions of the Ozyorsk City State Tax Inspectorate of the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation to enforce the

Plaintiff's compliance with the tax laws and to collect the arrears of taxes, fines and penalties from the Plaintiff.

These shares were transferred to CJSC "Mikchel-Invest" for their sale, and entries on the transfer of the right of ownership in the shares to the new owner were made by the registrar in accordance with the transfer orders issued by the Federal Tax Police Service .

On the basis of the register entry on the blocking of transactions in securities and the documents issued by the authorized bodies the entry on the transfer of rights of ownership in the shares of OJSC "Ashinskiy metallurgicheskiy zavod" to the new owner was made by the registrar on June 26, 1998 in violation of items 7.3 and 7.5 of the Regulations "On Procedures for Keeping Register of Registered Securities" since these shares were not released from arrest.

The registrar made the entry on the transfer of rights of ownership in the above quantities of the first-issue and second-issue shares of the OJSC "Kachkanarskiy GOK "Vanadium" to the nominee—CJSC "Depozitarno-kliringovaya kompaniya"—on the basis of the transfer orders (inc. Nos. 648 and 649). The above transfer orders signed by the representatives of the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation and CJSC "Mikchell-Invest" do not comply with the requirements of Item 5 of the Regulations "On Keeping Registers of Holders of Registered Securities". The registrator disposed of the shares without the authorization of their owner.

The State Tax Inspectorate decisions to enforce the Plaintiff's compliance with the tax laws were revoked, amended and supplemented, and eventually their paragraphs concerning the sum of 5,579,911 rbl. were invalidated by the Arbitration Court ruling in case No. A76-2946/98-45-32/33-286/27 and their paragraphs concerning the sum of 6,855,762 rbl. were invalidated by the Arbitration Court ruling in case No. A76-6464/98-40y-235. The August 10, 1998 order by the Manager of the Ozyorsk Division of the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation to place the Plaintiff's property under arrest was also invalidated. The arrested property of the Plaintiff was sold for 14,766,635, and the order was invalidated in respect of 12,435,673 rbl.

The Board of Appeals finds that the Plaintiffs' claims should be satisfied since the writing-off of the shares of [illegible] and their alienation were effected in violation of the requirements of [illegible] Federal Law "On Securities Market" (Article 8) and the Regulations "On Keeping Register of Holders of Registered Securities" (items [illegible].

As unilateral contracts (Articles 154.2 and 156 of the Civil Code of the Russian Federation) the transfer orders do not comply with the laws or other legal acts (Article 168 of the Civil Code of the Russian Federation), and under Article of 167 of the Civil Code of the Russian Federation the original entries should be restored.

The argument of FC "Profit House", a Respondent, that [illegible] shares are not considered property which has individual characteristics since shares have generic characteristics.

At the Plaintiff's request CJSC "Vedeniye reyestrov kompaniy" which was keeping the shareholders' register at the time when the request was filed was named a Respondent in this case (June 19, 1997 Resolution No. 11 by the Plenary Session of the Supreme Arbitration Court, i. 6).

The Board of Appeals rejects the argument of FC "Profit House", a Respondent, that the Arbitration Court did not involve bona fide purchasers in the proceedings since no Party requested the above Court to involve any specific bona fide purchaser named by this party, and, besides, the Arbitration Court took steps to identify the owners of [illegible] shares; these persons were the Respondents. Under Article 53 of the Code of Arbitration Procedure of the Russian Federation the parties to a suit must produce evidence of the facts stated by them, and the Arbitration Court afforded this opportunity to them numerous times.

In view of the above and based on Articles 157-159 of the Code of Arbitration Procedure of the Russian Federation, the Board of Appeal **RULES:**

To reverse the August 1, 2000 ruling in case No. 5-105 and to satisfy the appeal.

To void transfer order No. 35 of June 24, 1998, unnumbered transfer order (inc. No. 649) of September 24, 1998 and unnumbered transfer order (inc. No. 648) of September 24, 1998.

To void the results of the auction of the OJSC "Kachkanarskiy GOK "Vanadium" shares sold for 10 10,583,063 rbl. on September 17, 1998.

To obligate the registrar CJSC "Vedeniye reyestrov kompaniy" to restore the data that existed as of September 24, 1998 in personal account No. 15697 of LLC NPRO "Ural" – the owner of 30,831 first-issue shares, reg. No. 62-1П-290, and 10,552,232 second-issue shares, reg. No. 62-1П-1396 - in the register of the holders of the securities issued by OJSC "Kachkanarskiy GOK "Vanadium".

To obligate the registrar CJSC "Kompaniya-registrator "Panorama" to restore the data that existed as of June 26, 1996, in personal account No. 8642 of LLC "NPRO "Ural" – the owner of 1,675,551 ordinary nondocumentary shares, reg. No. 69-1-689 – in the register of the holders of registered securities issued by OJSC "Ashinskiy metallurgicheskiy zavod".

To dismiss the claims against Amber Star LLC and LLC "Gidromashservis".

| | | |
|---|---|---|
| Presiding Judge: | [signature] | T. N. Kartashova |
| Judges: | [signature] | L. L. Golovko |
| | [signature] | V. V. Rachkov |

ОТ:Х

НОМЕР ТЕЛЕФОНА:

Х. 21 2001 17:00 СТР10

14.11.00



# АРБИТРАЖНЫЙ СУД ЧЕЛЯБИНСКОЙ ОБЛАСТИ

454000, г.Челябинск, ул.Воровского, 2

# ПОСТАНОВЛЕНИЕ
## апелляционной инстанции

г.Челябинск

"16" октября 2000г.                                    Дело N А76-4037/2000-5-105

Арбитражный суд Челябинской области в составе:
председательствующего:  Карташковой Т.Н.,
судей:         Поповко Л.Л., Рачкова В.В.
при участии в заседании:
от истца: Шахматов А.М. (дов. N 33 от 26.09.2000г.);
          Плотников В.А. (дов.N 38 от 11.10.2000г.);
          Банникова О.А. (дов.N 18 от 29.05.2000г.);
от ответчиков:                    (онк
ФК "Профит-Хаус" - Куйкова Д.А.(дов.б/н от 09.10.2000г.);
ФК "Вадис" - Рожкова С.В. (дов.N 57 от 10.12.99г.);
ЗАО "Микчел-Инвест" - Емельянова Л.В. (дов.039/Д от 15.09.2000г.);
          Жукова Н.В. (дов.039/Д от 15.09.2000г.);
УФСНП Челяб. обл. Миронова И.В. (дов.N 10.239 от 05.09.2000г.); от
АОЗТ "Ведение реестров компаний" - Рожков В.П. (дов.N 57 2000г.
                    от 01.10.2000г.);

рассмотрев в судебном заседании апелляционную жалобу
ЗАО "Микчел-Инвест", Управления по Челябинской области Феде-
ральной службы налоговой полиции РФ и ЗАО ФК "Профит-Хаус"
г.Москва

на решение (определение) арбитражного суда Челябинской области
от "01" августа 2000г. по делу N 5-105
        судья   Зубкова Л.И.

## У С Т А Н О В И Л:

ООО НПРО "Урал" г.Озерск обратилось в суд с иском к УФСНП РФ
по Челябинской области, к ЗАО финансовая компания "Вадис", ЗАО
Финансовая компания "Профит-Хаус", ЗАО Компания-регистратор "Па-
норама", Компании "Амбер Стар Элэил Си", ООО "Гидромашсервис"

- 3 -

да вынесено в их отсутствие, что является основанием к его отмене. В соответствии со ст.157 п.2 АПК РФ суд апелляционной инстанции вправе отменить решение полностью и принять новое решение.

