To the Civil Cases Board of the Moscow City Court

Address: 107076 Moscow 8 Bogorodskiy Val St.

[Arrived in the office of the court     **Petitioner: Company Foston Management Limited**
on January 26, 2001 Incoming # 15     (shareholder of OJSC Kachkanar Ore Mining and
Tel: 435-53-13][1]                                      Processing Plant Vanadiy)

**Mailing address**:
119270 Moscow 46 Frunzenskaya Naberezhnaya St.,
Doorway 2

**Case # 2-2747**

# CASSATION APPEAL

On September 29, 2000 the Solntsevskiy interdistrict court of Moscow (chairman of the hearing Ilyin N.V.) made the decision in the case initiated by the complaint of LLC Inrosmet, OJSC Nizhnetagilskiy Metallurgical Plant, CJSC Standart Trust, against Ivanov Evgeniy Nikolaevich, companies: Amber Star LLC, Nexis Products LLC, Davis International, CJSC Company-Registrar Panorama, Omni Trusthouse Limited, Holdex LLC, Foston Management Limited (case # 2-2747).

The court has decided to recover ordinary shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy from personal accounts of the company Foston Management Limited and to transfer: 1,245,677 second issue shares (issue state registration # 62-1-1396) to the personal account of LLC Inrosmet; 103,626 second issue shares (issue state registration # 62-1P-290) and 18,747,610 second issue shares (issue state registration # 62-1P-1396) to the personal account of OJSC Nizhnetagilskiy Metallurgical Plant; 17,618,254 second issue shares (issue state registration # 62-1-1396) to CJSC Standart Trust.

Pursuant to the above decision from the account of the company Foston Management Limited were written off **37,715,081 (Thirty seven million seven hundred fifteen thousand eighty one) shares** of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy.

We believe that the above decision is illegal, it was made in violation of provisions of substantive law, essential violation of procedural legal provisions and shall be reversed based on the following grounds:

1.  The court essentially violated provisions of procedural law:

1) Pursuant to Article 151 of the Civil Procedural Code of RSFSR, the court is obligated to check the appearance of participants of the hearing. Namely, the secretary of the hearing should report to the court which persons participating in the case appeared in the hearing, <u>whether subpoena notices were handed in to missing participants and **what**</u>

---

[1] In handwriting. – translator's note

**were reasons for failure to appear in court. The court should establish identities of the arrived participants, and to check authorities of officials and representatives.**
The court failed to fulfill this obligation.
**In violation of Article 151 of the Civil Procedural Code of RSFSR** the court did not establish identities of the arrived persons and did not check authorities of representatives mentioned in the decision.

2) **In violation of Article 106 of the Civil Procedural Code of RSFSR** the company Foston Management Limited was not properly notified with regard to place and time of the judicial hearing, therefore **the principle of equality and competitiveness provided by Article 14 of the Civil Procedural Code of RSFSR was violated.**

3) **In violation of Article 107 of the Civil Procedural Code of RSFSR** the court failed to send a copy of the complaint to the defendant - the company Foston Management Limited.

4) The hearing took place **in violation of Article 157 of the Civil Procedural Code of RSFSR,** which states that the hearing should be postponed if a person participating in the case did not appear in the hearing and there is no information with regard to notification of such person.
The representative of the company Foston Management Limited did not appear in the judicial hearing due to court's failure to properly notify the company Foston Management Limited with regard to the date and venue of the hearing as well as the subject of the dispute (the court did not perform requirements of article 142 of the Civil Procedure Code of the Russian Federation.)
The contested **decision** of Solntsevskiy intermunicipal court of Moscow of September 29, 2000 **was issued in the absence of the defendant** - the company Foston Management Limited.

**Therefore, the court violated provisions of procedural law, namely Article 157 of the Civil Procedural Code of RSFSR, which states that the hearing should be postponed if a person participating in the case did not appear in the hearing and there is no information with regard to notification of such person.**
**Pursuant to Article 308 of the Civil Procedural Code of RSFSR, the decision shall be a subject to unconditional reverse if the case was heard by the court in absence of one of the persons participating in the case, which was not notified with regard to time and venue of the hearing.**

5) **In violation of Article 213 of the Civil Procedural Code of RSFSR, the copy of the judicial decision was not sent to** the defendant – the company Foston Management Limited, therefore the company Foston Management Limited **was deprived of possibility to appeal the issued decision within the term established by the law.**

6) When the court made the above decision it **violated Article 197 of the Civil Procedural Code of RSFSR:** in the introductory part of the decision the court did not indicate, which persons represented interests of which creditor, did not indicate names of

representatives and grounds for their actions. I.e. judging from the decision of the court the conclusion can be made that a person who does not have official authority and even has no name was allowed to represent, without any legal authorization, interests of the defendants in the hearing.

7) Besides, judge Ilyin accepted the above **complaint for consideration in violation of jurisdiction rules.**

As it was reflected in the decision, there were no actual claims filed against the defendant Ivanov Evgeniy Nikolaevich. Ivanov E.N. was **nominally** indicated as the defendant in order to create an artificial jurisdiction.

All the persons indicated in the complaint, excluding Ivanov E.N., are legal entities, therefore, pursuant to Article 22(1) of the Arbitrazh Procedural Code of the Russian Federation this case falls under **jurisdiction of an arbitrazh court.**

Because the defendant, CJSC Company-Registrar Panorama, is located in Moscow and all other companies-defendants are foreign legal entities, which have their representative offices in Moscow, this dispute falls under jurisdiction of the **Moscow Arbitrazh Court.**

**In spite of these violations, the court did not fulfill the requirements of Article 129** of the Civil Procedural Code of the Russian Federation (regarding refusal to accept the complaint if the case falls outside of jurisdiction of this court) and **Article 122** of the Civil Procedural Code of the Russian Federation (regarding transfer of the case accepted for consideration in violation of jurisdiction rules.)

**Pursuant to Article 308 of the Civil Procedural Code of the Russian Federation, the above violations of procedural legal provisions are essential, therefore the issued decision of Solntsevskiy intermunicipal court of Moscow dated September 29, 2000 in the case # 2-2747 shall be certainly reversed.**

2.    The court **violated and incorrectly applied provisions of substantive law:**

1) The company Foston Management Limited acquired 37,799,600 ordinary nominal non-documentary shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy from the company Nexis Products LLC on the basis of the sale and purchase agreement # 005/ST/KachGOK of July 27, 2000. On the basis of the above agreement and the transfer order the company Foston Management Limited was included in the register of shareholders of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy. Pursuant to Article 29 of the Federal Law "On securities market" such inclusion confirms the Company's ownership over the acquired shares.

In its turn, the company, Nexis Products LLC, acquired 37,804,555 ordinary nominal non-documentary shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy from the company Amber Star LLC on the basis of the sale and purchase agreement of February 4, 2000.

