[p. 21]

Note regarding the execution of the decision                    n/s f. No. 2

## DECISION
### In The Name of the Russian Federation

On November 30, 2001, the Solntsevo Inter-Municipal Regional Court of the City of Moscow, comprised of the honorable A. D. Proniakin, presiding over the court, and the judges, A. I. Dymont, and V. V. Klimentova, in the presence of the prosecutor, _____, and the attorney, _____, with secretary, S. V. Surina, upon reviewing, in an open hearing, civil case No. 2-1762/01 related to the claim of ZAO Standard Trust, OOO Inrosmet, OAO Metallurgical Works of Nizhni Tagil against Evgenii Nikolaevich Ivanov and the companies, Foston Management Limited, Omni Trust House Limited, Nexis Products LLC, Amber Star LLC, Davis International, Holdex LLC, and ZAO Kompaniia – Registrator Panorama, regarding a reclaim of assets from its illegal possession by (an)other party/parties; application of Foston Management Limited regarding the reversal of the execution of the decision;

FOUND:

The plaintiffs approached the Court with a claim against the defendants regarding the reclaim of common nominal shares of OAO Vanadii Mining and Milling Complex of Kachkanar as follows: OAO Metallurgical Works of Nizhni Tagil requested the return of 103,626, shares of the 1st issue, State Registration No. 62-111-290 and 18,747,610 shares of the 2nd issue, State Registration No. 62-1-1396; OOO Inrosmet requested the return of 1,245,677 shares of the 2nd issue, State Registration No. 62-1-1396; ZAO Standard Trust requested the return of 17,618,254 shares of the 2nd issue, State Registration No. 62-1-1396, with one ruble par value per share. The plaintiffs substantiated their requests stating that they were the owners of the shares subject to reclaim and that these shares have been removed from their possession regardless of their will and the plaintiffs also substantiate their requests with the statement that they have legally acquired the appropriate number of shares of OAO Vanadii Mining and Milling Complex of Kachkanar. In the opinion of the plaintiffs, as a result of the illegal actions of the defendants, regardless of the court decisions of the arbitration courts, ZAO Kompaniia-Registrator Panorama has written off the shares from the accounts of the plaintiffs and has entered them on the account of OOO Ural Start LTD and on the personal account of E. N. Ivanov. On the basis of this evidence, the plaintiffs ask that their shares be reclaimed [...]

[p. 22]

[...] from their illegal possession by (an)other party/parties and that ZAO Kompaniia-Registrator Panorama and ZAO Vedenie Reestrov Kompanii make changes in the register of holders of securities—stock of OAO Vanadii Mining and Milling Complex of Kachkanar—by means of writing the common nominal shares off of the personal accounts of the defendants.

E. A. Grigorieva, attorney for the plaintiffs, ZAO Standard Trust and OOO Inrosmet, confirmed the requests of the plaintiffs in court and pleaded with the court to grant the claims of said companies.

I. S. Brusova, attorney for the plaintiff, OAO Metallurgical Works of Nizhni Tagil maintained the requests of the plaintiff in court and also pleaded with the court to grant the claim.

The defendant, E. N. Ivanov, had objections against the claims and explained that he is legally in possession of the securities, i.e., 45 shares of OAO Vanadii Mining and Milling Complex of Kachkanar, and therefore pleaded with the court to deny the claims since bearer securities cannot be reclaimed from a good faith buyer.

M. Ashikhmina, attorney for the companies Foston Management Limited and Nexis Products LLC, objected to the claims stating that the companies that she represented in court, legally held the shares under dispute, hence she pleaded with the court not to leave grant the claims on the following grounds. In the opinion of M. Ashikhmina, attorney for the above companies, the plaintiffs have approached the court of general jurisdiction with their requests on the basis of exaggerated grounds, artificially indicating as a defendant in the statements of claim E. N. Ivanov who legally holds shares of OAO Vanadii Mining and Milling Complex of Kachkanar, and the securities (shares) cannot be reclaimed from him as a good faith buyer. In the opinion of M. Ashikhmina, the above claims should be heard at an arbitration court since such disputes are exclusively in its jurisdiction.

In addition, the attorney for the companies, M. Ashikhmina, insisted that, when hearing this case, the court grants the petition of Foston Management Limited for the reversal of the execution of the decision and reclaims the stock under dispute in the amount of more than 37 shares on behalf of said company.

V. V. Volkov, attorney for Amber Star LLC, objected to the claims and pleaded with the court to leave them without a hearing because, in the opinion of the attorney, these claims are to be heard by an arbitration court.

Davis International, Holdex LLC, and ZAO Kompaniia – Registrator Panorama did not send their attorneys to court and did not make any objections regarding the claims; the parties present at the merits hearing did not object to the case being heard in the absence of attorneys of said companies.

N. S. Karzhavina, attorney for ZAO Vedenie Reestrov Kompanii, summoned to participate in the case as a third party upon petition by the attorneys for the plaintiffs left the issue of deciding on

the claims for the reclaim of shares to the discretion of the court. In addition, she explained in court that all shares under dispute are currently deposited at the Depositary and Clearing Association and all transactions with them have been suspended.

Upon hearing the attorneys for the plaintiffs, the defendant, E. N. Ivanov, and the attorneys for Foston Management Limited, Nexis Products LLC, Amber Star LLC and Vedenie Reestrov Kompanii, and upon the examination of the written evidence in the case, based on the following grounds, the court found the following: to deny the claims against E. N. Ivanov; to leave without reviewing the remainder of the claims of the plaintiffs against the companies as legal entities for the reclaim of shares and to deny this portion of the claims since this business dispute is not within the jurisdiction of the court of general jurisdiction and is to be decided in the appropriate arbitration court; and not to grant the application of Foston Management Limited for the reversal of the execution of the decision.

The assertion by the defendant, E. N. Ivanov, that he had legally purchased 45 common shares of OAO Vanadii Mining and Milling Complex of Kachkanar [...]

[p. 23]

CONTINUED No. 2

[...] and therefore the plaintiffs having groundlessly demanded the reclaim of said shares is confirmed by the following evidence.

[*Handwritten:* Ivanov] It is evident from the copy of the registration journal of shares of OAO Vanadii Mining and Milling Complex of Kachkanar (sheets 226-227, volume 1) that E. N. Ivanov had purchased 45 common shares, State Registration No. 1.00 62-1-1396, from OMNI Trust House Limited, pursuant to a sales and purchase agreement; in turn, OMNI Trust House Limited had purchased 9,240,000 shares of said state registration from [*illegible*] Depositary and Clearing Association (See sheet 226, vol. 1).

In this manner, it was established in court that E. N. Ivanov is a good faith buyer of the stock. Whereas, pursuant to Article 302 of the Civil Code of the Russian Federation, an asset may be reclaimed from a good faith buyer who has purchased an object and has been remunerated for it, only in the event that the asset has been lost by the owner or by the person into whose possession the asset has been given by the owner or, if the asset has been stolen from either of the two, or if the asset has left their possession by any other means contrary to their will, monies, as well as bearer securities, may not be reclaimed from a good faith buyer.

Since the plaintiffs have not presented any evidence in court that E. N. Ivanov is a bad faith buyer of the shares, the court has not established facts as to the shares being lost by the owner or stolen from the owner, or that they have left the owner's possession by any other means contrary to the will of the owner or of the person who has purchased the asset, the court believes that it is possible to deny the claims against the defendant, E. N. Ivanov, for the reclaim of 45 shares.

The claims of the plaintiffs against the companies indicated above for the reclaim of 37,715,081 shares of OAO Vanadii Mining and Milling Complex of Kachkanar cannot be reviewed in a court of general jurisdiction and therefore, have been denied by the court on the following grounds.

The court has found that E. N. Ivanov is a good faith buyer of 45 shares of OAO Vanadii Mining and Milling Complex of Kachkanar, which has been known to the plaintiffs. However, the plaintiffs, artificially, on exaggerated grounds, recognized the individual, E. N. Ivanov, along with the companies indicated above, as defendants in this case for the sole purpose of having the matter heard in a court of general jurisdiction pursuant to Article 26 and 28 of the Civil Code of the Russian Federation.

Whereas, pursuant to Article 22 of the Code of Arbitration Procedure of the Russian Soviet Federative Socialist Republic, the arbitration court has jurisdiction over cases related to business disputes arising from civil, administrative and other legal relations, between legal entities (hereinafter referred to as "organizations"), individuals involved in entrepreneurship without the establishment of a legal entity and having the status of an individual entrepreneur obtained in due course, disputes for the reclaim of assets by the owner or another legal holder from the illegal

possession of another party belongs to the area of business disputes resolved by an arbitration court.

