and returned home. As a result, key witnesses, including Khaidarov; GOK Plaintiffs owners such as Traum, Eisenberg, and Ofen; and Isaac Savion, an American officer of Davis, will not travel to Russia. *See* A. 4894, 4941-4945, 4953-4954, 13366-13370, 13430, 14615-14619.

### B. DEFENDANTS' SUBSTANTIAL TIES TO THE U.S.

Even without discovery, Plaintiffs submitted substantial evidence that the Conspirators had substantial business and other ties to the U.S., putting aside the predicate acts of bribery, extortion, money laundering, and mail and wire fraud committed here. As a threshold matter, the Conspirators own American defendants Blonde Management and Pan-American, which paid the bribes to Russian officials from bank accounts in the U.S., and American defendants New Start, Venitom, Unidale, and Investland, which received the stolen GOK shares, all under Kislin's direction in New York. *See* A. 4899-4900, 4904.

In addition: Defendant Chernoi maintained extensive real estate holdings in the U.S. Deripaska's companies, Sibirsky Aluminum and Russian Aluminum, sold aluminum obtained by the Illegal Scheme through American Defendant Sibirsky Aluminum Products USA Corp. and the U.S. offices of Defendant RUAL Trade Limited. Makhmudov's company, MDM Bank, maintained correspondent relations with U.S. banks, utilized the American banking system to receive funds

12

jurisdictional deadline for filing such petitions was March 31, 2003, one business day after the district court's decision was docketed on March 28, 2003. *See* A. 15289-15291, 15319-15324.

Judge Zaitsev also opined that a petition to *collaterally* attack a decision based on newly discovered evidence of corruption could be filed only in the same court that rendered the decision, and only *after* the relevant judge was convicted of the corruption at issue. *See* A. 14662, 14923, 14937. Putting aside the conviction requirement, the time period to file such a petition had expired long before the lower court's March 2003 decision. Plaintiffs have herewith submitted a supplemental appellate declaration of Judge Zaitsev, which consolidates his opinions on Russian law and brings to this Court's attention five Russian cassation cases published after the lower court's decision, which confirm that no cause of action may currently be sustained in Russia. *See* A. 15720.

### 2. THE GOK SHAREHOLDER LITIGATION WAS CORRUPTED

Plaintiffs submitted the declaration of Anatoly Kleymenov, an experienced Russian commercial attorney, supported by extensive fact declarations. Kleymenov concluded that the decisions resulting in the theft of the Holdex, Omni, and Foston shares were the product of such gross violations of Russian substantive and procedural law that they could only be explained by corruption, *i.e.*, fraud and bias by the court. *See* A. 9461-9487.

unless the underlying decisions were overturned. *Id.* at 702-04. However, it held Plaintiffs could do so through collateral attack, ignoring the jurisdictional time bar and disputing the requirement of a criminal conviction. *Id.* at 701, 704. The court rejected Plaintiffs' argument that Russia was inadequate because Plaintiffs' key witnesses could not testify in Russia due to Defendants' threats on their lives and false arrests. *Id.* at 711. The court also rejected Plaintiffs' argument that Russian courts were inadequate because Defendants had corrupted prior proceedings based on its *sua sponte* determination that four isolated decisions in the NKAZ and GOK litigations were not corrupted; the court *completely* ignored Plaintiffs' expert report regarding the corruption of the Shareholder litigation and the admission by Defendants' expert that the GOK bankruptcy was corrupted. *Id.* at 709. The court dismissed Plaintiffs' expert reports on general corruption in Russia as "conclusory," even though they relied on the same kinds of materials that this Court accepted and credited in *Bridgeway Corp. v. Citibank*, 201 F. 3d 134, 141-44 (2d Cir. 2000). *Base Metal*, 253 F. Supp. 2d at 706.

The court determined that Plaintiffs' choice of forum was entitled to "little deference," even though *eight of ten Plaintiffs* were either American or protected by "equal access" international treaties, disregarding this Court's precedent and instead followed a contrary, unreported recommendation opinion of a magistrate in another case. *Id.* at 695 n.9. The court found Plaintiffs had no "bona fide" reasons

22

Complaint" (*id.* at 711) is simply wrong; Traum's declaration detailed his knowledge and involvement in virtually every aspect of the case. Under clear precedent, Russia is an inadequate forum, when Defendants, by criminal means, preclude the attendance of Plaintiffs' witnesses.

### 3. Russia Is An Inadequate Forum Based On Defendants' Corruption Of Proceedings Involving Plaintiffs and the Overall Risk of Corruption When Powerful Russian Interests Are Implicated

As set forth in the Aluminum Plaintiffs' brief at Point I.D, a foreign forum is inadequate when the defendants have corrupted court proceedings involving the same parties in the forum if such forum is generally susceptible to corruption.

#### (a) Defendants Corrupted Proceedings Against Plaintiffs In the Russian Courts, Which Are Generally Susceptible to Corruption in Matters Involving Powerful Russian Interests Such as Defendants

As to the Shareholder claims, Kleymenov offered a compelling expert report that only corruption can explain why the Russian courts transferred the property of the GOK shareholder Plaintiffs in proceedings in which they were not even made parties. *See* A. 9461-9487. *The court literally ignored this corruption, never addressing the issue or even referring to Kleymenov's report.*

In regard to the GOK creditor claims, Telyukina offered a compelling expert report explaining in detail how the GOK bankruptcy was corrupted – all the more remarkable because her report did not have the benefit of any fact discovery. In