1          THE COURT: I am curious as to why not. Perhaps
2  you have conceded that the defendants' removal is
3  bulletproof, is not capable of being successfully attacked?
4  I am not trying to tell you how to practice law. I am
5  trying to understand what I am looking at here, because,
6  quite frankly, I am not certain, and I don't want to make
7  any unfair comments that might sound like aspersions or
8  accusations, it seems like there is a fair amount of forum
9  shopping going on here that I am not sure is appropriate.
10          I am sure there is some people on the other side
11  of this call who might be snickering right now and saying,
12  "Well, duh," as my daughter would say. But I got to tell
13  you, Mr. Marks, it is sounding that way. It is looking that
14  way.
15          MR. MARKS: Forum shopping in what sense?
16          THE COURT: You didn't like the result you got
17  in the Southern District, you didn't like the result you got
18  in the Second Circuit.
19          MR. MARKS: Let me say this, Your Honor: If --
20  the forum shopping is really by defendants because they
21  chose to remove this to the Federal Court. I suspect that
22  perhaps a motion to remand could be filed by us because --
23          THE COURT: That begs the question as to why
24  you filed in Delaware -- I guess your answer would be, we
25  filed in Delaware because there is a different standard in

1  Delaware law that we wanted to have applied to this case.

2  MR. MARKS: That's correct, and the Supreme

3  Court says we can do that.

4  THE COURT: That is forum shopping. I don't

5  care what my brethren colleagues say on the Supreme Court.

6  I guess they have said it is appropriate.

7  MR. MARKS: Your Honor, the very definition of

8  where a plaintiff chooses its forum is forum shopping.

9  THE COURT: I guess so, okay.

10  MR. MARKS: That is something that a plaintiff

11  is entitled to do.

12  THE COURT: Fair enough.

13  I have interrupted. Go ahead. We were talking

14  about the second batch of discovery that's being sought

15  after here.

16  MR. MARKS: The second batch of discovery, we

17  have had limited interrogatories that were directed to

18  identifying whether the plaintiffs have, you know, paid

19  money to Russian government officials, et cetera, because we

20  believe that they have. If they answer the interrogatories,

21  it would be subject to, obviously, the duty to tell the

22  truth and so forth. If they admit to having done that, we

23  think it would be unfair to send us back to a forum where we

24  would run that continued risk.

25  THE COURT: Okay.

```
 1              MR. MARKS:  Of course, they are the depositions
 2   of their experts, although it doesn't really appear that
 3   that is in dispute,
 4              THE COURT:  All right.  Who is going to speak on
 5   behalf of the numerous defendants who are on this call?
 6              MS. COHEN:  Your Honor, Lisa Cohen.
 7              The one thing that Mr. Marks did not address,
 8   and I was listening carefully, is the fact that many of the
 9   requests that he has propounded to us are exactly the same
10   requests that he made, that he and his co-plaintiffs made in
11   the Southern District of New York, word for word.  Those
12   requests were denied first by the Magistrate Judge, the
13   Honorable Magistrate Judge Maas.  Then plaintiffs objected
14   to Judge Koeltl.  Judge Koeltl denied them again.  They
15   renewed their request to Judge Koeltl.  Judge Koeltl denied
16   them again.  And they raised on appeal to the Second Circuit
17   after they lost on the forum non conveniens ground that they
18   had been denied discovery in the trial courts and that had
19   they only received that discovery, they would have won their
20   forum non.  Of course, the Second Circuit rejected that
21   argument as well.
22              This is their fifth bite at the apple on these
23   very same discovery requests, the documents that Mr. Marks
24   is asking about concerning the owners, the beneficial
25   owners.  The documents he was asking about concerning the
```

