= T3 – Time before deceleration of the Nexia automobile begins: 0.250 sec.
* Stp – Movement of the Nexia automobile while braking after the collision: 12.000 meters;
= T1 – Reaction time of the driver of the Nexia automobile: 0.600 sec.;
= T2 – Time of delay in operation of braking mechanism: 0.100 sec.

Note: I issued report No. 44/13 in this case on January 7, 2005, with the following conclusions:

1. In the conditions of this accident, the driver of the Nexia automobile, license plate 30 D 1101, did not have the technical ability to avoid the collision with the pedestrian by emergency braking to stop the automobile before reaching the path of the pedestrian.

2. In this traffic situation, Mr. Qodirov, the driver of the Nexia automobile, license plate 30 D 1101, was required to act in accordance with section 12.1 of the traffic rules, according to which a driver is required to reduce speed or stop when an obstacle or danger appears that the driver is able to observe; however, as the above calculations show, even if the driver complied with the requirements of section 11.1 [*sic*] of the traffic rules, he lacked the technical ability to avoid the collision.

The initial data marked with an asterisk (*) are taken from the order to perform the analysis. The following materials from the criminal case and the standard reference literature were used to determine the remaining initial data:
-- The order to perform the analysis;
-- The report on the examination of the location of the accident;
-- The map attached to the report on the examination of the location of the accident;
-- The report on the examination and check of the technical condition of the vehicle;
-- Forensic Automobile Analysis, part 2, V. A. Ilarionov, ed., National Scientific Research Institute of Forensic Analysis, Moscow, 1980;
-- The Use of Experimentally Derived Automobile Braking Parameters in Analysis, National Scientific Research Institute of Forensic Analysis, Moscow, 1995;
-- The Use of Differentiated Values of Driver Reaction Time in Analysis, National Scientific Research Institute of Forensic Analysis, Moscow, 1987;
-- Traffic Rules, Tashkent, 2001.

=========== RESEARCH ===========

The analysis was conducted using a computer running the NAST program, developed by the automation department of the Kazakh National Scientific Research Institute of Forensic Analysis (1991).

---------- Issue No. 1 ----------

The technical ability to avoid the collision with a pedestrian is determined by comparing the distance (Sa) of the Nexia automobile, license plate 30 D 1101, from the

place of the collision at the time the pedestrian entered the road, as specified in the initial data, and the stopping ability of the automobile (So) in the conditions at the location of the accident.

$$J = Jn \text{ (on a horizontal surface)};$$

$$Tt = \frac{Va}{3.6 * J};$$

$$Std = \frac{Va^2}{25.92 * J} - Stp;$$

$$Tt1 = Tt - \sqrt{Tt2 - \frac{2 * Std}{J} + \frac{T3 * T3}{4}};$$

$$Sa = (Tp - Tt1) * \frac{Va}{3.6} + Std;$$

$$So = (T1 + T2 + 0.5 * T3) * \frac{Va}{3.6} + \frac{Va^2}{25.92 * J};$$

In the conditions of this accident, Sa and So equal 26.8 and 41.5 meters, respectively. Sa is less than So, therefore the driver of the Nexia automobile did not have the technical ability to avoid the collision with the pedestrian by emergency braking to stop the automobile before reaching the path of the pedestrian.

---------- Issue No. 2 ----------

In this traffic situation, Mr. Qodirov, the driver of the Nexia automobile, license plate 30 D 1101, was required to act in accordance with section 12.1 of the traffic rules, according to which a driver is required to reduce speed or stop when an obstacle or danger appears that the driver is able to observe; however, as the above calculations show, even if the driver complied with the requirements of section 12.1 of the traffic rules, he lacked the technical ability to avoid the collision.

============ CONCLUSION ============

The results of the research lead to the following conclusions:

---------- Issue No. 1 ----------

In the conditions of this accident, the driver of the Nexia automobile, license plate 30 D 1101, did not have the technical ability to avoid the collision with the pedestrian by emergency braking to stop the automobile before reaching the path of the pedestrian.

