COURT OF CHANCERY
OF THE
STATE OF DELAWARE

STEPHEN P. LAMB
VICE CHANCELLOR

New Castle County Court House
500 N. King Street, Suite 11400
Wilmington, Delaware 19801

Submitted:  October 19, 2005
Decided:  October 27, 2005

David L. Finger, Esquire
Finger & Slanina, LLC
1201 Orange Street, Suite 725
Wilmington, DE 19801

William M. Lafferty, Esquire
Natalie J. Haskins, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19899

Charles M. Oberly, III, Esquire
Karen V. Sullivan, Esquire
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
Wilmington, DE 19801

Collins J. Seitz, Jr., Esquire
Kevin F. Brady, Esquire
Connolly, Bove, Lodge & Hutz
1007 N. Orange Street
Wilmington, DE 19899

Richard I. G. Jones, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899

RE:  *Davis International, LLC, et al. v. New Start Group Corp., et al.*
     *C.A. No. 1297-N*

Dear Counsel:

Before the court is the defendants' motion to stay these proceedings pending

the resolution of a prior filed case in the U.S. District Court for the District of

Delaware.  For the reasons set forth herein, the defendants' motion to stay is

Date Filed 10·27·05
Time Filed 3:49 PM
Filing ID 7290329

*Davis Int'l, et al. v. New Start Group, et al.*
*C.A. No. 1297-N*
October 27, 2005
Page 2

granted pending the development of the litigation between the parties in the

District Court.

## I.

In December 2000, the plaintiffs brought an action in the U.S. District Court

for the Southern District of New York against some of the defendants in this case

alleging violations of the Racketeer Influenced and Corrupt Organizations Act

(RICO), 18 U.S.C.S. § 1961, intentional interference with contract, and conversion

arising from allegedly illegal takeovers of aluminum and vanadium production

facilities located in Western Siberia and the Northern Ural Mountains.[1]  On March

27, 2003, Judge John G. Koeltl dismissed the case on *forum non conveniens*

grounds, holding that "Russia is clearly the more convenient forum."[2]  This

judgment was affirmed on appeal.[3]

On November 4, 2004, the plaintiffs filed a new action in this court to take

advantage of what they perceived to be a more lenient *forum non conveniens*

standard applied by Delaware state courts.  The plaintiffs brought federal RICO

and common law claims of conversion and added defendants Evraz Holdings,

---

[1] *Base Metal Trading v. Russian Aluminum,* 253 F. Supp. 2d 681, 683 (S.D.N.Y. 2003). Two of
the defendants in this action were initially named as defendants in the prior New York action.
[2] *Id.* at 713.
[3] *Base Metal Trading Ltd. v. Russian Aluminum*, 98 Fed. Appx. 47 (2d Cir. 2004).

*Davis Int'l, et al. v. New Start Group, et al.*
*C.A. No. 1297-N*
October 27, 2005
Page 3

Ural-Gorno Metallurgical Company, and Mikhail Nekrich, alleging that the

defendants stole their controlling interest in the vanadium ore plant through a

criminal scheme.  On November 30, 2004, the defendants removed the case to the

federal court, pursuant to 18 U.S.C. 1441(b), based on federal question jurisdiction

resulting from the plaintiffs' RICO claims.  The defendants moved in the District

Court to dismiss the complaint on grounds, *inter alia*, of *forum non conveniens* and

direct estoppel based on Judge Koeltl's decision and its affirmance.  The

defendants also moved for an injunction barring the plaintiffs from further

litigating this matter in any court in the United States.  These motions are currently

pending before the Honorable Gregory M. Sleet.

The plaintiffs responded to these developments by amending their federal

court complaint to exclude the non-federal law claims and by refiling the state law

claims in this court on April 26, 2005, adding new claims for aiding and abetting,

conversion, and civil conspiracy.[4]  On July 5, 2005, the defendants moved to stay

this action pending the outcome of their motions in the District Court.  After

briefing, this court heard oral arguments on October 19, 2005.

_____

[4] In June 2005, the plaintiffs also brought suit on similar allegations in Luxembourg against
Evraz Group, a corporation related to Evraz Holdings.

*Davis Int'l, et al. v. New Start Group, et al.*
*C.A. No. 1297-N*
October 27, 2005
Page 4

# II.

In addressing a motion to stay a later-filed action pending the outcome of a first-filed foreign action, *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.* and its progeny provide the appropriate analysis.[5] The plaintiffs, nevertheless, cite to *Marks v. Stinson*[6] and *Gwynedd Properties, Inc. v. Lower Gwynedd Township*[7] in their briefs and at oral argument as controlling precedent on this matter. Those cases are concerned with whether a federal court, pursuant to the *Younger* abstention doctrine, should abstain from litigating the case because of an ongoing state court proceeding and, thus, not relevant to the motion at hand.[8]

