**FINGER & SLANINA, LLC**
ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

February 25, 2006

**Via E-Filing and Hand Delivery**
The Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 King Street, Lock Box 19
Wilmington, DE 19801

Re: **Davis International LLC, *et al.* v. New Start Group Corp., *et al.*
C.A. Nos. 04-1482 & 04-1483 (GMS)**

Dear Judge Sleet:

I am writing to bring to the Court's attention a Third Circuit case decided on February 7, 2006 which implicates how this Court may proceed in the above-referenced action. In light of this decision, it is Plaintiff's preference that matters in this Court be stayed so that the Delaware Court of Chancery action can proceed, as explained below.

In *Malaysia International Shipping Corp. v. Sinochem Int'l Co. Ltd.*, 2006 WL 278876 (3d Cir. Feb. 7, 2006) (attached hereto), the Third Circuit held that a district court may not rule on a motion to dismiss for *forum non conveniens* prior to deciding issues of jurisdiction. The Court made clear that district courts must first rule on jurisdictional issues, *i.e.*, subject matter and personal jurisdiction, before ruling on merits issues, such as affirmative defenses, and even non-merits procedural issues like *forum non conveniens*.

Instantly, Your Honor decided to rule on Defendants' Motion to Dismiss Pursuant to the Doctrine of Direct Estoppel and To Enjoin Plaintiffs From Refiling this Action prior to ruling on the issue of subject matter jurisdiction raised in Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6). Your Honor also decided to defer ruling on personal jurisdiction until after deciding Defendants' Motion to Dismiss for Forum non Conveniens and Motion to Dismiss on Comity. In light of *Malaysia*, Plaintiffs respectfully suggest that Your Honor may not proceed in this fashion. Rather, Plaintiffs believe that Your Honor must rule first on jurisdictional issues before deciding any other issue.[1] *Malaysia* precludes a district court from ruling on a merits based defense, such as the affirmative defense of collateral estoppel, or a non-merits ground such as *forum non conveniens*, or granting affirmative relief, such as an injunction, before deciding jurisdiction.

---
[1] Presumably, Defendants could moot the need to rule on personal jurisdiction by consenting to this Court's jurisdiction. However, they have not done such.

The Hon. Gregory M. Sleet
February 25, 2006
2

      As Your Honor may know, Plaintiffs' intent was to litigate this dispute in the Court of Chancery, where this matter was originally filed. There is no issue of subject matter jurisdiction in the Court of Chancery and Delaware's *forum non conveniens* doctrine is very different than the federal standard. Plaintiffs therefore filed an amended complaint removing the non-federal claims from this action and re-filed them in the Delaware Court of Chancery. At Defendants' request, the Court of Chancery action was stayed, pending resolution of this action.

      In light of *Malaysia*, Plaintiffs envision substantial delays in now briefing the issues of subject matter jurisdiction and personal jurisdiction and burdening Your Honor to decide difficult issues in a court which Plaintiffs did not choose. Plaintiffs respectfully suggest that the best course is to stay the instant action and place it in administrative suspense so that the Court of Chancery action may proceed.[2] While there is no guaranty that this action will not become active in the future, in the real world, resolution of the Court of Chancery action will very likely dispose of this action, either practically or legally.

      Given our view that *Malaysia* should be brought to Your Honor's immediate attention, we have not yet conferred with Defendants. If the parties are not in agreement as how to proceed, we will inform Your Honor and request a conference to resolve any differences.

      As always, counsel for plaintiffs are available at the convenience of the Court to answer any questions Your Honor may have.

                                     Respectfully,

                                      David L. Finger
                                      (DE Bar ID #2556)

cc:    Clerk of the Court (via e-filing)
        Kevin F. Brady, Esq. (via e-filing)
        Richard I.G. Jones, Esq. (via e-filing)
        William M. Lafferty, Esq. (via e-filing)
        Charles M. Oberly, III, Esq. (via e-filing)

---

[2] We assume that if this action is stayed, the Court of Chancery will lift its stay and proceed accordingly.