# OBERLY, JENNINGS & RHODUNDA, P.A.

**800 Delaware Avenue - Suite 901**
**P. O. Box 2054**
**Wilmington, Delaware 19899**

| | |
|---|---:|
| **Charles M. Oberly, III** | **(302) 576-2000** |
| **Kathleen M. Jennings** | Fax **(302) 576-2004** |
| **William J. Rhodunda, Jr.** | E.I.No. 51-0364261 |
| ------------ | |
| **Karen V. Sullivan** | |

Writer's e-mail **coberly@ojlaw.com**

March 15, 2006

<u>**Via E-Filing**</u>
The Honorable Gregory M. Sleet
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    **Davis International LLC, et al., v. New Start Group Corp., et al.,**
              **Case Nos. 04-1482 & 04-1483**

Dear Judge Sleet:

      On behalf of all defense counsel, I write in response to Plaintiffs' request in their February 25, 2006 letter that this action be stayed based on the Third Circuit's recent decision in *Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co. Ltd.*, No. 04-1815, 2006 WL 278876 (3d Cir., Feb. 7, 2006). In that decision, the Third Circuit held that a *forum non conveniens* motion cannot be decided before jurisdiction has been established. The motion currently before this Court, however, does not seek dismissal based on *forum non conveniens*, but instead seeks dismissal based on direct estoppel, as well as an injunction. Accordingly, as discussed in more detail below, a stay of this action is not warranted by *Malaysia Int'l Shipping*, and there is no reason why this Court cannot decide the motion that is *sub judice*.

      Plaintiffs commenced this action in November 2004, after nearly identical allegations that they asserted against nearly identical Defendants were dismissed in the Southern District of New York on the basis of *forum non conveniens*, a dismissal which was affirmed by the Court of Appeals for the Second Circuit. *Base Metal Trading SA v. Russian Aluminum*, 253 F. Supp. 2d 681 (S.D.N.Y. 2003), *aff'd sub nom.*, *Base Metal Trading Ltd. v. Russian Aluminum*, 98 Fed. Appx. 47, 2004 WL 928165 (2d Cir. 2004). On March 31, 2005, Defendants moved to dismiss this action on a number of grounds (including *forum non conveniens*) and to enjoin Plaintiffs from re-filing this same action against these same Defendants in yet another jurisdiction. At the April 13, 2005 teleconference, Your Honor focused on one dispositive issue – whether the doctrine of "direct estoppel" required dismissal based on the prior Southern District of New York and Second Circuit Court of Appeals decisions. Your Honor ordered the parties to complete the

{00024375}

The Honorable Gregory M. Sleet
March 15, 2006
Page 2

briefing on that issue and, most importantly in our present circumstances, deferred indefinitely consideration of Defendants' motion to dismiss based on *forum non conveniens*.

Plaintiffs' reliance on *Malaysia Int'l Shipping* to support their stay request is misplaced. In that decision, the Third Circuit interpreted the Supreme Court's ruling in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), to require that district courts addressing a *forum non conveniens* motion "must have jurisdiction before they can rule on which forum, otherwise available, is more convenient to decide the merits." *Id.*, 2006 WL 278876 at *12. This is because, as the Supreme Court has recognized, "the very nature and definition of *forum non conveniens* presumes that the court deciding this issue has valid jurisdiction (both subject matter and personal jurisdiction);" the *forum non conveniens* doctrine "furnishes criteria for choice" between two or more fora. *Id.*, 2006 WL 278876 at *10 (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-07 (1947)).

Unlike the situation in *Malaysia*, the motion that is currently *sub judice* does not ask this Court to determine where, as between two or more fora, this case is most conveniently heard. Instead, the pending motion demonstrates that this Court should not be burdened with hearing this action at all because virtually identical allegations made by these Plaintiffs against virtually identical Defendants have already been dismissed by another federal court. As the Third Circuit held in *Pastewka v. Texaco, Inc.*, 565 F.2d 851, 854 (3d Cir. 1977), "[o]nce a judicial system has afforded the opportunity for full and final litigation of issues between parties, . . . permitting relitigation of the same issues in another court is intolerable." *See also Montana v. United States*, 440 U.S. 147, 153-54 (1979) (collateral estoppel precludes parties "from contesting matters that they have had a full and fair opportunity to litigate, protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions").

Indeed, where, as here, "the decision on the merits is . . . foreordained" based on another decision, the Supreme Court's ruling in *Steel Co.* specifically permits courts to reach the merits and dismiss before addressing jurisdictional issues. *Steel Co.*, 523 U.S. at 98, 99. The Supreme Court's plurality opinion observed that the merits were properly reached before addressing jurisdiction in *Norton v. Mathews*, 427 U.S. 524 (1976). Since "the merits question was decided *in a companion case*, . . . the consequence [was] that the jurisdictional question could have no effect on the outcome." *Steel Co.*, 523 U.S. at 98. Likewise, the *Steel Co.* plurality opinion found that jurisdiction was properly bypassed in *Secretary of the Navy v. Avrech*, 418 U.S. 676 (1974), where an intervening Supreme Court decision "definitively answered the merits question." *Steel Co.*, 523 U.S. at 99. A similar result was reached by the Court in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), which held that dismissing a case on personal jurisdiction grounds before addressing subject matter jurisdiction was proper: "[i]t is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." *Ruhrgas AG*, 526 U.S. at 585.

