# FINGER & SLANINA, LLC
## ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

March 22, 2006

**Via E-Filing**
The Honorable Gregory M. Sleet
United States District Court for the District of Delaware
844 King Street, Lock Box 19
Wilmington, DE 19801

   Re: **Davis International LLC, et al. v. New Start Group Corp., et al.**
     Case Nos. 04-1482 & 04-1483 (GMS)

Dear Judge Sleet:

   I am writing in brief response to Mr. Oberly's suggestion that Your Honor may decide issues *sub judice* without determining subject matter jurisdiction.

   First, as *Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co. Ltd.*, 436 F.3d 349 (3d Cir. 2006) holds, a district court may not decide either merits or non-merits procedural issues, including *forum non conveniens*, before deciding subject matter and personal jurisdiction. If district courts cannot decide *forum non conveniens* without determining jurisdiction, they are equally precluded from deciding affirmative defenses, such as collateral estoppel. *See Pacific Intermountain Express Co. v. Hawaii Plasitcs Corp.*, 528 F.2d 911 (3d Cir. 1976) (remanding the case to determine jurisdiction because "[i]t is clear to us that a district court is not permitted to dispose of a case against a party on non-jurisdictional grounds until it first determines that it has jurisdiction over such party"); *Stambaugh v. Stambaugh*, 428 F.Supp. 1161, 1162 n.2 (E.D. Pa. 1977) (noting that defense of collateral estoppel cannot be determined in the absence of personal jurisdiction, citing *Pacific Intermountain Express Co.*).

   Second, although Mr. Oberly references that defendants have sought injunctive relief, he makes no argument that Your Honor may grant such relief without first determining subject matter jurisdiction because, obviously, a district court cannot grant affirmative relief without subject matter jurisdiction. *Natural Resources Defense Council, Inc. v. Texaco Refining and Marketing, Inc.*, 2 F.3d 493, 507 (3d Cir. 1993) ("a district court may not grant any relief, monetary or injunctive, with respect to parameters over which it lacks Article III or subject matter jurisdiction").

   Third, the suggestion that *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83 (1998) "specifically permits courts to reach the merits and dismiss before addressing jurisdictional issues" (Mr. Oberly's language) grossly misstates the case. To the contrary, *Steel Co.* could not have been clearer that jurisdiction must first be established before any other consideration:

The Hon. Gregory M. Sleet
March 22, 2006
2

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause … [T]he first and fundamental question is that of jurisdiction … This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it … The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.

*Id.* at 94 (quotations and citations omitted).

The Court definitively stated that hypothetical jurisdiction, of the type proposed by defense counsel, "produces nothing more than a hypothetical judgment…which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning." *Id.* at 101 (citations omitted).

Fourth, the suggestion that *Steel Co.* interpreted *Norton v. Mathews*, 427 U.S. 524 (1976), and *Secretary of the Navy v. Avrech*, 418 U.S. 676 (1974), to permit a merits adjudication before determining jurisdiction also grossly misstates the case. To the contrary, *Steel Co.* distinguished these highly unusual cases in reaffirming the position that jurisdiction must first be established, noting that "[b]oth [cases] are readily explained, we think, by their extraordinary procedural postures." *Id.* at 98. In regard to *Norton*, the Court stated that "this peculiar case, involving a merits issue dispositively resolved in a companion case, was not meant to overrule, *sub silentio*, two centuries of jurisprudence affirming the necessity of determining jurisdiction before proceeding to the merits." *Steel Co.*, 523 U.S. at 98. In regard to *Avrech*, the Court held its "peculiar circumstances … hardly permit it to be cited for the precedent shattering general proposition that an 'easy' merits question may be decided *on the assumption* of jurisdiction." *Steel Co.*, 523 U.S. at 99.

Fifth, in regard to *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), the Court's opinion was limited to holding that personal jurisdiction could be determined before subject matter jurisdiction. *Malaysia* expressly rejected the suggestion that *Ruhrgas* means "that a district court's dismissal on non-merits grounds of any type does not violate the prohibition against hypothetical jurisdiction." *Malaysia*, 436 F.3d at 365. As *Malaysia* noted, selectively quoting *Ruhrgas*, as Mr. Oberley does, "obscures the fact that the Supreme Court restricted its statement to 'non-merits grounds such as … personal jurisdiction.' *Ruhrgas*, 526 U.S. at 584 (omission in original)." *Malaysia*, 436 F.3d at 365.

However Defendants attempt to cut it, Plaintiffs initially filed their claims in the Court of Chancery, which undisputably has subject matter jurisdiction. Defendants removed not because they want to litigate in this Court as a more appropriate forum, but for the sole purpose of

The Hon. Gregory M. Sleet
March 22, 2006
3

having this case dismissed for *forum non conveniens*, when at the same time, they challenge the jurisdiction of the very court to which the matter was removed. Since 2001, all Plaintiffs have sought is for a merits hearing in a court which defendants cannot corrupt and in a country where their principals and witnesses may testify without being threatened or killed.

      For the reasons previously stated, the natural approach for Your Honor would be to stay this action in deference of the action pending in the Court of Chancery, where this dispute was first filed. However, if Your Honor wishes to proceed instantly, Plaintiffs' position is that *Malaysia*, *Steel Co.*, and "two centuries of jurisprudence" require Your Honor first to determine subject matter jurisdiction.

                                    Respectfully,

                                    David L. Finger
                                 (DE Bar ID #2556)

cc:    Clerk of the Court (via e-filing)
        Kevin F. Brady, Esq. (via e-filing)
        Richard I.G. Jones, Esq. (via e-filing)
        William M. Lafferty, Esq. (via e-filing)
        Charles M. Oberly, III, Esq. (via e-filing)