**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------x
```
DAVIS INTERNATIONAL, LLC, HOLDEX,      :
LLC, FOSTON MANAGEMENT, LTD, and       :
OMNI TRUSTHOUSE, LTD,                   :
                                        :
                    Plaintiffs,         :
                                        :            Case No. 04-1482-GMS
        v.                              :
                                        :
NEW START GROUP CORP., VENITOM          :
CORP., PAN-AMERICAN CORP., MDM          :
BANK, URAL-GORNO METALLURGICAL          :
COMPANY, EVRAZ HOLDING, MIKHAIL         :
CHERNOI, OLEG DERIPASKA, ARNOLD         :
KISLIN, MIKHAIL NEKRICH, and            :
ISKANDER MAKMUDOV,                      :
                                        :
                    Defendants.         :
```
-------------------------------------------------------------x
```

**OPENING BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION FOR A PERMANENT INJUNCTION**

Attorneys for Defendant Arnold Kislin:

Charles M. Oberly, III (DSBA No. 743)      Lisa C. Cohen
Karen V. Sullivan (DSBA No. 3872)          Schindler Cohen & Hochman LLP
Oberly, Jennings & Rhodunda, P.A.          100 Wall Street
1220 Market Street, Suite 710              15th Floor
P.O. Box 2054                              New York, NY  10005
Wilmington, DE 19899                       (212) 277-6300
(302) 576-2000

                                           Lawrence S. Goldman
                                           Elizabeth M. Johnson
                                           Law Offices of Lawrence S. Goldman
                                           500 Fifth Avenue, 29th Floor
                                           New York NY 10110-2900
                                           (212) 997-7499

Dated: August 13, 2007

Attorneys for Defendants New Start Group
Corp. and Venitom Group:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000

Richard J. Schaeffer
Peter J. Venaglia
Laura S. Coen
Dornbush, Schaeffer, Strongin & Venaglia, LLP
747 Third Avenue, 11th Floor
New York, NY 10017
(212) 759-3300

Attorneys for Defendant Oleg Deripaska:

Collins J. Seitz, Jr.(DSBA No. 2237)
Kevin F. Brady (DSBA No. 2248)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Rodney F. Page
Michael G. Biggers
Bryan Cave LLP
700 13th Street, N.W.
Washington, D.C. 20005-3960
(202) 508-6002

Attorneys for Defendant Evraz Holding:

William M. Lafferty (DSBA No. 2755)
Morris, Nichols, Arsht & Tunnell
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 575-7341

David H. Herrington
Vitali Rosenfeld
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York New York 10006
(212) 225-2266

Attorneys for Defendant MDM Bank:

Richard I.G. Jones, Jr. (DSBA No. 3301)
Andrew D. Cordo (DSBA No. 4534)
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

Joel B. Kleinman
Steven J. Roman
David H. Greenberg
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street NW
Washington, DC 20037-1526
(202) 785-9700

Attorneys for Ural-Gorno Metallurgical
Company:

Charles M. Oberly, III (DSBA No. 743)          William H. Devaney
Karen V. Sullivan (DSBA No. 3872)               Venable LLP
Oberly, Jennings & Rhodunda, P.A.               405 Lexington Avenue, Floor 62
1220 Market Street, Suite 710                   New York, NY 10174
P.O. Box 2054                                   (212) 307-5500
Wilmington, DE 19899
(302) 576-2000

Attorneys for Iskander Makmudov:

Charles M. Oberly, III (DSBA No. 743)          William H. Devaney
Karen V. Sullivan (DSBA No. 3872)               Venable LLP
Oberly, Jennings & Rhodunda, P.A.               405 Lexington Avenue, Floor 62
1220 Market Street, Suite 710                   New York, NY 10174
P.O. Box 2054                                   (212) 307-5500
Wilmington, DE 19899
(302) 576-2000

Attorneys for Mikhail Chernoi:

Charles M. Oberly, III (DSBA No. 743)          Brian Maas
Karen V. Sullivan (DSBA No. 3872)               Cameron Myler
Oberly, Jennings & Rhodunda, P.A.               Frankfurt Kurnit Klein & Selz PC
1220 Market Street, Suite 710                   488 Madison Avenue, 9th Floor
P.O. Box 2054                                   New York, NY 10022
Wilmington, DE 19899                            (212) 980-0120
(302) 576-2000

Attorneys for Mikhail Nekrich:

Charles M. Oberly, III (DSBA No. 743)          Paul R. Grand
Karen V. Sullivan (DSBA No. 3872)               Edward M. Spiro
Oberly, Jennings & Rhodunda, P.A.               Morvillo, Abramowitz, Grand, Iason, Anello
