# EXHIBIT D

1

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

DAVIS INTERNATIONAL, LLC, HOLDEX,          :
LLC, FOSTON MANAGEMENT, LTD., and OMNI     :
TRUSTHOUSE, LTD.,                          :
                                           :
                Plaintiffs,                :
                                           :
        v                                  : Civil Action
                                           : No. 1297-N
NEW START GROUP CORP., VENITOM CORP.,      :
PAN-AMERICAN CORP., MDM BANK,              :
URAL-GORNO METALLURGICAL COMPANY,          :
EVRAZ HOLDING, MIKHAIL CHERNOI, OLEG       :
DERIPASKA, ARNOLD KISLIN, MIKHAIL          :
NEKRICH, and ISKANDER MAKMUDOV,            :
                                           :
                Defendants.                :

- - -

Chancery Courtroom No. 12B
New Castle County Courthouse
500 North King Street
Wilmington, Delaware
Wednesday, August 16, 2006
2:10 p.m.

- - -

BEFORE:  HON. STEPHEN P. LAMB, Vice Chancellor.

- - -

ORAL ARGUMENT ON PLAINTIFFS' MOTION TO VACATE THE STAY

- - -

------------------------------------------------------------
CHANCERY COURT REPORTERS
New Castle County Courthouse
500 North King Street - Suite 11400
Wilmington, Delaware 19801-3759
(302) 255-0524

24

1  MR. MARKS: Your Honor, it's tough to
2  be in my position, because I end up having to respond
3  to one argument that they make in one court and then
4  they make the opposite argument in a different court.
5  THE COURT: Well, if that's true, then
6  it makes your job easy. So ...
7  MR. MARKS: They argued, Your Honor,
8  in the district court that there was no subject matter
9  jurisdiction. Then now that they're not Third Circuit
10 -- and I apparently like the way Judge Sleet looked at
11 this -- they took the exact opposite argument, that
12 there was subject matter jurisdiction.
13         The district court, they said the case
14 could -- should not go forward in the district court
15 because of forum non conveniens. The judge agreed
16 with that. We have not contested that determination.
17 Even if we win the appeal, there is no way that we
18 could see that the case would go forward in the
19 district court on the merits because that decision has
20 been made. They have taken the position that you
21 can't go forward in the district court because of
22 forum non. One would think they're not going to
23 change that position.
24         We're not challenging that position.

CHANCERY COURT REPORTERS

1   All we're challenging is that the district court or
2   the federal courts generally should permit us to
3   refile these claims in Delaware, because Delaware has
4   concurrent jurisdiction -- has concurrent
5   jurisdiction. And if the federal courts choose not to
6   hear it, that shouldn't preclude Delaware from doing
7   that. If we're right, then the matter will come
8   before Your Honor to allow us to amend. If we're
9   wrong, the RICO claims will not go forward in any --
10  will not go forward anywhere.
11              They have moved to dismiss for forum
12  non. And our view, by doing that, they have subjected
13  themselves to the personal jurisdiction of the federal
14  court, because they've seen -- because they've sought
15  relief. As a condition of that relief, we believe
16  that the federal court can require them to consent to
17  the -- to Delaware state court. Either we're right or
18  we're not, but it's not an issue that would require
19  discovery over personal jurisdiction in the federal
20  court.
21              As Your Honor initially questioned the
22  issue in regard to personal jurisdiction discovery, I
23  can't see how we would be doing that in the federal --
24  in -- in -- in -- in the federal court. It's already

1  decided it's not going to hear it for forum non. But
2  even if there was some type of issue over that, those
3  facts, those circumstances are going to be the same
4  that we would get before Your Honor. If they're
5  challenging the personal jurisdiction of your Court,
6  the same issues, the same facts are going to be the
7  subject of personal jurisdiction discovery here
8  than -- and whatever possible would be in the federal
9  court. There would be simply no possibility for
10 duplication on that -- on that issue.
11            THE COURT: Well, isn't one possible
12 outcome of the appeal in the Third Circuit --
13            MR. MARKS: Yeah.
14            THE COURT: -- that a Court Appeals
15 rule will agree with your opponents and enjoin this
16 action?
17            MR. MARKS: Your Honor, the -- first
18 of all, I don't believe so at all. And I can tell
19 you -- first of all, Your Honor --
20            THE COURT: Well, they -- they --
21 they've prosecuted on that point, haven't they?
22            MR. MARKS: First of all, Your Honor,
23 that's not one of the -- that's not one of the
24 standards under -- under McWane. The standard under

1   McWane is whether the other courts can give prompt
2   justice, the standard's whether there was going to be
3   duplication.  The Delaware courts have never said
4   they're going to be held hostage in terms of
5   exercising their jurisdiction because somebody chooses
6   to file a motion to try to stay the Delaware courts in
7   some other court.  The motion has been unsuccessful.
8               THE COURT:  It is a little
9   different -- to say it that way, Mr. Marks, I mean,
10  your entire -- your whole case was removed.
11              MR. MARKS:  That's right.
12              THE COURT:  And then you pulled this
13  procedural maneuver of dismissing --
14              MR. MARKS:  But --
15              THE COURT:  -- a good deal of your
16  complaint in district court and then refiling it.
17              MR. MARKS:  But, see --
18              THE COURT:  Now, one might think that
19  was an abuse of the removal statute.
20              MR. MARKS:  I would think not, Your
21  Honor.  And -- and I would say that for two reasons.
22  First of all, even though Your Honor said it was
23  irrelevant to your decision, the Third Circuit, in a
24  case in which I was a party and the counsel, the Marks

28

1  v Stinson case, the Third Circuit affirmatively said
2  if the same nucleus of facts allows you to bring
3  federal claims -- in my case it was a federal civil
4  rights case for the stealing of an election -- and
5  also allows you to bring state law claims, which in my
6  case was various violations of the Pennsylvania
7  election code, that you can bring the same case
8  simultaneously.
9         So the fact of the matter is, if we
10 had wanted to file a RICO case in federal court and if
11 we wanted to file the non-RICO case in Delaware Court
12 under the Third Circuit doctrine, we were permitted to
13 do it.
14         THE COURT:  Well, that -- that is a
15 doctrine that is alien to my understanding of how the
16 law works.
17         MR. MARKS:  Your Honor --
18         THE COURT:  That is called splitting
19 the causes of action.
20         MR. MARKS:  The -- the Third
21 Circuit --
22         THE COURT:  Maybe you have some
23 personal experience with a case in which some panel on
24 the Third Circuit said that, but --

CHANCERY COURT REPORTERS

```
 1                MR. MARKS:  It's --
 2                THE COURT:  -- that is not the way the
 3   world works.
 4                MR. MARKS:  Your Honor --
 5                THE COURT:  You cannot choose to bring
 6   your claims in federal court and your state claims in
 7   state court when they all arise out of the same common
 8   nucleus of facts.  It just doesn't happen in the
 9   world.
10                MR. MARKS:  Your Honor, I'm happy to
11   hand up Marks v Stinson.  I can point to --
12                THE COURT:  I'm sure you carry it
13   around.
14                MR. MARKS:  Well, I don't.  It's
15   because, Your Honor, I usually don't come up having
16   people remove a case to a court that they don't want
17   to be in.
18                But the other issue, Your Honor,
19   even -- if I'm unsuccessful in the federal court,
20   the -- and I can hand up to Your Honor the Chick Kam
21   Choo case, okay.  The federal courts will only have
22   jurisdiction, okay, to -- to -- to preclude us from
23   bringing a case with -- with the federal claims in --
24   in the federal court.  If we have state law claims,
```