IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVIS INTERNATIONAL, LLC, HOLDEX, LLC,:
FOSTON MANAGEMENT, LTD, and :
OMNI TRUSTHOUSE, LTD, :
:
Plaintiffs, :
:
v. : No. 04-1482-GMS
:
NEW START GROUP CORP., VENITOM CORP.,:
PAN-AMERICAN CORP., MDM BANK, :
URAL-GORNO METALURAGICAL COMPANY,:
EVRAZ HOLDING, MIKHAIL CHERNOI, :
OLEG DERIPASKA, ARNOLD KISLIN, :
MIKHAIL NEKRICH, and ISKANDER :
MAKMUDOV, :
:
Defendants. :

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION FOR A PERMANENT INJUNCTION**

Bruce S. Marks
MARKS & SOKOLOV, LLC
1835 Market Street, 6th Floor
Philadelphia, Pennsylvania 19103

David L. Finger (DE Bar ID #2556)
FINGER & SLANINA, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

Attorneys for Plaintiffs

Dated: September 17, 2007

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS AND RELEVANT FACTS............. 2

ARGUMENT........................................................................ 6

I.   DEFENDANTS ARE NOT ENTITLED TO A NATIONWIDE INJUNCTION BARRING PLAINTIFFS FROM PURSUING CLAIMS BASED ON THE SAME OPERATIVE FACTS AS HERE........................................................................ 6

     A.   A NATIONWIDE INJUNCTION IS NOT NECESSARY IN AID OF THIS COURT'S JURISDICTION.......................................................... 6

     B.   A NATIONWIDE INJUNCTION IS NOT NECESSARY TO PRESERVE THIS COURT'S JUDGMENT......................................................... 8

     C.   THE ADJUDICATION OF PLAINTIFFS' CLAIMS WILL NOT RESULT IN WASTE OF JUDICIAL RESOURCES................................................. 10

     D.   DEFENDANTS' CASES ARE INAPPOSITE. .......................... 10

II.  THE ANTI-ACT INJUNCTION ACT PROTECTS THE CHANCERY COURT ACTION ................................................................. 12

     A.   THE ANTI-INJUNCTION ACT APPLIES EVEN THOUGH THE SECOND CHANCERY COURT CASE WAS FILED AFTER DEFENDANTS' MOTION ................................................................. 13

     B.   NO EXCEPTION TO THE ANTI-INJUNCTION ACT OR PROVISION OF THE ALL WRITS ACT APPLIES......................................................... 14

          1.   The "Fraudulent Attempt to Subvert Removal" Exception Under the "Necessary In Aid of Jurisdiction" Provision of the All Writs and Anti-Injunction Acts Does Not Apply. ............................... 15

               a.   Plaintiffs Did Not Subvert The Removal Statute Because They Are Permitted To Simultaneously Litigate Claims Arising From the Same Operative Facts in Federal and State Court. .................. 15

               b.   The Cases Cited By Defendants Are Inapposite. ............. 17

2.      The "Necessary In Aid of Its Jurisdiction" Exception Does Not Otherwise Apply Under the Anti-Injunction Act or All Writs Act. . . . . . . . . . . . . . . 19

III.    DEFENDANTS CANNOT MEET THE STANDARDS FOR AN INJUNCTION. . . . . 19

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

## Cases

*Albright v. R. J. Reynolds Tobacco Co.*, 463 F. Supp. 1220 (W. D. Pa. 1979). . . . . . . . . . . . . . 11

*Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14, 16, 18

*Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379 (1953). . . . . . . . . . . . . . . . . . . . . . . . . 6

*Barancik v. Investors Funding Corp. of N.Y.*, 489 F.2d 933 (7th Cir. 1973). . . . . . . . . . . . . . . . 13

*Baris v. Sulpico Lines, Inc.*, 74 F.3d 567 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Base Metal Trading, SA. v. Russian Aluminum*, 253 F.Supp.2d 681 (S.D.N.Y. 2003), *aff'd* 98 Fed.Appx.47 (2d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bowen v. Tennessee*, 2007 U.S. Dist. LEXIS 42990 (W. D. Tenn. 2007). . . . . . . . . . . . . . . . . . 11

*Carlough v. Amchem Products, Inc.*, 10 F.3d 189 (3d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . 14

*Chavez v. Suzuki*, 2005 U.S. Dist. LEXIS 40092 (S. D. Cal. 2005). . . . . . . . . . . . . . . . . . . . . . 4

*Conlon v. Sea-Land Serv.*, 1995 U.S. Dist. LEXIS 433 (S.D.N.Y. 1995). . . . . . . . . . . . . . . . . . 4

*Constructors Ass'n of Western Penna. v. Kreps,* 573 F.2d 811 (3d Cir. 1978). . . . . . . . . . . . . . 20

*Daniel Boone Area Sch. Dist. v. Lehman Bros., Inc.*, 187 F. Supp. 2d 414 (W.D.Pa. 2002). . . . 18

*Davis Int'l v. New Start Group Corp.*, 2005 Del. Ch. LEXIS 169 (Del. Ch. 2005). . . . . . . . . . . 4

*Davis Int'l, LLC v. New Start Group Corp.*, 488 F.3d 597 (3d Cir. 2007). . . . . . . . . . . . . . . . . . 5

*Delgado v. Shell Oil Co.*, 322 F. Supp.2d 798 (S. D. Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . 9

*Dombrowski v. Pfister*, 380 U.S. 479 (1965). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Exxon Corp. v. Chick Kam Choo,* 486 U.S. 140 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

*Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899 (5th Cir. 1975). . . . . . . . . . . . . . . . . . . . . . . 18

*Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft*, 491 F.3d 355 (8th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Grider v. Keystone Health Plan Cent., Inc.*, 2007 U.S. App. LEXIS 20633 (3d Cir. Aug. 28, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Gwynedd Properties, Inc. v. Lower Gwynedd Township,* 970 F.2d 1195 (3d Cir. 1992). . . . . . . 15

*Healy* v. *Ratta*, 292 U.S. 263 (1934). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Prods. Liab. Litig.*, 369 F.3d 293 (3d Cir. 2004).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d 220 (3d Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . 19

*In re Packer Ave. Associates*, 884 F.2d 745 (3d Cir. 1989).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Intravascular Research v. Endosonics Corp.*, 994 F. Supp. 564 (D. Del. 1998).. . . . . . . . . . . . . 7

*Iragorri v. Int'l Elevator, Inc.*, 243 F.3d 678 (2d Cir. 2001).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Kansas Public Employees Retirement System v. Reimer & Koger Assoc., Inc.,* 77 F.3d 1063 (8th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Kennecott Corp. v. Smith*, 637 F.2d 181 (3d Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Kingland Sys. Corp. v. Colonial Direct Fin. Group, Inc.*, 188 F. Supp. 2d 1102 (N. D. Iowa 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Marks v. Stinson*, 19 F.3d 873 (3d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 15

*Mar-land Industrial Contractors, Inc. v. Caribbean Petroleum Refining, LP*, 777 A.2d 774 (Del. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Peacock v. Thomas*, 516 U.S. 349 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372 (9th Cir. 1997).. . . . . . . . . . . . . . . . . . . . . . . 18

*Ret. Sys. v. J.P. Morgan Chase & Co.*, 386 F.3d 419 (2d Cir. 2004). . . . . . . . . . . . . . . . . . . . . 10

*Roth v. Bank of the Commonwealth*, 583 F.2d 527 (6th Cir. 1978), *cert. dismissed,* 442 U.S. 925 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Standard Microsystems Corp. v. Texas Instruments Inc.*, 916 F.2d 58 (2d Cir. 1990). . . . . . . . 13

*Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002). . . . . . . . . . . . . . . . . . . . . . . . . 7

*Thomas v. Conn. Gen. Life Ins. Co.*, 2003 U.S. Dist. LEXIS 22436 (D. Del. 2003). . . . . . . . . . 11

*U.S. v. Abelis*, 146 F.3d 73 (2d Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States Steel Corporation Plan for Employee Benefits v. Musisko*, 885 F.2d 1170 (3d Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665 (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . 9

*Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Other authorities**

12 U.S.C. §1441(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

18 U.S.C. §1961. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. 1651(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. §1331. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

28 U.S.C. §1367(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. §1446. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

28 U.S.C. §1651. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. §2283. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Douglas Davis, *Russia Three-Part Analysis Part Three – Moscow Via London Business, Bloody Business*, GLOBAL NEWS WIRE, INFOPROD, December 8, 2006. . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Kim Iskyan, *Kremlin-Connected Magnate Attracts Aluminum Deal*, GLOBAL FIN. MAG., September 2007. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## PRELIMINARY STATEMENT

Plaintiffs filed suit in the Delaware Court of Chancery against various Defendants, including Delaware corporations and their owners, the leaders of an American-Russian mafia group and their New York based operative, who seized Plaintiffs' shares in a vanadium plant through fraud, corrupted Russian court proceedings, false criminal arrest, and extortion. Defendants removed the case for the sole purpose of having it dismissed for *forum non conveniens*, which they achieved based on estoppel, seeking to force Plaintiffs to return to Russia, where they have already threatened to murder Plaintiffs' key witnesses.

Defendants now ask this Court to enjoin Plaintiffs from litigating the merits of their dispute in U.S. state courts, flaunting *Exxon Corp. v. Chick Kam Choo,* 486 U.S. 140 (1988), which prohibits federal courts from interfering with the right of state courts to make their own *forum non* decisions pursuant to basic principles of federalism embedded in the Anti-Injunction Act, and falsely accuse Plaintiffs of subverting the removal statute, ignoring *Marks v. Stinson*, 19 F.3d 873, 885 (3d Cir. 1994), which expressly provides that a "federal plaintiff may pursue parallel actions in the state and federal courts." Defendants' motion is meritless, if not frivolous, and should be denied.

## NATURE AND STAGE OF THE PROCEEDINGS AND RELEVANT FACTS

### The Original Chancery Court Action

On November 4, 2004, Plaintiffs filed an action (the "Original Action") in the Delaware Court of Chancery ("Chancery Court"), asserting claims related to the theft of their shares in Kachkanarsky Gok ("Gok"), a vanadium plant, by Defendants, including Delaware corporations and their beneficial owners, including Oleg Deripaska ("Deripaska"), Mikhail Chernoi ("Chernoi"), and Iskander Makmudov ("Makmudov") and their New York based operative, Arnold Kislin ("Kislin"), through a criminal scheme which included fraud, corrupted Russian court proceedings taking their Gok shares in which they were not even named as parties or served, false criminal arrest, and threats to kill Plaintiffs' key witnesses.[1]   The Action asserted claims under the Racketeer Influenced Corrupt Organization Act, 18 U.S.C. §1961 *et seq.* ("RICO") and Delaware state law claims.[2]   In retaliation for filing the suit, Makmudov arranged for the murder of Khaidarov's mother in

---

[1]    In her declaration, Ms. Lisa Cohen refers to various court decisions, as if Plaintiffs voluntarily litigated the disputes over their shares in obscure Russian courts.  Ms. Cohen fails to bring to the Court's attention, for example, that the August 1, 2000 decision in Chelyabinsk (Cohen Dec. at 3) was obtained without notifying Omni Trusthouse, Ltd. of the proceedings. *See* First Am. Compl. ¶¶ 96-98. By way of further example, the September 29, 2000 decision from the Solntsevsky Interregional Court of the City of Moscow (Cohen Dec. at 3) was obtained without serving Foston Management, Ltd. and submitting a forged power of attorney for an impostor to purportedly appear on behalf of Foston. *See* First Am. Compl. ¶¶ 105-106.

