**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

DAVIS INTERNATIONAL, LLC, HOLDEX, LLC, FOSTON MANAGEMENT, LTD, and OMNI TRUSTHOUSE, LTD,

Plaintiffs,

v.

NEW START GROUP CORP., VENITOM CORP., PAN-AMERICAN CORP., MDM BANK, URAL-GORNO METALLURGICAL COMPANY, EVRAZ HOLDING, MIKHAIL CHERNOI, OLEG DERIPASKA, ARNOLD KISLIN, MIKHAIL NEKRICH, and ISKANDER MAKMUDOV,

Defendants.

Case No. 04-1482-GMS

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR A PERMANENT INJUNCTION**

Attorneys for Defendant Arnold Kislin:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000

Lisa C. Cohen
Schindler Cohen & Hochman LLP
100 Wall Street
15th Floor
New York, NY 10005
(212) 277-6300

Lawrence S. Goldman
Elizabeth M. Johnson
Law Offices of Lawrence S. Goldman
500 Fifth Avenue, 29th Floor
New York NY 10110-2900
(212) 997-7499

Dated: October 3, 2007

Attorneys for Defendants New Start Group Corp. and Venitom Group:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000

Richard J. Schaeffer
Peter J. Venaglia
Laura S. Coen
Dornbush, Schaeffer, Strongin & Venaglia, LLP
747 Third Avenue, 11th Floor
New York, NY 10017
(212) 759-3300

Attorneys for Defendant Oleg Deripaska:

Collins J. Seitz, Jr.(DSBA No. 2237)
Kevin F. Brady (DSBA No. 2248)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Rodney F. Page
Bryan Cave LLP
700 13th Street, N.W.
Washington, D.C. 20005-3960
(202) 508-6002

Michael G. Biggers
Bryan Cave LLP
1290 6th Avenue
New York, NY 10104

Attorneys for Defendant Evraz Holding:

William M. Lafferty (DSBA No. 2755)
Morris, Nichols, Arsht & Tunnell LLP
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 575-7341

David H. Herrington
Vitali Rosenfeld
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York New York 10006
(212) 225-2266

Attorneys for Defendant MDM Bank:

Richard I.G. Jones, Jr. (DSBA No. 3301)
Andrew D. Cordo (DSBA No. 4534)
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

Joel B. Kleinman
Steven J. Roman
David H. Greenberg
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006
(202) 420-2200

Attorneys for Ural-Gorno Metallurgical Company:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000

William H. Devaney
Venable LLP
405 Lexington Avenue, Floor 62
New York, NY 10174
(212) 307-5500

Attorneys for Iskander Makmudov:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000

William H. Devaney
Venable LLP
405 Lexington Avenue, Floor 62
New York, NY 10174
(212) 307-5500

Attorneys for Mikhail Chernoi:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000

Brian Maas
Cameron Myler
Frankfurt Kurnit Klein & Selz PC
488 Madison Avenue, 9th Floor
New York, NY 10022
(212) 980-0120

Attorneys for Mikhail Nekrich:

Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000

Edward M. Spiro
Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C.
565 Fifth Avenue
New York, NY 10017
(212) 856-9600

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 2

I. Because Plaintiffs Fraudulently Evaded the Removal Statute, An Injunction is Warranted Under the All Writs Act .......... 2

A. Plaintiffs Fraudulently Subverted the Removal Statute .......... 2

B. An Injunction is Necessary and Appropriate In Aid of This Court's Jurisdiction .......... 4

C. This Court's Power to Enjoin Plaintiffs From Further State Court Litigation Does Not Depend on Its Need to Preserve Its Own Judgment .......... 6

II. The Anti-Injunction Act Does Not Bar An Injunction Prohibiting Plaintiffs from Pursing the Pending State Court Proceeding .......... 7

A. Exceptions to the Anti-Injunction Act Permit An Injunction .......... 8

B. Plaintiffs Are Not "Entitled" To Subvert the Removal Statute .......... 8

III. The Preliminary Injunction Standard is Irrelevant .......... 9

CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Cases** **Page**


*1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc., v. Nobers*, 968 F.2d 401 (3d Cir. 1992)....................3

*Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281 (1970)........8, 9

*Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379 (1953)....................6

*Barancik v. Investors Funding Corp. of N.Y.*, 489 F.2d 933 (7th Cir. 1973)....................8

*Base Metal Trading SA v. Russian Aluminum,* 253 F. Supp. 2d 681 (S.D.N.Y. 2003)....................2

*Base Metal Trading Ltd. v. Russian Aluminum,* 98 Fed. Appx. 47, 2004 WL 928165 (2d Cir. 2004)....................2

*Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140 (1988)....................4, 6, 7

*Constructors Ass'n of W. Pa. v. Kreps*, 573 F.2d 811 (3d Cir. 1978)....................10

*Daniel Boone Area School Dist. v. Lehman Bros., Inc.,* 187 F. Supp. 2d 414 (W.D. Pa. 2002)....................3

*Davis Int'l, LLC v. New Start Group Corp.,* No. Civ.A. 1297-N, 2005 WL 2899683 (Del. Ch. Oct. 27, 2005)....................1, 9

*Davis Int'l, LLC v. New Start Group Corp.,* No. Civ.A. 1297-N, 2006 WL 2519534 (Del. Ch. Aug. 22, 2006)....................1, 9

*Davis Int'l, LLC v. New Start Group Corp.,* No. Civ.A. 04-1482, 2006 WL 839364 (D. Del. March 29, 2006) ("*Del. Dist. Davis Int'l*")....................1, 2, 9, 10

*Davis Int'l, LLC v. New Start Group Corp.,* 488 F.3d 597 (3d Cir. 2007) ("*3d Cir. Davis Int'l*")....................1, 3, 5, 7

*Dombrowski v. Pfister*, 380 U.S. 479 (1965)....................6

*Fischman v. Fischman*, 470 F. Supp. 980 (E.D. Pa. 1979)....................5

*Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899 (5th Cir. 1975)....................3

*Grider v. Keystone Health Plan Cent., Inc.*, Nos. 07-1231, 07-1232, & 07-1270, 2007 2007 U.S. App. LEXIS 20633 (3d Cir. Aug. 28, 2007)....4, 5, 6

*Gwynedd Props., Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1995 (3d Cir. 1992)....3

*In re Diet Drugs*, 282 F.3d 220 (3d Cir. 2002)....5

*Insurance Group Committee v. Denver & R.G.W.R. Co.*, 329 U.S. 607 (1947)....3

*Intravascular Research v. Endosonics Corp.*, 994 F. Supp. 564 (D. Del. 1998)....6

*Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063 (8th Cir. 1996)....3, 5

*Kennecott Corp. v. Smith*, 637 F.2d 181 (3d Cir. 1980)....8

*Kingland Sys. Corp. v. Colonial Direct Fin. Group, Inc.*, 188 F. Supp. 2d 1102 (N.D. Iowa 2002)....3

*Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987)....2, 5, 9

*Marks v. Stinson*, 19 F.3d 873 (3d Cir. 1994)....3

*Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002 (8th Cir. 1993)....9

*Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372 (9th Cir. 1997)....3

*Roth v. Bank of the Commonweath*, 583 F.2d 527 (6th Cir. 1978)....8, 9

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986)....5

*Simcox v. McDermott Int'l, Inc.*, 152 F.R.D. 689 (S.D. Tex. 1994)....7

*Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002)....6

*Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977)....6

*Villar v. Crowley Maritime Corp.*, 990 F.2d 1489 (5th Cir. 1993)....7

**Statutes & Rules**

28 U.S.C. § 1331....5

28 U.S.C. § 1441(c) (2007)....5

28 U.S.C. § 1651(a) (2007)....1, 2, 4, 6

Plaintiffs' opposition brief ("Pls. Opp. Br.," D.I. 118) consists almost entirely of arguments that Plaintiffs previously made to the Third Circuit as to why this Court is not empowered to issue an injunction here. In page after page, using language nearly identical to the language they use here, Plaintiffs told the Third Circuit that "No Exception Under the Anti-Injunction Act Applies," that Plaintiffs "are permitted to proceed simultaneously with their non-federal claims in state court and federal claims in federal court," and that the pending Court of Chancery action "falls within the plain language" of the Anti-Injunction Act. (*Response/Reply Brief of Appellants/Cross-Appellees*, filed with the Third Circuit, at 14 & 16.) The Third Circuit already rejected all of these arguments in finding that the Anti-Injunction Act does not bar an injunction here:

> Courts considering the question have unanimously held that a plaintiff's fraudulent attempt to subvert the removal statute implicates the "expressly authorized" exception to the Anti-Injunction Act and may warrant the granting of an anti-suit injunction.

