

**FINGER & SLANINA, LLC**
ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

July 30, 2008

**Via E-Filing**
The Honorable Gregory M. Sleet
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re: **Davis International LLC, et al. v. New Start Group Corp., et al.**
C.A. Nos. 04-1482 & 04-1483 (GMS)

Dear Judge Sleet:

I write respectfully on behalf of Plaintiffs following the non-responsive letters of defendants Chernoi and Deripaska to my letter of July 7, 2008, and now request a status conference to discuss future proceedings in this case. Plaintiffs are available for an in-person conference or by telephone, as the Court directs. Plaintiffs would like to proceed as follows:

First, Plaintiffs will request that the Court lift the stay of discovery and order defendant Chernoi to produce the filings, including affidavits and legal expert reports submitted by Chernoi and Deripaska, in the *Cherney v. Deripaska* English litigation. Chernoi's filings were the basis for the English court's July 3, 2008 decision denying Deripaska's *forum non conveniens* motion based on its findings that Russia is currently an inadequate forum due to (1) corruption, (2) assassination, and (3) false criminal proceedings. Deripaska's filings apparently allege that Chernoi is part of a Russian organized crime group which extorted monies from Deripaska based on threats to his life. Further, although Chernoi had his counsel submit filings under penalty of perjury in *Base Metals* and the instant case that he would consent to jurisdiction in Russia, it appears from *Cherney* that he had *not* in fact so consented.

Plaintiffs suggest that motion practice is not needed for the Court to order production of the English court filings and permit other relevant discovery, given the obvious relevance of these filings to Plaintiffs' anticipated motions, described below, based on Chernoi prevailing in England on the directly opposite factual positions taken in this Court and apparently having his attorney file a false affidavit in *Base Metal* and this proceeding.

Second, Plaintiffs intend to use the English filings to support a supplemental brief in opposition to the anti-suit motion. These filings are relevant to Plaintiffs' arguments that defendants

The Hon. Gregory M. Sleet
July 30, 2008
2

cannot assert that Russia is currently an adequate forum, a prerequisite for the anti-suit motion, on various grounds, including (1) judicial estoppel as to Cherney and those defendants in privity with him, (2) unclean hands as to Cherney and those defendants in privity with him for concealing from this Court his true position that Russia is an inadequate forum, (3) collateral estoppel as to Deripaska, and (4) the current inadequacy of a Russian forum in litigation against Deripaska and Cherney. Depending on the contents of the English filings, Plaintiffs may seek further discovery.

In this regard, since Plaintiffs' July 7, 2008 letter, we have identified another case decided on July 18, 2008, involving defendant Deripaska. In *Norex Petroleum Limited v. Chubb Insurance of Canada and Ingostrakh Insurance Co. Ltd.,* 2008 A.B.Q.B. 442 (Queens Bench, Alberta, Canada 2008) (attached hereto), a Canadian court found that Russia was an inadequate forum for the purposes of litigation when Ingostrakh, a company controlled by Deripaska, was a party, because of the risk of corruption.

Third, Plaintiffs intend to utilize the English filings to support a motion under Fed. R. Civ. P. 60(b) to set aside the Court's decision granting the *forum non conveniens* motion based on estoppel (the "Decision"). These filings are relevant to Plaintiffs' argument that applying the Decision prospectively is no longer equitable under Rule 60(b)(5) and that relief is justified under Rule 60(b)(6) because, due to changed circumstances since the original 2003 *Base metal* decision as evidenced by *Cherney* and the other above decision, defendants can no longer assert that Russia is an adequate forum. If discovery reveals that Chernoi had his counsel submit a false declaration in *Base Metal* and the instant case that he would consent to jurisdiction in Russia when, in fact, he had not so consented, Plaintiffs also anticipate moving to set aside the Decision based on fraud on the court under Rule 60(c).

Plaintiffs appreciate the Court's consideration of this request.

Respectfully,

David L. Finger
(DE Bar ID #2556)

cc: Clerk of the Court (via CM/ECF)
   Kevin F. Brady, Esq. (via CM/ECF)
   Richard I.G. Jones, Esq. (via CM/ECF)
   William M. Lafferty, Esq. (via CM/ECF)
   Charles M. Oberly, III, Esq. (via CM/ECF)