IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVIS INTERNATIONAL, LLC et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 04-1482 GMS |
| ) | |
| NEW START GROUP CORPORATION ) | |
| et al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

**I.   INTRODUCTION**

On November 4, 2004, Davis International, LLC ("Davis"), Holdex LLS ("Holdex"), Foston Management Ltd. ("Foston") and Omni Trusthouse, Ltd. ("Omni") (collectively, the "plaintiffs") filed this action for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and common law conversion against New Start Group Corporation ("New Start"), Venitom Corporation ("Venitom"), Pan-American Corporation ("Pan-American"), MDM Bank ("MDM"), Ural-Gorno METALLURGICAL Company ("UGMC"), EVRAZ Holding ("EVRAZ"), Mikhail Chernoi ("Chernoi"), Oleg Deripaska ("Deripaska"), Arnold Kislin ("Kislin"), Mikhail Nekrich ("Nekrich"), and Iskander Makmudov ("Makmudov") (collectively, the "defendants"). Presently before the court is the defendants' motion for an order enjoining plaintiffs from re-filing this action, and the plaintiffs' motion to file a supplemental brief in opposition to the defendants' motion. For the following reasons, the court will grant the defendants' motion to enjoin the plaintiffs from re-filing the action elsewhere and deny the plaintiffs' motion to file a supplemental brief in opposition.

## II. BACKGROUND

This motion for a permanent injunction is the final outstanding matter in the plaintiffs' RICO suit that this court dismissed on grounds of direct estoppel, on March 29, 2006. Because the court writes primarily for the parties, to whom the facts are well known, the court only briefly discusses the procedural posture of the underlying action.[1]

As previously mentioned, on November 4, 2004, the plaintiffs filed their complaint in the Delaware Court of Chancery (the "Chancery Court"), alleging federal RICO and common law conversion claims. The defendants subsequently removed the action to this court on November 30, 2004. On March 31, 2005, the defendants filed a motion to dismiss based on the following grounds: (1) lack of subject matter jurisdiction; (2) failure to state a claim; (3) direct estoppel;[2] (4) *forum non conveniens*; and (5) international comity. (D.I. 47.) At that time, the defendants also moved for an order enjoining plaintiffs from bringing suit on the same facts and circumstances in any other United States court. (Id.)

Following a teleconference on April 13, 2005, and with the parties' agreement, the court suspended briefing on all issues except for the direct estoppel motion. On April 26, 2005, the plaintiffs filed an amended complaint, deleting their state law conversion claims from the federal

---

[1] For a detailed recitation of the facts of this case, see *Davis Int'l, LLC v. New Start Group Corp.*, No. Civ. A. 04-1482 GMS, 2006 WL 839364 (D. Del. Mar. 29, 2006).

[2] The direct estoppel motion referred to a complaint concerning substantially the same factual allegations that these plaintiffs filed in the Southern District of New York (the "New York court") in 2000. The New York court dismissed that complaint in 2003 for *forum non conveniens*, holding that Russia was the proper forum in which to adjudicate the plaintiffs' claims. *See Base Metal Trading SA v. Russian Aluminum*, 253 F. Supp. 2d 681 (S.D.N.Y. 2003), aff'd sub nom., *Base Metal Trading Ltd. v. Russian Aluminum*, 98 Fed. Appx. 47 (2d Cir. 2004) ("*Base Metal*").

complaint. (See D.I. 77.) Simultaneously, the plaintiffs re-filed their state law conversion claims in the Chancery Court, adding new claims for aiding and abetting, conversion, and civil conspiracy. On October 27, 2005, the Chancery Court stayed the plaintiff's case pending resolution of the motion to dismiss in this court, noting that "the plaintiffs are engaging in piecemeal litigation and are trying to subvert the removal statute by improperly splitting their claims." (See D.I. 98, Ex. 1.)

This court granted the defendants' motion for dismissal on March 29, 2006, but withheld judgment on the motion for a permanent injunction due to concerns about jurisdiction. (D.I. 103.) Both parties appealed. (D.I. 104, 106.) In an opinion, dated May 23, 2007, the United States Court of Appeals for the Third Circuit affirmed this court's dismissal of the plaintiffs' claims. *Davis Int'l, LLC v. New Start Group Corp.*, 488 F.3d 597 (3d Cir. 2007). The Third Circuit further found that this court has jurisdiction to decide the motion for permanent injunction and remanded the matter for a ruling on the motion. *Id.* at 605-06.

### III. DISCUSSION

The defendants contend that the court, pursuant to the All Writs Act, 28 U.S.C. § 1651, should enjoin the plaintiffs from bringing future actions in the United States based on the underlying facts asserted in the present case. (D.I. 70, at 30.) Conversely, the plaintiffs argue that the Anti-Injunction Act, 28 U.S.C. § 2283, protects their right to litigate the merits of their claims in the Chancery Court proceeding. (D.I. 118 at 12.)

The All Writs Act empowers courts to issue an injunction where it is "necessary or appropriate in aid of [the court's] respective jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (2007). Thus, the All Writs Act provides the authority for a federal injunction against state court proceedings. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank*

*Prods. Liab. Litig.*, 134 F.3d 133, 143 (3d Cir.1998). The All Writs Act, however, is tempered by the Anti-Injunction Act, which "restricts injunctions under the All Writs Act that have the effect of staying a state court proceeding to those 'expressly authorized by Act of Congress, or where necessary in aid of [a federal court's] jurisdiction, or to effectuate its judgments.'" *Grider v. Keystone Health Plan Central, Inc.*, 500 F.3d 322, 328 (3d Cir. 2007) (quoting 28 U.S.C. § 2283).