При повторном рассмотрении исковых требований судом не явились не явившиеся ответчики ООО "Гидромашсервис" и Компания "Амбер Стар", что подтверждается уведомлениями (л.д.141, 142 т.III) и дело рассмотрено в их отсутствие, другие не явившиеся участники процесса извещены надлежащим образом, что также подтверждается уведомлениями.

Как усматривается из материалов дела, в соответствии с решениями ГНИ о соблюдении истцом налогового законодательства и о взыскании недоимок по налогам, пени и штрафов, Озерским МРО УФСНП РФ по Челябинской области проведены опись и арест имущества истца, в частности обыкновенных бездокументарных акций в количестве 30831 шт. первого выпуска и 10552232 шт. второго выпуска ОАО "Качканарский ГОК "Ванадий", а также 1675551 шт. обыкновенных бездокументарных акций ОАО "Ашинский металлургический завод".

Данные акции были переданы на реализацию ОАО "Микчел-Инвест" и ЗАО "Финансовая компания "Вадис". На основании передаточных распоряжений УФСНП регистратором внесена запись о переходе права собственности новым собственникам.

Запись о переходе прав новому владельцу на акции "Ашинского металлургического завода" регистратором сделана 26.06.98г. в нарушение п.7.3., 7.5 Положения "О порядке ведения реестра именных ценных бумаг", т.е. на акции, с которых арест не снят, при наличии записи в реестре о блокировании операций с ценными бумагами, а также на основании документов, выданных неуполномоченными органами.

На основании передаточных распоряжений (вход. номера 648, 649) регистратором внесена запись о переходе прав на акции I и II выпуска в указанных выше количествах ОАО "Качканарский ГОК "Ванадий" к номинальному держателю ЗАО "Депозитарно-клиринговая компания". Указанные передаточные распоряжения, подписанные представителями УФСНП РФ по Челябинской области и ЗАО "Микчел-Инвест", не соответствуют требованиям п.5 Положения о ведении реестров владельцев именных ценных бумаг. Регистратор распорядился акциями собственника без его указания.

Решения ГНИ о соблюдении истцом налогового законодательства отменялись, изменялись и дополнялись и в итоге решениями арбитражного суда по делу N А76-2946/98-45-32/33-286/27 в части суммы 5 579 911 руб. и по делу N А76-6464/98-40у-235 в сумме 6 855 782

ОТ:Х    НОМЕР ТЕЛЕФОНА:    ДЕК. 21 2001 17:01    СТР13

- 4 -

рус. признаны недействительными, а также признано недействительным распоряжение начальника Озерского МРО УФСНП от 10.08.98г. о наложении административного ареста на имущество истца. Имущество у истца арестовано и реализовано на сумму 14 766 635 руб., а по решениям признано недействительным на сумму 12 435 673 руб.

Суд считает, что исковые требования подлежат удовлетворению, поскольку списание акций со счета истца и дальнейшее их отчуждение произведено с нарушением требований ст.149 ГК РФ и Федерального закона "О рынке ценных бумаг" (ст.8) и Положения о ведении реестра владельцев именных ценных бумаг (п.п.7.3, 5).

Передаточные распоряжения как односторонние сделки (ст.154 ч.2, ст.156 ГК РФ) не соответствуют закону или иным правовым актам (ст.168 ГК РФ), и стороны согласно ст.167 ГК РФ подлежат возвращению в первоначальное положение.

Ссылка ответчика ФК "Профит-Хауз" на ст.302 ГК РФ не принята, поскольку данное требование не соответствует характеру отношений, сложившихся между участниками спора, так как истцом заявлены требования о применении последствий недействительности сделки в отношении передаточных распоряжений УФСНП, кроме того, бездокументарные акции не относятся к имуществу, обладающим индивидуальными признаками, акции имеют родовые признаки.

По ходатайству истца к участию в деле в качестве ответчика привлечено АОЗТ "Ведение реестров компаний", осуществляющее на момент заявления ходатайства ведение реестров владельцев акций (Постановление Пленума ВАС N 11 от 19.06.97г. п.6).

Ссылка ответчика ФК "Профит Хауз" на непривлечение судом добросовестных приобретателей не принимается, поскольку никто из сторон не заявлял ходатайства о привлечении конкретного добросовестного приобретателя с указанием его наименования, кроме того, судом принимались меры к установлению владельца и собственника спорных акций, последними являлись привлеченные ответчики, к тому же, в соответствии со ст.53 АПК РФ стороны обязаны представлять доказательства по обстоятельствам, на которые они ссылаются, такая возможность им судом предоставлялась неоднократно.

С учетом изложенного, руководствуясь ст.ст.157-159 АПК РФ, суд апелляционной инстанции

П О С Т А Н О В И Л:

Решение от 01.08.2000г. по делу N 5-109 отменить.
Иск удовлетворить.

- .5 -

Признать недействительными передаточные распоряжения:

от 24.06.98г. N 35;

от 24.09.98г. б/н вх.649;

от 24.09.98г. б/н вх.648.

Признать недействительными торги по продаже акций ОАО Качканарский ГОК "Ванадий" в количестве 10 583 063 руб., проведенные 17.09.98г.

Обязать реестродержателя АОЗТ "Ведение реестра компаний" привести данные реестра владельцев именных бумаг эмитента - ОАО Качканарский ГОК "Ванадий" по лицевому счету владельца - ООО "НПРО Урал" N 15477 положение, существовавшее на 24.07.98г. (по акциям 30831 шт.- I выпуска рег.62-1П-290 и 10552232 шт.- II выпуска 62-1-1396).

Обязать реестродержателя - ЗАО "Компания регистратор Панорама" привести данные реестра владельцев именных ценных бумаг эмитента ОАО "Ашинский металлургический завод" по лицевому счету владельца ООО "НПРО Урал" N 8642 в положение, существовавшее на 26.06.98г. (по акциям 1675551 шт. обыкновенных бездокументарных 67-1-689).

В иске к Компании "Амбер стар Эл-Эл-Си" и ООО "Гидромашсервис" отказать.


Председательствующий              Т.Н.Карташкова

С у д ь и :                       Л.Л.Головко

                                  В.В.Рачков

оа4

- 2 -

Южно-Уральской регистрационной палаты о признании права собственности на акции, о применении последствий недействительности ничтожных сделок и восстановления регистрации в системе ведения реестра.

В соответствии со ст.37 АПК РФ истец уточнил свои исковые требования, просит признать недействительными передаточные распоряжения N 648, 649, 135, применить последствия их недействительности в виде восстановления на его лицевом счете записей о принадлежности ему на праве собственности акций ОАО "Качканарский ГОК "Ванадий" и ОАО "Ашинский металлургический завод", признать недействительными торги по продаже акций ОАО "Качканарский ГОК "Ванадий".