On the basis of the above agreement and the transfer order the company Nexis Products LLC was included in the register of shareholders of OJSC Kachkanar Ore

Mining and Processing Plant Vanadiy. Pursuant to Article 29 of the Federal Law "On securities market" such inclusion confirms the Company's ownership over the acquired shares.

As of the moment of conclusion of both transactions the above shares were not a subject to dispute (third persons did not claim them), an there were no other obstacles for conclusion of the transactions regarding sale and purchase of these shares.

Both sale and purchase agreements were transactions with due consideration, in both cases the payment was made.

Furthermore, the company Nexis Products LLC voluntary entered both transactions for sale and purchase of shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy. Therefore, 37,799,600 shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy left ownership of the company Nexis Products LLC according to the company's will.

On the basis of the above, we believe that **demand of shares from a good faith acquirer, who received such shares on the basis of the transaction with due consideration and pursuant to the will of the party-seller, violates requirements of Article 302 of the Civil Code of the Russian Federation.**

**Section 25 of the Decision of the Plenum of the Supreme Arbitrazh Court of the Russian Federation # 8 of February 25, 1998 states:** "If the property was acquired from the person that had no right to dispose of such property, the owner of the property shall be entitled to file a suit demanding to return the property from illegal possession of the person, that acquired such property. If in this situation the owner filed a suit requesting to invalidate the sale and purchase transaction and to return the property, which was transferred to the purchaser, and in a course of consideration of such case will be determined that <u>the purchaser is consistent with requirements characterizing a good faith acquirer,</u> **the court shall deny the relief sought in the complaint.**"

**Therefore, the decision of the Solntsevskiy intermunicipal court of September 29, 2000 recovering nominal ordinary shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy from the personal accounts of the Company Foston Management Limited was made in violation of Article 302 of he Civil Code of the Russian Federation and requirements of the Supreme Arbitrazh Court of the Russian Federation (section 7 of the Informational letter # 33 of April 21, 1998, sections 24-25 of the Decision of the Plenum of the Supreme Arbitrazh Court of the Russian Federation # 8 of February 25, 1998.)**

**In the contested decision of September 29, 2000 the court did not apply the law that should have been applied.**

2) On July 13, 2000 Meschanskiy intermunicipal court of Moscow issued the decision in the case initiated upon the complaint of CJSC Uralmash against the company Amber Star LLC and the company Nexis Products LLC requesting to invalidate agreements for sale and purchase of ordinary nominal shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy.

According to this Decision, the companies, Amber Star LLC and Nexis Products LLC were declared good faith acquirers of the shares (the copy of the decision is attached).

Therefore, the company Nexis Products LLC as well as the company Amber Star LLC **were declared good faith acquirers by the decision of the court**.

On July 24, 2000 this decision of Meschanskiy intermunicipal court of Moscow dated July 13, 2000 became effective.

The above decision acts as a collateral estoppel for the present case. However, the representatives of the companies Amber Star LLC, Nexis Products LLC and Foston Management Limited could not present the decision of Meschanskiy intermunicipal court of Moscow in the Solntsevskiy intermunicipal court of Moscow as the proof for good faith acquisition of the above shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy by the above Companies because they were not notified with regard to the hearing of the Solntsevskiy intermunicipal court of Moscow of September 29, 2000, and, therefore, did not participate in this hearing.

**Therefore, the conclusion of the court that " ...the defendant failed to prove that it did not know and could not know that it acquired the property from the person that has no right to dispose of property..." is inconsistent with actual circumstances of the case.** It only proves that representatives of the above **defendants (companies Amber Star LLC, Nexis Products LLC and Foston Management Limited) were not present in this hearing (dated September 29, 2000 in Solntsevskiy intermunicipal court) because these companies-defendants were not notified with regard to time and venue of the hearing.**

**The court violated principle of comprehensive and complete examination of evidence (article 56 of the Civil Procedural Code of RSFSR), also the court incorrectly qualified the interrelations between the parties.**

3) The court's conclusion that : **"...there is direct evidence of blatant carelessness, which excludes possibility of protection of its [defendant's] interests pursuant to Article 302 of the Civil code of the Russian Federation**" contradicts the provisions of substantive law **and infringes procedural rights of the companies-defendants because the court made conclusion regarding impossibility of further judicial protection** of lawful right of the companies-defendants in cassation and inspection order.

**The term "blatant carelessness" belongs to criminal law and characterizes a form of guilt. In the civil law this term is applicable only with respect to evaluation of liability resulted from harming of life or health. It cannot be applied with regard to protection of ownership in case of filing of a replevin action.**

**Therefore, the court not only incorrectly evaluated circumstances of the case, but also applied law that should not have been applied.**

4) In the hearing, which resulted in the contested decision, the court examined only documents submitted by the plaintiff. The decision states: "...according to registry of transactions, which were made from July 8, 1998, as a result of transition of shares the

contested amount of shares was entered on the personal account of the company Foston Management Limited.

However, the company Foston Management Limited acquired shares of OJSC Kachkanar Ore Mining and Processing Plant Vanadiy as a result of a number of sale and purchase transactions concluded between different companies (good faith acquirers). The court failed to examine the agreements for sale and porches of shares concluded between those parsons within the course of the hearing. **The court did not check the legal nature of these agreements. The persons that participated in the above transactions were not engaged in judicial proceedings.**

**Under these circumstances the contested decision cannot be considered sound.**

**The court violated one of the major principles of justice – principle of competitiveness of proceedings and equality of the parties, as provided by article 14 of the Civil Procedural Code of RSFSR.**

**Because the present dispute was to be considered according to rules of Articles 167-167 of the Civil Code of the Russian Federation, i.e. all former owners of the contested shares should be engaged in proceedings,**
on the basis of the above, the Decision of the Solntsevskiy intermunicipal court of September 29, 2000 in the case initiated by the complaint of LLC Inrosmet, OJSC Nizhnetagilskiy Metallurgical Plant, CJSC Standart Trust, against Ivanov Evgeniy Nikolaevich, companies: Amber Star LLC, Nexis Products LLC, Davis International, CJSC Company-Registrar Panorama, Omni Trusthouse Limited, Holdex LLC, Foston Management Limited  **shall be declared illegal and ungrounded.**

At the present moment the case # 2-2747 of the Solntsevskiy intermunicipal court of Moscow is missing because it was purportedly request by the Supreme Arbitrazh Court of the Russian Federation. In connection with the above circumstance the company Foston Management Limited is not able to submit the properly attested copy of the decision of the Solntsevskiy intermunicipal court of Moscow dated September 29, 2000 (in the case # 2-2747) and submits the copy received from Federal Securities Commission on the basis of the petitioner's request.