Since the court has found that E. N. Ivanov cannot be recognized as a proper defendant in the dispute between legal entities regarding the reclaim of assets from the illegal possession of another party, the court, following the provisions of Article 122 of the RSFSR Code of Arbitration Procedure regarding the fact revealed during the hearing of this case by this court that the case had been taken in violation of the rules of jurisdiction since, in accordance with Article 22 of the Code of Arbitration Procedure of the Russian Federation, the claims of plaintiffs, in their capacity as legal entities, against companies—legal entities—in accordance with the rules of jurisdiction, are to be heard by the arbitration court of the Province of Sverdlovsk [sic].

[p. 24]

Under these circumstances and taking into consideration the opinion of [Ms.] Ashikhmina, attorney for Foston Management Limited, V. V. Volkov, attorney for Amber Star LLC, and in the spirit of Article 129, Item 7, of the RSFSR Code of Arbitration Procedure, the court will not review the claims of the plaintiffs on their merits in civil proceedings because the claims of the plaintiffs are within the jurisdiction of the arbitration court.

Upon the review of the petition of Foston Management Limited regarding the reversal of the execution of the court's decision for the recovery of 103,540 shares with State Registration No. 62-111-290 and 18,477,610 shares with State Registration No. 62-1-1396 from OAO NTMK [Metallurgical Works of Nizhni Tagil], of 1,245,677 shares with State Registration No. 62-1-1396 from OOO Inrosmet, and 17,618,254 shares with State Registration No. 62-1-1396 from ZAO Standard Trust, on behalf of Foston Management Limited, the court did not find grounds to grant it.

The decision of the Solntsevo Inter-Municipal Regional Court of the Western Administrative District of the City of Moscow of September 29, 2000, pursuant to which the stock under dispute in the amount of more than 37 million has been written off from the accounts of Foston Management Limited into the accounts of OAO NTMK, OOO Inrosmet, and ZAO Standard Trust, has been revoked in a cassation procedure.

During this hearing of the court, it was unarguably found that the business dispute regarding the shares of OAO Vanadii Mining and Milling Complex of Kachkanar is within the jurisdiction of the Arbitration court of Sverdlovsk Province on which the attorney for Foston Management Limited insisted in court, demanding that the proceeding in this manner be terminated.

[*Handwritten numbers*]

1) The attorneys for the plaintiffs presented a copy of a claim filed with the Arbitration court of Sverdlovsk Province in court on October 30, 2001, to void the transactions with the disputed shares of OAO Vanadii Mining and Milling Complex of Kachkanar in the amount of more than 37 million, in which Foston Management Limited has also been summoned as a defendant, as well as a copy of the ruling of the Arbitration court of Sverdlovsk Province dated February 5, 2001, regarding the initiation of proceedings regarding this claim.

2) Based on the explanations given in court by the attorney of ZAO Vedenie Reestrov Kompanii, it is found that [all] transactions with the disputed shares have been suspended and that the disputed shares of OAO Vanadii Mining and Milling Complex of Kachkanar have been deposited with OIuL Depositary and Clearing Association, as well as with other depositary companies.

3) Based on the letter of the Federal Securities Commission of Russia (FKTsB of Russia) (See sheet 25, vol. 1), it is found that said federal authority is examining the legality of writing off the disputed shares from the accounts of Foston Management Limited onto the accounts of OAO NTMK, ZAO Standard Trust, and OOO Inrosmet, performed pursuant to the writ of execution

issued by the Solntsevo Inter-Municipal District Court of the Western Administrative District of the City of Moscow on September 29, 2000 regarding matter No. 2-2747.

4) Upon the evaluation of the presented evidence in the aggregate, the court finds that by granting the petition of Foston Management Limited to recover on its behalf the disputed stock in the amount of more than 37 million shares, the court of general jurisdiction in fact resolves a business dispute which is within the jurisdiction of the arbitration court and this would be in contradiction with the provisions of Article 47 o the Constitution of the Russian Federation, Article 22 of the RF Code of Arbitration Procedure and Article 25 of the RSFSR Code of Civil Procedure.

Under such circumstances, the court finds that the petition of Foston Management Limited regarding the reversal of the execution of the decision, is not to be granted.

Based on the above and pursuant to Article 47 of the RF Constitution, Article 302 of RF Civil Code, Article 22 of the RF Code of Arbitration Procedure, and Articles 122, 129, 191-196, 203, 430-431 of the RSFSR Code of Civil Procedure, the court

DECIDED:

TO deny the claim of ZAO Standard Trust, OOO Inrosmet, and OAO Metallurgical Works of Nizhni Tagil against Evgenii Nikolaevich Ivanov for the reclaim of 45 shares.

[p. 25]

CONTINUED No. 3

To leave without review in civil proceedings the claims of ZAO Standard Trust, OOO Inrosmet, and OAO Metallurgical Works of Nizhni Tagil against Foston Management Limited, OMNI Trust House Limited, Nexis Products LLC, Amber Star LLC, Davis International, Holdex LLC, and ZAO Kompaniia-Registrator Panorama for the reclaim of shares because this dispute is within the jurisdiction of the arbitration court.

Not to grant the petition of Foston Management Limited for the reversal of the execution of the decision on the grounds presented in the substantiation of the decision.

This decision may be appealed or protested in the Moscow City Court via the regional court within 10 days of its rendition.

|  |  |
|---|---|
| Presiding: | Signature |
| Judges: | Signatures |

Copy authenticated.

Presiding:

Secretary:

Отметка об исполнении решения

н/с ф. № 2

# Р Е Ш Е Н И Е
## Именем Российской Федерации

30.II.____ 200__ г.

_____Солнцевский межмуниципальный_____ районный суд г. Москвы

в составе председательствующего судьи _____Пронякина А.Д._____

народных заседателей _____Дымонт А.И., Климентовой В.В._____

с участием прокурора _____

и адвоката _____

при секретаре _____Суриной С.В._____

рассмотрев в открытом судебном заседании гражданское дело № _2-1762/01_

по иску _____ЗАО "Стандарт Траст", ООО "Инросмет"; ОАО "Нижнетагильский_
_металлургический комбинат" к Иванову Евгению Николаевичу; компаниям:_
_"Фостон менеджмент Лимитед"; "Омни Трастхаус Лимитед"; "Нэксиз Про-_
_дактс Эл.Эл.Си"; "Амбер Стар Эл.Эл.Си"; "Дэвис Интернешнл"; "Холдэкс_
_Эл.Эл.Си."; ЗАО "Компания - регистратор "Панорама" об истребовании_
_имущества из чужого незаконного владения; заявления компании "Фостон_
_менеджмент Лимитед" о повороте исполнения решения;_

### У С Т А Н О В И Л :

Истцы обратились в суд с иском к ответчикам об истребовании у
них обыкновенных именных акций ОАО "Качканарский ГОК "Ванадий":
ОАО "Нижнетагильский металлургический комбинат" в количестве 103626
акций I выпуска № гос.регистрации 62-1П-290 и 18 747 610 акций
П выпуска № гос.регистрации 62-1-1396; ООО "Инросмет" 12 45 677
акций П выпуска № гос.регистрации 62-1-1396; ЗАО "Стандарт Траст"
17 618 254 акций П выпуска № гос.регистрации 62-1-1396, номинальной
стоимостью одной акции в один рубль. Свои требования истцы обосно-
вали тем, что они являются собственниками истребуемых акций, которые
выбыли из их владения помимо их воли, мотивируя свои требования тем,
что они на законных основаниях приобрели соответствующее количество
акций ОАО "Качканарский ГОК "Ванадий". По мнению истцов, в результате
незаконных действий ответчиков, несмотря на судебные решения арбитраж-
ных судов, ЗАО "Компания-регистратор "Панорама" списала акции со
счетов истцов и зачислила их на счет ООО "Урал-Старт-ЛТД" и на лицевой
счет Иванова Е.Н. При таких данных истцы просят истребовать свои акции

из чужого незаконно. владения и обязать ЗАО "Ко ания-регистратор "Панорама" и ЗАО "Ведение реестров компаний" внести изменения в реестр владельцев ценных бумаг – акций ОАО "Качканарский ГОК "Ванадий" путем списания обыкновенных именных акций с личевых счетов ответчиков.

Представитель истцов: ЗАО "Стандарт Траст" и ООО "Инросвет" Григорьева Е.А. требования истцов подтвердила в суде и просила суд удовлетворить иски названных компаний.

Представитель истца ОАО "Нижнетагильский металлургический комбинат" Брусова И.С. требования истца поддержала в суде и также просила суд иск удовлетворить.