1  ownership of shares, that's all been requested before.  They
2  should not be permitted to have a fifth bite at this apple.
3           THE COURT:  Okay.
4           MS. COHEN:  Now, Your Honor's questions have
5  gone over most of what I had to say today.  The only other
6  thing that I need to add, I believe, is that removal at this
7  point is bulletproof.  It is time-barred to seek to remand.
8  That is absolutely clear.
9           THE COURT:  So your point, Ms. Cohen, is that
10 this issue has been decided.
11          MS. COHEN:  Not only has this issue been
12 decided, the entire case ought to be dismissed.  Regardless
13 of whether it was initially brought in state court,
14 defendants have a right to remove.  We have exercised that
15 right.  It's in Federal Court now and subject to federal
16 procedural rules.  Federal procedural rules includes forum
17 non conveniens.
18          This case ought to be dismissed.  There is
19 estoppel.  And, in addition, these very requests have been
20 denied four times in the past.
21          Now, if Your Honor wants to go further than that
22 and review this de novo, Supreme Court precedent is that
23 where a defendant has made a forum non conveniens motion
24 such as the one that defendants have made, permitting
25 discovery or even investigation into the very facts would

```
 1   defeat the purposes of a forum non conveniens motion.  And
 2   for that reason every decision that we have found has stated
 3   that such motions are generally decided on affidavits only.
 4   For that, there are two Supreme Court decisions directly on
 5   point.  And if Your Honor is interested, I could give you
 6   the cites.
 7              THE COURT:  Actually, I want to give other
 8   defense counsel an opportunity to speak.  But I might be
 9   interested in having briefing done on this discrete issue,
10   the issue of these requests for discovery.  But go ahead,
11   Ms. Cohen.
12              MS. COHEN:  There is also a Third Circuit
13   decision directly on point.
14              Numerous decisions have agreed that discovery is
15   entirely unnecessary to decide a forum non conveniens
16   motion.  In fact, our research has found that in the past
17   five years, no decision has granted anything more than
18   expert depositions.  Not a single discovery request has been
19   permitted, and certainly not the broad discovery that
20   plaintiffs are now seeking.
21              By the way, we disagree with Mr. Marks on his
22   characterization of his discovery requests.  They are not
23   forum non related.  They are certainly intertwined with the
24   merits.  And in fact, I should also point out that in
25   another case that Mr. Marks recently lost on forum non
```

1  conveniens grounds, where Mr. Marks served almost the
2  identical discovery requests to the ones he is making now,
3  the Court had this to say in denying the discovery that Mr.
4  Marks sought.
5       Norex, which was the plaintiff there, is seeking
6  to do indirectly what it cannot do directly, obtain
7  discovery germane to the merits of the underlying action.
8       Now, I am aware of three decisions granting
9  forum non conveniens motions in favor of Russia without any
10 discovery whatsoever. If Your Honor is interested, I can
11 give you the cites to those. They are all decisions that
12 have come down within the last five years. And that, of
13 course, makes sense, because the complaint itself, the
14 motions, even Mr. Marks' own Rule 26 disclosures show that
15 the connection to the United States is so tangential that no
16 discovery that plaintiffs seek will change that. The
17 overwhelming (inaudible) of this case is in Russia.
18       Moreover, there are nearly a hundred Russian
19 court decisions, probably more since we filed our motion,
20 involving the same issues that plaintiffs would raise here.
21       THE COURT: Okay. Other counsel that would like
22 to be heard?
23       MS. COHEN: Your Honor, one more point I would
24 like to make, which is that it is true that in the Base
25 Metal Trading case and in the Norex Petroleum case, expert

depositions on foreign law issues were permitted. There the plaintiffs had submitted their own expert reports that offered opposing views to the expert reports submitted by defendants.

And it is true that in support of our forum non conveniens motions defendants have submitted two expert declarations, one by Professor Stevan (phonetic), who is a professor at the University of Virginia Law School, and one by Professor Levidov (phonetic), who is a professor of law and the former head of the private international and civil law department at the Moskow Institute for International Relations.

Now, defendants have not submitted any expert report challenging our declarations. And they have not asked for depositions of our experts. But even if they did, their request ought to be denied because the opinions offered by these two experts are largely the same opinions that defendants submitted in the Base Metal Trading case. In fact, Professor Stevan was one of the defendants' experts. Plaintiffs have already deposed him.