---------- Issue No. 2 ----------

In this traffic situation, Mr. Qodirov, the driver of the Nexia automobile, license plate 30 D 1101, was required to act in accordance with section 12.1 of the traffic rules, according to which a driver is required to reduce speed or stop when an obstacle or danger appears that the driver is able to observe; however, as the above calculations show, even if the driver complied with the requirements of section 12.1 of the traffic rules, he lacked the technical ability to avoid the collision.


[signature]
R. B. Pulatov
Expert

[seal: illegible]

Заключение N 1059/13
автотехнической экспертизы.

"04" марта 2005 года

"03" марта 2005 года в РЦСЭ им.Х Сулаймановой МЮ РУз из СУ ГУВД г.Ташкента при постановлении от "01" марта 2005 года следователя капитана Алиева для производства судебной автотехнической экспертизы поступили материалы уголовного дела N 23/04-1869.

На разрешение экспертизы поставлены вопросы:

1. Располагал ли водитель автомобиля НЕКСИЯ гос. номер 30 D 1101 Кадиров Н.М. технической возможностью предотвратить наезд на пешехода с момента начала его движения на пути 2.4 м за 1.8 с ?
2. Как должен был действовать водитель автомобиля НЕКСИЯ Кадиров Н.М. в данной дорожной обстановке согласно требованиям правил дорожного движения ?

ПРИМЕЧАНИЕ: редакция вопросов изменена в соответствии со специальными познаниями эксперта.
Производство экспертизы поручено мл.научному сотруднику отдела автотехнических экспертиз РЦСЭ им.Х Сулаймановой Пулатову Ровшану Бегмаджановичу, имеющему высшее техническое образование и экспертную специальность по исследованию обстоятельств дорожно-транспортных происшествий со стажем экспертной работы с 2004г.
Об уголовной ответственности за отказ от дачи заключения и за дачу заведомо ложного заключения по ст.ст. 238 и 240 УК Республики Узбекистан эксперт предупрежден

Исходные данные:

*ДТП совершено: в начале торможения, передней частью автомобиля НЕКСИЯ;
*Техническое состояние автомобиля НЕКСИЯ: исправный;
*Сведения о нагрузке автомобиля НЕКСИЯ: без нагрузки;
*Профиль участка дороги: горизонтальный участок;
*Обзорность водителю: неограничена;
*Направление движения пешехода относительно направления движения автомобиля НЕКСИЯ: слева направо;
*Тип дорожного покрытия: асфальтобетон;
*Состояние дорожного покрытия: мокрое, однородное;
*Va - скорость движения автомобиля НЕКСИЯ, км/ч: 60.000;
*Тп - время движения пешехода, с: 1.800;
=Jn - установившееся замедление технически исправного автомобиля НЕКСИЯ при торможении на горизонтальном участке дороги, м/(с*с): 5.000;
=Т3 - время нарастания замедления автомобиля НЕКСИЯ, с: 0.250;
*Sтп - перемещение автомобиля НЕКСИЯ в заторможенном состоянии после наезда, м: 12.000;
=Т1 - время реакции водителя автомобиля НЕКСИЯ, с: 0.600;
=Т2 - время запаздывания срабатывания тормозного привода автомобиля НЕКСИЯ, с: 0.100;

Примечание: По данному делу мной было дано заключение N 44/13 от 07.01.05 г с выводами:
1.В условиях данного происшествия водитель автомобиля НЕКСИЯ гос.

- 2 -

номер 30 D 1101 не располагал технической возможностью предотвра[тить] наезд на пешехода экстренным торможением с остановкой автомоб[иля до] линии движения пешехода.