---

[5] 263 A.2d 281 (Del. 1970); Donald J. Wolfe, Jr. and Michael A. Pittenger, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY, §5-1 at 5-2 (2005) (explaining that where a prior-filed action is pending in another jurisdiction, *McWane* and its progeny mandate the liberal exercise of discretion in favor of a stay).
[6] 19 F.3d 873 (3d. Cir. 1994).
[7] 970 F.2d 1195 (3d. Cir. 1992).
[8] The *Younger* abstention doctrine reflects a strong federal policy against federal court interference with pending state judicial proceedings. A federal court should abstain under *Younger* when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims. *Younger v. Harris*, 401 U.S. 37 (1971). In *Gwynedd Properties,* the plaintiff landowner brought suit against the defendant township under 42 U.S.C.S. § 1983 alleging that the defendants, acting under color of state law, conspired to deprive it of its constitutional property rights. The district court dismissed the suit, relying on the *Younger* abstention doctrine, due to the existence of an ongoing state proceeding. The Court of Appeals for the Third Circuit reversed on grounds that the *Younger* abstention doctrine did not bar the appellant from litigating its claims in both state and federal courts because the claims advanced in the federal court were different than those advanced in the state court and the federal action would not interfere with the ongoing state proceeding. In *Marks v. Stinson*, the plaintiffs, election officials and candidates, brought suit under the Voting Rights Act and the

*Davis Int'l, et al. v. New Start Group, et al.*
*C.A. No. 1297-N*
October 27, 2005
Page 5

> *McWane* sets forth the following guidelines:
>
> A stay may be warranted . . . by facts and circumstances sufficient to move the discretion of the Court; that such discretion should be exercised freely in favor of the stay when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties and the same issues; that, as a general rule, litigation should be confined to the forum in which it was first commenced.[9]

In effect, where a party alleges that there is a pending foreign action, the discretion to grant a stay should be freely exercised when (1) there is a first-filed prior pending action, (2) that involves similar parties and issues, and (3) the other court is capable of doing prompt and complete justice.[10] "These concepts are impelled by considerations of comity and the necessities of an orderly and efficient administration of justice."[11] Moreover, if a foreign action is pending, principles of

---

Civil Rights Act challenging an election on the theory that the defendants conspired to cause illegally obtained absentee ballots to be cast. The Third Circuit affirmed the lower court's decision to refuse to abstain from proceeding due to ongoing state court litigation on grounds that the plaintiff did not seek relief in the federal court that would interfere with the state judicial process.
[9] 263 A.2d at 283.
[10] *Id.*; *See generally Kurtin v. KRE*, LLC, 2005 Del. Ch. LEXIS 70 at *15-17 (Del. Ch. May 16, 2005) for a recent and thorough discussion of the *McWane* analysis.
[11] *Supra* note 9; *Issen & Settler v. GCS Enterprise, Inc.,* 1981 Del. Ch. LEXIS 615 at *5 (Del. Ch. Dec. 7, 1981) (holding that, in exercising its discretion to stay an action, the court is guided by policy considerations which promote the efficient administration of justice).

*Davis Int'l, et al. v. New Start Group, et al.*
*C.A. No. 1297-N*
October 27, 2005
Page 6

fairness, judicial economy, and the possibility of inconsistent results favor the

granting of a stay.[12]

First, there is no doubt that the action pending in the District Court is the

first-filed action. The plaintiffs initially filed that action in this court; however, by

choosing to include federal claims in their complaint, they voluntarily subjected

themselves to the possibility of removal under 18 U.S.C. § 1441(b).[13] Instead of

moving in the District Court to remand the state claims back to this court, the

plaintiffs unilaterally determined to split their claims through the device of

amending their federal court complaint to eliminate their state law claims, and

refiling those non-removable claims in this court. The plaintiffs' procedural

maneuvers, premised on their desire to obtain a different *forum non conveniens*

standard, do not change the fact that the litigation pending in the District Court is

the first-filed action.

---

[12] *Harbor Finance Partners v. Sunshine Mining & Refining Co.,* 1996 Del. Ch. LEXIS 10 at *5
(Del Ch. Feb. 16, 1996) (granting the defendants' motion to stay the Court of Chancery action
pending resolution of the claims in the District Court, and holding that Delaware courts should
avoid duplicative efforts to conserve limited judicial resources).
[13] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (U.S. 1987) (explaining that the plaintiff is the
master of the claim and may choose to avoid federal jurisdiction by exclusive reliance on state
law).

*Davis Int'l, et al. v. New Start Group, et al.*
*C.A. No. 1297-N*
October 27, 2005
Page 7

Second, it is obvious that the two complaints involve the "same parties and

the same issues."[14] "Consistent with the *McWane* doctrine generally, the 'same

parties, same issues' analysis focuses on substance over form. The parties and

issues need not be identical."[15] Instead, there must be a showing of "substantial or

functional identity" between the parties in the cases and the issues must arise out of

a "common nucleus of operative fact."[16] Here, the parties and issues involved in

the first-filed complaint are substantially similar to those involved in this action.[17]

---

[14] *McWane*, 263 A.2d at 283.

[15] *Kurtin*, 2005 Del. Ch. LEXIS 70 at *15.