The Honorable Gregory M. Sleet
March 15, 2006
Page 3

The *Base Metal Trading* decision foreordains dismissal here. Accordingly, this Court may properly reach the direct estoppel issue prior to determining jurisdictional issues. *Penobscot Nation v. Georgia-Pacific Corp.*, 254 F.3d 317, 324 (1st Cir. 2001) (*Steel Co.* does not bar court from bypassing subject matter jurisdiction issue where relief was foreclosed due to collateral estoppel), *cert. denied*, 534 U.S. 1127 (2002); *Perry v. Beecher*, 127 Fed. Appx. 1 (1st Cir. 2005) (same); *Carolina Cas. Ins. Co. v. Pinnacol Assurance*, 425 F.3d 921, 926 (10th Cir. 2005) (*Steel Co.* finds that jurisdictional issue "need not be addressed if the court determines that the plaintiff loses on the merits anyway"); *Center for Reproductive Law and Policy v. Bush*, 304 F.3d 183, 193-95 (2d Cir. 2002) (where controlling prior decision disposed of merits issue, court need not address jurisdictional issue under *Steel Co.*). *See also City Capital Resources, Inc. v. White*, 29 F. Supp. 2d 334 (S.D. W. Va. 1998) (after one court found that diversity was lacking because both plaintiff and defendant were citizens of the same state, second federal court, without independently deciding whether jurisdiction existed, applied direct estoppel to dismiss case).

It is therefore clear that *Malayasia Int'l Shipping* does not apply to our case; that the case law fully supports the current case management plan to determine under the direct estoppel doctrine whether to dismiss this action at this juncture; and that Your Honor has ample jurisdiction to prohibit Plaintiffs from pursuing any further vexatious litigation.

Plaintiffs' most recent request for a stay appears to be an attempt to secure indirectly what Vice Chancellor Lamb of the Chancery Court has denied them directly. Your Honor will recall that on the April 13, 2005 teleconference, you denied Plaintiffs' request to commence discovery, opting instead to hear the direct estoppel and injunction issues. Before responding to that brief, and to escape this Court's jurisdiction at least in part, Plaintiffs "split" their claims: on April 26, 2005, they filed an amended complaint here that eliminated their common law claims and, at the same time, filed a new action in Chancery Court asserting relief for those same common law claims and two additional claims based on the same allegations against the same Defendants. On October 27, 2005, Vice Chancellor Lamb stayed the Chancery Court action in deference to this action, ruling that this action is a first-filed prior pending action involving similar parties and issues in a forum capable of doing prompt and complete justice. *See Davis Int'l, LLC v. New Start Group Corp. et al.*, No. Civ.A. 1297-N, 2005 WL 2899683 (Del. Ch. Oct. 27, 2005) (applying the first-filed rule as articulated in *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co*, 263 A.2d 281, 283 (Del. 1970.).

Having lost their previous bid to avoid this Court's jurisdiction and move forward in Chancery Court, Plaintiffs now seek the same result through another avenue: they ask Your Honor to stay this action. A stay is inappropriate here. This action was filed nearly six months prior to the Chancery Court action, and substantial briefs have already been filed here. The Chancery Court appropriately deferred to this action, and Plaintiffs have presented no reason why that decision should be disregarded.

{00024375}

The Honorable Gregory M. Sleet
March 15, 2006
Page 4

    Finally, even if this Court determines that it must decide whether it has jurisdiction before reaching the current motion, it can decide subject matter jurisdiction without the delay suggested by Plaintiffs. One of the opening briefs Defendants' filed on March 31, 2005 included their arguments to dismiss for lack of subject matter jurisdiction. No discovery would be needed to complete that motion.[1]

    For the foregoing reasons, this Court should not stay this action, but rather should proceed on its current course and decide the motion that is currently *sub judice*.

**Respectfully submitted,**

**/s/ Charles M. Oberly, III**

**CHARLES M. OBERLY, III (No. 743)**

CMO,III/dq
cc:    Dr. Peter T. Dalleo, Clerk
       Kevin F. Brady, Esquire
       David Finger, Esquire
       Richard I.G. Jones, Jr., Esquire
       William M. Lafferty, Esquire
       Collin J. Seitz, Jr., Esquire

---

[1] There would be no need to reach the issue of personal jurisdiction now, particularly because a ruling on Defendants' already-filed opening brief on subject matter jurisdiction may obviate personal jurisdiction issues. No Defendant has currently moved to dismiss based on lack of personal jurisdiction because, pursuant to the agreement reached by the parties and so-ordered by this Court on November 21, 2004, in exchange for Defendants' waiver of arguments regarding Plaintiffs' insufficiencies of service, Defendants could defer any motion to dismiss for lack of personal jurisdiction until after this Court rules on the dismissal motions filed on March 31, 2005. Indeed, given this So-Ordered Agreement, it is disingenuous for Plaintiffs to suggest that personal jurisdiction issues be addressed now. Moreover, because at least some of the Defendants are plainly subject to personal jurisdiction in Delaware, the action cannot be entirely dismissed on this basis.

{00024375}