1220 Market Street, Suite 710                   & Bohrer, P.C.
P.O. Box 2054                                   565 Fifth Avenue
Wilmington, DE 19899                            New York, NY 10017
(302) 576-2000                                  (212) 856-9600

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………………………………...ii

PRELIMINARY STATEMENT………………………………………………………………………1

NATURE AND STAGE OF THE PROCEEDINGS………………………………………………..2

STATEMENT OF FACTS………………………………………………………………………..3

Plaintiffs' Forum Shopping………………………………………………………………………3

Plaintiffs Proclaim Their Intent to Forum Shop…………………………………………………4

Plaintiffs Commence This Action...………………………………………………………………4

Plaintiffs' Attempt to Subvert the Removal Statute………………………………………………5

Plaintiffs' Unsuccessful Luxembourg Litigation…………………………………………………5

This Court's March 29, 2006 Decision……………………………………………………………5

Plaintiffs' Unsuccessful Effort to Lift the Chancery Court Stay…………………………………6

The Third Circuit Affirms the Dismissal and Remands the Injunction Issue……………………6

ARGUMENT………………………………………………………………………………...7

     I.     Defendants are Entitled to a Nationwide Injunction Barring Plaintiffs From
          Pursuing Claims Based on the Same Operative Facts Alleged Here..…………......7

     II.    The Chancery Action Should Also Be Enjoined………………………………...10

          A. An Injunction Here is Expressly Authorized by the Removal Statute……….11

          B. An Injunction is Also Permissible Under the "In Aid of Jurisdiction"
             Exception……………………………………………………………………14

CONCLUSION………………………………………………………………………………..15

## <u>TABLE OF AUTHORITIES</u>

<u>Case</u>                                                                                                    <u>Page</u>

*Albright v. R. J. Reynolds Tobacco Co.,* 463 F. Supp. 1220 (W.D. Pa. 1979)……………….…...8

*American Ins. Co. v. Lester,* 214 F.2d 578 (4th Cir. 1954)……………………………………....14

*Baker v. Gotz,* 415 F. Supp. 1243 (D. Del. 1976), *aff'd without opinion*, 546 F.2d 415
      (3d Cir. 1976)……………………………………………………………………...…8

*Barancik v. Investors Funding Corp. of New York,* 489 F.2d 933 (7th Cir. 1973)………………11

*Base Metal Trading SA v. Russian Aluminum,* 253 F. Supp. 2d 681 (S.D.N.Y. 2003)………...3, 7

*Base Metal Trading Ltd. v. Russian Aluminum,* 98 Fed. Appx. 47, 2004 WL 928165
      (2d Cir. 2004)……………………………………………………………………...3, 4, 7, 8

*Bowen v. Tennessee,* No. 06-2587-KDB/DKV, 2007 WL 1725640
      (W.D. Tenn. June 13, 2007)………………………………………………………….9

*Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140 (1988)………………………………………12

*Daniel Boone Area School Dist. v. Lehman Bros., Inc.,* 187 F. Supp. 2d 414, 418
      (W.D. Pa. 2002)……………………………………………………………………13

*Davis Int'l, LLC v. Evraz Group, S.A.,* Case No. 449/2005 (Luxembourg District
      Court July 1, 2005)………………………………………………………………..5

*Davis Int'l, LLC v. New Start Group, Ltd.,* No. Civ.A. 1297-N, 2005 WL 2899683
      (Del. Ch. Oct. 27, 2005)……………………………………………………...5, 6

*Davis Int'l, LLC v. New Start Group Corp.,* No. Civ.A. 04-1482, 2006 WL 839364
      (D. Del. March 29, 2006) ("*Delaware District Court Davis Int'l*")..………………6, 8, 13

*Davis Int'l, LLC v. New Start Group Corp.,* 488 F.3d 597 (3d Cir. 2007)
      ("*3d Cir. Davis Int'l*")………......................................................................1, 7, 12, 13, 14

*Dombrowski v. Pfister,* 380 U.S. 479 (1965)……………………..……………………………8

*Fischman v. Fischman,* 470 F. Supp. 980 (E.D. Pa. 1979)…………………………………..13, 15

*Frith v. Blazon-Flexible Flyer, Inc.,* 512 F.2d 899 (5th Cir. 1975)…………………………12, 13

*Gambocz v. Yelencsics,* 468 F.2d 837 (3d Cir. 1972)………………………………………..8

*Hyde Park Parnters, L.P. v. Connolly,* 839 F.2d 837 (1st Cir. 1988)……………………......8, 10

*In re Diet Drugs,* 282 F.2d 220 (2d Cir. 2002)……………………………………………………14

*In re Packer Ave. Assoc.,* 884 F.2d 745 (3d Cir. 1989)…………………………………...........9

*Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.,* 77 F.3d 1063
    (8th Cir. 1996)..……………………………..……………………………………………12

*Lowe v. Jacobs,* 243 F.2d 432 (5th Cir. 1957)……………………………………………...14

*Mitchum v. Foster,* 407 U.S. 225 (1972)……………………………………………11, 12

*Myers v. Hertz Penske Truck Leasing, Inc.,* 572 F. Supp. 500 (N.D. Ga. 1983)………………...13

*Nat'l City Lines, Inc. v. LLC Corp.,* 687 F.2d 1122 (8th Cir. 1982)…………………………10, 11

*Newby v. Enron Corp.,* 338 F.3d 467 (5th Cir. 2003)…………………………………...........14

*Quackenbush v. Allstate Ins. Co.,* 121 F.3d 1372 (9th Cir. 1997)…………………………………12

*Rojas v. DeMent,* 137 F.R.D. 30 (S.D. Fla. 1991)……………………………………………...9

*Safir v. U.S. Lines, Inc.,* 792 F.2d 19 (2d Cir. 1986)……………………..……………………9

*Schmude v. Sheahan,* 312 F. Supp. 2d 1047 (N.D. Ill. 2004)………………………………………13

*Thomas v. Connecticut Gen. Life Ins.,* No. Civ.A. 02-MC-136, 2006 WL 22953189,
    (D. Del. Dec. 12, 2003)...…………………………………………………………………9

*United States Steel Corp. Plan for Employee Ins. Benefits v. Musisko,*
    885 F.2d 1170, 1176 (3d Cir. 1989)………………………………………………………...11

*Vendo Co. v. Lektro-Vend Corp.,* 433 U.S. 623 (1977)……………………….....................8, 12

*Villar v. Crowley Maritime Corp.,* 990 F.2d 1489 (5th Cir. 1993)………………………………10

## Statutes & Rules

28 U.S.C. § 1441(c)……………………………………………………………………....11

28 U.S.C. § 1446(d)……………………………………………………………………...11

28 U.S.C. § 1651………………………………………………………………………7, 8, 14

28 U.S.C. § 2283…………………………………………………………………7, 10, 11, 12

Fed. R. Civ. P. 12(b)(6)…………………………………………………………………...2

**<u>Other Authorities</u>**

17 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*: *Civil* § 4224,
        at 520-21 (2d ed. 1988)…………………………………………………………….13

Bruce S. Marks, *RICO v. Racketeers: Still Alive and Well,* Johnson's Russia List
        (April 19, 2004), available at http://www.cdi.org/russia/johnson/8173-5.cfm…………...4

## PRELIMINARY STATEMENT

Plaintiffs have traveled the world litigating and re-litigating virtually the same claims against these same Defendants and related parties in numerous courts. Plaintiffs' litigation tour has stopped in more than a dozen courts in Russia, Luxembourg, the United States District Court for the Southern District of New York, the Second Circuit Court of Appeals, Delaware's Court of Chancery, this Court, and the Third Circuit Court of Appeals. Each time Plaintiffs are unhappy with a judicial ruling, they seek relief in a different court.