[2]    These claims, originally filed in 2001, had been dismissed for *forum non* in the context of a much more complicated case involving four additional plaintiffs and twelve additional defendants in *Base Metal Trading, SA. v. Russian Aluminum*, 253 F.Supp.2d 681 (S.D.N.Y. 2003), *aff'd* 98 Fed.Appx.47 (2d Cir. 2004).

Uzbekistan, in collaboration with Vyacheslav Ivankov, a leader of the Russian-American mafia who served time for extortion in New York. *See* Exhibit 1, Khaidarov Dec. at ¶¶ 32-38.[1]

### The Removed Action

Defendants removed the Original Action based on the federal question posed by RICO (the "Removed Action"). Defendants did nothing to hide that their motivation for removal was not to have the merits of the federal RICO claims adjudicated by a federal court, moving to dismiss for *forum non conveniens* to Russia, asserting this Court was bound by the *Base Metal* decision.

### The April 13, 2005 Conference With This Court

While Defendants resort to *ad hominem* attacks on Plaintiffs' counsel, accusing him of improper forum shopping, citing in part to this April 13, 2005 discovery conference call, during a portion of the conference to which Defendants did not cite, the appropriateness of a plaintiff selecting a forum was acknowledged by this Court:

> Mr. Marks:    … the forum shopping is really by defendants because they chose to remove this to the Federal Court …
> The Court:      … I guess your answer would be, we filed in Delaware because there is a different standard in Delaware law that we wanted to have applied to this case.
> Mr. Marks:    That's correct and the Supreme Court says that we can do that.
> The Court:      That is forum shopping …
> Mr. Marks:    Your Honor, the very definition of where a plaintiff chooses its   forum is forum shopping.
> The Court:       I guess so, okay.
> Mr. Marks:    That is something that a plaintiff is entitled to do.

---

Makmudov has not submitted a declaration denying his involvement in the murder. Defendants did submit documents which purport to be a confidential police file regarding Khaidarov mother's death, but offered no declaration explaining how they obtained it, or authenticating it. *See also U.S. v. Abelis*, 146 F.3d 73 (2d Cir. 1998) (affirming Ivankov's conviction based on the finding his mere presence constituted extortion).

The Court:     Fair enough.

Transcript of April 13, 2005 Telephone Conference at 16-17 (Exhibit 2 hereto).[4]

### The Pending Chancery Court Case

In light of Defendants' efforts to derail the Removed Action, Plaintiffs amended their complaint to exclude the non-federal claims and re-filed their non-federal (Delaware state law) claims in the Court of Chancery (the "Pending Case"), adding new claims for aiding and abetting conversion and civil conspiracy.   The Court of Chancery granted Defendants' motion for stay on October 27, 2005 based on the concern that allowing a parallel adjudication to proceed simultaneously would result in duplication of time, effort and expense, even though this Court had stayed discovery and discovery in the Chancery Court would have been applicable to this action. *Davis Int'l v. New Start Group Corp.*, 2005 Del. Ch. LEXIS 169, at *11 (Del. Ch. 2005).

### The Luxembourg Action

Subsequent to the filing of the Original Action, Evraz Group, SA, a parent corporation of Defendant Evraz Holdings, SA, issued an offering circular which stated that it owned the Gok shares stolen from Plaintiffs.   As a result, Plaintiffs filed in Luxembourg to arrest the shares.   In response, Evraz Group denied owning the Gok shares and submitted documents which evidenced that they were owned by two Russian companies.  The court denied the application based on its determination

---

4     Indeed, there is nothing improper in Plaintiffs' actions.  *See Conlon v. Sea-Land Serv.*, 1995 U.S. Dist. LEXIS 433, at *9-10 (S.D.N.Y. 1995) ("even if plaintiff had made some calculation that the courts in this district might be more receptive to his claims … this too would not raise the specter of impermissible forum-shopping. There is nothing per se improper in an attorney's choosing between available venues based on his calculation that the selection of one may benefit his client because the courts in that district may be more favorably disposed to his legal theory"); *Chavez v. Suzuki*, 2005 U.S. Dist. LEXIS 40092, at *6-7 (S. D. Cal. 2005) ("there is nothing wrong with Plaintiff choosing to file suit in [this] court because he believes it is more favorable to him. This sort of forum-shopping is commonplace among plaintiffs and removing defendants alike").

that they were not owned by the Evraz Group and, thus, not in Luxembourg. *See* Luxembourg Court Decision, attached as Exhibit 1 to Defendants' Brief. The application was not denied because "Plaintiffs' *claims* belong in Russia", as Defendants incorrectly assert. Rather, it was denied because the Gok shares to be arrested were not in Luxembourg.