*Davis Int'l, LLC v. New Start Group Corp.*, 488 F.3d 597, 605 (3d Cir. 2007) ("*3d Cir. Davis Int'l*") (citations omitted). Plaintiffs' attempt to re-argue this issue should not be countenanced.

Indeed, the Third Circuit remanded solely for this Court to determine whether an injunction is warranted under the All Writs Act due to Plaintiffs' fraudulent attempt to subvert removal. In response, Plaintiffs offer no valid reason for their conduct and, instead, deny that they subverted removal at all! This issue, too, has been decided: this Court previously found that Plaintiffs improperly attempted "to subvert the removal statute by splitting their claims," a finding that the Court of Chancery also made twice.[1]

This Court should exercise its inherent authority under the All Writs Act to end Plaintiffs' abusive misconduct by issuing an injunction.

---

[1] *Davis Int'l, LLC v. New Start Group Corp.*, No. Civ. A. 04-1482, 2006 WL 839364, at *14, n.16 (D. Del. Mar. 29, 2006) ("*Del. Dist. Davis Int'l*"); *Davis Int'l LLC v. New Start Group Corp.*, C.A. No. 1297-N, 2005 WL 2899683, at *3 (Del. Ch. Oct. 27, 2005) & 2006 WL 2519534, at *2 (Del. Ch. Aug. 22, 2006).

## ARGUMENT

### I. Because Plaintiffs Fraudulently Evaded the Removal Statute, An Injunction is Warranted Under the All Writs Act

#### A. Plaintiffs Fraudulently Subverted the Removal Statute

Plaintiffs have harassed Defendants in numerous courts around the globe. Despite the fact that several Russian courts denied Plaintiffs' claims, Plaintiffs commenced an action in New York alleging that the prior decisions all had been procured by "fraud." *Base Metal Trading S.A v. Russian Alum.*, 253 F. Supp. 2d 681 (S.D.N.Y. 2003), *aff'd sub nom,* 98 Fed. Appx. 47, 2004 WL 928165 (2d Cir. 2004). Despite the fact that, in dismissing Plaintiffs' claims, the New York court identified "ample means in the Russian judicial system to overturn decisions that were obtained as a result of corruption," Plaintiffs commenced this action.[2] *Id.*, 253 F. Supp. 2d at 702. And despite the fact that this Court's jurisdiction extends over ***all*** of Plaintiffs' claims, Plaintiffs commenced an action asserting removed claims in state court just after this Court denied Plaintiffs' bid for discovery in order to consider Defendants' dismissal motions. Plaintiffs intend to continue misusing the American judicial system to harass Defendants.

Plaintiffs have no legitimate reason for re-filing the removed claims in state court and thus cannot avoid an injunction. *Cf. Lou v. Belzberg*, 834 F.2d 730, 741 (9th Cir. 1987) (injunction unwarranted where plaintiff had valid reason to commence state court action after removal because new action "involve[d] different plaintiffs, additional counsel, [and] additional [non-diverse] defendants"). In fact, Plaintiffs do not even attempt to excuse their misconduct. Instead, on page fifteen of their twenty page brief, Plaintiffs deny that they subverted removal,

---

[2] In their persistent effort to distract this Court from the issue at hand, Plaintiffs recycle their previously discredited allegations concerning the sad death of Jalol Khaidarov's mother. As set forth in the letter of Charles Oberly dated July 22, 2005, submitted to this Court along with the attached police reports (D.I. 95), the police investigation determined her death to be an accident. Mr. Khaidarov's repeated allegations to the contrary are baseless and have no place in this Court. Indeed, these allegations underscore the need to enjoin Plaintiffs from continuing to harass Defendants with unfounded allegations in courts throughout the United States.