The United States Supreme Court declared in *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977), that the Anti-Injunction Act is to be understood as an "absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act. The Act's purpose is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court." 433 U.S. at 630 (citing *Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co.*, 309 U.S. 4, 9 (1940)). Courts are to apply this prohibition broadly. That is, if a court has doubts as to whether an injunction is available under one of the three listed exceptions, then the court should resolve the matter in favor of allowing the state action to go forward. *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297 (1970).

Here, the defendants argue that the permanent injunction they seek falls under the "expressly authorized by Act of Congress" exception. (D.I. 115 at 11.) The court agrees. The removal statute empowers a federal court to stay state-court proceedings, directing that "the State court shall proceed no further unless and until the case is remanded." U.S.C. § 1446(d); *see Mitchum v. Foster*, 407 U.S. 225, 234 (1972) (holding that the removal statute, 28 U.S.C. § 1446, provides express authorization to enjoin state proceedings in removed cases). The United States

Court of Appeals for the Third Circuit has recognized the Supreme Court's holding, finding that "the typical application of this [expressly authorized] exception has been in removal cases (where a district court must ensure its exclusive governance of the particular litigation removed)." *1975 Salaried Ret. Plan for Eligible Employees of Crucible, Inc. v. Nobers*, 968 F.2d 401, 407 (3d Cir. 1992).

Where state-court actions are filed in an attempt to subvert the removal statute, however, courts have interpreted the removal statutes as permitting courts to grant injunctions in order to effectuate federal jurisdiction.[3] *See Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1378 (9th Cir. 1997); *Kansas Pub. Employees Ret. Sys v. Reimer & Kroger Assoc., Inc.*, 77 F.3d 1063, 1070 (8th Cir. 1996); *Lou v. Belzberg*, 834 F.2d 730, 740 (9th Cir. 1987); *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 901 (5th Cir. 1975) (interpreting the removal statute to authorize courts to enjoin later filed state cases that were filed for the purpose of subverting federal jurisdiction); *see also Davis Int'l, LLC v. New Start Group Corp.*, 488 F.3d 597 (3d Cir. 2007) ("Courts considering the question have unanimously held that a plaintiff's fraudulent attempt to subvert the removal statute implicates the 'expressly authorized' exception to the Anti-Injunction Act and may warrant the granting of an anti-suit injunction."). In its March 26, 2006 Memorandum granting the defendants' motion to dismiss, the court expressly found that

---

[3] The plaintiffs argue that an injunction is improper pursuant to the Supreme Court's holding in *Chik Kam Choo v. Exxon Corp.*, 486 U.S. 140 (1988). In *Chik Kam Choo*, the Court refused to enjoin a case that had been dismissed by a federal court on *forum non conveniens* grounds from going forward in state court. *Id.* at 151. There, the district court had granted a motion for final injunction based on the relitigation exception to the Anti-Injunction Act. *Id.* at 144. In the present case, the defendants seek an anti-suit injunction based on the "expressly authorized" exception to the Anti-Injunction Act. Thus, *Chik Kam Choo* is inapposite.

these plaintiffs amended their complaint and re-filed the state law claims in the Chancery Court in an attempt to subvert removal:

> The court reaches its decision with some regret because it is convinced, as is the Chancery Court, that the plaintiffs are attempting to subvert the removal statute by splitting their claims. (See D.I. 98, Ex. 1 at 8-9.) The court is also convinced that, absent an injunction, the plaintiffs will continue to file this action and take up the time and resources of another court. (Transcript of Telephone Conference, dated April 13, 2005, at 27:10-15.)

(D.I. 103 at 26 n. 16.) The court stands by its findings that the plaintiffs' claims filed in the Chancery Court derive from the same set of facts as the plaintiffs' RICO claims, and that the plaintiffs filed their complaint in the Chancery Court to subvert the removal statute. For these reasons, and in light of the foregoing authority, the court concludes that the Anti-Injunction Act does not bar a permanent injunction in the present case. Accordingly, the court will grant the defendants' motion for a permanent injunction pursuant to the All Writs Act.[4]

Dated: May 13, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

---

[4] In addition, the court will deny the plaintiffs' motion for leave to file a supplemental brief in opposition to the defendants' motion for a permanent injunction. The court squarely decided the issue presented in the plaintiffs' motion and brief during its September 29, 2008 teleconference with the parties. During that teleconference, the plaintiffs attempted to inject into the case a ruling from an English case regarding claims about the adequacy of the Russian court system. (D.I. 127 at 8-13.) At that time, the court noted that briefing was complete on the defendants' permanent injunction motion, and that it did not need further briefing. (Id. at 15-16.) The court is not willing to revisit that ruling.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVIS INTERNATIONAL, LLC et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1482 GMS |
| | ) | |
| NEW START GROUP CORPORATION et al, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' motion for a Permanent Injunction (D.I. 114) is GRANTED.

2. The plaintiffs' motion for Leave to File a Supplemental Brief (D.I. 128) is DENIED.

Dated: May 13, 2009

CHIEF, UNITED STATES DISTRICT JUDGE