В обоснование своих требований истец указал, что Озерским УФСНП по Челябинской области произведена опись, арест и реализация акций ОАО "Качканарский ГОК "Ванадий" в количестве 105822232 шт. II выпуска и 30831 шт. I выпуска и бездокументарных акций ОАО "Ашинский металлургический завод" во исполнение решений ГНИ о взыскании недоимки, пени и штрафов. Решениями арбитражного суда по делу № А76-2946/98-45-32/ЛЗ-286/27 и № А76-6467/98-40у-235 решение ГНИ и постановление (частично) об обращении взыскания на имущество и распоряжение о наложении ареста признаны недействительными. Передаточные распоряжения, по утверждению истца, подписаны неуполномоченными лицами, поэтому не должны были приниматься к исполнению ЗАО "Компания регистратор "Панорама", торги по продаже акций ОАО "Качканарский ГОК "Ванадий" недействительны, т.к. в них принимал участие один участник.

Ответчики исковые требования не признали.

Решением арбитражного суда от 01.08.2000г. исковые требования истца удовлетворены.

В апелляционных жалобах ЗАО "Микчел-Инвест", ЗАО "ФК "Профит-Хаус" и ФСНП РФ по Челябинской области не согласны с решением суда и просят его отменить, поскольку никаких нарушений законодательства ими не допущено. Кроме того, решение принято в отсутствии ответчиков ООО "Гидромашсервис", Компании "Амбер Стар Эл Эл Си", не извещенных надлежащим образом.

Проверив материалы дела и доводы апелляционных жалоб, заслушав представителей сторон, суд апелляционной инстанции считает решение подлежащим отмене по основаниям ст.158 ч.III п.2 АПК РФ.

Судом в качестве ответчиков привлечены ООО "Гидромашсервис" и Компания "Амбер Стар". Данных о их надлежащем извещении о времени и месте рассмотрения иска в материалах дела нет, решение су-

[state emblem]

# FEDERAL URALSKIY DISTRICT ARBITRATION COURT

### RULING
by
### Court of Cassation for Verification of Legality and Validity of Arbitration Court Rulings That Have Come into Effect

**City of Ekaterinburg**
**December 4, 2001**
**January** *(Handwritten text)*

**Case No. Ф09-1959/2000 ГК**

The Federal Uralskiy District Arbitration Court for the verification of the legality and the validity of the rulings issued by the courts of first instance and the boards of appeal of the regional arbitration courts of the Russian Federation, comprising I. G. Arsenov, Presiding Judge, and P. A. Azanov and M. G. Mitina, Judges, has considered the appeals by Amber Star LLC, CJSC "Finansovaya kompaniya "VADIS" and CJSC "Finansovaya kompaniya "Profit House" about the August 1, 2000 ruling of the Chelyabinsk Region Arbitration Court and the October 16, 2000 ruling of its Board of Appeals and the appeals of the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation and CJSC "Mikchel-Invest" about the October 16, 2000 ruling of the Board of Appeals of the Chelyabinsk Region Arbitration Court in case No. A76-4037/2000 at the suit by LLC NPRO "Ural" against the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation, CJSC "Finansovaya kompaniya "VADIS", CJSC "Finansovaya kompaniya "Profit House", CJSC "Kompaniya-registrator "Panorama", Amber Star LLC , LLC "Gidromashservis", CJSC "Yuzhnouralskaya registratsionnaya palata" and CJSC "Mikchel-Invest", requesting the present Federal Court to take the appropriate action based on the finding of invalidity of void contracts, to recognize the right of ownership in the shares and to order that the corresponding entries be restored in the register of the holders of registered securities.

The following representatives took part in the court session:
O. A. Bannikova (proxy No. 18 of May 29, 2000), V. A. Plotnikov (proxy No. 51 of December 29, 2000) and A. M. Shakhmatov (proxy No. 33 of September 26, 2000), the Plaintiffs' representatives;
I. V. Mironova (proxy No. 10/239 of September 5, 2000), representative of the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation, Yu. V. Zhukova and L. V. Yemelyanova (proxy No. 25 of December 20, 2000), representatives of CJSC "Mikchel-Invest", V. V. Volnov (proxy of March 1, 2000), representative of Amber Star LLC and D. A. Zhuikov (proxy of October 30, 2000) and V. V. Volnov (proxy of October 16, 2000), representatives of CJSC "Finansovaya kompaniya "Profit House".

The other Respondents were properly notified of the time and place of examination of the appeals, but their representatives have not made their appearance in court for participation in the court session.

The parties' rights and duties have been explained to them.

The constitution of the present Court has not been challenged.

No petitions have been filed.

LLC NPRO "Ural" filed a suit with the Chelyabinsk Region Arbitration Court against the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation, CJSC "Finansovaya kompaniya "VADIS", CJSC "Finansovaya kompaniya "Profit House", CJSC "Kompaniya-registrator "Panorama", Amber Star LLC , LLC "Gidromashservis" and CJSC "Yuzhnouralskaya registratsionnaya palata" for recognizing the right of ownership in the shares, taking the appropriate action based on the finding of invalidity of void contracts and ordering that the corresponding entries be restored in the register.

Before the issuance of the ruling in the case the Plaintiff acting in accordance with Article 37 of the Code of Arbitration Procedure of the Russian Federation made the wording of its claims more precise and requested the Chelyabinsk Region Arbitration Court to invalidate transfer orders Nos. 648, 649 and 135, to take the appropriate action based on the finding of invalidity of void contracts by ordering that the entries on its ownership in the shares of OJSC "Kachkanarskiy GOK "Vanadium" and OJSC "Ashinskiy metallurgicheskiy zavod" be restored in its personal account and to find invalid the results of the auction of the shares issued by OJSC "Kachkanarskiy GOK "Vanadium".

By its August 1, 2000 ruling the Chelyabinsk Region Arbitration Court satisfied the Plaintiff's claims.

By the October 16, 2000 ruling of the Board of Appeals (judges T. N. Kartashkova, L. P. Golovko and V. V. Rachkov) the above ruling was reversed, the claims were satisfied and the claims of Amber Star LLC and LLC "Gidromashservis" were dismissed.

The Respondents—the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation, Amber Star LLC, CJSC "Finansovaya kompaniya "VADIS", CJSC "Finansovaya kompaniya "Profit House" and CJSC "Mikchel-Invest"— do not agree with this ruling, and they have requested the present Court to reverse it, claiming that the Board of Appeals violated the requirements of Articles 149 and 302 of the Civil Code of the Russian Federation, Tentative Regulations "On the Procedure for Recovery against Property of Organizations", Federal Law "On Execution Proceedings", Federal Law "On Securities Market", May 29, 1998 Decree No. 604 of the President of the Russian Federation "On Measures Aimed at Ensuring Execution of Orders for Recovery of Debt on Taxes, Dues and Other Compulsory Charges", Regulations "On Keeping of Register of Holders of Registered Securities" and Articles 7, 3 [illegible], 60, 115, 119, 120 and 155 of the Code of Arbitration Procedure of the Russian Federation and that the above ruling was ungrounded.

Having verified the validity of the rulings of the Chelyabinsk Region Arbitration Court and its Board of Appeals, the present Court finds that there are no grounds for reversing the ruling of the Board of Appeals.

In accordance with articles 162, 171 and 174 of the code of arbitration procedure of the Russian Federation.

According to the case materials, the property of LLC NPRO "Ural", including the ordinary nondocumentary shares of OJSC "Kachkanarskiy GOK "Vanadium" – 30,831 first-issue shares and 10,552,232 second-issue shares – and 1,675,551 ordinary nondocumentary shares of OJSC "Ashinskiy metallurgicheskiy zavod", was seized and arrested by the Ozyorsk Interdistrict Division of the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation in accordance with the decisions of the Ozyorsk City State Tax Inspectorate to collect the arrears of taxes, fines and penalties from LLC NPRO "Ural".