Pursuant to Articles 3, 30, 43, 306-308 of the Civil Procedural Code of RSFSR, articles 14, 56, 106, 107, 122, 129, 151, 157, 161, 192, 197, 213 of the Civil Procedural Code of RSFSR; Article 22 of the Arbitrazh Procedural Code of the Russian Federation; Article 302 of the Civil Code of the Russian Federation; Informational Letter of the Presidium of the Supreme Arbitrazh Court of the Russian Federation of April 28, 1998 # 33; Sections 24-25 of the Decision of the Plenum of the Supreme Arbitrazh Court of the Russian Federation of February 25, 1998 # 8, article 305, 430 of the Civil Procedural Code of RSFSR,

The company Foston Management Limited

REQUESTS:

1.  To withdraw the case # 2-2747 (in the case initiated by the complaint of LLC Inrosmet, OJSC Nizhnetagilskiy Metallurgical Plant, CJSC Standart Trust, against Ivanov Evgeniy Nikolaevich, companies: Amber Star LLC, Nexis Products LLC, Davis International, CJSC Company-Registrar Panorama, Omni Trusthouse Limited, Holdex LLC, Foston Management Limited) from the Solntsevskiy intermunicipal court of Moscow in cassation order;

2.  To reverse the decision of the Solntsevskiy intermunicipal court of Moscow of September 29, 2000 (in the case initiated by the complaint of LLC Inrosmet, OJSC Nizhnetagilskiy Metallurgical Plant, CJSC Standart Trust, against Ivanov Evgeniy Nikolaevich, companies: Amber Star LLC, Nexis Products LLC, Davis International, CJSC Company-Registrar Panorama, Omni Trusthouse Limited, Holdex LLC, Foston Management Limited) and to terminate proceedings in the case.

Enclosures:

1.  Power of attorney of the representative of the company Foston Management limited (copy);

2.  Decision of the Solntsevskiy intermunicipal court of Moscow of September 29, 2000 (copy);

3.  Decision of the Meschanskiy intermunicipal court of Moscow of July 13, 2000 (copy);

4.  "Request" of the Supreme Arbitrazh Court of the Russian Federation # 25f-1813 of November 23, 2000 (copy);

5.  Notification regarding execution of the request Outgoing # 1157 with the note regarding the receipt of the case # 2-2747 signed by judge Ilyin N.V. (copy);

6.  Notification of the transfer agent. CJSC Vedenie Reestrov Kompaniy. outgoing # 18n/GOKVAN of October 23, 2000 "On execution of the decision of the court of September 29, 2000 and writ of execution of October 10, 2000 in the case # 2-2747 (incoming # 7343 of November 3, 2000) (copy);

7.  Certificate reflecting transactions on the personal accounts of the Company Foston Management Limited within the period from October 3, 2000 to December 7, 2000 (copy).

Respectfully,

" " January 2001          representative of the company Foston Management Limited
_____ Polyakevich G.V., admitted Moscow city Bar. Acting on the basis of the power of attorney issued by Ashikhmina Marina Miroslavovna, the authorized representative of the company Foston Management Limited in Russia.

To the Civil Cases Board of the Moscow City Court

Address: 107076 Moscow 8 Bogorodskiy Val St.

**Petitioner: the company Foston Management Limited**
(shareholder of OJSC Kachkanar Ore Mining and
Processing Plant Vanadiy)

**Mailing address**:
119270 Moscow 46 Frunzenskaya Naberezhnaya St.,
Doorway 2

Case # 2-2747

## CHANGES
to the cassation complaint

On the basis of arguments of the cassation complaint,

Pursuant to Articles 3, 30, 43, 306-308 of the Civil Procedural Code of RSFSR, articles 14, 56, 106, 107, 122, 129, 151, 157, 161, 192, 197, 213 of the Civil Procedural Code of RSFSR; Article 22 of the Arbitrazh Procedural Code of the Russian Federation; Article 302 of the Civil Code of the Russian Federation; Informational Letter of the Presidium of the Supreme Arbitrazh Court of the Russian Federation of April 28, 1998 # 33; Sections 24-25 of the Decision of the Plenum of the Supreme Arbitrazh Court of the Russian Federation of February 25, 1998 # 8, article 305, 430 of the Civil Procedural Code of RSFSR,

The company Foston Management Limited

## REQUESTS:

To reverse the decision of the Solntsevskiy intermunicipal court of Moscow of September 29, 2000 (in the case initiated by the complaint of LLC Inrosmet, OJSC Nizhnetagilskiy Metallurgical Plant, CJSC Standart Trust, against Ivanov Evgeniy Nikolaevich, companies: Amber Star LLC, Nexis Products LLC, Davis International, CJSC Company-Registrar Panorama, Omni Trusthouse Limited, Holdex LLC, Foston Management Limited) and to send the case to the first instance court for the new consideration with new panel of judges.

Respectfully,

January 26, 2001          representative of the company Foston Management Limited
                          [signed] Polyakevich G.V., admitted Moscow City Bar,
                          Acting upon the power of attorney issued by Ashikhmina
                          Marina Miroslavovna, the authorized representative of the
                          company Foston Management Limited in Russia.

В Коллегию по гражданским делам Московского городского суда.

Адрес: 107076, г. Москва, ул. Богородский вал, д. 8



**Заявитель:**
**Компания «Фостон Менеджмент Лимитед»**
(акционер ОАО «Качканарский ГОК «Ванадий»)
**Адрес для почтовой корреспонденции:**
119270, г. Москва, ул. Фрунзенская наб., д. 46, под. 2

дело №2-2747

# КАССАЦИОННАЯ ЖАЛОБА

«29» сентября 2000 г. Солнцевский межмуниципальный суд г. Москвы (под председательством судьи Ильина Н.В.) вынес Решение по иску ООО «Инросмет», ОАО «Нижнетагильский металлургический комбинат», ЗАО «Стандарт Траст» к Иванову Евгению Николаевичу, Компаниям: «Амбер Стар Эл.Эл.Си.», «Нэксиз Продактс Эл.Эл.Си», «Дэвис Интернэшнл», ЗАО «Компания-регистратор «Панорама», «ОМНИ-Трастхауз Лимитед», «Холдэкс Эл.Эл.Си.», «Фостон Менеджмент Лимитед» (дело №2-2747).

Указанным Решением суд постановил: истребовать обыкновенные акции ОАО «Качканарский ГОК «Ванадий» с лицевых счетов Компании «Фостон Менеджмент Лимитед» с зачислением на лицевой счет ООО «Инросмет» 1 245 677 акций II выпуска (гос. номер регистрации выпуска 62-1-1396), на лицевой счет ОАО «Нижнетагильский металлургический комбинат» 103 626 акций II выпуска (гос. номер регистрации выпуска 62-1П-290) и 18 747 610 акций II выпуска (гос. номер регистрации выпуска 62-1П-1396), на лицевой счет ЗАО «Стандарт Траст» 17 618 254 акции II выпуска (гос. номер регистрации 62-1-1396).