Ответчик Иванов Е.Н. возражал против исков и пояснил, что он на законных основаниях владеет ценными бумагами – 45 акциями "Качканарский ГОК "Ванадий", а поэтому просил суд в исках отказать, поскольку ценные бумаги на предъявителя не могут быть истребованы от добросовестного приобретателя.

Представитель компаний: "Фостон менеджмент Лимитед" и "Нэксиз Продакте Эл.Эл.Си. - Ашихмина М. возражала против исков, утверждая, что компании, которые она представляет в суде, на законных основаниях владели спорными акциями, и поэтому просила суд иски оставить без удовлетворения по следующим основаниям. По мнению представителя компаний Ашихминой М. истцы по надуманным основаниям обратились в суд общей юрисдикции со своими требованиями, искусственно указав в исковых заявлениях в качестве ответчика Иванова Е.Н., который на законных основаниях владеет акциями ОАО "Качканарский ГОК "Ванадий" и у него, как у добросовестного приобретателя, не могут быть истребованы ценные бумаги-акции. По мнению Ашихминой М., указанные исковые требования должны рассматриваться в арбитражном суде, поскольку такие споры подведомственны исключительно арбитражному суду.

Кроме того, представитель компаний Ашихмина М. настаивала на том, чтобы суд при рассмотрении настоящего дела удовлетворил ходатайство компании "Фостон менеджмент Лимитед" о повороте исполнения решения и в пользу названной компании истребовал спорные акции в количестве более 37 миллионов штук.

Представитель компании "Амбер Стар Эл.Эл.Си. Волков В.В. - возражал против исков и просил суд оставить их без рассмотрения, поскольку по мнению представителя эти исковые требования должны быть рассмотрены в арбитражном суде.

Компании "Дэвис Интернешнл"; "Холдекс Эл.Эл.СИ."; ЗАО "Компания-регистратор "Панорама" своих представителей в суд не направили, возражений по искам не представили, стороны, участвующие в рассмотрении дела по существу, не возражали против того, чтобы дело было рассмотрено в отсутствие представителей названных компаний.

Представитель ЗАО "Ведение реестров компаний" Каржавина Н.С., привлеченная к участию в деле в качестве третьего лица по ходатайству представителей истцов, вопрос о принятии решения по искам об истребовании акций оставила на усмотрение суда. При этом пояснила, в суде, что все спорные акции в настоящее время находятся на депозите в "Депозитарно-расчетном союзе" и движение по ним приостановлено.

Выслушав представителей истцов, ответчика Иванова Е.Н., представителей компаний "Фостон Менеджмент Лимитед"; "Нэксиз Продакте Эл.Эл.Си."; "Амбер Стар Эл.Эл.Си."; "Ведение реестров компаний", исследовав письменные материалы дела, суд, в силу следующих оснований нашел: в исковых требованиях к Иванову Е.Н. отказать; остальные исковые требования истцов к компаниям, как к юридическим лицам, об истребовании акций оставить без рассмотрения в этой части в исках отказать, так как этот экономический спор не подведомствен судам общей юрисдикции, а разрешается в соответствующем арбитражном суде; заявление компании "Фостон менеджмент Лимитед" о повороте исполнения решения оставить без удовлетворения.

Утверждение ответчика Иванова Е.Н. о том, что он приобрел 45 обыкновенных акций ОАО "Качканарский горно-обогатительный комбинат

ПРОДОЛЖЕНИЕ К ДЕЛУ № ___2__

"Ванадий" на законных основаниях, и поэтому истцы необоснованно предъявили к нему требования о возврате этих акций, подтверждается следующими доказательствами.

Из копии регистрационного журнала по акциям ОАО "Качканарский горно-обогатительный комбинат "Ванадий" (л.д. 226-227 том I) усматривается, что Иванов Е.Н. на основе договора купли-продажи приобрел 45 обыкновенных именных акций, номер государственной регистрации 1.00 62-I-1396, у компании "ОМНИ Траст хаус Лимитед"; в свою очередь компания "ОМНИ Траст хаус Лимитед" акции указанной государственной регистрации в количестве 9 240 000 штук приобрела в ОАО "Депозитарно-расчетный союз" (см.л.д.226 том I).

Таким образом, в суде установлено, что Иванов Е.Н. является добросовестным приобретателем акций. Между тем, согласно ст. 302 ГК РФ имущество может быть истребовано от добросовестного приобретателя, приобретшего вещь возмездно, только в том случае, если имущество утеряно собственником или лицом, которому имущество передано собственником во владение, либо похищено у того или другого, либо выбыло из их владения иным путем помимо их воли; деньги, а также ценные бумаги на предъявителя не могут быть истребованы от добросовестного приобретателя.

Поскольку истцы не представили в суд никаких доказательств, свидетельствующих о том, что Иванов Е.Н. является недобросовестным приобретателем акций, в суде не установлено фактов о том, что акции собственником были утрачены, либо похищены, либо выбыли из владения иным путем помимо воли собственника или лица приобретшего имущество, то суд считает возможным в исковых требованиях истцов к Иванову Е.Н. об истребовании 45 акций отказать.

Исковые требования истцов к названным компаниям об истребовании 37 715 081 акций ОАО "Качканарский ГОК "Ванадий" не могут быть рассмотрены в суде общей юрисдикции, а поэтому судом оставлены без удовлетворения в силу следующих обстоятельств.

В суде установлено, что Иванов Е.Н. является добросовестным приобретателем 45 акций ОАО "Качканарский ГОК "Ванадий", о чем было известно истцам. Однако истцы искусственно, по надуманным основаниям, признали гражданина Иванова Е.Н. вместе с указанными компаниями ответчиками по делу, только для того, чтобы согласно ст.ст. 25, 28 ГПК РСФСР дело рассматривалось в суде общей юрисдикции.

Между тем, согласно ст.22 АПК РФ арбитражному суду подведомственны дела по экономическим спорам, возникающим из гражданских, административных и иных правоотношений: между юридическими лицами (далее организациями), гражданами, осуществляющими предпринимательскую деятельность без образования юридического лица и имеющими статус индивидуального предпринимателя, приобретенный в установленном порядке; к экономическим спорам, разрешаемым арбитражным судом, относятся споры: об истребовании собственником или иным законным владельцем имущества из чужого незаконного владения.

Поскольку в суде установлено, что Иванов Е.Н. не может быть признан надлежащим ответчиком по спору между юридическими лицами об истребовании имущества из чужого незаконного владения, то суд, руководствуясь правилом ст.122 ГПК РСФСР о том, что при рассмотрении дела в данном суде выявилось, что оно было принято с нарушением правил подсудности, так как согласно ст.22 АПК РФ исковые требования истцов, как юридических лиц, к компаниям - юридическим лицам по подсудности должны рассматриваться в арбитражном суде Свердловской области.

При таких обстоятельствах, и, учитывая мнение представителя компании "Фостон менеджмент лимитед" Анюхминой; представителя компании "Амбер Стар Эл.эл.Си." Больнова В.В., исходя из смысла п.7 ст.129 ГПК РСФСР суд отказывает истцам в рассмотрении их исковых заявлений по существу в гражданском судопроизводстве, поскольку исковые требования истцов подсудны арбитражному суду.

Рассмотрев ходатайство компании "Фостон менеджмент лимитед" о повороте исполнения решения суда, а именно, о взыскании с ОАО "НТМК" 103540 акций гос. № 62-1п-290 и 18 477 610 акций гос. № 62-1-1396; с ООО "Инросмет" 1240077 акций гос.№ 62-1-1396; с ЗАО "Стандарт-Траст" 17 618 254 акций гос.№ 62-1-1396 в пользу компании "Фостон менеджмент лимитед", суд не нашел оснований для его удовлетворения.

Решение Солнцевского межмуниципального суда ЗАО г.Москвы от 29.9.2000 года, по которому спорные акции в количестве более 37 миллионов списаны со счетов "Фостон менеджмент лимитед" на счета ОАО "НТМК"; ООО "Инросмет"; ЗАО "Стандарт Траст" - отменено в кассационном порядке.

В настоящем судебном заседании бесспорно установлено, что экономический спор об акциях ОАО "Качканарский ГОК "Ванадий" подсуден арбитражному суду Свердловской области, о чем, настаивала в суде представитель "Фостон менеджмент лимитед", требуя прекращения производства по делу.

1) Представители истцов представили в суд копию искового заявления в арбитражный суд Свердловской области от 30.10.2001 года о признании сделок со спорными акциями ОАО "Качканарский ГОК "Ванадий" в количестве более 37 миллионов недействительными, в котором в качестве ответчика привлечена и компания "Фостон менеджмент лимитед", а также копию определения арбитражного суда Свердловской области от 5.11.2001 года о принятии этого иска к производству.