The only significant difference between his opinion now and his opinion in the Base Metal case is that he now discusses decisions that have been rendered in Russia on the relevant issues since his prior opinion. And Professor Levidov states that he has read the prior opinion

1  of defendants' experts and his opinion does not differ in
2  substance.
3          So plaintiffs have taken those expert
4  depositions already.  They don't even need that before Your
5  Honor decides this motion, and the Supreme Court law says no
6  expert depositions are required, let alone a single
7  discovery request like the discovery requests that
8  plaintiffs seek here.
9          THE COURT:  What is defendants' view, Ms. Cohen?
10 Is this the same case that was brought in the Southern
11 District?
12         MS. COHEN:  Absolutely.
13         THE COURT:  Are there different parties before
14 this Court?
15         MS. COHEN:  Plaintiff, Mr. Marks responded to
16 Your Honor by saying that this is a subset of the
17 plaintiffs.  That doesn't matter.  That doesn't change any
18 collateral estoppel, direct estoppel or res judicata effect.
19         There are, of the defendants, I might add, eight
20 of them were present in New York.  The fact that there were
21 three new defendants also does not change the direct
22 estoppel effect.
23         MR. HERRINGTON:  I think all four of the
24 plaintiffs here were plaintiffs in the Southern District and
25 are asserting the same claims here as they asserted in the

1  Southern District.

2          THE COURT: How can it be, then, that this
3  matter should take up the time of counsel for both parties
4  and a whole other set of federal courts?

5          UNIDENTIFIED SPEAKER: Your Honor, that has been
6  caused by defendants removing.

7          THE COURT: Well, Ms. Cohen, do you want to
8  react to that?

9          MS. COHEN: Yes, Your Honor. I think I said it
10 before. We have a right to remove.

11         THE COURT: That's what I thought you said. Mr.
12 Marks, do you disagree?

13         MR. MARKS: I question that, Your Honor. I
14 don't think they are removing for a bona fide purpose. They
15 are removing simply to have it dismissed from the Federal
16 Courts.

17         THE COURT: Is that the standard that they have
18 to remove for a bona fide purpose to remove? I don't think
19 that is the standard for removal, is it?

20         MR. HERRINGTON: Your Honor, these are federal
21 RICO claims that belong in Federal Court.

22         THE COURT: That is for sure. Doesn't anybody
23 out there understand it has to be for a bona fide purpose,
24 that is the standard?

25         MS. COHEN: No, Your Honor.

1           THE COURT:  It is just stated by counsel -- who
2   was that that was just speaking, pointing out we feel a
3   federal question?
4           MR. HERRINGTON:  David Herrington.
5           THE COURT:  Just for the record, so we keep
6   everybody straight, if you would announce yourself.
7           How about that, Mr. Marks.  This is a federal
8   question.
9           MR. MARKS:  Your Honor, it's a federal question.
10  If they want to have a federal question resolved in Federal
11  Court, then they shouldn't be seeking to have it removed for
12  forum non.  I think --
13          THE COURT:  Why not?  They have had it resolved
14  in Federal Court, in their view.
15          MR. MARKS:  They had it resolved on forum non.
16  But the Supreme Court says -- it was a Jones Act case, so it
17  involved a federal claim.  The Supreme Court says, if you
18  file a claim in Federal Court and it's dismissed for forum
19  non, you have a right to file it, refile it in state court
20  and have the state court decide whether it wants to hear it.
21  And that's what we want them to do.  I don't think that they
22  have a right to frustrate our right to have the claim heard
23  a Court in the United States.  I think they are trying to
24  circumvent that right.
25          We have no problem if this case gets remanded