2. В данной дорожной обстановке водителю автомобиля НЕКСИ[Я] номер 30 D 1101 Кадирову Н.М. необходимо было действовать в со[ответс]твии с требованиями п.12.1 правил дорожного движения, согласно [которым] при возникновении препятствия или опасности для движения, кото[рые во]дитель в состоянии обнаружить, он должен принять меры к снижению [ско]рости вплоть до остановки автомобиля НЕКСИЯ; однако, как видно из [вы]шеприведенных расчетов, даже при выполнении водителем требов[аний] п.11.1 правил дорожного движения, у него отсутствовала техническ[ая] возможность предотвратить наезд;

Исходные данные, помеченные звездочкой (*), приняты по постан[ов]лению (определению) о назначении экспертизы. При определении остальн[ых] исходных данных использованы следующие материалы уголовного де[ла и] справочно-нормативная литература:
- Постановление (определение) о назначении экспертизы.
- Протокол осмотра места дорожно-транспортного происшествия.
- Схема к протоколу осмотра места дорожно-транспортного происше[ст]вия.
- Протокол осмотра и проверки технического состояния транспорта.
- Судебная автотехническая экспертиза, ч.2 под ред. В.А.Иларион[о]ва, ВНИИСЭ, М., 1980.
- Использование в экспертной практике экспериментально-расчет[ных] значений параметров торможения автотранспортных средств. ВНИИСЭ, [М.,] 1995.
- Применение дифференцированных значений времени реакции водите[ля] в экспертной практике. ВНИИСЭ, М., 1987.
- Правила дорожного движения. Т., 2001.

============ ИССЛЕДОВАНИЕ ============

Экспертиза проведена с применением ЭВМ по программе "НАСТ", раз[ра]ботанной в отделе автоматизации Казахского НИИСЭ (1991 г).

---------- Вопрос N 1 ----------

Техническая возможность предотвратить наезд на пешехода устана[в]ливается сравнением расстояния (Sa), на котором автомобиль НЕКСИЯ го[с.] номер 30 D 1101 находился от места наезда в момент начала движения п[е]шехода на пути, указанном в исходных данных, и остановочного пути а[в]томобиля (So) в условиях места происшествия.

$$J = J_H \quad \text{(на горизонтальном участке);}$$

$$T_t = \frac{V_a}{3.6 * J};$$

$$S_{тд} = \frac{V_a^2}{25.92 * J} - S_{тп};$$

- 3 -

$$Tt1 = Tt - \sqrt{Tt^2 - \frac{2 * S_{Tд}}{J} + \frac{T3 * T3}{4}};$$

$$Sa = (Tп - Tt1) * \frac{Va}{3.6} + S_{Tд};$$

$$So = (T1 + T2 + 0.5 * T3) * \frac{Va}{3.6} + \frac{Va^2}{25.92 * J};$$

В условиях данного происшествия Sa и So определяются равными, соответственно, 26.8 и 41.5 м. Поскольку Sa меньше So, следовательно, водитель автомобиля НЕКСИЯ не располагал технической возможностью предотвратить наезд на пешехода экстренным торможением с остановкой автомобиля до линии движения пешехода.

------------ Вопрос N 2 ------------

В данной дорожной обстановке водителю автомобиля НЕКСИЯ гос. номер 30 D 1101 Кадирову Н.М. необходимо было действовать в соответствии с требованиями п.12.1 правил дорожного движения, согласно которым при возникновении препятствия или опасности для движения, которые водитель в состоянии обнаружить, он должен принять меры к снижению скорости вплоть до остановки автомобиля НЕКСИЯ; однако, как видно из вышеприведенных расчетов, даже при выполнении водителем требований п.12.1 правил дорожного движения, у него отсутствовала техническая возможность предотвратить наезд;

============= ВЫВОД =============

По результатам проведенного исследования необходимо сделать следующие выводы:

------------ Вопрос N 1 ------------

В условиях данного происшествия водитель автомобиля НЕКСИЯ гос. номер 30 D 1101 не располагал технической возможностью предотвратить наезд на пешехода экстренным торможением с остановкой автомобиля до линии движения пешехода.