[16] *Id.*; Donald J. Wolfe, Jr. and Michael A. Pittenger, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY, § 5-1 at 5-17 (2005) ("Although the complete identity of parties and issues can greatly simplify the analysis, complete identity is rare, and an absolute identity of parties and issues is not a necessary prerequisite to a stay of a later-filed action in favor of a prior pending action. Delaware courts have often granted stays even though the parties and issues involved in the various pending actions were not identical."); *Cornerstone Tech., LLC v. Conrad*, 2003 Del. Ch. LEXIS 34, at * 46-49 (Mar. 31, 2003); *In re Westell Techs., Inc. Deriv. Litig.*, 2001 Del. Ch. LEXIS 161, at *5-6 (June 29, 2001) ("Our cases have consistently held that in determining whether parties, issues, or claims are similar for the purpose of the *McWane* analysis, substantial or functional identity is sufficient."); *USX Corp. v. U.S. Denio Steels, Inc.*, 2000 Del. Ch. LEXIS 122, at *5-6 (June 29, 2001) (staying the Delaware action in favor of a Texas action involving the same, but not all, identical issues); *Harbor Finance Partners*, 1996 Del. Ch. LEXIS 10, at *6 ("Delaware law does not require both actions to have identical parties and issues in order to grant a stay."); *Zimmerman v. Home Shopping Network*, 1989 Del. Ch. LEXIS 101 (Sept. 11, 1989) (according deference to the first-filed Florida action, notwithstanding the lack of complete identity among the parties and issues in the two cases).

[17] The only difference between the parties to this action and the parties to the action pending in the District Court is that Pan-American is not a defendant in this action.

*Davis Int'l, et al. v. New Start Group, et al.*
*C.A. No. 1297-N*
October 27, 2005
Page 8

Furthermore, it is apparent that the common law claims arising under state law and the RICO violation claims under federal law arise from the same disputed transaction and thus derive from a common nucleus of operative fact.[18] In both cases, the plaintiffs allege that they were wrongfully deprived of their controlling interest in Kachkanarsky GOK, a vanadium plant, through a complex criminal scheme orchestrated by the defendants.

Third, the District Court is able to render "prompt and complete justice" of the dispute between the parties.[19] Accordingly, based on the foregoing *McWane* analysis, this litigation will be stayed pending resolution by the District Court.

Finally, the court notes that the plaintiffs are engaging in piecemeal litigation and are trying to subvert the removal statute by improperly splitting their

---

[18] *In re Westell Technologies*, 2001 Del. Ch. LEXIS 161 at *7 (rejecting the plaintiffs' argument that the issues are not the same because the Delaware plaintiffs are asserting common law breach of fiduciary duty claims, while the federal plaintiffs are asserting claims under the federal securities laws, since they arise out of the same transactional facts); *Visual Edge Sys., Inc. v. Takefman*, 2000 Del. Ch. LEXIS 24 at *5-6 (Jan. 31, 2000) (noting that the *McWane* analysis "applies equally to actions involving issues, which, while similar, are not identical to the pending action, provided that the actions arise out of the same set of operative fact."); *Jeffreys v. Exten*, 1988 Del. Ch. LEXIS 96, at *8 (July 15, 1988) (staying the present action in the Court of Chancery until resolution of the RICO claims brought in the first-filed suit in the District Court).
[19] *Johnston v. Caremark Rx, Inc.*, 2000 Del. Ch. LEXIS 46 at *12 (Mar. 28, 2000) (granting a motion to stay the Delaware action and holding that other courts are capable of applying Delaware law).

*Davis Int'l, et al. v. New Start Group, et al.*
*C.A. No. 1297-N*
October 27, 2005
Page 9

claims.[20]  It would be a wasteful duplication of time, effort, and expense if the

court, at this time, allowed parallel adjudications to proceed simultaneously.[21]

Indeed, if the District Court grants the defendants' pending motion to enjoin the

plaintiffs from further litigating this matter, this court could not proceed.  In

addition, if the federal court denies the defendants' motion to dismiss and reaches

the merits of the plaintiffs' claims, *res judicata* may apply to bar this action.[22]

## III.

For the reasons set forth above, the defendants' motion to stay is

GRANTED.  IT IS SO ORDERED.

/s/ Stephen P. Lamb
Vice Chancellor

---

[20] *Maldonado v. Flynn*, 417 A.2d 378 (Del. Ch. 1980) (finding that the plaintiff impermissibly split his claim and dismissing the subsequently filed state law claims because the plaintiff failed to show that he could not have presented the entire controversy to the district court for its determination).

[21] *McWane*, 263 A.2d at 283.

[22] *Maldonado*, 417 A.2d at 383 ("It is clear that if a plaintiff can present his state claims in a prior federal action by use of pendent jurisdiction and he chooses not to present them in the federal court, the doctrine of *res judicata* will bar his later assertion of the same claims in a state forum."); *Issen & Settler*, 1981 Del. Ch. LEXIS 615 at *7 ("Plaintiffs are compelled to assert their state claims in the U.S. District Court or risk the possibility of having them barred by the doctrine of *res judicata*.").