Plaintiffs' serial litigation shows no sign of abating. When they were dissatisfied with a ruling from this Court, they pulled two counts from their complaint here and commenced a new identical action in the Court of Chancery, returning to the state court from which this action had previously been removed. And, as Plaintiffs boldly told this Court, upon dismissal of this action, they will file yet another lawsuit:

> MR. MARKS: What's the point of [dismissal], Your Honor? **We file in state court again.**

(Declaration of Lisa C. Cohen, dated August 2, 2007 ("Cohen Dec."), Ex. A, 27:10-27:15, emphasis added.)

The Third Circuit's May 23, 2007 decision affirmed this Court's dismissal of Plaintiffs' complaint, but it returned the case to this Court to determine on the merits whether an injunction barring Plaintiffs from further litigation was warranted. *Davis Int'l, LLC v. New Start Group Corp.*, 488 F.3d 597 (3d Cir. 2007) (hereinafter "*3d Cir. Davis Int'l*"). As the Third Circuit observed, courts have "unanimously held that a plaintiff's fraudulent attempt to subvert the removal statute . . . may warrant the granting of an anti-suit injunction." *3d Cir. Davis Int'l*, 488 F.3d 597, 605 (citations omitted).

It is time to end Plaintiffs' serial litigation. This Court should enjoin Plaintiffs from litigating these same claims against the same Defendants in any federal or state court.

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs' complaint was filed in the Delaware Court of Chancery on November 4, 2004, and Defendants removed the action to this Court on November 30, 2004. (D.I. 1). Plaintiffs did not seek a remand. The Court held a telephone conference with the parties on December 21, 2004 and set a briefing schedule for Defendants' motion to dismiss. On March 8, 2005, Plaintiffs served discovery demands and Rule 26 disclosures. On March 31, 2005, Defendants filed opening briefs supporting their motion for injunctive relief and for dismissal on numerous grounds, including direct estoppel, lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), *forum non conveniens*, and comity. (D.I. 47-63). In a telephone conference held with the parties on April 13, 2005, the Court denied Plaintiffs' bid for discovery and determined to first decide Defendants' motion to dismiss based on direct estoppel and for injunctive relief. (D.I. 74).

Thirteen days later, on April 26, 2005, Plaintiffs amended their complaint to eliminate the claims that were not based on RICO, and simultaneously filed a new complaint in the Court of Chancery asserting the very same non-federal law claims against the same Defendants based on the same factual allegations. (D.I. 76, 77).

On March 29, 2006, this Court granted Defendants' motion to dismiss on grounds of direct estoppel. However, the Court declined to issue an injunction due to concerns whether it had jurisdiction to enjoin Plaintiffs. (D.I. 103). Both parties appealed. (D.I. 104, 106). In an Opinion dated May 23, 2007, the United States Court of Appeals for the Third Circuit: (i) affirmed this Court's dismissal of Plaintiffs' claims on the basis of direct estoppel and (ii) found

that jurisdiction existed in order to grant an injunction.  The Court of Appeals remanded the action to this Court to consider whether an injunction is warranted.

## STATEMENT OF FACTS

### Plaintiffs' Forum Shopping

Every issue that Plaintiffs raise in their amended complaint was the subject of extensive litigation in Russia, often in proceedings in which one or more of the Plaintiffs were parties. Dozens of Russian decisions have rejected Plaintiffs' claims here and many other related claims.[1] Having failed to obtain relief in Russia, Plaintiffs began circumnavigating the globe to shop their claims to courts outside of Russia.

On December 19, 2000, an action was commenced in the United States District Court for the Southern District of New York and, in an amended pleading, Plaintiffs asserted claims against most of these Defendants.  Plaintiffs' claims were dismissed based on *forum non conveniens*, and that dismissal was unanimously affirmed by the Court of Appeals for the Second Circuit.  *Base Metal Trading SA v. Russian Aluminum*, 253 F. Supp. 2d 681, 713 (S.D.N.Y. 2003) (hereinafter "*S.D.N.Y. Base Metal Trading*"), *aff'd sub nom.*, *Base Metal Trading Ltd. v. Russian Aluminum*, 98 Fed. Appx. 47, 2004 WL 928165 (2d Cir. 2004) (hereinafter "*2d Cir. Base Metal Trading*").  Both courts held that Plaintiffs had engaged in forum shopping and that there was "no bona fide reason for the plaintiffs to have sued" in the United States.  *S.D.N.Y. Base Metal Trading*, 253 F. Supp. 2d at 696; *see also 2d Cir. Base Metal Trading*, 98 Fed. Appx. 49-50, 2004 WL 928165, at *2.