### Dismissal of the Removed Action and Denial of Defendants' Anti-Suit Motion

This Court granted Defendants' motion to dismiss the Removed Action on *forum non* based on estoppel and denied Defendants' motion to enjoin Plaintiffs from proceeding with the State Court Action based on its determination that it lacked subject matter jurisdiction. The Third Circuit affirmed the dismissal and remanded the injunction issue to this Court. *Davis Int'l, LLC v. New Start Group Corp.*, 488 F.3d 597 (3d Cir. 2007).

### Deripaska's Visa Problems and Chernoi's Litigation

Plaintiffs are not the only ones who believe that Deripaska is associated with organized crime. Recent media articles reveal that Deripaska has been refused a visa to the U.S. apparently because he lied to F.B.I. officials regarding his organized crime activities. *See* Kim Iskyan, *Kremlin-Connected Magnate Attracts Aluminum Deal*, GLOBAL FIN. MAG., September 2007, at 16, Exhibit 3 hereto. Chernoi's distaste for litigation in an English language, common law forum apparently does not apply to claims which he has against Deripaska, as evidenced by his recent suit against him in England, not Russia. *See* Douglas Davis, *Russia Three-Part Analysis Part Three – Moscow Via London Business, Bloody Business*, GLOBAL NEWS WIRE, INFOPROD, December 8, 2006, Exhibit 4 hereto.

## ARGUMENT

**I.    DEFENDANTS ARE NOT ENTITLED TO A NATIONWIDE INJUNCTION BARRING PLAINTIFFS FROM PURSUING CLAIMS BASED ON THE SAME OPERATIVE FACTS AS HERE.**

Defendants are not entitled to a nationwide injunction pursuant to the All Writs Act, 28 U.S.C. §1651,[5] to bar Plaintiffs from pursuing claims on the same operative facts in state courts in the United States. Relief is permitted only in "the exceptional case." *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383 (1953).

### A.    A NATIONWIDE INJUNCTION IS NOT NECESSARY IN AID OF THIS COURT'S JURISDICTION.

An injunction under the All Writs Act may be issued only in very limited circumstances, such as to *protect* a federal court's jurisdiction. *Grider v. Keystone Health Plan Cent., Inc.*, 2007 U.S. App. LEXIS 20633, at *20 (3d Cir. Aug. 28, 2007) ("the All Writs Act has been used by federal courts to enjoin action by state courts that *threatens* the federal court's jurisdiction") (emphasis added). As the Third Circuit recently explained:

> [A]n injunction under the All Writs Act is appropriate only when the state court action threatens to frustrate proceedings and disrupt the orderly resolution of the federal litigation. … That is, the state action must not simply threaten to reach judgment first, it must interfere with the federal court's own path to judgment.

*Id.* (reversing injunction) (internal citations and quotations omitted).

Clearly, there is no jurisdictional interest at issue here.

---

[5]    The All Writs Act provides "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a).

First, there is nothing pending in this action, other than Defendants' motion.  There is simply no proceeding left before this Court to protect.   There is no "path to judgment" in which the litigation of Plaintiffs' non-federal claims in state court could interfere.  By way of reverse example, in *Intravascular Research v. Endosonics Corp.*, 994 F. Supp. 564, 566 (D. Del. 1998), the Court refused to stay its proceeding pending resolution of a state court proceeding, reasoning that "[b]ecause the state court will not litigate any federal-law [] issues, there is no danger the state court disposition on the substantive merits will interfere with the federal court's exclusive jurisdiction over [federal] litigation."  Instantly, nothing which the Court of Chancery will do will affect this Court's jurisdiction over the RICO claims.

Second, this Court had no original jurisdiction over the Plaintiffs' non-federal claims. Rather, it only exercised supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).  Given that the Court dismissed the federal claims for *forum non*, it obviously has no jurisdictional interest in whether the non-federal claims proceed.  *See, e.g., Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002) (where the parties were involved in simultaneous state and federal actions and settled the federal action, the federal court could not exercise jurisdiction over the state action pursuant to the All Writs Act, because neither supplemental jurisdiction nor the All Writs Act provides "original jurisdiction"). *See also Healy* v. *Ratta*, 292 U.S. 263, 270 (1934) ("Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined").

In short, the litigation of non-federal claims in state court does not implicate this Court's jurisdiction over the RICO claims in any fashion.

**B.     A NATIONWIDE INJUNCTION IS NOT NECESSARY TO PRESERVE THIS COURT'S JUDGMENT.**

An injunction barring Plaintiffs from proceeding on non-federal claims in state court is not necessary to protect this Court's judgment.

First, Plaintiffs recognize that it would be futile to re-file their RICO claims in federal court or state court, where they would be removed to federal court, because of the preclusive effect of *Base Metals*, applied by this Court.   There is simply no "case or controversy" (and thus no subject matter jurisdiction) in regard to Plaintiffs re-filing the RICO claims in the U.S.  Plaintiffs intend to proceed *only* with their non-federal claims in the U.S., preferably in the Pending Action.[6]

Second, the only issue decided by the *Base Metal* and this Court was that Plaintiffs' claims should be dismissed under the federal *forum non* doctrine.    In the controlling case of *Exxon Corp. v. Chick Kam Choo,* 486 U.S. 140, 149 (1988), in language discussing the "re-litigation exception" which applies word for word to the instant case, the Court reversed an injunction against the re-filing of non-federal claims in state court, holding:

> the only issue decided by the District Court was that petitioner's claims should be dismissed under the federal *forum non conveniens* doctrine.   Federal *forum non conveniens* principles simply cannot determine whether Texas [Delaware] courts, which operate under a broad 'open-courts' mandate, would consider themselves an appropriate forum for petitioners' lawsuit ... Thus, whether the Texas [Delaware] *state* courts are an appropriate forum for petitioners' ... claims has not yet been litigated, and an injunction to foreclose consideration of that issue is not within the relitigation exception.