citing three cases – *Marks v. Stinson*, 19 F.3d 873, 885 (3d Cir. 1994), *Gwynedd Props., Inc., v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1203 (3d Cir. 1992), and *Kingland Sys. Corp. v. Colonial Direct Fin. Group, Inc.*, 188 F. Supp. 2d 1102 (N.D. Iowa 2002) (Pls. Opp. Br. at 15-16) – that concern whether federal courts should suspend their own proceedings in deference to a state case arising from the same facts. None of these cases supports Plaintiffs' assertion that, following removal, they can split their claims and litigate removed claims in state court.[3] Indeed, as the Third Circuit recognized, courts ***unanimously*** hold that a party can be enjoined from proceeding with a state court case based on claims that had been previously removed to federal court. *3d Cir. Davis Int'l*, 488 F.3d at 605. *See also 1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers*, 968 F.2d 401, 407 & n.5 (3d Cir. 1992).

Ignoring the Third Circuit decision, Plaintiffs attempt in vain to distinguish four other authorities that hold that an injunction may be warranted where a party fraudulently subverts the removal statute. Not only do Plaintiffs' distinctions fail,[4] but the Third Circuit's ruling cannot be ignored: it is the law of the case. *Insurance Group Committee v. Denver & R.G.W.R. Co.*, 329 U.S. 607, 612 (1947) ("[w]hen matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court"). Plaintiffs' attempt to re-litigate this issue should be rejected.

---

3 In fact, the court in *Kingland* recognized that no deference would be accorded to a state action that, as here, was filed for "a vexatious, reactive or tactical reason." 188 F. Supp. 2d at 1121 (internal quotation omitted).

4 The four cases hold that state courts may be enjoined from proceeding with removed claims. Thus, it does not matter that, as Plaintiffs note, an injunction was reversed in *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 900 (5th Cir. 1975); unlike here, that plaintiff's valid reason for its second action was the addition of a necessary non-diverse defendant. In *Daniel Boone Area School Dist. v. Lehman Bros., Inc.*, 187 F. Supp. 2d 414, 418 (W.D. Pa. 2002), no injunction was issued due to the lack of Third Circuit authority – but the Third Circuit authorized an injunction here. In *Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1070 (8th Cir. 1996), the injunction was not based on a unique federal statute, as Plaintiffs claim, but because "the new suit was substantially identical to the old and the [the plaintiff] has merely tried to carve up what was one case into separate cases with separate claims, all leading to a subversion of the [defendant's] right to remove the entire case." Finally, in *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1378-79 (9th Cir. 1997), the Ninth Circuit recognized that, although an injunction was not necessary, the court was empowered to issue such relief.

Plaintiffs also assert that they did not subvert removal because *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140 (1988), holds that "a federal dismissal for *forum non* cannot serve as the basis for enjoining the filing or prosecution of non-federal claims in state court." (Pls. Opp. Br. at 17.) However, an injunction here is warranted by Plaintiffs' own misconduct, not by the prior *forum non conveniens* dismissal. Moreover, while the plaintiff in *Chick Kam Choo* merely filed a state court action after one court dismissed his claim, Plaintiffs here filed multiple actions around the world, filed federal law claims in state court, and, following removal, split their claims so as to evade removal. Nothing in *Chick Kam Choo* remotely suggests that a plaintiff may "game the judicial system" as these Plaintiffs have; nothing in *Chick Kam Choo* supports Plaintiffs' misconduct.

### B. An Injunction Is Necessary and Appropriate In Aid of This Court's Jurisdiction

Plaintiffs contend that, because only Defendants' injunction motion remains for this Court's consideration, there is no federal jurisdiction to "protect." (Pls. Opp. Br. at 6-7.) Plaintiffs are wrong.