These shares were transferred to CJSC "Mikchel-Invest" for their sale, and entries on the transfer of the right of ownership in the shares to the new owners were made by the registrar on the basis of transfer orders Nos. 135, 648 and 649.

Upon considering cases Nos. A76-2946/98 and No. A76-6464/98, the Arbitration Court invalidated those paragraphs of the decisions of the Ozyorsk City State Tax Inspectorate, based on which the LLC NPRO "Ural" property was arrested and sold for 14,766,635 rbl. and which concerned the recovery against property to the amount of 12,435,673 rbl.

Having taken this fact into account and having established that as unilateral contracts the transfer orders No. 135, 648 and 649 do not comply with the requirements of items 5, 7.3 and 7.5 of the Regulations "On Keeping of Register of Holders of Registered Securities" approved by the October 2, 1997 Resolution of the Federal Securities Commission in accordance with Article 42 of the Federal Law "On Securities Market", the Board of Appeals concluded correctly that these orders are void in view of Article 168 of the Code of Arbitration Procedure of the Russian Federation and applied the appropriate measure in accordance with Article 167 of the Civil Code of the Russian Federation on the basis of the finding that they are void by obligating the registrar to restore the register entries which had existed as of the time of write-off of the shares in compliance with the contested transfer orders.

The Respondents' pleading of Article 302 of the Civil Code of the Russian Federation was properly rejected by the Board of Appeals because the Plaintiff had not requested that the shares be recovered from the unlawful owners. The parties that have appealed the ruling of the Board of Appeals have argued that at present the contested shares are in possession of persons that are not involved in the case but these arguments are not confirmed by the case materials.

The argument of the Chelyabinsk Region Department of the Federal Tax Police Service of the Russian Federation that the cost of the sold shares was refunded to the Plaintiff was not confirmed either.

In view of the above, the ruling of the Board of Appeals is lawful and well-grounded and should be upheld. No facts confirming that the Board of Appeals violated the rules of procedural law with the result that issued or may have issued an improper ruling have been established. There are no grounds for satisfying the appeal.

Based on Articles 174, 175 and 177 of the Code of Arbitration Procedure of the Russian Federation the present Court

**RULES:**

to uphold the October 16, 2000 ruling of the Board of Appeals of the Chelyabinsk Region Arbitration Court in case No. A76-4037/2000 and dismiss the appeal;
to cancel the stay of execution of the ruling of the Board of Appeals.

| | |
|---|---|
| Presiding Judge: | I. G. Arsenov |
| Judges: | P. A. Azanov |
| | M. G. Mitina |

[round seal]
[Federal Uralskiy District Arbitration Court/
[state emblem]

[stamp]
[FEDERAL ARBITRATION COURT

The original was signed.

[signature]

    I. G. Arsenov

[01.05.2000]

(5с₀)

# ФЕДЕРАЛЬНЫЙ АРБИТРАЖНЫЙ СУД УРАЛЬСКОГО ОКРУГА

## ПОСТАНОВЛЕНИЕ
кассационной инстанции по проверке законности и обоснованности решен (постановлений) арбитражных судов, вступивших в законную силу

г. Екатеринбург
4 декабря 2001 года                                          Дело № Ф09-1959/2000 ГК

Федеральный арбитражный суд Уральского округа по проверке в кассационной инстанции законности решений и постановлений арбитражных судов субъектов Российской Федерации, принятых ими в первой и апелляционной инстанциях, в составе:

председательствующего: Арсенова И.Г.
судей:                          Азанова П.А.
                                  Митиной М.Г.

рассмотрел в судебном заседании кассационные жалобы Компании «Амбер Стар Эл. Эл. Си.», ЗАО «Финансовая компания «ВАДИС», ЗАО «Финансовая компания «Профит Хауз» на решение от 01.08.2000г. и постановление апелляционной инстанции от 16.10.2000 Арбитражного суда Челябинской области, кассационные жалобы Управления Федеральной службы налоговой полиции Российской Федерации по Челябинской области ЗАО «Микчел-Инвест» на постановление апелляционной инстанции от 16.10.2000 Арбитражного суда Челябинской области по делу № А76-4037/2000 по иску ООО НПРО «Урал» к Управлению Федеральной службы налоговой полиции Российской Федерации по Челябинской области, ЗАО «Финансовая компания «ВАДИС», ЗАО «Финансовая компания «Профит-Хауз», ЗАО «Компания-регистратор «Панорама», Компания «Амбер Стар Эл. Эл. Си.», ООО «Гидромашсервис», ЗАО «Южноуральская регистрационная палата», ЗАО «Микчел-Инвест» о применении последствий недействительности ничтожных сделок, признании права собственности на акции и восстановлении записей в реестр владельцев именных ценных бумаг.

В судебном заседании приняли участие представители:
истца – Банникова О.А., дов. №18 от 29.05.2000;
              Плотников В.А., дов. №51 от 29.12.2000;
              Шахматов А.М., дов. №33 от 26.09.2000;
УФСНП РФ по Челябинской области – Миронова И.В., дов. №10/239 от 05.09.2000;
ЗАО «Микчел-Инвест» – Жукова Ю.В., Емельянова Л.В., дов. №25 от 20.12.2000;
Компании «Амбер Стар Эл. Эл. Си.» – Вольнов В.В., дов. от 01.03.2000;
ЗАО «Финансовая компания «Профит-Хауз» – Жуйков Д.А., дов. от 30.10.2000,
                                                                  Вольнов В.В., дов. от 16.10.2000.

Другие ответчики о времени и месте рассмотрения жалоб извещены надлежащим образом, их представители в судебное заседание не явились.

2

Права и обязанности разъяснены.

Отводов составу суда не заявлено.

Ходатайств не поступило.

ООО НПРО «Урал» обратилось в Арбитражный суд Челябинской област[и] [...] к УФНП РФ по Челябинской области, ЗАО «Финансовая компан[ия] «ВАДИС», ЗАО «Финансовая компания «Профит Хауз», ЗАО «Компания регистратор «Панорама», Компании «Амбер Стар Эл. Эл. Си.», О[АО] «Гидромашсервис», Южно-Уральской регистрационной палате о признании пр[ава] собственности на акции, о применении последствий недействительности ничтожн[ых] сделок и восстановлении регистрации в системе ведения реестра.

До принятия решения по делу истец в соответствии со ст. 37 АПК РФ уточн[ил] свои исковые требования, просил признать недействительными передаточн[ые] распоряжения № 648, 649, 135, применить последствия их недействительности [в] виде восстановления на его лицевом счете записей о принадлежности ему на пра[ве] собственности акций ОАО «Качканарский ГОК «Ванадий» и ОАО «Ашинск[ий] металлургический завод», признать недействительными торги по продаже акц[ий] ОАО «Качканарский ГОК «Ванадий».

Решением суда от 01.08.2000 иск удовлетворен (судья Зубкова Л.И.).

Постановлением апелляционной инстанции от 16.10.2000 решение отмене[но] (судьи: Карташкова Т.Н. Головко Л.П. Рачков В.В.), иск удовлетворен, в иске Компании «Амбер Стар Эл. Эл. Си.» и ООО «Гидромашсервис» отказано.