В соответствии с данным Решением с Компании «Фостон Менеджмент Лимитед» было списано: **37 715 081 (Тридцать семь миллионов семьсот пятнадцать тысяч восемьдесят одна) акция** ОАО «Качканарский ГОК «Ванадий».

Считаем, что данное решение незаконно, вынесено с нарушением норм материального права и грубым нарушением норм процессуального права и подлежит отмене по следующим основаниям:

1. Судом были грубо **нарушены нормы процессуального права:**
1)
В соответствии со ст. 151 ГПК РСФСР в обязанность суда входит проверка явки участников процесса: секретарь судебного заседания докладывает суду, кто из вызванных по данному делу лиц явился, <u>врчены ли повестки неявившимся и какие имеются сведения о причинах их неявки</u>. Суд <u>устанавливает личности явившихся, а также проверяет полномочия должностных лиц и представителей</u>.

Данная обязанность судом не была исполнена.

В нарушение ст. 151 ГПК РСФСР, суд не установил личности явившихся, и не проверил полномочия представителя, о чем указано в решении.

2)

В нарушение ст. 106 ГПК РСФСР Компания «Фостон Менеджмент Лимитед» не была надлежащим образом уведомлена о месте и времени судебного заседания, тем самым был нарушен принцип равноправия и состязательности, предусмотренный ст. 14 ГПК РСФСР.

3)

Была нарушена ст. 107 ГПК РСФСР, судом не была направлена копия искового заявления ответчику - Компании «Фостон Менеджмент Лимитед».

4)

В нарушение ст. 157 ГПК РСФСР, в соответствии с которой в случае неявки в судебное заседание кого либо из лиц участвующих в деле, в отношении которых отсутствуют сведения об извещении, разбирательство дела откладывается, судебное заседание состоялось.

Представитель Компании «Фостон Менеджмент Лимитед» не присутствовал на данном судебном заседании в виду того, что Компания «Фостон Менеджмент Лимитед» не была надлежащим образом извещена о дате и месте судебного разбирательства, а также о самом предмете спора (неисполнение судом требований ст. 142 ГПК РСФСР).

Оспариваемое Решение Солнцевского межмуниципального суда г. Москвы от «29» сентября 2000 г., было вынесено в отсутствие ответчика - Компании «Фостон Менеджмент Лимитед».

Таким образом, судом были нарушены нормы процессуального права – ст. 157 ГПК РСФСР, в соответствии с которой в случае неявки в судебное заседание кого либо из лиц, участвующих в деле, в отношении которых отсутствуют сведения об извещении, разбирательство дела откладывается.

В соответствии со ст. 308 ГПК РСФСР: решение подлежит обязательной отмене, если дело рассмотрено судом в отсутствие кого-либо из лиц, участвующих в деле, не извещенных о времени и месте судебного разбирательства.

5)

В нарушение ст. 213 ГПК РСФСР, ответчику - Компания «Фостон Менеджмент Лимитед», не явившейся в судебное заседание не была выслана копия решения суда, в связи с чем Компания «Фостон Менеджмент Лимитед» была лишена возможности в установленный законом срок обжаловать вынесенное решение.

6)

При вынесении решения была нарушена ст. 197 ГПК РСФСР: в водной части решения не указано, чьи интересы, какого именно из ответчиков представляет, представляет представитель, не указаны ни фамилия представителя, ни на основании чего он действует, т.е. исходя из решения суда в судебном заседании представлял интересы ответчиков, некий человек, без основательно допущенный к судебному разбирательству без законных на то оснований представлять интересы ответчиков, не имеющий на то должных полномочий и вообще не имеющий фамилии.

7)

Кроме того, указанное исковое заявление было принято к производству судьей Ильиным с нарушением правил о подсудности и подведомственности:

К ответчику Иванову Евгению Николаевичу фактически не было предъявлено никаких исковых требований, что и было отражено в решении. Иванов Е.Н. был лишь формально указан в качестве ответчика для создания искусственной подсудности и подведомственности.

Все лица, за исключением Иванова Е.Н., указанные в исковом заявления являются юридическими лицами, что в соответствии с п.1 ст. 22 АПК РФ относит данное дело к **подведомственности арбитражного суда**.

В связи с тем, что ответчик ЗАО «Компания-регистратор «Панорама» - расположена в г. Москве, а все иные компании-ответчики – иностранные юридические лица имеют свои представительства в г. Москве, данный спор **должен был быть подсуден Арбитражному суду г. Москвы**.

**Несмотря на данные нарушения, требования ст. 129 ГПК РСФСР** (об отказе в принятии заявления, если дело неподсудно данному суду) и требования **ст. 122 ГПК РСФСР** (о передаче дела, принятого с нарушением подсудности) - **судом не выполнены**.

**В соответствии со ст. 308 ГПК РСФСР указанные нарушения норм процессуального права являются существенными, в связи с чем, вынесенное Солнцевским межмуниципальным судом г. Москвы решение от «29» сентября 2000 г. по делу №2-2747 подлежит обязательной отмене.**

2. Судом были **нарушены и неправильно применены нормы материального права**:

В Решении от «29» сентября 2000 г. судом указано, что «согласно регистрационному журналу операций за период с 08.07.199**8** г. в результате перемещений акций, спорное количество акций зачислено на лицевой счет Компании «Фостон Менеджмент Лимитед». Таким образом, приобретение Компанией «Фостон Менеджмент Лимитед» спорного количества акций, принадлежащих на праве собственности истцам по данному делу, **имеет порочное основание и носит незаконный характер владения**. При этом ответчик не представил доказательств, что он знал, что имущество **приобретается у лица, которое не вправе его отчуждать**, на лицо грубая неосторожность, которая исключает возможность защиты его интересов в соответствии со ст. 302 ГК РФ».

Данная формулировка суда, положенная в основу мотивировочной части судебного решения, противоречит действительным обстоятельствам дела и нормам действующего законодательства:

1)

Компания «Фостон Менеджмент Лимитед» приобрела обыкновенные именные бездокументарные акции ОАО «Качканарский ГОК «Ванадий» в количестве 37 799 600 штук у Компании «Нэксиз Продактс Эл.Эл.Си.» на основании договора купли-продажи №005/ST/KachGOK от «27»июля 2000 г. На основании указанного договора и передаточного распоряжения Компания «Фостон Менеджмент Лимитед» была внесена в реестр акционеров ОАО «Качканарский ГОК «Ваналий», что в соответствии со ст. 29 ФЗ «О рынке ценных бумаг» является подтверждением права собственности Компании на приобретенные акции.

В свою очередь, Компания «Нэксиз Продактс Эл.Эл.Си.» приобрела обыкновенные именные бездокументарные акции ОАО «Качканарский ГОК «Ванадий» в количестве 37 804 555 штук у Компании «Амбер Стар Эл.Эл.Си.» на основании договора купли-продажи от «04» февраля 2000 г. На основании указанного договора и передаточного распоряжения

Компания «Нэксиз Продактс Эл.Эл.Си.» была внесена в реестр акционеров ОАО «Качканарский ГОК «Ванадий», что в соответствии со ст. 29 ФЗ «О рынке ценных бумаг» является подтверждением права собственности Компании на приобретенные акции.