2) Из объяснений, данных в суде, представителя ЗАО "Ведение реестров компаний" усматривается, что движение по спорным акциям приостановлено и спорные акции ОАО "Качканарский ГОК "Ванадий" находятся на депозитах как в ОШ "депозитарно-расчетный союз", так и в других депозитарных компаниях.

3) Из письма Федеральной комиссии по рынку ценных бумаг (ФКЦБ России) (см.л.д. 25 т.1) усматривается, что названный федеральный орган проверяет законность списания спорных акций со счетов компании "Фостон менеджмент лимитед" на счета компаний ОАО "НТМК", ЗАО "Стандарт Траст"; ООО "Инросмет", произведенного по исполнительному листу Солнцевского межмуниципального районного суда ЗАО города Москвы, выданного 29.09.2000 года по делу № 2-2747.

4) Оценивая изложенные доказательства в их совокупности, суд приходит к выводу, что удовлетворяя ходатайство компании "Фостон менеджмент лимитед" о взыскании в ее пользу спорные акции в количестве более 37 миллионов штук, суд общей юрисдикции по существу разрешает экономический спор, который подсуден и подведомствен арбитражному суду, что вошло бы в противоречие с положением ст.47 Конституции РФ, ст.22 АПК РФ, ст.25 ГПК РСФСР.

При таких обстоятельствах, суд считает, что ходатайство компании "Фостон менеджмент лимитед" о повороте исполнения решения должно быть оставлено без удовлетворения.

На основании изложенного и руководствуясь ст.47 Конституции РФ, ст. 302 ГК РФ, ст.22 АПК РФ, ст.ст. 122, 129, 191-195, 203, 430-431 ГПК РСФСР, суд

РЕШИЛ:

В иске ЗАО "Стандарт Траст"; ООО "Инросмет"; ОАО "Нижнетагильский металлургический комбинат" к Иванову Евгению Николаевичу об истребовании 45 акций - отказать.

ПРОДОЛЖЕНИЕ К ДЕЛУ № ___3___

Исковые требования ЗАО "Стандарт Траст", ООО "Инросмет", ОАО "Нижнетагильский металлургический комбинат" к компании "Фостон менеджмент лимитед", "Оани Трастхаус лимитед", "Нэксиз Продактс Эл.Эл.Си.", "Амбер Стар Эл.Эл.Си.", "Дэвис Интернешнл", "Холдекс Эл.Эл.Си.", ЗАО "Компания-регистратор "Панорама" об истребовании акций оставить без рассмотрения в гражданском судопроизводстве, поскольку данный спор подведомственен арбитражному суду.

Ходатайство "Фостон менеджмент лимитед" о повороте исполнения решения, по основаниям изложенным в описательно-мотивировочной части решения, оставить без удовлетворения.

Решение может быть обжаловано или опротестовано в мосгорсуд через районный суд в течение 10 дней со дня его вынесения.

Председательствующий: подпись

Копия верна.                         Народные заседатели: подписи


Председательствующий:

Секретарь:

To the Judicial Committee on Civil Cases
Of the Moscow City Court
Through the Solntsevo Inter-municipal Court of Moscow
Moscow, 119618
6 50 Years of October Street, Bldg. 1


From Defendant –
Foston Management Ltd.
119270 Moscow
The address of the Representative
46 Frunzenskaya Nab.
620114 Yekaterinburg
30 Sheinkmana Street


## CASSATION APPEAL


In the enforcement of the Decision of the Solntsevo Inter-municipal Court of Moscow, dated September 29, 2000, in the action initiated by Inrosmet LLC, CJSC Standart Trust, and OJSC NTMK, on October 18, 2000, the following shares were written off of the account of Foston Management Company: 103,540 ordinary non-documentary shares of the Kachkanarsky GOK Vanadium (State No. 62-1p-290); and

18,747,610 ordinary non-documentary shares (State No. 62-1-1396) were transferred to OJSC NTMK;

1,245,677 ordinary non-documentary shares (State No. 62-1396) were transferred to Inrosmet, LLC; and

17,618,254 ordinary non-documentary shares (State No. 62-1-1396) were transferred to CJSC Standart-Trust.

The Decision of September 29, 2000 was subsequently overturned by the Moscow City Court on March 30, 2001, and the case remanded to the lower court for a retrial.

On March 11, 2001, during the new trial, the new claims filed by Inrosmet LLC, CJSC Standart Trust, and OJSC NTMK against Foston Management were not accepted for review for lack of jurisdiction by the Court.

Foston Management considers this decision well founded and lawful.

However, during the proceedings in this case, Foston Management, pursuant to Art. 430 of the Civil Code of the RSFSR, requested a reversal of the previously executed decision of the Solntsevo Inter-municipal Court. That request was denied.

We consider this decision groundless and in violation of the Procedural Code.

A reversal of a previously executed decision is one of the forms of protection of the defendant's rights. Whenever a previously executed decision is reversed and a new decision to dismiss the case is rendered after the new trial, the plaintiff must return the entire defendant's property back to the defendant. Therefore, Art. 430 of the Civil Code of the RSFSR provides for the unconditional right of the defendant to recover, through the reversal of the write off, all of its shares in OJSC Kachkanarsky GOK Vanadiy.

In accordance with Art. 431 of the Civil Code of the RSFSR, the Court which has received a case for a new trial, must, on its own initiative, review the issue of the reversal of a previously executed decision and render a new decision, which becomes the final decision in the case (Art. 431 of the CC RSFSR).

Having denied the defendant's request, the Court violated the requirements set forth in Art. 430 of the Civil Code of the RSFSR and deprived the defendant of the right to recover the full amount of the write off without any legal basis. The Code of Civil Procedure provides no grounds for such a denial.

The Court's argument that the reversal of the previously executed decision is impossible since the written off shares are no longer on deposit with the defendants' accounts, has no documentary proof.

Moreover, even if the shares in question have already been alienated by the plaintiffs to the benefit of third parties, still, in accordance with the provisions of the Code of Civil Procedure of the RSFSR (Articles 430, 431), this fact does not prevent the execution of the reversal.

Based on the above and in accordance with Art. 431 of the Code of Civil Procedure of the RSFSR,

THE DEFENDANT HEREBY MOVES AS FOLLOWS:

To overturn the part of the Decision of the Solntsevo Inter-municipal Court of Moscow, in which Foston Management's request for a reversal of a previously executed decision was denied; to grant Foston's request and reverse the previously executed decision of the Solntsevo Inter-municipal Court of Moscow dated September 29, 2000; and to return the following to the account of Foston Management:

103,540 ordinary non-documentary shares of the Kachkanarsky GOK Vanadium (State No. 62-1p-290); and 18,747,610 ordinary non-documentary shares (State No. 62-1-1396) transferred to OJSC NTMK;

1,245,677 ordinary non-documentary shares (State No. 62-1396) transferred to Inrosmet, LLC; and

17,618,254 ordinary non-documentary shares (State No. 62-1-1396) transferred to CJSC Standart-Trust.

We ask for the hearing of this appeal to be scheduled after January 20, 2002 since the representative of the company, who is planning to personally participate in the litigation, has a vacation scheduled from December 27, 2001 until January 18, 2002. The foreign legal entity has no other representatives in Russia. The representative's Power of Attorney does not provide for delegation of rights.

Authorized Representative
Foston Management Company
Notarized copy of the
Power of Attorney on file                                    M.M. Ashihmina

В Судебную коллегию по гражданским
Делам Московского городского суда
Через Солнцевский межмуниципальный
Суд г. Москвы,
Г. Москва,119618
Ул. 50 лет Октября д. 6 кор.1

**Ответчика -**
Компании «Фостон Менеджмент ЛТД»
119270 г. Москва,
адрес представителя
Фрунзенская набережная, 46
620114 г. Екатеринбург,
УЛ. Шейнкмана, 30

## КАССАЦИОННАЯ ЖАЛОБА

Во исполнение решения Солнцевского межмуниципального суда г. Москвы от 29.09.2000 г. по иску ООО «Инросмет», ЗАО «Стандарт Траст» и ОАО НТМК с лицевого счета Компании «Фостон Менеджмент» 18.10.2000 г. было списано 103540 обыкновенных бездокументарных акций ОАО «Качканарский ГОК «Ванадий» гос.№ 62-1п-290 и

18747610 обыкновенных бездокументарных акций гос. № 62-1-1396 в пользу ОАО «НТМК»,

1245677 обыкновенных бездокуметарных акций гос. № 62-1-1396 в пользу ООО «Инросмет»,

17618254 обыкновенных бездокументарных акций гос. № 62-1-1396 в пользу ЗАО «Стандарт-Траст».