1   back to Chancery Court where we brought it and where it
2   should have been -- where we believe it should have been in
3   the first place. But if plaintiffs really have a bona fide
4   interest in having the RICO claim a Federal Court, they
5   shouldn't be removing it simply to then say to Your Honor
6   that your Court is not convenient. It is either convenient
7   for them to litigate and we will litigate the case on the
8   merits here, or if they don't think the Federal Court is
9   convenient, we should be back in state court.
10           THE COURT: That's what they have already said,
11   that we don't think -- and they will speak for themselves in
12   a moment -- but haven't they said, Mr. Marks, in the
13   Southern District of New York, that we think the federal
14   forum, this matter should be decided under the rules of a
15   federal forum and the federal forum, our position before
16   that forum is that it's not convenient, among other things,
17   and that federal forum has said, Eureka, you are right.
18           Now here they are, confronted by plaintiffs
19   again in another jurisdiction entirely, you didn't refile in
20   the state courts of New York. You came to Delaware.
21           MR. MARKS: That may be true, Your Honor. Once
22   it was dismissed from Federal Court we had the right to file
23   it in whatever state had jurisdiction and we have --
24           THE COURT: You have the right to file wherever
25   you can afford to pay a filing fee. But the issue is

1  whether you have the right to stay in front of that forum.
2  And they, following the rules, the defendants, said, no,
3  this is not where this matter should be litigated, it should
4  be litigated a federal forum. After all, there is a federal
5  question. You did not file that motion to remand this
6  matter to the Court of Chancery here in Delaware.
7           MR. MARKS: Because our position is if they have
8  chosen this Court, they shouldn't be able to say it is
9  inconvenient. They chose it. We didn't.
10          THE COURT: No. They may have chosen this forum
11 because they wanted the opportunity to do just what they are
12 doing and say, Judge, this has already been decided in
13 Federal Court, you need to throw it out.
14          MR. MARKS: What's the point of that, Your
15 Honor? We file in state court again.
16          THE COURT: You could stay on that
17 merry-go-round forever, I guess.
18          MR. MARKS: I think the import of the Supreme
19 Court case is that you can't have this merry-go-round. If
20 defendants decide they don't want to be in Federal Court, so
21 be it. Then we have a right to litigate it in state court.
22          THE COURT: Ms. Cohen, what do you say to that?
23 The plaintiff is arguing that you are defeating your own
24 interests, essentially, by continuing to remove.
25          MS. COHEN: Your Honor, two things. I think Mr.

    1    Marks is misreading the Supreme Court cases that he is

    2    referring to. In those cases, which were Jones -- there

    3    were two of them, which were Jones Act cases, there is no

    4    right to remove once the case is filed in state court. So,

    5    therefore, the defendants had no right to remove to Federal

    6    Court. Here we have a right. RICO is not the same as the

    7    Jones Act. We had a right to remove. We exercised that

    8    right.

    9            Let me say two other things. It's exactly to

  10    end the merry-go-round that we respectfully requested an

  11    injunction in our motion. We think enough is enough. They

  12    have had their day in court and I think Your Honor is

  13    correct that this is a waste of the Court's time, it's a

  14    waste of the litigants' time. It is very expensive to have

  15    all of these parties, all of these attorneys fighting the

  16    same battle over and over again.

  17            THE COURT: Just on this call alone.

  18            MS. COHEN: We think that's not fair.

  19            Finally, if Your Honor agrees, might we suggest

  20    a procedure to simplify this?

  21            THE COURT: Sure.

  22            MS. COHEN: To have the defendants brief just

  23    the direct estoppel issue on an expedited basis? That way

  24    Your Honor can decide just that, because it's clear, and I

  25    think plaintiffs have admitted, that no discovery is

1  warranted at all on that issue. And we can put aside the
2  question of whether discovery is warranted on the forum non
3  conveniens, which of course we think is not, Mr. Marks is
4  saying it is. But we can put that issue entirely aside. So
5  that we can decide whether this case should be dismissed on
6  the pure and simple grounds that it has been decided
7  already.
8              THE COURT: Are other colleagues of yours, Ms.
9  Cohen, in accord with that view, that process that you are
10 recommending?
11             MS. COHEN: I don't think I have polled them.
12             THE COURT: Let me ask it this way. Presuming
13 every tone has heard the proposal that has just been made --
14 and I will give Mr. Marks an opportunity to respond -- is
15 there anyone who objects to that?
16             Silence in the land.
17             Mr. Marks, what is your reaction to the proposal
18 made by Ms. Cohen?
19             MR. MARKS: Your Honor, I would like to think
20 about it and take instruction from my clients.
21             THE COURT: You have got 30 seconds to think
22 about it, Mr. Marks. If you want to fashion an objection to
23 it, I am willing to listen. But I think it makes a lot of
24 sense.
25             MR. MARKS: I understand, Your Honor.