------------ Вопрос N 2 ------------

В данной дорожной обстановке водителю автомобиля НЕКСИЯ гос. номер 30 D 1101 Кадирову Н.М. необходимо было действовать в соответствии с требованиями п.12.1 правил дорожного движения, согласно которым при возникновении препятствия или опасности для движения, которые водитель в состоянии обнаружить, он должен принять меры к снижению скорости вплоть до остановки автомобиля НЕКСИЯ; однако, как видно из вышеприведенных расчетов, даже при выполнении водителем требований п.12.1 правил дорожного движения, у него отсутствовала техническая возможность предотвратить наезд.

Эксперт                                              Пулатов Р.Б.

RESOLUTION

On stopping the criminal case

5 March 2005                                                                                                  City of Tashkent

      Having familiarized with documents of criminal case No.23/04-1869, captain Aliyev M.A., investigator of the Department for Investigating Road Transport Accidents Related Crimes of the Transport Management of the Tashkent City Head Interior Affairs Department,

HAS IDENTIFIED THE FOLLOWING:

      At approximately 12.00 on 5 November 2004, driver Qodirov Nuriddin Mukhiddinovich was driving a technically fit car of Nexia model, with state sign 30D1101, belonging to his mother Qodirova D.B., on the letter of attorney, without passengers or load, along Usta Shirin Street located in Yunusobod District, from the side of A.Donish Street, towards Guards Colonel Khodjaev Street, at the approximate speed of 50 kmh, it was raining, the road was wet.
      When he approached house No.38, he saw 72-year-old Khaidarova Mamlakat, who stopped near the white line separating two roads, to let the cars pass. When he approached this pedestrian, the pedestrian walked fast from the left to the right along the car movement, driver Qodirov N.M., on seeing her moving, stepped on the brakes, however, at the time of stepping on the brakes, the front part of the car hit the pedestrian, causing body injuries to her, after which Qodirov N.M. stopped, helped Khaidarova M., and took her on a passing car to city hospital No.17.
      Pedestrian Khaidarova M. did not remained unconscious because of the received body injuries, and died on the same day at city hospital No.17.
      Investigation experiment on this road transport accident, held at the scene of accident with the goal to check evidence of driver Qodirov N.M., proved that on the day of accident the car passed the distance of 2.4 meters to the place near white line separating two roads where victim Khaidarova M. stood in approximately 1.8 seconds, and a court-auto technical expertise was appointed on this case. According to conclusion No.1059/13 of the court-auto technical expertise, in the given road transport accident conditions there were no technical possibilities for driver Qodirov N.M. to stop the car without hitting the pedestrian and that he had not broken the road traffic rules.
      Taking into account the above said and based on Clause 2 of Article 83 of the Criminal Proceedings Code of the Republic of Uzbekistan,

I HAVE RESOLVED THAT:

      1. The given criminal case in relation to Qodirov Nuriddin Mukhiddinovich, born on 22 May 1984, should be stopped because there are no criminal contents in his actions.
      2. The contents of this resolution should be delivered to the interested parties.

3. The copy of this resolution should be delivered to the Tashkent City Prosecutor's Office.

Investigator　　　　　　　　M.A.Aliyev

"AGREED"　　　　　　　　Z.S.Kholmuhamedov
Head of Department

Жиноят ишини тугатиш хакида

К А Р О Р.