---

[1]    One or more of these Plaintiffs have been party to at least 30 decisions in Russian courts involving the very allegations that Plaintiffs re-assert here.  *See* Cohen Dec. ¶ 6.  In addition, numerous Russian courts have rejected the allegations re-asserted here by Plaintiffs concerning the propriety of the GOK bankruptcy and actions by the trustee during bankruptcy, corporate governance issues, GOK's issuance of additional shares in 2003, the change in GOK's registrar, and whether Plaintiffs properly held their GOK shares.  Cohen Dec. ¶¶ 6-11.

**Plaintiffs Proclaim Their Intent to Forum Shop**

Shortly after the Second Circuit's affirmance, Plaintiffs' lead counsel announced to the press that Plaintiffs would continue to forum shop by seeking relief for the same claims elsewhere:

> Unlike the Southern District of New York, where . . . Base Metals [was] filed, ***many American courts, such as Colorado, Delaware, and New Jersey,*** employ a much more restrictive forum non doctrine.  To be sure, ***our firm will be filing new cases*** again[st] American and Russian interests who have engaged in racketeering in the U.S. in appropriate forums shortly.

Bruce S. Marks, *RICO v. Racketeers: Still Alive and Well,* Johnson's Russia List (April 19, 2004), *available at* http://www.cdi.org/russia/johnson/8173-5.cfm (emphasis added).

**Plaintiffs Commence This Action**

Plaintiffs commenced this action on November 4, 2004, by filing a complaint in the Court of Chancery.  Defendants removed the action to this Court and moved for injunctive relief and to dismiss on numerous grounds.  One such ground was direct estoppel because Plaintiffs' complaint in this action is identical in all material respects to part of their amended complaint in the *Base Metal Trading* action.

On April 13, 2005, this Court held a telephone conference to discuss Defendants objections to Plaintiffs' extensive discovery demands.  In that conference, Plaintiffs reiterated their threat to file yet another lawsuit if the Court dismissed this action.  (Cohen Dec., Ex. A, 27:10-27:15).

The Court denied Plaintiffs' request for discovery.  It decided to consider first Defendants' motion to dismiss based on direct estoppel and for injunctive relief, and to hold in abeyance the briefing on Defendants' other grounds for dismissal.  The Court also stayed discovery.

**Plaintiffs' Attempt to Subvert the Removal Statute**

Following the April 13 telephone conference, Plaintiffs again went forum shopping by attempting to subvert the removal statute: on April 26, 2005, Plaintiffs amended their complaint in this action to eliminate the claims other than those based on RICO and, on the same day, filed a new complaint in the Court of Chancery asserting the same non-removable non-federal law claims against the same Defendants. Not only are the claims identical; the factual allegations in the new Court of Chancery action are identical to the factual allegations in the original complaint in this action. (Cohen Dec. ¶¶ 3-4 & Exs. B & C).

The Court of Chancery stayed Plaintiffs' newest action pending the development of the litigation before this Court. It observed that Plaintiffs "are engaging in piecemeal litigation and are trying to subvert the removal statute by improperly splitting their claims." *Davis Int'l, LLC v. New Start Group, Ltd.*, No. Civ.A. 1297-N, 2005 WL 2899683, at *3 (Del. Ch. Oct. 27, 2005).

**Plaintiffs' Unsuccessful Luxembourg Litigation**

In June 2005, Plaintiffs filed yet another nearly identical lawsuit, this time in Luxembourg, seeking relief against a party related to one of the Defendants, Evraz Holding. The Luxembourg court dismissed that action, ruling that Plaintiffs' claims belong in Russia. *Davis Int'l, LLC v. Evraz Group, S.A.*, Case No. 499/2005 (Luxembourg District Court July 1, 2005) (Schmitt, J.) (attached hereto).

**This Court's March 29, 2006 Decision**

On March 29, 2006, this Court dismissed Plaintiffs' claims based on the doctrine of direct estoppel but denied Defendants' injunction motion, on the ground that it lacked authority to enjoin Plaintiffs because it had not yet reached questions of jurisdiction. This Court noted that its denial was made:

> with some regret because it is convinced, as is the Chancery Court,
> that the plaintiffs are attempting to subvert the removal statute by
> splitting their claims.  The court is also convinced that, absent an
> injunction, the plaintiffs will continue to file this action and take up
> the time and resources of another court.

*Davis Int'l LLC v. New Start Group Corp.*, No. Civ.A. 04-1482, 2006 WL 839364, at *14 n.16

(D. Del. March 29, 2006) (hereinafter "*Delaware District Court Davis Int'l*") (citations omitted).

Plaintiffs appealed the dismissal of the complaint, and Defendants cross-appealed the

denial of the injunction.

## Plaintiffs' Unsuccessful Effort to Lift the Chancery Court Stay

While this case was on appeal, Plaintiffs sought to lift the stay in the Court of Chancery

action, thereby seeking to simultaneously proceed with the same allegations against the same

Defendants in two different courts.

On August 22, 2006, the Court of Chancery denied Plaintiffs' request to lift the stay,

observing again Plaintiffs' "transparently evident efforts to split [their] claims."  *Davis Int'l, LLC*

*v. New Start Group Corp.*, C.A. No. 1297-N, 2006 WL 2519534, at *2 (Del. Ch. Aug. 22, 2006).