---

[6]      Various Chancery Court defendants may contest personal jurisdiction in Delaware.  To the extent such defendants are successful, Plaintiffs may be required to file suit against such a defendant in another state, to the extent personal jurisdiction may be obtained.   For all practical purposes, however, Plaintiffs are hopeful that the merits of the action can be resolved against all Chancery Court defendants in that proceeding.

*Id.* at 148-149 (bracketed material added).

Following *Chick Kam Choo,* courts uniformly hold that a federal dismissal for *forum non* cannot serve as the basis for enjoining the filing of claims in state court.  *E.g., Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 679 (5th Cir. 2003) (vacating injunction, holding that while a *forum non* dismissal by a federal court "may bar reconsideration of the claims in another Texas federal court, it cannot forever bar the controversy from all American courts.  To conclude otherwise would prevent states from deciding the openness of their courts") (footnote omitted); *Baris v. Sulpico Lines, Inc.*, 74 F.3d 567, 573 (5th Cir. 1996) (affirming refusal to issue an injunction, holding: "Under *Chick Kam Choo*, it is Louisiana's prerogative to chose not to recognize the doctrine of f.n.c. in its own courts.  It would be improper for this court to preclude plaintiffs from pursuing their claims in Louisiana state court solely based upon a prior federal court dismissal on f.n.c. grounds"). [7]

Instantly, with regard to the Pending Action, the Court of Chancery will apply a significantly different *forum non* analysis than the federal courts.  *See Mar-land Industrial Contractors, Inc. v. Caribbean Petroleum Refining, LP*, 777 A.2d 774, 778 (Del. 2001) ("only in a rare case will a complaint filed in Delaware be dismissed on the grounds of *forum non conveniens.*  To succeed, the

---

[7]      *See also Iragorri v. Int'l Elevator, Inc.*, 243 F.3d 678, 680 (2d Cir. 2001) ("a dismissal on the ground of *forum non conveniens* does not... immunize a defendant from the risk of further litigation on the merits of a plaintiff's claims") (internal citations and quotations omitted); *Delgado v. Shell Oil Co.*, 322 F. Supp.2d 798, 814 (S. D. Tex. 2004) ("the only issue decided by the court's f.n.c. dismissal was that this court was not a convenient forum for plaintiffs' claims. Following the f.n.c. dismissal plaintiffs filed suit in their home countries. The court therefore concludes that it does not need to enforce its judgment of f.n.c. dismissal because the judgment of dismissal has been fully effected").

defendant must establish that litigating in Delaware would impose upon it an overwhelming hardship") (internal citations and quotations omitted). Put simply, under governing principles of federalism, it is up to the state court, not this Court, to make its own decision on *forum non*. *Ret. Sys. v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 429 (2d Cir. 2004) (overturning injunction and holding that "[t]here is no reason why a state court cannot or should not determine issues of fact and state law relevant thereto as they come up in the state litigation." (internal citations and quotations omitted)).

### C.    THE ADJUDICATION OF PLAINTIFFS' CLAIMS WILL NOT RESULT IN WASTE OF JUDICIAL RESOURCES.

Defendants' argument that the injunction is necessary to protect the judiciary and Defendants from multiple actions misses the mark. Regardless of the reasons that the federal courts believe that this case should be dismissed for *forum non* to Russia, where Plaintiffs' witnesses are likely to be killed, state courts may take a different view under a *different* standard. The Court of Chancery may conclude, for example, that Delaware has a strong interest in claims that Delaware corporations are being used for improper purposes by an American-Russian organized crime group and Defendants face no "overwhelming hardship" litigating here. As *Chick Kam Choo* makes clear, it is up to the state court, not this Court, to decide whether to proceed with the matter.

### D.    DEFENDANTS' CASES ARE INAPPOSITE.

Literally *every* case cited by Defendants imposing injunctions concern claims which were decided against the claimants on the *merits* or on grounds inapplicable to the instant facts. This case was dismissed on *forum non* grounds, which do not implicate the jurisdictional concerns raised by the All Writs Act or *res judicata* or collateral estoppel when a second complaint is brought on the

10

same operative facts after the litigation has concluded. *See  Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972) (where plaintiff's second suit was based on an identical set of operative facts, it was barred by the doctrine of *res judicata* because "dismissal with prejudice [of the first suit] constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial"); *In re Packer Ave. Associates*, 884 F.2d 745 (3d Cir. 1989) (prior claims were fully litigated); *Thomas v. Conn. Gen. Life Ins. Co.*, 2003 U.S. Dist. LEXIS 22436, at *8-9 (D. Del. 2003) (injunction entered after full trial on the merits and numerous actions filed by plaintiff in other courts).[8]

In addition, some cases cited by Defendants in fact deny injunctions. *See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 643 (1977) (reversing injunction based on the district court's conclusion that Clayton Act is an exception to the Anti-Injunction Act and holding that "any doubt must be resolved against the finding of an exception to § 2283"); *Dombrowski v. Pfister*, 380 U.S. 479, 483 (1965) (reversing an injunction against a state court criminal proceeding).[9]

---

[8]    *See also Safir v. United States Lines, Inc.*, 792 F.2d 19, 24-25 (2d Cir. 1986) (despite plaintiff filing multiple actions for 20 years without merit, the court allowed only a limited injunction from commencing additional federal court actions without obtaining a leave first because "we do not wish to foreclose what might be a meritorious claim."); *Albright v. R. J. Reynolds Tobacco Co.*, 463 F. Supp. 1220, 1228 (W. D. Pa. 1979) (injunction based on the principles of *res judicata* and collateral estoppel after final judgment on the merits entered in federal court); *Bowen v. Tennessee*, 2007 U.S. Dist. LEXIS 42990 (W. D. Tenn. 2007) (limiting plaintiff from filing papers other than notice of appeal only in the case before the court after merits determination).