The All Writs Act empowers courts to issue an injunction where it is "necessary or appropriate in aid of [the federal courts'] respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (2007).[5] Here, an injunction is both necessary and appropriate because, upon the removal of this action from the Court of Chancery, this Court's jurisdiction extended over ***all*** the removed claims – including the claims that Plaintiffs are now seeking to litigate in the Court of Chancery. By abusing the removal procedure, Plaintiffs

[5] Plaintiffs ignore the All Writs Act language permitting injunctions that are "appropriate" in aid of a court's jurisdiction and wrongly assert that an injunction may issue only if it is strictly necessary to jurisdiction. (Pls. Opp. Br. at 6 & 14.) As explained in *Grider* (upon which Plaintiffs rely), the All Writs Act and the Anti-Injunction Act standards "are not identical;" the All Writs Act carries "a larger quantum of injunctive authority." *Grider v. Keystone Health Plan Cent., Inc.*, Nos. 07-1231, 07-1232, & 07-1270, 2007 U.S. App. LEXIS 20633, at *17 n.2 (3d Cir. Aug. 28, 2007).

interfered with this Court's exercise of jurisdiction. *See* 28 U.S.C. § 1441(c) (2007) (removal provides jurisdiction over "all issues" in "entire case" where 28 U.S.C. § 1331 jurisdiction is joined with otherwise non-removable claim). Contrary to Plaintiffs' contentions, it does not matter that this Court exercised "only" supplemental jurisdiction over Plaintiffs' non-federal claims. (Pls. Opp. Br. at 7.) *See, e.g., Kan. Pub. Employees Ret. Sys.*, 77 F.3d 1063 (affirming injunction where party attempted to avoid federal court's exercise of supplemental jurisdiction by bringing the same state law claims in state court). Plaintiffs' procedural manipulation in re-filing their non-federal claims in the Court of Chancery after removal does not alter the fact that this Court's jurisdiction encompassed those claims.

As the Third Circuit recognized, courts have unanimously found that an injunction could be issued where a party evades the removal statute. *3d Cir. Davis Int'l*, 488 F.3d at 605 (citing cases). *See also Lou v. Belzberg*, 834 F.2d at 741 ("[i]t would be of little value to enjoin continuance of a state case after removal and then permit the refiling of essentially the same suit in state court"); *In re Diet Drugs*, 282 F.3d 220, 234-35 (3d Cir. 2002) ("[f]ederal courts may also issue . . . injunctions [against later-initiated state court proceedings] to protect exclusive federal jurisdiction of a case that has been removed from state court"); *Fischman v. Fischman*, 470 F. Supp. 980, 984 (E.D. Pa. 1979) ("following removal, exclusive jurisdiction of this action is vested in [the federal] court" and any efforts to "reinstitut[e] [a] complaint in state court . . . are void and should be vacated").

Moreover, as set forth in Defendants' opening brief, additional factors here strongly support an injunction under the All Writs Act. (*See* Def. Op. Br. at 9-10, *citing Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). Plaintiffs conspicuously ignore those factors, but

they cannot avoid the conclusion that an injunction is warranted here.[6]

### C. This Court's Power To Enjoin Plaintiffs From Further State Court Litigation Does Not Depend On Its Need To Preserve Its Own Judgment

Plaintiffs next argue (Pls. Opp. Br. at 8-10) that an injunction is unnecessary to preserve this Court's judgment, *i.e.*, the Anti-Injunction Act's relitigation exception does not apply, and that *Chick Kam Choo* precludes an injunction. Plaintiffs are erecting and defeating a strawman.

The Anti-Injunction Act does not bar a federal court from enjoining ***future*** state court proceedings. *See, e.g., Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 635 n.6 (1977) (Rehnquist, Ch. J.) (plurality) (federal courts permitted to enjoin future state actions); *Dombrowski v. Pfister*, 380 U.S. 479, 485 n.2 (1965) (Anti-Injunction Act "do[es] not preclude injunctions against the institution of state court proceedings"). Thus, the Act's relitigation exception is irrelevant to an order prohibiting Plaintiffs from commencing any future state court action. Moreover, Plaintiffs' stated intent not to file any future RICO claims provides no assurance that they will cease their harassing and vexatious filings.