Ответчики - Управление Федеральной службы налоговой полиции Российск[ой] Федерации по Челябинской области, Компания «Амбер Стар Эл. Эл. Си.», ЗА[О] «Финансовая компания «ВАДИС», ЗАО «Финансовая компания «Профит Хауз ЗАО «Микчел-Инвест», с постановлением не согласны, просят его отменит[ь] ссылаясь на нарушение судом ст.ст. 149, 302 ГК РФ, Временного положения [о] порядке обращения взыскания на имущество организаций», ФЗ «[Об] исполнительном производстве», ФЗ «О рынке ценных бумаг», Указа Президен[та] РФ № 604 от 29.05.98 «О мерах по обеспечению безусловного исполнения решен[ий] о взыскании задолженности по налогам, сборам и иным обязательным платеж[ам Положения «О ведении реестра владельцев именных ценных бумаг», ст.ст.7,3[?] 60,115,119,120,155 АПК РФ, указывают на необоснованность решения постановления.

Проверив законность решения и постановления в порядке ст.ст.162,171,174 АП[К] РФ, суд кассационной инстанции оснований для отмены постановления н[е] усматривает.

Как следует из материалов дела, на основании решений Госналогинспекции [по] г.Озерску о взыскании недоимок по налогам, пени и штрафов с ООО НПРО «Урал[»] Озерским МРО УФСНП РФ по Челябинской области проведены опись и арест е[го] имущества, в том числе обыкновенных бездокументарных акций в количест[ве] 30831шт. первого выпуска и 10552232 шт. второго выпуска ОАО «Качканарск[ий] ГОК «Ванадий», а также 1675551 шт. обыкновенных бездокументарных акций ОА[О] «Ашинский металлургический завод».

3

Данные акции были переданы на реализацию ЗАО «Микчел-Инвест» и на основании передаточных распоряжений №135, 648, 649 регистратором сделаны записи о переходе прав на акции новым собственникам.

Решениями арбитражного суда по делам № А76-2946/98 и № А76-6464/98 решения Госналогинспекции по г.Озерску, на основании которых было арестовано и реализовано имущество ООО НПРО «Урал» на сумму 14 766 635 руб. были признаны недействительными в части обращения взыскания на имущество на сумму 12 435 673 руб.

С учетом данного обстоятельства, установив, что передаточные распоряжения № 135,648,649, являясь односторонними сделками, не соответствуют требованиям п.п.5, 7.3, 7.5 Положения «О ведении реестра владельцев именных ценных бумаг», утвержденного Постановлением ФКЦБ РФ от 02.10.97 в соответствии со ст. 42 ФЗ «О рынке ценных бумаг» суд сделал правильный вывод об их ничтожности в силу ст.168 АПК РФ и применил предусмотренные ст.167 ГК РФ последствия их недействительности, обязав реестродержателей привести данные реестров в положение, существовавшее на момент списания акций по оспариваемым передаточным распоряжением.

Ссылка ответчиков на ст.302 ГК РФ правомерно отклонена судом, поскольку требования об истребования акций из чужого незаконного владения в порядке виндикации истцом не заявлялось. Доводы заявителей кассационных жалоб о том, что спорные акции в настоящее время находятся у лиц, не привлеченных к участию в деле, материалами дела не подтверждены.

Довод Управления Федеральной службы налоговой полиции Российской Федерации по Челябинской области о том, что стоимость реализованных акций возвращена истцу, также не подтвержден.

С учетом изложенного постановление законно, обоснованно и отмене не подлежит. Нарушения судом апелляционной инстанции норм процессуального права, которые привели или могли привести к принятию неправильного решения, не установлено. Оснований для удовлетворения кассационных жалоб не имеется.

Руководствуясь ст.ст. 174, 175, 177 Арбитражного процессуального кодекса РФ, суд

П О С Т А Н О В И Л:

Постановление апелляционной инстанции от 16.10.2000 Арбитражного суда Челябинской области по делу № А76-4037/2000 оставить без изменения, кассационные жалобы – без удовлетворения.

Приостановление исполнения постановления апелляционной инстанции отменить.

Председательствующий                                              И.Г.Арсенов

Судьи:                                                                        П.А. Азанов

                                                                                   М.Г.Митина

OJSC KACHKANAR ORE MINING AND PROCESSING PLANT VANADIY
Registered under # 0422 series III-IK on April 15, 1993 by the Head of the Kachkanar
City Administration
624356 Sverdlovsk region, Kachkanar, 2 Sverdlova Street

Outgoing # 129i/GOKVAN – 1
November 17, 2000

NOTIFICATION
with regard to transaction on the account

| | |
|---|---|
| Type of the personal account | Personal account of the owner |
| # of the personal account | 3940-V |
| Registered person | LLC Nauchno-Proizvodstvennoe Regionalnoe Obiedinenie Ural |
| State registration # | 3532 |
| Date and issuer | December 8, 1997, Ozersk town administration, Chelyabinsk Region |

Transaction information

| | |
|---|---|
| # and type of the personal account Expropriator | 3912-V, personal account of the owner Company Omni Trusthouse Limited |
| # and type of the personal account Acquirer | 3940-V, personal account of the owner LLC Nauchno-Proizvodstvennoe Regionalnoe Obiedinenie Ural |
| Type of transaction | Transfer of securities between owners (51/51) (V/V) |
| State registration # of securities | 62-1P-290 |
| Type, category of securities | Ordinary shares |
| Number of securities | 30831 (Thirty thousand eight hundred thirty one) |
| Nominal value | 1 (one ruble, 0 kopecks) |
| Amount of transaction | |
| Basis for entering of a record in the register | Decision initiating execution proceedings Incoming # 42/GOKVAN of November 14, 2000 Decision/order of the court, no number, of November 14, 2000 |
| Commentary | |
| Number and date of transaction | 39804 of November 15, 2000 |

Result of carrying out of a transaction          Successful completion of a transaction

| | |
|---|---|
| Registrar | OJSC Vedenie Reestrov Kompaniy |
| Registered under # | 03648 Series 1-EI on September 13, 1994 by the Ekhaterinburg City Administration |
| License # | 01059 of June 20, 1998 effective until March 23, 2001, issued by Federal Securities Commission of the Russian Federation |
| Location and telephone | 520014 Ekhaterinburg, 26 Lenina Ave., tel: 776-723 |
| | |
| Authorized person | [signed]      Kuznetsov A. |
| | [seal] |

OJSC KACHKANAR ORE MINING AND PROCESSING PLANT VANADIY
Registered under # 0422 series III-IK on April 15, 1993 by the Head of the Kachkanar
City Administration
624356 Sverdlovsk region, Kachkanar, 2 Sverdlova Street

Outgoing # 129i/GOKVAN – 2
November 17, 2000

NOTIFICATION
with regard to transaction on the account

| | |
|---|---|
| Type of the personal account | Personal account of the owner |
| # of the personal account | 3940-V |
| Registered person | LLC Nauchno-Proizvodstvennoe Regionalnoe Obiedinenie Ural |
| | |
| State registration # | 3532 |
| Date and issuer | December 8, 1997, Ozersk town administration, Chelyabinsk Region |