На момент совершения обеих сделок указанные акции не находились в споре (у иных третьих лиц на данные акции отсутствовали притязания), а также отсутствовали иные препятствия для совершения сделок купли-продажи данных акций.

Оба договора купли-продажи были возмездными, по обеим договорам была осуществлена оплата.

Более того, обе сделки купли-продажи акций ОАО «Качканарский ГОК «Ванадий» Компания «Нэксиз Продактс Эл.Эл.Си.» совершила по собственной воле. Таким образом, акции ОАО «Качканарский ГОК «Ванадий» в количестве 37 799 600 штук выбыли из собственности Компании «Нэксиз Продактс Эл.Эл.Си.» - добровольно.

На основании изложенного, считаем что **истребование акций от добросовестного приобретателя, к которому указанные акции перешли на основании возмездной сделки и по воле стороны-продавца – нарушает требования ст. 302 ГК РФ.**

**В соответствии п. 25 Постановления Пленума Высшего Арбитражного суда РФ №8 от «25» февраля 1998 г.:** «Если по возмездному договору имущество приобретено у лица, которое не имело права его отчуждать, собственник вправе обратиться с иском об истребовании имущества из незаконного владения лица, приобретшего это имущество. Если в такой ситуации собственником заявлен иск о признании недействительной сделки купли-продажи и возврате имущества, переданного покупателю, и при разрешении данного спора будет установлено, что покупатель отвечает требованиям, предъявляемым к добросовестному приобретателю (ст. 302 ГК РФ), в удовлетворении исковых требований о возврате имущества должно быть отказано».

**Таким образом, резолютивная часть решения Солнцевского суда от «29» сентября 2000 г.: «истребовать именные обыкновенные акции ОАО «Качканарский ГОК «Ванадий» с лицевых счетов Компании «Фостон Менеджмент Лимитед» - вынесена с нарушением ст. 302 ГК РФ и нарушением требований Высшего Арбитражного суда РФ (п. 7 Информационного письма №33 от «21» апреля 1998 г., п. 24 –25 Постановления Пленума Высшего Арбитражного суда РФ №8 от «25» февраля 1998 г.).**

**В оспариваемом решении от «29» сентября 2000 г. суд не применил закон, подлежащий применению.**

2)

«13» июля 2000 г. Мещанский межмуниципальный суд г. Москвы вынес решение по иску ЗАО «Уралэлектромаш» к Компании «Амбер Стар Эл.Эл.Си.» и Компании «Нэксиз Продактс Эл.Эл.Си.» о признании недействительным договоров купли-продажи обыкновенных именных бездокументарных акций ОАО «Качканарский ГОК «Ванадий».

В соответствии с данным Решением, Компания «Амбер Стар Эл.Эл.Си.» и Компания «Нэксиз Продактс Эл.Эл.Си.» - были признаны добросовестными приобретателями данных акций (копия решения прилагается).

Таким образом, как Компания «Нэксиз Продактс Эл.Эл.Си.», так и Компания «Амбер Стар Эл.Эл.Си.» **решением суда признаны добросовестными приобретателями.**

«24» июля 2000 г. данное Решение Мещанского межмуниципального суда г. Москвы от «13» июля 2000 г. - вступило в законную силу.

В виду того, что представители Компаний «Амбер Стар Эл.Эл.Си.», «Нэксиз Продактс Эл.Эл.Си.» и «Фостон Менеджмент Лимитед» не были извещены о заседании Солнцевского межмуниципального суда г. Москвы, назначенном на «29» сентября 2000 г., в связи с чем - не принимали участия в данном судебном заседании, решение Мешанского межмуниципального суда г. Москвы, как доказательство добросовестного приобретения указанными Компаниями акций ОАО «Качканарский ГОК «Ванадий», имеющее преюдициальное значение для данного дела - не могло быть представлено Солнцевскому межмуниципальному суду.

Таким образом, вывод суда о том, что «...ответчик не представил доказательств, что он не знал и не мог знать, что имущество приобретается у лица, которое не вправе его отчуждать» - не соответствует действительным обстоятельствам дела, а служит лишь доказательством того, что представители указанных ответчиков (Компания «Фостон Менеджмент Лимитед», Компания «Нэксиз Продактс Эл.Эл.Си.», Компания «Амбер Стар Эл.Эл.Си.») не присутствовали на данном судебном заседании («29» сентября 2000 г. в Солнцевском межмуниципальном суде) в виду не извещения судом данных Компаний-ответчиков о дате и месте судебного заседания.

Судом был нарушен принцип всесторонности и полноты исследования доказательств (ст. 56 ГПК РСФСР), а также судом дана неправильная квалификация взаимоотношения сторон.

3)

Вывод суда о том, что «...Налицо грубая неосторожность, которая исключает возможность защиты его интересов в соответствии со ст. 302 ГК РФ» - противоречит нормам материального права и ущемляет процессуальные права компаний-ответчиков, поскольку судом вынесено заключение о невозможности дальнейшей судебной защиты компаниями-ответчиками своего законного права как в кассационном, так и в надзорном порядке.

Само понятие «грубая неосторожность» относится к институту уголовного права и характеризует формы вины. В гражданском праве данное понятие применимо лишь в отношении оценки ответственности вследствие причинения вреда жизни или здоровью, и не может быть применено при защите права собственности в случае предъявления виндикационного иска.

Таким образом, судом не только дана неправильная оценка обстоятельств дела, но также суд применил закон не подлежащий применению.

4)

В заседании, на котором вынесено оспариваемое решение, судом исследовались лишь материалы, представленные истцом, что подтверждается следующим содержанием решения: «согласно регистрационному журналу операций за период с 08.07.1998 г. в результате перемещений акций, спорное количество акций зачислено на лицевой счет Компании «Фостон Менеджмент Лимитед».

Между тем, акции ОАО «Качканарский ГОК «Ванадий» перешли к Компании «Фостон Менеджмент Лимитед» в результате целого ряда сделок купли-продажи акций, в которых субъектами правоотношений выступали различные компании (добросовестные приобретатели). Договоры купли- продажи акций, совершенные между этими субъектами судом в заседании не исследовались. Правовая природа данных договоров -судом не проверена. Лица, участвовавшие в указанных сделках, к процессу не привлекались.

При таких обстоятельствах, оспариваемое решение нельзя считать обоснованным.