Решение от 29.09.2000 г. было отменено Московским городским судом 30.03.2001 г. и дело направлено на новое рассмотрение в тот же суд.

При новом рассмотрении дела 30.11.2001 г. иск ООО «Инросмет», ЗАО «Стандарт Траст» и ОАО НТМК в части исковых требований к Компании «Фостон Менеджмент» оставлен без рассмотрения в связи с неподведомственностью.

Компания «Фостон Менеджмент» считает данное решение обоснованным и законным.

Однако, в ходе рассмотрения данного дела Компания «Фостон Менеджмент» было заявлено о повороте исполнения решения Солнцевского межмуниципального суда на основании ст. 430 ГПК РСФСР. В удовлетворении данного ходатайства было отказано.

Считаем в этой части решение суда необоснованным и вынесенным с нарушением норм процессуального права.

Поворот исполнения решения является одной из форм защиты прав ответчика. В случае отмены решения, приведенного в исполнение, и вынесения после нового рассмотрения дела решения об оставлении иска без рассмотрения ответчику должно быть возвращено все то, что с него взыскано в пользу истца по отмененному решению. Таким образом, ст. 430 ГПК РСФСР предусматривает безусловное право ответчика получить в порядке поворота исполнения все списанные с него акции ОАО «Качканарский ГОК «Ванадий».

Суд, согласно ст. 431 ГПК РСФСР, которому дела передано на новое рассмотрение, обязан по своей инициативе рассмотреть вопрос о повороте исполнения и разрешить его в новом решении, которым заканчивается производство по делу (ст. 431 ГПК РСФСР).

Суд, отказывая в удовлетворении соответствующего заявления ответчика, нарушил требование ст. 430 ГПК РСФСР и лишил ответчика право получить все то, что с него списано по отмененному решению, без правовых оснований. Такой отказ не предусмотрен гражданско-процессуальным законодательством.

Довод суда о том, что поворот исполнения не возможен, поскольку списанные по отмененному решению суда акции уже не находятся на лицевых счетах ответчиков документально не подтвержден.

Даже если предположить, что акции, подлежащие возврату ответчику, истцами отчуждены в пользу третьих лиц, то в соответствии с нормами ГПК РСФСР (ст.ст. 430,431) это обстоятельство не является препятствием к удовлетворению заявления о повороте исполнения.

На основании изложенного, руководствуясь ст. 431 ГПК РСФСР,

**ПРОШУ:**

Решение Солнцевского межмуниципального суда г. Москвы, в части отказа в удовлетворении заявления Компании «Фостон Менеджмент» произвести поворот исполнения, отменить. Заявление удовлетворить и произвести поворот исполнения исполненного решения Солнцевского межмуниципального суда г. Москвы от 29.09.2000 г. и вернуть на лицевой счет Компании «Фостон Менеджмент»

103540 обыкновенных бездокументарных акций ОАО «Качканарский ГОК «Ванадий» гос.№ 62-1п-290 и 18747610 обыкновенных бездокументарных акций гос. № 62-1-1396 списанных в пользу ОАО «НТМК»,

1245677 обыкновенных бездокуметарных акций гос. № 62-1396 списанных в пользу ООО «Инросмет»,

17618254 обыкновенных бездокументарных акций гос. № 62-1-1396 списанных в пользу ЗАО «Стандарт-Траст».

Рассмотрение жалобы прошу назначить после 20.01.2002 г. поскольку представитель компании, намеренный лично участвовать в рассмотрении дела, с 27.12.2001 г. по 18.01.2002 г. будет находиться в отпуске. Других представителей иностранное юридическое лицо в России не имеет. Доверенность на представителя не допускает правопреемство.

Полномочный представитель
Компании «Фостон Менеджмент»
Нотариальная копия
доверенности в материалах дела                    М.М.Ашихмина

PROCURATOR
OF THE RUSSIAN FEDERATION

PROCURATOR
OF MOSCOW
113184, Moscow, Novokuznetskaya 27

To:   Representative of company
Foston Management Limited
M. M. Ashikhmina

119270, Moscow
Frunzenskaya nab. 46

July 18, 2002 # 8-1385-2000
     358877

     Your complaint on the decision of the Solntsevo Inter-municipal court of Moscow dated November 30, 2001 and the determination of the judicial panel on civil case of the Moscow City Court dated May 22, 2002 upon the complaint of OOO Inrosmet, et al, against E. N. Ivanov, Foston Management Limited, et al, seeking to recover the shares from a wrongful ownership, has been reviewed.
     The city procurator's office submitted a protest on said court decision to the presidium of the Moscow City Court, in the process of supervision, on the denial of the reversal and remand of the decision, a copy of which will be forwarded to you by the Clerk of the Moscow City Court.

Head of the Department for
Procurator's participation in Civil Actions   /signature/   Z. M. Novosadova

The Moscow City Court hereby informs you that the civil action # 793 upon the complaint of JSC Standard Trust, OOO Inrosmet, OAO Nizhnetagilsky Metallurgical Plant, E. N. Ivanov, Foston Management Limited, Omni Trusthouse Ltd, Nexis Produsts LLC, Amber Star LLC, et al, upon the complaint of the Procurator of the City of Moscow,

Is scheduled for hearing at the Presidium of the Moscow City Court for August 8, 2002, at 11 am at room 435. According to Article 328 of the Civil Procedure Code, appearance at the hearing is not mandatory.

July 18, 2002  8-1835-2000

PROTEST

By way of supervision

OOO Inrosmet, OAO Nizhnetagilsky Metallurgucal Plant, ZAO Standard Trust, filed a complaint in court against E. N. Ivanov, companies Amber Star LLC, Nexis Products LLC, Holdex LLC, Davis International, Omni Trusthouse Limited, Foston Management Limited, ZAO Registrator Company Panorama on recovering the shares of Kachkanarsky ore mining and processing plant Vanadii ("GOK") from unlawful possession.
The decision of Solntsevo Inter-municipal Court of Moscow dated (volume 1, pages 13-16) ordered to recover from unlawful ownership the common shares of OAO Kachkanarsky GOK Vanadii from the accounts of Foston Management Limited and record them at the accounts of: OOO Inrosmet – 1, 245,677 shares of the second issue; to the account of OAO Nizhnetagilsky metallurgical plant – 103,626 shares of the 1st issue and 18,747,610 shares of the second issue; to the account of ZAO Standard-Trust 17,618,254 shares of the second issue. Ordered the registrar of shares of OAO Kachkanarsky GOK Vanadii, ZAO Registrator Company Panorama and AOZT Vedenie Reestrov Kompanii, to conduct respective transactions in the register of shares. The court denied other relief prayed for in the complaint.
The decision was executed, and on November 18, 2000 the civil action # 2-2747/00 was stolen from the court upon presentation of forged documents, and a criminal case was initiated upon that fact, which was suspended pending the determination of a prospective suspect.
By decision of that same court dated February 19, 2001, the docket was partially restored on the basis of a copy of the decision dated September 29, 2000 and submitted documents (volume 1, pages 70-72).
By the decision of the judicial panel on civil cases of the Moscow City Court dated March 30, 2001, the decision was reversed (volume 1, pages 349-351).
Upon rehearing, the defendants opposed the complaint and Foston Management Limited filed a motion to reverse the decision.
By the decision of the same court dated November 30, 2001, the complaint against E. N. Ivanov was dismissed, and the case was dismissed in relation to other

defendants because of the subject matter jurisdiction over such cases of arbitrazh courts. The motion of Foston Management Limited was denied.

By the decision of the cassation appeal dated May 22, 2002, the decision was affirmed.

These court decisions should be reversed for the following reasons.

Pursuant to articles 192, 311 of the Civil Procedure Code of the Russian Federation, decisions must be lawful and reasonable. These trial court and cassation decisions do not comport to the notions of lawfulness and reasonableness set forth in paragraph 1 of the Directive # 9 of the Plenum of the Supreme Court of the Russian Federation "On court decisions" dated September 26, 1973 (with amendments of December 12, 1995).

The decision of the court to dismiss the claims of the complaint against legal entities corresponds to section 4 of article 221 of the Civil Procedure Code of the Russian Federation, since on November 5, 2001, the same claims were accepted by the Sverdlovsk Region Arbitrazh Court, and this decision is not contested. However, we cannot agree with the rest of the decision.