1    THE COURT: If it's, in fact, the case, as has
2 been represented, that you do not feel you need discovery,
3 additional discovery to deal with that issue, I would just
4 as soon have it briefed.
5    MR. MARKS: We wouldn't need discovery to reply
6 to the estoppel issue.
7    THE COURT: Then that's what we will do.
8    Ms. Cohen, did you have a briefing schedule in
9 mind?
10    MS. COHEN: Whatever is convenient for the Court
11 is fine with us, Your Honor.
12    THE COURT: Why don't we make it 30, 30 and 15.
13    MR. MARKS: They have already briefed it.
14    MS. COHEN: It is already part of the brief that
15 is before Your Honor.
16    THE COURT: Is it part of the 13 volumes?
17    MS. COHEN: It is the first point in the opening
18 briefs.
19    THE COURT: The first point in the opening
20 briefs, okay.
21    MS. COHEN: After the introduction.
22    THE COURT: Now, I note in the letter that the
23 plaintiffs' deadline, I guess we are talking about the same
24 thing, for answering, is June 30. How is it that the
25 plaintiffs' deadline is June 30?

```
 1            MR. MARKS:  Your Honor, the defendants, I don't
 2   know, had four or five months to prepare their motions, and
 3   we envisioned that in order to oppose the forum non motion,
 4   and indirectly the comity motion, that we would need some
 5   discovery, including expert discovery.  So that's why we
 6   came up with 90 days, as was discussed in our last
 7   conference.
 8            THE COURT:  Did we discuss this?
 9            MR. MARKS:  Yes.
10            MS. COHEN:  The original schedule was 90 days.
11            THE COURT:  That is fine.  I didn't remember.
12   Now you are only going to need to respond to Part 1, that is
13   the discrete issue of direct estoppel, Mr. Marks.  So how
14   long do you need?
15            MR. MARKS:  Let me check the calendar, Your
16   Honor, if you don't mind.
17            THE COURT:  No.  Go ahead.
18            MR. MARKS:  I have some travel.
19            THE COURT:  I understand.  I am going to put
20   aside the motion -- I will call it the motion to dismiss
21   that's been previously filed, other than the directed
22   estoppel portion of that motion.  Is that what we are in
23   agreement with, Ms. Cohen?
24            MS. COHEN:  Yes, Your Honor.  Is it more
25   convenient for us to file it as a separate brief?
```

```
 1                THE COURT:  It probably would be.  As long as
 2   you leave the appendices out of here.  Number one, it is a
 3   motion --
 4                MS. COHEN:  I will go back and double-check.  I
 5   don't think that the appendices are even required.  I think
 6   there is a single exhibit.
 7                THE COURT:  Sort of makes me wonder whether I
 8   should be handling it as a motion for summary judgment.  It
 9   would probably be, just in terms of handling the paperwork,
10   a little more convenient to do as you suggest.
11                MS. COHEN:  We will refile it.
12                THE COURT:  Mr. Marks.
13                MR. MARKS:  Today is the 13th.  Your Honor, I
14   have got some travel.  I would ask if we could have until
15   May 27th.
16                THE COURT:  Anybody have any problem with that?
17   The Court does not.  Okay.  May 27th it is.
18                And then your reply, Ms. Cohen, how many days
19   would you like to make your reply?
20                MS. COHEN:  Thirty days.
21                THE COURT:  We will give you 30 days.  We will
22   send out a briefing schedule.
23                MR. MARKS:  Then our need to reply to the other
24   aspects would be suspended.
25                THE COURT:  Yes.  The motion otherwise is
```

```
 1   suspended in all respects.  We will take up the issue of
 2   direct estoppel first.
 3           Anybody have anything else?
 4           Counsel, have a good day.
 5           (Counsel respond "Thank you.)
 6           (Conference concluded at 2:45 p.m.)
 7           Reporter:  Kevin Maurer
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```