«05» март 2005 йил

Тошкент шахри

Тошкент шахар ИИББ ТБ ЙТХлар билан боглик жиноятларни тергов килиш булими терговчиси капитан Алиев М.А № 23/04-1869-сонли жиноят иши хужжатлари билан танишиб чикиб, куйидагиларни,-

А Н И К Л А Д И М :

2004 йил 05 ноябр куни тахминан соат 12-00 ларда, хайдовчи Кадыров Нуриддин Мухитдинович, онаси Кадырова Д.Б га тегишли булган, техник жихатдан соз булган НЕКСИЯ русмли, давлат белгиси 30Д1101 автомобилини ишонч когози оркали бошкариб, йуловчисиз ва юксиз, Юнусобод тумани худудида жойлашган Уста Ширин кучаси буйлаб, А.Дониш кучаси томонидан, гв.пол.Ходжаев кучаси томонига караб тахминан соатига 60 км тезликда харакатланиб бораётган булган, кучада ёмгир ёгиб, ер хул булган.

У 38-уй каршисига якинлашганда, олдинда, икки йулни ажратиб турувчи ок чизик ёнида автомобилларни утказиб юбориш учун тухтаб турган пиёда 72 ёшли Хайдарова Мамлакатни куриб колган. У бу пиёдага якинлашганида бу пиёда автомобил йуналиши буйича чап томондан унг томонга тез юриб, харакатланиб колган, хайдовчи Кадыров Н.М уни харакатланиб чикганини курган вактда тормоз берган, лекин тормозни босиш пайтида автомобилининг олди унг кисми билан пиедани уриб юбориб, унга тан жарохатлари етказган, шундан сунг хайдовчи Кадыров Н.М тухтаб, пиёда Хайдарова М.га ёрдам бериб, йуловчи автомобилда уни 17-шахар касалхонасига юборган.

Пиёда Хайдарова М олган тан жарохатларидан, хушига келмасдан, шу куни 17-шахар касалхонасида вафот этган.

Ушбу йул-транспорт ходисаси буйича хайдовчи Кадыров Н.М билан унинг курсатмаларини текшириш максадида вокеа жойига чикилиб тергов эксперименти утказилганда вокеа куни жабрланувчи Хайдарова М йулнинг иккига ажратувчи ок чизик ёнида тухтаб турган жойидан уни автомобил уриб юборган жойгача 2,4 метрни уртача 1,8 секундда харакатланиб утганлиги аникланган ва ушбу холат буйича суд-автотехник экспертиза тайинланган. Суд-автотехник экспертизасининг 1059/13-сонли хулосасига кура ушбу йул-транспорт ходисаси шароитида хайдовчи Кадыров Н.М пиёдани уриб юбормасдан автомобилини тухтатиб колишликга техник имконияти булмаганлигини ва у томонидан йул харакати коидалари бузилмаганлиги курсатилган.

Юкорида курсатилганларга ва УзР ЖПКнинг 83-моддаси 2-бандига асосан

К А Р О Р    К И Л Д И М :

1. Ушбу жиноят иши буйича 22.05.1984 йилда тугилган Кадыров Нуриддин Мухитдиновичнинг харакатларида жиноят таркиби булмаганлиги учун унга нисбатан ушбу жиноят иши тугатилсин.
2. Ушбу карорни мазмуни манфаатдор шахсларга хабар килинсин.
3. Ушбу карор нусхаси Тошкент шахар прокуратурасига юборилсин.

Терговчи     М.А.Алиев.

« КУШИЛАМАН»
булим бошлиги подполковник     З.С.Холмухамедов.



TRANSPERFECT
TRANSLATIONS

ATLANTA
BOSTON
BRUSSELS
CHICAGO
DALLAS
DENVER
FRANKFURT
GENEVA
HONG KONG
HOUSTON
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MUNICH
NEW YORK
PARIS
PHILADELPHIA
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Leah Hershberger, hereby certify that the following is, to the best of my knowledge and belief, a true and accurate translation of the attached Uzbek and Russian documents into English.

_____
Signature

Sworn to before me this
15th of July, 2005.

_____
Signature, Notary Public

PAUL D. RALSTON
Notary Public, State of New York
No. 01RA6023867
Qualified in Queens County
Commission Expires May 3, 2007

_____
Stamp, Notary Public

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016   T 212.689.5555   F 212.689.1059   WWW.TRANSPERFECT.COM