## The Third Circuit Affirms the Dismissal and Remands the Injunction Issue

On May 23, 2007, the United States Court of Appeals for the Third Circuit issued an

opinion that: (i) affirmed this Court's dismissal of Plaintiffs' complaint on the basis of direct

estoppel and (ii) found that jurisdiction existed to grant an injunction.  The Third Circuit

observed:

> The District Court, like the Chancery Court, was "convinced . . .
> that the plaintiffs are attempting to subvert the removal statute by
> splitting their claims."  Courts considering the question have
> unanimously held that a plaintiff's fraudulent attempt to subvert
> the removal statute implicates the "expressly authorized" exception
> to the Anti-Injunction Act and may warrant the granting of an anti-
> suit injunction.

*3d Cir. Davis Int'l*, 488 F.3d at 605 (citations omitted).  The Court of Appeals remanded the action to this Court to consider whether an injunction is warranted.

## ARGUMENT

Plaintiffs have made clear that they will continue to waste judicial resources and to harass Defendants by filing new actions in the United States based on the same allegations, notwithstanding the numerous consistent judicial determinations that this dispute belongs in Russia.  An injunction prohibiting Plaintiffs from proceeding with additional litigation anywhere in the United States is warranted to preserve this Court's judgment, to put an end to the Plaintiffs' abuse of the judiciary, and to prevent further vexatious litigation against Defendants (Point I, *infra*).

Plaintiffs' attempts to subvert the removal statute provide a further independent reason why this Court should enjoin Plaintiffs from proceeding with the Court of Chancery action.  As discussed below (Point II, *infra*), the Anti-Injunction Act, 28 U.S.C. § 2283, does not bar an injunction against the current Court of Chancery action because of Plaintiffs' blatant attempt to subvert this Court's removal jurisdiction and because, when the original action was removed, this Court was vested with exclusive jurisdiction over all the claims in the original complaint, including the claims that Plaintiffs now attempt to pursue in the Chancery Court.

I.      **Defendants Are Entitled to a Nationwide Injunction Barring Plaintiffs From Pursuing Claims Based on the Same Operative Facts Alleged Here**

Plaintiffs' forum shopping calls for a permanent nationwide injunction for three reasons: (1) to protect the judgments of dismissal in this case and in the *Base Metal Trading* action; (2) to protect the courts in this nation from Plaintiffs' continued conduct in wasting judicial assets; and (3) to protect Defendants from further vexatious litigation.  Such an injunction is permitted by the All Writs Act, 28 U.S.C. § 1651, which authorizes courts to "issue all writs necessary or

appropriate in aid of" their jurisdiction, including injunctions to protect and effectuate their judgments. *Baker v. Gotz*, 415 F. Supp. 1243, 1247 (D. Del. 1976), *aff'd without opinion*, 546 F.2d 415 (3d Cir. 1976).

The All Writs Act enables federal courts to enjoin parties from bringing future actions based on the same operative facts that were the subject of a prior decision. *See, e.g., Gambocz v. Yelencsics*, 468 F.2d 837, 842 (3d Cir. 1972) (upholding "permanent injunction restraining [plaintiff] from instituting proceedings . . . based upon the operative facts alleged in the complaint"). Moreover, the All Writs Act empowers a federal court to enjoin actions ***in both state and federal courts*** throughout the nation. *See, e.g.*, *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 635 n.6 (1977) (Rehnquist Ch. J.) (plurality) (federal courts permitted to enjoin future state actions); *Dombrowski v. Pfister*, 380 U.S. 479, 485 n.2 (1965) (Anti-Injunction Act "do[es] not preclude injunctions against the institution of state court proceedings"); *Hyde Park Partners, L.P. v. Connolly*, 839 F.2d 837, 842 n.6 (1st Cir. 1988) (Anti-injunction Act "does not, in any event, bar injunctive relief that would run against a state court...."); *Albright v. R. J. Reynolds Tobacco Co.*, 463 F. Supp. 1220, 1228-29 (W.D. Pa. 1979) (plaintiff may be "enjoined from instituting in the future any other action arising from the background of th[e] litigation, whether in state or federal court").

Four federal courts have now looked at this action and so there can be no doubt that, in the words of the Second Circuit: "this action has little or no connection to the United States, and thus little or no claim to the time and attention of an American jury or court." *2d Cir. Base Metal Trading,* 2004 WL 928165, at *3. And, as this Court has observed, "absent an injunction, the plaintiffs will continue to file this action and take up the time and resources of another court." *Delaware District Court Davis Int'l,* 2006 WL 839364, at *14 n.16.

This Court can and should end Plaintiffs' continued efforts to harass defendants by ignoring the binding judgments of U.S. courts. *See, e.g.*, *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (injunction necessary where Plaintiff "continued to assert many of th[e] same claims after their rejection"); *see also Thomas v. Connecticut Gen. Life Ins.*, No. Civ.A. 02-MC-136, 2003 WL 22953189, at *3 (D. Del. Dec. 12, 2003) (nationwide injunction imposed to protect federal courts "from conduct which impairs their ability to carry out Article III functions" (internal citation omitted)). Further, this Court can and should prevent these Plaintiffs from filing repetitive and duplicative claims against these Defendants. *See In re Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989) (district courts have power to enjoin duplicative and repetitive claims); *Bowen v. Tennessee*, No. 06-2587-JDB/DKV, 2007 WL 1725640, at *5 (W.D. Tenn. June 13, 2007) (enjoining further litigation where plaintiff was a "prolific frivolous file[r]"); *see also Rojas v. DeMent,* 137 F.R.D. 30, 33 (S.D. Fla. 1991) (Rule 11 sanctions imposed for re-filing claims in state court that had previously been removed and dismissed by federal courts on *forum non conveniens* grounds).