[9]    The Supreme Court has gone as far as disallowing injunctive relief where the claims based on the same operative facts had been fully adjudicated on the merits to allow plaintiffs to pursue relief based on new theories of liability. *See Peacock v. Thomas*, 516 U.S. 349, 358-359 (1996) (plaintiff cannot be barred from asserting new state causes of action under the same operative facts, such as civil conspiracy, fraudulent conveyance, and "veil piercing" because they were new theories of liability not asserted in the federal ERISA suit); *see also Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft*, 491 F.3d 355, 365 (8th Cir. 2007) ("neither the All Writs Act (continued...)

## II.   THE ANTI-ACT INJUNCTION ACT PROTECTS THE CHANCERY COURT ACTION.

The Anti-Injunction Act, 28 U.S.C. §2283, provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

"On its face the present Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of the three specifically defined exceptions." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286 (1970).[10] "A federal court does not have inherent power to ignore the limitations of §2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear … This conclusion is required because Congress itself set forth the only exceptions to the statute." *Id*. at 294. "[T]he exceptions to the Anti-Injunction Act must be construed narrowly and doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state court to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (internal citations omitted). "It is settled that the prohibitions of §2283 cannot be evaded by

---

(...continued)

nor the court's ancillary enforcement jurisdiction provides the district court with a separate source of jurisdiction" to enjoin a suit in Japan for remedy available solely in Japan).

[10]     The history of the Act is set forth in *Atlantic Coast, supra*, and *United States Steel Corporation Plan for Employee Benefits v. Musisko*, 885 F.2d 1170 (3d Cir. 1989) (vacating injunction issued in violation of Anti-Injunction Act).

addressing the order to the parties or prohibiting utilization of the results of a completed state court proceeding." *Atlantic Coast,* 398 U.S. at 288 (citations omitted).

### A.    THE ANTI-INJUNCTION ACT APPLIES EVEN THOUGH THE SECOND CHANCERY COURT CASE WAS FILED AFTER DEFENDANTS' MOTION.

The Court of Chancery action is pending, and, thus, falls within the plain language of the statute, and cannot be enjoined.   Defendants may argue that their request for an injunction relates back to their motion being filed before the pending Court of Chancery action.   Se*e Barancik v. Investors Funding Corp. of N.Y.*, 489 F.2d 933 (7th Cir. 1973).   However, such an "interpretation runs afoul of the language of the Act and of the clear authority which insists the language be read literally … The Supreme Court has repeatedly ruled that the ban is absolute and the language is to be taken literally." *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 533 (6th Cir. 1978), *cert. dismissed,* 442 U.S. 925 (1979) (rejecting *Barancik* and vacating injunction); *see also Standard Microsystems Corp. v. Texas Instruments Inc.*, 916 F.2d 58, 62 (2d Cir. 1990) ("In passing the Anti-Injunction Act, Congress meant to avoid friction in the relationship between federal courts and state courts.   The *Barancik* rule places the power in the hands of the [movant] unilaterally to nullify the effectiveness of an Act of Congress and to create exactly the kind of federal-state conflict that Congress sought to prevent").

No court in this Circuit has ignored the plain language of the Act and adopted the *Barancik* view.   Rather, in *Kennecott Corp. v. Smith*, 637 F.2d 181 (3d Cir. 1980), the Third Circuit carefully distinguished *Roth v. Bank of the Commonwealth*, focusing on whether the state court proceedings were pending when the district court *acted*, not when the motion was filed, indicating agreement with *Roth*.   In holding that the district court incorrectly denied the injunction motion, the Third

13

Circuit stated that the "Since there were no state proceedings to be enjoined *at the time the district court acted*, the anti-injunction statute does not foreclose relief [on appeal]." *Id.* at 187 (emphasis added).    Thus, given that the Pending Action is pending, the Anti-Injunction Act precludes its enjoinment.

### B.    NO EXCEPTION TO THE ANTI-INJUNCTION ACT OR PROVISION OF THE ALL WRITS ACT APPLIES.

Alternatively, even if this Court should adopt the *Barancik* rule, the language of the "necessary in aid of jurisdiction" provision of the Anti-Injunction Act and All Writs Act are identical and construed similarly.[11]    Thus, to the extent an injunction is prohibited under the Anti-Injunction Act, it does not fall within the powers provided by the All Writs Act.    *In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Prods. Liab. Litig.*, 369 F.3d 293, 305 (3d Cir. 2004) ("The two statutes act in concert…The authority the All Writs Act imparts to district courts is limited, however, by the Anti-Injunction Act, which prohibits injunctions to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments").