*Chick Kam Choo* is likewise inapplicable. The Supreme Court held there that a federal court's *forum non conveniens* dismissal has no bearing on whether a state court's forum is also inconvenient, and thus a pending state court action cannot be enjoined as a "relitigation" under the Anti-Injunction Act. *Chick Kam Choo* does not preclude this Court from enjoining future state court actions because it is based on the Anti-Injunction Act, which does not apply to future actions. Nor does *Chick Kam Choo* preclude this Court from enjoining the pending Court of

---

[6] Plaintiffs' citations (Pls. Opp. Br. at 6-7) are distinguishable. In *Grider*, no party subverted removal. Instead, the court declined to enjoin parties from participating in "a bona fide settlement in another federal court that may dispose of claims before it." 2007 U.S. App. LEXIS 20633, at *26. *Intravascular Research v. Endosonics Corp.*, 994 F. Supp. 564 (D. Del. 1998), also did not involve subverting removal or the All Writs Act but, instead, concerned a federal court's decision not to stay its own proceedings in a patent infringement action in deference to a first-filed state court action that contained "vastly different" issues. *Id.* at 570. *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379 (1953), concerned the propriety of a federal court issuing a writ of mandamus to sever and transfer an action to another district; an injunction under the All Writs Act was not an issue. Finally, *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002), held that the All Writs Act does not itself create a premise for removal.

Chancery action because the Act's relitigation exception is irrelevant here. As Defendants explained in their opening brief (Def. Op. Br. at 12, n.5), an injunction is warranted because Plaintiffs' fraudulent evasion of the removal statute and their pattern of vexatious litigation implicate the first two exceptions to the Anti-Injunction Act.

Nor is an injunction barred due to the fact that this Court dismissed Plaintiffs' claims without reaching the merits. (Pls. Opp. Br. at 10-11.) The cases cited by Plaintiffs hold that an injunction ***may*** issue to prevent the relitigation of claims barred by *res judicata* or collateral estoppel; none of the cases, however, supports Plaintiffs' proposition that a future state court action can be enjoined ***only*** if *res judicata* or collateral estoppel applies.

In fact, the Fifth Circuit in *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489 (5th Cir. 1993), rejected precisely the argument that Plaintiffs make here. There, after plaintiffs' case was dismissed three times based on *forum non conveniens* – and not on the merits – the Court found it "appropriate for the district court to enjoin [plaintiffs] from bringing any future litigation based on the underlying facts in [that] case, including future litigation in state courts." *Villar*, 990 F.2d at 1499. *See also Simcox v. McDermott Int'l, Inc.*, 152 F.R.D. 689, 699-700 (S.D. Tex. 1994) (anti-suit injunction following dismissal on *forum non conveniens* grounds).

## II. The Anti-Injunction Act Does Not Bar An Injunction <u>Prohibiting Plaintiffs From Pursuing the Pending State Court Proceeding</u>

Plaintiffs assert that an injunction of the existing Court of Chancery action is barred by the Anti-Injunction Act's "plain language." (Pls. Opp. Br. at 13-20.) The Third Circuit has already rejected Plaintiffs' argument in holding that the Anti-Injunction Act does not bar issuance of an injunction here. *See 3d Cir. Davis Int'l*, 488 F.3d at 605. If this Court nonetheless determines to revisit this issue, Defendants largely repeat their prior response to Plaintiffs' arguments below.

### A. Exceptions To the Anti-Injunction Act Permit An Injunction

Plaintiffs cannot avoid an injunction by asserting that Defendants "may argue" that *Barancik v. Investors Funding Corp. of N.Y.*, 489 F.2d 933 (7th Cir. 1973), applies, but that this Court should reject *Barancik* based on *Roth v. Bank of the Commonwealth*, 583 F.2d 527 (6th Cir. 1978). (Pls. Opp. Br. at 13.) This is an irrelevant argument: Defendants do not assert that *Barancik* applies, and this Court need not reach the issue of whether to follow *Barancik* or *Roth*. In *Barancik*, in a decision written by now-Justice Stevens, the Seventh Circuit held that the Anti-Injunction Act did not apply to bar enjoining a state court action that was commenced after the defendants sought injunctive relief in federal court. *Barancik*, 489 F.2d at 938. In *Roth*, the Sixth Circuit rejected the *Barancik* rationale, holding that an injunction cannot issue unless an "express exception[]" to the Anti-Injunction Act applies. *Roth*, 583 F.2d at 532. In contrast to both *Barancik* and *Roth*, exceptions to the Anti-Injunction Act apply here and thus an injunction is not prohibited. (*See* Defs. Op. Br. at 10-15.) Accordingly, this Court need not decide whether to adopt *Barancik*'s rationale, persuasive as it is, or whether to adopt *Roth*.[7]