Transaction information

| | |
|---|---|
| # and type of the personal account | 3912-V, personal account of the owner |
| Expropriator | Company Omni Trusthouse Limited |
| | |
| # and type of the personal account | 3940-V, personal account of the owner |
| Acquirer | LLC Nauchno-Proizvodstvennoe Regionalnoe Obiedinenie Ural |
| | |
| Type of transaction | Transfer of securities between owners (51/51) (V/V) |
| State registration # of securities | 62-1-1396 |
| Type, category of securities | Ordinary shares |
| Number of securities | 10,552,232 (Ten million five hundred fifty two thousand two hundred thirty two) |
| | |
| Nominal value | 1 (one ruble, 0 kopecks) |
| | |
| Amount of transaction | |
| | |
| Basis for entering of a record in the register | Decision initiating execution proceedings Incoming # 42/GOKVAN of November 14, 2000 Decision/order of the court, no number, of November 14, 2000 |
| | |
| Commentary | |

Number and date of transaction     39805 of November 15, 2000
Result of carrying out of a transaction     Successful completion of a transaction

| | |
|---|---|
| Registrar | OJSC Vedenie Reestrov Kompaniy |
| Registered under # | 03648 Series 1-EI on September 13, 1994 by the Ekhaterinburg City Administration |
| License # | 01059 of June 20, 1998 effective until March 23, 2001, issued by Federal Securities Commission of the Russian Federation |
| Location and telephone | 520014 Ekhaterinburg, 26 Lenina Ave., tel: 776-723 |
| Authorized person | [signed]     Kuznetsov A.<br>[seal] |

ОАО КАЧКАНАРСКИЙ ГОРНО-ОБОГАТИТЕЛЬНЫЙ КОМБИНАТ "ВАНАДИЙ"
Зарегистрировано под N 0422 СЕРИЯ III-ИК 15.04.1993  ГЛАВА АДМИНИСТРАЦИИ Г. КАЧКАНАР
СВЕРДЛОВСКАЯ ОБЛ., Г.КАЧКАНАР УЛ. СВЕРДЛОВА, 2

## УВЕДОМЛЕНИЕ
### об операции, проведенной по счету

| | |
|---|---|
| Тип лицевого счета | Лицевой счет владельца |
| № лицевого счета | 3940-В |
| Зарегистрированное лицо | ООО НАУЧНО-ПРОИЗВОДСТВЕННОЕ РЕГИОНАЛЬНОЕ ОБЪЕДИНЕНИЕ "УРАЛ" |
| N гос. регистрации | 3522 |
| Дата и орган выдачи | 08.12.1997  АДМИНИСТРАЦИЯ Г.ОЗЕРСКА ЧЕЛЯБИНСКОЙ ОБЛ. |

Сведения об операции

| | |
|---|---|
| N и тип лицевого счета Отчуждатель | 3912-В  Лицевой счет владельца КОМПАНИЯ "ОМНИ ТРАСТХАУС ЛИМИТЕД" |
| N и тип лицевого счета Приобретатель | 3940-В  Лицевой счет владельца ООО НАУЧНО-ПРОИЗВОДСТВЕННОЕ РЕГИОНАЛЬНОЕ ОБЪЕДИНЕНИЕ "УРАЛ" |
| Тип операции | Передача ЦБ между владельцами/ДУ (51/51) (В/В) |
| Гос. регистрац. № ценных бумаг | 62-1П-290 |
| Вид, категория (тип) ценных бумаг | Обыкновенные акции |
| Количество ценных бумаг (шт.) | 30831  ( Тридцать тысяч восемьсот тридцать одна ) |
| Номинальная стоимость | 1  ( Один руб. 0 коп. ) |
| Сумма сделки | |
| Основание для внесения записи в реестр | ПОСТАНОВЛЕНИЕ О ВОЗБУЖДЕНИЕ ИСПОЛНИТЕЛЬНОГО ПРОИЗВОДСТВА. Входящий N 42/ГОКВАН- от 14.11.2000 Решение/определение суда Без номера от 14.11.2000 |
| Примечание | |
| Номер и дата операции | 39804 от 15.11.2000 |
| Результат выполнения операции: | Успешное завершение операции |

| | |
|---|---|
| Регистратор | АОЗТ "ВЕДЕНИЕ РЕЕСТРОВ КОМПАНИЙ" |
| Зарегистрирован под N | 03649 СЕРИЯ I-ЕИ 13.09.1994 АДМИНИСТРАЦИЯ Г. ЕКАТЕРИНБУРГА |
| Лицензия N | 01059 от 20.05.1998 действует до 29.03.2001, выдана ФКЦБ РФ |
| Место нахождения и телефон | 620014  Г. ЕКАТЕРИНБУРГ ПР. ЛЕНИНА, 28, тел. 776-723 |

Уполномоченное лицо                                        КУЗНЕЦОВ А.

М.П.

ОАО КАЧКАНАРСКИЙ ГОРНО-ОБОГАТИТЕЛЬНЫЙ КОМБИНАТ "ВАНАДИЙ"
Зарегистрировано под N 0422 СЕРИЯ III-ИК 15.04.1993 ГЛАВА АДМИНИСТРАЦИИ Г. КАЧКАНАР
624356 СВЕРДЛОВСКАЯ ОБЛ., Г.КАЧКАНАР УЛ. СВЕРДЛОВА, 2

*Исх 129и/ГОКВАН-2*
*17-11-2000*

# УВЕДОМЛЕНИЕ
## об операции, проведенной по счету

| | |
|---|---|
| Тип лицевого счета | Лицевой счет владельца |
| № лицевого счета | 3940-В |
| Зарегистрированное лицо | ООО НАУЧНО-ПРОИЗВОДСТВЕННОЕ РЕГИОНАЛЬНОЕ ОБЪЕДИНЕНИЕ "УРАЛ" |
| | |
| N гос. регистрации | 3532 |
| Дата и орган выдачи | 08.12.1997 АДМИНИСТРАЦИЯ Г. ОЗЕРСКА ЧЕЛЯБИНСКОЙ ОБЛ. |

### Сведения об операции

| | |
|---|---|
| N и тип лицевого счета Отчуждатель | 3912-В Лицевой счет владельца КОМПАНИЯ "ОМНИ ТРАСТХАУС ЛИМИТЕД" |
| N и тип лицевого счета Приобретатель | 3940-В Лицевой счет владельца ООО НАУЧНО-ПРОИЗВОДСТВЕННОЕ РЕГИОНАЛЬНОЕ ОБЪЕДИНЕНИЕ "УРАЛ" |
| Тип операции | Передача ЦБ между владельцами/ДУ (51/51) (В/В) |
| Гос. регистрац. № ценных бумаг | 62-1-1396 |
| Вид, категория (тип) ценных бумаг | Обыкновенные акции |
| Количество ценных бумаг (шт.) | 10552232 ( Десять миллионов пятьсот пятьдесят две тысячи двести тридцать две ) |
| Номинальная стоимость | 1 ( Один руб. 0 коп. ) |
| Сумма сделки | |
| Основание для внесения записи в реестр | ПОСТАНОВЛЕНИЕ О ВОЗБУЖДЕНИЕ ИСПОЛНИТЕЛЬНОГО ПРОИЗВОДСТВА. Входящий N 42/ГОКВАН- от 14.11.2000 Решение/определение суда Без номера от 14.11.2000 |
| Примечание | |
| Номер и дата операции | 39805 от 15.11.2000 |
| Результат выполнения операции: | Успешное завершение операции |

| | |
|---|---|
| Регистратор | АОЗТ "ВЕДЕНИЕ РЕЕСТРОВ КОМПАНИЙ" |
| Зарегистрирован под N | 03849 СЕРИЯ I-ЕИ 13.09.1994 АДМИНИСТРАЦИЯ Г. ЕКАТЕРИНБУРГА |
| Лицензия N | 01059 от 20.05.1996 действует до 23.03 2001. выдана ФКЦБ РФ |
| Место нахождения и телефон | 620014 Г. ЕКАТЕРИНБУРГ ПР. ЛЕНИНА. 28 тел. 776-723 |

Уполномоченное лицо        КУЗНЕЦОВ А.