**Судом был нарушен один из основных принципов правосудия — принцип состязательности процесса и равноправия сторон – ст. 14 ГПК РСФСР.**

**А также в виду того, что данный спор должен был быть рассмотрен по правилам ст. ст. 167 – 168 ГК РФ, то есть, с привлечением к участию в процесс всех бывших собственников спорных акций,**

На основании изложенного, Решение Солнцевского межмуниципального суда г. Москвы от «29» сентября 2000 г. по иску ООО «Инросмет», ОАО «Нижнетагильский металлургический комбинат», ЗАО «Стандарт Траст» к Иванову Евгению Николаевичу, Компаниям «Амбер Стар Эл.Эл.Си.», «Нэксиз Продактс Эл.Эл.Си», «Дэвис Интернэшнл», ЗАО «Компания-регистратор «Панорама», «ОМНИ-Трастхауз Лимитед», «Холдэкс Эл.Эл.Си.», «Фостон Менеджмент Лимитед» - **является незаконным и не обоснованным.**

В настоящий момент дело №2-2747 в Солнцевском межмуниципальном суде г. Москвы отсутствует в виду якобы запроса Верховного Суда РФ, в связи с чем, заявитель - Компания «Фостон Менеджмент Лимитед» не имеет возможности представить надлежащим образом заверенную копию решения Солнцевского межмуниципального суда от «29» сентября 2000 г. (по делу №2-2747) и представляет копию суда, полученную из ФКЦБ на основании запроса заявителя.

**Руководствуясь ст. ст. 3, 30, 43 ГПК РСФСР,**
**на основании ст. 306-308 ГПК РСФСР:** ст. ст. 14, 56, 106, 107, 122, 129, 151, 157, 161, **192,** 197, 213 ГПК РСФСР, ст. 22 АПК РФ, ст. 302 ГК РФ, Информационного письма Высшего Арбитражного суда РФ №33 от «21» апреля 1998 г., п. 24 –25 Постановления Пленума Высшего Арбитражного суда РФ №8 от «25» февраля 1998 г., ст. 430 ГПК РСФСР, **в соответствии со** ст. 305 ГПК РСФСР,
Компания «Фостон Менеджмент Лимитед»

### ПРОСИТ СУД:

1. Истребовать дело №2-2747 (по иску ООО «Инросмет», ОАО «Нижнетагильский металлургический комбинат», ЗАО «Стандарт Траст» к Иванову Евгению Николаевичу, Компаниям «Амбер Стар Эл.Эл.Си.», «Нэксиз Продактс Эл.Эл.Си», «Дэвис Интернэшнл», ЗАО «Компания-регистратор «Панорама», «ОМНИ-Трастхауз Лимитед», «Холдэкс Эл.Эл.Си.», «Фостон Менеджмент Лимитед») из Солнцевского межмуниципального суда г. Москвы в кассационном порядке;
2. Решение Солнцевского межмуниципального суда г. Москвы от «29» сентября 2000 г. (по иску ООО «Инросмет», ОАО «Нижнетагильский металлургический комбинат», ЗАО «Стандарт Траст» к Иванову Евгению Николаевичу, Компаниям «Амбер Стар Эл.Эл.Си.», «Нэксиз Продактс Эл.Эл.Си», «Дэвис Интернэшнл», ЗАО «Компания-регистратор «Панорама», «ОМНИ-Трастхауз Лимитед», «Холдэкс Эл.Эл.Си.», «Фостон Менеджмент Лимитед») – отменить полностью и прекратить производство по делу.

Приложение:
1. Доверенность представителя Компании «Фостон Менеджмент Лимитед» (копия);
2. Решение Солнцевского межмуниципального суда г. Москвы от «29» сентября 2000 г. (копия);
3. Решение Мещанского межмуниципального суда от «13» июля 2000 г. (копия);

4. «Запрос» Верховного суда РФ №25ф-1813 от «23» ноября 2000 г. (копия);
5. Уведомление об исполнении запроса исх. №1157 с отметкой в получении дела №2-2747, за подписью судьи Ильина Н.В. (копия);
6. Уведомление реестродержателя АОЗТ «Ведение реестров компаний» исх №18 н/ГОКВАН от «23» октября 2000 г. «Об исполнении решения суда от «29» сентября 2000 г. и исполнительного листа от «10» октября 2000 г. по делу №2-2747 (вх. №7343 от «03» ноября 2000 г.) (копия).
7. Справка по операциям, проведенным по лицевым счетам Компании «Фостон Менеджмент Лимитед» за период с «03» октября 2000 г. по «07» декабря 2000 г. (копия).

**С уважением,**

«    » января 2001 г.          Представитель Компании «Фостон Менеджмент Лимитед»

_____ адвокат Московской Городской Коллегии
Полякевич Г.В.
Действующий по доверенности Уполномоченного представителя Компании «Фостон Менеджмент Лимитед» в России - Ашихминой Марины Мирославовны.

В Коллегию по гражданским делам Московского городского суда.

Адрес: 107076, г. Москва, ул. Богородский вал, д. 8

**Заявитель:**
**Компания «Фостон Менеджмент Лимитед»**
(акционер ОАО «Качканарский ГОК «Ванадий»)
**Адрес для почтовой корреспонденции:**
119270, г. Москва, ул. Фрунзенская наб., д. 46, под. 2

дело №2-2747

## УТОЧНЕНИЯ
### к кассационной жалобе

На основании положений, изложенных в кассационной жалобе,

**Руководствуясь** ст. ст. 3, 30, 43 ГПК РСФСР,
**на основании** ст. 306-308 ГПК РСФСР: ст. ст. 14, 56, 106, 107, 122, 129, 151, 157, 161, 192, 197, 213 ГПК РСФСР, ст. 22 АПК РФ, ст. 302 ГК РФ, Информационного письма Высшего Арбитражного суда РФ №33 от «21» апреля 1998 г., п. 24 –25 Постановления Пленума Высшего Арбитражного суда РФ №8 от «25» февраля 1998 г., ст. 430 ГПК РСФСР, **в соответствии со** ст. 305 ГПК РСФСР,
Компания «Фостон Менеджмент Лимитед»

### ПРОСИТ СУД:

Решение Солнцевского межмуниципального суда г. Москвы от «29» сентября 2000 г. (по иску ООО «Инросмет», ОАО «Нижнетагильский металлургический комбинат», ЗАО «Стандарт Траст» к Иванову Евгению Николаевичу, Компаниям «Амбер Стар Эл.Эл.Си.», «Нэксиз Продактс Эл.Эл.Си.», «Дэвис Интернэшнл», ЗАО «Компания-регистратор «Панорама», «ОМНИ-Трастхауз Лимитед», «Холдэкс Эл.Эл.Си.», «Фостон Менеджмент Лимитед») – отменить, дело направить на новое рассмотрение в суд первой инстанции в ином составе судей.

С уважением,

«26» января 2001 г.         Представитель Компании «Фостон Менеджмент Лимитед»

_____ Полякевич Г.В.
Действующий по доверенности Уполномоченного представителя Компании «Фостон Менеджмент Лимитед» в России - Ашихминой Марины Мирославовны.