Having denied the claim against Ivanov the court acknowledged his status as a good faith purchaser of 45 shares in question and, citing article 302 of the Civil Code of the Russian Federation, declared that money and bearer stocks could not be recovered from such person. At the same time, it was not taken into account that the subject of the dispute was not the bearer shares, but rather personal common shares which identified the rights of a concrete person (article 145 of the Civil Code of the Russian Federation). Therefore, the court incorrectly applied the norms of substantive law.

According to Article 430 of the Civil Procedure Code of the Russian Federation, if a decision which entered the execution stage is reversed, and a decision to deny the relief sought in the complaint is issued upon rehearing, or a part of the decision on dismissing the case or denying the relief, the defendants must be returned everything that was collected from such defendant in favor of the plaintiff under the reversed decision. This law was ignored by the court.

Notwithstanding that the relief sought by complaint against Ivanov was denied upon rehearing, and the rest of the case was dismissed, the court denied the reversal to Foston Management Limited, which was unlawful. The respective pronouncement of the cassation appeal was not taken into consideration by the panel of the Moscow City Court which formally heard the case.

Under such circumstances, the court decisions, in respective parts, cannot be considered lawful and reasonable.

According to article 330 of the Civil Procedure Code of the Russian Federation, an incorrect application of the norms of substantive law, and a gross violation of procedural norms which lead to the issuance of an unlawful decision, constitute grounds for its reversal in the course of supervision.

Pursuant to articles 320, 324 of the Civil Procedure Code of the Russian Federation,

I request that:

The decision of the Solntsevo inter-municipal Court of Moscow dated November 30, 2001 and the decision of the cassation instance dated May 22, 2002 in the part of the rejection of the complaint against E. N. Ivanov and the reversal of the execution decision be denied, and the case be remanded for a new hearing to the court of the first instance.

Appendix: the complaint, 2 pages.

Procurator of the city                                   M. A. Avdukov

This copy is correct /signature.

ПРОКУРАТУРА
РОССИЙСКОЙ ФЕДЕРАЦИИ

**ПРОКУРАТУРА**
**г. МОСКВЫ**

113184, Москва, Новокузнецкая ул., 27

Представителю компании
«Фостон менеджмент лимитед»
Ашихминой М.М.

119270, Москва
Фрунзенская наб., 46

.07.2002          8-1385-2000
_____          №  _____

   Ваша жалоба на решение Солнцевского межмуниципального суда г.Москвы от 30.11.2001 и определение судебной коллегии по гражданским делам Мосгорсуда от 22.05.2002 по иску ООО «Инросмет» и др. к Иванову Е.Н., компании «Фостон менеджмент лимитед» и др. об истребовании акций из чужого незаконного владения рассмотрена.

   Прокуратурой города на указанные судебные постановления в президиум Мосгорсуда в порядке надзора принесен протест в части отказа в повороте исполнения решения, копия которого Вам будет направлена канцелярией Мосгорсуда.

Начальник отдела по
обеспечению участия прокуроров
в гражданском процессе                                                    З.М.Новосадова

_____ городской суд сообщает Вам что гражданское дело
по                            иску                            (по
_____ жалобе)
_____
_____

по протесту _____
назначено к рассмотрению в Президиуме Мосгорсуда на __ __
.2002 г. в 11-00 в 435 зале. Явка на заседание Президиума
согласно ст. 328 ГПК не является обязательной.

_18_ .07.2002    8-1385-2000

П Р О Т Е С Т
в порядке надзора

ООО «Инросмет», ОАО «Нижнетагильский металлургический комбинат», ЗАО «Стандарт-Траст» обратились в суд с иском к Иванову Е.Н., компаниям «Амбер Стар Эл.Эл.Си.», «Нексия продактс Эл.Эл.Си.», «Холдекс Эл.Эл.Си.», «Девис Интернептнл», «Омни Трастхаус лимитед», «Фостон менеджмент лимитед», «ЗАО «Компания-регистратор «Панорама» об истребовании из чужого незаконного владения акций Качканарского горнообогатительного комбината (ГОК) «Ванадий».

Решением Солнцевского межмуниципального суда г.Москвы от 29.09.2000 (л.д.13-16 т.1) постановлено: истребовать именные обыкновенные акции ОАО «Качканарский ГОК «Ванадий» с лицевых счетов компании «Фостон менеджмент лимитед» с зачислением на лицевой счет ООО «Инросмет» 1 245 677 акций 2 выпуска, на л/счет ОАО «Нижнетагильский металлургический комбинат» 103626 акций 1 выпуска и 18747610 акций второго выпуска, на л/счет ЗАО «Стандарт-Траст» 17618254 акции 2 выпуска. Обязать реестродержателя ОАО «Качканарский ГОК «Ванадий» ЗАО «Компания-регистратор «Панорама» и АОЗТ «Ведение реестров компаний» произвести соответствующие операции в реестре владельцев ценных бумаг. В остальной части иска отказано.

Решение исполнено и 18.11.2000 гражданское дело № 2-2747/00 по указанному спору из суда по подделанным документам украдено, по данному факту возбуждено уголовное дело, которое производством приостановлено до установления лица, подлежащего привлечению в качестве обвиняемого.

Определением того же суда от 19.02.2001 утраченное судебное производство частично восстановлено на основании копии решения от 29.09.2000 и представленных документов (л.д.70-72 т.1).

Определением судебной коллегии по гражданским делам Мосгорсуда от 30.03.2001 решение отменено (л.д.349-351 т.1).

При новом рассмотрении ответчики против иска возражали, компанией «Фостон менеджмент лимитед» заявлено ходатайство о повороте исполнения решения.

Решением того же суда от 30.11.2001 в удовлетворении иска к Иванову Е.Н. отказано, в части остальных ответчиков дело производством прекращено ввиду подведомственности спора арбитражному суду. «Фостон менеджмент лимитед» в удовлетворении ходатайства отказано.

Определением кассационной инстанции от 22.05.2002 решение оставлено без изменений.

Состоявшиеся судебные постановления подлежат частичной отмене по следующим основаниям.

В силу ст.ст.192, 311 ГПК РСФСР судебные постановления должны быть законными и обоснованными. Понятиям законности и обоснованности, сформулированным в п.1 постановления Пленума Верховного Суда РСФСР № 9 «О

2

судебном решении» от 26.09.73 (в ред. от 26.12.95), решение и кассационное определение в полной мере не отвечают.

Вывод суда об оставлении без рассмотрения исковых требований, заявленных в отношении юридических лиц, соответствует п.4 ст.221 ГПК РСФСР, поскольку 05.11.2001 аналогичные требования приняты к производству Арбитражным судом Свердловской области и не оспаривается. Вместе с тем с остальной частью решения согласиться нельзя.

Отказывая в удовлетворении иска в отношении Иванова, суд признает его добросовестным приобретателем 45 спорных акций и, ссылаясь на ст.302 ГК РФ, указывает, что у такого лица не могут быть истребованы деньги и ценные бумаги на предъявителя. При этом не принято во внимание, что предметом спора являлись не ценные бумаги на предъявителя, а простые именные акции, удостоверяющие права конкретного лица (ст.145 ГК РФ). Таким образом суд неправильно применил нормы материального права.

Согласно ст.430 ГПК РСФСР в случае отмены решения, приведенного в исполнение, и вынесения после нового рассмотрения дела решения об отказе в иске или в части либо определения о прекращении производства по делу или оставлении иска без рассмотрения ответчику должно быть возвращено все то, что было с него взыскано в пользу истца по отменному решению. Данная норма судом проигнорирована.

Несмотря на то, что при новом рассмотрении дела в отношении Иванова в удовлетворении иска отказано, а в остальной части спор оставлен без рассмотрения, суд отказал компании «Фостон менеджмент лимитед» в повороте исполнения решения, что незаконно. Соответствующий довод кассационной жалобы не принят во внимание и судебной коллегией Мосгорсуда, которая формально рассмотрела дело.

При таких обстоятельствах судебные постановления в указанной части нельзя признать законными и обоснованными.

Согласно ст.330 ГПК РСФСР неправильное применение норм материального права, а также существенное нарушение норм процессуального права, повлекшее вынесение незаконного судебного постановления, являются основанием к его отмене в порядке надзора.

Руководствуясь ст.ст.320, 324 ГПК РСФСР,

ПРОШУ:

решение Солнцевского межмуниципального суда г.Москвы от 30.11.2001 и определение кассационной инстанции от 22.05.2002 в части отказа в иске к Иванову Е.Н. и в повороте исполнения решения отменить, дело направить на новое рассмотрение в суд 1 инстанции.

Приложение: жалоба на 2 л.