In determining the propriety of an anti-suit injunction, Courts consider a variety of factors including: (i) whether the plaintiff has a history of filing vexatious or duplicative lawsuits; (ii) the plaintiff's motive in pursuing the litigation; (iii) whether the plaintiff has imposed needless expense on the defendants or unnecessary burdens on the courts; and (iv) whether other sanctions would be adequate to protect the courts and other parties. *See, e.g.*, *Safir*, 792 F.2d at 24 (listing factors weighing in favor of an injunction). Each of these factors weighs heavily in favor of enjoining Plaintiffs.

First, Plaintiffs have threatened that they will continue their efforts to bypass the decisions of the courts in this Circuit and in the Second Circuit.  By filing multiple lawsuits based on the same operative facts, Plaintiffs have proven that they will make good on that threat.

Second, Plaintiffs' consistent string of litigation losses in courts in the United States and elsewhere demonstrates that they have no good faith expectation of future success, and thus their apparent motive in bringing these lawsuits is merely to harass the Defendants.

Indeed, the only possible outcome from Plaintiffs' abusive process is both an unnecessary burden on state and federal courts and needless expense to Defendants, thus offering a third reason for an injunction: enjoining Plaintiffs is the only means to protect the courts and the Defendants.  *See Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1499 (5th Cir. 1993) (injunction in federal and state courts appropriate where Plaintiffs "abuse[d] the court system and harass[ed] their opponents").  Because plaintiffs "seem determined to pursue this abusive litigation" until forcibly stopped by this Court, an injunction against future litigation is necessary.  *Id.*

Accordingly, this Court should enjoin Plaintiffs from engaging in future litigation based on the same operative facts alleged in this action.

## II.     The Chancery Action Should Also Be Enjoined

The law is equally clear that the Court of Chancery action should be enjoined. Federal courts may, consistent with the Anti-Injunction Act, enjoin state court litigation where an injunction is "expressly authorized by Act of Congress, or where [it is] necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.[2]  An injunction

---

[2]     Indeed, several Circuits have held that the Anti-Injunction Act does not apply at all and will not bar a federal court from enjoining a state court action where, as here, the state court action was commenced *after* the motion to enjoin was made.  *See Hyde Park Partners, L.P. v. Connolly*, 839 F.2d 837, 842 n.6 (1st Cir. 1988); *Nat'l*

prohibiting Plaintiffs from proceeding with their action in the Court of Chancery fits squarely

within at least the first two of the three exceptions to the Anti-Injunction Act because it is

authorized by an Act of Congress (*i.e.*, the removal statute) and because it is necessary in aid of

this Court's exclusive jurisdiction over all of the claims that were initially part of the removed

action.

### A.    An Injunction Here Is Expressly Authorized by the Removal Statute

An injunction here would fit within the "expressly authorized by Act of Congress"

exception to the Anti-Injunction Act because a federal court is empowered to prevent frustration

of the specific and unique federal right of removal.  *See* 28 U.S.C. §1446(d) (filing removal

notice in state court "shall effect the removal and the State court shall proceed no further unless

and until the case is remanded").[3]  In *Mitchum v. Foster,* 407 U.S. 225, 234 (1972), the Supreme

Court recognized that "legislation providing for the removal of litigation from state to federal

courts" provided such express authorization.  *See also United States Steel Corp. Plan for

Employee Ins. Benefits v. Musisko,* 885 F.2d 1170, 1176 n.3 (3d Cir. 1989) (recognizing the

removal statute as an exception to the Anti-Injunction Act).[4]  The Supreme Court recognized that

a statute "need not expressly authorize an injunction of a state court proceeding in order to

qualify as an exception" and that the touchstone for the "expressly authorized" exception was the

existence of "a specific and uniquely federal right or remedy, enforceable in a federal court of

---

*City Lines, Inc. v. LLC Corp.,* 687 F.2d 1122, 1127 (8th Cir. 1982); *Barancik v. Investors Funding Corp. of New York*, 489 F.2d 933, 938 (7th Cir. 1973).

[3]    Indeed, the Court of Chancery noted the likelihood that this Court would enjoin further state proceedings in light of Plaintiffs' subversion of the removal statute.  (*See* Cohen Dec., Ex. D, 26:11-29:9).

[4]    Further, Congress gave district courts the power to dispose of non-federal claims that are joined with federal claims.  *See* 28 U.S.C. § 1441(c) (when a cause of action is "joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which the State law predominates").

equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding." *Mitchum,* 407 U.S. at 237.  *See also Vendo Co.*, 433 U.S. at 640 (removal statute, while not directly referring to the Anti-Injunction Act, nonetheless explicitly authorized injunctive relief against state court proceedings) (Rehnquist, Ch. J.) (plurality).