"[I]t is not enough that the requested injunction is related to that jurisdiction, but it must be 'necessarily in aid of' that jurisdiction … we conclude that it implies something similar to the concept of injunctions to 'protect' or 'effectuate' judgments." *Atlantic Coast*, 398 U.S. at 295. Injunctive relief is not permitted unless it is "necessary to prevent a state court from so interfering

---

[11]    *See Carlough v. Amchem Products, Inc.*, 10 F.3d 189, 201 (3d Cir. 1993) ("The parallel 'necessary in aid of jurisdiction' language is construed similarly in both the All Writs Act and Anti-Injunction Act").

14

with a federal court's consideration or disposition of a case as to seriously impair the federal court's

flexibility and authority to decide that case." *Id.* No exception to the Anti-Injunction Act applies.

>    1.    **The "Fraudulent Attempt to Subvert Removal" Exception Under the "Necessary In Aid of Jurisdiction" Provision of the All Writs and Anti-Injunction Acts Does Not Apply.**

Defendants assert that Plaintiffs are attempting to subvert the removal statute by "improperly

splitting" their claims, essentially arguing that this falls within the "necessary in aid of jurisdiction"

exception.   This is not so.

>    a.    **Plaintiffs Did Not Subvert The Removal Statute Because They Are Permitted To Simultaneously Litigate Claims Arising From the Same Operative Facts in Federal and State Court.**

Although Plaintiffs could have asked this Court to decline to exercise supplemental

jurisdiction over its non-federal claims under §1367(c), in light of Defendants' obstructive removal,

Plaintiffs chose a much simpler approach, amending out their non-federal claims and re-filing these

claims in Chancery Court, in the hope of moving the case forward.  There is nothing improper, much

less fraudulent or subversive, in doing so.

The law could not be clearer that Plaintiffs are permitted to proceed simultaneously with their

non-federal claims in state court and federal claims in federal court.  *See, e.g., Marks,* 19 F.3d at 885

("A federal plaintiff may pursue parallel actions in the state and federal courts");[12] *Gwynedd*

*Properties, Inc. v. Lower Gwynedd Township,* 970 F.2d 1195, 1203 (3d Cir. 1992) ("[T]he rule is

well recognized that the pendency of an action in the state court is no bar to proceedings concerning

the same subject matter in the Federal court having jurisdiction").    Thus, Defendants are wrong

---

[12]     Curiously, while Defendants take pains to accuse Mr. Marks, Plaintiffs' counsel, of forum shopping, they do not take the time to bring this precedent, in which he was a plaintiff and counsel, to the Court's attention.

to suggest that a federal court may enjoin a state court action simply because it is based upon the same operative facts.

Plaintiffs had every right to bring their non-federal claims in state court; in fact, dual filings is exactly what occurred in *Atlantic Coast*, where the plaintiff filed federal claims in federal court and then filed state claims in state court.  As the Supreme Court observed there, "In short, [when] the state and federal courts [have] concurrent jurisdiction … neither court [is] free to prevent either party from simultaneously pursuing claims in both courts … Therefore the state court's assumption of jurisdiction over the state law claims … did not hinder the federal court's jurisdiction so as to make an injunction *necessary* to that jurisdiction."  *Atlantic Coast*, 398 U.S. at 296.

All that Plaintiffs have effected is what they were entitled to from the beginning - litigating their non-federal claims in state court.   In similar circumstances, in *Lou v. Beltzberg*, 834 F.2d 730 (9th Cir. 1987), the plaintiffs filed claims under RICO and state law which were removed.   The district court enjoined plaintiffs from prosecuting in state court  a second suit which asserted only state law claims, purportedly under 28 U.S.C. §1446.  While the Ninth Circuit opined that "where a second state court suit [which] is fraudulently filed in an attempt to subvert the removal of a prior case, a federal court may issue an injunction," *Id*. at 741, it found nothing fraudulent or subversive about filing a second suit based solely on state claims and vacated the injunction.  *See also Kingland Sys. Corp. v. Colonial Direct Fin. Group, Inc.*, 188 F. Supp. 2d 1102, 1121 (N. D. Iowa 2002) (finding "nothing "improper," or plainly "vexatious," reactive, or "tactical," about plaintiff's initial decision "to file its state law claims in the state court and federal law claim in the federal court, where he had prima facie claims in both suits, even though they were based on the same facts").

16

Plaintiffs recognize that this Court did not look favorably on their procedural decisions. Perhaps the Court found it unfair that Defendants were faced with the possibility of litigating two different merits proceedings at the same time. But that possibility is now over. The federal courts have concluded that this case should be dismissed from the federal courts for *forum non.* But that does not deny Plaintiffs' their right to seek a merits adjudication in the state courts and cannot deny the state courts' power to make their own decisions under different standards.

### b.   The Cases Cited By Defendants Are Inapposite.

Under *Chick Kam Choo,* federal dismissal for *forum non* cannot serve as the basis for enjoining the filing or prosecution of non-federal claims in state court. Accordingly, Defendants' criticism of Plaintiffs' filing non-federal law claims in state court cannot be considered a "subversion" of removal. The cases relied upon Defendants are inapposite to this case.

In *Kansas Public Employees Retirement System v. Reimer & Koger Assoc., Inc.,* 77 F.3d 1063 (8th Cir. 1996), the court affirmed an order enjoining the second filed case because of the *unique* nature of 12 U.S.C. §1441(a)(1), which provides exclusive federal jurisdiction over "the entirety of any case to which the R[esolution T[rust] C[orporation] is a party and not just to those claims in such a case brought by or against the RTC." *Id.* at 1070. In other words, any suit filed by the *Kansas Public* plaintiffs related to any suit to which the RTC was party was subject to federal jurisdiction, regardless of the nature of the claims. In contrast, in this case, Defendants' right to removal under 28 U.S.C. §1331 is based on the existence of a federal question; Plaintiffs' deletion of their non-federal claims in this Court and re-filing in state court had no impact on this Court's jurisdiction over the federal claims.