### B. Plaintiffs Are Not "Entitled" To Subvert the Removal Statute

Relying on *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281 (1970) (Pls. Opp. Br. at 16), Plaintiffs assert that they "had every right to bring their non-federal claims in state court." That case, however, did not involve an attempt to subvert the removal statute, and an injunction was denied not only because no Anti-Injunction Act exception applied, but, importantly, because the party seeking the injunction was improperly attempting to

[7] The Third Circuit has not decided whether to adopt *Barancik*'s or *Roth*'s rationale. *See Kennecott Corp. v. Smith*, 637 F.2d 181, 187 n.6 (3d Cir. 1980). Should this Court reach this issue, however, it should adopt *Barancik*'s rationale and determine that the Anti-Injunction Act does not apply because no state court litigation was pending when Defendants' injunction motion was filed. The *Barancik* rule prevents a party from engaging in procedural manipulation, like Plaintiffs' misconduct here. Any other rule encourages plaintiffs in a case like this to continue gamesmanship and vexatious and harassing conduct.

use the federal district court as a means of "seek[ing] appellate review of [a] state [court] decision" after the state court had denied relief. *Id.* at 294. No similar concern is raised here.

Plaintiffs also misplace reliance on *Lou v. Belzberg*, 834 F.2d at 741 for the proposition that there is "nothing fraudulent or subversive about filing a second suit based solely on state claims" after removal. (Pls. Opp. Br. at 16.) In *Lou*, the Ninth Circuit explained that "[t]he district court . . . made no finding that the second state court action was fraudulent or an attempt to subvert the purposes of the removal statute" and that such a finding would be improper because the re-filed state action "involve[d] different plaintiffs, additional counsel, additional defendants, and only state claims." *Lou*, 834 F.2d at 741. In contrast, Plaintiffs' re-filed Court of Chancery claims involve the same plaintiffs, the same counsel, the same defendants, and the same underlying facts, and both this Court and the Court of Chancery have already found that in filing it Plaintiffs attempted to subvert the removal statute. *Del. Dist. Davis Int'l*, 2006 WL 839364, at *14, n.16; *Davis Int'l LLC*, 2005 WL 2899683, at *3 & 2006 WL 2519534, at *2.

## III. <u>The Preliminary Injunction Standard Is Irrelevant</u>

Finally, Plaintiffs claim that Defendants must meet the traditional four-part test for preliminary injunctive relief. (Pls. Opp. Br. at 19-20.) Plaintiffs made this same argument to the Third Circuit, which apparently thought it not even worthy of comment.

Defendants did not request a preliminary injunction, and traditional standards for injunctive relief do not apply to requests to enjoin litigation in other courts. *See Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1004-05 (8th Cir. 1993) (injunction factors are "inapposite, since the question has nothing to do with the merits of the underlying controversy and is simply whether, as between two courts both having jurisdiction . . . the court in which jurisdiction first attached should proceed to adjudicate the controversy and should restrain the parties from proceeding with the later-filed action"). *Cf. Roth*, 583 F.2d at 538 ("the

in which jurisdiction first attached should proceed to adjudicate the controversy and should restrain the parties from proceeding with the later-filed action"). *Cf. Roth*, 583 F.2d at 538 ("the standards for restraining parallel litigation . . . have not traditionally required the more stringent test for granting a preliminary injunction in other contexts"). Plaintiffs cite *Constructors Ass'n of W. Pa. v. Kreps*, 573 F.2d 811 (3d Cir. 1978), but that case concerned a federal court's refusal to preliminarily enjoin a government agency from complying with a federal statute; it did not involve a permanent injunction based on a subversion of the removal statute.