М.П.

To the Sverdlovsk region representative office of the Supreme Arbitrazh Court

The First Deputy Chairman of the Supreme Arbitrazh Court of the Russian Federation
Yukov Mikhail Kuzmich

The Plaintiff: LLC NPRO Ural
456785 Chelyabinsk region
Ozersk, 43 Muzrukova St.

Defendants: Chelyabinsk Branch
of Federal Tax Police Service of the Russian Federation
454000 Chelyabinsk, 4 Ternopolskaya St.

The petitioner: CJSC Financial Company Profit House
119121 Moscow
20-a Zemledelcheskiy pereulok

CJSC Financial Company Vadis
454000 Chelyabinsk
108-v Pobedy Ave., office 1

CJSC Company-Registrar Panorama
101000 Moscow, 13-a Bolshoy
Kharitonievskiy pereulok office 8-a

CJSC Mikchel-Invest
454091 Chelyabinsk
279 Rossiyskaya St.

The company Amber Star LLC
318 H Carson St., Carson City,
Nevada 89701, USA

LLC Gidromashservis
456300 Chelyabinsk Region
Miass, 50 Romanenko Street

CJSC Yuzhno-Uralskaya Registratsionnaya Palata
454091 Chelyabinsk, 2a Krasnaya St.

CJSC Vedenie Reestrov Kompaniy
620014, Ekhaterinburg, 28 Lenina Ave.

> Supreme Arbitrazh Court
> Of the Russian Federation
> Reception
> Incoming # 620/01
> June 04, 2001
> Signature [signed]

PETITION
To bring a protest

On August 1, 2000 the Arbitrazh Court of Chelyabinsk region granted relief sought in the complaint of LLC NPRO Ural. For Instance, the court invalidated transfer orders of September 24, 1998 # 648, 649, invalidated bidding regarding sale of 10,583,063 shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy of September 17, 1998 and obliged the transfer agent CJSC Company-Registrar Panorama to bring the information on the personal account # 15697 of LLC NPRO Ural in the register of owners of securities of the issuer - OJSC Kachkanar Ore Mining and Processing Plant Vanadiy in consistence with condition existing prior to September 24, 1998.

By the decision of October 16, 2000 (issued on the basis of appeals of CJSC Mikchel-Invest, CJSC Financial Company Profit House, Chelyabinsk Branch of Federal Tax Police Service of the Russian Federation) the Appeal Instance of Arbitrazh Court of Chelyabinsk region reversed the decision of August 1, 2000 in case # 5-105, granted the relief sought in the complaint and invalidated transfer orders of September 24, 1998 # 648, 649, invalidated auction regarding sale of 10583063 shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy of September 17, 1998 and obliged the transfer agent CJSC Company-Registrar Panorama to bring the information on the personal account # 15697 of LLC NPRO Ural in the register of owners of securities of the issuer - OJSC Kachkanar Ore Mining and Processing Plant Vanadiy in consistence with condition existing prior to September 24, 1998.

By the decision of January 4, 2001 (upon cassation complaints of the company Amber Star LLC, CJSC Financial Company Vadis, CJSC Financial Company Profit House, Chelyabinsk Branch of Federal Tax Police Service of the Russian Federation) Federal Arbitrazh Court of the Ural District affirmed the decision of the appellate instance of Arbitrazh Court of Chelyabinsk region dated October 16, 2000 in the case # A76-4037/2000, and denied the cassation appeals.

We believe that the above decisions were issued in violation of provisions of substantive and procedural law and that the conclusions made in the decisions contradict the circumstances of the case based on the following grounds:

First, in court hearings the defendants repeatedly stated that there was no bidding with regard to sale of arrested shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy. The sale of securities does not have to be carried out in a form of a bidding because the Civil Code of the Russian Federation states that only real estate should be sold through an auction or a competition. Furthermore, the defendants decided that the securities should be sold on the contractual, commission basis. The decision is confirmed by the commission agreement concluded between the Branch of the Federal Tax Police Service of the Russian Federation and CJSC Mikchel-Invest (the sale of the contested securities was a subject of this commission agreement.) The assertion of the plaintiff that tender means bidding is not consistent with the circumstances of the case because the Branch of the Federal Tax Police Service of the Russian Federation and CJSC Mikchel-Invest (parties in the commission agreement) determined the term "tender" in accordance with an economical dictionary as **"written offer, application, offer"** (this fact was repeatedly emphasized in the judicial hearings.) Therefore, the

plaintiff's assertion that the defendants violated the conditions of bidding with regard to the sale of shares is void. Moreover, the Civil Code of the Russian Federation does not provide for such form of bidding as tender. The Code contains closed list of types of bidding - "A bidding shall be carried out in a form of an auction or a competition" (Article 447(4) of the Civil Code of the Russian Federation.) Other legal acts also do not provide for such form of bidding as tender. Therefore the courts' conclusions contained in the contested judicial decisions are inconsistent with the circumstances of the case. The courts did not examine the evidence presented by the defendants and did not evaluate their statements evidencing that the securities were sold by the means of commission (the commission agreement of September 9, 1998, # 183.) Furthermore, the court considered the plaintiff's arguments that the shares were sold by the means of bidding sufficient even though LLC NPRO Ural did not presented a single evidence confirming the sale of securities by the means of bidding. Furthermore, the defendants stated that the securities sale and purchase agreement of September 18, 1998 # 21 does not contain references to bidding because there was no bidding. The arrested property was sold by means of commission: " the sale of the shares shall be performed on the commission basis by the company, which was authorized by the person imposing a penalty" (section 16 of the Temporary Provisions "On the order of imposition of penalty upon the property of companies", approved by the Decree of the President of the Russian Federation dated February 13, 1996 # 199, which was effective as of the moment of arrest and sale of securities.)

        Therefore, the conclusion of the courts with regard to invalidity of bidding is inconsistent with circumstances of the case and the courts could not make decision invalidating bidding because it did not take place. Furthermore, the courts did not take into consideration the defendants' statements that even if (according to the plaintiff) bidding have failed, the agreement for purchase and sale of securities of September 18, 1998 # 21 cannot be considered invalid because the Temporary Provisions "On the order of imposition of penalty upon the property of companies", which was effective as of the moment of the sale of assets, indicates that "if the bidding failed the sale should be carried out by an authorized organization on the commission basis." The courts had no lawful grounds to issue such decisions because the defendants were emphasizing the above circumstances in a course of judicial hearings and they were reflected in the replies and complaints of the defendants.