Name of judge: *N. V. Il'in*

## Determination

gr. D. No. 33-34
ug.

March 30, 2001                Judicial panel for civil cases of the Moscow Municipal Court, consisting of presiding judge: L. V. Fedorova and judges S. A. Klimova and O. N. Goncharova with the participation of prosecutor _____

and attorneys_____

hearing in open court session on report of  L. V. Fedorova

a case on appeal _____

        of the company, Foston Management Limited

to the decision of Solntsevsk inter-municipal court, city of Moscow       .

~~regional people's court~~

September 29, 2000

who reclaimed inscribed common stock of Vanadiy Kachkanarskii Mining and Dressing Complex open joint stock company from the personal accounts of the company Foston Management Limited, with entry into personal account of Inrosmet L.L.C. of 1,245,677 shares of II issue (No. of state registration of issue 62-1-1396), to the personal account of Nizhnetagilsk Metallurgical Complex open joint stock company of 103,626 shares of II issue (No. of state registration issue 62-1P-290) and 18,747,610 shares of II issue (No. of state registration issue 62-1-1396), and to the personal account of Standart Trust closed joint stock company of 17,618,254 shares of II issue (No. of state registration 62-1-1396), registry holder of Vanadiy Kachkanarskii Mining and Dressing Complex open joint stock company, Panorama closed joint stock registrar company and Company Registry Management closed joint stock company, are required to perform the corresponding operations in the registry of owners of securities; the remaining part of the actionable demands were dismissed.

has established:

Inrosmet L.L.C., Nizhnetagilsk Metallurgical Complex open joint stock company, and Standart Trust closed joint stock company addressed the court with a complaint against E. N. Ivanov, and against the companies Amber Star L.L.C., Chezhsiz Products L.L.C., Davis International, Panorama closed joint stock registrar company, Omni-Trust House [illegible] Kholdeks L.L.C., Foston Management Limited, concerning reclamation of property from another's unlawful possession, referring to the fact that they legally purchased inscribed common stock of Vanadiy Kachkanarskii Mining and Dressing Complex open joint stock company. However, Panorama closed joint stock registrar company unlawfully withdrew shares from the accounts of the plaintiffs and entered them into the account of Ural-Start Ltd. L.L.C. and into the personal account of E. N. Ivanov.

Respondent E. N. Ivanov was not in court and did not admit the complaint.

The respondent companies' representative did not admit the complaint.

The court made the above-indicated decision, which the company, Foston Management Limited requests reversal of, according to the arguments of the appeal.

Having become familiar with the materials of the case, having deliberated the arguments of the appeal, and having listened to the explanations of M. M. [illegible], representing the interests of the company, Foston Management Limited, according to power of attorney of 11/1/2000, of the company, Davis International, according to power of attorney of 11/15/2000, of the company Chezhsiz Products L.L.C., according to power of attorney of 11/15/2000, of the company Kholdeks L.L.C., according to the power of attorney of 11/15/2000, and of the company Omni Trust House Limited, according to the power of attorney of 11/15/2000, explanations of G. D. Polyakevich according to power of attorney from the company Foston Management Limited of 2/20/2001, explanations of D. D. Vol'nov according to power of attorney of 3/1/2000, of the company Amber Star L.L.C., of the company Davis International, explanations of E. L. Grigor'eva according to power of attorney of 3/16/2001, of Inrosmet L.L.C., and explanations of N. S. Brusova according to power of attorney of 3/19/2001 of Nizhnetagilsk Metallurgical Complex, judicial panel finds the decision of the court subject to reversal, as established in [illegible] of law.

[*double-bracketed spaces indicate coverage by black spot on page*] In accordance with article 157 of the Civil Procedural Code [...] in case of failure to appear in court session [...] of persons participating [...] of whom [...] of their notification, [...] of the case is dismissed [...] have the right to examine the case in [...] if information [...] [is absent or if the court recognized the reasons for failure to appear inadequate or if the respondent deliberately delays proceeding on the case.

From the materials of the case it has not been perceived that the company Foston Management Limited was properly informed concerning the place and time of the court session.

In the decision of the court of 9/29/2000, it was pointed out that the respondent/companies' representative did not admit the complaint.

However, the materials of the case and the court decision lacked information about what specific person, with indication of last name, first name and middle name, was representing the interests of the companies and, in particular, the company Foston Management Limited, and whether [illegible] from that person represented the interests of the company.

Having examined the case in [illegible] of article 157 in the Russian Federation Civil Procedural Code, the court [illegible] the company Foston Management Limited took part in examining the case, to present evidence, to participate in their research, to present their arguments and observations on all [illegible] in the course of the court proceeding [illegible] to present their objections to the submitted complaint, to object to the motions, arguments and observations of other persons involved in the case, to make use of other procedural rights of representation of the current Code; that is, the requirements stipulated by article 30 of the RSFSR Civil Procedural Code have been violated.

Having resolved the dispute without participation of the company Foston Management Limited, the court did not take into consideration the circumstance stated in the appeal of the company.

In particular, by the decision of the Meshchansk inter-municipal court, Moscow, of

7/13/2000, the Company Amber Star L.L.C. and Chezhsiz Products L.L.C. were recognized as bona fide purchasers of inscribed common stock in Vanadiy Kachkanarskii Mining and Dressing Complex open joint stock company.

The decision of the court has entered into legal force.

Buy and sell agreements of shares were not studied in the court session. Persons participating in the indicated business transactions were not involved in the case.

Circumstances stated in the appeal were not studied by the court and were not evaluated, whereas the indicated circumstances have juridical significance for correct resolution of the dispute.

Given this information, the judicial panel holds that the decision found by the court does not conform to [...] of articles 157, 192, 194, 197, 14, 50 [...] RSFSR, in connection with which is subject to [...] with the direction of the case to a new [...] in the same court in another composition [...].

[...] examination of the case [...] what has been stated, having notified [...] and time of the court session [...] arguments of the parties and depending upon the established resolution of disputes on the basis of law.

Governed by articles 305 and 306 of the RSFSR Civil Procedural Code, the Judicial Panel,

has determined:

The decision of the Solntsevsk inter-municipal court, Moscow, on September 29, 2000, is reversed and to refer the case to a new examination in the same court at another composition of judges.

|  |  |
|---|---|
| Presiding | [signature] |
| Judges of the panel | [signature] |
|  | [signature] |

п/судья _Ивкин Н.В._                              л. № 20

## Определение

                                        гр. д. № _33-346_
                                                      ут.