Прокурор города       КОПИЯ ВЕРНА:      М.А.Авдюков

Civil Procedure Code of the RSFSR of June 16, 1964 (in the wording of April 28, 1993)
(with the Amendments and Addenda of April 28, November 30, 1995 and December 31,
1995, August 21, November 26, 1996, March 17, November 16, 1997, June 25, 1998,
January 4, 1999, August 7, 2000, December 29, 2001)

Article 10. The Regulatory Legal Acts Applicable by the Court in Resolving Civil
Cases

The court shall resolve civil cases on the basis of the
Constitution federal laws, regulatory legal acts of the President of the Russian Federation,
the Government of the Russian Federation, other federal bodies of state power, the
constitutions (charters) of the subjects of the Russian Federation, laws of the subjects of
the Russian Federation, regulatory legal acts of the bodies of state power of the subjects
of the Russian Federation, local self-government bodies, international treaties of the
Russian Federation. The court shall apply the due course of business in the cases
stipulated by regulatory legal acts.

Having established in while hearing a civil case that an act of a state body or another
body and equally an official does not comply with the Constitution of the Russian
Federation, federal constitutional law, federal law, generally accepted principles and
norms of international law, international treaty of the Russian Federation, constitution
(charter) of a subject of the Russian Federation, law of a subject the Russian Federation,
the court shall return its decision in keeping with the legal provisions which have the
highest legal effect.

Should an international treaty of the Russian Federation provide rules different from
the rules provided by regulatory legal acts of the Russian Federation, the court shall apply
the rules of the international treaty while hearing and resolving a civil case.

Should there be no norm of law to govern the relationship being disputed, the court
shall apply the norm of law governing similar relationships (analogue of the law), and
should such norms be lacking, the court shall resolve the case proceeding from the
general basis and sense of law (analogue of law).

While hearing and resolving a civil case the court shall apply norms of law of other
states in compliance with a law or international treaty of the Russian Federation.

**Гражданский процессуальный кодекс РСФСР от 11 июня 1964 г.**
**(в редакции на 28 апреля 1993 г.)**
**(с изменениями от 28 апреля, 30 ноября, 31 декабря 1995 г., 21 августа, 26 ноября 1996 г., 17 марта, 16 ноября 1997 г., 25 июня 1998 г., 4 января 1999 г., 7 августа 2000 г., 24, 25 июля 2002 г.)**

Статья 10. Нормативные правовые акты, применяемые судом при разрешении гражданских дел

Суд обязан разрешать гражданские дела на основании Конституции Российской Федерации, федеральных конституционных законов, федеральных законов, нормативных правовых актов Президента Российской Федерации, Правительства Российской Федерации, иных федеральных органов государственной власти, конституций (уставов) субъектов Российской Федерации, законов субъектов Российской Федерации, нормативных правовых актов органов государственной власти субъектов Российской Федерации, органов местного самоуправления, международных договоров Российской Федерации. Суд применяет обычаи делового оборота в случаях, предусмотренных нормативными правовыми актами.

Суд, установив при рассмотрении гражданского дела несоответствие акта государственного или иного органа, а равно должностного лица Конституции Российской Федерации, федеральному конституционному закону, федеральному закону, общепризнанным принципам и нормам международного права, международному договору Российской Федерации, конституции (уставу) субъекта Российской Федерации, закону субъекта Российской Федерации, принимает решение в соответствии с правовыми положениями, имеющими наибольшую юридическую силу.

Если международным договором Российской Федерации установлены иные правила, чем предусмотренные нормативными правовыми актами Российской Федерации, то суд при рассмотрении и разрешении гражданского дела применяет правила международного договора.

В случае отсутствия нормы права, регулирующей спорное отношение, суд применяет норму права, регулирующую сходные отношения (аналогия закона), а при отсутствии таких норм разрешает дело исходя из общих начал и смысла законодательства (аналогия права).

Суд в соответствии с законом или международным договором Российской Федерации при рассмотрении и разрешении гражданского дела применяет нормы права других государств.

Civil Procedure Code of the RSFSR of June 16, 1964 (in the wording of April 28, 1993) (with the Amendments and Addenda of April 28, November 30, 1995 and December 31, 1995, August 21, November 26, 1996, March 17, November 16, 1997, June 25, 1998, January 4, 1999, August 7, 2000, December 29, 2001)

Article 14. Implementation of Judicial Proceedings Based Upon the Adversarial Character and Legal Equality of Parties

Civil judicial proceedings shall be carried out on the basis of the adversarial character and legal equality of parties.

The parties shall exercise equal rights with regard to presentation of evidence and participation in their investigations.

Adhering to impartiality, the Court shall create the necessary conditions for complete and inclusive investigation of all circumstances in the case, shall explain to persons participating in the case their rights and obligations, shall warn about any consequences of instituting or not instituting legal actions, and in cases stated in this Code, shall render assistance to the persons in exercising their rights.

**Гражданский процессуальный кодекс РСФСР от 11 июня 1964 г.**
**(в редакции на 28 апреля 1993 г.)**
**(с изменениями от 28 апреля, 30 ноября, 31 декабря 1995 г., 21 августа, 26 ноября 1996 г., 17 марта, 16 ноября 1997 г., 25 июня 1998 г., 4 января 1999 г., 7 августа 2000 г., 24, 25 июля 2002 г.)**

**Статья 14.** Осуществление судопроизводства на основе состязательности и равноправия сторон

Гражданское судопроизводство осуществляется на основе состязательности и равноправия сторон.

Стороны пользуются равными правами по представлению доказательств и участию в их исследовании.

Суд, сохраняя беспристрастность, создает необходимые условия для всестороннего и полного исследования обстоятельств дела: разъясняет лицам, участвующим в деле, их права и обязанности, предупреждает о последствиях совершения или несовершения процессуальных действий и в случаях, предусмотренных настоящим Кодексом, оказывает им содействие в осуществлении их прав.

Civil Procedure Code of the RSFSR of June 16, 1964 (in the wording of April 28, 1993) (with the Amendments and Addenda of April 28, November 30, 1995 and December 31, 1995, August 21, November 26, 1996, March 17, November 16, 1997, June 25, 1998, January 4, 1999, August 7, 2000, December 29, 2001)

Article 106. Judicial Citations

Persons participating in the case and representatives shall be notified via judicial notices about the time and place of the judicial proceeding or implementation of particular procedural actions. The judicial notices shall also be instrumental in summoning to court witnesses, expert witnesses, and translators.

Persons participating in the case and representatives shall be handed the notice so that they can have sufficient time for appearance in court and preparation of their case.

The notice shall be delivered to the notified or the summoned person at the address stated by a party, or to another person participating in the case. If the citizen does not actually reside at the address the Court was informed about, then the notice may be directed to his working place.

In case of necessity, persons participating in the case, representatives, witnesses, expert witnesses, and translators may be notified or summoned by a telephone message or a telegram.

**Гражданский процессуальный кодекс РСФСР от 11 июня 1964 г.**
**(в редакции на 28 апреля 1993 г.)**
**(с изменениями от 28 апреля, 30 ноября, 31 декабря 1995 г., 21 августа, 26 ноября 1996 г., 17 марта, 16 ноября 1997 г., 25 июня 1998 г., 4 января 1999 г., 7 августа 2000 г., 24, 25 июля 2002 г.)**

**Статья 106.** Судебные повестки
    Лица, участвующие в деле, и представители извещаются судебными повестками о времени и месте судебного заседания или совершения отдельных процессуальных действий. Судебными повестками производится также вызов в суд свидетелей, экспертов и переводчиков.

*    О порядке направления повесток см. Временную инструкцию по делопроизводству в районном суде, утвержденную приказом Судебного департамента при Верховном Суде РФ от 29 января 1999 г. N 8*

    Лицам, участвующим в деле, и представителям повестка должна быть вручена с таким расчетом, чтобы они имели достаточный срок для своевременной явки в суд и подготовки к делу.
    Повестка доставляется извещаемому или вызываемому лицу по адресу, указанному стороной или другим лицом, участвующим в деле. Если по сообщенному суду адресу гражданин фактически не проживает, повестка может быть направлена по месту его работы.
    В необходимых случаях лица, участвующие в деле, представители, а также свидетели, эксперты и переводчики могут быть извещены или вызваны телефонограммой или телеграммой

Civil Procedure Code of the RSFSR of June 16, 1964 (in the wording of April 28, 1993) (with the Amendments and Addenda of April 28, November 30, 1995 and December 31, 1995, August 21, November 26, 1996, March 17, November 16, 1997, June 25, 1998, January 4, 1999, August 7, 2000, December 29, 2001)

Article 306. Grounds for Abolition of Judgment of the Court

Grounds for abolition of the judgment of the Court according to appellate procedure and transfer of case for new review to the court of primary jurisdiction are:

1) incorrect determination of legally relevant circumstances;

2) groundlessness of circumstances relevant for the case which the Court deems as determined;

3) non-compliance of conclusions of the Court set forth in the judgment with the facts of the case;

4) violation or incorrect application of norms of substantive law or norms of procedural law.

The essentially correct judgment of the Court may not be abolished out of hand.

**Гражданский процессуальный кодекс РСФСР от 11 июня 1964 г.**
**(в редакции на 28 апреля 1993 г.)**
**(с изменениями от 28 апреля, 30 ноября, 31 декабря 1995 г., 21 августа, 26 ноября 1996 г., 17 марта, 16 ноября 1997 г., 25 июня 1998 г., 4 января 1999 г., 7 августа 2000 г., 24, 25 июля 2002 г.)**

**Статья 306.** Основания к отмене решения суда в кассационном порядке
Основаниями к отмене решения суда в кассационном порядке и передаче дела на новое рассмотрение в суд первой инстанции являются:

Федеральным законом от 30 ноября 1995 г. N 189-ФЗ пункт 1 статьи 306 настоящего Кодекса изложен в новой редакции
см. текст пункта в предыдущей редакции

1) неправильное определение юридически значимых обстоятельств;
2) недоказанность обстоятельств, имеющих значение для дела, которые суд считает установленными;
3) несоответствие выводов суда, изложенных в решении, обстоятельствам дела;
4) нарушение или неправильное применение норм материального права или норм процессуального права.
Не может быть отменено правильное по существу решение суда по одним лишь формальным соображениям.

Civil Procedure Code of the RSFSR of June 16, 1964 (in the wording of April 28, 1993) (with the Amendments and Addenda of April 28, November 30, 1995 and December 31, 1995, August 21, November 26, 1996, March 17, November 16, 1997, June 25, 1998, January 4, 1999, August 7, 2000, December 29, 2001)

Article 308. Violation or Incorrect Application of Norms of        Procedural Law

Violation or incorrect application of norms of procedural law shall be regarded as grounds for abolition of the judgment only if that violation caused or could cause incorrect resolution of the case. The judgment shall be abolished in the event:

1) if the case was reviewed by the Court of illegal composition;

2) if the case was reviewed by the Court in the absence of certain persons participating in the case not notified about the time and place of the judicial proceedings;

3) if when reviewing the case rules of the language of the proceedings were violated;

4) if the Court resolved the issue of rights and obligations of persons not summoned for participation in the case;

5) if when issuing the judgment the rules of confidentiality of conference of the judges were violated;

6) if the judgment is not signed by some of the judges or if the judgment is signed by different judges than the judges stated in the judgment;

7) if the judgment is issued by different judges than the ones that formed part of the court reviewing the case;

8) if no record of judicial proceedings was made in the case.

**Гражданский процессуальный кодекс РСФСР от 11 июня 1964 г.**
**(в редакции на 28 апреля 1993 г.)**
**(с изменениями от 28 апреля, 30 ноября, 31 декабря 1995 г., 21 августа, 26 ноября 1996 г., 17 марта, 16 ноября 1997 г., 25 июня 1998 г., 4 января 1999 г., 7 августа 2000 г., 24, 25 июля 2002 г.)**

**Статья   308.   Нарушение   или   неправильное   применение   норм процессуального права**

Нарушение или неправильное применение норм процессуального права является основанием к отмене решения лишь при условии, если это нарушение привело или могло привести к неправильному разрешению дела.

Решение подлежит отмене в случае:

1) если дело рассмотрено судом в незаконном составе;

2) если дело рассмотрено судом в отсутствие кого-либо из лиц, участвующих в деле, не извещенных о времени и месте судебного заседания;

3) если при рассмотрении дела были нарушены правила о языке, на котором ведется судопроизводство;

4) если суд разрешил вопрос о правах и обязанностях лиц, не привлеченных к участию в деле;

5) если при вынесении решения были нарушены правила о тайне совещания судей;

6) если решение не подписано кем-либо из судей или если решение подписано не теми судьями, которые указаны в решении;

7) если решение вынесено не теми судьями, которые входили в состав суда, рассматривавшего дело;

8) если в деле отсутствует протокол судебного заседания.

Civil Procedure Code of the RSFSR of June 16, 1964 (in the wording of April 28, 1993) (with the Amendments and Addenda of April 28, November 30, 1995 and December 31, 1995, August 21, November 26, 1996, March 17, November 16, 1997, June 25, 1998, January 4, 1999, August 7, 2000, December 29, 2001)

Article 430. Reversal of Execution of Judgment

In case of revocation of the executed judgment and, subsequent to the proceeding of the case, issuance of a judgment on full or partial dismissal of an action, or order on termination of proceedings in the case, or order on dismissal of the action, everything collected from the defendant in favor of plaintiff shall be returned to the defendant according to the revoked judgment (reversal of the execution of the judgment).

**Гражданский процессуальный кодекс РСФСР от 11 июня 1964 г.**
**(в редакции на 28 апреля 1993 г.)**
**(с изменениями от 28 апреля, 30 ноября, 31 декабря 1995 г., 21 августа, 26 ноября 1996 г., 17 марта, 16 ноября 1997 г., 25 июня 1998 г., 4 января 1999 г., 7 августа 2000 г., 24, 25 июля 2002 г.)**

**Статья 430.** Поворот исполнения решения

В случае отмены решения, приведенного в исполнение, и вынесения после нового рассмотрения дела решения об отказе в иске полностью или в части либо определения о прекращении производства по делу или оставлении иска без рассмотрения ответчику должно быть возвращено все то, что было с него взыскано в пользу истца по отмененному решению (поворот исполнения решения).

Civil Procedure Code of the RSFSR of June 16, 1964 (in the wording of April 28, 1993) (with the Amendments and Addenda of April 28, November 30, 1995 and December 31, 1995, August 21, November 26, 1996, March 17, November 16, 1997, June 25, 1998, January 4, 1999, August 7, 2000, December 29, 2001)


Article 431. Settlement of the Issue on Reversal of Execution of Judgment by the Court of Primary Jurisdiction

The Court or the judge which the case was submitted to for initial review shall initiate review of the issue of reversal of the execution and resolve the issue by a new judgment or order, completing the proceedings of the case.

In the event that the Court or the judge that reviewed the case again did not resolve the issue of reversal of the execution of the judgment, the defendant, within the time limit of validity of the action, shall be entitled to file an application for reversal of the execution to this Court or to the judge. This application shall be reviewed at the judicial proceedings. Persons participating in the case shall be notified about the time and place of the proceedings, however, their nonappearance at the judicial proceeding shall not prevent resolution of the issue on the agenda of the Court.

The order of the Court or the judge on the issue of reversal of the execution of the judgment may be appealed (in edition of Law of the Russian Federation of May 29, 1992 - Vedomosti Sjezda Narodnykh Deputatov Rossiyskoy Federatsii i Verkhovnogo Sovieta Rossiyskoy Federatsii, 1992, No. 27, item 1560).

**Гражданский процессуальный кодекс РСФСР от 11 июня 1964 г.**
**(в редакции на 28 апреля 1993 г.)**
**(с изменениями от 28 апреля, 30 ноября, 31 декабря 1995 г., 21 августа, 26 ноября 1996 г., 17 марта, 16 ноября 1997 г., 25 июня 1998 г., 4 января 1999 г., 7 августа 2000 г., 24, 25 июля 2002 г.)**

**Статья 431.** Разрешение вопроса о повороте исполнения решения судом первой инстанции

Суд или судья, которым дело передано на новое рассмотрение, обязаны по своей инициативе рассмотреть вопрос о повороте исполнения и разрешить его в новом решении или определении, которым заканчивается производство по делу.

В случае, если суд или судья, вновь рассматривавший дело, не разрешил вопроса о повороте исполнения отмененного решения, ответчик вправе в пределах срока исковой давности подать в этот суд или судье заявление о повороте исполнения. Это заявление рассматривается в судебном заседании. Лица, участвующие в деле, извещаются о времени и месте заседания, однако их неявка не является препятствием для разрешения поставленного перед судом вопроса.

На определение суда или судьи по вопросу о повороте исполнения может быть подана частная жалоба или принесен протест *(в ред. Закона Российской Федерации от 29 мая 1992 г. - Ведомости Съезда народных депутатов Российской Федерации и Верховного Совета Российской Федерации, 1992, N 27, ст.1560).*