The Third Circuit has recognized that courts "have unanimously held that a plaintiff's fraudulent attempt to subvert the removal statute implicates the 'expressly authorized' exception to the Anti-Injunction Act and may warrant the granting of an anti-suit injunction."  *3d Cir. Davis Int'l,* 488 F.3d at 605.  For example, in *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.,* the Eighth Circuit affirmed the district court's decision to enjoin a second, subsequent state court action that plaintiffs had filed "to subvert the removal of the earlier case," because the plaintiffs, **exactly as Plaintiffs here**, had "merely tried to carve up what was one case into separate cases with separate claims."  77 F.3d 1063, 1070 (8th Cir. 1996) (internal citation omitted).[5]  Other circuits have ruled similarly and, thus, there is no dispute among the federal courts as to how to deal with Plaintiffs' fraudulent removal.  *See Quackenbush v. Allstate Ins. Co.,* 121 F.3d 1372, 1378 (9th Cir. 1997) ("[w]e agree with the Fifth Circuit that where a second state court suit is *fraudulently filed in an attempt to subvert the removal of a prior case*, a federal court may enter an injunction") (emphasis in the original); *Frith v. Blazon-Flexible Flyer, Inc.,* 512 F.2d 899, 901 (5th Cir. 1975) ("where a district court finds that a second suit filed in

---

[5]    Plaintiffs will likely continue to rely on *Chick Kam Choo v. Exxon Corp*., 486 U.S. 140 (1988), to suggest that the Anti-Injunction Act prevents an injunction here.  There, the Supreme Court found that the relitigation exception to the Anti-Injunction Act did not apply because there had been no prior judgment regarding the **state** court's jurisdiction over the claims at issue.  However, *Chick Kam Choo* concerned only the third exception to the Anti-Injunction Act – avoiding relitigation; the case did not involve evasion of the removal statute and how such conduct implicates the first two exceptions to the Anti-Injunction Act.  Unlike *Chick Kam Choo*, Defendants seek to enjoin Plaintiffs from proceeding in the Delaware Action not because of the prior *forum non conveniens* dismissal, but because Plaintiffs subverted removal by bringing a repetitive and harassing lawsuit. The case law unambiguously supports an injunction where, as here, plaintiffs re-file in state court the **same claims** that they dismissed from federal court with the **same Plaintiffs**, the **same counsel**, and the **same Defendants**.

state court is an attempt to subvert the purposes of the removal statute, it is justified and authorized . . . in enjoining the proceedings in the state court"); *Schmude v. Sheahan,* 312 F. Supp. 2d 1047, 1079 (N.D. Ill. 2004) ("Where later filed state court proceedings are an attempt to subvert federal removal jurisdiction, a federal court may enjoin state court proceedings in order to effectuate the federal court's jurisdiction"); 17 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Civil* § 4224, at 520-21 (2d ed. 1988).

The Third Circuit also has specifically and unequivocally authorized an injunction if this Court finds that Plaintiffs were "attempting to subvert the removal statute by splitting their claims." *3d Cir. Davis Int'l,* 488 F.3d at 605 (quoting *Delaware District Court Davis Int'l,* 2006 WL 839364, at *14 n. 16); *see also Daniel Boone Area School Dist. v. Lehman Bros., Inc.*, 187 F. Supp. 2d 414, 418 (W.D. Pa. 2002) (if a federal court could not enjoin a duplicative state action designed to subvert removal, a plaintiff – just as Plaintiffs have attempted here – could always "evad[e]" removal" and "subvert the proper jurisdiction of the federal court" by filing a second suit in state court that was crafted to be non-removable and dismissing his federal action).

This Court has already found that "plaintiffs are attempting to subvert the removal statute by splitting their claims" – a finding that the Court of Chancery agreed with on two separate occasions. *Delaware District Court Davis Int'l*, 2006 WL 839364, at *14 n. 16. It is clear that Plaintiffs commenced their action in the Court of Chancery as a sham designed only to evade this Court's jurisdiction. *Myers v. Hertz Penske Truck Leasing, Inc*., 572 F. Supp. 500, 502 (N.D. Ga. 1983) (enjoining second action as a "sham" because it improperly "sought exactly the same damages for exactly the same injuries as the first case and its filing could only be explained as an attempt to defeat removal"); *see also Fischman v. Fischman*, 470 F. Supp. 980, 984 (E.D. Pa. 1979) (a "plaintiff may not … attempt to avoid the effect of the removal statutes."). The Third

Circuit has expressly authorized this Court to issue an injunction in light of this subversion of the removal statute. This Court should impose a permanent injunction preventing Plaintiffs from proceeding with the Court of Chancery action.

### B.    An Injunction Is Also Permissible Under the "In Aid of Jurisdiction" Exception

This Court is also empowered to enjoin Plaintiffs from proceeding with their Court of Chancery action because such an injunction is "necessary . . . in aid of [the Court]'s jurisdiction." 28 U.S.C. § 1651; *see also 3d Cir. Davis Int'l*, 488 F.3d at 605-06. Because Defendants removed this action, this Court must act to ensure that it retains "exclusive governance" over this particular litigation. *In re Diet Drugs*, 282 F.3d 220, 234-35 (3d Cir. 2002) ("Federal courts may also issue . . . injunctions [against later-initiated state court proceedings] to protect exclusive federal jurisdiction of a case that has been removed from state court."). In fact, once removed, the Chancery Court lost jurisdiction over any aspect of this case – including the ancillary non-federal law claims. *Lowe v. Jacobs*, 243 F.2d 432, 433 (5th Cir. 1957) (state court "loses all jurisdiction after compliance with the removal statute, until there has been a remand" giving the federal court "authority to enjoin further proceedings in the state court").

Plaintiffs' bypassing this Court's exclusive jurisdiction over this action through their post-removal filing of the action in the Court of Chancery renders the Anti-Injunction Act inapplicable. *See In re Diet Drugs*, 282 F.3d at 234-35; *American Ins. Co. v. Lester*, 214 F.2d 578, 580 & 582 (4th Cir. 1954) (where parties attempted to "prevent removal to a federal court," Anti-Injunction Act did not bar injunction "since the exercise of the injunctive power is not only 'in aid' of the court's jurisdiction but is essential to its effective exercise"); *Newby v. Enron Corp.*, 338 F.3d 467, 474 (5th Cir. 2003) (affirming injunction of state court action because such injunction was "necessary in aid of the district court's jurisdiction"); *Fischman*, 470 F. Supp. at

984 ("following removal, exclusive jurisdiction of this action is vested in [the federal] court" and

any efforts to " reinstitut[e] [a] complaint in state court … are void and should be vacated.").

This Court should enjoin any further activity in the Court of Chancery action so as to enforce its

exclusive jurisdiction over all aspects of this case.

## <u>CONCLUSION</u>

For the foregoing reasons, the Defendants herein respectfully request that this Court

enjoin Plaintiffs from commencing or prosecuting in courts in the United States any and all

litigation arising out of the factual allegations in this action.

Dated: August 13, 2007

Attorneys for Defendant Arnold Kislin:

  /s/ Charles M. Oberly, III
Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000

Lisa C. Cohen
Schindler Cohen & Hochman LLP
100 Wall Street
15th Floor
New York, NY  10005
(212) 277-6300

Lawrence S. Goldman
Elizabeth M. Johnson
Law Offices of Lawrence S. Goldman
500 Fifth Avenue, 29th Floor
New York NY 10110-2900
(212) 997-7499

Attorneys for Defendants New Start Group
Corp. and Venitom Group:

  /s/ Charles M. Oberly, III
Charles M. Oberly, III (DSBA No. 743)          Richard J. Schaeffer
Karen V. Sullivan (DSBA No. 3872)              Peter J. Venaglia
Oberly, Jennings & Rhodunda, P.A.              Laura S. Coen
1220 Market Street, Suite 710                  Dornbush, Schaeffer, Strongin & Venaglia,
P.O. Box 2054                                   LLP
Wilmington, DE 19899                           747 Third Avenue, 11th Floor
(302) 576-2000                                 New York, NY 10017
                                               (212) 759-3300


Attorneys for Defendant Oleg Deripaska:

  /s/ Kevin F. Brady
Collins J. Seitz, Jr.(DSBA No. 2237)           Rodney F. Page
Kevin F. Brady (DSBA No. 2248)                 Michael G. Biggers
Connolly Bove Lodge & Hutz LLP                 Bryan Cave LLP
1007 North Orange Street                       700 13th Street, N.W.
P.O. Box 2207                                  Washington, D.C. 20005-3960
Wilmington, DE 19899                           (202) 508-6002
(302) 658-9141


Attorneys for Defendant Evraz Holding:

  /s/ William M. Lafferty
William M. Lafferty (DSBA No. 2755)            David H. Herrington
Morris, Nichols, Arsht & Tunnell LLP           Vitali Rosenfeld
Chase Manhattan Centre, 18th Floor             Cleary Gottlieb Steen & Hamilton LLP
1201 North Market Street                       One Liberty Plaza
P.O. Box 1347                                  New York New York 10006
Wilmington, DE 19899-1347                      (212) 225-2266
(302) 575-7341


Attorneys for Defendant MDM Bank:

  /s/ Richard I.G. Jones, Jr.
Richard I.G. Jones, Jr. (DSBA No. 3301)        Joel B. Kleinman
Andrew D. Cordo (DSBA No. 4534)                Steven J. Roman
Ashby & Geddes                                 David H. Greenberg
222 Delaware Avenue, 17th Floor                Dickstein Shapiro Morin & Oshinsky LLP
P.O. Box 1150                                  2101 L Street NW
Wilmington, Delaware 19899                     Washington, DC 20037-1526
(302) 654-1888                                 (202) 785-9700

Attorneys for Ural-Gorno Metallurgical
Company:

  /s/ Charles M. Oberly, III
Charles M. Oberly, III (DSBA No. 743)          William H. Devaney
Karen V. Sullivan (DSBA No. 3872)              Venable LLP
Oberly, Jennings & Rhodunda, P.A.              405 Lexington Avenue, Floor 62
1220 Market Street, Suite 710                  New York, NY 10174
P.O. Box 2054                                  (212) 307-5500
Wilmington, DE 19899
(302) 576-2000

Attorneys for Iskander Makmudov:

  /s/ Charles M. Oberly, III
Charles M. Oberly, III (DSBA No. 743)          William H. Devaney
Karen V. Sullivan (DSBA No. 3872)              Venable LLP
Oberly, Jennings & Rhodunda, P.A.              405 Lexington Avenue, Floor 62
1220 Market Street, Suite 710                  New York, NY 10174
P.O. Box 2054                                  (212) 307-5500
Wilmington, DE 19899
(302) 576-2000

Attorneys for Mikhail Chernoi:

  /s/ Charles M. Oberly
Charles M. Oberly, III (DSBA No. 743)          Brian Maas
Karen V. Sullivan (DSBA No. 3872)              Cameron Myler
Oberly, Jennings & Rhodunda, P.A.              Frankfurt Kurnit Klein & Selz PC
1220 Market Street, Suite 710                  488 Madison Avenue, 9th Floor
P.O. Box 2054                                  New York, NY 10022
Wilmington, DE 19899                           (212) 980-0120
(302) 576-2000

Attorneys for Mikhail Nekrich:

  /s/ Charles M. Oberly
Charles M. Oberly, III (DSBA No. 743)          Paul R. Grand
Karen V. Sullivan (DSBA No. 3872)              Edward M. Spiro
Oberly, Jennings & Rhodunda, P.A.              Morvillo, Abramowitz, Grand, Iason, Anello &
1220 Market Street, Suite 710                  Bohrer, P.C.
P.O. Box 2054                                  565 Fifth Avenue
Wilmington, DE 19899                           New York, NY  10017
(302) 576-2000                                 (212) 856-9600