In *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372 (9th Cir. 1997), the Ninth Circuit upheld the denial of a motion to enjoin a state proceeding stating that the state court should be free to make its rulings with regard to state-law issues and that the defendant who removes does not have a right to have every issue decided by a federal court. *Id.* at 1379.  The Ninth Circuit cited *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295 (1970), with regard to a state court's assumption of concurrent jurisdiction did not hinder the federal court's jurisdiction so as to make an injunction necessary.

In *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899 (5th Cir. 1975), the Fifth Circuit *reversed* an injunction that would have precluded the prosecution of a second filed state case.  There, the defendant removed the first-filed suit based on diversity.   The plaintiff filed a second state suit, adding a non-diverse defendant.   Defendants then removed, alleging fraudulent joinder of the new defendant.   Judge Russell granted plaintiff's remand petition on the second suit, finding no fraudulent joinder.  Judge Cox, to whom the first suit had been assigned, then enjoined prosecution of the second suit in state court, but the Fifth Circuit *reversed*, stating "where no fraud is found, the second action brought in state court should not be enjoined."  *Id.* at 901.

In *Daniel Boone Area Sch. Dist. v. Lehman Bros., Inc.*, 187 F. Supp. 2d 414 (W.D. Pa. 2002) the court stated "No Third Circuit case has ruled on the legitimacy of an injunction entered against a duplicative state court case filed following a removal of an earlier case to federal court." *Id.* at 418. In declining to issue an injunction, the court stated:

> [T]he Supreme Court has clearly held that any doubts about the
> propriety of entering an injunction should be resolved against doing
> so. *See Atlantic Coast Line*, 398 U.S. at 297. The strong presumption
> against enjoining state court proceedings compels me to decline to do
> so here.

18

*Id.* at 419.

*In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d 220 (3d Cir. 2002), had nothing to do with the removal statute. It was limited to complicated various class action suits against diet drug manufactures, which were all consolidated, and an order conditionally certifying a class containing six million members and approving a settlement agreement was entered. As this was happening, one of the plaintiffs filed an action in Texas state court, seeking to certify an independent class. The court issued an order enjoining class-wide opt-outs. In doing so, the Third Circuit explained why the injunction was appropriate under the narrow circumstances of that matter:

> The complexity of this multidistrict class action in its mature stages--with a provisionally certified class and preliminarily approved settlement--entailed that the District Court required flexibility to bring the case to judgment. The nature of the Texas order was such that the required flexibility and eventual resolution were directly threatened. Finally, the principle embodied in the Anti-Injunction Act that federal courts maintain respect for state court proceedings is not undermined by the issuance of the injunction.

*Id.* at 235.

Here, there is nothing left before this Court to protect.

### 2.     The "Necessary In Aid of Its Jurisdiction" Exception Does Not Otherwise Apply Under the Anti-Injunction Act or All Writs Act.

For the reasons set forth above, there is no conceivable manner in which the Chancery Court action otherwise falls within the "necessary in aid" exception because it does not interfere with this Court's decision to dismiss the RICO claims under the federal standard of *forum non*.

## III.     DEFENDANTS CANNOT MEET THE STANDARDS FOR AN INJUNCTION.

Even assuming that the Anti-Injunction Act does not apply (it does) and the All Writs Act permits the requested relief (it doesn't), Defendants must still satisfy the normal standards for

19

obtaining an injunction, which requires the moving party to show "(1) a reasonable probability of eventual success in the litigation, and (2) that irreparable injury will ensue if relief is not granted. In addition, the court may consider (3) the possibility of harm to other interested persons from the grant or denial of relief, and (4) the public interest." *Constructors Ass'n of Western Penna. v. Kreps,* 573 F.2d 811, 815 (3d Cir. 1978).   Defendants have offered to evidence that they would eventually succeed in the Pending Action or that they would suffer irreparable injury if the Pending Action was permitted to proceed.

## <u>CONCLUSION</u>

WHEREFORE, For the foregoing reasons, plaintiffs respectfully request that the Court deny Defendants' motion to for an anti-suit injunction.

Respectfully submitted,

 /s/ David L. Finger
David L. Finger (DE Bar ID #2556)
FINGER & SLANINA, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

Attorneys for Plaintiffs

Bruce S. Marks
MARKS & SOKOLOV, LLC
1835 Market Street, 6th Floor
Philadelphia, Pennsylvania  19103

Dated: September 17, 2007

<u>CERTIFICATE OF SERVICE</u>

I, David L. Finger, hereby certify that on this 17th day of September, 2007, I electronically filed the foregoing **PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR A PERMANENT INJUNCTION** via CM/ECF, which caused electronic notice of same to be e-mailed to the below-listed counsel of record:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
PO Box 2054
Wilmington, DE 19899
(302) 576-2000

Collins J. Seitz, Jr. (DSBA No. 2237)
Kevin F. Brady (DSBA No. 2248)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

William M. Lafferty (DSBA No. 2755)
Morris, Nichols, Arsht & Tunnell
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 575-7341

Richard I.G. Jones, Jr. (DSBA No. 3301)
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE  19801-1155
(302) 884-6766