Even if the Court were to consider them, in this case these traditional factors heavily favor an injunction. First, Defendants will suffer irreparable injury if Plaintiffs can continue to harass them with abusive and unfounded litigation in the United States, when courts already have found that Plaintiffs' claims should be (and have been) heard in Russia. Second, Defendants would have no adequate remedy at law for the burden of responding to Plaintiffs' continued litigation here, especially since attorneys' fees and costs ordinarily are not recoverable. Third, the balance of hardships favors Defendants, particularly because it already has been determined that Plaintiffs' claims belong in Russia. Finally, the public interest overwhelmingly supports an injunction here. As this Court already observed, "absent an injunction, Plaintiffs will continue to file this action and take up the time and resources of another court." *Del. Dist. Davis Int'l*, 2006 WL 839364 at *14, n.16. To permit Plaintiffs to continue to drain the resources of other courts with their unfounded litigation would plainly be contrary to the public interest.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in their Opening Brief, Defendants respectfully request that this Court enjoin Plaintiffs from commencing or prosecuting in courts in the United States any and all litigation arising out of the factual allegations in this action.

Attorneys for Defendant Arnold Kislin:

/s/ Charles M. Oberly, III
Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000

Lisa C. Cohen
Schindler Cohen & Hochman LLP
100 Wall Street
15th Floor
New York, NY 10005
(212) 277-6300

Lawrence S. Goldman
Elizabeth M. Johnson
Law Offices of Lawrence S. Goldman
500 Fifth Avenue, 29th Floor
New York NY 10110-2900
(212) 997-7499

Attorneys for Defendants New Start Group Corp. and Venitom Group:

/s/ Charles M. Oberly, III
Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000

Richard J. Schaeffer
Peter J. Venaglia
Laura S. Coen
Dornbush, Schaeffer, Strongin & Venaglia, LLP
747 Third Avenue, 11th Floor
New York, NY 10017
(212) 759-3300

Attorneys for Defendant Oleg Deripaska:

/s/ Kevin F. Brady
Collins J. Seitz, Jr.(DSBA No. 2237)
Kevin F. Brady (DSBA No. 2248)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Rodney F. Page
Bryan Cave LLP
700 13th Street, N.W.
Washington, D.C. 20005-3960
(202) 508-6002

Michael G. Biggers
Bryan Cave LLP
1290 6th Avenue
New York, NY 10104

Attorneys for Defendant Evraz Holding:

/s/ William M. Lafferty
William M. Lafferty (DSBA No. 2755)
Morris, Nichols, Arsht & Tunnell LLP
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 575-7341

David H. Herrington
Vitali Rosenfeld
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York New York 10006
(212) 225-2266

Attorneys for Defendant MDM Bank:

/s/ Richard I.G. Jones, Jr.
Richard I.G. Jones, Jr. (DSBA No. 3301)
Andrew D. Cordo (DSBA No. 4534)
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

Joel B. Kleinman
Steven J. Roman
David H. Greenberg
1825 Eye Street, NW
Washington, DC 20006
(202) 420-2200

Attorneys for Ural-Gorno Metallurgical Company:

/s/ Charles M. Oberly, III
Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000

William H. Devaney
Venable LLP
405 Lexington Avenue, Floor 62
New York, NY 10174
(212) 307-5500

Attorneys for Iskander Makmudov:

/s/ Charles M. Oberly, III
Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000

William H. Devaney
Venable LLP
405 Lexington Avenue, Floor 62
New York, NY 10174
(212) 307-5500

Attorneys for Mikhail Chernoi:

/s/ Charles M. Oberly III
Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000

Brian Maas
Cameron Myler
Frankfurt Kurnit Klein & Selz PC
488 Madison Avenue, 9th Floor
New York, NY 10022
(212) 980-0120

Attorneys for Mikhail Nekrich:

/s/ Charles M. Oberly
Charles M. Oberly, III (DSBA No. 743)
Karen V. Sullivan (DSBA No. 3872)
Oberly, Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000

Edward M. Spiro
Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C.
565 Fifth Avenue
New York, NY 10017
(212) 856-9600