        Second, in all judicial instances the defendants pointed out that the claims of the plaintiff – LLC NPRO Ural have replevin nature because it was discovered in a course of the first instance court judicial hearing that neither one of the defendants engaged in the case was the owner of the contested securities as of the moment of consideration of the complaint. Therefore, the complaint of LLC NPRO Ural is aimed at the return of securities from the good faith acquirer, i. e. from the person that "acquired securities, paid for them and as of the moment of acquisition did not know and could not know about third person's rights with regard to securities" (Article 2 of the Federal Law # 39-FZ "On securities market".) The defendants in their replies requested courts to deny the relief sought in the complaint of LLC NPRO Ural because LLC NPRO Ural actually filed a replevin action, however, provisions with regard to invalidity of transactions were indicated as the grounds for the complaint. In the courts of first, appeal and cassation

instances CJSC Financial Company profit House referred not only to provisions of laws, but also to practice of arbitrazh courts confirming impossibility of satisfaction of such plaintiff's claims. "If the property was acquired from the person that had no right to expropriate such property upon the agreement supported by proper consideration, the owner on the property shall be entitled to file a suit demanding to return the property from illegal possession of the person, which acquired such property. If in this situation the owner will file a suit requesting to invalidate the sale and purchase transaction and to return the property, which was transferred to the purchaser, and in a course of consideration of such case will be determined that the purchaser is consistent with requirements characterizing a good faith acquirer, the court shall deny the relief sought in the complaint" (section 25 of the Decision of the Plenum of the Supreme Arbitrazh Court of the Russian Federation of February 25, 1998 # 8 "On some issues of practice of resolution of disputes regarding protection of ownership and other property rights.") The defendants were informing the courts about this circumstance in a course of judicial hearings. However, the courts did not take this provision into consideration and did not reflect it in their decisions. Besides, in its replies CJSC FC Profit House referred to the Informational Letter of the Presidium of the Supreme Arbitrazh Court of the Russian Federation of April 28, 1998 # 33 "Review of practice of resolution of disputes with regard to transactions connected with stock floatation and circulation". Section 7 of the above letter states that "…owner's claim to return shares filed against a good faith acquirer has a replevin nature and can be satisfied only in the presence of conditions provided by the Article 302 of the Civil Code of the Russian Federation." In its complaint the plaintiff indicated CJSC FC Profit House and the Company Amber Star LLC as co-defendants. These companies acquired the securities and paid for them the prescribed price, i.e. they were good faith acquirers. The plaintiff requested to apply consequences of invalidity of bidding and to return the securities. As of the moment of the dispute consideration of the securities were in the ownership of good faith acquirers, therefore their return was possible only by the mean of a replevin action. The Limited Liability Company NPRO Ural did not file such an action. "The State Property Fund was seeking to return shares and filed the complaint requesting to apply the consequences of invalidity of transaction concluded between defendants. The Fund believed that the transaction was void because the seller had no rights to sell the above shares. An Arbitrazh Court denied the relief sought in the complaint of the State Property Fund. The decision is correct." (Section 7 of the Informational letter of Supreme Arbitrazh Court of the Russian Federation of April 28, 1998 # 33.)

Third, the decision of the Arbitrazh Court of Chelyabinsk region of October 16, 2000 (page 4) and the decision of the Federal Arbitrazh Court of the Ural District of January 4, 2001 (page 3) state that the transfer orders are transactions, and, therefore, can be invalidated pursuant to Article 167 of the Civil Code of the Russian Federation. According to Civil Code of the Russian Federation transactions are actions of persons aimed at establishment, change or termination of civil rights and obligations. The basis for change of civil rights an obligations with regard to sale and purchase of securities is the sale and purchase agreement. In this case the transfer order serves as document confirming the transition of securities ownership rights (Article 8 of the Federal Law "On securities market".)

**<u>Therefore, a transfer order is a technical document evidencing the transition of rights with regard to shares. It is derivative from the reason for transition of rights – the agreement, judicial decision, and so on. The order does not change rights and obligations of the parties and cannot be considered as transaction, therefore, it cannot be invalidated</u>**.

The letter of a Deputy Chairman of the Sverdlovsk region representative office of the Supreme Arbitrazh Court of the Russian Federation dated May 21, 2001, groundlessly denied the CJSC Financial Company Profit-House's petition to bring a protest. The deputy Chairman of the Supreme Court of the Russian Federation Arifulin A.A. did not examine non-engagement of the present owner of the contested securities as a co-defendant in the case, absence of bidding because the shares were sold by the means of commission and a number of other grounds related to this case.

The company, Omni Trusthouse Limited, is the company that was deprived of its shares. Omni Trusthouse Limited acquired shares in a good faith and paid for them the prescribed price. However the decisions of courts restoring shares on the personal account of LLC NPRO Ural were made without examination of all the presented documents (the courts examined only evidence presented by the plaintiff and ignored evidence presented by the defendants.)

Because this is not the first case of writing off shares of ill-famed Open Joint Stock Company OJSC Kachkanar Ore Mining and Processing Plant Vanadiy in violation of rights of good faith acquirers or sometimes without their engagement in a case (as it happened in this case),we request you to initiate examination of all circumstances of the present case.

On the basis of the above, in connection with the fact that the contested judicial decisions violated rights of good faith acquirers and that the judicial decisions are made in violation of substantive legal provisions, pursuant to Article 302 of the Civil Code of the Russian Federation, Articles 2 and 3 of the Federal Law "On securities market", Decision of the Plenum of the Supreme Arbitrazh Court of the Russian Federation of February 25, 1998 # 8, Informational Letter of the Presidium of the Supreme Arbitrazh Court of the Russian Federation of April 28, 1998 # 33, Articles 180, 184, 185, 187, 188 and 208 of the Arbitrazh Procedural Code of the Russian Federation, the Closed Joint Stock Company Financial Company Profit House requests you:

- To obtain on demand the civil case # A76-4037/2000-5-105;
- To bring a protest requesting to reverse the following judicial decisions that became effective:
1. Decision of the Arbitrazh Court of Chelyabinsk region dated August 1, 2000 in the case # A76-4037/2000-5-105;
2. Decision of the appellate instance of the Arbitrazh Court of Chelyabinsk region dated October 16, 2000 in the case # A76-4037/2000-5-105;
3. Decision of the Federal Arbitrazh Court of Ural District of January 4, 2001 in the case # F09-1959/2000 GK;

- Because in the Ural region the problem with regard to securities of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy is being resolved on a one-sided basis and in a very biased manner we request the Presidium of the Supreme Arbitrazh Court of the Russian Federation to reverse the above contested decisions and to deny the relief sought in the complaint of LLC NPRO Ural.

- To apply the turn of execution of the judicial decisions and to return everything received by the plaintiff, and in case of absence of securities on the personal account of LLC NPRO Ural – to oblige the CJSC Vedenie Reestrov Kompaniy to trace movement of the contested securities and to return them on the personal account of the Company they were written off from as a result of execution of the contested judicial decisions (the company OMNI Trusthouse Limited.)

Attachments:
Copies:
- Sale and Purchase agreement of September 18, 1998 # 21;
- The report regarding the execution of obligations upon the agreement on sale and purchase of securities dated September 24, 1998.
- Decision of the Arbitrazh Court of Chelyabinsk region dated August 1, 2000 in the case # A76-4037/2000-5-105
- Decision of the appellate instance of the Arbitrazh Court of Chelyabinsk region dated October 16, 2000 in the case # A76-4037/2000-5-105
- Decision of the Federal Arbitrazh Court of Ural District of January 4, 2001 in the case # F09-1959/2000 GK
- Representative's powers of attorney.

Representatives of CJSC FC Profit House          [signed] V.V. Volnov
                                                 [signed] D.A. Zhuikov