«_30_ _декабря_ 200_0_г.        Судебная коллегия по _гражданским_
делам Московского городского суда в составе председательствующего _Федоровой Л.В._
и судей _Лашковой С.А., Гончаровой Г.Ю._
с участием прокурора _____
и адвокатов _____
заслушав в открытом судебном заседании по докладу _Федоровой Л.В._
дело по кассационной жалобе

_Компании "Бэлси "Менеджмент Лимитед"_

на  ~~приговор~~  _Солнцевского межмуниципального_
    решение
    _суда г. Москвы_ ~~районного народного суда~~

от «_9_» _сентября 2000 года,_
_которым истребованы именные обыкновен-_
_ные акции ОАО "Качканарский горнообога-_
_тительный комбинат "Ванадий" с_
_лицевых счетов компании "Бэлси Менедж-_
_мент Лимитед" с зачислением на лице-_
_вой счет ООО "Игросм" 7245677 акций_
_II выпуска (и гос регистрации выпуска_
_62-1-1396), на лицевой счет ОАО "Нижне-_
_тагильский металлургический комбинат"_
_103526 акций II выпуска (и гос регистрации_
_выпуска 62-1П-290 и 13747640 акций II_
_выпуска (и гос регистрации выпуска_
_62-1-1396), на лицевой счет ЗАО "Стандарт_
_Траст" 17618254 акций II выпуска (и гос_

регистрации 62-1-1396)," регистродержал
ОАО - "Качканарский горнообогатительный
комбинат "Ванадий", ЗАО, компания -
регистратор "Панорама" и АОЗТ
"Ведение реестра компаний" обязаны
произвести соответствующие операции
в реестре владельцев ценных бумаг. В
остальной части исковых требований
отказано.

Установила:

ООО "Интрэст" АОА "Нижнетагильский
металлургический комбинат" ЗАО "Стил-
форт Траст" обратились в суд с иском к
Иванову Г.Н., Компаниям А.К.Бер Стар Эл Эл С
"Джей Бродски Эл Эл Си", Делис Интер-
нешнл, ОАО "Компания-регистратор
"Панорама", Олими - Тэйкон хаус Инвестме,
"Холдэк Эл Эл Си", "Фахон менеджмент
лимитед" об истребовании имущества
из чужого незаконного владения, ссылаясь
на то, что они законно приобрели обыкно-
венные именные акции ОАО "Урало-обогати-
тельного комбината "Ванадий", однако
ЗАО, "Компания - регистратор "Панорама"
незаконно списала акции со счетов истцов
и зачислила на счет ООО "Урал - Старт-К Тд"
и на чужой счет Иванова Г.Н.

Ответчик Иванов Г.Н. в суд не
явился, иск не признал.

Представители ответчиков -
компаний иск не признали.

Судом установлено вышеуказан-
ное решение, об отмене которого в
двойне кассационной жалобе просит
компания "фахон менеджмент лимитед".

- 2 -

Ознакомившись с материалами дела, обсудив доводы кассационной жалобы, Васильев объяснение Ашинского комбината, представляющий интересы компании "Зафта менеджмент лимитед" по доверенности от 1/IX-2000 года, компании "Дэвис интернешнл" по доверенности от 15/IX 2000 года, компании "Фоксинг Продактс Э.Э.Си" по доверенности от 15/IX-2000 года, компании "Холдэкс Эл.Эл.Си" по доверенности от 15/IX-2000 года, компании "Омни Траст хауз лимитед" по доверенности от 15/IX-2000 года, объяснение Козявкин Г.В. по доверенности от компании "Зафта менеджмент лимитед" от 20/II-2001 года, объяснение Авилова Т.Д. по доверенности от 1/III-2000 года компании Альбер Стар Эл.Эл.Си и компании "Дэвис интернешнл", объяснение Прусакова Т.? по доверенности от 16/II-2001 года ООО "Рефаининг", объяснение Брусова Т.С. по доверенности от 19/III-2001 года ОАО "Златоустовский металлургический комбинат", Судебная коллегия находит решение суда подлежащим отмене как постановленное с нарушением закона.

В соответствии со ст 157 ГПК РСФСР в случае неявки в судебное заседание кого-либо из лиц участвующих в деле, в отношении которых отсутствует сведение об их извещении, разбирательство дела откладывается.

Суд вправе рассмотреть дело в отсутствие ответчика, если сведение о причинах неявки отсутствует,

либо если суд изберет применение мер к ответчику либо если производство по делу...

Из материалов дела не усматривается, что Каганский, Фостер между ними Кишилов была информация об месте и времени судебного заседания.

В решении суда от 29/IX-2000 указано, что представитель ответчиков согласился иск не признает.

Однако в материалах дела и в судебном решении отсутствует о том, какое конкретное лицо с указанием фамилии или ответчика представляло интересы корпораций. В частности Компания Фостер Менеджмент Лимитед и являлось ли отношение к этому лицу представлять интересы Компании.

Рассмотрев дело в нарушение ст. 157 ГПК РСФСР суд лишил Компанию Фостер Менеджмент Лимитед принять участие в рассмотрении дела представить доказательства, участвовать в их исследовании, изложить свои доводы соображения по всем возникающим в ходе судебного разбирательства вопросам, представить свои возражения на предъявленному иску заявлять против ходатайств сторон и сообщений других их участвующих в деле, использовать отдельные другие сторонами права. Предусмотренные гражданским процессом, т.е

— 3 —                              33-3461

нарушены требования, предусмотренные ст. 30 ГПК РСФСР.

Разрешив спор без участия Компании "Бэйсик Менеджмент Лимитед", суд не дал обстоятельствам, изложенным в кассационной жалобе Компании.

В частности, решением Мещанского межмуниципального суда г. Москвы от 13/VII-2000 года Компания признана "Чейси Продактс Эл.эл.Си" признана добросовестным приобретателем, изложенным обстоятельствам акции ОАО "Качканарский ГОК "Ванадий".

Решение суда вступило в законную силу.

Договоры купли-продажи акции в указанных сделках не исследовались лицо, участвовавшее в деле. В указанных сделках, а цену не применялась.

Обстоятельствам, изложенным в кассационной жалобе, судом не исследовались и не оценивались, тогда как указанные обстоятельства имеют юридическое значение для правильного разрешения спора.

При таких данных судебная Коллегия считает, что постановленные судом решения не соответствуют требованиям ст.ст. 157, 192, 194, 197, 14 50, 56 ГПК РСФСР, в связи с чем подлежит отмене с направлением дела на новое рассмотрение в тот же суд в ином составе судей.

При новом рассмотрении дела суду следует учесть изложенное, известить стороны о месте и времени судебного заседания, проверить доводы сторон и в зависи-

...ации от установленного разрешения спор на основании закона. Руководствуясь ст. ст. 305, 306 ГПК РСФСР, судебная коллегия

Определила:

Решение Савеловского межмуниципального суда г. Москвы от 29 сентября 2000 года отменить и дело направить на новое рассмотрение в тот же суд в ином составе судей.

Председательствующий:

Судьи Коллегии:

Копия

Гос...

Копия верна

Суд...
Сек...

[Официальные печати]

Копия определения прошита, пронумерована и скреплена печатью на 3-х листах.

Судья: